# EXHIBIT 1

November 4, 2019

Shalev Hulio
CEO
NSO Group Technologies Ltd.
22 Galgalei Haplada
Hertsliya, Israel 4672222

**Re:** *WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.*, **No. 3:19-cv-07123 (N.D. Cal. Oct. 29, 2019)**

Dear Mr. Hulio:

We represent WhatsApp Inc. and Facebook, Inc. in a lawsuit filed against NSO Group Technologies Ltd. in the United States District Court for the Northern District of California, No. 3:19-cv-07123. We know that you are already aware of this litigation.[1] We have enclosed the complaint, exhibits, and civil cover sheet with this letter.

We write to:

  (1)  request contact information for any counsel representing you;

  (2)  seek your signature accepting service of the summons; and

  (3)  demand that you preserve, protect, and otherwise maintain all documents that may be relevant to this litigation.

First, if you are represented by counsel, please provide their contact information. We will direct all further communications to that counsel.

Second, enclosed with this letter are (1) a Notice of a Lawsuit and Request to Waive Service of a Summons and (2) a Waiver of the Service of Summons. Please sign the Waiver and return it to us within 60 days. We will then file the Waiver with the Court. From the date of this notice—November 4, 2019—you will have 90 days to answer the complaint. *See* Fed. R. Civ. P. 4(d)(3).

In addition, we enclose the following Court documents in a ZIP file:

 • The complaint, exhibits, and civil cover sheet filed in this case.

---

[1] On October 29, 2019—the day this case was filed—NSO Group issued a press release in which it stated: "we dispute today's allegations and will vigorously fight them." See
https://www.prnewswire.com/news-releases/nso-group-statement-on-facebook-lawsuit-300947701.html.

- The standing order for all judges of the Northern District of California.

- The civil standing order for Magistrate Judge Jacqueline Scott Corley.

- The Court's order setting ADR deadlines and the initial case management conference for January 30, 2020.

- The Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement."

Third, we write to demand that you preserve, protect, and otherwise maintain all documents that may be relevant to this litigation. As explained in the enclosed Complaint, WhatsApp and Facebook allege that NSO Group and Q Cyber unlawfully used WhatsApp's servers to send malware to approximately 1,400 mobile phones and devices. This malware was designed to conduct surveillance of specific WhatsApp users. This conduct violated the federal Computer Fraud and Abuse Act, 18 U.S.C § 1030; the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502; and state common law of breach of contract and trespass to chattels.

**You have a legal obligation to preserve all documents that may be relevant to these issues.** Failure to comply could have severe adverse consequences. It is critical that you take all steps necessary to preserve all potentially relevant documents that are within your control, including those documents that may be created after the date of this letter. You must avoid any deletion or destruction of relevant documents—both paper and electronic—and suspend all applicable document destruction/deletion procedures, preserve all archives, and take affirmative steps to retain and, if necessary, recover all documents that refer to, relate to, or reflect the allegations in the enclosed complaint. If you have any doubt about whether a document must be preserved, you should preserve it.

The term "document" is very broad. It includes both hard copies and electronic copies found in both personal and non-personal repositories of: (1) text messages, emails, email attachments, instant message transcripts, and messages sent through any other messaging services (including but not limited to Slack, WhatsApp, Signal, Wickr, and Telegram), both sent and received and both internal and external; (2) written, printed, or typed documents, including Word documents, memoranda, correspondence, reports, presentations, spreadsheets, records, diagrams, and charts; (3) calendaring and task management data, including data created by handheld devices; (4) other files generated by, or maintained on, computer and/or telecommunications systems, including voicemail, sound recordings, HTML files, and other data maintained on a hard drive, server, network, legacy system, or other storage device; and (5) handwritten documents and notes, including entries made in calendars or day planners.

All draft and final versions of documents and all copies of documents must be preserved, even if there are multiple versions and multiple copies. Relevant documents can be found in numerous places, including but not limited to laptop and desktop computers, company files, shared drives, work and personal email accounts, home office files or computers, smartphones, USB "pen" or "thumb" drives, tablets, PDAs, back-up tapes, servers, archives, cloud-based storage, CDs, and other electronic media. Please retain all relevant electronic information in its existing form such that any electronic metadata associated with the file is maintained.

Please make sure that you maintain and do not destroy any documents that may hereinafter be created that are potentially relevant. Any computers, cell phones, data storage devices, other devices, and/or media containing potentially relevant information must not be disposed, of even if they are being replaced due to failure, upgrade, or any other reason.

To avoid such destruction, we ask that you take immediate steps to prevent destruction of all potentially responsive evidence, including by making copies of or otherwise preserving all potentially relevant data in its current form.

Please provide a response acknowledging receipt of this request as soon as possible, copying those listed on the "cc" line below, and including any contact information for counsel representing you. If you have any questions, you should seek the advice of legal counsel.

Please be advised that we reserve all rights.

Sincerely,

Travis LeBlanc

Enclosures

cc:     dgrooms@cooley.com, jmornin@cooley.com