COOLEY LLP
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>**PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT**<br><br>Hon. Jacqueline S. Corley |

## I. INTRODUCTION

As ordered by the Court (ECF No. 19), and under Federal Rule of Civil Procedure 55, Plaintiffs WhatsApp Inc. and Facebook, Inc. respectfully apply for entry of default against Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. on the ground that both Defendants have failed to appear or otherwise respond to Plaintiffs' Complaint within the time prescribed by Federal Rule of Civil Procedure 12(a)(1) and this Court's order (ECF No. 10).

## II. DEFENDANTS ARE IN DEFAULT

Plaintiffs filed their Complaint in this action on October 29, 2019. ECF No. 1. On December 17, 2019, Plaintiffs properly served Defendants with the Complaint and summons at their shared office in Hertsliya, Israel, in accordance with Federal Rule of Civil Procedure 4(f)(1) and the applicable provisions of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Declaration of Eitan Newman ("Newman Decl.") ¶¶ 3–8 & Ex. 1. Additionally, as described below in Section III, Plaintiffs provided alternative notice of this action to Defendants.

Defendants' deadline to file an answer or otherwise respond to the Complaint was 21 days after the date of service, or January 7, 2020. *See* ECF No. 10 (ordering Defendants to respond within 21 days of service of the summons); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").[1]

Despite being served under the Hague Convention and having full notice and knowledge of this action, Defendants chose not to appear, file an answer, or otherwise respond to the Complaint or

---

[1] The Central Authority in Israel has not yet issued the formal certificate of Hague service despite Plaintiffs' reasonable efforts to obtain the certificate. Newman Decl. ¶¶ 9–10; Declaration of Joseph D. Mornin ("Mornin Decl.") ¶¶ 21–23. And the delay in the issuance of the certificate in this matter is unusual. Newman Decl. ¶¶ 9–10. But the date on which the Central Authority issues the certificate does not affect the date by which Defendants must respond to the Complaint. *See, e.g.*, *SEC v. Hilsenrath*, No. C 03-03252 WHA, 2005 WL 8156506, at *1 (N.D. Cal. June 24, 2005) (a defendant must respond within 21 days from the date of service of the complaint and summons, not from the date on which the Central Authority issues the formal Hague certificate). Moreover, ample evidence shows that Defendants were properly served on December 17, 2019 (see Newman Decl. ¶¶ 3–8), and, despite being fully aware of this litigation, chose not to respond by the 21-day deadline on January 7, 2020 (see Mornin Decl. ¶¶ 6–20). Plaintiffs therefore submit this Application for Entry of Default as ordered by the Court. ECF No. 19.

contest this action as required. Declaration of Joseph D. Mornin ("Mornin Decl.") ¶ 18. Defendants are therefore in default.

III. **DEFENDANTS ARE AWARE OF THIS LITIGATION**

In addition to serving Defendants under the Hague Convention, Plaintiffs have also delivered the Complaint and other materials related to this case (the "Service Materials," *id.* ¶ 6)[2] to Defendants, their corporate officers, their founders, and their board members on numerous occasions in Israel, the United States, and elsewhere:

- On November 4, 2019, Plaintiffs sent the Service Materials by email to Shalev Hulio, NSO Group's CEO and board member, at shalevidc@gmail.com, shalev@nsogroup.com, media@nsogroup.com, and info@nsogroup.com. *Id.* ¶ 8 & Ex. 6.

- On November 4, 2019, Plaintiffs emailed the Service Materials to Eran Gorev, who is identified as Q Cyber's CEO in the company's Israeli corporate filings. (Plaintiffs later received a response from Gorev indicating that he no longer serves in that role.) *Id.* ¶ 9 & Ex. 7.

- On November 4, 2019, Plaintiffs sent the Service Materials by DHL Express to Defendants' shared office in Israel. The Service Materials were delivered to the shared office and signed for at reception on November 10. *Id.* ¶ 10 & Ex. 8.

- On November 8, 2019, Plaintiffs sent the Service Materials to each of NSO Group's board members by email at the following email addresses (*id.* ¶ 11 & Ex. 9):
  - Mickael Betito: mickael.betito@gmail.com.
  - Stefan Kowski: kowski@novalpina.pe.
  - Omri Lavie: omrilavie@hotmail.com, omri@foundersgroup.com, clockwize2003@gmail.com, omri@nsogroup.com.

