COOLEY LLP
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>**DECLARATION OF JOSEPH D. MORNIN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT**<br><br>Hon. Jacqueline S. Corley |

I, Joseph D. Mornin, declare:

1. I am an attorney with the law firm of Cooley LLP and counsel for Plaintiffs WhatsApp Inc. and Facebook, Inc. in this matter. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the truth of each statement.

**Plaintiffs' Request for Judicial Notice**

2. Concurrently filed with Plaintiffs' Application for Entry of Default is Plaintiffs' Request for Judicial Notice ("RJN"). Exhibits 1 through 3 below are attached to Plaintiffs' RJN.

3. Attached to Plaintiffs' RJN as **Exhibit 1** is a true and correct copy of a press release published online by Defendant NSO Group Technologies Ltd. on October 29, 2019, available at https://www.prnewswire.com/news-releases/nso-group-statement-on-facebook-lawsuit-300947701.html and archived at https://web.archive.org/web/20191209233631/https://www.prnewswire.com/news-releases/nso-group-statement-on-facebook-lawsuit-300947701.html.

4. Attached to Plaintiffs' RJN as **Exhibit 2** is a true and correct copy of the "Board of Directors" page on NSO Group's website, available at https://www.nsogroup.com/about-us/board-of-directors/ and archived at http://web.archive.org/web/20191228031914/https://www.nsogroup.com/about-us/board-of-directors/.

5. Attached to Plaintiffs' RJN as **Exhibit 3** is a true and correct copy of a public filing under the Foreign Agents Registration Act by Mercury Public Affairs, LLC, dated January 6, 2020, available at https://efile.fara.gov/docs/6170-Exhibit-AB-20200106-74.pdf and archived at http://web.archive.org/web/20200211030407/https://efile.fara.gov/docs/6170-Exhibit-AB-20200106-74.pdf. This filing includes a "Consulting Services Agreement" executed by Q Cyber and Mercury Public Affairs.

**Plaintiffs' attempts to notify defendants of this litigation and request waiver of service:**

6. Plaintiffs made substantial efforts to notify Defendants of this lawsuit and request a waiver of service of the summons. Those efforts included sending the following materials ("Service Materials") to each Defendant and the members of their Boards of Directors:

- A cover letter that requested contact information for Defendants' counsel; requested a waiver of service of the summons within 60 days; and informed Defendants of their duty to preserve all documents that may be relevant to this litigation. A true and correct copy of the cover letter sent to NSO Group's CEO and NSO Group board member, Shalev Hulio, is attached as **Exhibit 4**. Each of the cover letters sent to Defendants and their board members were substantially identical.

- The Complaint, Complaint exhibits, and civil cover sheet filed in this case (ECF Nos. 1, 1-1, & 1-2).

- U.S. District Court Forms AO 398 ("Notice of a Lawsuit and Request to Waive Service of a Summons") and AO 399 ("Waiver of the Service of Summons"). True and correct copies of those materials are attached as **Exhibit 5**.

- The standing order for all judges of the Northern District of California (titled "Contents of Joint Case Management Statement"); the civil standing order for Magistrate Judge Jacqueline Scott Corley; and the Court's order setting ADR deadlines and the initial case management conference (ECF No. 9).

7. In paragraphs 8 to 17 below, I describe each communication I made to Defendants, Defendants' agents, and Defendants' board members.

8. On November 4, 2019, I sent the Service Materials by email to Shalev Hulio, NSO Group's CEO and board member, at shalevidc@gmail.com, shalev@nsogroup.com, media@nsogroup.com, and info@nsogroup.com. True and correct copies of those emails are attached as **Exhibit 6**.

9. On November 4, 2019, I emailed the Service Materials to Eran Gorev, who is identified as Q Cyber's CEO in the company's Israeli corporate filings. However, on November 12, I

received a response from Gorev, in which Gorev stated that he no longer serves in that role. True and correct copies of those emails are attached as **Exhibit 7**.

10. On November 4, 2019, I sent the Service Materials by DHL Express to Defendants' shared office in Israel. The Service Materials were delivered to the shared office and signed for at reception on November 10. True and correct copies of the delivery receipts are attached as **Exhibit 8**.

11. On November 8, 2019, I sent the Service Materials to each of NSO Group's board members by email at the following email addresses:

- Mickael Betito: mickael.betito@gmail.com.
- Stefan Kowski: kowski@novalpina.pe.
- Omri Lavie: omrilavie@hotmail.com, omri@foundersgroup.com, clockwize2003@gmail.com, omri@nsogroup.com.
- Stephen Peel: speel@smpeel.com.
- Gunter Schmid: guenter.schmid@kscf.de.
- Gerhard Schmidt: prof.gerhard_schmidt@web.de, gerhard.schmidt@weil.com. I received an automatic reply indicating that the email to prof.gerhard_schmidt@web.de was undeliverable. I received no other automatic replies, which suggests that the other email addresses (including the alternative email address for Schmidt) were valid and the Service Materials were received by the email recipient.

