# EXHIBIT 1

| | |
|---|---|
| **From:** | שירי פרלמוטר <Shirip@court.gov.il> |
| **Sent:** | Tuesday, March 3, 2020 2:14 AM |
| **To:** | Akrotirianakis, Joe |
| **Cc:** | ShmuelS@nsogroup.com; ימית עוקב; ברק לייזר; royb@krblawfirm.com; Craig, Aaron |
| **Subject:** | RE: WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC |

**External Sender**

Dear Mr. Akrotirianakis,

We write with regard to your inquiry regarding the status of service under the Hague Convention in the case of *WhatsApp Inc and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC.* The Hague application for service in this case is incomplete.

In response to an inquiry received via email from attorney Gil Orion from Fisher-Bachar law firm (who represents the applicant) regarding the status of the Service Request; on February 25, 2020, the Office of the Court Administration relayed a letter, in accordance with Article 4 of the Convention, requesting that the application be completed and resubmitted so that we will be able to handle the service request in accordance with the regulations.  We have not received a response, to date.

Sincerely,

Shiri

**Shiri perelmutter**
Manger of the legal assistance to Foreign countries│General Counsel's Office│Administration of courts
shirip@court.gov.il ,Foreign.countries@court.gov.il

התחל הודעה מועברת:

**מאת:** ברק לייזר <BARAKL@court.gov.il>
**תאריך:** 2 במרץ 2020 בשעה 10:51:28 GMT+2
**אל:** Roy Blecher <royb@krblawfirm.com>
**עותק:** Shmuel Sunray <ShmuelS@nsogroup.com>
**נושא: תשובה:** WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC

בוקר טוב,

למיטב ידיעתי לא הגיע כל פניה בעניין זה. על כל פנים העניין יבדק ויטופל.

בברכה,
ברק לייזר,עו"ד
היועץ המשפטי
הנהלת בתי המשפט

1

ב-1 במרץ, 2020, בשעה 21:09, Roy Blecher <royb@krblawfirm.com> כתב/ה:

עו"ד לייזר שלום רב,

אני פונה אליך בנושא שבנדון בשל דחיפותו הרבה.

אני מייצג את חברת NSO בעניינים שונים, לרבות בהיבטים הקשורים בתביעה שהגישה נגדה חברת פייסבוק לבית המשפט בקליפורניה ("**התביעה**").

ביום שישי, 28.2.20, פנה עו"ד ג'ו אקרוטיריאנקיס ממשרד King & Spalding ("**K&S**"), המשרד המייצג בארה"ב את חברת NSO בתביעה, להנהלת בתי המשפט בכתובות הדוא"ל mishpatit@court.gov.il ו- foreign.countries@court.gov.il. רצ"ב עותק מפנייתו. K&S עדכנו את הנהלת בתי המשפט, כי ביום 27.2.20 פנו באי כוחה של פייסבוק לביהמ"ש בקליפורניה בבקשת default, בטענה שכתב התביעה הומצא ל- NSO, הגם שטרם התקבל בידם אישור המעיד על ביצוע ההמצאה.

הנהלת בתי המשפט התבקשה לעדכן את K&S בסטטוס המצאת כתב התביעה ל- NSO לפי אמנת האג.

עד כה K&S לא קיבלו כל מענה לפנייתם.

אודה אם תוכל לבקש מהגורמים הרלוונטיים בהנהלת בתי המשפט ליתן מענה דחוף לפנייה.

בברכה,

רועי

**Roy Blecher | Partner**                                    <image015.jpg>
**Krispin | Rubinstein | Blecher**
**Law Offices**
B.S.R 4 Tower, 7 Masada Street, Bnei Brak 5126112, Israel

Tel: +972 (7) 33202021  |  Mobile: +972 (54) 5216678  |  Fax: +972 (7) 33202031
<image016.png>

<image017.png>
Royb@krblawfirm.com  |  www.krblawfirm.com | www.israelenergylaw.com
<image018.jpg>
<image019.png>
<image020.jpg>
<image021.jpg>

---

**From:** Akrotirianakis, Joe
**Sent:** Friday, February 28, 2020 4:21 PM
**To:** 'mishpatit@court.gov.il' <mishpatit@court.gov.il>; 'foreign.countries@court.gov.il' <foreign.countries@court.gov.il>
**Cc:** Aaron Craig (acraig@kslaw.com) <acraig@kslaw.com>
**Subject:** WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC
**Importance:** High

To Administration of Courts:

We are writing with an urgent inquiry regarding the case of **WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC**, pending before the United States District Court for the Northern District of California.

