| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone:    (213) 443-4355 |
| 5 | Facsimile:    (213) 443-4310 |

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 3:19-cv-07123-JSC |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR SANCTIONS AGAINST PLAINTIFFS WHATSAPP INC., FACEBOOK, INC., AND THEIR COUNSEL** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | Date:     April 16, 2020 |
| | Time:     9:00 a.m. |
| | Ctrm:     E |
| | Action Filed:  10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on April 16, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") (collectively, "Defendants") will bring on for hearing before the Honorable Jacqueline Scott Corley, United States Magistrate Judge, in Courtroom E of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, this motion for sanctions against Plaintiffs WhatsApp Inc., Facebook, Inc., (collectively, "Plaintiffs" or "Facebook") and their counsel of record in this action, Cooley LLP.

On February 27, 2020, Plaintiffs lied to the Court in their application for default [Dkt. No. 20] by stating that Defendants had been served under the Hague Convention, when in fact, Plaintiffs had been told by the Government of Israel *two days earlier* that service under the Hague Convention was not complete, and the application for service needed to be resubmitted. Plaintiffs concealed this fact from the Court, and the Court entered default against Defendants on March 2, 2020, based on Facebook's misrepresentation. Defendants learned about this on March 3, 2020, and immediately brought it to the attention of Plaintiffs' counsel, reminding counsel of the ethical obligations to not deceive the Court and to correct any prior misstatement of fact made to the Court. Plaintiffs did nothing, which forced Defendants to file an application to set aside default on March 6, 2020. Plaintiffs' unreasonable and vexatious multiplication of the proceedings in this case is sanctionable under 28 U.S.C. § 1927 and pursuant to the Court's inherent authority. Defendants seek an order awarding them their attorney's fees and costs associated with setting aside the default and any other sanction(s) that the Court sees fit to impose.

By bringing this motion, Defendants expressly reserve and do not waive their right to assert their personal jurisdiction and subject matter jurisdiction defenses. Should the Court believe its consideration of Defendants' request for sanctions would constitute a waiver by Defendants of any of those defenses, Defendants hereby request that the Court defer addressing this Motion until such time as the Court has decided Defendants' Rule 12(b) Motion to Dismiss, which Defendants anticipate will include personal jurisdiction and subject matter jurisdiction defenses.

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should impose sanctions for Facebook's lying to the Court about service being complete under the Hague Convention.

2. The form and amount of sanctions that should be imposed.

## II. SUCCINCT STATEMENT OF RELEVANT FACTS

### A. Defendants Have Not Been Served in this Case

Each Defendant is an Israeli corporation with a principal place of business in Israel. (Declaration of Shalev Hulio dated and filed March 6, 2020 [Dkt. No. 24-3] ¶ 2.) The United States and Israel are both parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *SEC v. Cluff*, 2018 WL 896027 (S.D.N.Y. 2018). Service on Defendants may be accomplished by the means authorized by the Hague Convention. Fed. R. Civ. P. 4(f)(1).

Defendants have not been served under the Hague Convention, according to the Government of Israel. (Declaration of Joseph N. Akrotirianakis dated and filed March 6, 2020 [Dkt. Nos. 24-1 and 24-2] ("Akro. Decl.") Exh. 1].) And Plaintiffs have not served Defendants with a summons and complaint by any means other than the Hague Convention.[1]

### B. Facebook's Counsel Lied to the Court to Obtain a Default

On February 27, 2020, Plaintiffs' counsel filed an application for default that unequivocally stated that Defendants have been "served under the Hague Convention." [Dkt. No. 20 at 2:19; *see also Id.* at 2:8-12]. Plaintiffs made this representation, despite having been informed directly by the Government of Israel, *two days earlier*: "The Hague application for service in this case is

---

[1] While Plaintiffs have claimed to have also "delivered the Complaint and other materials related to this case (the 'Service Materials')" to Defendants and their officers in a number of ways, Plaintiff does not claim that those Service Materials included a summons. [Dkt. 20 at 3 n.2 (describing the so-called "Service Materials" as a host of items *not* including the summons)]. "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Thus all those other deliveries are completely irrelevant to the issue of whether Defendants have been properly served.

incomplete." (Akro. Decl. Exh. 1.) On February 25, 2020, the Government of Israel relayed to Plaintiffs "a letter, in accordance with Article 4 of the Convention."[2] (*Id.*) Plaintiffs misrepresented to this Court that Defendants had been served under the Hague Convention and concealed from the Court the fact that the Government of Israel told them on February 25, 2020, that Hague Convention service was not complete.

