# EXHIBIT 1

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Joseph N. Akrotirianakis
Partner
Direct Dial: +1 213 443 4313
Direct Fax: +1 213 443 4310
jakro@kslaw.com

March 3, 2020

**VIA EMAIL**
Travis LeBlanc, Esq.
Cooley LLP
101 California Street 5th Floor
San Francisco, California 94111-5800

Re:   *WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited*

Dear Mr. LeBlanc:

This letter is sent to you as the signatory of the application for entry of default in *WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited*, Northern District of California Case No. 3:17-cv-07123-JSC.

"It is the duty of an attorney . . . to employ . . . those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." California Business & Professions Code 6068(d). "A lawyer shall not . . . knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Cal. Rules of Prof. Conduct 3.3(a)(1). Misrepresentations to judges regarding service violate Business & Professions Code 6068(d). *Matter of Chesnut* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 166, 169-175, 177-178.

This morning, in response to an inquiry we made after you filed the application for default, we received information from the General Counsel's Office, Administration of Courts, Government of Israel (see enclosed). That office informed us that, on February 25, 2020, the Government of Israel provided Facebook with an Article 4 Notice under the Hague Convention ("If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request."). As is indicated in the enclosed, the Government of Israel's position is that: "The Hague application for service in this case is incomplete."

Travis LeBlanc, Esq.
Cooley LLP
March 3, 2020
Page 2

Two days after the Government of Israel issued the Article 4 Notice, on February 27, 2020, you signed a pleading in which you averred that Defendants had been "served under the Hague Convention." In your brief, you informed the Court: "The Central Authority in Israel has not yet issued the formal certificate of Hague service" and "the delay in the issuance of the certificate in this matter is unusual." You omitted to mention that your clients, Facebook and WhatsApp, had been notified, two days earlier, that no certificate of service would be forthcoming. You nonetheless implied to the Court that Facebook believed that the Government of Israel would be issuing a certificate of service.

Whether or not you were aware of the Government of Israel's February 25, 2020, Article 4 Notice at the time you filed the application for default (an issue we would like to discuss with you), you have now been notified of that fact.

Your application for entry of default also misstates the applicable legal standard by representing to the Court that it could properly enter default in the absence of an Article 6 certificate. No case where the Plaintiff relied on service by a Central Authority under the Hague Convention so holds (except for cases involving the invocation of Article 15). In the case you cited to the Court, *SEC v. Hilsenrath*, 2005 WL 8156506, the Court did not enter default until 22 days after the Central Authority issued the Article 6 certificate, thus the statement by the Court about the defendant's deadline for responding to the Complaint was purely dicta. Pursuant to the authorities we have previously provided you, it is clear the issuance of the Article 6 certificate is a substantive component of service without which default cannot properly be entered.

Yesterday, the Court entered default based on your factual and legal misrepresentations. Your duty of candor under Business & Professions Code 6068(d) and Rule of Professional Conduct 3.3(a)(1) obligates you to correct the factual record and inform the Court that the Government of Israel provided an Article 4 Notice on February 25, 2020, and, accordingly, service under the Hague Convention has not yet been completed. Please inform us how and when you plan to do so.

Please contact me if further information is required.

Very truly yours,

Joseph N. Akrotirianakis

JNA:wt

Enclosure

Travis LeBlanc, Esq.
Cooley LLP
March 3, 2020
Page 3


cc:   A. Craig
       D. Grooms
       J. Mornin
       K. Wong

| | |
|---|---|
| **From:** | שירי פרלמוטר <Shirip@court.gov.il> |
| **Sent:** | Tuesday, March 3, 2020 2:14 AM |
| **To:** | Akrotirianakis, Joe |
| **Cc:** | ShmuelS@nsogroup.com; ברק לייזר; ימית עוקב; royb@krblawfirm.com; Craig, Aaron |
| **Subject:** | RE: WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC |

**External Sender**
Dear Mr. Akrotirianakis,

We write with regard to your inquiry regarding the status of service under the Hague Convention in the case of *WhatsApp Inc and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC.* The Hague application for service in this case is incomplete.

In response to an inquiry received via email from attorney Gil Orion from Fisher-Bachar law firm (who represents the applicant) regarding the status of the Service Request; on February 25, 2020, the Office of the Court Administration relayed a letter, in accordance with Article 4 of the Convention, requesting that the application be completed and resubmitted so that we will be able to handle the service request in accordance with the regulations. We have not received a response, to date.

Sincerely,

Shiri

**Shiri perelmutter**
Manger of the legal assistance to Foreign countries|General Counsel's Office|Administration of courts
shirip@court.gov.il, Foreign.countries@court.gov.il

התחל הודעה מועברת:

**מאת:** ברק לייזר <BARAKL@court.gov.il>
**תאריך:** 2 במרץ 2020 בשעה 10:51:28 GMT+2
**אל:** Roy Blecher < > <royb@krblawfirm.com>
**עותק:** Shmuel Sunray <ShmuelS@nsogroup.com>
**נושא: תשובה:** WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC

בוקר טוב,

למיטב ידיעתי לא הגיע כל פניה בעניין זה. על כל פנים העניין יבדק ויטופל.

בברכה,
ברק לייזר,עו״ד
היועץ המשפטי
הנהלת בתי המשפט

1

ב-1 במרץ 2020, בשעה 21:09, Roy Blecher <[royb@krblawfirm.com](royb@krblawfirm.com)> כתב/ה:

עו"ד לייזר שלום רב,

אני פונה אליך בנושא שבנדון בשל דחיפותו הרבה.

אני מייצג את חברת NSO בעניינים שונים, לרבות בהיבטים הקשורים בתביעה שהגישה נגדה חברת פייסבוק לבית המשפט בקליפורניה (**"התביעה"**).

ביום שישי, 28.2.20, פנה עו"ד ג'ו אקרוטיריאנקיס ממשרד King & Spalding (**"K&S"**), המשרד המייצג בארה"ב את חברת NSO בתביעה, להנהלת בתי המשפט בכתובות הדוא"ל [mishpatit@court.gov.il](mishpatit@court.gov.il) ו- [foreign.countries@court.gov.il](foreign.countries@court.gov.il). רצ"ב עותק מפנייתו. K&S עדכנו את הנהלת בתי המשפט, כי ביום 27.2.20 פנו באי כוחה של פייסבוק לביהמ"ש בקליפורניה בבקשת default, בטענה שכתב התביעה הומצא ל- NSO, הגם שטרם התקבל בידם אישור המעיד על ביצוע ההמצאה.

הנהלת בתי המשפט התבקשה לעדכן את K&S בסטטוס המצאת כתב התביעה ל- NSO לפי אמנת האג.

עד כה K&S לא קיבלו כל מענה לפנייתם.

אודה אם תוכל לבקש מהגורמים הרלוונטיים בהנהלת בתי המשפט ליתן מענה דחוף לפנייה.

בברכה,

רועי

<image015.jpg>

**Roy Blecher | Partner**

**Krispin | Rubinstein | Blecher**

**Law Offices**

B.S.R 4 Tower, 7 Masada Street, Bnei Brak 5126112, Israel

Tel: +972 (7) 33202021  |  Mobile: +972 (54) 5216678  |  Fax: +972 (7) 33202031

<image016.png>

<image017.png>
[Royb@krblawfirm.com](Royb@krblawfirm.com)  |  [www.krblawfirm.com](www.krblawfirm.com)  |  [www.israelenergylaw.com](www.israelenergylaw.com)
<image018.jpg>
<image019.png>
<image020.jpg>
<image021.jpg>

**From:** Akrotirianakis, Joe
**Sent:** Friday, February 28, 2020 4:21 PM
**To:** 'mishpatit@court.gov.il' <[mishpatit@court.gov.il](mishpatit@court.gov.il)>; 'foreign.countries@court.gov.il' <[foreign.countries@court.gov.il](foreign.countries@court.gov.il)>
**Cc:** Aaron Craig ([acraig@kslaw.com](acraig@kslaw.com)) <[acraig@kslaw.com](acraig@kslaw.com)>
**Subject:** WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited. and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC
**Importance:** High

2

To Administration of Courts:

We are writing with an urgent inquiry regarding the case of **WhatsApp Inc. and Facebook, Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, Case No. 3:19-cv-07123-JSC**, pending before the United States District Court for the Northern District of California.

We are United States counsel for the defendants, NSO Group Technologies Limited and Q Cyber Technologies Limited.

Yesterday (27 February 2020) the plaintiffs filed with the court an application for entry of default, claiming that service has been completed but admitting that no certificate of service has been issued.

We urgently request that you please provide us with a report on the status of service under the Hague Convention.

Would you please confirm receipt of this email and respond as quickly as possible? Thank you very much. We are trying to ensure the federal court here in the United States has in fact received correct information about the status of service, in this case, pursuant to the Hague Convention.

Please contact me if additional information is required.

---

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com  |  www.kslaw.com

**BIO** | **vCARD**

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071