UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>**DECLARATION OF AARON LUKKEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION TO SET ASIDE DEFAULT AND TO ENLARGE TIME TO FILE RESPONSIVE PLEADING TO COMPLAINT AND CROSS-MOTION TO AUTHORIZE ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)**<br><br>Date:  April 16, 2020<br>Time:  1:30 p.m.<br>Courtroom: E, 15th Floor<br>Judge:  Hon. Jacqueline S. Corley |

I, Aaron Lukken, declare:

1. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the truth of each statement.

2. I am an attorney and member in good standing of the State Bar of Missouri, having been admitted in July, 2013. Since the establishment of my law firm, Viking Advocates, LLC, in January, 2016, my practice has been almost exclusively devoted to service of judicial documents on defendants outside the United States, primarily pursuant to the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (referred to hereafter simply as *the Convention*).[1] I have personally managed requests for service on hundreds of overseas defendants pursuant to the various methods articulated in the Convention, including numerous Israeli defendants annually.

3. As part of my practice, I am the publisher of the Hague Law Blog,[2] the aim of which is to

---

[1] The full text of the Convention may be found at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17. All hcch.net links referenced throughout are provided by the Hague Conference on Private International Law, which coordinates the operation of over three dozen Hague Conventions for its member states, including the United States and Israel.

[2] www.haguelawblog.com

assist attorneys, in an informative yet entertaining manner, in effecting service abroad. I speak regularly on Hague doctrine here in the United States and abroad, and from time to time I am asked by the Permanent Bureau of the Hague Conference on Private International Law to offer feedback on the function of various Hague Conventions from a practitioner's perspective.

4.     In November, 2019, I was engaged by Cooley LLP, attorneys of record for Plaintiffs WhatsApp, Inc. and Facebook, Inc., to accomplish service pursuant to the Convention on Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.

5.     On November 27, 2019, I completed two applications for pursuant to Article 5(b) of the Convention, for service on those two defendants. The applications were delivered to the Administration of Courts ("AOC") on December 8, 2019. Attached as **Exhibit 1** is a true and correct copy of the application materials I submitted.

6.     At my request, the AOC appointed a service agent named Eitan Newman to effect service on Defendants.

7.     On December 17, 2019, Mr. Newman informed me that he successfully served both Defendants.

8.     On December 31, 2019, and January 1, 2020, I informed Plaintiffs' counsel and confirmed that Mr. Newman had served Defendants on December 17, 2019, and reported that the AOC had yet to raise any objections to our application for service under the Convention.

9.     In past cases where I have asked for Mr. Newman's appointment, the AOC has usually returned proofs of service—Certificates, pursuant to Article 6—within four to six weeks of his submission of required documentation attesting to service.

10.    As of February 19, 2020, I had not received the expected Certificates. Accordingly, on that day I emailed the AOC and asked when I could expect to receive a certificate of service. Attached as **Exhibit 2** is a true and correct copy of my email exchange with the AOC, including my February 19 email.

11.    As of March 3, 2020, as I had not received a response, so I again emailed the AOC and inquired as to the status of our application. In response the following day, the AOC stated that it had sent a letter to Mr. Gil Orion, an attorney at Fischer Behar Chen Well Orion & Co. ("FBC"), on February 25,

2020, citing Article 4 as the basis for its rejection for deficiency of form. A true and correct copy of that correspondence is included in Exhibit 2.

12. I immediately responded to the AOC and explained that the Convention requires the AOC to contact the applicant—myself, and not Mr. Orion—regarding the status of Hague requests. The AOC then provided me a copy of the letter it had sent to Mr. Orion on February 25, 2020, in Hebrew, along with a synopsis of the letter's contents. The AOC stated that the letter references two "Article 4 deficiencies": (1) "The identity of the specific addressee" was missing; and (2) "The particulars of the parties – including their full information, addresses, telephone numbers and each addresses" were missing. A true and correct copy of that correspondence is included in Exhibit 2.

13. I contested the assertion of the AOC's email, indicating two disagreements: first, the addressees were clearly identified, and second, that in nearly seven years of practice almost wholly devoted to Hague service matters, I had never been asked by any Central Authority worldwide—including the Israeli authority—to provide such specific information as the AOC now demanded.

14. I believe that the requests for service that I submitted to the AOC complied not only with the applicable provisions of the Convention, but with common and widespread practice in Hague Service Convention matters.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Kansas City, Missouri on this 9th day of March, 2020, and respectfully submitted to the Court.

_____
Aaron Lukken, Missouri Bar #65698
Viking Advocates, LLC
6525 Charlotte Street
Kansas City, MO 64131
(816) 200-1383
lukken@vikinglaw.us