1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:   (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S REPLY IN SUPPORT OF APPLICATION TO SET ASIDE DEFAULT AND TO ENLARGE TIME TO FILE RESPONSIVE PLEADING TO COMPLAINT**<br><br>Date:   April 16, 2020<br>Time:  9:00 a.m.<br>Ctrm:   E<br><br>Action Filed:  10/29/2019 |
|---|---|

Plaintiffs' Opposition [Dkt. No. 29] attempts to do four things: (1) concur that the default should be set aside; (2) move to authorize alternate (e-mail) service; (3) argue that Plaintiffs did not mislead the Court; and (4) oppose Defendants' request for 120 days to respond to the Complaint.

Item no. 1 requires no reply. The parties are agreed that the default order was based on misrepresentations to the Court by Plaintiffs' counsel and should never have been entered. The Court should set aside the default.

With respect to item no. 2, Defendants' opposition to Plaintiff's cross-motion to authorize alternate service is due March 23, 2020. Defendants will not conflate that issue with the issue of setting aside default and extending the time for Defendants to file a responsive pleading, as Plaintiffs have attempted to do. Defendants will address Plaintiffs' cross-motion to authorize alternate service in a separately filed opposition on or before the date it is due.

With respect to item no. 3, Plaintiffs plainly *did* mislead the Court. The default order is ample evidence of that. With respect to whether Plaintiffs' attorneys misled the Court intentionally or were merely reckless, their submission is incredible and raises far more questions than it answers (for example, why didn't Plaintiffs' counsel comply with their ethical obligations to contact the Court to inform them that Defendants had not been served under the Hague Convention on March 4? Or March 5? Or March 6?). However, Defendants will wait until Plaintiffs file their opposition to Defendants' Motion for Sanctions [Dkt. No. 28] before replying further.

With respect to item no. 4, Defendants submit that a period of time of at least 120 days following service is reasonable for the reasons set forth in Defendants' Application [Dkt. No. 24], as supplemented by the following information.

1. <u>COVID-19</u>

As Defendants explained in their Application, all of their customers are sovereign nations and their law enforcement and intelligence agencies. Defendants seek additional time to ascertain what information, if any, may be disclosed to this Court by these sovereign nations in support of Defendants' Rule 12 motion. In light of the worldwide COVID-19 pandemic, Defendants'

sovereign-nation customers are all facing issues that are a higher priority than the issues implicated in this case. Defendants' ability to gain this type of assistance from their customers is greatly diminished in this time of crisis.

Defendants and their counsel have effectively lost the ability to meet with Defendants' customers, and Defendants and their counsel can no longer meet in person. In person meetings are necessary in light of the national security issues in this action, but international travel is becoming increasingly difficult and dangerous. And travel to and from Israel, where both Defendants are located, is basically impossible: Israel has imposed a ban on foreign nationals entering the country and a 14-day quarantine for Israeli citizens returning to Israel from outside the country.[1] The number of countries closing their borders is growing by the hour.

Given the unprecedented circumstances surrounding the global COVID-19 pandemic, an enlargement of time for Defendants to respond to the complaint is warranted. The Court should allow Defendants at least 120 days to file a responsive pleading, with an understanding that even more time may be necessary depending on how COVID-19 affects the world in the coming months.

2. Israeli Political Situation

Israel recently held their third national election in the past twelve months. For the third time, no party won a clear parliamentary majority and there is great uncertainty as to whether any party will be able to form a government, which may lead to a fourth national election. As stated above, if and when a new government is formed, its focus will continue to be on efforts to curb COVID-19 and "flatten the curve." As a consequence, Defendants' ability to confer with the Government of Israel about obtaining support for Defendants' Rule 12 motion is substantially diminished to the point that it is virtually nonexistent. The current political situation in Israel further supports Defendants' request for an enlargement of time to file a responsive pleading.

For the foregoing reasons, Defendants ask the Court to order that Defendants' response to the Complaint be due 120 days after the later of service of the Complaint or entry of the Court's

---

[1] https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/israel-west-bank-and-gaza-travel-advisory.html.

Order, and that Defendants shall file a report with the Court 30 days prior to that date stating whether they request any additional time.

DATED: March 17, 2020

KING & SPALDING LLP

By: /s/Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED