COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>NOTICE OF SUPPLEMENTAL FACTS REGARDING:<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' APPLICATION TO SET ASIDE DEFAULT AND TO ENLARGE TIME TO FILE RESPONSIVE PLEADING TO COMPLAINT; AND<br><br>PLAINTIFFS' CROSS-MOTION TO AUTHORIZE ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)<br><br>Date:   April 16, 2020<br>Time:   1:30 p.m.<br>Courtroom: E, 15th Floor<br>Judge:   Hon. Jacqueline S. Corley |

## I.   INTRODUCTION

New material facts have come to light since Plaintiffs filed their opposition and cross-motion on March 9, 2020. ECF No. 29. Specifically, as explained below, Plaintiffs re-served Defendants last week under the Hague Convention and the Central Authority in Israel issued the formal certificates of Hague service.

Accordingly, Plaintiffs submit this Notice to ensure that the Court is aware of all of the facts necessary to decide (1) Defendants' Application to Set Aside Entry of Default and to Enlarge Time to File Responsive Pleading to Complaint (ECF No. 24) and (2) Plaintiffs' Cross-Motion to Authorize Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 29).

## II.   SUMMARY OF FACTS

On March 2, 2020, the Clerk of the Court entered Default against Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ECF No. 22.

On March 6, 2020, Defendants filed an application to set aside entry of default and to enlarge the time to respond to the Complaint. ECF No. 24. Defendants argued that entry of default should be set aside because Plaintiffs allegedly misled the Court about the facts regarding service on Defendants under the Hague Convention. *Id.* at 5. Defendants claimed that Hague service was invalid because the Central Authority in Israel had identified purported deficiencies in Plaintiffs' Hague application materials. *Id.* at 3–5. Defendants further argued that Hague service was incomplete because the Central Authority in Israel had not yet issued the formal certificates of service pursuant to the Hague Convention. *Id*. Defendants also requested an additional 120 days to respond to the Complaint. *Id.* at 6–7.

On March 9, 2020, Plaintiffs opposed Defendants' application. ECF No. 29. Plaintiffs explained that they had been fully candid with the Court regarding the facts surrounding Hague service, and moreover, there was no dispute that Defendants had been fully aware of the litigation since the day it was filed. *Id.* at 3–5. Because Defendants have now appeared in this case, Plaintiffs agreed that the Court should set aside entry of default so that this litigation may proceed. *Id.* at 5–6. But, in order to prevent further delay, Plaintiffs requested that the Court authorize alternative service by email and deny Defendants' request for an extension of time to respond to the Complaint. *Id.* at

6–15.

After Plaintiffs filed their opposition and cross-motion (ECF No. 29), Plaintiffs re-served Defendants on March 12, 2020, again in accordance with the applicable provisions of the Hague Convention. On March 16, 2020, the Israeli Central Authority issued the formal certificates of Hague service showing that service has been fully accomplished under the Hague Convention. *See* ECF No. 32 (attaching copies of the formal certificates of Hague service for both Defendants). Thus, there is no doubt that both Defendants have been properly served, and Defendants' objections regarding the adequacy of service are moot. Pending the Court's recognition that service was properly accomplished on March 12, 2020 (or pending Defendants' admission of that fact), Plaintiffs move to withdraw their motion for alternative service.

### III.  CONCLUSION

Because there can be no dispute that Hague service was properly accomplished on March 12, 2020, Plaintiffs respectfully request that the Court:

1. Strike Defendants' objections to the adequacy of service as moot;
2. Strike Plaintiffs' motion for alternative service; and
3. Deny Defendants' request for an additional 120 days to respond to the Complaint.

Dated: March 18, 2020

Respectfully submitted,

COOLEY LLP

/s/ Travis LeBlanc
Michael G. Rhodes
Travis LeBlanc
Daniel J. Grooms
Kyle C. Wong
Joseph D. Mornin

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.