COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:19-cv-07123-JSC<br><br>**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   March 26, 2020<br>Time:   1:30 p.m.<br>Courtroom: E, 15th Floor<br>Judge:   Hon. Jacqueline S. Corley |

Plaintiffs WhatsApp Inc. and Facebook, Inc. submit this Separate Case Management Statement and Proposed Order under the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

Plaintiffs attempted to seek Defendants' cooperation to file a joint case management statement. On Wednesday, March 18, 2020, Plaintiffs emailed Defendants' counsel to schedule a telephone call to meet and confer regarding the joint statement and other issues as directed by the

Court (ECF No. 9). The parties ultimately agreed to meet and confer on March 19, 2020, at 4:00 p.m. Plaintiffs' counsel sent Defendants' counsel a draft of a joint case management statement in advance of a 4:00 p.m. call. Defendants' counsel did not respond to this email, did not join the call at the scheduled time of 4:00 p.m., and told Plaintiffs' counsel that they would be late to the call and would follow up when ready. Instead, at 5:11 p.m., Defendants filed a declination to proceed before a U.S. Magistrate Judge. Defendants' counsel followed up shortly thereafter with an email to Plaintiffs' counsel, stating that they would not meet and confer until the case is reassigned to a district judge and a scheduling conference is set. Subsequent to receiving that email, Plaintiffs' counsel notified Defendants' counsel of Plaintiffs' intent to file the Joint Case Management Statement pursuant to the Court's Order and again sought Defendants' contributions to the Statement. As of the time of filing, Plaintiffs' counsel have not received a further response from Defendants' counsel.

## I.     JURISDICTION AND SERVICE

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action alleges violations of federal law, namely, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq*. The Court has supplemental jurisdiction over Plaintiffs' state-law causes of action under 28 U.S.C. § 1367 because they arise from the same nucleus of operative fact as Plaintiffs' CFAA claim. In addition, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the Plaintiffs and each of the named Defendants and because the amount in controversy exceeds $75,000.

The Court has personal jurisdiction over Defendants because they obtained financing from a California-based entity; they directed their actions at California and Plaintiffs, who are headquartered in California; they unlawfully accessed and used WhatsApp's computers, several of which are located in California; and they agreed to WhatsApp's Terms of Service, which required Defendants to submit to the personal jurisdiction of this Court.

Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because the harm to Plaintiffs occurred in this District.

All Defendants have been served. In the last four months, Defendants have been repeatedly served and re-served. *See* ECF No. 29 at 6–9 (summarizing Plaintiffs' service efforts). Most recently, Defendants were again served in Israel last week pursuant to the Hague Convention. The Central Authority in Israel issued the formal certificates of Hague Service on March 16, 2010. ECF No. 32.

## II.   FACTS

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Defendants manufactured, distributed, and operated surveillance technology, also known as "spyware," designed to intercept and extract information and communications from mobile phones and devices. Defendants' products included "Pegasus," a type of spyware that could be surreptitiously installed on a victim's phone without the victim taking any action, such as clicking a link or opening a message. Once installed, Pegasus could access a broad array of private information, including the phone's location, camera, microphone, memory, and hard drive, as well as private emails, calls, texts, and messages sent via iMessage, Skype, Telegram, WeChat, Facebook Messenger, WhatsApp, and other platforms. Defendants' clients included government agencies in the Kingdom of Bahrain, the United Arab Emirates, and Mexico, as well as private entities.

Between in and around April 2019 and May 2019, Defendants used WhatsApp servers, located in the United States and elsewhere, to send their spyware to approximately 1,400 mobile phones and devices belonging to attorneys, journalists, human rights activists, government officials, and others. Unable to break WhatsApp's end-to-end encryption, Defendants developed their malware to access messages and other communications after they were decrypted on a device. Defendants' actions were not authorized by Plaintiffs. In May 2019, Plaintiffs detected and stopped Defendants' unauthorized access and abuse of the WhatsApp service and computers. On October 29, 2019, Plaintiffs filed this lawsuit seeking injunctive relief and damages based on federal and state claims.

Since the filing of the Complaint, there have been several reports of NSO Group's continued

manufacturing, distribution, and operation of surveillance technology. The *New York Times* reported that Saudi Arabia attempted to install NSO Group's malware on a *Times* reporter's phone, and Reuters reported that the FBI is investigating NSO Group's role in possible hacks of American residents and companies. *Id.* ¶¶ 21–22 & Exs. 17, 18.

### III.   LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiffs' statement:**

The currently disputed legal issues are:

- whether Defendants should be granted an extension of 120 days' time to respond to the Complaint;
- whether the Court should authorize alternative service on Defendants by email (though this issue has been mooted by the Central Authority's issuance of the formal certificate of Hague service—see ECF No. 32);
- whether Plaintiffs should be sanctioned based on Defendants' erroneous claim that Plaintiffs misled the Court regarding the facts surrounding Hague service; and
- whether Defendants' disclosures in their Certificate of Interested Entities are adequate.

### IV.   MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiffs previously filed an administrative motion to reschedule the case management conference, which the Court granted. ECF Nos. 16 (motion), 17 (order). The following motions are currently pending before the Court:

- Defendants' Application to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint (ECF No. 24);
- Defendants' Motion for Sanctions (ECF No. 28); and
- Plaintiffs' Cross-Motion to Authorize Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3) (ECF No. 29).

Plaintiffs anticipate filing a motion to disqualify King & Spalding LLP for a conflict of

interest. Defendants have indicated in previous filings their intention to file a motion to dismiss.

## V.  AMENDMENT OF PLEADINGS

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time, Plaintiffs do not expect to add any parties, claims, or defenses. In accordance with Fed. R. Civ. P. 15(a), and given that Defendants have not served a responsive pleading, Plaintiffs propose that no deadline for amending the pleadings be set at this time.

## VI.  EVIDENCE PRESERVATION

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.*

The Plaintiffs have reviewed the ESI Guidelines and are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The Plaintiffs have taken reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII.  DISCLOSURES

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.*

Plaintiffs will do so within fourteen days after meeting and conferring with Defendants' counsel, in accordance with Federal Rule of Civil Procedure 26(a)(1)(C).

## VIII.  DISCOVERY

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date. Plaintiffs' position as to the timeline for discovery are set forth below in Section 17. Plaintiffs intend to serve their discovery requests in the near future.

## IX. CLASS ACTIONS

*If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.*

Not applicable.

## X. RELATED CASES

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

On November 26, 2019 (approximately one month after Plaintiffs filed their Complaint in this case), eight current and former employees of NSO Group filed a lawsuit against Facebook in Israel. *Azarzar v. Facebook, Inc.*, Civil File 62584-11-19 (Tel Aviv—Jaffa District Court). The plaintiffs in that case allege that Facebook unlawfully terminated their Facebook and Instagram accounts.

## XI. RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek the following relief:

- Judgment against Defendants that Defendants have:
  - Violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;
  - Violated the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502;
  - Breached their contracts with WhatsApp in violation of California law; and
  - Wrongfully trespassed on Plaintiffs' property in violation of California law.
- A permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendants from:

- Developing or selling malware or computer code that targets Facebook, Facebook Products, or Facebook Company Products;
- Accessing or attempting to access WhatsApp's and Facebook's service, platform, and computer systems;
- Creating or maintaining any WhatsApp or Facebook account;
- Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiffs' service, platform, and computer systems; and
- Engaging in any activity, or facilitating others to do the same, that violates WhatsApp's or Facebook's Terms.

- That WhatsApp and Facebook be awarded damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.
- That WhatsApp and Facebook be awarded their reasonable costs, including reasonable attorneys' fees.
- That WhatsApp and Facebook be awarded pre- and post-judgment interest as allowed by law.
- That the Court grant all such other and further relief as the Court may deem just and proper.

## XII. SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiffs intend to file an ADR certification, indicating their preference to discuss ADR selection with the Court at the Initial Case Management Conference.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ___ Yes _x_ No

Plaintiffs consent to a magistrate judge for all purposes. Defendants have not consented to a magistrate judge for all purposes.

### XIV. OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for such reference.

### XV. NARROWING OF ISSUES

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

### XVI. IN VIEW OF DEFENDANTS' UNWILLINGNESS TO MEET AND CONFER, PLAINTIFFS DO NOT BELIEVE THE ISSUES CAN BE NARROWED BY AGREEMENT AT THIS TIME. EXPEDITED TRIAL PROCEDURE

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.*

Plaintiffs do not believe this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

### XVII. SCHEDULING

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Plaintiffs propose the following case schedule:

- **December 31, 2020:** document discovery cutoff.
- **March 31, 2021:** fact deposition cutoff.
- **April 15, 2021:** expert disclosure cutoff.
- **May 31, 2021:** rebuttal expert reports due.
- **June 30, 2021:** expert discovery cutoff.

- **August 31, 2021:** last day to file dispositive motions.
- **November 18, 2021:** final pretrial conference
- **December 6, 2021:** trial.

## XVIII. TRIAL

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

If a trial is necessary, the Plaintiffs request a jury trial and expect the length of the trial to be ten court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

Plaintiffs filed their Certificate of Interested Entities on October 29, 2019. ECF No. 6. Plaintiffs hereby restate the contents of that Certificate: there is no such interest to report. Plaintiffs believe that Defendants' Certificate of Interested Entities is incomplete, and Plaintiffs reserve all rights to challenge Defendants' Certificate in the future.

## XX. PROFESSIONAL CONDUCT

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for Plaintiffs have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Plaintiffs' counsel are not aware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: March 19, 2020                    Respectfully submitted,

                                         COOLEY LLP


                                         /s/ Travis LeBlanc
                                         Michael Rhodes
                                         Travis LeBlanc
                                         Daniel J. Grooms
                                         Kyle C. Wong
                                         Joseph D. Mornin

                                         Attorneys for Plaintiffs
                                         WHATSAPP INC. and FACEBOOK, INC.


CASE MANAGEMENT ORDER

The above SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                                         U.S. Magistrate Judge Jacqueline S. Corley