COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**DECLARATION OF JULIAN A. LAMM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:      Hon. Phyllis J. Hamilton |

I, Julian A. Lamm, declare:

1. I am an attorney with the law firm of White & Case LLP, which provides oversight of international litigation matters (*i.e.*, matters outside the United States) for Facebook, Inc. ("Facebook"). White & Case LLP does not represent Facebook in this U.S. litigation. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the truth of each statement.

2. I am currently overseeing litigation in Israel in which eight current and former NSO Group employees filed a lawsuit and a motion for preliminary injunction against Facebook because Facebook disabled their Facebook and Instagram accounts. Facebook has defended itself on grounds that the terms of service entitle it to take enforcement action against user accounts that engage in, facilitate, or support others in executing cyber intrusions against Facebook's platform, products, and servers.

3. The status of the U.S. litigation involving Facebook, WhatsApp Inc. ("WhatsApp"), and NSO Group Technologies Limited ("NSO Group") was relevant to the ongoing litigation in Israel that I was overseeing, in particular, Facebook's *lis alibis pendens* defenses. Facebook has argued that the Israeli litigation should be stayed on account of the previously filed U.S. litigation and that NSO Group is improperly "forum shopping" in Israel to undermine the U.S. litigation. Indeed, I understand, from having reviewed an English translation of a cross examination transcript, that the petitioner in the Israeli litigation testified, under oath, that NSO Group is funding and organizing the Israeli litigation for the eight current and even former NSO Group employees.

4. On January 28, 2020, I contacted the law firm of Fischer, Behar, Chen, Well, Orion & Co. ("FBC") in Israel, counsel of record for Facebook in the Israeli litigation, and requested that it contact the Central Authority in Israel to inquire about the status of Facebook and WhatsApp's application for service under the Hague Convention in the U.S. litigation.

5. On February 25, 2020, FBC emailed three attorneys at White & Case, including me, regarding the status of that application and other unrelated matters. In that email, FBC reported that it had received a letter from the Central Authority on February 25, 2020, that purported to identify

technical deficiencies in Facebook and WhatsApp's application for Hague service.

6. My colleagues and I inadvertently overlooked this February 25 email from FBC. I did not forward that email or otherwise communicate its contents to anyone, including Facebook and WhatsApp, their service agent, or their counsel in this case. I have investigated this matter and have confirmed that no other person at White & Case communicated with Facebook, WhatsApp, or its counsel about the February 25 letter or the Central Authority's objections to the Hague service application.

7. I first became aware of Central Authority's February 25 letter on March 5, 2020, after an attorney at Facebook inquired about my receipt of such letter or FBC's February 25 email.

8. I first communicated with Facebook and WhatsApp regarding the February 25 letter on March 5, 2020.

9. I first communicated with counsel for Facebook and WhatsApp in this litigation at Cooley LLP on March 5, 2020. I had no communications with Cooley regarding this litigation prior to March 5.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2020, in Los Angeles, California.

/s/ Julian A. Lamm
Julian A. Lamm