COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

DANIEL J. GROOMS (219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**DECLARATION OF YAEL RIEMER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge:     Hon. Phyllis J. Hamilton |

I, Yael Riemer, declare:

    1.    I am an attorney with the law firm of Fischer, Behar, Chen, Well, Orion & Co., which represents Facebook, Inc. in various matters in Israel. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the

truth of each statement.

2.     On January 29, 2020, at the request of Julian Lamm at White & Case LLP, attorneys at our firm contacted the Central Authority in Israel by telephone regarding the status of Plaintiffs WhatsApp Inc. and Facebook, Inc.'s application for service under the Hague Convention in this litigation. The Central Authority instructed our firm to contact them by email. Attorneys at our firm then contacted the Central Authority on the same day by email.

3.     On February 2, 2020, our firm had not yet received a response from the Central Authority to our firm's January 29 email. Attorneys at our firm followed up with a telephone call to the Central Authority. The Central Authority confirmed receipt of the email, but would not provide an estimated time period for a response.

4.     On February 9, 2020, attorneys at our firm sent a formal letter to the Central Authority inquiring about the status of Plaintiffs' application.

5.     On February 16, 2020, our firm had not yet received a response to our firm's February 9 letter. Attorneys at our firm followed up with another telephone call to the Central Authority, which again confirmed receipt but would not provide any additional information.

6.     On February 25, 2020, our firm received a letter by email from the Central Authority that purported to identify deficiencies in Plaintiffs' application. Attorneys at our firm translated the contents of that letter into English and forwarded those contents in an email to attorneys at White & Case LLP.

7.     Our firm did not have any communications with Plaintiffs, Plaintiffs' service agent, or Plaintiffs' counsel regarding the Central Authority's February 25 letter until March 4, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 20, 2020, in Tel Aviv, Israel.

/s/ Yael Riemer
_____
Yael Riemer