UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>    Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT JUDGMENT; DENYING MOTION TO AUTHORIZE ALTERNATIVE SERVICE**<br><br>Re: Dkt. Nos. 24, 29 |

Before the court is defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited's ("Q Cyber" and together with NSO, "defendants") motion to set aside default. Dkt. 24. Also before the court is WhatsApp Inc. ("WhatsApp") and Facebook, Inc.'s ("Facebook" and together with WhatsApp, "plaintiffs") cross-motion for alternative service. Dkt. 29. The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 16, 2020 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

On October 29, 2019, plaintiffs filed a complaint alleging: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; (3) breach of contract and (4) trespass to chattels. Dkt. 1. In the intervening months, plaintiffs attempted service on defendants, which are Israeli entities, through a variety of means and pursuant to the Hague Convention. Plaintiffs believed that they effected service at defendants' office in Hertsliya, Israel in accordance with the Hague Convention on December 17, 2019. Dkt.

20 at 2. Accordingly, on February 27, 2020, plaintiffs filed an application for default (Dkt. 20), and the Clerk of Court entered default on March 2, 2020, (Dkt. 22).

On March 6, 2020, defendants filed the present motion[1] arguing that service under the Hague Convention was improper and requesting the court to enlarge time to respond to the pleadings by 120 days. Dkt. 24. Plaintiffs have filed an opposition to defendants' motion in which they state that do not oppose defendants' request to vacate the default entry. Dkt. 29 at 5–6. Plaintiffs' filing also included a cross-motion requesting alternative service under Federal Rule of Civil Procedure 4(f)(3). Id. at 15. Subsequent events have overtaken plaintiffs' cross-motion because on March 12, 2020, plaintiffs re-served defendants in accordance with the Hague Convention and on March 16, 2020, the Israeli Central Authority issued formal certificates showing service to be complete. Dkt. 33. The parties agree that the cross-motion for alternative service is no longer necessary (and plaintiffs move to withdraw that motion). Id.; Dkt. 40.

To summarize these events, the parties agree that the entry of default should be set aside. They also agree that service has been properly effected, but dispute whether service is effective as of March 12, 2020 or March 16, 2020.[2] According to the certificates of service filed by plaintiffs, service was effective on March 12, 2020. Dkts. 32-1; 32-2. Defendants did not waive service and their response to the pleadings is due within 21 days of March 12, 2020. Fed. R. Civ. P. 12(a)(1); 12(b). Defendants also

---

[1] Defendants have also filed a motion for sanctions. Dkt. 29. The court does not address the pending motion for sanctions in this order.

[2] The parties do not agree on whether defendants were served on March 12th (when plaintiffs represent that defendants received the pleadings and summons) or March 16th (when the Israeli Central Authority issued a formal certificate of service). Federal Rule of Civil Procedure 12(a)(1) generally provides that "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint" unless defendant has timely waived service under Rule 4(d). Here, the certificates of service for both defendants reflect that they received the documents constituting service on March 12, 2020. Dkts. 32-1; 32-2. This constituted service on defendants pursuant to Federal Rules of Civil Procedure 4(h)(2) and 4(f)(1), while the certificate of service was the means by which plaintiffs proved service pursuant to Federal Rule of Civil Procedure 4(l)(2)(A). See Ackourey v. Noblehouse Custom Tailors, No. 13-cv-2319, 2013 WL 60601365, at *4 (E.D. Penn. Nov. 15, 2013) ("Typically, proof of service under the Convention comes in the form of a certificate issued by the Central Authority of the receiving state. . . . Moreover, failure of proof of service does not affect the validity of service.").

represent that the parties are conferring on a reasonable response date to the pleadings. Dkt. 40 at 1 n.1.  The parties may file an appropriate stipulation according to the Civil Local Rules; however, the court is not inclined to extend defendants' time to respond by 120 days.

For the foregoing reasons, the court GRANTS defendants' motion to set aside default and DENIES defendants' motion to enlarge time to respond.  Dkt. 24.  Because plaintiffs have moved to withdraw their motion for alternative service, the court DENIES plaintiffs' motion for alternative service.  Dkt. 29.

**IT IS SO ORDERED.**

Dated: March 25, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge