JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(B)(1), 12(B)(2), 12(B)(6), AND 12(B)(7) AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date: May 13, 2020<br>Time: 9:00 a.m.<br>Ctrm: 3<br><br>Action Filed: 10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. King & Spalding was engaged to represent Defendants in this action on or about January 20, 2020. At that time, I reviewed Plaintiffs' Complaint and WhatsApp's Terms of Service ("TOS") as provided on WhatsApp's website. To find I used the URL provided in Plaintiffs' Complaint: https://www.whatsapp.com/legal?eea=0#terms-of-service. (Compl. ¶ 19.)

3. At that time, the TOS's "Forum and Venue" clause provided:

> [Y]ou agree that you will resolve any Claim you have with us relating to, arising out of, or in any way in connection with our Terms, us, or our Services (each, a 'Dispute,' and together, 'Disputes') exclusively in the United States District Court for the Northern District of California or a state court located in San Mateo County in California, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such Disputes.

4. I know that is the language I reviewed in January 2020, because my colleague Matthew V.H. Noller and I reviewed and recorded the language on January 21 and 22, 2020, including particularly the "you will resolve any Claim you have with us" language, as part of our preparations for this case. Our contemporaneous writings reflect this language.

5. On February 11, 2020, I again reviewed the TOS available at the URL provided in Plaintiffs' Complaint (https://www.whatsapp.com/legal?eea=0#terms-of-service). According to the website, the TOS were revised on January 28, 2020. A true and correct copy of the current TOS is attached hereto as **Exhibit 1**, with the relevant language highlighted.

6. The current "Forum and Venue" clause provides:

> [Y]ou agree that you and WhatsApp will resolve any Claim relating to, arising out

of, or in any way in connection with our Terms, us, or our Services (each, a 'Dispute,' and together, 'Disputes') exclusively in the United States District Court for the Northern District of California or a state court located in San Mateo County in California, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such Disputes. Without prejudice to the foregoing, you agree that, in our sole discretion, we may elect to resolve any Dispute we have with you in any competent court in the country in which you reside that has jurisdiction over the Dispute.

7. The revised clause replaces the phrase "you will resolve any Claim you have with us" with the phrase "you and WhatsApp will resolve any Claim." The new language *was not* in the TOS appearing on WhatsApp's website on January 21 and 22, 2020.

8. WhatsApp's website provides supposed "archived versions" of its prior TOS that can be accessed by clicking on the "archived versions" link next to the "last modified" date. On February 11, 2020, and on the date of this Declaration, that link (https://www.whatsapp.com/legal?doc=terms-of-service&mode=revisions) takes a user to a site with three "[a]vailable versions" of the TOS: the current version (dated January 28, 2020), a version dated August 25, 2016, and a version dated July 7, 2012.

9. The copy of the August 25, 2016, TOS on WhatsApp's website contains the phrase "you and WhatsApp will resolve any Claim," which currently appears in the current TOS. That language *did not* appear in the TOS I reviewed prior to January 2020. A true and correct copy of the inaccurate August 25, 2016, TOS on WhatsApp's website is attached hereto as **Exhibit 2**, with the relevant language highlighted.

10. To confirm my recollection of the TOS's terms, I have reviewed copies of the TOS that have been archived on the Internet Archive's "Wayback Machine," which I accessed by entering "wayback machine" in my Google search engine.  (The Internet Archive's "Wayback Machine is available at archive.org/web/ and web.archive.org.) I am aware that courts in the Northern District of California (as well as the Central and Southern Districts of California and other federal judicial districts) have treated copies of webpages archived by the Internet Archive as reliable and

subject to judicial notice. *E.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (Davila, J.); *Craiglist, Inc. v. DealerCMO, Inc.*, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017) (Chhabria, J.); *O'Connor v. Lyft, Inc.*, 2016 WL 6126966, at *3 (N.D. Ca. Apr. 14, 2016) (White, J.); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (Donato, J.); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (Koh, J.); *see also, e.g.*, *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (Snyder, J.) (taking judicial notice and citing cases); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1132 n.8 (S.D. Cal. 2018) (Sammartino, J.) (same); *Sabatini v. Price*, 2018 WL 1638258, at *5 n.6 (S.D. Cal. Apr. 5, 2018) (Battaglia, J.) (same); *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (Staton, J.) (same); *Wallack v. Idexx Labs., Inc.*, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015) (Curiel, J.) (same); *Dzinesquare, Inc. v. Armano Luxury Alloys, Inc.*, 2014 WL 12597154, at *3 (C.D. Cal. Dec. 22, 2014) (Selna, J.) (same). Defendants hereby request that this Court likewise take judicial notice of the attached Exhibits 3–9, described in paragraphs 13 and 14, below.

11. As of February 11, 2020, the Internet Archive/Wayback Machine has archived ten versions of the TOS between July 17, 2018, and January 3, 2020, at the URL included in the Complaint (https://www.whatsapp.com/legal?eea=0#terms-of-service).

12. Of the ten copies of the TOS stored by the Internet Archive/Wayback Machine, three copies (dated September 4, 2018, and October 26 and 28, 2019) are in foreign languages I cannot read, but which appear to be German, Arabic, and Spanish, respectively. The remaining seven copies all contain the "Venue and Forum" clause I reviewed in January 2020. Specifically, all seven English-language copies contain the phrase "you will resolve any Claim you have with us," and none contains the phrase "you and WhatsApp will resolve any Claim." All seven are labeled as the August 25, 2016, version of the TOS.

13. In the Complaint, Plaintiffs allege Defendants agreed to the TOS between January 2018 and May 2019. (Compl. ¶ 30.) Each of the archived English-language versions from this period are attached to this Declaration in chronological order as **Exhibits 3–8**, with the relevant language highlighted. Every copy contains the phrase "you will resolve any Claim you have with

1  us," not the phrase "you and WhatsApp will resolve any Claim."

2  14.  The Internet Archive's copy of the TOS available on January 2, 2020, shortly before I reviewed the TOS later in January 2020, is attached hereto as **Exhibit 9**, with the relevant language highlighted. Perfectly consistent with my recollection and contemporaneous recording from January 22, 2020, it includes the phrase "you will resolve any Claim you have with us" and not the phrase "you and WhatsApp will resolve any Claim."

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 2nd day of April 2020, at Los Angeles, California.


          */s/Joseph N. Akrotirianakis*
          JOSEPH N. AKROTIRIANAKIS