```
 1  COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
 2  TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
    KYLE C. WONG (224021) (kwong@cooley.com)
 3  JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
    101 California Street, 5th Floor
 4  San Francisco, CA   94111-5800
    Telephone:   (415) 693-2000
 5  Facsimile:   (415) 693-2222

 6  DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted pro hac vice)
    (dgrooms@cooley.com)
 7  1299 Pennsylvania Avenue, NW, Suite 700
    Washington, DC  20004-2400
 8  Telephone:   (202) 842-7800
    Facsimile:   (202) 842-7899
 9

10  Attorneys for Plaintiffs
    WHATSAPP INC. and FACEBOOK, INC.
11
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF KYLE C. WONG IN SUPPORT OF JOINT STIPULATION TO ENLARGE TIME PURSUANT TO L.R. 6-1(B) & 6-2**<br><br>Date:   April 9, 2020<br>Judge:  Hon. Phyllis J. Hamilton |

I, Kyle C. Wong, declare:

1. I am a Special Counsel at the law firm of Cooley LLP and counsel for plaintiffs WhatsApp Inc. and Facebook, Inc. ("Plaintiffs") in this matter. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the truth of each statement.

2. On April 6, 2020, I, along with a colleague, reached out to Aaron Craig and Joseph Akrotirianakis at King & Spalding LLP, who are counsel for defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants"), via telephone to discuss a stipulation to enlarge the time for briefing Plaintiffs' opposition to Defendants' motion to dismiss the complaint by two weeks. During that call, counsel for Defendants indicated that they needed to discuss the possible extension with their clients and that they would revert back when they had an answer.

3. On April 8, 2020, the parties agreed to modify the schedule as follows, subject to Court approval:

   a. Plaintiffs' opposition to Defendants' motion to dismiss would be due on April 23, 2020, reflecting a one-week extension.

   b. Defendants' reply would be due May 7, 2020, also reflecting a one-week extension.

   c. The parties propose that the hearing on the motion to dismiss be set for May 27, 2020, or at such other date thereafter convenient to the Court, as opposed to May 13, 2020.

4. There has been one time modification in this matter: Plaintiffs had previously requested, and the Court granted, that the Court reschedule the Case Management Conference. ECF Nos. 16, 17. There have been no other modifications to deadlines in this matter.

5. The requested modification would only modify the date for the hearing on Defendants' motion to dismiss, which is currently set for May 13, 2020. ECF No. 45. This modification would not affect any other dates or deadlines pending before this Court, as no case schedule has been set.

6. The requested modification is necessary because Defendants' motion to dismiss requires both parties to brief a variety of complex legal issues, and Plaintiffs need to investigate factual

allegations Defendants raise in their Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 9, 2020 in San Francisco, California.

*/s/ Kyle C. Wong*
Kyle C. Wong