COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' EX PARTE MOTION FOR PROTECTIVE ORDER**<br><br>Date:        May 20, 2020<br>Time:       9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge:       Hon. Phyllis J. Hamilton |

## I.   INTRODUCTION

Plaintiffs WhatsApp Inc. and Facebook, Inc. seek a limited protective order to prevent unauthorized disclosure of information that is under seal in proceedings before another court. Because those proceedings remain entirely under seal, a narrowly tailored protective order is required in this case to prevent disclosure of the sealed information in connection with WhatsApp's Motion to Disqualify Defense Counsel Based on Prior Representation in a Sealed Matter.

## II.   ARGUMENT

WhatsApp has concurrently filed a motion to disqualify King & Spalding LLP from representing Defendants NSO Group Technologies Inc. and Q Cyber Technologies Inc. in this litigation. As WhatsApp explains in that motion, WhatsApp seeks to disqualify King & Spalding on the grounds that (1) it previously represented WhatsApp in substantially related litigation, and (2) during that representation, attorneys at King & Spalding obtained confidential information from WhatsApp that is material to the present dispute.

WhatsApp has also concurrently moved to file their motion to disqualify under seal. As explained in WhatsApp's motion to seal and the Declaration of Daniel J. Grooms in support of the motion to seal, the previous representation involved litigation before another court that remains entirely under seal. The sealing order in that litigation prohibits WhatsApp and its agents, as well as King & Spalding, from disclosing any information related to that litigation to anyone other than the parties or their counsel. Accordingly, a limited protective order is required in this case to prevent disclosure of such information in connection with WhatsApp's motion to disqualify.

Courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is appropriate." *Johnson v. City & Cty. of San Francisco*, No. CV 09-5503 JSW (JSC), 2012 WL 104635, at *1 (N.D. Cal. Jan. 12, 2012) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). For instance, protective orders are appropriate when they are required to protect confidential information from disclosure. *Id.*

Here, a limited protective order is warranted because the previous litigation remains entirely under seal. Plaintiffs will need to identify and discuss portions of that sealed information in connection with their motion to disqualify. For instance, Plaintiffs will need to rely on this information to show

that subject matter of the sealed litigation is substantially related to factual issues in the present case. Plaintiffs will also be required to identify this information to Defendants' counsel in the motion to disqualify and accompanying materials.

Plaintiffs need the requested protective order to ensure no information from the under-seal matter is disclosed to any unauthorized party, including Defendants. Thus, there is good cause for the Court to enter a limited protective order here that allows disclosure of information from the sealed litigation *only* to Plaintiffs, Plaintiffs' counsel in this litigation, and Defendants' counsel in this litigation. The limited protective order should explicitly prevent the parties and their counsel from disclosing any information from the sealed litigation to any other persons or entities, including Defendants in this litigation.

### III. CONCLUSION

Plaintiffs respectfully request that the Court enter a limited protective order to prevent unauthorized disclosure of information that is under seal in other proceedings. Plaintiffs have submitted a proposed protective order with this motion.

Dated: April 10, 2020

Respectfully submitted,

COOLEY LLP

_/s/ Michael G. Rhodes_
Michael G. Rhodes

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.