```
COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**[PROPOSED] LIMITED PROTECTIVE ORDER**<br><br>Judge:    Hon. Phyllis J. Hamilton |

Plaintiff WhatsApp Inc. ("WhatsApp") has moved to disqualify Defendants' counsel King & Spalding LLP on the ground that King & Spalding previously represented WhatsApp in substantially related proceedings before another court, which remain entirely under seal (the "Sealed Proceedings"). WhatsApp and its agents as well as King & Spalding are prohibited from disclosing any information related to that litigation (the "Protected Material").

Accordingly, the Court finds that a limited protective order is necessary to allow the parties to address the disqualification issue without potentially disclosing information under seal in the Sealed Proceedings. The Court therefore orders that:

1. Defendants' counsel may not disclose Protected Material to:
   a. Defendants NSO Group Technologies Ltd., or Q Cyber Technologies Ltd.;
   b. Defendants' officers, directors, agents, or employees (including in-house counsel); or
   c. any other person or entity not entitled to access Protected Material under court order in the Sealed Proceedings.

2. "Protected Material" includes:
   a. any information copied or extracted from Protected Material;
   b. all copies, excerpts, summaries, or compilations of Protected Material; and
   c. any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

3. Any document containing Protected Material may be filed with the Court only if it is filed under seal in accordance with Civil Local Rule 79-5.

4. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a court order otherwise directs.

**IT IS SO ORDERED.**

Dated: April ___, 2020

_____
Honorable Phyllis J. Hamilton
United States District Court Judge