UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

    Plaintiffs,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 19-cv-07123-PJH

**ORDER DENYING MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 47

    Before the court is plaintiffs WhatsApp Inc. and Facebook, Inc.'s ("plaintiffs") motion to file under seal. Plaintiffs seek leave to file several documents under seal including their underlying motion to disqualify, declarations relating to that motion, a request for judicial notice, and even the proposed order and proof of service. See Dkt. 47 to Dkt. 47-15.

    The basis for plaintiffs' motion to file under seal is Civil Local Rule 79-5(e). Dkt. 47 at 1. Rule 79-5(e) provides:

> If the Submitting Party is seeking to file under seal a document designated as confidential by . . . a non-party pursuant to a protective order, or a document containing information so designated by . . . a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.

Civ. L. R. 79-5(e). Here, plaintiffs, as the Submitting Party, seek to file documents under seal that contain or summarize confidential information based on a non-party to this

1   litigation, the U.S. Department of Justice ("DOJ").  To that end, plaintiffs have served a

2   declaration on the DOJ and filed the requisite proof of service.  Next, Rule 79-5(e)(1)

3   requires the Designating Party to file a declaration establishing that all the designated

4   material is sealable and the Designating Party must undertake such a filing within four

5   days of the filing of the administrative motion to seal.  No such filing has been made by

6   the DOJ and, therefore, plaintiffs have not met the requirements of Rule 79-5(e).

7        Separate and apart from the failure to meet Rule 79-5(e)'s requirements, the

8   scope of the designated material to be sealed is overbroad.  There is a general

9   presumption in favor of public access to federal court records.  Nixon v. Warner

10  Commc'ns, Inc., 435 U.S. 589, 597 (1978).  Sealing the entire underlying motion and

11  related documents does not support the public policy in favor of public access to records.

12  See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1183 (9th Cir. 2006) ("In

13  appealing the magistrate judge's order, the United States requested a limited number of

14  specific redactions of documents filed with dispositive motions.  These redactions have

15  the virtue of being limited and clear, identifying specific names or references to be kept

16  secret.").  Moreover, plaintiffs' proposed filing is contrary to Civil Local Rule 79-5(b)'s

17  dictate to "be narrowly tailored to seek sealing only of sealable material."

18       The court understands that the DOJ has communicated to plaintiffs its support of

19  sealing some material in this matter.  Dkt. 51.  Because of this representation, as well as

20  the general constraints associated with court operations in the COVID-19 environment,

21  the court is inclined to permit plaintiffs, as the Submitting Party, and the DOJ, as the

22  Designating Party, a second opportunity to file in compliance with the Civil Local Rules.

23  Should plaintiffs proceed with an amended or renewed motion to file under seal, they are

24  instructed to redact only those specific portions of their underlying motion and related

25  documents that pertain to the confidential material.  Further, the proponent of sealing

26  bears the burden with respect to sealing (Kamakana, 447 F.3d at 1182) and the

27  proponent must offer justifications meeting the applicable standard to seal a document.

28  See id. at 1183–84 ("Although the United States identifies the redactions it seeks by page

number and line number, it does not provide similarly specific compelling reasons to justify these redactions. . . . Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). The court fails to see any compelling reason to file a certificate of service, a proposed order, or the entirety of a brief under seal. See Dkt. 47-1, ¶ 3.

For the foregoing reasons, plaintiffs' motion to file under seal is DENIED WITHOUT PREJUDICE. Plaintiffs may file a renewed or amended motion to seal that meets the requirements of Civil Local Rule 79-5 within seven days of the date on which this order is published. Alternatively, plaintiffs may, in accordance with Civil Local Rule 79-5(e)(2), file the documents in question in the public record no early than four days and no later than ten days after the date on which this order is published. Plaintiffs shall immediately serve a copy of this order on the DOJ.

**IT IS SO ORDERED.**

Dated: April 22, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge