COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
BETHANY C. LOBO (248109) (blobo@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
ELIZABETH B. PRELOGAR (262026) (admission pending)
(eprelogar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

O'MELVENY & MYERS LLP
MICHAEL R. DREEBEN (D.C. Bar. No. 370586 (*pro hac vice* pending)
(mdreeben@omm.com)
1621 I Street NW
Washington, D.C. 20006
Telephone:   (202) 383-5300

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   May 27, 2020<br>Time:   9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge:   Hon. Phyllis J. Hamilton |

Plaintiffs WhatsApp Inc. and Facebook, Inc. request that the Court take judicial notice of Exhibits 1 and 2 to the Declaration of Travis LeBlanc ("LeBlanc Declaration") under Rule 201 of the Federal Rules of Evidence and the authorities cited below.

## I.   BASIS FOR REQUESTING JUDICIAL NOTICE

When ruling on a motion to dismiss, a court may consider any matter that is subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant webpage. *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (Hamilton, J.); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of online policies as they "were publicly available on [a] website and their existence [could not] reasonably be questioned"); *Kinderstart.com, LLC v. Google, Inc.*, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of "web-page printouts").

The Court may also take judicial notice of archived websites—that is, accurate copies of original websites that are catalogued and accessible on archival platforms like archive.org (the "Wayback Machine"). *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. Jul. 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (collecting cases); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. Jun. 25, 2014) (taking judicial notice of archived version of website available on the Wayback Machine).

Pursuant to these principles, Plaintiffs request judicial notice of the following documents:

1. **Exhibit 1** to the LeBlanc Declaration: A true and correct copy of QuadraNet Inc.'s ("QuadraNet") Terms of Service as it appeared on January 29, 2019, archived at https://web.archive.org/web/20190129070813/https://www.quadranet.com/terms-of-service.

2. **Exhibit 2** to the LeBlanc Declaration: A true and correct copy of the current version of Quadranet's Terms of Service, which went into effect on March 4, 2020, available at https://www.quadranet.com/terms-of-service.

As these Exhibits are available on publicly accessible webpages, including the Wayback Machine, they are proper subjects for judicial notice.

**II.  CONCLUSION**

Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1 and 2 to the LeBlanc Declaration.

Dated: April 23, 2020

Respectfully submitted,

COOLEY LLP

/s/ Travis LeBlanc
Travis LeBlanc

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.