1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
   KYLE C. WONG (224021) (kwong@cooley.com)
3  JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
   101 California Street, 5th floor
4  San Francisco, CA   94111-5800
   Telephone:   (415) 693-2000
5  Facsimile:    (415) 693-2222

6  DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
   (dgrooms@cooley.com)
7  ELIZABETH B. PRELOGAR (262026)
   (eprelogar@cooley.com)
8  1299 Pennsylvania Avenue, NW, Suite 700
   Washington, DC  20004-2400
9  Telephone:   (202) 842-7800
   Facsimile:    (202) 842-7899
10
   O'MELVENY & MYERS LLP
11 MICHAEL R. DREEBEN (D.C. Bar No. 370586) (admitted *pro hac vice*)
   (mdreeben@omm.com)
12 1625 I Street NW
   Washington, D.C. 20006
13 Telephone: (202) 383-5300

14 Attorneys for Plaintiffs
   WHATSAPP INC. and FACEBOOK, INC.
15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18

19 WHATSAPP INC., a Delaware corporation,         Case No. 4:19-CV-07123-PJH
   and FACEBOOK, INC., a Delaware
20 corporation,                                   **WHATSAPP'S AMENDED ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL MATERIAL IN WHATSAPP'S MOTION TO DISQUALIFY DEFENSE COUNSEL AND SUPPORTING DOCUMENTS**
21
                  Plaintiffs,
22
           v.
23
   NSO GROUP TECHNOLOGIES LIMITED              **LOCAL RULES 7-11 AND 79-5**
24 and Q CYBER TECHNOLOGIES LIMITED,
                                               Judge:   Hon. Phyllis J. Hamilton
25                Defendants.                  Date:    None Required (L.R. 7-11(c))

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

WHATSAPP'S AMENDED
ADMIN MOTION TO SEAL
CASE NO. 4:19-CV-07123-PJH

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), Plaintiff WhatsApp Inc. ("WhatsApp") submits this amended motion to file under seal limited portions of its Motion to Disqualify Defense Counsel and supporting documents. WhatsApp does not request sealing of the vast majority of the text of these documents. Instead, WhatsApp seeks sealing only of text that would disclose material that another court sealed in connection with an ongoing case, which that court ordered WhatsApp not to disclose. Because the proposed redactions are both justified and "narrowly tailored to seek sealing only of sealable material," Civil L.R. 79-5(b), the Court should grant WhatsApp's Motion To Seal designated portions of: (1) the Motion to Disqualify; (2) the Declaration of Jacob Sommer; (3) Exhibit A to the Declaration of Travis LeBlanc; (4) Exhibit B to the Declaration of Travis LeBlanc; (5) Request for Judicial Notice; (6) Proposed Order Granting Request for Judicial Notice; (7) the Declarations of Daniel J. Grooms (Apr. 10, 2020 and Apr. 29, 2020); and (8) Proofs of Service (Apr. 10, 2020 and Apr. 29, 2020).

## I. BACKGROUND

WhatsApp's Motion to Disqualify Defense Counsel contends that King & Spalding LLP, current counsel to Defendants in this case, should be disqualified because of its prior representation of WhatsApp in another matter (the "Prior Matter"). The Prior Matter—to which the Motion to Disqualify and accompanying documents refer—is both sealed and related to an ongoing case. *See* Grooms Decl. (Apr. 10, 2020) ¶¶ 2, 4. Accordingly, on April 10, 2020, WhatsApp moved to file under seal the Motion to Disqualify and accompanying documents, pursuant to the procedures set forth in Rule 79-5(e). Given the nature of the Prior Matter, WhatsApp sought to provide the Government with an opportunity to identify all confidential information it believed necessary to seal to avoid revealing information that is subject to a sealing order in the Prior Matter.

On April 22, 2020, after the Government failed to file a declaration specifically identifying the material it considers sealable, this Court denied WhatsApp's motion to seal without prejudice. The Court directed WhatsApp to file an amended or renewed motion that "offer[s] justifications meeting the applicable [sealing] standard" and to "redact only those specific portions of their underlying motion and related documents that pertain to the confidential material." ECF No. 52, at 2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-1-

WHATSAPP'S AMENDED
ADMIN MOTION TO SEAL
CASE NO. 4:19-CV-07123-PJH

## II. LEGAL STANDARD

A party seeking to seal judicial records must establish that "the document, or portions thereof, are privileged . . . or otherwise entitled to protection under the law . . . ." Civil L.R. 79-5(b). The moving party must submit an administrative motion to file under seal, accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable" and "[a] proposed order that is narrowly tailored to seal only the sealable material . . . ." Civil L.R. 79-5(d). In addition, a non-party designating information as confidential must file a declaration "establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1).

This Court has distinguished between sealing of matters that are "more than tangentially related to the underlying cause of action" and those that are not. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). While "specific compelling reasons" are required to justify redactions from merits-related motions, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183-1184 (9th Cir. 2006), for matters unrelated to the underlying merits, a showing of "good cause" is sufficient. *Ctr. for Auto Safety*, 809 F.3d at 1097-99. WhatsApp's motion to disqualify opposing counsel is a non-dispositive motion unrelated to the merits of the underlying causes of action. *See Diablo Techs., Inc. v. Netlist, Inc.*, No. 13-cv-3901-YGR, 2014 WL 31467, at *1-3 (N.D. Cal. Jan. 3, 2014) (applying good cause standard to motion to seal private documents submitted in support of motion for sanctions, including disqualification of counsel); *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, No. 1:09-cv-0914-OWW-SKO, 2010 WL 2572858, at *2 (E. D. Cal. June 22, 2010) (applying good cause standard to motion to seal portions of motion to disqualify counsel); *Citizens Dev. Corp. v. County of San Diego*, No. 3:12-cv-0334-GPC-KSC, 2015 WL 6510532, at *2 (S.D. Cal. Oct. 28, 2015) (same). To establish good cause, a party must show that "specific prejudice or harm will result" absent sealing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The existence of a sealing order in another case itself justifies sealing absent a judicial determination to unseal. *In re Granick*, 388 F. Supp. 3d 1107, 1119-20 (N.D. Cal. 2019).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-2-

WHATSAPP'S AMENDED
ADMIN MOTION TO SEAL
CASE NO. 4:19-CV-07123-PJH

### III. ARGUMENT

As described in the April 29, 2020 Declaration of Daniel J. Grooms, WhatsApp seeks to file under seal only those portions of its Motion to Disqualify and accompanying documents that would disclose matter covered by a sealing order entered in another court in connection with an ongoing case.

As this Court has recognized, information that is already subject to judicial seal must be kept sealed absent a "judicial determination that the sealed materials that were filed pursuant to a sealing order may be unsealed . . . ." *In re Granick*, 388 F. Supp. 3d at 1119-20. As a general matter, a determination to unseal is for the sealing court to make in the first instance. *Valley Surgical Ctr. LLC v. County of Los Angeles*, No. CV 13-2265-DDP (AGRx), 2018 WL 6168029, at *3 (C.D. Cal. Mar. 16, 2018) (noting that "the court that issued the protective order decides whether the documents should be unsealed") (citing *Foltz*, 331 F.3d at 1130-31); *see* Grooms Decl. (Apr. 29, 2020) ¶ 5 (court sealing order provides that matters remain sealed until otherwise ordered by the court). Here, no unsealing order has been entered by a judge in the district court overseeing the Prior Matter, which is the court best situated to evaluate good cause for any unsealing. Under those circumstances, WhatsApp has met its burden to establish good cause for redacting such information in accordance with another court's sealing order.

WhatsApp's requested redactions are "narrowly tailored" to comply with the sealing order in the Prior Matter. Civil L.R. 79-5(b). WhatsApp seeks to redact only references to information that is subject to the sealing order in the Prior Matter. *See* Grooms Decl. ¶ 6. Accordingly, WhatsApp's request accords with the presumptive common law right of access to judicial materials. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Redacted versions of the documents that are sought to be filed under seal are attached, as well as unredacted documents that indicate by highlighting the portions of the documents that WhatsApp believes should be sealed. *See* Civil L.R. 79(d)(1)(C) and (D). And in accordance with Rule 79-5(e) and the Court's prior order, the Government has a "second opportunity to file in compliance with the Civil Local Rules." ECF No. 52, at 2. As directed, WhatsApp served the Court's order on DOJ. *Id.* at 3.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-3-

WHATSAPP'S AMENDED
ADMIN MOTION TO SEAL
CASE NO. 4:19-CV-07123-PJH

## CONCLUSION

For the reasons set forth above and in the April 29, 2020 Declaration of Daniel J. Grooms, WhatsApp respectfully requests that the Court grant this Administrative Motion and seal the designated material in WhatsApp's Motion to Disqualify and the supporting documents.

Dated: April 29, 2020

Respectfully submitted,

/s/ *Travis LeBlanc*
Travis LeBlanc

Michael G. Rhodes
Daniel J. Grooms
Elizabeth B. Prelogar
Kyle C. Wong
Joseph D. Mornin
COOLEY LLP

Michael R. Dreeben
O'MELVENY & MYERS LLP

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC

224922381

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-4-

WHATSAPP'S AMENDED
ADMIN MOTION TO SEAL
CASE NO. 4:19-CV-07123-PJH