COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

DANIEL J. GROOMS (219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**DECLARATION OF TRAVIS LEBLANC IN SUPPORT OF WHATSAPP'S MOTION TO DISQUALIFY DEFENSE COUNSEL BASED ON PRIOR REPRESENTATION IN A SEALED MATTER**<br><br>Date:   May 20, 2020<br>Time:   9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge:   Hon. Phyllis J. Hamilton |

**REDACTED VERSION OF DOCUMENT**

**SOUGHT TO BE SEALED**

I, Travis LeBlanc, declare:

1. I am a partner with the law firm of Cooley LLP and counsel for Plaintiffs WhatsApp Inc. and Facebook, Inc. in this matter. The information in this declaration is based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could competently testify to the truth of each statement.

2. On March 18, 2020, I contacted four attorneys at King & Spalding regarding WhatsApp's concerns about King & Spalding's representation of Defendants in this matter, and I expressed concern that King & Spalding had engaged in an improper representation. I also requested the return of all of WhatsApp's files. A true and correct copy of that correspondence is attached hereto as Exhibit A.

3. On March 19, 2020, one of the recipients of my March 18 letter, Robert Thornton, King & Spalding's General Counsel, called me and indicated the firm would need more time to investigate the conflicts issue. Mr. Thornton informed me that King & Spalding still possessed WhatsApp's client files and that he was working to gather and review those files.

4. On March 23, 2020, Mr. Thornton and I spoke again regarding King & Spalding's conflict. Mr. Thornton confirmed that Catherine O'Neil, Christopher Wray, Nicholas Oldham, and Paul Mezzina represented WhatsApp in a prior matter and that Mr. Mezzina remained at the firm as a partner. He again indicated he would need more time to investigate the matter and that he expected to get back to me by Friday, March 27.

5. On March 24, 2020, Mr. Thornton and I spoke again briefly by phone to clarify that Mr. Mezzina was not working on this current litigation. I emailed Mr. Thornton that same day, documenting our understanding that King & Spalding would make a decision on whether it would withdraw by Friday, March 27.

6. On Friday, March 27, 2020, Mr. Thornton and I spoke again by phone. In that conversation, Mr. Thornton indicated he remained in the process of investigating the prior representation and gathering WhatsApp's client files. Mr. Thornton indicated that he needed more time to complete his investigation before the firm could provide a decision on whether it would voluntarily withdraw. As an alternative to withdrawing, Mr. Thornton also proposed establishing an

ethical wall preventing Mr. Mezzina from discussing the prior matter with individual counsel on this case and preventing counsel on this case from accessing WhatsApp's files. It is my understanding that no such screening mechanisms had been implemented at the time King & Spalding took on representation of the Defendants, nor were any in place at the time of our call on March 27.

7. Later that same day, I called Mr. Thornton to reject the proposal for an ethical wall. In response, Mr. Thornton indicated that he would need to speak with King & Spalding's management regarding how to handle the conflict issue. He informed me that he would get me a response as soon as he could, but he did not commit to a particular timeline.

8. On Monday, March 30, 2020, I emailed Mr. Thornton to inquire about the status of King & Spalding's investigation. He responded that the King & Spalding attorneys handling the current litigation were conferring with Defendants and that he hoped to have an answer to me the next day.

9. On Tuesday, March 31, 2020, I spoke with Mr. Thornton by phone, and he informed me that King & Spalding did not intend to withdraw. Mr. Thornton also told me that King & Spalding was still in the process of working to return WhatsApp's client files.

10. On April 1, 2020, I emailed Mr. Thornton to follow up on my request for the return of all hardcopy and electronic documents or case files that King & Spalding had concerning the firm's prior representation of WhatsApp. I requested the return of these documents by the close of business on Friday, April 3.

11. That same day, my partner Michael Rhodes emailed Joe Akrotirianakis, a partner at King & Spalding and counsel of record for Defendants in this case, and stated that WhatsApp was still awaiting the return of all files relating to King & Spalding's prior representation of WhatsApp.

12. On April 2, 2020, Mr. Thornton informed me by email that he had located some relevant electronic documents from King & Spalding's prior representation of WhatsApp, that he needed more time to continue to locate documents, and that he would provide those documents to WhatsApp when he could get technical assistance to process and transmit the files.

13. As of the date of this declaration, King & Spalding has sent only one PDF to WhatsApp, and WhatsApp has otherwise yet to receive its client file from King & Spalding.

14. WhatsApp has provided my team with emails between WhatsApp and King & Spalding that are in WhatsApp's possession. My team has reviewed those emails, which reveal that King & Spalding was involved in a number of discussions regarding ██████████████████████████ ██████████████

15. WhatsApp has also provided my team with the engagement letter between King & Spalding. A true and correct copy of that letter is attached hereto Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2020, in Washington, District of Columbia.

/s/ Travis LeBlanc
Travis LeBlanc

223133956