# EXHIBIT A

## LEBLANC DECLARATION

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | LeBlanc, Travis |
| **Sent:** | Wednesday, March 18, 2020 11:57 AM |
| **To:** | bthornton@kslaw.com; pmezzina@kslaw.com; Akrotirianakis, Joe; Craig, Aaron |
| **Cc:** | Rhodes, Michael; Grooms, Daniel |
| **Subject:** | WhatsApp, et al. v. NSO Group, et al. |
| **Attachments:** | T. LeBlanc letter to King & Spalding.pdf |

Dear Messrs. Thornton, Mezzina, Akrotirianakis and Craig:

Please see the attached correspondence.

Very truly yours,

Travis LeBlanc
Partner
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
(enter from 12th and E Streets)
Washington, DC  20004-2400
+1 202 728 7018 office dc
+1 415 693 2178 office sf
+1 202 842 7899 fax
tleblanc@cooley.com

Cooley • Bio • LinkedIn • Join

Cooley is one of Fortune's **100 Best Companies to Work For**

Cooley GO > **Start and build your business**

# Cooley

Travis LeBlanc
+1 415 693 2178
+1 202 728 7018
tleblanc@cooley.com

Via email
Highly Confidential: AEO—Outside Counsel Only
Subject to ▮▮▮▮ Sealing Order

March 18, 2020

M. Robert Thornton
King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

Paul Mezzina
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Second Floor
Washington, DC 20006

Joseph N. Akrotirianakis
Aaron Craig
King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

Re: **WhatsApp Inc. and Facebook Inc. v. NSO Group Technologies Limited and Q Cyber Technologies Limited, No. 3:17-cv-07123-JSC (N.D. Cal.)**

Dear Messrs. Thornton, Mezzina, Akrotirianakis, and Craig:

We have been made aware that from 2015 to the present, King & Spalding LLP represented WhatsApp Inc. in a sealed matter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It is our understanding that Paul Mezzina, along with other firm personnel, including former King & Spalding attorneys Christopher Wray, Cathy O'Neill, and Nick Oldham, participated in this representation. We understand that King & Spalding's representation of WhatsApp in this sealed matter involves, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Furthermore, King & Spalding attorneys were closely involved in gathering technical information from WhatsApp, evaluating it, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

We have confirmed with the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that the matter for which WhatsApp retained King & Spalding remains ▮▮▮▮▮▮▮▮ under seal. Accordingly, King & Spalding's simultaneous representation of WhatsApp as well as NSO Group and Q Cyber Technologies creates a conflict requiring the firm's withdrawal from this case pursuant to California Rule of Professional Conduct 1.7. As you are aware, "[a] lawyer shall not represent a client if the representation involves a

# Cooley

M. Robert Thornton, Paul Mezzina,　　　　　　　　　　Highly Confidential: AEO – Outside Counsel Only
Joseph N. Akrotirianakis, and Aaron Craig　　　　　　　　　Subject to ▮▮▮▮▮ Sealing Order
March 18, 2020
Page Two

concurrent conflict of interest," which includes situations where "the representation of one client will be directly adverse to another client." Cal. R. Prof. Conduct 1.7(a)(1). "[T]he California Supreme Court has made clear that, with few exceptions, there is a per se rule requiring disqualification of any attorney or a law firm where there is a conflict of interest based upon concurrent representation of multiple clients." *M'Guiness v. Johnson*, 243 Cal. App. 4th 602, 625 (2015).

Furthermore, even if you contend that the firm's representation of WhatsApp ▮▮▮▮▮ ▮▮▮▮▮ has ended, your representation of the defendants in this litigation would contravene California Rule of Professional Conduct 1.9 because you have not sought consent from WhatsApp. As you know, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent." Cal. R. Prof. Conduct 1.9(a). Moreover, a "lawyer shall not reveal information protected from disclosure…unless the client gives informed consent," Cal. R. Prof. Conduct 1.6(a), because it is the lawyer's duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." *See Jessen v. Hartford Casualty Ins. Co.*, 111 Cal. App. 4th 698, 709 (Cal. App. 2003).

Additionally, under the California Rules of Professional Conduct, a conflict exists where an attorney received the former client's confidential information in a prior representation and the lawyer would be expected to use or disclose that information in the subsequent representation because it is material to the subsequent representation. CRPC 1.9 cmt 3.

A lawyer's conflict is imputed to his or her entire firm as well. *See* Cal. R. Prof. Conduct 1.10(a) (prohibits a firm from representing "a client when any one [attorney] practicing alone would be prohibited from doing so[.]"); *see also Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (attorney's conflict that arose from his work for a former client at a prior firm on a substantially related case was imputed to new firm and barred entire firm from representation under ABA Model Rule 1.10).

Accordingly, King & Spalding is required to withdraw under the applicable rules of professional conduct. The matter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the NSO Group litigation in the above-captioned case involve substantially similar confidential and technical issues. Further, King & Spalding received confidential information in the course of its representation of WhatsApp in ▮▮▮▮▮ ▮▮▮ that is material to the issues in the instant litigation.

Given this conflict, we demand that the firm withdraw from any further representation of the defendants in this matter and that the firm not reveal to the defendants any confidential information it obtained from its representation of WhatsApp in the sealed matter, including the contents of this letter. Further, please immediately return WhatsApp's documents and case file. Finally, please confirm in writing when all the above steps have been taken. Given the immediacy of other matters in this litigation, we ask that you respond to us not later than March 19, 2020 at noon Pacific Time. Thank you.

Sincerely,

*Travis LeBlanc*

Travis LeBlanc