1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  EMMET P. ONG (NYBN 4581369)
4  Assistant United States Attorney

5      1301 Clay Street, Suite 340S
       Oakland, California 94612-5217
6      Telephone: (510) 637-3929
       Facsimile: (510) 637-3724
7      E-mail: emmet.ong@usdoj.gov
8
   Attorneys for UNITED STATES DEPARTMENT OF JUSTICE
9

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13

14  WHATSAPP INC., a Delaware corporation,    )  Civil Action No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware corporation, )
15                                            )
           Plaintiffs,                        )  **NON-PARTY UNITED STATES**
                                              )  **DEPARTMENT OF JUSTICE'S**
16     v.                                     )  **ADMINISTRATIVE MOTION TO FILE**
                                              )  **UNDER SEAL**
17  NSO GROUP TECHNOLOGIES LIMITED and Q )
    CYBER TECHNOLOGIES LIMITED,               )
18                                            )
           Defendants.                        )
19                                            )
                                              )
20

21

22

23

24

25

26

27

28

NON-PARTY U.S. DEPT. OF JUSTICE'S ADMIN. MOTION TO FILE UNDER SEAL
NO. 4:19-CV-07123-PJH

# I. INTRODUCTION

Pursuant to Civil L.R. 7-11, 79-5(d)(1), Non-Party United States Department of Justice ("DOJ") respectfully submits this Administrative Motion requesting an order to file under seal in its entirety the Declaration of a DOJ Attorney (the "DOJ Attorney Declaration").  The DOJ Attorney Declaration, which is attached hereto as Exhibit A, is being filed in connection with Plaintiff WhatsApp Inc.'s ("WhatsApp") pending Amended Administrative Motion to Seal Documents Related to WhatsApp's Motion to Disqualify Counsel (Dkt. No. 59).  The DOJ Attorney Declaration, including its attached exhibit, discusses materials and information that were placed under seal by another United States District Court in a different district and that remain under seal, as well as proceedings in that sealed matter.  The DOJ's Administrative Motion should be granted to preserve the sealed nature of the proceedings, materials, and information set forth in the DOJ Attorney Declaration.

# II. ARGUMENT

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006).  In general, courts require compelling reasons to seal records.  As the Ninth Circuit stated in *Kamakana*:

> [A] "strong presumption in favor of access" is the starting point.  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'"  In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Id.* at 1178-79 (internal citations omitted; first set of brackets added).  Regarding documents attached to motions only tangentially related to the merits of the underlying cause of action, a litigant seeking to maintain the secrecy of those documents must only show "good cause" for the documents to be sealed. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1180.  There is less of a need for the public to access documents attached only to

1  motions tangentially related to the underlying cause of action. *Kamakana*, 447 F.3d at 1179.

2      Here, no matter whether WhatsApp's Motion to Disqualify Counsel is only tangentially related to the merits of the underlying cause of action, DOJ demonstrates both "good cause" and "compelling reasons" to file the DOJ Attorney Declaration under seal. The DOJ Attorney Declaration discusses materials and information that were placed under seal by another United States District Court in a different district and that remain under seal, as well as proceedings in that sealed matter. Declaration of Emmet P. Ong, ¶¶ 3-6; Ex. A (DOJ Attorney Declaration). As discussed more fully in the DOJ Attorney Declaration, the proceedings, materials, and information discussed in the DOJ Attorney Declaration remain under seal by statute and court order. As discussed in more detail in the DOJ Attorney Declaration, these compelling reasons are not outweighed by any public interest favoring disclosure. No party has asserted any right of access to these materials or moved to unseal them. Nor does the public have a First Amendment right to access declarations filed in support of a motion to seal, such as the DOJ Attorney Declaration. *United States v. Higuera-Guerrero (In re Copley Press, Inc.)*, 518 F.3d 1022, 1028 (9th Cir. 2008).

## III. CONCLUSION

For the foregoing reasons, the Court should grant the DOJ's Administrative Motion and order the DOJ Attorney Declaration to be filed under seal in its entirety.

DATED: April 29, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Emmet P. Ong*
EMMET P. ONG
Assistant United States Attorney

*Attorneys for Non-Party United States Department of Justice*