1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  EMMET P. ONG (NYBN 4581369)
4  Assistant United States Attorney

5       1301 Clay Street, Suite 340S
        Oakland, California 94612-5217
6       Telephone: (510) 637-3929
        Facsimile: (510) 637-3724
7       E-mail: emmet.ong@usdoj.gov
8  
   Attorneys for UNITED STATES DEPARTMENT OF JUSTICE
9  
10                     UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12                           OAKLAND DIVISION
13  
14  WHATSAPP INC., a Delaware corporation,        ) Civil Action No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware corporation,   )
15                                                )
              Plaintiffs,                         ) **NON-PARTY UNITED STATES**
                                                  ) **DEPARTMENT OF JUSTICE'S**
16       v.                                       ) **AMENDED ADMINISTRATIVE MOTION**
                                                  ) **TO FILE UNDER SEAL**
17  NSO GROUP TECHNOLOGIES LIMITED and Q          )
    CYBER TECHNOLOGIES LIMITED,                   )
18                                                )
                                                  )
19           Defendants.                          )
                                                  )
20

## I.     **INTRODUCTION**

Pursuant to Civil L.R. 7-11, 79-5(d)(1), Non-Party United States Department of Justice ("DOJ") respectfully submits this Amended Administrative Motion requesting an order to file under seal in its entirety the Amended Declaration of a DOJ Attorney (the "Amended DOJ Attorney Declaration").

On April 29, 2020, and in accordance with the Court's April 22, 2020 Order, DOJ timely filed its Administrative Motion to File Under Seal (Dkt. No. 60) and DOJ Attorney Declaration (Dkt. No. 61) issued in connection with Plaintiff WhatsApp Inc.'s ("WhatsApp") Amended Administrative Motion to Seal Documents Related to WhatsApp's Motion to Disqualify Defense Counsel (Dkt. No. 59). On May 1, 2020, WhatsApp made a supplemental filing in support of WhatsApp's Amended Administrative Motion to Seal that contained sealed materials for which DOJ is the Designating Party. Dkt. No. 63. As a result of WhatsApp's new filing, the DOJ, as the Designating Party, is required to file this Amended Administrative Motion and Amended DOJ Attorney Declaration, in order to establish that all of the designated material in the new filing is sealable. Civil L.R. 79-5(e)(1).

To that end, DOJ is filing this Amended Administrative Motion and Amended DOJ Attorney Declaration, which is attached hereto as Exhibit A, in connection with WhatsApp's pending Amended Administrative Motion to Seal Documents Related to WhatsApp's Motion to Disqualify Counsel (Dkt. No. 59). The Amended DOJ Attorney Declaration, including its attached exhibit, discusses materials and information that were placed under seal by another United States District Court in a different district and that remain under seal, as well as proceedings in that sealed matter. The DOJ's Amended Administrative Motion should be granted to preserve the sealed nature of the proceedings, materials, and information set forth in the Amended DOJ Attorney Declaration.

## II.     **ARGUMENT**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). In general, courts require compelling reasons to seal records. As the Ninth Circuit stated in *Kamakana*:

> [A] "strong presumption in favor of access" is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must "articulate[ ] compelling

NON-PARTY U.S. DEPT. OF JUSTICE'S AMENDED ADMIN. MOTION TO FILE UNDER SEAL
NO. 4:19-CV-07123-PJH     1

reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Id.* at 1178-79 (internal citations omitted; first set of brackets added).  Regarding documents attached to motions only tangentially related to the merits of the underlying cause of action, a litigant seeking to maintain the secrecy of those documents must only show "good cause" for the documents to be sealed. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1180.  There is less of a need for the public to access documents attached only to motions tangentially related to the underlying cause of action. *Kamakana*, 447 F.3d at 1179.

Here, no matter whether WhatsApp's Motion to Disqualify Counsel is only tangentially related to the merits of the underlying cause of action, DOJ demonstrates both "good cause" and "compelling reasons" to file the Amended DOJ Attorney Declaration under seal.  The Amended DOJ Attorney Declaration discusses materials and information that were placed under seal by another United States District Court in a different district and that remain under seal, as well as proceedings in that sealed matter.  Declaration of Emmet P. Ong, ¶¶ 3-6; Ex. A (Amended DOJ Attorney Declaration).  As discussed more fully in the Amended DOJ Attorney Declaration, the proceedings, materials, and information discussed in the Amended DOJ Attorney Declaration remain under seal by statute and court order.  As discussed in more detail in the Amended DOJ Attorney Declaration, these compelling reasons are not outweighed by any public interest favoring disclosure.  No party has asserted any right of access to these materials or moved to unseal them.  Nor does the public have a First Amendment right to access declarations filed in support of a motion to seal, such as the Amended DOJ Attorney Declaration. *United States v. Higuera-Guerrero (In re Copley Press, Inc.)*, 518 F.3d 1022, 1028 (9th Cir. 2008).

### III.  CONCLUSION

For the foregoing reasons, the Court should grant DOJ's Amended Administrative Motion and order the Amended DOJ Attorney Declaration to be filed under seal in its entirety.

1  DATED: May 1, 2020                                    Respectfully submitted,

2                                                         DAVID L. ANDERSON
                                                          United States Attorney
3
4                                                          /s/ *Emmet P. Ong*
                                                          EMMET P. ONG
5                                                         Assistant United States Attorney

6                                                          *Attorneys for Non-Party United States Department of Justice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28