UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

    Plaintiffs,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 19-cv-07123-PJH

**ORDER GRANTING MOTIONS TO SEAL**

Re: Dkt. Nos. 59, 60, 65

    Before the court are three related administrative motions to file under seal. Dkts. 59, 60, 65. The first, filed by plaintiff WhatsApp Inc. ("WhatsApp" or "plaintiff"),[1] seeks to file under seal portions of their motion to disqualify and related declarations. The second and third, filed by non-party the U.S. Department of Justice ("DOJ"), seeks to file under seal in its entirety a declaration by a DOJ Attorney and proposed additional redactions to plaintiff's sealable material. Defendants do not oppose any of the administrative motions.

    Due to the several filings necessitated by the motions to seal, the court briefly recounts the relevant procedural history. Plaintiff filed its first attempt to file under seal on April 10, 2020 (Dkt. 47), which the court subsequently denied without prejudice on April 22, 2020, because plaintiff and the DOJ did not follow the procedure laid out in Civil Local Rule 79-5(e). Dkt. 52. On April 29, 2020, both plaintiff and the DOJ filed administrative motions to file under seal that seek to remedy the deficiencies noted in this court's April 22, 2020 order. Dkts. 59, 60. Due to the scope of the DOJ's proposed redactions,

---

[1] WhatsApp's co-plaintiff, Facebook, Inc., has not joined the administrative motion to file under seal or the underlying motion to disqualify.

plaintiff decided it needed to redact portions of material it filed in connection with the April 10, 2020 administrative motion and, on May 1, 2020, plaintiff filed a supplemental filing to redact portions of an April 10, 2020 declaration and proof of service that refer to information that the DOJ recommends as sealable. Dkt. 63. The same day, the DOJ filed an amended motion to file under seal in support of plaintiff's supplemental filing. Dkt. 65.

There is a general presumption in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case"—regardless whether that motion is "technically dispositive"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Conversely, if the motion is only tangentially related to the merits, "a 'particularized showing,'" under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." Kamakana, 447 F.3d at 1180 (alteration in original) (quoting Foltz, 331 F.3d at 1135, 38).

Here, the underlying motion is a motion to disqualify counsel (Dkt. 59-4) and such a motion is only tangentially related to the merits because the adjudication of whether defendants' counsel should continue to represent its clients does not affect the merits of plaintiffs' claims. See, e.g., Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc., No. 1:09CV-0914-OWW-SKO, 2010 WL 2572858, at *2–3 (E.D. Cal. June 22, 2010) (applying good cause standard in reference to an underlying motion to disqualify

1  counsel).  Therefore, plaintiffs need only meet the good cause standard.

2       As demonstrated by the DOJ, the material referenced in plaintiff's motion to
3  disqualify has been sealed by a different federal district court pursuant to a statutory
4  requirement to seal such material.  Dkt. 65 at 3.  That matter remains sealed.  Id.  Plaintiff
5  contends that the district court that entered the sealing order should be the court to
6  determine whether material should remain sealed.  Dkt. 59 at 3.  The Ninth Circuit has
7  endorsed such an approach in the context of collateral litigants requesting access to
8  discovery material in an underlying case.  See Foltz, 331 F.3d at 1132 ("[T]he court that
9  entered the protective order should satisfy itself that the protected discovery is sufficiently
10 relevant to the collateral litigation that a substantial amount of duplicative discovery will
11 be avoided by modifying the protective order.").  While the underlying matter in this
12 instance was not sealed pursuant to a discovery protective order, the rationale is the
13 same: the court that issued the sealing order is best positioned to determine whether the
14 matter should remain sealed.  See id. ("The court that issued the order is in the best
15 position to make the relevance assessment for it presumably is the only court familiar
16 with the contents of the protected discovery.").  As stated, the district court in the
17 underlying matter has deemed the matter sealable and, upon review, the material in this
18 matter appears sufficiently related to the underlying matter.  Therefore, the court finds
19 that there is good cause to file the material referenced by plaintiff and the DOJ under
20 seal.

21      Additionally, in its April 22, 2020 order, the court admonished plaintiff to keep its
22 request "narrowly tailored to seek sealing only of sealable material."  Dkt. 52 at 2.  Upon
23 review of the requested material to be redacted and sealed, the court is satisfied that the
24 requested material is narrowly tailored.  Finally, the court notes that the DOJ has filed an
25 exhibit in which it proposes additional redactions of limited material beyond those
26 redactions proposed by plaintiff.  Dkt. 66-1.  The court finds that the additional redactions
27 meet the good cause standard to seal such material and are likewise narrowly tailored.
28      For the foregoing reasons, plaintiff's and DOJ's administrative motions to file under

1  seal are GRANTED.  Additionally, plaintiff shall file a revised motion to disqualify[2] and
2  supporting declarations with the additional redactions proposed by the DOJ; such
3  material shall be sealed pursuant to this order when filed.  Plaintiff should also serve
4  defendants' counsel with the motion to disqualify and the time for an opposition to the
5  motion and a reply to the opposition shall be as of the date the revised motion is filed and
6  served and in accordance with Civil Local Rule 7-3.

**IT IS SO ORDERED.**

Dated: May 6, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[2] Plaintiff shall also remove from the docket any previously filed material that the court has now found to be sealable.