JOSEPH P. MCMONIGLE, Bar No. 66811
JESSICA R. MACGREGOR, Bar No. 168777
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:   (415) 397-6392
Email:        jmcmonigle@longlevit.com
              jmacgregor@longlevit.com

Specially Appearing For
KING & SPALDING LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**KING & SPALDING LLP'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), King & Spalding (K&S) submits this motion to file under seal limited portions of its Opposition to Plaintiff's Motion to Disqualify Defense Counsel ("Opposition Motion") and supporting documents. There are two independent bases for the redactions and sealing K&S seeks. First, the material K&S seeks to file under seal emanates from a matter sealed by another district court and is subject to a sealing order that prohibits WhatsApp, its agents and King & Spalding from disclosing any information related to that litigation to anyone other than the parties or their counsel. Declaration of Jessica MacGregor ("MacGregor Decl.") ¶ 2. Second, in addition to being subject to a sealing order, as to third parties, the materials are also attorney-client privileged and work product protected. In sum, the material K&S seek to file under seal mirrors the material this Court recently allowed Plaintiff to

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

KING & SPALDING LLP'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
4:19-cv-07123-PJH

file under seal. *Order Granting Motions to Seal*, Case No. 4:19-cv-07123-PJH (N.D. Cal. May 6, 2020) ECF No. 67.

On behalf of Defendants, K&S respectfully request the Court grant their Administrative Motion to Seal designated portions of (1) the Opposition Motion; (2) Declaration of M. Robert Thornton in support of Opposition Motion; (3) Thornton Declaration, Exhibits 1-25; (4) Declaration of Sumon Dantiki in support of Opposition Motion; (5) Declaration of Derick J. Arthur in support of Opposition Motion; (6) Declaration of R. Barronton Lloyd in support of Opposition Motion; (7) Declaration of Peter G. Nolan; (8) Declaration of Paul Alessio Mezzina in support of Opposition Motion; (9) Mezzina Declaration, Exhibit 2; (10) Declaration of Rod J. Rosenstein in support of Opposition Motion; (11) Declaration of Joseph N. Akrotirianakis in support of Opposition Motion; (12) Declaration of Aaron Craig in support of Opposition Motion; and (13) Declaration of Matthew Noller in support of Opposition Motion.

## I. BACKGROUND

K&S on its behalf and on behalf of its clients in this matter, challenge Plaintiff's position that K&S's December 2015 – July 2016 representation of WhatsApp in unrelated litigation ("the Sealed Matter") warrants the drastic remedy of disqualifying counsel. To oppose this motion, K&S relies on selected exhibits that are both subject to the sealing order in the Sealed Matter and, as to third parties, but not as to K&S, protected by attorney-client privilege and work product. MacGregor Decl. ¶ 3-4. Therefore, K&S moves to file under seal the Opposition Motion and supporting documents pursuant to Civil Local Rule 79-5.

## II. LEGAL STANDARD

Civil Local Rule 79-5 sets forth the procedural requirements for filing an administrative motion to seal records. The moving party must establish that the request is "narrowly tailored to seek sealing only of sealable material" and attach declarations to that effect. Civil L.R. 79-5(b), Civil L.R. 79-5(d)(1)(A). "Sealable" material includes documents, or portions thereof, that are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). If the sole basis for nondisclosure is that the documents are subject to a protective order, the moving party must also include a declaration from the party who designated the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 2 -

KING & SPALDING LLP'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
4:19-cv-07123-PJH

documents as confidential.  Civil L.R. 79-5(e).

The moving party's burden of persuasion is dependent on how closely related the underlying motion is to the merits of the case.  *See Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1182 (9th Cir. 2006) ("[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails.") A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "[I]f the motion is only tangentially related to the merits, [a] particularized showing of "good cause" …as required by Federal Rule of Civil Procedure 26(c)" is sufficient. *Kamakana*, 447 F.3d at 1176.

K&S also seeks to seal documents pursuant to attorney-client privilege.  Questions of privilege that arise in the course of the adjudication of federal rights are governed by state law. Fed.Rule Evid. 501.  California clearly acknowledges an attorney-client privilege in Cal. Evid. Code § 954; *see also Mitchell v. Superior Court*, 37 Cal. 3d 591, 599 (1984)( "[F]undamental purpose behind the privilege is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters.")  In defending against the disqualification motion, K&S can introduce documents that would otherwise be protected by attorney-privilege without breaching privilege.  Cal. Evid. Code § 958 ("There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship.") K&S may only utilize such privileged information "to the extent necessary to litigate the action." *Acacia Patent Acquisition, LLC v. Superior Court*, 234 Cal. App. 4th 1091, 1098 (2015) . However, these materials remain privileged as to third parties.

### III.   ARGUMENT

Defendants seeks to file under seal portions of its Opposition Motion and supporting documents containing information protected by the sealing order in the Sealed Matter, as well as attorney-client privilege.  MacGregor Decl. ¶ 3-4.  Through emails and phone calls spanning from

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 3 -

KING & SPALDING LLP'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
4:19-cv-07123-PJH

May 13, 2020 through May 29, 2020, special counsel for K&S has met and conferred with the Department of Justice ("DOJ") to ensure all redactions are consistent with the sealing order. MacGregor Decl. ¶ 5. DOJ attorneys indicated that while they had no interest in the outcome of the disqualification motion, they wanted to ensure the protective order in the Sealed Matter was strictly adhered to. *Id*. at ¶ 6. On May 28, 2020, counsel for the DOJ provided its final revisions and indicated they approved of all proposed redactions. *Id*. at  ¶ 7.

### A. The Court Has Already Acknowledged K&S is Prohibited From Disclosing Sealed Matter

The record in this case establishes a basis for granting K&S's motion on the grounds that the redacted materials were filed in or refer to the Sealed Matter. On April 29, 2020, Plaintiffs filed an administrative motion to seal for the same reasons as K&S—that the material forming the basis for their motion to disqualify was the subject of a sealing order in another district court. ECF No. 59, pg. 2. The Court granted Plaintiffs' motion, acknowledging that the district court had not yet unsealed the Sealed Matter. ECF No. 67, pg. 3 ("As stated, the district court in the underlying matter has deemed the matter sealable and, upon review, the material in this matter appears sufficiently related to the underlying matter. Therefore, the court finds that there is good cause to file the material referenced by plaintiff and the DOJ under seal.") The same holds true here.

On April 10, 2020, Plaintiffs sought an ex parte protective order that would "explicitly prevent the parties and their counsel from disclosing any information from the sealed litigation to any other persons or entities, including Defendants in this litigation. ECF 47-12, pg. 3. Plaintiffs represented that the sealing order in the Sealed Matter "prohibits WhatsApp and its agents, as well as King & Spalding, from disclosing any information related to that litigation to anyone other than the parties or their counsel." *Id*. at 2. The Court denied Plaintiff's request for a limited protective order, stating "King & Spalding is already prohibited from disclosing any information related to the other federal litigation, which is the same information sealed in this matter." ECF No. 68, pg. 2. K&S is subject to keeping the information from the Sealed Matter confidential pursuant to the sealing order. K&S's request to file redacted material under seal related to the

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 4 -

KING & SPALDING LLP'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
4:19-cv-07123-PJH

Sealed Matter is on all fours with WhatsApp's granted administrative motion and should likewise be granted. ECF 67.

### B. K&S Seeks to File Attorney-Client Privileged Documents Under Seal

K&S also seeks to seal documents in the Sealed Matter that, as to third parties, remain protected by attorney-client privilege. Under Cal. Evidence Code §958 and CCP §2018.080, there is no privilege or work product protection as between K&S and WhatsApp with regard to the information and exhibits submitted; however, the documents and information remain privileged as to third parties. *Acacia Patent Acquisition, LLC v. Superior Court*, 234 Cal. App. 4th 1091, 1098 (2015) . To ensure no third parties obtain access to these documents and to maintain their privileged status, K&S seeks sealing.

### IV. CONCLUSION

Redacted and unredacted versions of the documents sought to be filed under seal are attached pursuant to Civil Local Rule 79-5(d) and (e).  For the reasons set forth above, Defendants respectfully request that the Court grant this motion and seal the designated material.

Dated:  May 29, 2020.                              LONG & LEVIT LLP


By:   */s/ Jessica R. MacGregor*
      JESSICA R. MACGREGOR
      Specially Appearing For
      KING & SPALDING LLP

4852-3722-9502, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 5 -

KING & SPALDING LLP'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
4:19-cv-07123-PJH