JOSEPH P. MCMONIGLE, Bar No. 66811
JESSICA R. MACGREGOR, Bar No. 168777
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:  (415) 397-2222
Facsimile:  (415) 397-6392
Email:  jmcmonigle@longlevit.com
jmacgregor@longlevit.com

Specially Appearing For Third Party
KING & SPALDING LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF OPPOSITION TO WHATSAPP'S MOTION TO DISQUALIFY DEFENSE COUNSEL BASED ON PRIOR REPRESENTATION IN A SEALED MATTER**<br><br>Date:    June ___, 2020<br>Time:    9:00 a.m.<br>Courtroom:  3, Third Floor<br>Judge:   Hon. Phyllis J. Hamilton |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

JOSEPH P. MCMONIGLE, Bar No. 66811
JESSICA R. MACGREGOR, Bar No. 168777
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California  94104
Telephone:      (415) 397-2222
Facsimile:       (415) 397-6392
Email:            jmcmonigle@longlevit.com
                      jmacgregor@longlevit.com

Specially Appearing For Third Party
KING & SPALDING LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF OPPOSITION TO WHATSAPP'S MOTION TO DISQUALIFY DEFENSE COUNSEL BASED ON PRIOR REPRESENTATION IN A SEALED MATTER**<br><br>Date:            June ___, 2020<br>Time:           9:00 a.m.<br>Courtroom:  3, Third Floor<br>Judge:          Hon. Phyllis J. Hamilton |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the State Bar of California and the bar of this Court.  I am a partner in the law firm King & Spalding LLP ("K&S" or the "firm").  I submit this declaration in support of K&S's Opposition to WhatsApp's Motion to Disqualify Defense Counsel Based on Prior Representation.  I am over 18 years old, and I have personal knowledge of the facts in this declaration.  If called to testify, I could and would competently testify to these facts.

2. I joined K&S as a partner on April 3, 2017.  I have practiced law for more than 20 years, after having graduated from Loyola Law School, *magna cum laude*, in May 1998.  I was admitted to practice in California in December 1998, when I was a law clerk to the late Honorable

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

1  Harry Pregerson, Circuit Judge of the United States Court of Appeals for the Ninth Circuit.  After
2  my one-year clerkship with Judge Pregerson, I went to work for the business litigation firm then
3  known as Quinn Emanuel Urquhart Oliver & Hedges LLP as a business litigator and trial lawyer.
4  I practiced before all levels of federal and California courts in matters involving, *inter alia*,
5  business disputes and regulatory investigations and enforcement actions.  After more than six
6  years at Quinn Emanuel, I entered on duty as an Assistant United States Attorney ("AUSA") for
7  the Central District of California, a position in which I served for seven and a half years.  As an
8  AUSA, I investigated and prosecuted complicated fraud and financial crimes, political and law
9  enforcement corruption, racketeering, and various other violations of federal law.  Since resigning
10 my appointment as an AUSA in March 2013, I have been a partner in three law firms, including
11 K&S.

12      3.      I am a partner in the firm's Trial and Global Disputes practice group.  Over the
13 course of my career, I have been lead counsel or co-lead counsel in more than 30 jury trials, court
14 trials, arbitrations, and international arbitrations, including approximately 20 jury trials.  I am
15 Defendants' lead litigation and trial counsel in the above-captioned action (the "NSO Litigation").

16      4.      On January 21, 2020, I flew from Los Angeles to Washington, D.C., to meet with
17 NSO's General Counsel, Shmuel Sunray.  I met with Mr. Sunray on January 22 and 23, 2020.
18 NSO signed an engagement agreement with K&S on Sunday, February 2, 2020.

19      5.      The next day, Monday, February 3, 2020, I reached out to counsel for Plaintiffs.
20 Unsure who was Plaintiffs' lead counsel, I left messages for both the Cooley LLP partners whose
21 names appear on the complaint, Travis LeBlanc and Daniel Grooms.[1]

22      6.      I ultimately connected with Plaintiffs' counsel late in the day on February 3, 2020,
23 when my call was returned by Joseph Mornin, a Cooley LLP lawyer whose name also appears on
24 the complaint.  I introduced myself and stated that King & Spalding would represent Defendants
25 in this action.  I also stated that service had yet to be completed, but asked counsel to agree to a

---

[1] Travis LeBlanc has informed me that he is Plaintiffs' lead counsel and, after Cooley LLP attorney Michael Rhodes appeared in this action on March 12, 2020, that he is co-lead counsel for Plaintiffs.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 2 -   DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

1  briefing schedule for a motion to dismiss the complaint.[2]  Given the refusal of Plaintiffs' counsel
2  to agree to a briefing schedule for a motion to dismiss, I and other lawyers in K&S's litigation
3  team began preparing NSO's motion to dismiss on February 5, 2020.

4      7.  On February 6, 2020, on behalf of Plaintiffs, Mr. Mornin, filed with the Court a
5  case management statement and a declaration. (Dkt. Nos. 18, 18-1). In his filings, Mr. Mornin
6  informed the Court he had spoken with me on February 3 and 4, and that I informed him K&S
7  represents Defendants in this action. I understand that Mr. LeBlanc made similar statements to
8  Magistrate Judge Corley at a case management conference held February 13, 2020, prior to the
9  completion of service and Defendants' appearance in the case.

10      8.  On February 27, 2020, Plaintiffs filed an application for default (Dkt. No. 20),
11  based on the incorrect assertion that Plaintiffs had completed service on Defendants on December
12  17, 2019 (Dkt. No. 20 at 2). The Clerk entered default against Defendants on March 2, 2020.
13  (Dkt. No. 22.)

14      9.  I filed my Notice of Appearance in this action on March 6, 2020 (Dkt. No. 23), in
15  connection with Defendants' Application to set aside Default and to Enlarge Time to File
16  Responsive Pleading (Dkt. No. 24). In the Application, Defendants requested that their time to
17  respond to the complaint be extended to be 120 days following the setting aside of default.

18      10.  On March 12, Mr. Rhodes filed his Notice of Appearance on behalf of Plaintiffs.
19  (Dkt. No. 30.) Given that he listed himself first among the five lawyers whose names appear on
20  that Notice, I assumed Mr. Rhodes was now Plaintiffs' lead counsel. On March 17, 2020, I
21  reached out to Mr. Rhodes to introduce myself and discuss a briefing schedule for a motion to
22  dismiss the complaint. Mr. Rhodes wrote me back, informing me he was busy and asked to call
23  me the following day, March 18, 2020.

24      11.  Mr. Rhodes did not call me on March 18, 2020, but around noon that day, Mr.
25  LeBlanc emailed me a letter asserting for the first time that K&S had a conflict of interest that

---

[2] I had a similar conversation with additional Cooley lawyers on February 4, 2020, and I had the same conversation with Daniel Grooms on February 11, 2020, and again on February 17, 2020. At no time did Plaintiffs ever agree to a briefing schedule on NSO's motion to dismiss.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 3 -   DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

prevented the firm from representing NSO in this action and demanding that the firm withdraw from representing Defendants. At no time in the six weeks and two days since I had first reached out to Plaintiffs' counsel on February 3, 2020, had Mr. LeBlanc (or any of Plaintiffs' other lawyers) made any mention of any asserted conflict of interest that prevented K&S from representing Defendants.

12. The following Monday, March 23, 2020, I reached out to Mr. Rhodes again. Mr. Rhodes and I exchanged pleasantries, and he informed me that he would be Plaintiffs' lead counsel in this action. I told Mr. Rhodes Defendants intended to move to dismiss the complaint, and that I believed the parties should agree to more time than the 21 days provided by Rule 12(a), given the complexity of the matter (particularly the aspects of the case related to foreign sovereigns), the fact that the ongoing global pandemic made it impossible to meet with Defendants and complicated the ability to have any discussion with any foreign sovereigns, among other reasons justifying a continuance of the deadline for Defendants to respond to the complaint. As an example of one additional such issue, I explained that a stipulated briefing schedule would avoid the possible scenario of Defendants being subject to a new default at the instant the then-existing default was set aside. Mr. Rhodes informed me that "a week or two would be no problem," but he wanted to review case-related documents and would call me back March 24 or 25, 2020.[3]

13. Mr. Rhodes did not call me back and instead emailed me on the morning of March 25, 2020. Mr. Rhodes wrote that Plaintiffs would "not engage" on Defendants' request for an enlarged briefing schedule until K&S took a definitive position on whether it would agree to withdraw from representing Defendants. Mr. Rhodes wrote that he understood Mr. LeBlanc was discussing that matter with Mr. Thornton on Friday, March 27, 2020. Mr. Rhodes closed with "Once we know you firm's position, we can then discuss how to modify the current schedule."

14. On March 25, 2020, the Court granted Defendants' motion to set aside default.

---

[3] Mr. Rhodes also mentioned Plaintiffs' threat to move to disqualify K&S. I informed Mr. Rhodes I understood the firm's General Counsel, Robert Thornton, was discussing that matter with Mr. LeBlanc and that I was purposefully not involved in those discussions.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 4 -

DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

(Dkt. No. 41.) In so doing, the Court found that service of the complaint was completed on March 12, 2020, and that Defendants' deadline to respond to the complaint was therefore April 2, 2020. The Court denied Defendants' request to extend Defendants' time to respond to the complaint, but stated it would entertain a stipulation by the parties enlarging Defendants' time to respond to the complaint. (Dkt. No. 41 at 3.)

15. On March 28, 2020, I emailed Mr. Rhodes and Mr. LeBlanc, following up on my request that the parties stipulate to an enlarged briefing schedule on Defendants' motion to dismiss the complaint and Mr. Rhodes' request that we "engage" on that issue only after Mr. LeBlanc spoke with Mr. Thornton on March 27, 2020.

16. On March 29, 2020, Mr. Rhodes responded to my email, stating that Plaintiff's "wanted to first receive your firm's definitive position" on whether K&S would withdraw from representing Defendants. Apparently having learned from Mr. LeBlanc that Mr. Thornton had informed Mr. LeBlanc that K&S did not agree any asserted conflict prevented it from representing Defendants, and that K&S has refused Mr. LeBlanc's demand that it withdraw from the case, Mr. Rhodes wrote that I "should plan to respond in the timeframe established by the Court's order," i.e., by April 2.

17. On March 30, 2020, I responded to Mr. Rhodes, among other things:

> Even though we do not agree that the two matters are substantially related or that whatever information K&S may have obtained in the prior matter is material to the current case, [Mr. Thornton] offered to resolve your client's concerns by an ethical screen and a representation that no confidential client information from the prior matter has been or will be shared with any of us working on the current matter. We had hoped that proposal would have been sufficient for your client, given the obvious absence of any prejudice to WhatsApp from a team of lawyers who had no involvement in the earlier matter and no access to any information about it.
>
> But in any event, I understand that despite our conversation last Monday [during which he told me that "a week or two would be no problem"], your client does not agree to any modification of the current case schedule.

18. On March 31, 2020, I called Mr. Rhodes. I told him that, should WhatsApp intend to file a motion to disqualify K&S, the parties should stipulate to enlarge the period of time

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 5 -   DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

within which Defendants could respond to the complaint. As Mr. Rhodes and I discussed, a motion to disqualify—if made and granted—would require Defendants to engage replacement counsel who might have different ideas about a litigation strategy for the matter. In order to minimize any potential prejudice to Defendants, I requested that the parties prioritize a motion to disqualify over a motion to dismiss and enlarge the time for Defendants to respond to the complaint until after Plaintiffs decided whether they would file a motion to disqualify and have any such motion determined and, if it were successful, for replacement counsel to be engaged. Mr. Rhodes indicated that Plaintiffs refused any adjustment of the time within which Defendants could respond to the complaint.

19. I followed up my call to Mr. Rhodes with an email message:

> Mike, thanks for taking the call.
>
> As I mentioned, we have discussed with NSO the fact that Facebook, through its counsel, has threatened to file a disqualification motion against K&S. (I understand that Travis [LeBlanc] spoke with Bob Thornton, and that Bob informed him we do not intend to withdraw.) NSO would like to have any disqualification motion litigated and decided before it is required to respond to the complaint, for the obvious reason that, should your motion be granted, NSO will be required to engage new counsel who may have different litigation strategy.
>
> So, the request is to stipulate to a continuance of the Rule 12(a)(1)(i) deadline a sufficient amount of time to allow any motion for disqualification you intend to bring to briefed and decided. It seems that a continuance of 60 days would be appropriate, with a longer period that would apply if NSO is required to engage new counsel.
>
> Thank you for your attention to this matter. Even if you are unable to get a response from your client tonight, please let me know [b]y 10 a.m. tomorrow, as we would need to file a stipulation with the Court. Thanks.

The next day, April 1, 2020, Mr. Rhodes responded to my email, again stating that Plaintiffs would not agree to any modification of the case schedule.

20. The following day, April 2, 2020, I filed Defendants' motion to dismiss the complaint.[4] On April 10, 2020, eight days after I filed Defendants' motion to dismiss, WhatsApp

---

[4] Four days later, on April 6, 2020, I had one of the more ironic experiences of my legal career. Around midday, Mr. LeBlanc emailed me asking if I was "available for a brief call" that

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 6 -   DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

1  began litigating a motion to disqualify K&S by filing an administrative motion to file it under
2  seal.

3      21.    As of May 22, 2020, K&S has recorded 1335.3 hours working on the NSO
4  Litigation per our billing system.

5      22.    It is my understanding that in 2015-2016, before I came to K&S, the firm
6  represented WhatsApp in a ███████████████████████████████████
7  ███████████████████████████████████ ("the Sealed Matter").  I have had no
8  knowledge of, or involvement in, the Sealed Matter since joining K&S.  I understand the lead
9  lawyers in the Sealed Matter were Christopher Wray and Cathy O'Neil, and that two other
10 attorneys also recorded time on the case, Nick Oldham and Paul Mezzina.  I never discussed any
11 aspect of the Sealed Matter with any of them.

12      23.    I have only ever had one brief telephone conversation with Mr. Wray, at or about
13 the time I joined King & Spalding in April 2017.  Our conversation lasted less than ten minutes
14 and, apart from some small talk, related exclusively to a criminal antitrust investigation of a client
15 in the international shipping industry.  I know from press reports I read at the time that Mr. Wray
16 was shortly thereafter nominated to become Director of the Federal Bureau of Investigation.  Mr.
17 Wray was confirmed by the Senate and left the firm on or about August 1, 2017.

18      24.    I never met or spoke with Ms. O'Neil before she passed away in October 2017,
19 and I understand she had been on leave from the firm since well before I joined in April 2017.

20      25.    I have never met or spoke with Mr. Oldham.  I understand he left the firm several
21 years ago.

22      26.    I have only ever had one conversation with Mr. Mezzina.  It lasted less than five

---

afternoon.  He did not indicate what he wanted to discuss.  I replied that I could speak with him around 5:30 or 6:00 p.m., and he indicated he would provide a dial-in number.  When I dialed in to the number provided, Mr. LeBlanc was not on the line; another Cooley lawyer named Bethany Lobo, was.  Prior to that moment, I had did not know Ms. Lobo or of her involvement in this action.  Ms. Lobo proceeded to request additional time for Plaintiffs to oppose Defendants' motion to dismiss the complaint.  In spite of Plaintiffs' refusal to agree to any enlargement of the time for Defendants to respond to the complaint, I agreed to Ms. Lobo's request for courtesy, and the parties ultimately agreed to seek a one-week extension, providing Plaintiffs until April 27 to file an opposition to Defendants' motion to dismiss.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 7 -   DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH

1 | January 2020, following a clerkship with the Honorable Neil Gorsuch, Associate Justice of the
2 | Supreme Court of the United States.  There was no mention of the Sealed Matter.

27. ███████████████████████████████████████████████████████, I had no involvement with, or knowledge of, the Sealed Matter.  My duties never required any dealing with the ███████████████ ███ the Sealed Matter, and I never had any conversation with ███████████████████████████████████████████████.

28. I have not accessed or reviewed any K&S's files or emails from the Sealed Matter.  I have been informed that I do not have access to any such materials from the Sealed Matter and instructed that I should not even attempt to access them.  As indicated above, I have not had any discussions with Paul Mezzina or any other person about any confidential information the Firm may have received in the Sealed Matter, and I have been instructed not to do so.  I intend to abide by all of these instructions.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed this 26th day of May, 2020, at Los Angeles, California.

_____
JOSEPH N. AKROTIRIANAKIS

4844-6746-1565, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

- 8 -

DECLARATION OF JOSEPH N. AKROTIRIANAKIS
4:19-cv-07123-PJH