COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
JOSEPH MORNIN (307766)
(jmornin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (admitted *pro hac vice*)
(dgrooms@cooley.com)
ELIZABETH B. PRELOGAR (262026)
(eprelogar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

O'MELVENY & MYERS LLP
MICHAEL R. DREEBEN (D.C. Bar No. 370586) (admitted *pro hac vice*)
(mdreeben@omm.com)
1625 I Street NW
Washington, D.C. 20006
Telephone: (202) 383-5300

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendant. | Case No. 4:19-cv-07123-PJH<br><br>**WHATSAPP'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS RELATED TO REPLY BRIEF ISO MOTION TO DISQUALIFY**<br><br>Date: June 24, 2020<br>Time: 2:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Phyllis J. Hamilton |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), Plaintiff WhatsApp Inc. ("WhatsApp") submits this administrative motion to file under seal limited portions of its Reply Brief in support of its Motion to Disqualify Defense Counsel and related documents. WhatsApp does not request sealing of the vast majority of the text of these documents. Instead, WhatsApp seeks sealing only of text that would disclose material that another court sealed in connection with an ongoing case, which that court ordered WhatsApp not to disclose, as well as material that discloses information covered by the attorney-client privilege and work product doctrines. Because the proposed redactions are both justified and "narrowly tailored to seek sealing only of sealable material," Civil L.R. 79-5(b), the Court should grant WhatsApp's Motion To Seal designated portions of: (1) WhatsApp's Reply Brief in support of its Motion to Disqualify Defense Counsel Based on Prior Representation; (2) the Declaration of Daniel J. Grooms (June 5, 2020) in support of WhatsApp's Motion to Seal its Reply Brief (the "Grooms Declaration" or the "Grooms Decl."); and (3) the June 5, 2020, Proof of Service.

I. **BACKGROUND**

WhatsApp's Motion to Disqualify Defense Counsel contends that King & Spalding LLP, current counsel to Defendants in this case, should be disqualified because of its prior representation of WhatsApp in another matter (the "Prior Matter"). The Prior Matter—to which the Motion to Disqualify and accompanying documents refer—is both sealed and related to an ongoing case. *See* Grooms Decl. ¶¶ 2, 4. Accordingly, WhatsApp moved to file its Motion to Disqualify and related materials entirely under seal on April 10, 2020, *see* ECF No. 47, and it submitted more tailored redactions of information it sought to seal in those documents again on April 29, 2020, and May 1, 2020, *see* ECF Nos. 59 & 63. On April 29, 2020, and May 1, 2020, the Government also submitted declarations pursuant to Rule 79-5(e) in support of the redactions proposed by WhatsApp and proposed additional redactions. *See* ECF Nos. 60 & 65. On May 6, 2020, the Court issued an order sealing the information identified by both WhatsApp and the Government in their April 29 and May 1 filings. *See* ECF No. 67.

On May 29, 2020, King & Spalding filed its Opposition to WhatsApp's Motion to Disqualify (the "Opposition") partially under seal. *See* ECF No. 79. The Opposition attaches and summarizes information subject to the attorney-client privilege. *See id.*

## II. LEGAL STANDARD

A party seeking to seal judicial records must establish that "the document, or portions thereof, are privileged . . . or otherwise entitled to protection under the law . . . ." Civil L.R. 79-5(b). The moving party must submit an administrative motion to file under seal, accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable" and "[a] proposed order that is narrowly tailored to seal only the sealable material . . . ." Civil L.R. 79-5(d)(1)(A)–(B). In addition, a non-party designating information as confidential must file a declaration "establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1).

This Court has distinguished between sealing of matters that are "more than tangentially related to the underlying cause of action" and those that are not. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016). While "specific compelling reasons" are required to justify redactions from merits-related motions, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1183-84 (9th Cir. 2006), for matters unrelated to the underlying merits, a showing of "good cause" is sufficient, *Ctr. for Auto Safety*, 809 F.3d at 1097. WhatsApp's motion to disqualify opposing counsel is a non-dispositive motion unrelated to the merits of the underlying causes of action. *See Citizens Dev. Corp. v. County of San Diego*, No. 3:12-cv-0334-GPC-KSC, 2015 WL 6510532, at *2 (S.D. Cal. Oct. 28, 2015) (applying good cause standard to motion to seal portions of motion to disqualify counsel); *Diablo Techs., Inc. v. Netlist, Inc.*, No. 13-cv-3901-YGR, 2014 WL 31467, at *1-3 (N.D. Cal. Jan. 3, 2014) (applying good cause standard to motion to seal private documents submitted in support of motion for sanctions, including disqualification of counsel); *Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Labs., Inc.*, No. 1:09-cv-0914-OWW-SKO, 2010 WL 2572858, at *2 (E. D. Cal. June 22, 2010) (applying good cause standard to motion to seal portions of motion to disqualify counsel). To establish good cause, a party must show that "specific prejudice or harm will result" absent sealing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

The existence of a sealing order in another case itself justifies sealing absent a judicial determination to unseal. *In re Granick*, 388 F. Supp. 3d 1107, 1119-20 (N.D. Cal. 2019); *see also* ECF No. 67. The attorney-client privilege and the work product doctrine are also "sufficient

justification[s] for sealing, even under the higher 'compelling reason' standard." *See, e.g., Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018) (collecting cases); Civil L.R. 79-5(b) (privilege is sufficient to justify a sealing request).

### III. ARGUMENT

As described in the Grooms Declaration, WhatsApp seeks to file under seal only those portions of its Motion to Disqualify and accompanying documents that would disclose matters covered by a sealing order entered in another court in connection with an ongoing case or that disclose information covered by the attorney-client privilege or work product doctrine.

***The Prior Matter:*** As this Court recognized, information that is already subject to judicial seal must be kept sealed absent a "judicial determination that the sealed materials that were filed pursuant to a sealing order may be unsealed . . . ." *In re Granick*, 388 F. Supp. 3d at 1119-20. As a general matter, a determination to unseal is for the sealing court to make in the first instance. *Valley Surgical Ctr. LLC v. County of Los Angeles*, No. CV 13-2265-DDP (AGRx), 2018 WL 6168029, at *3 (C.D. Cal. Mar. 16, 2018) (noting that "the court that issued the protective order decides whether the documents should be unsealed") (citing *Foltz*, 331 F.3d at 1130-31); *see* Grooms Decl. ¶ 5 (court sealing order provides that matters remain sealed until otherwise ordered by the court). Here, no unsealing order has been entered by a judge in the district court overseeing the Prior Matter, which is the court best situated to evaluate good cause for any unsealing. Under those circumstances, WhatsApp has met its burden to establish good cause for redacting such information in accordance with another court's sealing order.

As detailed in the Grooms Declaration, WhatsApp's requested redactions related to the Prior Matter are "narrowly tailored" to comply with the sealing order in the Prior Matter. Civil L.R. 79-5(b). WhatsApp seeks to redact only references to information that is subject to the sealing order in the Prior Matter, *see* Grooms Decl. ¶ 6, which the Court recognized was sealable in its May 6, 2020, order, *see* ECF No. 67. Accordingly, WhatsApp's request accords with the presumptive common law right of access to judicial materials. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). WhatsApp has submitted redacted versions of the documents that it seeks to file under seal, as well as unredacted documents that indicate by highlighting the portions of the documents that

WhatsApp believes should be sealed. *See* Civil L.R. 79-5(d)(1)(C)–(D). WhatsApp has conferred with the Government regarding these redactions of information relating to the prior matter, and the Government has indicated it agrees with the redactions proposed by WhatsApp.

***Attorney Client Privilege and Work Product:*** Multiple courts have found both good cause and compelling reasons to seal information that is covered by the attorney-client privilege or the work product doctrine. *See, e.g.*, *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (affirming sealing decision where documents included "material protected by the attorney-client privilege and the work product doctrine"); *Qualcomm Inc.*, 2018 WL 2317835, at *6 (collecting cases); *see also* Local Rule 79-5(b).

As detailed in the Grooms Declaration, the relevant redactions requested by WhatsApp are "narrowly tailored" to encompass privileged information or work product from King & Spalding's prior representation of WhatsApp. Civil L.R. 79-5(b). WhatsApp seeks to redact only references to information that is covered by the attorney-client privilege or the work product doctrine. *See* Grooms Decl. ¶ 8. Accordingly, WhatsApp's request accords with the presumptive common law right of access to judicial materials. *See Nixon*, 435 U.S. at 597-98. WhatsApp has submitted redacted versions of the documents that it seeks to file under seal, as well as unredacted documents that indicate by highlighting the portions of the documents that WhatsApp believes should be sealed. *See* Civil L.R. 79-5(d)(1)(C)–(D).

## CONCLUSION

For the reasons set forth above and in the Grooms Declaration, WhatsApp respectfully requests that the Court grant this Administrative Motion and seal the designated material in WhatsApp's Reply Brief in support of its Motion to Disqualify and the supporting documents.

| | |
|---|---|
| Dated: June 5, 2020 | Respectfully submitted,<br><br>/s/ *Michael G. Rhodes*<br>Michael G. Rhodes<br><br>Travis LeBlanc<br>Daniel J. Grooms<br>Elizabeth B. Prelogar<br>Kyle C. Wong<br>Joseph D. Mornin<br>COOLEY LLP<br><br>Michael R. Dreeben<br>O'MELVENY & MYERS LLP<br><br>Attorneys for Plaintiffs<br>WHATSAPP INC. and FACEBOOK, INC |