# LeBlanc Declaration Exhibit C

| | |
|---|---|
| **From:** | Rhodes, Michael |
| **Sent:** | Wednesday, April 1, 2020 1:19 PM |
| **To:** | Akrotirianakis, Joe |
| **Cc:** | LeBlanc, Travis; Craig, Aaron |
| **Subject:** | RE: Facebook v. NSO |

Joe, WhatsApp is still awaiting a complete accounting, and full return, of all files pertaining to King & Spalding's representation of WhatsApp. Those materials will help inform the ultimate decision as to whether and when to file a motion to disqualify. As such, this process needs to be completed no later than close of business on April 3. We have been asking for these materials for some time (via our March 18 letter and Travis' communications to Bob Thornton). You have known about WhatsApp's concerns about King & Spalding's representation for weeks. And, you have been on the case since (per our call of last week) at least January 22. We understand that, based on the many prior requests for extensions of time, your clients want to delay the case again. The potential of a motion to disqualify is not a proper basis for delay at this stage (particularly where, as noted above, you and your client have been aware of this issue, chosen to proceed, and we have yet to receive the client files in your firm's possession that we have asked to see before making a final decision on any such disqualification motion). Accordingly, WhatsApp is not willing to further extend the deadline for defendants to respond to the complaint.

Mike

**Michael G. Rhodes**
Cooley LLP / San Francisco
Land: (415) 693-2181 • Mobile: (858) 205-3734
Bio: www.cooley.com/rhodesmg

---

From: Akrotirianakis, Joe <JAkro@KSLAW.com>
Sent: Tuesday, March 31, 2020 4:37 PM
To: Rhodes, Michael <RHODESMG@cooley.com>
Cc: LeBlanc, Travis <tleblanc@cooley.com>; Craig, Aaron <ACraig@KSLAW.com>
Subject: RE: Facebook v. NSO

[External]

---

Mike, thanks for taking the call.

As I mentioned, we have discussed with NSO the fact that Facebook, through its counsel, has threatened to file a disqualification motion against K&S. (I understand that Travis spoke with Bob Thornton, and that Bob informed him we do not intend to withdraw.) NSO would like to have any disqualification motion litigated and decided before it is required to respond to the complaint, for the obvious reason that, should your motion be granted, NSO will be required to engage new counsel who may have different litigation strategy.

So, the request is to stipulate to a continuance of the Rule 12(a)(1)(i) deadline a sufficient amount of time to allow any motion for disqualification you intend to bring to briefed and decided.  It seems that a continuance of 60 days would be appropriate, with a longer period that would apply if NSO is required to engage new counsel.

Thank you for your attention to this matter.  Even if you are unable to get a response from your client tonight, please let me know my 10 a.m. tomorrow, as we would need to file a stipulation with the Court.  Thanks.

Joe

___

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com

---

**From:** Rhodes, Michael <RHODESMG@cooley.com>
**Sent:** Sunday, March 29, 2020 7:24 PM
**To:** Akrotirianakis, Joe <JAkro@KSLAW.com>
**Cc:** LeBlanc, Travis <tleblanc@cooley.com>
**Subject:** RE: Facebook v. NSO

**\*\*External Sender\*\***
Joe, as I indicated in my email below following up on our phone call, we wanted to first receive your firm's definitive position on WhatsApp's objection to your firm acting for defendants in the case before discussing any enlargement of the case schedule.  On Friday, Bob Thornton (your firm's GC) floated with Travis the idea of an ethical screen, but we do not agree that an ethical screen will suffice.  Indeed, this past week, we received from our client a number of communications between King & Spalding and WhatsApp which indicate that withdrawal/disqualification is the appropriate remedy here.  In light of the Court's order denying your motion to enlarge the time to respond and your firm's apparent decision to stay in the case (plus the fact that your firm was evidently retained back in January), you should plan to respond in the timeframe established by the Court's order.  Best, Mike

# Michael G. Rhodes
Cooley LLP / San Francisco
Land: (415) 693-2181 • Mobile: (858) 205-3734
Bio: www.cooley.com/rhodesmg

---

**From:** Akrotirianakis, Joe <JAkro@KSLAW.com>
**Sent:** Saturday, March 28, 2020 12:28 PM
**To:** Rhodes, Michael <RHODESMG@cooley.com>
**Cc:** LeBlanc, Travis <tleblanc@cooley.com>
**Subject:** RE: Facebook v. NSO

**[External]**

Mike, where are we on the issue of modification of the schedule?  Joe

___

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com

**From:** Rhodes, Michael <RHODESMG@cooley.com>
**Sent:** Wednesday, March 25, 2020 6:55 AM
**To:** Akrotirianakis, Joe <JAkro@KSLAW.com>
**Cc:** LeBlanc, Travis <tleblanc@cooley.com>
**Subject:** Facebook v. NSO

**External Sender**
Joe, thanks for reaching out Monday to discuss the case and the timing of your client's response to the complaint. As I said I would do, I have now reviewed the pending motion briefs on your request for an enlargement and the communications pertaining to the potential DQ issue with your firm and conferred with the team here. I think it would be best for us to receive your firm's definitive position on the DQ issue before we engage on the motion to enlarge. My understanding is that we are to hear on that front no later than Friday of this week. Once we know you firm's position, we can then discuss how to modify the current schedule. Stay safe, Mike

# Michael G. Rhodes
Cooley LLP / San Francisco
Land: (415) 693-2181 • Mobile: (858) 205-3734
Bio: www.cooley.com/rhodesmg

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.