JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>*[Filed Concurrently with Declaration of Joseph N. Akrotirianakis and [Proposed] Order]*<br><br>Date:    July 22, 2020<br>Time:   9:00 a.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 22, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") will bring on for hearing in before the Honorable Phyllis J. Hamilton, Chief Judge for the United States District Court for the Northern District of California, Oakland Division, Courtroom 3, this motion to stay discovery pending a final resolution of Defendants' motion to dismiss. In bringing this application, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction. Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities submitted herewith, the pleadings, papers and records on file in this case, and such oral argument as may be presented at any hearing.

DATED: June 16, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT SHOULD STAY DISCOVERY PENDING FINAL RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Plaintiffs urge this Court to subject an Israeli company to burdensome discovery, costly litigation, and existential liability for exporting a technology product regulated under Israeli law to foreign governments in foreign countries to use, in accordance with their own laws, to obtain information about their own foreign citizens outside the United States, and where those foreign governments independently determined the information was necessary to investigate and prevent crime and terrorism. Recognizing the need to resolve the motion to dismiss (Dkt. No. 78) before proceeding, this Court already postponed the initial case management conference until it resolves Defendants' contentions that the Court lacks subject-matter jurisdiction of the case and personal jurisdiction over the defendants. (Dkt. No. 45 at 8–11, Dkt. No. 62 at 9–11; Dkt. No. 45 at 11–18, Dkt. No. 62 at 2–9.) Without a stay of discovery, however, NSO will be requested to disclose to Facebook not only confidential business information about its proprietary technology, but also information about national-security operations subject to regulations governing classified information under both Israeli law and that of NSO's sovereign clients. Facebook is a global behemoth that can devote unlimited resources to acquire or destroy anyone who challenges its relentless quest to secure an extravagantly lucrative monopoly over personal communications worldwide, while expressly providing a safe space for criminals and terrorists to communicate and intentionally depriving lawful governments of the ability to protect their citizens. This Court should not allow Facebook to employ judicial tools in pursuit of its strategic commercial goals.

Plaintiffs have served several third-party subpoenas a first set of document requests. But discovery is not appropriate until this Court—and, if necessary, the Ninth Circuit—resolves the motion to dismiss. Moreover, if discovery proceeds and the Court subsequently grants the motion to dismiss, the parties and Court will have incurred considerable unnecessary expenses; expenses that are meaningless to Facebook but significant to NSO and the Court. Accordingly, the Court should stay discovery until after the final resolution of the motion to dismiss.

### A. The Court Should Stay Discovery Because Defendants' Motion to Dismiss Is Based on Foreign Sovereign Immunity

A broad consensus exists in the Ninth Circuit and beyond that discovery should be stayed pending a motion to dismiss based on sovereign immunity because "[a] defendant asserting immunity should be free from all burdens of litigation." *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D. Cal. Feb. 26, 2013); *accord, e.g.*, *Magassa v. Wolf*, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020); *Christian*, 2016 WL 406340, at *1–2; *Grand Canyon Skywalk Dev. LLC v. Steele*, 2014 WL 60216, at *5 (D. Nev. Jan. 7, 2014); *Tobar v. United States*, 2008 WL 3863893, at *2–3 (S.D. Cal. Aug. 19, 2008); *Kling v. Hebert*, 2020 WL 760398, at *2 (M.D. La. Feb. 14, 2020); *New York ex rel. James v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020); *Geraci v. City of Austin*, 2019 WL 6050728, at *1–2 (W.D. Tex. Nov. 14, 2019); *Davis v. U.S. Army Reserve Through 321st Sustainment Brigade*, 2019 WL 5777387, at *1–3 (M.D. La. Nov. 5, 2019); *Clark v. Schwab*, 2019 WL 4670209, at *2 (D. Kan. Sept. 25, 2019); *Cook v. Taylor*, 2019 WL 1233853, at *1–2 (M.D. Ala. Mar. 15, 2019); *Gibbons v. McBride*, 2014 WL 5460593, at *3 (S.D. Ga. Oct. 27, 2014); *Doe v. Holy See*, 2014 WL 1329985, at *6–7 (E.D. La. Apr. 2, 2014); *Hwang v. Kan. St. Univ.*, 2012 WL 3292835, at *2 (D. Kan. Aug. 13, 2012); *Bragg v. United States*, 2010 WL 3835080, at *2 (S.D.W.V. Sept. 29, 2010). A stay of discovery is warranted because, if a party that asserts a defense of immunity from litigation based on the principle of foreign sovereign immunity is forced to participate in discovery before the claim is resolved, the party loses a primary benefit of the immunity.

Foreign sovereign immunity "is an immunity from suit rather than a mere defense to liability." *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358 (9th Cir. 1988). It includes "immunity from discovery." *Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1094 (9th Cir. 2018) (internal quotation marks omitted); *see Phaneuf v. Rep. of Indonesia*, 106 F.3d 302, 305 (9th Cir. 1997) (holding that district court erred by deferring ruling on foreign sovereign immunity until after discovery); *Christian v. Commonwealth of the N. Mariana Islands*, 2016 WL 406340, at *1 (D. N. Mar. Is. Feb. 2, 2016) (holding "sovereign immunity necessarily entails a privilege against discovery"). In the analogous context of qualified immunity, the Supreme Court held, "Until [the] threshold immunity question is resolved, discovery

1  should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). There is "no logical reason
2  why this rule should not apply where the defendant raises the defense of sovereign immunity."
3  *Liverman v. Comm. on the Judiciary, U.S. House of Reps.*, 51 F. App'x 825, 827–28 (10th Cir.
4  2002); *Sandoval v. United States*, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011).

5        This Court should reach the same conclusion. If Defendants are forced to engage in
6  discovery while their motion to dismiss is pending, they will "irretrievably lose the benefit of
7  [their] immunity." *Christian*, 2016 WL 406340, at *2. Indeed, the Court has already postponed the
8  initial case management conference pending its decision on the motion to dismiss. (Dkt. No. 78.)
9  The Court should take the same approach to discovery and impose a stay until it resolves the
10 motion to dismiss.

11       A stay is particularly appropriate here because Facebook is eager to obtain sensitive and
12 classified documents from NSO, which Facebook regards as a commercial adversary to be
13 annihilated because it stands in the way of Facebook's quest to profit by selling access to a forum
14 free from oversight by any government, with or without legal process. Facebook seeks the
15 identities of NSO's sovereign customers, its communications with those customers, and details
16 about those customers' use of NSO's proprietary technology, among other demands. (Declaration
17 of Joseph N. Akrotirianakis ("Akro. Decl.") Exh. A, Requests Nos. 19, 24, 25.) After a review of
18 these requests, NSO has identified that they include requests for information that is either
19 confidential or detrimental to the national security of the State of Israel. As such, NSO has notified
20 the State of Israel of the discovery requests and is currently reviewing its legal obligations to
21 protect such information from disclosure. The State of Israel is also considering its position with
22 respect to the requests.  If NSO is ever required to produce such sensitive national-security
23 information, it should not before this Court resolves its foreign sovereign immunity defense.

24     **B.**    **Good Cause Exists to Stay Discovery Independent of Foreign Sovereign Immunity**

25       Even if NSO's sovereign immunity defense were not sufficient alone to justify a stay, good
26 cause still exists for this Court to exercise its authority "to stay discovery pending disposition of
27 the motion[] to dismiss." *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th
28

Cir. 1993). Courts in this Circuit typically apply a two-part test to determine whether to stay discovery: "First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." *United States ex rel. Howard v. Shoshone Paiute Tribes*, 2012 WL 2327676, at *3 (D. Nev. June 19, 2012).

Both parts of the test are satisfied here. First, NSO's motion is potentially dispositive of the entire case. If the Court agrees that Defendants are immune or that the Court lacks personal jurisdiction, it must dismiss the entire case. "Dispositive motions that raise issues of jurisdiction . . . or immunity are common situations where a court might stay discovery …." *United States ex rel. Howard v. Shoshone Paiute Tribes*, 2012 WL 2327676, at *1 (D. Nev. June 19, 2012). That is because, in the absence of a stay, considerable time and expense would be wasted on discovery if the Court were to ultimately dismiss the case. *Cook*, 2019 WL 1233853, at *1.

Second, the motions to dismiss can be decided without additional discovery. Plaintiffs' opposition to Defendants' sovereign immunity claim rests largely on the legal argument that "[n]o 'derivative sovereign immunity' exists." (Dkt. No. 55 at 4.) To the extent that factual issues are relevant, Defendants have introduced evidence supporting their defenses, while Plaintiffs have not satisfied their burden at the pleading stage to counter Defendants' evidence. (Dkt. No. 62 at 1.) Unless Plaintiffs can satisfy that burden, they are not entitled to jurisdictional discovery.[1]

Moreover, the Court lacks personal jurisdiction even if all of Plaintiffs' allegations about Defendants' conduct are true. (Dkt. No. 62 at 4–8.) The question is a matter of law that requires no additional discovery. *See Eclipse Grp. LLP v. Target Corp.*, 2016 WL 8395077, at *7 (S.D. Cal. May 26, 2016) (distinguishing "facial" and "factual" challenges to personal jurisdiction). Plaintiffs have not identified any potential discovery that could subject Defendants to personal

---

[1] Plaintiffs have suggested that Defendants cannot be held to be immune without discovery. (Dkt. No. 55. at 8.) That is wrong. (Dkt. No. 62 at 1; *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).) In any event, Plaintiffs' request for jurisdictional discovery is too broad and general to justify discovery in light of Defendants' "legitimate claim to immunity from discovery." *Packsys*, 899 F.3d at 1094 (internal quotation marks omitted).

jurisdiction. They request discovery only to support their speculation about Defendants' use of California-based servers and funding (Dkt. No. 55 at 19 n.13), but any use of such servers and funding would be inadequate *as a matter of law* to support personal jurisdiction (Dkt. No. 62 at 5–7). Any discovery into those topics would, therefore, be "futile." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070–71 (9th Cir. 2014).[2]

## II. CONCLUSION

For good cause shown, the Court should stay discovery until Defendants' motion to dismiss is finally resolved.

DATED: June 16, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

---

[2] If the Court determines that jurisdictional discovery is appropriate, it should stay all other discovery. *Liberty Media Holdings, LLC v. Letyagin*, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012). And because of Defendants' sovereign immunity defense, any discovery must "be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Packsys*, 899 F.3d at 1094 (internal quotation marks omitted). Plaintiffs have not requested any jurisdictional discovery with specificity.