# EXHIBIT A

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
JOSEPH MORNIN (307766)
(jmornin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124)
(admitted *pro hac vice*)
(dgrooms@cooley.com)
ELIZABETH B. PRELOGAR (262026)
(eprelogar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendant. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Phyllis J. Hamilton<br>Dept.: Courtroom 3, 3rd Floor |

PROPOUNDING PARTIES:    Plaintiffs WhatsApp Inc. and Facebook, Inc.

RESPONDING PARTIES:    Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited.

To Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited:

PLEASE TAKE NOTICE that Plaintiffs WhatsApp Inc. and Facebook, Inc. hereby request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the DOCUMENTS and things described below, within thirty days from the date of service, in accordance with Rule 34 of the Federal Rules of Civil Procedure, and the definitions set forth below.

## I. DEFINITIONS.

Words in CAPITALS are defined as follows:

**1.** COMMUNICATION means any transmission of information or data of any kind from one PERSON or entity to another by any means, including in the form of facts, ideas, inquiries, or otherwise.

**2.** COMPLAINT refers to the complaint filed in the above-captioned case on October 29, 2019 (ECF No. 1).

**3.** A request to provide information CONCERNING something means relating to, referring to, describing, referencing, evidencing or constituting, in whole or in part, a stated subject matter.

**4.** DOCUMENT or DOCUMENTS means any documents, data, computer code, electronically stored information, or tangible things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

**5.** PERSON includes any natural person, business, partnership, association, or joint venture, governmental entity or agency, or any other cognizable entity.

**6.** NSO means NSO Group Technologies Limited and Q Cyber Technologies, as well as its officers, directors, employees, subsidiaries, corporate parents, affiliates, agents, and representatives.

**7.** WHATSAPP ACCOUNTS refers to WhatsApp accounts created, used, or accessed by NSO employees or on the behalf of NSO or on behalf of an NSO customer.

**8.** NSO CUSTOMER means any PERSON who used NSO SPYWARE, entered a contract

with NSO to use NSO SPYWARE, a reseller, or PERSON on whose behalf NSO deployed or used NSO SPYWARE.

9. NSO SPYWARE means any computer code, program, malware, exploit, and/or remote access tool that enabled or was designed to enable any form of access to a mobile phone or device, its operating system or application, including but not limited to PEGASUS and Phantom and any similar software developed, marketed, sold, distributed, operated, maintained, or used by NSO or NSO CUSTOMERS.

10. TECHNOLOGY includes but is not limited to computer code, source code, computer program, software, EXPLOITS, malware, binaries, executables, physical or virtual servers, Internet Protocol addresses of those servers, web logs, server logs, activity logs, captured network traffic, computer hardware or software, communication infrastructure and protocols.

11. PEGASUS means the "Cyber Intelligence Solution," described in Exhibit 10 of the COMPLAINT.

12. An EXPLOIT refers to any piece of software, data, or sequence of commands that takes advantage of a bug or vulnerability in an application or a system to cause unauthorized, unintended, or unanticipated behavior to occur.

13. TARGET DEVICES refers to computers and servers, including but not limited to mobile phones or devices, that NSO or its customers targeted, transmitted, routed, or installed with any NSO SPYWARE, including but not limited to the 1,400 Target Users who are referenced in the COMPLAINT.

14. TARGET USERS refers to the users of the TARGET DEVICES.

15. WHATSAPP USERS refers to any WhatsApp user.

16. YOU, YOUR, or YOURS shall mean Defendants, solely or individually, and any other person acting or purporting to act on YOUR behalf, including without limitation any all and all officers, directors, employees, subsidiaries, corporate parents, agents, and representatives.

II. **INSTRUCTIONS.**

1. These requests for production are continuing in nature. YOU must supplement or amend YOUR responses to these requests pursuant to Rule 26(e) of the Federal Rules of Civil

Procedure.

**2.** If YOUR response to any of these document requests is qualified in any particular manner, set forth the details of such qualification.

**3.** If any DOCUMENT responsive to these requests is withheld under a claim of privilege, YOU must set forth in YOUR response to these requests a privilege log, which provides the information described in Federal Rule of Civil Procedure 26(b)(5).

**4.** If YOU object to part of a request, YOU must produce all DOCUMENTS called for which are not subject to that objection.

**5.** Similarly, wherever a DOCUMENT is not produced in full, please state with particularity the reasons it is not being produced in full.

**6.** If YOU object to a request's scope or time period, state YOUR objection and respond to the request for the scope or time period YOU believe is appropriate.

### III. DOCUMENTS AND THINGS TO BE PRODUCED.

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO responsible for developing, testing, deploying, using, distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO SPYWARE by third-parties, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp or Facebook application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook vulnerabilities, contracts for services by vendors, or analyst work product and reports.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the identification and analysis of WhatsApp vulnerabilities.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS against the mobile phone and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or section at NSO that assisted in creating, using, or accessing each of the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY used to transmit any data or information from any device containing or infected with any NSO SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT:  installation, data collection, data, transmission, presentation and analysis, and administration.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not limited to COMMUNICATIONS with the third-party providers from whom those servers were leased, and the locations of those servers.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to describe all of the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to identify all NSO CUSTOMERS referenced in Defendants' Opposition to the Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in any way.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to describe NSO's corporate structure, including all parents, subsidiaries, and affiliates.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and Facebook and the surveillance of Facebook and WhatsApp users.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS for calendar years 2014-2019.

Dated:  June 2, 2020                    COOLEY LLP

                                        /s/     *Travis LeBlanc*
                                        Travis LeBlanc
                                        Attorneys for Plaintiffs
                                        WhatsApp Inc. and Facebook, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2020, I caused copies of the foregoing document to be served on King & Spalding LLP, upon the following in the manner indicated:

*VIA ELECTRONIC MAIL*

*VIA FEDEX*

/s/ *Travis LeBlanc*

Travis LeBlanc
Attorneys for Plaintiffs
WhatsApp Inc. and Facebook, Inc.