JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO DISMISS PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF UNDER RULE 12(B)(1)**<br><br>*[Filed Concurrently with [Proposed] Order]*<br><br>Date:    July 29, 2020<br>Time:    9:00 a.m.<br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

**NOTICE OF MOTION**

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on July 29, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively, "NSO") will bring on for hearing before the Honorable Phyllis J. Hamilton, Chief Judge for the United States District Court for the Northern District of California, Oakland Division, Courtroom 3, located at 1301 Clay Street, Oakland, California, this motion to dismiss Plaintiffs WhatsApp Inc. and Facebook, Inc.'s request for injunctive relief under Fed. R. Civ. P. 12(b)(1).  In bringing this motion, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction.  Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

**STATEMENT OF RELIEF SOUGHT**

By this Motion, Defendants seek an Order dismissing Plaintiffs' request for injunctive relief on the basis that Plaintiffs lack standing to seek the injunctive relief described in the Complaint's Request for Relief (Dkt. No. 1 at 14 ¶ 2).

**POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For approximately 40 days in Spring 2019—from April 2019 to May 13, 2019—Plaintiffs allege that an NSO technology called Pegasus used a single vulnerability in WhatsApp's services to send messages to around 1,400 WhatsApp users.  And since May 13, 2019?  Nothing.  On that day, Plaintiffs closed the vulnerability they allege Pegasus exploited.

Consequently, there is no lawful basis for Plaintiffs to seek an injunction. Plaintiffs have not identified any other use of NSO's technology to send messages using WhatsApp.  As Plaintiffs' allegations admit and reveal, WhatsApp is once again secure, its users safe to send encrypted messages (and plan terrorist attacks, and exchange child pornography) without risk of detection by law enforcement and intelligence agencies.

So, even if Plaintiffs could succeed on their claims against NSO—though, as NSO argued

in its earlier motion to dismiss, they cannot—they may only recover for harms that occurred during the 40 days when Pegasus allegedly took advantage of WhatsApp's vulnerability. Those harms, Plaintiffs claim, were the cost of investigating and fixing WhatsApp's vulnerability, as well as damage to Plaintiffs' reputation and goodwill caused by the existence of the vulnerability. Plaintiffs have not put a price tag on those harms.[1] But the cost of fixing the vulnerability, whatever it was, would have been a drop in the bucket for Plaintiffs.[2] And Plaintiffs' reputational harms cannot have been too serious, as WhatsApp claims it has more than two billion users and is growing at a rate of a quarter billion users per year.[3] As founders of both Facebook and WhatsApp have admitted, moreover, the companies profit by obtaining and using private information about users.[4]

It is not surprising, then, that Plaintiffs are using allegations about 40 days of past misconduct as a stalking horse for what they really want: a permanent injunction, totally untethered from NSO's alleged conduct, designed to punish a company hated by certain of Plaintiffs' stakeholders and, perhaps, a perceived commercial adversary.

---

[1] Plaintiffs have refused to state the amount of their alleged damages despite the fact that the Court's Standing Order expressly requires that Plaintiffs do so in the parties' Joint Case Management Statement (Dkt. No. 76 at 11-12), and despite Defendants' request that Plaintiffs comply with that provision of the Standing Order. *See* Standing Order for All Judges of the Northern District Of California, Contents of Joint Case Management Statement ¶ 11 (requiring a statement of "the amount of any damages sought and a description of the bases on which damages are calculated.")

[2] That cost also was not caused by NSO's alleged actions. It was caused by the existence of the vulnerability itself, which Plaintiffs do not allege NSO caused or created.

[3] https://techcrunch.com/2020/02/12/whatsapp-hits-2-billion-users-up-from-1-5-billion-2-years-ago/?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAB2LkzpKBL6Qi0L0EisYqShIGQDjX44hb6DVZ8ktzspeZQpfS4-8oHvhYNxUPMWGT6XRSt6O8YXhD4he3h0zjuYjBuui0i3uuQ7AtV6o0r56dCNppkEg5ycNRdTlKmtPBtnur3Iq9Ung2PfKCBOvqp1haOHi-6SvuoQnSIO91i5z

[4] https://www.nytimes.com/2019/05/09/opinion/sunday/chris-hughes-facebook-zuckerberg.html (Facebook co-founder acknowledges that its "dominance is not an accident"); https://www.forbes.com/sites/parmyolson/2018/09/26/exclusive-whatsapp-cofounder-brian-acton-gives-the-inside-story-on-deletefacebook-and-why-he-left-850-million-behind/#49c725dc3f20 (Instagram founder acknowledges, "I sold my users' privacy to a larger benefit.").

Plaintiffs are not entitled to that injunctive relief because they lack standing to seek it. Under Article III of the Constitution, Plaintiffs may seek an injunction only if their allegations show that some future injury is certainly impending. Their allegations here do not make that showing. Those allegations describe only past conduct that will not—cannot—reoccur. Plaintiffs allege they have suffered all the harm they are likely to suffer. They do not identify any actual, imminent injury they will face without an injunction. Plaintiffs' judicial admissions, indeed, directly contradict any claim of the existence of such a threatened injury. And Plaintiffs may not seek an injunction by speculating about other injuries they might possibly face, someday, in an uncertain future. The Court therefore should dismiss Plaintiffs' request for injunctive relief.

## II. BACKGROUND

### A. Factual Background

Although the alleged misconduct described in Plaintiffs' complaint occurred in Spring 2019, Plaintiffs' allegations begin in January 2018, when they claim NSO created WhatsApp accounts. (Compl. ¶ 30.) NSO allegedly "reverse-engineered the WhatsApp app and developed a program to enable them to emulate network traffic in order to transmit malicious code . . . over WhatsApp servers." (Compl. ¶ 35.) That program, called Pegasus, was allegedly designed to "exploit[] vulnerabilities" in WhatsApp's "network protocols and code." (Compl. ¶¶ 25, 35, 44.) But it did not "break WhatsApp's end-to-end encryption." (Compl. ¶ 1.)

The alleged use of Pegasus occurred in April and May 2019. (Compl. ¶¶ 1, 37, 42.) Pegasus allegedly "used WhatsApp servers to route malicious code" to users' devices. (Compl. ¶ 38.)[5] But not for long: on May 13, 2019, Plaintiffs discovered and "closed" the vulnerability allegedly exploited by Pegasus. (Compl. ¶ 44.) Plaintiffs' patching of the vulnerability allegedly "remediate[d] Defendants' conduct" (Compl. ¶¶ 57, 64, 73, 78) by eliminating Pegasus's ability to operate over WhatsApp's servers.

---

[5] Plaintiffs' allegations about NSO's use of Pegasus are false (*e.g.*, Dkt. No. 45 at 6–7), but it is not necessary to litigate the truth of Plaintiffs' allegations in this motion. Those allegations constitute binding judicial admissions by Plaintiffs. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

1  Plaintiffs do not allege that NSO has unlawfully accessed WhatsApp's servers or users' devices since May 13, 2019. Nor do they describe any other NSO technology that has been used—or could be used in the future—to access WhatsApp's servers unlawfully. Plaintiffs do not allege any facts suggesting that NSO plans to—or could—repeat the alleged conduct described in the complaint.

### B.   Procedural History

Plaintiffs filed this lawsuit on October 29, 2019, alleging that NSO's past use of Pegasus violated the Computer Fraud and Abuse Act and California state law. Plaintiffs seek damages for their past alleged injuries. (Compl. Request for Relief ¶ 3.) They do not allege that they are currently suffering any ongoing harm from NSO's alleged conduct. But they seek a permanent injunction prohibiting NSO from: (a) accessing or attempting to access Plaintiffs' service, platform, and computer system, (b) creating WhatsApp or Facebook accounts, (c) "disrupt[ing], diminish[ing] the quality of, interfer[ing] with the performance of, or impair[ing] the functionality of Plaintiffs' service, platform, and computer systems," and (d) violating Plaintiffs' terms of service. (*Id.* ¶ 2.) Plaintiffs did not seek a temporary restraining order or preliminary injunction.

NSO moved to dismiss Plaintiffs' complaint on April 2, 2020. (Dkt. No. 45.) That motion is pending. Because this motion challenges the Court's subject-matter jurisdiction over Plaintiffs' request for injunctive relief, NSO may file it separately from its earlier motion to dismiss. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017); Fed R. Civ. P. 12(h)(3).

### III.   ARGUMENT

This Court lacks subject-matter jurisdiction over Plaintiffs' request for injunctive relief because Plaintiffs do not have standing to seek an injunction. To have standing, Plaintiffs must allege sufficient facts to show that future injury is "imminent" and "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). But Plaintiffs claim that NSO's alleged unlawful conduct ended in May 2019, when they eliminated Pegasus's access to WhatsApp's servers. Plaintiffs do not allege any facts suggesting that NSO's alleged misconduct is likely, let alone certain, to reoccur in the imminent future. Plaintiffs accordingly lack standing to seek an injunction. This Court should dismiss their request for that relief.

**A.     To Show Standing to Seek Injunctive Relief, Plaintiffs Must Allege Facts Showing That Future Injury Is Imminent and Certainly Impending**

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Id.* at 408. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Id.* (internal quotation marks omitted). At "the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Among these elements is the requirement of an "actual or imminent" injury. *Clapper*, 568 U.S. at 409.

This injury requirement applies "to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). In the context of injunctive relief, the Plaintiff must allege sufficient facts to show "a 'substantial risk' that the harm will occur" in the near future. *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015). Put differently, the "threatened injury must be *certainly impending* to constitute injury in fact." *Id.* (quoting *Clapper*, 568 U.S. at 409) (internal quotation marks omitted). "[A]llegations of *possible* future injury are not sufficient." *Id.* (internal quotation marks omitted). And because standing must exist separately for damages and injunctive relief, "past exposure to harm is largely irrelevant when analyzing claims of standing for injunctive relief." *Nelsen v. King Cty.*, 895 F.2d 1248, 1251 (9th Cir. 1990). "Past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Instead, the plaintiff must make "an individualized showing that there is 'a very significant possibility' that the future harm will ensue." *Nelsen*, 895 F.2d at 1250.

**B.     Plaintiffs Lack Standing to Seek Injunctive Relief Because Their Allegations Show That Future Injury Is Not Imminent or Certainly Impending; Plaintiffs Allege the Opposite**

Plaintiffs lack standing to seek injunctive relief because they have not met their burden to show that they face any imminent, certainly impending harm from NSO. Plaintiffs' claims rely entirely on NSO's alleged *past* use of Pegasus to access WhatsApp users' devices. (Compl. ¶¶ 32–

1  42.)  That past conduct cannot support an injunction because Plaintiffs allege it ended in May 2019.  (Compl. ¶¶ 1, 37, 42, 44); *Nelsen*, 895 F.2d at 1251; *FTC v. Evans Prods. Co.*, 775 F.2d 1084, 1088 (9th Cir. 1985).  Far from alleging a "very significant possibility" that the conduct will reoccur, *Nelsen*, 895 F.2d at 1250, Plaintiffs allege that they eliminated that possibility by "clos[ing] the vulnerability" necessary for Pegasus to function (Compl. ¶¶ 44–45).  Plaintiffs do not allege any facts showing that NSO is likely to injure Plaintiffs in the future, let alone that injury is "imminent" and "certainly impending."  *Munns*, 782 F.3d at 409.  Any claim of future injury would be too "conjectural" and "speculative" to support injunctive relief.  *Id.*; *Moore v. Urquhart*, 899 F.3d 1094, 1100 (9th Cir. 2018); *Nelsen*, 895 F.2d at 1252–54.

The Ninth Circuit has dismissed requests for injunctive relief in similar circumstances. In *Phillips v. Apple Inc.*, 725 F. App'x 496, 498 (9th Cir. 2018), the plaintiffs sued Apple for enabling a service that overused data. The Ninth Circuit held that the plaintiffs lacked standing to seek an injunction against Apple because they had "disabled" the challenged service on their devices, "so it no longer cause[d] data overuse." *Id.* Similarly, in *Villa v. Maricopa County*, 865 F.3d 1224, 1230 (9th Cir. 2017), the Ninth Circuit held that the plaintiff lacked standing to seek injunctive relief against a wiretap that the defendant had terminated before she filed her complaint.

District courts within the Ninth Circuit have done likewise. In *Palmer v. Apple Inc.*, 2016 WL 1535087, at *4 (N.D. Cal. Apr. 15, 2016), the court dismissed the plaintiff's request for an injunction against a "defect" causing his iPhone to use excessive data because "the complaint allege[d] that Apple resolved this specific [d]efect and provide[d] no reason to suggest that injury [wa]s ongoing."  Although the plaintiff argued that future iPhone updates could include "defects that can be costly to consumers," the court found that "general" concern insufficient because "plaintiff's complaint does not relate to any and all 'defects that can be costly to consumers'" but only to the "specific [d]efect" that Apple had fixed.  *Id.*  Similarly, the plaintiff in *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1029 (N.D. Cal. 2014), alleged that application developers stole and disseminated customers' contact information. The plaintiff also alleged, however, that the developers had stopped that practice after it became public. *Id.* at 1056. For that reason, the court held that the plaintiff lacked standing to seek injunctive relief. *Id.* And the court in *Matera v.*

1  *Google Inc.*, 2016 WL 5339806, at *15–16 (N.D. Cal. Sept. 23, 2016), held that the plaintiff lacked standing to enjoin Google's practice of scanning users' emails because the plaintiff alleged that Google had stopped the practice.[6]

Just as the plaintiffs in these cases lacked standing to pursue injunctive relief, so do Plaintiffs here. As in all these cases, Plaintiffs allege that the misconduct they seek to enjoin has stopped. And, as in *Phillips*, Plaintiffs cannot show any likelihood that the misconduct will reoccur because they have "disabled" NSO's alleged ability to access their servers using Pegasus. 725 F. App'x at 498. Plaintiffs do not claim that WhatsApp has other vulnerabilities that NSO could exploit or allege any facts showing that NSO has tried to unlawfully access Plaintiffs' servers after May 2019.[7]  Plaintiffs may try to contend that future iterations of WhatsApp may include new defects that Defendants could try to somehow exploit, but just as in *Palmer*, this "general" concern is insufficient because Plaintiffs' "complaint does not relate to any and all" attempts by Defendants to help their customers gain access to the mobile phones of terrorists and serious criminals that Defendants' customers have identified as targets, but only to the "specific" alleged CFAA violation through the use of Pegasus to target 1400 individuals in 2019.  Plaintiffs thus have not shown that they face any "real and immediate threat of repeated injury," as is required for standing to seek injunctive relief.  *Id.* at 498.

//

//

//

---

[6] *See also Federated Univ. Police Officers' Ass'n v. Regents of Univ. of Cal.*, 2016 WL 9107427, at *6 (C.D. Cal. Aug. 18, 2016) (denying class certification because plaintiff lacked standing to enjoin recordings that were no longer occurring); *Backhaut v. Apple Inc.*, 2015 WL 4776427, at *8–9 (N.D. Cal. Aug. 13, 2015) (denying, for lack of standing, class certification to seek injunction against Apple practice preventing receipt of text messages because practice had stopped and plaintiffs had begun receiving text messages).

[7] Although Plaintiffs seek to enjoin NSO from creating any WhatsApp or Facebook accounts or using Plaintiffs' services for any purpose, Plaintiffs would not be injured by NSO's mere use of their services for innocent purposes.  Plaintiffs would only be injured if NSO created accounts or used Plaintiffs' services to repeat the misconduct alleged the Complaint. (Compl. ¶ 32.) Plaintiffs do not allege any likelihood of that occurring in the near future.

### IV. CONCLUSION

The Court should dismiss Plaintiffs' request for injunctive relief for lack of standing.

DATED: June 24, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED