JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**REPLY IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Date:     July 22, 2020<br>Time:     9:00 a.m.<br>Ctrm:     3<br>Judge:    Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

## I. INTRODUCTION

Responding to Plaintiffs' net-fishing discovery requests will impose massive burdens and costs on Defendants, none of which can lawfully be imposed if Defendants are immune from suit or not subject to jurisdiction. Those harms can easily be avoided—with no prejudice to Plaintiffs—by granting a short stay pending the resolution of Defendants' motion to dismiss.

Plaintiffs do not dispute that courts uniformly hold that discovery should be stayed pending resolution of a motion to dismiss based on foreign sovereign immunity. (Mot. 2–3.) Instead, Plaintiffs argue the Court should presume that the motion to dismiss is not meritorious. But this Court should not prejudge the merits of Defendants' defense by denying a stay. Whether Defendants have foreign sovereign immunity—and are therefore immune from *any participation in this lawsuit*—is the precise question this Court will resolve in ruling on the motion to dismiss. That is particularly important in the context of foreign sovereign immunity, because Defendants will "irretrievably lose the benefit of [their] immunity" if the Court does not grant a stay. *Christian v. Commonwealth of the N. Mariana Islands*, 2016 WL 406340, at *2 (D. N. Mar. Is. Feb. 2, 2016)

Plaintiffs' other arguments fare no better. *First*, they are wrong that Defendants' defenses are not case-dispositive. If Defendants are immune from suit, amending the complaint would not change that fact. *Second*, if the Court is unable to resolve the motion to dismiss without discovery on the issue of sovereign immunity, it should grant limited discovery on that issue; that would be no reason to impose the expense and disruption of *unlimited* discovery against immune defendants. *Third*, Plaintiffs identify no prejudice they will face other than a brief delay in discovery, which is not unusual and clearly is the right result when compared with the expense and prejudice Defendants would face by losing their sovereign immunity and being forced to participate in wide-ranging, burdensome discovery of sensitive national-security information.[1]

The Court should reject Plaintiffs' arguments and stay discovery pending its ruling on

---

[1] Defendants do not seek a stay on the independent basis that Plaintiffs are seeking classified discovery that would impair the State of Israel's national security. Defendants direct the Court's attention to that fact to explain why a stay based on Defendants' sovereign immunity defense is especially important.

Defendants' motion to dismiss.

## II. THE COURT SHOULD STAY DISCOVERY BECAUSE DEFENDANTS' MOTION TO DISMISS IS BASED ON FOREIGN SOVEREIGN IMMUNITY

Courts are unanimous—both within and outside the Ninth Circuit—that discovery should be stayed pending a motion to dismiss. (Mot. 2.) Defendants cited no less than *fifteen* cases reaching that conclusion (*id.*), and Plaintiffs cite no case holding otherwise. In their entire opposition, they fail to identify *a single court* that has denied a stay when a defendant raised foreign sovereign immunity as a defense.[2] That is not for lack of research. It is because the rule is so well-settled as to be undeniable: Because foreign sovereign immunity is an immunity from participating in a lawsuit in any way—including "immunity from discovery" *Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1094 (9th Cir. 2018)—discovery may not proceed "where the defendant raises the defense of sovereign immunity." *Liverman v. Comm. on the Judiciary, U.S. House of Reps.*, 51 F. App'x 825, 827–28 (10th Cir. 2002). Otherwise, defendants would "irretrievably lose the benefit of [their] immunity" by being forced to participate in a lawsuit from which they are immune. *Christian*, 2016 WL 406340, at *2; *see also M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D. Cal. Feb. 26, 2013) ("A defendant *asserting* immunity should be free from *all* burdens of litigation." (emphasis added)). A sovereign immunity defense thus provides good cause for a stay.

Instead of addressing this clear rule, Plaintiffs shift focus to the merits of Defendants' defense. A stay should be denied, Plaintiffs say, because the defense is "novel" and "tenuous." (Opp. 3–4.) That is wrong—more on that below—and it is also irrelevant. Whether Defendants

---

[2] The two cases Plaintiffs cite (Opp. 3)—*Doe v. City of Las Vegas*, 2016 WL 6905386 (D. Nev. Nov. 22, 2016), and *Fosselman v. Caropreso*, 2011 WL 999549 (N.D. Cal. Mar. 18, 2011)—involved qualified immunity. They are also distinguishable on other grounds. *Doe* rejected reliance on a "conclusory statement" of immunity in a motion for protective order, 2016 WL 6905386, at *2, while Defendants here have raised a substantial defense, based on substantial–and undisputed—evidence, in a motion to dismiss. *Fosselman* denied a stay because the defendants' immunity defense did not apply to all of the plaintiff's claims. 2011 WL 999549, at *1. That is not the case here. Moreover, a glance at the pleadings revealed that the Supreme Court and Ninth Circuit had conclusively rejected the defendants' defense. *Id.* There is no such binding law rejecting Defendants' immunity defense. *See infra*.

are entitled to sovereign immunity is the precise question at issue in Defendants' motion to dismiss. Defendants are entitled to a stay until the Court resolves that question. (Mot. 2–3.) The Court does not "prejudge the outcome" when ruling on the motion to stay. *See FTC v. AMG Servs., Inc.*, 2012 WL 3730561, at *4 (D. Nev. Aug. 28, 2012) (holding that court may "take a 'preliminary peek' at the merits" only to determine whether the motion to dismiss is "potentially dispositive" and "can be decided without additional discovery," not "to prejudge its outcome"); *Bosh v. United States*, 21019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019) (same); *Yiren Huang v. Futurewei Tech., Inc.*, 2018 WL 1993503, at *3 (N.D Cal. Apr. 27, 2018) (holding, on motion to stay discovery, that "it would be premature to decide the merits of the parties' argument").[3]

The Ninth Circuit has ruled that the denial of a motion to dismiss based on sovereign immunity is immediately appealable, *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009), and the *merits* of the immunity defense are beside the point, *Del Campo v. Kennedy*, 517 F.3d 1070 (9th Cir. 2008). In *Del Campo*, the defendant was a private corporation that contracted with Santa Clara County. The lawsuit challenged the corporation's work for the county, and the corporation moved to dismiss based on derivative sovereign immunity. *Id.* at 1073. The district court denied the corporation's motion, and the corporation filed an interlocutory appeal. *Id.* at 1074. The plaintiff argued that the Ninth Circuit lacked jurisdiction over the appeal because a corporation, "as a private company, is manifestly not a state or state entity" entitled to claim immunity. *Id.* The Ninth Circuit rejected that argument, holding that the corporation could appeal because "[a]ppeals from denial of sovereign immunity" are proper. *Id.* The *merits* of the immunity defense were beside the point: "Whether the immunity reaches beyond 'states and state entities' is the substantive issue we face, which we may not prejudge by denying jurisdiction to decide it." *Id.*[4]

---

[3] Plaintiffs themselves acknowledge that a court should not "'litigate prematurely the sufficiency of the complaint'" on a motion to stay. (Opp. 5 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).)

[4] In addition, an appeal from a denial of sovereign immunity automatically stays proceedings in the district court. *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 14, 2005). The only exception is when the district court finds that the immunity defense is "frivolous." *Id.* Plaintiffs, for all their misguided criticisms of Defendants' defense, have never argued that it is frivolous—nor could they.

So too here. Plaintiffs do not dispute that a foreign sovereign immunity defense presents good cause to stay discovery. (Opp. 3.) Whether the defense succeeds "is the substantive issue [the Court] face[s]" in the motion to dismiss. *Id.* The question on this motion, in contrast, is whether discovery should be stayed until the substantive question of immunity is resolved. The answer to *that* question is a clear "yes." (Mot. 2–3.)

Moreover, Defendants' defense is not "novel" or "tenuous." (Opp. 3–4.) Two federal Courts of Appeals and multiple district courts have approved derivative foreign sovereign immunity as a defense. *See Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Alicog v. Kingdom of Saudi Arabia*, 79 F.3d 1145 (5th Cir. 1996); *Ivey v. Lynch*, 2018 WL 3764264, at *6 (M.D.N.C. Aug. 8, 2018); *Moriah v. Bank of China Ltd.*, 107 F. Supp. 3d 272, 276 –77 (S.D.N.Y. 2015). No federal appeals court has ever disapproved those decisions. (Dkt. No. 62 at 9–10.) And the Ninth Circuit extends foreign sovereign immunity to a sovereign's agents when they "act on behalf of the state." *In re Estate of Marcos*, 25 F.3d 1476, 1472 (9th Cir. 1994); (*see* Dkt. No. 62 at 10). Defendants' immunity defense falls squarely within these precedents. So even if novelty were a basis for denying a stay—which it is not—a stay would still be justified here.

### III. DEFENDANTS' MOTION TO DISMISS IS CASE-DISPOSITIVE AND DOES NOT REQUIRE DISCOVERY

For the reasons given above, a stay is justified solely due to Defendants' foreign sovereign immunity defense. Notwithstanding the defense of sovereign immunity, moreover, the Ninth Circuit's two-prong test for staying discovery supports a stay because the pending motion is potentially dispositive of the entire case and can be resolved without additional discovery. (Mot. 3–4.)

1. Defendants' motion to dismiss is potentially dispositive of the entire case because, if granted, it would require dismissal of the complaint. (Mot. 4.) Plaintiffs' sole argument to the contrary is to speculate that this Court would grant leave to amend. But that speculation is beside the point because "the question is only whether [the] motion to dismiss is *potentially* dispositive," not whether it is inevitably dispositive. *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (granting Facebook's motion to stay discovery)

(emphasis added and internal quotation marks omitted).

Plaintiffs do not cite any case that supports their argument that "[a] motion is dispositive only if" the complaint will be dismissed with prejudice. (Opp. 5.) The two cases Plaintiffs cite treat the possibility of amendment as a potentially relevant factor; neither applies the categorical rule Plaintiffs describe. *Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *3 (N.D. Cal. Sept. 15, 2014); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010).[5] Moreover, many other cases have stayed discovery despite the possibility of amendment. *See, e.g.*, *Reveal Chat Holdco*, 2020 WL 2843369, at *3 (finding motion "potentially dispositive" even though "leave to amend is freely given"); *In re Nexus 6P Prods. Liability Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (same); *Sanchez v. Windhaven Nat'l Ins. Co.*, 2020 WL 3489333, at *3 (D. Nev. June 25, 2020) (granting stay even though plaintiffs had moved to amend); *Bosh*, 2019 WL 5684162, at *1 (same); *Lloyd v. Buzell*, 2019 WL 2646243, at *1 (W.D. Wash. June 27, 2019) (finding motion potentially dispositive because it "may result in an amended complaint or dismissal of the entire action").

It is, in any event, not clear how Plaintiffs could cure the complaint's deficiencies through amendment. Sovereign immunity cannot be overcome by tweaking allegations in the complaint. *See AHPW, Inc. v. Pohnpei*, 437 F. App'x 565, 568 (9th Cir. 2011) (affirming denial of leave to amend due to foreign sovereign immunity); *Morelo v. Consulate*, 2015 WL 7749968, at *2 (W.D. Wash. Oct. 27, 2015) (denying leave to amend because "no amendment could change the fact that defendants are immune from suit"). And if Plaintiffs' current allegations do not establish specific jurisdiction, it is not clear what additional facts Plaintiffs could allege to change that result. Plaintiffs' claims they could allege additional facts to defeat Defendants' immunity and personal jurisdiction defenses are irrelevant, because they do not identify any outcome-changing facts they left out of the initial complaint but could add to an amended complaint. *See Kislyanka v. Clear Recon Corp.*, 2020 WL 1433743, at *1 (W.D. Wash. Mar. 24, 2020) (denying leave to amend

---

[5] *Garcia* even acknowledges that "challenges to jurisdiction . . . and immunity"—unlike the Rule 12(b)(6) defense in that case—"are common examples of situations where a motion to dismiss *would* warrant a stay of discovery." 2014 WL 4623007, at *3 (emphasis added).

1  because plaintiffs did "not identify any facts that could be alleged . . . that would remedy the
2  deficiencies"); *Burleson v. Sec. Prop. Residential, LLC*, 2019 WL 77435, at *5 (W.D. Wash. Jan.
3  2, 2019) (same).  Defendants' motion to dismiss therefore must at least be considered potentially
4  dispositive of the entire case.

5       2. Defendants' motion to dismiss can also be decided without additional discovery for the
6  simple reason that the motion has already been "fully briefed."  *In re Nexus*, 2017 WL 35881188,
7  at *2; *Wood-Jimenez v. DMV*, 2019 WL 8135564, at *2 (D. Nev. Oct. 16, 2019).  The Court will
8  decide the motion without additional discovery, which supports a stay.  *In re Nexus*, 2017 WL
9  35881188, at *2.

10       Plaintiffs ignore the relevant question—whether Defendants' motion to dismiss can be
11  decided without additional discovery (Opp. 5)—to address an irrelevant question—whether
12  Defendants can "establish[]" their *defenses* without additional discovery (Opp. 6–7).  Whether
13  Defendants can establish their defenses without discovery goes to the merits of those defenses, not
14  to whether the motion can be decided.  *Supra* Part II.  If the evidence did not establish sovereign
15  immunity, the Court would deny the motion.  (*See* Dkt. No. 55 at 8 (arguing the Court should deny
16  Defendants' motion because their "factual showing does not come close to supporting an attack
17  on jurisdiction").)

18       Similarly, if Plaintiffs' allegations did not establish personal jurisdiction without further
19  evidence, the Court would grant the motion, even if the Court also granted leave to take limited
20  jurisdictional discovery before the filing of an amended complaint. *See, e.g.*, *Page v. Minnesota*
21  *Life Ins. Co.*, 2019 WL 3059561, at *5–6 (C.D. Cal. Mar. 11, 2019) (granting motions to dismiss
22  for lack of personal jurisdiction while granting "limited jurisdictional discovery").  In no event
23  would the Court require discovery to rule on the pending motion.

24  **IV.  PLAINTIFFS' PREJUDICE FROM A STAY IS IRRELEVANT AND, IN ANY
       EVENT, IS NEGLIGIBLE IN COMPARISON TO DEFENDANTS' PREJUDICE
25     FROM DISCOVERY**

26       Plaintiffs' claims of prejudice (Opp. 11–12) do not support denial of a stay.  Plaintiffs
27  identify no concrete prejudice other than a brief delay in being able to litigate the case, which does
28  not distinguish Plaintiffs from any other party opposing a stay, since the entire point is to pause

1  the proceedings temporarily. *Cf. In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (holding, under PSLRA, "routine delay" from stay is not prejudice).

There is nothing unique about this case that would distinguish the impact of a brief discovery stay from any other case. For one thing, the stay is likely to be short because this Court may decide the motion expeditiously. Accordingly, a short stay poses no risk to the orderly resolution of the case. Because the Court postponed the initial case management conference pending its resolution of the motion to dismiss, "there is currently no deadline for amending claims, joining parties, or completing discovery that would be jeopardized" by a stay. *Norvell v. Blue Cross & Blue Shield Ass'n*, 2018 WL 4335612, at *5 (D. Idaho Sept. 10, 2018). The discovery Plaintiffs have already served will be halted (Opp. 12), but that discovery is still in very early stages: "[t]he parties have only recently initiated paper discovery, and they have taken no depositions." *Jou v. Adalian*, 2016 WL 11500338, at *3 (D. Haw. May 10, 2016). After the Court rules on Defendants' motion, "[t]here will be sufficient time to take and complete discovery in the normal course." *Id.* at *3. With at least eleven partners and untold additional lawyers in three global law firms engaged by Plaintiffs to bury Defendants in costly discovery, there is little risk that a brief stay will impede Plaintiffs from pursuing their mission. *See Reveal Chat*, 2020 WL 2843369, at *4 (finding no prejudice from stay pending motion to dismiss because, after stay, parties could "commence discovery with a better understanding of which claims, if any, they must answer").

Unable to identify any genuine prejudice, Plaintiffs once again resort to baseless smears. Without any support, they suggest that Defendants will destroy relevant evidence to prevent Plaintiffs from proving their case. (Opp. 11.) Defendants are represented by sophisticated counsel and have taken typical preservation steps. *See Yiren Huang*, 2018 WL 1993503, at *4 (finding no prejudice from stay when "the parties have represented that they have taken steps to preserve relevant information"). And Defendants will continue to do so—as Plaintiffs know full well. (Supp. Akro. Decl. Exhs. 1, 2.) Accusing Defendants of serious litigation misconduct without

evidence is entirely out of line and should not be tolerated.[6] It certainly does not justify denying a stay. *See Zapien v. Wash. Mut., Inc.*, 2008 WL 11509011, at *3 (S.D. Cal. Apr. 17, 2008) ("wholly speculative assertions as to the risk of loss of evidence are insufficient to establish undue prejudice").

In contrast to Plaintiffs' nonexistent prejudice, Defendants have been and will be severely prejudiced in the absence of a stay. As already explained, "[a] defendant asserting immunity should be free from all burdens of litigation." *M.G.*, 2013 WL 690833, at *1. Defendants are prejudiced every day they are forced to participate in a lawsuit from which they are immune. That is all the more true given the breathtaking scope of Plaintiffs' discovery requests. As Defendants' motion explains, Plaintiffs seek huge amounts of sensitive, confidential information related to Defendants' customers sovereign activities. (Mot. 3.) In addition, much of the requested discovery has no relationship to Plaintiffs' allegations. It reflects an effort to sweep up huge amounts of information unrelated to the single technology (Pegasus) and course of conduct (the alleged monitoring of 1400 WhatsApp users) described in the Complaint.[7] (*See* Akro Decl. Exh. 1.)

Plaintiffs' breathtakingly broad discovery requests will subject Defendants to massive burdens and costs that may not lawfully be imposed if Defendants are immune from suit or not subject to jurisdiction. Granting a stay pending the resolution of the motion to dismiss will avoid those harms, without causing any prejudice.

---

[6] It is brazen for Plaintiffs to accuse Defendants of "remov[ing] web pages" (Opp. 11), when Plaintiffs—in this very lawsuit—edited WhatsApp's website to hide from the Court the contractual terms relevant to personal jurisdiction. (Dkt. No. 62 at 3 n.3; Dkt. No. 45-1.) "Ironic" is one word that describes Plaintiffs' assertion. Another would be "chutzpah." *United States v. Sar-Avi*, 255 F.3d 1163, 1167 (9th Cir. 2001).

[7] Plaintiffs' claim that their allegations extend beyond Pegasus (Opp. 2 n.1) is not credible. The Complaint is unambiguously limited to the alleged use of Pegasus to access WhatsApp's servers during a two-month period in the Spring of 2019. (Compl. ¶¶ 1, 24–29, 32–44.) The Complaint does not identify any other technology that has been or could be used to access WhatsApp's servers. (*See generally* Dkt. No. 105.) Plaintiffs do not cite a single paragraph of the Complaint to support their claim. (Opp. 2 n.1.)

## V. CONCLUSION

For good cause shown, the Court should stay discovery until Defendants' motion to dismiss is finally resolved.

DATED: July 7, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED