JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>*[Filed Concurrently with [Proposed] Order]*<br><br>Date:     September 9, 2020<br>Time:     9:00 a.m.<br>Ctrm:     3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

**NOTICE OF MOTION**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on September 9, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively with NSO, "Defendants") will bring on for hearing before the Honorable Phyllis J. Hamilton, Chief Judge for the United States District Court for the Northern District of California, Oakland Division, Courtroom 3, located at 1301 Clay Street, Oakland, California, this motion for entry of a protective order in the form attached hereto as Exhibit A.

**STATEMENT OF RELIEF SOUGHT**

By this Motion, Defendants seek entry of a protective order in the form attached hereto as Exhibit A (the "Proposed Protective Order"). Defendants have recently obtained information Defendants' counsel believes is of great importance to the Court and Plaintiffs' outside counsel in the orderly management of the case and the parties' litigation of it. Unfortunately, unless there is a protective order in place, Defendants cannot disclose this information without violating their legal obligations. Although the parties have been (and are) attempting to reach agreement on a stipulated protective order to submit to the Court, those negotiations have not led to a stipulation, and some distance remains between the parties. Accordingly, Defendants ask the Court to enter the Proposed Protective Order so that Defendants may share this information with the Court and with Plaintiffs' outside counsel.

**POINTS AND AUTHORITIES**

The undersigned counsel represents to the Court that Defendants are in possession of information that is of considerable importance to the orderly administration of this case. (Akro. Decl. ¶ 2.)[1] Unfortunately, Defendants and their counsel cannot disclose it to Plaintiffs' outside counsel without violating their legal obligations, unless there is an order in place that governs any

---

[1] Citations to the "Akro. Decl." refer to the Declaration of Joseph N. Akrotirianakis in Support of this Motion and Defendants' Motion to Shorten Deadlines for Motion for Entry of Protective Order, which is being filed simultaneously with this motion.

disclosure.  (*Id.*)

For two weeks, Defendants have been working diligently with Plaintiffs to come to agreement on a stipulated protective order based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order").  (Akro. Decl. ¶ 3.)  The parties, however, have been unable to reach agreement on a protective order.  After a conference of counsel on July 21, 2020 regarding various discovery matters, Plaintiffs' counsel sent Defendants' counsel (at 4:48 p.m.) a draft protective order with substantial changes (additions and deletions) to the Model Order.  (Akro. Decl. ¶ 4.)  Defendants' counsel immediately began analyzing Plaintiffs' draft and conferring with their clients (which are located in Israel, ten time zones away).  (*Id.*)  Defendants' counsel sent a revised draft back to Plaintiffs' counsel on July 24, 2020.  (*Id.*)  Defendants' counsel then followed up with Plaintiffs' counsel on July 28, July 29, and July 31, before receiving a new draft from Plaintiffs on July 31, 2020.  (*Id.*)  In Plaintiffs' July 31, 2020 draft, Plaintiffs refused to accept most revisions proposed by Defendants, including certain requests by Defendants to accept language from the Model Order instead of modifications made by Plaintiffs.  (*Id.*)  In light of the parties' positions and the fact that it took seven days for Plaintiffs to respond to Defendants' July 24, 2020, draft, Defendants' counsel believes that the parties will not be able to reach agreement quickly on a comprehensive protective order.  (*Id.*)

Accordingly, after receiving and analyzing Plaintiffs' July 31, 2020, draft, and eager to present this important new information to the Court and Plaintiffs' outside counsel, Defendants counsel suggested that the parties temporarily agree to the Model Order in full.  (Akro. Decl. ¶ 5.)  Plaintiffs' counsel refused.  (*Id.*)  In a further attempt to negotiate a resolution, Defendants' counsel suggested entering into a simplified protective order, to remain in effect until such time as the parties could reach agreement on a more comprehensive order.  (Akro. Decl. ¶ 6.)  Defendants' counsel prepared the Proposed Protective Order and sent it to Plaintiffs' counsel on July 31, 2020.  (*Id.*)  During a conference of counsel held at 2:30 p.m. on August 3, 2020, however, counsel for Plaintiffs again refused to stipulate to its entry.  (Akro. Decl. ¶ 7.)

Defendants will continue to work diligently with Plaintiffs to try to reach agreement on a

more comprehensive Order that will supersede the attached Proposed Protective Order.  In the interim, however, Defendants respectfully request that the Court approve the Proposed Protective Order to enable Defendants to disclose information that is of great importance to the orderly administration of this case.  The attached Proposed Protective Order is based on the Model Order (except as noted with underscored text), without the sections that are not relevant to the immediate circumstances. (Akro. Decl. ¶ 6.)  It includes the provisions necessary to allow Defendants' counsel to serve Plaintiffs with the information while seeking the Court's leave to file it under seal. (*Id.*)

For the foregoing reasons, Defendants respectfully request that the Court enter the Proposed Protective Order immediately.[2]

DATED:  August 3, 2020                                KING & SPALDING LLP


By:  /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED

---

[2] Given the urgency of this request, Defendants are simultaneously filing a motion to shorten the deadlines relevant to this motion.  In bringing these motions, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction.  Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.