JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO SHORTEN DEADLINES FOR MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>*[Filed Concurrently with Declaration of Joseph N. Akrotirianakis and [Proposed] Order]*<br><br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

**NOTICE OF MOTION**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively with NSO, "Defendants") hereby move the Court for an order shortening the filing deadlines related to Defendants' motion for entry of a protective order.

**STATEMENT OF RELIEF SOUGHT**

By this Motion, Defendants seek an order shortening the deadline related to their motion for entry of a protective order. As explained in that motion, Defendants have recently obtained information that Defendants' counsel believes is of great importance to the Court and Plaintiffs' outside counsel in the orderly management of the case and the parties' litigation of it. Defendants' counsel believes that it is urgent for the Court and Plaintiffs' outside counsel to receive this information, however Defendants are unable to disclose this information without violating certain legal obligations unless and until a protective order is in place. Plaintiffs' counsel, however, have refused to stipulate to the shortening of the deadlines related to Defendants' motion for entry of a protective order. Accordingly, Defendants ask the Court to shorten the deadlines related to that motion under Local Rule 6-1(b). Specifically, Defendants ask the Court to order Plaintiffs to respond to Defendants' motion within four court days. In the interest of having the matter determined quickly so that this important information can be conveyed to the Court, Plaintiffs waive any right to file a reply brief.

**POINTS AND AUTHORITIES**

As explained in Defendants' motion for entry of a protective order, Defendants are in possession of information that is of considerable importance to the orderly administration of this case. (Akro. Decl. ¶ 2.) Unfortunately, Defendants and their counsel cannot disclose it to Plaintiffs' outside counsel without violating their legal obligations, unless there is an order in place that governs any disclosure. (*Id.*) Thus far, Plaintiffs have refused to stipulate even to a streamlined temporary Protective Order, requiring Defendants to seek relief from this Court. (*Id.* ¶ 7.)

Due to the importance of Defendants' information, Defendants believe it is urgent that this Court and Plaintiffs' outside counsel receive the information as soon as possible. (*Id.* ¶ 2.) During a conference of counsel at 2:30 p.m. on August 3, 2020, Defendants' counsel asked Plaintiffs' counsel to stipulate to a shortened time for Defendants' motion to enter a protective order. (*Id.* ¶ 7.) Plaintiffs' counsel refused. (*Id.* ¶ 7.) The accompanying Declaration of counsel provides more background information relevant to this motion and Defendants' compliance with Local Rules 6-3 and 37-1(a).

Accordingly, Defendants ask this court to shorten the deadlines related to their motion for entry of a protective order. To guarantee that the Court and Plaintiffs' outside counsel receive Defendants' important information promptly, Defendants request that Plaintiffs be ordered to respond to Defendants' motion within four court days. In order to have this request ruled upon quickly, Defendants waive any right to file a reply. That schedule will allow the Court to promptly consider Defendants' motion for entry of a protective order, resulting in the Court and Plaintiffs' counsel more quickly coming into possession of this important information. If the requested relief is not granted, it will prejudice the Court and all parties. Plaintiffs will be prejudiced because they are continuing to litigate the matter actively without the important information. The Court will be prejudiced because it will be presiding over a matter without information that will affect the orderly disposition and litigation of this case. And Defendants are prejudiced because, at pain of legal sanction, they will be required to withhold the important information.

For the foregoing reasons, Defendants respectfully request that the Court shorten the deadlines related to Defendants' motion for entry of a protective order, as described above and in the accompanying Proposed Order.[1]

---

[1] In bringing this motion, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction. Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

DATED:  August 3, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED