JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF MOTIONS OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR A PROTECTIVE ORDER AND TO SHORTEN FILING DEADLINES**<br><br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), defendants in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. Defendants are in possession of information Defendants (and I as their counsel) believe is of considerable importance to the orderly administration and litigation of this case. Unfortunately, Defendants and their counsel cannot disclose that important information to Plaintiffs' outside counsel without violating Defendants' legal obligations, unless there is an order in place that governs any disclosure.

3. Defendants' counsel have been attempting to negotiate with Plaintiffs a stipulated protective order based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order"), so that this new information can be provided to the Court and to Defendants' outside counsel. Those negotiations have been unsuccessful so far, as detailed below.

4. On July 21, 2020, following a conference of counsel regarding various discovery matters, Plaintiffs' counsel Micah Block sent me a draft protective order with substantial changes (additions and deletions) to the Court's Model Order. After analyzing Plaintiffs' draft and conferring with my clients in Israel (ten time zones ahead of this District), I sent a revised draft to Plaintiffs' counsel on July 24, 2020. I then followed up with Plaintiffs' counsel on July 28, July 29, and July 31, before receiving a new draft from Plaintiffs on July 31, 2020. In their July 31, 2020, draft, Plaintiffs refused to accept most of Defendants' proposed revisions to Plaintiff's modifications, including certain requests to accept language from the Model Order rather than the modifications made by Plaintiffs. Consequently, I believe that the parties will not be able to reach agreement quickly on a comprehensive protective order.

5. I believe that is urgent for this Court and Plaintiffs' outside counsel to receive the information in Defendants' possession. Accordingly, after receiving and analyzing Plaintiffs' July

31, 2020, draft and seeing how far apart the parties were on a comprehensive protective order, and in light of the fact that it took Plaintiffs seven days to provide Defendants with a response to Defendants' revised draft, I suggested to Plaintiffs' counsel that the parties agree to the Model Order in full on an interim basis. Plaintiff's counsel, Antonio Perez-Marques, stated they were not interested in entering into a 20-page interim protective order, but may be interested in something more streamlined.

6. I therefore suggested entering into a simplified version of the model protective order, to remain in effect until such time as the parties could reach agreement on a more comprehensive order. Mr. Perez-Marques indicated that might be workable as a concept. Accordingly, I prepared the Proposed Protective Order attached as Exhibit A to Defendants' motion for entry of a protective order, which I sent to Plaintiffs' counsel on July 31, 2020. (When I proposed it to Mr. Perez-Maques, the Proposed Protective Order was in the form of a stipulation and did not include the underscored text.) The Proposed Protective Order is based on the Court's Model Order (except as noted with underscored text), omitting sections of the Model Order not relevant in the immediate circumstances. It includes the provisions necessary to allow Defendants' counsel to serve Plaintiffs with the information while seeking the Court's leave to file it under seal.

7. During a conference of counsel held at 2:30 p.m. on August 3, 2020, counsel for Plaintiffs refused to stipulate to the entry of the Proposed Protective Order or any interim protective order, despite my July 31, 2020, conversation with Mr. Perez-Marques  We then met and conferred on the more comprehensive protective order for approximately 75 minutes, but were unable to make much progress.

8. Accordingly, Defendants have filed a motion requesting that the Court enter the Proposed Protective Order pending the entry of a more permanent, comprehensive protective order still being discussed among the parties, so that Defendants can disclose this new and important information to the Court and to Plaintiffs' outside counsel. Plaintiffs have not filed their opposition to that motion.

9. During the August 3, 2020 conference, I asked Plaintiffs' counsel to stipulate to the shortening of deadlines related to Defendants' motion for entry of a protective order. Mr. Perez-

Marques refused.

10. Defendants seek a shortening of the deadlines related to their motion for entry of a protective order because Defendants and their counsel believe it is important that the Court and Plaintiffs' outside counsel promptly receive Defendants' new information. I believe that this new information will have a significant impact on the litigation and administration of this case. Every day that Defendants are not able to disclose that important information, the Court and the parties will be prejudiced in their ability to advance the case and litigate it in an informed manner and consistent with the Federal Rules of Civil Procedure.

11. If the Court denies Defendants' motion, the Court and all parties will be prejudiced. The denial will prejudice the Court and Plaintiffs by extending the time during which the Court and Plaintiffs' outside counsel will lack crucial information that will affect the orderly disposition and litigation of this case while the case is being actively litigated. The denial will prejudice Defendants by requiring them, at pain of legal sanction, to withhold that important information.

12. The Court has not granted any other modification to the deadlines relevant to Defendants' motion for entry of a protective order. The Court previously granted in part and denied in part stipulated modifications to the briefing schedules for Defendants' motion to dismiss and Plaintiffs' motion to disqualify Defendants' counsel. (Dkt. Nos. 50, 74.)

13. The requested time modification will not affect the schedule of the case, except insofar as it may secure the just, speedy, and inexpensive determination of the action. Fed. R. Civ. P. 1.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 3rd day of August 2020, at Altadena, California.

/s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS