Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF ANTONIO J. PEREZ-MARQUES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>**DISCOVERY MATTER**<br><br>Date:    September 9, 2020<br>Time:    9:00 a.m.<br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Antonio J. Perez-Marques, declare as follows:

1.  I am an attorney duly licensed to practice law in the State of New York, and a partner with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp Inc. and Facebook, Inc. ("Plaintiffs"), in the above-captioned matter. I am admitted *pro hac vice* in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2.  I submit this declaration in support of Plaintiffs' Motion to Compel Discovery ("Motion") filed concurrently herewith.

3.  In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure, I hereby certify that Plaintiffs' counsel met and conferred in good faith with counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") regarding the discovery disputes described in the Motion, in an effort to obtain the relief requested in the Motion without Court action. During multiple discussions, NSO refused to withdraw its objections that it should not have to produce documents until, among other things, any appeal of its immunity defenses was adjudicated and that discovery should be limited to the use of one particular brand of spyware (Pegasus) against one particular set of targeted users. Counsel have also exchanged multiple emails, letters, and cases concerning their positions on the merits of the discovery disputes described in the Motion. *See, e.g.*, Exs. C, D, E, F.

4.  Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Requests for Production, dated June 2, 2020.

5.  Attached hereto as Exhibit B is a true and correct copy of NSO's Responses and Objections to Plaintiffs' First Requests for Production, dated July 6, 2020. In compliance with Local Rule 37-2, attached hereto as Exhibit B-1 is a copy of all of NSO's Responses and Objections to Plaintiffs' First Requests for Production that relate to the dispute discussed in Section I of the Motion, and attached hereto as Exhibit B-2 is a copy of all of NSO's Responses and Objections to Plaintiffs' First Requests for Production that relate to the dispute discussed in Section II of the Motion.

6.  On July 9, 2020, I sent a letter to NSO's counsel to follow up on a prior meet-and-confer discussion on June 30, 2020 and to address NSO's Responses and Objections to Plaintiffs'

1

DECLARATION OF ANTONIO J. PEREZ-MARQUES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY
CASE NO. 4:19-CV-07123-PJH

First Requests for Production. In the letter, I identified the two issues described in the Motion—NSO's improper objection to the scope of the requests, and NSO's refusal to produce any documents until its immunity defenses were fully resolved—as threshold disputes that could require court intervention unless the relevant objections were withdrawn. I also noted that NSO's threshold objections lacked any legal basis and, "unless promptly withdrawn, would make further negotiations at this time futile and require Court intervention." Attached hereto as Exhibit C is a true and correct copy of my letter to NSO's counsel dated July 9, 2020.

7. On July 13, 2020, I received a letter from NSO's counsel in response to my letter dated July 9, 2020. Attached hereto as Exhibit D is a true and correct copy of NSO's counsel's letter to me dated July 13, 2020.

8. On July 14, 2020, I responded to NSO's counsel's July 13th letter, confirming Plaintiffs' willingness to meet-and-confer, further substantiating Plaintiffs' views as the appropriate scope of discovery, and proposing dates certain for a further meet-and-confer. Attached hereto as Exhibit E is a true and correct copy of my letter to NSO's counsel dated July 14, 2020.

9. After NSO failed to provide a date or time certain for the meet-and-confer, and despite numerous attempts by Plaintiffs to schedule such discussions, I sent a letter to NSO's counsel on July 19, 2020 to request, among other things, that NSO's counsel identify a time when they were available to meet-and-confer regarding the issues raised in my prior letters. Attached hereto as Exhibit F is a true and correct copy of my letter to NSO's counsel dated July 19, 2020.

10. On July 21, 2020, I spoke with NSO's counsel. NSO's counsel refused to withdraw its objection to the scope of discovery and acknowledged that the issue would require Court resolution.

11. On July 31, 2020, I again spoke with NSO's counsel. During that discussion, NSO's counsel indicated its intention to request that the Court enter an interim protective order so that, among other things, it could proceed with producing documents from certain third-party clients. NSO's counsel also outlined its position as to why discovery of NSO should be stayed pending its appeal.

12. On August 3, 2020, I spoke with NSO's counsel again on this topic. During that discussion, I indicated that based on our discussions and correspondence it was clear that the Parties had had a different view of the applicable law. NSO's counsel did not disagree, and the Parties turned to a discussion of how the issue would be presented to the Court.

13. On August 4, 2020, Plaintiffs served their initial disclosures on NSO.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 5th day of August 2020 in East Hampton, New York.

By: /s/ *Antonio J. Perez-Marques*
    Antonio J. Perez-Marques