# EXHIBIT B

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION** <br><br> Action Filed:   10/29/2019 |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants hereby object and respond to Plaintiffs' First Requests for Production.

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiff's First Requests for Production. Defendants have not fully completed their discovery and investigation of the facts relating to this case and have not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Defendants.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Defendants' right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information. Defendants reserve the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known but should in no way prejudice Defendants in relation to further discovery, research, or analysis.

By submitting these responses and objections, Defendants do not consent to jurisdiction of the Court and do not waive their defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, Defendants hereby preserve those defenses.

Any representation that Defendants will produce documents responsive to any request, in whole or in part, is expressly conditioned upon entry of a protective order governing the uses that may be made of documents produced in litigation and the persons to whom they may be disclosed.

Defendants reserve the right to redact information from certain documents as may be

1   necessary to comply with Israeli or other foreign law or contractual obligation.

2   **GENERAL OBJECTIONS**

3   Defendants interpose the following general objections into each of the specific objections

4   that follow as if the general objections were set forth in full in each specific objection.

5   1.   Defendants object to the Requests to the extent they seek information that exceeds

6   the scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose

7   upon Defendants obligations beyond those required by the Federal Rules of Civil Procedure.

8   2.   Defendants object to the Requests to the extent they seek information that is not

9   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

10   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

11   3.   Defendants object to the Requests to the extent they seek information already in the

12   possession, custody, or control of Plaintiffs; information that is available from public sources; or

13   information that is as readily available to Plaintiff as to Defendants on the grounds that it would

14   be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce

15   such documents.

16   4.   Defendants object to the Requests to the extent they assert and/or assume unproven

17   conclusions as established facts.

18   5.   Defendants object to the Requests to the extent they seek information protected

19   from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any

20   other privilege or protection against disclosure.

21   6.   Defendants object to the Requests to the extent they seek information that would

22   disclose trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive

23   business information, or that may be protected by a right of privacy under the United States

24   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

25   or any other applicable law.

26   7.   Defendants object to the Requests to the extent they seek information that

27   Defendants are prohibited from disclosing by Israeli law, regulation, or governmental order or

28   directive, or any other applicable law, regulation, or governmental order or directive, or by

contract.

8.     Defendants object to the Requests to the extent they seek information that is not within Defendants' custody and control. To the extent that Defendants produce materials in response to the Requests, Defendants will produce materials that are within Defendants' custody and control and identified after a reasonable investigation.

9.     Defendants object to the Requests on the ground that they purport to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights.

10.    Defendants object to the Requests on the ground that they purport to require Defendants to participate in this lawsuit despite that Plaintiffs have not established personal jurisdiction over Defendants.

11.    Defendants object to the Requests on the grounds that they purport to require Defendants to engage in discovery while a Motion to Stay Discovery Pending Resolution of Motion to Dismiss [Dkt. No. 95] is currently pending before the Court.

12.    Defendants object to the defined term "EXPLOITS" because the phrases "take advantage of" and "to cause unauthorized, unintended or unanticipated behavior to occur" are vague and ambiguous.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation.  Among other reasons, the Request

seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that the terms "deployment," "use," and "operation," as well as the phrase "targeted or directed at," are vague and ambiguous.  Defendants further object that documents and communications relating to the deployment, installation, distribution, use and operation of Pegasus by Defendants' sovereign customers are third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, related to the development, testing, maintenance and troubleshooting of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO responsible for developing, testing, deploying, using,

distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the terms "deploying," "using," and "operating," as well as the phrase "targeted or directed at," are vague and ambiguous. Defendants further object to this request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, distribute, or operate Pegasus or any other technology within the definition of "NSO SPYWARE."   Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, sufficient to identify persons responsible for the development, testing, maintenance and troubleshooting of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by

1    contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction

2    over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise

3    prohibited from making such a disclosure, Defendants anticipate substantial completion of their

4    responsive production within 180 days after such determinations by the Court.

5    **REQUEST FOR PRODUCTION NO. 3:**

6         ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO

7    SPYWARE by third-parties, including but not limited to marketing materials, licensing

8    agreements, user complaints, and training manuals or documents.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10        Defendants incorporate their General Objections, including that this Request purports to

11   require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

12   immunity and Due Process rights and despite that Plaintiffs have not established personal

13   jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

14   burdensome, and not proportional to the needs of the litigation because it seeks information related

15   to technologies other than the Pegasus technology that was used with respect to the "Target

16   Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and uses of NSO technologies other

17   than the conduct described in the Complaint, which have no relevance to Plaintiffs' allegations or

18   any issue in this case.  Defendants further object to this Request to the extent that it seeks

19   documents and communications in the custody and control of third parties, not Defendants.

20   Defendants further object to the extent this Request seeks third-party information that Defendants

21   are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental

22   order or directive. Defendants further object that the term "use" is vague and ambiguous, as is

23   evidenced by the listing of "marketing materials" as an example of documents that supposedly

24   concern the use of Defendants' technology by third parties; Defendants disagree that marketing

25   materials about a technology, generally speaking, would be documents concerning the use of that

26   technology by third parties.  Responsive materials are being withheld on the basis of these

27   objections.

28        Subject to and without waiving these objections, and conditioned on whether the Court

determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged marketing materials, licensing agreements, user complaints, and training manuals or documents, if any exist, <u>related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint</u> (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training of NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these

1  objections.

2  Subject to and without waiving these objections, and conditioned on whether the Court

3  determines that discovery is proper at this stage in consideration of Defendants' motion to stay

4  discovery, and subject to the Court's entry of a protective order, Defendants will produce

5  documents and communications sufficient to identify the persons responsible for installation,

6  maintenance or training related to the Pegasus technology that was used with respect to the "Target

7  Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), if any exist, that Defendants are able to

8  locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is

9  established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs

10  establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at

11  this stage; and (4) Defendants are not prohibited from disclosing such documents and

12  communications by Israeli law, regulation, or governmental order or directive, or any other

13  applicable law, regulation, or governmental order or directive, or by contract.  If the Court

14  determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and

15  that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making

16  such a disclosure, Defendants anticipate substantial completion of their responsive production

17  within 180 days after such determinations by the Court.

18  **REQUEST FOR PRODUCTION NO. 5:**

19  ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December

20  2019 CONCERNING the identification of WhatsApp or Facebook application or network

21  vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook

22  vulnerabilities, contracts for services by vendors, or analyst work product and reports.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24  Defendants incorporate their General Objections, including that this Request purports to

25  require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

26  immunity and Due Process rights and despite that Plaintiffs have not established personal

27  jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

28  burdensome, and not proportional to the needs of the litigation because it seeks information related

to Facebook vulnerabilities, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the time period of this Request as arbitrary, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation. Plaintiffs' allegations relate to the period from January 2018, when Plaintiffs allege that Defendants first created WhatsApp accounts, to May 2019, when Plaintiffs "closed the vulnerability" that allegedly allowed Pegasus to function over WhatsApp. Seeking documents from four years before Plaintiffs allege that Defendants' alleged illegal conduct began and seven months after it ended is arbitrary and improper. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, from the time period between January 2018 and May 2019 that relate to the identification of the specific WhatsApp vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making

such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the identification and analysis of WhatsApp vulnerabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that the term "bounties" is vague and ambiguous.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons that assisted in identifying the specific WhatsApp vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or

governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the phrase "targeting or directed at" are vague and ambiguous.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, related to the development and testing of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish

personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce documents and communications sufficient to identify the persons responsible for development, testing, or maintenance of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), if any exist, that Defendants are able to

1    locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is

2    established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs

3    establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at

4    this stage; and (4) Defendants are not prohibited from disclosing such documents and

5    communications by Israeli law, regulation, or governmental order or directive, or any other

6    applicable law, regulation, or governmental order or directive, or by contract.  If the Court

7    determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and

8    that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making

9    such a disclosure, Defendants anticipate substantial completion of their responsive production

10   within 180 days after such determinations by the Court.

11   **REQUEST FOR PRODUCTION NO. 9:**

12         ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods,

13   and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate

14   data, including but not limited to any command and control software or payloads.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16         Defendants incorporate their General Objections, including that this Request purports to

17   require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

18   immunity and Due Process rights and despite that Plaintiffs have not established personal

19   jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

20   burdensome, and not proportional to the needs of the litigation because it seeks information related

21   to technologies other than the Pegasus technology that was used with respect to the "Target

22   Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other the Target Devices,

23   which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object

24   that the phrases "processes [and] methods," "monitor," "exfiltrate data," and "command and

25   control software or payloads" are vague and ambiguous.  Responsive materials are being withheld

26   on the basis of these objections.

27         Subject to and without waiving these objections, and conditioned on whether the Court

28   determines that discovery is proper at this stage in consideration of Defendants' motion to stay

OBJECTIONS TO PLAINTIFFS' FIRST                    13                    Case No. 4:19-cv-07123-PJH
REQUESTS FOR PRODUCTION

discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the processes, methods and technology used by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and export data from such Target Devices, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning mobile phone and device operating system vulnerabilities used by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other than the Target

Devices, which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons responsible for identifying any mobile phone and device vulnerabilities used by the the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target

1   Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs'

2   allegations or any issue in this case.  Responsive materials are being withheld on the basis of these

3   objections.

4          Subject to and without waiving these objections, and conditioned on whether the Court

5   determines that discovery is proper at this stage in consideration of Defendants' motion to stay

6   discovery, and subject to the Court's entry of a protective order, Defendants will produce

7   responsive and nonprivileged documents and communications, if any exist, related to the

8   development and testing of the Pegasus technology that was used with respect to the "Target

9   Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after

10  a reasonable search, provided that (1) the subject matter jurisdiction of this action is established

11  and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish

12  personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage;

13  and (4) Defendants are not prohibited from disclosing such documents and communications by

14  Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation,

15  or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of

16  the subject matter and personal jurisdiction over Defendants and that discovery is proper at this

17  stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants

18  anticipate substantial completion of their responsive production within 180 days after such

19  determinations by the Court.

20  **REQUEST FOR PRODUCTION NO. 13:**

21          DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the

22  teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS

23  against the mobile phone and devices of WHATSAPP USERS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25          Defendants incorporate their General Objections, including that this Request purports to

26  require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

27  immunity and Due Process rights and despite that Plaintiffs have not established personal

28  jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other than the Target Devices, which has no relevance to Plaintiffs' allegations or any issue in this case.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons responsible for developing and testing the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that the terms "processes" and "methods" are vague and ambiguous.  Defendants further object to this request to the extent that it seeks documents and communications concerning conduct by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the processes, methods and technology used to install the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) on such Target Devices, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to the phrases "analysis, reverse engineering, disassembling, or emulating" and "application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications or analyses of the WhatsApp application, APIs, or network protocols" as vague and ambiguous. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to conduct related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the analysis, reverse engineering, disassembling, or emulating of the WhatsApp application to the extent related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal

1  jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4)

2  Defendants are not prohibited from disclosing such documents and communications by Israeli law,

3  regulation, or governmental order or directive, or any other applicable law, regulation, or

4  governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the

5  subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage,

6  and if Defendants are not otherwise prohibited from making such a disclosure, Defendants

7  anticipate substantial completion of their responsive production within 180 days after such

8  determinations by the Court.

9  **REQUEST FOR PRODUCTION NO. 16:**

10      ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or

11  NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers,

12  endpoints, computers and computer networks, other than the official WhatsApp application.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

14      Defendants incorporate their General Objections, including that this Request purports to

15  require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

16  immunity and Due Process rights and despite that Plaintiffs have not established personal

17  jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

18  burdensome, and not proportional to the needs of the litigation because it seeks information related

19  to technologies other than the Pegasus technology that was used with respect to the "Target

20  Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs'

21  allegations or any issue in this case.  Responsive materials are being withheld on the basis of these

22  objections.

23      Subject to and without waiving these objections, and conditioned on whether the Court

24  determines that discovery is proper at this stage in consideration of Defendants' motion to stay

25  discovery, and subject to the Court's entry of a protective order, Defendants will produce

26  responsive and nonprivileged documents and communications, if any exist, concerning the aspects

27  of the Pegasus technology that was used with respect to the "Target Devices" described in the

28  Complaint (Dkt. No. 1 at 2:6-7) that were used by NSO to communicate with WhatsApp, that

OBJECTIONS TO PLAINTIFFS' FIRST                21                Case No. 4:19-cv-07123-PJH
REQUESTS FOR PRODUCTION

Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object to "use" as vague and ambiguous.  Defendants further object to this request to the extent that it seeks documents and communications concerning WhatsApp Accounts used by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.  Defendants further object to this request to the extent it implies that Defendants "use" Pegasus, which is not the case.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning any WhatsApp accounts used by Defendants to develop, test, transmit, install, or distribute the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or section at NSO that assisted in creating, using, or accessing each of the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs'

allegations or any issue in this case. Defendants further object to the terms "using" and "accessing" as vague and ambiguous, and that the phrase "assisted in creating, using or accessing" is vague and ambiguous.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons who created and used the WhatsApp accounts used by Defendants to develop, test, transmit, install, or distribute the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY used to transmit any data or information from any device containing or infected with any NSO SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the extent this Request seeks third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the Pegasus technology that was used to transmit data or information from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but

not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to the terms "operation," "layers," "presentation and analysis," and "administration" as vague and ambiguous. Defendants further object to the phrase "data, transmission" as vague and ambiguous; Defendants will interpret that phrase as "data transmission."

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, sufficient to describe the design and operation of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants further object that the terms "operation" and "system architecture" are vague and ambiguous.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, sufficient to describe the design and operation of system architecture and technology of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

1   immunity and Due Process rights and despite that Plaintiffs have not established personal

2   jurisdiction over Defendants.  Defendants further object to the phrase "Anonymizing Transmission

3   Network" as vague and ambiguous.

4          Subject to and without waiving these objections, and conditioned on whether the Court

5   determines that discovery is proper at this stage in consideration of Defendants' motion to stay

6   discovery, and subject to the Court's entry of a protective order, Defendants will produce

7   nonprivileged documents, if any exist, sufficient to describe the Pegasus Anonymizing

8   Transmission Network to the extent related to the Pegasus technology that was used with respect

9   to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able

10  to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is

11  established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs

12  establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at

13  this stage; and (4) Defendants are not prohibited from disclosing such documents and

14  communications by Israeli law, regulation, or governmental order or directive, or any other

15  applicable law, regulation, or governmental order or directive, or by contract.  If the Court

16  determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and

17  that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making

18  such a disclosure, Defendants anticipate substantial completion of their responsive production

19  within 180 days after such determinations by the Court.

20  **REQUEST FOR PRODUCTION NO. 23:**

21          ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in

22  response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not

23  limited to COMMUNICATIONS with the third-party providers from whom those servers were

24  leased, and the locations of those servers.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26          Defendants incorporate their General Objections, including that this Request purports to

27  require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

28  immunity and Due Process rights and despite that Plaintiffs have not established personal

1  jurisdiction over Defendants.  Defendants object to this Request as vague, ambiguous, and

2  unintelligible because Requests Nos. 16, 19, 21, and 22 do not mention servers or ask Defendants

3  to identify specific servers. Defendants further object to this Request as overbroad, irrelevant,

4  unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks

5  information related to technologies other than the Pegasus technology that was used with respect

6  to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance

7  to Plaintiffs' allegations or any issue in this case. Defendants further object that this Request seeks

8  irrelevant information because the location of any third-party servers is irrelevant as a matter of

9  law to any issue in this case.

10  The requested discovery, to the extent any exists, is withheld on these bases.

11  **REQUEST FOR PRODUCTION NO. 24:**

12  DOCUMENTS sufficient to describe all of the data and information NSO or NSO

13  CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15  Defendants incorporate their General Objections, including that this Request purports to

16  require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

17  immunity and Due Process rights and despite that Plaintiffs have not established personal

18  jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

19  burdensome, and not proportional to the needs of the litigation because it seeks information related

20  to technologies other than the Pegasus technology that was used with respect to the "Target

21  Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the

22  1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any

23  issue in this case.  Defendants further object to the extent this Request seeks information that is

24  not within Defendants' custody or control and/or third-party information that Defendants are

25  prohibited from disclosing by contractual obligations or foreign law, regulation, governmental

26  order or directive.  Responsive materials are being withheld on the basis of these objections.

27  Subject to and without waiving these objections, and conditioned on whether the Court

28  determines that discovery is proper at this stage in consideration of Defendants' motion to stay

discovery, and subject to the Court's entry of a protective order, Defendants respond that as a general matter, NSO does not have access to the information NSO's customers obtain from target users or target devices, including through use of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and NSO may only come into such information if it is provided to NSO by NSO's customer; to the extent Defendants have any responsive and nonprivileged documents, Defendants will produce documents sufficient to describe whatever information NSO has obtained from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to identify all NSO CUSTOMERS referenced in Defendants' Opposition to the Motion to Dismiss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as vague, ambiguous, and unintelligible because there is no such document as "Defendants' Opposition to the Motion to Dismiss." Defendants cannot discern the information this Request seeks.

Responsive materials, to the extent any exist, is withheld on these bases.

1   **REQUEST FOR PRODUCTION NO. 26:**

2         ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not

3   limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in

4   any way.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

6         Defendants incorporate their General Objections, including that this Request purports to

7   require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

8   immunity and Due Process rights and despite that Plaintiffs have not established personal

9   jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

10  burdensome, and not proportional to the needs of the litigation because it seeks information related

11  to technologies other than the Pegasus technology that was used with respect to the "Target

12  Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs'

13  allegations or any issue in this case.  Responsive materials are being withheld on the basis of these

14  objections.

15        Subject to and without waiving these objections, and conditioned on whether the Court

16  determines that discovery is proper at this stage in consideration of Defendants' motion to stay

17  discovery, and subject to the Court's entry of a protective order, Defendants will produce its

18  marketing, sales and promotional materials, if any exist, related to the Pegasus technology that was

19  used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and

20  which refer to WhatsApp or Facebook, that Defendants are able to locate after a reasonable search,

21  provided that (1) the subject matter jurisdiction of this action is established and, if taken, any

22  interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction

23  over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are

24  not prohibited from disclosing such documents and communications by Israeli law, regulation, or

25  governmental order or directive, or any other applicable law, regulation, or governmental order or

26  directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and

27  personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants

28  are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial

completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to describe NSO's corporate structure, including all parents, subsidiaries, and affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, responsive to this request, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and Facebook and the surveillance of Facebook and WhatsApp users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate their General Objections, including that this Request purports to

require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case, and "surveillance of Facebook . . . users," which does not relate to any claim or defense, which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged and responsive communications with Westbridge Technologies, if any exist, related to WhatsApp and Facebook and the use of the Pegasus technology to monitor the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS

1   for calendar years 2014-2019.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

3       Defendants incorporate their General Objections, including that this Request purports to

4   require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign

5   immunity and Due Process rights and despite that Plaintiffs have not established personal

6   jurisdiction over Defendants.  Defendants object to this Request as overbroad, irrelevant, unduly

7   burdensome, and not proportional to the needs of the litigation because it seeks information related

8   to technologies other than the Pegasus technology that was used with respect to the "Target

9   Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs'

10  allegations or any issue in this case. Defendants further object to the time period of this Request

11  as arbitrary and overbroad because Plaintiffs' allegations relate to the period from January 2018,

12  when Plaintiffs allege that Defendants first created WhatsApp accounts, to May 2019, when

13  Plaintiffs "closed the vulnerability" that allegedly allowed Pegasus to function over WhatsApp.

14  Defendants further object that this Request seeks irrelevant information because Defendants'

15  "financial statements, balance sheets, gross profits, cost of goods sold, and net profits" related to

16  Pegasus are irrelevant to any issue in this case. At a minimum, such information is premature

17  before liability is established and damages must be calculated.

18      The requested discovery, to the extent any exists, is withheld on these bases.

19

20   Dated:  July 6, 2020                          **KING & SPALDING LLP**

21

22                                                By: */s/Joseph N. Akrotirianakis*
                                                  _____
23                                                JOSEPH N. AKROTIRIANAKIS
                                                  Attorneys for Defendants
24

25

26

27

28

### PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California.  I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.

On July 6, 2020, I served the following documents in the manner described below:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**

☑      (BY U.S. MAIL)  I am personally and readily familiar with the business practice of King & Spalding LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

On the following part(ies) in this action:

### SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 6, 2020, at Los Angeles, California.

_____

MINA TUNSON

## <u>SERVICE LIST</u>

Travis LeBlanc, Esq.
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Email:  tleblanc@cooley.com

Daniel Grooms
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Email:  dgrooms@cooley.com

Ian Shapiro
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Telephone:  (212) 479-6000
Email:  ishapiro@cooley.com