# EXHIBIT B-2

**Exhibit B-2**

## GENERAL OBJECTIONS

2.      Defendants object to the Requests to the extent they seek information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

## REQUEST FOR PRODUCTION NO. 1

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation. Among other reasons, the Request seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the terms "deployment," "use," and "operation," as well as the phrase "targeted or directed at," are vague and ambiguous. Defendants further object that documents and communications relating to the deployment, installation, distribution, use and operation of Pegasus by Defendants' sovereign customers are third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, related to the development, testing, maintenance and troubleshooting of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any

other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

### REQUEST FOR PRODUCTION NO. 2

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO responsible for developing, testing, deploying, using, distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the terms "deploying," "using," and "operating," as well as the phrase "targeted or directed at," are vague and ambiguous. Defendants further object to this request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, distribute, or operate Pegasus or any other technology within the definition of "NSO SPYWARE." Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, sufficient to identify persons responsible for the development, testing, maintenance and troubleshooting of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate

substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 3

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO SPYWARE by third-parties, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and uses of NSO technologies other than the conduct described in the Complaint, which have no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to this Request to the extent that it seeks documents and communications in the custody and control of third parties, not Defendants. Defendants further object to the extent this Request seeks third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Defendants further object that the term "use" is vague and ambiguous, as is evidenced by the listing of "marketing materials" as an example of documents that supposedly concern the use of Defendants' technology by third parties; Defendants disagree that marketing materials about a technology, generally speaking, would be documents concerning the use of that technology by third parties. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged marketing materials, licensing agreements, user complaints, and training manuals or documents, if any exist, related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise

prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 4**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training of NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce documents and communications sufficient to identify the persons responsible for installation, maintenance or training related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), if any exist, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp or Facebook application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook vulnerabilities, contracts for services by vendors, or analyst work product and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to Facebook vulnerabilities, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the time period of this Request as arbitrary, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation. Plaintiffs' allegations relate to the period from January 2018, when Plaintiffs allege that Defendants first created WhatsApp accounts, to May 2019, when Plaintiffs "closed the vulnerability" that allegedly allowed Pegasus to function over WhatsApp. Seeking documents from four years before Plaintiffs allege that Defendants' alleged illegal conduct began and seven months after it ended is arbitrary and improper. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, from the time period between January 2018 and May 2019 that relate to the identification of the specific WhatsApp vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the identification and analysis of WhatsApp vulnerabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the term "bounties" is vague and ambiguous. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons that assisted in identifying the specific WhatsApp vulnerability allegedly exploited by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus

technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the phrase "targeting or directed at" are vague and ambiguous. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, related to the development and testing of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce documents and communications sufficient to identify the persons responsible for development, testing, or maintenance of the Pegasus technology

that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), if any exist, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other the Target Devices, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the phrases "processes [and] methods," "monitor," "exfiltrate data," and "command and control software or payloads" are vague and ambiguous. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the processes, methods and technology used by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and export data from such Target Devices, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or

directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 10:

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning mobile phone and device operating system vulnerabilities used by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other than the Target Devices, which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons responsible for identifying any mobile phone and device vulnerabilities used by the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants'

derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, related to the development and testing of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS against the mobile phone and devices of WHATSAPP USERS.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other than the Target Devices, which has no relevance to Plaintiffs' allegations or any issue in this case.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order,

11

Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons responsible for developing and testing the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the terms "processes" and "methods" are vague and ambiguous. Defendants further object to this request to the extent that it seeks documents and communications concerning conduct by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the processes, methods and technology used to install the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint

(Dkt. No. 1 at 2:6-7) on such Target Devices, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to the phrases "analysis, reverse engineering, disassembling, or emulating" and "application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications or analyses of the WhatsApp application, APIs, or network protocols" as vague and ambiguous. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to conduct related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the analysis, reverse engineering, disassembling, or emulating of the WhatsApp application to the extent related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants;

(3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the aspects of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) that were used by NSO to communicate with WhatsApp, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to "use" as vague and ambiguous. Defendants further object to this request to the extent it seeks documents and communications concerning WhatsApp Accounts used by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections. Defendants further object to this request to the extent it implies that Defendants "use" Pegasus, which is not the case.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning any WhatsApp accounts used by Defendants to develop, test, transmit, install, or distribute the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or section at NSO that assisted in creating, using, or

accessing each of the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the terms "using" and "accessing" as vague and ambiguous, and that the phrase "assisted in creating, using or accessing" is vague and ambiguous. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, sufficient to identify the persons who created and used the WhatsApp accounts used by Defendants to develop, test, transmit, install, or distribute the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY used to transmit any data or information from any device containing or infected with any NSO SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants'

derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the extent this Request seeks third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce responsive and nonprivileged documents and communications, if any exist, concerning the Pegasus technology that was used to transmit data or information from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to the terms "operation," "layers," "presentation and analysis," and "administration" as vague and ambiguous. Defendants further object to the phrase "data, transmission" as vague and ambiguous; Defendants will interpret that phrase as "data transmission."

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, sufficient to describe the design and operation of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants further object that the terms "operation" and "system architecture" are vague and ambiguous.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, sufficient to describe the design and operation of system architecture and technology of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a

disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants further object to the phrase "Anonymizing Transmission Network" as vague and ambiguous.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged documents, if any exist, sufficient to describe the Pegasus Anonymizing Transmission Network to the extent related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not limited to COMMUNICATIONS with the third-party providers from whom those servers were leased, and the locations of those servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as vague, ambiguous, and unintelligible because Requests Nos. 16, 19, 21, and 22 do not

mention servers or ask Defendants to identify specific servers. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that this Request seeks irrelevant information because the location of any third-party servers is irrelevant as a matter of law to any issue in this case.

The requested discovery, to the extent any exists, is withheld on these bases.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to describe all of the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the extent this Request seeks information that is not within Defendants' custody or control and/or third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants respond that as a general matter, NSO does not have access to the information NSO's customers obtain from target users or target devices, including through use of the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and NSO may only come into such information if it is provided to NSO by NSO's customer; to the extent Defendants have any responsive and nonprivileged documents, Defendants will produce documents sufficient to describe whatever information NSO has obtained from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines

discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

## REQUEST FOR PRODUCTION NO. 26:

ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in any way.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce its marketing, sales and promotional materials, if any exist, related to the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and which refer to WhatsApp or Facebook, that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and Facebook and the surveillance of Facebook and WhatsApp users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case, and "surveillance of Facebook . . . users," which does not relate to any claim or defense, which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and conditioned on whether the Court determines that discovery is proper at this stage in consideration of Defendants' motion to stay discovery, and subject to the Court's entry of a protective order, Defendants will produce nonprivileged and responsive communications with Westbridge Technologies, if any exist, related to WhatsApp and Facebook and the use of the Pegasus technology to monitor the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable search, provided that (1) the subject matter jurisdiction of this action is established and, if taken, any interlocutory appeal of such decision is determined; (2) Plaintiffs establish personal jurisdiction over Defendants; (3) the Court determines discovery is proper at this stage; and (4) Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. If the Court determines it has jurisdiction of the subject matter and personal jurisdiction over Defendants and that discovery is proper at this stage, and if Defendants are not otherwise prohibited from making such a disclosure, Defendants anticipate substantial completion of their responsive production within 180 days after such determinations by the Court.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS for calendar years 2014-2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate their General Objections, including that this Request purports to require Defendants to participate in this lawsuit in violation of Defendants' derivative sovereign immunity and Due Process rights and despite that Plaintiffs have not

established personal jurisdiction over Defendants. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology that was used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to the time period of this Request as arbitrary and overbroad because Plaintiffs' allegations relate to the period from January 2018, when Plaintiffs allege that Defendants first created WhatsApp accounts, to May 2019, when Plaintiffs "closed the vulnerability" that allegedly allowed Pegasus to function over WhatsApp. Defendants further object that this Request seeks irrelevant information because Defendants' "financial statements, balance sheets, gross profits, cost of goods sold, and net profits" related to Pegasus are irrelevant to any issue in this case. At a minimum, such information is premature before liability is established and damages must be calculated.

The requested discovery, to the extent any exists, is withheld on these bases.