# EXHIBIT C

New York
Northern California
Washington DC
São Paulo
London

Paris
Madrid
Hong Kong
Beijing
Tokyo

**Davis Polk**

**Antonio J. Perez-Marques**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4559 tel
antonio.perez@davispolk.com

July 9, 2020

Re:   *WhatsApp Inc. et al. v. NSO Grp. Techs. Ltd. et al.*, 4:19-cv-7123-PJH (N.D. Cal.)

Joseph N. Akrotirianakis
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Joe,

I write to follow up on our meet-and-confer discussion last week, which addressed the responses and objections served by your clients Messrs. Lavie and Shaner, and on the responses and objections we have since received from Defendants.

Although we are in principle amenable to discussing certain modifications to our requests to address certain of your objections, your clients have advanced at least two broad and improper objections that cut across Plaintiffs' requests and that, unless promptly withdrawn, would make further negotiations at this time futile and require Court intervention.

First, Defendants, Mr. Lavie and Mr. Shaner have all stated general objections based on an incorrect and unduly narrow reading of the complaint as limited to one particular software (Pegasus) and one particular series of attacks.  Specifically, "Defendants object to the Requests to the extent they seek information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called 'Pegasus' with respect to the 'Target Devices' described in the Complaint (Dkt. No. 1 at 2:6-7)," and reiterate their intent to limit productions accordingly throughout their specific objections.  Defs.' R&Os to Pls.' First RFPs at 2.  Similarly, Messrs. Lavie and Shaner "object[] to the Subpoena to the extent it seeks information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called 'Pegasus' to access 1,400 WhatsApp users' devices."  Lavie R&Os at 1; Shaner R&Os at 1.  As we have explained, Plaintiffs' allegations and claims are not limited to a single software (Pegasus) or a single exploit (the one Defendants were caught using in May 2019).  *See generally* ECF No. 109 (Pls.' Opp. to Defs.' Mot. to Dismiss Inj. Relief).  Therefore, it is improper to limit your production of documents on this basis.

Second, Defendants, Mr. Lavie and Mr. Shaner have all objected to producing any documents while Defendants' motion to stay discovery is pending.  Defs.' R&Os to Pls.' First RFPs at 3; Lavie R&Os at 2; Shaner R&Os at 2.  There is no lawful basis for Defendants to effectively grant their own motion while awaiting the Court's decision, or for Messrs. Lavie and Shaner to delay

2                                                                                                          July 9, 2020

their productions in the same way.  To the contrary, courts in this district have confirmed that discovery proceeds unless and until a stay issues.  *See, e.g.*, *Apple Inc. v. Eastman Kodak Co.*, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011).

These improper objections raise threshold issues.  In order to determine whether there are further productive discussions to be had at this time, or whether (as we believe is the case) we are at impasse as a result of these positions, please let us know by 5:30 pm Pacific time on Monday, July 13 whether your clients are standing on these objections or will agree to withdraw them.

Plaintiffs continue to reserve all rights.


Very truly yours,

*/s/ Antonio J. Perez-Marques*

Antonio J. Perez-Marques