# EXHIBIT D

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Joseph N. Akrotirianakis
Partner
Direct Dial: +1 213 443 4313
Direct Fax: +1 213 443 4310
jakro@kslaw.com

July 13, 2020

**VIA EMAIL**

Antonio J. Perez-Marques, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
antonio.perez@davispolk.com

Re: Subpoenas issued by Facebook to Non-Parties Omri Lavie and Josh Shaner

Dear Counsel:

This letter responds to yours, sent by email on July 10, concerning Facebook's subpoenas to our clients Omri Lavie and Josh Shaner. In your letter, you state that Facebook is amenable to discussing modifications of its requests. We would welcome a discussion about how to limit the overbroad requests served by your co-counsel.

Note that your letter appears to cite an unpublished order erroneously for the proposition that discovery in the Ninth Circuit proceeds in the absence of a stay without regard to objections. *Apple Inc. v. Eastman Kodak Co.*, No. CV 10-04145 JW PSG, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011) The actual holding of the case is: "Unless and until discovery is stayed, [the responding party] may not refuse to produce relevant responses and documents absent a valid objection." Id. (emphasis added).

Even if unpublished orders were binding, the one you reference would be inapplicable. Parties obviously may raise valid objections as a basis not to comply with objectionable discovery requests. Moreover, unlike the propounding party in *Apple Inc.*, Facebook has not established that the requested discovery meets the requirements of Federal Rule of Civil Procedure 26(b)(1), and we have not discussed all the objections asserted by nonparties Lavie and Shaner. We welcome a discussion concerning the additional objections and why Facebook believes its subpoenas comply with Rule 26(b)(1)'s proportionality requirement.

Antonio J. Perez-Marques, Esq.
Davis Polk & Wardwell LLP
July 13, 2020
Page 2


As we did discuss on June 30, Federal Rule of Civil Procedure 26(b)(1) limits a party's right to obtain discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," in light of enumerated factors that include the importance of the information and the burden of producing it. You assert that my clients' objections are "based on an incorrect and unduly narrow reading of the complaint" and claim that Facebook's "allegations and claims are not limited to a single software (Pegasus) or a single exploit." You drop a "see generally" citation to Facebook's opposition to NSO's motion to dismiss, Dkt. No. 109, but we do not believe that a "claim or defense" within the meaning of Rule 26(b)(1) can be established by arguments in that pleading. If there is authority to the contrary, we would welcome the opportunity to consider it. Alternatively, please identify a "claim or defense" in this case that mentions anything beyond the use of Pegasus with respect to the devices of specific WhatsApp customers (identified as "Target Devices" in the complaint).

As indicated above, we also would like to understand how Facebook's requests to Mr. Lavie and Mr. Shaner possibly can satisfy the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2). As you know, courts discourage burdensome discovery requests that misuse and weaponize the discovery process because they allow parties with unlimited legal budgets to impose exorbitant and unfair costs on opposing parties and non-party discovery targets such as Mr. Lavie and Mr. Shaner.

Finally, we have never discussed Defendants' objections and responses to the Rule 34 requests for production, which were not served until almost a week after our June 30 conference. If you would like to confer pursuant to Local Rule 37-1(a) about NSO's objections and responses, we would be pleased to do so. At our conference of counsel, consistent with the Local Rules, we propose to discuss Facebook's "contention that it is entitled to the requested discovery and … how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." L.R. 37-2. I think the Court expects lawyers to make a good-faith effort to tailor their requests and refrain from treating discovery as a fishing expedition. *See Apple Inc.*, 2011 WL 334669, at *3 (N.D. Cal. Feb. 1, 2011) (discussing's Apple's compliance with Rule 26(b)(1) and efforts to obtain discovery without court intervention).

Thank you for your consideration. Please contact me if further information is required.

Very truly yours,

Joseph N. Akrotirianakis

JNA:wt

cc:   A. Craig
      All Counsel for the Plaintiffs