# EXHIBIT F

# Davis Polk

| | |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Hong Kong |
| São Paulo | Beijing |
| London | Tokyo |

**Antonio J. Perez-Marques**

Davis Polk & Wardwell LLP  212 450 4559 tel
450 Lexington Avenue   antonio.perez@davispolk.com
New York, NY 10017

<u>Via Email</u>

July 19, 2020

Re:   *WhatsApp, Inc. et al. v. NSO Group Techs. Ltd. et al.*, 4:19-cv-7123 (N.D. Cal.)

Joseph N. Akrotirianakis
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Joe,

I am writing to follow up on my letter of July 14, 2020 and to request, once again, that you identify a time when you (or your colleagues) are available to meet and confer regarding the issues addressed in that letter.

As you know, we had indicated in my letter of July 9 that we believed we had a fundamental disagreement and, unless your clients abandoned their improper objections, would require Court intervention. You suggested in response that further meet-and-confer discussions were warranted, a suggestion that we accepted in good faith. Yet, since that time, you have rejected each and every time offered by Plaintiffs and have not offered any available times of your own, other than a window that, when accepted by Plaintiffs, you promptly withdrew. Indeed, I believe we proposed conferring every day of last week, and in each case either received no response at all or an excuse as to why the date would not work:

- On Friday, July 10, I suggested that we meet and confer on Monday, July 13, to which you responded that you were unavailable due to a court appearance. I offered to speak *after* your court appearance (notwithstanding the late hour on the East coast), but you indicated again that you were "not going to be able to do it after court" due to another "obligation."

- You suggested instead that we could speak on Tuesday, July 14, but you never proposed an actual time when you were available. Instead, the first we heard from you was your announcement at 5:06pm PST that you were "signing off for the day."

- I then sent my letter on Tuesday, July 14, asking for convenient times to meet and confer in the coming days. I offered two full days during which Plaintiffs' counsel could make

2                                July 19, 2020

    themselves available.  We did not receive a response, either to the letter or to the request to confer.

- On Wednesday, July 15, I *again* asked for a convenient time to meet-and-confer and proposed the following day, Thursday, July 16.  You again demurred, noting that you could not assemble the (unspecified) necessary participants and that you "ha[d]n't gotten all the way through [the] 7-page letter" I had sent the day before.

- You proposed speaking on Friday after 1:30pm Pacific, yet when I *accepted* your proposal and suggested a time of 2:00pm, in your offered window, you declined, this time pointing to the motion to dismiss decision.

We understand that we all have multiple matters and competing obligations.  At a certain point, however, this pattern begins to look like deliberate foot-dragging, and the failure to confer begins to look like a refusal to do so.  Our concern in that respect is heightened by your stated position that you do not believe your clients should be obligated to produce discovery at this time.

As you know, the Court has denied Defendants' motion to stay, so that objection is now off the table.  Your clients' objection as to the scope of discovery, which we also consider improper, continues to present in our view a fundamental dispute that we expect will require Court intervention.  We are prepared, however, to engage in a further meet-and-confer discussion to explore whether we are able to resolve it on our own.  As noted in my July 14 letter, that objection is in any event no obstacle to (or basis to refuse) producing the documents that you concede are relevant—namely all documents pertaining to the use of Pegasus against the 1,400 users, as further specified in Appendix A of my July 14 letter.

We look forward to your proposal of one or more times tomorrow, Monday July 20, or Tuesday July 21, when you or your colleagues are available to confer.  I can make myself available any time after 9am tomorrow, or on Tuesday between 8:00 and 11:00am or after 2pm, all times Pacific.

Plaintiffs continue to reserve all rights.

                                                   Very truly yours,

                                                   */s/* Antonio J. Perez-Marques

                                                 Antonio J. Perez-Marques