1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
   *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
   *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO STAY PENDING APPEAL**<br><br>*[Filed Concurrently with Declaration of Joseph N. Akrotirianakis and [Proposed] Order]*<br><br>Date:    September 9, 2020<br>Time:    9:00 a.m.<br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

**NOTICE OF MOTION**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") will bring this motion for hearing before the Honorable Phyllis J. Hamilton, Chief Judge for the United States District Court for the Northern District of California, Oakland Division, Courtroom 3.  This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently-filed Declaration of Joseph N. Akrotirianakis, the pleadings, papers and records on file in this case, and such oral argument as may be presented.

**REQUEST FOR RELIEF**

Defendants request the Court issue an order staying proceedings that would impose litigation burdens on Defendants pending the final resolution of their appeal of the Court's order denying their motion to dismiss for lack of subject-matter jurisdiction because the appeal automatically stays all such proceedings.[1]

**POINTS AND AUTHORITIES**

**I.    THE COURT SHOULD STAY PROCEEDINGS AFFECTING DEFENDANTS PENDING FINAL RESOLUTION OF DEFENDANTS' APPEAL**

On July 16, 2020, this Court denied Defendants' motion to dismiss the complaint for lack of subject-matter jurisdiction, rejecting Defendants' argument that they are protected by foreign sovereign immunity. (Dkt. No. 111 at 12-14.) On July 21, 2020, Defendants filed an interlocutory appeal. (Dkt. No. 112.)  Defendants' position on appeal is that the Court should have ruled that Defendants are entitled to derivative foreign sovereign immunity and dismissed the complaint for lack of subject-matter jurisdiction.  *See Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) (per

---

[1] In bringing this motion, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction.  Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

curiam) (permitting interlocutory appeals from denials of foreign sovereign immunity).

Defendants' appeal automatically stays all proceedings in this Court related to the subject-matter of the appeal. *E.g.*, *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 14, 2005). Because Defendants' appeal asserts immunity from participating in this action, the appeal gives rise to a stay of any proceedings that place "burdens of litigation" upon Defendants. *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D. Cal. Feb. 26, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)); *see J.P. ex rel. Villanueva v. County of Alameda*, 2018 WL 3845890, at *2–4 (N.D. Cal. Aug. 13, 2018) (qualified immunity); *Eckert Int'l, Inc. v. Government of Sovereign Democratic Rep. of Fiji*, 834 F. Supp. 167, 174 n.12 (E.D. Va. 1993) (sovereign immunity). Accordingly, this Court should issue an order staying all proceedings that impose litigation burdens on Defendants, until the Ninth Circuit resolves the appeal.

"As a general rule, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re Estate of Conners*, 6 F.3d 656, 658 (9th Cir. 1993). As a result, when a party files an interlocutory appeal, "the district court is divested of jurisdiction over the case, pending the appellate court's resolution of the appeal." *Microsoft Corp.*, 2005 WL 8165886, at *2 (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)). The appeal "automatically delay[s]" proceedings "until disposition of the appeal." *Chuman*, 960 F.2d at 105.

Defendants have filed an interlocutory appeal from this Court's order denying Defendants' motion to dismiss (Dkt. Nos. 112, 113), because the portions of that order declining to recognize Defendants' foreign sovereign immunity are immediately appealable under the collateral order doctrine. *Alto v. Black*, 738 F.3d 1111, 1125 (9th Cir. 2013); *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) (per curiam); *Microsoft Corp.*, 2005 WL 8165886, at *2. Consequently, Defendants' appeal automatically stays proceedings "over those aspects of the case involved in the appeal." *Conners*, 6 F.3d at 658.

Because Defendants' appeal involves its claim of foreign sovereign immunity, the "aspects

of the case involved in the appeal," *id.*, include any proceedings that require participation in "burdens of litigation." Foreign sovereign immunity "is an immunity from suit rather than a mere defense to liability," *Compania Mexicana de Aviacion, S.A. v. U.S. Dist. Ct.*, 859 F.2d 1354, 1358 (9th Cir. 1988), so a "defendant asserting immunity should be free from all burdens of litigation," *M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D. Cal. Feb. 26, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). Defendants' immunity defense applies to all of Plaintiffs' claims. On appeal, therefore, Defendants will maintain that they are immune from participation in any aspect of this case, including discovery and other proceedings. Those proceedings are thus "inextricably tied to the question of immunity." *Eckert*, 834 F. Supp. at 174 n.12 (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)). Those aspects of the case should not "go forward" while the Ninth Circuit considers whether they are permissible. *Id.*; see *J.P ex rel. Villanueva*, 2018 WL 3845890, at *2–4 (holding that appeal from denial of qualified immunity stayed "[d]iscovery and all district court proceedings" because the defense "pertains to all claims against" appealing defendants).

Courts in this District and others have recognized that a defendant's appeal from a denial of foreign sovereign immunity stays all proceedings during the pendency of the appeal. In *Microsoft Corp.*, a court in this District denied the defendant's motion to dismiss based on foreign sovereign immunity. 2005 WL 8165886, at *1. The defendant filed an interlocutory appeal of that decision, which the court held automatically stayed all proceedings. *Id.* at *2–3.

The same occurred in *Eckert*, where the court denied the defendant's motion to dismiss based on a claim of foreign sovereign immunity but held that the defendant's "interlocutory appeal divests th[e] [c]ourt of jurisdiction over the remaining matters." 834 F. Supp. at 174. Courts have reached the same conclusion in similar contexts involving immunity from suit. *E.g.*, *J.P. ex rel. Villanueva*, 2018 WL 384890, at *2–4; *see also Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990) (holding that "the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete" when "the central issue is the defendant's asserted right not to have to proceed to trial"); *Ashker v. Cate*, 2019 WL 1558932, at *4 (N.D. Cal. Apr. 10, 2019) (holding court is "divested of its control of any future aspects of the case" when "the very

continuation of th[e] case is the subject of a currently pending appeal"); *Hernandez v. City of San Jose*, 2017 WL 2081236, at *11–14 (N.D. Cal. May 15, 2017) (staying all proceedings pending appeal of denial of motion to dismiss based on qualified immunity); *United States v. Bhatia*, 2007 WL 2795066, at *1 (N.D. Cal. Sept. 26, 2007) (staying all proceedings pending defendant's appeal from "denial of a motion to dismiss an indictment based on collateral estoppel").[2]

This Court should reach the same conclusion and hold that Defendants' appeal stays all proceedings burdening Defendants.[3] Such a stay may be lifted only if the Court "issues a written certification that the appeal is frivolous or has been waived." *Microsoft Corp.*, 2005 WL 8165886, at *2. But that "power must be used with restraint," *Apostol*, 870 F.2d at 1339, and such a certification would not be justified here. An appeal is not frivolous merely because the court may find a defendant's arguments "unpersuasive," *Microsoft Corp.*, 2005 WL 8165886, at *3, "unlikely to succeed," *Sialoi v. City of San Diego*, 2014 WL 12669563, at *4 (S.D. Cal. Sept. 15, 2014), or even "weak," *Bhatia*, 2007 WL 2795066, at *2. Instead, an appeal is frivolous only when it "'so

---

[2] The only cases referenced by Plaintiffs during the parties' pre-filing conferencing of counsel were *Lewis v. Mutond*, 918 F.3d 142 (D.C. Cir. 2019), *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and *Martin v. Halliburton*, 618 F.3d 476, 485 (5th Cir. 2010). During the parties' conferencing, Plaintiffs' counsel represented that these authorities were the only authorities upon which Plaintiffs intended to rely in arguing that Defendants' appeal does not stay discovery. (Declaration of Joseph N. Akrotirianakis ¶ 4.) But none of these cases addresses the scope of a stay resulting from an interlocutory appeal. Plaintiffs argued that *Lewis* held that conduct-based foreign sovereign immunity is not an immunity from suit, but *Lewis* held no such thing, and the Ninth Circuit has held otherwise. *Dogan v. Barak*, 932 F.3d 888, 895 (9th Cir. 2019). Plaintiffs argued that *Campbell-Ewald* and *Martin* held that derivative domestic sovereign immunity is not an immunity from suit. With respect to *Campbell-Ewald*, that is false; the Supreme Court merely acknowledged that derivative domestic sovereign immunity is not "absolute." 136 S. Ct. at 672. That is also true of qualified immunity, which is undisputedly an immunity from suit. In its decision in *Martin*, the Fifth Circuit held that a denial of derivative domestic sovereign immunity is not immediately appealable, but the Ninth Circuit has held the opposite. *Del Campo v. Kennedy*, 517 F.3d 1070, 1074 (9th Cir. 2008); *see also In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 192–93 (2d Cir. 2008) (same). The Fifth Circuit's decision in *Martin* also has no bearing on whether this Court's denial of conduct-based sovereign immunity is immediately appealable.

[3] The stay does not bar proceedings that do not burden Defendants. *Ashker v. Cate*, 2019 WL 1558932, at *3 (N.D. Cal. Apr. 10, 2019). For example, the Court may still decide any motions that have already been fully briefed by Defendants. And Plaintiffs may still file an amended complaint (Dkt. No. 111 at 45), although Defendants' deadlines for responsive pleadings would be stayed.

baseless that it does not invoke appellate jurisdiction.'" *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostal*, 870 F.2d at 1339).[4]  That is not true of Defendants' assertion of foreign sovereign immunity, which is based on federal judicial decisions. (Dkt. No. 45 at 10; Dkt. No. 62 at 10.)  Although this Court found those cases distinguishable, Defendants' arguments warranted consideration and were not foreclosed by Ninth Circuit precedent. (Dkt. No. 111 at 14-15.)  That this Court was not persuaded does not mean the appeal is frivolous. *See Microsoft Corp.*, 2005 WL 8165886, at *3 (finding appeal "unpersuasive" but not frivolous because no case "expressly" rejected defendant's argument).[5]

## II.    CONCLUSION

For the foregoing reasons, the Court should stay all proceedings placing litigation burdens on Defendants until Defendants' appeal is finally resolved.

---

[4] *See also J.P.*, 2018 WL 3845890, at *2 ("'An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit,'" (quoting *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990))), and "[a]n appeal that is wholly without merit is one that is 'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side,'" (quoting *Schering Corp. v. First DataBank Inc.*, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339))).

[5] Even if the automatic stay did not apply to all proceedings burdening Defendants, it would at a minimum apply to discovery related to Defendants' foreign sovereign customers and the actions Defendants take on behalf of those customers. Defendants' sovereign immunity defense depends on their argument that they act only on behalf of foreign sovereigns. Plaintiffs dispute that claim (Dkt. No. 55 at 6-7), so they have requested discovery of (for example) the identities of Defendants' customers, those customers' activities, and Defendants' actions on behalf of those customers (Dkt. No. 95-2). All that discovery is directly relevant to Defendants' foreign sovereign immunity defense and is, therefore, related to the issues on appeal. *Conners*, 6 F.3d at 658. As a result, Defendants' appeal would stay that discovery even if stayed nothing else.

DATED:  August 5, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED