JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO STAY PENDING APPEAL**<br><br>Date:   September 9, 2020<br>Time:   9:00 a.m.<br>Ctrm:   3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), defendants in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. During a conference of counsel on Friday, July 31, 2020, I discussed with Plaintiffs' counsel, Antonio Perez-Marques, Esq., Defendants' position that Defendants' interlocutory appeal automatically stays proceedings in this court that would impose litigation burdens on Defendants. I cited to Mr. Perez-Marques the authorities on which Defendants based their position. Mr. Perez-Marques said he would review those cases.

3. At 5:56 p.m. on July 31, 2020, Mr. Perez-Marques sent me an email arguing his client's position that the cases I cited to him did not support Defendants' position. In response, Mr. Perez-Marques cited three cases: *Lewis v. Mutond*, 918 F.3d 142 (D.C. Cir. 2019), and *Martin v. Halliburton*, 618 F.3d 476 (5th Cir. 2010), and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). After reviewing those cases, I responded at 9:20 p.m. to explain that they address "a separate point of law" than whether Defendants' interlocutory appeal automatically stays proceedings in this Court. On Sunday, August 2, 2020, Mr. Perez-Marques agreed to discuss the issue during a previously scheduled conference of counsel at 2:00 p.m. on August 3, 2020. He said that Plaintiffs "fundamentally disagree" with Defendants' position, but he did not cite any cases other than *Lewis*, *Martin*, and *Campbell-Ewald*. At 1:55 p.m. on August 3, 2020, I sent Mr. Perez-Marques another email explaining in more detail why those cases do not address the relevant issue and citing a few more cases in support Defendants' position. I offered to "move the [2:00 p.m.] call back slightly" so Mr. Perez-Marques could "consider these cases." Mr. Perez-Marques did not respond to that email and chose not to delay the 2:00 p.m. call. A true and correct copy of this correspondence with Mr. Perez-Marques is attached as **Exhibit A**.

4. During the 2:00 p.m. conference of counsel on August 3, 2020, Mr. Perez-Marques again explained that Plaintiffs "fundamentally disagree" with Defendants' position. He expressed

an intent to file a motion to compel, but he did not otherwise respond to my 1:55 p.m. email (Exh. A) or cite any cases other than *Lewis*, *Martin*, and *Campbell-Ewald*.  During our August 3, 2020, conference of counsel, I specifically asked Mr. Perez-Marques whether Plaintiffs' intended to rely on *any* other authorities (other than *Lewis*, *Martin*, and *Campbell-Ewald*) in arguing that Defendants' interlocutory appeal does not stay any proceedings in this Court.  Mr. Perez-Marques answered that *Lewis*, *Martin*, and *Campbell-Ewald* were the authorities on which Plaintiffs would rely.

      I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 5th day of August 2020, at Altadena, California.

                           /s/ *Joseph N. Akrotirianakis*
                           JOSEPH N. AKROTIRIANAKIS