# EXHIBIT A

| | |
|---|---|
| **From:** | Akrotirianakis, Joe |
| **To:** | Perez-Marques, Antonio J.; Craig, Aaron; Noller, Matt |
| **Cc:** | Andres, Greg D.; Block, Micah G.; Marzorati, Luca |
| **Subject:** | RE: NSO |
| **Date:** | Monday, August 3, 2020 1:55:00 PM |

Tony,

I have reviewed the cases you sent and, as I said in my previous email, they address a different issue than whether an appeal from a denial of foreign sovereign immunity stays pretrial proceedings. *Lewis* has nothing to do with that question and, despite your quotation, does not discuss discovery at all. The Ninth Circuit has been clear that conduct-based sovereign immunity is "'an immunity from suit rather than a mere defense of liability.'" *Dogan v. Barak*, 932 F.3d 888, 895 (9th Cir. 2019). *Campbell-Ewald* is similarly off-base, since the language you quote from that decision was simply recognizing that there are limits to the circumstances in which derivative sovereign immunity exists. That is also true of qualified immunity, but there is no question that qualified immunity is an immunity from suit.

*Martin* held that a denial of derivative domestic sovereign immunity is not immediately appealable, but the Ninth Circuit has held otherwise. *Del Campo v. Kennedy*, 517 F.3d 1070, 1074 (9th Cir. 2008); *see also In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 192–93 (2d Cir. 2008) (same). *Martin* would also not prevent an appeal from a denial of conduct-based foreign sovereign immunity, which your email recognizes is at issue here. Nor did *Martin* address whether a proper appeal would stay proceedings in the trial court. As I read it, the law is clear that an interlocutory appeal stays proceedings - even pretrial proceedings - during the appeal. For example, the *Microsoft* case I provided you stayed all proceedings following the denial of a motion to dismiss, not just trial. None of the cases you have provided hold otherwise.

We will speak with you shortly. If you'd like to move the call back slightly in order to consider these cases, please let me know.

---

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com

---

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Friday, July 31, 2020 5:56 PM
**To:** Akrotirianakis, Joe <JAkro@KSLAW.com>; Craig, Aaron <ACraig@KSLAW.com>; Noller, Matt <MNoller@KSLAW.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** NSO

**External Sender**
Joe,

Thank you for providing us with case citations on our call this afternoon.

We've taken a look at the cases you cited, and we disagree that they support your position that discovery as to NSO should not go forward pending your noticed appeal. The cases you provided concern rights not to be tried. The two immunity defenses that are the subject of your appeal by contrast are defenses that would, at most, provide immunity from judgment, not immunity from suit. *See Lewis v. Mutond*, 918 F.3d 142, 146 (D.C. Cir. 2019) (rejecting the notion that conduct-based foreign official immunity prevents "[t]aking . . . foreign officials away from their official duties," as may occur in discovery); *Martin v. Halliburton*, 618 F.3d 476, 485 (5th Cir. 2010) (holding that "derivative [domestic] sovereign immunity" confers only immunity from liability, not suit); *see also Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016) (cautioning that while "government contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the United States[,] . . . [t]hat immunity, . . . unlike the sovereign's, is not absolute.").

It appears we have a fundamentally different view of the law.

Best,

Tony

Antonio J. Perez-Marques
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212 450 4559   tel
212 701 5559   fax
antonio.perez@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.