Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN DEADLINES FOR MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Ctrm:  3<br>Before the Honorable Phyllis J. Hamilton<br><br>Action Filed: Oct. 29, 2019 |

On July 21, 2020, Plaintiffs WhatsApp Inc. and Facebook, Inc. (together, "Plaintiffs") initiated discussions on a stipulated protective order and sent a draft to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO"). Despite the parties' progress through the meet and confer process, a mere ten days later, on Friday, July 31, NSO proposed an entirely new and different draft protective order—as NSO acknowledges.[1] Because their new draft departs materially from this District's model order, backtracks on numerous issues already resolved in the parties' negotiations, and threatens unfair prejudice (because it fails to address the Parties' needs), Plaintiffs declined to accept it and urged NSO instead to proceed with the ongoing negotiations. NSO then abruptly moved the Court to enter its novel and one-sided protective order, and further moved to shorten time for Plaintiffs to respond.[2]

The motion to shorten Plaintiffs' time to respond should be denied because it fails to show good cause as required by the Local Rules, which—among other things—require the moving party to identify the "substantial harm or prejudice that would occur if the Court did not change the time." Civ. L.R. 6-3(a). Defendants do not even cite this standard, let alone meet it. NSO's motion is not predicated on "substantial harm or prejudice," but instead relies on vague assertions that NSO has "recently obtained" some unspecified "information" that NSO's counsel "believes is of great importance"—without specifying why, or to what issues, it is "important," let alone why it requires expedited consideration and entry of NSO's one-sided alternative protective order. Mot. to Shorten at 1. Likewise, NSO's motion urges that this "information" must be made available to the Court and Plaintiffs "quickly," but offers no basis for its claims of urgency (other than NSO's "belief" that it is urgent). *See id.* at 1–2. The motion to shorten time should therefore be denied.

In addition, the motion for entry of NSO's proposed protective order should be denied as premature given NSO's failure to satisfy its meet-and-confer obligations under Local Rule 37-1(a), which requires "counsel [to] have previously conferred for the purpose of attempting to resolve all

---

[1] *See* Declaration of Joseph N. Akrotirianakis in Support of Motions of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited for a Protective Order and to Shorten Filing Deadlines, Dkt. No. 115-1 ¶¶ 4–8 ("Defs.' Decl.").

[2] *See* Defs.' Mot for Entry of Protective Order, Dkt. No. 114 ("Mot."); Defs.' Mot. to Shorten Deadlines for Mot. for Entry of Protective Order, Dkt. No. 115 ("Mot. to Shorten").

disputed issues" before the Court "will [] entertain a request or a motion to resolve a . . . discovery dispute." As noted, the Parties had made substantial progress toward a stipulated protective order before NSO submitted to the Court a new proposal that the Parties have not discussed in any detail. If the Court desires further briefing on the merits of NSO's new proposal, Plaintiffs are prepared to respond. But that is unnecessary. The Court should instead reject NSO's attempt to end-run the discovery process in violation of the Local Rules. Civ. L.R. 37-1(a).

To be clear, Plaintiffs share NSO's interest in moving discovery ahead and look forward to receiving discovery from NSO, which NSO has thus far refused to provide. *See* Plaintiffs' Motion to Compel Discovery, Dkt. No. 116. To that end, Plaintiffs offer an alternative approach and respectfully submit that, rather than enter a deadline for briefing on NSO's motion for entry of its preferred protective order, the Court should enter a prompt deadline—e.g., four days from its ruling on this motion, which is the deadline NSO requested for a responsive brief—for the Parties to complete their meet-and-confer discussions and submit either a stipulated protective order or a joint statement identifying the issues still in dispute after the meet-and-confer process has been completed. This would make more efficient use of the Court's time, advance the exchange of discovery, and avoid needless motion practice.

I. **NSO HAS NOT SHOWN GOOD CAUSE FOR SHORTENING TIME**

NSO's motion to shorten time should be denied for failure to demonstrate good cause as required by the Local Rules. Local Rule 6-3 requires a party seeking to shorten time to identify the "substantial harm or prejudice that would occur if the Court did not change the time" and set forth "with particularity[] the reasons for the requested . . . shortening of time." Civ. L.R. 6-3(a). Under this Rule, the moving party must "sufficiently set forth a 'substantial harm or prejudice' that would result from the denial of the motion," and may not leave the Court "to guess or read between the lines of [the moving party's] briefs and declaration to suss out the prejudice they might suffer." *Wilson v. Frito-Lay N. Am., Inc.*, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015); *see also O'Connor v. Uber Techs., Inc.*, 2013 WL 5232500, at *2 (N.D. Cal. Sept. 17, 2013) (denying motion to shorten time where movant failed to "specifically identif[y] an impending time-critical event that would warrant shortening time").

2

NSO has not established that it will face any substantial harm or prejudice if its motion to shorten time is denied. Nor has it identified any "impending time-critical event" or other particularized reason to shorten time. Instead, NSO merely intimates that (1) it has "recently obtained" unspecified "information" that it believes "is of considerable importance," and that it "believe[s] it is urgent" for the Court and Plaintiffs to receive; (2) "Plaintiffs will be prejudiced because they are continuing to litigate the matter actively without the important information"; (3) the "Court will be prejudiced because it will be presiding over a matter without information that will affect the orderly disposition and litigation of this case"; and (4) NSO will be "prejudiced because, at pain of legal sanction, [it] will be required to withhold the important information." Mot. to Shorten at 1–2. But NSO never explains why the relief it seeks—i.e., expedited entry of its preferred form of a protective order, notwithstanding that the parties have not meaningfully conferred regarding it—is necessary for it to provide the Court or Plaintiffs this unspecified "information." Nor does it identify the "pain of legal sanction" that it fears, or why the protective order already under negotiation cannot address it.

NSO's generic and unsupported statements do not constitute the good cause that Local Rule 6-3 requires. Civ. L.R. 6-3(a); *see Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion to shorten where the plaintiff's statements in support of the motion were "generic and unsupported"). The Court should therefore deny NSO's motion to shorten time.

## II.  NSO'S MOTION FOR A PROTECTIVE ORDER IS PREMATURE

In the interest of judicial efficiency, the Court should not only deny NSO's motion to shorten time but also deny NSO's motion for entry of a protective order as premature because NSO has demonstrably failed to comply with its meet-and-confer obligations. Civ. L.R. 37-1(a). Instead of entering a shortened deadline for further briefing on NSO's motion, Plaintiffs respectfully submit that the Court should direct the parties to complete their negotiations as to the comprehensive protective order already under discussion and submit either an agreed order or a joint letter setting forth the remaining disputes, if any, within four days of the Court's order on the motion to shorten time. Doing so would lead to the result NSO claims to want, and which Plaintiffs certainly want—i.e., the expeditious entry of a protective order—without unnecessarily burdening

3

Pls.' Opp. to Defs.' Mot. to Shorten Deadlines for Mot. for Entry of Protective Order
Case No. 4:19-cv-07123-PJH

the Court. Moreover, it is likely to produce that outcome *faster* than NSO's needless motion practice.

Local Rule 37-1(a) requires "counsel [to] have previously conferred for the purpose of attempting to resolve all disputed issues" before the Court "will [] entertain a request or a motion to resolve a . . . discovery dispute." NSO has not met those obligations. Even on NSO's *own* version of the facts, it is clear that NSO has improperly curtailed the parties' discussions and pushed its new protective order before the Court without conferring as the Local Rules require. As NSO acknowledges, the Parties began negotiating a protective order on July 21, when *Plaintiffs* proposed a draft order. *See* Mot. at 2. Those discussions proceeded for only ten days before NSO veered away by suggesting that the Parties stipulate to a different protective order. *See* Defs.' Decl. ¶¶ 4–5; Declaration of Micah Block ¶¶ 3, 5 ("Block Decl."). NSO then sent its new proposed protective order to Plaintiffs on July 31. Defs.' Decl. ¶ 6.³ Plaintiffs offered to discuss a temporary accommodation for the information NSO wanted to provide, but NSO declined. Block Decl. ¶ 7. After Plaintiffs declined to stipulate to NSO's unilateral new proposal during a meet-and-confer the next business day, NSO filed its motions that same day. *See* Defs.' Decl. ¶¶ 5–8.

Since NSO's filings, Plaintiffs have continued to seek a negotiated resolution. As recently as August 6 (yesterday), Plaintiffs again offered to negotiate appropriate protections for whatever information NSO wants to share "urgently," and proposed agreeing to complete negotiations for a protective order this coming Monday, August 10. *See* Block Decl. ¶ 9. NSO did not agree. *See id.*

Far from having "attempt[ed] to resolve all disputed issues" regarding NSO's proposed protective order, Civ. L.R. 37-1(a), the Parties have not even *discussed* that version in any detail. *See* Block Decl. ¶ 7. NSO's proposal diverges from this District's Model Order, as NSO acknowledges. *See* Defs.' Decl. ¶¶ 3, 5–6. And although NSO represents that its proposal is "based on" the Model Order "except as noted with underscored text," Mot. at 3, NSO failed to identify numerous provisions it *omitted* from the Model Order. *See* Block Decl. Ex. E. Moreover,

---

³ NSO describes its proposed protective order as "temporary," Mot. to Shorten at 1, but offers a draft that would govern until superseded. Dkt. No. 114-1 at 2-3. Nothing in NSO's proposal would prohibit it from refusing to negotiate a superseding order and leaving its form in place.

NSO's draft backtracks on the progress the Parties made toward a protective order before NSO changed tack. Indeed, relatively few disputes remain in the parties' most recent drafts. *See* Block Decl. ¶ 4 & Ex. B.

NSO's departures from the model and from the parties' negotiations threaten unfair prejudice to Plaintiffs by restricting use and/or disclosure of protected material in a manner that will likely interfere with Plaintiffs' ability to conduct the litigation, and Plaintiffs are prepared to submit a merits brief explaining in further detail why Plaintiffs' motion for a protective order should be denied. However, Plaintiffs respectfully submit that in the interest of efficiency, the Court should not only deny NSO's motion to shorten time, but also dispense with further briefing on NSO's motion for entry of protective order, and instead direct the Parties to promptly conclude negotiations on a general protective order under the expedited procedure outlined above. Plaintiffs have provided a proposed order to this effect for the Court's convenience.

In the alternative, if the Court prefers immediately to enter a protective order, the Court should enter the order attached as Exhibit B to the Block Declaration, which reflects the Parties' original discussions. Although NSO has insisted (without any specific explanation of why) that the Court enter a protective order urgently, it has not explained why *its* preferred form of such an order should be entered. If any protective order is to be entered now, it should be Plaintiffs' proposal—which, unlike NSO's version, reflects at least some discussion and agreement between the Parties.

**CONCLUSION**

Plaintiffs respectfully request that the Court (1) deny Defendants' Motion to Shorten Deadlines, (2) deny Defendants' Motion for a Protective Order as premature, and (3) enter the attached order setting a deadline for the Parties to complete their negotiations and either submit a stipulated protective order, or a joint submission regarding any disputed issues, by four days after entry of the Court's order on the Motion to Shorten Deadlines. In the alternative, if the Court is inclined to enter a protective order immediately, Plaintiffs respectfully request that it enter the order attached as Exhibit B to the Block Declaration.

5

Pls.' Opp. to Defs.' Mot. to Shorten Deadlines for Mot. for Entry of Protective Order
Case No. 4:19-cv-07123-PJH

| | | |
|---|---|---|
| Dated: August 7, 2020 | | Respectfully Submitted, |
| | | DAVIS POLK & WARDWELL LLP |
| | By: | */s/ Micah G. Block* |
| | | Greg D. Andres |
| | | Antonio J. Perez-Marques |
| | | Craig T. Cagney |
| | | (admitted *pro hac vice*) |
| | | DAVIS POLK & WARDWELL LLP |
| | | 450 Lexington Avenue |
| | | New York, New York 10017 |
| | | Telephone: (212) 450-4000 |
| | | Facsimile: (212) 701-5800 |
| | | Email: greg.andres@davispolk.com |
| | | antonio.perez@davispolk.com |
| | | craig.cagney@davispolk.com |
| | | |
| | | Micah G. Block (SBN 270712) |
| | | DAVIS POLK & WARDWELL LLP |
| | | 1600 El Camino Real |
| | | Menlo Park, California 94025 |
| | | Telephone: (650) 752-2000 |
| | | Facsimile: (650) 752-2111 |
| | | Email: micah.block@davispolk.com |
| | | |
| | | *Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.* |