Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN DEADLINES FOR MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Ctrm:  3<br>Before the Honorable Phyllis J. Hamilton<br><br>Action Filed: Oct. 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, a member of the bar of this Court, and a partner with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp Inc. and Facebook, Inc. (together, "Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Shorten Deadlines for Motion for Entry of Protective Order filed concurrently herewith.

3. On Tuesday, July 21, 2020, I initiated discussions with opposing counsel regarding a protective order to govern this case by sending a proposed protective order to counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO"). That draft protective order was based on this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (hereinafter the "Model Order"), and in order to facilitate discussions with NSO, I provided a redline comparison to the Model Order along with the draft protective order. On Friday, July 24, 2020, NSO provided comments on the draft protective order. By the following Friday, July 31, 2020, and after discussing with my clients, I provided a further revised version of the draft protective order to NSO, accepting some but not all of NSO's proposed revisions. That afternoon, NSO requested a meeting to discuss Facebook's comments. I responded promptly and the parties agreed to confer on Monday, August 3, 2020.

4. A true and correct copy of the parties' email exchanges referenced in paragraph 3 is attached as Exhibit A. The most recent draft protective order reflecting these discussions is attached as Exhibit B in "comparison" form. The language struck through represents NSO proposals to which Plaintiffs have not agreed. The language underscored represents Plaintiffs' proposals to which NSO has not agreed. The rest of the language is not disputed at this time.

5. Also on Friday, July 31, 2020, NSO informed Plaintiffs for the first time that it had "discovery and other important confidential information that bears on discovery to share with [Plaintiffs] on an attorney's eyes only basis" and that it "need[ed] a protective order to allow [it] to

1

do so." NSO then proposed that the parties submit an alternative protective order to the Court. NSO's alternative protective order did not reflect the parties' prior discussions.

6. True and correct copies of the parties' email exchanges referenced in paragraph 5 are attached as Exhibits C and D. Attached as Exhibit E is a true and correct copy of a redline comparison reflecting changes between that proposal and the Model Order.

7. The parties conducted a telephonic meet-and-confer on August 3, 2020. During that call, Plaintiffs offered to discuss a letter agreement or other temporary accommodation for the information NSO wanted to provide, but declined to accept NSO's proposed alternative protective order. The parties did not discuss NSO's proposed alternative protective order in any detail. Plaintiffs explained to NSO that Plaintiffs oppose diverting the parties' efforts from ongoing negotiations on a mutually acceptable stipulated protective order and starting over with NSO's new proposal, including because NSO's new proposal substantially departs from the Model Order and backtracks on the parties' negotiations to date. Plaintiffs also proposed that the parties agree to expedite negotiations on a general protective order, and could submit to the Court any remaining disputes after concluding such negotiations. NSO did not accept that proposal. NSO asked if Plaintiffs would oppose a motion to shorten time for briefing on a motion to enter a limited protective order. Plaintiffs stated they would oppose such a motion, but reiterated that they would welcome expediting negotiations on a general protective order. NSO then asked Plaintiffs to explain Plaintiffs' comments to the draft stipulated order, which Plaintiffs did. Plaintiffs also asked whether NSO's counsel was prepared during the call to agree to any the Facebook proposals remaining in dispute. NSO's counsel confirmed they were not. NSO has yet to respond substantively on these issues.

8. Later on August 3, 2020, NSO filed its Motion for Entry of Protective Order (Dkt. No. 114) and Motion to Shorten Deadlines for Motion for Entry of Protective Order (Dkt. No. 115).

9. On August 6, 2020, NSO notified Plaintiffs that it intends to ask the Court to change the time to oppose Plaintiffs' motion to compel to a date after September 9, 2020, on the basis of NSO's assertion that it is unable to share certain information with Plaintiffs in the absence of a protective order. In response, Plaintiffs offered to work with NSO on appropriate protections for

2

Decl. of Micah G. Block ISO Pls.' Opp. to Defs.' Mot. to Shorten Deadlines for Mot. for Entry of Protective Order - Case No. 4:19-cv-07123-PJH

1  that information and noted that such an approach would eliminate the need to disrupt the Court's
2  briefing on the motion to compel and would moot NSO's Motion to Shorten Deadlines for Motion
3  for Entry of Protective Order and Motion for Entry of Protective Order.  NSO did not accept
4  Plaintiffs' invitation to work to a negotiated solution for the information it wants to share.
5  Plaintiffs also proposed that the parties should agree to complete their meet-and-confer efforts on
6  the comprehensive protective order by August 10, 2020.  NSO indicated willingness to confer, but
7  did not agree to a deadline to complete those negotiations.

8      10.    A true and correct copy of the parties' email exchanges referenced in paragraph 9 is
9  attached as Exhibit F.

10      I declare under the penalty of perjury that the foregoing is true and correct.
11      Executed this 7th day of August 2020 in Redwood City, California.

By:  /s/ *Micah G. Block*
      Micah G. Block