1    JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
       *jakro@kslaw.com*
2    AARON S. CRAIG (Bar No. 204741)
       *acraig@kslaw.com*
3    KING & SPALDING LLP
     633 West Fifth Street, Suite 1700
4    Los Angeles, CA 90071
     Telephone:    (213) 443-4355
5    Facsimile:    (213) 443-4310

6    Attorneys for Defendants NSO GROUP TECHNOLOGIES
     LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

                            OAKLAND DIVISION
10

11   WHATSAPP INC., a Delaware corporation,      Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
12   corporation,                                **DEFENDANTS NSO GROUP
                                                 TECHNOLOGIES LIMITED
13                  Plaintiffs,                  AND Q CYBER TECHNOLOGIES
                                                 LIMITED'S MOTION TO EXTEND TIME
14          v.                                   TO OPPOSE PLAINTIFFS' MOTION TO
                                                 COMPEL**
15   NSO GROUP TECHNOLOGIES LIMITED
     and Q CYBER TECHNOLOGIES LIMITED,           *[Filed Concurrently with Declaration of
16                                               Joseph N. Akrotirianakis and [Proposed]
                    Defendants.                  Order]*
17
                                                 Ctrm:    3
18                                               Judge:   Hon. Phyllis J. Hamilton
19
                                                 Action Filed:   10/29/2019
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively with NSO, "Defendants") hereby move the Court for an order extending the time for Defendants to oppose Plaintiffs' motion to compel.[1]

## STATEMENT OF RELIEF SOUGHT

Defendants seek an order extending the deadline for their opposition to Plaintiffs' motion to compel (Dkt. No. 116) because they are unable to disclose information relevant to the motion until the Court enters a protective order allowing Defendants to produce documents to Plaintiffs on an attorney's eyes only basis.

As explained in Defendants' recent motions related to their request for a protective order, Defendants recently obtained information that bears on the issues raised in Plaintiffs' motion to compel, but Defendants are unable to disclose it without violating certain legal obligations until a protective order is in place.  If Defendants were required to file their opposition to Plaintiffs' motion to compel without the protective order, Defendants' brief could not be fully candid about matters relevant to the orderly management of the case, including Plaintiffs' motion to compel. Accordingly, Defendants ask the Court to extend the deadline for Defendants to oppose Plaintiffs' motion until ten days after the Court issues a protective order. *See* Local Rule 6-1(b).[2]

## POINTS AND AUTHORITIES

It is not unusual for a party to litigation that involves sensitive information to need the Court to enter a protective order before the information is disclosed; that is the point of the Court's

---

[1]  In bringing this motion, Defendants do not concede that they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction.  Defendants also do not concede that this Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

[2]  To the extent "symmetry" between Plaintiffs' motion to compel and Defendants' motion for a stay pending appeal (Dkt. No. 117) (both filed August 5, 2020) is important, Defendants would not object to an equivalent extension of Plaintiffs' deadline to oppose Defendants' motion to stay pending appeal.

model order.  As explained in Defendants' motion for entry of a protective order, Defendants are in possession of information that is of considerable importance to the orderly administration of this case.  (Akro. Decl. ¶ 2.)  Unfortunately, Defendants and their counsel cannot disclose it to Plaintiffs' outside counsel without violating legal obligations, unless there is an order in place that governs any further disclosure of the information by Plaintiffs' outside counsel.  (*Id.*)  Thus far, Plaintiffs have refused to stipulate even to a streamlined temporary Protective Order.  (*Id.*)  As a result, Defendants have moved this Court to enter a Protective Order allowing Defendants to disclose their important information to the Court and to Plaintiffs' outside counsel on an "attorneys' eyes only" basis.

This motion does not seek to delay the proceeding.  The absence of a protective order is the only reason for the extension requested by this motion.  In the absence of such a Protective Order, Defendants cannot oppose Plaintiffs' motion to compel without, by omission, misleading the Court (without, of course, any intention of doing so).  (*Id.* ¶ 3.)  With a protective order that allows such a disclosure, Defendants could timely respond to Plaintiffs' motion on the current schedule.

To avoid misleading the Court about their position regarding the motion to compel, Defendants must be able to disclose their information.  (*Id.* ¶¶ 3, 7.)  But Defendants cannot do so until this Court grants Defendants' motion for a protective order or otherwise issues a protective order permitting Defendants to provide information to Plaintiffs on an attorney's eyes only basis that restricts the further disclosure of the information.  (*Id.* ¶ 3.)

Accordingly, on August 6, 2020, Defendants' counsel asked Plaintiffs' counsel (by email) to stipulate to an extension of the briefing schedule on Plaintiffs' motion to compel until after the hearing date for Defendants' motion for a protective order.  (*Id.* ¶ 4.)  Plaintiffs' counsel refused.  (*Id.* ¶ 5.)[3]

Defendants thus ask this court to extend their deadline to oppose Plaintiffs' motion to

---

[3] The accompanying Declaration of Joseph N. Akrotirianakis provides more background information relevant to this motion and Defendants' compliance with Local Rules 6-3 and 37-1(a).

1  compel.  Specifically, Defendants ask the Court to set the deadline for their opposition as ten days

2  following the entry of a protective order.  Such a schedule will allow the Court to properly evaluate

3  and decide Plaintiffs' motion to compel with all relevant information.  If the requested relief is not

4  granted, the Court and Plaintiffs will be prejudiced because they will receive an incomplete picture

5  of the case's status, possibly leading to wasteful expenditures of time and resources.  Defendants

6  will also be prejudiced because they will be unable to oppose Plaintiffs' motion to compel without

7  potentially misleading the Court and Plaintiffs.

8        For the foregoing reasons, Defendants respectfully request that the Court extend the

9  deadlines related to Plaintiffs' motion to compel, as described above and in the accompanying

10  Proposed Order.

11

12  DATED:  August 7, 2020                KING & SPALDING LLP

13

14

15                                 By:  /s/ Joseph N. Akrotirianakis
                                       JOSEPH N. AKROTIRIANAKIS
16                                     AARON S. CRAIG
                                       Attorneys for Defendants NSO GROUP
17                                     TECHNOLOGIES LIMITED and Q
                                       CYBER TECHNOLOGIES LIMITED
18

19

20

21

22

23

24

25

26

27

28