JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>       v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO EXTEND TIME TO OPPOSE PLAINTIFFS' MOTION TO COMPEL**<br><br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1.      I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), defendants in this action.  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.      Defendants are in possession of information Defendants (and I as their counsel) believe is of considerable importance to the orderly administration and litigation of this case.  Unfortunately, Defendants and their counsel cannot disclose that important information to Plaintiffs' outside counsel without violating Defendants' legal obligations, unless there is an order in place that governs Plaintiffs' outside counsel's further disclosure.  Because the parties have been unable to stipulate to any such protective order, Defendants have moved this Court for the entry of an interim protective order to govern the parties' exchange of documents until the parties are able to agree upon a permanent, comprehensive order.  (*See* Dkt. No. 114.)

3.      On August 5, 2020, Plaintiffs filed a motion to compel.  That motion to compel asks the Court to reject two (of a number of) objections Defendants have raised to Plaintiffs' requests for production.  The important information referenced in paragraph 2, above, is relevant to Plaintiffs' motion to compel, because the information will significantly affect proceedings in this case.  Until Defendants are able to disclose the information in their possession, they cannot oppose Plaintiffs' motion to compel without running a risk of misleading the Court (albeit without any intention of doing so).

4.      At 3:14 p.m. on August 6, 2020—less than 24 hours after Plaintiffs' filed their motion to compel—my partner Aaron Craig emailed Plaintiffs' counsel Antonio Perez-Marques, Esq., explaining that, in the absence of a protective order, "any opposition to the motion to compel that [Defendants] would file would necessarily be materially misleading."  Mr. Craig asked Plaintiffs' counsel to stipulate to an extension of Defendants' deadline to oppose Plaintiffs' motion "to a date after September 9, 2020," the date for which Defendants' motion for entry of a protective order is presently noticed for hearing.

5.     At 6:26 p.m. on August 6, Mr. Perez-Marques responded that Plaintiffs would not stipulate to the requested extension.  Despite his previous refusal to stipulate to a streamlined protective order allowing the disclosure of Defendants' information, Mr. Perez-Marques requested an explanation "of what restrictions you think should apply to this information."

6.     At 6:42 p.m. on August 6, I responded to Mr. Perez-Marques, explaining that the "restrictions required" are those "set forth in [Defendants'] motion for a protective order."  As I had previously, I suggested that the parties "stipulate to the interim order we have now proposed to [Plaintiffs] and to the Court."  The following morning, August 7, another of Plaintiffs' counsel, Micah Block, Esq., responded to my August 6 email to Mr. Perez-Marques.  On behalf of Plaintiffs, Mr. Block again refused to agree to an extension of deadlines related to Plaintiffs' motion to compel. A true and correct copy of the August 6-7 correspondence with Mr. Perez-Marques is attached as **Exhibit A**.

7.     Defendants seek an extension of their deadline to oppose Plaintiffs' motion to compel because, in the absence of a protective order, Defendants cannot oppose that motion without misleading the Court.[1]  Without a protective order, Defendants' opposition would leave so many pertinent facts, that the opposition would be misleading by omission.  To ensure that the Court can consider Plaintiffs' motion to compel with all relevant information bearing on that motion and Defendants' opposition to it, Defendants should not be required to oppose Plaintiffs' motion to compel until the Court enters a protective order allowing Defendants to disclose their information to Plaintiffs and the Court.  With an appropriate protective order such as that Defendants have requested (Dkt. No. 114), Defendants could timely respond to Plaintiffs' motion to compel by the current deadline of August 19, 2020.

8.     If the Court denies Defendants' accompanying motion to extend time to oppose Plaintiffs' motion to compel and does not enter a protective order before August 19, 2020, I believe the Court and all parties will be prejudiced.  The Court and Plaintiffs will be prejudiced because

---

[1] Plaintiffs' motion to compel does not address all of Defendants' objections to Plaintiffs' requests for production. So even if the Court were to overrule the two objections raised in Plaintiffs' motion, there would remain other objections not addressed by Plaintiffs' motion to compel.

1    they will receive an incomplete picture of the case's status, leading to wasteful expenditures of

2    time and resources.  Defendants will also be prejudiced because they will be unable to be fully

3    forthcoming in response to Plaintiffs' motion to compel.

4         9.      The Court has not granted any other modification to the deadlines relevant to

5    Plaintiffs' motion compel.  The Court previously granted in part and denied in part stipulated

6    modifications to the briefing schedules for Defendants' motion to dismiss and Plaintiffs' motion

7    to disqualify Defendants' counsel. (Dkt. Nos. 50, 74.)  Defendants have filed a motion to shorten

8    the deadlines related to their motion for entry of a protective order, which is currently pending.

9         10.     The requested time modification will not affect the schedule of the case, except

10   insofar as it may secure the just, speedy, and inexpensive determination of the action. Fed. R. Civ.

11   P. 1.

12        I declare under the penalty of perjury and the laws of the United States that the foregoing

13   is true and correct this 7th day of August 2020, at Altadena, California.

14

15        /s/ *Joseph N. Akrotirianakis*
          JOSEPH N. AKROTIRIANAKIS

16

17

18

19

20

21

22

23

24

25

26

27

28