UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER DENYING MOTION TO SHORTEN TIME**<br><br>Re: Dkt. No. 115 |

　　　　Before the court is defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.'s motion to shorten time for deadlines on their motion for protective order. The matter is suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion to shorten time.

　　　　On August 3, 2020, defendants filed a motion for protective order to be heard September 9, 2020. Dkt. 114. The same day defendants filed the present motion to shorten deadlines requesting that plaintiffs WhatsApp Inc. and Facebook Inc. be ordered to respond to defendants' motion for protective order within four court days and, in the interest of time, defendants would waive any right to file a reply. Dkt. 115 at 3. Defendants state that they are in possession of information that is of considerable importance to the orderly administration of this case and have been in negotiations with plaintiffs to enter a protective order for the purposes of sharing this information. Id. Defendants go on to explain that the parties have been unable to reach an agreement on a protective order, which necessitated the motion for protective order. According to

defendants, plaintiffs will be prejudiced without a protective order because they are continuing to litigate the matter actively without important information. Id.

Civil Local Rule 7-2 provides that "[e]xcept as otherwise ordered or permitted by the assigned Judge or these Local Rules . . . all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." Civ. L.R. 7-2(a). Local Rule 6-3 governs motions to change time. Among other requirements, the rule provides that a motion to enlarge or shorten time must be accompanied by a declaration that "[s]ets forth with particularity, the reasons for the requested . . . shortening of time; Describes the efforts the party has made to obtain a stipulation to the time change; [and] Identifies the substantial harm or prejudice that would occur if the Court did not change the time . . . ." Civ. L.R. 6-3(a).

Plaintiffs oppose the motion to shorten time because defendants have not established that they will face any substantial harm or prejudice if their motion is denied. Dkt. 118 at 3. The court agrees. Defendants have failed to put forward a particularized showing of good cause for shortening time. Instead, defendants only generally reference that they are in possession of information of "considerable importance to the orderly administration" of the case. Defendants have also failed to identify an impending time-critical event that would necessitate shortening time. Finally, the prejudice defendants describe—not being able to share certain information with plaintiffs and the court—is not tied to the court changing time but to either the parties either agreeing to a protective order or the court granting a motion for protective order.

Based on their filings, it appears that the parties have been in negotiations on various drafts of a protective order since July 21, 2020 but have been unable to reach an agreement. Dkt. 115-1, ¶ 4; Dkt. 118-4. In their opposition, plaintiffs request that the court direct the parties to complete their negotiations on a protective order within four days of this order. Dkt. 118 at 3. Such relief is not warranted at this time. The decision to move for, or stipulate to, a protective order is within the parties' discretion and a court-imposed deadline for negotiations unnecessarily disrupts that discretion. See Fed. R.

Civ. P. 26(c) ("A party or any person from whom discovery is sought <u>may</u> move for a protective order . . . .: (emphasis added)).

Exclusive of the present motion, there are five motions currently pending before the court, Dkts. 105, 114, 116, 117, 119, and the court has already adjudicated six substantive motions, <u>see</u> Dkts. 41, 48, 94, 111, as well as several motions to file under seal. Should the parties desire a speedy resolution to at least some of the issues presented by these motions, the court suggests the parties continue to meet and confer. Motions pertaining to briefing schedules, discovery, and protective orders are particularly amenable to resolution by the parties themselves.

For the foregoing reasons, the court DENIES defendants' motion to shorten time.

**IT IS SO ORDERED.**

Dated: August 10, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge