Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date:    September 9, 2020<br>Time:   9:00 a.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

On July 21, 2020, Plaintiffs WhatsApp Inc. and Facebook, Inc. (together, "Plaintiffs") initiated discussions on a stipulated protective order and sent a draft to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO"). Ten days later, in the middle of the Parties' ongoing meet-and-confer efforts, NSO proposed a new and different draft protective order—as NSO acknowledges.[1] Because NSO's proposed new draft departs materially from this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (hereinafter, the "Model Order"), backtracks on numerous issues already resolved in the Parties' negotiations, and threatens unfair prejudice (because it fails to address Plaintiffs' needs), Plaintiffs declined to accept it and urged NSO instead to proceed with the ongoing negotiations. NSO then abruptly moved the Court to enter its novel and one-sided protective order, and to shorten time for Plaintiffs to respond to that motion.[2]

On August 10, the Court denied NSO's motion to shorten time. Dkt. No. 120. That order explained that motions "pertaining to . . . protective orders are particularly amenable to resolution by the parties themselves" and encouraged the parties to "continue to meet and confer." *Id.* at 3. Plaintiffs have continued negotiations on a stipulated protective order with NSO and the Parties are close to presenting to the Court either an agreed order or a joint submission setting forth the remaining disputes, of which there are very few as of recently exchanged drafts.

As detailed below, NSO's motion for entry of a protective order should be denied because (1) NSO failed to meet and confer as the Local Rules require; (2) NSO fails to establish good cause for the relief it seeks; (3) the proposed protective order deviates from the Model Order in a manner that would unfairly prejudice Plaintiffs; and (4) the Parties are very close to completing negotiations on a comprehensive protective order.

---

[1] *See* Declaration of Joseph N. Akrotirianakis in Support of Motions of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited for a Protective Order and to Shorten Filing Deadlines, Dkt. No. 115-1 ¶¶ 4–8 ("Defs.' Decl.").

[2] *See* Defendants' Motion for Entry of Protective Order, Dkt. No. 114 ("Mot."); Defendants' Motion to Shorten Deadlines for Motion for Entry of Protective Order, Dkt. No. 115.

1

## I. NSO FAILED TO MEET AND CONFER AS THE LOCAL RULES REQUIRE

NSO was obliged under Local Rule 37-1 to meet and confer about its proposed protective order but failed to do so. This alone warrants denial of its motion. *See* Civ. L.R. 37-1(a) (requiring "counsel [to] have previously conferred for the purpose of attempting to resolve all disputed issues" before the Court "will [] entertain a request or a motion to resolve a . . . discovery dispute"); *Bernstein v. Apollo Grp., Inc.*, 2014 WL 854834, at *6 (N.D. Cal. Feb. 28, 2014) (rejecting plaintiff's discovery motion for failure to comply with Federal Rule 37 and Local Rule 37-1 and noting that it was "clear from both parties' briefs that [plaintiff] failed to meet and confer with [defendants] prior to filing the motions"); *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 431343, at *1 (N.D. Cal. Feb. 1, 2013) (denying motion for entry of a protective order where "the parties ha[d] not sufficiently met and conferred regarding the dispute"). Far from having "attempt[ed] to resolve all disputed issues" regarding NSO's proposed protective order, Civ. L.R. 37-1(a), the Parties have not even *discussed* that version in any detail. *See* Declaration of Micah Block ¶ 7 ("Block Decl.").

As NSO acknowledges, the Parties began negotiating a protective order on July 21, when *Plaintiffs* proposed a draft order. *See* Mot. at 2. Those discussions proceeded for only ten days before NSO proposed a completely different protective order, which it sent to Plaintiffs on July 31. *See* Defs.' Decl. ¶¶ 4–6; Block Decl. ¶¶ 3–6. Plaintiffs declined to stipulate to NSO's unilateral new proposal during a meet-and-confer the next business day, and NSO filed its motions that evening. Defs.' Decl. ¶¶ 5–8. Even in that meet-and-confer, however, the Parties did not discuss NSO's new proposed protective order in any meaningful detail. *See* Block Decl. ¶ 7. NSO's failure to meet-and-confer before seeking the Court's intervention dooms its motion.

## II. NSO FAILS TO ESTABLISH GOOD CAUSE FOR THE RELIEF IT SEEKS

NSO has not demonstrated good cause for the entry of its proposed protective order. "Generally, the party seeking a protective order bears the burden of showing good cause for the order to issue." *Acer Am. Corp. v. Tech. Props.*, 2009 WL 1363551, at *1 (N.D. Cal. May 14, 2009) (citing Fed. R. Civ. P. 26(c)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Ramirez v. Trans Union,*

*LLC*, 2012 WL 8261626, at *1 (N.D. Cal. July 25, 2012) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

NSO's motion for a protective order—like its motion to shorten time—relies on vague assertions regarding unspecified "information" that NSO says it "recently obtained," and which NSO believes is "of great importance" to the "orderly management of the case." Mot. at 1; Dkt. No. 115 at 1 (similar). And NSO has represented that it "cannot disclose this information without violating [its] legal obligations," but it has failed to even identify those obligations. Mot. at 1. The Court already found that NSO's "general[]" assertions failed to establish good cause for shortening time. *See* Dkt. No. 120 at 2. Similarly, its purported justifications provide no meaningful explanation for why NSO's proposed protective order should be entered, and certainly do not satisfy NSO's burden of "showing good cause" for its proposed protective order. *See Acer*, 2009 WL 1363551, at *1; *Ramirez*, 2012 WL 8261626, at *1.

### III.     NSO'S PROPOSED PROTECTIVE ORDER IS PREJUDICIAL TO PLAINTIFFS

NSO's proposed protective order also should not be entered because it is prejudicial to Plaintiffs. Courts may consider prejudice to the non-moving party as a factor in determining whether the moving party has demonstrated good cause for seeking a protective order. *See Lindsey v. Elsevier Inc.*, 2016 WL 8731471, at *1–2, 5 (S.D. Cal. Aug. 19, 2016) (finding that the defendant did not establish good cause for inclusion of an attorneys' eyes only ("AEO") provision in a protective order where, among other things, the plaintiff would be prejudiced by being barred from reviewing defendant's information); *see also Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, 2017 WL 2591842, at *1 (N.D. Cal. June 15, 2017) (declining to enter the plaintiff's proposed departures from this District's Model Order where "plaintiff failed to demonstrate good cause to exclude all access by in-house counsel to AEO information").

As a threshold matter, NSO describes its proposal as "interim" (Mot. at 3), but offers a draft that is not limited to any particular production or documents and would govern until superseded. *See* Dkt. No. 114-1 at § 1. Nothing in NSO's proposed protective order would prohibit it from refusing to negotiate a superseding order, thereby leaving its preferred form in place indefinitely.

In addition, NSO's proposal diverges from this District's Model Order, as NSO

3

acknowledges.  *See* Defs.' Decl. ¶¶ 3, 5–6.  Although NSO represents that its proposal is "based on" the Model Order "except as noted with underscored text" (Mot. at 3), NSO fails to identify numerous provisions it omitted from the Model Order.  *See* Block Decl. Ex. D.  The result of its deviations from the model would prejudice Plaintiffs in numerous ways.

For example, NSO's proposal would prohibit disclosure of any designated material to any employee of WhatsApp or Facebook whatsoever, as well as to court reporters, experts, litigation vendors, employees of outside counsel, etc.  Dkt. No. 114-1 at §§ 7.2, 7.3.  And it would apply these restrictions even to material carrying the lower-tier "CONFIDENTIAL" designation, which may encompass anything that qualifies for protection under Rule 26(c).  *See id.* at §§ 2.2, 7.2.  These sweeping restrictions threaten to undermine Plaintiffs' and the Court's ability to conduct the litigation and should be rejected.  In addition, among other deviations from the Model Order, NSO's proposal:

- Removes language providing that the order does not cover information that is designated for protection but is already in or becomes part of the public domain, which would have the absurd consequence of purporting to create Court-ordered disclosure restrictions on public information.  *See* Block Decl. Ex. D at 3–4 (*see* Model Order § 3).
- Strikes language prohibiting "mass, indiscriminate, or routinized designation" of protected material, which threatens over-designation.  *See id.* at 4–5 (*see* Model Order § 5.1).
- Omits provisions governing situations where discovery calls for a party to produce a non-party's confidential information.  *See id.* at 16–17 (*see* Model Order § 11).  The Model Order provides a procedure for the non-party to appear and seek protection if warranted, whereas NSO's proposal would dispense with that procedure and impose Court-ordered disclosure restrictions without a process for testing such non-party claims.

NSO's departures from the Model Order thus threaten unfair prejudice to Plaintiffs by restricting use and/or disclosure of protected material in a manner that will likely interfere with Plaintiffs' ability to conduct the litigation.

4

Pls.' Opp. to Defs.' Mot. for Entry of Protective Order
Case No. 4:19-cv-07123-PJH

## IV. THE PARTIES ARE CLOSE TO REACHING AGREEMENT ON A STIPULATED PROTECTIVE ORDER

Finally, at Plaintiffs' and the Court's urging, the Parties have continued negotiations toward a stipulated protective order. *See* Block Decl. ¶¶ 9–14. At the time of writing, the Parties had not yet reached final agreement. *Id.* ¶ 12. However, the Parties have made continued progress on reaching agreement, and NSO has agreed that, with respect to a recent draft, the sides were "very close" to resolution. *See id.* ¶¶ 12–14. It therefore seems the Parties will very soon be in a position to submit either an agreed order or a joint submission setting forth the remaining disputes, of which there are very few as of recently exchanged drafts. *See id.* As explained in Plaintiffs' opposition to NSO's motion to shorten, if any protective order were to be entered now, it should be the version that at least reflects the Parties' discussions to date (i.e., Exhibit G to the Block Declaration). *See* Dkt. No. 118 at 5; Block Decl. ¶ 14. This is further reason to deny NSO's motion.

## CONCLUSION

For the foregoing reasons, NSO's Motion for Entry of Protective Order should be denied.

5

Pls.' Opp. to Defs.' Mot. for Entry of Protective Order
Case No. 4:19-cv-07123-PJH

| | | |
|---|---|---|
| 1 | Dated: August 17, 2020 | Respectfully Submitted, |
| 2 | | |
| 3 | | DAVIS POLK & WARDWELL LLP |
| 4 | | By: */s/ Micah G. Block* |
| 5 | | Greg D. Andres |
| | | Antonio J. Perez-Marques |
| 6 | | Craig T. Cagney |
| 7 | | (admitted *pro hac vice*) |
| | | DAVIS POLK & WARDWELL LLP |
| 8 | | 450 Lexington Avenue |
| | | New York, New York 10017 |
| 9 | | Telephone: (212) 450-4000 |
| | | Facsimile: (212) 701-5800 |
| 10 | | Email: greg.andres@davispolk.com |
| 11 | | antonio.perez@davispolk.com |
| | | craig.cagney@davispolk.com |
| 12 | | Micah G. Block (SBN 270712) |
| 13 | | DAVIS POLK & WARDWELL LLP |
| | | 1600 El Camino Real |
| 14 | | Menlo Park, California 94025 |
| | | Telephone: (650) 752-2000 |
| 15 | | Facsimile:  (650) 752-2111 |
| | | Email: micah.block@davispolk.com |
| 16 | | |
| 17 | | *Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.* |