1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                            OAKLAND DIVISION

11

12   WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
13   corporation,                                  Hon. Phyllis J. Hamilton

14                Plaintiffs,                       **ANSWER OF DEFENDANTS NSO
                                                   GROUP TECHNOLOGIES
15         v.                                      LIMITED AND Q CYBER
                                                   TECHNOLOGIES LIMITED**
16   NSO GROUP TECHNOLOGIES LIMITED
     and Q CYBER TECHNOLOGIES LIMITED,
17                                                 Action Filed:   10/29/2019
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") answer the Complaint of Plaintiffs WhatsApp Inc. and Facebook, Inc. (collectively, "Plaintiffs"), as follows.  (The paragraph numbering in paragraphs 1-78 of this Answer corresponds to the numbering in paragraphs 1-78 of the Complaint (Dkt. No. 1).)

## INTRODUCTION

1.      Denied.

2.      Defendants admit the Complaint includes allegations under headings referencing 18 U.S.C. § 1030, California Penal Code § 502, and an alleged breach of contract.  Plaintiffs' claim alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent Paragraph 2 of the complaint is intended as an accurate statement of Plaintiffs' motivation for bringing the action, it is denied.  Moreover, as set forth below, Defendants deny Plaintiffs have any valid claim under 18 U.S.C. § 1030, California Penal Code § 502, or California law.  Defendants further deny that Plaintiffs are entitled to any of their requested relief, including that specified in paragraphs 1(a)-(d), 2(a)-(d), and 3-6 of the Request for Relief.

## PARTIES

3.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis deny each and every allegation contained therein.

4.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis deny each and every allegation contained therein.

5.      Defendants admit Defendant NSO Group was incorporated in Israel on January 25, 2010, as a limited liability company.  Except as so admitted, defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

6.      Defendants admit Defendant Q Cyber was incorporated in Israel as alleged.  Except as so admitted, defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

7.      This paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      Defendants deny the Court has subject matter jurisdiction of this action and, in making this Answer, Defendants do not concede the Court has subject matter jurisdiction over this proceeding and reserve all rights to contest subject matter jurisdiction.

9.      Defendants deny the Court has subject matter jurisdiction of this action and, accordingly, deny that the Court has supplemental jurisdiction over the remaining state law claim.

10.      As above, Defendants deny the Court has subject matter jurisdiction of this action.

11.      Defendants deny they are subject to the personal jurisdiction of this Court, and in making this Answer, Defendants do not concede they are subject to the personal jurisdiction of this Court and reserve all rights to contest personal jurisdiction.

12.      As above, Defendants deny they are subject to the personal jurisdiction of this Court.

13.      Defendants deny they are subject to the personal jurisdiction of this Court and on that basis deny that venue is proper in this Judicial District.

14.      Defendants deny they are subject to the personal jurisdiction of this Court and that the Court has subject matter jurisdiction over this proceeding.  On that basis, Defendants deny that this action is appropriately assigned to a division of the Court.

## FACTUAL ALLEGATIONS

15.      Defendants admit "Facebook is a social networking website and mobile application."  Except as so admitted, Defendants deny each and every allegation contained in Paragraph 15 of the Complaint.

16.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny each and every allegation contained therein.

17.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny each and

every allegation contained therein.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny each and every allegation contained therein.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny each and every allegation contained therein.

20.     Defendants deny that Paragraph 20 completely or accurately quotes the WhatsApp terms of service.

21.     Defendants deny that Paragraph 21 completely or accurately quotes the WhatsApp terms of service.

22.     Defendants deny that Paragraph 22 completely or accurately quotes the WhatsApp terms of service.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis deny each and every allegation contained therein.

24.     Denied.

25.     Denied.

26.     Defendants admit that the content of the "media reports" referenced in the footnote in Paragraph 26 can be found at the URLs included in that footnote.  Except as so admitted, Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

27.     Defendants admit the quoted language in the first sentence of Paragraph 27 appears in Exhibit 10 to the Complaint.  Except as so admitted, Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.

28.     Denied.

29.     Denied.

30.     Denied.

31.     This paragraph contains legal conclusions for which no answer is required. To the

extent an answer is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendants admit the general definition of network protocols in the third sentence of Paragraph 35.  Except as so admitted, Defendants deny each and every allegation contained in Paragraph 35 of the Complaint.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Defendants admit that the content of the "public reporting" referenced in the footnote in paragraph 43 can be found at one of the three URLs included in that footnote. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis deny each and every allegation contained therein.

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and on that basis deny each and every allegation contained therein.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and on that basis deny each and every allegation contained therein.

46.     Denied.

47.     Denied.

48.     Denied.

**FIRST CAUSE OF ACTION**

**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)**

49.    Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

50.    Denied.

51.    This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

52.    This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

**SECOND CAUSE OF ACTION**

**(California Comprehensive Computer Data Access and Fraud Act,**

**California Penal Code § 502)**

58.    Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**(Breach of Contract)**

67.     Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

68.     Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and on that basis deny each and every allegation contained therein.

69.     Denied.

70.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and on that basis deny each and every allegation contained therein.

71.     Denied.

72.     Denied.

73.     Denied.

**FOURTH CAUSE OF ACTION**

**(Trespass to Chattels)**

74.     Plaintiff's Fourth Cause of Action alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent any response to this paragraph is required, the allegations therein are denied.

75.     Plaintiff's Fourth Cause of Action alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent any response to this paragraph is required, the allegations therein are denied.

76.     Plaintiff's Fourth Cause of Action alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent any response to this paragraph is required, the allegations therein are denied.

77.     Plaintiff's Fourth Cause of Action alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent any response to this paragraph is required, the allegations therein are denied.

78.     Plaintiff's Fourth Cause of Action alleging trespass to chattels has been dismissed by the Court, not re-pleaded by Plaintiffs, and is no longer part of this action.  To the extent any response to this paragraph is required, the allegations therein are denied.

## REQUEST FOR RELIEF

To the extent any response to the relief requested in the Complaint is required, Defendants deny Plaintiffs have any valid claim under 18 U.S.C. § 1030, California Penal Code § 502, or California law.  Defendants further deny that Plaintiffs are entitled to any of their requested relief, including that specified in paragraphs 1(a)-(d), 2(a)-(d), and 3-6 of the Request for Relief.

## DENIAL OF FACTS NOT ADMITTED

Except as admitted above, Defendants deny each and every allegation made in the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendants do not consent to this Court having subject matter jurisdiction over this action or personal jurisdiction over Defendants, and expressly assert their right to contest subject matter jurisdiction and personal jurisdiction.  Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Defendants are not asserting defenses to any claims that have been dismissed with leave to amend and that Plaintiffs failed to amend and therefore abandoned.  Finally, Defendants may seek leave to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

(Superseding or Intervening Cause)

Plaintiffs' claims are barred, in whole or in part, to the extent that the actions of Defendants' customers in using the Pegasus technology identified in the Complaint constitute a superseding and/or intervening cause for the damages, if any, alleged by Plaintiffs.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Comparative Fault / Contribution)

Should Defendants be found liable to Plaintiffs, which liability is expressly denied, Defendants are entitled to have such award reduced or eliminated to the extent that other persons or entities or governments contributed to Plaintiffs' injuries or damages. Alternatively, should Defendants be found liable to Plaintiffs, which liability is expressly denied, Defendants are entitled to contribution from any parties, persons, entities, or governments that are responsible for Plaintiffs' injuries or damages.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

(No Legal Duty)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not owe any legal duty to Plaintiffs under the causes of action alleged, because, among other things, Defendants were not parties to, or bound by, Plaintiffs' terms of service.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Failure to Join Indispensable Party)

Plaintiffs' claims are barred, in whole or in part, to the extent that they have failed to join one or more indispensable parties, including, but not limited to, the sovereign governments that are Defendants' customers.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Equitable Doctrines)

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands. These doctrines are based on at least the following facts: Plaintiffs knew of and offered to purchase Defendants' Pegasus technology prior to the events identified in the Complaint; Plaintiffs have assisted law enforcement in developing at least one "hacking" tool; Plaintiffs have historically been complacent about the security of WhatsApp; in recent years WhatsApp has had a very large number of vulnerabilities and critical vulnerabilities; the Facebook and WhatsApp applications have been used improperly to influence elections around the world, to incite mob violence, to facilitate drug trafficking, and to organize and commit acts of

1   terrorism and serious crimes such as child pornography and child exploitation; and the manner in

2   which Plaintiffs closed the vulnerability allegedly exploited by Defendants' Pegasus technology

3   unreasonably hindered law enforcement and intelligence operations around the world.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

(Good Faith / Legitimate Justification)

Plaintiffs' claims are barred on the grounds that Defendants acted in good faith and pursuant to legitimate law enforcement, national security, intelligence and business justifications.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Compliance with Laws)

Defendants are absolved from any and all liability for the conduct alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(Foreign Sovereign Immunity and Lack of Subject Matter Jurisdiction)

Defendants are immune from suit because they acted as agents of foreign sovereign governments in respect of all conduct alleged in the Complaint, and the Court is without subject matter jurisdiction.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

(Personal Jurisdiction)

Defendants are not subject to the personal jurisdiction of this Court because they did not purposely direct their conduct toward the state of California and did not purposely avail themselves of the privilege of conducting activities in California.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

(International Comity)

The claims of Plaintiffs are barred by the doctrine of international comity because the actions of Defendants and their sovereign government customers were lawful under the laws of the states where those actions occurred.

//

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Improper Venue)

Venue is improper because no Defendant is subject to the Court's personal jurisdiction with respect to this action.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

(Forum Non Conveniens – Claims)

The claims of Plaintiffs are barred by the doctrine of Forum Non Conveniens because Israel presents a superior alternative forum for Plaintiffs, who currently have a related action pending in Israel, while this forum is a seriously inconvenient one for Defendants.  Among other reasons, Defendants are Israeli companies with no employees in, or ties to, the United States; even willing witnesses cannot be compelled to testify; the cost of bringing witnesses to a trial in this forum would be exorbitant; a trial in this forum would be likely to involve many aspects of foreign law with which the court is likely unfamiliar; and Israeli law prohibits certain evidence from leaving Israel pursuant to Israel's export control laws.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Statute of Limitations)

Plaintiffs' claims are barred to the extent that any applicable statute of limitations has lapsed.  The facts underlying this defense are entirely in Plaintiffs' possession but will be subject to discovery.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Consent)

Plaintiffs' claims are barred, in whole or in part, to the extent that the conduct alleged in the Complaint was consented to and/or ratified through Plaintiffs' offering of the WhatsApp application and their consenting to users sending messages through the WhatsApp application, including messages that originated from applications other than WhatsApp.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Authorization)

Plaintiffs' claims are barred, in whole or in part, to the extent Defendants' alleged conduct

1   was authorized through Plaintiffs' offering of the WhatsApp application and consenting to users

2   sending messages through the WhatsApp application, including messages that originated from

3   applications other than WhatsApp.

4                    **SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

5                                      (Knowledge)

6            Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs had full

7   knowledge and/or awareness of the actions and occurrences that form the bases of the claims

8   alleged in the Complaint.  Among other things, Plaintiffs' offer to buy Defendants' Pegasus

9   technology prior to the events alleged in the Complaint demonstrates their knowledge of the

10  capabilities of that technology.

11                 **SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

12                                   (Unjust Enrichment)

13           Relief for Plaintiffs is barred, in whole or in part, because the relief identified by Plaintiffs

14  would constitute unjust enrichment and a windfall to Plaintiffs.

15                  **EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

16                                  (Act of State Doctrine)

17           Plaintiffs' claims are barred, in whole or in part, by the Act of State doctrine because any

18  actions undertaken by Defendants were entirely at the direction of Defendants' sovereign

19  government customers.

20                  **NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

21                                      (Mitigation)

22           Plaintiffs' recovery, if any, should be reduced to the extent they failed to mitigate their

23  damages through their own negligent conduct in publishing an application known to Plaintiffs to

24  contain vulnerabilities and/or failing promptly to remediate such vulnerabilities.

25                   **TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

26                             (Avoidable Consequences Doctrine)

27           Plaintiffs' recovery, if any, should be reduced to the extent they failed to take reasonable

28  actions to avoid losses in publishing an application known to Plaintiffs to contain vulnerabilities,

1  and/or failing promptly to remediate such vulnerabilities.

2  **TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

3  (Attorneys' Fees Not Recoverable)

4  Plaintiffs' request for attorneys' fee is barred, in whole or in part, to the extent it lacks any

5  basis in law or contract.

6  **TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

7  (Punitive Damages Not Recoverable)

8  Plaintiffs are barred from recovering exemplary or punitive damages because the

9  Complaint, and each purported cause of action asserted therein, fails to allege facts sufficient to

10  allow an award of punitive or exemplary damages from Defendants.  Among other things, an award

11  of punitive damages requires clear and convincing evidence of fraud, oppression or malice, which

12  showing cannot be made, and therefore, no basis for an award of punitive damages exists.

13  **TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

14  (Punitive Damages – Unconstitutional)

15  To the extent Plaintiffs seek punitive or exemplary damages, the Complaint violates

16  Defendants' right to due process protected under the Fifth and Fourteenth Amendments of the

17  United States Constitution and the right to protection against excessive fines under the Eighth

18  Amendment of the United States Constitution, and the analogous provisions contained in the

19  Constitution of the State of California.

20  **TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

21  (Punitive Damages – Liability Standards Unconstitutional)

22  The imposition of punitive damages in this case would violate the Due Process Clauses of

23  the Fifth and Fourteenth Amendments to the United States Constitution because the standards of

24  liability for punitive damages in California are unduly vague and subjective, and permit

25  retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental

26  interest.

27  //

28  //

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Damages Standards Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the California standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Post-Verdict Review Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Absence of Procedural Safeguards)

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – First Amendment)

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Wealth or Financial Status Unconstitutional)

The imposition of punitive damages in this case based upon evidence of Defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Out-Of-State Conduct)

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of Defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Absence of Malice)

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Jurisdiction)

The imposition of punitive damages in this case pursuant to California law to punish Defendants for acts that occurred outside of California's jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – No Harm to Plaintiffs)

The imposition of punitive damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages – Dissimilar Conduct)

The imposition of punitive damages in this case based on conduct dissimilar to the conduct that allegedly harmed the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

//

1

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Punitive Damages – Non-Parties)

3   The imposition of punitive damages in this case to punish Defendants for alleged harm to

4 nonparties and/or persons not before the Court would violate the Due Process Clauses of the Fifth

5 and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of

6 the Constitution.

7

## PRAYER

8   WHEREFORE, Defendants pray for the following relief:

9   A.   That judgment on the Complaint, and on each cause of action, be entered in favor

10 of Defendants;

11   B.   That Plaintiffs take nothing by the Complaint;

12   C.   That the request for injunctive relief be denied;

13   D.   That Defendants be awarded their costs incurred, including reasonable attorneys'

14 fees; and

15   E.   For such other and/or further relief as this Court may deem just and proper.

16

17 Dated:  August 20, 2020          KING & SPALDING LLP

18

19                          By:   */s/Joseph N. Akrotirianakis*

20                                JOSEPH N. AKROTIRIANAKIS
                                  AARON S. CRAIG

21                                Attorneys for Defendants NSO GROUP
                                  TECHNOLOGIES LIMITED and Q

22                                CYBER TECHNOLOGIES LIMITED

23

24

25

26

27

28