JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

ttorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion): (1) one sentence in the introduction and two additional paragraphs of Defendants' Opposition to Plaintiffs' Motion to Compel Discovery (3:6-18, 6:16-7:3); (2) paragraphs 3-8 and 10 of the concurrently filed September 2, 2020 Declaration of Joseph N. Akrotirianakis ("Akro. Decl."); paragraphs 2-4 of the concurrently filed August 3, 2020 Declaration of Roy Blecher; and paragraph 6 of, and Exhibits A-F to, the concurrently filed August 3, 2020 Declaration of Chaim Gelfand. Exhibits A-F of the Gelfand Declaration are:

1.      Exhibit A, a Hebrew-language document;

2.      Exhibit B, an English translation of Exhibit A;

3.      Exhibit C, a Hebrew-language document;

4.      Exhibit D, an English translation of Exhibit C;

5.      Exhibit E, a Hebrew-language document; and

6.      Exhibit F, an English translation of Exhibit E.

(The unredacted Opposition, the unredacted Akrotirianakis Declaration, the Blecher Declaration, and the Exhibits to the Gelfand Declaration are collectively referenced as the "Sealed Documents.")   The Sealed Documents are submitted to the Court for its consideration in connection with Defendants' Opposition to Plaintiffs' motion to compel.  (Dkt. No. 116.)

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Akrotirianakis, Blecher, and Gelfand Declarations.

## I.      BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.) The parties' conducted the Rule 26(f) conference on May 6, 2020.  (*See* Dkt. No. 76.)  Thereafter, on June 2, 2020, Plaintiffs served Requests for Production of Documents, to which Defendants timely responded on July 6, 2020.  (Akro. Decl. ¶ 2.)  On June 16, 2020, Defendants moved to stay discovery pending resolution of Defendants' motion to dismiss.  (Dkt. No. 95.)  On July 16, 2020,

1   the Court ruled on Defendants' motion to dismiss the complaint and denied as moot Defendants'

2   motion to stay discovery.  (Dkt. No. 111.)  On August 5, 2020, Plaintiffs filed a motion to compel

3   discovery.  (Dkt. No. 116.)  On August 20, 2020, this Court extended Defendants' deadline to

4   oppose the motion to compel until September 2, 2020.  (Dkt. No. 126.)

5        For information about additional matters relevant to this Motion, the Court is respectfully

6   referred to paragraphs 3-7 of the accompanying Akrotirianakis Declaration.

7   **II.    LEGAL STANDARDS**

8        Civil Local Rule 79-5 sets forth the procedural requirements for filing an administrative

9   motion to seal records.  The moving party must establish that the request is "narrowly tailored to

10  seek sealing only of sealable material" and attach declarations to that effect.  Civil L.R. 79-5(b),

11  Civil L.R. 79-5(d)(1)(A).  "Sealable" material includes documents, or portions thereof, that are

12  "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil

13  L.R. 79-5(b).

14       Although courts recognize a general right to inspect and copy public records, "access to

15  judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178

16  (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those

17  materials are to the merits of the case.  A party seeking to seal materials submitted with a motion

18  that is "more than tangentially related to the merits of the case" must demonstrate that there are

19  compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

20  809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file

21  documents under seal in conjunction with a non-dispositive motion" need only show "good cause

22  exists to file the information under seal."  *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-

23  cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the

24  "good cause" standard, the relevant inquiry is "whether good cause exists to protect the

25  information from being disclosed to the public by balancing the needs for discovery against the

26  need for confidentiality."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013

27  WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

28       Here, the documents Defendants seek to file under seal are not being submitted in

conjunction with their opposition to Plaintiffs' motion to compel, which is not a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  (Even if the higher "compelling reasons" standard applied, that standard is met here.)

## III.   LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Blecher, Gelfand, and Akrotirianakis Declarations, and those contained in the Exhibits to the Gelfand Declaration.  The Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now seek leave of this Court to file the Sealed Documents under seal.

Good cause exists to seal each of the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents be kept under seal.  For a full description of that good cause, the Court is respectfully referred to paragraph 10 of the accompanying Akrotirianakis Declaration.

## IV.   CONCLUSION

For the reasons set forth above and in the accompanying Blecher, Gelfand, and Akrotirianakis Declarations, and those contained in the Exhibits to the Gelfand Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED:  September 2, 2020

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED