Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | Date:     October 21, 2020 |
| | Time:     9:00 a.m. |
| | Ctrm:     3 |
| | Judge:   Hon. Phyllis J. Hamilton |
| | Action Filed: October 29, 2019 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, Plaintiffs WhatsApp Inc. ("WhatsApp") and Facebook, Inc. ("Facebook," and together with WhatsApp, "Plaintiffs"), will bring on for hearing before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, a motion under Federal Rule of Civil Procedure 12(f) striking the Sixth, Tenth, Eleventh, Twelfth, Eighteenth, and Twenty-Third through Thirty-Fifth Separate and Additional Defenses asserted in the Answer of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO").

The Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

Dated:   September 10, 2020            Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By:  */s/ Antonio J. Perez-Marques*
       Greg D. Andres
       Antonio J. Perez-Marques
       Craig T. Cagney
          (admitted *pro hac vice*)
       DAVIS POLK & WARDWELL LLP
       450 Lexington Avenue
       New York, New York 10017
       Telephone: (212) 450-4000
       Facsimile:  (212) 701-5800
       Email: greg.andres@davispolk.com
                 antonio.perez@davispolk.com
                 craig.cagney@davispolk.com

       Micah G. Block (SBN 270712)
       DAVIS POLK & WARDWELL LLP
       1600 El Camino Real
       Menlo Park, California 94025
       Telephone: (650) 752-2000
       Facsimile:  (650) 752-2111
       Email:  micah.block@davispolk.com

       *Attorneys for Plaintiffs*
       *WhatsApp Inc. and Facebook, Inc.*

2

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND .............................................................................................................3

LEGAL STANDARD.......................................................................................................5

ARGUMENT..................................................................................................................6

I.  NSO'S EIGHTEENTH DEFENSE (ACT OF STATE DOCTRINE) IS IMMATERIAL, IMPERTINENT, AND INSUFFICIENTLY ALLEGED AS A MATTER OF LAW ...........6

II.  NSO'S TWELFTH DEFENSE (*FORUM NON CONVENIENS*) IS UNTIMELY AND INSUFFICIENT AS A MATTER OF LAW ........................................................................8

III.  NSO'S ELEVENTH DEFENSE (IMPROPER VENUE) HAS BEEN WAIVED...............12

IV.  NSO'S TENTH DEFENSE (INTERNATIONAL COMITY) SHOULD BE STRICKEN AS INAPPLICABLE AND FOR FAILING TO PROVIDE FAIR NOTICE OF THE DEFENSE ........................................................................................................13

V.  NSO'S SIXTH DEFENSE (GOOD FAITH/ LEGITIMATE JUSTIFICATION) SHOULD BE STRICKEN AS INAPPLICABLE ................................................................14

VI.  NSO'S TWENTY-THIRD THROUGH THIRTY-FIFTH DEFENSES (CONSTITUTIONAL CHALLENGES TO PUNITIVE DAMAGES) SHOULD BE STRICKEN FOR FAILURE TO PROVIDE FAIR NOTICE OF THE DEFENSES ..........15

A.  Twenty-Third Defense (Punitive Damages – Unconstitutional)...............................16

B.  Twenty-Fourth and Twenty-Fifth Defenses (Liability and Damages Standards Unconstitutional)................................................................................................16

C.  Twenty-Sixth Defense (Post-Verdict Review Unconstitutional).............................17

D.  Twenty-Seventh Defense (Absence of Procedural Safeguards) ..............................17

E.  Twenty-Eighth Defense (First Amendment)..........................................................18

F.  Twenty-Ninth Defense (Wealth or Financial Status Unconstitutional)...................18

G.  Thirtieth Defense (Out-of-State Conduct) ............................................................18

H.  Thirty-First Defense (Absence of Malice) .............................................................19

I.  Thirty-Second Defense (Jurisdiction) ...................................................................19

J.  Thirty-Third Defense (No Harm to Plaintiffs)......................................................19

K.  Thirty-Fourth Defense (Dissimilar Conduct).........................................................20

i

L.      Thirty-Fifth Defense (Non-Parties)...........................................................20

CONCLUSION.........................................................................................................21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

# TABLE OF AUTHORITIES

PAGE

## Cases

*Adams v. Murakami*,
   54 Cal. 3d 105 (1991) ..................................................................................... 22

*Albert's Organics, Inc. v. Holzman*,
   2020 WL 3892861 (N.D. Cal. July 10, 2020) ...................................................... 5, 6, 17

*Bakst v. Cmty. Mem'l Health Sys., Inc.*,
   2011 WL 13214315 (C.D. Cal. Mar. 7, 2011) ....................................................... 17

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................. 6, 16

*Bottoni v. Sallie Mae, Inc.*,
   2011 WL 3678878 (N.D. Cal. Aug. 22, 2011) ....................................................... 6, 7

*Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*,
   492 U.S. 257 (1989) .......................................................................................... 19

*Carijano v. Occidental Petroleum Corp.*,
   643 F.3d 1216 (9th Cir. 2011) ............................................................................ 10

*Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*,
   2003 WL 22682483 (N.D. Cal. Nov. 10, 2003) .................................................... 11, 12

*Cheng v. Boeing Co.*,
   708 F.2d 1406 (9th Cir. 1983) ....................................................................... 11, 13, 14

*Credit Suisse v. U.S. Dist. Court*,
   130 F.3d 1342 (9th Cir. 1997) ............................................................................. 7

*Dion v. Fulton Friedman & Gullace LLP*,
   2012 WL 160221 (N.D. Cal. Jan. 17, 2012) .......................................................... 1

*Dole Food Co. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ............................................................................ 10

*eBay Inc. v. Digital Point Solutions, Inc.*,
   608 F. Supp. 2d 1156 (N.D. Cal. 2009) ................................................................ 15

*F. Hoffman-La Roche Ltd. v. Empagran S.A.*,
   542 U.S. 155 (2004) .......................................................................................... 16

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ........................................................................... 5, 7

*Fishman v. Tiger Nat. Gas Inc.*,
    2018 WL 4468680 (N.D. Cal. Sept. 18, 2018) ........................................................... 18

*Gates Learjet Corp. v. Jensen*,
    743 F.2d 1325 (9th Cir. 1984) ................................................................................ 10

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ...................................................................................... 11, 14

*Hernandez v. Cnty. of Monterey*,
    306 F.R.D. 279 (N.D. Cal. 2015) ............................................................................ 19

*In re Apple Inc. Device Performance Litig.*,
    347 F. Supp. 3d 434 (N.D. Cal. 2018) ................................................................. 10, 16

*Jansen v. Travelers Commercial Ins. Co.*,
    2017 WL 607610 (N.D. Cal. Feb. 15, 2017) ...................................................... passim

*Kinetic Concepts, Inc. v. Kinetic Concepts, Inc.*,
    601 F. Supp. 496 (N.D. Ga. 1985) .......................................................................... 12

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) ............................................................................ 12, 13

*McKesson Corp. v. Islamic Republic of Iran*,
    672 F.3d 1066 (D.C. Cir. 2012) ............................................................................... 8

*Misch v. Zee Enterprises, Inc.*,
    879 F.2d 628 (9th Cir. 1989) ................................................................................ 15

*Moreno v. Omnilife USA, Inc.*,
    483 F. App'x. 340 (9th Cir. 2012) ........................................................................... 12

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014) ................................................................................ 16

*Neal v. Farmers Ins. Exchange*,
    21 Cal. 3d 910 (1978) ........................................................................................ 22

*Otey v. CrowdFlower, Inc.*,
    2013 WL 5734146 (N.D. Cal. 2013) ....................................................................... 18

*Perez v. Wells Fargo & Co.*,
    2015 WL 5567746 (N.D. Cal. Sept. 21, 2015) ................................................. 6, 18, 19

*Piper Aircraft v. Reyno*,
    454 U.S. 235 (1981) ...................................................................................... 11, 13

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
    402 F. Supp. 3d 615 (N.D. Cal. 2019) ..................................................................... 17

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ............................................................ 18

*Ravelo Monegro v. Rosa*,
    211 F.3d 509 (9th Cir. 2000) .......................................................................... 10

*Republic of Austria v. Altmann*
    541 U.S. 677 (2004) ......................................................................................... 8

*Sea Breeze Salt, Inc. v. Mitsubishi Corp.*,
    899 F.3d 1064 (9th Cir. 2018) ................................................................... 2, 7, 8

*Sharette v. Credit Suisse Int'l*,
    2014 WL 5282143 (N.D. Cal. Oct. 15, 2014) ............................................... 15

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ....................................................................................... 11

*Timberlane Lumber Co. v. Bank of America, N.T. and S.A.*,
    549 F.2d 597 (9th Cir. 1976) ............................................................................ 8

*U.S. v. Christensen*,
    828 F.3d 763 (9th Cir. 2015) ......................................................................... 17

*United States v. Simpson*,
    460 F.2d 515 (9th Cir. 1972) ......................................................................... 17

*W.S. Kirkpatrick & Co., Inc., v. Envtl. Tectonics Corp., Int'l*,
    493 U.S. 400 (1990) ......................................................................................... 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ........................................................................... 5

*Zikovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ....................................................................... 18

### Rules & Statutes

28 U.S.C. § 1391(b)(2) ........................................................................................ 13

Cal. Penal Code 502(e)(4) .................................................................................... 19

Fed. R. Civ. P. 12(a)(4)(A) .................................................................................... 5

Fed. R. Civ. P. 12(b)(3) .................................................................................... 3, 12

Fed. R. Civ. P. 12(f) ....................................................................................... 5, 13

Fed. R. Civ. P. 12(g)(2) ................................................................................... 3, 12

Fed. R. Civ. P. 12(h)(1) ............................................................................ 3, 10, 12

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs WhatsApp Inc. ("WhatsApp") and Facebook, Inc. ("Facebook," and together with WhatsApp, "Plaintiffs") respectfully submit this Memorandum of Points and Authorities in support of their motion under Federal Rule of Civil Procedure 12(f) to strike the Sixth, Tenth, Eleventh, Twelfth, Eighteenth, and Twenty-Third through Thirty-Fifth Separate and Additional Defenses asserted in the Answer of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO").

## PRELIMINARY STATEMENT

NSO is in the business of developing, marketing, and distributing spyware used against Plaintiffs and their users—including journalists, attorneys, and activists.  Compl. ¶¶ 49–73.  Based on NSO's role in developing, testing, using, and causing the use of its suite of spyware against Plaintiffs and their users, Plaintiffs have asserted claims under the Computer Fraud and Abuse Act ("CFAA") and the California Comprehensive Computer Data Access and Fraud Act ("CCCDAFA"), as well as for breach of contract.  *Id.* ¶¶ 49–73.  NSO has refused to take responsibility for its illegal acts, and instead has sought to cloak itself in purported immunity defenses and unilaterally declare "stays" of discovery, and otherwise has rejected the authority of this Court and its own obligations as a litigant.  All of these positions ignore the fundamental (and undisputed) facts that NSO is a private company that exists for the sole purpose of facilitating the surreptitious monitoring of private citizens, and which has already been found to be subject to the jurisdiction of this Court.

When NSO finally served its responsive pleading—well after the applicable deadline and more than a month after this Court denied the motion to dismiss—its answer contained thirty-five conclusory affirmative defenses.  *See* Answer at 7-15, Dkt. No. 128.  Many of them merely recite a legal doctrine and lack the requisite factual allegations necessary to give Plaintiffs "notice of the underlying factual bases of the defense."  *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (striking affirmative defenses for failing to identify any facts underlying the defenses).  Most significantly, many are new attempts by NSO to claim sovereignty or otherwise evade litigation in this forum altogether.  This Court should strike these

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

insufficient defenses so that discovery and trial can focus on the relevant issues: NSO's illegal development, testing, marketing, distribution, and use of spyware against Plaintiffs and their users.

**Eighteenth Defense (Act of State Doctrine):**  The act of state doctrine is not a defense to claims based on a private company's own misconduct.  NSO cannot allege the necessary elements of "(1) . . . an official act of a foreign sovereign performed within its own territory; and (2) the relief sought . . . [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act," *Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1069 (9th Cir. 2018) (quotation omitted), because this case concerns intrusions on WhatsApp's servers in the United States, and commercial acts taken by a private company.  And, for the reasons the Court has already recognized in denying NSO's motion to dismiss, entering a money judgment against NSO and enjoining its misconduct would not require the Court to invalidate any alleged "official act" of a foreign sovereign.

**Twelfth Defense (*Forum Non Conveniens*):**  Despite the tremendous time and resources that the parties—and the Court—have already invested in the litigation in this matter, and despite burdening this Court with no fewer than nine noticed motions over the past 10 months,[1] NSO seeks to preserve and advance a defense that this might not be the right court in which to litigate at all. Its *forum non conveniens* defense should be stricken as untimely and waived.  Even if NSO did not already waive it, NSO has failed to allege sufficient facts showing that Israel is an adequate alternative forum and, for the same reasons that NSO could not show that exercising jurisdiction would be unreasonable, NSO cannot show that Plaintiffs' choice of their home forum is unreasonable.

---

[1] *See* Defs' Application to Set Aside Default, Dkt. No. 24; Defs' Mot. for Sanctions, Dkt. No. 28; Defs' Mot. to Dismiss, Dkt. No. 45; Defs' Mot. to Stay Discovery Pending Resolution of Mot. to Dismiss, Dkt. No. 95; Defs' Mot. to Dismiss Pls' Request for Injunctive Relief, Dkt. No. 105; Defs' Motion for Entry of Protective Order, Dkt. No. 114; Defs' Motion to Shorten Deadlines, Dkt. No. 115; Defs' Mot. to Stay Pending Appeal, Dkt. No. 117; Defs' Mot. for Extension of Time, Dkt. No. 119.

2

**Eleventh Defense (Improper Venue):**  By failing to assert any defense based on improper venue in its initial motion to dismiss, NSO waived that defense and it should be stricken from the answer without leave to amend.  *See* Fed. R. Civ. P. 12(b)(3), (g)(2), (h)(1).

**Tenth Defense (International Comity):**  NSO's answer vaguely asserts that "international comity" bars Plaintiffs' claims, but it does not identify any doctrine of "international comity" that shields a private company from liability for unlawful acts it committed in the United States or for its breaches of contract with U.S. companies.  NSO has failed to allege any actual conflict that exists between any foreign laws and the U.S. laws it has violated, or any facts showing that it would be unreasonable to hold NSO accountable for injuring Plaintiffs in the United States.

**Sixth Defense (Good Faith / Legitimate Justification):**  NSO claims that it acted in good faith and with proper motives, but even if true, that is legally irrelevant.  Because NSO's subjective state of mind is not an affirmative defense to any of Plaintiffs' claims, this defense should be stricken with prejudice.

**Twenty-Third through Thirty-Fifth Defenses (Constitutional Challenges to Punitive Damages):**  NSO includes a laundry list of constitutional challenges to Plaintiffs' request for punitive damages, but each only recites the applicable clause of the Constitution and none provides any factual basis for the challenge.  That is insufficient to carry Defendants' burden of providing fair notice of its defenses.  *Jansen v. Travelers Commercial Ins. Co.*, 2017 WL 607610, at *4 n.6 (N.D. Cal. Feb. 15, 2017) (striking challenges to punitive damages that "do[] not provide any factual analysis for why these provisions apply to the case at hand").

Each of the defenses above are either insufficient as a matter of law or fail to provide fair notice.  The Court should therefore strike them from NSO's answer, and deny leave to amend as to those defenses that are legally inapplicable.

## BACKGROUND

NSO is in the business of developing, marketing, and distributing spyware used against Plaintiffs and their users.  *See* Compl. ¶¶ 24–29.  Plaintiffs brought this action because NSO developed, tested, marketed, used, and caused to be used programs and spyware that (i) emulated legitimate WhatsApp network traffic while hiding malware transmitted to users; (ii) circumvented

3

technical restrictions and security measures that prevent users from altering network call settings; (iii) manipulated those settings to covertly transmit malicious code through WhatsApp servers and inject the code into users' devices; and thereafter (iv) transmitted additional malware that gave NSO and its customers remote access to the devices.  *Id.* ¶¶ 32, 35–48, 60–61.  NSO ultimately deployed this spyware program to target approximately 1,400 devices belonging to WhatsApp users, a group that includes attorneys, journalists, human rights activists, and government officials. *Id.* ¶ 42.

NSO moved to dismiss Plaintiffs' complaint for lack of personal and subject matter jurisdiction.  Among other things, NSO argued that it was unreasonable for this Court to exercise personal jurisdiction over NSO, because "the burden on Defendants to litigate in California would be 'great, given that it is incorporated in [Israel], owns no property in the forum, and has no employees or persons authorized to act on its behalf there,' and 'its potential witnesses and evidence' are 'half a world away.'"  Mot. to Dismiss at 17, Dkt. No. 45 (citations omitted). Considering the parties' respective arguments on these issues, this Court concluded that "some factors tip in defendants' favor and others tip in plaintiffs' favor," and "in such an instance, a defendant has not carried its burden to present a compelling case that exercising jurisdiction would be unreasonable."  Order at 31, Dkt. No. 111.

NSO also argued that it was entitled to either conduct-based foreign official immunity or derivative foreign sovereign immunity, because NSO's actions were supposedly directed by sovereign clients.  Mot. to Dismiss at 8-10, Dkt. No. 45.  This Court concluded that neither defense was applicable.  First, the Court concluded that "defendants do not qualify as foreign officials under the conduct-based prong of the foreign official immunity test," because "plaintiffs do not seek to enforce a rule of law against defendants' customers."  Order at 12, Dkt. No. 111.  Second, the Court found "no compelling reason to extend derivative sovereign immunity to a foreign entity working on behalf of a foreign sovereign," and concluded in the alternative that derivative foreign sovereign immunity would not apply to defendants in any event, because they "are not incorporated or formed in the United States."  *Id.* at 14-15.

Although the Court denied NSO's motion to dismiss on July 16, 2020, NSO leisurely filed its answer on August 20, 2020, twenty-one days *after* its answer was actually due.  *See* Fed. R. Civ. P. 12(a)(4)(A) ("Unless the court sets a different time, . . . if the court denies the motion . . . the responsive pleading *must* be served within 14 days after notice of the court's action." (emphasis added)).  NSO used the extra time to concoct 35 different affirmative defenses, but NSO has not bothered to allege any factual support for those defenses.  Plaintiffs now move to strike certain defenses that are insufficient as a matter of law or fail to provide fair notice of the asserted defense.

### LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Generally, district courts in this district and around the country have extended the *Twombly/Iqbal* standard to evaluate the pleading of affirmative defenses . . . ."  *Albert's Organics, Inc. v. Holzman*, 2020 WL 3892861, at *4 (N.D. Cal. July 10, 2020) (Hamilton, J.).  This standard "requir[es] a defendant to allege enough facts to state a claim to relief that is plausible on its face."  *Bottoni v. Sallie Mae, Inc.*, 2011 WL 3678878, at *1 (N.D. Cal. Aug. 22, 2011).  "When a court considers a motion to strike, it 'must view the pleadings in the light most favorable to the pleading party,'" but "a motion to strike is proper when a defense is insufficient as a matter of law."  *Albert's Organics*, 2020 WL 3892861, at *1.  A defense will also be stricken "if it fails to give the plaintiff fair notice of the nature of the defense."  *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  "'[F]air notice' requires some specificity in pleading and . . . it is not enough to merely assert boilerplate defenses."  *Perez v. Wells Fargo & Co.*, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015) (Hamilton, J.).

5

Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses
Case No. 4:19-cv-07123-PJH

**ARGUMENT**

**I.  NSO'S EIGHTEENTH DEFENSE (ACT OF STATE DOCTRINE) IS IMMATERIAL, IMPERTINENT, AND INSUFFICIENTLY ALLEGED AS A MATTER OF LAW**

NSO's Eighteenth Separate and Additional Defense reads in full:

> Plaintiffs' claims are barred, in whole or in part, by the Act of State doctrine because any actions undertaken by Defendants were entirely at the direction of Defendants' sovereign government customers.  Answer at 11, Dkt. No. 128.

The act of state doctrine "bars suit where '(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act.'" *Sea Breeze*, 899 F.3d at 1069 (quoting *Credit Suisse v. U.S. Dist. Court*, 130 F.3d 1342, 1346 (9th Cir. 1997)) (alterations in original).  NSO's lone conclusory assertion in support of this defense— that "any actions undertaken by Defendants were entirely at the direction of Defendants' sovereign government customers"—does not plead enough facts to show that any of the act-of-state elements are implicated in this case.  This defense should therefore be stricken as immaterial and impertinent, and for failing to "allege enough facts to state a claim to relief that is plausible on its face." *Bottoni*, 2011 WL 3678878, at *1; *see also Fantasy*, 984 F. 2d at 1527  ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." (citations omitted)).

*First*, NSO fails to identify any action taken by any foreign sovereign "within its own territory."  *Sea Breeze*, 899 F. 3d at 1069.  The act of state doctrine rests on the principles that "the courts of one country will not sit in judgment on the acts of the government of another done within its own territory."  *Id.*  But there are no facts—in either the complaint or NSO's answer—indicating that this litigation concerns *any* act taken by a sovereign inside its own borders.  Quite the contrary, the complaint alleges that NSO transmitted and caused the transmission of malicious code to servers in the United States.  *See* Compl. ¶¶ 11, 35-45; Order at 23, Dkt. No. 111 ("By sending malicious code to the California based servers, defendants allegedly caused a digital transmission to

6

enter California, which then effectuated a breaking and entering of a server in California.").  Even accepting as true, for purposes of this motion, that foreign sovereigns directed NSO's actions, the act of state doctrine still would not apply to the extraterritorial access of WhatsApp's servers in the United States.

*Second*, the actions of a private company like NSO cannot constitute "official acts" of a sovereign.  *Sea Breeze*, 899 F. 3d at 1069 (act of state doctrine only applies to "an official act of a foreign sovereign performed within its own territory").  An "official act" is "by nature distinctly sovereign, i.e., conduct that cannot be undertaken by a private individual or entity." *McKesson Corp. v. Islamic Republic of Iran*, 672 F.3d 1066, 1073 (D.C. Cir. 2012); *cf. Republic of Austria v. Altmann* 541 U.S. 677, 700 (2004) ("[T]he act of state doctrine provides *foreign states* with a substantive defense on the merits." (emphasis added)).  Thus, by definition, a wholly private owned entity's development, testing, and marketing of spyware and its use, or its support of the use, of such proprietary spyware cannot constitute "official acts"—i.e., "actions that, by their nature, could only be undertaken by a sovereign power."  *McKesson Corp.*, 672 F.3d at 1073-74 (concluding that Iran's hostile takeover of a board of directors was not an "expropriation" or "official act").  Nor is there any allegation that NSO's actions were "compelled by a foreign sovereign," and "mere governmental approval or foreign governmental involvement" is insufficient to convert NSO's ordinary commercial activity into "official" sovereign acts.  *Timberlane Lumber Co. v. Bank of America, N.T. and S.A.*, 549 F.2d 597, 606 (9th Cir. 1976) ("[T]he [act of state] doctrine does not bestow a blank-check immunity upon all conduct blessed with some imprimatur of a foreign government.").  Thus, all of NSO's challenged actions are inherently private acts for which it may be held liable in U.S. courts.

*Finally*, none of the requested relief would require the Court to "declare invalid [a] [foreign sovereign's] official act.'"  *Sea Breeze*, 899 F.3d at 1069.  "Act of state issues only arise when a court *must decide*—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign."  *W.S. Kirkpatrick & Co., Inc., v. Envtl. Tectonics Corp., Int'l*, 493 U.S. 400, 406 (1990).  But the Court has already determined that none of NSO's customers "would be forced to pay a judgment against defendants if plaintiffs were to prevail in this lawsuit," and "the

7

court can craft injunctive relief that does not require a foreign sovereign to take an affirmative action."  Order at 12, Dkt. No. 111; *cf. W.S. Kirkpatrick*, 493 U.S. at 406 (rejecting application of act of state doctrine simply because an adverse judgment might "impugn or question the nobility of a foreign nation's motivations," or "result in embarrassment to the sovereign or constitute interference in the conduct of foreign policy" (internal quotations omitted)).  NSO's act-of-state defense supplies no facts explaining why either form of relief would require the Court to invalidate any sovereign act, and, for that reason too, it is insufficient as a matter of law.

NSO's Eighteenth Separate and Additional Defense should be stricken with prejudice because NSO cannot allege any facts that would transform its private, commercial actions, including its unauthorized access of servers located in the United States, into sovereign "acts of state."  In the alternative, if the Court were to grant leave to amend, NSO should be required at a minimum to identify with specificity which alleged actions were directed by a foreign sovereign and which sovereigns directed such actions, and to set forth facts plausibly alleging that those actions can be performed exclusively by a sovereign and occurred exclusively within the directing sovereign's territory.

## II.   NSO'S TWELFTH DEFENSE (*FORUM NON CONVENIENS*) IS UNTIMELY AND INSUFFICIENT AS A MATTER OF LAW

NSO's Twelfth Separate and Additional Defense reads in full:

> The claims of Plaintiffs are barred by the doctrine of Forum Non Conveniens because Israel presents a superior alternative forum for Plaintiffs, who currently have a related action pending in Israel, while this forum is a seriously inconvenient one for Defendants. Among other reasons, Defendants are Israeli companies with no employees in, or ties to, the United States; even willing witnesses cannot be compelled to testify; the cost of bringing witnesses to a trial in this forum would be exorbitant; a trial in this forum would be likely to involve many aspects of foreign law with which the court is likely unfamiliar; and Israeli law prohibits certain evidence from leaving Israel pursuant to Israel's export control laws.  Answer at 10, Dkt. No. 128.

The Court should strike this defense with prejudice because NSO waived it by failing to raise it in its Rule 12(b) motion and unreasonably delaying in seeking dismissal on those grounds. Even if NSO did not waive the defense, Defendants have not and cannot otherwise meet their "substantial burden" to "deny Plaintiffs access to [their home forum]."  *Carijano v. Occidental*

8

*Petroleum Corp.*, 643 F.3d 1216, 1236 (9th Cir. 2011).  Defendants fail to allege facts that show an adequate alternative forum exists, and that the balance of private and public interest factors strongly favors dismissal and "trial in the foreign country."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334-35 (9th Cir. 1984).

"[F]orum non conveniens [i]s an exceptional tool to be employed sparingly" and is not "a doctrine that compels plaintiffs to choose the optimal forum for their claim."  *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).  "[T]he doctrine of forum non conveniens involves a federal court's discretion to decline to exercise jurisdiction 'when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems.'"  *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 449 (N.D. Cal. 2018) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)).  To obtain dismissal, the defendant must first establish "whether there exists an alternative forum," *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 n.22 (1981), and then show that the balance of the applicable private and public factors "is strongly in favor of the defendant."  *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

*First*, NSO should not be permitted to rely on a defense of *forum non conveniens* after the parties have expended substantial time and money litigating in this forum.  NSO was obligated to "assert a motion to dismiss for *forum non conveniens* within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant."  *Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*, 2003 WL 22682483, at *3 (N.D. Cal. Nov. 10, 2003).  The sparse facts it does allege in support of the defense are all facts NSO has known since the Complaint in this matter was filed.  *See* Mot. to Dismiss at 16-18, Dkt. No. 45.  Therefore, NSO could have and should have moved to dismiss based on *forum non conveniens* in its Rule 12(b) motion.  Instead NSO alleges it for the first time as an undeveloped defense in its answer.  Because *forum non conveniens* is analogous to the venue, service, and jurisdictional defenses in Federal Rule 12(b)(2) through (5), NSO has waived this

9

1  defense by failing to raise it in its initial motion to dismiss or within a reasonable time after

2  learning the facts that would serve as the basis for such a motion.  *See* Fed. R. Civ. P. 12(h)(1);

3  *Kinetic Concepts, Inc. v. Kinetic Concepts, Inc.*, 601 F. Supp. 496, 502 (N.D. Ga. 1985)

4  (concluding that defense "analogous to a personal jurisdiction or threshold defense" was waived).[2]

5      Even if NSO did not waive the argument, their inexcusable delay in bringing that motion

6  weighs heavily against allowing the defense (either now or at some unspecified time in the future

7  when NSO decides to bring such a motion to dismiss), because its continued litigation of this

8  matter before this Court and the Ninth Circuit "promotes and allows the very incurrence of costs

9  and inconvenience the doctrine is meant to relieve."  *See Chateau Des Charmes Wines*, 2003 WL

10  22682483, at *3 (delay in seeking dismissal on *forum non conveniens* grounds "should weigh

11  heavily against the granting of the motion" (citation omitted)).  In just the last ten months, NSO has

12  filed *nine* noticed motions before this Court, as well as noticed an appeal before the Ninth Circuit.

13  The time for NSO to seek to litigate elsewhere has long since passed.

14      *Second*, NSO failed to allege facts establishing that Israel is an adequate alternative forum

15  for this dispute.  "The defendant bears the burden of proving the existence of an adequate

16  alternative forum."  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001).  While

17  "[o]rdinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the

18  other jurisdiction," "where the alternative forum does not permit litigation of the subject matter of

19  the dispute," "the other forum may not be an adequate alternative."  *Piper Aircraft*, 454 U.S. at 255

20  n.22.  NSO only claims that "Plaintiffs . . . have a related action pending in Israel," Answer at 10,

21  Dkt. No. 128, but NSO mischaracterizes the nature of that litigation.  In that matter, Facebook is the

22  *defendant* and the action is being brought by consumers seeking reinstatement of their Facebook

23  accounts.  Facebook is not seeking any relief in that matter.  The pendency of that action is

24  insufficient to show that Plaintiffs could litigate "the subject matter of *th[is] dispute*" in Israeli

25  _____

26  [2] Some courts in this district have concluded *forum non conveniens* is not an "improper venue"
    defense and thus is not waived by Rule 12(h)(1), *see, e.g.*, *Chateau Des Charmes Wines*, 2003 WL

27  22682483, at *3, but the Ninth Circuit has not yet addressed this issue.  *See, e.g.*, *Moreno v.
    Omnilife USA, Inc.*, 483 F. App'x. 340, 342 (9th Cir. 2012) ("[a]ssuming without deciding that

28  waiver of a right to bring a motion to dismiss for forum non conveniens could occur").

courts.  Nor has NSO alleged any basis to believe these claims would be permitted to go forward in

Israel. ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████ public reports that Israeli courts have refused to

entertain claims against NSO based on abuses of its spyware.[3]  NSO provides no facts showing that

Israel would actually entertain Plaintiffs' claims and therefore has not plausibly alleged that any

adequate alternative forum exists.

Finally, NSO has not alleged any facts to carry its "heavy burden of proof" of showing that

the Northern District of California—Plaintiffs' home forum—is unreasonable.  *Lueck*, 236 F.3d at

1143.  "[A] plaintiff's choice of forum is entitled to great deference when the plaintiff has chosen

the home forum," *Piper Aircraft*, 454 U.S. at 256, and that choice "should not be disturbed 'unless

the balance [of the so-called *Gilbert* factors] is strongly in favor of the defendant."  *Cheng*, 708

F.2d at 1410.  The *Gilbert* factors include private factors such as "the relative ease of access to

sources of proof; availability of compulsory process for attendance of unwilling, and the cost of

obtaining attendance of willing, witnesses; possibility of view of premises, if view would be

appropriate to the action; and all other practical problems that make trial of a case easy, expeditious

and inexpensive."  *Id.* (quoting *Gilbert*, 330 U.S. at 508).[4]  These factors generally overlap with

---

[3] *See Inside NSO, Israel's Billion-Dollar Spyware Giant*, MIT Tech. Rev., at 9, https://www.technologyreview.com/2020/08/19/1006458/nso-spyware-controversy-pegasus-human-rights/amp/ ("Amnesty International was in court in Israel arguing that the Ministry of Defense should revoke NSO's license because of abuses of Pegasus.  But just as the case was starting, officials from Amnesty and 29 other petitioners were told to leave the courtroom:  a gag order was being placed on the proceedings at the ministry's urging.  Then, in July, a judge rejected the case outright.").

[4] This inquiry also considers public factors such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."  *Cheng*, 708 F.2d at 1410.  None of the public factors favors dismissal, because Plaintiffs' claims arise under U.S. and California law and relate to torts directed at California residents.  NSO only makes the conclusory assertion that "a trial in this forum would be likely to involve many aspects of foreign law with

those considered in determining if an exercise of jurisdiction is reasonable.  *See* Order at 28, Dkt.

No. 111 ("The factors that are relevant to the fair play and substantial justice evaluation are: '(1)

the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on

the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the

defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in

convenient and effective relief; and (7) the existence of an alternative forum.").  As noted above,

the allegations that NSO offers on these factors in support of its *forum non conveniens* defense are

the same as those it relied on in arguing that exercising jurisdiction would be unreasonable.  *See*

Mot. to Dismiss at 16-18, Dkt. No. 45.  As the Court has already weighed those factors and

concluded that they did not "present a compelling case that exercising jurisdiction would be

unreasonable,"  Order at 28-31, Dkt. No. 111, those same factors cannot balance "strongly in

[NSO's] favor," as required to shift the litigation from Plaintiffs' home forum.  *Cheng*, 708 F.2d at

1410.  The *forum non conveniens* defense is therefore insufficient and should be stricken with

prejudice.

## III.    NSO'S ELEVENTH DEFENSE (IMPROPER VENUE) HAS BEEN WAIVED

The Eleventh Separate and Additional Defense reads in full:

> Venue is improper because no Defendant is subject to the Court's personal
> jurisdiction with respect to this action.  Answer at 10, Dkt. No. 128.

NSO's improper venue defense has been waived and must be stricken with prejudice.  The

defense of "improper venue" in Federal Rule 12(b)(3) is waived if it is not raised in the earlier of a

Rule 12(b) motion or the responsive pleading.  *See* Fed. R. Civ. P. 12(b)(3), (g)(2), (h)(1)(A);

*Misch v. Zee Enterprises, Inc.*, 879 F.2d 628, 631 (9th Cir. 1989) ("Although a party may assert the

defense of improper venue either as part of his responsive pleading or by separate motion, . . . he

waives the defense if not timely and properly raised."); *Sharette v. Credit Suisse Int'l*, 2014 WL

---

which the court is likely unfamiliar," Answer at 11, Dkt. No. 128, but does not specify what those
foreign laws are, or how they would arise in a case brought exclusively pursuant to U.S. law.

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

5282143, at *2 n.3 (N.D. Cal. Oct. 15, 2014) ("Under Federal Rule of Civil Procedure 12, a defendant must raise certain defenses in its initial response to the complaint or risk waiver of those defenses.").  In any event, the defense is insufficient as a matter of law, because Defendants accessed Plaintiffs' servers in California and Plaintiffs suffered actual and threatened harm here. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."); *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1162 (N.D. Cal. 2009) (concluding venue was proper because "alleged harm that resulted from such contacts also occurred in this district"). [5]

## IV.   NSO'S TENTH DEFENSE (INTERNATIONAL COMITY) SHOULD BE STRICKEN AS INAPPLICABLE AND FOR FAILING TO PROVIDE FAIR NOTICE OF THE DEFENSE

NSO's Tenth Separate and Additional Defense reads in full:

> The claims of Plaintiffs are barred by the doctrine of international comity because the actions of Defendants and their sovereign government customers were lawful under the laws of the states where those actions occurred.  Answer at 9, Dkt. No. 128.

An affirmative defense must be stricken when "it fails to give the plaintiff fair notice of the nature of the defense."  *Barnes*, 718 F. Supp. 2d at 1170.  NSO's international comity defense fails to provide such notice.  NSO's vague statement about compliance with foreign laws does not provide enough information to determine how or why international comity should apply in this case.  NSO's answer does not specify which laws it purportedly complied with or plausibly allege that those laws conflict with the CFAA or the CCCDAFA.  *See Mujica v. AirScan Inc.*, 771 F.3d 580, 600 (9th Cir. 2014) ("where a party claims that it is subject to conflicting regulatory schemes," it must show there is a "true conflict" between domestic and foreign law).  Moreover, NSO has not alleged facts making it plausible that extraterritorial application of the CFAA or the CCCDAFA would be unreasonable in circumstances where the complaint alleges conduct in the United States

---

[5] To the extent this defense is derivative of NSO's objections to personal jurisdiction, it should be stricken as both redundant of the Ninth Defense (Personal Jurisdiction) and insufficient, because the Court has already concluded NSO is subject to personal jurisdiction.  *See* Fed. R. Civ. P. 12(f) ("The Court may strike from a pleading an insufficient defense or any redundant . . . matter.").

and NSO's actions caused injury in California.  *See Apple*, 347 F. Supp. 3d at 448-49 ("[T]he text

of the CFAA provides a clear indication of extraterritorial application.") (citing similar cases); *see

also F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 165 (2004) ("[O]ur courts have

long held that application of our antitrust laws to foreign anticompetitive conduct is nonetheless

reasonable, and hence consistent with principles of prescriptive comity, insofar as they reflect a

legislative effort to redress *domestic* antitrust injury that foreign anticompetitive conduct has

caused.").  NSO's international comity defense should therefore be stricken.

## V.    NSO'S SIXTH DEFENSE (GOOD FAITH/ LEGITIMATE JUSTIFICATION) SHOULD BE STRICKEN AS INAPPLICABLE

NSO's Sixth Separate and Additional Defense reads in full:

> Plaintiffs' claims are barred on the grounds that Defendants acted in good faith and
> pursuant to legitimate law enforcement, national security, intelligence and business
> justifications.  Answer at 9, Dkt. No. 128.

Defendants' subjective "good faith" is not a viable affirmative defense to any of Plaintiffs'

claims and should be stricken with prejudice.  *See Albert's Organic*, 2020 WL 3892861, at *1 ("[A]

motion to strike is proper when a defense is insufficient as a matter of law.").  It is well-established

that a defendant's "subjective intent is legally irrelevant" to a breach of contract claim.  *Planned

Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 666 (N.D. Cal.

2019); *see also Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *15 (C.D. Cal. Mar.

7, 2011) ("California courts have repeatedly held that motive is irrelevant in the context of a breach

of contract claim.") (collecting cases).  Moreover, the Ninth Circuit has *rejected* the contention that

a defendant's "actual[] belie[f], even if mistaken[ ], that [his co-defendant] intended to market [his

spying] software and related hardware components to law enforcement is a complete defense" to,

*inter alia*, CFAA and CCCDAFA liability.  *U.S. v. Christensen*, 828 F.3d 763, 794 (9th Cir. 2015)

(concluding the proposed defense "was not a proper statement of the law," and "it did not matter

whether [defendant] believed [his co-defendant] intended to market the device to law

enforcement").  Allowing NSO to make such arguments would be the equivalent of allowing jury

nullification, which is not permitted under the law.  *Id.* at 806-07 (citing *United States v. Simpson*,

460 F.2d 515, 519 (9th Cir. 1972) (rejecting the argument that juries should be given more freedom

to grant acquittals against the law, also known as "conscience verdicts")).  And to the extent this

defense merely contends that NSO's "good faith" will prevent Plaintiffs from proving the relevant

scienter for their claims, that is "not an affirmative defense" and "must be stricken" for that reason

as well.  *Otey v. CrowdFlower, Inc.*, 2013 WL 5734146, at *4 (N.D. Cal. 2013); *see also Zikovic v.*

*S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that

plaintiff has not met its burden of proof is not an affirmative defense.").

## VI.    NSO'S TWENTY-THIRD THROUGH THIRTY-FIFTH DEFENSES (CONSTITUTIONAL CHALLENGES TO PUNITIVE DAMAGES) SHOULD BE STRICKEN FOR FAILURE TO PROVIDE FAIR NOTICE OF THE DEFENSES

NSO's thirteen constitutional defenses to Plaintiffs' request for punitive damages should be

stricken because they are either inapplicable or fail to provide sufficient factual allegations for

Plaintiffs to understand the basis for those defenses.  "'[F]air notice' requires some specificity in

pleading and . . . it is not enough to merely assert boilerplate defenses."  *Perez*, 2015 WL 5567746,

at *3.  NSO's constitutional defenses to punitive damages merely assert a legal conclusion or recite

a legal doctrine, and "not one court in this district has permitted (over objection) an affirmative

defense that asserted a mere legal conclusion."  *Fishman v. Tiger Nat. Gas Inc.*, 2018 WL 4468680,

at *3 (N.D. Cal. Sept. 18, 2018); *see also Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046,

1049 (N.D. Cal. 2004) (mere "reference to a doctrine, like a reference to statutory provisions, is

insufficient notice").[6]  "After *Iqbal*, 'the burden is on the defendant to proffer sufficient facts and

law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an

insufficient defense in the manner defendant intended.'"  *Hernandez v. Cnty. of Monterey*, 306

F.R.D. 279, 284 (N.D. Cal. 2015).  As explained in more detail below, none of these defenses

"point to the existence of some identifiable fact that if applicable to [Plaintiffs] would make the

affirmative defense plausible on its face."  *Id.* at 285.

---

[6] Although nearly all of NSO's defenses fall in this category, cognizant of Your Honor's guidance that "Plaintiffs must discuss each defense separately," *see Perez*, 2015 WL 5567746, at *4, and to avoid burdening the Court with immaterial disputes, Plaintiffs have focused this motion on those defenses that are plainly insufficient or for which Plaintiffs cannot discern the basis for the defense.

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

1

### A.  Twenty-Third Defense (Punitive Damages – Unconstitutional)

2

The Twenty-Third Defense reads in full:

3

> To the extent Plaintiffs seek punitive or exemplary damages, the Complaint violates Defendants' right to due process protected under the Fifth and Fourteenth Amendments of the United States Constitution and the right to protection against excessive fines under the Eighth Amendment of the United States Constitution, and the analogous provisions contained in the Constitution of the State of California. Answer at 12, Dkt. No. 128.

4

5

6

7

This defense is inapplicable.  The Supreme Court has held that the Eighth Amendment's

8

prohibition on excessive fines "does not constrain an award of money damages in a civil suit when

9

the government neither has prosecuted the action nor has any right to receive a share of damages

10

awarded."  *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 264

11

(1989).  Accordingly, here, in a suit between private parties, the Eighth Amendment's prohibition

12

on excessive fines does not provide NSO with any defense against punitive damages.  And NSO

13

supplies no facts explaining why it believes, despite these circumstances, that the complaint's

14

request for punitive damages violates NSO's due process rights or its right to protection against

15

excessive fines.  This defense is accordingly also insufficiently pled and should be stricken.  *See*

16

*Jansen*, 2017 WL 607610, at *4 n.6 (striking challenges to punitive damages that "do[] not provide

17

any factual analysis for why these provisions apply to the case at hand").

18

### B.  Twenty-Fourth and Twenty-Fifth Defenses (Liability and Damages Standards Unconstitutional)

19

20

The Twenty-Fourth Defense reads in full:

21

> The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.  Answer at 12, Dkt. No. 128.

22

23

24

25

26

27

28

16

The Twenty-Fifth Defense reads in full:

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the California standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest. Answer at 13, Dkt. No. 128.

Neither defense explains why California's standards are "unduly vague and subjective," how they would result in arbitrary and capricious punishment in this case, or why that would violate NSO's due process rights. Defenses that consist solely of legal conclusions do not provide sufficient notice and must be stricken. *See Jansen*, 2017 WL 607610, at *4 n.6.

### C. Twenty-Sixth Defense (Post-Verdict Review Unconstitutional)

The Twenty-Sixth Defense reads in full:

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment. Answer at 13, Dkt. No. 128.

NSO fails to allege any facts to explain why California post-verdict review procedures do not provide a meaningful constraint on jury discretion. This defense, too, must be stricken for insufficient notice. *See Jansen*, 2017 WL 607610, at *4 n.6.

### D. Twenty-Seventh Defense (Absence of Procedural Safeguards)

The Twenty-Seventh Defense reads in full:

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Answer at 13, Dkt. No. 128.

NSO fails to allege any facts or legal basis to explain why criminal procedures are relevant, and thus fails to provide sufficient notice of its defense. *See Jansen*, 2017 WL 607610, at *4 n.6.

### E.  Twenty-Eighth Defense (First Amendment)

Twenty-Eighth Defense reads in full:

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.  Answer at 13, Dkt. No. 128.

The Court should strike this defense because NSO fails to allege a single fact or legal basis to explain how an award of punitive damages could possibly implicate the First Amendment in this case.  *See Jansen*, 2017 WL 607610, at *4 n.6.

### F.  Twenty-Ninth Defense (Wealth or Financial Status Unconstitutional)

The Twenty-Ninth Defense reads in full:

The imposition of punitive damages in this case based upon evidence of Defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.  Answer at 13, Dkt. No. 128.

NSO alleges no facts for believing that punitive damages would be based on its "wealth or financial status," nor does it explain why that would violate its due process rights in any event.  *Cf. Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991) (concluding that in awarding punitive damages, "the wealth of the particular defendant" should be considered because "the function of deterrence . . . will not be served if the wealth of the defendant allows him to absorb the award with little or no discomfort") (quoting *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 928 (1978)).  Without any facts or further explanation from NSO, this defense as alleged is insufficient and it should be stricken.  *See Jansen*, 2017 WL 607610, at *4 n.6.

### G.  Thirtieth Defense (Out-of-State Conduct)

The Thirtieth Defense reads in full:

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of Defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.  Answer at 14, Dkt. No. 128.

NSO does not allege how punitive damages in this case would be based on NSO's "out-of-state conduct, profits [or] aggregate financial status," or how such damages would violate the

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES
CASE NO. 4:19-CV-07123-PJH

Commerce Clause, Equal Protection Clause, or Privileges and Immunities Clauses. This defense

fails for lack of notice. *See Jansen*, 2017 WL 607610, at *4 n.6.

### H.  Thirty-First Defense (Absence of Malice)

Thirty-First Defense reads in full:

> The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Answer at 14, Dkt. No. 128.

NSO fails to allege facts showing that punitive damages will be awarded without a showing

of malicious intent, and does not explain why that would violate the Due Process Clause when,

among other things, California law permits an award of punitive damages based on a showing of

oppression or fraud. *See* Cal. Penal Code 502(e)(4). This conclusory defense should be stricken.

*See Jansen*, 2017 WL 607610, at *4 n.6.

### I.  Thirty-Second Defense (Jurisdiction)

The Thirty-Second Defense reads in full:

> The imposition of punitive damages in this case pursuant to California law to punish Defendants for acts that occurred outside of California's jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. Answer at 14, Dkt. No. 128.

NSO does not describe how any punitive damages imposed in this case would be based on

"acts that occurred outside of California's jurisdiction." In fact, the complaint alleges conduct in

the United States and California, and this Court has found that it has jurisdiction over Defendants

based on their California contacts. *See Jansen*, 2017 WL 607610, at *4 n.6.

### J.  Thirty-Third Defense (No Harm to Plaintiffs)

The Thirty-Third Defense reads in full:

> The imposition of punitive damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution. Answer at 14, Dkt. No. 128.

1   NSO does not allege how punitive damages would be based on "conduct that did not harm

2   Plaintiffs," or why that would violate the Due Process or Commerce Clauses.  This defense fails,

3   too.  *See Jansen*, 2017 WL 607610, at *4 n.6.

### K.  Thirty-Fourth Defense (Dissimilar Conduct)

The Thirty-Fourth Defense reads in full:

> The imposition of punitive damages in this case based on conduct dissimilar to the conduct that allegedly harmed the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.  Answer at 14, Dkt. No. 128.

NSO does not identify any "conduct dissimilar to the conduct that allegedly harmed the

Plaintiffs," explain how the imposition of punitive damages would be based on such conduct, or

explain why that would violate the Due Process or Commerce Clauses.  Like NSO's other

constitutional challenges, this defense does not provide fair notice.  *See Jansen*, 2017 WL 607610,

at *4 n.6.

### L.  Thirty-Fifth Defense (Non-Parties)

The Thirty Fifth Defense reads in full:

> The imposition of punitive damages in this case to punish Defendants for alleged harm to nonparties and/or persons not before the Court would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.  Answer at 15, Dkt. No. 128.

NSO does not allege facts showing how it would be punished "for alleged harm to

nonparties and/or persons not before the Court," nor does it explain why such punishment would

violate the Due Process or Commerce Clauses.  Without such facts, it is not possible to discern the

basis for this defense.  *See Jansen*, 2017 WL 607610, at *4 n.6.

NSO's bare-bones list of theoretical constitutional arguments does not provide fair notice to

Plaintiffs of the basis for NSO's defenses to punitive damages.  All thirteen should be stricken.

1

**CONCLUSION**

2

For the reasons above, Plaintiffs respectfully request that the Court strike NSO's Sixth,

3

Tenth, Eleventh, Twelfth, Eighteenth, and Twenty-Third through Thirty-Fifth Separate and

4

Additional Defenses as insufficient.

5

Dated:  September 10, 2020                     Respectfully Submitted,

6

                                               DAVIS POLK & WARDWELL LLP

7

8

                                               By:  */s/ Antonio J. Perez-Marques*
                                                    Greg D. Andres

9

                                                    Antonio J. Perez-Marques
                                                    Craig T. Cagney

10

                                                      (admitted *pro hac vice*)

11

                                                    DAVIS POLK & WARDWELL LLP
                                                    450 Lexington Avenue

12

                                                    New York, New York 10017
                                                    Telephone: (212) 450-4000

13

                                                    Facsimile:  (212) 701-5800

14

                                                    Email:  greg.andres@davispolk.com
                                                            antonio.perez@davispolk.com

15

                                                            craig.cagney@davispolk.com

16

                                                    Micah G. Block (SBN 270712)

17

                                                    DAVIS POLK & WARDWELL LLP
                                                    1600 El Camino Real

18

                                                    Menlo Park, California 94025
                                                    Telephone: (650) 752-2000

19

                                                    Facsimile:  (650) 752-2111
                                                    Email: micah.block@davispolk.com

20

21

                                                    *Attorneys for Plaintiffs*
                                                    *WhatsApp Inc. and Facebook, Inc.*

22

23

24

25

26

27

28

21