JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**REPLY IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO STAY PENDING APPEAL**<br><br>Date:     Under Submission<br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 1

II.     NSO'S APPEAL AUTOMATICALLY STAYS PROCEEDINGS RELATED TO
        THE ISSUES ON APPEAL THAT WOULD BURDEN NSO ..................................... 2

III.    NSO ASSERTS IMMUNITY FROM SUIT, NOT MERELY FROM LIABILITY ...... 3

        A.      Common Law Conduct-Based Foreign Immunity Is an Immunity from
                Suit ...................................................................................................... 3

        B.      Derivative Foreign Sovereign Immunity Is Also an Immunity from Suit ....... 6

IV.     PLAINTIFFS' DISCOVERY IS RELATED TO THE FOREIGN SOVEREIGN
        IMMUNITY DEFENSE RAISED IN NSO'S APPEAL .................................................. 7

        A.      The Ninth Circuit Can Grant NSO Immunity Without Discovery ................. 7

        B.      NSO's Immunity Defense Applies to All of Plaintiffs' Claims ..................... 9

V.      CONCLUSION ............................................................................................ 11

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Adv. Fluid Sys., Inc. v. Huber,*
5
   28 F. Supp. 3d 306 (M.D. Pa. June 18, 2014)........................................................................10

6

*Andrade Rio v. Beard,*
   2019 WL 4127206 (E.D. Cal. Aug. 30, 2019).........................................................................9

7

*Behnke v. State Farm Gen. Ins. Co.,*
8
   196 Cal. App. 4th 1443 (2011) ..............................................................................................10

9

*Breazeale v. Victim Servs., Inc.,*
   2015 WL 13687730 .................................................................................................................9

10

*Campbell-Ewald Co. v. Gomez,*
11
   136 S. Ct. 663 (2016)...............................................................................................................7

12

*Christian v. Commonwealth of the N. Mariana Islands,*
13
   2016 WL 406340 (D.N. Mar. Is. Feb. 2, 2016) .....................................................................1

14

*Chuman v. Wright,*
   960 F.2d 104 (9th Cir. 1992) ...........................................................................................1, 2, 3

15

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.,*
16
   2020 WL 403722 (D. Or. Jan. 24, 2020) ...............................................................................9

17

*DC Comics v. Pac. Pictures Corp.,*
18
   706 F.3d 1009 (9th Cir. 2013) .................................................................................................6

19

*Del Campo v. Kennedy,*
   517 F.3d 1070 (9th Cir. 2008) .............................................................................................6, 7

20

*Digital Equip. Corp. v. Desktop Direct, Inc.,*
21
   511 U.S. 863 (1994)..................................................................................................................4

22

*Doğan v. Barak,*
   2016 WL 6024416 (C.D. Cal. Oct. 13, 2016)..........................................................................4
23

*Doğan v. Barak,*
24
   932 F.3d 888 (9th Cir. 2019) ....................................................................................1, 3, 4, 8

25

*Donahoe v. Arpaio,*
26
   2012 WL 2063455 ...................................................................................................................9

27

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP,*
   2011 WL 2847712 (D. Nev. July 15, 2011) .........................................................................10
28

*Habyarimana v. Kagame*,
    696 F.3d 1029 (10th Cir. 2012) ...................................................................4

*Hernandez v. City of San Jose*,
    2017 WL 2081236 (N.D. Cal. May 15, 2017) ...........................................5

*Hmong I v. Lao People's Dem. Rep.*,
    2016 WL 2901562 (E.D. Cal. May 17, 2016) ............................................4

*Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*,
    2015 WL 1289984 (N.D. Cal. Mar. 20, 2015)...........................................10

*Lewis v. Mutond*,
    918 F.3d 142 (D.C. Cir. 2019) ...................................................................4

*M.G. v. Metro. Interpreters & Translators, Inc.*,
    2013 WL 690833 (S.D. Cal. Feb. 26, 2013) ...............................................1

*Mamani v. Berzain*,
    654 F.3d 1148 (11th Cir. 2011) ..................................................................4

*Martin v. Halliburton*,
    618 F.3d 476 (5th Cir. 2010) .....................................................................7

*Matar v. Dichter*,
    563 F.3d 9 (2d Cir. 2009) ...........................................................................4

*Estate of Conners ex rel. Meredith v. O'Connor*,
    6 F.3d 656 (9th Cir. 1993) ..................................................................1, 2, 7

*Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*,
    2005 WL 8165886 (N.D. Cal. Nov. 14, 2005) ....................................2, 3, 5

*Mireskandari v. Mayne*,
    2016 WL 1165896 (C.D. Cal. Mar. 23, 2016) ...........................................4

*Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*,
    899 F.3d 1081 (9th Cir. 2018) ....................................................................1

*Pearson v. Callahan*,
    555 U.S. 223 (2009)....................................................................................5

*Savage v. Glendale Union High Sch., Dist. No. 205*,
    343 F.3d 1036 (9th Cir. 2003) ...................................................................8

*Schering Corp. v. First DataBank Inc.*,
    2007 WL 1747115 (N.D. Cal. June 18, 2007) .......................................4, 5

*Siegert v. Gilley*,
    500 U.S. 226 (1991)....................................................................................5

*St. Clair v. City of Chico*,
   880 F.2d 199 (9th Cir. 1989) ..................................................................................8

*Turner v. Rupf*,
   2010 WL 889859 (N.D. Cal. Mar. 9, 2010)..........................................................5

*United States v. Claiborne*,
   727 F.2d 842 (9th Cir. 1984) ................................................................................5

*United States v. Hickey*,
   580 F.3d 922 (9th Cir. 2009) ................................................................................6

*United States v. Mageno*,
   762 F.3d 933 (9th Cir. 2014) ................................................................................9

*J.P. ex rel. Villanueva v. Cty. of Alameda*,
   2018 WL 3845890 (N.D. Cal. Aug. 13, 2018) ......................................................5

*In re World Trade Ctr. Disaster Site Litig.*,
   521 F.3d 169 (2d Cir. 2008)..................................................................................7

**Statutes**

18 U.S.C. § 1030(g) ....................................................................................................10

28 U.S.C. § 1604 ..........................................................................................................8

Cal. Penal Code
   § 502(c)(6) ...........................................................................................................10
   § 502(e)(1) ...........................................................................................................10

## I.      INTRODUCTION

Because NSO's appeal of the Court's order denying sovereign immunity divests the Court of jurisdiction over any proceeding that would require NSO's participation, the appeal automatically stays discovery and related matters.  (Mot. 3.)  Indeed, Plaintiffs concede that NSO's interlocutory appeal automatically divests this Court of jurisdiction over all proceedings related to the issues on appeal.  (Opp. 3–4; *see* Mot. 2; *Estate of Conners ex rel. Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  In their Opposition, however, Plaintiffs advance a mistaken view about the significance of a non-frivolous assertion of foreign sovereign immunity.

The defense of foreign sovereign immunity is "an immunity from suit."  *Doğan v. Barak*, 932 F.3d 888, 895 (9th Cir. 2019).  NSO's interlocutory appeal therefore automatically stays any proceedings that would impose "burdens of litigation" on NSO, including but not limited to discovery.  *See Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1094 (9th Cir. 2018) (holding foreign sovereign immunity includes "immunity from discovery"); *see also M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *1 (S.D. Cal. Feb. 26, 2013).  In their Opposition, Plaintiffs do not oppose a stay with respect to any proceedings o*ther than discovery*, but they fail to acknowledge that protecting a party from the burden and expense of discovery is one of the primary goals of immunity from suit.

Plaintiffs' arguments rest on their mistaken claims that sovereign immunity conveys only immunity from liability and that their discovery requests are somehow unrelated to the appeal.  But under binding Ninth Circuit law, NSO's sovereign immunity defense is an immunity from *suit*.  There is no precedent to the contrary, and Plaintiffs cite only out-of-Circuit cases that address different issues.  Moreover, Plaintiffs admit that they seek discovery relevant to NSO's sovereign immunity defense, which obviously is related to the issues in NSO's appeal.

If the Ninth Circuit agrees with NSO, it will dismiss all of Plaintiffs' claims, thus protecting NSO from Plaintiffs' burdensome discovery requests along with all other burdens of litigation.  Consequently, if the Court were to deny NSO's motion to stay, NSO would "irretrievably lose the benefit of its immunity."  *Christian v. Commonwealth of the N. Mariana Islands*, 2016 WL

406340, at *2 (D.N. Mar. Is. Feb. 2, 2016).  For this Court to reclaim jurisdiction and order discovery to proceed would override the right NSO seeks to establish in the Ninth Circuit. This Court therefore should grant NSO's motion and stay proceedings pending the resolution of the appeal.

## II.     NSO'S APPEAL AUTOMATICALLY STAYS PROCEEDINGS RELATED TO THE ISSUES ON APPEAL THAT WOULD BURDEN NSO

The Ninth Circuit law is clear: the "filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." *Conners*, 6 F.3d at 658.  The result is to "automatically delay[]" related district court proceedings "until disposition of the appeal." *Chuman*, 960 F.2d at 105.

Plaintiffs do not dispute this.  (Opp. 3–4.)[1]  Instead, they mischaracterize NSO's argument as seeking an automatic stay of all proceedings whether or not related to the appeal.  That is not NSO's argument.  As NSO acknowledged, proceedings that "do not burden [it]" are not stayed. (Mot. 4 n.3.)  But proceedings that *do* burden NSO, such as discovery, *are* stayed.  (Mot. 2–4); *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 14, 2005).

Plaintiffs cannot persuasively distinguish *Microsoft*.  In that case, the defendant appealed the district court's "denial of a motion to dismiss for foreign sovereign immunity."  *Id.*  That appeal, the district court held, "divested [it] of jurisdiction over the case, pending the appellate court's resolution of the appeal."  *Id.* at *2.  As Plaintiffs admit (Opp. 4), the district court recognized that it lacked jurisdiction "during the pendency of [the defendant's] appeal."  *Id.* at *3. Plaintiffs do not deny that this holding prevented all proceedings—including discovery—from taking place until after the appeal.  But they claim that holding is somehow "inapposite" merely because the *Microsoft* court did not use the word "stay."  (Mot. 4.)  That is beside the point.  By holding that it *lacked jurisdiction* pending appeal, the *Microsoft* court necessarily "delayed" all the

---

[1] Plaintiffs disclaim any argument that NSO's appeal is frivolous (Opp. 8 n.8), which would be the only basis to hold that the appeal does not divest this Court of jurisdiction.

proceedings subject to its holding.  *Chuman*, 960 F.2d at 105.  That is a stay, whether or not the court in *Microsoft* used the term.

As in *Microsoft*, NSO's appeal of this Court's denial of its foreign sovereign immunity defense "divest[s] [the Court] of jurisdiction" over proceedings that would impose litigation burdens on NSO.  *Microsoft*, 2005 WL 8165886, at *2.  Until NSO's appeal is resolved, those proceedings are "automatically delayed"—in other words, stayed.  *Chuman*, 960 F.2d at 105.

## III.   NSO ASSERTS IMMUNITY FROM SUIT, NOT MERELY FROM LIABILITY

Plaintiffs do not dispute that discovery is stayed when appeals raise "immunities that entail an immunity from suit."  (Opp. 4.)  The reason, Plaintiffs agree, is that "proceeding against . . . defendants while an appellate court determines whether one of those immunities applies would vitiate the very immunity that is claimed on appeal."  (*Id.*)  In their Opposition, Plaintiffs make the weak and mistaken argument that NSO's foreign sovereign immunity defense is not an immunity from suit.  But Plaintiffs previously have acknowledged that this Court's order from which NSO appeals addressed two kinds of foreign sovereign immunity: common law "conduct-based foreign official immunity" and "derivative foreign sovereign immunity."  (Pls.' Mot to Compel. (Dkt. No. 116) at 11–12; Opp. 5.)  Both types of immunity constitute immunity from suit.

### A.   Common Law Conduct-Based Foreign Immunity Is an Immunity from Suit

The Ninth Circuit has expressly held that "common law foreign official immunity" is "an immunity from *suit* rather than a mere defense to *liability*."  *Doğan*, 932 F.3d at 895 (internal quotation marks omitted).  Plaintiffs try in vain to distinguish *Doğan* by claiming that all it did was hold that the Torture Victim Protection Act did not override common-law sovereign immunity.  (Opp. 6.)  But the Ninth Circuit reached that conclusion precisely because holding otherwise would "effectively extinguish the common law doctrine of foreign official immunity," the "whole point" of which is "immunity from *suit*."  *Doğan*, 932 F.3d at 895.  The Ninth Circuit's decision in *Doğan* does not contain one word suggesting that it was only describing immunity under the Foreign Sovereign Immunities Act.  Nor would any such limitation make sense, because common law conduct-based immunity was the only immunity at issue.

Confirming *Doğan*'s holding, other federal circuits and district courts within the Ninth

Circuit have also held that the protection conveyed by common-law foreign sovereign immunity is immunity from suit. *See Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012) (holding defendant "immune from suit" under common-law immunity); *Mamani v. Berzain*, 654 F.3d 1148, 1151 (11th Cir. 2011) (same); *Matar v. Dichter*, 563 F.3d 9, 14 (2d Cir. 2009) (same); *Mireskandari v. Mayne*, 2016 WL 1165896, at *18–20 (C.D. Cal. Mar. 23, 2016) (same); *Hmong I v. Lao People's Dem. Rep.*, 2016 WL 2901562, at *9–10 (E.D. Cal. May 17, 2016) (same).

Plaintiffs cite no case holding otherwise. Their reliance on *Lewis v. Mutond*, 918 F.3d 142 (D.C. Cir. 2019) (Opp. 5 n.4), confuses the issue of (1) whether common-law foreign sovereign immunity applies in a particular case with (2) whether common-law foreign sovereign immunity is an immunity from suit. *Lewis* addresses only the first of those issues. The court in *Lewis* held that the defendants were not entitled to immunity. *Id.* at 146–47; *accord id.* at 148 (Srinivasan, J., concurring). But *Lewis* did not question that, when common-law immunity *does* exist, it is an "immunity *from suit[]*." *Id.* at 145 (emphasis added). So, *Lewis* is not at all "inconsistent" with NSO's argument that its immunity "shield[s] it from all 'burdens of litigation.'" (Opp. 5.) *Lewis* says nothing whatsoever about that.

Plaintiffs are also wrong in arguing that common-law foreign sovereign immunity "require[s] discovery to determine whether the factual predicates for such defenses exist." (Opp. 5.)[2] If a complaint's allegations and undisputed evidence establish a defendant's right to immunity from suit, as NSO contends on appeal, then the case should be dismissed without discovery. Indeed, the district court in *Doğan* granted the defendant's *pre-discovery* motion to dismiss on the basis of common-law immunity. *Doğan v. Barak*, 2016 WL 6024416, at *1 (C.D. Cal. Oct. 13, 2016). The Ninth Circuit affirmed that decision, without any discovery. *Doğan*, 932 F.3d at 897.

Even in cases where discovery may be warranted, discovery against a party is stayed while the party appeals a denial of immunity. For example, whether government officials enjoy qualified

---

[2] Neither of the cases Plaintiffs cite for this proposition (Mot. 5) has anything to do with common-law foreign sovereign immunity, whether discovery is necessary to establish it, or whether the need for discovery is relevant to the scope of immunity. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994); *Schering Corp. v. First DataBank Inc.*, 2007 WL 1747115, at *2 (N.D. Cal. June 18, 2007).

immunity depends on each case's particular facts.  *See, e.g.*, *Turner v. Rupf*, 2010 WL 889859, at *4 (N.D. Cal. Mar. 9, 2010) (denying qualified immunity due to "disputes of fact").  Qualified immunity, however, is "'an immunity from suit rather than a mere defense to liability.'"  *Pearson v. Callahan*, 555 U.S. 223, 237 (2009); (Opp. 5).  Consequently, when a defendant appeals the denial of a motion to dismiss based on qualified immunity, that appeal stays discovery in the district court.  (Opp. 5); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *J.P. ex rel. Villanueva v. Cty. of Alameda*, 2018 WL 3845890, at *2–4 (N.D. Cal. Aug. 13, 2018); *Hernandez v. City of San Jose*, 2017 WL 2081236, at *11–14 (N.D. Cal. May 15, 2017).  The same is true of foreign sovereign immunity.  *Microsoft Corp.*, 2005 WL 8165886, at *2.

Plaintiffs flagrantly misrepresent the holding of *J.P.*, falsely stating that the court allowed discovery against the defendant after considering prejudice to the plaintiff. (Opp. 7.)  To the contrary, the court unambiguously held that defendants claiming qualified immunity on appeal were entitled to a stay of discovery.  2018 WL 3845890, at *2 ("Because the County Defendants' appeal presumptively pertains to all claims against them, the stay is granted as to them.")  The court denied a stay only as to *other* defendants who did not claim immunity and thus were not parties to the appeal.  *Id*. at *3.  That denial has no relevance here.[3]  In fact, the case directly supports NSO's position that the appeal stays "all claims against" the party appealing the denial of immunity from suit—in this case, all the claims in the complaint.  *Id.* at *2.

Finally, Plaintiffs mistakenly argue that *Schering* suggests pretrial proceedings would not meaningfully impair NSO's "right not to be tried."  (Opp. 6 (citing *Schering*, 2007 WL 1747115, at *4).)  But the Ninth Circuit case on which *Schering* relied actually held to the contrary—that conducting pretrial proceedings during the defendant's appeal *was error*.  *United States v. Claiborne*, 727 F.2d 842, 851 (9th Cir. 1984) (finding error harmless given circumstances).  Since then, the Ninth Circuit has "impress[ed] upon district courts" that even though conducting pretrial proceedings during an immunity appeal may turn out to be harmless error if the Ninth Circuit ultimately denies immunity, district courts still should not "act[] before the [Ninth Circuit's]

---

[3] In any event, Plaintiffs do not identify any prejudice they would suffer from a stay.

5

1   mandate has issued."  *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009) ("Although the

2   error was harmless in this case, we want to impress upon district courts that acting before the

3   mandate has issued or after the mandate has been recalled risks acting without jurisdiction and

4   wasting judicial resources.").  This Court should reject Plaintiffs' invitation to commit error.  If

5   the error turned out not to be not harmless—if the Court of Appeals finds immunity—the harm

6   would be irremediable.  As Plaintiffs concede, the error would "vitiate the very immunity that is

7   claimed on appeal."  (Opp. 4.)

8        Moreover, Plaintiffs seem to agree that the weight of authority holds that an appeal

9   claiming immunity from suit should stay discovery.  (Opp. 4–5[4]; Mot. 2–3.)  Because NSO's

10  appeal claims such an immunity, the Court should grant a stay.

11       **B.      Derivative Foreign Sovereign Immunity Is Also an Immunity from Suit**

12       NSO's appeal also stays discovery because it raises the defense of derivative foreign

13  sovereign immunity.  In the context of domestic sovereign immunity, the Ninth Circuit's decision

14  in *Del Campo v. Kennedy*, 517 F.3d 1070 (9th Cir. 2008), necessarily held that derivative sovereign

15  immunity includes immunity from suit.  The defendant in *Del Campo* was a private contractor for

16  Santa Clara County.  *Id.* at 1072.  The plaintiff challenged the contractor's work for the county,

17  and the contractor moved to dismiss based on derivative sovereign immunity.  *Id.* at 1073.  After

18  the district court denied that motion, the contractor filed an interlocutory appeal.  *Id.* at 1074.  The

19  plaintiff moved to dismiss the appeal, arguing that the Ninth Circuit lacked jurisdiction over the

20  appeal.  *Id.*  The Ninth Circuit disagreed on the ground that "[a]ppeals from denial of sovereign

21  immunity" are proper.  *Id.*

22       The Ninth Circuit could only have reached that conclusion if derivative sovereign

23  immunity entails immunity *from suit*.  "[W]hether an immunity . . . functions 'as an immunity

24  from suit or merely a defense from liability' is dispositive in determining whether an immediate

25  appeal of an order denying an immunity should be available."  *DC Comics v. Pac. Pictures Corp.*,

26  706 F.3d 1009, 1015 (9th Cir. 2013).  If derivative sovereign immunity were not an immunity *from*

27

28  ─────────────────────
    [4] Plaintiffs only dispute is really just whether the immunity NSO claims is an immunity *from suit*.

*suit*, the Ninth Circuit could have not entertained the appeal in *Del Campo*.

Furthermore, the Second Circuit has held that derivative domestic sovereign immunity entails immunity from suit. *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 192–93 (2d Cir. 2008) (citing *Del Campo*, 517 F.3d at 1074). The Fifth Circuit held to the contrary in *Martin v. Halliburton*, 618 F.3d 476, 483–85 (5th Cir. 2010), but its reasoning is unpersuasive in light of *Del Campo* and *In re World Trade Center*.

Similarly, derivative foreign sovereign immunity is an immunity *from suit*. Plaintiffs' citation of *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), does not prove otherwise. (Opp. 5 n.4.) Although *Campbell-Ewald* held that derivative domestic sovereign immunity is not "unqualified" and may be unavailable in some factual circumstances, 136 S. Ct. at 672, that is also true of qualified immunity for government officials. *See supra* at 4. Yet Plaintiffs concede that qualified immunity is an immunity from suit, (Opp. 5), and they 5) and they identify no reason to treat derivative sovereign immunity differently. The principle is identical.

## IV.   PLAINTIFFS' DISCOVERY IS RELATED TO THE FOREIGN SOVEREIGN IMMUNITY DEFENSE RAISED IN NSO'S APPEAL

Plaintiffs concede they seek discovery related to NSO's foreign sovereign immunity defense (Opp. 7–8 & n.7),), which is the issue on appeal. That proves that Plaintiffs' requested discovery relates to the "aspects of the case involved in the appeal." *Conners*, 6 F.3d at 658. NSO's appeal thus stays discovery.

To argue otherwise, Plaintiffs must claim that discovery into NSO's foreign sovereign immunity defense somehow does not relate to NSO's appeal *about its foreign sovereign immunity defense*. In support of that illogical assertion, they argue that NSO's appeal seeks only a legal holding that foreign sovereign immunity could theoretically exist depending on what discovery later reveals. (Opp. 7–8.) They also argue that NSO's immunity defense does not apply to all of their claims. (Opp. 8–9.) Neither argument is correct. NSO's appeal, if granted, may result in dismissal of the case without further discovery.

### A.   The Ninth Circuit Can Grant NSO Immunity Without Discovery

Plaintiffs are wrong in claiming that discovery will be required no matter what the Ninth

Circuit decides in NSO's appeal.  In support of its motion to dismiss, NSO submitted affidavits establishing that it acts entirely for and at the direction of foreign sovereigns.  (Dkt. No. 45 at 8–10; Dkt. No. 45-11; Dkt. No. 45-13; Dkt. No. 62 at 1.)[5]  Plaintiffs did not contradict any of NSO's evidence.  As this Court recognized, Plaintiffs did "not contest that [D]efendants are agents of foreign governments," did "not contend that [D]efendants were acting outside the scope of their contracts with their customers," and did not argue that  "[D]efendants operated outside their official capacity."  (Dkt. No. 111 at 11.)

For that reason, it is simply false for Plaintiffs to say that "NSO has not yet established who its customers are, whether those customers themselves are entitled to sovereign immunity, or whether any of NSO's challenged actions were taken at their direction."  (Opp. 8 n.7.)  As this Court recognized, "both parties acknowledge" that NSO's customers are "sovereign nations." (Dkt. No. 111 at 33.)  It is undeniable that those governments are entitled to sovereign immunity. 28 U.S.C. § 1604.  And, as this Court has recognized, it is undisputed that NSO acted entirely within its "official capacity" as an "agent[] of foreign governments."  (*Id.* at 11.)

On appeal, NSO will argue that this undisputed record, when analyzed under the proper legal standard, renders NSO immune from suit.  If the Court of Appeals agrees, it will dismiss the complaint without remanding for additional discovery, as it did in *Doğan*, 932 F.3d at 897; *see also, e.g.*, *St. Clair v. City of Chico*, 880 F.2d 199, 201–04 (9th Cir. 1989) (dismissing complaint based on factual challenge to subject-matter jurisdiction).  Plaintiffs are free to argue to the Ninth Circuit that the case should not be dismissed without more factual development, but they may not supplement the record on appeal.  *St. Clair*, 880 F.2d at 203–04.  For that reason, the Ninth Circuit could properly decide that, on the undisputed evidentiary record, NSO is entitled to immunity.  If it does, that will be the end of the case, and Plaintiffs will not be entitled to discovery.

---

[5] NSO's raised foreign sovereign immunity through a "factual" challenge to the Court's subject-matter jurisdiction, which allowed it to submit evidence in support of its motion. (Dkt. No. 111 at 9); *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifted to Plaintiffs to "furnish affidavits or other evidence" to contradict NSO's evidence.  *Savage*, 343 F.3d at 1039 n.2.  Plaintiffs introduced no such evidence.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    NSO's Immunity Defense Applies to All of Plaintiffs' Claims

The Ninth Circuit can dismiss the entire case because NSO moved to dismiss all of Plaintiffs' claims for lack of subject-matter jurisdiction. (Dkt. No. 45 at 8–10, 25; Dkt. No. 45-15 ¶ 2; Dkt. No. 62 at 9–11.)  In opposing NSO's motion to dismiss, Plaintiffs did not contend that NSO's defense was limited to particular claims, and this Court did not find that NSO asserted its foreign sovereign immunity defense against anything less than all of Plaintiffs' claims. (Dkt. No. 111 at 9–15.)

NSO's appeal will similarly challenge the entire complaint.  As it did to this Court, NSO will argue that it is immune from suit on all of Plaintiffs' claims.  Plaintiffs evidently will contend that NSO cannot be immune with respect to their claims for "breach of contract . . . and certain violations of federal and state law based on NSO's own conduct in reverse engineering the WhatsApp app, developing the spyware in the first instance, testing it on WhatsApp systems, and marketing it."  (Opp. 8.)  But those arguments go to the merits of NSO's foreign sovereign immunity defense, not to the scope of that defense as actually asserted by NSO.  NSO is the "master of [its] appeal."  *United States v. Mageno*, 762 F.3d 933, 941 (9th Cir. 2014), *vacated on other grounds on reh'g*, 786 F.3d 768 (9th Cir. 2015).  Because NSO's appeal will challenge all of Plaintiffs' claims,[6] every claim is at issue.[7]

Even if Plaintiffs' arguments about the merits of NSO's defense could affect the scope of

---

[6] That fact distinguishes the cases on which Plaintiffs rely (Opp. 8–9), all of which involved claims the defendants were *not* challenging.  *See Breazeale v. Victim Servs., Inc.*, 2015 WL 13687730, at *1 (addressing "motion to strike two of the plaintiffs' state law claims"); *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 2020 WL 403722, at *4 (D. Or. Jan. 24, 2020) (addressing motion to dismiss state but not federal claims and staying "all aspects of this action that are specifically related to Plaintiff's state claims"); *Donahoe v. Arpaio*, 2012 WL 2063455, at *1, 3 (addressing some defendants' request for "a narrowly drawn discovery stay" that applied only to some counts).  Here, in contrast, NSO moved to dismiss all of Plaintiffs' claims.  In such circumstances, Plaintiffs' own cases confirm that the stay should cover every claim.  *Columbia Sportswear*, 2020 WL 403722, at *4; *see also Andrade Rio v. Beard*, 2019 WL 4127206, at *3–5 (E.D. Cal. Aug. 30, 2019) (staying all discovery pending appeal of qualified immunity denial).

[7] If some of Plaintiffs' claims were not at issue in NSO's appeal, Plaintiffs concede that would only justify limited discovery.  (Opp. 8.)  Plaintiffs could only seek discovery into, at most, the design, testing, and marketing of Pegasus with respect to the 1,400 Target Users—not discovery into (for example) NSO's customers or its use of Pegasus.

---

1  NSO's appeal, those arguments are mistaken.  To begin with, Plaintiffs cannot plausibly assert any

2  claim based solely on NSO's alleged design and marketing of Pegasus.  Plaintiffs identify no

3  section of the CFAA that prohibits such conduct, and they are mistaken in arguing that the CFAA

4  "prohibit[s] . . . enabling others to engage in unauthorized access."  (Opp. 9); *see Koninklijke*

5  *Philips N.V. v. Elec-Tech Int'l Co.*, 2015 WL 1289984, at *4 (N.D. Cal. Mar. 20, 2015) (holding

6  that "encourag[ing]" unauthorized access "does not support a theory of liability under the CFAA");

7  *Adv. Fluid Sys., Inc. v. Huber*, 28 F. Supp. 3d 306, 328 (M.D. Pa. June 18, 2014) ("CFAA does

8  not create a cause of action for aiding and abetting."); *Flynn v. Liner Grode Stein Yankelevitz*

9  *Sunshine Regenstreif & Taylor LLP*, 2011 WL 2847712, at *3 (D. Nev. July 15, 2011) ("Section

10  1030 does not provide for aiding and abetting liability.").  The CFAA therefore provides no remedy

11  for the design and marketing of Pegasus.  Similarly, while California's CCDAFA prohibits

12  "*providing* a means of accessing a computer," Cal. Penal Code § 502(c)(6) (emphasis added),

13  designing and marketing Pegasus is not *providing* it to anyone.  Only the actual *sale* of Pegasus

14  could even arguably qualify.[8]  And NSO's alleged sale of Pegasus to foreign governments

15  obviously occurred at the behest of those governments.  So that conduct, like the use of Pegasus,

16  is subject to NSO's foreign sovereign immunity defense.

17      In addition, none of Plaintiffs' claims can be divorced from the alleged use of Pegasus by

18  NSO's sovereign customers.  Each claim requires Plaintiffs to prove damages.  *See* 18 U.S.C.

19  § 1030(g) (limiting cause of action to "[a]ny person who suffers damage or loss"); Cal. Penal Code

20  § 502(e)(1) (limiting cause of action to person "who suffers damage or loss"); *Behnke v. State*

21  *Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1468 (2011) ("Damages are an essential element of

22  a breach of contract claim.").  NSO's alleged reverse-engineering of WhatsApp's software and

23  design, testing, and marketing of Pegasus did not damage Plaintiffs in any way.  Plaintiffs only

24  allege injury through the ultimate *use* of Pegasus by NSO's customers.  (Compl. ¶¶ 57, 64, 73.)

25  The alleged use of Pegasus is thus an essential part of every claim.  Because NSO's foreign

26  sovereign immunity defense undisputedly applies to claims based on the use of Pegasus (Opp. 9),

27

28  _____
[8] NSO maintains that it did not violate the law in any way.

1     it applies to every claim.

2                                          *   *   *

3          In summary, NSO will argue on appeal that the undisputed factual record requires dismissal

4     of the entire complaint on the basis of foreign sovereign immunity.  Plaintiffs may oppose those

5     arguments on the merits.  But if the Ninth Circuit agrees with NSO, it will dismiss all of Plaintiffs'

6     claims without any further discovery.  The appeal thus relates to all of Plaintiffs' claims and stays

7     all discovery.

8     **V.        CONCLUSION**

9          The Court should grant NSO's motion and stay all proceedings, including discovery, that

10    impose litigation burdens on NSO.

11

12    DATED:  September 11, 2020                  KING & SPALDING LLP

13

14                                               By:  /s/ *Joseph N. Akrotirianakis*_____
                                                      JOSEPH N. AKROTIRIANAKIS
15                                                    AARON S. CRAIG
                                                      Attorneys for Defendants NSO GROUP
16                                                    TECHNOLOGIES LIMITED and Q
                                                      CYBER TECHNOLOGIES LIMITED
17

18

19

20

21

22

23

24

25

26

27

28