1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                  OAKLAND DIVISION

11   WHATSAPP INC., a Delaware corporation,          Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
12   corporation,                                    **[PROPOSED] ORDER DENYING**
                                                     **PLAINTIFFS' MOTION TO STRIKE**
13                  Plaintiffs,                       **AFFIRMATIVE DEFENSES**

14        v.

15   NSO GROUP TECHNOLOGIES LIMITED
     and Q CYBER TECHNOLOGIES LIMITED,
16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

---

The Court, having considered all filings in support of, and in opposition to, the motion of Plaintiffs WhatsApp Inc. and Facebook, Inc. for an order striking certain of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited's affirmative defenses, and GOOD CAUSE THEREFOR APPEARING, ORDERS:

1.     Motions to strike affirmative defenses are "disfavored." *G&G Closed Cir. Events, LLC v. Nguyen*, 2010 WL 3749284, at *1 (N.D. Cal. Sept. 23, 2010).  Accordingly, the Court will strike an affirmative defense only if "it appears to a certainty that [P]laintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Kirola v. City & Cty. of S.F.*, 2011 WL 89722, at *1 (N.D. Cal. Jan. 11, 2011) (internal quotation marks omitted).  If "the insufficiency of the defense is not clearly apparent," the Court will deny the motion.  *Fabian v. LeMahieu*, 2020 WL 3402800, at *4 (N.D. Cal. June 19, 2020) (internal quotation marks omitted).

2.     Defendants' Eighteenth Defense (Act of State Doctrine) is legally sufficient and applicable to Plaintiffs' claims.  Plaintiffs seek to hold Defendants liable for conduct that Defendants argue was committed by and on behalf of foreign sovereigns, acting within their own territories, while conducting national security and law enforcement investigations.  Plaintiffs' claims thus could require the Court to "question the legality of the sovereign acts of foreign states," which the act of state doctrine prohibits.  *Int'l Ass'n of Machinists & Aerospace Workers (IAM) v. OPEC*, 649 F.2d 1354, 1359 (9th Cir. 1981).  The parties' factual disputes over whether Defendants or their customers committed any acts within the United States and whether any of those acts were sovereign in nature cannot be resolved on a motion to strike.  *See Erickson Prods. Inc. v. Welbrook Senior Living, LLC*, 2017 WL 1315572, at *2 (N.D. Cal. Apr. 7, 2017). Therefore, the defense is not clearly insufficient, and the motion to strike the defense must be denied.  *Fabian*, 2020 WL 3402800, at *4.

3.     Defendants did not waive their Twelfth Defense (*Forum Non Conveniens*) by choosing not to raise it in their motion to dismiss, *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 765 (N.D. Cal. 2004), and any delay by Defendants in asserting the defense does not justify striking it, *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir.

2009).  Nor, prior to discovery, can the Court conclude that the defense is clearly insufficient. Assessing *forum non conveniens* requires to Court to weigh many different factors to which further discovery may be relevant.  *Allianz Global Risks U.S. Ins. Co. v. Ershigs, Inc.*, 138 F. Supp. 3d 1183, 1187 (W.D. Wash. 2015); *Hebert v. Vantage Travel Serv., Inc.*, 334 F.R.D. 362, 376 (D. Mass. 2019)**.**

      4.     Defendants did not waive their Eleventh Defense (Improper Venue) because it is based on their argument, raised in their motion to dismiss, that the Court lacks personal jurisdiction over them.  The Court's denial of the motion to dismiss does not foreclose this defense because Plaintiffs have an ongoing burden to prove, not merely allege, that personal jurisdiction exists.  *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990); *Vista v. USPLabs, LLC*, 2014 WL 5507648, at *4 (N.D. Cal. Oct. 30, 2014).  To the extent Defendants' Eleventh Defense is redundant of their personal jurisdiction defense, that does not support striking the defense because Plaintiffs do not argue that they will be prejudiced by any redundancy.  *Savage v. Citibank N.A.*, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015).

      5.     Defendants' Tenth Defense (International Comity) provides fair notice of the defense.  Defendants are Israeli corporations that claim to have acted on behalf of foreign sovereigns and deny they took any actions in the United States.  That adequately addresses the five factors relevant to an international comity defense.  *Mujica v. AirScan Inc.*, 771 F.3d 580, 603–07 (9th Cir. 2014).  Prior to discovery, the Court cannot conclude that the defense is clearly insufficient.  *See Fabian*, 2020 WL 3402800, at *4.

      6.     Defendants' Sixth Defense (Good Faith/Legitimate Justification) potentially states a defense against Plaintiffs' claims and request for punitive damages, which depend on allegations that NSO acted "wrongfully," "with intent to defraud," or  "to defraud and deceive," or with "malice," "oppression," or "fraud."  (Compl. ¶¶ 54, 59, 66.)  The defense may also apply to Plaintiffs' claims under the Computer Fraud and Abuse Act, which  "any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States."  18 U.S.C. § 1030(f).  At this point, the Court cannot conclude that these defenses are

1   clearly insufficient.  *See Fabian*, 2020 WL 3402800, at *4.  In addition, Plaintiffs do not claim

2   they will suffer any prejudice from allowing Defendants to plead the defense.  *Savage*, 2015 WL

3   4880858, at *4.

4          7.      Defendants' Twenty-Third through Thirty-Fifth Defenses provide fair notice of

5   Defendants' constitutional objections to the imposition of punitive damages under certain

6   circumstances.  For the most part, these defenses raise pure legal issues that do not depend on

7   detailed factual allegations.  Nevertheless, NSO's answer and Plaintiffs' complaint provide

8   whatever minimal facts are necessary to provide fair notice of the defenses.  *See Smith v. Wal-*

9   *Mart Stores*, 2006 WL 2711468, at *6 (N.D. Cal. Sept. 20, 2006); *Weddle v. Bayer AG Corp.*,

10  2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012).  Moreover, Plaintiffs do not claim they will

11  suffer any prejudice from allowing Defendants to plead the defenses.  *Savage*, 2015 WL

12  4880858, at *4.

13         8.      For the foregoing reasons, Plaintiffs' motion to strike affirmative defenses is

14  DENIED.

15

16         **IT IS SO ORDERED.**

17

18  Dated:  _____, 2020          _____

19                                          THE HONORABLE PHYLLIS J. HAMILTON
                                            CHIEF UNITED STATES DISTRICT JUDGE