1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7
                   UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                            OAKLAND DIVISION
10

| | |
|---|---|
| WHATSAPP a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF MOTION OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR A PROTECTIVE ORDER**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. Plaintiffs served their First Requests for Production ("RFPs") on June 2, 2020, before this Court stayed all proceedings in the action. A true and correct copy of Plaintiffs' First Requests for Production is attached hereto as **Exhibit A**.

3. On March 13 and 16, 2023, my colleague Aaron Craig and I met and conferred with Plaintiffs' counsel, Antonio Perez-Marques and a number of his colleagues, about Defendants' motion for protective order. During our discussions, Mr. Perez-Marques took the position that the relevance and specificity of Plaintiffs' RFPs are irrelevant to whether Defendants should receive a protective order based on Israeli law. Mr. Perez-Marques stated his client's position that every one of Plaintiffs' RFPs was sufficiently relevant and specific, and that Plaintiffs can properly seek discovery of every document requested by Plaintiffs' RFPs. Mr. Perez-Marques said Plaintiffs might consider proposals to narrow some of Plaintiffs' RFPs *after* the Court decides Defendants' motion for protective order, but he refused to narrow any RFP before that time. He agreed that Defendants' motion would appropriately address Plaintiffs' RFPs "as drafted."

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 30th day of March 2023, at Houston, Texas.

*/s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS