JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>            Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion"): (1) certain language on pages 1, 5, 8-9, 12-16, and 18 of Defendants' Amended Motion for Protective Order (Declaration of Aaron S. Craig filed concurrently herewith ("Craig Decl.") Exh. A); (2) certain language in paragraphs 6 and 8 of the Declaration of Yaron Shohat ("Shohat. Decl.") in support of Defendants' Amended Motion for Protective Order (Craig Decl. Exh. B); (3) certain language in paragraph 9 of the proposed order granting Defendants' Amended Motion for Protective Order (Craig Decl. Exh. C); and (4) certain language in paragraphs 3-8 and 10 of the concurrently filed Craig Declaration.  (The unredacted Craig Declaration and Exhibits A, B, and C thereto are collectively referenced as the "Sealed Documents.")  The Sealed Documents are submitted to the Court for its consideration in connection with Defendants' concurrently filed Amended Motion for Protective Order.

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.   BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce the information.  (Craig. Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  (Craig Decl. ¶ 2.)

For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 3 through 8 of the accompanying Craig Declaration.

## II. LEGAL STANDARDS

Civil Local Rule 79-5 sets forth the procedural requirements for filing an administrative motion to seal records. The moving party must establish that the request is "narrowly tailored to seek sealing only of sealable material" and attach declarations to that effect. Civil L.R. 79-5(b), Civil L.R. 79-5(d)(1)(A). "Sealable" material includes documents, or portions thereof, that are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the documents Defendants seek to file under seal are being submitted in conjunction with Defendants' Amended Motion for Protective Order, which is not a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. (Even if the higher "compelling reasons" standard applied, that standard is met here.)

## III. LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Craig Declaration and the exhibits thereto. The Sealed

1  Documents contain highly sensitive, non-public information, the disclosure of which would
2  prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple*
3  *Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade*
4  *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*,
5  2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now seek leave of this
6  Court to file the Sealed Documents under seal.

7  Good cause exists to seal each of the Sealed Documents, and Defendants respectfully
8  request that the Court grant this Motion and order the Sealed Documents be kept under seal.  For
9  a full description of that good cause, the Court is respectfully referred to paragraph 10 of the
10 accompanying Craig Declaration.  Defendants have closely analyzed each of the documents being
11 filed and, for each, Defendants are asking the Court to file under seal only the bare minimum
12 amount necessary.

### IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, and the exhibits thereto, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED: April 10, 2023

KING & SPALDING LLP

By: /s/Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED