JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF AMENDED MOTION OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR A PROTECTIVE ORDER**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. Plaintiffs served their First Requests for Production ("RFPs") on June 2, 2020, before this Court stayed all proceedings in the action. A true and correct copy of Plaintiffs' First Requests for Production is attached hereto as **Exhibit A**.

3. On March 13 and 16, 2023, my colleague Aaron Craig and I met and conferred with Plaintiffs' counsel, Antonio Perez-Marques and a number of his colleagues, about Defendants' motion for protective order. During our discussions, Mr. Perez-Marques took the position that the relevance and specificity of Plaintiffs' RFPs are irrelevant to whether Defendants should receive a protective order based on Israeli law. Mr. Perez-Marques stated his client's position that every one of Plaintiffs' RFPs was sufficiently relevant and specific, and that Plaintiffs can properly seek discovery of every document requested by Plaintiffs' RFPs. Mr. Perez-Marques said Plaintiffs might consider proposals to narrow some of Plaintiffs' RFPs *after* the Court decides Defendants' motion for protective order, but he refused to narrow any RFP before that time. He agreed that Defendants' motion would appropriately address Plaintiffs' RFPs "as drafted."

4. In Plaintiffs' Complaint and Initial Disclosures in this action, Plaintiffs claimed to seek damages for "damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and their users and potential users." (*E.g.*, Compl. ¶ 64.) However, on April 4, 2023—after Defendants filed their first Motion for a Protective Order—Mr. Perez-Marques informed me that "Plaintiffs do not intend to seek reputational damages." A true and correct copy of Mr. Perez-Marques's email is attached hereto as **Exhibit B**.

5. Absent their now-abandoned reputational damages, Plaintiffs calculated their compensatory damages as "approximately $1 million" in their Initial Disclosures. A true and correct copy of Plaintiffs' Initial Disclosures is attached hereto as **Exhibit C**.

1 | I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 10th day of April 2023, at Los Angeles, California.

        */s/ Joseph N. Akrotirianakis*
        JOSEPH N. AKROTIRIANAKIS