Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and METY PLATFORMS INC., <br><br>Plaintiffs, <br><br>v. <br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br>Defendants. | Case No. 4:19-cv-07123-PJH <br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Northern District of California Local Rules 7-11 and 79-5(f), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants") propose that portions of the Declaration of Antonio J. Perez-Marques in Support of Plaintiffs' Opposition to Motion for Protective Order (the "Perez-Marques Declaration"), which was filed at Docket No. 182, should be filed under seal. A copy of the Perez-Marques Declaration with Defendants' proposed redactions is attached hereto as Exhibit 1.

Plaintiffs filed the Perez-Marques Declaration electronically on April 24, 2023. On May 5, 2023, Defendants informed Plaintiffs of their view that Exhibit A to the Perez-Marques Declaration should have been filed under seal based on Defendants' designation of that document as "Highly Confidential-Attorney's Eyes Only." Although Plaintiffs disagreed with Defendants' designation, Plaintiffs promptly moved both to remove Exhibit A to the Perez-Marques Declaration from the docket in accordance with Defendants' request, and for leave to file it under seal. *See* Admin. Motion to Remove Incorrectly Filed Document, Dkt. No. 185.

On May 11, 2023, Plaintiffs received Defendants' proposed redactions to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for a Protective Order (the "Memorandum"), which was filed at Docket No. 181-2. Plaintiffs intended to file a redacted version of the Memorandum on May 12, 2023, along with a version of the Perez-Marques Declaration that redacted Exhibit A. Out of an abundance of caution, Plaintiffs asked Defendants to confirm that they had no objections to Plaintiffs refiling the Perez-Marques Declaration. For the first time on May 15, 2023, Defendants requested additional redactions to the Perez-Marques Declaration, even though Defendants had been served with the Perez-Marques Declaration on April 24, 2023 via ECF, and had not requested any redactions to the Perez-Marques Declaration in Defendants' May 5, 2023 letter.

Defendants assert that the proposed redactions to the Perez-Marques Declaration refer to information that is governed by the August 31, 2020 Stipulated Protective Order. *See* Dkt. No. 132.

1

ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 4:19-CV-07123-PJH

Accordingly, Plaintiffs now move the Court to consider whether Defendants' material should be sealed. *See* N.D. Cal. Civil L. R. 79-5(f). Plaintiffs have already contacted the ECF Help Desk regarding this issue, and understand that the ECF Help Desk has temporarily locked the Perez-Marques Declaration.

Plaintiffs do not concede that the high-level descriptions in Defendants' proposed redactions satisfy the definition of "Highly Confidential-Attorney's Eyes Only" under the Stipulated Protective Order, but seek this relief out of an abundance of caution in light of Defendants' new request. Plaintiffs take no position as to whether the designated documents satisfy the requirements for sealing, and specifically reserve the right to challenge any confidentiality designations as well as the sealability of the documents at issue.

Together with this motion, Plaintiffs are also publicly filing a redacted version of the Perez-Marques Declaration, along with a redacted version of Exhibits A through U, reflecting the redactions requested by Defendants. *See* N.D. Cal. Civil L. R. 79-5(d), (e). Specifically, Defendants have asked Plaintiffs to redact certain portions of the Perez-Marques Declaration, and the entirety of Exhibit A to the Perez-Marques Declaration. Plaintiffs have complied. All other Exhibits are being refiled without redaction, except for Exhibit S, which was separately filed under seal. *See* Dkt. No. 181-3.

The Administrative Motion is based on this Notice of Motion and the [Proposed] Order.

2

ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
CASE NO. 4:19-CV-07123-PJH

Dated: May 16, 2023

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Antonio J. Perez-Marques
   Greg D. Andres
   Antonio J. Perez-Marques
   Craig T. Cagney
      (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
   450 Lexington Avenue
   New York, New York 10017
   Telephone: (212) 450-4000
   Facsimile: (212) 701-5800
   Email: greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

   Micah G. Block (SBN 270712)
   DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
   Menlo Park, California 94025
   Telephone: (650) 752-2000
   Facsimile: (650) 752-2111
   Email: micah.block@davispolk.com

   *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*