1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT [RE DOCKET NO. 188]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in paragraphs 3-8 and 10 of the concurrently filed Local Rule 79-5(f)(3) declaration of Aaron Craig ("Craig Declaration.")  The Craig Declaration is filed as Defendants' responsive statement to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 188).[1]

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

I. **BACKGROUND**

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce the information.  (Craig. Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  (Craig Decl. ¶ 2.)

In connection with their opposition to the motion for protective order, Plaintiffs filed the pending Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Administrative Motion"), asking the Court to consider whether Defendants' proposed redactions of the Declaration of Antonio J. Perez-Marques in support of Plaintiffs' opposition ("Perez-Marques Declaration") and of Exhibit A to the Perez-Marques Declaration should be sealed. (Craig Decl. ¶ 3.)  Defendants submit the concurrently filed Craig Declaration as their Local Rule

---

[1] In the Craig Declaration filed concurrently, Defendants further ask the Court to keep under seal paragraphs 3 and 6 of Docket No. 188-1, the declaration of Antonio Perez-Marques, and page 2 of Docket No. 188-2 (Exhibit A to the declaration of Antonio Perez-Marques).

1  79-5(f)(3) responsive statement to this Administrative Motion, to explain why these documents,
2  as well as certain language in paragraphs 3-8 and 10 of the Craig Declaration itself, must be sealed.
3        For information about additional matters relevant to this Motion, the Court is respectfully
4  referred to paragraphs 3 through 8 of the accompanying Craig Declaration.

**II.  LEGAL STANDARDS**

6        Although courts recognize a general right to inspect and copy public records, "access to
7  judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
8  (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those
9  materials are to the merits of the case.  A party seeking to seal materials submitted with a motion
10 that is "more than tangentially related to the merits of the case" must demonstrate that there are
11 compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
12 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file
13 documents under seal in conjunction with a non-dispositive motion" need only show "good cause
14 exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-
15 cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the
16 "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
17 information from being disclosed to the public by balancing the needs for discovery against the
18 need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
19 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

20       Here, Defendants seek to file under seal the Craig Declaration, which is being filed in
21 response to Plaintiffs' Administrative Motion pursuant to Local Rule 79-5(f)(3) (which in turn
22 relates to a motion for a protective order).  Accordingly, the "good cause" standard applies to this
23 Motion.  Even if the higher "compelling reasons" standard applied, that standard is met here.

**III.  LEGAL ARGUMENT**

25       This Motion is supported by good cause (and to the extent required, by compelling reasons)
26 based on the facts attested to in the Craig Declaration.  Certain language in Paragraphs 3-8 and 10
27 of the Craig Declaration (the "Confidential Foreign Materials") contain highly sensitive, non-
28 public information, the disclosure of which would prejudice Defendants and other parties not

before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.,* 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Therefore, Defendants now seek leave of this Court to file the Confidential Foreign Materials under seal.

Good cause exists to seal the Craig Declaration, and Defendants respectfully request that the Court grant this Motion and order them be kept under seal. For a full description of that good cause, the Court is respectfully referred to paragraph 10 of the accompanying Craig Declaration. Defendants have closely analyzed the Craig Declaration and are asking the Court to file under seal only the bare minimum amount necessary.

## IV.  CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order certain language in the Craig Declaration be kept under seal. In their Local Rule 79-5(f)(3) statement, Defendants further request that paragraphs 3 and 6 of Docket No. 188-1 and page 2 of Docket No. 188-2, both filed by Plaintiffs, also be kept under seal.

DATED: May 23, 2023

KING & SPALDING LLP

By: */s/Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED