JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE STATUS REPORT UNDER SEAL**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion"): (1) certain language in Defendants' Status Report to the Court (Declaration of Aaron S. Craig filed concurrently herewith ("Craig Decl.") Exh. F) and (2) certain language in paragraphs 3-8 and 10 of the concurrently filed Craig Declaration.  (The unredacted Craig Declaration and Exhibit F are collectively referenced as the "Sealed Documents.")

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I. BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce the information.  (Craig. Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  (Craig Decl. ¶ 2.)

For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 3 through 8 of the accompanying Craig Declaration.

## II. LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

1    809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file
2    documents under seal in conjunction with a non-dispositive motion" need only show "good cause
3    exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-
4    cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the
5    "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
6    information from being disclosed to the public by balancing the needs for discovery against the
7    need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
8    WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

9    Here, Defendants seek to file under seal the Craig Declaration and Defendants' Status
10   Report to the Court, which relate to a motion for a protective order (which is not a dispositive
11   motion).  Accordingly, the "good cause" standard applies to this Motion.  Even if the higher
12   "compelling reasons" standard applied, that standard is met here.

13   **III.    LEGAL ARGUMENT**

14   This Motion is supported by good cause (and to the extent required, by compelling reasons)
15   based on the facts attested to in the Craig Declaration and the exhibit thereto.  The Sealed
16   Documents contain highly sensitive, non-public information, the disclosure of which would
17   prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple
18   Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade
19   Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*,
20   2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now seek leave of this
21   Court to file the Sealed Documents under seal.

22   Good cause exists to seal each of the Sealed Documents, and Defendants respectfully
23   request that the Court grant this Motion and order the Sealed Documents be kept under seal.  For
24   a full description of that good cause, the Court is respectfully referred to paragraph 10 of the
25   accompanying Craig Declaration.  Defendants have closely analyzed each of the documents being
26   filed and, for each, Defendants are asking the Court to file under seal only the bare minimum
27   amount necessary.

28

### IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED: May 25, 2023

KING & SPALDING LLP

By: */s/Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED