1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11  WHATSAPP INC., a Delaware corporation,     Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                               **DECLARATION OF AARON S. CRAIG**
                                               **IN SUPPORT OF DEFENDANTS NSO**
13                  Plaintiffs,                **GROUP TECHNOLOGIES LIMITED**
                                               **AND Q CYBER TECHNOLOGIES**
14          v.                                 **LIMITED'S ADMINISTRATIVE**
                                               **MOTION TO FILE STATUS REPORT**
15  NSO GROUP TECHNOLOGIES LIMITED             **UNDER SEAL**
    and Q CYBER TECHNOLOGIES LIMITED,
16                                             **FILED UNDER SEAL**
                    Defendants.
17                                             **[REDACTED VERSION OF**
                                               **DOCUMENT SOUGHT TO BE SEALED]**
18
                                               Judge:   Hon. Phyllis J. Hamilton
19
                                               Action Filed:  10/29/2019
20

21

22

23

24

25

26

27

28

---
CRAIG DECL.                                              Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1.      I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants").  This Declaration is made in support of Defendants' May 24, 2023, administrative motion to seal.  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.      The Complaint was filed on October 29, 2019.  (Dkt. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce.  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.

3.      Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' Status Report to the Court. ███████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ just as certain proceedings before the United States District Court initiated by the United States government are not public.  Nevertheless, the existence of ████████████████████ ███████████ is material to certain issues in this case and specifically in respect of the parties' respective positions about the Protective Order, and Defendants are seeking to inform this Court about them.  The Sealed Documents contain highly sensitive, traditionally nonpublic ████████

---

[1] The Sealed Documents are enumerated in paragraph 9, below.

1   information that █████████████████████████████████████████████

2   █████████████████████████████████████████████████████████████

3   ████████████████████████████████ and ████████████ militates in favor of this Court's

4   sealing documents that contain references to information that ████████████████████

5   █████████████████████████████████████████████████████████████

6   ██████████████████.

7        4.       On July 19, 2020, the Government of ████████████████

8   █████████████████████████████████████████████████████████████

9   █████████████████████████████████████████████████████████

10  ████████████████████████████████████████████ The request was

11  presented by ████████████████ in his capacity as ████████████████

12  █████████████████████████████████████████████████████████████

13  ████████████████████████████████ The Government of ████████████

14  █████████████████████████████████████████████████████████████

15  █████████████████████████████████████████████████████████████

16  █████████████████████████████████████████████████████████████

17  ███████████████████████████ The request prohibited Defendants from ███

18  █████████████████████████████████████████████████████████████

19  █████████████████████████████████████████████████████████████

20  █████████████████████████████████████████████████████████████

21  █████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████████████

23

24  _____

    [2] ██████████████████████████████████████████████████████████

25  █████████████████████████████████████████████████████████████

26  █████████████████████████████████████████████████████████████

27  [3] The Office of the ████████████████████████████████████████

28



1

2 with a few specific

3 exceptions (*Id*. ¶¶ 4-6.)

4 7.

5 At the time Defendants received

6

7 Through

8 their counsel in

9

10 to allow disclosure of to this

11 Court and to Plaintiffs' counsel.  In seeking the

12

13

14

15

16

17 On February 8, 2023

18

19 The

20 purpose for this update, according to

21

22

23

24

25

26

27

28

9.      Defendants seek to file under seal: (1) certain language in Exhibit F to this Craig Declaration, Defendants' Status Report to the Court; and (2) certain language in paragraphs 3-8 and 10 of this Craig Declaration.

10.      Good cause exists to seal each of the above-listed documents because the Sealed Documents come from or make reference to ███████████████████████████ ██████████████████████████████████████████████████████ which is entitled to deference.

a.      *First*, the Sealed Documents relate to ████████████████████ ██████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic government information for which there is no constitutional right of access.  *See, e.g., N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.")  The fact that the documents were issued by ████████████ ████████████████████████████ and contain ████████████████████████ ████████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents.  *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

b.      *Second*, international comity counsels that the Sealed Documents be kept confidential because the █████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ █████████.  The Supreme Court has described the doctrine of international comity as "the spirit of

cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ████████████████████████████████████████████ ████████ "[i]n the interests of judicial comity." *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought to be sealed "██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

        c.      *Third*, because ████████████████████████████████████████████████

████████████████ public disclosure of the Sealed Documents could ██████████████

█████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

        11.     Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each of the above-listed documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

        12.     The Declarant has carefully sought sealing of only those parts of this Declaration as are necessary to comply with other legal obligations binding on Defendants, as described

1   above, and, on behalf of Defendants, respectfully submits that the good cause and compelling

2   reasons standards are met with respect to the Sealed Documents.[4]

3          I declare under the penalty of perjury and the laws of the United States that the

4   foregoing is true and correct this 25th day of May 2023, at Los Angeles, California.

5

6                              /s/ *Aaron S. Craig*
7                              AARON S. CRAIG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully
     requests that references to the unredacted version of this Declaration and unredacted version of
28   Exhibit F be stricken from the docket of this action and that any copies thereof be destroyed.