JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion"): Certain language in Defendants' Further Status Report to the Court in connection with Defendants' pending Motion for Protective Order; Declaration of Carla Christofferson filed concurrently herewith ("Christofferson Decl."); and Exhibits A and B to that Declaration. (The unredacted Further Status Report, the Christofferson Declaration, and Exhibits A and B are collectively referenced as the "Sealed Documents.")  The Sealed Documents are submitted to the Court for its consideration in connection with Defendants' concurrently filed Defendants' Updated Status Report to the Court, which in turn relates to the Defendants' currently pending Motion for Protective Order.

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Christofferson Declaration.

## I.   BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce the information.  (Christofferson Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of international law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  (Christofferson Decl. ¶ 2.)

For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 3 through 9 of the accompanying Christofferson Declaration.

## II.   LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to

1  judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
2  (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those
3  materials are to the merits of the case.  A party seeking to seal materials submitted with a motion
4  that is "more than tangentially related to the merits of the case" must demonstrate that there are
5  compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
6  809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file
7  documents under seal in conjunction with a non-dispositive motion" need only show "good cause
8  exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-
9  cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the
10 "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
11 information from being disclosed to the public by balancing the needs for discovery against the
12 need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
13 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

14 Here, Defendants seek to file under seal certain paragraphs of the Christofferson
15 Declaration, Exhibits A and B, and Defendants' unredacted Further Status Report to the Court,
16 which relate to a motion for a protective order (which is not a dispositive motion).  Accordingly,
17 the "good cause" standard applies to this Motion.  Even if the higher "compelling reasons" standard
18 applied, that standard is met here.

19 **III.   LEGAL ARGUMENT**

20 This Motion is supported by good cause (and to the extent required, by compelling reasons)
21 based on the facts attested to in the Christofferson Declaration and the exhibits attached thereto.
22 The Sealed Documents contain highly sensitive, non-public information, the disclosure of which
23 would prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc.*
24 *v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free*
25 *Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit*
26 *Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now
27 seek leave of this Court to file the Sealed Documents under seal.

28 Good cause exists to seal each of the Sealed Documents, and Defendants respectfully

request that the Court grant this Motion and order the Sealed Documents be kept under seal. For a full description of that good cause, the Court is respectfully referred to paragraphs 3-9 of the accompanying Christofferson Declaration. Defendants have closely analyzed each of the documents being filed and, for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

## IV.   CONCLUSION

For the reasons set forth above and in the accompanying Christofferson Declaration, Defendants respectfully request that the Court grant <u>this</u> Motion and order the Sealed Documents to be kept under seal.

DATED: June 13, 2023

KING & SPALDING LLP

By: <u>/s/Joseph N. Akrotirianakis</u>
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED