1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF CARLA CHRISTOFFERSON IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Carla Christofferson, declare as follows:

1. I am a member of the California State Bar and a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' June 12, 2023, administrative motion to seal and in support of Defendants' Further Status Report to the Court. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed on October 29, 2019. (Dkt. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. 45.) Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ if Defendants were forced to produce. This Court stayed discovery shortly after Plaintiffs served their RFPs. (Dkt. 155.) After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▓▓▓ ▓▓▓▓ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Further Status Report to the Court. ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—just as certain proceedings before the United States District Court initiated by the United States government are not public. Nevertheless, the existence of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is material to certain issues in this case and specifically in respect of the parties' respective positions about the Protective Order, and Defendants are seeking to inform this Court about them. The Sealed Documents contain highly sensitive, traditionally nonpublic ▓▓▓▓▓ information that ▓

---

[1] The Sealed Documents are enumerated in paragraph 9, below.

1 █
2 █
3 █ and █ militates in favor of this Court's sealing documents that
4 contain references to information that █
5 █
6     4.    On July 19, 2020, the Government of █
7 █
8 █
9 █ The request was
10 presented by █ in his capacity as █
11 █
12 █ The Government of █
13 █
14 █
15 █
16 █ The request prohibited Defendants from █
17 █
18 █
19 █
20 █
21 █
22
23
----
24 [2] █
25 █
26 █
27 █
28 [3] The Office of the █

CHRISTOFFERSON DECL.    2    Case No. 4:19-cv-07123-PJH

1  ██████████████████████████████████████████████████████████
2  ██████████
3      5.     On July 19, 2020, ███████████████████████████████████
4  ██████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████████
10 ██████████████████████████████████████████████  The order authorized
11 the ██████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████  The order
15 also authorized █████████████████████████████████████████████
16 ██████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████
18     6.     On July 19, 2020, ██████████████████████████████
19 ████████████████████████████████████████████████  The letter
20 notified Defendants about the ███████████████████████████████
21 ██████████████████████████████████████████████████████████
22 ██████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████
24 ██████████████████████████████████████████████████████████
25 ██████████████  including a prohibition on █████████████████
26 ██████████████████████████████████████████████████████████
27 ██████████████████████████████████████████████████████████
28 ██████████  also informed Defendants that they are prohibited from ████

CHRISTOFFERSON DECL.                 3                 Case No. 4:19-cv-07123-PJH

1
2 ███████████████████████████████████████ with a few specific
3 exceptions ████████████████████████ (*Id*. ¶¶ 4-6.)
4    7. ████████████████████
5 ████████████████████████████ At the time Defendants received █
6 ██████████████████████████████████████████████████
7 ██████████████████████████████████████ Through
8 their counsel in █████████████████████████████████
9 █████████████████████████████████████████████████
10 ████████████████████████ to allow disclosure of ████████ to this
11 Court and to Plaintiffs' counsel. In seeking the ████████████
12 █████████████████████████████████████████████████
13 ████████████████████████ ████████████
14 █████████████████████████████████████████████████
15 █████████████████████████████████████████████████
16 ████
17    8.   On February 8, 2023, ████████████████████████
18 █████████████████████████████████████████████████
19 █████████████████████████████████████████████████
20 █████████████████████████████████████████████████
21 █████████████████████████████████████████████████
22 █████████████████████████████████████████████████
23 ██████████████████████████████████ and if that request was
24 granted, NSO could then promptly update the Court.
25    9.   NSO was notified on May 21, 2023. Counsel of record for NSO promptly notified
26 this Court ███████████████████████████████████████
27 █████████████████████████████████████████████████
28 ████████████ Good cause exists to seal Exhibits A and B attached to this Declaration, along

CHRISTOFFERSON DECL.                4                Case No. 4:19-cv-07123-PJH

1  with the highlighted portions of this Declaration and the Further Status Report because the Sealed

2  Documents come from or make reference to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is entitled

4  to deference.

5      a.   *First*, the Sealed Documents relate to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As such,

7  the Sealed Documents contain traditionally nonpublic government information for which there is

8  no constitutional right of access. *See, e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682,

9  688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally

10 nonpublic government information.")  The fact that the documents were issued by ▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and  contain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "alone counsels in favor of finding that there is no

13 presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade*

14 *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper

15 commissioned by a ruler of a political subdivision of foreign nation because it contained "highly

16 sensitive, traditionally nonpublic government information, in this case of a foreign government");

17 *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22,

18 2019) (sealing multiple documents and finding that the documents contained "traditionally

19 nonpublic information" because the documents involved senior foreign officials, were designated

20 as sensitive at the time of creation, and detailed information about the nation's response to certain

21 investigations).

22     b.   *Second*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,

28 482 U.S. 522, 543 n. 27 (1987). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ██████████████████████████████████ *United States v. Sater*, 2019 WL 3288289, at
2  *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought
3  to be sealed ████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████
11 ██████████████████████████████████████████
12         c.      *Third*, because ████████████████████████████████████████
13 ████████████████████ public disclosure of the Sealed Documents could ███████
14 ████████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████
18         10.     Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each
19 of the above-listed documents, and Defendants respectfully request that the Court grant the
20 accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept
21 under seal.
22         11.     The Declarant has carefully sought sealing of only those parts of this Declaration
23 as are necessary to comply with other legal obligations binding on Defendants, as described
24 above, and, on behalf of Defendants, respectfully submits that the good cause and compelling
25 reasons standards are met with respect to the Sealed Documents.[4]
26
27 [4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully
   requests that references to the unredacted version of this Declaration, the unredacted versions of
28 Exhibits A and B, and the unredacted Further Status Report be stricken from the docket of this

1  I declare under the penalty of perjury and the laws of the United States that the foregoing
2  is true and correct this 12th day of June 2023, at Los Angeles, California.

*[signature: Carla J Christofferson]*

CARLA CHRISTOFFERSON

---

28  action and that any copies thereof be destroyed.