JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED – FILED UNDER SEAL]**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Aaron Craig, declare as follows:

1. I am a member of the California State Bar and a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' June 27, 2023, administrative motion to seal and in support of Defendants' Opposition to Plaintiffs' Administrative Motion for an Order Regarding NSO's Document Preservation Obligations. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed on October 29, 2019. (Dkt. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. 45.) Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ if Defendants were forced to produce. This Court stayed discovery shortly after Plaintiffs served their RFPs. (Dkt. 155.) After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▇▇▇ ▇▇▇▇ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Opposition to Plaintiffs' Administrative Motion for an Order Regarding NSO's Document Preservation Obligations. ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—just as certain proceedings before the United States District Court initiated by the United States government are not public. Nevertheless, the existence of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] The Sealed Documents are enumerated in paragraph 9, below.

CRAIG DECL.
HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY

1

Case No. 4:19-cv-07123-PJH

1  ▇▇▇ is material to certain issues in this case and specifically in respect of the parties'
2  respective positions about the pending Administrative Motion for an Order and Defendants'
3  related Motion for a Protective Order. The Sealed Documents contain highly sensitive,
4  traditionally nonpublic ▇▇▇ information that ▇▇▇
5  ▇▇▇
6  ▇▇▇ and ▇▇▇
7  ▇▇▇ militates in favor of this Court's sealing documents that contain references to information
8  that ▇▇▇
9  ▇▇▇
10        4.      On July 19, 2020, the Government of ▇▇▇
11  ▇▇▇
12  ▇▇▇
13  ▇▇▇ The request was
14  presented by ▇▇▇ in his capacity as ▇▇▇
15  ▇▇▇
16  ▇▇▇ The Government of ▇▇▇
17  ▇▇▇
18  ▇▇▇
19  ▇▇▇
20  ▇▇▇ The request prohibited Defendants from ▇▇▇
21  ▇▇▇
22  ▇▇▇
23  _____
24  2 ▇▇▇
25  ▇▇▇
26  ▇▇▇
27  3 The Office of th▇▇▇
28  ▇▇▇

CRAIG DECL.                                      2                     Case No. 4:19-cv-07123-PJH
HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY

1 ████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ██████
6     5.   ████████████████████████████████████
7 ████████████████████████████████████████████
8 ████████████████████████████████████████████
9 ████████████████████████████████████████████
10 ████████████████████████████████████████████
11 ████████████████████████████████████████████
12 ████████████████████████████████████████████
13 ██████████████████████████████████ The order authorized
14 the ████████████████████████████████████████
15 ████████████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████████████████ The order
18 also authorized ████████████████████████████
19 ████████████████████████████████████████████
20 ████████████████████████████████████████
21     6.   On July 19, 2020, ████████████████
22 ████████████████████████████████████ The letter
23 notified Defendants about the ██████████████
24 ████████████████████████████████████████████
25 ████████████████████████████████████████████
26 ████████████████████████████████████████████
27 ████████████████████████████████████████████
28

CRAIG DECL.                         3                    Case No. 4:19-cv-07123-PJH
HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY

1  ███████████████ including a prohibition on ███████████████
2  ████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████
4  ██████ also informed Defendants that they are prohibited from ███████
5  ████████████████████████████████████████████████████████
6  █████████████████████████████████████████ with a few specific
7  exceptions ████████████████████████ (*Id.* ¶¶ 4-6.)
8      7.  ████████████████████████████████
9  ███████████████████████████████ At the time Defendants received ██
10 ████████████████████████████████████████████████████████
11 █████████████████████████████████████████████████ Through
12 their counsel in ██████████████████████████████████
13 ████████████████████████████████████████████████████████
14 ██████████████████████████ to allow disclosure of ██████████ to this
15 Court and to Plaintiffs' counsel. In seeking the █████████████████
16 ████████████████████████████████████████████████████████
17 █████████████████████████ ██████████████████████
18 ████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████
20 █████
21     8.  On February 8, 2023, ████████████████████████████
22 ████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████ The
24 purpose for this update, according to ██████████████████████
25 ████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████
27 ████████████████████████████████

CRAIG DECL.                                  4                      Case No. 4:19-cv-07123-PJH
HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY

9. NSO was notified of the ██████████████████████ on May 21, 2023. Counsel of record for NSO promptly notified this Court of the existence of the new orders in its Status Report to the Court on May 24, 2023. ██████████████████████████████████████████████████████████████████ on June 13, 2023. Good cause exists to seal the highlighted portions of NSO's Opposition, a copy of which is attached as Exhibit A hereto, along with the highlighted portions of this Declaration, because the Sealed Documents come from or make reference to ████████████████████████████████████████████████████████ which is entitled to deference.

    a. *First*, the Sealed Documents contain information that relates to ████████████████████████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic government information for which there is no constitutional right of access. *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents were issued by ████████████████████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

    b. *Second*, ████████████████

1  ████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████
5  ███████████████████████  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,
6  482 U.S. 522, 543 n. 27 (1987). ████████████████████
7  ██████████████████████████████████ *United States v. Sater*, 2019 WL 3288289, at
8  *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought
9  to be sealed ██████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 █████████████████████████████████████

18        c.    *Third*, because █████████████████████████
19 ████████████████████████████ public disclosure of the Sealed Documents
20 could █████████████████████████  █████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████
24 ██████

25        10.    Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each
26 of the above-listed documents, and Defendants respectfully request that the Court grant the
27

accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

11.  The Declarant has carefully sought sealing of only those parts of this Declaration as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[4]

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 27th day of June 2023, at Los Angeles, California.

_____
AARON CRAIG

---

[4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that references to any information for which sealing was both requested and denied be deemed withdrawn and that no such information be publicly filed. *See* Civil L.R. 79-5(g)(2).

CRAIG DECL.  
HIGHLY CONFIDENTIAL –  
ATTORNEYS' EYES ONLY

7

Case No. 4:19-cv-07123-PJH