# Exhibit A

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 443-4355 |
| 5 | Facsimile: (213) 443-4310 |

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION (ECF NO. 197-1)**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

I.   **Introduction**

Plaintiffs' "motion" is an improper surreply and an effort to obtain substantive relief on substantive issues. This is a wholly improper use of an "administrative motion" and the Court should reject it on that basis alone.

On June 13, 2023, the NSO defendants (collectively "NSO") filed a Further Status Report providing copies ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ten days later, on a Friday afternoon (Friday evening in Israel), Plaintiffs suddenly informed NSO they intended to file a same-day "emergency" motion related to ▬▬▬▬ ▬▬ and seeking NSO's position. The motion Plaintiffs filed is improper. *First*, the Civil Local Rule authorizing administrative motions is limited to truly administrative issues such as exceeding page limits. It is not a vehicle for seeking a court order related to a contested motion that is already under submission with the Court and for requesting the court to ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Second*, the remainder of Plaintiff's motion is an improper surreply filed without leave of court. It should thus be disregarded.

Moreover, nothing in the "administrative motion"/surreply supports denying NSO's pending Amended Motion for a Protective Order. Plaintiffs ignore the simple facts that:

1. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

3. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Accordingly, Plaintiff's motion should be denied and NSO's amended motion for a

1  protective order should be granted.

2  **II.     Background**

3  Currently pending before the Court is NSO's Amended Motion for a Protective Order. *See*
4  *generally* ECF Nos. 179, 184. Among other issues, the briefing explains ███████████
5  ███████████ prevent NSO from producing the documents requested by Plaintiffs—Israel's
6  Defense Export Control Law ("DECL") ███████████████████████████████████
7  ███████████████████ *See, e.g.*, ECF No. 184-2 at 1:14-4:20. NSO's obligations
8  under the DECL ███████████████████████████████████████ *Id.*
9  ███████████████████████████████████████████████
10 ███████████████████████████████████████████████
11 ███████████████████████████████████████████████
12 ███████████████████████████████████████████████
13 ███████████████████████████████████████████████

14  On June 13, 2023, ten days before Plaintiffs filed their current "emergency" motion, NSO
15  provided the Court and Plaintiff's counsel with ███████████████████████
16  ███████████████████████████ *See* ECF No. 195. ███████████████
17  ███████████████ (ECF No. 195-4) ███████████████ (ECF No. 195-3).
18  ███████████████████
19  ███████████████████████████████████████████████
20  ███████████████████████████████████████████████
21  ███████████████████████████████████████████████
22  ███████████████████ (ECF No. 195-4) at pp. 2. These instructions include:
23      1.  ███████████████████████████████████████
24  ███████████████████████████████████████████████
25      2.  ███████████████████████████████████████
26  ███████████████████████████████████████████████
27  ███████████████████████████████████████████████
28  ███████████████████████████████████████████████

1. ████████████████████████████████████████████████
2. ████████████████████████████████
3. ████████████████████████ prohibition on transferring "defense know how" outside of Israel under the DECL; the designation of materials as being export controlled, and the granting of a license to export materials that are subject to the DECL, are the jurisdiction of the Israeli Ministry of Defense, not the Israeli courts or the Israeli Ministry of Justice ("MOJ").
7. ████████████████████████████████████████████████
8. ████████████████████████████████████████████████
9. ████████████████████████████████████████████████
10. ████████████████████████████████████████████████
11. ████████████████████████████████████████████████

*Id.* at pp. 2.

### III.    Argument

#### A.    Plaintiffs' Administrative Motion for an Injunction Should Be Denied

As a threshold matter, Civil Local Rule 7-11 permits parties to seek relief regarding "miscellaneous administrative matters" using an abbreviated briefing process. The abbreviated process cannot be used to seek "substantive relief" or rulings on "substantive issues." *See, e.g., Coal. on Homelessness v. City & Cnty. of San Francisco*, No. 22-CV-05502-DMR, 2023 WL 2775156, at *3 (N.D. Cal. Apr. 3, 2023) ("The court denied Defendants' administrative motion on procedural grounds. It explained that Defendants' motion sought substantive relief; Local Rule 7-11 is for 'truly administrative matters,' such as requesting permission to go beyond page limits; and the truncated procedures governing an administrative motion clearly made it an improper vehicle for the requested relief."). Accordingly, Plaintiffs cannot through an "administrative motion" seek an injunction ███████████████████████████████████████ *See id.* (denying administrative motion to "clarify" scope of injunction as procedurally improper).[1]

---

[1] ████████████████████████████ provided any grounds for an injunction (it does not), a noticed motion could and should have been filed, perhaps with an abbreviated briefing schedule that counsel could have

1 | Plaintiffs provide no authority supporting their request for extraordinary relief. Their
2 | motion contains no discussion of whether, or in what circumstances, ▮▮▮▮▮▮▮▮▮▮▮▮
3 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The only cited
4 | case, *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006), deals with
5 | general preservation obligations ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7 | Moreover, Plaintiff's motion is nonsensical. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 133-6,
9 | Exh. D ¶ 3.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Therefore, an injunction
16 | requiring NSO to "preserve the status quo" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 | Plaintiff's administrative motion requesting injunctive relief should thus be denied as
18 | procedurally and substantively improper.
19 | **B.    Plaintiffs' Improper Surreply Should Be Stricken**
20 | The Local Rules are also clear that once a reply has been filed, "no additional memoranda,
21 | papers or letters may be filed without prior Court approval."[3]  Civil L.R. 7-3(d).  NSO thus
22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In contrast, the second
23 | half of Plaintiffs' "administrative motion" asserts substantive arguments regarding the effect of

---

[2] worked out.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[3] Civil Local Rule 7-3(d) contains two exceptions, neither of which are relevant here.

1 ▮▮▮▮ NSO's pending motion for a protective order and seeks to address arguments raised
2 in NSO's reply brief. Given that Plaintiffs submitted these substantive arguments without leave
3 of Court, they should be disregarded. Moreover, Plaintiffs' arguments are unpersuasive.
4   *First*, Plaintiffs argue that the ▮▮▮▮
5 ▮▮▮▮ but the opposite is true. ▮▮▮▮
6 ▮▮▮▮
7 ▮▮▮▮
8 ▮▮▮▮
9 ▮▮▮▮
10 ▮▮▮▮
11 ▮▮▮▮
12 ▮▮▮▮
13 ▮▮▮▮
14   Plaintiffs' complain that ▮▮▮▮
15 ▮▮▮▮
16   *Second*, ▮▮▮▮
17 in its motion for a protective order. ▮▮▮▮ is narrower than prior orders, but
18 still only permits ▮▮▮▮
19 ▮▮▮▮
20 ▮▮▮▮ Moreover, Israel's DECL and the Ministry of
21 Defense still provide an independent bar to producing a very substantial portion of the documents
22 sought by Plaintiffs.

23 **IV.   Conclusion**
24   For the reasons set forth above, Plaintiffs' administrative motion should be denied.

| | |
|---|---|
| DATED: June 27, 2023 | KING & SPALDING LLP |
| | By: */s/Joseph N. Akrotirianakis* |
| |     JOSEPH N. AKROTIRIANAKIS |
| |     AARON S. CRAIG |
| | Attorneys for Defendants NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD. |