JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG PURSUANT TO LOCAL RULE 79-5(f)(3) IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' June 30, 2023, administrative motion to seal and pursuant to Local Rule 79-5(f)(3) as defendants' responsive statement to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Administrative Motion"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed on October 29, 2019. (Dkt. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. 45.) Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce. This Court stayed discovery shortly after Plaintiffs served their RFPs. (Dkt. 155.) After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order. After the motion for protective order was fully briefed, Plaintiffs filed on June 23, 2023 an Administrative Motion for an Order Regarding NSO's Document Preservation (the "Preservation Administrative Motion") (Dkt. No. 197-1), accompanied by a declaration of Antonio Perez-Marquez (Dkt. No. 197-3) and a proposed order (Dkt. No. 197-5) (collectively, the "Sealed Materials.").

3. Because the Sealed Materials extensively quoted from and made reference to highly confidential materials, Plaintiffs filed an Administrative Motion asking the Court to consider whether the proposed redactions of the Sealed Materials should be sealed (Dkt. 197). Pursuant to Civil Local Rules 79-5(c)(1) and 79-5(f)(3), Defendants submit this declaration to establish why Defendants' proposed redactions of Sealed Materials are appropriate and why those documents must be sealed. Pursuant to Civil Local Rule 79-5(c), Defendants also submit this declaration to

1  explain why paragraphs 3-10 and 12 of this Declaration must be sealed (together, the "Sealed
2  Documents"). ███████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████
8  ████████████████████ Nevertheless, the existence of ███████████████████
9  ████████████ is material to certain issues in this case and specifically in respect of the parties'
10 respective positions about the Protective Order, and Defendants are seeking to inform this Court
11 about them.  The Sealed Documents contain highly sensitive, traditionally nonpublic ██████
12 information that ███████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████
14 █████████████████████████████████████████████████ and ██████████████████
15 militates in favor of this Court's sealing documents that contain references to information that █
16 ████████████████████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████
18 ████████████████████████
19         4.      On July 19, 2020, the ███████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████████
22 ██████████████████████████████████████████████████████████ The request was
23 presented by ████████████████, in his capacity as ██████████████████████
24
25 _____
26 ¹ ████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████████
28 ███████████████████████████

1  █████████████████████████████████████████
2  █████████████████████████████████████████
3  █████████████████████████████████████████
4  █████████████████████████████████████████
5  █████████████████████████████████████████
6  ███████████████████████ The request prohibited Defendants from █
7  █████████████████████████████████████████
8  █████████████████████████████████████████
9  █████████████████████████████████████████
10 █████████████████████████████████████████
11 █████████████████████████████████████████
12 █████████████████████████████████████████
13 ████████
14         5.      On July 19, 2020, ███████████████████████████
15 █████████████████████████████████████████
16 █████████████████████████████████████████
17 █████████████████████████████████████████
18 █████████████████████████████████████████
19 █████████████████████████████████████████
20 █████████████████████████████████████████
21 ██████████████████████████████ The order authorized
22 the █████████████████████████████████████
23 █████████████████████████████████████████
24 █████████████████████████████████████████
25 ████████████████████████████████ The order
26
27 ──────────────────
   [2] The Office of the █████████████████████
28 █████████████████████████████

CRAIG DECL.                          3                    Case No. 4:19-cv-07123-PJH

1   also authorized █████████████████████████████████████
2   ████████████████████████████████████████████████████
3   ████████████████████████████████████████
4       6.   On July 19, 2020, ████████████████████████
5   ████████████████████████████████████████   The letter
6   notified Defendants about the ██████████████████████
7   ████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████
9   ████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████
11  ██████████████   including a prohibition on ████████
12  ████████████████████████████████████████████████████
13  ████████████████
14      7.   On February 8, 2023, ███████████████████████
15  ████████████████████████████████████████████████████
16  ████████████████████████████████████████████████   The
17  purpose for this update, according to ██████████████
18  ████████████████████████████████████████████████████
19  ███
20      8.   On May 21, 2023, ███████████████████████████
21  ████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████
24  ████████████████████████████████████████████████████
25  ████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████
27  ████████████████████████████████████████████████████
28  ████████████████████████████████████████████████████

1  ███████████████████████████████████████████
2  ███████████████████████████████████████████
3  ███████████████████████████████████████████
4  ███████████████████████████████████████████
5  ████████████████████
6  ████████████████████████████████
7  9.   ██████████████████████████████████████
8  ████████████████████████████████████ At the time Defendants first
9  received ██████████████████████████████████████████████████
10 ███████████████████████████████████████████
11 ████████████████ Through their counsel in ████████████████████
12 ███████████████████████████████████████████
13 ████████████████████████████████████████████████ to allow
14 disclosure of ████████████ to this Court and to Plaintiffs' counsel.  In seeking the █████
15 ███████████████████████████████████████████
16 ███████████████████████████████████████████
17 ███████████████████████████████████████████
18 ███████████████████████████████████████████
19 ████████████████████████
20 10.   The ████████████████████████████████████
21 ███████████████████████████████████████████
22 ███████████████████████████████████████████
23 ███████████████████████████████████████████
24 ███████████████████████████████████████████
25 ███████████████████████████████████████████
26 ███████████████████████████████████████████
27 ███████████████████████████████████████████
28 ███████████████████████████████████████████

1 ████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ████████████████████████

6   11.   In addition to requesting that paragraphs 3-10 and 12 of this Declaration be sealed, Defendants request that the Sealed Materials be sealed because those documents contain references to the confidential matters discussed in paragraphs 3-10 above.

   12.   Good cause exists to seal each of the above-listed documents because the Sealed Documents come from or make reference to ████████████████████████████████████████████ ████.

   a.   *First*, the Sealed Documents relate to ████████████████████████ ████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic government information for which there is no constitutional right of access. *See, e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.")  The fact that the documents were issued by ████████ ████████████████████████████████ and  contain ████████████ ████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated

1  as sensitive at the time of creation, and detailed information about the nation's response to certain
2  investigations).

3         b.      *Second*, international comity counsels that the Sealed Documents be kept
4  confidential because the ██████████████████████████
5  ████████████████████████████████████████████████████
6  ██████  The Supreme Court has described the doctrine of international comity as "the spirit of
7  cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and
8  interests of other sovereign states." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,
9  482 U.S. 522, 543 n. 27 (1987). ████████████████████████████
10 ██████ "[i]n the interests of judicial comity." *United States v. Sater*, 2019 WL 3288289, at
11 *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought
12 to be sealed ███████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████
20 ██████████████████████████████████

21         c.      *Third*, because ████████████████████████
22 ████████████████ public disclosure of the Sealed Documents could ████████
23 ████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████
26 █████████████████████████████████████████████

27         13.     Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each
28 of the above-listed documents, and Defendants respectfully request that the Court grant the

accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

14. The Declarant has carefully sought sealing of only those parts of this Declaration as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[3]

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 30th day of June 2023, at Los Angeles, California.

/s/ *Aaron S. Craig*
AARON S. CRAIG

---

[3] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.