1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                          OAKLAND DIVISION
10

11  WHATSAPP INC., a Delaware corporation,      Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                                 **DECLARATION OF AARON S. CRAIG
                                                 IN SUPPORT OF DEFENDANTS NSO
13                  Plaintiffs,                  GROUP TECHNOLOGIES LIMITED
                                                 AND Q CYBER TECHNOLOGIES
14          v.                                   LIMITED'S ADMINISTRATIVE
                                                 MOTION TO FILE UNDER SEAL**
15  NSO GROUP TECHNOLOGIES LIMITED
    and Q CYBER TECHNOLOGIES LIMITED,            **FILED UNDER SEAL**
16
                    Defendants.                  **[UNREDACTED VERSION OF
17                                               DOCUMENT SOUGHT TO BE SEALED]**

18                                               **HIGHLY CONFIDENTIAL—
                                                 ATTOREYS' EYES ONLY**
19
                                                 Judge:   Hon. Phyllis J. Hamilton
20
                                                 Action Filed:   10/29/2019
21

22

23

24

25

26

27

28

---

CRAIG DECL.                                                  Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1.      I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants").  This Declaration is made in support of Defendants' August 25, 2023, Administrative Motion to Seal and in support of Defendants' Opposition to Plaintiffs' Administrative Motion (ECF No. 202-5).  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.      The Complaint was filed on October 29, 2019.  (Dkt. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. 45.) Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information ███████████ ████████████████████████  if Defendants were forced to produce.  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ████████ ████████  on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  After the motion for protective order was fully briefed, Plaintiffs filed on June 23, 2023 an Administrative Motion for an Order Regarding NSO's Document Preservation (the "Preservation Administrative Motion"). (Dkt. No. 197.) Defendants opposed the Preservation Administrative Motion on June 27, 2023.   (Dkt. No. 198-4.) Subsequently, on August 21, 2023, Plaintiffs filed an Administrative Motion for Leave to File Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (the "Administrative Motion").  (Dkt. No. 202-5.)

3.      Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Opposition to Plaintiffs' Administrative Motion. ████████████████████████████████████████████████ ████████████████████████████████████████████████

---

[1] The Sealed Documents are enumerated in paragraph 11, below.

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ██████ Nevertheless, the existence of ██████████████████

6 is material to certain issues in this case and specifically in respect of the parties' respective

7 positions about the Protective Order, and Defendants are seeking to inform this Court about them.

8 The Sealed Documents contain highly sensitive, traditionally nonpublic ████████ information

9 that ████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 █████████████████████████████████, and █████████████ militates in

12 favor of this Court's sealing documents that contain references to information that ██████████

13 ████████████████████████████████████████████████████████████

14 ██████████████████████████████████

15 ████████████████

16     4.     On July 19, 2020, the ████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ██████████████████████████████████████████ The request was

20 presented by ████████████████, in his capacity as ██████████████████

21 ████████████████████████████████████ ██████████████████

22 ████████████████████████████████ The ██████████████████

23 ████████████████████████████████████████████████████████████

24 [2] ████████████████████████████

25 ████████████ █ ████████████████████████████████████████

26 ████████████████████████████████████████████████████████████

27 [3] The Office of the ████████████ ████████████████████

28 ████████████████████████████████ ████████████

1   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮ The request prohibited Defendants from ▮▮▮

4   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10   ▮▮▮▮

11      5.    On July 19, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The order authorized

19   the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The order

23   also authorized ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26      6.    On July 19, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The letter

28   notified Defendants about the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

including a prohibition on

7.      On February 8, 2023,

The purpose for this update, according to

8.      On May 21, 2023,

9. ██████████████████████████████████████████
████████████████████████████████ At the time Defendants first
received ████████████████████████████████████████
████████████████████████████████████████████████
█████████████ Through their counsel in ████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████ to  allow
disclosure of ████████████████ to this Court and to Plaintiffs' counsel.  In seeking the ██████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████

10.    The ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████

11. Defendants seek to file under seal: (1) Exhibit A to this declaration, certain language on pages 1 and 2 of Defendants' Opposition to Plaintiffs' Administrative Motion and (2) portions of paragraphs 2-10 and 12 of this Declaration.

12. Good cause exists to seal each of the above-listed documents because the Sealed Documents come from or make reference to ███████████ ███████████ ████████████████████████████████████████████████████, which is entitled to deference.

a. *First*, the Sealed Documents relate to ███████████████████████ ███████████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic government information for which there is no constitutional right of access. *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents were issued by ████████ ████████████████████████████ and contain ███████████████████████████ ████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

b. *Second*, ██████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

1   ██████████████████████████████████████████████████

2   ████████████████████████████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,

3   482 U.S. 522, 543 n. 27 (1987). ███████████████████████████

4   ████████████████████████████ *United States v. Sater*, 2019 WL 3288289, at

5   *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought

6   to be sealed ███████████████████████████████████████

7   ██████████████████████████████████████████████████

8   ██████████████████████████████████████████████████

9   ██████████████████████████████████████████████████

10   ██████████████████████████████████████████████████

11   ██████████████████████████████████████████████████

12   ██████████████████████████████████████████████████

13   ██████████████████████████████████████████████████

14   ██████████████████████████████████

15             c.   *Third*, because ███████████████████████

16   ███████████████ public disclosure of the Sealed Documents could ████████

17   ██████████████████████████████████████████████████

18   ██████████████████████████████████████████████████

19   ██████████████████████████████████████████████████

20   ████████████████████████████████████████

21             13.   Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each

22   of the above-listed documents, and Defendants respectfully request that the Court grant the

23   accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept

24   under seal.

25             14.   The Declarant has carefully sought sealing of only those parts of this Declaration

26   as are necessary to comply with other legal obligations binding on Defendants, as described

27

28

above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[4]

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 25th day of August 2023, at Pasadena, California.


            /s/ *Aaron S. Craig*
            AARON S. CRAIG

---

[4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.