JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT [RE DOCKET NOS. 202-2, 202-5, 202-7, 202-9, 209-1]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in paragraphs 2-10 and 12 of the concurrently filed Local Rule 79-5(f)(3) declaration of Aaron Craig ("Craig Declaration.")  The Craig Declaration is filed as Defendants' responsive statement to Plaintiffs' two Administrative Motions to Consider Whether Another Party's Material Should be Sealed (Dkt. Nos. 202, 209).[1]

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.   BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information that would cause Defendants to violate Israeli law if Defendants were forced to produce the information.  (Craig. Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  (Craig Decl. ¶ 2.)

After the motion for protective order was fully briefed, Plaintiffs filed on June 23, 2023 an Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (the "Preservation Administrative Motion").  (Dkt. No. 197.)  Defendants flied an opposition to the Preservation Administrative Motion on June 27, 2023.  (Dkt. No. 198-4.)

Subsequently, on August 21, 2023, Plaintiffs filed an Administrative Motion for Leave to File Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's

---

[1] In the Local Rule 79-5(f)(3) Craig Declaration filed concurrently, Defendants further ask the Court to keep under seal the portions of Docket 202-2, 202-5, 202-7, 202-9, and 209-1 identified by Plaintiffs in their filings at Docket 202-1, 202-4, 202-6, 202-8, and 208 respectively.

1  Document Preservation Obligations (Dkt. No. 202-5), the declaration of Micah G. Block in support
2  of the Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's
3  Document Preservation Obligations (Dkt. No. 202-9), the Supplemental Brief in Support of
4  Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (Dkt.
5  No. 202-7), and the declaration of Micah G. Block in support of the Administrative Motion to
6  Consider Whether Another Party's Material Should be Filed Under Seal (Dkt. No. 202-2).

7  On August 25, 2023, the parties filed a joint letter regarding an unrelated discovery dispute
8  (Dkt. No. 209-1) (collectively, the "Sealed Materials").

9  Because each of these filings enumerated in the previous two paragraphs extensively
10 quoted from and made reference to highly confidential materials, Plaintiffs properly filed
11 Administrative Motions to Consider Whether Another Party's Material Should be Sealed (Dkt.
12 Nos. 202, 209) ("Sealing Administrative Motions"), asking the Court to consider whether the
13 proposed redactions of Defendants' Sealed Materials should be sealed.  (Craig Decl. ¶ 3.)
14 Defendants now submit the concurrently filed Craig Declaration as their Local Rule 79-5(f)(3)
15 responsive statement to the Sealing Administrative Motions, to explain why these documents, as
16 well as certain language in paragraphs 2-10 and 12 of the Craig Declaration itself, must be sealed.

17 For information about additional matters relevant to this Motion, the Court is respectfully
18 referred to paragraphs 3 through 10 of the accompanying Craig Declaration.

19 **II.    LEGAL STANDARDS**

20 Although courts recognize a general right to inspect and copy public records, "access to
21 judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
22 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those
23 materials are to the merits of the case.  A party seeking to seal materials submitted with a motion
24 that is "more than tangentially related to the merits of the case" must demonstrate that there are
25 compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
26 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file
27 documents under seal in conjunction with a non-dispositive motion" need only show "good cause
28 exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-

1  cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the
2  "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
3  information from being disclosed to the public by balancing the needs for discovery against the
4  need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
5  WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

6  Here, Defendants seek to file under seal the Craig Declaration, which is being filed
7  pursuant to Local Rule 79-5(f)(3) in response to Plaintiffs' Sealing Administrative Motions (which
8  in turn relates to a motion for a protective order).  Accordingly, the "good cause" standard applies
9  to this Motion.  Even if the higher "compelling reasons" standard applied, that standard is met
10 here.

11 **III.   LEGAL ARGUMENT**

12 This Motion is supported by good cause (and to the extent required, by compelling reasons)
13 based on the facts attested to in the Craig Declaration.  Certain language in the Sealed Materials
14 and Paragraphs 2-10 and 12 of the Craig Declaration contain highly sensitive, non-public
15 information, the disclosure of which would prejudice Defendants and other parties not before the
16 Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5,
17 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y.
18 Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).
19 Therefore, Defendants now seek leave of this Court to file the Sealed Materials and Paragraphs 2-
20 10 and 12 of the Craig Declaration under seal.

21 In another case pending in this District, Chief Judge Seeborg recently granted a motion to
22 seal the materials referenced in Paragraphs 4-10 of the Craig Declaration, and any documents
23 making reference to those materials.  *See Corallo v. NSO Group Tech. Ltd.*, United States District
24 Court Northern District of California, Case No. 3:22-cv-05229-RS, ECF Nos. 86, 95.  This Motion
25 seeks the identical relief.

26 Good cause exists to seal the Craig Declaration, and Defendants respectfully request that
27 the Court grant this Motion and order them be kept under seal.  For a full description of that good
28 cause, the Court is respectfully referred to paragraph 12 of the accompanying Craig Declaration.

Defendants have closely analyzed the Craig Declaration and are asking the Court to file under seal only the bare minimum amount necessary.

### IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order certain language in the Craig Declaration be kept under seal. In their Local Rule 79-5(f)(3) statement, Defendants further request that the redacted portions of the Sealed Materials filed by Plaintiffs, also be kept under seal.

DATED: August 28, 2023

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED