1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:     (213) 443-4355
5  Facsimile:      (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA
9
                         OAKLAND DIVISION
10

11  WHATSAPP INC., a Delaware corporation,    Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                              **DECLARATION OF AARON S. CRAIG
                                               PURSUANT TO LOCAL RULE 79-5(f)(3)
13                 Plaintiffs,                  IN RESPONSE TO PLAINTIFFS'
                                               ADMINISTRATIVE MOTIONS TO
14           v.                                CONSIDER WHETHER ANOTHER
                                               PARTY'S MATERIAL SHOULD BE
15  NSO GROUP TECHNOLOGIES LIMITED            SEALED (DKTS. 202 AND 209) AND IN
    and Q CYBER TECHNOLOGIES LIMITED,         SUPPORT OF DEFENDANTS NSO
16                                             GROUP TECHNOLOGIES LIMITED
                   Defendants.                 AND Q CYBER TECHNOLOGIES
17                                             LIMITED'S ADMINISTRATIVE
                                               MOTION TO FILE UNDER SEAL**
18
                                              **FILED UNDER SEAL**
19
                                              **[REDACTED VERSION OF
20                                             DOCUMENT SOUGHT TO BE SEALED]**

21                                            Judge:   Hon. Phyllis J. Hamilton

22                                            Action Filed:   10/29/2019

23

24

25

26

27

28

I, Aaron S. Craig, declare as follows:

1.     I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants").  This Declaration is made in support of Defendants' August 28, 2023, administrative motion to seal and pursuant to Local Rule 79-5(f)(3) as Defendants' responsive statement to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkts. 209, 209) ("Administrative Motion").  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.     The Complaint was filed on October 29, 2019.  (Dkt. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. 45.)  Plaintiffs served their RFPs on June 4, 2020, seeking swaths of information ████████████ ███████████████████████  if Defendants were forced to produce.   This Court stayed discovery shortly after Plaintiffs served their RFPs.  (Dkt. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over █████████ ████████  on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order.  After the motion for protective order was fully briefed, Plaintiffs filed on June 23, 2023 an Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (the "Preservation Administrative Motion") (Dkt. 197).  Subsequently, on August 21, 2023, Plaintiffs filed an Administrative Motion for Leave to File Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (Dkt. 202-5), the declaration of Micah G. Block in support of the Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (Dkt. 202-9), the Supplemental Brief in Support of Administrative Motion for an Order Regarding NSO's Document Preservation Obligations (Dkt. 202-7), and the declaration of Micah G. Block in support of the Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (Dkt. 202-2).  On August 25, 2023,

1 the parties filed a joint letter regarding an unrelated discovery dispute (Dkt. 209-1) (collectively,

2 the "Sealed Materials").

3        3.      Because the Sealed Materials extensively quoted from and made reference to highly

4 confidential materials, Plaintiffs filed Administrative Motions asking the Court to consider

5 whether the proposed redactions of the Sealed Materials should be sealed (Dkts. 202, 209).

6 Pursuant to Civil Local Rules 79-5(c)(1) and 79-5(f)(3), Defendants submit this declaration to

7 establish why Defendants' proposed redactions of Sealed Materials are appropriate and why those

8 documents must be sealed.  Pursuant to Civil Local Rule 79-5(c), Defendants also submit this

9 declaration to explain why paragraphs 2-10 and 12 of this Declaration must be sealed (together

10 with the Sealed Materials, the "Sealed Documents").

11

12

13

14

15

16 Nevertheless, the existence of

17 is material to certain issues in this case and specifically

18 in respect of the parties' respective positions about the Protective Order, and Defendants are

19 seeking to inform this Court about them.  The Sealed Documents contain highly sensitive,

20 traditionally nonpublic information that

21

22

23 and militates in favor of this Court's sealing documents that

24 contain references to information that

25

26

27

28

1  ███████████████████████████████████████████████████

2  ████████████████

3  ████████████████████

4      4.      On July 19, 2020, the ██████████████████████████

5  ███████████████████████████████████████████████████

6  ███████████████████████████████████████████████████

7  █████████████████████████████████████ The request was

8  presented by ████████████████ in his capacity as ██████████████

9  █████████████████████████████████ ███████████████

10 █████████████████████████████ The ██████████████████

11 ███████████████████████████████████████████████████

12 ███████████████████████████████████████████████████

13 ███████████████████████████████████████████████████

14 ████████████████████████ The request prohibited Defendants from ████

15 ███████████████████████████████████████████████████

16 ███████████████████████████████████████████████████

17 ███████████████████████████████████████████████████

18 ███████████████████████████████████████████████████

19 ███████████████████████████████████████████████████

20 ███████████████████████████████████████████████████

21 ████████████████

22 █   On July 19, 2020, ████████████████████████████

23 ███████████████████████████████████████████████████

24 ███████████████████████████████████████████████████

25 ███████████████████████████████████████████████████

26

27 _____

[2] The Office of the ████████████████████████████████████████

28 ███████████████████████████



1
2
3
4       The order authorized
5 the
6
7
8       The order
9 also authorized
10
11
12     On July 19, 2020,
13     The letter
14 notified Defendants about the
15
16
17
18
19     including a prohibition on
20
21
22     7.    On February 8, 2023
23
24     The
25 purpose for this update, according to
26
27
28

1  ██  On May 21, 2023, ████████████████████████████████
2  ██████████████████████████████████████████████████████
3  ██████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████
14 ██████████████████████
15   ████████████████████████████
16  9.  ████████████████████████████████████████████████
17 ██████████████████████████████████  At the time Defendants first
18 received ████████████████████████████████████████████
19 ██████████████████████████████████████████████████████
20 █████████████████  Through their counsel in █████████████
21 ██████████████████████████████████████████████████████
22 █████████████████████████████████████████████  to  allow
23 disclosure of ████████████  to this Court and to Plaintiffs' counsel.  In seeking the ████████
24 ██████████████████████████████████████████████████████
25 ██████████████████████████████████████████████████████
26 ██████████████████████████████████████████████████████
27 ██████████████████████████████████████████████████████
28 ██████████████████████

10.     The ██████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████

11.     In addition to requesting that paragraphs 2-10 and 12 of this Declaration be sealed, Defendants request that the Sealed Materials be sealed because those documents contain references to the confidential matters discussed in paragraphs 2-10 above.

12.     Good cause exists to seal each of the above-listed documents because the Sealed Documents come from or make reference to ████████████████████████████████████████
████████████████████████████████████████ which is entitled to deference.

        a.      *First*, the Sealed Documents relate to ██████████████████████
█████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic government information for which there is no constitutional right of access.  *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.")  The fact that the documents were issued by ████████████
██████████████████████████ and  contain ██████████████████████████

████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents.  *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

   b.   *Second*, international comity counsels that the Sealed Documents be kept confidential because the ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████   The Supreme Court has described the doctrine of international comity as "the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states."  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ████████████████████████████████

██████████ "[i]n the interests of judicial comity."  *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought to be sealed ██████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████

1    c.    *Third*, because █████████████████████████████

2    ████████████  public disclosure of the Sealed Documents could ████████████

3    ███████████████████████████████████████████████████████████

4    ███████████████████████████████████████████████████████████

5    ███████████████████████████████████████████████████████████

6    ██████████████████████████████████████████

7    13.    Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each

8    of the above-listed documents, and Defendants respectfully request that the Court grant the

9    accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept

10   under seal.

11   14.    The Declarant has carefully sought sealing of only those parts of this Declaration

12   as are necessary to comply with other legal obligations binding on Defendants, as described

13   above, and, on behalf of Defendants, respectfully submits that the good cause and compelling

14   reasons standards are met with respect to the Sealed Documents.[3]

15   I declare under the penalty of perjury and the laws of the United States that the foregoing

16   is true and correct this 28th day of August 2023, at Los Angeles, California.

17

18                        _____/s/ *Aaron S. Craig*_____
                              AARON S. CRAIG
19

20

21

22

23

24

25

26

---

27   [3] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully
     requests that the Sealed Materials and the unredacted version of this Declaration be stricken from
28   the docket of this action and that any copies thereof be destroyed.