JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF ROY BLECHER IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>Date:     October 26, 2023<br>Time:     1:30 p.m.<br>Ctrm:     3<br><br>Action Filed:  10/29/2019 |

I, Roy Blecher, declare as follows:

1. I am an attorney licensed to practice law in the State of Israel. I represent NSO Group Technologies Limited and Q Cyber Technologies Limited (together, the "NSO Defendants") in connection with this matter. I have also represented the NSO Defendants in a number of other matters in Israel. I submit this declaration in support of the NSO Defendants' Motion to Dismiss for *Forum Non Conveniens*. I have personal knowledge of the facts set forth below and, except as otherwise stated, could competently testify to each fact averred.

2. I am a partner in, and co-founder of, the law firm of Krispin, Rubinstein, Blecher, Kadouch & Partners. I have 29 years of experience handling both civil and criminal matters in Israel, including having participated in hundreds of trials. I am fluent in Hebrew and English.

3. ██████████████████████████████████████████

4. ██████████████████████████████████████████ A ███████████████████████████████████ is attached as **Exhibit A.** I understand that a copy of Exhibit A was previously provided to this Court.

5. ██████████████████████████████████████████ A true and correct ██████ ████████████████ is attached as **Exhibit B**. I understand that a copy of Exhibit B was previously provided to this Court.

6. ██████████████████████████████████████████

7. ██████████████████████████████████████████

8. ██████████████████████████████████████████ True and correct translations of ████████ are attached as **Exhibit C** and **Exhibit D**, respectively.

1  I understand that copies of Exhibits C and D were previously provided to this Court.

9. Under Israeli law, parties may sue for breach of contract. They may also assert claims under the Israeli Computers Law (5755-1995), which permits tort claims to be brought for unlawful interference with the use of a computer or computer material, in any way, including by stealing something embodying computer material; and unlawfully deleting computer material, causing a change in it or disrupting it in any other way. If successfully asserted, those claims could permit a plaintiff to recover damages and to obtain injunctive relief.

10. Israeli courts are also competent to interpret and apply U.S. and California law—for example, when the contract between the parties states that California law is the prevailing law. [CA 8946/04 Warner Bros. International Television Distribution v. Yochman.]

11. In civil and criminal matters in Israel, there are no pretrial depositions or any other means to examine a witness under oath prior to trial. Despite the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Israeli witnesses are very rarely compelled to testify under oath at depositions as part of American civil proceedings.

12. Israeli law includes a privilege against self-incrimination. Moreover, a witness testifying before an Israeli court would have the right not to give testimony that would constitute a criminal offense under Israeli law. This could include, for example, testimony about information subject to Israel's Defense Export Control Law. There are procedures available under Israeli law—such as in camera hearings, gag orders, and requiring security clearances for counsel in the matter—that could enable a willing witness to testify as to such information without fear of prosecution. Certain agreements, however, would also be required from the Government of Israel. Based on my experience practicing law in Israel, I do not believe the Israeli government would be willing to make such agreements concerning testimony to be given in a deposition for use in a foreign court that may be more reluctant to employ stringent security procedures.

13. Based on a search of Israeli court records, Meta, Facebook, and WhatsApp collectively are currently litigating at least 15 matters in Israel, and previously litigated in Israel a lawsuit brought by employees of NSO and Q Cyber. The currently pending matters are:

a. Civil Case 44860-09-22 Odaz"i Inc v. Meta Inc.

b. Civil Case 30594-06-23 Mor v. Meta Platforms Inc.

c. Class Action 27392-04-22 Batra-Home Furnishing Inc. v. Facebook Israel

d. Class Action 26413-04-22 Shpagat Inc v. Meta Platforms

e. Class Action 46435-01-23 Lanoel v. Meta Platforms

f. Class Action 41747-06-23 Apelman Org v. Meta Platforms

g. Class Action 6015-06-23 Gal v. Meta Platforms Inc.

h. Class Action 57579-06-23 Karbki v. Meta Platforms

i. Class Action 34235-05-23 Shoifel v. Meta platforms

j. Civil Case 9656-01-23 Zalzman v. Meta Platforms

k. Class Action 53582-04-23 Tanus v. Meta Platforms Inc.

l. Class Action 22174-04-23 Kuk Avivi v. Meta Inc.

m. Class Action 32237-06-18 Grinblat v. Facebook Inc.

n. Civil Case 2566-06-21 Ben Gvir v. Facebook Inc.

o. Class Action 8108-04-18 Or v. Facebook Inc.

14. If this lawsuit were brought in Israel, the trial is likely to be held in less than three years.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed September 8, 2023, at Bnei Brak, Israel.

_____
ROY BLECHER