# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Aaron Craig
Direct Dial: +1 213 443 4311
ACraig@kslaw.com

October 10, 2023

Senior District Judge Phyllis J. Hamilton
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 3
1301 Clay Street, Oakland, CA 94612

   Re: *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH
         DISCOVERY MATTER

Dear Judge Hamilton:

      Pursuant to the Court's Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders effective May 12, 2021, the parties hereby submit this Joint Letter describing the below disputes relating to Defendant NSO Group Technologies Limited's ("NSO") Second Set of Requests for Admission (the "RFAs") and Plaintiffs' Responses and Objections thereto (the "Responses"). NSO sent Plaintiffs a letter dated September 7, 2023, enumerating what NSO contends were various deficiencies in the Responses. The parties met and conferred regarding the matters addressed by that letter on September 26, 2023, and exchanged additional correspondence regarding the disputed matters on September 27, 2023, October 3, 2023, and October 4, 2023. The parties were able to narrow certain of the issues in dispute and agreed to continue discussing others, with each side reserving all rights. However, the parties have reached an impasse concerning the disputes described below and require the Court's assistance to resolve them.

## I.    RFA NOS. 145 THROUGH 171

###     A.    NSO's Position

      Plaintiffs wrongly contend they are not required to admit or deny these requests for admission until they have obtained discovery from Defendants. If that were the rule, there would be no place for requests for admission until all other discovery is complete. NSO's RFA Nos. 145 through 171 seek admissions as to facts that are highly relevant to the claims Plaintiffs allege

against Defendants (including their Computer Fraud and Abuse Act claim) and probative of the absence of any cognizable harm to Plaintiffs resulting from acts by Defendants.  *See, e.g.,* RFA Nos. 145–47 and 153–55 (seeking admissions that Defendants' alleged access to Plaintiffs' servers and the "Target Devices" did not delete, alter, or remove any data owned by Plaintiffs); RFA Nos. 148–50 and 156–58 (seeking admissions that Defendants' alleged access to Plaintiffs' servers and the "Target Devices" did not prevent Plaintiffs from accessing any of their computers, computer systems, or data); RFA Nos. 151–52 and 159–60 (seeking admissions that Defendants' alleged access to Plaintiffs' servers and the "Target Devices" did not slow down the operations of any computer or computer system owned by Plaintiffs).

Plaintiffs have refused to meaningfully respond to these RFAs, asserting a litany of baseless objections, including that terms such as "computer," "alleged access," "alter [or delete] any data," "data owned by Plaintiffs," and "Plaintiffs' servers." are somehow vague and ambiguous.[1]  However, in the parties' conferencing of counsel, however, Plaintiffs confirmed that their refusal to properly answer these RFAs is grounded principally on the contention that they lack sufficient information to do so because they have not yet completed taking discovery from Defendants.  This objection is not well taken.

Plaintiffs' responses fail to satisfy their obligations under Federal Rule 36(a).  An objection that a party lacks information sufficient to admit or deny a request is improper if it has not made a reasonable inquiry (and so stated it its response) or if "information [the party] knows or can readily obtain" will suffice to enable an admission or denial.  Fed. R. Civ. P. 36(a)(4); *see also Collins v. JC Penney Life Ins. Co.*, 2003 WL 25945842, at *10 (S.D. Cal. May 6, 2003) ("a response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) . . . if information readily obtainable is sufficient to enable him to admit or deny the matter") (internal quotation marks omitted).  NSO's RFA Nos. 145 through 171 seek admissions as to facts that Plaintiffs know or can readily ascertain.  Plaintiffs do not require discovery from Defendants to admit that Defendants' alleged access to servers and devices (which Plaintiffs allege ceased over 4 years ago) did not delete or alter Plaintiffs' data, or prevent Plaintiffs from accessing their computers, computer systems, or data, or slow the operation of Plaintiffs' computers or computer systems.  All this information is within Plaintiffs' control, and Plaintiffs must respond to these RFAs by admitting what they know (or can ascertain through a reasonable inquiry) regarding the matters addressed by the RFAs.  *See Collins*, 2003 WL 25945842, at *10.  Particularly egregious is Plaintiffs' objection that they need discovery from Defendants to admit or deny RFA Nos. 161 through 171, each of which takes the form "Admit that You are not aware of any …" and thus plainly seeks information about Plaintiffs' knowledge.  Plaintiffs' objections to such requests because they have not yet completed discovery from Defendants is improper gamesmanship.  If Plaintiffs lack information, Plaintiffs must respond now that they are not so aware.  If Plaintiffs later learn of information necessitating amendment or supplementation of any of their responses to these RFAs, Plaintiffs can (and must) promptly amend or supplement the responses, consistent with their obligations under Rule 26(e)(1), but they are required to respond

---

[1] Plaintiffs admit RFA Nos. 148 and 156 "Subject to" the improper objections described herein. Plaintiffs should admit or deny these RFAs without such obfuscation.

to the requests now based on the information they have and which presumably provided the good faith basis for Plaintiffs to make the allegations in the Complaint.

Accordingly, NSO requests that the Court require Plaintiffs to serve amended responses which clearly and without improper qualification either admit or deny each of RFA Nos. 145 through 171.

### B.     Plaintiffs' Position

This litigation was prompted by NSO's unauthorized access of Plaintiffs' servers and systems to attack approximately 1,400 WhatsApp users. Due to the sophistication of NSO's attack, the secrecy shrouding its technology, and its complete refusal to participate in discovery, only NSO knows the full details of its unauthorized access. Although NSO has yet to produce a single document, it now seeks to compel Plaintiffs to admit or deny requests about the particulars of NSO's own conduct. Because Plaintiffs' have complied with their discovery obligations at this stage of the case, NSO's request should be denied as premature.

To date, NSO has served 180 RFAs on Plaintiffs, including 87 RFAs served on July 17, 2023 (the "July RFAs"). The July RFAs asked about the technical details of NSO's attack on Plaintiffs, among other things. For example, RFA Nos. 145 through 147 and 153 through 155 ask Plaintiffs to admit that NSO never deleted, altered, or removed any data owned by Plaintiffs, and RFA Nos. 151, 152, 159, and 160 ask Plaintiffs to admit NSO's activities never slowed down any of Plaintiffs' computers or systems. As developers and users of the spyware used in the attack, NSO knows all of these details. Plaintiffs have imperfect information about those facts due to the surreptitious nature of NSO's attacks and NSO's refusal to participate in discovery. As just one example, NSO would know what data its spyware was designed to delete, alter, and remove from Plaintiffs' servers and the Target Devices. In fact, discovery from third parties confirms that NSO's products are designed to leave no trace on the Target Devices, and contain a self-destruct mechanism in the case of exposure risk, all in order to thwart efforts to trace the very deletions, alterations, and removals that NSO asks about in its RFAs.

NSO's RFAs are therefore contention interrogatories masquerading as RFAs. Contention interrogatories are routinely prohibited at the early stages of a case. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985); *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place."); *see also California Sportfishing Prot. All. v. Callaway*, 2012 WL 1969206, at *3 (E.D. Cal. May 31, 2012) (referring to contention interrogatories as "the nearly identical sibling of the request for admission"). A party cannot evade that limitation by simply styling them as RFAs. *See In re Convergent Techs.*, 108 F.R.D. at 339 (allowing "early in the pretrial period, focused requests for admission, *to the extent that they are not simply re-cast contention interrogatories*" (emphasis added)). Because NSO's RFAs are simply re-cast contention interrogatories seeking information that is the subject of ongoing discovery, they are premature. *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (holding contention interrogatories are premature where, "if [plaintiff] were to respond now, his answers likely would be materially incomplete as soon as [defendant] begins its document production.").

Nevertheless, Plaintiffs answered all the RFAs that they could after conducting a reasonable inquiry. For instance, Plaintiffs admitted that NSO's access to Plaintiffs' servers and the Target Devices did not prevent Plaintiffs from accessing any of their *computers*. (RFA Nos. 148, 156.) On the other hand, Plaintiffs denied that NSO's access to Plaintiffs' servers or the Target Devices did not prevent Plaintiffs from accessing any of their *data*. (RFA Nos. 150, 158.)

For the remainder, Plaintiffs responded that they lacked information sufficient to enable them to truthfully admit or deny 14 other RFAs related to specific technical aspects of NSO's attack. Those responses were entirely proper, and substantively identical to NSO's own responses to Plaintiffs' RFAs. Rule 36(a)(4) expressly allows "[t]he answering party" to "assert lack of knowledge or information as a reason for failing to admit or deny," so long as "the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Tellingly, NSO makes no effort to explain how Plaintiffs could know or confirm that NSO never, for example, deleted, altered, or removed data owned by Plaintiffs. *See Bousley v. Polley*, 2023 WL 6520086, at *4 (D. Nev. Sept. 5, 2023) (refusing to order party to amend RFA responses where "it is unclear what . . . records, if any, would be readily available to them to review to form their responses"); *cf. Subramani v. Wells Fargo Bank, N.A.*, 2014 WL 7206888, at *1 (N.D. Cal. Dec. 18, 2014) (requiring additional detail and explanation "[w]hen the question asks for information that [plaintiff] is very likely to have").

Even as to those RFAs that NSO framed as seeking Plaintiffs' "awareness" of certain facts, compelling an answer before NSO produces any discovery serves little purpose. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982); *see also T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."). A placeholder admission that Plaintiffs are not currently aware of certain facts before NSO produces the documents evidencing the existence or non-existence of those facts does not streamline any issues for trial. It almost certainly would need to be amended at the end of discovery, or else disregarded as irrelevant. Indeed, if NSO moved for summary judgment on the basis of such a placeholder admission, Plaintiffs would simply oppose by seeking the very discovery they stated that they need in their RFA responses. *See* Fed. R. Civ. P. 56(d). NSO is not prejudiced by delaying responses to these RFAs until the end of discovery, because NSO has the answers to these RFAs in its own possession. *See In re Convergent Techs.*, 108 F.R.D. at 337–38 (holding defendants would not be prejudiced by plaintiffs' failure to answer interrogatories where "defendants presumably have access to most of the evidence about their own behavior"). NSO's motion to compel should be denied.

> Sincerely,
>
> Aaron Craig, Counsel for Defendants
>
> Craig Cagney, Counsel for Plaintiff