JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |
|---|---|

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in the Declaration of Aaron Craig filed concurrently with this Motion and certain language in their Reply in Support of Motion to Dismiss for *Forum Non Conveniens* ("*Forum Non Conveniens* Reply"), attached as Exhibit A to the Craig Declaration.  (The Craig Declaration and the unredacted *Forum Non Conveniens* Reply are collectively referenced as the "Sealed Documents.")  The Sealed Documents are submitted to the Court in connection with Defendants' *Forum Non Conveniens* Reply.  The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.   BACKGROUND

The Complaint was filed October 29, 2019.  (Dkt. No. 1.)  Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint.  (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020.  (Craig. Decl. ¶ 2.)  This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs.  (Dkt. No. 155.)  After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order.  (Craig Decl. ¶ 2.)  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023.  (*Id.*)  That motion has been fully briefed and is pending before the Court.  (*Id.*)  On September 8, 2023, Defendants filed a motion to dismiss for *forum non conveniens*, and on September 28, 2023, Plaintiffs filed their opposition.  (*Id.*)

## II.  LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are

compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal."  *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration and certain language in their *Forum Non Conveniens* Reply, which is not a dispositive motion.  A motion to dismiss for *forum non conveniens* is considered a non-dispositive motion for the purpose of sealing because it "does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits."  *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007)).  Accordingly, the "good cause" standard applies to this Motion.  Even if the higher "compelling reasons" standard applied, that standard is met here.

### III.   LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Craig Declaration.  The Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now seek leave of this Court to file the Sealed Documents under seal.

Notably, this Court already granted, in its Order dated September 14, 2023, previous

1 administrative motions to seal filed by Defendants seeking the same relief as this Motion. (Dkt.
2 217.) The confidential portions of the Sealed Documents exclusively contain references to
3 materials with respect to which this Court has granted these previous motions to seal in the Order.
4 (*Id.*)

5     Good cause exists to seal each of the Sealed Documents, and Defendants respectfully
6 request that the Court grant this Motion and order the Sealed Documents be kept under seal. For
7 a full description of that good cause, the Court is respectfully referred to paragraph 12 of the
8 accompanying Craig Declaration. Defendants have closely analyzed each of the documents being
9 filed, and for each, Defendants are asking the Court to file under seal only the bare minimum
10 amount necessary.

11 **IV.  CONCLUSION**

12     For the reasons set forth above and in the accompanying Craig Declaration, Defendants
13 respectfully request that the Court grant this Motion and order the Sealed Documents to be kept
14 under seal.

15     Should the Court deny this Motion, in whole or in part, Defendants request that any
16 portions of the Sealed Documents for which sealing was both requested and denied be considered
17 withdrawn and that any such information not be publicly filed.

19 DATED: October 13, 2023

KING & SPALDING LLP

By: */s/Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED