1  Greg D. Andres
2  Antonio J. Perez-Marques
   Craig T. Cagney
3     (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
4  450 Lexington Avenue
   New York, New York 10017
5  Telephone: (212) 450-4000
   Facsimile: (212) 701-5800
6  Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
7           craig.cagney@davispolk.com

8  Micah G. Block (SBN 270712)
   DAVIS POLK & WARDWELL LLP
9  1600 El Camino Real
   Menlo Park, California 94025
10 Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
11 Email:   micah.block@davispolk.com

12 *Attorneys for Plaintiffs*
   *WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY** <br><br> **DISCOVERY MATTER** <br><br> Ctrm:   3 <br> Judge:   Hon. Phyllis J. Hamilton <br><br><br> Action Filed: October 29, 2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Discovery ("Motion") filed concurrently herewith.

3. In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37-1(a) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, I hereby certify that Plaintiffs' counsel met-and-conferred in good faith with counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") regarding the discovery disputes described in the Motion, in an effort to obtain the relief requested in the Motion without judicial intervention. The discovery disputes include disputes concerning Plaintiffs' First, Second, and Third Requests for Production, Plaintiffs' First and Second Sets of Interrogatories, and Plaintiffs' First Requests for Admission.

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Requests for Production, dated June 2, 2020.

5. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Second Requests for Production, dated May 12, 2023.

6. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' Third Requests for Production, dated August 7, 2023.

7. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' First Interrogatories, dated March 24, 2023.

8. Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' Second Interrogatories, dated September 28, 2023.

9. Attached hereto as Exhibit F is a true and correct copy of Plaintiffs' First Requests for Admission, dated March 7, 2023.

10. Attached hereto as Exhibit G is a true and correct copy of NSO's Amended Responses and Objections to Plaintiffs' First Requests for Production, dated February 28, 2023.

11. Attached hereto as Exhibit H is a true and correct copy of NSO's Responses and Objections to Plaintiffs' Second Requests for Production, dated June 12, 2023.

12. Attached hereto as Exhibit I is a true and correct copy of NSO's Responses and Objections to Plaintiffs' Third Requests for Production, dated September 13, 2023.

13. Attached hereto as Exhibit J is a true and correct copy of NSO's Responses and Objections to Plaintiffs' First Interrogatories, dated May 10, 2023.

14. Attached hereto as Exhibit K is a true and correct copy of NSO's Responses and Objections to Plaintiffs' Second Interrogatories, dated October 30, 2023.

15. Attached hereto as Exhibit L is a true and correct copy of NSO's Responses and Objections to Plaintiffs' First Requests for Admission, dated April 17, 2023.

16. NSO objected to responding to many of the above discovery requests on the basis of purported Israeli law restrictions, and moved for a protective order on March 30, 2023. Dkt. No. 176. The Court denied NSO's motion on November 15, 2023, and directed the parties to confer in anticipation that "plaintiffs will move to compel responses to certain discovery requests, and that the parties will make arguments as to whether the *Richmark* factors weigh in favor of ordering compliance or excusive non-compliance." Dkt. No. 233 at 10-11.

17. During multiple discussions by videoconference, and after exchanging multiple emails and letters, the parties were able to narrow the scope of their dispute, but still are at impasse with regard to the majority of Plaintiffs' requested discovery. *See, e.g.*, Exs. M, N, O, P.

18. Plaintiffs met-and-conferred with NSO on November 16, 2023 to discuss Plaintiffs' open discovery requests. Due to time constraints, the parties agreed to continue their discussion the following week.

19. On November 22, 2023, Plaintiffs conferred again with NSO on Plaintiffs' open discovery requests. During that discussion, Plaintiffs explained, in line with the Ninth Circuit's *Richmark* test, the importance and specificity of each of their discovery requests in establishing their various causes of action. For Plaintiffs' requests relating to NSO's spyware, technology, and

2

1  customers, NSO noted its intention to stand on its objections, particularly as to overbreadth and Israeli
2  law, but indicated its willingness to reconsider if the language of the requests were more narrowly
3  tailored.  For Plaintiffs' requests relating to specific servers that Plaintiffs believe are part of NSO's
4  transmission network for its spyware, NSO acknowledged that these requests are sufficiently specific,
5  insofar as they identify particular servers by IP address, but disputed their importance.

6        20.   On November 30, 2023, at NSO's request, Plaintiffs sent a letter to NSO's counsel
7  setting forth in writing the revisions to Plaintiffs' pending discovery requests the parties had
8  discussed during the prior conference of November 22, 2023.  Plaintiffs proposed dates certain to
9  confer further with NSO's counsel on these tailored requests, prior to Plaintiffs' filing of the Motion.
10 Attached hereto as Exhibit M is a true and correct copy of my letter and accompanying chart to NSO's
11 counsel dated November 30, 2023.

12       21.   On December 4, 2023, NSO's counsel sent a letter to Plaintiffs, requesting to confer
13 at the end of the week about Plaintiffs' discovery requests.  Attached hereto as Exhibit N is a true
14 and correct copy of the letter from NSO's counsel dated December 4, 2023.

15       22.   On December 8, 2023, Plaintiffs conferred with NSO on Plaintiffs' tailored discovery
16 requests.  During that discussion, NSO described its position on each of Plaintiffs' open discovery
17 requests. [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED].  NSO argued that Plaintiffs' request for
21 information relating to all spyware that used WhatsApp, including any in effect after the 2019 attacks,
22 or to the full functionality of that spyware, was an improper attempt by Plaintiffs to "gain a
23 competitive advantage" over NSO.  NSO explained that the "competitive advantage" it believed
24 WhatsApp would be obtaining was information that would allow WhatsApp to harden its security to
25 prevent NSO's intrusions.  The parties discussed whether NSO would voluntarily agree to produce
26 the subset of documents that NSO did not oppose, or would stipulate that a subset of the documents
27 were "important" and "specific" under *Richmark*.  NSO indicated that it would not enter any
28 stipulation that may result in an order requiring NSO to violate Israeli law, and anticipated a motion

to compel would be necessary, but would send a letter memorializing its position early the following week that Plaintiffs should include in their Motion.

23. On December 11, 2023, Plaintiffs requested that NSO send their letter by close of business on December 12, 2023, and asked NSO to "identify any of these requests, or any portion thereof, as to which: (1) NSO is willing to agree that the request satisfies the "important" and "specific" factors under *Richmark*, and/or (2) NSO is willing to agree that it will produce documents without further action by the Court." Attached hereto as Exhibit O is a true and correct copy of my email to NSO's counsel dated December 11, 2023.

24. On December 13, 2023, NSO's counsel sent a letter to Plaintiffs detailing their final positions with respect to the requests. As indicated in that letter, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Attached hereto as Exhibit P is a true and correct copy of the letter from NSO's counsel dated December 13, 2023.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 21st day of December 2023 in New York, New York.

By:   */s/ Craig T. Cagney*
        Craig T. Cagney