# EXHIBIT A

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
JOSEPH MORNIN (307766)
(jmornin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124)
(admitted *pro hac vice*)
(dgrooms@cooley.com)
ELIZABETH B. PRELOGAR (262026)
(eprelogar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:     (202) 842-7800
Facsimile:     (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendant. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION** <br><br> Judge: Hon. Phyllis J. Hamilton <br> Dept.: Courtroom 3, 3rd Floor |

PROPOUNDING PARTIES:       Plaintiffs WhatsApp Inc. and Facebook, Inc.

RESPONDING PARTIES:        Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited.

To Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited:

PLEASE TAKE NOTICE that Plaintiffs WhatsApp Inc. and Facebook, Inc. hereby request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the DOCUMENTS and things described below, within thirty days from the date of service, in accordance with Rule 34 of the Federal Rules of Civil Procedure, and the definitions set forth below.

## I.   DEFINITIONS.

Words in CAPITALS are defined as follows:

**1.**   COMMUNICATION means any transmission of information or data of any kind from one PERSON or entity to another by any means, including in the form of facts, ideas, inquiries, or otherwise.

**2.**   COMPLAINT refers to the complaint filed in the above-captioned case on October 29, 2019 (ECF No. 1).

**3.**   A request to provide information CONCERNING something means relating to, referring to, describing, referencing, evidencing or constituting, in whole or in part, a stated subject matter.

**4.**   DOCUMENT or DOCUMENTS means any documents, data, computer code, electronically stored information, or tangible things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

**5.**   PERSON includes any natural person, business, partnership, association, or joint venture, governmental entity or agency, or any other cognizable entity.

**6.**   NSO means NSO Group Technologies Limited and Q Cyber Technologies, as well as its officers, directors, employees, subsidiaries, corporate parents, affiliates, agents, and representatives.

**7.**   WHATSAPP ACCOUNTS refers to WhatsApp accounts created, used, or accessed by NSO employees or on the behalf of NSO or on behalf of an NSO customer.

**8.**   NSO CUSTOMER means any PERSON who used NSO SPYWARE, entered a contract

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

with NSO to use NSO Spyware, a reseller, or Person on whose behalf NSO deployed or used NSO Spyware.

**9.** NSO Spyware means any computer code, program, malware, exploit, and/or remote access tool that enabled or was designed to enable any form of access to a mobile phone or device, its operating system or application, including but not limited to Pegasus and Phantom and any similar software developed, marketed, sold, distributed, operated, maintained, or used by NSO or NSO Customers.

**10.** Technology includes but is not limited to computer code, source code, computer program, software, Exploits, malware, binaries, executables, physical or virtual servers, Internet Protocol addresses of those servers, web logs, server logs, activity logs, captured network traffic, computer hardware or software, communication infrastructure and protocols.

**11.** Pegasus means the "Cyber Intelligence Solution," described in Exhibit 10 of the Complaint.

**12.** An Exploit refers to any piece of software, data, or sequence of commands that takes advantage of a bug or vulnerability in an application or a system to cause unauthorized, unintended, or unanticipated behavior to occur.

**13.** Target Devices refers to computers and servers, including but not limited to mobile phones or devices, that NSO or its customers targeted, transmitted, routed, or installed with any NSO Spyware, including but not limited to the 1,400 Target Users who are referenced in the Complaint.

**14.** Target Users refers to the users of the Target Devices.

**15.** WhatsApp Users refers to any WhatsApp user.

**16.** You, Your, or Yours shall mean Defendants, solely or individually, and any other person acting or purporting to act on Your behalf, including without limitation any all and all officers, directors, employees, subsidiaries, corporate parents, agents, and representatives.

## II.   INSTRUCTIONS.

**1.** These requests for production are continuing in nature. You must supplement or amend Your responses to these requests pursuant to Rule 26(e) of the Federal Rules of Civil

Cooley LLP
Attorneys at Law
San Francisco

3

Plaintiffs' First Requests for
Production
Case No. 4:19-CV-07123-PJH

Procedure.

**2.**      If YOUR response to any of these document requests is qualified in any particular manner, set forth the details of such qualification.

**3.**      If any DOCUMENT responsive to these requests is withheld under a claim of privilege, YOU must set forth in YOUR response to these requests a privilege log, which provides the information described in Federal Rule of Civil Procedure 26(b)(5).

**4.**      If YOU object to part of a request, YOU must produce all DOCUMENTS called for which are not subject to that objection.

**5.**      Similarly, wherever a DOCUMENT is not produced in full, please state with particularity the reasons it is not being produced in full.

**6.**      If YOU object to a request's scope or time period, state YOUR objection and respond to the request for the scope or time period YOU believe is appropriate.

**III.**    **DOCUMENTS AND THINGS TO BE PRODUCED.**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO responsible for developing, testing, deploying, using, distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO SPYWARE by third-parties, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp or Facebook application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook vulnerabilities, contracts for services by vendors, or analyst work product and reports.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the identification and analysis of WhatsApp vulnerabilities.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS against the mobile phone and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or section at NSO that assisted in creating, using, or accessing each of the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY used to transmit any data or information from any device containing or infected with any NSO SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not limited to COMMUNICATIONS with the third-party providers from whom those servers were leased, and the locations of those servers.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to describe all of the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to identify all NSO CUSTOMERS referenced in Defendants' Opposition to the Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in any way.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to describe NSO's corporate structure, including all parents, subsidiaries, and affiliates.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and Facebook and the surveillance of Facebook and WhatsApp users.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS for calendar years 2014-2019.

Dated:  June 2, 2020                                COOLEY LLP


/s/      *Travis LeBlanc*
Travis LeBlanc
Attorneys for Plaintiffs
WhatsApp Inc. and Facebook, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on June 2, 2020, I caused copies of the foregoing document to be served

3

on King & Spalding LLP, upon the following in the manner indicated:

4

*VIA ELECTRONIC MAIL*

5

6

*VIA FEDEX*

7

8

9

/s/  *Travis LeBlanc*

10

_____

11

Travis LeBlanc
Attorneys for Plaintiffs

12

WhatsApp Inc. and Facebook, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

**PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH**

# EXHIBIT B

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and*
*Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q<br>CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**<br><br>Action Filed: October 29, 2019<br>Trial Date:     December 2, 2024 |

1

PROPOUNDING PARTY:     PLAINTIFFS WHATSAPP LLC AND META PLATFORMS, INC.

RESPONDING PARTIES:    DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q
                       CYBER TECHNOLOGIES LIMITED

SET NUMBER:            TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the Documents and things described below, within thirty (30) days after the date of service.  These requests for production are to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

2.      "Device" means a computer, mobile phone, server, or other electronic device.

3.      "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

4.      "Includes," "including," or "such as" shall be used non-exclusively (i.e., to mean "including without limitation" or "including, but not limited to").

5.      "Image" means a forensic copy of the Device or a copy of all files and information on the Device.

6.      "Person(s)" means:(i) any natural person or individual; or (ii) any entity, whether business, legal, governmental, or other, regardless of whether or not for profit, including any corporation, partnership, sole proprietorship, organization, club, committee, joint venture, foreign corporation or foreign entity, or any associate, general partner, limited partner, employee, subsidiary, parent, or other affiliate of any such entity.

2

7. "Plaintiffs" means WhatsApp LLC and Meta Platforms, Inc.

8. "You" or "Your" means NSO Group Technologies Limited and Q Cyber Technologies Limited, as well as their current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on their behalf.

## INSTRUCTIONS

1. For the purposes of reading, interpreting, or construing the scope of these requests for production, the terms referenced in the requests shall be given their most expansive and inclusive interpretation.

2. The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

3. Furthermore, these requests for production are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely supplement Your prior responses to the requests if You learn that the responses are in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

4. If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the request for production to which such information is responsive.

5. If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

6. If You do not produce a Document in its entirety, state with particularity why You are not producing it in its entirety.

7. If You object that a term or phrase is vague, ambiguous or indefinite, then provide

1 | Your understanding of the term or phrase and respond accordingly.

2 |       8.     Defined terms may or may not be capitalized or made uppercase; the given definitions

3 | apply even if a term in question is not capitalized or made uppercase.  No waiver of definition is

4 | implied by the use of a defined term in a non-capitalized or lowercase form.

5 |       9.     These requests for production shall not be construed as a waiver or abridgment of, and

6 | are not intended to waive, any argument or claim, including but not limited to, in connection with any

7 | motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request

8 | served by Defendants, nor shall they be construed as an admission of fact.

9 | **DOCUMENTS AND THINGS TO BE PRODUCED**

10 | **REQUEST FOR PRODUCTION NO. 30**

11 |      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

12 | 54.93.81.200, including a live capture of RAM and all virtual machines, and including all of the

13 | following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

14 | files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

15 | sequel database files (.sql), and all files, including any .zip files, referenced in any of the

16 | aforementioned.

17 | **REQUEST FOR PRODUCTION NO. 31**

18 |      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

19 | 104.223.76.220, including a live capture of RAM and all virtual machines, and including all of the

20 | following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

21 | files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

22 | sequel database files (.sql), and all files, including any .zip files, referenced in any of the

23 | aforementioned.

24 |

25 |

**REQUEST FOR PRODUCTION NO. 32**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 95.179.187.227, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

Dated:  May 12, 2023                          DAVIS POLK & WARDWELL LLP

                                                            By:  /s/ Micah G. Block
                                                                   Micah G. Block (SBN 270712)
                                                                   DAVIS POLK & WARDWELL LLP
                                                                   1600 El Camino Real
                                                                   Menlo Park, California 94025
                                                                   Telephone: (650) 752-2000
                                                                   Facsimile: (650) 752-2111
                                                                   Email: micah.block@davispolk.com

                                                                   Greg D. Andres
                                                                   Antonio J. Perez-Marques
                                                                   Craig T. Cagney
                                                                      (admitted *pro hac vice*)
                                                                   DAVIS POLK & WARDWELL LLP
                                                                   450 Lexington Avenue
                                                                   New York, New York 10017
                                                                   Telephone: (212) 450-4000
                                                                   Facsimile: (212) 701-5800
                                                                   Email: greg.andres@davispolk.com
                                                                           antonio.perez@davispolk.com
                                                                           craig.cagney@davispolk.com

                                                                   *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On May 12, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
        acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on May 12, 2023 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati

EXHIBIT C

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>                              Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q<br>CYBER TECHNOLOGIES LTD.,<br><br>                              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION**<br><br>Action Filed: October 29, 2019<br>Trial Date:    December 2, 2024 |

1

PROPOUNDING PARTY:   PLAINTIFFS WHATSAPP LLC AND META PLATFORMS, INC.

RESPONDING PARTIES:   DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED

SET NUMBER:   THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the Documents and things described below, within thirty (30) days after the date of service.  These requests for production are to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1.    "Communication" means any transmission of information or data of any kind from one Person or entity to another by any means, including in the form of facts, ideas, inquiries, or otherwise.

2.    "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

3.    "Device" means a computer, mobile phone, server, or other electronic device.

4.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

5.    "Includes," "including," or "such as" shall be used non-exclusively (i.e., to mean "including without limitation" or "including, but not limited to").

6.    "Image" means a forensic copy of the Device or a copy of all files and information on the Device.

7.    "Person(s)" means:(i) any natural person or individual; or (ii) any entity, whether business, legal, governmental, or other, regardless of whether or not for profit, including any

2

corporation, partnership, sole proprietorship, organization, club, committee, joint venture, foreign corporation or foreign entity, or any associate, general partner, limited partner, employee, subsidiary, parent, or other affiliate of any such entity.

8.   "Plaintiffs" means WhatsApp LLC and Meta Platforms, Inc.

9.   "You" or "Your" means NSO Group Technologies Limited and Q Cyber Technologies Limited, as well as their current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on their behalf.

## **INSTRUCTIONS**

1.   For the purposes of reading, interpreting, or construing the scope of these requests for production, the terms referenced in the requests shall be given their most expansive and inclusive interpretation.

2.   The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

3.   Furthermore, these requests for production are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely supplement Your prior responses to the requests if You learn that the responses are in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

4.   If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the request for production to which such information is responsive.

5.   If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

6.      If You do not produce a Document in its entirety, state with particularity why You are not producing it in its entirety.

7.      If You object that a term or phrase is vague, ambiguous or indefinite, then provide Your understanding of the term or phrase and respond accordingly.

8.      Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase.  No waiver of definition is implied by the use of a defined term in a non-capitalized or lowercase form.

9.      These requests for production shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or claim, including but not limited to, in connection with any motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request served by Defendants, nor shall they be construed as an admission of fact.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 33**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 103.199.18.26, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 34**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 103.200.96.158, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 35**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 103.82.240.94, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 36**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 109.200.24.22, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 37**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.16, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 38**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.20, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 39**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.25, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 40**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.30, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 41**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.117.89.209, including a live capture of RAM and all virtual machines, and including

all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 42**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.117.90.17, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 43**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.140.55.30, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 44**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.68.67, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

7

1  the aforementioned.

2  **REQUEST FOR PRODUCTION NO. 45**

3  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

4  Address 185.225.69.104, including a live capture of RAM and all virtual machines, and including

5  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

6  README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

7  scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

8  the aforementioned.

9  **REQUEST FOR PRODUCTION NO. 46**

10  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

11  Address 185.225.69.11, including a live capture of RAM and all virtual machines, and including all

12  of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

13  README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

14  scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

15  the aforementioned.

16  **REQUEST FOR PRODUCTION NO. 47**

17  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

18  Address 185.225.69.110, including a live capture of RAM and all virtual machines, and including

19  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

20  README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

21  scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

22  the aforementioned.

23  **REQUEST FOR PRODUCTION NO. 48**

24  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

25

Address 185.225.69.112, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 49**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.118, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 50**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.123, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 51**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.28, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 52**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.45, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 53**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.244.151.136, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 54**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 188.215.229.197, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 55**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 188.215.229.204, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 56**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 188.215.229.215, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 57**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 194.36.189.123, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 58**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 212.83.46.146, including a live capture of RAM and all virtual machines, and including all

of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 59**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 37.220.31.101, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 60**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 37.220.31.85, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 61**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 46.183.218.91, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

1    the aforementioned.

2              **REQUEST FOR PRODUCTION NO. 62**

3              A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

4    Address 5.149.255.69, including a live capture of RAM and all virtual machines, and including all

5    of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

6    README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

7    scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

8    the aforementioned.

9              **REQUEST FOR PRODUCTION NO. 63**

10             A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

11   Address 5.152.222.110, including a live capture of RAM and all virtual machines, and including all

12   of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

13   README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

14   scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

15   the aforementioned.

16             **REQUEST FOR PRODUCTION NO. 64**

17             A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

18   Address 79.141.175.18, including a live capture of RAM and all virtual machines, and including all

19   of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

20   README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

21   scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of

22   the aforementioned.

23             **REQUEST FOR PRODUCTION NO. 65**

24             A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

25

Address 79.141.175.43, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 66**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 88.150.227.119, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 67**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 88.150.227.84, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 68**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 94.46.187.237, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell

14

scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 69**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 94.46.187.247, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 70**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 94.46.187.253, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**REQUEST FOR PRODUCTION NO. 71**

All Documents and Communications regarding the Device or Devices that resolve to the Internet Protocol (IP) address 104.223.76.220.

**REQUEST FOR PRODUCTION NO. 72**

Documents sufficient to show whether NSO ever had possession, custody, or control of the Device or Devices that resolve to the Internet Protocol (IP) address 104.223.76.220.

**REQUEST FOR PRODUCTION NO. 73**

All Documents concerning the handover, delivery, or assignment of the Device or Devices

1   that resolve to the Internet Protocol (IP) address 104.223.76.220 from NSO to any third party.

2   **REQUEST FOR PRODUCTION NO. 74**

3   All Documents and Communications regarding the Device or Devices that resolve to the

4   Internet Protocol (IP) address 95.179.187.227.

5   **REQUEST FOR PRODUCTION NO. 75**

6   Documents sufficient to show whether NSO ever had possession, custody, or control of the

7   Device or Devices that resolve to the Internet Protocol (IP) address 95.179.187.227.

8   **REQUEST FOR PRODUCTION NO. 76**

9   All Documents concerning the handover, delivery, or assignment of the Device or Devices

10  that resolve to the Internet Protocol (IP) address 95.179.187.227 from NSO to a third party.

11  **REQUEST FOR PRODUCTION NO. 77**

12  All Documents and Communications regarding any Device or Devices that resolve to the

13  Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 that NSO contends are not in

14  its current possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 78**

16  Documents sufficient to show whether NSO ever had possession, custody, or control of the

17  Device or Devices that resolve to the Internet Protocol (IP) addresses identified in RFP Nos. 33

18  through 70.

19  **REQUEST FOR PRODUCTION NO. 79**

20  All Documents concerning the handover, delivery, or assignment of the Device or Devices

21  that resolve to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 from NSO

22  to any third party.

23

24

25

16

Dated: ___August 7, 2023___          DAVIS POLK & WARDWELL LLP

By: _/s/ Micah G. Block_____
    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    1600 El Camino Real
    Menlo Park, California 94025
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    Greg D. Andres
    Antonio J. Perez-Marques
    Craig T. Cagney
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

    *Attorneys for Plaintiffs WhatsApp LLC and*
    *Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On August 7, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
        acraig@kslaw.com

*Attorneys for Defendants NSO Group*
*Technologies Limited and Q Cyber*
*Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on August 7, 2023 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati

PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION
CASE NO. 4:19-cv-07123-PJH

# EXHIBIT D

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
              antonio.perez@davispolk.com
              craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and*
*Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>                        Plaintiffs,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q<br>CYBER TECHNOLOGIES LTD.,<br><br>                        Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**FIRST SET OF INTERROGATORIES OF**<br>**PLAINTIFF WHATSAPP LLC TO**<br>**DEFENDANT NSO GROUP**<br>**TECHNOLOGIES LIMITED**<br><br>Action Filed: October 29, 2019<br>Trial Date:    December 2, 2024 |

PROPOUNDING PARTY:   PLAINTIFF WHATSAPP LLC

RESPONDING PARTIES:   DEFENDANT NSO GROUP TECHNOLOGIES LIMITED

SET NUMBER:                ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Plaintiff WhatsApp LLC (f/k/a WhatsApp Inc.) ("WhatsApp") requests that Defendant NSO Group Technologies Limited ("NSO") respond to the following interrogatories in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, and serve the answers within thirty (30) days after the date of service.  Each of the interrogatories is to be read in accordance with the definitions and instructions that follow.

### DEFINITIONS

1.      "Answer" means the answer filed by Defendants in the above-captioned case on August 28, 2020 (ECF No. 128).

2.      "Communication" means information or data that is transmitted either orally or electronically.

3.      "Complaint" means the complaint filed by Plaintiffs in the above-captioned case on October 29, 2019 (ECF No. 1).

4.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

5.      "Device" means a computer, mobile phone, server, or other electronic device.

6.      "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

7.      "Each" shall include the word "every" and "every" shall include the word "each."

8.      The terms "Identify," "Identity," or "Describe" as used herein mean:

(a)      when used with reference to a natural person: the natural person's (i) full name; (ii) present home address; (iii) present business address; (iv) present home and business telephone numbers; and (v) present or last known place of employment, including position and business affiliation;

1    (b)    when used with reference to an entity, such as a partnership (either general or
2  limited), joint venture, trust, corporation, governmental agency or association: (i) the full legal
3  name of such entity; (ii) each trade name under which the entity does business; (iii) the entity's
4  present or last known address; (iv) the entity's telephone number; and (v) the identity of the chief
5  operating officer, manager, trustee or other principal representative or managing agent or agents;

6    (c)    when used with reference to a Document: (i) the type of Document involved
7  (e.g., letter, memorandum, email, product, etc.); (ii) the date the Document was prepared or created;
8  (iii) identity of the author(s) or preparer(s); (iv) identity of all addressees and recipient(s); (v) its
9  general subject matter; (vi) its title or the heading and the number of pages; (vii) the identity of the
10 custodian or other person last known to have possession of the Document, together with (viii) the
11 present or last known location of the Document; and (ix) the Bates number of the Document, if
12 applicable;

13    (d)    when used with reference to a Communication: (i) the date of
14 Communication; (ii) the form of the Communication (e.g., in-person meeting, telephone call,
15 electronic message, written correspondence, etc.); (iii) the place where the Communication was
16 made; (iv) the persons who were party to or were present at the time of the Communication; and (v)
17 a summary of the Communication; and

18    (e)    when used with reference to a thing or object: (i) all names, identifiers, trade
19 names or brand names used by You to refer to that thing or object, if applicable; (ii) if the thing or
20 object is computer software, an application, computer code, or program, the number of versions of
21 such thing or object and the time period during which each version was created, prepared, or used;
22 and (iii) a description of the thing or object, including but not limited to a description of the thing or
23 object's general operation or function.

24    9.    "Includes," "including," or "such as" shall be used nonexclusively (i.e., to mean
25 "including without limitation" or "including, but not limited to").

26    10.    "NSO Customer" means any Person who obtained or used NSO Spyware, licensed
27 NSO Spyware, entered a contract with You or a reseller of NSO Spyware to obtain or use NSO
28 Spyware, or Person on whose behalf You operated, maintained or used NSO Spyware.

3

11.     "NSO Spyware" means any computer code, program, software, malware, spyware, exploit, remote access tool, and/or Technology, or part or component thereof, that enabled or was designed to enable or facilitate access by You or NSO Customers to a Device, its operating system or any application, including but not limited to Pegasus and Phantom and any similar software developed, marketed, sold, licensed, distributed, operated, or maintained by You or Your affiliates.

12.     "Person(s)" means: (i) any natural person or individual; or (ii) any entity, whether business, legal, governmental, or other, regardless of whether or not for profit, including any corporation, partnership, sole proprietorship, organization, club, committee, joint venture, foreign corporation or foreign entity, or any associate, general partner, limited partner, employee, subsidiary, parent, or other affiliate of any such entity.

13.     "Plaintiffs" means WhatsApp LLC and Meta Platforms, Inc.

14.     "Technology" includes but is not limited to computer code, source code, computer programs, software, exploits, malware, binaries, executables, physical or virtual servers, Internet Protocol addresses of those servers, domain names, web logs, server logs, activity logs, captured network traffic, computer hardware or software, communication infrastructure and protocols.

15.     "WhatsApp Computers" means any computer or server owned, operated, or controlled by Plaintiffs, and includes the WhatsApp mobile and desktop application.

16.     "You" or "Your" means NSO Group Technologies Limited, as well as its current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on its behalf.

**INSTRUCTIONS**

1.     For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms shall be given their most expansive and inclusive interpretation.

2.     Unless instructed otherwise, each interrogatory shall be construed independently and not by reference to any other request for the purpose of limitation.

3.     The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

4.     These interrogatories shall be deemed to seek answers as of the date hereof and to

4

the full extent of the Federal Rules of Civil Procedure.  Furthermore, these interrogatories are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely amend each prior response to an interrogatory if You learn that the response is in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

5.     If You cannot answer any interrogatory fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) answer such interrogatory to the extent possible; (2) specify the portion of such interrogatory that you are unable to answer fully, completely, and in detail; and (3) state the reason why such portion cannot be so answered.  If Your response is qualified in any particular respect, set forth the details of such qualification.

6.     If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the interrogatory to which such information is responsive.

7.     If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

8.     If You object that a term or phrase is vague, ambiguous or indefinite, then provide Your understanding of the term or phrase and respond accordingly.

9.     Defined terms may or may not be capitalized or made uppercase; the given definitions apply even if a term in question is not capitalized or made uppercase.  No waiver of definition is implied by the use of a defined term in a non-capitalized or lowercase form.

10.    These interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or claim, including but not limited to, in connection with any motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request served by Defendants, nor shall they be construed as an admission of fact.

PLAINTIFF WHATSAPP LLC'S FIRST SET OF INTERROGATORIES
CASE NO. 4:19-cv-07123-PJH

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all NSO Spyware that You directly or indirectly developed, marketed, promoted, distributed, maintained, sold, licensed, tested, deployed, operated, acquired, used, or for which You provided technical or operational support, from January 1, 2018 through the present, including but not limited to Pegasus and Phantom.  Your response should identify any and all brand or marketing name(s) for each NSO Spyware and, without limiting the foregoing, explain the differences (if any) between each NSO Spyware.

### INTERROGATORY NO. 2

Describe how each of the NSO Spyware identified in response to Interrogatory No. 1 functioned, including how it was designed to be installed on a Device, the methods used to install it on a Device, how it was used after being installed on a Device, how it exfiltrated data from a Device on which it was installed, and how it accessed or used any WhatsApp Computers.

### INTERROGATORY NO. 3

Describe how You developed, maintained, improved, tested, acquired, marketed, promoted, distributed, sold, licensed, deployed, operated, or provided technical or operational support for each of the NSO Spyware identified in response to Interrogatory No. 1 from January 1, 2018 through the present, including a description of any change, upgrade, or update to each NSO Spyware.

### INTERROGATORY NO. 4

Identify all departments, teams, groups, employees, and/or Persons, agents, consultants, and/or other third parties that worked on the development, maintenance, improvement, testing, acquisition, marketing, promotion, distribution, sale, licensing, deployment, operation, or provision of technical or operational support for NSO Spyware, including a description of each such department's, team's, group's, employee's, or Person's respective responsibilities.

### INTERROGATORY NO. 5

Describe Your corporate structure, including all changes to that structure from January 1, 2018 to the present.  Your response should include, without limitation: (a) each parent, sibling or subsidiary entity and a description of the relationship between You and each such entity; and (b) the

1    direct and indirect owners of each such entity and the nature and extent of their ownership interest.

2    **INTERROGATORY NO. 6**

3         Identify the basis for Your Sixth Separate and Additional Defense in Your Answer, which

4    stated that "Plaintiffs' claims are barred on the grounds that Defendants acted in good faith and

5    pursuant to legitimate law enforcement, national security, intelligence and business justifications"

6    (Answer at 9), including all Documents and Communications you received analyzing how NSO

7    Customers used NSO Spyware, whether NSO Customers complied with any conditions, criteria, or

8    limitations imposed by You on the use of NSO Spyware, and whether NSO Spyware complied with

9    all applicable laws, including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the

10   California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502.

11   **INTERROGATORY NO. 7**

12        Identify and describe annual sales, licensing fees, profits and/or revenues that You derived

13   directly or indirectly from the development, marketing, promotion, distribution, maintenance, sale,

14   licensing, testing, deployment, operation, acquisition, provision of technical or operational support,

15   or other commercialization of each of the NSO Spyware identified in response to Interrogatory No.

16   1 from January 1, 2018 through the present.

17   **INTERROGATORY NO. 8**

18        Describe how You reverse engineered the WhatsApp client, including but not limited to

19   downloading and testing different versions of the WhatsApp client and using the WhatsApp service.

20   **INTERROGATORY NO. 9**

21        Identify all WhatsApp accounts associated with or used for the development, testing, or

22   transmission of NSO Spyware.

23

24

25

26

27

28

7

Dated:  March 24, 2023

DAVIS POLK & WARDWELL LLP

By:  */s/ Micah G. Block*
      Micah G. Block (SBN 270712)
      DAVIS POLK & WARDWELL LLP
      1600 El Camino Real
      Menlo Park, California 94025
      Telephone: (650) 752-2000
      Facsimile:  (650) 752-2111
      Email: micah.block@davispolk.com

      Greg D. Andres
      Antonio J. Perez-Marques
      Craig T. Cagney
        (admitted *pro hac vice*)
      DAVIS POLK & WARDWELL LLP
      450 Lexington Avenue
      New York, New York 10017
      Telephone: (212) 450-4000
      Facsimile: (212) 701-5800
      Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           craig.cagney@davispolk.com

      *Attorneys for Plaintiffs WhatsApp LLC and*
      *Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On March 24, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**FIRST SET OF INTERROGATORIES OF PLAINTIFF WHATSAPP LLC TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
         acraig@kslaw.com

*Attorneys for Defendants NSO Group*
*Technologies Limited and Q Cyber*
*Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on March 24, 2023 at New York, New York.

/s/ Luca Marzorati
Luca Marzorati

EXHIBIT E

EXHIBIT FILED UNDER SEAL

EXHIBIT F

EXHIBIT FILED UNDER SEAL

EXHIBIT G

1 JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
2 AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
3 KING & SPALDING LLP
  633 West Fifth Street, Suite 1700
4 Los Angeles, CA 90071
  Telephone: (213) 443-4355
5 Facsimile: (213) 443-4310

6 Attorneys for Defendants NSO GROUP TECHNOLOGIES
  LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8

9       UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA

11        OAKLAND DIVISION

12

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | Action Filed:   10/29/2019 |
| Defendants. | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Court's February 16, 2023, directives, Defendants hereby serve amended objections and responses to Plaintiffs' First Requests for Production.

### PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiffs' First Requests for Production. Defendants have not completed their discovery and investigation of the facts relating to this case and have not completed preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Defendants.

It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Defendants' right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information. Defendants reserve the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known but should in no way prejudice Defendants in relation to further discovery, research, or analysis.

By submitting these responses and objections, Defendants do not consent to jurisdiction of the Court and do not waive their defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, Defendants hereby preserve those defenses.

Any representation that Defendants will produce documents responsive to any Request, in whole or in part, is expressly conditioned upon entry of a complete protective order governing the

uses that may be made of documents produced in litigation and the persons to whom they may be disclosed.

Defendants reserve the right to redact information from certain documents as may be necessary to comply with Israeli or other foreign law or contractual obligation.

## GENERAL OBJECTIONS

Defendants interpose the following general objections into each of the specific objections that follow as if the general objections were set forth in full in each specific objection.

1.      Defendants object to the Requests to the extent they seek information that exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose upon Defendants obligations beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to the Requests to the extent they seek information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

3.      Defendants object to the Requests to the extent they seek information already in the possession, custody, or control of Plaintiffs; information that is available from public sources; or information that is as readily available to Plaintiffs as to Defendants on the grounds that it would be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce such documents.

4.      Defendants object to the Requests to the extent they assert and/or assume unproven conclusions as established facts.

5.      Defendants object to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection against disclosure.

6.      Defendants object to the Requests to the extent they seek information that would disclose trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information, or that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

or any other applicable law.

7.    Defendants object to the Requests to the extent they seek information that Defendants are prohibited from disclosing by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.

8.    Defendants object to the Requests to the extent they seek information that is not within Defendants' custody and control.  To the extent that Defendants produce materials in response to the Requests, Defendants will produce materials that are within Defendants' custody and control and identified after a reasonable investigation.

9.    Defendants object to the Requests on the ground that they purport to require Defendants to participate in this lawsuit despite that Plaintiffs have not established personal jurisdiction over Defendants.  Nothing herein should be interpreted as a waiver of the burden Plaintiffs have to prove that Defendants are subject to personal jurisdiction in California.

10.    Defendants object to the defined term "EXPLOITS" because the phrases "take advantage of" and "to cause unauthorized, unintended or unanticipated behavior to occur" are vague and ambiguous.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation. Among other reasons, the Request seeks information related to technologies other than the Pegasus

1   technology that was used with respect to the "Target Devices" described in the Complaint (Dkt.

2   No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.

3   Defendants further object that the terms "deployment," "use," and "operation," as well as the

4   phrase "targeted or directed at," are vague and ambiguous.  Defendants further object that

5   documents and communications relating to the deployment, installation, distribution, use and

6   operation of Pegasus by Defendants' sovereign customers are third-party information that

7   Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation,

8   governmental order or directive.  Responsive materials are being withheld on the basis of these

9   objections.

10   Subject to and without waiving these objections, and subject to the Court's entry of a

11   complete protective order, Defendants will produce responsive and nonprivileged documents and

12   communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

13   through May 13, 2019, related to the development, testing, maintenance and troubleshooting of

14   the Pegasus technology alleged to have been used with respect to the "Target Devices" described

15   in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and

16   proportional search, provided that Defendants are not prohibited from disclosing such documents

17   and communications by Israeli law, regulation, or governmental order or directive, or any other

18   applicable law, regulation, or governmental order or directive.  Defendants intend to withhold

19   documents and communications they are not permitted to produce pursuant to Israeli law,

20   regulation, or governmental order or directive, or any other applicable law, regulation, or

21   governmental order or directive.  If Defendants are not otherwise prohibited from making such a

22   disclosure, Defendants will make a reasonable and proportional search and anticipate substantial

23   completion of their responsive production within approximately 180 days.

24   **REQUEST FOR PRODUCTION NO. 2:**

25   DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams,

26   groups, divisions, or sections at NSO responsible for developing, testing, deploying, using,

27   distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed

28

at WHATSAPP servers or USERS.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that the terms "deploying," "using," and "operating," as well as the phrase "targeted or directed at," are vague and ambiguous.   Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, distribute, or operate Pegasus or any other technology within the definition of "NSO SPYWARE." Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections, and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, dated January 2018 through May 13, 2019, sufficient to identify teams, groups, divisions, or sections responsible for the development, testing, maintenance and troubleshooting of the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.   If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO SPYWARE by third-parties, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate their General Objections. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and uses of NSO technologies other than the conduct described in the Complaint, which have no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object to this Request to the extent that it seeks documents and communications in the custody and control of third parties, not Defendants. Defendants further object to the extent this Request seeks third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Defendants further object that the term "user complaints" is vague and ambiguous. Defendants further object that the term "use" is vague and ambiguous, as is evidenced by the listing of "marketing materials" as an example of documents that supposedly concern the use of Defendants' technology by third parties; Defendants disagree that marketing materials about a technology, generally speaking, would be documents concerning the use of that technology by third parties. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged marketing materials, licensing agreements, and training manuals or documents, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and

1 proportional search, provided that Defendants are not prohibited from disclosing such documents

2 and communications by Israeli law, regulation, or governmental order or directive, or any other

3 applicable law, regulation, or governmental order or directive.  Defendants intend to withhold

4 documents and communications they are not permitted to produce pursuant to Israeli law,

5 regulation, or governmental order or directive, or any other applicable law, regulation, or

6 governmental order or directive.  If Defendants are not otherwise prohibited from making such a

7 disclosure, Defendants will make a reasonable and proportional search and anticipate substantial

8 completion of their responsive production within approximately 180 days.

9 **REQUEST FOR PRODUCTION NO. 4:**

10        DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the

11 teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training

12 of NSO SPYWARE.

13 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

14        Defendants incorporate their General Objections.  Defendants object to this Request as

15 overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

16 because it seeks information related to technologies other than the Pegasus technology alleged to

17 have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

18 7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials

19 are being withheld on the basis of these objections.

20        Subject to and without waiving these objections and subject to the Court's entry of a

21 complete protective order, Defendants will produce responsive and nonprivileged documents and

22 communications dated January 2018 through May 13, 2019, sufficient to identify the persons

23 responsible for installation, maintenance or training related to the Pegasus technology alleged to

24 have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

25 7), in Defendants' possession, custody, or control, if any exist, that Defendants are able to locate

26 after a reasonable and proportional search, provided that Defendants are not prohibited from

27 disclosing such documents and communications by Israeli law, regulation, or governmental order

28

1  or directive, or any other applicable law, regulation, or governmental order or directive.

2  Defendants intend to withhold documents and communications they are not permitted to produce

3  pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law,

4  regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from

5  making such a disclosure, Defendants will make a reasonable and proportional search and

6  anticipate substantial completion of their responsive production within approximately 180 days.

7  **REQUEST FOR PRODUCTION NO. 5:**

8     ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December

9  2019 CONCERNING the identification of WhatsApp or Facebook application or network

10  vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook

11  vulnerabilities, contracts for services by vendors, or analyst work product and reports.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13     Defendants incorporate their General Objections.  Defendants object to this Request as

14  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

15  because it seeks information related to Facebook vulnerabilities, which has no relevance to

16  Plaintiffs' allegations or any issue in this case.  Defendants further object to this Request as

17  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the

18  extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited

19  by the Pegasus technology alleged to have been used with respect to the "Target Devices"

20  described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations

21  or any issue in this case.  Defendants further object to the time period of this Request as arbitrary,

22  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation.

23  Plaintiffs' allegations relate to the period from January 2018, when Plaintiffs allege that

24  Defendants first created WhatsApp accounts, to May 2019, when Plaintiffs "closed the

25  vulnerability" that allegedly allowed Pegasus to function over WhatsApp.  Seeking documents

26  from four years before Plaintiffs allege that Defendants' alleged illegal conduct began and seven

27  months after it ended is arbitrary and improper.  Responsive materials are being withheld on the

28

AMENDED OBJECTIONS AND RESPONSES   8   Case No. 4:19-cv-07123-PJH
TO PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION

1   basis of these objections.

2       Subject to and without waiving these objections and subject to the Court's entry of a

3   complete protective order, Defendants will produce responsive and nonprivileged documents and

4   communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

5   through May 13, 2019, related to the identification of the specific WhatsApp vulnerability

6   allegedly exploited by the Pegasus technology alleged to have been used with respect to the

7   "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to

8   locate after a reasonable and proportional search, provided that Defendants are not prohibited from

9   disclosing such documents and communications by Israeli law, regulation, or governmental order

10  or directive, or any other applicable law, regulation, or governmental order or directive.

11  Defendants intend to withhold documents and communications they are not permitted to produce

12  pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law,

13  regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from

14  making such a disclosure, Defendants will make a reasonable and proportional search and

15  anticipate substantial completion of their responsive production within approximately 180 days.

16  **REQUEST FOR PRODUCTION NO. 6:**

17      DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams,

18  groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the

19  identification and analysis of WhatsApp vulnerabilities.

20  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21      Defendants incorporate their General Objections.  Defendants object to this Request as

22  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the

23  extent it seeks information related to vulnerabilities other than the vulnerability allegedly exploited

24  by the Pegasus technology alleged to have been used with respect to the "Target Devices"

25  described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations

26  or any issue in this case.  Defendants further object that the term "bounties" is vague and

27  ambiguous.  Responsive materials are being withheld on the basis of these objections.

28

AMENDED OBJECTIONS AND RESPONSES   9   Case No. 4:19-cv-07123-PJH
TO PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, sufficient to identify the persons that assisted in identifying the specific WhatsApp vulnerability allegedly exploited by the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their General Objections. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Defendants further object that the phrase "targeting or directed at" are vague and ambiguous. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, related to the development and testing of the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.   If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and

1  communications, dated January 2018 through May 13, 2019, sufficient to identify the persons

2  responsible for development, testing, or maintenance of the Pegasus technology alleged to have

3  been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7),

4  in Defendants' possession, custody, and control, if any exist, that Defendants are able to locate

5  after a reasonable and proportional search, provided that Defendants are not prohibited from

6  disclosing such documents and communications by Israeli law, regulation, or governmental order

7  or directive, or any other applicable law, regulation, or governmental order or directive.

8  Defendants intend to withhold documents and communications they are not permitted to produce

9  pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law,

10 regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from

11 making such a disclosure, Defendants will make a reasonable and proportional search and

12 anticipate substantial completion of their responsive production within approximately 180 days.

13 **REQUEST FOR PRODUCTION NO. 9:**

14       ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods,

15 and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate

16 data, including but not limited to any command and control software or payloads.

17 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18       Defendants incorporate their General Objections.  Defendants object to this Request as

19 overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

20 because it seeks information related to technologies other than the Pegasus technology alleged to

21 have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

22 7), and devices other the Target Devices, which has no relevance to Plaintiffs' allegations or any

23 issue in this case.  Defendants further object that the phrases "processes [and] methods,"

24 "monitor," "exfiltrate data," and "command and control software or payloads" are vague and

25 ambiguous.  Responsive materials are being withheld on the basis of these objections.

26       Subject to and without waiving these objections and subject to the Court's entry of a

27 complete protective order, Defendants will produce responsive and nonprivileged documents and

28

communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, concerning the processes, methods and technology used by the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and export data from such Target Devices, that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate their General Objections. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

AMENDED OBJECTIONS AND RESPONSES    13    Case No. 4:19-cv-07123-PJH
TO PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION

through May 13, 2019, concerning mobile phone and device operating system vulnerabilities used to install the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and devices other than the Target Devices, which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, sufficient to identify the persons responsible for identifying any mobile phone and device vulnerabilities used by the Pegasus technology alleged to have been used with

1    respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants

2    are able to locate after a reasonable and proportional search, provided that Defendants are not

3    prohibited from disclosing such documents and communications by Israeli law, regulation, or

4    governmental order or directive, or any other applicable law, regulation, or governmental order or

5    directive.  Defendants intend to withhold documents and communications they are not permitted

6    to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other

7    applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise

8    prohibited from making such a disclosure, Defendants will make a reasonable and proportional

9    search and anticipate substantial completion of their responsive production within approximately

10   180 days.

11   **REQUEST FOR PRODUCTION NO. 12:**

12       ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and

13   testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

14   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

15       Defendants incorporate their General Objections.  Defendants object to this Request as

16   overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the

17   extent it seeks information related to technologies other than the Pegasus technology alleged to

18   have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

19   7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials

20   are being withheld on the basis of these objections.

21       Subject to and without waiving these objections and subject to the Court's entry of a

22   complete protective order, Defendants will produce responsive and nonprivileged documents and

23   communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

24   through May 13, 2019, related to the development and testing of the Pegasus technology alleged

25   to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at

26   2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that

27   Defendants are not prohibited from disclosing such documents and communications by Israeli law,

28

AMENDED OBJECTIONS AND RESPONSES        15        Case No. 4:19-cv-07123-PJH
TO PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION

1  regulation, or governmental order or directive, or any other applicable law, regulation, or

2  governmental order or directive.  Defendants intend to withhold documents and communications

3  they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or

4  directive, or any other applicable law, regulation, or governmental order or directive.   If

5  Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a

6  reasonable and proportional search and anticipate substantial completion of their responsive

7  production within approximately 180 days.

8  **REQUEST FOR PRODUCTION NO. 13:**

9      DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the

10  teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS

11  against the mobile phone and devices of WHATSAPP USERS.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

13      Defendants incorporate their General Objections.  Defendants object to this Request as

14  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

15  because it seeks information related to technologies other than the Pegasus technology alleged to

16  have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

17  7), and devices other than the Target Devices, which has no relevance to Plaintiffs' allegations or

18  any issue in this case.

19      Subject to and without waiving these objections and subject to the Court's entry of a

20  complete protective order, Defendants will produce responsive and nonprivileged documents and

21  communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

22  through May 13, 2019, sufficient to identify the persons responsible for developing and testing the

23  Pegasus technology alleged to have been used with respect to the "Target Devices" described in

24  the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and

25  proportional search, provided that Defendants are not prohibited from disclosing such documents

26  and communications by Israeli law, regulation, or governmental order or directive, or any other

27  applicable law, regulation, or governmental order or directive.  Defendants intend to withhold

28

documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that the terms "processes" and "methods" are vague and ambiguous.  Defendants further object to this Request to the extent that it seeks documents and communications concerning conduct by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, concerning the processes, methods and technology used to install the Pegasus technology alleged to have been used with respect to the "Target Devices" described in

the Complaint (Dkt. No. 1 at 2:6-7) on such Target Devices, that Defendants are able to locate after a reasonable and proportional search, provided Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate their General Objections.  Defendants object to the phrases "analysis, reverse engineering, disassembling, or emulating" and "application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications or analyses of the WhatsApp application, APIs, or network protocols" as vague and ambiguous. Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to conduct related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a

complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, concerning the analysis, reverse engineering, disassembling, or emulating of the WhatsApp application to the extent related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate their General Objections. Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case. Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and

communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, concerning the aspects, used by NSO to communicate with WhatsApp, of the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object to "use" as vague and ambiguous. As Defendants have repeatedly explained, they do not "use" Peagsus; their sovereign customers do. Defendants further object to this Request to the extent that it seeks documents and communications concerning WhatsApp Accounts used by Defendants' sovereign customers in their use of Pegasus, which Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.  Defendants further object to this

1   Request to the extent it implies that Defendants "use" Pegasus, which is not the case.

2           Subject to and without waiving these objections and subject to the Court's entry of a

3   complete protective order, Defendants will produce responsive and nonprivileged documents and

4   communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

5   through May 13, 2019, concerning any WhatsApp accounts used by Defendants to develop, test,

6   transmit, install, or distribute the Pegasus technology alleged to have been used with respect to the

7   "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to

8   locate after a reasonable and proportional search, provided that Defendants are not prohibited from

9   disclosing such documents and communications by Israeli law, regulation, or governmental order

10  or directive, or any other applicable law, regulation, or governmental order or directive.

11  Defendants intend to withhold documents and communications they are not permitted to produce

12  pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law,

13  regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from

14  making such a disclosure, Defendants will make a reasonable and proportional search and

15  anticipate substantial completion of their responsive production within approximately 180 days.

16  **REQUEST FOR PRODUCTION NO. 18:**

17          DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the

18  teams, groups, divisions, or section at NSO that assisted in creating, using, or accessing each of

19  the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

20  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21          Defendants incorporate their General Objections.  Defendants object to this Request as

22  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

23  because it seeks information related to technologies other than the Pegasus technology alleged to

24  have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

25  7), which has no relevance to Plaintiffs' allegations or any issue in this case.  To the extent this

26  Request incorporates a separate Request (i.e., Request No. 17), Defendants object to responding

27  to it beyond the scope of their response to that separate request.  Responsive materials are being

28

AMENDED OBJECTIONS AND RESPONSES        21        Case No. 4:19-cv-07123-PJH
TO PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION

1    withheld on the basis of these objections.

2    Subject to and without waiving these objections and subject to the Court's entry of a

3    complete protective order, Defendants will produce responsive and nonprivileged documents and

4    communications, in Defendants' possession, custody, and control, if any exist, dated January 2018

5    through May 13, 2019, sufficient to identify the persons who created and used the WhatsApp

6    accounts used by Defendants to develop, test, transmit, install, or distribute the Pegasus technology

7    alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt.

8    No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and proportional search,

9    provided that Defendants are not prohibited from disclosing such documents and communications

10   by Israeli law, regulation, or governmental order or directive, or any other applicable law,

11   regulation, or governmental order or directive.  Defendants intend to withhold documents and

12   communications they are not permitted to produce pursuant to Israeli law, regulation, or

13   governmental order or directive, or any other applicable law, regulation, or governmental order or

14   directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants

15   will make a reasonable and proportional search and anticipate substantial completion of their

16   responsive production within approximately 180 days.

17   **REQUEST FOR PRODUCTION NO. 19:**

18   ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY

19   used to transmit any data or information from any device containing or infected with any NSO

20   SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO

21   CUSTOMERS.

22   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

23   Defendants incorporate their General Objections.  Defendants object to this Request as

24   overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

25   because it seeks information related to technologies other than the Pegasus technology alleged to

26   have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

27   7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no

28

relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object to the extent this Request seeks third-party information that Defendants are prohibited from disclosing by contractual obligations or foreign law, regulation, governmental order or directive.  Responsive materials are being withheld on the basis of these objections.

Subject to and without waiving these objections and subject to the Court's entry of a complete protective order, Defendants will produce responsive and nonprivileged documents and communications, in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13, 2019, concerning the Pegasus technology that was used to transmit data or information from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) that Defendants are able to locate after a reasonable and proportional search, provided that Defendants are not prohibited from disclosing such documents and communications by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents and communications they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate their General Objections.  Defendants object to the terms "operation," "layers," "presentation and analysis," and "administration" as vague and ambiguous. Defendants further object to the phrase "data, transmission" as vague and ambiguous; Defendants will interpret that phrase as "data transmission."

1    Subject to and without waiving these objections and subject to the Court's entry of a

2    complete protective order, Defendants will produce responsive and nonprivileged documents, in

3    Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13,

4    2019, sufficient to describe the design and operation of the Pegasus technology alleged to have

5    been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7),

6    that Defendants are able to locate after a reasonable and proportional search, provided that

7    Defendants are not prohibited from disclosing such documents and communications by Israeli law,

8    regulation, or governmental order or directive, or any other applicable law, regulation, or

9    governmental order or directive.  Defendants intend to withhold documents and communications

10   they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or

11   directive, or any other applicable law, regulation, or governmental order or directive.   If

12   Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a

13   reasonable and proportional search and anticipate substantial completion of their responsive

14   production within approximately 180 days.

15   **REQUEST FOR PRODUCTION NO. 21:**

16   DOCUMENTS sufficient to describe the design and operation of PEGASUS' system

17   architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

18   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

19   Defendants incorporate their General Objections.  Defendants object that the terms

20   "operation" and "system architecture" are vague and ambiguous.

21   Subject to and without waiving these objections and subject to the Court's entry of a

22   complete protective order, Defendants will produce responsive and nonprivileged documents, in

23   Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13,

24   2019, sufficient to describe the design and operation of system architecture and technology of the

25   Pegasus technology alleged to have been used with respect to the "Target Devices" described in

26   the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and

27   proportional search, provided that Defendants are not prohibited from disclosing such documents

28

1  and communications by Israeli law, regulation, or governmental order or directive, or any other

2  applicable law, regulation, or governmental order or directive.  Defendants intend to withhold

3  documents and communications they are not permitted to produce pursuant to Israeli law,

4  regulation, or governmental order or directive, or any other applicable law, regulation, or

5  governmental order or directive.  If Defendants are not otherwise prohibited from making such a

6  disclosure, Defendants will make a reasonable and proportional search and anticipate substantial

7  completion of their responsive production within approximately 180 days.

8  **REQUEST FOR PRODUCTION NO. 22:**

9     DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network,

10  as described in Exhibit 10 of the COMPLAINT.

11  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12     Defendants incorporate their General Objections.  Defendants further object to the phrase

13  "Anonymizing Transmission Network" as vague and ambiguous.

14     Subject to and without waiving these objections and subject to the Court's entry of a

15  complete protective order, Defendants will produce responsive and nonprivileged documents, in

16  Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13,

17  2019, sufficient to describe the Pegasus Anonymizing Transmission Network to the extent related

18  to the Pegasus technology alleged to have been used with respect to the "Target Devices" described

19  in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants are able to locate after a reasonable and

20  proportional search, provided that Defendants are not prohibited from disclosing such documents

21  and communications by Israeli law, regulation, or governmental order or directive, or any other

22  applicable law, regulation, or governmental order or directive.  Defendants intend to withhold

23  documents and communications they are not permitted to produce pursuant to Israeli law,

24  regulation, or governmental order or directive, or any other applicable law, regulation, or

25  governmental order or directive.  If Defendants are not otherwise prohibited from making such a

26  disclosure, Defendants will make a reasonable and proportional search and anticipate substantial

27  completion of their responsive production within approximately 180 days.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not limited to COMMUNICATIONS with the third-party providers from whom those servers were leased, and the locations of those servers.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate their General Objections.  Defendants object to this Request as vague, ambiguous, and unintelligible because Requests Nos. 16, 19, 21, and 22 do not mention servers or ask Defendants to identify specific servers.  Defendants further object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation to the extent it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object that this Request seeks irrelevant information because the location of any third-party servers is irrelevant as a matter of law to any issue in this case.

The requested discovery, to the extent any exists, is withheld on these bases.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to describe all of the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate their General Objections.  Defendants object to this Request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation because it seeks information related to technologies other than the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), and WhatsApp users other than the 1,400 users described in the Complaint, which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further object to the extent this Request seeks information that is not within Defendants' custody or control and/or third-party

1  information that Defendants are prohibited from disclosing by contractual obligations or foreign

2  law, regulation, governmental order or directive.  Responsive materials are being withheld on the

3  basis of these objections.

4      Subject to and without waiving these objections and subject to the Court's entry of a

5  complete protective order, Defendants respond that as a general matter, NSO does not have access

6  to the information NSO's customers obtain from target users or target devices, including through

7  use of the Pegasus technology alleged to have been used with respect to the "Target Devices"

8  described in the Complaint (Dkt. No. 1 at 2:6-7), and NSO may only come into such information

9  if it is provided to NSO by NSO's customer; to the extent Defendants have any responsive and

10 nonprivileged documents in their possession, custody, and control, Defendants will produce

11 documents dated January 2018 through May 13, 2019, sufficient to describe whatever information

12 NSO has obtained from the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7),

13 that Defendants are able to locate after a reasonable and proportional search, provided that

14 Defendants are not prohibited from disclosing such documents and communications by Israeli law,

15 regulation, or governmental order or directive, or any other applicable law, regulation, or

16 governmental order or directive.  Defendants intend to withhold documents and communications

17 they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or

18 directive, or any other applicable law, regulation, or governmental order or directive.   If

19 Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a

20 reasonable and proportional search and anticipate substantial completion of their responsive

21 production within approximately 180 days.

22 **REQUEST FOR PRODUCTION NO. 25:**

23      ALL DOCUMENTS and COMMUNICATIONS sufficient to identify all NSO

24 CUSTOMERS referenced in Defendants' Opposition to the Motion to Dismiss.

25 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26      Defendants incorporate their General Objections.  Defendants object to this Request as

27 vague, ambiguous, and unintelligible because there is no such document as "Defendants'

28

1   Opposition to the Motion to Dismiss."  Defendants cannot discern the information this Request

2   seeks.

3          Responsive materials, to the extent any exist, is withheld on these bases.

4   **REQUEST FOR PRODUCTION NO. 26:**

5          ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not

6   limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in

7   any way.

8   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

9          Defendants incorporate their General Objections.  Defendants object to this Request as

10  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

11  because it seeks information related to technologies other than the Pegasus technology alleged to

12  have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

13  7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Responsive materials

14  are being withheld on the basis of these objections.

15         Subject to and without waiving these objections and subject to the Court's entry of a

16  complete protective order, Defendants will produce marketing, sales and promotional materials,

17  in Defendants' possession, custody, and control, if any exist, dated January 2018 through May 13,

18  2019, related to the Pegasus technology alleged to have been used with respect to the "Target

19  Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) and which refer to WhatsApp or

20  Facebook, that Defendants are able to locate after a reasonable and proportional search, provided

21  that Defendants are not prohibited from disclosing such documents and communications by Israeli

22  law, regulation, or governmental order or directive, or any other applicable law, regulation, or

23  governmental order or directive.  Defendants intend to withhold documents and communications

24  they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or

25  directive, or any other applicable law, regulation, or governmental order or directive.   If

26  Defendants are not otherwise prohibited from making such a disclosure, Defendants will make a

27  reasonable and proportional search and anticipate substantial completion of their responsive

28

1   production within approximately 180 days.

2   **REQUEST FOR PRODUCTION NO. 27:**

3      DOCUMENTS sufficient to describe NSO's corporate structure, including all parents,

4   subsidiaries, and affiliates.

5   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6      Defendants incorporate their General Objections.

7      Subject to and without waiving these objections and subject to the Court's entry of a

8   complete protective order, Defendants will produce nonprivileged documents, in Defendants'

9   possession, custody, and control, if any exist, sufficient to describe NSO's corporate structure

10  during the period January 2018 through May 2019, that Defendants are able to locate after a

11  reasonable and proportional search, provided that Defendants are not prohibited from disclosing

12  such documents and communications by Israeli law, regulation, or governmental order or directive,

13  or any other applicable law, regulation, or governmental order or directive.  Defendants intend to

14  withhold documents and communications they are not permitted to produce pursuant to Israeli law,

15  regulation, or governmental order or directive, or any other applicable law, regulation, or

16  governmental order or directive.  If Defendants are not otherwise prohibited from making such a

17  disclosure, Defendants will make a reasonable and proportional search and anticipate substantial

18  completion of their responsive production within approximately 180 days.

19  **REQUEST FOR PRODUCTION NO. 28:**

20     ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and

21  Facebook and the surveillance of Facebook and WhatsApp users.

22  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23     Defendants incorporate their General Objections.  Defendants object to this Request as

24  overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

25  because it seeks information related to technologies other than the Pegasus technology alleged to

26  have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

27  7), which has no relevance to Plaintiffs' allegations or any issue in this case, and "surveillance of

28

1    Facebook . . . users," which does not relate to any claim or defense, which has no relevance to

2    Plaintiffs' allegations or any issue in this case.  Responsive materials are being withheld on the

3    basis of these objections.

4         Subject to and without waiving these objections and subject to the Court's entry of a

5    complete protective order, Defendants will produce nonprivileged and responsive communications

6    with Westbridge Technologies, in Defendants' possession, custody, and control, if any exist, dated

7    January 2018 through May 13, 2019, related to WhatsApp and the use of the Pegasus technology

8    to monitor the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), that Defendants

9    are able to locate after a reasonable and proportional search, provided that Defendants are not

10   prohibited from disclosing such documents and communications by Israeli law, regulation, or

11   governmental order or directive, or any other applicable law, regulation, or governmental order or

12   directive.  Defendants intend to withhold documents and communications they are not permitted

13   to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other

14   applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise

15   prohibited from making such a disclosure, Defendants will make a reasonable and proportional

16   search and anticipate substantial completion of their responsive production within approximately

17   180 days.

18   **REQUEST FOR PRODUCTION NO. 29:**

19        DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross

20   profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS

21   for calendar years 2014-2019.

22   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23        Defendants incorporate their General Objections.  Defendants object to this Request as

24   overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the litigation

25   because it seeks information related to technologies other than the Pegasus technology alleged to

26   have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-

27   7), which has no relevance to Plaintiffs' allegations or any issue in this case.  Defendants further

28

object to the time period of this Request as arbitrary and overbroad because Plaintiffs' allegations relate to the period from January 2018, when Plaintiffs allege that Defendants first created WhatsApp accounts, to May 2019, when Plaintiffs "closed the vulnerability" that allegedly allowed Pegasus to function over WhatsApp. Defendants further object that this Request seeks irrelevant information because Defendants' "financial statements, balance sheets, gross profits, cost of goods sold, and net profits" related to Pegasus are irrelevant to any issue in this case.  At a minimum, such information is premature before liability is established and damages must be calculated.

The requested discovery, to the extent any exists, is withheld on these bases.

Dated:  February 28, 2023                    **KING & SPALDING LLP**


By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
Attorneys for Defendants

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California.  I am employed in the County of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.

On February 28, 2023, I served the following documents in the manner described below:

**AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**

☑      (BY ELECTRONIC SERVICE):  By electronically mailing a true and

correct copy through King & Spalding LLP's electronic mail system to

the email addresses set forth in the attached list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on February 28, 2023, at Los Angeles, California.

*Christine Choi*
CHRISTINE B. CHOI

1

## <u>SERVICE LIST</u>

2

Greg D. Andres

DAVIS POLK & WARDWELL LLP

3

450 Lexington Avenue

New York, New York 10017

4

Telephone: (212) 450-4724

Email:  greg.andres@davispolk.com

5

6

Antonio J. Perez-Marques

DAVIS POLK & WARDWELL LLP

7

450 Lexington Avenue

New York, New York 10017

8

Telephone: (212) 450-4559

Email:  antonio.perez@davispolk.com

9

10

Craig T. Cagney

DAVIS POLK & WARDWELL LLP

11

450 Lexington Avenue

New York, New York 10017

12

Telephone: (212) 450-3162

Email:  craig.cagney@davispolk.com

13

14

Micah G. Block

DAVIS POLK & WARDWELL LLP

15

1600 El Camino Real

Menlo Park, California 94025

16

Telephone: (650) 752-2000

Email: michah.block@davispolk.com

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED OBJECTIONS AND
RESPONSES TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION

2

Case No. 4:19-cv-07123-PJH

EXHIBIT H

1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                           OAKLAND DIVISION

12   WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
13   corporation,                                  **DEFENDANTS' RESPONSES AND
                                                   OBJECTIONS TO PLAINTIFFS'
14            Plaintiffs,                           SECOND REQUESTS FOR
                                                   PRODUCTION**
15        v.

16   NSO GROUP TECHNOLOGIES LIMITED                Action Filed:   10/29/2019
     and Q CYBER TECHNOLOGIES LIMITED,             Trial Date:     12/2/2024
17
18            Defendants.

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited hereby object and respond to Plaintiffs' Second Requests for Production.

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiffs' Second Requests for Production. Defendants have not fully completed their investigation of the facts relating to this case, discovery, or preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Defendants.  It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Defendants' right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information. Defendants reserve the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

By serving these responses and objections, Defendants do not consent to jurisdiction of the Court and do not waive their defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, Defendants hereby preserve those defenses.

Defendants reserve the right to withhold documents or redact information from certain documents as may be necessary to comply with Israeli law, other foreign law, or contractual obligations.

## **GENERAL OBJECTIONS**

Defendants interpose the following general objections into each of the specific objections that follow as if the general objections were set forth in full in each specific objection.

1.      Defendants object to the extent that any request seeks information that exceeds the

scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose upon Defendants obligations beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to the extent that any request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

3.      Defendants object to the extent that any request is unreasonably cumulative or duplicative.

4.      Defendants object to the extent that any request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.

5.      Defendants object to the extent that any request seeks information already in the possession, custody, or control of Plaintiffs; information that is available from public sources; or information that is as readily available to Plaintiffs as to Defendants on the grounds that it would be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce such documents.

4.      Defendants object to the extent that any requests assert or assume unproven conclusions as established facts, rendering the request argumentative.

5.      Defendants object to the extent that any request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.

6.      Defendants object to the extent that any request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.

7.      Defendants object to the extent that any request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.

8.      Defendants object to the extent that any request seeks information prohibited from

disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Defendants intend to withhold such information, documents, and communications.

9.      Defendants object that the requests require them to participate in this lawsuit despite Plaintiffs' failure to establish personal jurisdiction over them.  Nothing herein should be interpreted as a waiver of the burden Plaintiffs bear to prove that Defendants are subject to personal jurisdiction in California.

10.     Defendants object that the time specified for production is unreasonable. Defendants will produce documents, if any, at the times described below.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Defendants object to the definitions and instructions to the extent that they seek to impose obligations, requirements, or procedures beyond those required under applicable federal rules, federal laws, local rules, or judicial standing orders.

2.      Definition No. 2 ("Device"):  Defendants object to the definition of "Device" as vague, ambiguous, and overbroad because it encompasses any "electronic device."  Using the word device to define the term device renders the definition vague and ambiguous. To the extent the definition intended to encompass any electronic object, the definition would be overbroad and responding to any request that incorporates the definition would be unduly burdensome and not proportional to the needs of the case.  Defendants will interpret the term "Device" to mean a computer, mobile phone, or server.

3.      Definition No. 3 ("Document" or "Documents"): Defendants object to the definition of "Document" or "Documents" to the extent that they impose any obligation to produce materials not requested and agreed to in separate requests for production.  Defendants further object to the definitions to the extent that they would require them to access media from which information cannot be obtained directly or cannot be translated into a reasonably useable form without undue burden on them.

4.      Definition No. 5 ("Image"): Defendants object to producing either "forensic copies" or "copies of all files and information" found on any particular device.  Such requests for

the production of electronically stored information are overly broad, include information that is neither relevant nor proportional to the needs of the case, and would prohibit Defendants from complying with any restrictions on the transfer of certain information imposed by law or by contract.  Defendants will produce electronically stored information in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, depending on the particular form of electronic information at issue, but will generally produce electronically stored information as TIFF images.

5.    Definition No. 6 ("Person(s)"): Defendants object to the definition of "Person(s)" as vague, ambiguous, and overbroad.  The definition includes 16 distinct roles or types of entities. Responding to any request that relies on such a broad definition of "Person" would be unduly burdensome and not proportional to the needs of the case.  Defendants further object to the extent that the proposed definition seeks information outside of their possession, custody, or control (e.g., the corporate structure, ownership, or members of third-party companies).

6.    Definition No. 8 ("You" or "Your"): Defendants object to the definition of "You" and "Your" as vague, ambiguous, and overbroad. The definition improperly includes a host of people and entities, including Defendants' "current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on its behalf." Responding to any request that incorporates these terms would be unduly burdensome and not proportional to the needs of the case. Unless otherwise indicated, any response to a request containing the term "You" or "Your" is limited to Defendant NSO, Defendant Q Cyber, and their employees.

7.    Instruction No. 4: Defendants additionally object to Instruction No. 4 as unduly burdensome.  Defendants will meet and confer with plaintiffs' counsel regarding the preparation, form, and contents of privilege logs (if any) at an appropriate time.

8.    Instruction No. 6: Defendants additionally object to Instruction No. 6 as unduly burdensome.  Defendants further object to the extent that the instruction calls for the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.

1

## SPECIFIC OBJECTIONS

2

## REQUEST FOR PRODUCTION NO. 30:

3      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

4    Address 54.93.81.200, including a live capture of RAM and all virtual machines, and including all

5    of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

6    README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files,

7    shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in

8    any of the aforementioned.

9

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

10      Defendants object to the extent that the request seeks information that is neither relevant

11    nor proportional to the needs of the case—including, but not limited to, information that is not

12    related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

13    with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants

14    object that the request is overly broad and unduly burdensome. Defendants incorporate by

15    reference their objections above to the defined terms used in the request, including but not limited

16    to their objection to producing forensic images or "copies of all documents" from any particular

17    device. Defendants object to the extent that the request seeks information outside of their

18    possession, custody, or control. To the extent that Defendants provide a substantive response

19    below, it will only include information that is in their possession, custody, or control and that they

20    could identify after a reasonable investigation. Defendants object to the extent that the request

21    seeks information protected from disclosure by the attorney-client privilege, the attorney work-

22    product doctrine, or any other privilege or protection against discovery or disclosure. Defendants

23    object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

24    proprietary, or competitively sensitive business information. Defendants object to the extent that

25    the request seeks information that may be protected by a right of privacy under the United States

26    Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

27    or any other applicable law. Defendants object to the extent that any request seeks information

28    prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

other applicable law, regulation, or governmental order or directive, or by contract.  Defendants intend to withhold such information, documents, and communications.

**REQUEST FOR PRODUCTION NO. 31:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 104.223.76.220, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all documents" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information

prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Defendants intend to withhold such information, documents, and communications.

**REQUEST FOR PRODUCTION NO. 32:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 95.179.187.227, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all documents" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

1  or any other applicable law.  Defendants object to the extent that any request seeks information

2  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

3  other applicable law, regulation, or governmental order or directive, or by contract.  Defendants

4  intend to withhold such information, documents, and communications.

5

6  Dated:  June 12, 2023                          **KING & SPALDING LLP**

7

8                                                 By: */s/Joseph N. Akrotirianakis*

9                                                 JOSEPH N. AKROTIRIANAKIS

10                                                *Attorney for Defendants NSO Group*
                                                  *Technologies Limited and Q Cyber*
11                                                *Technologies Limited*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

        I am a citizen of the United States and resident of the State of California.  I am employed
3
in the county of Los Angeles, State of California, in the office of a member of the bar of this
Court, at whose direction this service was made.  I am over the age of eighteen years and not a
party to the within action.

4

5
        On June 12, 2023, I served the following documents in the manner described below:

6
**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND**

7
**REQUESTS FOR PRODUCTION**

8
☑       (BY ELECTRONIC SERVICE)  By electronically mailing a true and correct copy
9       through King & Spalding LLP's electronic mail system to the email addresses set
        forth below.

10

11
On the following part(ies) in this action:

12
### PLEASE SEE ATTACHED LIST

13

14
        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed on June 12, 2023, at Los Angeles, California.

15

16                                                    _____

17                                                    Kathryn Bell-Taylor

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO PLAINTIFFS' SECOND                    Case No. 4:19-cv-07123-PJH
REQUESTS FOR PRODUCTION

1

## SERVICE LIST

| | |
|---|---|
| Greg D. Andres<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: greg.andres@davispolk.com | Craig T. Cagney<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: craig.cagney@davispolk.com |
| Antonio J. Perez-Marques<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4559<br>Email: Antonio.perez@davispolk.com | Micah G. Block<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone: (650) 752-2000<br>Email: micah.block@davispolk.com |

EXHIBIT I

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION** <br><br> Action Filed:   10/29/2019 <br> Trial Date:      12/2/2024 |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited hereby object and respond to Plaintiffs' Third Requests for Production.

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiffs' Third Requests for Production. Defendants have not fully completed their investigation of the facts relating to this case, discovery, or preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Defendants. It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Defendants' right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information. Defendants reserve the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

By serving these responses and objections, Defendants do not consent to jurisdiction of the Court and do not waive their defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, Defendants hereby preserve those defenses.

Defendants reserve the right to withhold documents or redact information from certain documents as may be necessary to comply with Israeli law, other foreign law, or contractual obligations.

## **GENERAL OBJECTIONS**

Defendants interpose the following general objections into each of the specific objections that follow as if the general objections were set forth in full in each specific objection.

/ / /

1.      Defendants object to the extent that any request seeks information that exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose upon Defendants obligations beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to the extent that any request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

3.      Defendants object to the extent that any request is unreasonably cumulative or duplicative.

4.      Defendants object to the extent that any request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.

5.      Defendants object to the extent that any request seeks information already in the possession, custody, or control of Plaintiffs; information that is available from public sources; or information that is as readily available to Plaintiffs as to Defendants on the grounds that it would be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce such documents.

4.      Defendants object to the extent that any requests assert or assume unproven conclusions as established facts, rendering the request argumentative.

5.      Defendants object to the extent that any request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.

6.      Defendants object to the extent that any request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.

7.      Defendants object to the extent that any request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.

8.      Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Defendants intend to withhold such information, documents, and communications.

9.      Defendants object that the requests require them to participate in this lawsuit despite Plaintiffs' failure to establish personal jurisdiction over them.  Nothing herein should be interpreted as a waiver of the burden Plaintiffs bear to prove that Defendants are subject to personal jurisdiction in California.

10.     Defendants object that the time specified for production is unreasonable.  Defendants will produce documents, if any, at the times described below.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Defendants object to the definitions and instructions to the extent that they seek to impose obligations, requirements, or procedures beyond those required under applicable federal rules, federal laws, local rules, or judicial standing orders.

2.      Definition No. 3 ("Device"):  Defendants object to the definition of "Device" as vague, ambiguous, and overbroad because it encompasses any "electronic device."  Using the word device to define the term device renders the definition vague and ambiguous.  To the extent the definition intended to encompass any electronic object, the definition would be overbroad and responding to any request that incorporates the definition would be unduly burdensome and not proportional to the needs of the case.  Defendants will interpret the term "Device" to mean a computer, mobile phone, or server.

3.      Definition No. 4 ("Document" or "Documents"): Defendants object to the definition of "Document" or "Documents" to the extent that they impose any obligation to produce materials not requested and agreed to in separate requests for production.  Defendants further object to the definitions to the extent that they would require them to access media from which information cannot be obtained directly or cannot be translated into a reasonably useable form without undue burden on them.

/ / /

4.      Definition No. 6 ("Image"): Defendants object to producing either "forensic copies" or "copies of all files and information" found on any particular device.  Such requests for the production of electronically stored information are overly broad, include information that is neither relevant nor proportional to the needs of the case, and would prohibit Defendants from complying with any restrictions on the transfer of certain information imposed by law or by contract.  Defendants will produce electronically stored information in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, depending on the particular form of electronic information at issue, but will generally produce electronically stored information as TIFF images.

5.      Definition No. 7 ("Person(s)"): Defendants object to the definition of "Person(s)" as vague, ambiguous, and overbroad.  The definition includes 16 distinct roles or types of entities.  Responding to any request that relies on such a broad definition of "Person" would be unduly burdensome and not proportional to the needs of the case.  Defendants further object to the extent that the proposed definition seeks information outside of their possession, custody, or control (e.g., the corporate structure, ownership, or members of third-party companies).

6.      Definition No. 9 ("You" or "Your"): Defendants object to the definition of "You" and "Your" as vague, ambiguous, and overbroad.  The definition improperly includes a host of people and entities, including Defendants' "current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on its behalf."  Responding to any request that incorporates these terms would be unduly burdensome and not proportional to the needs of the case.  Unless otherwise indicated, any response to a request containing the term "You" or "Your" is limited to Defendant NSO, Defendant Q Cyber, and their employees.

7.      Instruction No. 4: Defendants additionally object to Instruction No. 4 as unduly burdensome.  Defendants will meet and confer with plaintiffs' counsel regarding the preparation, form, and contents of privilege logs (if any) at an appropriate time.

8.      Instruction No. 6: Defendants additionally object to Instruction No. 6 as unduly burdensome.  Defendants further object to the extent that the instruction calls for the disclosure of

1  information protected by the attorney-client privilege, the attorney work-product doctrine, or any

2  other privilege or protection against discovery or disclosure.

3  **SPECIFIC OBJECTIONS**

4  **REQUEST FOR PRODUCTION NO. 33:**

5  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

6  Address 103.199.18.26, including a live capture of RAM and all virtual machines, and including

7  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

8  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

9  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

10  in any of the aforementioned.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12  Defendants object to the extent that the request seeks information that is neither relevant nor

13  proportional to the needs of the case—including, but not limited to, information that is not related

14  or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with

15  respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

16  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

17  reference their objections above to the defined terms used in the request, including but not limited

18  to their objection to producing forensic images or "copies of all files and information" from any

19  particular device.  Defendants object to the extent that the request seeks information outside of

20  their possession, custody, or control.  To the extent that Defendants provide a substantive response

21  below, it will only include information that is in their possession, custody, or control and that they

22  could identify after a reasonable investigation.  Defendants object to the extent that the request

23  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

24  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

25  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

26  proprietary, or competitively sensitive business information.  Defendants object to the extent that

27  the request seeks information that may be protected by a right of privacy under the United States

28  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

1  or any other applicable law.  Defendants object to the extent that any request seeks information

2  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

3  other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

4  and without waiving these objections, Defendants respond as follows.

5      Defendants have conducted a diligent search and reasonable inquiry and have been unable

6  to locate any responsive documents.

7  **REQUEST FOR PRODUCTION NO. 34:**

8      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

9  Address 103.200.96.158, including a live capture of RAM and all virtual machines, and including

10  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

11  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

12  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

13  in any of the aforementioned.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

15      Defendants object to the extent that the request seeks information that is neither relevant nor

16  proportional to the needs of the case—including, but not limited to, information that is not related

17  or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with

18  respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

19  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

20  reference their objections above to the defined terms used in the request, including but not limited

21  to their objection to producing forensic images or "copies of all files and information" from any

22  particular device.  Defendants object to the extent that the request seeks information outside of

23  their possession, custody, or control.  To the extent that Defendants provide a substantive response

24  below, it will only include information that is in their possession, custody, or control and that they

25  could identify after a reasonable investigation.  Defendants object to the extent that the request

26  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

27  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

28  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 103.82.240.94, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request

seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 109.200.24.22, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants object that the request is vague and ambiguous because more than one device is associated with this IP Address. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and

information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.16, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.20, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.25, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

1    files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

2    files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

3    in any of the aforementioned.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

5            Defendants object to the extent that the request seeks information that is neither relevant

6    nor proportional to the needs of the case—including, but not limited to, information that is not

7    related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

8    with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

9    object that the request is overly broad and unduly burdensome.  Defendants incorporate by

10   reference their objections above to the defined terms used in the request, including but not limited

11   to their objection to producing forensic images or "copies of all files and information" from any

12   particular device.  Defendants object to the extent that the request seeks information outside of

13   their possession, custody, or control.  To the extent that Defendants provide a substantive response

14   below, it will only include information that is in their possession, custody, or control and that they

15   could identify after a reasonable investigation.  Defendants object to the extent that the request

16   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

17   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

18   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

19   proprietary, or competitively sensitive business information.  Defendants object to the extent that

20   the request seeks information that may be protected by a right of privacy under the United States

21   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

22   or any other applicable law.  Defendants object to the extent that any request seeks information

23   prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

24   other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

25   and without waiving these objections, Defendants respond as follows.

26           Defendants have conducted a diligent search and reasonable inquiry and have been unable

27   to locate any responsive documents.

28   / / /

**REQUEST FOR PRODUCTION NO. 40:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.109.168.30, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to

1   and without waiving these objections, Defendants respond as follows.

2          Defendants have conducted a diligent search and reasonable inquiry and have been unable

3   to locate any responsive documents.

4   **REQUEST FOR PRODUCTION NO. 41:**

5          A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

6   Address 185.117.89.209, including a live capture of RAM and all virtual machines, and including

7   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

8   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

9   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

10  in any of the aforementioned.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

12         Defendants object to the extent that the request seeks information that is neither relevant

13  nor proportional to the needs of the case—including, but not limited to, information that is not

14  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

15  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

16  object that the request is overly broad and unduly burdensome.  Defendants object that the request

17  is vague and ambiguous because more than one device is associated with this IP Address.

18  Defendants incorporate by reference their objections above to the defined terms used in the request,

19  including but not limited to their objection to producing forensic images or "copies of all files and

20  information" from any particular device.  Defendants object to the extent that the request seeks

21  information outside of their possession, custody, or control.  To the extent that Defendants provide

22  a substantive response below, it will only include information that is in their possession, custody,

23  or control and that they could identify after a reasonable investigation.  Defendants object to the

24  extent that the request seeks information protected from disclosure by the attorney-client privilege,

25  the attorney work-product doctrine, or any other privilege or protection against discovery or

26  disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets,

27  or other confidential, proprietary, or competitively sensitive business information.  Defendants

28  object to the extent that the request seeks information that may be protected by a right of privacy

OBJECTIONS TO PLAINTIFFS' THIRD                    14                    Case No. 4:19-cv-07123-PJH
REQUESTS FOR PRODUCTION

under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.117.90.17, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-

1   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

2   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

3   proprietary, or competitively sensitive business information.  Defendants object to the extent that

4   the request seeks information that may be protected by a right of privacy under the United States

5   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

6   or any other applicable law.  Defendants object to the extent that any request seeks information

7   prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

8   other applicable law, regulation, or governmental order or directive, or by contract.    Subject to

9   and without waiving these objections, Defendants respond as follows.

10       Defendants have conducted a diligent search and reasonable inquiry and have been unable

11   to locate any responsive documents.

12   **REQUEST FOR PRODUCTION NO. 43:**

13       A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

14   Address 185.140.55.30, including a live capture of RAM and all virtual machines, and including

15   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

16   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

17   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

18   in any of the aforementioned.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

20       Defendants object to the extent that the request seeks information that is neither relevant

21   nor proportional to the needs of the case—including, but not limited to, information that is not

22   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

23   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

24   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

25   reference their objections above to the defined terms used in the request, including but not limited

26   to their objection to producing forensic images or "copies of all files and information" from any

27   particular device.  Defendants object to the extent that the request seeks information outside of

28   their possession, custody, or control.  To the extent that Defendants provide a substantive response

below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 44:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.68.67, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited

to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 45:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.104, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

1   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

2   object that the request is overly broad and unduly burdensome.   Defendants incorporate by

3   reference their objections above to the defined terms used in the request, including but not limited

4   to their objection to producing forensic images or "copies of all files and information" from any

5   particular device.  Defendants object to the extent that the request seeks information outside of

6   their possession, custody, or control.  To the extent that Defendants provide a substantive response

7   below, it will only include information that is in their possession, custody, or control and that they

8   could identify after a reasonable investigation.  Defendants object to the extent that the request

9   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

10  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

11  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

12  proprietary, or competitively sensitive business information.  Defendants object to the extent that

13  the request seeks information that may be protected by a right of privacy under the United States

14  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

15  or any other applicable law.  Defendants object to the extent that any request seeks information

16  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

17  other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

18  and without waiving these objections, Defendants respond as follows.

19          Defendants have conducted a diligent search and reasonable inquiry and have been unable

20  to locate any responsive documents.

21  **REQUEST FOR PRODUCTION NO. 46:**

22          A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

23  Address 185.225.69.11, including a live capture of RAM and all virtual machines, and including

24  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

25  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

26  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

27  in any of the aforementioned.

28  / / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 47:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.110, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION

20

Case No. 4:19-cv-07123-PJH

1   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

2   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

3   in any of the aforementioned.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

5           Defendants object to the extent that the request seeks information that is neither relevant

6   nor proportional to the needs of the case—including, but not limited to, information that is not

7   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

8   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

9   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

10  reference their objections above to the defined terms used in the request, including but not limited

11  to their objection to producing forensic images or "copies of all files and information" from any

12  particular device.  Defendants object to the extent that the request seeks information outside of

13  their possession, custody, or control.  To the extent that Defendants provide a substantive response

14  below, it will only include information that is in their possession, custody, or control and that they

15  could identify after a reasonable investigation.  Defendants object to the extent that the request

16  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

17  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

18  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

19  proprietary, or competitively sensitive business information.  Defendants object to the extent that

20  the request seeks information that may be protected by a right of privacy under the United States

21  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

22  or any other applicable law.  Defendants object to the extent that any request seeks information

23  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

24  other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

25  and without waiving these objections, Defendants respond as follows.

26          Defendants have conducted a diligent search and reasonable inquiry and have been unable

27  to locate any responsive documents.

28  / / /

**REQUEST FOR PRODUCTION NO. 48:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.112, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to

1    and without waiving these objections, Defendants respond as follows.

2         Defendants have conducted a diligent search and reasonable inquiry and have been unable

3    to locate any responsive documents.

4    **REQUEST FOR PRODUCTION NO. 49:**

5         A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

6    Address 185.225.69.118, including a live capture of RAM and all virtual machines, and including

7    all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

8    files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

9    files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

10   in any of the aforementioned.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

12        Defendants object to the extent that the request seeks information that is neither relevant

13   nor proportional to the needs of the case—including, but not limited to, information that is not

14   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

15   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

16   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

17   reference their objections above to the defined terms used in the request, including but not limited

18   to their objection to producing forensic images or "copies of all files and information" from any

19   particular device.  Defendants object to the extent that the request seeks information outside of

20   their possession, custody, or control.  To the extent that Defendants provide a substantive response

21   below, it will only include information that is in their possession, custody, or control and that they

22   could identify after a reasonable investigation.  Defendants object to the extent that the request

23   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

24   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

25   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

26   proprietary, or competitively sensitive business information.  Defendants object to the extent that

27   the request seeks information that may be protected by a right of privacy under the United States

28   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 50:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 185.225.69.123, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

1   proprietary, or competitively sensitive business information.  Defendants object to the extent that

2   the request seeks information that may be protected by a right of privacy under the United States

3   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

4   or any other applicable law.  Defendants object to the extent that any request seeks information

5   prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

6   other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

7   and without waiving these objections, Defendants respond as follows.

8        Defendants have conducted a diligent search and reasonable inquiry and have been unable

9   to locate any responsive documents.

10  **REQUEST FOR PRODUCTION NO. 51:**

11       A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

12  Address 185.225.69.28, including a live capture of RAM and all virtual machines, and including

13  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

14  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

15  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

16  in any of the aforementioned.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

18       Defendants object to the extent that the request seeks information that is neither relevant

19  nor proportional to the needs of the case—including, but not limited to, information that is not

20  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

21  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

22  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

23  reference their objections above to the defined terms used in the request, including but not limited

24  to their objection to producing forensic images or "copies of all files and information" from any

25  particular device.  Defendants object to the extent that the request seeks information outside of

26  their possession, custody, or control.  To the extent that Defendants provide a substantive response

27  below, it will only include information that is in their possession, custody, or control and that they

28  could identify after a reasonable investigation.  Defendants object to the extent that the request

1    seeks information protected from disclosure by the attorney-client privilege, the attorney work-

2    product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

3    object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

4    proprietary, or competitively sensitive business information.  Defendants object to the extent that

5    the request seeks information that may be protected by a right of privacy under the United States

6    Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

7    or any other applicable law.  Defendants object to the extent that any request seeks information

8    prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

9    other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

10   and without waiving these objections, Defendants respond as follows.

11         Defendants have conducted a diligent search and reasonable inquiry and have been unable

12   to locate any responsive documents.

13   **REQUEST FOR PRODUCTION NO. 52:**

14         A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

15   Address 185.225.69.45, including a live capture of RAM and all virtual machines, and including

16   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

17   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

18   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

19   in any of the aforementioned.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

21         Defendants object to the extent that the request seeks information that is neither relevant

22   nor proportional to the needs of the case—including, but not limited to, information that is not

23   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

24   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

25   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

26   reference their objections above to the defined terms used in the request, including but not limited

27   to their objection to producing forensic images or "copies of all files and information" from any

28   particular device.  Defendants object to the extent that the request seeks information outside of

1  their possession, custody, or control.  To the extent that Defendants provide a substantive response

2  below, it will only include information that is in their possession, custody, or control and that they

3  could identify after a reasonable investigation.  Defendants object to the extent that the request

4  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

5  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

6  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

7  proprietary, or competitively sensitive business information.  Defendants object to the extent that

8  the request seeks information that may be protected by a right of privacy under the United States

9  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

10  or any other applicable law.  Defendants object to the extent that any request seeks information

11  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

12  other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

13  and without waiving these objections, Defendants respond as follows.

14  Defendants have conducted a diligent search and reasonable inquiry and have been unable

15  to locate any responsive documents.

16  **REQUEST FOR PRODUCTION NO. 53:**

17  A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

18  Address 185.244.151.136, including a live capture of RAM and all virtual machines, and including

19  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

20  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

21  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

22  in any of the aforementioned.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

24  Defendants object to the extent that the request seeks information that is neither relevant

25  nor proportional to the needs of the case—including, but not limited to, information that is not

26  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

27  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

28  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.    Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 54:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 188.215.229.197, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not

related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 55:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 188.215.229.204, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants object that the request is vague and ambiguous because more than one device is associated with this IP Address. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 56:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

Address 188.215.229.215, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable

1   to locate any responsive documents.

2   **REQUEST FOR PRODUCTION NO. 57:**

3          A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

4   Address 194.36.189.123, including a live capture of RAM and all virtual machines, and including

5   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

6   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

7   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

8   in any of the aforementioned.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

10         Defendants object to the extent that the request seeks information that is neither relevant

11  nor proportional to the needs of the case—including, but not limited to, information that is not

12  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

13  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

14  object that the request is overly broad and unduly burdensome.   Defendants incorporate by

15  reference their objections above to the defined terms used in the request, including but not limited

16  to their objection to producing forensic images or "copies of all files and information" from any

17  particular device.  Defendants object to the extent that the request seeks information outside of

18  their possession, custody, or control.  To the extent that Defendants provide a substantive response

19  below, it will only include information that is in their possession, custody, or control and that they

20  could identify after a reasonable investigation.  Defendants object to the extent that the request

21  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

22  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

23  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

24  proprietary, or competitively sensitive business information.  Defendants object to the extent that

25  the request seeks information that may be protected by a right of privacy under the United States

26  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

27  or any other applicable law.  Defendants object to the extent that any request seeks information

28  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 212.83.46.146, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants object that the request is vague and ambiguous because more than one device is associated with this IP Address. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants

object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, governmental order or directive, or by contract. Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 59:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 37.220.31.101, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request

1   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

2   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

3   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

4   proprietary, or competitively sensitive business information.  Defendants object to the extent that

5   the request seeks information that may be protected by a right of privacy under the United States

6   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

7   or any other applicable law.  Defendants object to the extent that any request seeks information

8   prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

9   other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

10  and without waiving these objections, Defendants respond as follows.

11      Defendants have conducted a diligent search and reasonable inquiry and have been unable

12  to locate any responsive documents.

13  **REQUEST FOR PRODUCTION NO. 60:**

14      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

15  Address 37.220.31.85, including a live capture of RAM and all virtual machines, and including all

16  of the following: log files, configuration files, Python scripts, compiled Python scripts, text files,

17  README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files,

18  shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in

19  any of the aforementioned.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

21      Defendants object to the extent that the request seeks information that is neither relevant

22  nor proportional to the needs of the case—including, but not limited to, information that is not

23  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

24  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

25  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

26  reference their objections above to the defined terms used in the request, including but not limited

27  to their objection to producing forensic images or "copies of all files and information" from any

28  particular device.  Defendants object to the extent that the request seeks information outside of

their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 61:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 46.183.218.91, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by

reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 5.149.255.69, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not

related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 63:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 5.152.222.110, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 64:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 79.141.175.18, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

1  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

2  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

3  in any of the aforementioned.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

5       Defendants object to the extent that the request seeks information that is neither relevant

6  nor proportional to the needs of the case—including, but not limited to, information that is not

7  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

8  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

9  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

10 reference their objections above to the defined terms used in the request, including but not limited

11 to their objection to producing forensic images or "copies of all files and information" from any

12 particular device.  Defendants object to the extent that the request seeks information outside of

13 their possession, custody, or control.  To the extent that Defendants provide a substantive response

14 below, it will only include information that is in their possession, custody, or control and that they

15 could identify after a reasonable investigation.  Defendants object to the extent that the request

16 seeks information protected from disclosure by the attorney-client privilege, the attorney work-

17 product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

18 object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

19 proprietary, or competitively sensitive business information.  Defendants object to the extent that

20 the request seeks information that may be protected by a right of privacy under the United States

21 Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

22 or any other applicable law.  Defendants object to the extent that any request seeks information

23 prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

24 other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

25 and without waiving these objections, Defendants respond as follows.

26      Defendants have conducted a diligent search and reasonable inquiry and have been unable

27 to locate any responsive documents.

28 / / /

**REQUEST FOR PRODUCTION NO. 65:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 79.141.175.43, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Subject to

1    and without waiving these objections, Defendants respond as follows.

2         Defendants have conducted a diligent search and reasonable inquiry and have been unable

3    to locate any responsive documents.

4    **REQUEST FOR PRODUCTION NO. 66:**

5         A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

6    Address 88.150.227.119, including a live capture of RAM and all virtual machines, and including

7    all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

8    files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

9    files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

10   in any of the aforementioned.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

12        Defendants object to the extent that the request seeks information that is neither relevant

13   nor proportional to the needs of the case—including, but not limited to, information that is not

14   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

15   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

16   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

17   reference their objections above to the defined terms used in the request, including but not limited

18   to their objection to producing forensic images or "copies of all files and information" from any

19   particular device.  Defendants object to the extent that the request seeks information outside of

20   their possession, custody, or control.  To the extent that Defendants provide a substantive response

21   below, it will only include information that is in their possession, custody, or control and that they

22   could identify after a reasonable investigation.  Defendants object to the extent that the request

23   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

24   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

25   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

26   proprietary, or competitively sensitive business information.  Defendants object to the extent that

27   the request seeks information that may be protected by a right of privacy under the United States

28   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 67:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 88.150.227.84, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

1    proprietary, or competitively sensitive business information.  Defendants object to the extent that

2    the request seeks information that may be protected by a right of privacy under the United States

3    Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

4    or any other applicable law.  Defendants object to the extent that any request seeks information

5    prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

6    other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

7    and without waiving these objections, Defendants respond as follows.

8         Defendants have conducted a diligent search and reasonable inquiry and have been unable

9    to locate any responsive documents.

10   **REQUEST FOR PRODUCTION NO. 68:**

11        A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

12   Address 94.46.187.237, including a live capture of RAM and all virtual machines, and including

13   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

14   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

15   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

16   in any of the aforementioned.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

18        Defendants object to the extent that the request seeks information that is neither relevant

19   nor proportional to the needs of the case—including, but not limited to, information that is not

20   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

21   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

22   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

23   reference their objections above to the defined terms used in the request, including but not limited

24   to their objection to producing forensic images or "copies of all files and information" from any

25   particular device.  Defendants object to the extent that the request seeks information outside of

26   their possession, custody, or control.  To the extent that Defendants provide a substantive response

27   below, it will only include information that is in their possession, custody, or control and that they

28   could identify after a reasonable investigation.  Defendants object to the extent that the request

1   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

2   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

3   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

4   proprietary, or competitively sensitive business information.  Defendants object to the extent that

5   the request seeks information that may be protected by a right of privacy under the United States

6   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

7   or any other applicable law.  Defendants object to the extent that any request seeks information

8   prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

9   other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

10   and without waiving these objections, Defendants respond as follows.

11   Defendants have conducted a diligent search and reasonable inquiry and have been unable

12   to locate any responsive documents.

13   **REQUEST FOR PRODUCTION NO. 69:**

14   A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

15   Address 94.46.187.247, including a live capture of RAM and all virtual machines, and including

16   all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

17   files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

18   files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

19   in any of the aforementioned.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

21   Defendants object to the extent that the request seeks information that is neither relevant

22   nor proportional to the needs of the case—including, but not limited to, information that is not

23   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

24   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

25   object that the request is overly broad and unduly burdensome.  Defendants incorporate by

26   reference their objections above to the defined terms used in the request, including but not limited

27   to their objection to producing forensic images or "copies of all files and information" from any

28   particular device.  Defendants object to the extent that the request seeks information outside of

1   their possession, custody, or control.  To the extent that Defendants provide a substantive response

2   below, it will only include information that is in their possession, custody, or control and that they

3   could identify after a reasonable investigation.  Defendants object to the extent that the request

4   seeks information protected from disclosure by the attorney-client privilege, the attorney work-

5   product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

6   object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

7   proprietary, or competitively sensitive business information.  Defendants object to the extent that

8   the request seeks information that may be protected by a right of privacy under the United States

9   Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

10  or any other applicable law.  Defendants object to the extent that any request seeks information

11  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

12  other applicable law, regulation, or governmental order or directive, or by contract.   Subject to

13  and without waiving these objections, Defendants respond as follows.

14      Defendants have conducted a diligent search and reasonable inquiry and have been unable

15  to locate any responsive documents.

16  **REQUEST FOR PRODUCTION NO. 70:**

17      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

18  Address 94.46.187.253, including a live capture of RAM and all virtual machines, and including

19  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

20  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

21  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

22  in any of the aforementioned.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

24      Defendants object to the extent that the request seeks information that is neither relevant

25  nor proportional to the needs of the case—including, but not limited to, information that is not

26  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

27  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

28  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all files and information" from any particular device.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.   Subject to and without waiving these objections, Defendants respond as follows.

Defendants have conducted a diligent search and reasonable inquiry and have been unable to locate any responsive documents.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications regarding the Device or Devices that resolve to the Internet Protocol (IP) address 104.223.76.220.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the request is overly broad and unduly burdensome.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent

1  that Defendants provide a substantive response below, it will only include information that is in

2  their possession, custody, or control and that they could identify after a reasonable investigation.

3  Defendants object to the extent that the request seeks information protected from disclosure by the

4  attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection

5  against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade

6  secrets, state secrets, or other confidential, proprietary, or competitively sensitive business

7  information.  Defendants object to the extent that the request seeks information that may be

8  protected by a right of privacy under the United States Constitution, Article I, Section 1 of the

9  Constitution of the State of California, Israeli privacy laws, or any other applicable law.

10  Defendants object to the extent that any request seeks information prohibited from disclosure by

11  Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation,

12  or governmental order or directive, or by contract.

13  **REQUEST FOR PRODUCTION NO. 72:**

14  　　　Documents sufficient to show whether NSO ever had possession, custody, or control of the

15  Device or Devices that resolve to the Internet Protocol (IP) address 104.223.76.220.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

17  　　　Defendants object to the extent that the request seeks information that is neither relevant

18  nor proportional to the needs of the case—including, but not limited to, information that is not

19  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

20  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

21  object that the request is overly broad and unduly burdensome.  Defendants object to the extent

22  that the request seeks information outside of their possession, custody, or control.  To the extent

23  that Defendants provide a substantive response below, it will only include information that is in

24  their possession, custody, or control and that they could identify after a reasonable investigation.

25  Defendants object to the extent that the request seeks information protected from disclosure by the

26  attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection

27  against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade

28  secrets, state secrets, or other confidential, proprietary, or competitively sensitive business

information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

Subject to and without waiving these objections, Defendants respond that they will produce responsive and non-privileged documents in their possession, custody, or control—if any exist and can be located after a reasonable and proportional search—sufficient to show whether NSO had possession, custody, or control of any Device or Devices that resolved to the Internet Protocol (IP) address 104.223.76.220 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents concerning the handover, delivery, or assignment of the Device or Devices that resolve to the Internet Protocol (IP) address 104.223.76.220 from NSO to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the terms "handover," "delivery," and "assignment" are vague and ambiguous.

Defendants object that the request is overly broad and unduly burdensome.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

Subject to and without waiving these objections, Defendants respond that they will produce responsive and nonprivileged documents in their possession, custody, and control—if any exist and can be located after a reasonable and proportional search—sufficient to show the handover, delivery, or assignment from NSO to any third party of the Device or Devices that resolved to the Internet Protocol (IP) address 104.223.76.220 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

1   **REQUEST FOR PRODUCTION NO. 74:**

2       All Documents and Communications regarding the Device or Devices that resolve to the

3   Internet Protocol (IP) address 95.179.187.227.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

5       Defendants object to the extent that the request seeks information that is neither relevant

6   nor proportional to the needs of the case—including, but not limited to, information that is not

7   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

8   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

9   object that the request is overly broad and unduly burdensome.  Defendants object to the extent

10  that the request seeks information outside of their possession, custody, or control.  To the extent

11  that Defendants provide a substantive response below, it will only include information that is in

12  their possession, custody, or control and that they could identify after a reasonable investigation.

13  Defendants object to the extent that the request seeks information protected from disclosure by the

14  attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection

15  against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade

16  secrets, state secrets, or other confidential, proprietary, or competitively sensitive business

17  information.  Defendants object to the extent that the request seeks information that may be

18  protected by a right of privacy under the United States Constitution, Article I, Section 1 of the

19  Constitution of the State of California, Israeli privacy laws, or any other applicable law.

20  Defendants object to the extent that any request seeks information prohibited from disclosure by

21  Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation,

22  or governmental order or directive, or by contract.

23  **REQUEST FOR PRODUCTION NO. 75:**

24      Documents sufficient to show whether NSO ever had possession, custody, or control of the

25  Device or Devices that resolve to the Internet Protocol (IP) address 95.179.187.227.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

27      Defendants object to the extent that the request seeks information that is neither relevant

28  nor proportional to the needs of the case—including, but not limited to, information that is not

related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

Subject to and without waiving these objections, Defendants respond that they will produce responsive and nonprivileged documents in their possession, custody, and control—if any exist and can be located after a reasonable and proportional search—sufficient to show whether NSO had possession, custody, or control of any Device or Devices that resolved to the Internet Protocol (IP) address 95.179.187.227 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and

1   anticipate substantial completion of their responsive production within approximately 180 days.

2   **REQUEST FOR PRODUCTION NO. 76:**

3        All Documents concerning the handover, delivery, or assignment of the Device or Devices

4   that resolve to the Internet Protocol (IP) address 95.179.187.227 from NSO to a third party.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

6        Defendants object to the extent that the request seeks information that is neither relevant

7   nor proportional to the needs of the case—including, but not limited to, information that is not

8   related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

9   with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

10  object that the terms "handover," "delivery," and "assignment" are vague and ambiguous.

11  Defendants object that the request is overly broad and unduly burdensome.  Defendants object to

12  the extent that the request seeks information outside of their possession, custody, or control.  To

13  the extent that Defendants provide a substantive response below, it will only include information

14  that is in their possession, custody, or control and that they could identify after a reasonable

15  investigation.  Defendants object to the extent that the request seeks information protected from

16  disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other

17  privilege or protection against discovery or disclosure.  Defendants object that the request seeks

18  the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively

19  sensitive business information.  Defendants object to the extent that the request seeks information

20  that may be protected by a right of privacy under the United States Constitution, Article I, Section

21  1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.

22  Defendants object to the extent that any request seeks information prohibited from disclosure by

23  Israeli law, regulation, governmental order or directive, or any other applicable law, regulation,

24  or governmental order or directive, or by contract.

25        Subject to and without waiving these objections, Defendants respond that they will produce

26  responsive and nonprivileged documents in their possession, custody, and control—if any exist

27  and can be located after a reasonable and proportional search—sufficient to show the handover,

28  delivery, or assignment from NSO to any third party of the Device or Devices that resolved to the

---

OBJECTIONS TO PLAINTIFFS' THIRD
REQUESTS FOR PRODUCTION                    53                    Case No. 4:19-cv-07123-PJH

Internet Protocol (IP) address 95.179.187.227 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications regarding any Device or Devices that resolve to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 that NSO contends are not in its current possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be

protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show whether NSO ever had possession, custody, or control of the Device or Devices that resolve to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

Subject to and without waiving these objections, Defendants respond that they will produce responsive and nonprivileged documents in their possession, custody, and control—if any exist and can be located after a reasonable and proportional search—sufficient to show whether NSO had possession, custody, or control of any Device or Devices that resolved to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents concerning the handover, delivery, or assignment of the Device or Devices that resolve to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 from NSO to any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants object that the terms "handover," "delivery," and "assignment" are vague and ambiguous. Defendants object that the request is overly broad and unduly burdensome.  Defendants object to the extent that the request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable

investigation.  Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.

Subject to and without waiving these objections, Defendants respond that they will produce responsive and nonprivileged documents in their possession, custody, and control—if any exist and can be located after a reasonable and proportional search—sufficient to show the handover, delivery, or assignment from NSO to any third party of the Device or Devices that resolved to the Internet Protocol (IP) addresses identified in RFP Nos. 33 through 70 between January 2018 and May 13, 2019, and that related to the Pegasus technology alleged to have been used with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7), provided that Defendants are not prohibited from disclosing such documents by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants intend to withhold documents they are not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  If Defendants are not otherwise prohibited from making such a disclosure, they will conduct a reasonable and proportional search and anticipate substantial completion of their responsive production within approximately 180 days.

/ / /

/ / /

/ / /

/ / /

1    Dated:  September 13, 2023                    **KING & SPALDING LLP**

2

3                                                  By: */s/ Joseph N. Akrotirianakis*

4                                                      JOSEPH N. AKROTIRIANAKIS
                                                       AARON S. CRAIG
5
                                                  *Attorney for Defendants NSO Group*
6                                                 *Technologies Limited and Q Cyber*
                                                  *Technologies Limited*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California.  I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.

On September 13, 2023, I served the following documents in the manner described below:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION**

☑       BY ELECTRONIC SERVICE:   By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

On the following part(ies) in this action:

**SEE ATTACHED LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 13, 2023, at Los Angeles, California.

_____
Adriana Kim

**SERVICE LIST**

| | |
|---|---|
| Greg D. Andres<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4724<br>Email: greg.andres@davispolk.com | Craig T. Cagney<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: craig.cagney@davispolk.com |
| Antonio J. Perez-Marques<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4559<br>Email: antonio.perez@davispolk.com | Micah G. Block<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone: (650) 752-2000<br>Email: micah.block@davispolk.com |
| DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4559<br>Email: fb.nso@davispolk.com | |

EXHIBIT J

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANT NSO GROUP TECHNOLOGIES LIMITED'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Action Filed:   10/29/2019 |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant NSO Group Technologies Limited ("NSO") hereby serves objections and responses to Plaintiff WhatsApp LLC's ("WhatsApp") First Set of Interrogatories.

## **PRELIMINARY STATEMENT**

Nothing in these objections and responses should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiff WhatsApp's First Set of Interrogatories. NSO has not completed its investigation of the facts relating to this case, discovery, or preparation for trial.  The responses set forth below are based only upon information and documents that are currently available, and specifically known, to NSO.  It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to NSO's right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information.  NSO reserves the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known but should in no way prejudice NSO in relation to further discovery, research, or analysis.

By submitting these objections and responses, NSO does not consent to jurisdiction of the Court and does not waive its defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, NSO hereby preserve those defenses.

NSO reserves the right to redact information from certain documents as may be necessary to comply with Israeli or other foreign law or contractual obligations.

**GENERAL OBJECTIONS**

NSO interposes the following general objections into each of the responses that follows as if the general objections were set forth in full in each specific response.  These objections therefore form a part of the response to each and every interrogatory, including any subparts.

1.      NSO objects to the extent that any interrogatory seeks information that exceeds the scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose obligations upon NSO beyond those required by the Federal Rules of Civil Procedure.

2.      NSO objects to the extent that any interrogatory seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during the specified timeframe.

3.      NSO objects to the extent that any interrogatory is unreasonably cumulative or duplicative.

4.      NSO objects to the extent that any interrogatory seeks information outside of its possession, custody, or control.  To the extent that NSO provides a substantive response below, it will only include information that is in its possession, custody, or control and that NSO could identify after a reasonable investigation.

5.      NSO objects to the extent that any interrogatory seeks information obtainable from some other source that is more convenient, less burdensome, or less expensive.  NSO objects to the extent that any interrogatory seeks information already in the possession, custody, or control of Plaintiffs; information that is available from public sources; or information that is as readily available to Plaintiffs as to Defendants on the grounds that it would be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce such documents.

6.      NSO objects to the extent that any interrogatory seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against disclosure.

7.      NSO objects to the extent that any interrogatory seeks the disclosure of trade

secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.

8.      NSO objects to the extent that any interrogatory seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.

9.      NSO objects to the extent that any interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  NSO intends to withhold information, documents, and communications that it is not permitted to produce pursuant to Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.

10.     NSO objects to the extent that any interrogatory seeks an opinion or contention that relates to fact or the application of law to fact.  Such interrogatories are best answered after related discovery has been completed.

11.     NSO objects that the interrogatories require it to participate in this lawsuit despite Plaintiffs' failure to establish personal jurisdiction over NSO.  Nothing herein should be interpreted as a waiver of the burden Plaintiffs have to prove that NSO is subject to personal jurisdiction in California.

12.     NSO objects to the extent that any interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.

13.     NSO objects to the extent that any interrogatory contains unproven assumptions or premises and is thus argumentative.

## **OBJECTIONS TO DEFINITIONS**

1.      Definition No. 5 ("Device"): NSO objects to the definition of "Device" as vague, ambiguous, and overbroad because it encompasses any "electronic device." Using the word device to define the term device renders the definition vague and ambiguous. To the extent the definition intended to encompass any electronic object, the definition would be overbroad and

1   responding to any interrogatory that incorporates the definition would be unduly burdensome and

2   not proportional to the needs of the case. NSO will interpret the term "Device" to mean a

3   computer, mobile phone, or server.

4         2.     Definition No. 6 ("Document" or "Documents"): NSO objects to the definition of

5   "Document" or "Documents" to the extent that they impose any obligation to produce materials

6   not requested and agreed to in separate requests for production.  NSO further objects to the

7   definitions to the extent that they would require it to access media from which information

8   cannot be obtained directly or cannot be translated into a reasonably useable form without undue

9   burden on NSO.

10         3.     Definition No. 8 ("Identify," "Identity," or "Describe"): NSO objects to the

11   definitions of "Identify," "Identity," and "Describe" as overly broad and unduly burdensome.

12   NSO further objects that any interrogatories incorporating these definitions are compound and

13   that the number of interrogatories and subparts propounded exceeds the limit set forth in Federal

14   Rule of Civil Procedure 33(a)(1).  NSO will assign to the terms above their plain and ordinary

15   meaning and reserves its right to object under Federal Rule of Civil Procedure 33(a)(1) should

16   these definitions be incorporated into the interrogatories below.

17         4.     Definition No. 10 ("NSO Customer"): NSO objects to the definition of "NSO

18   Customer" to the extent that it includes Persons who did not (1) execute an agreement with NSO

19   or other entity authorized to license NSO technology; (2) obtain access to NSO technology; *and*

20   (3) use NSO technology.  NSO further objects to this definition to the extent that it incorporates

21   the term "NSO Spyware" for the reasons set forth below in Paragraph 5.  NSO expressly

22   incorporates by reference those objections here and will interpret the term "NSO Spyware" to

23   mean the version of Pegasus in effect during April and May of 2019 that was allegedly used to

24   access the approximately 1,400 "Target Devices" described in the Complaint.

25         5.     Definition No. 11 ("NSO Spyware"): NSO objects to the definition of "NSO

26   Spyware" as biased and prejudicial. The term "Spyware" is an inherently pejorative term that

27   baselessly maligns Defendants' products. NSO will not refer to its products—which are used by

28   law enforcement to catch the worst of criminals—as "Spyware." NSO further objects to the

overly broad scope of this definition. NSO further objects to the definition of "NSO Spyware" because that definition results in every interrogatory incorporating it to be requesting information related to technologies other than the Pegasus technology that was used with respect to the approximately 1,400 "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Any technology other than this specific Pegasus technology has no relevance to Plaintiffs' allegations or any issue in this case. Because responding to any interrogatory that incorporates this definition would be unduly burdensome and not proportional to the needs of the case, NSO interprets the term "NSO Spyware" to mean the version of Pegasus in effect during April and May of 2019 that was allegedly used to access the approximately 1,400 "Target Devices" described in the Complaint.

6.      Definition No. 12 ("Person(s)"): NSO objects to the definition of "Person(s)" as vague, ambiguous, and overbroad. The definition includes 16 distinct roles or types of entities. Responding to any interrogatory that relies on such a broad definition of "Person," moreover, would be unduly burdensome and not proportional to the needs of the case.  NSO further objects to the extent that the proposed definition seeks information outside of its possession, custody, or control (e.g., the corporate structure, ownership, or members of third-party companies).

7.      Definition No. 14 ("Technology"): NSO objects to the definition of "Technology" as vague, ambiguous, and overbroad. The definition is extremely expansive and responding to any interrogatories that incorporate this definition would be unduly burdensome and not proportional to the needs of the case.

8.      Definition No. 15 ("WhatsApp Computers"): NSO objects to the definition of "WhatsApp Computer" as vague, ambiguous, and overbroad—particularly to the extent that the definition purports to include and encompass the WhatsApp mobile and desktop applications. NSO interprets "WhatsApp Computers" as any computer or server Defendants know are owned, operated or controlled by Plaintiffs.  d NSO further objects to the extent that the definition requests information outside of NSO's possession, custody, or control.  NSO, for example, may have no ability to determine whether a particular computer or server was owned, operated, or controlled by Plaintiffs or whether any particular device had the WhatsApp mobile or desktop

1   applications installed.

2       9.      Definition No. 16 ("You" or "Your"): NSO objects to the definition of "You" and

3   "Your" as vague, ambiguous, and overbroad. The definition improperly includes a host of people

4   and entities, including NSO's "current and former directors, employees, subsidiaries, corporate

5   parents, affiliates, agents, representatives, and all other persons acting or purporting to act on its

6   behalf." Responding to any interrogatory that incorporates this term would be unduly

7   burdensome and not proportional to the needs of the case. Unless otherwise indicated, any

8   response to an interrogatory containing the term "You" or "Your" is limited to Defendant NSO

9   and its employees.

10                              **INSTRUCTIONS**

11      1.      NSO objects to the instructions to the extent that they seek to impose obligations,

12  requirements, or procedures beyond those required under applicable federal rules, federal laws,

13  local rules, or judicial standing orders.

14      2.      NSO objects to the extent that the instructions render the interrogatories compound

15  or create subparts that exceed the limit set forth in Federal Rule of Civil Procedure 33(a)(1).  NSO

16  reserves its right to object under Federal Rule of Civil Procedure 33(a)(1) should Plaintiff seek to

17  compel compliance with any such instructions.

18                              **INTERROGATORIES**

19  **INTERROGATORY NO. 1:**

20      Identify all NSO Spyware that You directly or indirectly developed, marketed, promoted,

21  distributed, maintained, sold, licensed, tested, deployed, operated, acquired, used, or for which You

22  provided technical or operational support, from January 1, 2018 through the present, including but

23  not limited to Pegasus and Phantom. Your response should identify any and all brand or marketing

24  name(s) for each NSO Spyware and, without limiting the foregoing, explain the differences (if any)

25  between each NSO Spyware.

26  **RESPONSE TO INTERROGATORY NO. 1:**

27      NSO objects that the interrogatory seeks information that is neither relevant nor

28  proportional to the needs of the case.  Plaintiffs' claims are based on allegations that Defendants

operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  Information regarding other NSO products is neither relevant nor proportional to the needs of the case.  NSO incorporates by reference its objection to the defined terms "Identify" and "NSO Spyware." NSO objects that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  NSO objects that the interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.

**INTERROGATORY NO. 2.:**

Describe how each of the NSO Spyware identified in response to Interrogatory No. 1 functioned, including how it was designed to be installed on a Device, the methods used to install it on a Device, how it was used after being installed on a Device, how it exfiltrated data from a Device on which it was installed, and how it accessed or used any WhatsApp Computers.

**RESPONSE TO INTERROGATORY NO. 2:**

NSO objects to the extent that the interrogatory seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  NSO incorporates by reference its objections to the defined terms "Describe," "NSO Spyware," "Device," and "WhatsApp Computers."  NSO objects to the extent that the interrogatory is premised on unproven assumptions (e.g., that any of its technologies "accessed or used any WhatsApp Computers") and is thus argumentative.  NSO objects to the extent that the interrogatory seeks information outside of its possession, custody, or control. NSO objects that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the

extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  NSO objects that the interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.

**INTERROGATORY NO. 3:**

Describe how You developed, maintained, improved, tested, acquired, marketed, promoted, distributed, sold, licensed, deployed, operated, or provided technical or operational support for each of the NSO Spyware identified in response to Interrogatory No. 1 from January 1, 2018 through the present, including a description of any change, upgrade, or update to each NSO Spyware.

**RESPONSE TO INTERROGATORY NO. 3:**

NSO objects that this interrogatory is vague, ambiguous, and overly broad such that providing a response would be unduly burdensome.  NSO objects that the interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.  NSO further objects to the extent that the interrogatory seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  NSO incorporates by reference its objections to the defined terms "Describe," "You" and "NSO Spyware."  NSO objects that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.

**INTERROGATORY NO. 4:**

Identify all departments, teams, groups, employees, and/or Persons, agents, consultants, and/or other third parties that worked on the development, maintenance, improvement, testing,

acquisition, marketing, promotion, distribution, sale, licensing, deployment, operation, or provision of technical or operational support for NSO Spyware, including a description of each such department's, team's, group's, employee's, or Person's respective responsibilities.

**RESPONSE TO INTERROGATORY NO. 4:**

NSO objects to the extent that the interrogatory seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  NSO incorporates by reference its objections to the defined terms "Identify," "Persons," and "NSO Spyware."  NSO objects to the extent that the interrogatory seeks information outside of its possession, custody, or control.  NSO objects to the extent that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the extent that the interrogatory seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  NSO objects that the interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.

**INTERROGATORY NO. 5:**

Describe Your corporate structure, including all changes to that structure from January 1, 2018 to the present. Your response should include, without limitation: (a) each parent, sibling or subsidiary entity and a description of the relationship between You and each such entity; and (b) the direct and indirect owners of each such entity and the nature and extent of their ownership interest.

**RESPONSE TO INTERROGATORY NO. 5:**

NSO objects that the interrogatory seeks information that is neither relevant nor proportional to the needs of the case.  NSO incorporates by reference its objection to the defined

terms "Describe" and "Your."  NSO objects that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the extent that the interrogatory seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.  NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  NSO objects that the interrogatory contains compound questions or subparts that causes the number of written interrogatories to exceed the limits set forth in the Federal Rule of Civil Procedure.

**INTERROGATORY NO. 6:**

Identify the basis for Your Sixth Separate and Additional Defense in Your Answer, which stated that "Plaintiffs' claims are barred on the grounds that Defendants acted in good faith and pursuant to legitimate law enforcement, national security, intelligence and business justifications" (Answer at 9), including all Documents and Communications you received analyzing how NSO Customers used NSO Spyware, whether NSO Customers complied with any conditions, criteria, or limitations imposed by You on the use of NSO Spyware, and whether NSO Spyware complied with all applicable laws, including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502.

**RESPONSE TO INTERROGATORY NO. 6:**

NSO objects to the extent that the interrogatory seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  NSO incorporates by reference its objections to the defined terms "Identify," "Your," "Documents," "NSO Customers," and "NSO Spyware."  NSO objects to the extent that the interrogatory seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against

disclosure.  NSO objects to the extent that the interrogatory seeks the disclosure of trade secrets,

state secrets, or other confidential, proprietary, or competitively sensitive business information.

NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by

Israeli law, regulation, or governmental order or directive, or any other applicable law,

regulation, or governmental order or directive.  NSO objects to the extent that the interrogatory

contains compound questions or subparts that causes the number of written interrogatories to

exceed the limits set forth in the Federal Rule of Civil Procedure.  NSO objects that the

interrogatory seeks an opinion or contention that relates to fact or the application of law to fact.

Such interrogatories are best answered after related discovery has been completed.

NSO is willing to meet and confer regarding the most appropriate timeframe for

providing a response to this interrogatory, including the factual basis for the identified

affirmative defense.

**INTERROGATORY NO. 7:**

Identify and describe annual sales, licensing fees, profits and/or revenues that You derived

directly or indirectly from the development, marketing, promotion, distribution, maintenance, sale,

licensing, testing, deployment, operation, acquisition, provision of technical or operational support,

or other commercialization of each of the NSO Spyware identified in response to Interrogatory No. 1

from January 1, 2018 through the present.

**RESPONSE TO INTERROGATORY NO. 7:**

NSO objects to the extent that the interrogatory seeks information that is neither relevant

nor proportional to the needs of the case—including, but not limited to, information that is not

relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was

deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7)

during April and May 2019.  NSO incorporates by reference its objections to the defined terms

"Identify," "Describe," "You," and "NSO Spyware."  NSO objects to the extent that the

interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary,

or competitively sensitive business information.  NSO objects to the extent that the interrogatory

seeks information that may be protected by Israeli privacy laws or any other applicable law.

1   NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by

2   Israeli law, regulation, or governmental order or directive, or any other applicable law,

3   regulation, or governmental order or directive.  NSO objects to the extent that the interrogatory

4   contains compound questions or subparts that causes the number of written interrogatories to

5   exceed the limits set forth in the Federal Rule of Civil Procedure.

6   **INTERROGATORY NO. 8:**

7       Describe how You reverse engineered the WhatsApp client, including but not limited to

8   downloading and testing different versions of the WhatsApp client and using the WhatsApp service.

9   **RESPONSE TO INTERROGATORY NO. 8:**

10      NSO objects to the extent that the interrogatory seeks information that is neither relevant

11  nor proportional to the needs of the case.  NSO objects that the term "WhatsApp client" is vague

12  and ambiguous.  NSO incorporates by reference its objections to the defined terms "Describe"

13  and "You."  NSO objects to the extent that the interrogatory is premised on unproven

14  assumptions (e.g., that it reverse engineered the WhatsApp client) and is thus argumentative.

15  NSO objects to the extent that the interrogatory is cumulative and duplicative.  NSO objects to

16  the extent that the interrogatory seeks the disclosure of trade secrets, state secrets, or other

17  confidential, proprietary, or competitively sensitive business information.  NSO objects to the

18  extent that the interrogatory seeks information prohibited from disclosure by Israeli law,

19  regulation, or governmental order or directive, or any other applicable law, regulation, or

20  governmental order or directive.  NSO objects to the extent that the interrogatory contains

21  compound questions or subparts that causes the number of written interrogatories to exceed the

22  limits set forth in the Federal Rule of Civil Procedure.

23  **INTERROGATORY NO. 9:**

24      Identify all WhatsApp accounts associated with or used for the development, testing, or

25  transmission of NSO Spyware.

26  **RESPONSE TO INTERROGATORY NO. 9:**

27      NSO objects to the extent that the interrogatory seeks information that is neither relevant

28  nor proportional to the needs of the case—including, but not limited to, information that is not

---

RESPONSES TO PLAINTIFFS' FIRST
SET OF INTERROGATORIES

12

Case No. 4:19-cv-07123-PJH

relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" that was deployed against certain "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7) during April and May 2019.  NSO incorporates by reference its objections to the defined terms "Identify" and "NSO Spyware."  NSO objects to the extent that the interrogatory is premised on unproven assumptions (e.g., that any WhatsApp accounts were associated with or used for the purposes indicated) and is thus argumentative.  NSO objects to the extent that the interrogatory seeks information outside of its possession, custody, or control.  NSO objects to the extent that the interrogatory seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.  NSO objects to the extent that the interrogatory seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.

Dated:  May 10, 2023                            KING & SPALDING LLP


                                               By:   */s/ Joseph N. Akrotirianakis*
                                                     JOSEPH N. AKROTIRIANAKIS
                                                     AARON S. CRAIG

                                                     Attorneys for Defendants NSO GROUP
                                                     TECHNOLOGIES LIMITED and Q
                                                     CYBER TECHNOLOGIES LIMITED

1

## **PROOF OF SERVICE**

2

     I am a citizen of the United States and resident of the State of California. I am employed

3

in the County of Los Angeles, State of California, in the office of a member of the bar of this

Court, at whose direction this service was made. I am over the age of eighteen years and not a

4

party to the within action.

5

     On May 10, 2023, I served the following documents in the manner described below:

6

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

7

☑    **(BY U.S. MAIL)** I am personally and readily familiar with the business practice of

8

     King & Spalding LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles,

9

     California.

10

☑    **(BY EMAIL OR ELECTRONIC TRANSMISSION)**: I caused a copy of the document(s) to be sent from e-mail address <u>kbell-taylor@kslaw.com</u> to the person(s)

11

     at the email addresses set forth below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was

12

     unsuccessful.

13

     On the following part(ies) in this action:

14

### **PLEASE SEE ATTACHED SERVICE LIST**

15

     I declare under penalty of perjury under the laws of the State of California that the

16

foregoing is true and correct. Executed on May 10, 2023, at Los Angeles, California.

17

18

     By: _Kathryn Bell-Taylor_

19

     Kathryn Bell-Taylor

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Greg D. Andres
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4724
Email: greg.andres@davispolk.com

Antonio J. Perez-Marques
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4559
Email: antonio.perez@davispolk.com

Craig T. Cagney
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-3162
Email: craig.cagney@davispolk.com

Micah G. Block
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Email: micah.block@davispolk.com

EXHIBIT K

EXHIBIT FILED UNDER SEAL

# EXHIBIT L

EXHIBIT FILED UNDER SEAL

EXHIBIT M

**Davis Polk**

Craig Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

November 30, 2023

Re: *WhatsApp, LLC, et al., v. NSO Group Techs. Ltd. et al.*, 4:19-cv-7123 (PJH)

<u>Via Email</u>

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Aaron:

We write to memorialize and to follow up on our November 22, 2023 meet-and-confer regarding Plaintiffs' Requests for Production (the "Requests").

**First Requests for Production**

As we explained during our meet-and-confer, we believe that all of the Requests are proper under the Federal Rules of Civil Procedure, and sufficiently important and specific to warrant production under the Ninth Circuit's *Richmark* test.

In our discussion, you acknowledged that the Requests may well seek certain categories of information that Defendants would agree are both sufficiently important and specific to warrant production. Per the Court's guidance to the parties to narrow their disputes, Defendants should identify those portions without delay so that they can be excluded from any dispute presented to the Court.

In addition, we are proposing certain modifications to our Requests. We had anticipated Requests seeking "all documents and communications" would be balanced against any resulting burden that NSO may face in searching for such documents, and that the parties would have agreed on appropriate limitations on those searches in the ordinary course of discovery negotiations. Because those discussions have not taken place due to the Israeli law restrictions, Plaintiffs are unilaterally proposing a number of modifications to clarify the scope of information sought and further target the Requests. That list of modified Requests is set forth below, and a redline reflecting the changes to the original versions is enclosed with this letter.

- **RFP No. 1:** DOCUMENTS and COMMUNICATIONS sufficient to show NSO's development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers, or use WhatsApp in any way to access TARGET DEVICES from January 1, 2018 to the present (the "RELEVANT SPYWARE").

- **RFP No. 3:** DOCUMENTS and COMMUNICATIONS sufficient to show how NSO intended for or permitted third parties to use the RELEVANT SPYWARE, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents.

- **RFP No. 5:** ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp vulnerabilities, contracts for services by

**Davis Polk**   Aaron Craig

vendors, or analyst work product and reports *as limited through the use of search terms and custodians*.

- **RFP No. 7:** DOCUMENTS and COMMUNICATIONS sufficient to show how NSO developed and tested any EXPLOIT or TECHNOLOGY used in the RELEVANT SPYWARE.

- **RFP No. 9:** DOCUMENTS and COMMUNICATIONS sufficient to show the processes, methods, and TECHNOLOGY used by the RELEVANT SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

- **RFP No. 10:** DOCUMENTS and COMMUNICATIONS sufficient to identify the mobile phone and device operating system vulnerabilities used to install the RELEVANT SPYWARE.

- **RFP No. 14:** DOCUMENTS and COMMUNICATIONS sufficient to show the processes, methods, and TECHNOLOGY used to install the RELEVANT SPYWARE on the mobile phones and devices of TARGET USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of the RELEVANT SPYWARE.

- **RFP No. 15:** DOCUMENTS and COMMUNICATIONS sufficient to show analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

- **RFP No. 16:** DOCUMENTS and COMMUNICATIONS sufficient to show the TECHNOLOGY used in the RELEVANT SPYWARE to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

- **RFP No. 17:** DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

- **RFP No. 19:** DOCUMENTS and COMMUNICATIONS sufficient to show the TECHNOLOGY used to transmit any data or information from any TARGET DEVICE containing or infected with the RELEVANT SPYWARE.

- **RFP No. 20:** DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

- **RFP No. 21**: DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

- **RFP No. 22**: DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

- **RFP No. 23:** DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, sufficient to show the contents of those servers, the third-party providers from whom those servers were leased, the locations of those servers, and whether NSO ever had possession, custody, access to, or control of those servers.

**Davis Polk**   Aaron Craig

- **RFP No. 24:** DOCUMENTS sufficient to describe the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES by using RELEVANT SPYWARE.

- **RFP No. 25:** DOCUMENTS and COMMUNICATIONS sufficient to identify the NSO CUSTOMERS with knowledge of any of the attacks described in the COMPLAINT, as alleged in Defendants' Motion to Dismiss.

- **RFP No. 26:** ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE that refer to WhatsApp in any way.

- **RFP No. 28:** ALL COMMUNICATIONS from January 1, 2018 to December 2019 with Westbridge Technologies relating to WhatsApp and the surveillance of WhatsApp users *as limited through the use of search terms and custodians*.

Unless otherwise indicated, these revised Requests incorporate by reference the relevant definitions in Plaintiffs' First Requests for Production.

Plaintiffs understand that NSO has or will produce documents in response to RFP Nos. 2, 4, 6, 8, 11, 13, 18 (identifying employees and groups with various responsibilities), 27 (corporate structure), and 29 (financial statements), and NSO has represented that Israeli law would not be an impediment to producing further documents in response to these Requests if those productions are deficient. Based on those representations, Plaintiffs do not intend to move for an order compelling production in response to those Requests at this time. Plaintiffs are reviewing NSO's productions in response to these Requests and will address any deficiencies separately.

**Second and Third Requests for Production and First Requests for Admission**

In addition to the First Set of Requests above, Plaintiffs intend to move to compel NSO to produce the server images requested by RFP Nos. 30, 31, 32, 71, and 74 in the Second and Third Set of Requests. In addition, Plaintiffs intend to compel production of documents responsive to RFP Nos. 72, 73, 75, 76, 78, and 79 related to whether the other identified servers were ever previously in NSO's possession, custody, or control, and documents related to the handover, delivery or assignment of those servers by NSO to any third party.

During the meet and confer, you acknowledged that these Requests were sufficiently "specific." These IP addresses all relate to the "malicious payload servers" described in the Complaint, and thus they are also "important" within the meaning of *Richmark*.

For similar reasons, Plaintiffs intend to move to compel NSO to admit in whole or in part RFA No. 38 concerning NSO's control over the server resolving to IP address 54.93.81.200.

**First and Second Sets of Interrogatories**

Because Plaintiffs' interrogatories seek similar information to their Requests, Plaintiffs intend to compel responses to those as well. We are hereby proposing certain modifications to the Interrogatories to conform to the modifications to the Requests:

- **INTERROGATORY NO. 1:** Identify all RELEVANT Spyware that You directly or indirectly developed, marketed, promoted, distributed, maintained, sold, licensed, tested, deployed, operated, acquired, used, or for which You provided technical or operational support, from January 1, 2018

**Davis Polk**   Aaron Craig

through the present, including but not limited to Pegasus and Phantom. Your response should identify any and all brand or marketing name(s) for each RELEVANT Spyware and, without limiting the foregoing, explain the differences (if any) between each RELEVANT Spyware.

- **INTERROGATORY NO. 2:**  Describe how each of the RELEVANT Spyware identified in response to Interrogatory No. 1 functioned, including how it was designed to be installed on a Device, the methods used to install it on a Device, how it was used after being installed on a Device, how it exfiltrated data from a Device on which it was installed, and how it accessed or used any WhatsApp Computers.

- **INTERROGATORY NO. 3:**  Describe how You developed, maintained, improved, tested, acquired, marketed, promoted, distributed, sold, licensed, deployed, operated, or provided technical or operational support for each of the RELEVANT Spyware identified in response to Interrogatory No. 1 from January 1, 2018 through the present, including a description of any change, upgrade, or update to each RELEVANT Spyware.

- **INTERROGATORY NO. 8:**  Describe how You reverse engineered the WhatsApp client, including but not limited to downloading and testing different versions of the WhatsApp client and using the WhatsApp service.

- **INTERROGATORY NO. 9:**  Identify all WhatsApp accounts associated with or used for the development, testing, or transmission of RELEVANT Spyware.

- **INTERROGATORY NO. 10:**  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

Unless otherwise indicated, these revised Interrogatories incorporate by reference the relevant definitions in Plaintiffs' First and Second Set of Interrogatories.

Based on NSO's representations that the Israeli law restrictions do not prevent NSO from providing information about its employees, corporate structure, and finances, we expect that NSO will be providing a response to Interrogatories 4, 5, and 7.  Please let us know if that is not the case and if Plaintiffs need to move on those interrogatories as well.  Finally, please also let us know when NSO will be providing a response to Interrogatory No. 6 concerning its good faith and legitimate law enforcement defense.

*          *          *          *          *

Please let us know NSO's position on the tailored Requests above.  In particular, you should confirm (1) whether NSO intends to voluntarily comply with any portion of the Request; and (2) whether NSO believes any portions of the Request are sufficiently important and specific under the Ninth Circuit's *Richmark* test.

Please let us know your availability on December 1 and December 4 to meet-and-confer regarding the tailored Requests above in advance of Plaintiffs filing their motion to compel on December 6.  During that meet and confer, we would also like to discuss NSO's recent responses and objections to Plaintiffs' Second Set of Request for Admission.  Plaintiffs reserve all rights.

**Davis Polk**   Aaron Craig

Very truly yours,

*/s/ Craig Cagney*

Craig Cagney


Cc:   Joseph Akrotirianakis (via email)
      Matthew Noller (via email)
      Carla Christofferson (via email)
      Christine Choi (via email)

*WhatsApp LLC v. NSO Group Technologies Ltd.*, No. 4:19-cv-07123-PJH (N.D. Cal.)

**Plaintiffs' First Set of Requests for Production**

| No. | Revised Request |
|-----|-----------------|
| 1 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING the~~sufficient to show NSO's development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers, or ~~USERS~~use WhatsApp in any way to access TARGET DEVICES from January 1, 2018 to the present (the "RELEVANT SPYWARE"). |
| 3 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING the use of NSO~~sufficient to show how NSO intended for or permitted third parties to use the RELEVANT SPYWARE ~~by third parties~~, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents. |
| 5 | ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp ~~or Facebook~~ application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp ~~or Facebook~~ vulnerabilities, contracts for services by vendors, or analyst work product and reports *as limited through the use of search terms and custodians*. |
| 7 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING the development and testing of~~sufficient to show how NSO developed and tested any EXPLOIT or TECHNOLOGY ~~targeting or directed at WHATSAPP servers or USERS~~used in the RELEVANT SPYWARE. |
| 9 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING~~sufficient to show the processes, methods, and TECHNOLOGY used by ~~NSO~~the RELEVANT SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads. |
| 10 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING~~sufficient to identify the mobile phone and device operating system vulnerabilities used to install ~~NSO~~the RELEVANT SPYWARE ~~on mobile phones and devices of WHATSAPP USERS~~. |
| 14 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING~~sufficient to show the processes, methods, and TECHNOLOGY used to install ~~NSO~~the RELEVANT SPYWARE on the mobile phones and devices of ~~WHATSAPP~~TARGET USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of ~~NSO~~the RELEVANT SPYWARE. |
| 15 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING the~~sufficient to show analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols. |
| 16 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING~~sufficient to show the TECHNOLOGY ~~or NSO~~used in the RELEVANT SPYWARE ~~used by NSO~~ to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application. |
| 17 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE. |

| No. | Revised Request |
|---|---|
| 19 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS ~~CONCERNING~~ sufficient to show the TECHNOLOGY used to transmit any data or information from any ~~device~~ TARGET DEVICE containing or infected with ~~any NSO~~ the RELEVANT SPYWARE ~~, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS~~. |
| 20 | DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration. |
| 21 | DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT. |
| 22 | DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT. |
| 23 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, ~~including but not limited to COMMUNICATIONS with~~ sufficient to show the contents of those servers, the third-party providers from whom those servers were leased, ~~and~~ the locations of those servers, and whether NSO ever had possession, custody, access to, or control of those servers. |
| 24 | DOCUMENTS sufficient to describe ~~all of~~ the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES by using RELEVANT SPYWARE. |
| 25 | ~~ALL~~ DOCUMENTS and COMMUNICATIONS sufficient to identify ~~all~~ the NSO CUSTOMERS ~~referenced~~ with knowledge of any of the attacks described in the COMPLAINT, as alleged in Defendants' ~~Opposition to the~~ Motion to Dismiss. |
| 26 | ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE ~~, including but not limited to any DOCUMENTS or COMMUNICATIONS~~ that refer to WhatsApp ~~or Facebook~~ in any way. |
| 28 | ALL COMMUNICATIONS from January 1, 2018 to December 2019 with Westbridge Technologies relating to WhatsApp and ~~Facebook and~~ the surveillance of ~~Facebook and~~ WhatsApp users as limited through the use of search terms and custodians. |

**Plaintiffs' First and Second Sets of Interrogatories**

| No. | Revised Interrogatory |
|-----|----------------------|
| 1 | Identify all ~~NSO~~RELEVANT Spyware that You directly or indirectly developed, marketed, promoted, distributed, maintained, sold, licensed, tested, deployed, operated, acquired, used, or for which You provided technical or operational support, from January 1, 2018 through the present, including but not limited to Pegasus and Phantom. Your response should identify any and all brand or marketing name(s) for each ~~NSO~~RELEVANT Spyware and, without limiting the foregoing, explain the differences (if any) between each ~~NSO~~RELEVANT Spyware. |
| 2 | Describe how each of the ~~NSO~~RELEVANT Spyware identified in response to Interrogatory No. 1 functioned, including how it was designed to be installed on a Device, the methods used to install it on a Device, how it was used after being installed on a Device, how it exfiltrated data from a Device on which it was installed, and how it accessed or used any WhatsApp Computers. |
| 3 | Describe how You developed, maintained, improved, tested, acquired, marketed, promoted, distributed, sold, licensed, deployed, operated, or provided technical or operational support for each of the ~~NSO~~RELEVANT Spyware identified in response to Interrogatory No. 1 from January 1, 2018 through the present, including a description of any change, upgrade, or update to each ~~NSO~~RELEVANT Spyware. |
| 8 | Describe how You reverse engineered the WhatsApp client, including but not limited to downloading and testing different versions of the WhatsApp client and using the WhatsApp service. |
| 9 | Identify all WhatsApp accounts associated with or used for the development, testing, or transmission of ~~NSO~~RELEVANT Spyware. |
| 10 | ███████████████████████████████████████████████ |

EXHIBIT N

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Aaron Craig
Direct Dial: +1 213 443 4311
ACraig@kslaw.com

December 4, 2023

*Via E-mail*
Craig Cagney, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
craig.cagney@davispolk.com

Re:     *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH

Dear Craig:

I write regarding several discovery issues in the above matter.

*First*, in their responses to NSO's Request for Production Nos. 3, 4, 107, 108, 113, 114 and 118, Plaintiffs state, *inter alia*, that they will produce certain "non-privileged" communications with The Citizen Lab ("Citizen Lab"). As to the narrow set of documents Plaintiffs have agreed to produce (all of which are over four years old), Plaintiffs have produced one single document, WA-NSO-00017162 (which we note is a PDF of spreadsheet, not a communication), and we demand that Plaintiffs produce all responsive documents immediately. Moreover, we fail to see any basis upon which any of Plaintiffs' communications with Citizen Lab could be privileged. We need to understand immediately whether, and if so, on what grounds, Plaintiffs is withholding responsive communications with Citizen Lab on the basis of a privilege assertion so that the Court can adjudicate this issue. Finally, Plaintiffs have agreed to produce only such documents that precede the filing of the Complaint, and we do not understand the basis for Plaintiffs' refusal to produce its communications with Citizen Lab that post-date the October 29, 2019, complaint filing. Please provide windows of your availability to meet and confer on this issue this Thursday, December 7 (after 2:00 p.m. EST), or Friday, December 8, 2023.

*Second*, you have ignored my email of November 28, 2023, asking that Plaintiffs produce its documents, in native format, identifying all 1,400 "victims." As you know, we have asked you for this many times, and have drafted a joint discovery-dispute letter to the Court on the subject. On November 12, 2023, in Plaintiffs' portion of that joint letter (which Defendants did not file in reliance on Plaintiffs' representations), you responded: "Plaintiffs agreed to provide documents sufficient to identify the 1,400 target devices referenced in the complaint, **and produced those**

December 4, 2023
Page 2

**materials to NSO on November 12, 2023**." That was false. To date, Plaintiffs have produced a single PDF identifying fewer than 900 individuals. During our November 22, 2023, conference of counsel, you indicated that Plaintiffs were preparing to produce certain additional responsive documents. My November 28 email requested that Plaintiffs either (i) produce those additional documents by December 1, 2023, or, as applicable, (ii) state why Plaintiffs were unable to make the production by that date. Given Plaintiffs' failure to respond, we understand that Plaintiffs have now reneged on their agreements and are now unwilling to produce these documents absent an order from the Court. We intend to file a motion seeking such an order this week. Moreover, your November 12, 2023, misrepresentation justifies sanctions and we intend to seek them.

*Third*, we are in receipt your November 12, 2023, letter setting forth search parameters Plaintiffs propose to use to search for documents responsive to certain of NSO's Requests for Production. NSO reserves all rights. While NSO appreciates that your client has shared proposed search parameters, NSO will not be "endorsing" Plaintiffs' use of any particular search parameters and any discussions about those search parameters to in any limit Plaintiffs' obligation under Federal Rule 34 to conduct an appropriate search for all documents responsive to NSO's Requests for Production, subject to any agreements the parties may reach concerning the scope of the Requests themselves, or as ordered by the Court.

*Fourth*, we are reviewing your November 30, 2023, letter concerning Plaintiffs' proposed modifications to their Request for Production Nos. 1, 3, 5, 7, 9, 10, 14–17, 19–26 & 28 and Plaintiffs' Interrogatory Nos. 1–3 & 8–10. During our November 22, 2023, conference of counsel, you stated that Plaintiffs would provide revised requests, which would be followed by a conference of counsel. Instead, you have provided us with 25 new requests the afternoon of November 30, 2023 (many of which are so different from the initial requests that they should properly be served as new requests), and have threatened to move to compel responses not just to these 25 new requests, but also to 11 additional requests for production as well as one request for admission, by December 6, 2023. This is not the procedure to which we agreed on November 22, 2023. If Plaintiffs proceed with a motion to compel this week, Defendants will seek sanctions against Plaintiffs for moving to compel with respect to requests that have never been properly propounded under Rule 34 and as to which Defendants have not had a reasonable opportunity to object and respond. Alternatively, we are willing to further discuss these revised discovery requests in connection with our discussion of Plaintiffs' privilege and timing assertions concerning Citizen Lab and any further conferencing you believe is required prior to NSO bringing a motion to compel production of documents including all identifiers for the 1,400 "victims."

Sincerely,

Aaron Craig
Counsel for Defendants

# EXHIBIT O

| | |
|---|---|
| **From:** | Cagney, Craig |
| **To:** | "Aaron Craig"; Marzorati, Luca; Mina Tunson-Stevenson |
| **Cc:** | fb.nso; Joe Akrotirianakis; blee@kslaw.com |
| **Subject:** | RE: WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al. |
| **Date:** | Monday, December 11, 2023 6:28:14 PM |
| **Attachments:** | image001.png |

Aaron,

During our meet and confer on Friday, you previewed NSO's position on Plaintiffs' requests, and indicated that you would be sending a letter early this week setting forth those positions in writing.  Mindful of the calendar and the Court's instruction that she wants "an order" outlining the discovery NSO is required to produce, please provide NSO's written position by mid-day Pacific time tomorrow.

As discussed on the call, we again request that you identify any of these requests, or any portion thereof, as to which: (1) NSO is willing to agree that the request satisfies the "important" and "specific" factors under *Richmark*, and/or (2) NSO is willing to agree that it will produce documents without further action by the Court.  On our call, we did not understand NSO to identify any such request (or portion thereof) other than RFP 26 regarding marketing materials.  If NSO is prepared to do so for any other requests, please include that identification in your letter.

Regards,
Craig

**Craig Cagney**

**Davis Polk & Wardwell** LLP
+1 212 450 3162 office
+1 646 413 8148 mobile
craig.cagney@davispolk.com

# EXHIBIT P

EXHIBIT FILED UNDER SEAL