Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>**DISCOVERY MATTER**<br><br>Date: February 8, 2024<br>Time: 1:30 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..........................................................................................................................1

        A.      NSO Attacks Plaintiffs' Computers..............................................................1

        B.      Plaintiffs and Citizen Lab Identify Target Users .........................................2

        C.      Plaintiffs Produce Information Related to the Identification
                   of Target Users.............................................................................................3

        D.      Plaintiffs Produced Communications with Citizen Lab...............................3

ARGUMENT.................................................................................................................................4

        I.      NSO's Motion Violates the Court's Standing Order ...............................................4

        II.     NSO Has Failed to Show It Is Entitled to Additional
             Communications Between  Plaintiffs and Citizen Lab ...........................................5

             A.      Pre-Complaint Communications...................................................................5

             B.      Post-Complaint Communications .................................................................5

        III.    NSO Has Failed to Show It Is Entitled to Additional Internal
             Communications ......................................................................................................7

CONCLUSION..............................................................................................................................7

i

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH**

# TABLE OF AUTHORITIES

CASES

PAGE(S)

*Am. Shooting Ctr., Inc. v. Secfor Int'l*,
    2015 WL 11254686 (S.D. Cal. Jan. 12, 2015) ........................................................................ 5

*Apple Inc. v. Samsung Elecs. Co.*,
    2013 WL 4426512 (N.D. Cal. Aug. 14, 2013) ...................................................................... 5

*In re BofI Holding, Inc. Sec. Litig.*,
    2021 WL 3700749 (S.D. Cal. July 27, 2021) ........................................................................ 6

*Caravels LLC v. City of Gainesville, Fla.*,
    2020 WL 10758492 (N.D. Fla. July 13, 2020) ...................................................................... 5

*Harper v. Gov't Emps. Ins. Co.*,
    2013 WL 12368687 (E.D.N.Y. Oct. 9, 2013) ....................................................................... 6

*Khan v. Rogers*,
    2019 WL 343471 (N.D. Cal. Jan. 28, 2019) .......................................................................... 4

*LeMoon v. Cal. Forensic Med. Grp., Inc.*,
    2021 WL 2817165 (N.D. Cal. July 7, 2021) ......................................................................... 4

*Lin v. Solta Med., Inc.*,
    2023 WL 8374740 (N.D. Cal. Dec. 4, 2023) ......................................................................... 4

*Thomas v. Ware*,
    2023 WL 2717462 (E.D. Cal. Mar. 30, 2023) ....................................................................... 5

STATUTES & RULES

Fed. R. Civ. P. 26(a)(1)(A)(i) ........................................................................................................ 6

Fed. R. Civ. P. 37(a)(3) ................................................................................................................. 5

ii

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH**

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited's ("NSO") motion to compel is procedurally improper and meritless. It should be denied.

Regarding procedure, NSO's motion violates this Court's Standing Order on Discovery Disputes, which requires parties to raise discovery disputes in a five-page joint letter and only after reaching an impasse. NSO made no attempt to follow the joint-letter process, and abandoned efforts to meet-and-confer to resolve these disputes as the Local Rules require. NSO's motion should be denied for that reason alone.

The substance of NSO's motion is also meritless. NSO's core request is for Plaintiffs' communications with Citizen Lab, a nonparty that, before Plaintiffs filed their complaint, aided in identifying certain victims of NSO's attack as attorneys, journalists, human rights activists, and government officials. Plaintiffs have already produced all communications with Citizen Lab related to that role (which was entirely pre-complaint), as well as the output of Citizen Lab's victim identification analysis. NSO also requests post-complaint communications between Plaintiffs and Citizen Lab. But NSO fails to carry its burden to show why these communications with Citizen Lab unrelated to NSO's attack are relevant and proportional to the needs of this case.

Finally, NSO's request for Plaintiffs' internal documents related to victim identification ignores that Plaintiffs have already produced over 5,000 internal documents, many of which relate to Plaintiffs' efforts to identify victims, and plan to produce more.[1]

NSO's motion should therefore be denied.

## BACKGROUND

**A. NSO Attacks Plaintiffs' Computers**

Plaintiffs allege that NSO manufactures, distributes, and operates spyware designed to intercept and extract information from mobile phones. Dkt. No. 1 ¶¶ 1, 24–29. The complaint al-

---

[1] Plaintiffs have produced documents related to the identification of victims on a Highly Confidential – Attorneys' Eyes Only basis.

1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH

leges that NSO reverse-engineered the WhatsApp app and accessed WhatsApp's computers without authorization, including between April and May 2019. *Id*. ¶¶ 1, 11, 32, 35, 42. Plaintiffs were able to attribute this attack to NSO based on, among other things, an admission by one of NSO's employees, *see* Dkt. No. 1 ¶ 45, and evidence that an AWS server used in the attack was subscribed to NSO and resolved to a NSO domain name, *see* Dkt. No. 208. In conducting this attack, NSO violated the federal Computer Fraud and Abuse Act ("CFAA") and California Comprehensive Computer Data Access and Fraud Act ("CCDAFA"), and breached the WhatsApp Terms of Service. *See* Dkt. No. 1 ¶¶ 49–78.

### B. Plaintiffs and Citizen Lab Identify Target Users

After accessing WhatsApp's computers in violation of federal and state law and WhatsApp's Terms of Service, NSO transmitted malicious code to the mobile devices of approximately 1,400 WhatsApp users (the "Target Users"). *Id*. ¶ 39. This malicious code caused these mobile devices to download NSO spyware from NSO's servers, giving NSO access to information and data on the Target User's mobile device. *Id*. ¶¶ 40–41.

Plaintiffs worked with Citizen Lab, an interdisciplinary laboratory based at the Munk School of Global Affairs and Public Policy at the University of Toronto,[2] to assist in identifying some of the Target Users, as part of its effort to notify Target Users that NSO may have compromised their mobile devices. Based on information that Plaintiffs provided, Citizen Lab determined that hundreds of the Target Users were attorneys, journalists, human rights activists, and government officials—contrary to NSO's public assertions that its spyware is only used against terrorists and criminals. Citizen Lab's work to identify Target Users and notify those users of NSO's attack concluded before Plaintiffs filed their complaint on October 29, 2019.

---

[2] Citizen Lab researches targeted threats against civil society, including targeted malware attacks such as those conducted by NSO. *See Citizen Lab*, Munk Sch. of Glob. Affs. & Pub. Pol'y, https://munkschool.utoronto.ca/citizen-lab (last visited Jan. 9, 2024).

2

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH

### C. Plaintiffs Produce Information Related to the Identification of Target Users

In response to NSO's discovery requests for information about the victims of their attack, Plaintiffs have produced the available identifying information for Target Users on a Highly Confidential-Attorneys' Eyes Only basis. *See* Declaration of Craig T. Cagney in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery ("Cagney Decl.") ¶¶ 6–7; *see also* Dkt. No. 239-3 ¶ 24. For instance, one spreadsheet Plaintiffs produced detailed information regarding the information that Plaintiffs have in their possession regarding the Target Users. *See* Cagney Decl. ¶ 7. Another spreadsheet that Plaintiffs produced—which NSO references extensively in its motion[3]—contains an analysis from Citizen Lab providing in-depth open-source information on the identities of over 200 Target Users who Citizen Lab identified as members of "civil society," including specific descriptions of whether each was an attorney, journalist, human rights activist, or government official, and relevant citations. *See id.* ¶ 6.

In response to NSO's other discovery requests, Plaintiffs produced some 5,026 responsive internal documents and communications. *Id.* ¶ 13. Plaintiffs have further committed to producing additional custodial data, which includes emails from individuals involved in Plaintiffs' own victim identification process. *Id.* ¶ 15; *id.* Ex. B.

### D. Plaintiffs Produced Communications with Citizen Lab

Days before NSO filed its motion, Plaintiffs' counsel confirmed Plaintiffs' intent to produce responsive, non-privileged communications with Citizen Lab made prior to Plaintiffs' complaint. Dkt. No. 240-2 at 41; Cagney Decl. ¶ 11. Plaintiffs produced these documents on January 2, 2024, after certain delays caused by an unexpected confidentiality issue. Cagney Decl. ¶ 14.

Separately, on December 4, 2023, NSO requested that Plaintiffs provide the basis for not producing additional, post-complaint communications with Citizen Lab. Dkt. No. 240-2 at 38. In response, Plaintiffs asked NSO to provide "an explanation as to why communications between Plaintiffs and Citizen Lab made after the complaint was filed are relevant and proportional to the

---

[3] Although Plaintiffs believe the non-party victim information in these documents should only be filed under seal, Plaintiffs have no objection to unsealing the specific references to these documents in NSO's motion papers, which do not reveal the identity of any specific user. *See* Dkt. No. 239.

3

needs of the case." *Id*. at 42.  Plaintiffs further requested the date range for which NSO was seeking post-complaint communications, and a meet-and-confer to discuss this issue. *Id*. at 42–43. NSO failed to provide any explanation for the relevance or proportionality of post-complaint communications (as opposed to the pre-complaint communications that Plaintiffs were preparing for production) and did not propose a date range for any searches.

NSO then unilaterally declared an impasse, *id*. at 1, and filed this motion.

## ARGUMENT

### I. NSO's Motion Violates the Court's Standing Order

This Court's Standing Order requires parties to present discovery disputes by "fil[ing] a Joint Letter with the court" that "may not exceed five pages." *See* Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders ¶ 1.  Here, NSO unilaterally moved to compel and failed to comply with this provision of the Standing Order—which is "on its own, grounds for summarily denying [NSO's] motion." *Khan v. Rogers*, 2019 WL 343471, at *1 (N.D. Cal. Jan. 28, 2019); *see, e.g.*, *LeMoon v. Cal. Forensic Med. Grp., Inc.*, 2021 WL 2817165, at *6 (N.D. Cal. July 7, 2021) (Hamilton, J.) (denying relief sought in a unilateral letter brief where moving party "failed to provide any indication showing that she satisfied (or attempted to satisfy)" the Court's Standing Order); *Lin v. Solta Med., Inc.*, 2023 WL 8374740, at *2 (N.D. Cal. Dec. 4, 2023) (Hamilton, J.) (rejecting party's request to "circumvent the discovery letter process and instead file a motion to compel in the first instance"). Relatedly, the parties had not reached an impasse on NSO's Request for Production Nos. 2, 3, 4, 107, 108, 113, 114, and 118.  *See* Cagney Decl. ¶¶ 4, 11.  Contrary to NSO's contention, *see* Dkt. No. 243, the Court did not permit NSO to bypass the Standing Order for these types of disputes when it established an alternative process for raising disputes about NSO's Israeli law objections. *See* Dkt. No. 233 at 10–11.  NSO's motion should also be denied as improper and premature.

4

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH**

**II.   NSO Has Failed to Show It Is Entitled to Additional Communications Between Plaintiffs and Citizen Lab**

   **A.   Pre-Complaint Communications**

Plaintiffs have produced all communications between Plaintiffs and Citizen Lab relevant to Citizen Lab's role related to the case, which occurred entirely before the complaint was filed. Although Plaintiffs had reserved the right to log any documents that might be subject to an applicable privilege, Plaintiffs ultimately did not withhold or redact any communications with Citizen Lab on the basis of any privilege.

   **B.   Post-Complaint Communications**

NSO also seeks post-complaint communications between Plaintiffs and Citizen Lab, but provides no legal basis to support this request, and certainly nothing to suggest its relevance. *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 4426512, at *1 (N.D. Cal. Aug. 14, 2013) ("Upon a motion to compel brought pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.").

*First*, NSO fails to explain why Plaintiffs' post-complaint communications with Citizen Lab are likely to have any connection to this case. Contrary to NSO's description, Plaintiffs did not rely on Citizen Lab to identify NSO as responsible for the unauthorized access and abuse of WhatsApp's computers, nor did Plaintiffs "hire" Citizen Lab. Dkt. No. 239-2 at 9; *see* Cagney Decl. Ex. A (describing how Citizen Lab "volunteered" for work). This could have been conveyed during the meet-and-confer process, if NSO had followed it. As Plaintiffs' document production to NSO demonstrates, Citizen Lab was responsible for (a) identifying certain Target Users, and (b) conducting outreach to certain of those victims. *See* Dkt. No. 239-3 ¶ 10. Plaintiffs have produced documents showing Citizen Lab's work on both fronts, all of which occurred before filing the complaint.

*Second*, the possibility that Plaintiffs could call a representative of Citizen Lab as a trial witness does not entitle NSO to *all* communications between Plaintiffs and Citizen Lab—especially communications that have nothing to do with this case. Putting aside the fact that Plaintiffs

5

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH**

identified Citizen Lab merely as a party with information, not as a witness, the cases cited by NSO confirm that NSO "is not entitled to communications between [Plaintiffs] and [Citizen Lab] merely because [Citizen Lab has] been identified a potential witness. This is not the proper basis for discovery." *Am. Shooting Ctr., Inc. v. Secfor Int'l*, 2015 WL 11254686, at *3 (S.D. Cal. Jan. 12, 2015); *see also Caravels LLC v. City of Gainesville, Fla.*, 2020 WL 10758492, at *4 (N.D. Fla. July 13, 2020) (finding that nonparty need not produce communications with party that have not been shown to be relevant). Plaintiffs need only produce "communications . . . that are relevant to the claims or defenses in this action." *Am. Shooting Ctr.*, 2015 WL 11254686, at *3; *see also Thomas v. Ware*, 2023 WL 2717462, at *1–2 (E.D. Cal. Mar. 30, 2023) (ordering production of "communications regarding plaintiff's allegations"); *Harper v. Gov't Emps. Ins. Co.*, 2013 WL 12368687, at *1 (E.D.N.Y. Oct. 9, 2013) (affirming magistrate judge's order compelling production of "communications and documents . . . that pertain, or are relevant to the claims in this case").[4]

If NSO wants to "test the reliability" of Citizen Lab's analysis, Dkt. No. 239-2 at 2, NSO can do that using the information already produced in discovery and NSO's own data. Regardless, NSO's desire to test the reliability of witnesses does not justify their request. *See In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *5 (S.D. Cal. July 27, 2021) (finding the need to "test the reliability" of witness statements insufficient to carry the burden to demonstrate the relevance of communications between witnesses and plaintiffs).

*Finally*, given NSO's failure to carry its burden of establishing relevance, or to engage in any discussion about date range limitations, it also cannot show that the resulting burden is proportional to the needs of this case. NSO asks Plaintiffs to search more than four years' worth of communications, as Plaintiffs filed their complaint on October 29, 2019. Further, Plaintiffs are

---

[4] Citizen Lab's presence on Plaintiffs' initial disclosures reinforces this analysis. In those disclosures, Plaintiffs indicate that Citizen Lab is "likely to have discoverable information," not that any Citizen Lab representative is going to testify at trial. Fed. R. Civ. P. 26(a)(1)(A)(i). As Plaintiffs informed NSO before it filed its motion, Plaintiffs had not made any decisions on whether it would call Citizen Lab as a witness, and currently sees no need to do so. Cagney Decl. ¶ 9.

unaware of any communications between the relevant custodians and Citizen Lab after the complaint, and NSO refused to engage in further discussion regarding parameters for any expanded search. To the extent NSO demands an enterprise-wide search of all Plaintiffs' employees' email, such a request is overbroad and disproportional. Because NSO has provided no basis to believe there are relevant, post-complaint communications, it has also provided no basis for concluding that conducting such a sweeping company-wide review of emails is proportional to the needs of this case.

### III. NSO Has Failed to Show It Is Entitled to Additional Internal Communications

NSO's final request—for "documents relating to Plaintiffs' identification of and communications with Target Users," Dkt. No. 239-2 at 4—is also meritless. In response to the requests at issue, Plaintiffs have produced their "best information about the identity of the owners and users of the approximately 1,400 Target Devices." Dkt. No. 240-2 at 28. Plaintiffs also have already produced 5,026 internal communications and hundreds of technical documents showing Plaintiffs' real-time attribution of the attack to NSO, and Plaintiffs' efforts to identify the Target Users. *See, e.g.*, Cagney Decl. ¶ 13. Further, Plaintiffs have already committed to producing additional documents from their document custodians, which Plaintiffs expect may contain more information about that identification process. *See id*. ¶ 15; *id.* Ex. B. NSO's request for relief ignores the documents in its possession, and should be denied.

### CONCLUSION

For the foregoing reasons, NSO's motion to compel should be denied. From Plaintiffs' perspective, NSO's motion papers may be unsealed because they do not reflect any sensitive victim information.

7

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH**

Dated: January 9, 2024

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

8

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL - CASE NO. 4:19-CV-07123-PJH