Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:  micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** <br><br> **DISCOVERY MATTER** <br><br> Date: February 8, 2024 <br> Time: 1:30 p.m. <br> Ctrm: 3 <br> Judge: Hon. Phyllis J. Hamilton |

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited's Motion to Compel Discovery (the "Opposition") filed concurrently herewith.

3. Attached hereto as Exhibit A is a true and correct copy of an article titled, "NSO Group / Q Cyber Technologies: Over One Hundred New Abuse Cases," published by Citizen Lab on October 29, 2019, which states, among other things, that "Citizen Lab volunteered to help WhatsApp identify cases where the suspected targets of this attack were members of civil society, such as human rights defenders and journalists."

4. On August 23, 2023, I sent a letter to counsel for NSO confirming that Plaintiffs agreed to produce, in response to NSO's Requests for Production Nos. 2 through 4, 113 through 115, and 118, "(1) the form message sent to all affected WhatsApp users, and (2) document[s] sufficient to identify the information known to Meta about the 1,400 target devices and victims referenced in the complaint [the "Target Users"] . . . ; and (3) non-privileged communications with Citizens Lab [sic] prior to filing the complaint that concern efforts to identify or communicate with these victims." Craig Decl. Ex. H at 3.

5. On November 12, 2023, I sent a letter to counsel for NSO providing search terms and custodians for Plaintiffs' review and collection of documents from internal custodians in response to several of NSO's Requests for Production. Because this proposal includes as custodians individuals involved in Plaintiffs' internal process for identifying the Target Users, Plaintiffs expect those documents will contain more information about that process. Attached hereto as Exhibit B is a true and correct copy of my letter to NSO's counsel dated November 12, 2023.

1

DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY
CASE NO. 4:19-CV-07123-PJH

6. On November 12, 2023, Plaintiffs produced documents containing available identifying information for the Target Users on a Highly Confidential-Attorneys' Eyes Only basis. One such document is a spreadsheet bearing Bates number WA-NSO-00017162 that details an analysis from Citizen Lab identifying over 200 Target Users as members of "civil society," with specific descriptions of whether each was an attorney, journalist, human rights activist, or government official and cites to the relevant sources. This information was produced on a Highly Confidential – Attorney's Eyes Only basis.

7. On December 7, 2023, Plaintiffs produced an additional document to NSO regarding victim identification, including a spreadsheet with Bates number WA-NSO-00017582, which contains detailed information regarding the information that Plaintiffs have in their possession regarding the Target Users. This information was produced on a Highly Confidential – Attorney's Eyes Only basis.

8. On December 4, 2023, counsel for NSO requested that Plaintiffs provide the basis for not producing additional, post-complaint communications with Citizen Lab. Craig Decl. Ex. E.

9. On December 8, 2023, counsel for Plaintiffs met and conferred with NSO's counsel regarding NSO's requests for Plaintiffs' communications with Citizen Lab. I informed NSO's counsel that Plaintiffs had not made any decisions on whether they would call Citizen Lab as a witness at trial. As of the date of this declaration, Plaintiffs do not anticipate any need to do so.

10. On December 12, 2023, counsel for NSO sent a follow-up email, asking that "Plaintiffs confirm that with respect to Plaintiffs' second amended responses to Defendants' requests for production nos. 3, 4, 107, 108, 113, 114 and 118, wherein Plaintiffs promised to produce 'non-privileged communications with Citizen Lab prior to filing the Complaint,' that (a) Plaintiffs are not withholding any documents pursuant to any supposed privilege; (b) Plaintiffs will produce all its agreements with Citizen Lab; (c) Plaintiffs will not limit its production to documents that precede the filing of the Complaint; and (d) Plaintiffs will complete its production of these documents by next week." Craig Decl. Ex. F at 3.

2

Declaration of Craig T. Cagney in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery
Case No. 4:19-cv-07123-PJH

11. On December 13, 2023, counsel for Plaintiffs responded, "confirm[ing] that we intend to produce non-privileged communications with Citizen Lab made prior to filing the complaint, and our review has not yet identified any privileged communications between Plaintiffs and Citizen Lab during this time period," but "[i]f any such communications are redacted or withheld, we will provide a log identifying the basis for the privilege." Plaintiffs then asked NSO to provide "an explanation as to why communications between Plaintiffs and Citizen Lab made after the complaint was filed are relevant and proportional to the needs of the case," as well as "the date range NSO is seeking, so we can evaluate your request." Craig Decl. Ex. F at 2. Plaintiffs also requested a meet-and-confer to discuss this issue. Craig Decl. Ex. F at 2.

12. On December 15, 2023, counsel for NSO responded by email that they "disagree that there is anything more to discuss, and we intend to proceed accordingly." Counsel for NSO did not provide the date range or subject matter limitations on its request for post-complaint communications with Citizen Lab; did not raise any issues about documents or communications concerning Plaintiffs' internal identification process; did not indicate how NSO intended to proceed; and did not indicate it would not be following the joint letter process required by the Court's Standing Order on Discovery Disputes, which the parties had employed for their previous discovery disputes. The parties had no further discussions on any of these issues before NSO filed its motion to compel on December 22, 2023.

13. On December 15, 2023, Plaintiffs produced 5,026 internal documents and communications in response to NSO's Requests for Production. Many of these documents and communications contain information relating to the process through which Plaintiffs identified the users who were targeted by NSO.

14. On January 2, 2024, after certain delays caused by an unexpected confidentiality issue, Plaintiffs produced 431 documents and communications between Plaintiffs and Citizen Lab made between May 28, 2019 and October 29, 2019 concerning Citizen Lab's role related to this case. Plaintiffs did not withhold or redact any of these pre-complaint communications, on the basis of any privilege or otherwise.

3

Declaration of Craig T. Cagney in Support of Plaintiffs' Opposition to Defendants' Motion to Compel Discovery
Case No. 4:19-cv-07123-PJH

15.  Plaintiffs are in the process of reviewing over 42,000 documents and communications identified pursuant to the search parameters outlined in Plaintiffs' letter of November 12, 2023, and expect to complete their production of any responsive documents by the end of this month.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of January 2024 in New York, New York.

By: _/s/ Craig T. Cagney_
Craig T. Cagney

4

DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY
CASE NO. 4:19-CV-07123-PJH