1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11 | WHATSAPP INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH
12 | and FACEBOOK, INC., a Delaware corporation, |
13 |                           | **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**
14 |   Plaintiffs,             |
15 |   v.                      |
16 | NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, |
17 |                           | Action Filed: 10/29/2019
18 |   Defendants.             |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Local Rules 7-11 and 79-5(f), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") move the Court to consider whether certain portions of Defendants' Reply Memorandum in Support of Motion to Compel Discovery (the "Reply") and certain portions of and exhibits attached to the Declaration of Matthew V.H. Noller in Support of the Reply ("Noller Declaration") should be sealed. Unredacted versions of the Reply and the Noller Declaration are attached as Exhibits A and B to the declaration of Christine Choi filed concurrently herewith.

Defendants' Reply makes reference to and describes documents produced by Plaintiffs WhatsApp LLC, f/k/a WhatsApp Inc. ("WhatsApp"), and Meta Platforms, Inc., f/k/a Facebook, Inc. ("Facebook" and, collectively, "Plaintiffs") that Plaintiffs have designated as Highly Confidential Attorney's Eyes Only pursuant to the Stipulated Protective Order (Dkt. No. 132) in the above-captioned action. Defendants have attached these documents as exhibits to the Noller Declaration. Defendants now move the Court to consider whether the exhibits to the Noller Declaration and the references to those exhibits in the Reply and the Noller Declaration should be sealed. Defendants take no position as to whether these materials satisfy the requirements for sealing, and specifically reserve the right to challenge any confidentiality designations as well as the sealability of the materials at issue.

Defendants respectfully request that the Court permit Defendants' unredacted Motion to Compel Reply and the exhibits to the Noller Declaration, to be conditionally filed under seal.

DATED: January 16, 2024

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED