1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone: (213) 443-4355
5   Facsimile: (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11   WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
12   corporation,                                  **DEFENDANTS NSO GROUP
                                                   TECHNOLOGIES LIMITED
13              Plaintiffs,                         AND Q CYBER TECHNOLOGIES
                                                   LIMITED'S REPLY MEMORANDUM IN
14        v.                                       SUPPORT OF MOTION TO COMPEL
                                                   DISCOVERY**
15   NSO GROUP TECHNOLOGIES LIMITED
     and Q CYBER TECHNOLOGIES LIMITED,             **UNREDACTED VERSION OF
16                                                 DOCUMENT FILED CONDITIONALLY
                Defendants.                         UNDER SEAL**
17

18

19                                                 Action Filed:   10/29/2019

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................. 1

II. SUPPLEMENTAL BACKGROUND ....................................................................... 2

III. ARGUMENT ........................................................................................................... 5

    A. NSO's Motion Is Procedurally Proper ...................................................... 5

    B. Plaintiffs' Production of Pre-Complaint Communications with Citizen Lab Is Not Complete ..................................................................... 6

    C. Plaintiffs Should Be Compelled to Produce Responsive Post-Complaint Communications ........................................................................ 7

    D. Plaintiffs Do Not Dispute That Their Internal Investigation Documents Should Be Produced ................................................................. 9

    E. Plaintiffs Should Log Any Materials Withheld Based on Privilege ............. 10

IV. CONCLUSION ....................................................................................................... 10

## I.      PRELIMINARY STATEMENT

On November 30, 2023, Plaintiffs amended their initial disclosures to add Citizen Lab. This motion was prompted, in part, by that decision.  For it was Citizen Lab, not Plaintiffs, that █████████████████████████████████████████████████████████████████████████ ████████████████████████████████████.  Notably, Plaintiffs have produced only ██████████ ████████████████████████████████████████████ and none of Plaintiffs' own.  Moreover, Plaintiffs' recently produced documents show that █████████████████████████████████████ █████████████████████████████████████████████████████ Citizen Lab clearly has a vendetta against NSO.  Plaintiffs outsourced their investigation to Citizen Lab, and Plaintiffs, Defendants, or both will call Citizen Lab to testify about that at trial.  The Court should grant the motion and allow discovery into "Plaintiffs'" investigation, including how it was infected by Citizen Lab's bias against NSO, without the artificial date restriction urged by Plaintiffs.

Plaintiffs' opposition makes clear an order compelling production is required, including (1) all Plaintiffs' communications with Citizen Lab, including communications that post-date the filing of the Complaint; and (2) Plaintiffs' internal documents and communications regarding their attempts to investigate and identify the WhatsApp users allegedly "targeted" during April and May 2019.  *First*, NSO filed its Motion in accordance with the Court's November 15, 2023, order, which set forth the process for filing "any" motions to compel, and only after repeated attempts to obtain a definitive response from Plaintiffs' counsel.  *Second*, Plaintiffs' own belated production of its communications with Citizen Lab—which came only after this motion was filed—confirm that relevant and responsive materials have been withheld.  *Third*, NSO demonstrated the relevance and proportionality of the requests at issue, which seek documents that are directly related to core fact issues in the case and to Citizen Lab's longstanding bias against NSO.  Plaintiffs offer no explanation why documents created before the Complaint filing are discoverable, but documents created after are not*. Fourth*, in written discovery responses, Plaintiffs refused to agree to produce their internal documents relating to the investigation and identification of the 1,400 "targets" described in the Complaint.  Plaintiffs' opposition all but concedes these documents should be produced.  For these reasons, NSO requests the Court grant its motion and order production.

1    II.      **SUPPLEMENTAL BACKGROUND**

2         Eleven days after NSO was forced to file this Motion, Plaintiffs produced 431 documents

3    and communications exchanged with Citizen Lab between May 28, 2019, and October 28, 2019,

4    the day before Plaintiffs filed the Complaint.  (*See* Dkt. 251 ¶ 14; *see also* Dkt. 239-3 ¶ 10 & Exh.

5    L.)  These documents confirm that ███████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████[1]

8         **A.**    ███████████████████████████████

9         Plaintiffs' January 2, 2024, production includes a ████████████████████████████████

10   ████████████████████████████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████████████████████████████

12   ████████████████████████████████  (*See* Declaration of Matthew V.H. Noller ("Noller

13   Decl.") Exh. A.)  ████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████  *Id.*  Thereafter, ████████████████

15   ████████████████████████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████████████████████

18   ████████████████████████████████████████████  (*Id.* Exh. B.)[2]

19        **B.**    ████████████████████████████████████

20        The documents indicate that ███████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████████████████████████████████

_____

24   [1] If Plaintiffs would agree to withdraw from their case Citizen Lab's contention that Pegasus was
     used against members of "civil society" rather than to investigate terrorism and serious crime,
25   there would be much less need for this discovery.  Plaintiffs, however, have not done so.

26   [2] WhatsApp or an affiliate apparently ██████████████████████████████████████████████████
     ████████████████████████████████████████████████████████████████████████████████████████
27   ████████████████████████████████████████████████████████████████████████████████████████

28   but no fully executed copy of ████████████████████████████████  appears in Plaintiffs' document
     production.  (*Id.* Exhs. O, P.)

1 ███████████████████████████████████████████████████████

2 ████████████████ (*Id.* Exh. C.) ██████████████████████

3 ███████████████ (*See id.* Exh. D.) ████████████████████

4 ███████████████████████████████████████████████████████

5 ███████████████████████████████████████████████████████

6 ████████████████████████████████████ (*E.g., id.* Exh. C.)

7 **C.   Citizen Lab's Bias Against NSO**

8 Documents in the January 2, 2024, production also ███████████

9 ██████ One such document ████████████████████████████

10 ███████████████████████████████████████████████████████

11 █████████████████████████████ (*Id.* Exh. E; *see also id.* Exh. F

12 (referencing ███████████████████████████████████████████

13 ████████████████████████

14 Indeed, though originally ███████████████████████████████

15 ███████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████

19 ████████████████████████████ F; *see also id.* Exh. G (████

20 ███████████████████████████████████████████████████████

21 ███████████████████████████████████████████████████████

22 ███████████████████████████████████████████████████████

23 ███████████████ For example, █████████████████████████

24 ███████████████████████████████████████████████████████

25 ███████████████████████████████████████████████████████

26

27 _____

[3] ████████████████████████████████████████████
not "hundreds" as claimed in Plaintiffs' Opposition. (*See id.* Exh. H.)

1    (*Id.* Exh. F.) ███████████████████████████████████████

2    ████████████████████ (*See id.* Exh. F.) ███████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ██████████████████ (*Id.* Exh. I.)  Ultimately, however, Citizen Lab prevailed and persuaded

6    WhatsApp to file a Complaint that described the Target Users as including "attorneys, journalists,

7    human rights activists, political dissidents, diplomats, and other senior foreign government

8    officials" without reference to the fact that the vast majority of the Target Users were not members

9    of "civil society"—even under Citizen Lab's expansive definition.  [Complaint, Dkt. No. 1 ¶ 42].

10        **D.    Documents Show that Plaintiffs' Production Is Incomplete**

11           Finally, Plaintiffs' production makes clear that there are additional responsive, relevant

12    communications and documents exchanged between WhatsApp and Citizen Lab (both before and

13    after the filing of the Complaint) that have not been produced.

14           For example, Plaintiffs produced a ████████████████████████

15    ████████████████████████████████████████████████████████

16    ██████  (*Id.* Exh. J.)  Yet no record of any such updates appear in the production.  Indeed, Plaintiffs

17    have not produced any communications with Citizen Lab whatsoever in the date range July 4–25,

18    2019.[4]   In another example, in ████████████████████████████

19    ████████████████████████████████████████████████████

20    ███████████████████████████████████████ (*Id.* Exh. H.)  Plaintiffs have

21    not produced any such updates.  In the same exchange, a Facebook email ████████████

22    ████████████████████████████████████████████████████████

23    █████████████████████████████████ (*Id.* Exh. H.)  Plaintiffs' production

24    contains no ████████████████████ or any communications with ████████████[5]

25    _____

26    [4] Plaintiffs disclaim that they have withheld any communications with Citizen Lab on the basis of
      an assertion of privilege.  (*See* Dkt. 250 at 5; *see also* Dkt. 251, ¶ 14.)

27    [5] In ████████████████████████████████████████████████████

28    ████████████████████████████ (*id.* Exh. K), but that

1    The production also includes several documents indicating that 

2                                                                              (*See, e.g., id.*

3   Exhs. H, L, M.)  Plaintiffs (ironically) failed to produce any such 

4    Finally, the most recent documents in the production indicate that,

5

6

7

8

9

10

11

12                                                                              (*Id.*

13   Exh. N.)  Mr.                                    (*Id.*)   Further, Plaintiffs'

14   Opposition essentially admits the existence of such post-October 29, 2019, communications.

15   **III.    ARGUMENT**

16    **A.    NSO's Motion Is Procedurally Proper**

17    Contrary to Plaintiffs' "procedural" arguments (Opp. at 4), NSO's motion presents a

18   discovery dispute ripe for decision.  *First,* the November 15 Order plainly superseded this Court's

19   Standing Order Regarding Discovery Disputes with respect to the procedures for "resolution of

20   any discovery disputes."  (Dkt. 233 at 11.)  The Order established "the following streamlined

21   briefing schedule for *any upcoming motions to compel*: the *moving party* shall file its opening

22   motion, not to exceed fifteen (15) pages; then the *opposing party* shall file a response within seven

23   (7) days, not to exceed fifteen (15) pages; then the *moving party* shall have three (3) days to file a

24   reply, not to exceed ten (10) pages."  (*Id.* at 11 (emphasis added).)  The Order applies to "any

25   upcoming motions to compel."  (*Id.*)  Furthermore, the terms "moving party" and "opposing party"

26   indicate that *both* parties, not only Plaintiffs, are permitted to file motions to compel to facilitate

27

28   document is likewise missing from the production.

1   the efficient resolution of discovery disputes in this case going forward.  *Second*, NSO met and

2   conferred with Plaintiffs repeatedly before filing this motion.  The Craig Declaration filed in

3   support of NSO's Motion details numerous conferences and written communications by the

4   parties, dating back to May 2023, through which NSO sought to obtain the requested materials

5   without involving the Court.  (*See* Dkt. 239-3, ¶¶ 9–17.)  Contrary to Plaintiffs' arguments (Opp.

6   at 4), the Parties clearly reached an impasse, as memorialized in NSO's December 15, 2023, email

7   (Dkt. 239-3 ¶ 17 & Exh. F.)  Plaintiffs never responded to that email, never protested that there

8   was room for further compromise, and never sought to engage NSO further.  In short, NSO's

9   motion is procedurally compliant and presents a ripe discovery dispute.

**B.      Plaintiffs' Production of Pre-Complaint Communications with Citizen Lab Is Not Complete**

   While Plaintiffs have admitted that pre-Complaint communications with Citizen Lab are relevant and proportional to the needs of the case, their production of those communications is incomplete.  As discussed in Section II.D., the documents that Plaintiffs produced in response to this motion reference several categories of additional relevant *pre-Complaint* communications between Plaintiffs and Citizen Lab that have not been produced.  At minimum, these include:

- Documents and communications through which ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Noller Decl. Exh. J);

- Documents and communications relating to ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* Exh. H);

- Communications to, from, or copying ▮ ▮ ▮ ▮ ▮▮▮▮▮▮▮ (*id.* Exh. H);


- Iterations or versions of ▮▮▮▮▮ and related communications ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*e.g., id.* Exhs. H, K);

- Communications between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see, e.g., id.* Exhs. H, L, M); and

- Agendas, notes, presentations, and other documents reflecting ▮▮▮▮▮▮▮ including without limitation, those referenced in footnote 5 above.

These and all other pre-Complaint communications responsive to NSO's Request Nos. 2, 3, 4, 107, 108, 113, 114, and 118 should be produced immediately.

### C.      Plaintiffs Should Be Compelled to Produce Responsive Post-Complaint Communications

This Court also should compel Plaintiffs to produce post-Complaint materials that are responsive to the Requests at issue.  There is no basis for deeming pre-Complaint documents relevant and post-Complaint documents irrelevant.  Both are equally relevant and proportional.

*First*, any post-Complaint communications and documents would be relevant for the same reasons as the pre-Complaint communications, which Plaintiffs have already conceded must be produced.  This includes, for example, documents and communications relating to the identities of and communications with WhatsApp users alleged in the Complaint to have been targeted using Pegasus[6] (*see* Dkt. 239-3 Exh. A, Request Nos. 2, 3, 4, 113 & 114); documents and communications concerning the WhatsApp security vulnerability alleged in the Complaint to have been exploited by Pegasus (*see id*., Request Nos. 107 & 108); and Plaintiffs' communications with Citizen Lab that refer or relate to Defendants (*see id.*, Request No. 118).  The documents produced to date reveal that ████████████████████████████████████████████████ ███████████████████████████████████ and Plaintiffs provide no evidence that they simply ceased communicating with Citizen Lab after the filing of the Complaint.  Nor do Plaintiffs provide any verified statements that they searched for and were unable to locate post-Complaint communications.  To the contrary, the last document produced by Plaintiffs concerning Citizen Lab makes clear that ███████████████████████████████████████████ ████████████     (*See* Noller Decl. Exh. N.)   ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████     (*Id.*)   Citizen Lab itself has continued to make public statements decrying

---

[6] To be clear, Plaintiffs have not produced any communications with those WhatsApp users.

1    "abuses" of Pegasus, which Plaintiffs have adopted as a core litigation claim.  (*See* Dkt. 239-2 at

2    2; Dkt. 239-3, ¶ 7 & Exhs. O–X.)  Responsive communications post-dating the Complaint are also

3    likely to be probative of Citizen Lab's obvious bias against NSO, ███████████████████

4    ████████████████████████████████████████    (Noller Decl. Exh. E.)

5         *Second*, as made clear in NSO's motion and the underlying discovery requests, NSO is not

6    seeking to compel "all" of Plaintiffs' communications with Citizen Lab "merely because Citizen

7    Lab has been identified as a potential" witness.  (Dkt. 250 at 5-6.)[7]  NSO is only seeking to compel

8    the communications responsive to its identified requests.  The requested documents are relevant

9    to claims and defenses in the case, as well as to Citizen Lab's bias (and thus the credibility of its

10   accusations against NSO), and should therefore be produced.  *See Am. Shooting Ctr., Inc. v. Secfor*

11   *Int'l*, 2015 WL 11254686, at *3 (S.D. Cal. Jan. 12, 2015); *Thomas v. Ware*, 2023 WL 2717462, at

12   *1–2 (E.D. Cal. Mar. 30, 2023); *Harper v. Gov't Emps. Ins. Co.*, 2013 WL 12368687, at *1

13   (E.D.N.Y. Oct. 9, 2013).[8]

14        While NSO's Motion does not rely on Citizen Lab's status as a probable fact witness, the

15   high likelihood that Plaintiffs will call Citizen Lab to testify underscores the importance of the

16   relevant Citizen Lab communications this Motion seeks.  *See Am. Shooting Ctr.*, 2015 WL

17   11254686, at *3 (compelling production of *witness communications* about facts underlying claims

18   and defenses); *Ware*, 2023 WL 2717462, at *1-2 (order production of "communications regarding

19   plaintiff's allegations"); *Caravels LLC v. City of Gainesville*, 2020 WL 10758492, at *4 (N.D. Fla.

20

21   _____

22   [7] Plaintiffs' misrepresentation of their amended initial disclosures should be ignored.  The
     disclosures identify The Citizen Lab under Fed. R. Civ. P. 26(a)(1)(A)(i), (*see* Craig Decl. Exh. B
23   at 4), which requires the disclosure of "each individual . . . *that the disclosing party may use to
     support its claims or defenses*" (i.e., potential witnesses).  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

24   [8] Plaintiffs' reliance on *In re Bofi Holding, Inc. Securities Litigation*, (Dkt. 250 at 6) is misplaced.
25   There, the court found that the request at issue was "more concerned with the actions of [plaintiff's]
     lawyers [in crafting the complaint's allegations] … than with the knowledge of witnesses." *In re
26   Bofi Hold-ing, Inc. Sec. Litig.*, 2021 WL 3700749, at *5 (S.D. Cal. July 27, 2021); *accord id.,* at
     *4 (relatedly finding that "discovery into the conduct of plaintiff's counsel's prefiling investigation
27   is neither relevant nor important to resolving the issues") (internal quotation marks omitted).  Here,
     NSO seeks communications that will illuminate Citizen Lab's knowledge relevant to their
28   allegations against NSO that Plaintiffs have adopted as a fundamental claim in their case.

_____

1    July 13, 2020) ("Communications between a witness in a case and a party to that same case

2    concerning [matters that are] the subject of that litigation are obviously relevant. Other

3    communications between that witness and that party are also plainly relevant as possible sources

4    of impeachment evidence.").  While Plaintiffs disclaim having decided whether to call Citizen Lab

5    witnesses to testify, documents Plaintiffs have already produced confirm that ████████████

6    ████████████████████████████████████████████████████████████████████████

7    ██████████████  (*See, e.g.,* Noller Decl. Exhs. A, C, G, Q.)  If Plaintiffs are going to argue at

8    trial that Pegasus was deployed against persons who were not terrorists or serious criminals, that

9    testimony ███████████████████████████████  Moreover, it is telling that Plaintiffs

10   (despite their incentive to do so here) have refused to commit not to call witnesses from Citizen

11   Lab.  In these circumstances, the Court should compel Plaintiffs to produce the relevant post-

12   Complaint Citizen Lab communications that respond to the requests at issue here.

13           *Third*, and finally, Plaintiffs have not shown that NSO's request for such post-Complaint

14   communications is disproportionate to the needs of the case.  *See Kellgren v. Petco Animal*

15   *Supplies, Inc*., 2016 WL 4097521, at *2 (S.D. Cal. May 26, 2016) ("The party resisting discovery

16   generally bears the burden to show that the discovery requested is irrelevant to the issues in the

17   case or is not proportional to the needs of the case.").  If pre-Complaint communications are

18   relevant and proportionate (a point Plaintiffs have conceded), post-Complaint communications are

19   as well.  Contrary to Plaintiffs' insinuation, NSO has not demanded an "enterprise-wide search of

20   all Plaintiffs' employees' email." (Dkt. 250 at 7.)  Rather, consistent with their obligations under

21   the Federal Rules, Plaintiffs should make good-faith determinations regarding the scope of an

22   appropriate search, as they presumably claim to have done in identifying the pre-Complaint Citizen

23   Lab communications they have produced already.   Plaintiffs otherwise ignore NSO's

24   proportionality arguments (*see* Dkt. 239-2 at 8), thereby conceding them.

25           **D.      Plaintiffs Do Not Dispute That Their Internal Investigation Documents
                       Should Be Produced**

26

27           Plaintiffs do not dispute that their internal documents responsive to Request Nos. 2–4, 107–

28   08, & 113–14 are highly relevant or that those Requests are proportional to the needs of this case.

---

1  (*See* Dkt. 250 at 7; *see also* Dkt. 239-2 (explaining why those documents and relevant and the

2  Requests proportional).)  The fact remains, however, that Plaintiffs have largely refused to produce

3  those materials in their most recent written responses.  (*See* Craig Decl. Exh. A.)  Plaintiffs seek

4  to avoid an order compelling production by claiming that they have actually produced *some* such

5  documents—despite their written refusal to do so—and that they plan to produce more "by the end

6  of this month."  (Dkt. 251, ¶¶ 13 & 15; *see also* Dkt. 250 at 7.)  Plaintiffs' partial production of

7  responsive documents and vague promise to produce more are not bases on which to deny NSO's

8  request for relief—particularly in view of Plaintiffs' written refusals to produce the documents and

9  their sustained pattern of unreasonable delay in producing promised documents and otherwise

10  seeking to throw sand in the gears of NSO's efforts to obtain appropriate discovery, which, in part,

11  precipitated the need for NSO's motion.  (*See* Dkt. 239-2 at 6; Dkt. 239-3, ¶¶ 19–24.)

12       **E.**    **Plaintiffs Should Log Any Materials Withheld Based on Privilege**

13       Finally, Plaintiffs' Opposition effectively ducks NSO's request that Plaintiffs be compelled

14  to log responsive materials withheld based on privilege.  They should be required to do so.

15  **IV.**    **CONCLUSION**

16       For the reasons specified above, NSO respectfully requests that the Court order Plaintiffs

17  to promptly (i) produce their communications and documents exchanged with Citizen Lab

18  responsive to Request Nos. 2, 3, 4, 107, 108, 113, 114, and 118, regardless of date; and (ii) identify

19  and log any withheld material, specifying the bases for the claims that such material is privileged.

20

21  DATED:  January 16, 2023          KING & SPALDING LLP

22

23                   By:  /s/ *Joseph N. Akrotirianakis*
                    JOSEPH N. AKROTIRIANAKIS

24                      AARON S. CRAIG

25                   *Attorneys for Defendants NSO GROUP*
                 *TECHNOLOGIES LIMITED and Q*

26                   *CYBER TECHNOLOGIES LIMITED*

27

28