JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' January 18, 2024, Administrative Motion to Seal and in support of Defendants' Motion for Relief from Case Management Schedule. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. (Craig. Decl. ¶ 2.) This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. (*Id*.) After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▮▮▮ ▮▮▮▮▮▮ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. (*Id*.) The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. (*Id*.) On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) On December 21 and 22, 2023, Plaintiffs and Defendants respectively filed Motions to Compel Discovery, both of which remain pending. (Dkt. Nos. 235, 239.)

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Motion for Relief from Case Management Schedule. Sealing of the Sealed Documents was (and remains) necessary to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As is evidenced by the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The Sealed Documents are enumerated in paragraph 11, below.

1. ▮▮▮▮▮▮ Nevertheless, the existence of ▮▮▮▮▮▮
2. ▮▮▮▮▮▮ is material to certain issues in this case and specifically in respect of the parties'
3. respective positions about whether this case should be dismissed for *forum non conveniens*, and
4. Defendants are seeking to inform this Court about them. The Sealed Documents contain highly
5. sensitive, traditionally nonpublic ▮▮▮▮▮▮ information that ▮▮▮▮▮▮
6. ▮▮▮▮▮▮
7. ▮▮▮▮▮▮
8. ▮▮▮▮▮▮ and ▮▮▮▮▮▮ militates in favor of this Court's sealing
9. documents that contain references to information that ▮▮▮▮▮▮
10. ▮▮▮▮▮▮
11. ▮▮▮▮▮▮
12. ▮▮▮▮▮▮

13.     4. On July 19, 2020, the ▮▮▮▮▮▮
14. ▮▮▮▮▮▮
15. ▮▮▮▮▮▮ (August 3,
16. 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
17. presented by ▮▮▮▮▮▮, in his capacity as ▮▮▮▮▮▮
18. ▮▮▮▮▮▮
19. ▮▮▮▮▮▮ The ▮▮▮▮▮▮
20. ▮▮▮▮▮▮
21. ▮▮▮▮▮▮
22. ▮▮▮▮▮▮
23. ▮▮▮▮▮▮ The request prohibited Defendants from ▮▮▮▮▮▮



24. ▮▮▮▮▮▮
25. ▮▮▮▮▮▮
26. ▮▮▮▮▮▮
27. [3] The Office of the ▮▮▮▮▮▮
28. ▮▮▮▮▮▮

1 █
2 █
3 █
4 █
5 █
6 █ (Gelfand Decl. (Dkt. 133-6)
7 Exh. B at 1-2.)
8       5.    On July 19, 2020, █
9 █ (Gelfand Decl. (Dkt. 133-6), Exh.
10 D.) █
11 █ (*Id.* at 1.) █
12 █
13 █
14 █
15 █ (*Id.*) █ authorized
16 the █
17 █
18 █
19 █ (*Id.* at 1-2.) █
20 also authorized █
21 █
22 █ (*Id.* at 3.)
23       6.    On July 19, 2020, █
24 █ (Gelfand Decl. (Dkt. 133-6) Exh. F.) █
25 notified Defendants about the █
26 █
27 █
28 █

1 ██████████████████████████████████████████████████████████
2 ████████████████████ including a prohibition on ██████████████████
3 ██████████████████████████████████████████████████████████
4 ████████ (*Id.* ¶ 2.)
5         7.     On February 8, 2023, ███████████████████████████████
6 ██████████████████████████████████████████████████████████
7 ████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. D.) The
8 purpose for this update, according to █████████████████████████████
9 ██████████████████████████████████████████████████████████
10 ████
11        8.     On  May  21,  2023, ████████████████████████████████
12 ██████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████████
14 ██████ As soon as NSO ████████████████████████████████████████ it
15 filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ████████████ is described
16 in paragraph 10 below. ████████████████████████████████████████████ d
17 (Dkt. 195-4, Order ¶ 3), ██████████████████████████████████████
18 ██████████████████████████████████████████████████████████
19 ████████████████████████████████ (Dkt. 195-4, Order ¶ 4), and ████████
20 ██████████████████████████████████████████████████████████
21 ██████████████████████████████████████████ (Dkt. 195-4, Order ¶
22 5), ████████████████████████████████████████████████ (Dkt. 195-4,
23 ████████ ¶ 3). █████████████████████████████████████████████
24 ████ (Dkt. 195-4, ████████████ ¶ 6).
25 ██████████████████████████████
26        9.     The information that Defendants seek to keep under seal regarding the █████
27 ████████████████████████████████████ At the time Defendants first received ████
28 ██████████████████████████████████████████████████████████

CRAIG DECL.                                4                         Case No. 4:19-cv-07123-PJH

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Gelfand Decl. (Dkt. 133-6) Exh. F
2  ¶¶ 4-6.) Through their counsel in ▓▓▓ Defendants ▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to allow disclosure of ▓▓▓▓
5  ▓▓▓ to this Court and to Plaintiffs' counsel. In seeking the ▓▓▓▓ Defendants ▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓ authorizing Defendants to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓.
11        10.   The ▓▓▓▓▓▓▓ (Dkt. 195-3) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓ (Dkt. 195-3, ¶ 2.) The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 195-3, ¶ 2(1)-(6).)
17 However, the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 (Dkt. 195-3 ¶ 4 (a)-(b)). As relevant here, ▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
25        11.   Defendants seek to file under seal: (1) Exhibit 1 to this declaration, certain language
26 on pages 1-11 and 13-14 of Defendants' Motion for Relief from Case Management Schedule
27 ("Motion for Relief"); (2) Exhibit 2 to this declaration, certain language in paragraphs 5 and 8-15
28 of the Declaration of Ronni Solomon in Support of the Motion for Relief; (3) Exhibit 3 to this

1  declaration, certain language in paragraphs 3-18 of the Declaration of Chaim Gelfand in Support
2  of the Motion for Relief; and (4) portions of paragraphs 2-10 and 12 of this Declaration.

3  12. Good cause exists to seal each of the above-listed documents because the Sealed
4  Documents come from or make reference to █████████████████████████████
5  █████████████████████████████████████████ which is entitled
6  to deference.

7  a. *First*, the Sealed Documents relate to ███████████████████
8  █████████████████████████████████████████ As such,
9  the Sealed Documents contain traditionally nonpublic government information for which there is
10 no constitutional right of access. *See, e.g., N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682,
11 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally
12 nonpublic government information.") The fact that the documents were issued by ███████
13 ████████████████████████ and contain ████████████████
14 ███████████████████ "alone counsels in favor of finding that there is no
15 presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade*
16 *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper
17 commissioned by a ruler of a political subdivision of foreign nation because it contained "highly
18 sensitive, traditionally nonpublic government information, in this case of a foreign government");
19 *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22,
20 2019) (sealing multiple documents and finding that the documents contained "traditionally
21 nonpublic information" because the documents involved senior foreign officials, were designated
22 as sensitive at the time of creation, and detailed information about the nation's response to certain
23 investigations).

24 b. *Second*, ███████████████████████████████
25 ████████████████████████████████████████████████
26 ████████████████████████████████████████████████
27 ████████████████████████████████████████████████
28 ████████████████████████████████████████████████

CRAIG DECL.              6                  Case No. 4:19-cv-07123-PJH

| | |
|---|---|
| 1 | ███████████████████████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, |
| 2 | 482 U.S. 522, 543 n. 27 (1987). ████████████████████████████████████ |
| 3 | ████████████████████████████ *United States v. Sater*, 2019 WL 3288289, at |
| 4 | *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought |
| 5 | to be sealed ██████████████████████████████████████████████████ |

[lines 6-13 fully redacted]

14     c.   *Third*, because ████████████████████████

15 ████████████████ public disclosure of the Sealed Documents could ██████

[lines 16-19 fully redacted]

20     d.   To the extent there is material that Defendants seek to seal other than that

21 described in paragraphs 2-10 above, it is information ████████████████████

22 ████████████████████████████████████████████████████

23    13.   Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each

24 of the above-listed documents, and Defendants respectfully request that the Court grant the

25 accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept

26 under seal.

27    14.   The Declarant has carefully sought sealing of only those parts of this Declaration

28 as are necessary to comply with other legal obligations binding on Defendants, as described

above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[4]

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 18th day of January 2024, at Los Angeles, California.

       /s/ *Aaron S. Craig*
       AARON S. CRAIG

---

[4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.