Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:　3<br>Judge:　Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration pursuant to Civil Local Rule 79-5 in support of the Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal filed concurrently herewith.

3. Plaintiffs seek to file under seal certain portions of Defendants' Reply in Support of their Motion to Compel Discovery (the "Reply"), certain portions of the Declaration of Matthew Noller (the "Noller Declaration"), and Exhibits A through Q in support thereof (the "Exhibits") that reveal confidential information, as indicated in Defendants' Administrative Motion. Pursuant to the August 31, 2020 Stipulated Protective Order (Dkt. No. 132) in the above-captioned action, Plaintiffs designated this information and produced it in discovery as "Highly Confidential – Attorney's Eyes Only."

4. Exhibits A, B, and O are commercial agreements with a nonparty containing confidential and sensitive information, which are subject to the confidentiality provisions contained therein. These agreements concern, among other things, the processing of personal information subject to various regulatory requirements, and the process for identifying and contacting users targeted in the attacks described in Plaintiffs' complaint. Disclosure of the terms of these agreements, and the description of those terms in the redacted portions of the Reply and the Noller Declaration, could pose a risk of harm to Plaintiffs' business, their counterparty's operations, and the targeted users, and would provide competitors with an unfair advantage by providing access to internal business deliberations.

5. Exhibits J, M, and P refer to confidential communications among Plaintiffs' employees and a nonparty relating to drafting or negotiating the agreements in Exhibits A, B, and O. These communications reflect information subject to the confidentiality provisions contained in

1

Exhibits A, B, and O.  Disclosure of the terms of the agreements and the negotiations of the same, as well as the description of these documents in the redacted portions of the Reply and the Noller Declaration, could pose a risk of harm to Plaintiffs' business and the counterparty's operations, and would provide competitors with an unfair advantage by providing access to internal business deliberations.

6. Exhibits C, D, F, G, I, and Q refer to confidential communications among Plaintiffs' employees and a nonparty relating to Plaintiffs' responses to regulators and others concerning the events described in Plaintiffs' complaint.  These communications also reflect information subject to the confidentiality provisions contained in Exhibits A, B, and O.  Disclosure of these communications, and the descriptions of those communications in the redacted portions of the Reply and Noller Declaration, would reveal Plaintiffs' and nonparties' discussions and strategies when communicating with regulators, which could pose a risk of harm to Plaintiffs' business and the counterparty's operations, and would provide competitors with an unfair advantage by providing access to internal business deliberations.

7. Exhibits E, H, K, L, and N refer to confidential communications among Plaintiffs' employees and a nonparty relating to the work contemplated by the agreements in Exhibits A, B, and O, including the process for contacting users targeted in the attacks described in Plaintiffs' complaint.  Disclosure of these communications, and the descriptions of those communications in the redacted portions of the Reply and Noller Declaration, would reveal Plaintiffs' and nonparties' discussions and strategies when communicating with targeted users, which could pose a risk of harm to Plaintiffs' business, the counterparty's operations, and the targeted users, and would provide competitors an unfair advantage by providing access to internal business deliberations.

8. Exhibits B through D, F, H through N, P, and Q contain nonparties' personal contact information.  Disclosure of such information would violate these individual's privacy interests and may be abused if disclosed to the public.

9. For the reasons stated above, the public disclosure of the above-referenced confidential and sensitive information would prejudice Plaintiffs and nonparties.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of January 2024 in New York, New York.

*/s/ Craig T. Cagney*
Craig T. Cagney