Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  greg.andres@davispolk.com
        antonio.perez@davispolk.com
        craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:  micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS INC., <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH <br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE** <br><br>**PUBLIC REDACTED VERSION** <br><br>Date: February 15, 2024 <br>Time: 1:00 p.m. <br>Ctrm: 3 <br>Judge: Hon. Phyllis J. Hamilton |

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 27, 2023, the Court scheduled trial in this matter for December 2, 2024, with the parties' consent. Dkt. No. 168. In the intervening time, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (together, "Plaintiffs") have proceeded with document productions (which are now complete as to the core documents Plaintiffs currently intend to use at trial) and are currently arranging for depositions of Plaintiffs' witnesses in early March. For their part, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO") continue to resist their own discovery obligations, and now move the Court to extend the long-established trial date by three months. NSO bases that request ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that the Court rejected in its November 15, 2023 order holding that purportedly conflicting Israeli law would *not* excuse NSO from discovery of materials that are sufficiently important and specific. Dkt. No. 233 at 10.

This case has been pending for four years, and the parties should proceed to trial on December 2, 2024, as scheduled. To the extent that NSO requests additional time so it can attempt to satisfy ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and in light of challenges created by NSO's limited discovery to date, Plaintiffs have agreed to modify the schedule as indicated below, which provides additional time for discovery activities, and should allow for expert disclosures to account for additional discovery that Plaintiffs hope will be forthcoming, but does not shorten this Court's time to consider dispositive motions or delay trial:

| PROPOSED MODIFICATIONS TO CASE MANAGEMENT SCHEDULE | | | |
|---|---|---|---|
| | **Current date** | **Plaintiffs' proposal** | **NSO's proposal** |
| **Expert disclosures** | February 26, 2024 | March 26, 2024 | August 30, 2024 |
| **Fact discovery cut-off** | March 11, 2024 | April 11, 2024 | September 13, 2024 |
| **Rebuttal expert disclosures** | April 8, 2024 | May 8, 2024 | September 27, 2024 |
| **Expert discovery cut-off** | June 27, 2024 | *no change* | October 25, 2024 |
| **Dispositive motions** | August 1, 2024 | *no change* | December 2, 2024 |
| **Pretrial conference** | November 7, 2024 | *no change* | February 13, 2025 |
| **Trial date** | December 2, 2024 | *no change* | March 3, 2025 |

1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE - CASE NO. 4:19-CV-07123-PJH

Plaintiffs agree to enter an extension consistent with their proposed deadlines above, but NSO has not provided good cause for its proposed longer extension that would delay trial. The Court should not cede control of its own docket ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In denying NSO's motion to dismiss for *forum non conveniens* and rejecting NSO's argument that Israel could resolve the case more quickly, this Court emphasized that "a trial date has already been scheduled in this case for December 2024," whereas "defendants have provided no indication of when a trial would be held in Israel, or whether a trial would be held at all." Dkt. No. 233 at 7. The Court should not now allow NSO ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ delay trial based on the same Israeli law restrictions that this Court already overruled. Nor should it be surprising to NSO that this Court would be reluctant to move the trial date. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Once entered, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause may be shown where the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*. (internal quotation marks omitted). It is NSO's burden to show it acted diligently and that it cannot comply with the Court's schedule "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Clear–View Techs., Inc. v. Rasnick*, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). NSO fails to meet this standard for its request for at least a six-month extension of discovery and at least a three-month extension of trial.

2

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE - CASE NO. 4:19-CV-07123-PJH

|   |   |
|---|---|
| 1 | NSO principally argues that it cannot comply with the current schedule because ▮ |
| 2 | ▮. *See* Dkt. No. 264-2.  As indicated above, Plaintiffs have indi- |
| 3 | cated their willingness to agree to a reasonable extension of certain deadlines (including expert |
| 4 | reports and fact discovery) that do not impact the trial date.  In arguing for more drastic changes |
| 5 | to the schedule, and for a new trial date, NSO overlooks that the Court has already overruled NSO's |
| 6 | Israeli law objections and indicated that "where the requested discovery is sufficiently important |
| 7 | and specific, the court will order compliance with those discovery requests despite the DECL and |
| 8 | other Israeli restrictions."  Dkt. No. 233 at 10.  Accordingly, ▮ |
| 9 | ▮ cannot constitute good cause to further modify the case sched- |
| 10 | ule and delay trial. |
| 11 | Additionally, NSO's difficulties ▮, *see* Dkt. |
| 12 | No. 264-2 at 8–12, do not constitute good cause either.  NSO does not deny that *NSO* still retains |
| 13 | possession of its own documents, and does not claim that *NSO* cannot conduct its own searches |
| 14 | for the requested documents.  Moreover, Plaintiffs have tailored nearly all of their requests to |
| 15 | documents "sufficient to show" certain topics concerning NSO spyware designed to target |
| 16 | WhatsApp or WhatsApp users.  *See* Dkt. No. 261 at App'x A.  NSO knows or should know which |
| 17 | documents those are, and where to find them.  Accordingly, there is no reason that NSO cannot |
| 18 | produce those documents to Plaintiffs, ▮.[1] |
| 19 | To the extent that NSO may face hardship if the trial schedule is not extended as much as |
| 20 | it would like, that hardship is entirely of NSO's own making.  *Mosley v. Groupon, Inc.*, 2016 WL |
| 21 | 4702680, at *2 (N.D. Cal. Sept. 10, 2016) (finding defendant failed to establish good cause to |
| 22 | postpone deadlines for dispositive motion and trial "because the situation is one of Groupon's own |
| 23 | making," as it "could have made efforts to ensure the completion of discovery prior to the dead- |
| 24 | line").  This case has been pending for four years, and ▮ |
| 25 | ▮.  *See* Dkt. No. 264-4 ¶ 5.  As addressed in |
| 26 | |
| 27 | [1] These difficulties also result from NSO's placement on the U.S. Department of Commerce's Entity List for engaging in the same type of conduct alleged in this lawsuit.  *See* Dkt. No. 221 at 5–6, 18.  NSO should not be allowed to use penalties imposed for NSO's own misconduct as an excuse to further delay this litigation. |
| 28 | |

3

1  Plaintiffs' motion to compel, *see* Dkt. No. 261 at 1–3, NSO provides no excuse for failing to ▮
2  ▮ after this Court denied its immunity defense in 2020, during the three years the case
3  was stayed pending NSO's appeal, or for several months after that stay was lifted in January 2023.
4  This Court should not delay trial just because NSO chose to drag its feet. *See Brooks v. Agate*
5  *Res., Inc.*, 836 F. App'x 471, 473–74 (9th Cir. 2020) (holding district court did not abuse its dis-
6  cretion by denying request for extension of discovery deadline, in part "because the case had been
7  pending almost two years"); *Naxos, LLC v. Am. Fam. Ins. Co.*, 2020 WL 106740, at *5 (W.D.
8  Wash. Jan. 9, 2020) ("[r]epresentations . . . that a party needs more time to complete discovery do
9  not establish good cause to merit a trial continuance") (internal quotation marks omitted). More-
10 over, NSO agreed to the current case schedule with full awareness of ▮
11 ▮, yet waited until the end of the discovery period to move. *See United*
12 *States v. Cathcart*, 2009 WL 1817006, at *2 (N.D. Cal. June 24, 2009) (denying motion to modify
13 scheduling order where movant "failed to demonstrate that they diligently sought to modify the
14 scheduling order once it became apparent that they could not comply with the order").

15   Despite NSO's inaction to date, a one-month extension of the fact discovery and expert
16 report deadlines will provide both NSO and Plaintiffs with more than sufficient time to complete
17 discovery. For their part, Plaintiffs will soon fulfill their own discovery obligations, and well
18 within their proposed extended deadline of April 11, 2024. Even though Plaintiffs were victims
19 of NSO's attacks and NSO has most of the relevant documents, NSO has forced Plaintiffs to re-
20 spond to 231 document requests and 180 requests for admission—most of which were wholly
21 irrelevant to the issues in the case. And while NSO has produced just 40 documents to date, Plain-
22 tiffs have already produced over 17,000, including what Plaintiffs currently understand to be the
23 most relevant documents in this case that they intend to use to prove their claims. Plaintiffs antic-
24 ipate completing their production of the remaining documents requested by NSO by the first week
25 of February 2024. Plaintiffs have reached out to the witnesses that NSO has noticed for deposi-
26 tions, and expect to produce those individuals for depositions in early March. Plaintiffs therefore

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF
FROM CASE MANAGEMENT SCHEDULE - CASE NO. 4:19-CV-07123-PJH

expect to satisfy their own discovery obligations before even the current fact discovery deadline.[2] Nonetheless, Plaintiffs will agree to a brief adjournment of the upcoming dates in the case schedule to allow NSO more time to produce documents, which would be highly relevant to the expert reports currently due February 26, 2024. It makes little sense to file those reports before NSO produces any documents, or at least before any production deadline this Court sets in connection with compelling NSO to produce documents.

Because NSO has provided no good cause for a lengthy extension that would delay trial, NSO's request should be denied.

## CONCLUSION

For the foregoing reasons, NSO's motion for relief from the case management schedule should be granted in part by adopting Plaintiffs' proposed schedule set forth above and in the Proposed Order, to which there are no objections. NSO's motion should otherwise be denied.

---

[2] NSO's complaints also ignore the scale of the burdensome discovery requests that NSO has made on Plaintiffs since serving its first document requests in March 2023.

5

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE - CASE NO. 4:19-CV-07123-PJH

Dated: January 26, 2024

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
 antonio.perez@davispolk.com
 craig.cagney@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*