Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **MOTION FOR INTERIM SCHEDULE RELIEF** <br><br> Ctrm:  3 <br> Judge   Hon. Phyllis J. Hamilton <br><br> Action Filed: October 29, 2019 |

Pursuant to Rules 6-1 and 6-3 of Civil Local Rules for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") respectfully request that this Court modify the case schedule to extend a single fast-approaching deadline by one month, in advance of a February 15, 2024 hearing. Despite Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants") having independently moved for a *six-month* extension (which Plaintiffs oppose because it would require moving a long-awaited trial date), they refuse to agree to this interim relief. Hence this motion for interim schedule relief.

## BACKGROUND

The Court entered a Case Management and Pretrial Order on February 27, 2023, which set various deadlines, including for disclosure of experts (retained and non-retained) on February 26, 2024, non-expert discovery cutoff on March 11, 2024, disclosure of rebuttal experts (retained and non-retained) on April 8, 2024, and trial on December 2, 2024. (Dkt. No. 168 at 1.)

On January 18, 2024, Defendants filed a Motion for Relief from the Case Management Schedule, which requests a six-month extension of these case deadlines, and would reduce the time for dispositive motions and delay trial. (*See* Dkt. No. 264-2.) Eight days later, on January 26, 2024, Plaintiffs filed an Opposition, which asks the Court to grant a smaller one-month extension of the fact discovery and expert deadlines—including the fast-approaching February 26, 2024 date for expert disclosures—while maintaining the December 2, 2024 trial date and the schedule for dispositive motions. (*See* Dkt. No. 272-3.)

On January 24, 2024, Plaintiffs agreed by stipulation to Defendants' request to move the previously scheduled February 8, 2024 hearing to February 15, 2024, in order to accommodate Defendants' counsel's scheduling conflict. (Dkt. No. 270 at 1.) That stipulation also recognized that "for the purpose of efficient case management it would be beneficial to know earlier than February 22, 2024 whether or not Defendants will obtain the relief they seek in the Motion for Relief, including whether the Court will modify the February 26, 2024 deadline for Disclosure of Experts." (*Id*. at 1–2.) Further, "given the possible impact on schedule deadlines as early as February 26, 2024," the parties expressly contemplated seeking earlier action on the scheduling issues,

in light of the close proximity of the February 15, 2024 hearing to the February 26, 2024 expert-disclosure deadline.  (*Id*. at 2.)

Soon after Plaintiffs filed their Opposition, counsel for Plaintiffs proposed the possibility of the parties stipulating to Plaintiffs' proposed extensions, without prejudice for Defendants' argument that the case schedule should be extended further.  (Block Decl. ¶ 8.)  Defendants refused to enter into this stipulation.  (*Id*. ¶¶ 9, 11.)

## **ARGUMENT**

Both parties agree that certain upcoming deadlines, including the deadlines for expert disclosures, should be moved by at least one month.  (*See* Dkt. No. 264-2 at 1; Dkt. No. 272-3 at 1.)  The Court should grant an interim one-month extension of the affirmative expert disclosure deadline.  Despite Defendants' refusal to stipulate to it, this one-month extension is without prejudice to Defendants' pursuing the longer extension (which Plaintiffs oppose).

As set forth in Plaintiffs' Opposition to Defendants' Motion for Relief from the Case Management Schedule, a short extension is appropriate because Defendants have essentially refused to produce discovery in this case.  (*See* Dkt. No. 272-3.)  Defendants have produced fewer than 50 documents, and have not produced any technical data or code, nor provided a single date when their employees are available for depositions.  (*See id*. at 4–5.)  In addition, Defendants' counsel have offered deposition dates for third parties they represent whose testimony may be relevant to expert reports only on or after the current deadline for expert disclosures.  (Block Decl. ¶ 3.)  Although the Court is slated to hold a hearing on Defendants' Motion for Relief from the Case Management Schedule on February 15, 2024 (Dkt. No. 271), waiting until then to grant relief would unfairly prejudice Plaintiffs, who must prepare in the meantime for the possibility of serving disclosures on February 26, 2024, notwithstanding Defendants' limited participation in discovery and notwithstanding that both parties have already asked the Court to extend that date.

Plaintiffs sought to obtain the modest relief they seek here without burdening the Court with motion practice in two ways.  First, Plaintiffs obtained Defendants' agreement to seek a hearing date earlier than February 15, 2024 (*see* Dkt. No. 271), but Defendants rendered that solution ineffective by informing Plaintiffs on February 5, 2024, that they have no availability to address

the matter until "one or two days" before the February 15, 2024 hearing. (Block Decl. ¶ 9.) Second, Plaintiffs asked Defendants to stipulate to this interim schedule relief, expressly without prejudice to Defendants' request for greater relief. (*Id*. ¶ 8.) Defendants refused. (*Id*. ¶¶ 9, 11.)

Plaintiffs now request that the deadline for affirmative expert disclosures be extended by one month, to **March 26, 2024**. This modest relief will ease unnecessary burden on Plaintiffs, and will not unfairly prejudice Defendants, who will be free to seek the longer extensions they have requested at the already-scheduled February 15, 2024 hearing. Plaintiffs further request that the Court shorten deadlines so that it may address this motion at its earliest convenience, as set forth in the accompanying administrative motion to shorten time.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the deadline for affirmative expert disclosures to **March 26, 2024**, as set forth in the accompanying Proposed Order.

Dated: February 6, 2024

                                         DAVIS POLK & WARDWELL LLP

                               By:  */s/ Micah G. Block*
                                     Greg D. Andres
                                     Antonio J. Perez-Marques
                                     Craig T. Cagney
                                     (admitted *pro hac vice*)
                                     DAVIS POLK & WARDWELL LLP
                                     450 Lexington Avenue
                                     New York, New York 10017
                                     Telephone: (212) 450-4000
                                     Facsimile: (212) 701-5800
                                     Email: greg.andres@davispolk.com
                                                         antonio.perez@davispolk.com
                                                         craig.cagney@davispolk.com

                                     Micah G. Block (SBN 270712)
                                     DAVIS POLK & WARDWELL LLP
                                     1600 El Camino Real
                                     Menlo Park, California 94025
                                     Telephone: (650) 752-2000
                                     Facsimile: (650) 752-2111
                                     Email: micah.block@davispolk.com

                                   *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

4