Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF MOTION FOR INTERIM SCHEDULE RELIEF**<br><br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am a partner of the law firm of Davis Polk & Wardwell LLP and admitted to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action. I submit this Declaration in support of Plaintiffs' Motion for Interim Schedule Relief (the "Motion"), which is filed herewith.

2. On February 27, 2023, the Court entered a Case Management and Pretrial Order. (Dkt. No. 168.) The Case Management and Pretrial Order set various deadlines including for the disclosure of experts (retained and non-retained) on February 26, 2024, non-expert discovery cut-off on March 11, 2024, and disclosure of rebuttal experts (retained and non-retained) on April 8, 2024. (Dkt. No. 168 at 1.)

3. Plaintiffs issued a deposition subpoena to Josh Shaner on June 11, 2020. Plaintiffs issued a deposition subpoena to Terrence DiVittorio on June 30, 2020. I understand that Mr. Shaner and Mr. DiVittorio were employees of Westbridge Technologies, Inc., Defendants' U.S. affiliate, and were involved in marketing Defendants' products in the United States.

4. Counsel for Defendants have made Mr. Shaner available for a deposition on February 29, 2024 and Mr. DiVittorio available for a deposition on March 1, 2024. I am informed that counsel for Defendants did not offer any dates when Mr. Shaner or Mr. DiVittorio were available prior to February 26, 2024.

5. On January 18, 2024, Defendants filed a Motion for Relief from the Case Management Schedule. (Dkt. No. 264-2.) In that Motion for Relief, Defendants sought to extend the February 26, 2024 expert disclosure deadline by approximately six months, to August 30, 2024. (*Id*. at 1.)

6. After Defendants filed their Motion for Relief, the parties conferred and agreed that "for the purpose of efficient case management it would be beneficial to know earlier than February 22, 2024 whether or not Defendants will obtain the relief they seek in the Motion for Relief, including whether the Court will modify the February 26, 2024 deadline for Disclosure of Experts." (*See* Dkt. No. 270 at 1–2.) In the stipulation that followed, Plaintiffs agreed, subject to the Court's

1

approval, to shorten their own time to file their Opposition to the Motion for Relief, and Defendants agreed to file their Reply within seven days of Plaintiffs' accelerated Opposition.  (*Id.* at 2.) In addition, counsel for the parties agreed to contact the Court once Defendants filed their Reply, in order to seek an earlier hearing date, noting "the possible impact on schedule deadlines." (*Id.*)

7.      Plaintiffs filed their Opposition to Defendants' Motion for Relief on January 26, 2024. (Dkt. No. 272–3.) On February 2, 2024, Defendants filed a Reply in Support of their Motion for Relief.  (Dkt. No. 276-2.)

8.      I am informed that, on February 1, 2024, counsel for Plaintiffs spoke with counsel for Defendants, and proposed the possibility of the parties stipulating to Plaintiffs' proposed extensions, without prejudice to Defendants' argument that the case schedule should be extended further.  Counsel for Plaintiffs also provided availabilities for an accelerated hearing on Defendants' Motion for Relief during the week of February 5, 2024.

9.      On February 5, 2024, counsel for Defendants sent an email to counsel for Plaintiffs stating, "Defendants are unable to fit in a motion hearing into our calendars this week, and we agree with you that asking the court to accelerate the motions by one or two days next week is silly."  In the same email, counsel for Defendants refused to stipulate to a one-month extension. A copy of this email exchange is attached as **Exhibit A**.

10.      On February 6, 2024, counsel for Plaintiffs responded to counsel for Defendants, stating, "There is no reason that Plaintiffs should be prejudiced on the expert deadline by NSO's scheduling difficulties, especially when NSO is seeking a greater extension and our proposal is expressly without prejudice to that request." Counsel for Plaintiffs repeated their request that Defendants "stipulate to extending only the expert deadline to March 26, without prejudice to any of the relief sought in NSO's motion" and noted that Plaintiffs were "happy to include an extension of the rebuttal deadline to May 8, or wait to address that date on February 15" at Defendants' option. (Ex. A at 2.)

11.      On February 6, 2024, counsel for Defendants responded to counsel for Plaintiffs refusing to "stipulate to extend only the deadlines that Facebook wants to extend, and only for the length of time Facebook wants to extend them."   (Ex. A at 1.)  Instead, Defendants were only

2

1  "willing to agree to stipulate to the relief sought through [their] motion."  (*Id*.)  Counsel for Defendants stated that they were unavailable for a hearing on February 8, 9, and 12, 2024, and only able to accelerate the hearing to February 13 or 14, 2024—just two days before the already scheduled hearing.  (*Id*. at 1.)

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of February, 2024 at Menlo Park, California.

                                      */s/ Micah G. Block*
                                      Micah G. Block

3

DECLARATION OF M. BLOCK IN SUPPORT OF MOTION FOR INTERIM SCHEDULE RELIEF
CASE NO. 4:19-CV-07123-PJH