Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF MICAH G. BLOCK IN SUPPORT OF ADMINISTRATIVE MOTION TO SHORTEN TIME TO RESPOND TO PLAINTIFFS' MOTION FOR INTERIM SCHEDULE RELIEF** <br><br> Ctrm:   3 <br> Judge:  Hon. Phyllis J. Hamilton <br><br> Action Filed: October 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am partner of the law firm of Davis Polk & Wardwell LLP and admitted to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action. I submit this Declaration in support of Plaintiffs' Administrative Motion to Shorten Time to Respond to Plaintiffs' Motion for Interim Schedule Relief, which is filed herewith.

2. Plaintiffs filed their Motion for Interim Schedule Relief (the "Motion") at the earliest opportunity after the dispute with Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants") became apparent, and this Administrative Motion to Shorten Time seeks to ensure that Plaintiffs have an opportunity to receive meaningful relief.

3. After Defendants filed their Motion for Relief from the Case Management Schedule on January 18, 2024, which requests a six-month extension of these case deadlines (*see* Dkt. No. 264-2), Plaintiffs' counsel contacted Defendants' counsel in order to explore accelerating disposition of Defendants' Motion for Relief, which would impact fast-approaching deadlines.

4. On January 24, 2024, the parties entered into a stipulation that recognized that "for the purpose of efficient case management it would be beneficial to know earlier than February 22, 2024 whether or not Defendants will obtain the relief they seek in the Motion for Relief, including whether the Court will modify the February 26, 2024 deadline for Disclosure of Experts." (Dkt. No. 270 at 1–2.) In that stipulation, counsel for the parties agreed that "given the possible impact on schedule deadlines as early as February 26, 2024, counsel for Plaintiffs and Defendants have agreed to contact the Court to determine whether it is amenable to hearing from the parties on the Motion for Relief . . . on a mutually convenient date earlier than February 15, 2024, after all briefing is complete." (*Id*. at 2.)

5. Separately, Plaintiffs' counsel proposed to Defendants' counsel the possibility of stipulating to Plaintiffs' proposed extensions on an interim basis, without prejudice for Defendants' argument that the case scheduled should be extended further.

6. On February 5, 2024, Defendants' counsel informed Plaintiffs' counsel that they were "unable to fit in a motion hearing into our calendars this week." (Ex. A to Block Decl. in

1

1  Supp. of Mot. for Interim Schedule Relief at 3.)  Defendants refused to stipulate to a one-month
2  extension.  (*Id*. at 1.)
3        7.      On the morning of February 6, 2024, Plaintiffs' counsel requested that Defendants'
4  counsel stipulate to a one-month extension of only the expert deadline set for February 26, 2024,
5  and informed Defendants' counsel that "[a]bsent a stipulation, we intend to file a motion this even-
6  ing seeking interim schedule relief, and shortening the time for responses so we can obtain relief
7  by later this week."  (*Id*.)  Defendants' counsel responded later that evening, stating "[we] do not
8  agree to stipulate to extend only the deadlines that Facebook wants to extend, and only for the
9  length of time Facebook wants to extend them."  (*Id*.)
10        8.      Pursuant to Local Rule 6-2(a)(2), the Court has previously issued the following
11  time modifications in this case:

      a.      granting Plaintiffs' request to reschedule the case management conference prior to the service of summons and complaint on Defendants (Dkt. No. 17);

      b.      granting the Parties' request to enlarge the time to file their opposition and reply to Defendants' motion to dismiss (Dkt. No. 50);

      c.      granting the Parties' request to enlarge the time to file their opposition and reply to Plaintiffs' motion to disqualify defense counsel (Dkt. No. 73);

      d.      granting the Parties' request to enlarge the time for Defendants to file their reply in support of their motion to stay, and for Plaintiffs to file their reply in support of their motion to compel (Dkt. No. 138);

      e.      granting the Parties' request to enlarge the time to file their opposition and reply to Defendants' motion to dismiss for *forum non conveniens* (Dkt. No. 219); and

      f.      granting the Parties' request to enlarge the time to respond to motions to compel (Dkt. No. 245).

25        9.      Plaintiffs' request to shorten time will not affect any other currently pending dead-
26  lines.
27        I declare under the penalty of perjury that the foregoing is true and correct.
28

2

Decl. of M. Block ISO Admin. Motion to Shorten Time to Respond to Plaintiffs' Motion for Interim Schedule Relief - Case No. 4:19-cv-07123-PJH

Executed on the 6th day of February, 2024 at Menlo Park, California.

          */s/ Micah G. Block*
          Micah G. Block

3

DECL. OF M. BLOCK ISO ADMIN. MOTION TO SHORTEN TIME TO RESPOND TO PLAINTIFFS' MOTION FOR INTERIM SCHEDULE RELIEF - CASE NO. 4:19-CV-07123-PJH