# EXHIBIT 1

| | |
|---|---|
| **From:** | Ben Lee |
| **To:** | ron@citizenlab.ca; r.deibert@utoronto.ca; siena@citizenlab.ca |
| **Cc:** | Joe Akrotirianakis; Aaron Craig |
| **Subject:** | Request for documents and deposition testimony in WhatsApp litigation against NSO Group Technologies Limited |
| **Date:** | Wednesday, January 31, 2024 9:41:44 AM |
| **Attachments:** | image001.png |
| | Schedules A & B.pdf |
| | Attachment 1 - federal_rules_of_civil_procedure_december_1_2022_0.pdf |
| | Attachment 2 - CAND_Civil_Local_Rules_10-19-2023.pdf |
| | Attachment 3 - 2019-10-29 - DKT 1 COMPLAINT (EXHBITS 1-11).pdf |

Mr. Deibert and Ms. Anstis:

We represent NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO") in a lawsuit filed by WhatsApp LLC, f/k/a WhatsApp Inc. ("WhatsApp"), and Meta Platforms, Inc., f/k/a Facebook, Inc. (together, "Plaintiffs") in the United States District Court for the Northern District of California styled *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH (N. D. Cal.) (the "Litigation") in which Plaintiffs assert various legal claims against NSO relating to a cybersecurity incident in or around May 2019 (the "Incident").  A copy of the complaint filed in the Litigation is included herewith as Attachment 3.

As you know, during 2019, The Citizen Lab at the Munk School of Global Affairs & Public Policy of the University of Toronto ("Citizen Lab") entered certain agreements with WhatsApp and affiliated entities to undertake analyses and provide recommendations relating to the Incident.  Plaintiffs have identified Citizen Lab as an entity that may have information "relevant to the identification of [NSO] as responsible for unauthorized access and abuse of the WhatsApp service" that Plaintiffs may seek to use to support their claims in the Litigation.  Moreover, communications between Plaintiffs and Citizen Lab and related documents produced in the Litigation indicate that Citizen Lab developed the facts underlying Plaintiffs' allegations that (a) Pegasus was installed on the mobile devices of ~1,400 persons suspected by their governments of terrorism or serious crime ("Target Users"); and (b) that some of the Target Users are "attorneys, journalists, human rights activists, political dissidents, diplomats, and other senior foreign government officials."  Attachment 3, ¶ 42.  Citizen Lab has made similar allegations in numerous publications, statements in articles published by news media, and appearances on television and radio programs and podcasts, examples of which are posted or linked to Citizen Lab's website here:  https://citizenlab.ca/category/lab-news/mentions/.

In these circumstances, NSO intends to seek the production of certain documents from Citizen Lab, as specified in the Schedule A attached to this email, as well as deposition testimony from knowledgeable Citizen Lab witnesses, to be taken pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California (copies included as Attachments 1 and 2 hereto) at an agreeable location, date, and time, as specified in the attached Schedule B.

If necessary, NSO is preparing to seek Citizen Lab's production of the requested documents and witness testimony via the letter rogatory process, as authorized pursuant to U.S. and Canadian law.  As a part of that process, we are contacting you to determine whether Citizen Lab would spare the relevant courts and interested parties the burdens associated with that process and instead to agree to provide the requested documents and witness testimony voluntarily.

Please let us know by close of business tomorrow Citizen Lab's position with respect to NSO's request.  We are currently facing a fact discovery deadline in the Litigation of March 11, 2024, and will need to reach a resolution concerning the discovery sought from Citizen Lab well in advance of that date.

Thank you for your attention to this matter.

---

**Benjamin Lee**

T: +1 404 572 2820  |  E: blee@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

King & Spalding


kslaw.com

## SCHEDULE A

### I.    DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California (*see* Attachments 1 and 2). In addition, the following terms shall have the meanings set forth below whenever used in any request:

1.     The term "Agreements" includes each of the following:  (i) the Data Transfer Letter Agreement dated July 3, 2019, and executed on behalf of WhatsApp Ireland Limited, WhatsApp, Inc., and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (ii) the Framework Agreement dated September 9, 2019, and executed on behalf of WhatsApp, Inc. and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (iii) the Data Processing Agreement dated September 23, 2019, and executed on behalf of WhatsApp Ireland Limited and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (iv) the Side Letter to Amend Framework Agreement dated October 11, 2019, and executed by WhatsApp, Inc. and The Governing Council of the University of Toronto on behalf of the Citizen Lab at the Munk School of Global Affairs and Public Policy; and (v) the Side Letter to Amend Data Processing Agreement dated October 11, 2019, and executed by WhatsApp Ireland Limited and The Governing Council of the University of Toronto on behalf of the Citizen Lab at the Munk School of Global Affairs and Public Policy.

2.     The terms "all" and "any," whenever used separately, shall be construed as "any and all."

1

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

4.      "Citizen Lab" means the interdisciplinary laboratory based at the Munk School of Global Affairs and Public Policy at the University of Toronto named and known as "The Citizen Lab" or "Citizen Lab," including its current and former employees, director(s), staff and research fellows, researchers, research fellows, and PhD candidates and post-doctoral fellows.

5.      "Communication(s)" means any transfer of information, ideas, opinions, inquiries or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications.  For the avoidance of doubt, the term "Communication(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

6.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited, each of which, respectively, is a "Defendant."

7.      "Document(s)" means any written, printed, typed, or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings,

magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained.  The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original.  The term "Document(s)" includes all documents in your care, custody, possession or control, and all documents made available to you, whether or not such documents are in your custody or possession.  For the avoidance of doubt, the term "Document(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

8.      "Meta" means Plaintiff Meta Platforms, Inc., including its predecessors (including Facebook, Inc.), successors, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

9.      "Pegasus" means the technology solution described in Exhibit 10 to the WhatsApp Complaint (defined below).

10.     The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

11.     "Security Vulnerability" refers to any weakness in computer code, a system, system security procedures, internal controls, or implementation that could allow for unintended use or

access, whether the product of intentional design or not.

12.     "WhatsApp" means WhatsApp LLC, including its predecessors (including WhatsApp Inc.), successors, assigns, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

13.     "WhatsApp Complaint" means the complaint filed in the lawsuit styled *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH (N. D. Cal.), a copy of which is attached hereto as Attachment 3.

14.     The terms "you" and "your" refer to Citizen Lab.

## II.     INSTRUCTIONS

1.     These Requests shall apply to all documents in your possession, custody, or control, including documents in the possession or custody of your affiliates, agents, attorneys, consultants, investigators, or other persons acting on your behalf.

2.     You are to produce all responsive documents in full, without abbreviation, expurgation, or redaction.

3.     All documents responsive to the Requests for Production set forth below (the "Requests") shall be produced in an orderly manner and with appropriate markings or other identification to enable identification of the source of the document and number of the Request(s) to which it responds, or as such documents otherwise are maintained in the usual course of business.

4.     If you believe that any of the following Requests calls for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of

the documents withheld.  Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim of privilege.  Such information should include all other recipients of the substance of the withheld document.

5.      The Requests set forth below seek Documents and Communications created, sent or received between January 1, 2015, and the present.

III.    **REQUESTS FOR PRODUCTION**

1.      All Documents and Communications relating to any analysis, investigation, or other work performed, and any recommendations made, pursuant to any of the Agreements.

2.      All Documents and Communications sent to or received from any employee or former employee or representative of either Defendant.

3.      All Documents and Communications relating to any Security Vulnerability or other vulnerability in the WhatsApp communication service of which you are aware, including but not limited to that described in CVE-2019-3568 (as referenced in paragraphs 25 and 44 of the WhatsApp Complaint).

4.      All Documents and Communications relating to the investigation or identification of any electronic device upon which you and/or, to your knowledge, any representative of Citizen Lab believe, or at any time believed, Pegasus was installed (any such device referred to hereinafter as a "Targeted Device").

5.      All Documents and Communications relating to any investigation or identification of the identity of the user or owner of any Targeted Device.

6.      All drafts of all Documents identifying users or owners of any Targeted Device.

7.      All Documents and Communications constituting or relating to any notice provided to or other correspondence with users or suspected users or owners or suspected owners of Targeted Devices.

8.      All Documents and Communications relating to any analysis performed directly or indirectly by Citizen Lab concerning whether any users or suspected users of Targeted Devices fit within broad definitions of civil society.

9.      All Documents and Communications relating to any analysis performed directly or indirectly by Citizen Lab as to whether any users or suspected users of Targeted Devices were or are "VIP" targets.

10.      All Documents and Communications relating to any payments, contributions, or donations, whether monetary or in-kind donations of investigative tools or equipment, that Citizen Lab received, directly or indirectly, from Meta or WhatsApp or any of their predecessors, affiliates, or agents.

## <u>SCHEDULE B</u>

**I.      DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California (*see* Attachments 1 and 2). In addition, the following terms shall have the meanings set forth below whenever used in any request:

1.      The term "Agreements" includes each of the following:  (i) the Data Transfer Letter Agreement dated July 3, 2019, and executed on behalf of WhatsApp Ireland Limited, WhatsApp, Inc., and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (ii) the Framework Agreement dated September 9, 2019, and executed on behalf of WhatsApp, Inc. and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (iii) the Data Processing Agreement dated September 23, 2019, and executed on behalf of WhatsApp Ireland Limited and The Governing Council of the University of Toronto, as represented solely by its Citizen Lab at the Munk School of Global Affairs and Public Policy; (iv) the Side Letter to Amend Framework Agreement dated October 11, 2019, and executed by WhatsApp, Inc. and The Governing Council of the University of Toronto on behalf of the Citizen Lab at the Munk School of Global Affairs and Public Policy; and (v) the Side Letter to Amend Data Processing Agreement dated October 11, 2019, and executed by WhatsApp Ireland Limited and The Governing Council of the University of Toronto on behalf of the Citizen Lab at the Munk School of Global Affairs and Public Policy.

2.      The terms "all" and "any," whenever used separately, shall be construed as "any and all."

1

3.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

4.      "Citizen Lab" means the interdisciplinary laboratory based at the Munk School of Global Affairs and Public Policy at the University of Toronto named and known as "The Citizen Lab" or "Citizen Lab," including its current and former employees, director(s), staff and research fellows, researchers, research fellows, and PhD candidates and post-doctoral fellows.

5.      "Communication(s)" means any transfer of information, ideas, opinions, inquiries or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications.  For the avoidance of doubt, the term "Communication(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

6.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited, each of which, respectively, is a "Defendant."

7.      "Document(s)" means any written, printed, typed, or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings,

magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained.  The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original.  The term "Document(s)" includes all documents in your care, custody, possession or control, and all documents made available to you, whether or not such documents are in your custody or possession.  For the avoidance of doubt, the term "Document(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

8.     "Meta" means Plaintiff Meta Platforms, Inc., including its predecessors (including Facebook, Inc.), successors, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

9.     "Pegasus" means the technology solution described in Exhibit 10 to the WhatsApp Complaint (defined below).

10.    The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

11.    "Security Vulnerability" refers to any weakness in computer code, a system, system security procedures, internal controls, or implementation that could allow for unintended use or

access, whether the product of intentional design or not.

12.     "WhatsApp" means WhatsApp LLC, including its predecessors (including WhatsApp Inc.), successors, assigns, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

13.     "WhatsApp Complaint" means the complaint filed in the lawsuit styled *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH (N. D. Cal.), a copy of which is attached hereto as Attachment 3.

14.     The terms "you" and "your" refer to Citizen Lab.

## II.     TOPICS FOR DEPOSITION

1.     Any analysis, investigation, or other work performed, and any recommendations made, by Citizen Lab pursuant to any of the Agreements.

2.     Citizen Lab's publications about Defendants and/or Pegasus, and its underlying methodology.

3.     Citizen Lab's communications with any employee or former employee or representative of either Defendant.

4.     Any analysis, investigation, or other work performed by Citizen Lab relating to any Security Vulnerability or other vulnerability in the WhatsApp communication service of which you are aware, including but not limited to that described in CVE-2019-3568 (as referenced in paragraphs 25 and 44 of the WhatsApp Complaint).

5.     Any analysis, investigation, or other work performed by Citizen Lab relating to any Security Vulnerability or other vulnerability in any communication service, website, computer or mobile application or platform offered by Meta.

6.     Any analysis, investigation, or other work performed by Citizen Lab to attempt to

determine whether Pegasus was installed on any electronic device (any such device referred to hereinafter as a "Targeted Device").

7.      Any analysis, investigation, or other work performed by Citizen Lab to attempt to determine the identity of the user or owner of any Targeted Device.

8.      Any analysis, investigation, or other work performed by Citizen Lab to attempt to determine whether user or owner of any Targeted Device fits within broad definitions of civil society.

9.      Any analysis, investigation, or other work performed by Citizen Lab to attempt to determine whether user or owner of any Targeted Device were or are "VIP" targets.

10.     Any payments, contributions, or donations, whether monetary or in-kind donations of investigative tools or equipment, received directly or indirectly, from Meta or WhatsApp or any of their predecessors, affiliates or agents.

11.     Any payments, contributions, or donations, whether monetary or in-kind donations of investigative tools or equipment, received directly or indirectly from any source in connection with research or investigation concerning either or both of the Defendants or Pegasus.

12.     The authenticity of the documents produced in response to the Requests for Production set forth in Schedule A.

13.     The process of collecting documents produced in response to the Requests for Production set forth in Schedule A.