Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ISSUANCE OF LETTER ROGATORY** <br><br> Date:  March 28, 2024 <br> Time**:**  1:30 p.m. <br> Ctrm:  3 <br> Judge:  Hon. Phyllis J. Hamilton <br><br> Action Filed:  October 29, 2019 |

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") respectfully submit this memorandum of points and authorities in opposition to Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.'s ("NSO") motion for issuance of a letter rogatory to the Ontario Superior Court of Justice seeking information from The Citizen Lab at the Munk School of Global Affairs and Public Policy of the University of Toronto ("Citizen Lab").  By its terms, NSO's proposed letter rogatory requests post-complaint communications between Plaintiffs and Citizen Lab that this Court already deemed irrelevant in its February 23, 2024 order.  *See* Dkt. No. 292.  NSO should not be permitted to circumvent that order and burden a foreign non-party with requests for irrelevant discovery.  The motion should be denied with respect to those requests.[1]

## I.   BACKGROUND

On December 22, 2023, NSO moved to compel Plaintiffs to produce post-complaint communications between Plaintiffs and Citizen Lab.  *See* Dkt. No. 239-2 at 9; *see also* Dkt. No. 257-2 at 7–9.  Prior to the hearing on that motion, on February 14, 2024, NSO filed this motion for issuance of a letter rogatory to obtain documents from Citizen Lab, including post-complaint communications between Plaintiffs and Citizen Lab.  *See* Dkt. No. 288.  On February 23, 2024, the Court denied NSO's motion to compel Plaintiffs to produce their post-complaint communications with Citizen Lab.  Dkt. No. 292 at 5–6.  The Court concluded that NSO had "not shown how the requested discovery is warranted under Rule 26(b)(1)," because "the 'civil society' allegation appears to be an ancillary part of this case."  *Id.*  "On that basis, the court fails to see the relevance of the requested discovery, and thus, denies defendants' motion to the extent that it seeks post-complaint communications between plaintiffs and Citizen Lab."  *Id.*

## II.   ARGUMENT

Whether to issue a letter rogatory "is a matter of discretion for the court."  *Asis Internet Servs. v. Optin Glob., Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). "Ultimately, a court's decision whether to issue a letter rogatory requires an application of

---

[1] Plaintiffs' counsel informed NSO's counsel of their limited opposition to NSO's request, and offered to confer regarding whether NSO was willing to amend or narrow its proposed letter rogatory in light of the Court's February 23, 2024 order.  By the time of this filing on the due date for opposition, NSO had not responded.

1

Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* "The party seeking to pursue discovery through the Hague Evidence Convention bears the burden of demonstrating that proceeding in that manner is 'necessary and appropriate.'" *Metso Mins. Inc. v. Powerscreen Int'l Distribution Ltd.*, No. CV 06-1446 ADS ETB, 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007).

NSO's proposed letter rogatory seeks post-complaint communications between Plaintiffs and NSO, because it requests documents "created, sent, or received between January 1, 2016 and the present," Dkt. No. 288-1 at 16, including all documents and communications sent between Plaintiffs and Citizen Lab, *id.* (Request No. 2). To the extent the proposed letter seeks such post-complaint communications, NSO's motion should be denied. The Court has already concluded that NSO cannot seek this information from Plaintiffs themselves. The Court's February 23, 2024 order concluded these communications were not relevant, because Citizen Lab's work with Plaintiffs "appears to be an ancillary part of the case." Dkt. No. 292 at 6. Having already ruled that post-complaint discovery from Citizen Lab is not relevant, the Court should deny NSO's motion for issuance of a letter rogatory seeking the same information. *See Pesch v. Indep. Brewers United Corp.*, No. C-13-05317 DMR, 2014 WL 5106985, at *2 (N.D. Cal. Oct. 10, 2014) (denying motion for letter rogatory based on lack of relevance).

NSO's central arguments for issuing the letter rogatory are the same as those made in support of the motion to compel it filed against Plaintiffs. For instance, NSO claims it needs discovery to test "the reliability of Citizen Lab's methods and the credibility of its allegations about NSO and Pegasus." Dkt. No. 288 at 11; *see also* Dkt. No. 239-2 at 9 (moving to compel Plaintiffs to produce documents related to "Citizen Lab's method for investigating uses of Pegasus, its reliability and credibility as a witness"). The Court already heard and rejected these arguments. *See* Dkt. No. 292 at 6. NSO has the output of Citizen Lab's work for Plaintiffs, as well as a list of the members of civil society who were targeted. NSO should not be permitted to burden both a foreign court and a foreign non-party with requests for more.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny NSO's motion for issuance of a letter rogatory.

Dated: February 28, 2024

DAVIS POLK & WARDWELL LLP

By: /s/ Micah G. Block
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
    antonio.perez@davispolk.com
    craig.cagney@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*