Sheri Pan (SBN 316136)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile:  (415) 636-5965
sheri@zwillgen.com

Marc J. Zwillinger (*pro hac vice*)
Steven L. Lane (*pro hac vice*)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
marc@zwillgen.com
steven.lane@zwillgen.com

Attorneys for Foreign Non-Party
**The Citizen Lab**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, *et al.*,<br><br>Defendants. | Case No. 4:19-CV-07123-PJH<br><br>Hon. Phyllis J. Hamilton<br>United States District Judge<br><br>**FOREIGN NON-PARTY THE CITIZEN LAB'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SPECIALLY APPEAR OR, ALTERNATIVELY, FILE AN AMICUS BRIEF TO OPPOSE DEFENDANTS' MOTION FOR THE ISSUANCE OF A LETTER ROGATORY**<br><br>Action Filed: October 29, 2019<br>Date:           April 11, 2024<br>Time:          1:30 p.m.<br>Courtroom:  3, 3rd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on April 11, 2024, at 1:30 p.m., or as soon hereafter as the matter may be heard, foreign nonparty, The Citizen Lab at the Munk School of Global Affairs & Public Policy at the University of Toronto ("Citizen Lab"), hereby moves the Court for leave to specially appear, or, in the alternative, for leave to file an amicus brief to oppose the motion of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO") for the issuance of a letter rogatory seeking information from Citizen Lab (ECF No. 288). Citizen Lab and Defendants have attempted in good faith to resolve the disputed issues raised herein. As of this filing, Defendants take no position on Citizen Lab's motion but reserve the right to oppose Citizen Lab's motion after reviewing it.

The motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities below, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

DATED: February 28, 2024         **ZWILLGEN PLLC**

By:   */s/ Steven L. Lane*
      Steven L. Lane (*pro hac vice*)
      Steven.lane@zwillgen.com

      Attorney for Foreign Non-Party
      **The Citizen Lab**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Citizen Lab is based at the University of Toronto. As described on the home page of its website, Citizen Lab's mission includes "investigating digital espionage against civil society, documenting Internet filtering and other technologies and practices that impact freedom of expression online, analyzing privacy, security, and information controls of popular applications, and examining transparency and accountability mechanisms relevant to the relationship between corporations and state agencies regarding personal data and other surveillance activities."[1] Citizen Lab seeks this Court's leave to make a limited, special appearance, through the attached proposed brief (*see* Lane Decl., Ex. A), to oppose NSO's motion for the issuance of a letter rogatory, which seeks sweeping discovery from Citizen Lab. In the alternative, Citizen Lab seeks this Court's leave to submit that brief as an *amicus curiae*. Through either mechanism, Citizen Lab does not, and does not intend to, accede to this Court's jurisdiction or waive any challenge to this Court's jurisdiction over Citizen Lab.

Citizen Lab, as NSO admits, is not subject to this Court's jurisdiction, which is why NSO may pursue discovery from Citizen Lab only through the letter rogatory process. *See* Defs.' Mot. for The Issuance of Letter Rogatory to The Ontario (Canada) Superior Court of Justice for the Citizen Lab at The University of Toronto's Munk School of Global Affairs (ECF No. 288), at 9; Proposed Letter Rogatory to The Ontario Superior Court of Justice (ECF No. 288-1), at 6. Citizen Lab is also a marginal player in the parties' dispute and has no need or desire to involve itself in the merits of this litigation. Because of the unique burdens and harm, however, that would be imposed on Citizen Lab if NSO's motion were granted, Citizen Lab should be heard on that motion without prejudice to its position on personal jurisdiction. Accordingly, this Court should grant Citizen Lab's requested relief and consider Citizen Lab's proposed brief in evaluating NSO's motion for the issuance of a letter rogatory seeking information from Citizen Lab.

---

[1] *See* The Citizen Lab, *About The Citizen Lab*, https://citizenlab.ca/about/.

**ARGUMENT**

**I.     This Court Should Grant Citizen Lab Leave to Make a Special Appearance**

A special appearance is appropriate here. In at least one other case within this District, foreign nonparties that, like Citizen Lab, were the target of discovery via a proposed letter rogatory appeared specially to oppose the motion. *See Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 631537, at *2 (N.D. Cal. Feb. 18, 2014). The moving party had argued the opposition was procedurally improper and that the foreign nonparties had submitted to the court's jurisdiction by "appearing and seeking relief." *See Radware, Ltd. v. A10 Networks, Inc.*, No. 5:13-CV-2021, 2014 WL 2859910, at *2 & n.2 (N.D. Cal. Jan. 21, 2014). The court, however, entertained the foreign nonparties' arguments and nowhere indicated in its decision that their special appearance amounted to consent to jurisdiction, or the waiver of any challenge to jurisdiction. *See Radware*, 2014 WL 631537, at *1 (noting that foreign nonparties who were targets of discovery via letters rogatory "appeared specially to oppose the motion").

The same result is appropriate here, although, out of an abundance of caution, Citizen Lab seeks the Court's *leave* to specially appear to oppose NSO's motion through the enclosed brief. *Cf. United States v. Novus Ventures II, L.P.*, No. 12-CV-00523-LHK, 2012 WL 3257524, at *3 (N.D. Cal. Aug. 8, 2012) (granting parties' stipulated request to allow independent counsel for nonparty limited partners of defendant, in their individual capacity, to "enter a limited and special appearance in this action on behalf of [defendant], in order to file a supplemental brief in support of [defendant]"); S.D. Cal. L.R. 83.3(f)(4) ("An attorney may make a special appearance for a limited proceeding only with the permission of the Court."); *Blumenfeld Dev. Grp., Ltd. v. Sadlerstone, LLC*, No. 21CV1117-WQH-MSB, 2022 WL 3161687, at *3 (S.D. Cal. Aug. 8, 2022) (granting third party leave to specially appear to oppose plaintiffs' motion for leave to amend complaint to name that third party as defendant in proposed amended complaint).

Citizen Lab, as the target of NSO's discovery, has a direct interest in the resolution of NSO's motion. Citizen Lab is also uniquely situated to illuminate the burdens associated with permitting NSO's irrelevant discovery to proceed. Through its proposed letter rogatory, NSO seeks from Citizen Lab sweeping discovery spanning *eight years* on matters almost exclusively unrelated

to the claims and defenses here. This Court recently confirmed as much when it ruled that NSO was not entitled to discovery from Plaintiffs—*parties* to the case—arising from Plaintiffs' allegation that some of the 1,400 devices NSO targeted in the hack here belong to members of civil society. *See* Order (ECF 292) at 5-6. That reasoning holds especially true for a foreign nonparty. The remaining discovery NSO seeks from Citizen Lab is irrelevant, duplicative of information that is already, or will be, in NSO's possession, and disproportionate to the needs of the case, as set forth in Citizen Lab's proposed brief.

Beyond that, NSO's sought discovery, if permitted, would impose on Citizen Lab and its stakeholders unique and substantial burdens. NSO seeks the full scope of Citizen Lab's research about NSO over an eight-year period, along with all documents and communications concerning Citizen Lab's engagement with victims of NSO's spyware technology. Given NSO's history of antagonism towards Citizen Lab, and the threat to NSO's business posed by Citizen Lab's research, issuing NSO's proposed letter rogatory risks chilling all future work by Citizen Lab in helping victims detect and deter spyware attacks by perpetrators such as NSO and exposes those victims to a real threat of re-victimization and harassment.

A limited, special appearance is appropriate to allow Citizen Lab to develop the foregoing points for the Court's benefit.

**II.   Alternatively, Citizen Lab Should Be Permitted to Appear as An *Amicus Curiae***

In the alternative, Citizen Lab seeks leave to file its enclosed brief as an *amicus curiae*. Courts in this district routinely grant nonparties leave to file amicus briefs. Whether an amicus may file a brief "is solely within the Court's discretion, and generally courts have exercised great liberality" in determining whether to grant *amicus* status. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (citation and internal quotation marks omitted). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.* (citation, alteration, and internal quotation marks omitted). "District courts frequently welcome amicus briefs from non-parties . . . if the amicus has 'unique information or perspective that can help the court beyond the

help that the lawyers for the parties are able to provide.'" *Sonoma Falls Devs., LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1064 (7th Cir. 1997)). *See also, e.g.*, *Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *3 (N.D. Cal. Dec. 20, 2013); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 13391030, at *1 (N.D. Cal. Sept. 30, 2011). And in one case, a court granted a foreign nonparty leave to appear as an amicus to oppose a motion for the issuance of letters rogatory directed at the foreign nonparty. *See Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 774 (S.D.N.Y. 2012).

Citizen Lab, as the target of NSO's discovery, has a direct interest in the resolution of NSO's motion. And for the reasons explained *supra*, Citizen Lab, has "unique information [and] perspective" on the harms and burdens that NSO's sought discovery would impose on Citizen Lab and its stakeholders, including victims of NSO's spyware technology. Citizen Lab is also uniquely positioned to illuminate the conflicts NSO's sought discovery would create with Canadian law and policy, as set forth in Citizen Lab's proposed brief, further justifying Citizen Lab's amicus appearance. *See NetChoice, LLC v. Bonta*, No. 22-CV-08861-BLF, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023) (explaining that the "classic role of amici curiae encompasses," *inter alia*, "drawing the court's attention to law that escaped consideration," and granting several amici leave to file briefs that had "rounded out the arguments presented by the parties and were useful to the Court in considering the important issues raised in this case" (citation and internal quotation marks omitted)).

## CONCLUSION

Citizen Lab respectfully requests that the Court grant Citizen Lab leave to specially appear to oppose NSO's motion for the issuance of a letter rogatory through the enclosed brief without waiving personal jurisdiction or, in the alternative, grant Citizen Lab leave to file that brief as an *amicus curiae*. Should the Court deny Citizen Lab's instant motion, Citizen Lab seeks no further relief from the Court and requests that the Court deem Citizen Lab's instant motion as withdrawn.

DATED: February 28, 2024          ZWILLGEN PLLC

By:  /s/ Steven L. Lane
Steven L. Lane (*pro hac vice*)
Steven.lane@zwillgen.com

Attorney for Foreign Non-Party
**The Citizen Lab**