UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

   Plaintiffs,

  v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

   Defendants.

Case No. 19-cv-07123-PJH

**ORDER RE MOTION FOR ISSUANCE OF LETTER ROGATORY**

Re: Dkt. No. 288

  Before the court is defendants' motion for the issuance of a letter rogatory to the Ontario, Canada Superior Court of Justice, seeking discovery from The Citizen Lab at the Munk School of Global Affairs & Public Policy of the University of Toronto.  Non-party Citizen Lab has also filed a motion for leave to make a special appearance to oppose defendants' motion. See Dkt. 294.  Citizen Lab's motion is not opposed by any party, and is GRANTED.

  As to defendants' motion for issuance of a letter rogatory, there appears to be no dispute that the issuance of a letter rogatory is within the court's discretion, and that the relevant standard is whether the discovery sought falls within the scope of discovery authorized by Federal Rule of Civil Procedure 26.  See, e.g., Asis Internet Services v. Optin Global, Inc., 2007 WL 1880369 (N.D. Cal. June 29, 2007) (citing cases).

  The basis for defendants' motion is their argument that "Citizen Lab has information relevant to plaintiffs' allegations both (i) that Pegasus was in fact installed on the Targeted Devices, and (ii) that plaintiffs and Citizen Lab have categorized a relatively small proportion of the Target Users as members of 'civil society,' subject matters on

1    which plaintiffs intend to introduce testimony from Citizen Lab at trial." Dkt. 288 at 7.

2    　　　　As to category (i), the court concludes that defendants have not shown why any
3    such discovery would not be duplicative of discovery already obtained from plaintiffs,
4    and/or could not be "obtained from other source that is more convenient" (namely,
5    plaintiffs). See Fed. R. Civ. P. 26(b)(2)(C)(i). If anything, the court would be inclined to
6    believe that Whatsapp has even greater access to the relevant materials, i.e., the
7    technical information about Whatsapp systems – which belongs to Whatsapp, and would
8    be in Citizen Lab's possession only to the extent that it was shared by Whatsapp.
9    Accordingly, defendants' motion for issuance of a letter rogatory is DENIED with respect
10   to the type of discovery sought in category (i).

11   　　　　As to category (ii), while the parties' briefs correctly note that the court previously
12   concluded that the "civil society" allegation "appears to be an ancillary part of this case –
13   rather than relating to one of the elements of the asserted claims or defenses in this
14   case," and while defendants acknowledge that "the relevance of this allegation appears
15   dubious indeed," the court will take this opportunity to clarify the role of the "civil society"-
16   related allegations in this case. See Dkt. 292 at 6; Dkt. 298 at 9.

17   　　　　The complaint does not actually use the specific term "civil society," but makes the
18   related allegation that "[t]he Target Users included attorneys, journalists, human rights
19   activists, political dissidents, diplomats, and other senior foreign government officials."
20   Dkt. 1, ¶ 42. According to defendants, Citizen Lab defines "civil society" to include
21   "individuals working in advocacy, such as minority rights advocates and human rights
22   defenders, media, members of opposition parties, and lawyers working on cases with a
23   political dimension." Dkt. 288 at 6-7.

24   　　　　In addition to the language in the complaint, defendants also point to examples of
25   plaintiffs using "civil society" or similar terms in their court filings. See Dkt. 181-2 at 11
26   ("civil society"); Dkt. 250 at 3 ("civil society"); see also Dkt. 55 at 2 ("attorneys, journalists,
27   human rights activists, government dcoent officials, and others."); Dkt. 106 at 2 ("These users
28   included over 100 human rights defenders and journalists, and apparently even an

attorney representing Defendants' adversary in other ongoing litigation."); Dkt. 189 at 3 ("attorneys, journalists, human rights activists, government officials, and others.").

While the court is inclined to follow its earlier ruling and conclude that these allegations are not relevant to the claims or defenses to be presented at trial, the court must first hear from plaintiffs about the reasons why these allegations have appeared in court filings and how they will be used at trial.  In the alternative, if plaintiffs do not wish to rely on the 'civil society'-related allegations, then discovery will be denied and the allegations will not be admitted at trial.

Accordingly, plaintiffs are directed to file a response stating its intentions with respect to the 'civil society'-related allegations.  The response shall be limited to five (5) pages, and shall be filed by **April 5, 2024**.  Defendants and Citizen Lab may each file a five page response by **April 12, 2024**.

**IT IS SO ORDERED.**

Dated:  March 26, 2024

                                                         /s/ *Phyllis J. Hamilton*
                                                        PHYLLIS J. HAMILTON
                                                        United States District Judge