# King & Spalding

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Direct Dial: +1 213 443 4311
ACraig@kslaw.com

June 12, 2024

The Honorable Phyllis J. Hamilton
Senior United States District Judge
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street, Courtroom 3
Oakland, California 94612

    Re:    Discovery Matter in *WhatsApp LLC, et al. v. NSO Group et al.*, 4:19-CV-07123-PJH

**REDACTED**

Dear Judge Hamilton:

    Pursuant to the Court's standing orders, the parties submit this Joint Letter concerning Plaintiffs' Withholding of Pre-Filing Communications with Citizen Lab. The parties have exchanged correspondence and conducted a conference of counsel. Despite these efforts, the parties require the Court's intervention.

## I. NSO'S POSITION

    Defendants move the Court for an Order that Plaintiffs produce their relevant pre-litigation communications with Citizen Lab. Plaintiffs represented in their Rule 34 responses that they *would* produce all such documents. Plaintiffs then told the Court that they *had* produced all such documents. The Court understood Plaintiffs' position to be that all responsive documents had been produced, and the Court said so on the record during a February 15, 2024, hearing. Plaintiffs did not correct the Court. In reliance on its understanding that all (or materially all) of Plaintiffs' relevant pre-litigation communications with Citizen Lab had been produced, the Court denied *as moot* that portion of Defendants' motion to compel. Plaintiffs have now admitted that their production does not include: (1) communications with Citizen Lab before May 28, 2019 (despite compelling evidence of the existence of Plaintiff communicating with Citizen Lab about NSO and the vulnerability at issue in this case before that date); and (2) communications made with Citizen Lab via mobile devices. The Court should order Plaintiffs to produce these communications.

    On September 8, 2023, Plaintiffs amended their discovery responses by promising to produce, in response to six separate requests, "non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices." On December 22, 2023, Defendants moved to compel further responses to, *inter alia*, those six requests. In opposition, Plaintiffs represented, unequivocally, that they had

produced "all communications between Plaintiffs and Citizen Lab relevant to Citizen Lab's role related to the case." (Dkt. No. 250 at 5:4-5.)

At the hearing on Defendants' motion to compel, the Court began: "Now, with regard to the merits, it appears that Plaintiff has produced all communications with Citizen Lab occurring before the complaint was filed but not after." (Exh. A at 43:9-11.) Rather than correct the Court, Plaintiff's counsel agreed that the production of pre-complaint Citizen Lab was "complete if not substantially complete," with the lone caveat being "if there's an e-mail that refers to [an unproduced] G[oogle]-doc or some other documents, we are happy to look for those." (*Id.* at 49:1-16.) The clear implication by Plaintiffs' counsel was that Plaintiffs' only pre-litigation communications with Citizen Lab that were related to the case and that had not been produced were "Google docs" referenced or linked in the produced emails.

Plaintiffs' counsel also represented to the Court that Citizen Lab's only role in the case "was to help identify the victims and contact them to let them know that they had been attacked in this spyware attack." (*Id.* at 50:6-11.) In reliance on Plaintiff's representations, the Court denied Defendants' motion to compel, referencing the representation in Plaintiff's Opposition that Plaintiffs had produced "all communications between Plaintiffs and Citizen Lab relevant to Citizen Lab's role related to the case." (Dkt. No. 292 at 6.)

It has become apparent that Plaintiffs misled the Court and Defendants, as they have not produced communications with Citizen Lab that predate May 28, 2019, and that are related to the case, as well as written communications made with Citizen Lab via mobile devices.

The earliest communications between Plaintiffs and Citizen Lab produced in this case are dated May 28, 2019. It is obvious that earlier relevant communications exist. The vulnerability that is the subject of this case become known to the public more than two weeks earlier, on May 13, 2019. Regarding that revelation, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Exh. B (emphasis added).) Further, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Exh. C.) No documents regarding ▓▓▓▓▓▓ during this time period (April and May 1-27, 2019) have been produced, despite those documents being directly responsive to Defendants' Requests for Production, and despite Plaintiffs' promises that all relevant pre-filing communications had been produced. The story told by the documents produced by Plaintiffs starts in the middle, not the beginning.

Plaintiffs acknowledge that relevant communications prior to May 28, 2019, exist and have not been produced. Instead of correcting Plaintiffs' representations to the Court (or supplementing Plaintiffs' production such that it matches counsel's representations to the Court), however, Plaintiffs have now doubled down by refusing to "produce any additional documents regarding victim identification or the role of Citizen Lab." (*See* Exh. D, Letter from Craig Cagney to Aaron Craig dated May 29, 2024, at 2.)

Moreover, ample evidence demonstrates the existence of written communications between Plaintiffs and Citizen Lab about Citizen Lab's pre-litigation work made via mobile devices, specifically the WhatsApp application. (See, e.g., Dkt. No. 257-3 Exh. H ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Exh. L ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Despite their responsiveness to Defendants' document requests, and despite Plaintiffs' representations to the Court, no WhatsApp communications between Citizen Lab and Plaintiffs have been produced. On May 29, 2024, Plaintiffs definitively told Defendants that no WhatsApp messages or other mobile device communications would be produced. (Exh. D at 2-3.)[1]

To the extent Plaintiffs attempt to rely on compliance with so-called "search parameters," to justify their position here, the Court should know the following: (1) the parties never negotiated Plaintiffs' "search parameters"; (2) Defendants never agreed to Plaintiffs' "search parameters;" and (3) it appears from Mr. Cagney's May 29 letter that the "search parameters" were never run against mobile devices, as those mobile devices were never "collect[ed], process[ed] and search[ed]." The fact that Plaintiffs notified Defendants at the outset of discovery about certain custodians[2] and search terms does not excuse their failure to produce what their RFP responses said they would produce and what they informed the Court had already been produced.

In sum, Plaintiffs misled the Court in order to defeat Defendants' motion to compel as moot, and Plaintiffs now rely on that ruling on Defendants' motions as justification for refusing to produce the very materials about which they misled the Court. The Court should Order Plaintiffs to fulfill the promise on which they have now reneged by producing all their pre-litigation communications with Citizen Lab related to NSO and/or the vulnerability at issue in this case.

## II.   PLAINTIFFS' POSITION

NSO is seeking irrelevant documents from Plaintiffs while largely refusing to participate in discovery. NSO has produced only 17 documents from its own files, and has not produced a single email from any NSO employee. To date, Plaintiffs have produced over 24,000 documents,

---

[1] To the extent that Plaintiffs rely on the Court's May 2, 2024, order concerning NSO's request for a letter rogatory to Citizen Lab, that order was premised on the Court's understanding that Plaintiffs had already produced the Citizen Lab communications sought by this motion. (See Dkt. No. 305 at 6:20-23; Exh. A at 43:9-11). Furthermore, Defendants are mystified by Plaintiffs' contention that Defendants have failed to provide them with "specific evidence" about the targets rebutting Citizen Lab's analysis. On May 30, 2024, NSO provided Plaintiffs with substantial information linking dozens of targets, who WhatsApp and Citizen Lab claim were wrongfully surveilled, to violent, criminal, or terrorist activities. (See Exh. E.) NSO's renewal of its motion for a letter rogatory, based on that evidence, would have been filed contemporaneously with this motion but for Plaintiffs' and Citizen Lab's refusal to provide their portion of the joint letter brief by the June 11 date requested by Defendants. Both have promised to provide their portions before noon on June 14.

[2] When Plaintiffs disclosed these custodians, Defendants had no information as to who they were, what their role had been in connection with the allegations in the Complaint, or which other employees were also involved.

including 324 emails between Plaintiffs' employees and Citizen Lab, a non-profit organization Plaintiffs engaged to identify and contact the victims of NSO's attack. In spite of Plaintiffs' fulsome production, and the Court's denial of NSO's motion for documents from Citizen Lab, NSO brings yet another motion to obtain more communications involving Citizen Lab. Given Citizen Lab's limited role in this matter, the burden of NSO's request outweighs any benefit. Especially in light of the disparity in document productions, Plaintiffs should not be compelled to spend additional resources searching for irrelevant documents. NSO's motion should be denied.

NSO also complains that Plaintiffs have not accurately described their document productions. Not so. Plaintiffs' discovery responses specifically cabined what Plaintiffs agreed to produce, and NSO never objected to this limitation. Plaintiffs also accurately described their document production to the Court, where they objected to an "overbroad and disproportional" "enterprise-wide search" for communications with Citizen Lab. Dkt. No. 250 at 7.

### Additional Citizen Lab Discovery Would Be Irrelevant and Burdensome

The burden and expense of collecting additional communications with Citizen Lab, who Plaintiffs do not intend to call at trial, outweighs the negligible benefit of such discovery. *See* Fed. R. Civ. P. 26(b)(1).

The Court's May 2, 2024 order denying NSO's motion for letter rogatory acknowledged that the identities of NSO's victims "are not relevant to plaintiffs' case-in-chief" or "directly relevant to NSO's affirmative [law enforcement] defense." Dkt. No. 305 at 4, 5. What is more, the Court recognized that any information that Plaintiffs and Citizen Lab possess about the identities of NSO's victims has little bearing on NSO's law enforcement defense, and if the Court ordered any discovery from Citizen Lab, "it will be limited to . . . 'how Citizen Lab conducted its analysis or came to its conclusions.'" *Id*. at 5. Plaintiffs have already produced extensive information about Citizen Lab's process. In the current motion, NSO seeks information well beyond that narrow scope: all of Citizen Lab's pre-complaint interactions with Plaintiffs, even those unrelated to its role in identifying victims. *Id*. NSO provides no support for that request.

Not only is this information irrelevant, but conducting an enterprise-wide search for all emails and WhatsApp messages between Plaintiffs and Citizen Lab—which is what NSO appears to demand—would impose a significant burden on Plaintiffs. NSO makes no attempt to limit its request to any particular custodian, requiring Plaintiffs to sift through the email inboxes of tens of thousands of Meta employees. Collecting WhatsApp messages from mobile devices would be even more challenging, as it often requires obtaining the physical device used in 2019, navigating complex technical issues related to data storage and collection, and forensically imaging and searching each employee's device, at a potential cost of several thousand dollars. By demanding even more documents, NSO ignores the Court's ruling that "the already-produced evidence from plaintiffs regarding Citizen Lab is more than sufficient for the parties to present their arguments on NSO's affirmative defense" unless NSO produced "specific evidence" about the victims rebutting Citizen Lab's analysis. *Id*. at 6. NSO has failed to provide such evidence, and therefore has not shown that any additional Citizen Lab-related discovery would be proportional to the needs of the case.

Plaintiffs once again request leave to move to strike NSO's factually and legally deficient "law enforcement" defense before producing any additional documents. NSO has indicated its intent to file three separate discovery motions focused on obtaining more discovery related to victim identification and outreach. Striking NSO's defense would resolve all three.

### Plaintiffs Accurately Described Their Document Collection and Productions

Plaintiffs did not mislead either NSO or the Court about the scope of their document collection or production. Plaintiffs clearly explained what they would collect and produce to NSO. Plaintiffs objected to NSO's request for "[a]ll communications" between "any of Plaintiffs and The Citizen Lab . . . that refer or relate to any of the Defendants," Dkt. No. 240-2 at 414, as overbroad, and only agreed to produce "non-privileged communications with Citizen Lab prior to filing the Complaint *that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the complaint*," *id.* at 281 (emphasis added). NSO did not object to that limitation, and that is precisely what Plaintiffs produced.

Starting in May 2023, Plaintiffs also consistently stated that they would "employ[] search parameters (including relevant custodians and the relevant time period) for the collection and production of Plaintiffs' documents." Dkt. No. 240-2 at 130; *see also id.* at 261, 395. Then on November 12, 2023, Plaintiffs proposed a list of search terms they would use to search specific custodians' emails and to produce additional centralized files.[3] As NSO admits, it never responded to Plaintiffs' proposal, despite the near-universal recognition that parties should negotiate search terms and custodians, which "should be a matter of cooperation and transparency among parties and non-parties." *Apple, Inc. v. Samsung Elecs. Co.*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013). Instead, NSO has waited nearly seven months to complain about Plaintiffs' proposal, and resorts to filing a string of discovery motions seeking additional documents on an ad hoc basis.

Finally, Plaintiffs accurately described their Citizen Lab document production to the Court. In their opposition—which attached their responses and objections, Dkt. No. 240-2 at 414—Plaintiffs also made clear that they had produced "all communications between Plaintiffs and Citizen Lab *relevant to Citizen Lab's role related to the case, which occurred entirely before the complaint was filed*," Dkt. No. 250 at 5 (emphasis added), and not all pre-complaint communications with Citizen Lab. Plaintiffs further explained that they had collected documents from "relevant custodians," and specifically objected to engaging in an "enterprise-wide search of all Plaintiffs' employees email," which would be "overbroad and disproportional." *Id*. at 7. During the February 15, 2024 hearing, Plaintiffs' counsel reiterated that "we have produced the documents pre-complaint that *relate to the communications with Citizen Lab and our investigation document*." Feb. 15, 2024 Hr'g Tr. at 49:1–3 (emphasis added). Furthermore, the Court was informed by NSO that the production "does not include WhatsApp messages" and counsel for Plaintiffs represented "we are available to meet and confer on those." *Id*. at 47:10, 49:10–16. On this record, NSO could not have reasonably believed that Plaintiffs had represented that they had

---

[3] NSO has never disclosed its search protocol, methodology, search terms, or custodians. By contrast, it made an oblique disclosure almost a year ago that certain documents will be "deleted from [NSO's] possession." Dkt. No. 195-4 § 3.

Page 6

searched the email inboxes and mobile devices of all employees and produced every pre-complaint communication with Citizen Lab, without regard for their relevance to this case.

      Sincerely,

      Aaron Craig, Counsel for Defendants

      Craig Cagney, Counsel for Plaintiff