# EXHIBIT D

**Davis Polk**

Craig Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

May 29, 2024

Re: *WhatsApp LLC v. NSO Group Techs. Ltd*, No. 4:19-cv-7123 (PJH) (N.D. Cal.)

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Counsel:

We write on behalf of Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in response to your May 10, 2024 letter on behalf of Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("NSO").

**Scope of Plaintiffs' document collection and production**

Plaintiffs did not mislead either NSO or the Court about the scope of their document collection, review, or production. Instead, Plaintiffs repeatedly stated that they would collect emails and centralized files from a specified list of custodians—a list that Plaintiffs agreed to expand in response to NSO's requests. More than six months ago, Plaintiffs provided NSO with a list of custodians from whom Plaintiffs agreed to collect emails and "centralized files." Nov. 13, 2023 Ltr. from Cagney to Craig at 2. Plaintiffs separately agreed to produce "non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint." *See, e.g.*, Dkt. No. 239-4 at 197, 273. In agreeing to produce these communications with Citizen Lab, Plaintiffs made clear that this collection would be subject to a "reasonable search," *see, e.g.*, *id*. at 191, and "search parameters (including relevant custodians and the relevant time period)," *see, e.g.*, *id*. at 262. Consistent with its representations to NSO, Plaintiffs told the Court that its document productions were limited to "the relevant custodians" and specifically resisted engaging in an "enterprise-wide search of all Plaintiffs' employees email," which would be "overbroad and disproportional." Dkt. No. 250 at 7. NSO's complaints about Plaintiffs' document production are also quite incredible, considering that NSO has only produced 40 documents to date, and recently informed Plaintiffs that it would need up to six months to produce basic financial records.

**Production of additional Susan Glick custodial documents**

Plaintiffs produced centralized files collected from Susan Glick on May 24, 2024. To collect Ms. Glick's centralized files, Plaintiffs ran the search parameters in their November 12, 2023 proposal across all Google Docs and Google Sheets that Ms. Glick could access when she was employed by Plaintiffs, and reviewed these for responsiveness and privilege. Plaintiffs agree to produce all responsive and non-privileged documents linked in the emails produced from Ms. Glick, including those listed in your May 2, 2024 email, subject to the objection detailed below. NSO remains able to ask Ms. Glick about specific documents at her upcoming deposition.

**Davis Polk**  Aaron Craig

**Production of additional documents related to victim identification**

Your letter fails to mention Judge Hamilton's May 2, 2024 order denying NSO's motion for issuance of letter rogatory, which provides clarity on the scope of discovery going forward.  *See* Dkt. No. 305.  As you know, Judge Hamilton concluded "that the 'civil society' related allegations are not relevant to plaintiffs' case-in-chief" and was "unpersuaded that the 'civil society'-related allegations are directly relevant to NSO's affirmative defense."  *Id*. at 4, 5.[1]  To the extent the Court orders any victim-related discovery, NSO must first provide "evidence showing alleged criminal/terrorist activity by the 'civil society or 'VIP' individuals," at which point the Court may order discovery limited to "how Citizen Lab conducted its analysis or came to its conclusions."  *Id*. at 6, 7.  Furthermore, "[t]o the extent that NSO chooses to rely on more generalized evidence that its software was licensed for law enforcement purposes, the already-produced evidence from plaintiffs regarding Citizen Lab is more than sufficient for the parties to present their arguments on NSO's affirmative defense."  *Id.* at 6.

Given that NSO has yet to proffer any such evidence, Plaintiffs' production of documents related to victim identification and outreach is already "more than sufficient."  *Id.*  Having already produced hundreds of documents and communications between Plaintiffs and Citizen Lab made between May 28, 2019 and October 29, 2019 concerning Citizen Lab's role related to this case, Plaintiffs do not intend to produce any additional documents regarding victim identification or the role of Citizen Lab.  Specifically, among other things, Plaintiffs will not produce additional emails, centralized files, or WhatsApp messages from Carl Woog, Aashin Gautam, or Alexa Hyland Combs, whose primary involvement in this case was working with Citizen Lab in identifying victims.  The burden of reviewing and producing such additional documents related to victim identification easily outweighs the minimal benefit to NSO, given that the Court has deemed this topic not relevant at this juncture.

For the same reasons, Plaintiffs will not produce any additional "source data" regarding the victim identification information already provided, including the information referenced in WA-NSO-00017582.  Plaintiffs already produced the server logs containing information identifying the WhatsApp users targeted in the attack on November 17, 2023, as part of the production volume WA-NSO-005, at Bates numbers WA-NSO-00017211 through WA-NSO-00017581.  Moreover, attempting to collect, review, and produce Plaintiffs' voluminous internal databases would be highly burdensome, and would similarly outweigh the minimal benefit to NSO in light of the Court's ruling.

**Production of WhatsApp messages**

To that extent NSO now requests that Plaintiffs also collect and produce any responsive WhatsApp messages from the email custodians proposed in our November 12, 2023 letter, Plaintiffs also object to these additional searches as unduly burdensome and disproportional to the needs of the case.  As a general matter, Plaintiffs' employees (and especially Meta security engineers and employees who do not work directly for its subsidiary WhatsApp) do not regularly use WhatsApp for business purposes.  Instead, Plaintiffs have collected and produced the emails, Workplace chats, Quips, Tasks, and SEVs through which their custodians primarily communicated for general business purposes, and specifically in connection with responding to NSO's attacks.

The burden of collecting, processing, and searching each custodian's personal devices from 2019—to the extent possible—easily outweighs the benefit to NSO.  *See* Fed. R. Civ. P. 26(b)(1).  Collecting WhatsApp messages often requires obtaining the physical device used in 2019, and navigating complex technical

---

[1] Plaintiffs note that they had previously moved to strike this defense as legally insufficient, and reserve all rights to seek permission to renew that motion if necessary to avoid further burdensome discovery on these topics.

**Davis Polk**  Aaron Craig

issues related to data storage.  Aside from the victim identification information addressed above, NSO has not explained why it needs WhatsApp messages from the original set of custodians, nor has it identified any gaps in Plaintiffs' production.

**Depositions of Plaintiffs' witnesses**

In light of the Court's May 2, 2024 order curtailing the relevance of victim identification, please let us know if NSO still intends to proceed with Ms. Glick's deposition, and if NSO still intends to depose Mr. Woog.  Ms. Glick is prepared to proceed on June 4, 2024 as agreed.

**Depositions of NSO's witnesses**

Please provide dates for the period after NSO expects to complete its document production and before the close of fact discovery when Yaron Shohat, Ramon Eshkar, and Tamir Gazneli are available for depositions.  Plaintiffs will provide a list of corporate deposition topics sufficiently in advance of these depositions.  Plaintiffs reserve all rights with respect to the depositions of additional NSO witnesses.

Please provide dates for the depositions of Terrence DiVittorio and Josh Shaner as soon as possible.  To be clear, although Plaintiffs remain willing to accommodate NSO's request that both depositions be conducted the same week in the Washington, D.C. area, that should not be a hindrance to scheduling Mr. DiVittorio's and Mr. Shaner's depositions if their schedules do not allow for it.

**Technical issues**

Plaintiffs have already produced all attachments to the 11 emails listed in your May 10, 2024 letter.  The attachments are extracted components from the .mtgl file referenced in the emails.

Very truly yours,

*/s/ Craig Cagney*

Craig Cagney


Cc:     Joseph Akrotirianakis (via email)
        Matthew Dawson (via email)