Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rules 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (together, "Plaintiffs"), by and through their counsel, respectfully submit this response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO"). Dkt. No. 307. The Administrative Motion identifies certain portions of NSO's joint letter concerning Plaintiffs' withholding of pre-filing communications with Citizen Lab (the "Joint Letter"), Dkt. No. 307-2, as well Exhibits B, C, and E to the Joint Letter (the "Exhibits"), Dkt. Nos. 307-3–307-6, as referencing or containing materials designated as "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs.

Plaintiffs request that the Court keep the Materials under seal, and do so pursuant to Local Rules 79-5(c) and (d). These Materials comprise or refer to materials that have been designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132. The Materials include: (1) internal communications relating to confidential business strategy, including internal communications relating to Plaintiffs' responses to regulatory inquiries, *see* Dkt. No. 307-3 at 2–3; Dkt. No. 307-4; (2) materials to which Plaintiffs owe a duty of confidentiality to a third party, Dkt. No. 307-2 at 3; Dkt. No. 307-5; and (3) non-parties' personal information, *see*, *e.g.*, Dkt. No. 307-5.

The appropriate standard for sealing here is "good cause." The Materials are attached to NSO's motion for discovery from a non-party—a non-dispositive motion that only tangentially relates to the case—so the moving party need only show "good cause" for why the documents should remain under seal. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Plaintiffs easily meet the applicable good-cause standard here. Courts have routinely held that such confidential business information satisfies the compelling reasons standard, which is far more "exacting" than the good-cause standard applicable here. *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality"); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) (sealing is "often granted to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to non-parties"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal information subject to confidentiality agreements); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (sealing an exhibit because it contained the names, email addresses, and phone numbers of nonparty individuals). Publicly disclosing these materials would risk harm to Plaintiffs' business, the nonparty it contracted with, the nonparty individuals identified in the documents, and the nonparty targeted users. This harm could not be mitigated by any means less restrictive than sealing.

For the foregoing reasons, Plaintiffs request that the Materials that NSO submitted or referenced remain under seal. This request is narrowly tailored to only sealable material (as identified by the proposed redactions in the Administrative Motion).

2

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

Dated: June 20, 2024

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Craig T. Cagney*
    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    1600 El Camino Real
    Menlo Park, California 94025
    Telephone: (650) 752-2000
    Facsimile:  (650) 752-2111
    Email: micah.block@davispolk.com

    Greg D. Andres
    Antonio J. Perez-Marques
    Craig T. Cagney
    Luca Marzorati
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email:  greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*