Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:　3<br>Judge:　Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am a partner of the law firm of Davis Polk & Wardwell LLP and admitted to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms Inc. ("Plaintiffs") in the above-captioned action (the "Action"). I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this Declaration pursuant to Civil Local Rule 79-5 in support of the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Motion") filed concurrently herewith.

3. On February 23, 2024, the Court granted in part Plaintiffs' motion to compel discovery from Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"), holding that the following topics of discovery were both important to the litigation and specific within the meaning of factors (1) and (2) of the Ninth Circuit's *Richmark* decision: Documents pertaining to "'all relevant spyware' [as defined in Plaintiffs' Motion to Compel] for a period of one year before the alleged attack to one year after the alleged attack" and "information concerning the full functionality of the relevant Spyware." (Dkt. No. 292 at 3–5).

4. Plaintiffs have sought to depose several current and former NSO employees, and met-and-conferred and exchanged correspondence with NSO in an effort to achieve deposition dates for those witnesses, though such efforts were ultimately unsuccessful.

5. Attached hereto as **Exhibit 1** is a true and correct copy of the unredacted version of Plaintiffs' Motion for Issuance of a Letter Rogatory (the "Letters Rogatory Motion").

6. Attached hereto as **Exhibit 2** is a true and correct copy of the unredacted version of the Declaration of Craig T. Cagney in Support of the Motion for Issuance of a Letter Rogatory (the "Cagney Declaration").

7. Attached hereto as **Exhibit 3** is a true and correct copy of the unredacted version of the exhibits to the Cagney Declaration.

8. Portions of Plaintiffs' Letters Rogatory Motion and the Cagney Declaration and exhibits thereto refer to materials that have been designated by NSO and non-parties Francisco

1

Partners Management, L.P., Compass Stratagem, LLC, Terrence DiVittorio, and Josh Shaner as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order (Dkt. No. 132) in the above-captioned action. Plaintiffs take no position as to whether these materials satisfy the requirements for sealing, and specifically reserve the right to challenge any confidentiality designations under the Stipulated Protective Order governing this Action as well as the sealability of the materials at issue.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of June, 2024 at Menlo Park, California

By:  */s/ Micah G. Block*
     Micah G. Block