# EXHIBIT A

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
   *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
   *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES' INITIAL DISCLOSURES** <br><br> **(FED. R. CIV. 26(a)(1)(A))** <br><br> Judge:   Hon. Phyllis J. Hamilton |

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their attorneys, make the disclosures set forth below.  Defendants expressly reserve the right to supplement these disclosures to the extent that further information becomes available to Defendants during this matter.

Defendants make the following disclosures subject to and without waiving any and all privileges and protections (including the attorney-client privilege and work-product doctrine), and the right to supplement, amend, or otherwise modify these initial disclosures, and preserving any and all objections to the discoverability or admissibility of particular information.  Further, by disclosing that certain categories of documents and information are relevant to Defendants' defense in this matter, Defendants do not admit that such documents are within their custody and control, or are able or legally permitted to be produced in discovery.  To the contrary, such documents are, without limitation, subject to the order of Judge Uziel, Magistrate Court of Tel Aviv-Jaffa dated 19 July 2020 (the "Blocking Order") and certain documents related to the Blocking Order, Exhibits A-F to the sealed declaration of Chaim Gelfand dated August 3, 2020, Dkt. No. 133-6, and are therefore forbidden from disclosure as a matter of law.

**I.      Fed. R. Civ. P. 26(a)(1)(A)(i): "[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

Based on the information currently available to Defendants, Defendants provide the following list of individuals likely to have discoverable information that Defendants may use to support its defenses, unless the use would be solely for impeachment, and, for each such individual, the subject(s) of the information they may possess.  The following individuals should only be contacted through counsel.  Defendants reserve the right to supplement this list to the extent that further information becomes available to Defendants during the course of discovery in this matter.

| Name | Subjects of Information | Address |
|---|---|---|
| Shalev Hulio | The policies, procedures and practices of NSO Group insofar as they relate to the claims and defenses in this matter; the contents of declarations previously filed in this case; contacts between NSO Group and the Federal Bureau of Investigation; communications between Plaintiffs and Defendants re Pegasus. | NSO Group Technologies Ltd. 22 Galgaley HaPlada St., Herzliya, Israel<br><br>***Contact only through counsel for Defendants, Joseph N. Akrotirianakis and Aaron S. Craig, King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, CA 90071* |
| Sarit Bizinsky Gil | The policies, procedures and practices of NSO Group insofar as they relate to the claims and defenses in this matter; NSO Group's contracts with its customers; NSO Group's communications with Israel. | NSO Group Technologies Ltd. 22 Galgaley HaPlada St., Herzliya, Israel<br><br>***Contact only through counsel for Defendants, Joseph N. Akrotirianakis and Aaron S. Craig, King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, CA 90071* |
| Tamir Gazneli | The policies, procedures and practices of NSO Group insofar as they relate to the claims and defenses in this matter. | NSO Group Technologies Ltd. 22 Galgaley HaPlada St., Herzliya, Israel<br><br>***Contact only through counsel for Defendants, Joseph N. Akrotirianakis and Aaron S. Craig, King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, CA 90071* |
| Avi Itzhak | The policies, procedures, and practices of NSO Group insofar as they relate to the claims and defenses in this matter; NSO client relations; research and development of Pegasus; customer support for Pegasus. | NSO Group Technologies Ltd. 22 Galgaley HaPlada St., Herzliya, Israel<br><br>***Contact only through counsel for Defendants, Joseph N. Akrotirianakis and Aaron S. Craig, King & Spalding LLP, 633 West Fifth Street, Suite 1600, Los Angeles, CA 90071* |

## II.   Fed. R. Civ. P. 26(a)(1)(A)(ii): "[A] copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Based on the information currently available to Defendants, Defendants identify the following categories of documents, electronically stored information ("ESI"), and tangible things in Defendants' possession, custody or control that may be used to support Defendants' defenses, unless the use would be solely for impeachment.  All of the documents and things identified below are in the custody and control of the Government of Israel and are subject to, without limitation, the Blocking Order and certain documents related to the Blocking Order, as set forth in Exhibits A-F to the sealed declaration of Chaim Gelfand dated August 3, 2020, Dkt. No. 133-6.

| Subjects of Information, ESI, or Tangible Things |
|---|
| (Redacted) customer agreement(s) concerning permissible uses of Pegasus. |
| (Redacted) documents concerning enforcement by Defendants of their customer agreements and permissible use policies. |
| (Redacted) communications and documents concerning Plaintiffs' interest in acquiring Defendants or Pegasus. |

Defendants' investigation of this matter is not yet complete.  Defendants may disclose additional documents and/or tangible things when they become known or that are relevant to its defenses.  Defendants also believe that additional categories of documents and/or tangible things may be known to, and/or in the possession of plaintiffs and their counsel, and/or publicly available.

## III.   Fed. R. Civ. P. 26(a)(1)(A)(iii): "[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Defendants are not currently asserting any claims for damages in this action.  Defendants reserve all rights to assert counterclaims and/or seek recovery of damages, as well as costs and attorney's fees incurred in defense of this action, under any basis recognized by law.  Defendants reserve the right to supplement and modify this disclosure as this case progresses.

**IV.     Fed. R. Civ. P. 26(a)(1)(A)(iv): "[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Defendants are not aware of any such insurance agreement.  Defendants reserve the right to amend or supplement this disclosure to the extent that further information becomes available to Defendants during the course of discovery in this matter.


DATED:  February 15, 2023                    KING & SPALDING LLP


                                             By: /s/ Joseph N. Akrotirianakis
                                                 JOSEPH N. AKROTIRIANAKIS
                                                 AARON S. CRAIG
                                                 Attorneys for Defendants NSO GROUP
                                                 TECHNOLOGIES LIMITED and Q
                                                 CYBER TECHNOLOGIES LIMITED

EXHIBIT B

EXHIBIT FILED UNDER SEAL

EXHIBIT C

EXHIBIT FILED UNDER SEAL

# EXHIBIT D

EXHIBIT FILED UNDER SEAL

EXHIBIT E

EXHIBIT FILED UNDER SEAL

EXHIBIT F

EXHIBIT FILED UNDER SEAL

EXHIBIT G

## Contact

www.linkedin.com/in/koyaya
(LinkedIn)
www.facebook.com/koyaya
(Personal)

## Top Skills

Cyber-security

Cloud Computing

C

## Languages

Hebrew (Native or Bilingual)

English (Full Professional)

Spanish (Full Professional)

Russian (Native or Bilingual)

## Certifications

Malicious Software and its
Underground Economy: Two Sides
to Every Story

## Patents

SYSTEM AND METHOD
FOR GENERATING A
REPRESENTATIVE
COMPUTERIZED DISPLAY OF A
USER'S INTERACTIONS WITH A
TOUCHSCREEN BASED HAND
HELD DEVICE ON A GAZED-AT
SCREEN

# Michael Herman

Love to solve the puzzle of People, Process and Technology

Israel

## Summary

Over 15 years of offensive security RnD experience, spanning from reverse engineering, embedded real time software development, system architecture, group and department management.
Interested in building and managing security oriented software teams working on projects involving research, design and development of complex software systems.

Specialties:
• Motivate groups by personal example
• Passionate challenge seeker, excited by changes
• Foster collaborative relationships, love humor
• Outside of the box thinker, giving high value to opinion diversity
• Loves solving the puzzle of people and processes resulting in friction-less execution

_____

## Experience

Hunters
VP of Engineering
September 2021 - September 2022 (1 year 1 month)
Tel Aviv-Yafo, Tel Aviv, Israel

Preempt Security
VP R&D
January 2020 - December 2020 (1 year)

Toka - Cyber Builders
Chief System Architect
September 2018 - December 2019 (1 year 4 months)
Tel Aviv Area, Israel

Work closely with the product to identify business needs, with RnD team leaders to translate the needs into design documents and proves of concept,

with developers as they implement those into the product, and review their code as they write it.

Designed the fault tolerance mechanism as well as the media backbone of the company video processing heavy back-end.

30% hands on - implemeting in asyncio python the heavy parts of the above subsystems

## NSO Group
5 years 2 months

### Senior Sofware Director
July 2016 - April 2018 (1 year 10 months)
Israel

Managing the RnD department (70 people) developing the main company's product

Responsible for the system architecture, execution, and the quality of the product.
Built the processes and hired the key people for the department to become self sufficient

60  engineers spanning mobile, front-end and back-end, in-team validation engineers, as well as an integration group

### Mobile Group Leader
March 2013 - June 2016 (3 years 4 months)
Israel

Managed the research and the development of the state of the art  mobile security product

In my responsibility were recruiting, training and nurturing a group of 15 highly skilled professionals, consisting of 4 teams, solely responsible for the architecture of th product, with dotted line responsiblity for the quality and continues deployment

## Screenovate Technologies Ltd.
### Android Internals Team leader
August 2011 - March 2013 (1 year 8 months)

At Screenovate we developped a complete suite of solutions revolving around Miracast (WiFi Alliance standard allowing wireless HD display over a WiFi connection)

Screenovate focuses on using the smartphone as the centerpiece in home entertainment, giving users the ability to use the home TV as a second screen - allowing big screen gaming and content consumption, while giving carriers a foothold in the living room.

During my time in Screenovate my team researched and evaluated new technologies and platforms,
wrote lots of platform specific, low-level, hardware accelerated Android code (as well as some high-level Java code, too).
Was the lead integrator of our solution with Huawei

### Unit 8200 - Israeli Intelligence Corps
3 years 5 months

### RnD Group Manager
March 2008 - February 2010 (2 years)

Managed a cross-functional group of 5 team leads and 20+ software professionals through research, development and delivery of innovative offensive cyber mission-critical systems.

Led collaboration with dev managers and project leads from both internal and external groups to facilitate success of joint cross-organizational projects.

### Software Architect
October 2006 - September 2008 (2 years)

Designed from scratch and down to the level of detailed design the architecture of a real-time large scale, highly technological operational system.

Led, and directly supervised the R&D team (of 10 people) developing the product through the whole implementation cycle until successful deployment.

### Unit 8200 - Israeli Intelligence Corps
### Embedded Software Engineer and Team Leader
April 2003 - March 2006 (3 years)

Responsible for the research, design and development of a complete software system for a complex distributed, embedded system, used in an operational project in a real time environment, most of which was written in Assembly.

In charge of 10 software engineers and developers.

_____

## Education

### Bar-Ilan University

MSc, Computer Science · (2004 - 2007)

### Technion - Israel Institute of Technology

BA, Computer Science · (2000 - 2003)

EXHIBIT H

EXHIBIT FILED UNDER SEAL

# EXHIBIT I

EXHIBIT FILED UNDER SEAL

EXHIBIT J

EXHIBIT FILED UNDER SEAL

# EXHIBIT K

EXHIBIT FILED UNDER SEAL

EXHIBIT L

EXHIBIT FILED UNDER SEAL

EXHIBIT M

EXHIBIT FILED UNDER SEAL