# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| WhatsApp Inc. et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-07123-PJH |
| NSO Group Technologies Limited et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Bill Marczak
El Cerrito, CA 94530

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: King & Spalding LLC | Date and Time: |
|---|---|
| 50 California Street, Suite 3300 | |
| San Francisco, CA 94111 | 01/26/2024 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/11/2024

CLERK OF COURT

OR

_____          /s/ Aaron S. Craig
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

NSO Group Technologies Limited _____ , who issues or requests this subpoena, are:

Aaron Craig, King & Spalding, 633 W. 5th St.,Suite 1600, Los Angeles, CA 90071 (213) 443-4355, ACraig@kslaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS

1.      This Subpoena is directed to Bill Marczak (hereinafter "you" or "your"), and covers all documents in your possession, custody, or control, including documents in the possession or custody of your affiliates, agents, attorneys, consultants, investigators, or other persons acting on your behalf.

2.      You are to produce all responsive documents in full, without abbreviation, expurgation, or redaction.

3.      All documents responsive to the Requests for Production set forth below (the "Requests") shall be produced in an orderly manner and with appropriate markings or other identification to enable identification of the source of the document and number of the Request(s) to which it responds, or as such documents otherwise are maintained in the usual course of business.

4.      If you believe that any of the following Requests calls for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of the documents withheld. Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature

1

of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim of privilege. Such information should include all other recipients of the substance of the withheld document.

5.     The Requests set forth below seek Documents and Communications created, sent or received between January 1, 2015 and the present.

## DEFINITIONS

1.     The terms "all" and "any," whenever used separately, shall be construed as "any and all."

2.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

3.     "Citizen Lab" means the interdisciplinary laboratory based at the Munk School of Global Affairs and Public Policy at the University of Toronto named and known as "The Citizen Lab" or "Citizen Lab."

4.     "Communication(s)" means any transfer of information, ideas, opinions, inquiries or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file

2

and other writings reflecting communications. For the avoidance of doubt, the term "Communication(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

5.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited, each of which, respectively, is a "Defendant."

6.      "Document(s)" means any written, printed, typed, or other visual or oral matter of any kind or nature, whether sent or received, including, without limitation, all memoranda, reports, notes, transcripts, letters, envelopes, telegrams, cables, telexes, telephone bills, messages, work papers, diaries, desk calendars, appointment books, brochures, drafts, minutes or transcriptions of meetings and other communications of every type, videos and all audio-visual or sound recordings, magnetic tapes, video tapes, digital files, or other material on which information can be stored or obtained. The term "Document(s)" shall also include copies of any such documents upon which appears any notation, handwriting, or other additions not on the original. The term "Document(s)" includes all documents in your care, custody, possession or control, and all documents made available to you, whether or not such documents are in your custody or possession. For the avoidance of doubt, the term

3

"Document(s)" includes all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

7.    "Meta" means Plaintiff Meta Platforms, Inc., including its predecessors (including Facebook, Inc.), successors, assigns, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

8.    "Pegasus" means the technology solution described in Exhibit 10 to the WhatsApp Complaint (defined below).

9.    The term "relating to" means in any way, directly or indirectly, alluding to, amending, assisting with, canceling, commenting upon, comprising, concerning, confirming, considering, constituting, contradicting, describing, discussing, endorsing, evidencing, identifying, incorporating, mentioning, modifying, pertaining to, qualifying, referring to, regarding, relevant to, representing, revoking, setting forth, showing, suggesting, supplementing, supporting, terminating, underlying, or otherwise involving the subject matter of the specified request.

10.   "Security Vulnerability" refers to any weakness in computer code, a system, system security procedures, internal controls, or implementation that could

4

allow for unintended use or access, whether the product of intentional design or not.

11.    "WhatsApp" means WhatsApp LLC, including its predecessors (including WhatsApp Inc.), successors, assigns, subsidiaries, and parents, and agents, attorneys, contractors, employees, and representatives of any of the foregoing.

12.    "WhatsApp Complaint" means the complaint filed in the lawsuit styled *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, 4:19-CV-07123-PJH (N. D. Cal.), a copy of which is attached hereto as Attachment 1.

### REQUESTS FOR PRODUCTION

1.    All Documents and Communications relating to either or both of the Defendants or Pegasus.

2.    All Documents and Communications sent to or received from any current or former employee or representative of either Defendant.

3.    All Documents and Communications relating to any Security Vulnerability or other vulnerability in the WhatsApp communication service, including but not limited to that described in CVE-2019-3568 (as referenced in paragraphs 25 and 44 of the WhatsApp Complaint).

4.    All Documents and Communications relating to any Security Vulnerability or other vulnerability in any communication service, website, computer or mobile application or platform offered by Meta.

5

5.     All Documents and Communications relating to the investigation or identification of any electronic device upon which you and/or, to your knowledge, any representative of Citizen Lab believe, or at any time believed, Pegasus was installed (any such device referred to hereinafter as a "Targeted Device").

6.     All Documents and Communications relating to any investigation or identification of the identity of the user or owner of any Targeted Device.

7.     All drafts of all Documents identifying users or owners of any Targeted Device.

8.     All Documents and Communications constituting or relating to any notice provided to or other correspondence with users or suspected users or owners or suspected owners of Targeted Devices.

9.     All Documents and Communications relating to any analysis performed directly or indirectly by you or Citizen Lab as to whether any users or suspected users of Targeted Devices fit within broad definitions of civil society.

10.     All Documents and Communications relating to any analysis performed directly or indirectly by you or Citizen Lab as to whether any users or suspected users of Targeted Devices were or are "VIP" targets.

11.     All Documents and Communications relating to any payments that you received, directly or indirectly, from Meta or WhatsApp or any of their affiliates or agents.

6

12.    All Documents and Communications relating to any payments that you received, directly or indirectly, from any source in connection with research or investigation concerning either or both of the Defendants or Pegasus.