1  MATTHEW G. BALL (SBN 208881)
   matthew.ball@klgates.com
2  K&L GATES LLP
   Four Embarcadero, Suite 1200
3  San Francisco, CA 94111
   Telephone: (415) 882-8200
4  Facsimile: (415) 882-8200

5  Attorneys for Third Party
   FRANCISCO PARTNERS MANAGEMENT
6  L.P.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 WHATSAPP LLC, and META PLATFORMS      Case No. 4:19-cv-07123-PJH
   INC.,
12                                       **THIRD PARTY FRANCISCO PARTNERS'
                Plaintiff,                LOCAL RULE 79-5(f)(3) STATEMENT
13                                        RE: MAINTAINING SEAL OF
            v.                            MATERIALS FILED BY PLAINTIFFS IN
14                                        SUPPORT OF MOTION FOR ISSUANCE
   NSO GROUP TECHNOLOGIES LIMITED         OF A LETTER ROGATORY PURSUANT
15 and Q CYBER TECHNOLOGIES LIMITED,      TO THE HAGUE CONVENTION [ECF No.
                                          319]**
16
                Defendant.                **DISCOVERY MATTER**
17

---

1

**THIRD PARTY FRANCISCO PARTNERS' LOCAL RULE 79-5(f)(3) STATEMENT RE: MAINTAINING
SEAL OF MATERIALS FILED BY PLAINTIFF**

1   On June 26, 2024, Plaintiffs WhatsApp LLC and Meta Platforms Inc. filed its Administratvie Motion to Consider Whether Another Party's Materials Should Be Sealed [Dkt. No. 319] in connection with Plaintiffs' Motion for Issuance of a Letter Rogatory Pursuant to the Hague Convention. Specifically, Plaintiffs filed conditionally under seal an internal email, attached as Exhibit M to the Declaration of Craig Cagney, which contains "highly confidential" information. Pursuant to Civil Local Rule 79-5(f), Third Party Francisco Partners L.P. submits this statement and the supporting declaration from Steve Eisner to maintain the seal over Exhibit M to the Cagney Declaration.

## I. GOOD CAUSE EXISTS TO SEAL CONFIDENTIAL BUSINESS STRATEGIES AND ANALYSES.

Plaintiffs' Motion is a nondispositive discovery motion, meaning that "good cause" is the standard that is used. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.")

The email attached as Exhibit M to the Cagney Declaration comprises Francisco Partners' highly confidential and sensitive commercial information that Francisco Partners protects from disclosure to the public. Declaration of Steve Eisner ¶¶ 4-5. Disclosure of this information would harm Francisco Partners' competitive standing in the industry because it contains information concerning assessments of its portfolio company, discusses factors Francisco Partners may use to assess its portfolio companies, and discusses how Francisco Partners analyzes, assesses and negotiates compensation packages for the management of its portfolio companies. *Id.* at ¶ 6.

The sealing request is narrowly tailored, in that Francisco Partners has redacted the sensitive information from the email in question so that the balance can be filed in the public file. *Id.* at ¶ 8.

Courts generally allow such financial information to be filed under seal. *See Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *4 (N.D. Cal. Mar. 22, 2022) ("internal business strategies, competitive analyses, trade secrets, product development plans, and financial

information" are "an appropriate subject for sealing"); *Bunsow De Mory LLP v. North Forty Consulting LLC*, No. 20-cv-04997-JSC, 2020 WL 7872197, at *1 (N.D. Cal. Aug. 7, 2020) ("Confidential business information in the form of . . . 'business strategies'" satisfies the "compelling reasons" standard, which is stricter than the good cause standard used in this instance); *Rodman v. Safeway, Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing 'internal, nonpublic information discussing [the defendant's] pricing strategy, business decisionmaking [sic], and financial records, which would expose [the defendant] to competitive harm if disclosed"); *DiscoverOrg Data LLC v. Bitnine Global, Inc.*, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. .Feb. 11, 2020) (sealing documents that "could cause competitive harm by providing insight into Google's strategic and financial decisions, and by revealing to competitors the capabilities of Google's systems").

## II.  CONCLUSION

For the aforementioned reasons, Francisco Partners respectfully requests that the Court maintain the seal over Exhibit M to the Cagney Declaration.

Dated: July 2, 2024                                      K&L GATES LLP

By: /s/ *Matthew G. Ball*
Matthew G. Ball

Attorneys for Third Party
FRANCISCO PARTNERS
MANAGEMENT L.P.