Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
        antonio.perez@davispolk.com
        craig.cagney@davispolk.com
        luca.marzorati@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY REGARDING AWS SERVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | **DISCOVERY MATTER** |
|  | Date:   August 1, 2024 |
|  | Time:   1:30 p.m. |
|  | Ctrm:   3 |
|  | Judge:  Hon. Phyllis J. Hamilton |
|  | Action Filed: October 29, 2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. ("Meta," and together with WhatsApp, "Plaintiffs"), will bring on for hearing before the Honorable Phyllis J. Hamilton, in Courtroom 3 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, a motion compelling Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") to produce documents and supplement responses to requests for admission.  The parties have satisfied the requirements of Rule 37 and Civil L.R. 37-1(a) by attempting in good faith to resolve the disputed issues raised herein.

The Motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities herein, the Declaration of Craig T. Cagney in Support of the Motion ("Cagney Decl.") filed concurrently herewith, the pleadings and papers on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

1  Dated:  July 5, 2024_____          Respectfully Submitted,

2                                       DAVIS POLK & WARDWELL LLP

3                                       By:  _/s/ Micah G. Block_____
4                                            Micah G. Block (SBN 270712)
                                             DAVIS POLK & WARDWELL LLP
5                                            1600 El Camino Real
                                             Menlo Park, California 94025
6                                            Telephone: (650) 752-2000
                                             Facsimile:  (650) 752-2111
7                                            Email:  micah.block@davispolk.com

8                                            Greg D. Andres
9                                            Antonio J. Perez-Marques
                                             Craig T. Cagney
10                                           Luca Marzorati
                                               (admitted *pro hac vice*)
11                                           DAVIS POLK & WARDWELL LLP
12                                           450 Lexington Avenue
                                             New York, New York 10017
13                                           Telephone: (212) 450-4000
                                             Facsimile: (212) 701-5800
14                                           Email: greg.andres@davispolk.com
15                                                  antonio.perez@davispolk.com
                                                    craig.cagney@davispolk.com
16                                                  luca.marzorati@davispolk.com

17                                           *Attorneys for Plaintiffs*
18                                           *WhatsApp LLC and Meta Platforms, Inc.*

19
20
21
22
23
24
25
26
27
28

                                        1

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS .............................................................................................................. i

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

          A.      Background on the AWS Server ................................................................ 1

          B.      Plaintiffs' Efforts to Obtain Information Regarding the AWS Server ............ 1

ARGUMENT ................................................................................................................................ 3

    I.     NSO Should Be Compelled to Provide Discovery Responsive to Plaintiffs' Request for Production No. 30 ............................................................................ 3

    II.    NSO Should Be Compelled to Supplement Its Responses to Plaintiffs' Request for  Admission Nos. 38, 43, 45, 47, and 51 ................................................... 4

    III.   NSO Should Be Compelled to Revise Its Responses to Plaintiffs' Requests for Admission Nos. 44, 46, 48, 49, 50, and 52 ...................................................... 5

    IV.   The Court Should Find NSO in Violation of Its Preservation Obligations ................. 6

CONCLUSION .............................................................................................................................. 7

# TABLE OF AUTHORITIES

PAGE

### Cases

*A. Farber & Partners, Inc. v. Garber*,
  237 F.R.D. 250 (C.D. Cal. 2006) ................................................. 4

*Asea, Inc. v. S. Pac. Transp. Co.*,
  669 F.2d 1242 (9th Cir. 1981) ................................................. 4

*Jones v. Riot Hosp. Grp. LLC*,
  No. 22-16465, 2024 WL 927669 (9th Cir. Mar. 5, 2024) .......................... 6

*Marchand v. Mercy Med. Ctr*,
  22 F.3d 933 (9th Cir. 1994) ................................................. 5-6

*Milbank, Tweed, Hadley & McCloy LLP v. Milbank Holding Corp.*,
  No. CV 06-187-RGK (JTLX), 2006 WL 8434708 (C.D. Cal. Oct. 24, 2006) ....................... 4, 6

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d 1468 (9th Cir. 1992) ................................................. 2

*Winters v. Textron, Inc.*,
  187 F.R.D. 518 (M.D. Pa. 1999) ................................................. 7

### Statutes & Rules

Fed. R. Civ. P. 36(a)(4) ................................................. 4

Fed. R. Civ. P. 37(a)(4) ................................................. 5

Fed. R. Civ. P. 37(e) ................................................. 6

1

**PRELIMINARY STATEMENT**

Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") have provided fundamentally irreconcilable statements to the Court and to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") related to a server with IP address 54.93.81.200 (the "AWS Server") and its contents.  After admitting in a letter to the Court that ████████ ████████, NSO responded to Plaintiffs' subsequent Requests for Admissions ("RFAs") by ████████████████████████████████████████████.  The Court should order NSO to revise its responses to these RFAs, and should order NSO to produce relevant documents and information from the AWS Server.  Finally, having offered conflicting information about the AWS Server, NSO should be ordered to provide a full explanation, including as to whether █████ ████████████████████████████████████████, so that sanctions may follow if appropriate.

**BACKGROUND**

**A.     Background on the AWS Server**

The AWS Server is one of the "malicious servers" described in the complaint that played a critical role in installing spyware on the Target Devices.  NSO's malicious code caused the Target Devices to connect to malicious servers, including the AWS Server, to download and install NSO spyware.  Dkt. No. 1 ¶¶ 39, 40.  Plaintiffs discovered the IP address for the AWS Server ███████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████.  The AWS Server is owned by U.S. nonparty Amazon Web Services ("AWS"), but is located ████████.

**B.     Plaintiffs' Efforts to Obtain Information Regarding the AWS Server**

On March 7, 2023, Plaintiffs served a Request for Admission asking NSO to admit that it had the ability to "access" and "use" the AWS Server whether through ownership or a contractual relationship during the 2019 attack.  (RFA No. 38.)  On April 17, 2023, NSO responded that ████ ████████████████████████.

On May 12, 2023, Plaintiffs served NSO with a Request for Production ("RFP") seeking the

1

1    AWS Server's contents.  (RFP No. 30.)  NSO refused to produce the contents of the AWS Server,

2    and the parties reached an impasse.  On August 25, 2023, the parties filed a joint letter with this Court

3    concerning RFP No. 30 (the "AWS Dispute Letter").  Dkt. No. 208.  In that letter, NSO represented

4    to the Court that the AWS Server contained ████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████████████████

6    ████████████████████████    *Id.* at 4 (emphasis added).

7            On September 28, 2023, while the AWS Dispute Letter was pending, Plaintiffs served NSO

8    with RFAs asking it to admit the statements it made in the AWS Dispute Letter.  On November 15,

9    2023, the Court denied the relief Plaintiffs sought in the AWS Dispute Letter without prejudice, so

10   that the parties could re-present the issue with the benefit of the Court's guidance on the *Richmark*

11   factors.  Dkt. No. 233 at 10; *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468,

12   1475-77 (9th Cir. 1992).  A short time later, on November 22, 2023, NSO responded to Plaintiffs'

13   September 28, 2023 RFAs.  In its response, NSO:

14   • ████████████████████████████████████████████████████████

15   • ████████████████████████████████████████████

16   • █████████████████████████████████████████████████████████

17     ██████████████████████████████████████████████████████████

18     ████████████████████████████████████████████

19   • ████████████████████████████████████████████████████

20     ██████████████████████████████████████████ .

21   At the same time, ██████████████████████████████████████████

22   ███████████████████  NSO:

23   • ████████████████████████████████████████████

24   • ██████████████████████████████████████████████████████████

25     ██████████████████████████████  and

26   • █████████████████████████████████████████████████████████

27     ████████████████████████ .

28   In fact, █████████████████████████████████████████████████

1 ██████████████████████████████████████. (RFA Nos. 39, 40.)  NSO issued these responses

2 despite Plaintiffs having already ████████████████████████████████████

3 ████████████████████████████████████████.

4     Plaintiffs thereafter conferred with NSO regarding the inconsistencies between NSO's repre-

5 sentations in the AWS Dispute Letter and NSO's responses to Plaintiffs' RFAs.  NSO's counsel

6 represented that the RFA responses were true at the time they were made—i.e., on November 22,

7 2023—and NSO's representations in the AWS Dispute Letter were true "on or about" the time they

8 were made, which was August 25, 2023.  NSO's counsel would not explain what changed in the

9 interim, ████████████████████████████████████. NSO

10 continues to refuse to produce the contents of the AWS Server or explain these discrepancies.  Plain-

11 tiffs therefore seek the Court's assistance to compel production or address obstruction of the discov-

12 ery process.[1]

**ARGUMENT**

13

14 **I.  NSO Should Be Compelled to Provide Discovery Responsive to Plaintiffs' Request for**

15     **Production No. 30**

16     Plaintiffs renew their request that NSO be compelled to produce the contents of the AWS

17 Server, █████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████.  *See* Dkt. No. 208 at 4.  The Court has already held that "defendants must produce

20 information concerning the full functionality of the relevant spyware," *see* Dkt. No. 292 at 4, and

21 NSO has ██████████████████████████████████████

22 ██████████████████████████████████ Dkt. No. 208 at 4 (emphasis

23 added).  NSO argues that the AWS Server should be classified as "specific information regarding the

24

---

25 [1] As described in further detail in the Cagney Declaration, Plaintiffs initially presented this motion
26 to counsel for NSO on June 27, 2024 as a portion of a joint discovery letter.  Counsel for NSO
subsequently refused to agree to present this issue to the Court in a single joint letter.  Plaintiffs
27 are therefore filing a motion pursuant to the "streamlined discovery procedure" that the Court
authorized in its November 15, 2023 order.  Dkt. No. 233 at 10–11.

28

server architecture" that NSO need not produce "at this time," but RFP No. 30 does not seek infor-mation about NSO's server architecture or transmission network.  It seeks ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ including how NSO accessed Plaintiffs' servers.  Those materials are thus important and specific, as this Court already found, and should be produced.

**II.     NSO Should Be Compelled to Supplement Its Responses to Plaintiffs' Request for Admission Nos. 38, 43, 45, 47, and 51**

Plaintiffs' RFA Nos. 38, 43, 45, 47, and 51 seek admissions regarding ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ when it filed the AWS Dispute Letter in August 2023.  NSO's responses to Plaintiffs' discovery requests are incompatible with its represen-tations to the Court, and it has an obligation to clarify its responses, which it has refused to do.

Under Rule 36(a)(4), "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).  "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reason-able inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter."  *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981).  Furthermore, parties that once possessed the necessary information to respond to the requests for admission must refresh their recollections in order to affirmatively admit or deny the request.  *See A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 256 (C.D. Cal. 2006); *see also Milbank, Tweed, Hadley & McCloy LLP v. Milbank Holding Corp.*, 2006 WL 8434708, at *2 (C.D. Cal. Oct. 24, 2006) ("[A] party may not avoid responding to a request for admission based on technicalities.").

It is clear from this record that NSO either did not conduct a reasonable inquiry or made purposeful misrepresentations in its responses to Plaintiffs' RFAs.  For example, NSO admitted in

4

the AWS Dispute Letter that ███████████████████████████████████████████

████████████████, *see* Dkt. No. 208 at 4, and records produced by AWS show that ████████

███████████████████████████████.[2]  Accordingly, the discovery record alone demonstrates

that NSO ███████████████████████████████████████████.  The discovery record also

confirms that NSO ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████.  The

Court should compel NSO to provide a complete response to RFA Nos. 38, 43, 45, 47, and 51 based

on a reasonable inquiry of readily available information.

**III.     NSO Should Be Compelled to Revise Its Responses to Plaintiffs' Requests for**
**         Admission Nos. 44, 46, 48, 49, 50, and 52**

Plaintiffs' RFA Nos. 44, 46, 48, 49, 50, and 52 seek admissions concerning the contents of

the AWS Server as NSO described in the AWS Dispute Letter.  In the AWS Dispute Letter filed on

August 25, 2023, ████████████████████████████████████████████████████

████████████████.  Yet NSO ████████████████████████████████████████

████████████████.  For instance, ████████████████████████████████████

████████████████████████████.  In addition, ██████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████.

The Federal Rules prohibit these "evasive or incomplete disclosure[s]" to discovery requests.

Fed. R. Civ. P. 37(a)(4); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994)

---

[2]  On October 5, 2020, in response to a subpoena from Plaintiffs issued to AWS, AWS produced a
document showing that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████.

("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct."); *Milbank*, 2006 WL 8434708, at *2 ("When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request.").

NSO's about-face ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████. In all events, NSO's ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████.

**IV.     The Court Should Find NSO in Violation of Its Preservation Obligations**

If NSO ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████.

Courts find a sanctionable failure to comply with discovery obligations when ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see Jones v. Riot Hosp. Grp. LLC*, 2024 WL 927669, at *2 (9th Cir. Mar. 5, 2024).  Here, NSO understood that ██████████████████████████████████████████, as it was the subject of a stand-alone request for production to NSO served on May 12, 2023, *see* RFP No. 30, as well as a subpoena to AWS, and a pending discovery letter to this Court.  Although the AWS Server is located ████████, it was within the control of AWS, a U.S. company subject to this Court's jurisdiction.  Thus, ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████
████████████████████████████████████████████████████████████████████

1 ███████████████████████████████████████████████

2 ████████████████████████████████████████. Even if NSO

3 claims to have ████████████████████████████████████

4 ███████████████████████████████████████████████

5 ███████████████████████████████████████████████

6 ████████████████. *See, e.g.*, *Winters v. Textron, Inc.*, 187 F.R.D. 518, 520 (M.D. Pa. 1999)

7 (finding that defendant "violated its fundamental duty to preserve evidence critical to the plaintiff's

8 case" by selling allegedly defective product at issue without notifying plaintiff, and allowing product

9 to be moved to another country).  The Court should therefore compel NSO to account for its repre-

10 sentations █████████████████████████████ and make appropriate

11 findings regarding NSO's compliance with its preservation and discovery obligations, so that sanc-

12 tions may follow if appropriate.

**CONCLUSION**

14     For the reasons above, Plaintiffs respectfully request that the Court order NSO to produce the

15 documents and supplement the responses at issue in this motion.

1

2    Dated: __July 5, 2024__                    Respectfully Submitted,

3                                              DAVIS POLK & WARDWELL LLP

4
                                              By: __/s/ Micah G. Block__
5                                                  Micah G. Block (SBN 270712)
                                                   DAVIS POLK & WARDWELL LLP
6                                                  1600 El Camino Real
                                                   Menlo Park, California 94025
7                                                  Telephone: (650) 752-2000
                                                   Facsimile:  (650) 752-2111
8                                                  Email: micah.block@davispolk.com

9
                                                   Greg D. Andres
10                                                 Antonio J. Perez-Marques
                                                   Craig T. Cagney
11                                                 Luca Marzorati
                                                     (admitted *pro hac vice*)
12                                                 DAVIS POLK & WARDWELL LLP
                                                   450 Lexington Avenue
13                                                 New York, New York 10017
                                                   Telephone: (212) 450-4000
14                                                 Facsimile: (212) 701-5800
                                                   Email: greg.andres@davispolk.com
15                                                        antonio.perez@davispolk.com
                                                          craig.cagney@davispolk.com
16                                                        luca.marzorati@davispolk.com
17

18                                                 *Attorneys for Plaintiffs*
                                                   *WhatsApp LLC and Meta Platforms, Inc.*
19

20

21

22

23

24

25

26

27

28

8