Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com
             luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and METU PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY REGARDING AWS SERVER** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | **DISCOVERY MATTER** |
| Defendants. | Date:   August 1, 2024<br>Time:   1:30 p.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton |
| | Action Filed: October 29, 2019 |
| | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

I, Craig T. Cagney, declare as follows:

1.     I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned matter.  I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2.     I submit this declaration in support of Plaintiffs' Motion to Compel Discovery Regarding the AWS Server (the "Motion") filed concurrently herewith.

3.     In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37-1(a) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, I hereby certify that Plaintiffs' counsel met-and-conferred in good faith with counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") regarding the discovery disputes described in the Motion, in an effort to obtain the relief requested in the Motion without judicial intervention.  The discovery disputes include disputes concerning Plaintiffs' Second Requests for Production (the "RFPs") and Plaintiffs' First and Second Requests for Admission (the "RFAs").

4.     Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Requests for Admission, dated March 7, 2023.

5.     Attached hereto as **Exhibit B** is a true and correct copy of NSO's Responses and Objections to Plaintiffs' First Requests for Admission, dated April 17, 2023, which NSO has designated as "Highly Confidential – Attorneys' Eyes Only."

6.     Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' Second Requests for Production, dated May 12, 2023.

7.     Attached hereto as **Exhibit D** is a true and correct copy of NSO's Responses and Objections to Plaintiffs' Second Requests for Production, dated June 12, 2023.

8.     Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Second Requests for Admission, dated September 28, 2023.

9.     Attached hereto as **Exhibit F** is a true and correct copy of NSO's Responses and Objections to Plaintiffs' Second Requests for Admission, dated November 22, 2023, which NSO has designated as "Highly Confidential – Attorneys' Eyes Only."

10.     The parties held several meet and confers and exchanged correspondence concerning NSO's refusal to produce documents in response to Plaintiffs' Request for Production No. 30, which sought a copy of one of the malicious third-party servers described in the Complaint (the "AWS Server"), which was located ███████, owned by U.S.-based non-party Amazon Web Services ("AWS"), and ███████ during the events described in the Complaint.  Therefore, on August 25, 2023, the parties filed a joint letter with this Court concerning their dispute over Plaintiffs' Request for Production No. 30 (the "AWS Dispute Letter").  Dkt. No. 208.  On September 28, 2023, while the AWS Dispute Letter was pending, Plaintiffs served NSO with Plaintiffs' Second Requests for Admission asking NSO to admit certain of the statements it had made in the AWS Dispute Letter.

11.     The Court denied the relief Plaintiffs sought in the AWS Dispute Letter on November 15, 2023 without prejudice.  Dkt. No. 233 at 10.  In that order, the Court authorized Plaintiffs to present the AWS Dispute Letter to the Court under "the streamlined discovery procedure described below." *Id.*

12.     Under that procedure, the "moving party shall file its opening motion, not to exceed fifteen (15) pages; then the opposing party shall file a response within seven (7) days, not to exceed fifteen (15) pages; then the moving party shall have three (3) days to file a reply, not to exceed ten (10) pages." *Id.* at 11.  "Alternatively, if the parties do not wish to file sequential briefs and would prefer to file a single joint letter brief, they may do so, with the letter not to exceed ten (10) pages." *Id.*

13.     On November 22, 2023, NSO served its Responses and Objections to Plaintiffs' Second Requests for Admission, which included ███████████████████████ ██████████████████.

14.     During multiple discussions by videoconference, and through multiple emails and letters, Plaintiffs requested that NSO explain the inconsistencies between NSO's representations in the AWS Dispute Letter and NSO's responses to Plaintiffs' RFAs, but NSO's counsel represented

1   only that the RFA responses were true at the time they were made and that its representations in the

2   AWS Dispute Letter were true on or about the time they were made on August 25, 2023.

3       15.     In a letter dated December 6, 2023, Plaintiffs requested that NSO explain the

4   inconsistency between NSO's representation to the Court in the AWS Dispute Letter and NSO's

5   Responses and Objections to Plaintiffs' Second Requests for Admission.  In a letter dated February

6   13, 2024, Plaintiffs again asked NSO to explain these inconsistencies.  NSO did not provide a written

7   explanation.

8       16.     On March 7, 2024, counsel for Plaintiffs and counsel for NSO met-and-conferred via

9   videoconference.  Counsel for Plaintiffs requested the basis for NSO's responses to certain RFAs,

10  and how those responses were consistent with the representations that NSO made in the AWS Letter.

11  Counsel for NSO stated that they would review their statements in the AWS Dispute Letter, but were

12  standing by the accuracy of their RFA responses.

13      17.     On March 12, 2024, counsel for Plaintiffs and counsel for NSO again met-and-

14  conferred via videoconference.  During that conference, counsel for NSO stated that NSO's

15  statements in the AWS Dispute Letter were accurate at or around the time of their submission on

16  August 25, 2023, and their statements in the RFAs were accurate at the time they were made on

17  November 22, 2023.  Counsel for NSO declined to provide any further explanation of what had

18  changed in the interim to explain the inconsistency in NSO's representations about the AWS Server.

19      18.     On June 27, 2024, Plaintiffs served NSO's counsel Plaintiffs' portion of a joint letter

20  regarding the inconsistencies between NSO's representations in the AWS Dispute Letter and NSO's

21  responses to Plaintiffs' RFAs, and requested that NSO provide its response by July 3, 2024.

22      19.     On June 30, 2024, counsel for NSO indicated by email that NSO objected to "both the

23  form and substance of [Plaintiffs'] proposed motion" and refused to provide NSO's portion in

24  response to Plaintiffs' joint letter based on the position that Plaintiffs' motion was not "the proper

25  subject of a 10 page letter brief."

26      20.     Counsel for Plaintiffs responded on July 1, 2024 that Plaintiffs disagreed with NSO's

27  arguments and reiterated that the parties had conferred extensively on the issues.  Plaintiffs further

28  explained that they would seek the requested relief in a motion, and asked that NSO notify Plaintiffs

1   by the following day as to whether NSO agreed with the relief Plaintiffs were seeking and that

2   Plaintiffs would otherwise proceed with filing their motion.

3        21.    On July 1, 2024, counsel for NSO sent an email requesting additional time to respond

4   so that they could confer with their clients.  Counsel for NSO also requested a conference of counsel

5   to discuss whether Plaintiffs' motion to compel was procedurally proper and whether NSO had

6   violated any preservation obligation or destroyed evidence.  Counsel for NSO did not agree with any

7   of the relief that Plaintiffs were seeking.

8        I declare under the penalty of perjury that the foregoing is true and correct.

9        Executed this 5th day of July 2024 in New York, New York.

10

11              By:   */s/ Craig T. Cagney*

12                   Craig T. Cagney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4