# EXHIBIT A

EXHIBIT FILED UNDER SEAL

# EXHIBIT B

EXHIBIT FILED UNDER SEAL

# EXHIBIT C

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q<br>CYBER TECHNOLOGIES LTD.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' SECOND REQUESTS<br>FOR PRODUCTION**<br><br>Action Filed: October 29, 2019<br>Trial Date:    December 2, 2024 |

PROPOUNDING PARTY:     PLAINTIFFS WHATSAPP LLC AND META PLATFORMS, INC.

RESPONDING PARTIES:     DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q
                        CYBER TECHNOLOGIES LIMITED

SET NUMBER:             TWO

 Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the Documents and things described below, within thirty (30) days after the date of service.  These requests for production are to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1. "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

2. "Device" means a computer, mobile phone, server, or other electronic device.

3. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

4. "Includes," "including," or "such as" shall be used non-exclusively (i.e., to mean "including without limitation" or "including, but not limited to").

5. "Image" means a forensic copy of the Device or a copy of all files and information on the Device.

6. "Person(s)" means:(i) any natural person or individual; or (ii) any entity, whether business, legal, governmental, or other, regardless of whether or not for profit, including any corporation, partnership, sole proprietorship, organization, club, committee, joint venture, foreign corporation or foreign entity, or any associate, general partner, limited partner, employee, subsidiary, parent, or other affiliate of any such entity.

7.    "Plaintiffs" means WhatsApp LLC and Meta Platforms, Inc.

8.    "You" or "Your" means NSO Group Technologies Limited and Q Cyber Technologies Limited, as well as their current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on their behalf.

## INSTRUCTIONS

1.    For the purposes of reading, interpreting, or construing the scope of these requests for production, the terms referenced in the requests shall be given their most expansive and inclusive interpretation.

2.    The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

3.    Furthermore, these requests for production are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely supplement Your prior responses to the requests if You learn that the responses are in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

4.    If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the request for production to which such information is responsive.

5.    If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

6.    If You do not produce a Document in its entirety, state with particularity why You are not producing it in its entirety.

7.    If You object that a term or phrase is vague, ambiguous or indefinite, then provide

1    Your understanding of the term or phrase and respond accordingly.

2        8.        Defined terms may or may not be capitalized or made uppercase; the given definitions

3    apply even if a term in question is not capitalized or made uppercase.  No waiver of definition is

4    implied by the use of a defined term in a non-capitalized or lowercase form.

5        9.        These requests for production shall not be construed as a waiver or abridgment of, and

6    are not intended to waive, any argument or claim, including but not limited to, in connection with any

7    motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request

8    served by Defendants, nor shall they be construed as an admission of fact.

9                         **DOCUMENTS AND THINGS TO BE PRODUCED**

10   **REQUEST FOR PRODUCTION NO. 30**

11       A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

12   54.93.81.200, including a live capture of RAM and all virtual machines, and including all of the

13   following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

14   files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

15   sequel database files (.sql), and all files, including any .zip files, referenced in any of the

16   aforementioned.

17   **REQUEST FOR PRODUCTION NO. 31**

18       A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

19   104.223.76.220, including a live capture of RAM and all virtual machines, and including all of the

20   following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

21   files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

22   sequel database files (.sql), and all files, including any .zip files, referenced in any of the

23   aforementioned.

24

25                                         4

**REQUEST FOR PRODUCTION NO. 32**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 95.179.187.227, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

Dated:  May 12, 2023                          DAVIS POLK & WARDWELL LLP

By:  /s/ Micah G. Block
                                             Micah G. Block (SBN 270712)
                                             DAVIS POLK & WARDWELL LLP
                                             1600 El Camino Real
                                             Menlo Park, California 94025
                                             Telephone: (650) 752-2000
                                             Facsimile: (650) 752-2111
                                             Email: micah.block@davispolk.com

                                             Greg D. Andres
                                             Antonio J. Perez-Marques
                                             Craig T. Cagney
                                               (admitted pro hac vice)
                                             DAVIS POLK & WARDWELL LLP
                                             450 Lexington Avenue
                                             New York, New York 10017
                                             Telephone: (212) 450-4000
                                             Facsimile: (212) 701-5800
                                             Email: greg.andres@davispolk.com
                                                      antonio.perez@davispolk.com
                                                      craig.cagney@davispolk.com

                                             *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On May 12, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
       acraig@kslaw.com

*Attorneys for Defendants NSO Group
Technologies Limited and Q Cyber
Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on May 12, 2023 at New York, New York.

/s/ Luca Marzorati
Luca Marzorati

6

# EXHIBIT D

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION** <br><br> Action Filed:  10/29/2019 <br> Trial Date:    12/2/2024 |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited hereby object and respond to Plaintiffs' Second Requests for Production.

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Plaintiffs' Second Requests for Production. Defendants have not fully completed their investigation of the facts relating to this case, discovery, or preparation for trial. The responses contained herein are based only upon such information and documents which are currently available, and specifically known, to Defendants.  It is anticipated that further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein.

The following objections and responses are given without prejudice to Defendants' right to produce evidence, at trial or otherwise, regarding any subsequently discovered facts or information. Defendants reserve the right to modify and amend any and all responses herein as additional facts are ascertained, as analysis and contentions are made, or as research is completed.

By serving these responses and objections, Defendants do not consent to jurisdiction of the Court and do not waive their defenses that the Court lacks subject-matter and personal jurisdiction. To the contrary, Defendants hereby preserve those defenses.

Defendants reserve the right to withhold documents or redact information from certain documents as may be necessary to comply with Israeli law, other foreign law, or contractual obligations.

## **GENERAL OBJECTIONS**

Defendants interpose the following general objections into each of the specific objections that follow as if the general objections were set forth in full in each specific objection.

1.     Defendants object to the extent that any request seeks information that exceeds the

scope of permissible discovery under the Federal Rules of Civil Procedure or seeks to impose upon Defendants obligations beyond those required by the Federal Rules of Civil Procedure.

2.      Defendants object to the extent that any request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).

3.      Defendants object to the extent that any request is unreasonably cumulative or duplicative.

4.      Defendants object to the extent that any request seeks information outside of their possession, custody, or control.  To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation.

5.      Defendants object to the extent that any request seeks information already in the possession, custody, or control of Plaintiffs; information that is available from public sources; or information that is as readily available to Plaintiffs as to Defendants on the grounds that it would be unduly burdensome and oppressive to require Defendants to obtain, process, and reproduce such documents.

4.      Defendants object to the extent that any requests assert or assume unproven conclusions as established facts, rendering the request argumentative.

5.      Defendants object to the extent that any request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.

6.      Defendants object to the extent that any request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information.

7.      Defendants object to the extent that any request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law.

8.      Defendants object to the extent that any request seeks information prohibited from

disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract.  Defendants intend to withhold such information, documents, and communications.

9.      Defendants object that the requests require them to participate in this lawsuit despite Plaintiffs' failure to establish personal jurisdiction over them.  Nothing herein should be interpreted as a waiver of the burden Plaintiffs bear to prove that Defendants are subject to personal jurisdiction in California.

10.      Defendants object that the time specified for production is unreasonable. Defendants will produce documents, if any, at the times described below.

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

1.      Defendants object to the definitions and instructions to the extent that they seek to impose obligations, requirements, or procedures beyond those required under applicable federal rules, federal laws, local rules, or judicial standing orders.

2.      Definition No. 2 ("Device"):  Defendants object to the definition of "Device" as vague, ambiguous, and overbroad because it encompasses any "electronic device."  Using the word device to define the term device renders the definition vague and ambiguous. To the extent the definition intended to encompass any electronic object, the definition would be overbroad and responding to any request that incorporates the definition would be unduly burdensome and not proportional to the needs of the case.  Defendants will interpret the term "Device" to mean a computer, mobile phone, or server.

3.      Definition No. 3 ("Document" or "Documents"): Defendants object to the definition of "Document" or "Documents" to the extent that they impose any obligation to produce materials not requested and agreed to in separate requests for production.  Defendants further object to the definitions to the extent that they would require them to access media from which information cannot be obtained directly or cannot be translated into a reasonably useable form without undue burden on them.

4.      Definition No. 5 ("Image"): Defendants object to producing either "forensic copies" or "copies of all files and information" found on any particular device.  Such requests for

the production of electronically stored information are overly broad, include information that is neither relevant nor proportional to the needs of the case, and would prohibit Defendants from complying with any restrictions on the transfer of certain information imposed by law or by contract.  Defendants will produce electronically stored information in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms, depending on the particular form of electronic information at issue, but will generally produce electronically stored information as TIFF images.

5.     Definition No. 6 ("Person(s)"): Defendants object to the definition of "Person(s)" as vague, ambiguous, and overbroad.  The definition includes 16 distinct roles or types of entities. Responding to any request that relies on such a broad definition of "Person" would be unduly burdensome and not proportional to the needs of the case.  Defendants further object to the extent that the proposed definition seeks information outside of their possession, custody, or control (e.g., the corporate structure, ownership, or members of third-party companies).

6.     Definition No. 8 ("You" or "Your"): Defendants object to the definition of "You" and "Your" as vague, ambiguous, and overbroad. The definition improperly includes a host of people and entities, including Defendants' "current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and all other persons acting or purporting to act on its behalf." Responding to any request that incorporates these terms would be unduly burdensome and not proportional to the needs of the case. Unless otherwise indicated, any response to a request containing the term "You" or "Your" is limited to Defendant NSO, Defendant Q Cyber, and their employees.

7.     Instruction No. 4: Defendants additionally object to Instruction No. 4 as unduly burdensome.  Defendants will meet and confer with plaintiffs' counsel regarding the preparation, form, and contents of privilege logs (if any) at an appropriate time.

8.     Instruction No. 6: Defendants additionally object to Instruction No. 6 as unduly burdensome.  Defendants further object to the extent that the instruction calls for the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 30:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 54.93.81.200, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all documents" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws, or any other applicable law. Defendants object to the extent that any request seeks information prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

1  other applicable law, regulation, or governmental order or directive, or by contract.  Defendants

2  intend to withhold such information, documents, and communications.

3  **REQUEST FOR PRODUCTION NO. 31:**

4      A complete Image of the Device or Devices that resolve to the Internet Protocol (IP)

5  Address 104.223.76.220, including a live capture of RAM and all virtual machines, and including

6  all of the following: log files, configuration files, Python scripts, compiled Python scripts, text

7  files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto

8  files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced

9  in any of the aforementioned.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

11      Defendants object to the extent that the request seeks information that is neither relevant

12  nor proportional to the needs of the case—including, but not limited to, information that is not

13  related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus"

14  with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Defendants

15  object that the request is overly broad and unduly burdensome.  Defendants incorporate by

16  reference their objections above to the defined terms used in the request, including but not limited

17  to their objection to producing forensic images or "copies of all documents" from any particular

18  device.  Defendants object to the extent that the request seeks information outside of their

19  possession, custody, or control.  To the extent that Defendants provide a substantive response

20  below, it will only include information that is in their possession, custody, or control and that they

21  could identify after a reasonable investigation.  Defendants object to the extent that the request

22  seeks information protected from disclosure by the attorney-client privilege, the attorney work-

23  product doctrine, or any other privilege or protection against discovery or disclosure.  Defendants

24  object that the request seeks the disclosure of trade secrets, state secrets, or other confidential,

25  proprietary, or competitively sensitive business information.  Defendants object to the extent that

26  the request seeks information that may be protected by a right of privacy under the United States

27  Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

28  or any other applicable law.  Defendants object to the extent that any request seeks information

prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive, or by contract. Defendants intend to withhold such information, documents, and communications.

**REQUEST FOR PRODUCTION NO. 32:**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 95.179.187.227, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to the extent that the request seeks information that is neither relevant nor proportional to the needs of the case—including, but not limited to, information that is not related or relevant to Plaintiffs' allegations that Defendants operated a software called "Pegasus" with respect to the "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7). Defendants object that the request is overly broad and unduly burdensome. Defendants incorporate by reference their objections above to the defined terms used in the request, including but not limited to their objection to producing forensic images or "copies of all documents" from any particular device. Defendants object to the extent that the request seeks information outside of their possession, custody, or control. To the extent that Defendants provide a substantive response below, it will only include information that is in their possession, custody, or control and that they could identify after a reasonable investigation. Defendants object to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection against discovery or disclosure. Defendants object that the request seeks the disclosure of trade secrets, state secrets, or other confidential, proprietary, or competitively sensitive business information. Defendants object to the extent that the request seeks information that may be protected by a right of privacy under the United States Constitution, Article I, Section 1 of the Constitution of the State of California, Israeli privacy laws,

1  or any other applicable law.  Defendants object to the extent that any request seeks information

2  prohibited from disclosure by Israeli law, regulation, or governmental order or directive, or any

3  other applicable law, regulation, or governmental order or directive, or by contract.  Defendants

4  intend to withhold such information, documents, and communications.

5

6  Dated:  June 12, 2023                              **KING & SPALDING LLP**

7

8                                                     By: */s/Joseph N. Akrotirianakis*

9                                                         JOSEPH N. AKROTIRIANAKIS

10                                                        *Attorney for Defendants NSO Group*
                                                         *Technologies Limited and Q Cyber*
11                                                        *Technologies Limited*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California.  I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.

On June 12, 2023, I served the following documents in the manner described below:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

☑       (BY ELECTRONIC SERVICE)  By electronically mailing a true and correct copy through King & Spalding LLP's electronic mail system to the email addresses set forth below.

On the following part(ies) in this action:

**PLEASE SEE ATTACHED LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 12, 2023, at Los Angeles, California.

_____

Kathryn Bell-Taylor

## SERVICE LIST

| | |
|---|---|
| Greg D. Andres<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: greg.andres@davispolk.com | Craig T. Cagney<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: craig.cagney@davispolk.com |
| Antonio J. Perez-Marques<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4559<br>Email: Antonio.perez@davispolk.com | Micah G. Block<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone: (650) 752-2000<br>Email: micah.block@davispolk.com |

EXHIBIT E

EXHIBIT FILED UNDER SEAL

# EXHIBIT F

EXHIBIT FILED UNDER SEAL