# EXHIBIT A

**Pages 1 - 73**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Phyllis J. Hamilton, Judge

| | |
|---|---|
| WHATSAPP, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | **NO. C 19-07123 PJH** |
| ) | **SEALED PAGES 9 to 42** |
| NSO GROUP TECHNOLOGIES ) | **AND PAGES 54 to 73** |
| LIMITED, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Oakland, California
Thursday, February 15, 2024

**SEALED TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        DAVIS POLK AND WARDELL LLP
        450 Lexington Avenue
        New York, New York  10017
    **BY:  ANTONIO PEREZ-MARQUES, ATTORNEY AT LAW**
        **CRAIG CAGNEY, ATTORNEY AT LAW**
        **GREG D. ANDRES, ATTORNEY AT LAW**

        DAVIS POLK AND WARDELL LLP
        1600 El Camino Real
        Menlo Park, California  94025
    **BY:  MICAH G. BLOCK, ATTORNEY AT LAW**

        **O'MELVENY and MYERS LLP**
        7 Times Square
        New York, New York  10036
    **BY:  JEFFREY A.N. KOPCZYNSKI, ATTORNEY AT LAW**

    **(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

REPORTED BY:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
           United States District Court - Official Reporter

```
 1   APPEARANCES:   (continued, via videoconference)

 2   For Defendants:
                              KING & SPALDING LLP
 3                            633 West Fifth Street - Suite 1700
                              Los Angeles, California  90071
 4                     BY:    JOSEPH AKROTIRIANAKIS, ATTORNEY AT LAW
                              AARON S. CRAIG, ATTORNEY AT LAW
 5   For Bill Marczak:
                              ZWILLGEN PLLC
 6                            1900 M Street, NW - Suite 250
                              Washington, D.C.  20036
 7                     BY:    MARC J. ZWILLINGER, ATTORNEY AT LAW
                              STEVEN L. LANE, ATTORNEY AT LAW
 8
     Also Present:            MICHAEL CHMELAR
 9                            JESSICA ROMERO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   Thursday - March 15, 2024                              1:01 p.m.

 2                         P R O C E E D I N G S

 3                              ---oOo---

 4           THE CLERK:  Calling civil case -- U.S. District Court

 5   is now in session.  The Honorable Phyllis J. Hamilton now

 6   presiding.

 7           Calling civil case 19-7123-PJH, WhatsApp Inc., et al.

 8   versus NSO Group Technologies, Limited, et al.

 9           Counsel, please state your appearances beginning with

10   Plaintiffs' Counsel.

11           MR. ANDRES:  Good afternoon, Your Honor, this is Greg

12   Andres from Davis Polk.  I'm here in New York and my colleague

13   Craig Cagney is here as well as some other Davis Polk lawyers.

14           My co-counsel Tony Perez is also on the screen.  I believe

15   he is in Dallas.  And the third member of our team, Michael

16   Block, is in California.  Good afternoon.

17           THE COURT:  All right.  Good afternoon to all of you.

18           MR. AKROTIRIANAKIS:  Good afternoon, Your Honor, Joe

19   Akrotirianakis and Aaron Craig on behalf of the Defendants.

20           THE COURT:  All right.  Good afternoon.

21        And good afternoon to our court reporter.  And where are

22   you located?

23           COURT REPORTER:  I am currently in Phoenix, Arizona.

24           THE COURT:  All right.  So the whole country is

25   represented here today.
```

```
 1   think I have -- what I don't understand is how is there a --
 2   how do we draw a distinction between the server -- the server's
 3   ability to distinguish between information related to Pegasus
 4   and information that's totally unrelated to Pegasus on the
 5   servers?
 6       I mean, the information as it relates to Pegasus or any of
 7   the relevant other spyware is all that's at issue here; right.
 8       And my understanding is that NSO's position is that they
 9   can't segregate that out?
10       Somebody -- this is -- this is your motion,
11   Mr. Akrotirianakis, so, please, tell me -- tell me what the
12   objection is here.
13           MR. AKROTIRIANAKIS:  I'm sorry, Your Honor.  The --
14   the objection with respect to the third-party servers is that
15   the request is that NSO produce an entire copy of a server.
16   That's not specific at all.
17   ████████████████████████████████████████████████████████████
18   ███████████████████████████████████████████████████
19   ████████████████████████████████████████████████████████
20   █████████████████████████████████████████████████████████████
21   ██████████████████████████
22       The response to that is:  I would like an entire copy of
23   this server, of that server, of everything.  There's nothing
24   either specific about that at all really or any articulation of
25   why it's important in light of what I have just said we have
```

1    offered without this dispute to provide.
2            **MR. PEREZ MARQUES:**  Your Honor, if I may?
3            **MR. AKROTIRIANAKIS:**  Entire contents is just wildly
4    overbroad relative to their importance to the case and the
5    burden that would be on NSO to try and produce that.
6            **THE COURT:**  Okay.  Mr. Marques.
7            **MR. PEREZ MARQUES:**  Your Honor, on specificity, we
8    have identified particular servers by their roughly 12 digit IP
9    addresses.
10         These are servers that our engineers have identified as
11   being involved in the particular attacks.  One of them, a
12   server hosted we believe in Germany by Amazon Web Services,
13   which is the subject of a separate motion.
14        NSO has acknowledged in a letter to the Court is part of
15   Pegasus and that its contents were exclusively available to NSO
16   engineers in Israel.
17        So these are extremely specific requests targeted to
18   particular servers that we have identified as involved in the
19   attacks.
20           **THE COURT:**  And what is it -- what is it from the
21   servers that you are seeking?
22           **MR. PEREZ MARQUES:**  We need to understand how these
23   spyware worked.  We need to know -- we need to be able to
24   demonstrate in order to establish our claims that it engaged in
25   unauthorized access of our SIM systems; that it exceeded

1  authorized access; that the development of it was in violation
2  of our terms of service; that it operated in ways that are
3  prohibited by our terms of service.
4         We need to be able to show how it operated to extract
5  information, which is also an element of our claims; and we
6  have reason to believe based on our investigation that the
7  relevant malware is housed on these servers.
8         **THE COURT:** Okay.  Anything else?
9         **MR. AKROTIRIANAKIS:** So, I think he just confirmed
10 that -- he is just saying, "I just want everything."
11        And that, again, Your Honor, is exactly the type of
12 generalized search for information.  He just said the reason
13 for it is he wanted to engage in a generalized search because
14 "we don't know."
15        He wants to go on a generalized search in the servers, so
16 he needs the entirety of it.  There is just nothing specific
17 about that.
18        And without an allegation even that these servers have
19 anything to do with the installation of Pegasus, it's just not
20 important enough under the *Richmark* standard.
21        **THE COURT:** Okay.  All right.  I have heard enough on
22 this motion.  I want to turn to the other two.  We got --
23 Kelly, got an e-mail from Mr. Zwillinger -- what is it? --
24 Zwillinger who wants to be able to attend the portion of the
25 hearing on the NSO's motion to compel, and I believe that you

1  the other Zoom link for the other webinar.
2              **THE CLERK:**  Yes.
3              **THE COURT:**  Okay.
4                  (Proceedings adjourned at 2:53 p.m.)
5                          ---oOo---

8                  **CERTIFICATE OF REPORTER**
9       I certify that the foregoing is a correct transcript
10  from the record of proceedings in the above-entitled matter.

12  DATE:   March 1, 2024

17       Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
         United States District Court - Official Reporter