Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
craig.cagney@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

WHATSAPP LLC and META PLATFORMS, INC.,

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION**

**DISCOVERY MATTER**

Ctrm: 3
Judge: Hon. Phyllis J. Hamilton

Action Filed: October 29, 2019

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................ 1

ARGUMENT ........................................ 2

I. NSO Must Show Good Reason For the Court to Deny Plaintiffs' Motion ........................................ 2

II. The NSO Witnesses Can Provide Testimony on Issues Important to Proving Plaintiffs' Claims ........................................ 3

III. The Information from the NSO Witnesses Cannot Be Obtained from the Individuals That NSO Has Offered for Depositions ........................................ 4

IV. Plaintiffs' Motion Complies With the Federal Rules of Civil Procedure ........................................ 6

V. Plaintiffs' Motion for Letter Rogatory Complies With This Court's Ruling on the *Richmark* Factors ........................................ 8

CONCLUSION ........................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiffs WhatsApp LLC and Meta Platforms, Inc.'s ("Plaintiffs") motion for issuance of letter rogatory ("Motion") establishes the relevance and need for deposition testimony from certain of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited's ("NSO") current and former employees. These current and former NSO employees (together, the "NSO Witnesses") likely developed, distributed, tested, or used the relevant spyware against Plaintiffs and their users.[1] Despite NSO's continued refusal to engage in discovery, Plaintiffs have obtained nonparty and public evidence showing that the NSO Witnesses have relevant information about the development, testing, sale, and use of NSO's spyware, and NSO's 2019 attack, [REDACTED] [REDACTED] [REDACTED].

NSO does not dispute the importance of the NSO Witnesses. Instead, NSO claims, without support, that the three current executives that it has hand-selected for depositions (Yaron Shohat, Tamir Gazneli, and Ramon Eshkar) possess such vast knowledge about NSO's attack on WhatsApp's servers and its users that the depositions of the NSO Witnesses would be duplicative. As a threshold matter, the Court need not conclude that the NSO Witnesses have unique information in order to grant the Motion. Moreover, NSO's current statements contradict its prior statements to the Court. For example, NSO's initial disclosures showed that certain of the NSO Witnesses know about the topics that Plaintiffs seek to explore during depositions, and that the three current executives that NSO now offers for depositions do not. Plaintiffs should not be forced to trust NSO's representations about what its proffered witnesses know when NSO has refused to produce any of their documents or even provide information beyond their job descriptions. In fact, as shown in the Motion, the information that Plaintiffs have obtained from [REDACTED] [REDACTED] [REDACTED].

[1] The NSO Witnesses are Ory Samorodnitzky, Tomer Timor, Nir Peisakhov, Michael Herman, Yossi Mosingo, Alon Yudis, Shalev Hulio, Tami Mazel, Avi Itzhak, Guy Molho, and Sarit Bizinsky Gil.

Finally, NSO's makeweight objections about Plaintiffs' compliance with the Federal Rules of Civil Procedure lack any merit, and fail to satisfy NSO's burden to deny the Motion. Plaintiffs have made a carefully tailored and particularized request for assistance from the Israeli courts, and have made clear that they will not exceed the limits of the Federal Rules or the scope of this Court's ruling under *Richmark*. NSO's fear that Plaintiffs might end up obtaining too much information carries no weight, particularly in light of NSO's continued refusal to meaningfully participate in discovery.

Because NSO has failed to provide good reason for the Court to deny the Motion, the Court should issue the letter rogatory informing the Israeli courts of its determination that the requested testimony is highly relevant and important to proving the issues in this case, and request their assistance in procuring that testimony from the NSO Witnesses.

## ARGUMENT

### I. NSO Must Show Good Reason For the Court to Deny Plaintiffs' Motion

As a threshold matter, NSO misstates the standard for evaluating a motion for letter rogatory. Courts in this district have consistently ruled that the party *opposing* a letter rogatory motion bears the burden: "motions requesting issuance of a letter of request or letter rogatory should generally be granted," and "[t]he opposing party must show good reason for a court to deny an application for a letter rogatory."[2] NSO knows this well, having advocated for this very standard in moving for the Court to issue a letter rogatory to obtain discovery from Citizen Lab. *See* Dkt. No. 298 at 2 (citing *Gardner*, 2021 WL 303426, at * 2). Now that the shoe is on the other foot, NSO turns to two out-of-district cases, *see* Dkt. No. 335-2 at 3 (citing *DataQuill Ltd. v. High Tech Comput. Corp.*, 2010 WL 11493082, at *1 (S.D. Cal. Oct. 28, 2010) and *Pronova BioPharma*

2 *SEC v. Leslie*, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *accord Simon & Simon, PC v. Align Tech., Inc.*, 2022 WL 16557638, at *3 (N.D. Cal. Oct. 28, 2022); *Zoho Corp. Pvt. Ltd v. Freshworks, Inc.*, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021); *Gardner v. Starkist Co.*, 2021 WL 303426, at *2 (N.D. Cal. Jan. 29, 2021); *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020); *see also Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 631537, at *2 (N.D. Cal. Feb. 18, 2014).

*Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010)). Neither case provides any reason for imposing a heightened standard on the party seeking a letter rogatory.

**II. The NSO Witnesses Can Provide Testimony on Issues Important to Proving Plaintiffs' Claims**

The Motion establishes that the NSO Witnesses possess highly relevant knowledge on important issues relating to NSO's development, distribution, testing, and use of relevant spyware against Plaintiffs and their users. *See* Dkt. No. 319-2 at 6–10. Indeed, NSO does not challenge the significance of most of the NSO Witnesses, including those whom [REDACTED]. *See id*. at 7–10.

NSO only specifically challenges the depositions of Mr. Herman and Mr. Mohlo, on the basis that these individuals left NSO in early 2018. However, their departure from the company does not diminish their importance to this case. NSO did not develop the spyware for the attack overnight. [REDACTED] The Motion establishes that both Mr. Herman and Mr. Mohlo played vital roles at NSO before their departures, and would have relevant information about NSO's development of its spyware. Mr. Herman previously trumpeted the fact that he managed NSO's Research & Development team, which was responsible for developing spyware, and "develop[ed] the main company's product [Pegasus]." Dkt. No. 319-2 at 8. Mr. Mohlo, a former Product Management Director at NSO, drafted a product description of Pegasus spyware, [REDACTED] and which contains 34 detailed pages about Pegasus installation, data collection, data transmission, and maintenance. *See* Dkt. No. 1-1 at 25–64. Mr. Mohlo's brochure includes specific detail about NSO's installation methods, touting the fact that NSO "installation is totally silent and invisible and cannot be prevented by the target," and calling this "NSO uniqueness, which significantly differentiates the Pegasus solution from any other solution available in the market." *Id*. at 36. NSO's development of the highly sophisticated spyware shows both that NSO knew its access was unauthorized and that NSO breached the WhatsApp Terms of Service by reverse-engineering the WhatsApp application.

In an effort to preemptively cabin the scope of depositions, NSO incorrectly invokes the Court's February 23, 2024 order, which ordered NSO to produce documents related to any NSO spyware targeting or directed at WhatsApp servers, or using WhatsApp in any way to access Target Devices. Dkt. No. 292 at 3. As part of that ruling, the Court ordered document production "for a period of one year before the alleged attack to one year after the alleged attack; in other words, from April 29, 2018 to May 10, 2020." *Id*. at 4. But the Court made clear that this was the "timeframe of *documents* that must be produced." *Id*. (emphasis added). Certainly, this Court's order gave no indication that Plaintiffs were barred from deposing NSO employees who left the company before April 29, 2018. Even if NSO faces some burden in producing documents from outside this time range, NSO Witnesses face no similar burden in answering questions about their recollections of relevant events they actually participated in, regardless of timeframe. Moreover, the Court added that Plaintiffs may seek to expand the time range "after reviewing the relevant spyware from that timeframe," if such document discovery provides "evidence that any attack lasted beyond that timeframe." *Id*. Because of NSO's continued stonewalling, Plaintiffs have yet to receive *any* document discovery related to the relevant spyware, and should not be preemptively precluded from deposing witnesses based on NSO's failure to participate in discovery. The Court should not reward NSO for its refusal to produce documents.

## III. The Information from the NSO Witnesses Cannot Be Obtained from the Individuals That NSO Has Offered for Depositions

Unable to show that any of the NSO Witnesses lack highly relevant knowledge, NSO instead argues that depositions of the NSO Witnesses would be "duplicative and cumulative" of the depositions of the witnesses that NSO has offered, and that "Plaintiffs may therefore obtain the testimony that they seek from existing witnesses." Dkt. No. 335-2 at 5. This argument is both legally and factually meritless.

For one, "[n]either Rule 26 nor any other authority supports" NSO's argument that all of the NSO Witnesses must possess "unique information." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 4954634, at *4 (N.D. Cal. Oct. 1, 2014); *accord Simon & Simon*, 2022 WL 16557638, at *4. In granting a motion for letter rogatory to seek depositions abroad, the court in

*Zoho* noted that "there is no requirement that a third party must be able to provide unique information in order to depose them." 2021 WL 2769009, at *4. Even if the testimony from the NSO Witnesses overlaps with the testimony from the witnesses that NSO has offered, Plaintiffs are entitled to have the opportunity to "question percipient witnesses and to test the veracity of [NSO's] representations." *Id.*

But more importantly, NSO's contention that the NSO Witnesses have "no unique knowledge that the agreed-upon witnesses cannot provide," Dkt. No. 335-2 at 5, is incorrect. For instance, NSO suggests that Mr. Gazneli, NSO's Vice President of Research and Development, possesses such extensive knowledge on "technical topics" and "research and development" that the seven NSO Witnesses with technical expertise would all offer duplicative testimony. *Id.* at 4. Yet NSO offers no specifics about Mr. Gazneli beyond the fact that he has had "various research-and-development positions" since 2015. *Id.* Moreover, Plaintiffs have no way to verify this claim, given that NSO has refused to produce any documents from Mr. Gazneli or from any of the potential NSO deponents. In addition, this description cannot be squared with NSO's initial disclosures, which asserted that Mr. Gazneli was knowledgeable only about NSO's "policies, procedures and practices," while Mr. Itzhak was knowledgeable about the "research and development of Pegasus." Dkt. No. 319-4, Ex. A at 2. Plaintiffs' detailed descriptions of Mr. Samorodnitzky, Mr. Mosingo, Mr. Yudis, Mr. Peisakhov, and Mr. Herman in the Motion show that they all possess highly relevant and important knowledge regarding [REDACTED] [REDACTED]. Dkt. No. 319-2 at 7–8.

Similarly, NSO fails to show that the depositions of Mr. Shohat, its Chief Executive Officer, or Mr. Eshkar, its Vice President, Client Executives, render all other testimony about NSO's sales strategies and business operations duplicative. Here too, NSO fails to identify the specific expertise possessed by Mr. Shohat or Mr. Eshkar that would render all other depositions unnecessary (even if that was the standard). NSO instead just lists the employment dates and titles that Mr. Shohat and Mr. Eshkar have had while at NSO. Dkt. No. 335-2 at 4. Especially because NSO has not produced a single document from either of these witnesses, deposing other witnesses will "test the veracity of the defendants' representations." *Simon & Simon*, 2022 WL 16557638, at *4.

And as the Motion sets out, Mr. Timor, Mr. Hulio, Mr. Mazel, and Mr. Molho all have individualized knowledge that Mr. Shohat and Mr. Eshkar do not. Dkt. No. 319-2 at 7–9.[3] In addition, NSO should also be required to produce Ms. Gil, who NSO described in its initial disclosures as possessing knowledge regarding "NSO Group's contracts with its Customers." Dkt. No. 319-4, Ex. A at 2. NSO identified no other witnesses in its initial disclosures as possessing such information.

## IV. Plaintiffs' Motion Complies With the Federal Rules of Civil Procedure

NSO falls back on the argument that Plaintiffs' request violates two separate provisions of the Federal Rules of Civil Procedure. Not so.

First, as highlighted on the first page of the Motion, Plaintiffs will comply with Rule 30. Mot. at 1 n.2. Plaintiffs reiterate that they will not schedule, let alone take, more than ten depositions without seeking leave of Court. As such, NSO need not expend any resources "preparing all eleven deponents." Dkt. No. 335-2 at 8. And if NSO wanted to ensure that no effort would be wasted, it could engage in good-faith negotiations with Plaintiffs' counsel about producing additional witnesses without forcing Plaintiffs to resort to the Hague Convention. Despite misconstruing Plaintiffs' strategy as an unsupported request for a "preemptive" order for leave to take more than ten depositions, *id.*, NSO provides no authority for the relief that it seeks: a preemptive *denial* of a motion for letter rogatory based on speculation that Plaintiffs, who have yet to take a single deposition, might end up taking more than ten. *See Successor Agency to Former Emeryville Redevelopment Agency*, 2020 WL 7042860, at *3 (finding that "it is reasonable for plaintiffs to bring this motion now, rather than wait until they have exhausted all other possible sources of relevant testimony").

In all events, the information that Plaintiffs have developed on the NSO Witnesses—based purely on nonparty discovery and public information—satisfies the "particularized showing" required to take additional depositions. *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 767839, at *1 (N.D. Cal. Feb. 28, 2011). NSO has produced just 17 of its own documents thus far, meaning that

[3] Mr. DiVittorio and Mr. Shaner will provide a separate piece of the story, about NSO's efforts to market spyware in the United States through its affiliate Westbridge Technologies.

Plaintiffs may be deprived of meaningful document discovery. As such, deposition testimony may be the only way for Plaintiffs to obtain information about NSO's attacks using the relevant spyware. Given NSO's conduct to date, the fear that Plaintiffs will have *too much* discovery is unfounded.

Second, NSO's argument that Plaintiffs' letter rogatory violates Rule 28(c) is even further afield. Rule 28(c) governs the neutrality of the *court reporter*. *See Jones v. Wells Fargo Home Mortg., Inc.*, 2018 WL 6272897, at *8 (E.D.N.C. Nov. 30, 2018) ("Rule 28(c) concerns the court reporter . . . ."); *Vargas v. CH Hosp. Mgmt., LLC*, 2014 WL 2930462, at *3 (E.D.N.Y. June 27, 2014) (noting that the purpose of Rule 28(c) is to "preserve [the] neutrality" of the court reporter). Plaintiffs' letter rogatory requested that Plaintiffs' attorneys serve as the "attorneys or juridical officers" taking the deposition, "that the examination be taken before a commercial stenographer and videographer selected by Plaintiffs," and "that the stenographer be allowed to record a verbatim transcript of the examination." Dkt. No. 319-2 at App'x A, 7–8. Unsurprisingly, courts in this district have repeatedly issued letters rogatory where the requesting party appoints its own attorneys as juridical officers, which merely signals the party that will take the deposition, not the individual that will record it. *See, e.g.*, Signed Letter Rogatory at 4, *Meta Platforms, Inc. v. BrandTotal Ltd.*, No. 3:20-cv-07182-JCS (N.D. Cal. Nov. 22, 2021), ECF No. 203 ("Plaintiff request[s] that [plaintiffs' counsel] be appointed as the attorneys or juridical officers to preside over the testimony given at the deposition."); Signed Letter of Request at 16, *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 3:17-cv-00308-WHO (N.D. Cal. Dec. 1, 2020), ECF No. 184 ("US counsel for the Plaintiffs be permitted to conduct the examination of witnesses.").[4]

[4] NSO's novel reading of Rule 28(c) also ignores Rule 28(b)(4), which explicitly provides for more flexible standards when depositions are taken abroad pursuant to letters rogatory: "Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States." Fed. R. Civ. P. 28(b)(4).

### V. Plaintiffs' Motion for Letter Rogatory Complies With This Court's Ruling on the *Richmark* Factors

Finally, NSO's attempt to revisit the *Richmark* analysis should be rejected. The specific topics for potential testimony listed in Plaintiffs' letter rogatory precisely mirror the topics that NSO has already conceded are sufficiently important and specific under *Richmark*, and that the Court has ordered to be produced. *See* Dkt. No. 292 at 3. For those topics, the Court has already concluded that any Israeli law restrictions, which may not apply to nonparties to this litigation, do not prevent compliance with U.S. discovery obligations. NSO offers no authority for its request that Plaintiffs draft their deposition questions now and submit them to the Court for a question-by-question review—an unworkable process that would severely prejudice Plaintiffs.

## CONCLUSION

Plaintiffs respectfully request that the Court sign the letter rogatory appended to the Motion and grant the proposed order so that Plaintiffs may transmit the letter of request to the Central Authority of the State of Israel and seek discovery from the NSO Witnesses in Israel.

Dated: July 17, 2024

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
craig.cagney@davispolk.com
luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*