Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>   Plaintiffs,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>   Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STIPULATION AND [PROPOSED]<br>SCHEDULING ORDER** |

Pursuant to Local Rule 6-1(b), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") and Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants" and, collectively with Plaintiffs, the "Parties") hereby stipulate:

WHEREAS, Defendants filed a Motion for Relief from Case Management Schedule on January 18, 2024, by which Defendants requested, among other things, a six-month extension of the fact-discovery cut-off from March 11, 2024, to September 13, 2024, and a three-month extension of the trial date, from December 2, 2024, to March 3, 2025 (Dkt. No. 265);

WHEREAS, Plaintiffs' Opposition to Defendants' Motion for Relief from Case Management Schedule (Dkt. No. 273) proposed a one-month extension to the fact-discovery cut-off and no modification to the trial date;

WHEREAS, on February 15, 2024, the Court granted Defendants' Motion for Relief from Case Management Schedule and extended the fact-discovery cutoff and trial date as requested by Defendants;

WHEREAS, on February 23, 2024, the Court issued a written order following the February 15, 2024, hearing (Dkt. No. 292), ordering that the Parties' expert disclosures were due by August 30, 2024, and ordering the Parties to "meet and confer regarding other dates proposed in the motion for relief from case management schedule and submit a stipulation for the Court's approval";

WHEREAS, the Parties have conferred and agreed to a proposed case schedule that would set the below case management deadlines, in addition to the expert disclosure deadline (August 30, 2024), fact-discovery cut-off (September 13, 2024), and trial date (March 3, 2024) addressed on the record during the February 15, 2024, hearing and in the Court's February 23, 2024, Order (Dkt. No. 292);

WHEREAS, the Parties have agreed on all dates in a proposed case schedule except for the deadline for rebuttal expert disclosures;

WHEREAS, with respect to the deadline for rebuttal expert disclosures, the Parties' respective positions are outlined below:

**Plaintiffs' Position:** Plaintiffs believe that the schedule should provide sufficient time for preparation of rebuttal expert reports.  This action involves highly technical issues, and expert

testimony may accordingly be critical. Yet Defendants' scheduling proposal would provide rebuttal experts just three weeks to review and analyze opposing submissions and prepare and finalize their responsive reports—across a period that overlaps with the close of fact discovery. This is not realistic. By contrast, Plaintiffs' scheduling proposal accords with the Federal Rules of Civil Procedure by allowing just over 30 days for the preparation of rebuttal expert reports. *See* Fed. R. Civ. P. 30(a)(2)(D). Like Defendants, Plaintiffs would have preferred a schedule that allowed for expert discovery to conclude before dispositive motions are filed. But with fact discovery set to close on September 13, 2024 and a trial date of March 3, 2025, the case schedule cannot accomplish that goal under the Local Rules and the Court's Civil Pretrial Instructions, while providing sufficient time for the preparation of rebuttal expert reports. The trial date of March 3, 2025 means that dispositive motions must be *heard* by November 1, 2024, which means that dispositive motions must be *filed* no later than September 27, 2024. Contrary to Defendants' implication, the constraint is not attorney resources, but the expert work that will be required to respond what are likely to be highly technical submissions, given the subject matter of this case. Plaintiffs accordingly prefer providing sufficient time for rebuttal expert reports, especially because—even under NSO's proposal—expert depositions will continue after dispositive motions are filed, meaning that the "full scope of the [experts'] facts and opinions" will remain in flux even if rebuttal expert reports are filed before September 27, 2024.

**Defendants' Position:** Defendants are entitled not to be sandbagged with purported "rebuttal" expert reports after having to file a summary judgment motion on the Court's case management schedule. The issue here is not whether Plaintiffs would receive "sufficient time for preparation of rebuttal expert reports." It is whether Meta Platforms, Inc., with its inestimable resources (e.g., $1.3 trillion in market capitalization) and multiple law firms (eight attorney appearances in this action) can prepare rebuttal reports in three weeks rather than five. It is absurd to suggest that Plaintiffs don't have enough hands. It is equally absurd that Plaintiffs, not knowing what expert opinions they will be rebutting, can already say with confidence that three weeks rather than five will not be "sufficient" to rebut them. At bottom, the parties should not be required to file dispositive motions without knowing the full scope of the facts and opinions that will underlie

whether any party is entitled to judgment as a matter of law.  In response to Plaintiffs' concern that the full scope of opinions will not be known because expert depositions take place after the filing deadline, this is by far the lesser of two evils.  Expert opinions are constrained by their disclosures, and cannot be materially expanded at deposition.  This "concern" is minor in comparison to an otherwise-meritorious dispositive motion being thwarted by an out-of-left-field "rebuttal" expert report.

NOW, THEREFORE, the Parties agree and hereby stipulate to the following case schedule and respectfully request that the Court enter the Parties' proposed order submitted herewith.

1. Dispositive motions be filed on or before **September 27, 2024**;

2. Rebuttal expert disclosures served on or before **[NSO's Position: September 21, 2024]** or **[Plaintiffs' Position: September 30, 2024]**;

3. Oppositions to dispositive motions be filed on or before **October 11, 2024**;

4. Replies in support of dispositive motions be filed on or before **October 18, 2024**;

5. Expert discovery be completed on or before **October 25, 2024**;

6. Dispositive motions be heard **November 1, 2024**; and

7. A pretrial conference to be held **February 13, 2025**.

Dated: July 18, 2024

DAVIS POLK & WARDWELL LLP

By: /s/ Micah G. Block
Micah G. Block (SBN 270712)

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

KING & SPALDING LLP

By: /s/ Joseph N. Akrotirianakis
Joseph N. Akrotirianakis

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

3

**FILER'S ATTESTATION**

Pursuant to Civil L. R. 5-1(h)(3), regarding signatures, Micah G. Block hereby attests that concurrence in the filing of the document has been obtained from all of the signatories above.

Dated: July 18, 2024          /s/ *Micah G. Block*
                              Micah G. Block

**PROPOSED ORDER**

Pursuant to the stipulation of the parties and good cause for the modification of the existing Case Management Schedule having been shown, the Court orders the following Case Management Schedule.

1. Affirmative expert disclosures shall be served on or before **August 30, 2024**;
2. Fact discovery shall be completed by **September 13, 2024**;
3. Any dispositive motion shall be filed on or before **September 27, 2024**;
4. Rebuttal expert disclosures shall be served on or before [**NSO's Position: September 21, 2024**] or [**Plaintiffs' Position: September 30, 2024**];
5. Any opposition to any dispositive motion shall be filed on or before **October 11, 2024**;
6. Any replies in support of any dispositive motion shall be filed on or before **October 18, 2024**;
7. Expert discovery shall be completed on or before **October 25, 2024**;
8. Dispositive motions shall be heard **November 1, 2024, at __:__ __.m.**;
9. A pretrial conference shall be held **February 13, 2025, at __:__ __.m.**; and
10. Trial shall begin **March 3, 2025 at __:__ a.m.**

IT IS SO ORDERED.

Dated: _____          _____
                                  THE HONORABLE PHYLLIS J. HAMILTON
                                  Senior United States District Judge