JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY RE MOTION TO COMPEL DISCOVERY REGARDING AWS SERVER**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

## I.  INTRODUCTION

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO") respectfully submit this Administrative Motion for Leave to File a Surreply to Plaintiffs' July 15th Reply in Support of their Motion to Compel Discovery regarding the AWS Server (the "Motion").  NSO seeks leave to file the Surreply, attached hereto, to respond only to new issues raised by Plaintiffs in their Reply, along with a short supporting Declaration of Joseph N. Akrotirianakis.  *See Iglesia Cristiana Luz y Verdad v. Church Mut. Ins.* Co., No. 15-CV-05621-RMW, 2016 WL 692839, at *2 n.2 (N.D. Cal. Feb. 19, 2016) (granting leave to file a surreply when new arguments were raised in a reply).

## II.  ARGUMENT

In their Motion, Plaintiffs' argued that "NSO Should Be Compelled to Provide Discovery Responsive to Plaintiffs' Request for Production No. 30." (Dkt. No. 331 at 3-4.)  For the first time on Reply, Plaintiffs changed their argument to assert, for the first time, that the Court had, in February 2024, actually already granted a motion [Dkt. No. 235] ("Prior Motion") with respect to Request for Production No. 30 and Request for Admission No. 38, because the Order granting the Prior Motion made reference to "full functionality."  That assertion is false—these requests were plainly part of category 4 in the Prior Motion, which the Court denied in its Order granting the Prior Motion in part and denying it in part [Dkt. No. 292].  However, raising its new argument only on Reply sandbags Defendants. Had Plaintiffs included this argument in the Motion, Defendants would have included additional arguments in their opposition, including, for example, that in the oral argument on the Prior Motion, the Court introduced category 4 by explaining that "the last category was with regard to the server—the NSO server…."

Defendants would have also explained the background of the dispute over category 2 that led to the statement in the Court's Order regarding "full functionality."  Defendants had objected to the scope of Plaintiffs' document requests because they believed that only information about the "installation layer" of their products was relevant, because that was the only layer that involved any use whatsoever of WhatsApp servers.  The Court overruled this objection in granting the Prior

Motion as to category 2, holding that Plaintiffs' document requests should be interpreted as covering all layers of Defendants' products, i.e., the full functionality, rather than just the installation layer. But by resolving that dispute in Plaintiffs' favor, the Court did not compel production of Pegasus code (which is unequivocally export-controlled and extremely sensitive). Rather, the Court required Defendants to produce documents sufficient to show "full functionality," rather than just the "installation layer."

"It is well established in this circuit that '[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'" *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal quotations omitted). This Court "need not consider arguments" that Plaintiffs have disingenuously "raised for the first time in a reply brief." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Where "a party raises a new argument or presents new evidence in a reply brief, however, a court may consider these matters only if the adverse party is given an opportunity to respond." *GT Nexus, Inc. v. Inttra, Inc.*, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014). Defendants were not afforded an opportunity to state these positions regarding the Prior Motion and the Court's ruling on it. Accordingly, Defendants should be given an opportunity to respond in the attached, brief Surreply. *See GT Nexus*, 2014 WL 3373088, at *1 (granting leave to file a surreply where "it is undisputed that [party's] reply brief contains new legal argument and new evidence . . ..").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant them leave to file a Surreply in response to the arguments Plaintiffs have raised for the first time on Reply, attached to the Declaration of Joseph N. Akrotirianakis, submitted in support of this Motion.

DATED: July 19, 2024

KING & SPALDING LLP

By: /s/Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED