# Exhibit 1

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

|   |   |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   |   *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   |   *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1600 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 443-4355 |
| 5 | Facsimile: (213) 443-4310 |

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S SURREPLY RE MOTION TO COMPEL DISCOVERY REGARDING AWS SERVER**<br><br>**UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>Action Filed: 10/29/2019 |

I. THE COURT DID NOT PREVIOUSLY ORDER DEFENDANTS TO PRODUCE PEGASUS CODE

Plaintiffs' Reply is shockingly disingenuous. In their July 5, 2024, Motion, Plaintiffs omitted entirely the fact that they previously moved to compel further discovery regarding Request for Production No. 30 and Request for Admission 38—and also omitted that *the Court denied the motion as to those requests*. Caught red-handed, Plaintiffs now assert that the Court actually granted the Prior Motion, and its Order "leaves no room for interpretation." If Plaintiffs truly believed that, they surely would have mentioned it before their Reply—if not in the pre-filing emails between counsel, then certainly in the Motion itself. Plaintiffs have resorted to gaslighting the Court.

The Court's comments at the hearing corroborate Defendants' position that category 4 was primarily about the AWS Server. The Court introduced category 4 as follows: "And the last category was with regard to the *server—the NSO server*, architecture and transmission at work." (Supp. Craig Decl. Exh. A at 37:22-24 (emphasis added).) Again, the Court denied the Prior Motion as to category 4. [Dkt. No. 292 at 5.]

The previous Order's reference to "full functionality" was not intended to require NSO to produce Pegasus computer code. That reference came in the Court's discussion of the Prior Motion's category 2. The Court will recall that Defendants had objected to Plaintiffs' RFPs on the grounds that the only relevant layer of what Plaintiffs term "Relevant Spyware" was the "installation layer," because that is the only functionality of the "Relevant Spyware" alleged by Plaintiffs to involve the sending of messages through WhatsApp servers. That objection was the issue in category 2: whether the RFPs should be rewritten to encompass only the installation layer of "Relevant Spyware", or whether Defendants should be made to produce discovery as to the other layers as well. Plaintiffs argued in favor of the broader reading, and the Court agreed with Plaintiffs, ordering Defendants to interpret the RFPs as properly seeking information about the "full functionality" of "Relevant Spyware," not just the installation layer. Defendants are now in the process of complying with the Court's Order.

The Court's comment about "full functionality" in respect of category 2 had nothing to do

1  with computer code.  Plaintiffs sought the contents of the AWS Server (which included Pegasus
2  computer code) in category 4 of the Prior Motion.  This is evident from the briefing.  The Court
3  recognized at oral argument that category 4 was about the AWS Server.  (Craig Decl. Exh. A at
4  37: 22-24.)  The Court then weighed the parties' arguments, and denied the Motion as to category
5  4.

6  Plaintiffs continue to smear Defendants for their small document production to date in an
7  effort to persuade the Court to change its prior ruling about RFP 30.  As Defendants told Plaintiffs
8  and the Court, in mid-February, however, it would take six months to obtain approval to produce
9  documents.  The parties are five months into that window, not six.  Undersigned counsel represents
10 that Defendants are on track to meet or beat that deadline and anticipate producing several
11 thousand documents within the timeframe described for the Court in mid-February.  The
12 documents in Defendants' production will collectively show the full functionality of "Relevant
13 Spyware."  The document production will satisfy each of the RFPs (as rewritten during the meet
14 and confer process) that Plaintiffs sought in categories 1 and 2—i.e., the ones as to which the Court
15 granted the Prior Motion.

16 **II.    DEFENDANTS HAD NO OBLIGATION TO LEAVE ANY INFORMATION ON
17            THE AWS SERVER**

18 Plaintiffs' argument that Defendants were obliged to leave information on the AWS Server
19 is presented without any legal support, and it is difficult even to understand.  In parts of the Reply,
20 Plaintiffs seem to be arguing that the existence of their subpoena to AWS created an obligation on
21 Defendants to continue to lease the AWS Server for the duration of the case and to keep the
22 information on it locked.  Plaintiffs fail to provide a single case in support of this remarkable
23 proposition.  This is not the law.

24 In other parts of the Reply, Plaintiffs argue that the contents of the AWS Server were
25 responsive to document requests that Plaintiffs served in June 2020.  Notably, Plaintiffs fail to
26 provide the court with a single example of such an RFP.  While some of Plaintiffs' overbroad
27 requests did make reference to computer code, they did not specify the code housed on the AWS
28 Server, so Defendants had no additional obligation to preserve this specific copy of Pegasus

1  code.

2        None of Plaintiffs' RFPs sought any information about the AWS Server until Plaintiffs
3  served RFP 30 in 2023—two years after the changes Plaintiffs complain about.

4  **III.   THE AWS SERVER WAS NOT "USED IN THE ATTACK"**

5        Plaintiffs argue that they have evidence that the AWS Server was used in the attack on the
6  Target Devices.  But the only evidence they cite is a declaration of former employee Claudiu
7  Gheorghe.  Mr. Gheorghe's declaration claims that Plaintiffs have evidence that on <u>three</u>
8  occasions, Pegasus directed a mobile device to reach out to the AWS Server.  (Dkt. 55-2.)  By
9  contrast, the other server mentioned by Mr. Gheorghe in his declaration was associated with <u>720</u>
10 devices.  (Id.)  The Court will recall that the Complaint references approximately 1,400 Target
11 Devices (discovery has shown the actual number to be 1,470).  If Mr. Gheorghe is correct, that
12 would mean that the AWS Server was used in approximately one-fifth of one percent of the
13 "attacks," while another server was used in 50% of them.  This on its face seems implausible and
14 requires further explanation.

15 █████████████████████████████████████████████████████████████████████████
16 █████████████████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████████████████████████████
18 █████████████████████████████████████████████████████████████████████████
19 █████████████████████████████████████████████████████████████████████████
20 █████████████████████████████████████████████████████████████████████████
21 █████████████████████████████████████████████████████████████████████████
22 █████████████████████████████████████████████████████████████████████████
23 █████████████████████████████████████████████████████████████████████████
24 █████████████████████████████████████████████████████████████████████████
25 █████████████████████████████████████████████████████████████████████████
26 █████████████████████████████████████████████████████████████████████████
27 ████████████████████████████████

28

Dated: July 19, 2024

KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.