Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO NSO'S MOTION FOR LEAVE TO FILE A SUR-REPLY** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | **DISCOVERY MATTER** |
| Defendants. | Ctrm:   3 <br> Judge:   Hon. Phyllis J. Hamilton |
|  | Action Filed: October 29, 2019 |

NSO lacks any basis to file a sur-reply.  NSO claims that Plaintiffs advanced a new argument in their reply brief—that the contents of the AWS Server were within the scope of discovery that the Court ordered NSO to produce. That argument is not new.  Plaintiffs made it in their opening brief, NSO addressed it in its opposition, and Plaintiffs revisited it in their reply.

In their opening brief, Plaintiffs stated that "the Court has already held that 'defendants must produce information concerning the full functionality of the relevant spyware,' and NSO has admitted that the AWS Server, which was used in the attacks described in the complaint, contains 'computer code that comprises part of the Pegasus system'"  Dkt. No. 331-2 at 3 (internal citations omitted).  NSO understood this argument: in its opposition, NSO advocated for a different reading of the Court's order, and noted that "Plaintiffs appear to be challenging" NSO's interpretation. Dkt. No. 339 at 8 n.4.  Plaintiffs' reply brief reiterated the argument in Plaintiffs' opening brief: that the Court had already "ordered NSO to produce information concerning the full functionality of any NSO spyware targeting or directed at WhatsApp servers, or using WhatsApp in any way to access Target Devices," which included the contents of the AWS Server.  Dkt. No. 340 at 8.  Because Plaintiffs "did not raise a new legal argument or present new evidence in [their] reply brief," NSO's motion for leave to file a sur-reply should be denied. *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014).

It appears the true purpose of NSO's sur-reply is to seek reconsideration of the Court's order compelling discovery, because NSO now says it has no intention of producing the Pegasus computer code at the heart of this case.  *See* Dkt. No. 346-1 at 1–2.  That is also an improper basis for a sur-reply.  The Court ordered NSO to produce information concerning the full functionality of any NSO spyware targeting or directed at WhatsApp servers, or using WhatsApp in any way to access Target Devices. Dkt. No. 292 at 3–4.  Plaintiffs' requests for production, including the requests that NSO agreed were appropriate, repeatedly reference NSO's computer code. *See, e.g.*, Dkt. No. 235-4, Ex. P at 5 (RFP No. 14, requesting "computer code, commands, data, or payloads transmitted or received during the installation oft the Relevant Spyware"); *id.* (RFP No. 15, requesting "application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols").

Though Plaintiffs have yet to receive any meaningful document productions from NSO, it would be impossible to determine the functionality of NSO's spyware *without* computer code.  If NSO wants to challenge the Court's ruling compelling production of "information concerning the full functionality of the relevant spyware," Dkt. No. 292 at 4—which necessarily must include Pegasus code—it must do so by separate motion, so that Plaintiffs have a full opportunity to respond.  It cannot do so in a sur-reply to Plaintiffs' motion.

Dated: __July 24, 2024__

DAVIS POLK & WARDWELL LLP

By: __/s/ Micah G. Block__
 Micah G. Block (SBN 270712)
 DAVIS POLK & WARDWELL LLP
 1600 El Camino Real
 Menlo Park, California 94025
 Telephone: (650) 752-2000
 Facsimile:  (650) 752-2111
 Email: micah.block@davispolk.com

 Greg D. Andres
 Antonio J. Perez-Marques
 Craig T. Cagney
 Luca Marzorati
 (admitted *pro hac vice*)
 DAVIS POLK & WARDWELL LLP
 450 Lexington Avenue
 New York, New York 10017
 Telephone: (212) 450-4000
 Facsimile: (212) 701-5800
 Email: greg.andres@davispolk.com
     antonio.perez@davispolk.com
     craig.cagney@davispolk.com
     luca.marzorati@davispolk.com

 *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

2