# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071 USA

August 13, 2024

The Honorable Phyllis J. Hamilton, Senior U.S. District Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 3
1301 Clay Street, Oakland, CA 94612

Re:     Discovery Matter in *WhatsApp, Inc. et al. v. NSO Group Techs., Ltd. et al.*, 4:19-cv-7123

Dear Judge Hamilton:

Pursuant to the Court's Standing Order, the Parties hereby submit this joint letter brief regarding a discovery dispute requiring the Court's assistance.

## I.     NSO's Position

### A.   *Location of Plaintiffs' Servers and Identification of Limitations on Access to Plaintiffs' Servers (RFP Nos. 233-234, 237 and 239).*

NSO's RFP Nos. 233-234, 237 and 239 (Exh. 1) requested documents Plaintiffs may use to support their allegations that NSO accessed or used WhatsApp computers or servers located in California, documents sufficient to identify the limitations on access to WhatsApp servers Plaintiffs believe NSO circumvented, and documents sufficient to show the areas of WhatsApp servers Plaintiffs believe NSO accessed that are not generally accessible to WhatsApp users. For each, Plaintiffs' response was to serve meritless objections, followed by a statement that "Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request. Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request." This form of response is not permitted by Rule 34(b)(2)(B) and the Court should compel supplemental responses and production of documents responsive to these requests.

Plaintiffs' responses are that they have already produced *some* documents in response to the request pursuant to their search parameters, and do not intend to search any more or produce anything further. Rule 34 does not permit a party to respond in such a manner. It prescribes that "for each item or category, the response must either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Having produced some responsive documents is not a valid basis for objection.

Moreover, notwithstanding their responses, Plaintiffs have *not* produced *any* documents responsive to these four requests, which is not surprising because their search parameters do not cover these subjects. When counsel conferred about this request, Defendants' counsel explained that they had combed through Plaintiffs' document production and could locate no documents

showing that NSO had accessed or used any WhatsApp computers or servers located in California, or documents sufficient to identify the limitations on access to WhatsApp servers they contend NSO circumvented, or documents sufficient to show the areas of WhatsApp servers they contend NSO accessed that are not generally accessible to WhatsApp users.   Plaintiffs' theory of "purposeful direction" personal jurisdiction hinges on a contention that Defendants supposedly accessed their servers located in California. [Dkt. No. 55 at 14-16.] Plaintiffs have only produced 43 documents from any of their custodians that even *mentions* California—none of which relates to the location of any servers.  This is not surprising since the search parameters on which Plaintiffs rely do not include "California" or anything related thereto.   Likewise, the circumvention of limitations on access to servers and the accessing of areas of servers not generally accessible to the public are key elements of proof of a CFAA violation, and Plaintiffs' search parameters do not include anything about servers.  When asked, Plaintiffs could not provide the control number of even a single document claimed to be responsive to these requests but indicated they would confer with their client and revert. (*See* Exh. 5, July 26, 2024 Letter at 2.)  Over a month has elapsed and Plaintiffs have failed to serve supplemental responses or produce documents responsive to those requests.  *Id.*  Notably, their portion of the joint letter below still fails to identify by Bates number even a single document responsive to these requests.

Plaintiffs' improper responses were "subject to" frivolous confidentiality, privilege and "expert discovery" objections that page limitations do not permit Defendants to address here.  If the Court will entertain these objections, Defendants request to file a noticed motion.

### B.  *Plaintiffs' Communications with Law Enforcement (RFP Nos. 154).*



NSO's RFP No. 154 (Exh. 2) seeks communications with law enforcement agencies. Plaintiffs objected to this request on relevancy grounds, and that it sought the production of materials covered by non-disclosure and/or confidentiality agreements or protected by the attorney-client privilege or other privileges.  To begin with, the Court's robust protective order trumps Plaintiffs' claims of confidentiality.  Plaintiffs have also provided no basis to support any claim that their communications with a government agency could be protected as "privileged."

More importantly, the materials sought are highly relevant to the core issues in the case— including Plaintiffs' investigation of the alleged monitoring of its users and how Plaintiffs intend to prove that NSO or Pegasus were involved in any such monitoring with respect to the Target Users described in the complaint.  Furthermore, Defendants contend that this litigation is pretextual, i.e., an attempt by Plaintiffs to shift the media narrative away from negative publicity

arising from obvious vulnerabilities in their system—a narrative that was prevalent before WhatsApp filed the case in 2019—even though they knew that there was no CFAA violation.[1] Plaintiffs' discussions with the government about whether Defendants' purported conduct violated CFAA is discoverable and relevant to impeaching Plaintiffs' experts who are likely to seek to testify that Defendants' purported conduct did violate CFAA. Moreover, Defendants have the right to see Plaintiffs' communications with ███████████████████████████████████ ████████████████████████████████████████████████████████████████

Defendants request that Plaintiffs be compelled to provide a supplemental response and all documents responsive to Request No. 154.

### C. Plaintiffs Have Withheld and Redacted Documents for Privilege Without Producing Any Privilege Log

As the Court knows, Plaintiffs have withheld documents as privileged. [Dkt. No. 306 requesting production of documents withheld by Plaintiffs on privilege grounds without any log.] Plaintiffs have also made thousands of redactions for privilege. (*See, e.g.*, Exh. 6.) Despite stating to the Court on June 12 that they intended to produce a full privilege log covering all documents from all custodians in the coming weeks, Plaintiffs have not provided any privilege log, with only a few weeks before the close of fact discovery. Counsel have conferred about this issue twice, with Plaintiffs stating that a privilege log would be produced promptly. The Court should order Plaintiffs to produce a privilege log within five days or alternatively produce all documents (or portions of documents) withheld on the basis of privilege.

### D. Attempts at Informal Resolution Have Been Futile.

On June 27, 2024, the parties started to confer with respect to issues A and C above, but Plaintiffs' counsel never provided Defendants with their final position, instead saying they needed to confer further with their client. On Friday, July 26, 2024, NSO's counsel sent Plaintiffs' counsel a letter concerning issues A, B, and C above, and requested to confer on Monday, July 29, or Tuesday, July 30, 2024. (*See* Exh. 5.) Plaintiffs' counsel did not respond. Thereafter, counsel for NSO requested opposing counsel's availability to discuss these matters on July 30, 2024 and August 1, 2024 with no response. (Exh. 5.)

In response to Plaintiffs' irrelevant comment about Defendants' document production, Defendants have produced several hundred pages as part of a rolling production of documents, and anticipate producing thousands more documents sufficient to show the full functionality of the Accused Products within the next several days. Defendants also anticipate producing the computer code that is the subject of the Court's August 1, 2024 Order prior to the discovery cutoff. Defendants further note that the first deposition of Plaintiffs' witnesses is scheduled for the morning of August 14, and as of the afternoon of August 13, Defendants have not received a

---

[1] Contrary to Plaintiffs' assertion below, Defendants are aware of no admission by any NSO employee that Defendants are responsible for an attack on Plaintiffs.

privilege log.  Finally, in response to Plaintiffs' claims that they have produced 25,000 docs, the Court should understand that vast swaths of this production consist of dozens of identical copies of the same (irrelevant) documents.  *See*, as just one example of many, Exh. 7 (33 copies of a graph, all produced as separate documents).

## II.   Plaintiffs' Position

NSO has failed to comply with the Court's standing order regarding discovery disputes. Plaintiffs first made their position on these issues known to NSO in its responses and objections to NSO's RFPs, and also during the parties' June 27 meet and confer.  Almost a month later, well after the 10-day deadline in the Court's Standing Order passed and in the midst of preparing for depositions and expert reports, NSO raised this stale dispute again in a letter related to other discovery issues, to which Plaintiffs responded on August 2.  Despite NSO's significant delay, and the parties' separate correspondence on other discovery issues, NSO insisted on filing this joint letter.  Plaintiffs' response to NSO's RFP Nos. 233-234, 237, and 239 was proper, and for the reasons stated below, NSO's request should be denied.

### A.  *Plaintiffs' responses and objections to NSO's fourth set requests for production*

Plaintiffs' responses and objections to RFP Nos. 233-234, 237 and 239 incorporated the document productions that Plaintiffs made in response to previous, duplicative RFPs, and are entirely proper.  Plaintiffs have already conducted a thorough search for and produced 25,000 documents related to NSO's exploit described in the complaint.  These searches were based on 12 search terms—many directly relating to the exploit (e.g., "Remote W/4 Exploit*"; "CVE-2019-3568")—and run across 14 custodians over an eight-month time period.  Plaintiffs disclosed all of these search parameters to NSO by letter on November 12, 2023, but NSO never objected to those parameters or proposed any alternatives.  NSO cannot seek a re-do of discovery at this late stage by serving duplicative RFPs after Plaintiffs have already substantially completed their production.

In addition, Plaintiffs have already agreed to produce "non-privileged, relevant documents that . . . Plaintiffs may use to support their claims in this case" in response to RFP No. 231. Accordingly, Plaintiffs' commonsense limitations on their production will not result in any surprise or prejudice to NSO.

While NSO claims it cannot locate documents responsive to certain topics, Plaintiffs have no obligation to identify where in Plaintiffs' document production the responsive documents are located.  "The plain language of Rule 34 does not require the responding party to identify each responsive document in its written response to each document request.'" *Rutherford v. PaloVerde Health Care Dist.*, No. ED CV131247-JAK (SPx), 2014 WL 12633523, at *3 (C.D. Cal. Apr. 25, 2014); *accord Eclipse Grp. LLP v. Target Corp.*, No. 15cv1411-JLS (BLM), 2017 WL 2692883, at *6 (S.D. Cal. June 21, 2017); *see also Ball v. Metro-N. Commuter R.R.*, No. 21 Civ. 6159 (LGS) (GS), 2024 WL 1118783, at *11 (S.D.N.Y. Mar. 13, 2024) (rejecting request to "pinpoint the particular pages or passages that contain the relevant information").  Plaintiffs produced

Page 5

documents "as they are kept in the usual course of business," which is all that the Federal Rules of Civil Procedure require.  Fed. R. Civ. P. 34(b)(2)(E)(i).  As Plaintiffs have already explained to NSO, many of these documents are highly technical, and Plaintiffs expect that the implication of these documents will be revealed through depositions and Plaintiffs' expert reports.  If, after discovery is completed, NSO still believes there is no evidence on these topics, it may make that argument through a dispositive motion.  Moreover, NSO's own records, which they refuse to produce in discovery, would certainly contain this information.

   B.   *Plaintiffs' communication with law enforcement*

   NSO's arguments about Plaintiffs' communications with law enforcement are nothing but a red herring.  First, contrary to NSO's assertion, Plaintiffs did not rely on this material to identify "targeted users" or attribute the attack to NSO prior to Plaintiffs filing the Complaint. ███████

███████████████████████  As Plaintiffs have explained to the Court, and as the documents that Plaintiffs have produced establish, Plaintiffs independently attributed the attack to NSO.  For example, NSO used an AWS server that previously hosted an NSO domain during the attack and one of NSO's employees admitted responsibility for the attack.   For that reason, any communications Plaintiffs had with third party law enforcement agencies (prior to filing or after filing) are irrelevant to any claims or defenses in this action.  NSO's speculation that Plaintiffs have had discussions with law enforcement about the viability of Plaintiffs' legal claims in this civil case are baseless.

   Second, NSO's claim that the communications are "highly relevant to the core issues in the case—including Plaintiffs' investigation of the alleged monitoring of its users and how Plaintiffs intend to prove that NSO or Pegasus were involved in any such monitoring with respect to the Target Users described in the complaint"—is simply false.  The information that is relevant, and that has already been produced by Plaintiffs, are ███████████████████████
██████████████████████████████████



   In support of their argument, ███████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████  Not surprisingly, Plaintiffs have requested these unredacted documents from NSO in discovery, but NSO has so far refused

Page 6

to produce them.  Plaintiffs expect that NSO will produce those documents in response to the Court's orders compelling discovery.

 *C.  Privilege log*

 Plaintiffs intend to produce a privilege log associated with the 25,000 documents it has produced in advance of the first deposition of one of Plaintiffs' witnesses.  Plaintiffs have requested that NSO also produce a privilege log, but understand that since NSO has only produced approximately 125 pages of documents, its privilege log may be insignificant.

     Sincerely,

     Aaron Craig, Counsel for Defendants

     Craig Cagney, Counsel for Plaintiffs

# EXHIBIT 1

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED & Q CYBER TECHNOLOGIES LIMITED'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

torney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 233:**

All Documents and Communications supporting your allegations in paragraph 11 of the Complaint that Defendants accessed or used "WhatsApp computers…located in California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 234:**

All Documents and Communications supporting your allegations in paragraph 60 of the Complaint that "Defendants knowingly…used and caused to be used WhatsApp Signaling Servers and Relay Servers…located in California" in connection with alleged violations of California Penal Code § 502(c).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 235:**

All Documents and Communications you will use to support your allegations in paragraph 30 of the Complaint that, "Between January 2018 and May 2019, Defendants created and caused

object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 237:**

Documents sufficient to identify the limitations on access to WhatsApp servers you contend NSO circumvented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client

privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 238:**

All Documents and Communications related to any alleged circumvention by NSO of limitations on access to WhatsApp's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused

13

to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 239:**

Documents sufficient to show the areas of WhatsApp servers that you contend NSO accessed that are not generally accessible to WhatsApp users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request because the phrase "the areas of WhatsApp's servers that . . . are not generally accessible" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

1    Subject to and without waiver of these objections, Plaintiffs have already conducted a rea-

2    sonable search pursuant to the Search Parameters and have already produced documents respon-

3    sive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond

4    what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend

5    the foregoing responses.

6    **REQUEST FOR PRODUCTION NO. 240:**

7    All Documents and Communications related to NSO's alleged access to any areas of

8    WhatsApp's servers that are not generally accessible to WhatsApp's users.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

10    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

11    jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent

12    that it seeks the production of materials covered by non-disclosure and/or confidentiality agree-

13    ments with third parties and/or that would violate the privacy interests of others.  Plaintiffs further

14    object to this Request because the phrase "any areas of WhatsApp's servers that are not generally

15    accessible" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the

16    extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plain-

17    tiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the

18    Request.  Plaintiffs further object to this Request to the extent that it purports to require the pro-

19    duction of documents or information protected by the attorney-client privilege, the attorney work

20    product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

21    from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery

22    prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it

23    seeks information based on the conduct of Defendants, who have refused to meaningfully partici-

24    pate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier

25    Requests.

26

27

28

# EXHIBIT 2

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>               Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>               Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

1   product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

2   from discovery.

3        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4   to the Request.

5   **REQUEST FOR PRODUCTION NO. 154:**

6        All Communications between any of Plaintiffs and any law enforcement agency, including

7   any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

9        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

11  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

12  of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

13  materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

14  that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

15  extent that it purports to require the production of documents or information protected by the at-

16  torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

17  ity, duty of confidentiality, or exemption from discovery.

18       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

19  to the Request.

20  **REQUEST FOR PRODUCTION NO. 155:**

21       All Communications between any of Plaintiffs and Severdroid LLC, including any em-

22  ployee, contractor, or representative thereof, that refer or relate to any of the Defendants.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

24       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

26  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

27  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

28

# Exhibit 3

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 4

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 5

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 6

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 7

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**