**Davis Polk**

Craig T. Cagney
+1 646 413 8148
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

August 21, 2024

Re: *WhatsApp LLC v. NSO Group Technologies Ltd.*, No. 4:19-cv-07123-PJH (N.D. Cal.)

Judge Phyllis J. Hamilton
United States District Court
Northern District of California
Oakland Courthouse, Courtroom 3 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

Dear Judge Hamilton:

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. respectfully submit this Letter pursuant to Section 1 of this Court's Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders. Plaintiffs shared a copy of this Letter with counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") on August 20, 2024, but NSO did not provide a position statement by the time of this filing, and indicated it will submit a separate response. Plaintiffs have proceeded to file this Letter because they require the Court's urgent intervention before the August 30, 2024 deadline for affirmative expert disclosures.

**Plaintiffs' Position**

Since July 19, 2024, Defendants and the third parties with whom they share counsel (King & Spalding) (for purposes of this letter, collectively, "NSO") have refused to grant Plaintiffs' experts and staff access to HC-AEO material needed to complete certain of Plaintiffs' expert reports by August 30, 2024. Therefore, Plaintiffs seek the Court's urgent intervention and approval to disclose Highly Confidential information to its designated Experts, David Youssef of FTI Consulting, along with his support staff Matthew McManus, Matteson Williams, Gabe Nobles, George J. Arden III, Eric Lunser and Jared Best (the "FTI Designees").

Plaintiffs have fully complied with the disclosure obligations under Section 7.4 of the Protective Order (Dkt. No. 132) with respect to Experts. Plaintiffs disclosed David Youssef, a renowned cybersecurity expert, as a testifying expert to NSO on July 19, 2024. While Plaintiffs do not believe the Stipulated Protective Order strictly requires designating every member of an expert's team, out of an abundance of caution, Plaintiffs disclosed and designated all the FTI Designees to

**Davis Polk**  Judge Hamilton

NSO.[1]

Nonetheless, NSO has so far refused to allow the FTI Designees to review information it has designated as Highly Confidential.  Although Defendants themselves have produced just 46 internal documents to date, they represent that they plan to begin producing sensitive documents and, for what appear to be pretextual, tactical reasons, do not want the FTI Designees to see them, or any of the Highly Confidential documents produced by third-parties.  NSO should not get to choose who Plaintiffs' experts are, and improperly use the Protective Order in this case to prevent the necessary expert analysis of the discovery record.  NSO's objections to the FTI Designees are meritless.  The Court should therefore authorize Plaintiffs to make the disclosures reasonably necessary for their expert report.

First, NSO objects that the FTI Designees have not adequately "identifie[d] each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done."  Dkt. No. 132 § 7.4(a)(3)(5).  But Plaintiffs have disclosed every matter on which the FTI Designees have billed any time over the preceding five years and a description of what the matter entailed.[2]  The vast majority of the FTI Designees' work, however, has been on confidential, non-litigation matters related to cyber incident responses, and they cannot disclose their clients' identities.  The Protective Order specifies that "[w]ith regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements."  *Id.*  The FTI Designees have complied with that provision by providing general descriptions of these clients—e.g., "Aerospace Company," "Financial Services," "Global Entertainment Company."  *See* Exs. A, C of the Supporting Declaration of Craig T. Cagney.

These descriptions are consistent with the descriptions that NSO provided for its own experts.  For example, NSO's disclosures for its experts Thomas Kiernan and Christopher Tarbell contained descriptions such as "[p]rovided periodic cyber security assessments for a billion-dollar travel company," and "[r]esponded to a cyber-attack on a global law firm."  Ex. B.  NSO has provided no

---

[1] Plaintiffs designated the FTI Designees, other than Mr. Lunser and Mr. Best, on July 19, 2024, and NSO first objected on August 1, 2024.  The parties have been conferring on the objection since, without a resolution.  Plaintiffs sought to designate Mr. Lunser and Mr. Best on August 8, 2024, because they will be aiding Mr. Youssef in preparing his report, and the 14-day period for objections expires on August 22, 2024.  Plaintiffs anticipate NSO will raise similar objections and so seek permission to share information with them as well.

[2] Plaintiffs initially made these disclosures for the testifying FTI Designees, Mr. Youssef, but not for the other FTI Designees, because none has ever been retained as an expert.  Plaintiffs since made these disclosures for all the FTI Designees, but NSO has refused to withdraw its objection.

**Davis Polk**  Judge Hamilton

explanation why these descriptions are sufficient for its own experts, but not Plaintiffs'. Nor has NSO identified what concern it could possibly have about sharing HC-AEO material with the FTI Designees. All have agreed to be bound by the Protective Order as required by Section 7.3(d), which NSO knows because Plaintiffs have produced those signed undertakings to NSO already.

Second, NSO objects that disclosure to the FTI Designees is not reasonably necessary because Plaintiffs previously designated experts at Intuity Consultants on the same subjects. That objection is meritless. Plaintiffs have chosen Mr. Youssef as their testifying expert on those subjects, and Mr. Youssef requires the assistance of the FTI Designees. Accordingly, disclosure to the FTI Designees is reasonably necessary, notwithstanding Plaintiffs' prior designation of additional consulting experts at Intuity. Notably, the Protective Order sets no limit on the number of Experts, and expressly contemplates both consulting and testifying experts. *See* Dkt. No. 132 § 2.8 (defining "Expert" as a person retained "to serve as an expert witness or as a consultant in this action").

It will be impossible for Mr. Youssef to prepare a report that fully addresses NSO's conduct without reference to the HC-AEO material. Although Plaintiffs currently have no information regarding what NSO may produce, Plaintiffs are entitled at a minimum to conduct expert analysis of HC-AEO material that non-parties affiliated with NSO and represented by its counsel have already produced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Disclosure of these materials is reasonably necessary for Plaintiffs' expert reports.

**Davis Polk**  Judge Hamilton

Because NSO has not identified any specific harm that would result from sharing its confidential information with the FTI Designees, the Court should approve the FTI Designees as Experts under the Protective Order, and authorize Plaintiffs to disclose any party's "Highly Confidential-Attorneys' Eyes Only" or "Highly-Confidential-Source Code" information to the FTI Designees.

Respectfully submitted,

*/s/ Craig T. Cagney*
Craig T. Cagney