Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' LETTER REGARDING DESIGNATION OF EXPERTS AND DISCLOSURE OF CONFIDENTIAL INFORMATION PURSUANT TO STIPULATED PROTECTIVE ORDER**<br><br>Ctrm:　　3<br>Judge:　　Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of the Plaintiffs' Letter Regarding Designation of Experts and Disclosure of Confidential Information Pursuant to Stipulated Protective Order filed concurrently herewith.

3. On July 19, 2024, counsel for Plaintiffs provided notice of their designation of David Youssef, Matthew McManus, Matteson Williams, Gabe Nobles, and George J. Arden III of FTI Consulting (together with Eric Lunser and Jared Best, the "FTI Designees") as Experts authorized to receive discovery designated in this case as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code."

4. The July 19, 2024 email from Plaintiffs' counsel providing notice of designation included copies of the FTI Designees' undertakings to be bound by the Protective Order, and the following disclosures required by Section 7.4(a)(3) of the Protective Order: (1) the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that Plaintiffs sought permission to disclose to the Experts; (2) the FTI Designees' full names; (3) copies of their CVs; (4) their current employers; (5) a description of 16 pertinent matters in which Mr. Youssef, as the testifying expert, had previously provided litigation support; and (6) any litigation in connection with which the Expert has offered expert testimony in the preceding five years.

5. Under the terms of the Protective Order, counsel for NSO had until August 2, 2024 to object to the designation of the FTI Designees as Experts in this litigation.

6. On August 1, 2024, counsel for NSO objected to the designation of the FTI Designees because Plaintiffs had omitted their residences, and had not provided sufficient detail about Mr. Youssef's previous confidential matters.

1

7. On August 8, 2024, in response to NSO's objection, counsel for Plaintiffs provided additional information about the FTI Designees, including their residences. Plaintiffs intended to attach a document providing more detail about Mr. Youssef's confidential matters, but inadvertently omitted that attachment from the email, which Plaintiffs' counsel did not realize at the time. In their August 8, 2024 email, Plaintiffs' counsel also designated Eric Lunser and Jared Best of FTI Consulting as additional Experts authorized to receive discovery designated in this case as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code," along with the disclosures required by Section 7.4(a)(3) of the Protective Order.

8. The same day, counsel for NSO informed Plaintiffs by email that they maintained their objections to the designation of the FTI Designees. The August 8, 2024 email from NSO's counsel did not provide any reason for the continued objection.

9. On August 9, 2024, Plaintiffs' counsel requested that NSO's counsel explain the basis for their continued objection to the FTI Designees. NSO's counsel did not provide a response.

10. Counsel for Plaintiffs and counsel for NSO conferred on NSO's objection to the FTI Designees on August 12, 2024. During that conference, counsel for NSO stated that they had not received the additional detail about Mr. Youssef's confidential engagements that Plaintiffs believed they had sent. Immediately following that conference, counsel for Plaintiffs corrected the omission and sent counsel for NSO a list of clients (anonymized for confidentiality concerns) and services for all of Mr. Youssef's prior confidential engagements. The list of clients and services is attached as Exhibit A. Counsel for NSO had provided a similar level of detail regarding their Experts' confidential matters. An email with the disclosures for NSO's Experts is attached as Exhibit B.

11. On August 15, 2024, counsel for Plaintiffs emailed counsel for NSO, asking if the additional information sent on August 12, 2024 resolved NSO's objection, or else the basis for NSO's continued objection to the FTI Designees. Counsel for NSO did not reply to this email.

12. On August 18, 2024, counsel for Plaintiffs again emailed counsel for NSO, asking for the basis for their continued objection to the FTI Designees, and noting the August 30, 2024 deadline for the filing of affirmative expert reports. NSO's counsel replied that night, refusing to withdraw their objection, but failing to provide any reason for their continued objection.

13. Counsel for Plaintiffs and counsel for NSO again conferred on NSO's objection on August 19, 2024. During this conference, counsel for NSO maintained that Plaintiffs had not provided sufficient detail about Mr. Youssef's prior confidential matters, without identifying any specific concerns or identifying what additional information they required. For the first time, counsel for NSO also insisted that Plaintiffs were required to detail the prior engagements for all of the FTI Designees, including Mr. Youssef's support team even if they had never been retained as a testifying expert. Finally, NSO's counsel raised a new objection: that disclosure to the FTI Designees is not reasonably necessary because Plaintiffs previously designated experts at Intuity Consultants on the same subjects.

14. Given NSO's refusal to withdraw their objection within 7 days of their initial written objection on August 1, 2024, counsel for Plaintiffs provided NSO with Plaintiffs' portion of a joint letter on August 20, 2024 seeking this Court's approval to disclose Highly Confidential information to the FTI Designees. Because the deadline for filing expert reports was just 10 days away, Plaintiffs indicated their intention to file on August 21, 2024. On August 21, 2024, counsel for NSO stated that NSO would attempt to provide their position by the afternoon of August 22, 2024, and would file separately if Plaintiffs proceeded to file without their position statement.

15. On August 21, 2024, counsel for Plaintiffs provided counsel for NSO with a document that details the previous engagements for all of the FTI Designees. A copy of that document is attached as Exhibit C. Plaintiffs also informed NSO that, due to the urgency, they would proceed to file that day, but would include any position statement that NSO provided or else note that NSO had indicated it would file separately. Counsel for NSO indicated that they would review the additional materials and either withdraw NSO's objection or provide their position statement by August 22, 2024, but provided no assurances that NSO would withdraw its objection. The email exchanges among Plaintiffs' counsel and NSO's counsel are attached as Exhibit D.

16. NSO's continued objection to allowing the FTI Designees to be designated as Experts in this matter prevents them from reviewing discovery designated in this case as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code." There is no risk of harm to NSO from the disclosure. The FTI Designees have all agreed to be bound by the Protective Order, and

3

DECL. OF C. CAGNEY ISO PLAINTIFFS' LETTER REGARDING DESIGNATION OF EXPERTS AND DISCLOSURE OF CONFIDENTIAL INFORMATION PURSUANT TO STIPULATED PROTECTIVE ORDER - CASE NO. 4:19-CV-07123-PJH

their faithfulness to their confidentiality obligations owed to their prior clients underscores that they will abide by their obligations under the Protective Order in this matter as well, including with respect to any "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" that may be shared with them.

17. Disclosure of "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" to the FTI Designees is reasonably necessary to complete Plaintiffs' expert report. For instance, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. A true and correct copy of one of the documents Plaintiffs seek permission to share with the FTI Designees is attached as Exhibit E. Other examples were previously filed under seal as Exhibits F and H to Plaintiffs' Motion for Letters Rogatory, Dkt. No. 319-4.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 21 day of August, 2024 in New York, New York.

/s/ Craig T. Cagney
Craig T. Cagney