# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071 USA

August 22, 2024

The Honorable Phyllis J. Hamilton, Senior U.S. District Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 3
1301 Clay Street, Oakland, CA 94612

Re:   Discovery Matter in *WhatsApp, Inc. et al. v. NSO Group Techs., Ltd. et al.*, 4:19-cv-7123

Defendants write to notify the Court that they are in the process of evaluating information provided late yesterday by Plaintiffs and preparing their response to Plaintiffs' letter-motion. Defendants therefore respectfully ask the Court to not decide Plaintiffs' motion before receiving Defendants' response, which Defendants expect to provide by this evening or tomorrow.

In the midst of many other ongoing case-related matters, Plaintiffs provided their first draft of the joint letter brief Tuesday night (August 20, 2024) at 7:03 PM, *and demanded Defendants' portion by noon the next day*. Plaintiffs then provided more information about their proposed experts yesterday afternoon (August 21, 2024), but refused to allow Defendants time to evaluate it before filing their Motion last night.

This timeline is inconsistent with the way Defendants have sought to implement Judge Hamilton's procedures with respect to discovery disputes. Defendants have sent many joint letter briefs to Plaintiffs related to their discovery misconduct in this case and have provided Plaintiffs at least four days (and usually six or seven) to submit their response. The sole exception came on August 5, 2024, after Plaintiffs had unilaterally cancelled and failed to appear for previously agreed-upon, properly noticed and subpoenaed depositions of their employees, for the *sixth and seventh time*, without a single deposition of Plaintiffs' witnesses having been taken and the fact discovery cutoff fast approaching. In that singular instance, because Defendants were seeking relief in the form of an order compelling a deposition two days hence, Defendants asked for Plaintiffs' portion of the joint letter by the close of business the following day. Plaintiffs failed to provide their portion of a letter brief, but the parties further conferred and were able to agree on a (very condensed) deposition schedule. In all other instances, Defendants have provided Plaintiffs with the professional courtesy of 4-7 days to evaluate and prepare responses to Defendants' portion of their joint discovery dispute letters.

Any urgency to this situation comes from Plaintiffs' strategic decision to not disclose these FTI "experts" until the eleventh hour. The seven FTI experts that are the subject of Plaintiffs' letter brief seek access to Defendants' confidential information about the "operation, capabilities, design, installation, maintenance, and use" of Defendants' Accused Technologies. Plaintiffs disclosed in December 2023 and January 2024 *five different* experts on the identical subject matter, as to whom Defendants acquiesced to the provision of this identical information.

The Honorable Phyllis J. Hamilton
August 22, 2024
Page 2

Defendants thank the Court in advance for allowing them a reasonable amount of time to provide a response to Plaintiffs' premature filing before it rules on the Motion.

Sincerely,

/s/ Aaron S. Craig

Aaron S. Craig, Counsel for Defendants