**KING & SPALDING**

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071 USA

August 23, 2024

The Honorable Phyllis J. Hamilton, Senior U.S. District Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 3
1301 Clay Street, Oakland, CA 94612

Re:   Discovery Matter in *WhatsApp, Inc. et al. v. NSO Group Techs., Ltd. et al.*, 4:19-cv-7123

Defendants object to Plaintiffs' request to provide Defendants' highly confidential materials to seven experts at a firm called FTI on the basis that Plaintiffs have not complied with the provisions of the Protective Order, and those provisions are necessary and important. To have permission to disclose highly confidential materials to an expert, Plaintiffs need to show that disclosure is "reasonably necessary for this litigation," and that they have followed the "procedures set forth in paragraph 7.4(a)(2)." Stipulated Protective Order (Dkt. No. 132), ¶ 7.3(d). Where a Receiving Party fails to make either showing (or in this case, both), a Disclosing Party may properly object. *Id.* ¶ 7.4. Because the risk of harm to Defendants the disclosure would entail outweighs Plaintiffs' need to disclose the Protected Material to these *seven additional experts*, the Court should deny Plaintiffs' motion.

I.    Background

As the Court well knows, the vast majority of Defendants' highly confidential materials in this case are technical materials protected, *inter alia*, by Israel's Defense Export Control Law. Defendants' two lead counsel, in their combined more than 50 years of practice, have never maintained an objection to allowing a clients' highly confidential material to be disclosed to a party's chosen expert. However, the protections in place governing the disclosure of the highly regulated materials in this case are extraordinary for reasons with which the Court is familiar, and warrant putting limitations on the number of persons who may see them.

The below table lists the *19* individuals Plaintiffs have designated as experts in this action:

|   | **Name** | **Date** |
|---|---|---|
| 1. | Dave Martens, Intuity Consultants | December 6, 2023 |
| 2. | Randall Landaiche, Intuity Consultants | December 6, 2023 |
| 3. | David Znidarsic, Intuity Consultants | December 6, 2023 |
| 4. | Gardner Mein, Intuity Consultants | December 6, 2023 |
| 5. | Chad Brubaker, Intuity Consultants | January 26, 2024 |

The Honorable Phyllis J. Hamilton
August 22, 2024
Page 2

| 6.  | Dana Trexler, Stout Risius Ross          | February 1, 2024 |
|-----|-------------------------------------------|------------------|
| 7.  | Jeffrey Press, Stout Risius Ross          | February 1, 2024 |
| 8.  | Anthony Bryak, Stout Risius Ross          | February 1, 2024 |
| 9.  | Nate Kramer, Stout Risius Ross            | February 5, 2024 |
| 10. | Christopher Stearns, Stout Risius Ross    | February 5, 2024 |
| 11. | Olivia Katz, Stout Risius Ross            | February 6, 2024 |
| 12. | Anthony Vance, Ph.D.                      | July 9, 2024     |
| 13. | David Youssef, FTI                        | July 19, 2024    |
| 14. | Matthew McManus, FTI                      | July 19, 2024    |
| 15. | Matteson Williams, FTI                    | July 19, 2024    |
| 16. | Gabe Nobles, FTI                          | July 19, 2024    |
| 17. | Georghe J. Arden III, FTI                 | July 19, 2024    |
| 18. | Eric Lunser, FTI                          | August 8, 2024   |
| 19. | Jared Best, FTI                           | August 8, 2024   |

The five experts from Intuity Consultants, plus Dr. Vance, and now the seven new additional FTI experts have all sought access to the same highly confidential information: documents and communications reflecting the operation, capabilities, design, installation, maintenance, and use of Defendants' technologies. (The Stout Risius Ross Experts have been designated on financial issues.)

II.     Plaintiffs Have Not Shown Reasonable Necessity

The Protective Order only permits disclosure where reasonably necessary for the litigation. Stipulated Protective Order, ¶ 7.3(d). During the conferences of counsel that preceded this motion, Plaintiffs refused to answer Defendants' questions as to why it was necessary to designate *five* experts from Intuity Consultants, *plus* Dr. Vance, *and* seven new experts from FTI, and give them all access to Defendants' highly-confidential and highly-regulated materials and information, of which at least 13,000 documents and ESI files are being produced today.

In their letter, Plaintiffs provide the explanation that their choice of Mr. Youssef as the testifying expert constitutes reasonable necessity. It does not follow, however, that six of Mr.

The Honorable Phyllis J. Hamilton
August 22, 2024
Page 3

Youssef's colleagues also require access to Defendants' information. Mr. Youssef could use the army of other experts to assist him with his testimony, rather than more than doubling the pool of persons authorized to view Defendants' highly confidential information.

Defendants do not understand why Plaintiffs designated, on the exact same subject, one team of experts in December and January, and then another expert in early July, and then an even larger team of seven additional purported experts within the last month. There are only three possible reasons that Defendants can surmise: (1) Plaintiffs were told by their first team of experts that there was no violation of the CFAA or CDAFA, and Plaintiffs are "shopping" for a better opinion; (2) Plaintiffs are trying to injure Defendants by trying to spread their highly confidential materials and information as widely as possible in this extremely specialized and concentrated industry; or (3) Plaintiffs are retaining as many experts as possible to make them unavailable to Defendants, a practice of which many courts have been critical. *See*, *e.g.*, *Chan v. ArcSoft Inc.*, 2023 WL 50684965 *8 (N.D. Cal., Aug. 8, 2023); *Doe v. Rockingham County School Board*, 2023 WL 6617333 *7 (W.D. Va, Oct. 10, 2023). Plaintiffs have not shown that it is reasonably necessary for them to disclose Defendants' highly confidential information to Mr. Youssef, let alone his six supporting experts, when they already have two groups of technical experts to whom Defendants have not objected.

### III. Plaintiffs Have Not Complied with Paragraph 7.4(a)(2) of the Protective Order

In order share a Disclosing Party's highly confidential information with an expert, the Receiving Party must provide the name of "each person or entity . . . to whom the Expert has provided professional services . . . at any time during the preceding five years." Stipulated Protective Order, ¶ 7.4(a)(3). This provision is important—it gives the Disclosing Party assurances that their highly-confidential information will not be given to someone who is, essentially, an employee (or agent) of a competitor, or alternatively someone who is a *de facto* employee of the Receiving Party.

Plaintiffs have not provided the name of a single person or entity to whom any of the seven new FTI experts have provided professional services. And while the protective order provides for a lesser disclosure if the engagement is subject to a confidentiality agreement, Plaintiffs have not represented that *all* 319 engagements described (in the vaguest terms) in Exhibit C to the Declaration of Craig Cagney are subject to such a confidentiality agreement. In fact, Plaintiffs' letter tacitly acknowledges that not *all* of these matters are confidential, claiming only that the "vast majority" of the engagements have been on "confidential" matters. But the "vast majority" is not the same as all 319, and "confidential *matters*" are not the same as being subject to a confidentiality *agreement*. Moreover, Plaintiffs have provided *no* information at all about the persons for whom Eric Lunser has provided services. Exhibit C to the declaration of Craig Cagney has columns for six of the experts, but has no information for Mr. Lunser. Plaintiffs have not complied with Paragraph 7.4(a)(2).

Plaintiffs contend that their descriptions provided are consistent with descriptions provided for two of Defendants' proposed expert consultants, Thomas Kiernan and Christopher Tarbell.

The Honorable Phyllis J. Hamilton
August 22, 2024
Page 4

While Defendants did describe *some* engagements in that disclosure that were subject to confidentiality agreements, they also provided the identity of several of those consultants' clients for whom their work was not subject to a confidentiality agreement, including the U.S. Attorney's Office of the Southern District of New York.  Plaintiffs have not done likewise.

      Plaintiffs' Motion is supposed to describe why the disclosure to the expert is "reasonably necessary."  Stipulated Protective Order, ¶ 7.4(c).  Instead of complying with that requirement, Plaintiffs have chosen to use their letter brief as a platform to argue the supposed merits of their CFAA claim.  Defendants have shown that the risk of harm to them, by increasing *by seven*, the number of persons in a narrow and concentrated industry with access to their highly confidential information, outweighs whatever need Plaintiffs have to add these additional seven experts to their existing stable of six technical experts.  Defendants therefore ask the Court to deny the Motion in its entirety.  As an alternative, Defendants propose the safeguard of only allowing Mr. Youssef to access this information and not his expansive staff of six others.

                                         Sincerely,

                                         /s/ Aaron S. Craig

                                         Aaron S. Craig, Counsel for Defendants