JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**MOTION OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR RECONSIDERATION OF DISCOVERY ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG**<br><br>Action Filed:   10/29/2019 |

Pursuant to this Court's Order dated August 30, 2024 [Dkt. 372] and Civil L.R. 7-9(b)(1), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "NSO") hereby move the Court to reconsider its August 27, 2024 Order [Dkt. 370] denying NSO's request for relief concerning Plaintiffs' failure to produce a privilege log. The Court denied NSO's request as "moot" based on Plaintiffs' representation that they would produce their privilege log before depositions of Plaintiffs' witnesses began more than two weeks ago. Developments unknown to the Court on August 27 have proven Plaintiffs' representation false. This "material difference in fact . . . from that which was presented to the Court" warrants reconsideration of the August 27 Order, and Plaintiffs' inexplicable delay in providing their privilege log supports a finding that they have waived their privilege objections. NSO therefore asks the Court to compel Plaintiffs immediately to produce all documents and information heretofore withheld based on assertions of privilege, work product protection, or similar immunity.

I.   **BACKGROUND**

NSO served its First Set of Requests for Production of Documents ("RFPs") on Plaintiffs nearly *eighteen* months ago, on March 8, 2023, and served additional sets of Requests for Production of Documents on May 1, 2023, December 8, 2023, April 22, 2024, July 24, 2024, and August 1, 2024. *See* Declaration of Aaron S. Craig ("Craig Decl."), ¶ 3. Plaintiffs served responses and objections to Defendants' First RFPs on April 17, 2023, and served responses and objections to NSO's Second RFPs on May 31, 2023. *Id.*, Exhs. A & B. Thereafter, Plaintiffs served amended responses and objections to NSO's First and Second RFPs on August 24, 2023, and on September 8, 2023, Plaintiffs served second amended responses and objections to NSO's First and Second RFPs. *Id.*, Exhs. C-F. Plaintiffs served responses and objections to NSO's Third RFPs on January 10, 2024, and served responses and objections to NSO's Fourth RFPs on May 29, 2024. *Id.*, Exhs. G & H.

Plaintiffs' responses and objections to NSO's RFPs include numerous boilerplate privilege objections (*see generally id.*, Exhs. A-H), and Plaintiffs have produced hundreds, if not thousands, of documents with privilege redactions. *See, e.g.,* Dkt. 359-3, Exh. 6. Recently, Plaintiffs also clawed back documents previously produced, based on a belated privilege assertion. *See* Craig

Decl. Exh. I.  But nearly eighteen months after NSO served its First RFPs and with one week and three days remaining in the fact discovery period for this case, Plaintiffs have never produced a privilege log or otherwise satisfied their burden under Federal Rule of Civil Procedure 26(b)(5) to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5).

By contrast, Defendants have produced a privilege log setting forth the very few (a total of 4) documents redacted or withheld pursuant to the attorney-client privilege, despite Plaintiffs not having requested one.  *See* Craig Decl. ¶ 13.

NSO raised Plaintiffs' failure to provide a privilege log in a joint discovery letter brief filed *twelve weeks ago*, on June 12, 2024.  [Dkt. 306].  Therein, Plaintiffs told the Court that they would be producing "a privilege log covering all documents from all custodians in the coming weeks." *Id.* at 5.  Two months later, when Plaintiffs still had not produced the long-promised log, and with the close of fact discovery rapidly approaching, NSO again brought the matter to the Court's attention and requested that the Court either order Plaintiffs to produce a privilege log within five days or, alternatively, produce all documents (or portions of documents) withheld on the basis of privilege.  [Dkt. 359 at 3].  In the parties' August 13, 2024, joint discovery letter brief addressing that request, Plaintiffs falsely assured the Court that they would produce their privilege log "in advance of the first deposition of one of Plaintiffs' witnesses," which was scheduled to proceed the next day on August 14, 2024.  *Id.* at 6; *see also* Dkt. 371.

Plaintiffs again failed to honor their commitment to produce the log in advance of the first deposition of a Plaintiffs' witness, and more than two weeks later (after NSO has completed depositions of three of Plaintiffs' witnesses), Plaintiffs still have yet to produce their log.

On August 30, 2024, the Court entered an Order granting NSO leave to file a motion for reconsideration of its August 27, 2024 Order pursuant to Civil L.R. 7-9(b)(1).  [Dkt. 372].

## II.  ARGUMENT

Reconsideration of an order is appropriate where "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which

1  reconsideration is sought." Civil L.R. 7-9(b)(1).  Here, Plaintiffs' continued failure to produce a
2  privilege log, despite repeated pledges to do so promptly, most recently in the parties' August 13
3  discovery letter, constitutes such a material difference in fact from that which was presented to the
4  Court.  The Court's August 27 Order expressly relied on Plaintiffs' representation as the basis for
5  denying NSO's request for relief [Dkt. 370 at 1], and subsequent events have shown that Plaintiffs'
6  representation was false.  Accordingly, good grounds exist for reconsideration of the Court's
7  August 27 Order.  Further, the egregious circumstances here warrant a finding that Plaintiffs have
8  waived their privilege objections and should be compelled to produce all documents and
9  information heretofore withheld based assertions of privilege, work product, or similar immunity.

10  Rule 26(b)(5) provides that a party withholding information under a claim that it is
11  privileged or subject to protection as trial preparation material must: (i) expressly make the claim;
12  and (ii) describe the nature of the documents, communications, or tangible things not produced or
13  disclosed in a manner that, without revealing information itself privileged or protected, will enable
14  the parties to assess the claim.  *See* Fed. R. Civ. Proc. 26(b)(5).  Boilerplate assertions of privilege
15  do not satisfy this requirement*. See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408
16  F.3d 1142, 1148-49 (9th Cir. 2005).  Ninth Circuit law instead requires a privilege log identifying,
17  for each document withheld or redacted, (a) the privilege asserted, "(b) the nature of the document,
18  (c) all persons or entities shown on the document to have received or sent the document, (d) all
19  persons or entities known to have been furnished the document or informed of its substance, and
20  (e) the date the document was generated, prepared, or dated." *Apple Inc. v. Samsung Elecs. Co*.,
21  306 F.R.D. 234, 238 (N.D. Cal. 2015).

22  Failure to produce a timely privilege log may result in waiver.  *See Burlington N*., 408 F.3d
23  at 1149-50 (affirming waiver where party produced a privilege log five months after deadline to
24  respond or object to requests for production); *Porter v. City and County of San Francisco*, 2018
25  WL 4215602, at *6-7 (N.D. Cal. Sept. 5, 2018) (same).  In assessing whether a failure to timely
26  produce a privilege log warrants waiver of privilege objections, the Ninth Circuit instructs courts
27  to consider the following factors: (1) "the degree to which the objection or assertion of privilege
28  enables the litigant seeking discovery and the court to evaluate whether each of the withheld

documents is privileged"; (2) "the timeliness of the objection and accompanying information about the withheld documents"; (3) "the magnitude of the document production"; and 4) "other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard." *Burlington N.*, 408 F.3d at 1149. Here, consideration of those factors strongly supports a finding that Plaintiffs have waived their privilege objections.

*First*, as in *Burlington N.* and *Porter*, Plaintiffs have asserted only boilerplate privilege objections that do not come close to satisfying the Ninth Circuit's requirements for privilege logs and leaves NSO and the Court unable to meaningfully evaluate Plaintiffs' privilege claims. This supports a finding of waiver. *See Burlington N.*, 408 F.3d at 1148-49; *Porter*, 2018 WL 4215602, at *6. *Second*, the extent of Plaintiffs' delay in providing a log—Plaintiff served objections to NSO's Third RFPs over seven months ago and served objections to NSO's First and Second RFPs more than one year ago—warrants a waiver finding. *See Burlington N.*, 408 F.3d at 1149-50 (five-month delay in providing log supported waiver); *Porter*, 2018 WL 4215602, at *6 (same). Here, where just ten days remain in the fact discovery period, and NSO has already completed depositions of multiple Plaintiffs' fact witnesses, the prejudice to NSO from Plaintiffs' inexplicable delay is especially acute. *Third*, there is no suggestion that either the magnitude of Plaintiffs' document production or any other particular circumstances of this case have made it unduly burdensome for Plaintiffs to produce a timely log. Plaintiffs have had more than five years since the events set forth in the Complaint to assemble and produce their documents—more than ample time to have prepared and served a privilege log. In the absence of such mitigating circumstances, sophisticated parties such as Plaintiffs are presumed able to timely provide a log, and their failure to do so may result in a finding of waiver. *See Burlington N.*, 408 F.3d at 1149-50. If Plaintiffs perceived difficulties in timely producing their log, they should have sought relief accordingly. *Porter*, 2018 WL 4215602, at *6 (finding party's failure to seek such relief undercut any suggestion that "particular circumstances of the litigation [made] responding to discovery . . . unusually hard").

Not only have Plaintiffs failed to articulate any reason why they would be unable to timely produce a log, Plaintiffs have repeatedly, and falsely, represented to NSO and the Court that a log

was imminently forthcoming. *See* Dkt. 306 at 5 (stating, on June 12, 2024, that Plaintiffs would be producing "a privilege log covering all documents from all custodians in the coming weeks"); Dkt. 360 at 6 (stating that Plaintiffs would produce their log in advance of a deposition which proceeded the following day). Plaintiffs' serial failure to honor their commitments to NSO and the Court further warrants a finding that Plaintiffs have waived their privilege objections. *Cf. Loop AI Labs Inc. v. Gatti*, 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016) (finding waiver where a party repeatedly failed to provide an adequate privilege log).

### III.    CONCLUSION

For the foregoing reasons, NSO respectfully asks the Court to rule that Plaintiffs have waived their privilege objections and to compel Plaintiffs immediately to produce all documents and information heretofore withheld based on claims of privilege, work product protection, or other similar immunity.

DATED:  September 3, 2024

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED