# EXHIBIT A

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
        antonio.perez@davispolk.com
        craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

Ronald Lehmann
    (admitted *pro hac vice*)
FBC & CO.
146 Menachem Begin Road
Tel Aviv 6492103, Israel
Telephone: 972.3.694.4145
Facsimile: 972.3.609.1116
Email: rlehmann@fbclawyers.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>              Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object as follows to the First Set of Requests for Production of Defendant NSO Group Technologies Limited ("NSO") dated March 7, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

2

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with NSO concerning the Requests and these Responses and Objections.

## **GENERAL OBJECTIONS**

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below. Nothing in the Responses and Objections to the Requests should be construed as a waiver of these General Objections. Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later. Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control. Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1. Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or court order. Plaintiffs will withhold all documents in response to the Requests that it has no obligation to produce under any such applicable law, rule, or court order.

2. Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

3. Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules. Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request. Subject to

the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith.

4.      Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control.  By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5.      Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.  Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from production.  Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.      Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or other confidential or highly confidential information—including business, commercial, financial,

personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.    Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to NSO in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.    Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of NSO, or call for duplicative documents or communications.

10.    Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.    With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

## OBJECTIONS TO INSTRUCTIONS

1.    Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they have located every single document responsive to a particular Request.  Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators, or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.      Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.      Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith.

## <u>OBJECTIONS TO DEFINITIONS</u>

1.      Plaintiffs object to the definition of "all" and "any" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.      Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)" and to any Request incorporating that definition, insofar as they are ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.      Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition of concerning beyond the general understanding of that term, including because it includes "relating to."  Plaintiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

6

4.    Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to" and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term.  Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.    Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and to any Request incorporating those definitions, on the grounds that they are unduly broad, vague, ambiguous, overly burdensome, encompass persons or entities not relevant to this action, refer to unknown persons or entities, and not proportional to the needs of the case.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that Plaintiffs have received pursuant to any third party subpoena served in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 1:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "that Plaintiffs have received pursuant to any third party subpoena served in this litigation," without limitation, regardless of whether such Documents are relevant to any issue in the Action.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents and communications that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents referring or relating to the identity of the owners of the "approximately 1,400 Target Devices" and/or the identity of the "Target Users" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "referring or relating to the identity of the owners of the 'approximately 1,400 Target Devices' and/or the identity of the 'Target Users,'" without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "referring or relating to" is overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and any of the owners of the Target Devices and/or the Target Users referenced in Paragraph 1 of the Complaint in this action about the "infect[ion of] the Target Devices" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Communications between Plaintiffs and "any of the owners of the Target Devices and/or the Target Users," without limitation, regardless of whether such Communications are relevant to any issue in the Action.

8

1    Plaintiffs further object to this Request because the phrase "You" is overbroad, vague, and ambig-

2    uous.  Plaintiffs further object to this Request to the extent that it seeks the production of materials

3    that would violate the privacy interests of others.

4        Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

5    **REQUEST FOR PRODUCTION NO. 4:**

6        All Communications referring or relating to the Target Users and/or the approximately

7    1,400 Target Devices referenced in Paragraph 1 of the Complaint in this action.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

9        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

11    unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

12    fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

13    Communications "referring or relating to the Target Users and/or the approximately 1,400 Target

14    Devices" without limitation, regardless of whether such Communications are relevant to any issue

15    in the Action.  Plaintiffs further object to this Request because the phrase "referring or relating to"

16    is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the extent that it

17    seeks the production of materials that would violate the privacy interests of others.

18        Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

19    **REQUEST FOR PRODUCTION NO. 5:**

20        All Documents and Communications that refer or relate to Plaintiffs' reputation(s) between

21    January 2018 and the date of Plaintiffs' responses.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

23        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

25    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

26    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

27    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

28    Request because the phrase "refer or relate to Plaintiffs' reputation(s)" is overbroad, vague, and

9

ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications that refer or relate to the goodwill between Plaintiffs and their users and potential users between January 2018 and the date of Plaintiffs' responses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "refer or relate to the goodwill" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications that refer or relate to public trust placed in Plaintiffs by their users and potential users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the

basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to public trust" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction, directly or indirectly, with NSO or any of its affiliated companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "the possibility," and "entering into a business transaction" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to the Request because it is calculated to annoy and harass.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction, directly or indirectly with NSO or any of its affiliated companies Concerning Pegasus.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "the possibility," "entering into a business transaction," and "Concerning" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to the Request because it is calculated to annoy and harass.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction with any companies, other than NSO and its affiliated companies, that manufacture or sell Spyware or any cyber security solutions used by law enforcement agencies and/or governments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "the possibility," "entering into a business transaction," and "any companies" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

12

1  On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 11:**

4  All Documents and Communications that refer or relate to the possibility of Plaintiffs en-
5  tering into a business transaction with any companies, other than NSO and its affiliated companies,
6  that manufacture or sell Spyware.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
9  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
10  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
11  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
12  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
13  Request because the phrases "refer or relate to," "the possibility," "entering into a business trans-
14  action," and "any companies" are overbroad, vague, and ambiguous.  Plaintiffs further object to
15  the Request because the request of "[a]ll" Documents and Communications is unduly burdensome
16  and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

17  On the basis of the foregoing objections, Plaintiffs will not produce documents in response
18  to the Request.

19  **REQUEST FOR PRODUCTION NO. 12:**

20  All Documents and Communications that refer or relate to the effect on the reputation of
21  any of the Plaintiffs of Facebook's violation(s) of the FTC Order.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
24  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
25  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
26  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
27  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
28  Request because the phrase "refer or relate to the effect on the reputation" is overbroad, vague,

1  and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents

2  and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

3  and overbreadth of the rest of the Request.

4      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

5  to the Request.

6  **REQUEST FOR PRODUCTION NO. 13:**

7      All non-privileged internal Communications that refer or relate to Facebook's violation(s)

8  of the FTC Order.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

11  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

12  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

13  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

14  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

15  Request because the phrase "refer or relate to the effect on the reputation" is overbroad, vague,

16  and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll non-privileged

17  internal Communications" is unduly burdensome and unreasonable in light of the vagueness, am-

18  biguity, and overbreadth of the rest of the Request.

19      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 14:**

22      All Communications between any of the Plaintiffs and any government or government

23  agency that refer or relate to Facebook's violation(s) of the FTC Order.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

25      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

27  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

28  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Communications between any of the Plaintiffs and any consultant, public relations company, or crisis management company that refer or relate to Facebook's violation(s) of the FTC order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications that refer or relate to the effect on the reputation of any of the Plaintiffs of the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to the reputation" and "any of the Plaintiffs" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 17:**

All non-privileged internal Communications that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications between any of the Plaintiffs and any government or government agency that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any of the Plaintiffs" and "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object

1  to the Request because the request of "[a]ll" Communications is unduly burdensome and unrea-

2  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

3      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4  to the Request.

5  **REQUEST FOR PRODUCTION NO. 20:**

6      All Documents and Communications related to the effect on the reputation of any of the

7  Plaintiffs of Facebook's relationship with Cambridge Analytica.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10  jections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

11  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

12  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

13  basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

14  Request because the phrases "related to the effect on the reputation" and "relationship" are over-

15  broad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll"

16  Documents and Communications is unduly burdensome and unreasonable in light of the vague-

17  ness, ambiguity, and overbreadth of the rest of the Request.

18      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

19  to the Request.

20  **REQUEST FOR PRODUCTION NO. 21:**

21      All non-privileged internal Communications that refer or relate to Facebook's relationship

22  with Cambridge Analytica.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

24      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25  jections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

26  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

27  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

28  basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

18

1  Request because the phrases "refer or relate to" and "relationship" are overbroad, vague, and am-

2  biguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged in-

3  ternal Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

4  guity, and overbreadth of the rest of the Request.

5      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

6  to the Request.

7  **REQUEST FOR PRODUCTION NO. 22:**

8      All Communications between any of the Plaintiffs and any government or government

9  agency that refer or relate to Facebook's relationship with Cambridge Analytica.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

11     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13 unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

14 fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

15 basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

16 Request because the phrases "any government or government agency," "refer or relate to," and

17 "relationship" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request be-

18 cause the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of

19 the vagueness, ambiguity, and overbreadth of the rest of the Request.

20     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

21 to the Request.

22 **REQUEST FOR PRODUCTION NO. 23:**

23     All Communications with any consultant, public relations company, or crisis management

24 company that refer or relate to Facebook's relationship with Cambridge Analytica.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

27 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

28

19

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
Request because the phrases "any consultant, public relations company, or crisis management
company," "refer or relate to," and "relationship" are overbroad, vague, and ambiguous.  Plaintiffs
further object to the Request because the request of "[a]ll" Communications is unduly burdensome
and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response
to the Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications related to the effect on the reputation of any of the
Plaintiffs of Facebook's role in allowing misinformation to be published in connection with the
2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
Request because the phrases "related to the effect on the reputation," "role in allowing misinfor-
mation to be published," and "in connection with" are overbroad, vague, and ambiguous.  Plaintiffs
further object to the Request because the request of "[a]ll" Documents and Communications is
unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the
rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response
to the Request.

**REQUEST FOR PRODUCTION NO. 25:**

All non-privileged internal Communications that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications with any government or government agency that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and

ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the public posting of over 530 million Facebook users' personal data in April 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

1  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4  Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

5  biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

6  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

7  and overbreadth of the rest of the Request.

8      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9  to the Request.

10  **REQUEST FOR PRODUCTION NO. 29:**

11      All non-privileged internal Communications that refer or relate to the public posting of

12  over 530 million Facebook users' personal data in April 2021.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

20  further object to the Request because the request of "[a]ll" non-privileged internal Communica-

21  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

22  of the rest of the Request.

23      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25  **REQUEST FOR PRODUCTION NO. 30:**

26      All Communications with any government or government agency that refer or relate to the

27  public posting of over 530 million Facebook users' personal data in April 2021.

28

PLAINTIFFS' R&OS TO FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 31:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the public posting of over 530 million Facebook users' personal data in April 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "role . . . in the genocide" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 33:**

All non-privileged internal Communications that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "role . . . in the genocide" are overbroad,

1    vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-

2    privileged internal Communications is unduly burdensome and unreasonable in light of the vague-

3    ness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further object to this Re-

4    quest to the extent that it seeks documents and communications not within Plaintiffs' possession,

5    custody, or control.

6         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

7    to the Request.

8    **REQUEST FOR PRODUCTION NO. 34:**

9         All Communications between any of the Plaintiffs and any government or government

10   agency that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the gen-

11   ocide in Myanmar against the Rohingya peoples.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

13        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

14   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

15   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

16   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

17   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

18   Request because the phrases "any government or government agency," "refer or relate to," and

19   "role . . . in the genocide" are overbroad, vague, and ambiguous.  Plaintiffs further object to the

20   Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable

21   in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further

22   object to this Request to the extent that it seeks documents and communications not within Plain-

23   tiffs' possession, custody, or control.

24        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

25   to the Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "role . . . in the genocide" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of Facebook's plans to use its Android app to track locations of Android users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

27

1   Request because the phrases "related to the effect on the reputation" and "plans to use" are over-

2   broad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll"

3   Documents and Communications is unduly burdensome and unreasonable in light of the vague-

4   ness, ambiguity, and overbreadth of the rest of the Request.

5        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

6   to the Request.

7   **REQUEST FOR PRODUCTION NO. 37:**

8        All non-privileged internal Communications that refer or relate to Facebook's plans to use

9   its Android app to track locations of Android users.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

14  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

15  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

16  Request because the phrases "refer or relate to" and "plans to use" are overbroad, vague, and am-

17  biguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged

18  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

19  and overbreadth of the rest of the Request.

20       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

21  to the Request.

22  **REQUEST FOR PRODUCTION NO. 38:**

23       All Communications with any government or government agency that refer or relate to

24  Facebook's plans to use its Android app to track locations of Android users.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

26       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

27  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

28

28

1    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4    Request because the phrases "any government or government agency," "refer or relate to," and

5    "plans to use" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request be-

6    cause the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of

7    the vagueness, ambiguity, and overbreadth of the rest of the Request.

8            On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9    to the Request.

10   **REQUEST FOR PRODUCTION NO. 39:**

11           All Communications with any consultant, public relations company, or crisis management

12   company that refer or relate to Facebook's plans to use its Android app to track locations of An-

13   droid users.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

15           Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

16   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

17   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

18   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

19   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

20   Request because the phrases "any consultant, public relations company, or crisis management

21   company," "refer or relate to," and "plans to use" are overbroad, vague, and ambiguous.  Plaintiffs

22   further object to the Request because the request of "[a]ll" Communications is unduly burdensome

23   and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

24           On the basis of the foregoing objections, Plaintiffs will not produce documents in response

25   to the Request.

26   **REQUEST FOR PRODUCTION NO. 40:**

27           All Documents and Communications related to the effect on the reputation of any of the

28   Plaintiffs of Facebook's collection of its users' email contacts without obtaining consent.

29

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

2     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

3 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

4 unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

5 fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

6 basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

7 Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

8 biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

9 Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

10 and overbreadth of the rest of the Request.

11     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

12 to the Request.

13 **REQUEST FOR PRODUCTION NO. 41:**

14     All non-privileged internal Communications that refer or relate to Facebook's collection

15 of its users' email contacts without obtaining consent.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

17     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

18 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

19 unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

20 fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

21 basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

22 Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

23 further object to the Request because the request of "[a]ll" non-privileged Communications is un-

24 duly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the

25 rest of the Request.

26     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

27 to the Request.

28

PLAINTIFFS' R&Os to First Set of Requests for Production
CASE No. 4:19-cv-07123-PJH

1    **REQUEST FOR PRODUCTION NO. 42:**

2        All Communications with any government or government agency that refer or relate to

3    Facebook's collection of its users' email contacts without obtaining consent.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

5        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

6    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

7    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

8    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

9    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

10   Request because the phrases "any government or government agency" and "refer or relate to" are

11   overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

12   "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

13   guity, and overbreadth of the rest of the Request.

14       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

15   to the Request.

16   **REQUEST FOR PRODUCTION NO. 43:**

17       All Communications with any consultant, public relations company, or crisis management

18   company that refer or relate to Facebook's collection of users' email contacts without obtaining

19   consent.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

21       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

22   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

23   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

24   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

25   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

26   Request because the phrases "any consultant, public relations company, or crisis management

27   company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object

28

to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 45:**

All non-privileged internal Communications that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Communications with any government or government agency that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of

the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "role" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 49:**

All non-privileged internal Communications that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "role" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 50:**

4    All Communications with any government or government agency that refer or relate to the

5    role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of

6    minors.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9    jections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

10   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

11   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

12   basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

13   Request because the phrases "any government or government agency," "refer or relate to," and

14   "role" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the

15   request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vague-

16   ness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request

17   to the extent that it seeks documents and communications not within Plaintiffs' possession, cus-

18   tody, or control.

19   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20   to the Request.

21   **REQUEST FOR PRODUCTION NO. 51:**

22   All Communications with any consultant, public relations company, or crisis management

23   company that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in in-

24   creases in depression and/or suicide of minors.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

26   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

27   jections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

28

36

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "role" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 52:**

All non-privileged internal Communications that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "serving of micro-targeted advertisements" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 53:**

All Communications with any government or government agency that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to" and "serving of micro-targeted advertisements" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management

company," "refer or relate to" and "serving of micro-targeted advertisements" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 56:**

All non-privileged internal Communications that refer or relate to the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

1  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4  Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

5  further object to the Request because the request of "[a]ll" non-privileged internal Communica-

6  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

7  of the rest of the Request.

8      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9  to the Request.

10  **REQUEST FOR PRODUCTION NO. 57:**

11     All Communications with any government or government agency that refer or relate to the

12  documents leaked by whistleblower Frances Haugen in October 2021.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

14     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrases "any government or government agency" and "refer or relate to" are

20  overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

21  "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

22  guity, and overbreadth of the rest of the Request.

23     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25  **REQUEST FOR PRODUCTION NO. 58:**

26     All Communications with any consultant, public relations company, or crisis management

27  company that refer or relate to the documents leaked by whistleblower Frances Haugen in October

28  2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

1   On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2   to the Request.

3   **REQUEST FOR PRODUCTION NO. 60:**

4   All non-privileged internal Communications that refer or relate to the use of Facebook
5   and/or Instagram and/or WhatsApp by human trafficking organizations.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

7   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
8   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
9   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
10  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
11  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
12  Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or
13  WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because
14  the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unrea-
15  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs
16  further object to this Request to the extent that it seeks documents and communications not within
17  Plaintiffs' possession, custody, or control.

18  On the basis of the foregoing objections, Plaintiffs will not produce documents in response
19  to the Request.

20  **REQUEST FOR PRODUCTION NO. 61:**

21  All Communications with any government or government agency that refer or relate to the
22  use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

24  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
25  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
26  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
27  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
28  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

Request because the phrases "any government or government agency," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 62:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 64:**

All non-privileged internal Communications that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or

44

1  WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because

2  the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unrea-

3  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

4         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

5  to the Request.

6  **REQUEST FOR PRODUCTION NO. 65:**

7         All Communications with any government or government agency that refer or relate to the

8  use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19

9  and/or COVID-19 vaccines.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

11        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

14  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

15  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

16  Request because the phrases "any government or government agency," "refer or relate to," and

17  "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.

18  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly

19  burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of

20  the Request.

21        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

22  to the Request.

23  **REQUEST FOR PRODUCTION NO. 66:**

24        All Communications with any consultant, public relations company, or crisis management

25  company that refer or relate to use of Facebook and/or Instagram and/or WhatsApp to spread mis-

26  information about COVID-19 and/or COVID-19 vaccines.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of WhatsApp's 2021 privacy policy change permitting increased sharing of data with Facebook by WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 68:**

4    All non-privileged internal Communications that refer or relate to WhatsApp's 2021 pri-

5  vacy policy change permitting increased sharing of data with Facebook by WhatsApp.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

9  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

10  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

11  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

12  Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

13  further object to the Request because the request of "[a]ll" non-privileged internal Communica-

14  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

15  of the rest of the Request.

16    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17  to the Request.

18  **REQUEST FOR PRODUCTION NO. 69:**

19    All Communications with any government or government agency that refer or relate to

20  WhatsApp's 2021 privacy policy change permitting increased sharing of data with Facebook by

21  WhatsApp.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

23    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

25  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

26  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

27  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

28  Request because the phrases "any government or government agency" and "refer or relate to" are

47

overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

"[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

guity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response

to the Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Communications with any consultant, public relations company, or crisis management

company that refer or relate to WhatsApp's 2021 privacy policy change permitting increased shar-

ing of data with Facebook by WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

Request because the phrases "any consultant, public relations company, or crisis management

company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object

to the Request because the request of "[a]ll" Communications is unduly burdensome and unrea-

sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response

to the Request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications related to the effect on the reputation of any of the

Plaintiffs of the hacking of Amazon founder Jeff Bezos' WhatsApp account in May 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

1    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4    Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

5    biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

6    Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

7    and overbreadth of the rest of the Request.

8         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9    to the Request.

10   **REQUEST FOR PRODUCTION NO. 72:**

11        All non-privileged internal Communications that refer or relate to the hacking of Amazon

12   founder Jeff Bezos' WhatsApp account in May 2018.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

14        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19   Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

20   further object to the Request because the request of "[a]ll" non-privileged internal Communica-

21   tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

22   of the rest of the Request.

23        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24   to the Request.

25   **REQUEST FOR PRODUCTION NO. 73:**

26        All Communications with any government or government agency that refer or relate to the

27   hacking of Amazon founder Jeff Bezos' WhatsApp account in May 2018.

28

49

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 74:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the hacking of Amazon founder Jeff Bezos' WhatsApp account in May 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 76:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of WhatsApp" are overbroad, vague,

and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 77:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 78:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

1    **REQUEST FOR PRODUCTION NO. 80:**

2       All non-privileged internal Communications that refer or relate to the use of WhatsApp by

3    JP Morgan Chase employees to circumvent federal record-keeping laws.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

6    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

7    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

8    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

9    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

10   Request because the phrases "refer or relate to" and "the use of WhatsApp" are overbroad, vague,

11   and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privi-

12   leged internal Communications is unduly burdensome and unreasonable in light of the vagueness,

13   ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to

14   the extent that it seeks documents and communications not within Plaintiffs' possession, custody,

15   or control.

16      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17   to the Request.

18   **REQUEST FOR PRODUCTION NO. 81:**

19      All Communications with any government or government agency that refer or relate to the

20   use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

22      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

23   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

24   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

25   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

26   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

27   Request because the phrases "any government or government agency," "refer or relate to," and

28

54

"the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 82:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of Boldend's development of tools capable of hacking WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 84:**

All non-privileged internal Communications that refer or relate to Boldend's development of tools capable of hacking WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 85:**

All Communications with any government or government agency that refer or relate to Boldend's development of tools capable of hacking WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 86:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to Boldend's development of tools capable of hacking WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 87:**

4    All Documents and Communications related to the effect on the reputation of any of the

5    Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist at-

6    tacks.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

10   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

11   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

12   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

13   Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp,

14   Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the

15   Request because the request of "[a]ll" Documents and Communications is unduly burdensome and

16   unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

17   Plaintiffs further object to this Request to the extent that it seeks documents and communications

18   not within Plaintiffs' possession, custody, or control.

19   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20   to the Request.

21   **REQUEST FOR PRODUCTION NO. 88:**

22   All non-privileged internal Communications that refer or relate to the use of WhatsApp,

23   Facebook and/or Instagram to plot and/or execute terrorist attacks.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

25   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

27   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

28   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

58

basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 89:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist attacks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 90:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist attacks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 92:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 93:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

61

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 94:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 96:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 97:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

64

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 98:**

4    All Communications with any consultant, public relations company, or crisis management
5    company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propa-
6    ganda in support of terrorist activities.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
9    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
10   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
11   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
12   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
13   Request because the phrases "any consultant, public relations company, or crisis management
14   company," "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are over-
15   broad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll"
16   Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,
17   and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent
18   that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

19   On the basis of the foregoing objections, Plaintiffs will not produce documents in response
20   to the Request.

21

22

23

24

25

26

27

28

65

1

2      Dated:  April 17, 2023

3                                               DAVIS POLK & WARDWELL LLP

4                                           By:  /s/ Antonio J. Perez-Marques

5                                               Greg D. Andres
                                                Antonio J. Perez-Marques
6                                               Craig T. Cagney
                                                (admitted *pro hac vice*)
7                                               DAVIS POLK & WARDWELL LLP
                                                450 Lexington Avenue
8                                               New York, New York 10017
                                                Telephone: (212) 450-4000
9                                               Facsimile: (212) 701-5800
10                                              Email:  greg.andres@davispolk.com
                                                        antonio.perez@davispolk.com
11                                                      craig.cagney@davispolk.com

12                                              Micah G. Block (SBN 270712)
13                                              DAVIS POLK & WARDWELL LLP
                                                1600 El Camino Real
14                                              Menlo Park, California 94025
                                                Telephone: (650) 752-2000
15                                              Facsimile: (650) 752-2111
                                                Email:  micah.block@davispolk.com
16

17                                              Ronald Lehmann
                                                  (admitted *pro hac vice*)
18                                              FBC & CO.
                                                146 Menachem Begin Road
19                                              Tel Aviv 6492103, Israel
                                                Telephone: 972.3.694.4145
20                                              Facsimile: 972.3.609.1116
                                                Email: rlehmann@fbclawyers.com
21

22
                                                *Attorneys for Plaintiffs WhatsApp LLC and*
23                                              *Meta Platforms, Inc.*

24

25

26

27

28

PLAINTIFFS' R&OS TO FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-07123-PJH

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled action. My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On April 17, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
      acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on April 17, 2023 at New York, New York.

_/s/ Luca Marzorati_
Luca Marzorati