# EXHIBIT B

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD., <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object as follows to the Second Set of Requests for Production of Defendant NSO Group Technologies Limited ("NSO") dated May 1, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

2

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with NSO concerning the Requests and these Responses and Objections.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below. Nothing in the Responses and Objections to the Requests should be construed as a waiver of these General Objections. Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later. Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control. Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or court order. Plaintiffs will withhold all documents in response to the Requests that it has no obligation to produce under any such applicable law, rule, or court order.

2.      Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

3.      Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules. Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request. Subject to

the General Objections and any qualifications below, Plaintiffs may respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith, employing search parameters (including relevant custodians and the relevant time period) for the collection and production of Plaintiffs' documents (the "Search Parameters").

4.      Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control.  By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5.      Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.  Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from production.  Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.      Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or

4

other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.      Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to NSO in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.      Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of NSO, or call for duplicative documents or communications.

10.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.      With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

## **OBJECTIONS TO INSTRUCTIONS**

1.      Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they have located every single document responsive to a particular Request.  Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators,

or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.     Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.     Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiffs object to the definition of "all" and "any" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.     Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)" and to any Request incorporating that definition, insofar as they are ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.     Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition of concerning

beyond the general understanding of that term, including because it includes "relating to." Plaintiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

4.      Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to" and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term. Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.      Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and to any Request incorporating those definitions, on the grounds that they are unduly broad, vague, ambiguous, overly burdensome, encompass persons or entities not relevant to this action, refer to unknown persons or entities, and not proportional to the needs of the case.

6.      Plaintiffs object to the definition of "Security Vulnerability," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term. Plaintiffs also object to the use of the term "Security Vulnerability" or "vulnerability" with respect to Plaintiffs' applications to the extent the use those terms calls for, or purports to incorporate, any legal conclusions, including without limitation as to Defendants' authorization to access Plaintiff's systems, servers, or applications. Plaintiffs' use of that term and their responses and objections to Defendants' requests using that term are not intended to have and shall not be construed as having any bearing on whether or not Plaintiffs had authorization to access to the affected portions of Plaintiffs' platforms.

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 99:

All Documents and Communications that refer or relate to any use or access of the WhatsApp Service by Defendants, directly or indirectly, including but not limited to server logs or other electronic records.

**RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 99:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs further object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "any use or access," and "other electronic records" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce server logs showing NSO's attacks as alleged in the Complaint. Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications that refer or relate to any use or access of the WhatsApp Service through any of Defendants' customers' use of Pegasus, directly or indirectly, including but not limited to server logs or other electronic records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs

further object to this Request because the phrases "any use or access," and "other electronic records" are overbroad, vague, and ambiguous. Plaintiffs also object to this Request to the extent it is duplicative of Request No. 99, and as vague and ambiguous to the extent it seeks anything other than the documents requested by Request No. 99 based on an alleged distinction between access by Defendants from access by others using Defendants' products.

Subject to and without waiver of these objections, Plaintiffs will produce server logs showing NSO's attacks as alleged in the Complaint. Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications that refer or relate to the WhatsApp Security Vulnerability referred to as CVE-2019-3568 in paragraph 44 of Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 102:**

Documents sufficient to identify each Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request as premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms. Plaintiffs further object to this Request because the phrase "sufficient" is overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications that refer or relate to Plaintiffs' discovery or initial awareness (however such awareness occurred) of any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs further object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents

10

1  or information protected by the attorney-client privilege, the attorney work product doctrine, or

2  other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plain-

3  tiffs further object to this Request because the phrase "initial awareness (however such awareness

4  occurred)" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request as vague,

5  overbroad, and premature because Defendants have not yet produced any documents regarding

6  their exploitation of Plaintiffs' platforms.

7           Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

8  documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be

9  located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance

10  with the Search Parameters.

11  **REQUEST FOR PRODUCTION NO. 104:**

12          All Documents and Communications that refer or relate to Plaintiffs' response to any Se-

13  curity Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited,

14  or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

16          Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

17  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

18  is duplicative of other Requests for Production.  Plaintiffs further object to this Request to the

19  extent that it seeks the production of materials covered by non-disclosure and/or confidentiality

20  agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs

21  further object to this Request to the extent that it purports to require the production of documents

22  or information protected by the attorney-client privilege, the attorney work product doctrine, or

23  other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plain-

24  tiffs further object to this Request as vague, overbroad, and premature because Defendants have

25  not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

26          Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

27  documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be

28

11

located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Communications that refer or relate to Plaintiffs' public announcement of any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications that refer or relate to any steps taken by Plaintiffs to limit, disable, or remediate any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any steps taken . . . to limit, disable, or remediate" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications that refer or relate to any steps taken by Plaintiffs to identify users of the WhatsApp Service affected by any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims

or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any steps taken . . . to identify users" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications that refer or relate to any communication by Plaintiffs with users of Plaintiffs' services related to any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any communication" is overbroad, vague,

1   and ambiguous.  Plaintiffs further object to this Request as vague, overbroad, and premature be-

2   cause Defendants have not yet produced any documents regarding their exploitation of Plaintiffs'

3   platforms.

4          Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

5   **REQUEST FOR PRODUCTION NO. 109:**

6          All Documents and Communications that refer or relate to any outside companies, individ-

7   uals, or other service providers that Plaintiffs retained to limit, disable, or remediate any Security

8   Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plain-

9   tiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

11         Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

13  is duplicative of other Requests for Production.  Plaintiffs object to the Request as overbroad,

14  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

15  fenses in this Action or proportionate to the needs of the case and duplicative of other Requests.

16  Plaintiffs further object to this Request to the extent that it seeks the production of materials cov-

17  ered by non-disclosure and/or confidentiality agreements with third parties and/or that would vio-

18  late the privacy interests of others.  Plaintiffs further object to this Request to the extent that it

19  purports to require the production of documents or information protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of con-

21  fidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the

22  phrase "any outside companies, individuals, or other service providers" is overbroad, vague, and

23  ambiguous.   Plaintiffs further object to this Request as vague, overbroad, and premature because

24  Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' plat-

25  forms.

26         Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

27

28

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "sufficient to show," "every iteration of WhatsApp's Terms of Service in effect," and "any country or territory" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce publicly available Terms of Service for WhatsApp in effect between the years of 2018 and 2019 that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Communications that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

16

unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "enforcement of any term in WhatsApp's Terms of Service" is overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and Communications that refer or relate to any expenses that: (1) Plaintiffs claim that they incurred as a result of any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, and that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, and (2) that Plaintiffs allege were caused by Defendants and for which Plaintiffs seek recovery from Defendants in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product

doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any expenses" are overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents and communications related to Plaintiffs' damages that are responsive to this Request and are in Plaintiffs' possession, custody, or control. Plaintiffs reserve the right to amend their production based on documents and communications from Defendants, including documents relating to Defendants' finances.

**REQUEST FOR PRODUCTION NO. 113:**

Documents sufficient to show how Plaintiffs identified the owners of the "approximately 1,400 Target Devices" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "sufficient to show" and "identified the owners" are overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 114:**

Documents sufficient to show how Plaintiffs identified the "Target Users" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "sufficient to show" and "identified the 'Target Users'" are overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents referring or relating to Plaintiffs' decision in May 2019 to contact the owners of the "approximately 1,400 Target Devices" referenced in Paragraph 1 of the Complaint in this action about Defendants and/or Pegasus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials cov-

ered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "referring or relating to Plaintiffs' decision" and "contact the owners of . . . the 'Target Devices'" are overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 116:**

All Communications between any of Plaintiffs and Forbidden Stories aka Freedom Voices Network, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Laurent Richard, Sandrine Rigaud, Arthur Bouvart, Paloma Dupont de Dinechin, Clement Le Merlus, Phineas Rueckert, or Audrey Travere, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 117:**

All Communications between any of Plaintiffs and Forbidden Stories aka Freedom Voices Network, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Laurent Richard, Sandrine Rigaud, Arthur Bouvart, Paloma Dupont de Dinechin, Clement Le Merlus, Phineas Rueckert, or Audrey Travere, that refer or relate to security monitoring tools, user monitoring tools, or other companies providing any tools to monitor users' messages or location through any of Plaintiffs' platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 118:**

All Communications between any of Plaintiffs and The Citizen Lab at the University of Toronto, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Ronald Deibert, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of

materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications between any of Plaintiffs and Amnesty Tech or Amnesty International, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 120:**

All Communications between any of Plaintiffs and the United States Department of Commerce Bureau of Industry and Security, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Communications relating to investments made by any of Plaintiffs in any companies selling cyber security products or technologies or cyber intelligence products or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 122:**

4    All Documents and Communications relating to investments made by any of the directors
5  of any of Plaintiffs, including but not limited to Peter Thiel or Mark Anderson, in any companies
6  selling cyber security products or technologies or cyber intelligence products or technologies.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
9  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
10  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
11  fenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this
12  Request to the extent that it seeks the production of materials covered by non-disclosure and/or
13  confidentiality agreements with third parties and/or that would violate the privacy interests of oth-
14  ers.  Plaintiffs further object to this Request to the extent that it purports to require the production
15  of documents or information protected by the attorney-client privilege, the attorney work product
16  doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from dis-
17  covery.

18    On the basis of the foregoing objections, Plaintiffs will not produce documents in response
19  to the Request.

20  **REQUEST FOR PRODUCTION NO. 123:**

21    All Communications between any law enforcement or intelligence agency and any of
22  Plaintiffs relating to any request made to any of Plaintiffs to assist in preventing or investigating a
23  crime, and Documents related thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

25    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
26  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-
27  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs
28  of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show Plaintiffs' policies in effect at any time from 2018 to present relating to the handling of requests made by any law enforcement or intelligence agency to any of Plaintiffs to assist in preventing or investigating a crime, and Documents related to Plaintiffs' application of those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce publicly available policies for WhatsApp in effect between the years of 2018 and 2019 that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 125:**

All Documents and Communications that refer or relate to Tom Cohen, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Tom Cohen," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications that refer or relate to Otto Ebeling, identified in Plaintiff's initial disclosures, related to Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

1  unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

3  Documents and Communications "that refer or relate to Otto Ebeling," without limitation, regard-

4  less of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object

5  to this Request to the extent that it purports to require the production of documents or information

6  protected by the attorney-client privilege, the attorney work product doctrine, or other applicable

7  privilege, immunity, duty of confidentiality, or exemption from discovery.

8         Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

9  relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

10 session, custody, or control, and can be located after a reasonable search conducted in good faith

11 and in accordance with the Search Parameters.

12 **REQUEST FOR PRODUCTION NO. 127:**

13        All Documents and Communications that refer or relate to Aashin Gautum, identified in

14 Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, in-

15 cluding but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or

16 were otherwise involved with in any respect.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

18        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

19 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

20 unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

21 fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

22 Documents and Communications "that refer or relate to Aashin Gautum," without limitation, re-

23 gardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

24 object to this Request to the extent that it purports to require the production of documents or in-

25 formation protected by the attorney-client privilege, the attorney work product doctrine, or other

26 applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

27

28

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications that refer or relate to Saish Gersappa, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Saish Gersappa," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents and Communications that refer or relate to Claudiu Gheorghe, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Claudiu Gheorghe," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications that refer or relate to Jesus Barcons Palau, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Jesus Barcons Palau," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications that refer or relate to Drew Robinson, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Drew Robinson," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents and Communications that refer or relate to Michael Scott, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Michael Scott," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents and Communications that refer or relate to Ke Wang, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

1  unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

3  Documents and Communications "that refer or relate to Ke Wang," without limitation, regardless

4  of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this

5  Request to the extent that it purports to require the production of documents or information pro-

6  tected by the attorney-client privilege, the attorney work product doctrine, or other applicable priv-

7  ilege, immunity, duty of confidentiality, or exemption from discovery.

8         Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

9  relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

10  session, custody, or control, and can be located after a reasonable search conducted in good faith

11  and in accordance with the Search Parameters.

12  **REQUEST FOR PRODUCTION NO. 134:**

13         All Documents and Communications that refer or relate to YuanYuan Wang, identified in

14  Plaintiff's initial disclosures, related any Security Vulnerability on the WhatsApp Service, includ-

15  ing but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were

16  otherwise involved with in any respect.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

18         Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

19  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

20  unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

21  fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

22  Documents and Communications "that refer or relate to YuanYuan Wang," without limitation,

23  regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

24  object to this Request to the extent that it purports to require the production of documents or in-

25  formation protected by the attorney-client privilege, the attorney work product doctrine, or other

26  applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

27

28

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

2    relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

3    session, custody, or control, and can be located after a reasonable search conducted in good faith

4    and in accordance with the Search Parameters.

5    **REQUEST FOR PRODUCTION NO. 135:**

6    All Communications between any of Plaintiffs and 365 Group LLC, including any em-

7    ployee, contractor, or representative thereof, that refer or relate to any of the Defendants.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

9    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10   jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

11   is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

12   sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

13   cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

14   tion of documents or information protected by the attorney-client privilege, the attorney work

15   product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

16   from discovery.

17   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

18   to the Request.

19   **REQUEST FOR PRODUCTION NO. 136:**

20   All Communications between any of Plaintiffs and Amazon Web Services, Inc., including

21   any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

23   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24   jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

25   is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

26   sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

27   cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

28   tion of documents or information protected by the attorney-client privilege, the attorney work

33

product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 137:**

All Communications between any of Plaintiffs and AT&T Mobility LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 138:**

All Communications between any of Plaintiffs and Berkeley Research Group, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

34

1  cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

2  tion of documents or information protected by the attorney-client privilege, the attorney work

3  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

4  from discovery.

5      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

6  to the Request.

7  **REQUEST FOR PRODUCTION NO. 139:**

8      All Communications between any of Plaintiffs and Choopa, LLC, including any employee,

9  contractor, or representative thereof, that refer or relate to any of the Defendants.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

11      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

13  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

14  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

15  cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

16  tion of documents or information protected by the attorney-client privilege, the attorney work

17  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

18  from discovery.

19      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 140:**

22      All Communications between any of Plaintiffs and Cogent Communications, Inc., includ-

23  ing any employee, contractor, or representative thereof, that refer or relate to any of the Defend-

24  ants.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

26      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

27  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

28

is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-tion of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 141:**

All Communications between any of Plaintiffs and Compass Stratagem, including any em-ployee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-tion of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 142:**

All Communications between any of Plaintiffs and E-Tel Systems, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 143:**

All Communications between any of Plaintiffs and Francisco Partners Management L.P., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 144:**

All Communications between any of Plaintiffs and Google LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 145:**

All Communications between any of Plaintiffs and GreenCloud VPS JSC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 146:**

All Communications between any of Plaintiffs and Jefferies Group LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

38

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 147:**

All Communications between any of Plaintiffs and the Los Angeles Police Department, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications between any of Plaintiffs and Mercury Public Affairs, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 149:**

All Communications between any of Plaintiffs and Pacific Bell Telephone Company, Inc., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1   On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2   to the Request.

3   **REQUEST FOR PRODUCTION NO. 150:**

4   All Communications between any of Plaintiffs and PayPal Inc., including any employee,
5   contractor, or representative thereof, that refer or relate to any of the Defendants.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

7   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
8   jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it
9   is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-
10  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-
11  cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-
12  tion of documents or information protected by the attorney-client privilege, the attorney work
13  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption
14  from discovery.

15  On the basis of the foregoing objections, Plaintiffs will not produce documents in response
16  to the Request.

17  **REQUEST FOR PRODUCTION NO. 151:**

18  All Communications between any of Plaintiffs and PSI Network, Inc. including any em-
19  ployee, contractor, or representative thereof, that refer or relate to any of the Defendants.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

21  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
22  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it
23  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-
24  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-
25  cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-
26  tion of documents or information protected by the attorney-client privilege, the attorney work
27  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption
28  from discovery.

41

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 152:**

4    All Communications between any of Plaintiffs and QuadraNet Enterprises LLC, including

5    any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8    jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

9    is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

10   sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

11   cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

12   tion of documents or information protected by the attorney-client privilege, the attorney work

13   product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

14   from discovery.

15   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

16   to the Request.

17   **REQUEST FOR PRODUCTION NO. 153:**

18   All Communications between any of Plaintiffs and the San Diego Police Department, in-

19   cluding any employee, contractor, or representative thereof, that refer or relate to any of the De-

20   fendants.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

22   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

23   jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

24   is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

25   sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

26   cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

27   tion of documents or information protected by the attorney-client privilege, the attorney work

28

42

1  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

2  from discovery.

3       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4  to the Request.

5  **REQUEST FOR PRODUCTION NO. 154:**

6       All Communications between any of Plaintiffs and any law enforcement agency, including

7  any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

9       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

11  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

12  of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

13  materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

14  that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

15  extent that it purports to require the production of documents or information protected by the at-

16  torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

17  ity, duty of confidentiality, or exemption from discovery.

18       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

19  to the Request.

20  **REQUEST FOR PRODUCTION NO. 155:**

21       All Communications between any of Plaintiffs and Severdroid LLC, including any em-

22  ployee, contractor, or representative thereof, that refer or relate to any of the Defendants.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

24       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

26  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

27  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

28

cative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 156:**

All Communications between any of Plaintiffs and Verisign Inc., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 157:**

All Communications between any of Plaintiffs and Verizon Wireless Services, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

44

is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 158:**

All Communications between any of Plaintiffs and Vultur Holdings, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 159:**

All Communications that refer or relate to inquiries to Plaintiffs about Plaintiffs' ability, through any of its entities, to view or access encrypted messages sent via WhatsApp or on any of Plaintiffs' other platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 160:**

All Communications that refer or relate to Plaintiffs' use of information obtained from encrypted messages sent via WhatsApp or on any of Plaintiffs' other platforms for commercial purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

46

1  On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 161:**

4  All Communications that refer or relate to Plaintiffs' policies and decisions whether to

5  terminate user accounts on any of its entities, including WhatsApp and Facebook.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

7  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

9  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

10  fenses in this Action or proportionate to the needs of the case and duplicative of other Requests.

11  Plaintiffs further object to this Request to the extent that it seeks the production of materials cov-

12  ered by non-disclosure and/or confidentiality agreements with third parties and/or that would vio-

13  late the privacy interests of others.  Plaintiffs further object to this Request to the extent that it

14  purports to require the production of documents or information protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of con-

16  fidentiality, or exemption from discovery.

17  On the basis of the foregoing objections, Plaintiffs will not produce documents in response

18  to the Request.

19  **REQUEST FOR PRODUCTION NO. 162:**

20  All Communications by or between employees of Plaintiffs that refer or relate to Defend-

21  ants.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

23  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

25  unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

26  fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

27  Communications "by or between employees of Plaintiffs that refer or relate to Defendants," with-

28

47

out limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 163:**

All Communications that refer or relate to accounts of Defendants' employees that were terminated from any of Plaintiffs' platforms, including but not limited to WhatsApp and Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "refer or relate to," "accounts of Defendants' employees that were terminated," and "any of Plaintiffs' platforms" are overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents and Communications related to any alleged statements made by Defendants that refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, including but not limited to the alleged statement made attributed to "NSO Employee 1" in Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "related to" and "any alleged statement" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce the WhatsApp messages with "NSO Employee 1" referenced in the Complaint that are within Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 165:**

All Communications between any of Plaintiffs and any of the following current or former officials or representatives of the United States (including their staff members) that refer or relate to Defendants: Maher Bitar, Tom Malinowski, Anne Neuberger, Adam Schiff, Jake Sullivan, or Ron Wyden.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs

49

of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 166:**

All Communications between any of Plaintiffs and any current or former officials or representatives of the United States government (including any Congressmen or Senators) that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 167:**

All Communications between any of Plaintiffs and any congressional committees, including but not limited to the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence, that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 168:**

All Communications between any of Plaintiffs and any registered lobbyists in the United States that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 169:**

All Communications between any of Plaintiffs and officials of any state within the United States that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 170:**

All Communications between any of Plaintiffs and officials or representatives of any government outside of the United States that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

52

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 171:**

4    All Communications between any of Plaintiffs and officials of any international organiza-

5    tion, public or private, that refer or relate to Defendants.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

9    formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

10   of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

11   materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

12   that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

13   extent that it purports to require the production of documents or information protected by the at-

14   torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

15   ity, duty of confidentiality, or exemption from discovery.

16   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17   to the Request.

18   **REQUEST FOR PRODUCTION NO. 172:**

19   All Communications between any of Plaintiffs on the one hand, and journalists, members

20   of the press, or media on the other hand, that refer or relate to Defendants.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

22   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

23   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

24   formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

25   of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

26   materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

27   that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

28

1    extent that it purports to require the production of documents or information protected by the at-

2    torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

3    ity, duty of confidentiality, or exemption from discovery.

4        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

5    to the Request.

6    **REQUEST FOR PRODUCTION NO. 173:**

7        All Communications between any of Plaintiffs on the one hand, and Public Relations or

8    other media consulting companies on the other hand, that refer or relate to Defendants.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

10        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

11    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

12    formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

13    of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

14    materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

15    that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

16    extent that it purports to require the production of documents or information protected by the at-

17    torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

18    ity, duty of confidentiality, or exemption from discovery.

19        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20    to the Request.

21    **REQUEST FOR PRODUCTION NO. 174:**

22        All Communications between any of Plaintiffs and any trade groups or industry associa-

23    tions that refer or relate to Defendants.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

25        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

27    formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

28    of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

1   materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

2   that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

3   extent that it purports to require the production of documents or information protected by the at-

4   torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

5   ity, duty of confidentiality, or exemption from discovery.

6       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

7   to the Request.

8   **REQUEST FOR PRODUCTION NO. 175:**

9       All Communications between any of Plaintiffs and Apple, Inc., including any employee,

10  contractor, or representative thereof that refer or relate to Defendants.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

12      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

13  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

14  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

15  of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

16  materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

17  that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

18  extent that it purports to require the production of documents or information protected by the at-

19  torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

20  ity, duty of confidentiality, or exemption from discovery.

21      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

22  to the Request.

23  **REQUEST FOR PRODUCTION NO. 176:**

24      All Documents and Communications that refer or relate to communications by Plaintiffs

25  or their representatives with any of the Plaintiffs in the case of *Dada v. NSO Group Tech. Ltd.*,

26  United States District Court, Northern District of California Case No. 3:22-cv-07513 or their rep-

27  resentatives.

28

PLAINTIFFS' R&OS TO SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 177:**

All Documents and Communications produced by Facebook to any of the plaintiffs in the action, *In re Facebook, Inc., Consumer Privacy User Profile* Litigation (N.D. Cal., Case No. 3:18-md-02843-VC).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

1   **REQUEST FOR PRODUCTION NO. 178:**

2       All Documents and Communications relating to the "discovery misconduct" referenced in

3 Judge Vince Chhabria's February 9, 2023 Order (ECF No. 1104) in the action, *In re Facebook,*

4 *Inc., Consumer Privacy User Profile Litigation* (N.D. Cal., Case No. 3:18-md-02843-VC), includ-

5 ing without limitation (1) Facebook and its counsel's "repeated use of frivolous legal arguments

6 to delay the production of highly probative evidence, (2) Facebook and its counsel's "misconduct

7 as it relates to the named plaintiff's data," (3) Facebook and its counsel's "misconduct related to

8 the Switchboard profiles," (4) Facebook and its counsel's "deposition misconduct," and (5) Face-

9 book and its counsel's "over-designation of documents as privileged."

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

11       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12 jections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking in-

13 formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

14 of the case. Plaintiffs further object to this Request to the extent that it seeks the production of

15 materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

16 that would violate the privacy interests of others. Plaintiffs further object to this Request to the

17 extent that it purports to require the production of documents or information protected by the at-

18 torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

19 ity, duty of confidentiality, or exemption from discovery.

20       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

21 to the Request.

22

23

24

25

26

27

28

1

2    Dated:  May 31, 2023

3                                                       DAVIS POLK & WARDWELL LLP

4
                                            By:  /s/ Antonio J. Perez-Marques
5                                                   Greg D. Andres
                                                    Antonio J. Perez-Marques
6                                                   Craig T. Cagney
                                                    (admitted *pro hac vice*)
7                                                   DAVIS POLK & WARDWELL LLP
                                                    450 Lexington Avenue
8                                                   New York, New York 10017
                                                    Telephone: (212) 450-4000
9                                                   Facsimile:  (212) 701-5800
                                                    Email:  greg.andres@davispolk.com
10                                                          antonio.perez@davispolk.com
                                                            craig.cagney@davispolk.com
11

12                                                  Micah G. Block (SBN 270712)
                                                    DAVIS POLK & WARDWELL LLP
13                                                  1600 El Camino Real
                                                    Menlo Park, California 94025
14                                                  Telephone: (650) 752-2000
                                                    Facsimile:  (650) 752-2111
15                                                  Email:  micah.block@davispolk.com

16
                                                    *Attorneys for Plaintiffs WhatsApp LLC and*
17                                                  *Meta Platforms, Inc.*

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I am a citizen of the United States and employed in the County of

3   New York, New York.  I am over the age of 18 years and not a party to the within-entitled ac-

4   tion.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York,

5   New York 10017.

6      On May 31, 2023, I served a true and correct copy of the following document(s) on the

7   parties in the action addressed as follows:

8      **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO
       GROUP TECHNOLOGIES LIMITED SECOND SET OF REQUESTS FOR
9      PRODUCTION OF DOCUMENTS**

10  ☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope

11  and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS

12  agent for delivery.

13  ☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable doc-

14  ument format (PDF) to the email addresses set forth below on this date.

15  Joseph N. Akrotirianakis
    Aaron S. Craig
16  KING & SPALDING LLP
17  633 West Fifth Street, Suite 1600
    Los Angeles, CA 90071
18  Telephone: (213) 443-4355
    Email: jakro@kslaw.com
19         acraig@kslaw.com

20
    *Attorneys for Defendants NSO*
21  *Technologies Limited and Q Cyber*
    *Technologies Limited*
22
23      I declare under penalty of perjury that the above is true and correct.

24      Executed on May 31, 2023 at New York, New York.

25                                              _/s/ Luca Marzorati_
26                                              Luca Marzorati

27

28

59