# EXHIBIT C

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
               antonio.perez@davispolk.com
               craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD., <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES' LIMITED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby amend their responses and objections—which were served on April 17, 2023—to the First Set of Requests for Production of Defendant NSO Group Technologies Limited ("NSO") dated March 7, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Amended Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Amended Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Amended Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Amended Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with NSO concerning the Requests and these Amended Responses and Objections.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below. Nothing in the Amended Responses and Objections to the Requests should be construed as a waiver of these General Objections. Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later. Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control. Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or court order. Plaintiffs will withhold all documents in response to the Requests that it has no obligation to produce under any such applicable law, rule, or court order.

2.     Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

3.      Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules.  Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith.

4.      Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control.  By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5.      Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.  Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from production.  Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.     Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.     Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to NSO in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.     Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of NSO, or call for duplicative documents or communications.

10.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.     With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

## OBJECTIONS TO INSTRUCTIONS

1.     Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they

have located every single document responsive to a particular Request. Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators, or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.      Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.      Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to the definition of "all" and "any" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.      Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)" and to any Request incorporating that definition, insofar as they are ambiguous, overly broad, and

unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or incon-

sistent with, the Applicable Rules and to the extent it seeks communications or documents that are

not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.    Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly

broad, and unduly burdensome and to the extent it purports to expand the definition of concerning

beyond the general understanding of that term, including because it includes "relating to."  Plain-

tiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

4.    Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to"

and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly

broad, and unduly burdensome and to the extent it purports to expand the definition beyond the

general understanding of that term.  Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate

to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.    Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and

to any Request incorporating those definitions, on the grounds that they are unduly broad, vague,

ambiguous, overly burdensome, encompass persons or entities not relevant to this action, refer to

unknown persons or entities, and not proportional to the needs of the case.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that Plaintiffs have received pursuant to any third party subpoena served in

this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 1:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, and seeking information that is not relevant to any claims or defenses in this

Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "that

Plaintiffs have received pursuant to any third party subpoena served in this litigation," without

limitation, regardless of whether such Documents are relevant to any issue in the Action.

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

2    documents and communications that are responsive to this Request and are in Plaintiffs' posses-

3    sion, custody, or control.

4    **REQUEST FOR PRODUCTION NO. 2:**

5    All Documents referring or relating to the identity of the owners of the "approximately

6    1,400 Target Devices" and/or the identity of the "Target Users" referenced in Paragraph 1 of the

7    Complaint in this action.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

11   unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

12   fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

13   Documents "referring or relating to the identity of the owners of the 'approximately 1,400 Target

14   Devices' and/or the identity of the 'Target Users,'" without limitation, regardless of whether such

15   Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the

16   extent that it seeks the production of materials covered by non-disclosure and/or confidentiality

17   agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs

18   further object to this Request to the extent that it purports to require the production of documents

19   or information protected by the attorney-client privilege, the attorney work product doctrine, or

20   other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plain-

21   tiffs further object to this Request because the phrase "referring or relating to" is overbroad, vague,

22   and ambiguous.

23   Subject to and without waiver of these objections, Plaintiffs will produce, to the extent

24   available, information known to Plaintiffs sufficient to identify the victims associated with the

25   1,400 target devices referenced in the Complaint.

26

27

28

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and any of the owners of the Target Devices and/or the Target Users referenced in Paragraph 1 of the Complaint in this action about the "infect[ion of] the Target Devices" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Communications between Plaintiffs and "any of the owners of the Target Devices and/or the Target Users," without limitation, regardless of whether such Communications are relevant to any issue in the Action. Plaintiffs further object to this Request because the phrase "You" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request to the extent that it seeks the production of materials that would violate the privacy interests of others.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications referring or relating to the Target Users and/or the approximately 1,400 Target Devices referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Communications "referring or relating to the Target Users and/or the approximately 1,400 Target Devices" without limitation, regardless of whether such Communications are relevant to any issue in the Action. Plaintiffs further object to this Request because the phrase "referring or relating to"

1  is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the extent that it

2  seeks the production of materials that would violate the privacy interests of others.

3      Subject to and without waiver of these objections, Plaintiffs will produce (1) the form mes-

4  sage sent to all affected WhatsApp users, (2) to the extent available, information known to Plain-

5  tiffs sufficient to identify the victims associated with the 1,400 target devices referenced in the

6  Complaint, and (3) non-privileged communications with Citizen Lab prior to filing the Complaint

7  that concern efforts to identify or communicate with the owners of the 1,400 target devices refer-

8  enced in the Complaint.

9  **REQUEST FOR PRODUCTION NO. 5:**

10     All Documents and Communications that refer or relate to Plaintiffs' reputation(s) between

11  January 2018 and the date of Plaintiffs' responses.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

14  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

15  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

16  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

17  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

18  Request because the phrase "refer or relate to Plaintiffs' reputation(s)" is overbroad, vague, and

19  ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

20  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

21  and overbreadth of the rest of the Request.

22     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

23  to the Request.

24  **REQUEST FOR PRODUCTION NO. 6:**

25     All Documents and Communications that refer or relate to the goodwill between Plaintiffs

26  and their users and potential users between January 2018 and the date of Plaintiffs' responses.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

3  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

4  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

5  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

6  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

7  Request because the phrase "refer or relate to the goodwill" is overbroad, vague, and ambiguous.

8  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communica-

9  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

10  of the rest of the Request.

11    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

12  to the Request.

13  **REQUEST FOR PRODUCTION NO. 7:**

14    All Documents and Communications that refer or relate to public trust placed in Plaintiffs

15  by their users and potential users.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

18  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

19  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

20  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

21  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

22  Request because the phrase "refer or relate to public trust" is overbroad, vague, and ambiguous.

23  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communica-

24  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

25  of the rest of the Request.

26    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

27  to the Request.

28

11

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction, directly or indirectly, with NSO or any of its affiliated companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to," "the possibility," and "entering into a business transaction" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further object to the Request because it is calculated to annoy and harass.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction, directly or indirectly with NSO or any of its affiliated companies Concerning Pegasus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

1  Request because the phrases "refer or relate to," "the possibility," "entering into a business trans-

2  action," and "Concerning" are overbroad, vague, and ambiguous.  Plaintiffs further object to the

3  Request because the request of "[a]ll" Documents and Communications is unduly burdensome and

4  unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

5  Plaintiffs further object to the Request because it is calculated to annoy and harass.

6  On the basis of the foregoing objections, Plaintiffs will not produce documents in response

7  to the Request.

8  **REQUEST FOR PRODUCTION NO. 10:**

9  All Documents and Communications that refer or relate to the possibility of Plaintiffs en-

10  tering into a business transaction with any companies, other than NSO and its affiliated companies,

11  that manufacture or sell Spyware or any cyber security solutions used by law enforcement agencies

12  and/or governments.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrases "refer or relate to," "the possibility," "entering into a business trans-

20  action," and "any companies" are overbroad, vague, and ambiguous.  Plaintiffs further object to

21  the Request because the request of "[a]ll" Documents and Communications is unduly burdensome

22  and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

23  On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25

26

27

28

13

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications that refer or relate to the possibility of Plaintiffs entering into a business transaction with any companies, other than NSO and its affiliated companies, that manufacture or sell Spyware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "the possibility," "entering into a business transaction," and "any companies" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications that refer or relate to the effect on the reputation of any of the Plaintiffs of Facebook's violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to the effect on the reputation" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents

14

1    and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

2    and overbreadth of the rest of the Request.

3        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4    to the Request.

5    **REQUEST FOR PRODUCTION NO. 13:**

6        All non-privileged internal Communications that refer or relate to Facebook's violation(s)

7    of the FTC Order.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

11   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

12   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

13   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

14   Request because the phrase "refer or relate to the effect on the reputation" is overbroad, vague,

15   and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll non-privileged

16   internal Communications" is unduly burdensome and unreasonable in light of the vagueness, am-

17   biguity, and overbreadth of the rest of the Request.

18       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

19   to the Request.

20   **REQUEST FOR PRODUCTION NO. 14:**

21       All Communications between any of the Plaintiffs and any government or government

22   agency that refer or relate to Facebook's violation(s) of the FTC Order.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

26   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

27   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

28

1  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

2  Request because the phrases "any government or government agency" and "refer or relate to" are

3  overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

4  "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

5  guity, and overbreadth of the rest of the Request.

6        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

7  to the Request.

8  **REQUEST FOR PRODUCTION NO. 15:**

9        All Communications between any of the Plaintiffs and any consultant, public relations

10  company, or crisis management company that refer or relate to Facebook's violation(s) of the FTC

11  order.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

13        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

14  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

15  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

16  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

17  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

18  Request because the phrases "any consultant, public relations company, or crisis management

19  company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object

20  to the Request because the request of "[a]ll" Communications is unduly burdensome and unrea-

21  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

22        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

23  to the Request.

24  **REQUEST FOR PRODUCTION NO. 16:**

25        All Documents and Communications that refer or relate to the effect on the reputation of

26  any of the Plaintiffs of the $5 billion fine imposed against Facebook for violation(s) of the FTC

27  Order.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to the reputation" and "any of the Plaintiffs" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 17:**

All non-privileged internal Communications that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications between any of the Plaintiffs and any government or government agency that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any of the Plaintiffs" and "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the $5 billion fine imposed against Facebook for violation(s) of the FTC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management

company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of Facebook's relationship with Cambridge Analytica.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "relationship" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 21:**

All non-privileged internal Communications that refer or relate to Facebook's relationship with Cambridge Analytica.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

1   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4   Request because the phrases "refer or relate to" and "relationship" are overbroad, vague, and am-

5   biguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged in-

6   ternal Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

7   guity, and overbreadth of the rest of the Request.

8        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9   to the Request.

10  **REQUEST FOR PRODUCTION NO. 22:**

11       All Communications between any of the Plaintiffs and any government or government

12  agency that refer or relate to Facebook's relationship with Cambridge Analytica.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

14       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrases "any government or government agency," "refer or relate to," and

20  "relationship" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request be-

21  cause the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of

22  the vagueness, ambiguity, and overbreadth of the rest of the Request.

23       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25  **REQUEST FOR PRODUCTION NO. 23:**

26       All Communications with any consultant, public relations company, or crisis management

27  company that refer or relate to Facebook's relationship with Cambridge Analytica.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "relationship" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 25:**

All non-privileged internal Communications that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications with any government or government agency that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the

basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to Facebook's role in allowing misinformation to be published in connection with the 2016 U.S. presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," "role in allowing misinformation to be published," and "in connection with" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the public posting of over 530 million Facebook users' personal data in April 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 29:**

All non-privileged internal Communications that refer or relate to the public posting of over 530 million Facebook users' personal data in April 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous. Plaintiffs

1  further object to the Request because the request of "[a]ll" non-privileged internal Communica-

2  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

3  of the rest of the Request.

4      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

5  to the Request.

6  **REQUEST FOR PRODUCTION NO. 30:**

7      All Communications with any government or government agency that refer or relate to the

8  public posting of over 530 million Facebook users' personal data in April 2021.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

10     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

11  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

12  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

13  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

14  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

15  Request because the phrases "any government or government agency" and "refer or relate to" are

16  overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

17  "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

18  guity, and overbreadth of the rest of the Request.

19     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 31:**

22     All Communications with any consultant, public relations company, or crisis management

23  company that refer or relate to the public posting of over 530 million Facebook users' personal

24  data in April 2021.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

26     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

27  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

28

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "role . . . in the genocide" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 33:**

All non-privileged internal Communications that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "role . . . in the genocide" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications between any of the Plaintiffs and any government or government agency that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the genocide in Myanmar against the Rohingya peoples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

1  Request because the phrases "any government or government agency," "refer or relate to," and
2  "role . . . in the genocide" are overbroad, vague, and ambiguous.  Plaintiffs further object to the
3  Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable
4  in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.   Plaintiffs further
5  object to this Request to the extent that it seeks documents and communications not within Plain-
6  tiffs' possession, custody, or control.

7      On the basis of the foregoing objections, Plaintiffs will not produce documents in response
8  to the Request.

9  **REQUEST FOR PRODUCTION NO. 35:**

10     All Communications with any consultant, public relations company, or crisis management
11  company that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in the
12  genocide in Myanmar against the Rohingya peoples.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

14     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,
16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-
17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the
18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this
19  Request because the phrases "any consultant, public relations company, or crisis management
20  company," "refer or relate to," and "role . . . in the genocide" are overbroad, vague, and ambiguous.
21  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly
22  burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of
23  the Request.   Plaintiffs further object to this Request to the extent that it seeks documents and
24  communications not within Plaintiffs' possession, custody, or control.

25     On the basis of the foregoing objections, Plaintiffs will not produce documents in response
26  to the Request.

27

28

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of Facebook's plans to use its Android app to track locations of Android users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "plans to use" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 37:**

All non-privileged internal Communications that refer or relate to Facebook's plans to use its Android app to track locations of Android users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "plans to use" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged

1  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

2  and overbreadth of the rest of the Request.

3        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4  to the Request.

5  **REQUEST FOR PRODUCTION NO. 38:**

6        All Communications with any government or government agency that refer or relate to

7  Facebook's plans to use its Android app to track locations of Android users.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

9        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

11 unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

12 fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

13 basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

14 Request because the phrases "any government or government agency," "refer or relate to," and

15 "plans to use" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request be-

16 cause the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of

17 the vagueness, ambiguity, and overbreadth of the rest of the Request.

18       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

19 to the Request.

20 **REQUEST FOR PRODUCTION NO. 39:**

21       All Communications with any consultant, public relations company, or crisis management

22 company that refer or relate to Facebook's plans to use its Android app to track locations of An-

23 droid users.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

25       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

27

28

1  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4  Request because the phrases "any consultant, public relations company, or crisis management

5  company," "refer or relate to," and "plans to use" are overbroad, vague, and ambiguous.  Plaintiffs

6  further object to the Request because the request of "[a]ll" Communications is unduly burdensome

7  and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

8      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9  to the Request.

10  **REQUEST FOR PRODUCTION NO. 40:**

11      All Documents and Communications related to the effect on the reputation of any of the

12  Plaintiffs of Facebook's collection of its users' email contacts without obtaining consent.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

14      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

20  biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

21  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

22  and overbreadth of the rest of the Request.

23      On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25  **REQUEST FOR PRODUCTION NO. 41:**

26      All non-privileged internal Communications that refer or relate to Facebook's collection

27  of its users' email contacts without obtaining consent.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications with any government or government agency that refer or relate to Facebook's collection of its users' email contacts without obtaining consent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to Facebook's collection of users' email contacts without obtaining consent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook

and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 45:**

All non-privileged internal Communications that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Communications with any government or government agency that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by the perpetrators of the January 6, 2021 United States Capitol attack to organize and/or execute it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the

basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "role" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 49:**

4    All non-privileged internal Communications that refer or relate to the role of Facebook

5    and/or Instagram and/or WhatsApp in increases in depression and/or suicide of minors.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

9    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

10   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

11   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

12   Request because the phrases "refer or relate to" and "role" are overbroad, vague, and ambiguous.

13   Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Com-

14   munications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and

15   overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it

16   seeks documents and communications not within Plaintiffs' possession, custody, or control.

17   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

18   to the Request.

19   **REQUEST FOR PRODUCTION NO. 50:**

20   All Communications with any government or government agency that refer or relate to the

21   role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of

22   minors.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

24   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

26   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

27   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

28

basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "role" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 51:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the role of Facebook and/or Instagram and/or WhatsApp in increases in depression and/or suicide of minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "role" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 52:**

All non-privileged internal Communications that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "serving of micro-targeted advertisements" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 53:**

All Communications with any government or government agency that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to" and

"serving of micro-targeted advertisements" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the Plaintiffs' serving of micro-targeted advertisements to emotionally vulnerable minors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to" and "serving of micro-targeted advertisements" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 56:**

All non-privileged internal Communications that refer or relate to the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Communications with any government or government agency that refer or relate to the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 58:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the documents leaked by whistleblower Frances Haugen in October 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

1    **REQUEST FOR PRODUCTION NO. 60:**

2        All non-privileged internal Communications that refer or relate to the use of Facebook

3    and/or Instagram and/or WhatsApp by human trafficking organizations.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

5        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

6    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

7    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

8    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

9    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

10   Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or

11   WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because

12   the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unrea-

13   sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs

14   further object to this Request to the extent that it seeks documents and communications not within

15   Plaintiffs' possession, custody, or control.

16       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17   to the Request.

18   **REQUEST FOR PRODUCTION NO. 61:**

19       All Communications with any government or government agency that refer or relate to the

20   use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

22       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

23   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

24   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

25   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

26   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

27   Request because the phrases "any government or government agency," "refer or relate to," and

28

"the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 62:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp by human trafficking organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 64:**

All non-privileged internal Communications that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

Request because the phrases "refer or relate to" and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Communications with any government or government agency that refer or relate to the use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 66:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to use of Facebook and/or Instagram and/or WhatsApp to spread misinformation about COVID-19 and/or COVID-19 vaccines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of Facebook and/or Instagram and/or WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of WhatsApp's 2021 privacy policy change permitting increased sharing of data with Facebook by WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrase "related to the effect on the reputation" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 68:**

4    All non-privileged internal Communications that refer or relate to WhatsApp's 2021 pri-

5  vacy policy change permitting increased sharing of data with Facebook by WhatsApp.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

9  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

10  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

11  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

12  Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

13  further object to the Request because the request of "[a]ll" non-privileged internal Communica-

14  tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

15  of the rest of the Request.

16    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17  to the Request.

18  **REQUEST FOR PRODUCTION NO. 69:**

19    All Communications with any government or government agency that refer or relate to

20  WhatsApp's 2021 privacy policy change permitting increased sharing of data with Facebook by

21  WhatsApp.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

23    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

25  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

26  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

27  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

28

1    Request because the phrases "any government or government agency" and "refer or relate to" are

2    overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

3    "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

4    guity, and overbreadth of the rest of the Request.

5        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

6    to the Request.

7    **REQUEST FOR PRODUCTION NO. 70:**

8        All Communications with any consultant, public relations company, or crisis management

9    company that refer or relate to WhatsApp's 2021 privacy policy change permitting increased shar-

10   ing of data with Facebook by WhatsApp.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

12       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

13   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

14   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

15   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

16   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

17   Request because the phrases "any consultant, public relations company, or crisis management

18   company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object

19   to the Request because the request of "[a]ll" Communications is unduly burdensome and unrea-

20   sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

21       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

22   to the Request.

23   **REQUEST FOR PRODUCTION NO. 71:**

24       All Documents and Communications related to the effect on the reputation of any of the

25   Plaintiffs of the hacking of Amazon founder Jeff Bezos' WhatsApp account in May 2018.

26

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

2        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

3    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

4    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

5    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

6    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

7    Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

8    biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

9    Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

10   and overbreadth of the rest of the Request.

11       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

12   to the Request.

13   **REQUEST FOR PRODUCTION NO. 72:**

14       All non-privileged internal Communications that refer or relate to the hacking of Amazon

15   founder Jeff Bezos' WhatsApp account in May 2018.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

17       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

18   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

19   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

20   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

21   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

22   Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

23   further object to the Request because the request of "[a]ll" non-privileged internal Communica-

24   tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

25   of the rest of the Request.

26       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

27   to the Request.

28

1  **REQUEST FOR PRODUCTION NO. 73:**

2      All Communications with any government or government agency that refer or relate to the

3  hacking of Amazon founder Jeff Bezos' WhatsApp account in May 2018.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

5      Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

6  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

7  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

8  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

9  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

10 Request because the phrases "any government or government agency" and "refer or relate to" are

11 overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

12 "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

13 guity, and overbreadth of the rest of the Request.

14     On the basis of the foregoing objections, Plaintiffs will not produce documents in response

15 to the Request.

16 **REQUEST FOR PRODUCTION NO. 74:**

17     All Communications with any consultant, public relations company, or crisis management

18 company that refer or relate to the hacking of Amazon founder Jeff Bezos' WhatsApp account in

19 May 2018.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

21     Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

22 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

23 unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

24 fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

25 basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

26 Request because the phrases "any consultant, public relations company, or crisis management

27 company" and "refer or relate to" are overbroad, vague, and ambiguous.  Plaintiffs further object

28

1  to the Request because the request of "[a]ll" Communications is unduly burdensome and unrea-

2  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

3   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4  to the Request.

5  **REQUEST FOR PRODUCTION NO. 75:**

6   All Documents and Communications related to the effect on the reputation of any of the

7  Plaintiffs of the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential elec-

8  tion.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

10   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

11  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

12  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

13  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

14  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

15  Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp"

16  are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request

17  of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the

18  vagueness, ambiguity, and overbreadth of the rest of the Request.

19   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 76:**

22   All non-privileged internal Communications that refer or relate to the use of WhatsApp to

23  transmit misinformation about Brazil's 2018 presidential election.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

27

28

53

1  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

2  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

3  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

4  Request because the phrases "refer or relate to" and "the use of WhatsApp" are overbroad, vague,

5  and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privi-

6  leged internal Communications is unduly burdensome and unreasonable in light of the vagueness,

7  ambiguity, and overbreadth of the rest of the Request.

8         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

9  to the Request.

10  **REQUEST FOR PRODUCTION NO. 77:**

11         All Communications with any government or government agency that refer or relate to the

12  use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

14         Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

15  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

16  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

17  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

18  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

19  Request because the phrases "any government or government agency," "refer or relate to," and

20  "the use of WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Re-

21  quest because the request of "[a]ll" Communications is unduly burdensome and unreasonable in

22  light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

23         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

24  to the Request.

25

26

27

28

54

**REQUEST FOR PRODUCTION NO. 78:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp to transmit misinformation about Brazil's 2018 presidential election.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

55

Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 80:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of WhatsApp" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

56

**REQUEST FOR PRODUCTION NO. 81:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 82:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp by JP Morgan Chase employees to circumvent federal record-keeping laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this

1   Request because the phrases "any consultant, public relations company, or crisis management

2   company," "refer or relate to," and "the use of WhatsApp" are overbroad, vague, and ambiguous.

3   Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly

4   burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of

5   the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and

6   communications not within Plaintiffs' possession, custody, or control.

7          On the basis of the foregoing objections, Plaintiffs will not produce documents in response

8   to the Request.

9   **REQUEST FOR PRODUCTION NO. 83:**

10         All Documents and Communications related to the effect on the reputation of any of the

11  Plaintiffs of Boldend's development of tools capable of hacking WhatsApp.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

13         Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

14  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

15  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

16  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

17  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

18  Request because the phrase "related to the effect on the reputation" is overbroad, vague, and am-

19  biguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and

20  Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity,

21  and overbreadth of the rest of the Request.

22         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

23  to the Request.

24  **REQUEST FOR PRODUCTION NO. 84:**

25         All non-privileged internal Communications that refer or relate to Boldend's development

26  of tools capable of hacking WhatsApp.

27

28

58

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

2        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

3    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

4    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

5    fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

6    basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

7    Request because the phrase "refer or relate to" is overbroad, vague, and ambiguous.  Plaintiffs

8    further object to the Request because the request of "[a]ll" non-privileged internal Communica-

9    tions is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth

10   of the rest of the Request.

11       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

12   to the Request.

13   **REQUEST FOR PRODUCTION NO. 85:**

14       All Communications with any government or government agency that refer or relate to

15   Boldend's development of tools capable of hacking WhatsApp.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

17       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

18   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

19   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

20   fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

21   basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

22   Request because the phrases "any government or government agency" and "refer or relate to" are

23   overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of

24   "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambi-

25   guity, and overbreadth of the rest of the Request.

26       On the basis of the foregoing objections, Plaintiffs will not produce documents in response

27   to the Request.

28

**REQUEST FOR PRODUCTION NO. 86:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to Boldend's development of tools capable of hacking WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company" and "refer or relate to" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist attacks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the

1   Request because the request of "[a]ll" Documents and Communications is unduly burdensome and

2   unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

3   Plaintiffs further object to this Request to the extent that it seeks documents and communications

4   not within Plaintiffs' possession, custody, or control.

5          On the basis of the foregoing objections, Plaintiffs will not produce documents in response

6   to the Request.

7   **REQUEST FOR PRODUCTION NO. 88:**

8          All non-privileged internal Communications that refer or relate to the use of WhatsApp,

9   Facebook and/or Instagram to plot and/or execute terrorist attacks.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

11         Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

14  fenses in this Action or proportionate to the needs of the case, including, without limitation, on the

15  basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this

16  Request because the phrases "refer or relate to" and "the use of WhatsApp, Facebook and/or In-

17  stagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because

18  the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unrea-

19  sonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs

20  further object to this Request to the extent that it seeks documents and communications not within

21  Plaintiffs' possession, custody, or control.

22         On the basis of the foregoing objections, Plaintiffs will not produce documents in response

23  to the Request.

24  **REQUEST FOR PRODUCTION NO. 89:**

25         All Communications with any government or government agency that refer or relate to the

26  use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist attacks.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 90:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to plot and/or execute terrorist attacks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll"

Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 92:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "refer or relate" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 93:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 94:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to recruit new members to terrorist organizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate," and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications related to the effect on the reputation of any of the Plaintiffs of the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "related to the effect on the reputation" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 96:**

All non-privileged internal Communications that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" non-privileged internal Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs

66

further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 97:**

All Communications with any government or government agency that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages.  Plaintiffs further object to this Request because the phrases "any government or government agency," "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 98:**

All Communications with any consultant, public relations company, or crisis management company that refer or relate to the use of WhatsApp, Facebook and/or Instagram to spread propaganda in support of terrorist activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including, without limitation, on the basis that Plaintiffs do not intend to seek reputational damages. Plaintiffs further object to this Request because the phrases "any consultant, public relations company, or crisis management company," "refer or relate to" and "the use of WhatsApp, Facebook and/or Instagram" are overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request. Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

68

1

2    Dated:  August 24, 2023

3                                            DAVIS POLK & WARDWELL LLP

4                                            By:  /s/ Micah G. Block

5
                                                 Micah G. Block (SBN 270712)
6                                                DAVIS POLK & WARDWELL LLP
                                                 1600 El Camino Real
7                                                Menlo Park, California 94025
                                                 Telephone: (650) 752-2000
8                                                Facsimile:  (650) 752-2111
                                                 Email:  micah.block@davispolk.com
9

10
                                                 Greg D. Andres
11                                               Antonio J. Perez-Marques
                                                 Craig T. Cagney
12                                               (admitted *pro hac vice*)
                                                 DAVIS POLK & WARDWELL LLP
13                                               450 Lexington Avenue
                                                 New York, New York 10017
14                                               Telephone: (212) 450-4000
                                                 Facsimile:  (212) 701-5800
15                                               Email:  greg.andres@davispolk.com
                                                         antonio.perez@davispolk.com
16                                                       craig.cagney@davispolk.com
17

18
                                                 *Attorneys for Plaintiffs WhatsApp LLC and*
19                                               *Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled action. My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On August 24, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES' LIMITED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
        acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on August 24, 2023 at New York, New York.

<u>    /s/ Luca Marzorati    </u>
Luca Marzorati