# EXHIBIT F

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 4:19-cv-07123-PJH

**PLAINTIFFS' SECOND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES' LIMITED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby amend their responses and objections—which were served on May 31, 2023 and were amended for the first time and re-served on August 24, 2023—to the Second Set of Requests for Production of Defendant NSO Group Technologies Limited ("NSO") dated May 1, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Second Amended Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Second Amended Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Second Amended Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Second Amended Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with NSO concerning the Requests and these Second Amended Responses and Objections.

## **GENERAL OBJECTIONS**

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below.  Nothing in the Second Amended Responses and Objections to the Requests should be construed as a waiver of these General Objections.  Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later.  Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control.  Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or court order.  Plaintiffs will withhold all documents in response to the Requests that it has no obligation to produce under any such applicable law, rule, or court order.

2.      Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

3.      Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules.  Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request.  Subject to the General Objections and any qualifications below, Plaintiffs may respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith, employing search parameters (including relevant custodians and the relevant time period) for the collection and production of Plaintiffs' documents (the "Search Parameters").

4.      Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control.  By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5.      Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.  Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests.  Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from

production.  Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.      Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.      Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to NSO in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.      Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of NSO, or call for duplicative documents or communications.

10.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.     With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

## OBJECTIONS TO INSTRUCTIONS

1.     Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they have located every single document responsive to a particular Request.  Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators, or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.     Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.     Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith.

## OBJECTIONS TO DEFINITIONS

1.     Plaintiffs object to the definition of "all" and "any" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims

or defenses in this Action or proportionate to the needs of the case.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.     Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)" and to any Request incorporating that definition, insofar as they are ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.     Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition of concerning beyond the general understanding of that term, including because it includes "relating to."  Plaintiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

4.     Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to" and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term.  Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.     Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and to any Request incorporating those definitions, on the grounds that they are unduly broad, vague, ambiguous, overly burdensome, encompass persons or entities not relevant to this action, refer to unknown persons or entities, and not proportional to the needs of the case.

6.     Plaintiffs object to the definition of "Security Vulnerability," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term. Plaintiffs also object to the use of the term "Security Vulnerability" or "vulnerability" with respect to Plaintiffs' applications to the extent the use those terms calls for, or purports to incorporate, any

7

legal conclusions, including without limitation as to Defendants' authorization to access Plaintiff's systems, servers, or applications. Plaintiffs' use of that term and their Second Amended Responses and Objections to Defendants' requests using that term are not intended to have and shall not be construed as having any bearing on whether or not Plaintiffs had authorization to access to the affected portions of Plaintiffs' platforms.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 99:

All Documents and Communications that refer or relate to any use or access of the WhatsApp Service by Defendants, directly or indirectly, including but not limited to server logs or other electronic records.

### RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 99:

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs further object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "any use or access," and "other electronic records" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce (1) server logs showing NSO's attacks as alleged in the Complaint, (2) non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters relating to CVE-2019-3568, and (3) documents sufficient to identify any

other activity, attributable to NSO, to exploit WhatsApp computers, the WhatsApp application, or WhatsApp users.

**REQUEST FOR PRODUCTION NO. 100:**

All Documents and Communications that refer or relate to any use or access of the WhatsApp Service through any of Defendants' customers' use of Pegasus, directly or indirectly, including but not limited to server logs or other electronic records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request because the phrases "any use or access," and "other electronic records" are overbroad, vague, and ambiguous.  Plaintiffs also object to this Request to the extent it is duplicative of Request No. 99, and as vague and ambiguous to the extent it seeks anything other than the documents requested by Request No. 99 based on an alleged distinction between access by Defendants from access by others using Defendants' products.

Subject to and without waiver of these objections, Plaintiffs will produce (1) server logs showing NSO's attacks as alleged in the Complaint, (2) non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters relating to CVE-2019-3568, and (3) documents sufficient to identify any other activity, attributable to NSO, to exploit WhatsApp computers, the WhatsApp application, or WhatsApp users.

**REQUEST FOR PRODUCTION NO. 101:**

All Documents and Communications that refer or relate to the WhatsApp Security Vulnerability referred to as CVE-2019-3568 in paragraph 44 of Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents created by Plaintiffs that are in Plaintiffs' possession, custody, or control and can be located after a reasonable search conducted in good faith relating to CVE-2019-3568 in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 102:**

Documents sufficient to identify each Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or

10

other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request as premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.  Plaintiffs further object to this Request because the phrase "sufficient" is overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce documents sufficient to identify any activity, attributable to NSO, to exploit WhatsApp computers, the WhatsApp application, or WhatsApp users.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications that refer or relate to Plaintiffs' discovery or initial awareness (however such awareness occurred) of any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs further object to this Request to the extent it is duplicative of other Requests for Production.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "initial awareness (however such awareness occurred)" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

1    Subject to and without waiver of these objections, Plaintiffs will produce (1) non-privi-

2    leged, relevant documents and communications that are responsive to this Request, are in Plain-

3    tiffs' possession, custody, or control, and can be located after a reasonable search conducted in

4    good faith and in accordance with the Search Parameters relating to CVE-2019-3568 and (2) doc-

5    uments sufficient to identify any other activity, attributable to NSO, to exploit WhatsApp comput-

6    ers, the WhatsApp application, or WhatsApp users.

7    **REQUEST FOR PRODUCTION NO. 104:**

8    All Documents and Communications that refer or relate to Plaintiffs' response to any Se-

9    curity Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited,

10   or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

12   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

13   jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

14   is duplicative of other Requests for Production.  Plaintiffs further object to this Request to the

15   extent that it seeks the production of materials covered by non-disclosure and/or confidentiality

16   agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs

17   further object to this Request to the extent that it purports to require the production of documents

18   or information protected by the attorney-client privilege, the attorney work product doctrine, or

19   other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plain-

20   tiffs further object to this Request as vague, overbroad, and premature because Defendants have

21   not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

22   Subject to and without waiver of these objections, Plaintiffs will produce (1) non-privi-

23   leged, relevant documents and communications that are responsive to this Request, are in Plain-

24   tiffs' possession, custody, or control, and can be located after a reasonable search conducted in

25   good faith and in accordance with the Search Parameters relating to CVE-2019-3568 and (2) doc-

26   uments sufficient to identify any other activity, attributable to NSO, to exploit WhatsApp comput-

27   ers, the WhatsApp application, or WhatsApp users.

28

**REQUEST FOR PRODUCTION NO. 105:**

All Documents and Communications that refer or relate to Plaintiffs' public announcement of any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce (1) non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters relating to CVE-2019-3568 and (2) documents sufficient to identify any other activity, attributable to NSO, to exploit WhatsApp computers, the WhatsApp application, or WhatsApp users.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications that refer or relate to any steps taken by Plaintiffs to limit, disable, or remediate any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any steps taken . . . to limit, disable, or remediate" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce (1) non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters relating to CVE-2019-3568 and (2) documents sufficient to identify any other activity, attributable to NSO, to exploit WhatsApp computers, the WhatsApp application, or WhatsApp users.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications that refer or relate to any steps taken by Plaintiffs to identify users of the WhatsApp Service affected by any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it

is duplicative of other Requests for Production.  Plaintiffs further object to the Request as over-broad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "any steps taken . . . to identify users" is overboard, vague, and ambiguous.  Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce (1) to the extent available, information known to Plaintiffs sufficient to identify the victims associated with the 1,400 target devices referenced in the Complaint and (2) non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications that refer or relate to any communication by Plaintiffs with users of Plaintiffs' services related to any Security Vulnerability on the WhatsApp Service that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, including but not limited to CVE-2019-3568.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality

agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any communication" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce (1) the form message sent to all affected WhatsApp users and (2) non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications that refer or relate to any outside companies, individuals, or other service providers that Plaintiffs retained to limit, disable, or remediate any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of other Requests for Production. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client

privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "any outside companies, individuals, or other service providers" is overbroad, vague, and ambiguous.   Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "sufficient to show," "every iteration of WhatsApp's Terms of Service in effect,"  and "any country or territory" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce publicly available Terms of Service for WhatsApp in effect between the years of 2018 and 2019 that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Communications that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "enforcement of any term in WhatsApp's Terms of Service" is overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will collect and produce documents filed or published July 31, 2018 or later that constitute (1) reports summarizing threats that Plaintiffs have detected and removed across their technologies; and (2) court documents reflecting Plaintiffs' efforts to enforce the Terms of Service governing the use of Facebook and WhatsApp.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and Communications that refer or relate to any expenses that: (1) Plaintiffs claim that they incurred as a result of any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, and that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, and (2) that Plaintiffs allege were caused by Defendants and for which Plaintiffs seek recovery from Defendants in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "any expenses" are overbroad, vague, and ambiguous. Plaintiffs further object to this Request as vague, overbroad, and premature because Defendants have not yet produced any documents regarding their exploitation of Plaintiffs' platforms.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged documents and communications related to Plaintiffs' damages that are responsive to this Request and are in Plaintiffs' possession, custody, or control. Plaintiffs reserve the right to amend their production based on documents and communications from Defendants, including documents relating to Defendants' finances.

**REQUEST FOR PRODUCTION NO. 113:**

Documents sufficient to show how Plaintiffs identified the owners of the "approximately 1,400 Target Devices" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "sufficient to show" and "identified the owners" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce (1) to the extent available, information known to Plaintiffs sufficient to identify the victims associated with the 1,400 target devices referenced in the Complaint and (2) non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 114:**

Documents sufficient to show how Plaintiffs identified the "Target Users" referenced in Paragraph 1 of the Complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "sufficient to show" and "identified the 'Target Users'" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce (1) to the extent available, information known to Plaintiffs sufficient to identify the victims associated with the 1,400 target devices referenced in the Complaint and (2) non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents referring or relating to Plaintiffs' decision in May 2019 to contact the owners of the "approximately 1,400 Target Devices" referenced in Paragraph 1 of the Complaint in this action about Defendants and/or Pegasus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it

purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "referring or relating to Plaintiffs' decision" and "contact the owners of . . . the 'Target Devices'" are overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 116:**

All Communications between any of Plaintiffs and Forbidden Stories aka Freedom Voices Network, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Laurent Richard, Sandrine Rigaud, Arthur Bouvart, Paloma Dupont de Dinechin, Clement Le Merlus, Phineas Rueckert, or Audrey Travere, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 117:**

All Communications between any of Plaintiffs and Forbidden Stories aka Freedom Voices Network, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Laurent Richard, Sandrine Rigaud, Arthur Bouvart, Paloma Dupont de Dinechin, Clement Le Merlus, Phineas Rueckert, or Audrey Travere, that refer or relate to security monitoring tools, user monitoring tools, or other companies providing any tools to monitor users' messages or location through any of Plaintiffs' platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 118:**

All Communications between any of Plaintiffs and The Citizen Lab at the University of Toronto, including any employee, contractor, or representative thereof, and further including, for the avoidance of doubt, Ronald Deibert, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs

of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications with Citizen Lab prior to filing the Complaint that concern efforts to identify or communicate with the owners of the 1,400 target devices referenced in the Complaint.

**REQUEST FOR PRODUCTION NO. 119:**

All Communications between any of Plaintiffs and Amnesty Tech or Amnesty International, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 120:**

All Communications between any of Plaintiffs and the United States Department of Commerce Bureau of Industry and Security, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Communications relating to investments made by any of Plaintiffs in any companies selling cyber security products or technologies or cyber intelligence products or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or

confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Communications relating to investments made by any of the directors of any of Plaintiffs, including but not limited to Peter Thiel or Mark Anderson, in any companies selling cyber security products or technologies or cyber intelligence products or technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 123:**

All Communications between any law enforcement or intelligence agency and any of Plaintiffs relating to any request made to any of Plaintiffs to assist in preventing or investigating a crime, and Documents related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 124:**

Documents sufficient to show Plaintiffs' policies in effect at any time from 2018 to present relating to the handling of requests made by any law enforcement or intelligence agency to any of Plaintiffs to assist in preventing or investigating a crime, and Documents related to Plaintiffs' application of those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or

confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce publicly available policies for WhatsApp in effect between the years of 2018 and 2019 that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 125:**

All Documents and Communications that refer or relate to Tom Cohen, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Tom Cohen," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 126:**

All Documents and Communications that refer or relate to Otto Ebeling, identified in Plaintiff's initial disclosures, related to Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Otto Ebeling," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents and Communications that refer or relate to Aashin Gautum, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Aashin Gautum," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications that refer or relate to Saish Gersappa, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Saish Gersappa," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

2    relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

3    session, custody, or control, and can be located after a reasonable search conducted in good faith

4    and in accordance with the Search Parameters.

5    **REQUEST FOR PRODUCTION NO. 129:**

6    All Documents and Communications that refer or relate to Claudiu Gheorghe, identified in

7    Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, in-

8    cluding but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or

9    were otherwise involved with in any respect.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

11    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13    unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

14    fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

15    Documents and Communications "that refer or relate to Claudiu Gheorghe," without limitation,

16    regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

17    object to this Request to the extent that it purports to require the production of documents or in-

18    formation protected by the attorney-client privilege, the attorney work product doctrine, or other

19    applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

20    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

21    relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

22    session, custody, or control, and can be located after a reasonable search conducted in good faith

23    and in accordance with the Search Parameters.

24    **REQUEST FOR PRODUCTION NO. 130:**

25    All Documents and Communications that refer or relate to Jesus Barcons Palau, identified

26    in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service,

27

28

31

including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Jesus Barcons Palau," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications that refer or relate to Drew Robinson, identified in Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

1   Documents and Communications "that refer or relate to Drew Robinson," without limitation, re-

2   gardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

3   object to this Request to the extent that it purports to require the production of documents or in-

4   formation protected by the attorney-client privilege, the attorney work product doctrine, or other

5   applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

6         Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

7   relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

8   session, custody, or control, and can be located after a reasonable search conducted in good faith

9   and in accordance with the Search Parameters.

10  **REQUEST FOR PRODUCTION NO. 132:**

11        All Documents and Communications that refer or relate to Michael Scott, identified in

12  Plaintiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, in-

13  cluding but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or

14  were otherwise involved with in any respect.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

16        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

17  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

18  unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

19  fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

20  Documents and Communications "that refer or relate to Michael Scott," without limitation, re-

21  gardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

22  object to this Request to the extent that it purports to require the production of documents or in-

23  formation protected by the attorney-client privilege, the attorney work product doctrine, or other

24  applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

25

26

27

28

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

2 relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

3 session, custody, or control, and can be located after a reasonable search conducted in good faith

4 and in accordance with the Search Parameters.

5 **REQUEST FOR PRODUCTION NO. 133:**

6    All Documents and Communications that refer or relate to Ke Wang, identified in Plain-

7 tiff's initial disclosures, related to any Security Vulnerability on the WhatsApp Service, including

8 but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were

9 otherwise involved with in any respect.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

11    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

12 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

13 unduly burdensome, ambiguous and seeking information that is not relevant to any claims or de-

14 fenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll"

15 Documents and Communications "that refer or relate to Ke Wang," without limitation, regardless

16 of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this

17 Request to the extent that it purports to require the production of documents or information pro-

18 tected by the attorney-client privilege, the attorney work product doctrine, or other applicable priv-

19 ilege, immunity, duty of confidentiality, or exemption from discovery.

20    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged,

21 relevant documents and communications that are responsive to this Request, are in Plaintiffs' pos-

22 session, custody, or control, and can be located after a reasonable search conducted in good faith

23 and in accordance with the Search Parameters.

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 134:**

All Documents and Communications that refer or relate to YuanYuan Wang, identified in Plaintiff's initial disclosures, related any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to YuanYuan Wang," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 135:**

All Communications between any of Plaintiffs and 365 Group LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

sponsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and 365 Group LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 136:**

All Communications between any of Plaintiffs and Amazon Web Services, Inc., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Amazon Web Services, Inc., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 137:**

All Communications between any of Plaintiffs and AT&T Mobility LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and AT&T Mobility LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 138:**

All Communications between any of Plaintiffs and Berkeley Research Group, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

2  communications exchanged between counsel for Plaintiffs and Berkeley Research Group, LLC, or

3  its counsel, regarding any subpoenas served in this matter.

4  **REQUEST FOR PRODUCTION NO. 139:**

5    All Communications between any of Plaintiffs and Choopa, LLC, including any employee,

6  contractor, or representative thereof, that refer or relate to any of the Defendants.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

10 is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

11 sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

12 cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

13 tion of documents or information protected by the attorney-client privilege, the attorney work

14 product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

15 from discovery.

16    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

17 communications exchanged between counsel for Plaintiffs and Choopa, LLC, or its counsel, re-

18 garding any subpoenas served in this matter.

19 **REQUEST FOR PRODUCTION NO. 140:**

20    All Communications between any of Plaintiffs and Cogent Communications, Inc., includ-

21 ing any employee, contractor, or representative thereof, that refer or relate to any of the Defend-

22 ants.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

24    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25 jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

26 is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

27

28

sponsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Cogent Communications, Inc., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 141:**

All Communications between any of Plaintiffs and Compass Stratagem, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Compass Stratagem, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 142:**

All Communications between any of Plaintiffs and E-Tel Systems, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and E-Tel Systems, LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 143:**

All Communications between any of Plaintiffs and Francisco Partners Management L.P., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Francisco Partners Management L.P., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 144:**

All Communications between any of Plaintiffs and Google LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Google LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 145:**

All Communications between any of Plaintiffs and GreenCloud VPS JSC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

1   cative. Plaintiffs further object to this Request to the extent that it purports to require the produc-

2   tion of documents or information protected by the attorney-client privilege, the attorney work

3   product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

4   from discovery.

5        Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

6   communications exchanged between counsel for Plaintiffs and GreenCloud VPS JSC, or its coun-

7   sel, regarding any subpoenas served in this matter.

8   **REQUEST FOR PRODUCTION NO. 146:**

9        All Communications between any of Plaintiffs and Jefferies Group LLC, including any

10  employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

12       Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

13  jections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it

14  is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents re-

15  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

16  cative. Plaintiffs further object to this Request to the extent that it purports to require the produc-

17  tion of documents or information protected by the attorney-client privilege, the attorney work

18  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

19  from discovery.

20       Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

21  communications exchanged between counsel for Plaintiffs and Jefferies Group LLC, or its counsel,

22  regarding any subpoenas served in this matter.

23  **REQUEST FOR PRODUCTION NO. 147:**

24       All Communications between any of Plaintiffs and the Los Angeles Police Department,

25  including any employee, contractor, or representative thereof, that refer or relate to any of the

26  Defendants.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and the Los Angeles Police Department, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 148:**

All Communications between any of Plaintiffs and Mercury Public Affairs, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Mercury Public Affairs, LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 149:**

All Communications between any of Plaintiffs and Pacific Bell Telephone Company, Inc., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Pacific Bell Telephone Company, Inc., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 150:**

All Communications between any of Plaintiffs and PayPal Inc., including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1. Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work

product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and PayPal Inc., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 151:**

All Communications between any of Plaintiffs and PSI Network, Inc. including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and PSI Network, Inc., or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 152:**

All Communications between any of Plaintiffs and QuadraNet Enterprises LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and QuadraNet Enterprises LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 153:**

All Communications between any of Plaintiffs and the San Diego Police Department, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and the San Diego Police Department, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 154:**

All Communications between any of Plaintiffs and any law enforcement agency, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 155:**

All Communications between any of Plaintiffs and Severdroid LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

2  communications exchanged between counsel for Plaintiffs and Severdroid LLC, or its counsel,

3  regarding any subpoenas served in this matter.

4  **REQUEST FOR PRODUCTION NO. 156:**

5    All Communications between any of Plaintiffs and Verisign Inc., including any employee,

6  contractor, or representative thereof, that refer or relate to any of the Defendants.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

10  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

11  sponsive to Request for Production No. 1 and to respond to this Request would therefore be dupli-

12  cative.  Plaintiffs further object to this Request to the extent that it purports to require the produc-

13  tion of documents or information protected by the attorney-client privilege, the attorney work

14  product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption

15  from discovery.

16    Subject to and without waiver of these objections, Plaintiffs will produce non-privileged

17  communications exchanged between counsel for Plaintiffs and Verisign Inc., or its counsel, re-

18  garding any subpoenas served in this matter.

19  **REQUEST FOR PRODUCTION NO. 157:**

20    All Communications between any of Plaintiffs and Verizon Wireless Services, LLC, in-

21  cluding any employee, contractor, or representative thereof, that refer or relate to any of the De-

22  fendants.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

24    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

25  jections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it

26  is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents re-

27

28

sponsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Verizon Wireless Services, LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 158:**

All Communications between any of Plaintiffs and Vultur Holdings, LLC, including any employee, contractor, or representative thereof, that refer or relate to any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent it is duplicative of Request for Production No. 1.  Plaintiffs have agreed to produce documents responsive to Request for Production No. 1 and to respond to this Request would therefore be duplicative.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged communications exchanged between counsel for Plaintiffs and Vultur Holdings, LLC, or its counsel, regarding any subpoenas served in this matter.

**REQUEST FOR PRODUCTION NO. 159:**

All Communications that refer or relate to inquiries to Plaintiffs about Plaintiffs' ability, through any of its entities, to view or access encrypted messages sent via WhatsApp or on any of Plaintiffs' other platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 160:**

All Communications that refer or relate to Plaintiffs' use of information obtained from encrypted messages sent via WhatsApp or on any of Plaintiffs' other platforms for commercial purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product

1    doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from dis-

2    covery.

3        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

4    to the Request.

5    **REQUEST FOR PRODUCTION NO. 161:**

6        All Communications that refer or relate to Plaintiffs' policies and decisions whether to

7    terminate user accounts on any of its entities, including WhatsApp and Facebook.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

9        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

10    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

11    unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

12    fenses in this Action or proportionate to the needs of the case and duplicative of other Requests.

13    Plaintiffs further object to this Request to the extent that it seeks the production of materials cov-

14    ered by non-disclosure and/or confidentiality agreements with third parties and/or that would vio-

15    late the privacy interests of others.  Plaintiffs further object to this Request to the extent that it

16    purports to require the production of documents or information protected by the attorney-client

17    privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of con-

18    fidentiality, or exemption from discovery.

19        On the basis of the foregoing objections, Plaintiffs will not produce documents in response

20    to the Request.

21    **REQUEST FOR PRODUCTION NO. 162:**

22        All Communications by or between employees of Plaintiffs that refer or relate to Defend-

23    ants.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

25        Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

26    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

27

28

unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Communications "by or between employees of Plaintiffs that refer or relate to Defendants," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents and communications that are responsive to this Request, are in Plaintiffs' possession, custody, or control, and can be located after a reasonable search conducted in good faith and in accordance with the Search Parameters.

**REQUEST FOR PRODUCTION NO. 163:**

All Communications that refer or relate to accounts of Defendants' employees that were terminated from any of Plaintiffs' platforms, including but not limited to WhatsApp and Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "refer or relate to," "accounts of Defendants' employees that were terminated," and "any of Plaintiffs' platforms" are overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents and Communications related to any alleged statements made by Defendants that refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, including but not limited to the alleged statement made attributed to "NSO Employee 1" in Your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrases "related to" and "any alleged statement" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce the WhatsApp messages with "NSO Employee 1" referenced in the Complaint that are within Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 165:**

All Communications between any of Plaintiffs and any of the following current or former officials or representatives of the United States (including their staff members) that refer or relate to Defendants: Maher Bitar, Tom Malinowski, Anne Neuberger, Adam Schiff, Jake Sullivan, or Ron Wyden.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 166:**

All Communications between any of Plaintiffs and any current or former officials or representatives of the United States government (including any Congressmen or Senators) that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1  On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 167:**

4  All Communications between any of Plaintiffs and any congressional committees, includ-

5  ing but not limited to the Senate Select Committee on Intelligence and the House Permanent Select

6  Committee on Intelligence, that refer or relate to Defendants.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

8  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

10 formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

11 of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

12 materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

13 that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

14 extent that it purports to require the production of documents or information protected by the at-

15 torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

16 ity, duty of confidentiality, or exemption from discovery.

17 On the basis of the foregoing objections, Plaintiffs will not produce documents in response

18 to the Request.

19 **REQUEST FOR PRODUCTION NO. 168:**

20 All Communications between any of Plaintiffs and any registered lobbyists in the United

21 States that refer or relate to Defendants.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

23 Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24 jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

25 formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

26 of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

27 materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

28

that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 169:**

All Communications between any of Plaintiffs and officials of any state within the United States that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 170:**

All Communications between any of Plaintiffs and officials or representatives of any government outside of the United States that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 171:**

All Communications between any of Plaintiffs and officials of any international organization, public or private, that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 172:**

All Communications between any of Plaintiffs on the one hand, and journalists, members of the press, or media on the other hand, that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 173:**

All Communications between any of Plaintiffs on the one hand, and Public Relations or other media consulting companies on the other hand, that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the

extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 174:**

All Communications between any of Plaintiffs and any trade groups or industry associations that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 175:**

All Communications between any of Plaintiffs and Apple, Inc., including any employee, contractor, or representative thereof that refer or relate to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs

of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 176:**

All Documents and Communications that refer or relate to communications by Plaintiffs or their representatives with any of the Plaintiffs in the case of *Dada v. NSO Group Tech. Ltd.*, United States District Court, Northern District of California Case No. 3:22-cv-07513 or their representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 177:**

All Documents and Communications produced by Facebook to any of the plaintiffs in the action, *In re Facebook, Inc., Consumer Privacy User Profile* Litigation (N.D. Cal., Case No. 3:18-md-02843-VC).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 178:**

All Documents and Communications relating to the "discovery misconduct" referenced in Judge Vince Chhabria's February 9, 2023 Order (ECF No. 1104) in the action, *In re Facebook, Inc., Consumer Privacy User Profile Litigation* (N.D. Cal., Case No. 3:18-md-02843-VC), including without limitation (1) Facebook and its counsel's "repeated use of frivolous legal arguments to delay the production of highly probative evidence, (2) Facebook and its counsel's "misconduct as it relates to the named plaintiff's data," (3) Facebook and its counsel's "misconduct related to the Switchboard profiles," (4) Facebook and its counsel's "deposition misconduct," and (5) Facebook and its counsel's "over-designation of documents as privileged."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

1

2    Dated:  September 8, 2023

3                                              DAVIS POLK & WARDWELL LLP

4                                              By:  /s/ Micah G. Block

5
                                                    Micah G. Block (SBN 270712)
6                                                   DAVIS POLK & WARDWELL LLP
                                                    1600 El Camino Real
7                                                   Menlo Park, California 94025
                                                    Telephone: (650) 752-2000
8                                                   Facsimile:  (650) 752-2111
                                                    Email:  micah.block@davispolk.com
9

10
                                                    Greg D. Andres
11                                                  Antonio J. Perez-Marques
                                                    Craig T. Cagney
12                                                  (admitted *pro hac vice*)
                                                    DAVIS POLK & WARDWELL LLP
13                                                  450 Lexington Avenue
                                                    New York, New York 10017
14                                                  Telephone: (212) 450-4000
                                                    Facsimile:  (212) 701-5800
15                                                  Email:  greg.andres@davispolk.com
                                                           antonio.perez@davispolk.com
16                                                         craig.cagney@davispolk.com
17

18
                                                    *Attorneys for Plaintiffs WhatsApp LLC and*
19                                                  *Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On September 8, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' SECOND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES' LIMITED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
         acraig@kslaw.com

*Attorneys for Defendants NSO Group
Technologies Limited and Q Cyber
Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on September 8, 2023 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati

PLAINTIFFS' SECOND AMENDED R&OS TO SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:19-cv-07123-PJH