# EXHIBIT G

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED & Q CYBER TECHNOLOGIES LIMITED'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object as follows to the Third Set of Requests for Production of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "Defendants") dated December 8, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with Defendants concerning the Requests and these Responses and Objections.

### **GENERAL OBJECTIONS**

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below.  Nothing in the Responses and Objections to the Requests should be construed as a waiver of these General Objections.  Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later.  Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control.  Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any other applicable law, rule, or court order (collectively, the "Applicable Rules").  Plaintiffs will withhold all documents in response to the Requests that they have no obligation to produce under any such applicable law, rule, or court order.

2.      Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

3.     Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules.  Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request.  Subject to the General Objections and any qualifications below, Plaintiffs may respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith, employing search parameters (including relevant custodians and the relevant time period) for the collection and production of Plaintiffs' documents contained in the November 12, 2023 letter from Plaintiffs' counsel to Defendants' counsel (the "Search Parameters").

4.     Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control.  By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5.     Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.  Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from production.  Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or

4

use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.    Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.    Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.    Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to Defendants in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.    Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of Defendants, or call for duplicative documents or communications.

10.    Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.    With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

5

## OBJECTIONS TO INSTRUCTIONS

1.      Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they have located every single document responsive to a particular Request.  Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators, or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.      Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.      Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to the definition of "all" and "any" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.      Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)" and to any Request incorporating that definition, insofar as they are ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.      Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition of concerning beyond the general understanding of that term, including because it includes "relating to."  Plaintiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

4.      Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to" and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term.  Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.      Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and to any Request incorporating those definitions, on the grounds that they are unduly broad, vague, ambiguous, overly burdensome, encompass persons or entities not relevant to this action, refer to unknown persons or entities, and not proportional to the needs of the case.

6.      Plaintiffs object to the definition of "Security Vulnerability," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term. Plaintiffs also object to the use of the term "Security Vulnerability" or "vulnerability" with respect to Plaintiffs' applications to the extent the use those terms calls for, or purports to incorporate, any legal conclusions, including without limitation as to Defendants' authorization to access Plaintiff's systems, servers, or applications.  Plaintiffs' use of that term and their Responses and Objections to Defendants' requests using that term are not intended to have and shall not be construed as

7

having any bearing on whether or not Plaintiffs had authorization to access to the affected portions of Plaintiffs' platforms.

### SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 179:

All Documents and Communications that refer or relate to Lander Brandt, identified in Plaintiffs' amended initial disclosures, that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

### RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 179:

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Lander Brandt," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents responsive to this Request that were prepared by Lander Brandt and saved in centralized locations, and any non-privileged communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Lander Brandt. Plaintiffs will not add Lander Brandt as an additional email custodian because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 180:**

All Documents and Communications that refer or relate to Chris Rohlf, identified in Plaintiffs' amended initial disclosures, that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Chris Rohlf," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents responsive to this Request that were prepared by Chris Rohlf and saved in centralized locations, and any non-privileged communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Chris Rohlf.  Plaintiffs will not add Chris Rohlf as an additional email custodian because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 181:**

All Documents and Communications that refer or relate to Calvin Chin that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code

described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were other-wise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Calvin Chin," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Calvin Chin, but will not add Calvin Chin as an email custodian for additional time periods beyond those in Plaintiffs' proposed Search Parameters, because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 182:**

All Documents and Communications that refer or relate to Ibrahim Mohamed that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Ibrahim Mohamed," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Ibrahim Mohamed, but will not add Ibrahim Mohamed as an email custodian for additional time periods beyond those in Plaintiffs' proposed Search Parameters, because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 183:**

All Documents and Communications that refer or relate to Veera Mutakana that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Veera Mutakana," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further

object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Veera Mutakana, but will not add Veera Mutakana as an email custodian for additional time periods beyond those in Plaintiffs' proposed Search Parameters, because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 184:**

All Documents and Communications that refer or relate to Courtney Padua that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Courtney Padua," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Courtney Padua, but will not add Courtney Padua as an email custodian for additional time periods beyond those in Plaintiffs' proposed Search Parameters, because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 185:**

All Documents and Communications that refer or relate to Wael Salloum that also refer or relate to any Security Vulnerability on the WhatsApp Service, including but not limited to the code described in CVE-2019-3568, that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Wael Salloum," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request to extent that it is duplicative of previous Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request located pursuant to Plaintiffs' proposed Search Parameters, including any such documents and communications that refer or relate to Wael Salloum, but will not add Wael Salloum as an email custodian for additional time

periods beyond those in Plaintiffs' proposed Search Parameters, because such a request is untimely, overbroad, unduly burdensome, and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 186:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to The Citizen Lab, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 187:**

All Communications between Plaintiffs and The Canada Centre for Global Security Studies that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 188:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to The Canada Centre for Global Security Studies, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

15

**REQUEST FOR PRODUCTION NO. 189:**

All Communications between Plaintiffs and Donner Canadian Foundation that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 190:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Donner Canadian Foundation, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or

16

assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 191:**

All Communications between Plaintiffs and Ford Foundation that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 192:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Ford Foundation, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 193:**

All Communications between Plaintiffs and Hewlett Foundation that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

18

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 194:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Hewlett Foundation, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 195:**

All Communications between Plaintiffs and Hivos that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

19

that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 196:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Hivos, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 197:**

All Communications between Plaintiffs and The Hopewell Fund that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 198:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to The Hopewell Fund, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

21

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 199:**

All Communications between Plaintiffs and International Development Research Centre that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 200:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to International Development Research Centre, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to

the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 201:**

All Communications between Plaintiffs and John D. and Catherine T. MacArthur Foundation that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 202:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to The John D. and Catherine T. MacArthur Foundation, directly or indirectly, in the

form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 203:**

All Communications between Plaintiffs and Open Society Foundations that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

24

extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 204:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Open Society Foundations, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 205:**

All Communications between Plaintiffs and Psiphon Inc. that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 206:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Psiphon Inc., directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 207:**

All Communications between Plaintiffs and The Sigrid Rausing Trust that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 208:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to The Sigrid Rausing Trust, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not

take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 209:**

All Communications between Plaintiffs and Social Sciences and Humanities Research Council of Canada that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 210:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Social Sciences and Humanities Research Council of Canada, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 211:**

All Communications between Plaintiffs and Walter and Duncan Gordon Foundation that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 212:**

4    Documents and Communications sufficient to show any aid or assistance provided by
5  Plaintiffs to Walter and Duncan Gordon Foundation, directly or indirectly, in the form of money/fi-
6  nancial assistance, electronic equipment, know-how, expertise, training, or any other means of aid
7  or assistance.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

9    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
10  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad
11  and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses
12  in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to
13  the extent it assumes the existence of facts that do not exist or the occurrence of events that did not
14  take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or
15  assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and]
16  training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the
17  production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality
18  agreements with third parties and/or that would violate the privacy interests of others.

19    On the basis of the foregoing objections, Plaintiffs will not produce documents in response
20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 213:**

22    All Communications between Plaintiffs and RiskIQ/PassiveTotal that refer or relate to The
23  Citizen Lab.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

25    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
26  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-
27  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

28

of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 214:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to RiskIQ/PassiveTotal, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 215:**

All Communications between Plaintiffs and HYAS that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 216:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to HYAS, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 217:**

4    All Communications between Plaintiffs and VirusTotal that refer or relate to The Citizen

5    Lab.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

7    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

8    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-

9    formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

10   of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of

11   materials covered by non-disclosure and/or confidentiality agreements with third parties and/or

12   that would violate the privacy interests of others.  Plaintiffs further object to this Request to the

13   extent that it purports to require the production of documents or information protected by the at-

14   torney-client privilege, the attorney work product doctrine, or other applicable privilege, immun-

15   ity, duty of confidentiality, or exemption from discovery.

16   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17   to the Request.

18   **REQUEST FOR PRODUCTION NO. 218:**

19   Documents and Communications sufficient to show any aid or assistance provided by

20   Plaintiffs to VirusTotal, directly or indirectly, in the form of money/financial assistance, electronic

21   equipment, know-how, expertise, training, or any other means of aid or assistance.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

23   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

24   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad

25   and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses

26   in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to

27   the extent it assumes the existence of facts that do not exist or the occurrence of events that did not

28

take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 219:**

All Communications between Plaintiffs and Cisco's AMP Threat Grid Team that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 220:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to Cisco's AMP Threat Grid Team, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case. Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined. Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 221:**

All Communications between Plaintiffs and the Dignity and Justice Fund that refer or relate to The Citizen Lab.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

1   On the basis of the foregoing objections, Plaintiffs will not produce documents in response
2   to the Request.

3   **REQUEST FOR PRODUCTION NO. 222:**

4   Documents and Communications sufficient to show any aid or assistance provided by
5   Plaintiffs to the Dignity and Justice Fund, directly or indirectly, in the form of money/financial
6   assistance, electronic equipment, know-how, expertise, training, or any other means of aid or as-
7   sistance.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

9   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
10  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad
11  and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses
12  in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to
13  the extent it assumes the existence of facts that do not exist or the occurrence of events that did not
14  take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or
15  assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and]
16  training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the
17  production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality
18  agreements with third parties and/or that would violate the privacy interests of others.

19  On the basis of the foregoing objections, Plaintiffs will not produce documents in response
20  to the Request.

21  **REQUEST FOR PRODUCTION NO. 223:**

22  All Communications between Plaintiffs and the New Venture Fund that refer or relate to
23  The Citizen Lab.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

25  Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-
26  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as seeking in-
27  formation that is not relevant to any claims or defenses in this Action or proportionate to the needs

28

36

of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 224:**

Documents and Communications sufficient to show any aid or assistance provided by Plaintiffs to the New Venture Fund, directly or indirectly, in the form of money/financial assistance, electronic equipment, know-how, expertise, training, or any other means of aid or assistance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad and unduly burdensome insofar as it seeks information that is not relevant to any claims or defenses in this Action or proportional to the needs of the case.  Plaintiffs further object to this Request to the extent it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Plaintiffs further object to the Request as vague and ambiguous, insofar as "aid or assistance" and "money/financial assistance, electronic equipment, know-how, expertise, [and] training" are undefined.  Plaintiffs further object to this Request to the extent that it seeks the production of materials, if any exist, that may be covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 225:**

All Documents identified at page 8 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "Logs of WhatsApp signal servers and relay servers" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00017211 through WA-NSO-00017581 and WA-NSO-00016611 through WA-NSO-00017151, and will produce any other non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 226:**

All Documents identified at page 8 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "Documents relating to the manner in which the exploitation and unauthorized access and abuse functioned" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent

that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00017583 through WA-NSO-00064401, and will produce any other non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 227:**

All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "Documents relating to remediation of the exploitation" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00017583 through WA-NSO-00064401, and will produce any other non-privileged, relevant documents that

are responsive to the Request that Plaintiffs may use to support their claims in this case.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 228:**

All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "Documents relating to the identification of Defendants as responsible for the unauthorized access and abuse of the WhatsApp service" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00017583 through WA-NSO-00064401, and will produce any other non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 229:**

All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "Documents relating to identification of victims" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00017582, and will produce any other non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case. Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 230:**

All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as "WhatsApp Terms of Service" that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already produced documents responsive to the Request, including documents Bates-stamped WA-NSO-00014825 through WA-NSO-00015000 and WA-NSO-00017184 through WA-NSO-00017210, and will produce any other non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case. Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 231:**

To the extent not covered by any other Request, all other Documents that Plaintiffs may use to support their claims in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs further object to the Request as overbroad, unduly burdensome, and ambiguous, and not proportionate to the needs of the case and duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "all other Documents that Plaintiffs may use" is overbroad, vague, and ambiguous. Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs will produce non-privileged, relevant documents that are responsive to the Request that Plaintiffs may use to support their claims in this case. Plaintiffs reserve the right to amend the foregoing responses.

42

1

2    Dated:  January 10, 2024

3                                                      DAVIS POLK & WARDWELL LLP

4                                                      By:  /s/ Micah G. Block

5                                                            Micah G. Block (SBN 270712)

6                                                            DAVIS POLK & WARDWELL LLP
                                                            1600 El Camino Real
7                                                            Menlo Park, California 94025
                                                            Telephone: (650) 752-2000
8                                                            Facsimile:  (650) 752-2111
                                                            Email: micah.block@davispolk.com
9

10                                                          Greg D. Andres
                                                            Antonio J. Perez-Marques
11                                                          Craig T. Cagney
                                                            (admitted pro hac vice)
12                                                          DAVIS POLK & WARDWELL LLP
                                                            450 Lexington Avenue
13                                                          New York, New York 10017
                                                            Telephone: (212) 450-4000
14                                                          Facsimile:  (212) 701-5800
                                                            Email: greg.andres@davispolk.com
15                                                                  antonio.perez@davispolk.com
                                                                    craig.cagney@davispolk.com
16

17

18                                                          *Attorneys for Plaintiffs WhatsApp LLC and
                                                            Meta Platforms, Inc.*
19

20

21

22

23

24

25

26

27

28

43

1

## <u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that I am a citizen of the United States and employed in the County of

3  New York, New York.  I am over the age of 18 years and not a party to the within-entitled ac-

4  tion.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York,

5  New York 10017.

6    On January 10, 2024, I served a true and correct copy of the following document(s) on

7  the parties in the action addressed as follows:

8    **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO
     GROUP TECHNOLOGIES LIMITED & Q CYBER TECHNOLOGIES**

9    **LIMITED'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCU-
     MENTS**

10

11  ☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope

12  and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS

13  agent for delivery.

14  ☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable doc-

15  ument format (PDF) to the email addresses set forth below on this date.

16  Joseph N. Akrotirianakis
    Aaron S. Craig
17  KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
18  Los Angeles, CA 90071
    Telephone: (213) 443-4355
19  Email: jakro@kslaw.com
          acraig@kslaw.com
20

21  *Attorneys for Defendants NSO Group*
    *Technologies Limited and Q Cyber*
22  *Technologies Limited*

23    I declare under penalty of perjury that the above is true and correct.

24    Executed on January 10, 2024 at New York, New York.

25

26    */s/ Gersham Johnson*
      Gersham Johnson

27

28