# EXHIBIT H

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>　　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED & Q CYBER TECHNOLOGIES LIMITED'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object as follows to the Fourth Set of Requests for Production of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO" or "Defendants") dated April 22, 2024 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose.  Plaintiffs' Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial.  All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Responses and Objections, and any production of documents or communications in response to the Requests, do not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to them, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests.  Moreover, no objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

Subject to and without waiving any of the following objections, counsel for Plaintiffs is available to meet in good faith with NSO concerning the Requests and these Responses and Objections.

**GENERAL OBJECTIONS**

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request as set forth below.  Nothing in the Responses and Objections to the Requests should be construed as a waiver of these General Objections.  Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection later.  Plaintiffs' failure to object to a Request, or any future agreement to produce responsive documents, is not a representation that any such documents exist or are within Plaintiffs' possession, custody, or control.  Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose obligations on Plaintiffs that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Stipulated Protective Order (ECF No. 132), or any other applicable law, rule, or court order (together, the "Applicable Rules").  Plaintiffs will withhold all documents in response to the Requests that they have no obligation to produce under any such applicable law, rule, or court order.

2.     Plaintiffs object to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Plaintiffs to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportionate to the needs of the case.

3. Plaintiffs object to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent it attempts to impose obligations beyond those imposed by the Applicable Rules. Plaintiffs cannot guarantee that they will have located every single document responsive to a particular Request. Subject to the General Objections and any qualifications below, Plaintiffs may respond to any Request seeking "any" or "all" documents by producing the responsive, nonprivileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith, employing search parameters (including relevant custodians and the relevant time period) for the collection and production of Plaintiffs' documents as defined in Plaintiffs' November 12, 2023 letter (the "Search Parameters").

4. Plaintiffs object to the Requests to the extent that they are duplicative or seek documents or communications not within Plaintiffs' possession, custody, or control. By responding to the Requests, Plaintiffs do not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Plaintiffs.

5. Plaintiffs object to the Requests to the extent they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law. Plaintiffs will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would be inadvertent and would not constitute a waiver of any claim or privilege or other exemption from production. Plaintiffs reserve the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby request the return of any such inadvertently produced privileged documents or communications and reserve the right to object to the disclosure or

use of such privileged documents or communications at any stage of these or any other proceedings pursuant to § 13 of the Stipulated Protective Order (ECF No. 132).

6.      Plaintiffs object to the Requests to the extent that they seek disclosure of documents or communications as to which Plaintiffs owe a duty of nondisclosure to a third party, or the production of which would result in the violation of any contractual obligation to a third party.

7.      Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they seek the production of non-public, proprietary, or other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Plaintiffs or third parties.  Plaintiffs will designate such information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

8.      Plaintiffs object to the Requests to the extent they request documents or communications otherwise available to NSO in the public domain, or from some other source that is more convenient, less burdensome, or less expensive.

9.      Plaintiffs object to the Requests to the extent they seek documents or communications already in the possession, custody or control of NSO, or call for duplicative documents or communications.

10.     Plaintiffs object to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

11.     With respect to the Definitions and Instructions in the Requests, Plaintiffs object to the extent that they purport to define those terms differently from how those terms are defined by the Applicable Rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

**OBJECTIONS TO INSTRUCTIONS**

1.     Plaintiffs object to Instruction No. 1, and to any Request seeking "all" documents in their possession, custody, or control, on the grounds that Plaintiffs cannot guarantee that they have located every single document responsive to a particular Request.  Plaintiffs further object to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "affiliates, agents, attorneys, consultants, investigators, or other persons acting on" Plaintiffs' behalf regardless of whether searching such entities is reasonable or overly burdensome.

2.     Plaintiffs object to Instruction No. 2 to the extent that it seeks production of documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law.

3.     Plaintiffs object to Instruction No. 4 as unduly broad and overly burdensome to the extent it requires Plaintiffs to include on a privilege log materials other than those materials identified after a reasonable search conducted in good faith employing the Search Parameters.

**OBJECTIONS TO DEFINITIONS**

1.     Plaintiffs object to the definition of "all" and "any," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it seeks to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules and to the extent it seeks communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Subject to the General Objections and any qualifications below, Plaintiffs will respond to any Request seeking "all" documents by producing the responsive, non-privileged documents within their possession, custody, and control that can be located after a reasonable search conducted in good faith.

2.     Plaintiffs object to the definitions of "Communication(s)" and "Documents(s)," and to any Request incorporating those definitions, insofar as they are ambiguous, overly broad, and unduly burdensome and to the extent they seek to impose obligations on Plaintiffs beyond, or inconsistent with, the Applicable Rules, and to the extent they seek communications or documents that are not relevant to any claims or defenses in this Action or proportionate to the needs of the case.

3.     Plaintiffs object to the definition of "Concerning" insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition of concerning beyond the general understanding of that term, including because it includes "relating to."  Plaintiffs will treat "Concerning" as meaning "regarding, describing, or reflecting."

4.     Plaintiffs object to the definition of "Relate(d) to," "refer to," "refer or relate to" and "reflecting," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term.  Plaintiffs will treat "Relate(d) to," "refer to," "refer or relate to" and "reflecting" as meaning "regarding, describing, or reflecting."

5.     Plaintiffs object to the definitions of "Meta," "You," "Your," and "Plaintiffs," and to any Request incorporating those definitions, on the grounds that they are unduly broad, vague, ambiguous, overly burdensome, encompass persons or entities not relevant to this Action, refer to unknown persons or entities, and not proportional to the needs of the case.

6.     Plaintiffs object to the definition of "Tails Exploit," and to any Request incorporating that definition, on the grounds that it is unduly broad, vague, ambiguous, overly burdensome, and not proportional to the needs of the case, and to the extent it purports to expand the definition beyond the general understanding of that term, or mischaracterizes the nature of the Tails Exploit via the misuse of terminology, including, without limitation, "flaw."

7.     Plaintiffs object to the definition of "Technology," and to any Request incorporating that definition, on the grounds that it is unduly broad, vague, ambiguous, overly burdensome, and not proportionate to the needs of the case, and to the extent it encompasses any "computer

7

code, source code, computer program(s), software, malware, binaries, executables, physical or virtual servers, Internet Protocol addresses of those servers, web logs, server logs, activity logs, captured network traffic, computer hardware or software, communication infrastructure and protocols" not relevant to this Action.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 232:**

All Documents or other source data of any kind used to prepare the Excel file produced as WA-NSO-00017582.

**RESPONSE TO REQUEST FOR PRODUCTION FOR PRODUCTION NO. 232:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case, including to the extent that it seeks discovery relating to the identities of victims of NSO's May 2019 attacks.  The Court held that "civil society" related allegations "are not relevant to plaintiffs' case-in-chief," was "unpersuaded that the 'civil society'-related allegations are directly relevant to NSO's affirmative defense," and held that NSO must first provide "evidence showing alleged criminal/terrorist activity by the 'civil society or 'VIP' individuals" in order for the Court to potentially order discovery limited to "how Citizen Lab conducted its analysis or came to its conclusions." Dkt. No. 305 at 4-7.  Furthermore, the Court held that, should NSO choose to rely on more generalized evidence that its software was licensed for law enforcement purposes, the "already-produced evidence from plaintiffs regarding Citizen Lab is more than sufficient for the parties to present their arguments on NSO's affirmative defense." *Id.* at 6.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the at-

8

torney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 233:**

All Documents and Communications supporting your allegations in paragraph 11 of the Complaint that Defendants accessed or used "WhatsApp computers…located in California."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 234:**

All Documents and Communications supporting your allegations in paragraph 60 of the Complaint that "Defendants knowingly…used and caused to be used WhatsApp Signaling Servers and Relay Servers…located in California" in connection with alleged violations of California Penal Code § 502(c).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures. Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery. Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request. Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request. Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 235:**

All Documents and Communications you will use to support your allegations in paragraph 30 of the Complaint that, "Between January 2018 and May 2019, Defendants created and caused

to be created various WhatsApp accounts and agreed to the WhatsApp Terms" and that "Defendants' employees and agents accepted and agreed to be bound by the Terms on behalf of Defendants."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs will produce any non-privileged documents and communications responsive to this Request that Plaintiffs may use to support their allegations in paragraph 30 of the Complaint.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 236:**

All Documents and Communications you will use to support your contention that Defendants exceeded authorized access to WhatsApp's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further

11

object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 237:**

Documents sufficient to identify the limitations on access to WhatsApp servers you contend NSO circumvented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client

12

privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 238:**

All Documents and Communications related to any alleged circumvention by NSO of limitations on access to WhatsApp's servers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused

13

to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 239:**

Documents sufficient to show the areas of WhatsApp servers that you contend NSO accessed that are not generally accessible to WhatsApp users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request because the phrase "the areas of WhatsApp's servers that  . . . are not generally accessible" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

14

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 240:**

All Documents and Communications related to NSO's alleged access to any areas of WhatsApp's servers that are not generally accessible to WhatsApp's users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request because the phrase "any areas of WhatsApp's servers that are not generally accessible" is overbroad, vague, and ambiguous.  Plaintiffs further object to this Request to the extent it mischaracterizes Plaintiffs' allegations or any relevant legal standard, and none of Plaintiffs' responses to this Request shall be deemed an agreement with the mischaracterization in the Request.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.   Plaintiffs further object to this Request to the extent it seeks expert discovery prior to the deadline for expert disclosures.  Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.  Plaintiffs further object to this Request as duplicative of Defendants' earlier Requests.

15

Subject to and without waiver of these objections, Plaintiffs have already conducted a reasonable search pursuant to the Search Parameters and have already produced documents responsive to the Request.  Plaintiffs do not intend to conduct further searches for documents beyond what Plaintiffs have produced in response to this Request.  Plaintiffs reserve the right to amend the foregoing responses.

**REQUEST FOR PRODUCTION NO. 241:**

Documents sufficient to describe the design and intended operation of the functionality of the Facebook Research App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 241:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "the design and intended operation of the functionality of the Facebook Research App" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 242:**

Documents and Communications sufficient to show Plaintiffs' development, testing, troubleshooting and maintenance of the Facebook Research App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 242:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "development, testing, troubleshooting and maintenance of the Facebook Research App" is overbroad, vague, and ambiguous.

16

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2    to the Request.

3    **REQUEST FOR PRODUCTION NO. 243:**

4    Documents and Communications sufficient to show the processes, methods, and Technol-

5    ogy used by the Facebook Research App to monitor and exfiltrate data from Devices on which the

6    Facebook Research App was installed.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 243:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9    jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

10   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

11   fenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this

12   Request because the phrase "the processes, methods, and Technology used . . . to monitor and

13   exfiltrate data from Devices" is overbroad, vague, and ambiguous.

14   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

15   to the Request.

16   **REQUEST FOR PRODUCTION NO. 244:**

17   Documents and Communications sufficient to show the Technology used to transmit any

18   data or information from any Device on which Facebook Research App was installed.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

20   Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

21   jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

22   unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

23   fenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this

24   Request because the phrase "the Technology used to transmit any data or information from any

25   Device" is overbroad, vague, and ambiguous.

26   On the basis of the foregoing objections, Plaintiffs will not produce documents in response

27   to the Request.

28

**REQUEST FOR PRODUCTION NO. 245:**

Documents and Communications sufficient to describe the data and information Plaintiffs obtained from Devices through the Facebook Research App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 245:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "the data and information Plaintiffs obtained from Devices" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 246:**

All Documents and Communications produced to the plaintiffs in the lawsuit styled *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD (N.D. Cal.) that refer or relate to the Facebook Research App or Project Ghostbusters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 246:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "refer or relate to the Facebook Research App or Project Ghostbusters" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

18

**REQUEST FOR PRODUCTION NO. 247:**

All Communications between Onavo on the one hand and NSO Group Technologies Ltd. or any of its affiliates on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 247:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to the Request because the request of "[a]ll" Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.  Plaintiffs further object to this Request to the extent that it seeks documents and communications not within Plaintiffs' possession, custody, or control.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 248:**

All Documents and Communications that refer or relate to the possibility of Onavo entering into a business transaction, directly or indirectly, with NSO Group Technologies Ltd. or any of its affiliates concerning Pegasus or any functionality contained within Pegasus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 248:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "refer or relate to the possibility of . . . entering into a business transaction, directly or indirectly" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

1    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

2  to the Request.

3  **REQUEST FOR PRODUCTION NO. 249:**

4    All Documents and Communications that refer or relate to the possibility of Onavo entering

5  into a business transaction, directly or indirectly, with NSO Group Technologies Ltd. or any of its

6  affiliates.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 249:**

8    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

9  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

10  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

11  fenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this

12  Request because the phrase "refer or relate to the possibility of . . . entering into a business trans-

13  action, directly or indirectly" is overbroad, vague, and ambiguous.  Plaintiffs further object to the

14  Request because the request of "[a]ll" Documents and Communications is unduly burdensome and

15  unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

16    On the basis of the foregoing objections, Plaintiffs will not produce documents in response

17  to the Request.

18  **REQUEST FOR PRODUCTION NO. 250:**

19    All Documents and Communications relating to Your investigation of Buster Hernan-

20  dez/Brian Kil.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 250:**

22    Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Ob-

23  jections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

24  unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or de-

25  fenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this

26  Request because the phrase "relating to Your investigation" is overbroad, vague, and ambiguous.

27

28

Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 251:**

All Documents and Communications relating to Your decision to assist law enforcement in efforts to uncover the identity of Buster Hernandez/Brian Kil or otherwise assist efforts to arrest and/or convict Buster Hernandez/Brian Kil.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 251:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "relating to Your decision to assist law enforcement . . . or otherwise assist efforts to arrest and/or convict Buster Hernandez/Brian Kil" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 252:**

All Documents and Communications exchanged with the third-party You engaged to develop the Tails Exploit relating to the subject matter of that engagement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 252:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad,

21

unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrase "relating to the subject matter of that engagement" is overbroad, vague, and ambiguous. Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 253:**

Documents sufficient to describe the design and intended operation of the functionality of the Tails Exploit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 253:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case. Plaintiffs further object to this Request because the phrase "the design and intended operation of the functionality of the Tails Exploit" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

22

**REQUEST FOR PRODUCTION NO. 254:**

Documents and Communications sufficient to show the processes, methods, and Technology used by the Tails Exploit to monitor and exfiltrate data from Devices on which that Tails Exploit was installed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 254:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "the processes, methods, and Technology used . . . to monitor and exfiltrate data from Devices" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 255:**

Documents and Communications sufficient to show the Technology used to transmit any data or information to or from any Device on which the Tails Exploit was installed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 255:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "the Technology used to transmit any data or information to or from any Device" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 256:**

Documents and Communications sufficient to describe the data and information obtained from Devices on which the Tails Exploit was installed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 256:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "the data and information obtained from Devices on which the Tails Exploit was installed" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 257:**

Documents and Communications sufficient to show how the Tails Exploit was made available to any law enforcement personnel, including, without limitation, in connection with efforts to uncover the identity of Buster Hernandez/Brian Kil or to arrest and/or convict Buster Hernandez/Brian Kil.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 257:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request because the phrase "how the Tails Exploit was made available to any law enforcement personnel" is overbroad, vague, and ambiguous.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

**REQUEST FOR PRODUCTION NO. 258:**

All Documents and Communications exchanged with representatives of the Tails Project relating to the Tails Exploit that was used to uncover the identity of Buster Hernandez/Brian Kil or its development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 258:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "relating to" is overbroad, vague, and ambiguous.  Plaintiffs further object to the Request because the request of "[a]ll" Documents and Communications is unduly burdensome and unreasonable in light of the vagueness, ambiguity, and overbreadth of the rest of the Request.

On the basis of the foregoing objections, Plaintiffs will not produce documents in response to the Request.

Dated:  May 29, 2024

DAVIS POLK & WARDWELL LLP

By:  */s/ Micah G. Block*

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    1600 El Camino Real
    Menlo Park, California 94025
    Telephone: (650) 752-2000
    Facsimile:  (650) 752-2111
    Email:  micah.block@davispolk.com

    Greg D. Andres
    Antonio J. Perez-Marques
    Craig T. Cagney
    (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile:  (212) 701-5800
    Email:  greg.andres@davispolk.com
           antonio.perez@davispolk.com
           craig.cagney@davispolk.com

    *Attorneys for Plaintiffs WhatsApp LLC and*
    *Meta Platforms, Inc.*

26

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On May 29, 2024, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES' LIMITED FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
       acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on May 29, 2024 at New York, New York.

_/s/ Luca Marzorati_
Luca Marzorati