Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG** <br><br> Ctrm: 3 <br> Judge: Hon. Phyllis J. Hamilton |

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiffs served their privilege log on September 4, 2024. Defendants' Letter (Dkt. No. 360) seeking to compel production of that log is now moot. Defendants' Motion for Reconsideration (Dkt. No. 373) seeks the extraordinary sanction of a blanket privilege waiver, based only on Plaintiffs having produced their privilege log shortly after a self-imposed—and, as it turns out, overly optimistic—production date. But Defendants come nowhere close to establishing grounds for that kind of relief. The Motion should therefore be denied.

## BACKGROUND

On the evening of Friday, July 26, 2024, Plaintiffs received a letter from Defendants' counsel regarding several discovery disputes, including a request for Plaintiffs' privilege log.

On or about August 1, 2024, Plaintiffs began preparing a draft letter in response. At that time, counsel for Plaintiffs believed they could complete their privilege log before the first deposition of one of Plaintiffs' witnesses, which was then scheduled for August 14, 2024. Declaration of Craig Cagney ("Cagney Decl.") at ¶ 5. Plaintiffs' draft therefore included a commitment to "produce a privilege log in advance of the first deposition of one of Plaintiffs' witnesses."

Defendants served Rule 30(b)(6) topics on August 2, 2024, and then served a joint discovery dispute letter on August 5, 2024 which, among other things, sought to compel production of Plaintiffs' privilege log. On August 6 and August 8, 2024, Plaintiffs conferred with Defendants' counsel regarding various discovery disputes, including in relation to deposition topics and schedules. These conferences resulted in the first deposition of Plaintiffs' witnesses becoming a combined Rule 30(b)(1) and Rule 30(b)(6) deposition scheduled for August 14, 2024, with another combined Rule 30(b)(1) and Rule 30(b)(6) deposition scheduled for August 16, and two Rule 30(b)(1) depositions scheduled for August 19 (which Defendants later decided to withdraw) and August 20. Cagney Decl. at ¶ 6.

On August 13, 2024, Plaintiffs converted their draft letter into their portion of the joint letter (Dkt. No. 360) covering various discovery disputes, which included their earlier-drafted statement that they expected to produce a privilege log prior to the first deposition of one of

Plaintiffs' witnesses. Due to other case-related demands, that statement was no longer correct. Plaintiffs inadvertently neglected to update their estimated production date for the privilege log before the joint letter was filed with the Court, and regret that oversight. Cagney Decl. at ¶ 8. Due to the change in schedule and other case-related demands, Plaintiffs were unable to meet their original and overly optimistic self-imposed production date of August 14, 2024.

On August 27, 2024, the Court issued an order (Dkt. No. 370) denying NSO's request to compel production of Plaintiffs' privilege log, finding the issue moot given Plaintiffs' stated intention to produce their privilege log prior to the first deposition of one of Plaintiffs' witnesses.

On August 28, 2024, Defendants filed a letter brief (Dkt. No 371) asking the Court to reconsider its order denying NSO's motion to compel Plaintiffs to produce their privilege log.

On August 30, 2024, the Court issued an order (Dkt. No. 372) construing NSO's letter brief as a motion for leave to file a motion for reconsideration, instructing NSO that they may file a separate motion for reconsideration by September 3, 2024, and instructing Plaintiffs to file their response by September 4, 2024.

On September 3, 2024, Defendants filed a Motion for Reconsideration (Dkt No. 373) of the Court's August 27, 2024 Order (Dkt. No. 370). That Motion asks the Court to find a blanket privilege waiver due to Plaintiffs' delay in serving their privilege log.

On September 4, 2024, Plaintiffs served their privilege log on Defendants.  The delay resulted primarily from numerous other, competing case-related demands over the past few weeks, including the depositions of five witnesses in the U.S. and London, prioritizing clean-up productions of downgraded or otherwise non-privileged documents in advance of Plaintiffs' witnesses' depositions, the preparation and filing of multiple complex expert reports last week, and related motion practice. Cagney Decl. ¶¶ 7, 9.

**ARGUMENT**

NSO's argument that Plaintiffs should be deemed to have waived privilege for a delay in producing their privilege log is meritless and disproportionate. Plaintiffs produced their privilege log today, September 4, 2024. NSO's original joint letter on August 13, 2024 (Dkt. No. 360), sought an order compelling production of a privilege log within 5 days. Had the Court granted

2

that relief on the date it issued its order (August 27, 2024), NSO would have received the privilege log no earlier than yesterday—if the Court directed compliance within 5 calendar days—or today—if the Court directed compliance within 5 business days. NSO therefore has not been prejudiced at all, and certainly not in a manner that can only be remedied by a sanction of the magnitude they demand.

Defendants misstate the law by focusing only on the time since they served their Requests for Production, without regard for the facts and circumstances of this case. The Ninth Circuit in *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist Ct. for Dist. Of Mont.,* 408 F.3d 1142 (9th. Cir. 2005) expressly rejected this type of a "per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Id.* at 1149-50. Instead, *Burlington* requires an "holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id*.

Here, that holistic analysis provides no grounds to find a waiver.

As an initial matter, NSO's claim that Plaintiffs have only made boilerplate privilege assertions is wrong. Plaintiffs' log contains specific detail about each of the 2,165 entries.[1]

The scope of Plaintiffs' production and the recent, overlapping case demands also provide significant mitigating circumstances that did not exist in *Porter* and *Burlington*, and that weigh heavily against waiver. **First**, the scope of Plaintiffs' discovery and "magnitude of document production" is significant. *Quality Investment Props. Santa Clara v. Serrano Elec., Inc.*, 2011 WL 1364005, at *2 (N.D. Cal. Apr. 11, 2011). Plaintiffs have worked diligently to respond to Defendants' broad discovery requests and have produced approximately 27,000 documents, all while responding to or litigating Defendants' 274 Requests for Productions asserted in six sets over the period from March 7, 2023 to August 1, 2024. *See Serrano Elec, Inc..*, 2011 WL 1364005, at *3 (finding no waiver given "the breadth of the requests, and the resulting size of the production" of 11,976 documents, despite an untimely privilege log); *Lofton v. Verizon Wireless*, LLC, 308 F.R.D.

---

[1] As noted on the log, some entries encompass duplicates or near-duplicate documents (such as Workplace Chats that vary slightly based on custodians and timezones, but substantively reflect the same privileged conversations). These entries have been truncated to avoid duplication and confusion. The log covers 3,500 privileged documents in total, including 1,335 duplicates.

276, 282 (N.D. Cal. 2015) (finding no waiver despite a year-long delay "given the scope of discovery" and further noting that "District courts applying *Burlington Northern* often decline to find waiver of privilege where a party . . . raises the objections in an untimely yet detailed privilege log").[2]  Plaintiffs reasonably prioritized the production of any non-privileged documents, or any privileged documents that could be produced with redactions ahead of depositions, while reserving its privilege review and log process until it had completed its production.  Defendants cannot complain about that timing when they opposed setting any interim production deadlines before the fact discovery deadline on September 13, 2024.  *See* Dkt. No. 163 at 22-23 (opposing "Plaintiffs' Request for 'Extra' Deadlines than those provided by Rule").

***Second***, in the weeks since the original production estimate lapsed, Plaintiffs were required to travel internationally (at Defendants' request) to depose NSO's witnesses, at the same time that they were preparing their expert reports for the August 30, 2024 deadline and addressing several time-consuming discovery motions either initiated by NSO or required due to NSO's meritless objections to Plaintiffs' experts.  *See Quality Investment*, at *2 (finding mitigating circumstances due to intervening holidays, the unavailability of the party's general counsel, "the breadth of discovery requests," and "the resulting size of the production").  Where, as here, there are mitigating circumstances and the opposing party has suffered no prejudice, privilege is not waived.  *Lyons v. NBC Universal Media*, LLC, 2021 WL 4777143, at *5 (C.D. Cal. July 1, 2021) ("Mere delay is insufficient to result in waiver.").

Finally, Defendants do not identify any prejudice other than completing a few of Plaintiffs' witnesses' depositions prior to the receipt of the privilege log.  That does not support a claim of prejudice sufficient to justify a waiver.  *See id.* (finding no "harm or prejudice" where depositions were completed prior to the receipt of a privilege log because "[t]he only area of inquiry not available was [the protected] attorney advice and mental impressions contained in the privilege log documents").  NSO still has six depositions of Meta witnesses scheduled at which to address non-privileged issues arising from Plaintiffs' log (if any), and the next such deposition is not until

---

[2] Plaintiffs have also addressed Defendants' 180 RFAs asserted in three sets from March 7 to September 27, 2023, and nine interrogatories served in two sets on April 22 and July 24, 2024.

4

MEMO. OF P&A ISO PLFS' OPP. TO DEFS' MO. FOR RECON. OF DISCO. ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG - CASE NO. 4:19-CV-07123-PJH

September 9, 2024.  In the unlikely event that NSO may identify actual prejudice from the timing of Plaintiffs' service of its privilege log, Plaintiffs will of course work in good faith to address it.

In light of the detail of Plaintiffs' log, the substantial mitigating circumstances, and the lack of prejudice, there are no grounds to find that Plaintiffs inadvertently waived their privilege.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that NSO's motion for reconsideration be denied.

5

MEMO. OF P&A ISO PLFS' OPP. TO DEFS' MO. FOR RECON. OF DISCO. ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG - CASE NO. 4:19-CV-07123-PJH

Dated: September 4, 2024

                                              DAVIS POLK & WARDWELL LLP

By: */s/ Craig T. Cagney*
     Greg D. Andres
     Antonio J. Perez-Marques
     Craig T. Cagney
     (admitted *pro hac vice*)
     Luca Marzorati
     (admitted *pro hac vice*)
     DAVIS POLK & WARDWELL LLP
     450 Lexington Avenue
     New York, New York 10017
     Telephone: (212) 450-4000
     Facsimile: (212) 701-5800
     Email: greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com
             luca.marzorati@davispolk.com

     Micah G. Block (SBN 270712)
     DAVIS POLK & WARDWELL LLP
     1600 El Camino Real
     Menlo Park, California 94025
     Telephone: (650) 752-2000
     Facsimile: (650) 752-2111
     Email: micah.block@davispolk.com

     *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*