Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG** <br><br> Ctrm: 3 <br> Judge: Hon. Phyllis J. Hamilton |

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration of Discovery Order and to Compel Discovery Due to Plaintiffs' Failure to Provide A Privilege Log (the "Motion") filed concurrently herewith.

3. Plaintiffs have produced approximately 27,000 documents in response to Defendants' Requests for Production, making rolling productions between February 26, 2021 and August 30, 2024. Plaintiffs prioritized the production of these non-privileged documents, or documents that could be produced with redactions, and reserved documents designated as privileged for final review and logging after those productions were completed.

4. On the evening of Friday, July 26, 2024, Plaintiffs received a letter from Defendants' counsel regarding several discovery disputes, including a request for Plaintiffs' privilege log.

5. On or about August 1, 2024, Plaintiffs began to prepare their response to Defendants' letter. At that time, counsel for Plaintiffs believed they could complete their privilege log before the first scheduled deposition of one of Plaintiffs' witnesses. At that time, the earliest deposition was a Rule 30(b)(1) deposition scheduled for August 14, 2024. Plaintiffs' draft therefore included a commitment to "produce a privilege log in advance of the first deposition of one of Plaintiffs' witnesses."

6. Defendants served Rule 30(b)(6) topics on August 2, 2024, and then served a joint discovery dispute letter on August 5, 2024 which, among other things, sought to compel production of Plaintiffs' privilege log. After conferring with Defendants' counsel regarding their various discovery disputes on August 6, 2024 and August 8, 2024, the parties scheduled numerous additional depositions and Plaintiffs agreed to designate some of those witnesses to testify on certain topics in Defendants' Rule 30(b)(6) notice. These scheduling conferences resulted in the first

1

deposition of Plaintiffs' witnesses becoming a combined Rule 30(b)(1) and Rule 30(b)(6) deposition on August 14, 2024, with another combined Rule 30(b)(1) and Rule 30(b)(6) deposition scheduled for August 16, and two Rule 30(b)(1) depositions scheduled for August 19, 2024 (which Defendants later decided to withdraw) and August 20, 2024.

7. During that time, Plaintiffs also discovered that certain clean-up productions were necessary in order to ensure all non-privileged documents were produced in advance of the witnesses' depositions. Plaintiffs prioritized the production of these non-privileged documents over completing the privilege log, and made rolling productions on August 9, 13, 14, 16, and 19, 2024.

8. In the midst of preparing for depositions and making these clean-up productions, and at Defendants' insistence, Plaintiffs shared their portion of the joint letter brief with Defendants on August 13, 2024, which Defendants filed the same day. Plaintiffs' draft still inadvertently included Plaintiffs' original intention to produce a privilege log in advance of the first deposition, without accounting for the intervening change in schedule and circumstances. *See* Dkt. No. 360.

9. In the weeks since, counsel for Plaintiffs have attended to several overlapping, case-related demands, including: completing their clean-up productions; defending three depositions; traveling to London (at Defendants' request) to take three depositions of Defendants' witnesses; preparing three expert reports ahead of the August 30, 2024 deadline; and addressing other discovery motions either initiated by Defendants (such as the joint letter filed on August 13, and this motion for reconsideration) or required due to Defendants' objections to Plaintiffs' experts (*see* Dkt. No. 366).

10. Plaintiffs finalized and served their privilege log on September 4, 2024. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' privilege log.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 4th day of September 2024 in New York, New York.

By: */s/ Craig T. Cagney*
      Craig T. Cagney

2

MEMO. OF P&A ISO PLFS' OPP. TO DEFS' MO. FOR RECON. OF DISCO. ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS DUE TO PLAINTIFFS' FAILURE TO PROVIDE A PRIVILEGE LOG - CASE NO. 4:19-CV-07123-PJH