Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>                Plaintiffs,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Ctrm:   3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Northern District of California Local Rules 7-11 and 79-5(f), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") by and through their counsel, respectfully submit this Administrative Motion for an order permitting them to file under seal Exhibit A to the Declaration of Craig T. Cagney in Support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration of Discovery Order and to Compel Production of Documents Due to Plaintiffs' Failure to Provide a Privilege Log ("Exhibit A").

Plaintiffs request that Exhibit A be filed under seal pursuant to Civil Local Rules 79-5(c) and (d). Exhibit A has been designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132. Exhibit A reflects confidential privileged communications among Plaintiffs' employees regarding NSO's attacks and other sensitive business and regulatory matters.

The appropriate standard for sealing here is "good cause." Plaintiffs have submitted Exhibit A in response to NSO's motion for reconsideration regarding its request to compel production of a privilege log—a non-dispositive motion that only tangentially relates to the case—so the moving party need only show "good cause" for why the documents should remain under seal. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Plaintiffs easily meet the applicable good-cause standard here. Courts have routinely held that confidential business information satisfies the compelling reasons standard, which is far more "exacting" than the good-cause standard applicable here. *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023) (granting plaintiff's renewed sealing motion with respect

to information including "confidential financial information and projections," "confidential business strategy information," and "internal decision-making processes"); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records related "to confidential business plans and operations," were "subject to a contractual duty of confidentiality," and where "harm could result to [the parties'] business operations" if the information were prematurely disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements).  Publicly disclosing these materials would risk harm to Plaintiffs' business and would provide competitors an unfair advantage by providing access to internal business deliberations.  This harm could not be mitigated by any means less restrictive than sealing.

   For the foregoing reasons, Plaintiffs request permission to file Exhibit A under seal.  This request is narrowly tailored to only sealable material.

   This motion and copies of any relevant attachments will be served on counsel of record as listed in the attached certificate of service.

| | |
|---|---|
| Dated:  September 4, 2024 | Respectfully Submitted, |
| | DAVIS POLK & WARDWELL LLP |
| | By:  /s/ Craig T. Cagney |
| | Micah G. Block (SBN 270712) |
| | DAVIS POLK & WARDWELL LLP |
| | 1600 El Camino Real |
| | Menlo Park, California 94025 |
| | Telephone: (650) 752-2000 |
| | Facsimile:  (650) 752-2111 |
| | Email: micah.block@davispolk.com |
| | |
| | Greg D. Andres |
| | Antonio J. Perez-Marques |
| | Craig T. Cagney |
| | Luca Marzorati |
| |   (admitted *pro hac vice*) |
| | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile: (212) 701-5800 |
| | Email:  greg.andres@davispolk.com |
| |             antonio.perez@davispolk.com |
| |             craig.cagney@davispolk.com |
| |             luca.marzorati@davispolk.com |
| | |
| | *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |