UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. 371, 373, 376 |

　　　　On August 27, 2024, the court issued an order denying as moot defendants' request to compel plaintiffs to produce a privilege log, based on plaintiffs' representation in a joint letter brief filed on August 13 "that they intend to produce a privilege log in advance of the first deposition of plaintiffs' witnesses."  See Dkt. 370 at 1.

　　　　On August 28, defendants filed a letter brief asserting that plaintiffs had not fulfilled their representation, having failed to produce a privilege log before their first witness deposition on August 14, and having further failed to do so as of the letter's filing.  See Dkt. 371.

　　　　The court construed defendants' letter brief as a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9(b)(1), and set a schedule for defendants to file an optional supplemental motion for reconsideration, and for plaintiffs to file a response.

　　　　Defendants' supplemental motion largely makes the same arguments made in its letter brief, that plaintiffs either made a misrepresentation to the court or failed to promptly correct a representation that became inaccurate, and that plaintiffs should therefore be

deemed to have waived their privilege claims and be ordered to produce all documents withheld on the basis of privilege. See Dkt. 371, 373.

Plaintiffs' response argues that the representation in the August 13 joint letter brief was the result of having "inadvertently neglected to update their estimated production date for the privilege log before the joint letter was filed with the Court," and that they "regret that oversight." See Dkt. 374 at 3. Plaintiffs' response does not explain why it failed to correct its representation after learning of the court's reliance on it, nor does it explain whether plaintiffs responded to defendants' repeated inquiries regarding the privilege log's status before ordered to do so by the court.[1]

The court is troubled by the fact that plaintiffs' failure to correct its representation has led to unnecessary motion practice and an accompanying waste of the court's and the parties' resources. However, the court concludes that the relief requested by defendants – a blanket privilege waiver – would be disproportionate to the degree of plaintiffs' delay and any resulting prejudice to defendants. See also Burlington Northern & Santa Fe Railway v. U.S. District Court, 408 F.3d 1142, 1149 (9th Cir. 2005) ("a district court should make a case-by-case determination" and conduct a "holistic reasonableness analysis" when considering a privilege waiver"). Accordingly, defendants' motion for reconsideration is DENIED based on the fact that plaintiffs have now produced a privilege log, but the court cautions plaintiffs that repeated similar "oversights" may be grounds for a different type of sanction.

**IT IS SO ORDERED.**

Dated: September 5, 2024

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Plaintiffs also filed a motion to seal (Dkt. 376), which is GRANTED.