---

[2] The Service Materials include: a cover letter requesting contact information for Defendants' counsel, requesting waiver of service of the summons, and informing Defendants of their duty to preserve documents; the Complaint, Complaint exhibits, and civil cover sheet; U.S. District Court Forms AO 398 ("Notice of a Lawsuit and Request to Waive Service of a Summons") and AO 399 ("Waiver of the Service of Summons"); the standing order for all judges of the Northern District of California (titled "Contents of Joint Case Management Statement"); the civil standing order for Magistrate Judge Jacqueline Scott Corley; and the Court's order setting ADR deadlines and the initial case management conference. Mornin Decl. ¶ 6.

- o   Stephen Peel: speel@smpeel.com.
- o   Gunter Schmid: guenter.schmid@kscf.de.
- o   Gerhard Schmidt: prof.gerhard_schmidt@web.de, gerhard.schmidt@weil.com. (Plaintiffs received an automatic reply indicating that the email to prof.gerhard_schmidt@web.de was undeliverable, but did not receive any other automatic replies.)

- On November 9, 2019, Plaintiffs sent the Service Materials by FedEx to the office of each NSO Group board member. Those materials were delivered and signed for between November 11 and 13. *Id.* ¶ 12 & Ex. 10.

- On November 13, 2019, Plaintiffs' agent hand-delivered the Service Materials to both Defendants at their shared office in Israel. Shir Kovner, who serves as the "legal advisor" for both Defendants, personally signed the receipt for the hand-delivered Service Materials. *Id.* ¶ 13 & Ex. 11.

- On November 15, 2019, Plaintiffs' agent hand-delivered the Service Materials to Omri Lavie, NSO Group's co-founder and a current board member, by delivering the Service Materials to his wife at their residence in New Jersey. *Id.* ¶ 14 & Ex. 12.

- On November 21, 2019, Plaintiffs sent the Service Materials addressed to Nachum Falek, Q Cyber and NSO Group's CFO, by DHL Express to Defendants' shared office in Israel. The Service Materials were delivered to the office and signed for at reception on November 24. *Id.* ¶ 15 & Ex. 13.

- On November 22, 2019, Plaintiffs attempted to send the Service Materials by email to Nachum Falek, Q Cyber and NSO Group's CFO, at nfalek@allot.com and nachum@nsogroup.com. (Plaintiffs received automatic replies indicating that both emails were undeliverable.) *Id.* ¶ 16 & Ex. 14.

- On November 24, 25, and 27, 2019, Plaintiffs' agent attempted to hand-deliver the Service Materials to Nachum Falek at Defendants' shared office and Falek's home in Israel. When those attempts did not succeed, Plaintiffs' agent sent the Service Materials

by registered mail in Israel to Defendants' shared office and left the envelope containing the Service Materials in Falek's mailbox at his residence. *Id.* ¶ 17 & Ex. 15.

It is indisputable that Defendants are aware of this litigation. For instance, on the day the Complaint was filed, Defendants issued a press release vowing to "vigorously fight" Plaintiffs' allegations. Plaintiffs' Request for Judicial Notice ("RJN") ¶ 1 & Ex. 1. In addition, the "legal advisor" for both Defendants personally signed for a delivery to Defendants' shared office containing the Service Materials. Mornin Decl. ¶ 13 & Ex. 11. Furthermore, after Defendants were served, they retained a public relations firm in the United States to assist them with responding to this case. RJN ¶ 3 & Ex. 3. Defendants have also apparently retained U.S. counsel (King & Spalding LLP), who are refusing to enter an appearance despite admittedly tracking the docket in this case. Mornin Decl. ¶ 19 (an attorney from King & Spalding LLP contacted Plaintiffs' counsel, stating that his firm represented Defendants but that he was not willing to enter an appearance as an attorney of record), ¶ 20 & Ex. 16 (an attorney from King & Spalding LLP stated that he had "reviewed the docket entry from yesterday's hearing," referring to the minute order at ECF No. 19 that the Court entered after the initial case management conference).

## IV.  CONCLUSION

During the case management conference on February 13, 2020, the Court ordered Plaintiffs to file an application directly with the Court for entry of default. *See* Minute Order, ECF No. 19 (ordering Plaintiffs "to submit application for entry of default directly to chambers"). Plaintiffs respectfully request that the Court enter default against both Defendants.

Plaintiffs have served notice of this Application on Defendants' apparent counsel in this matter, Joseph Akrotirianakis and Aaron Craig with King & Spalding LLP, as well as their public relations firm for this matter, Mercury Public Strategies LLC.

Dated: February 27, 2020

Respectfully submitted,

COOLEY LLP

/s/ Travis LeBlanc
Travis LeBlanc
Daniel J. Grooms
Kyle C. Wong
Joseph D. Mornin

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.