A true and correct copy of the email sent to Omri Lavie is attached as **Exhibit 9**. Each of the other emails sent to the NSO Group's board members was substantially identical.

12. On November 9, 2019, I sent the Service Materials by FedEx to the office of each NSO Group board member. Those materials were delivered and signed for between November 11 and 13. True and correct copies of the delivery receipts are attached as **Exhibit 10**.

13. On November 13, 2019, my agent hand-delivered the Service Materials to both Defendants at their shared office in Israel. Shir Kovner, who serves as the "legal advisor" for both Defendants, personally signed the receipt for the hand-delivered Service Materials. True and correct

copies of the messenger's affidavit and the receipt with Kovner's signature are attached as **Exhibit 11**.

14. On November 15, 2019, my agent hand-delivered the Service Materials to Omri Lavie, NSO Group's co-founder and a current board member, by delivering the Service Materials to his wife at their residence in New Jersey. A true and correct copy of the proof of service is attached as **Exhibit 12**.

15. On November 21, 2019, I sent the Service Materials addressed to Nachum Falek, Q Cyber and NSO Group's CFO, by DHL Express to Defendants' shared office in Israel. The Service Materials were delivered to the office and signed for at reception on November 24. A true and correct copy of the delivery receipt is attached as **Exhibit 13**.

16. On November 22, 2019, I attempted to send the Service Materials by email to Nachum Falek, Q Cyber and NSO Group's CFO, by email at nfalek@allot.com and nachum@nsogroup.com. True and correct copies of those emails are attached as **Exhibit 14**. I received automatic replies indicating that both emails were undeliverable.

17. On November 24, 25, and 27, 2019, my agent attempted to hand-deliver the Service Materials to Nachum Falek at Defendants' shared office and Falek's home in Israel. When those attempts did not succeed, my agent sent the Service Materials by registered mail in Israel to Defendants' shared office and left the envelope containing the Service Materials in Falek's mailbox at his residence. True and correct copies of the messenger's affidavits and photographs showing the envelope in Falek's residential mailbox are attached as **Exhibit 15**.

18. As of the date of this filing, Defendants have not responded to the Complaint or appeared in this litigation.

19. On February 3, 2020, Plaintiffs' counsel was contacted for the first time by Joseph Akrotirianakis, an attorney at King & Spalding LLP, who stated that his firm represents Defendants NSO Group and Q Cyber. On February 4, my colleague Kyle Wong, also an attorney at Cooley LLP, and I participated in a brief phone conversation with defense counsel Joseph Akrotirianakis and Aaron Craig from King & Spalding LLP. During that conversation, Mr. Akrotirianakis stated that he was not currently willing to enter an appearance as an attorney of record in this case. Mr. Wong

stated that we were concerned about discussing the litigation with counsel who are not attorneys of record. Later that day, I confirmed by email that we would only discuss the litigation with an attorney of record. In subsequent conversations by phone, Mr. Akrotirianakis stated that he would not appear as an attorney of record in this case unless Plaintiffs agree to a briefing schedule.

20. On February 14, 2020—the day after the initial case management conference—Mr. Akrotirianakis contacted Plaintiffs' counsel by email, stating: "Please let me know when you are available to discuss. I have reviewed the docket entry from yesterday's hearing. Thanks." A true and correct copy of this email is attached as **Exhibit 16**. In a phone conversation on February 17, Mr. Akrotirianakis once again stated that he would not appear as an attorney of record.

**Service via the Hague Convention:**

21. On November 8, 2019, I engaged Aaron Lukken of Viking Advocates, LLC to accomplish service on Defendants under the Hague Convention.

22. On December 31, 2019, Lukken reported that his agent, Eitan Newman, had successfully served both Defendants at their shared office on December 17, 2019, in accordance with the applicable provisions of the Hague Convention. A true and correct copy of Lukken's report is attached as **Exhibit 17**. *See also* Declaration of Eitan Newman (filed concurrently with this Application) ¶¶ 3–8 & Ex. 1 (establishing that both Defendants were properly served in accordance with the Hague Convention on December 17, 2019).

23. Plaintiffs have not yet received the formal certificate of Hague service from the Central Authority in Israel.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, on the 27th day of February, 2020.

/s/ Joseph D. Mornin
Joseph D. Mornin