We are United States counsel for the defendants, NSO Group Technologies Limited and Q Cyber Technologies Limited.

Yesterday (27 February 2020) the plaintiffs filed with the court an application for entry of default, claiming that service has been completed but admitting that no certificate of service has been issued.

We urgently request that you please provide us with a report on the status of service under the Hague Convention.

Would you please confirm receipt of this email and respond as quickly as possible?  Thank you very much.  We are trying to ensure the federal court here in the United States has in fact received correct information about the status of service, in this case, pursuant to the Hague Convention.

Please contact me if additional information is required.

───

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

# EXHIBIT 2

# King & Spalding

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Joseph N. Akrotirianakis
Partner
Direct Dial: +1 213 443 4313
Direct Fax: +1 213 443 4310
jakro@kslaw.com

March 3, 2020

**VIA EMAIL**
Travis LeBlanc, Esq.
Cooley LLP
101 California Street 5th Floor
San Francisco, California 94111-5800

Re:     *WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited*

Dear Mr. LeBlanc:

This letter is sent to you as the signatory of the application for entry of default in *WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited*, Northern District of California Case No. 3:17-cv-07123-JSC.

"It is the duty of an attorney . . . to employ . . . those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." California Business & Professions Code 6068(d). "A lawyer shall not . . . knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Cal. Rules of Prof. Conduct 3.3(a)(1). Misrepresentations to judges regarding service violate Business & Professions Code 6068(d). *Matter of Chesnut* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 166, 169-175, 177-178.

This morning, in response to an inquiry we made after you filed the application for default, we received information from the General Counsel's Office, Administration of Courts, Government of Israel (see enclosed). That office informed us that, on February 25, 2020, the Government of Israel provided Facebook with an Article 4 Notice under the Hague Convention ("If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request."). As is indicated in the enclosed, the Government of Israel's position is that: "The Hague application for service in this case is incomplete."

Travis LeBlanc, Esq.
Cooley LLP
March 3, 2020
Page 2

Two days after the Government of Israel issued the Article 4 Notice, on February 27, 2020, you signed a pleading in which you averred that Defendants had been "served under the Hague Convention."  In your brief, you informed the Court: "The Central Authority in Israel has not yet issued the formal certificate of Hague service" and "the delay in the issuance of the certificate in this matter is unusual."  You omitted to mention that your clients, Facebook and WhatsApp, had been notified, two days earlier, that no certificate of service would be forthcoming.  You nonetheless implied to the Court that Facebook believed that the Government of Israel would be issuing a certificate of service.

Whether or not you were aware of the Government of Israel's February 25, 2020, Article 4 Notice at the time you filed the application for default (an issue we would like to discuss with you), you have now been notified of that fact.

Your application for entry of default also misstates the applicable legal standard by representing to the Court that it could properly enter default in the absence of an Article 6 certificate.  No case where the Plaintiff relied on service by a Central Authority under the Hague Convention so holds (except for cases involving the invocation of Article 15).  In the case you cited to the Court, *SEC v. Hilsenrath*, 2005 WL 8156506, the Court did not enter default until 22 days after the Central Authority issued the Article 6 certificate, thus the statement by the Court about the defendant's deadline for responding to the Complaint was purely dicta.  Pursuant to the authorities we have previously provided you, it is clear the issuance of the Article 6 certificate is a substantive component of service without which default cannot properly be entered.

Yesterday, the Court entered default based on your factual and legal misrepresentations.  Your duty of candor under Business & Professions Code 6068(d) and Rule of Professional Conduct 3.3(a)(1) obligates you to correct the factual record and inform the Court that the Government of Israel provided an Article 4 Notice on February 25, 2020, and, accordingly, service under the Hague Convention has not yet been completed.  Please inform us how and when you plan to do so.

Please contact me if further information is required.

Very truly yours,

Joseph N. Akrotirianakis

JNA:wt

Enclosure

Travis LeBlanc, Esq.
Cooley LLP
March 3, 2020
Page 3


cc:   A. Craig
      D. Grooms
      J. Mornin
      K. Wong

**From:** שירי פרלמוטר ‹Shirip@court.gov.il›
**Sent:** Tuesday, March 3, 2020 2:14 AM
**To:** Akrotirianakis, Joe
**Cc:** ShmuelS@nsogroup.com; ברק לייזר; ימית עוקב; royb@krblawfirm.com; Craig, Aaron
**Subject:** RE: WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC

**External Sender**

Dear Mr. Akrotirianakis,

We write with regard to your inquiry regarding the status of service under the Hague Convention in the case of *WhatsApp Inc and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC.* The Hague application for service in this case is incomplete.

In response to an inquiry received via email from attorney Gil Orion from Fisher-Bachar law firm (who represents the applicant) regarding the status of the Service Request; on February 25, 2020, the Office of the Court Administration relayed a letter, in accordance with Article 4 of the Convention, requesting that the application be completed and resubmitted so that we will be able to handle the service request in accordance with the regulations.  We have not received a response, to date.

Sincerely,

Shiri

**Shiri perelmutter**
Manger of the legal assistance to Foreign countries|General Counsel's Office|Administration of courts
shirip@court.gov.il ,Foreign.countries@court.gov.il

התחל הודעה מועברת:

**מאת:** ברק לייזר ‹BARAKL@court.gov.il›
**תאריך:** 2 במרץ 2020 בשעה GMT+2 10:51:28
**אל:** Roy Blecher ‹royb@krblawfirm.com›
**עותק:** Shmuel Sunray ‹ShmuelS@nsogroup.com›
**נושא: תשובה:** [FSI]**WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC**[PDF]

בוקר טוב,

למיטב ידיעתי לא הגיע כל פניה בעניין זה. על כל פנים העניין יבדק ויטופל.

בברכה,
ברק לייזר,עו״ד
היועץ המשפטי
הנהלת בתי המשפט

1

כתב/ה: <royb@krblawfirm.com> Roy Blecher ,21:09 בשעה ,2020 במרץ 1-ב

עו"ד לייזר שלום רב,

אני פונה אליך בנושא שבנדון בשל דחיפותו הרבה.

אני מייצג את חברת NSO בעניינים שונים, לרבות בהיבטים הקשורים בתביעה שהגישה נגדה חברת פייסבוק לבית המשפט בקליפורניה ("**התביעה**").

ביום שישי, 28.2.20, פנה עו"ד ג'ו אקרוטיריאנקיס ממשרד King & Spalding ("**K&S**"), המשרד המייצג בארה"ב את חברת NSO בתביעה, להנהלת בתי המשפט בכתובות הדוא"ל mishpatit@court.gov.il ו- foreign.countries@court.gov.il. רצ"ב עותק מפנייתו. K&S עדכנו את הנהלת בתי המשפט, כי ביום 27.2.20 פנו באי כוחה של פייסבוק לביהמ"ש בקליפורניה בבקשת default, בטענה שכתב התביעה הומצא ל- NSO, הגם שטרם התקבל בידם אישור המעיד על ביצוע ההמצאה.

הנהלת בתי המשפט התבקשה לעדכן את K&S בסטטוס המצאת כתב התביעה ל- NSO לפי אמנת האג.

עד כה K&S לא קיבלו כל מענה לפנייתם.

אודה אם תוכל לבקש מהגורמים הרלוונטיים בהנהלת בתי המשפט ליתן מענה דחוף לפנייה.

בברכה,

רועי

**Roy Blecher | Partner**

**Krispin | Rubinstein | Blecher**

**Law Offices**

B.S.R 4 Tower, 7 Masada Street, Bnei Brak 5126112, Israel

Tel: +972 (7) 33202021  |  Mobile: +972 (54) 5216678  |  Fax: +972 (7) 33202031

<image016.png>

<image017.png>
Royb@krblawfirm.com  |  www.krblawfirm.com  | www.israelenergylaw.com
<image018.jpg>
<image019.png>
<image020.jpg>
<image021.jpg>

---

**From:** Akrotirianakis, Joe
**Sent:** Friday, February 28, 2020 4:21 PM
**To:** 'mishpatit@court.gov.il' <mishpatit@court.gov.il>; 'foreign.countries@court.gov.il' <foreign.countries@court.gov.il>
**Cc:** Aaron Craig (acraig@kslaw.com) <acraig@kslaw.com>
**Subject:** WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC
**Importance:** High

To Administration of Courts:

We are writing with an urgent inquiry regarding the case of **WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC**, pending before the United States District Court for the Northern District of California.

We are United States counsel for the defendants, NSO Group Technologies Limited and Q Cyber Technologies Limited.

Yesterday (27 February 2020) the plaintiffs filed with the court an application for entry of default, claiming that service has been completed but admitting that no certificate of service has been issued.

We urgently request that you please provide us with a report on the status of service under the Hague Convention.

Would you please confirm receipt of this email and respond as quickly as possible?  Thank you very much.  We are trying to ensure the federal court here in the United States has in fact received correct information about the status of service, in this case, pursuant to the Hague Convention.

Please contact me if additional information is required.

---

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

# EXHIBIT 3

**From:**           LeBlanc, Travis <tleblanc@cooley.com>
**Sent:**           Wednesday, March 4, 2020 4:12 PM
**To:**             Tunson, Mina
**Cc:**             Wong, Kyle; Mornin, Joe; Grooms, Daniel; Craig, Aaron
**Subject:**        Re: WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited

**External Sender**

We have received your correspondence. We are reviewing your assertions and will address them if appropriate.

Thank you,

Travis LeBlanc

On Mar 3, 2020 5:03 PM, "Tunson, Mina" <MTunson@KSLAW.com> wrote:
[External]

---

Counsel,

Please see the attached correspondence from Mr. Akrotirianakis.  Thank you.

---

**Wilhelamina Tunson-Stevenson**
*Legal Practice Assistant*

T: +1 213 443 4338  |  E: mtunson@kslaw.com  |  www.kslaw.com

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Grooms, Daniel <dgrooms@cooley.com> |
| **Sent:** | Wednesday, February 12, 2020 8:43 AM |
| **To:** | Akrotirianakis, Joe |
| **Cc:** | LeBlanc, Travis; Mornin, Joe; Wong, Kyle; Craig, Aaron |
| **Subject:** | WhatsApp, et al. v. NSO Group et al. |

**External Sender**

Mr. Akrotirianakis,

I write to follow up on the phone conversation we had yesterday. You proposed that you would enter an appearance and accept service on behalf of the defendants if, in exchange, we would (1) agree to postpone the case management conference and (2) agree to an extended briefing schedule of three months for you to file a Rule 12 motion.  We have discussed your proposal with our client. Our view remains the same as in our prior correspondence: we are amenable to working with counsel of record to develop an appropriate briefing schedule, but we cannot pursue that discussion until you or other counsel enter your appearance with the Court.

Thank you,
Daniel Grooms

**Daniel Grooms**
Partner
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
+1 202 776 2042
dgrooms@cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Grooms, Daniel <dgrooms@cooley.com> |
| **Sent:** | Thursday, February 20, 2020 4:51 PM |
| **To:** | Akrotirianakis, Joe |
| **Cc:** | LeBlanc, Travis; Mornin, Joe; Wong, Kyle; Craig, Aaron |
| **Subject:** | Re: WhatsApp, et al. v. NSO Group et al. |

**External Sender**
Mr. Akrotirianakis,

We do not share your view of the referenced cases. The 21-day period for a defendant to respond begins on the date when the summons and complaint are served - here, December 17, 2019. To the extent you disagree, we again advise you to enter your appearance in this matter, at which time these and other issues can be addressed before the Court.

Thank you,
Daniel Grooms


On Feb 20, 2020, at 7:13 PM, Akrotirianakis, Joe <JAkro@kslaw.com> wrote:

<span style="color:red">[External]</span>

Counsel:

I am circling back on our request to confer about the caselaw we cited and any contrary authority of which you are aware.

Will Facebook confer with us?

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com

_____
**From:** Akrotirianakis, Joe
**Sent:** Tuesday, February 18, 2020 5:17 PM
**To:** 'Grooms, Daniel' <dgrooms@cooley.com>
**Cc:** LeBlanc, Travis <tleblanc@cooley.com>; Mornin, Joe <jmornin@cooley.com>; Wong, Kyle <kwong@cooley.com>; Craig, Aaron <acraig@kslaw.com>
**Subject:** RE: WhatsApp, et al. v. NSO Group et al.


Danny:

As a follow-up to our telephone conversation with you (and Messrs. Mornin and Wong) yesterday, we invite Facebook to consider the following authorities, which are examples of those we have found that establish that NSO is not in default, the impression with which Magistrate Judge Corley has plainly been left.  Prior to your making any further

1

representations to the Court that NSO or Q Technologies is in default, we ask that you consider these cases and discuss with us any contrary authority of which you are aware.  It is apparent that a much faster way of proceeding beyond this stage of the litigation would be for Facebook to agree to a reasonable briefing schedule for Rule 12 motions, rather than asking the Court to enter a default to which Facebook is not entitled—a default which would eventually be set aside.

When service is executed through the foreign government's Central Authority under the Hague Convention, service is not effective until the Central Authority issues the certificate of service.  For example, in *OGM, Inc. v. Televisa, S.A. de C.V.,* 2009 WL 1025971, at *3 (C.D. Cal. Apr. 15, 2009), the plaintiffs purported to serve defendants by several means, including the Hague Convention.  The court in *OGM* granted the defendant's motion to dismiss under Rule 12(b)(5):

Although Plaintiffs have submitted a Request for Service to Mexico's Central Authority, *such service is not complete as the Central Authority has yet to provide Plaintiffs with a certificate of service under Article 6 of the Hague Convention, and the requirements of Article 15 have not been satisfied*.

(Emphasis added.)  In a footnote, the court in *OGM* noted that Article 15 provides the circumstances in which a Court can determine service to have been completed under the Hague Convention in the absence of a certificate, including a period of not less than six months elapsing since the date of the transmission of the document, which had not occurred here.  The issuance of the certificate of service is a substantive element of service, without which service under the Hague Convention is not completed.

Similarly, in *Monster Film Ltd. v. Galloping Illusions Pty Ltd.*, 2016 WL 11520811 (C.D. Cal. 2016), the court calculated the date by which a response to the complaint was due as 21 days from the date of issuance of the certificate of service, *not* 21 days from the date the summons and complaint were delivered to the defendant.

These cases, and others like them holding that issuance of the certificate of service is a substantive element of service, are correctly decided.  Although you did not agree to discuss Facebook's interpretation of the Hague Convention, it appears that the views you did discuss during our call—and of which you indicated you informed the Court (i.e., service on Defendants is complete, Defendants were required to respond to the Complaint by January 7, 2020, and Defendants are in default) would render meaningless at least a number of articles of the Hague Convention, including Article 13, pursuant to which a Convention signatory may refuse to comply with a request for service, and Article 15, which, as indicated above, provides for a Court can determine service in the absence of a certificate.

Article 13 provides that a state may refuse to issue a certificate of service "if it deems that compliance would infringe its sovereignty or security."  Such determinations are doubtlessly complex, at least in certain circumstances, and may take longer than 21 days from the date of delivery of the summons and complaint.  Under Facebook's apparent interpretation of the Hague Convention, however, a court could enter a default and a default judgment against a foreign defendant while a Hague Convention signatory State is still determining whether to refuse to comply on Article 13 grounds.  This is obviously nonsensical.

Likewise, Article 15 provides judgment may not be given until it is established that proper service was effected under the Hague Convention, unless "a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document" and "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed."  Facebook's implied representation to Magistrate Judge Corley—that NSO and Q Technologies are presently in default—is completely antithetical to the six-month clause of Article 15 and would render it meaningless.

Again, if you are aware of contrary authority supporting your claim to the Court that Defendants are now in default, we ask you to provide it to us and to discuss these issues with us as we believe the Court would expect before seeking its intervention unnecessarily.

Please contact me if further information is required.

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071



-----Original Message-----
From: Grooms, Daniel <dgrooms@cooley.com>
Sent: Sunday, February 16, 2020 11:40 AM
To: Akrotirianakis, Joe <JAkro@KSLAW.com>
Cc: LeBlanc, Travis <tleblanc@cooley.com>; Mornin, Joe <jmornin@cooley.com>; Wong, Kyle <kwong@cooley.com>; Craig, Aaron <ACraig@KSLAW.com>
Subject: RE: WhatsApp, et al. v. NSO Group et al.

**External Sender**

We are scheduled for Monday at 11am PT.
Here are the conference call-in details:

Dial:
+1 646 558 8656 (US Toll) or
877 853 5257 (US Toll Free)

When prompted:
Meeting ID: 560 703 441#

You do not need a participant Id.  Just press # when prompted.

Thank you,
Daniel Grooms


-----Original Message-----
From: Akrotirianakis, Joe <JAkro@KSLAW.com>
Sent: Sunday, February 16, 2020 2:22 PM
To: Grooms, Daniel <dgrooms@cooley.com>
Cc: LeBlanc, Travis <tleblanc@cooley.com>; Mornin, Joe <jmornin@cooley.com>; Wong, Kyle <kwong@cooley.com>; Craig, Aaron <ACraig@KSLAW.com>
Subject: RE: WhatsApp, et al. v. NSO Group et al.

[External]

_____

Monday is probably fine. 11 am PT?

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Grooms, Daniel" <dgrooms@cooley.com>
Date: 2/15/20 3:18 PM (GMT-08:00)
To: "Akrotirianakis, Joe" <JAkro@KSLAW.com>
Cc: "LeBlanc, Travis" <tleblanc@cooley.com>, "Mornin, Joe" <jmornin@cooley.com>, "Wong, Kyle" <kwong@cooley.com>, "Craig, Aaron" <ACraig@KSLAW.com>
Subject: Re: WhatsApp, et al. v. NSO Group et al.

**External Sender**

Joe,

We are available Sunday 11-2:30PT and Monday 10-12 and 3-6PT.  Let us know what time works, and we will send a call-in number.

Thank you,
Daniel Grooms

> On Feb 14, 2020, at 10:51 PM, Akrotirianakis, Joe <JAkro@kslaw.com> wrote:
>

[External]

_____
Daniel, my apologies for having been embroiled in another matter. Would you have any time over the weekend by chance? Or if not, on Monday?  Joe

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Grooms, Daniel" <dgrooms@cooley.com>
Date: 2/14/20 5:09 PM (GMT-08:00)
To: "Akrotirianakis, Joe" <JAkro@KSLAW.com>
Cc: "LeBlanc, Travis" <tleblanc@cooley.com>, "Mornin, Joe" <jmornin@cooley.com>, "Wong, Kyle" <kwong@cooley.com>, "Craig, Aaron" <ACraig@KSLAW.com>
Subject: Re:  WhatsApp, et al. v. NSO Group et al.

**External Sender**
?Joe,

We would be happy to discuss matters with you in light of yesterday's hearing. We are available to talk this afternoon. Please let me know a good time to reach you, and we will call you at the number below. Alternatively, we can arrange for a call-in number at a time that works for you.

Thank you,
Daniel Grooms


On Feb 14, 2020, at 5:17 PM, Akrotirianakis, Joe <JAkro@kslaw.com> wrote:

? [External]
_____
Daniel,

Please let me know when you are available to discuss.  I have reviewed the docket entry from yesterday's hearing.  Thanks.

Joe

---
Joseph N. Akrotirianakis
Partner

T: +1 213 443 4313  |  E: jakro@kslaw.com<mailto:jakro@kslaw.com>

From: Grooms, Daniel <dgrooms@cooley.com>
Sent: Wednesday, February 12, 2020 8:43 AM
To: Akrotirianakis, Joe <JAkro@KSLAW.com>
Cc: LeBlanc, Travis <tleblanc@cooley.com>; Mornin, Joe <jmornin@cooley.com>; Wong, Kyle <kwong@cooley.com>; Craig, Aaron <ACraig@KSLAW.com>
Subject: WhatsApp, et al. v. NSO Group et al.

**External Sender**
Mr. Akrotirianakis,

I write to follow up on the phone conversation we had yesterday. You proposed that you would enter an appearance and accept service on behalf of the defendants if, in exchange, we would (1) agree to postpone the case management conference and (2) agree to an extended briefing schedule of three months for you to file a Rule 12 motion.  We have discussed your proposal with our client. Our view remains the same as in our prior correspondence: we are amenable to working with counsel of record to develop an appropriate briefing schedule, but we cannot pursue that discussion until you or other counsel enter your appearance with the Court.

Thank you,
Daniel Grooms

Daniel Grooms
Partner
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
+1 202 776 2042
dgrooms@cooley.com<mailto:dgrooms@cooley.com>

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

_____

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use,

6

disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.