Plaintiffs' lie to the Court has unreasonably and vexatiously multiplied the proceedings in this case, as the Court entered default on March 2, 2020 [Dkt. No. 22], which Defendants were forced to apply to have set aside on March 6, 2020 [Dkt. No. 24].

### C. Plaintiffs' Counsel Refused to Take Responsibility

As soon as Defendants' and their counsel learned about Facebook's lie to the Court, they wrote to Plaintiffs' counsel of record in this case (and the signatory of the application for default), Travis LeBlanc, Esq., of Cooley LLP, notifying Mr. LeBlanc of his ethical obligation not to make a knowingly false statement of fact or law to a tribunal and to correct a false statement of material fact or law previously made to the tribunal by the lawyer, Cal. Rules of Prof. Conduct 3.3(a)(1). (Akro. Decl. Exh. 2.) Defendants' counsel sent this letter to Mr. LeBlanc on March 3, 2020. (*Id.*) The following day, March 4, 2020, Mr. LeBlanc replied to Defendants' counsel by an email that read, in its entirety, "We have received your correspondence. We are reviewing your assertions and will address them if appropriate." (Akro. Decl. Exh. 3.) Plaintiffs' counsel apparently decided that addressing the fact of their lie to the Court was *not* appropriate, as they have done nothing in the six days (and counting) since Defendants' counsel brought it to their attention.

### D. Defendants Moved to Set Aside Default on March 6, 2020

On March 5 and 6, 2020, Defendants' counsel prepared an application to set aside default and for enlargement of time to respond to the Complaint and supporting declarations, which they filed in the early evening of March 6, 2020. (Declaration of Aaron Craig ("Craig Decl.") ¶¶ 3-4.) Defendants' counsel spent at least fifteen hours preparing and revising the portion of the

---

[2] Article 4 of the Hague Convention reads: "If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request."

1  application, supporting declarations and proposed order relating to the setting aside of the default. (Craig Decl. ¶¶ 3-4.) Defendant's counsel also spent at least one hour preparing and revising their letter to Plaintiffs' counsel about Facebook's lie to the Court in an effort to mitigate the harm caused by Plaintiffs' sanctionable conduct. (Craig Decl. ¶ 5.)  Defendants have incurred at least $16,994.25 in attorney's fees in direct efforts to undo the effect of Plaintiffs' lie to the Court. (Craig Decl. ¶ 6.)

III.   ARGUMENT

   A.   <u>Sanctions Against Facebook's Counsel are Appropriate Under 28 U.S.C. § 1927</u>

Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law.  They may also be awarded when an attorney is cavalier or bent on misleading the court." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F. 3d 1269, 1278 (10th Cir. 2005).

Either recklessness or bad faith is grounds for imposing § 1927 sanctions. *Lahiri v. Universal Music and Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). "Multiplies" implies that the attorney's conduct has resulted in unnecessary proceedings. *Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 738-39 (8th Cir. 2013).

Here, Plaintiffs' counsel lied to the court that Defendants had been served under the Hague Convention, when they had been told by the Government of Israel two days earlier that service was not complete.  This caused proceedings to multiply in the form of the Court's entry of default and Defendants' application to set aside default.  Plaintiffs' counsel acted unreasonably and vexatiously in lying to the Court; both *Cal. Bus. & Prof. Code* § 6068(d) and *Cal. Rules of Prof. Conduct* § 3.3(a)(1) forbid misleading judicial officers through false statements.

Plaintiffs' counsel cannot reasonably claim they were mistaken about service under Hague Convention being complete on February 27, 2020, for at least two reasons.  First, the Government of Israel notified Plaintiffs on February 25, 2020, that Hague Convention Service was defective and not complete.  Second, Defendants' counsel notified Plaintiffs' counsel about their

1  misrepresentation to the Court on March 3, 2020, and asked Plaintiffs' counsel to set the record
2  straight, and Plaintiffs' counsel refused to correct the record.  If Plaintiffs' counsel merely had
3  been mistaken about the status of service when they applied for default on February 27, 2020 (due
4  to some delay in the Government of Israel's notice reaching them), surely they would have
5  immediately informed the Court of their error once Defendants called it to their attention on March
6  3, 2020.   The fact that Plaintiffs' counsel did not inform the Court of their lie shows that it was,
7  in fact, a knowing misrepresentation and not an innocent mistake.

8  Plaintiffs' lie to the Court was in furtherance of a strategy to which Plaintiffs have been
9  committed since Defendants' counsel first reached out to Plaintiffs' counsel in early February
10 2020—strongarm Defendants into appearing in the case even in the absence of proper service.
11 (*See* Akro. Decl. ¶¶ 10-11 and Exh. 4.)  This is both unreasonable and vexatious, and § 1927
12 sanctions are warranted.

13 Plaintiffs' counsel's lie to the Court unreasonably and vexatiously multiplied the
14 proceedings in this case and caused Defendants to expend at least $16,994.25 in attorney's fees
15 and costs.  The Court should award sanctions in this case against Plaintiff's counsel in favor of
16 Defendants.

17 B. The Court Should Use its Inherent Authority to Sanction Facebook and its Counsel

18 Federal courts have inherent power to impose sanctions against both attorneys and parties
19 for "bad faith" conduct in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123,
20 2132 (1991).  Bad faith conduct may be sanctioned under the Court's inherent powers even if it
21 also sanctionable under other rules such as Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.
22 *Id.* at 46-48.

23 "The key to unlocking a court's inherent power is a finding of bad faith." *In re Sunshine*
24 *Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).  Recklessness coupled with "knowledge of
25 the rule and the applicable law" is "tantamount to bad faith," however, and therefore sanctionable
26 pursuant to the court's inherent power. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1106, 1108
27 (9th Cir. 2002).  "It goes without saying that lying to the Court constitutes bad faith." *U.S. v.*
28 *Price*, 2008 WL 5049295 *3 (N.D. Tex. 2008).

1    Sanctions under the court's inherent power are particularly appropriate for fraud practiced upon the court. *Chambers*, 501 U.S. at 54 n.17. Where a party "seriously misle[a]d[s] the Court by misquoting or omitting material portions of documentary evidence," inherent authority sanctions are appropriate, including in the form of compensatory attorneys' fees. *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 181-82 (D.C. Cir. 1980). District courts in California have used their inherent authority to issue terminating sanctions against plaintiffs who have made misrepresentations to the Court. *See, e.g.*, *James v. Wilber*, 956 F. Supp. 2d 1145, 1147, 1170 (E.D. Cal. 2013).

Facebook's counsel lied to the Court on February 27, 2020 that Defendants had been "served under the Hague Convention." [Dkt. No. 20 at 2:19]. "It goes without saying" that this lie to the Court constitutes bad faith. *Price*, 2008 WL 5049295 at *3. Plaintiffs' counsel "seriously misled the Court by . . . omitting material portions of documentary evidence," *i.e.*, the Government of Israel's February 25, 2020 letter to Facebook's counsel that service was incomplete, and inherent authority sanctions are therefore appropriate. *Lipsig*, 663 F.2d at 181-82. As is set forth above, this was a deliberate lie and not an innocent mistake, as evidenced by Plaintiffs' failure to inform the Court after Defendants' counsel's March 3, 2020 letter. (Akro. Decl. Exh. 2.)

Inherent authority sanctions can include imposition of attorney fees and costs on either offending counsel or their client, as well as censure, formal reprimand or other forms of discipline. *In re Girardi*, 611 F.3d 1027, 1039, 1067-68 (9th Cir. 2010). Courts can also fine parties and their counsel under their inherent authority to compensate for the court's inconvenience and wasting of judicial time. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995). Defendants ask the Court to impose inherent authority sanctions against Facebook and its attorneys by ordering them to pay Defendants' attorneys fees and costs in the amount of $16,994.24 and such other forms of sanction as the Court deems appropriate.

//
//
//
//

IV. CONCLUSION

Defendants ask the Court to grant this motion and impose sanctions against Plaintiffs and their counsel, Cooley LLP, jointly and severally, in the amount of $16,994.25.

DATED: March 9, 2020

KING & SPALDING LLP

By /s/Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED