| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
| 2 | *jakro@kslaw.com*<br>AARON S. CRAIG (Bar No. 204741) |
| 3 | *acraig@kslaw.com*<br>KING & SPALDING LLP |
| 4 | 633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071 |
| 5 | Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310 |
| 6 | Attorneys for Defendants NSO GROUP TECHNOLOGIES |
| 7 | LIMITED and Q CYBER TECHNOLOGIES LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE SCHEDULING OF DEPOSITIONS**<br><br>Action Filed:   10/29/2019 |

Pursuant to Local Rules 6-1(b) and 6-2, and as supported by the Declaration of Aaron Craig filed herewith, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), and Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") (collectively, the "Parties") hereby stipulate and agree that the depositions of five witnesses may be taken after the discovery cutoff, and the Parties and two third party witnesses have agreed upon a deposition schedule.

WHEREAS, on February 15, 2024, the Court granted Defendants' Motion for Relief from Case Management Schedule and extended the fact-discovery cutoff to September 13, 2024 (Dkt. No. 289);

WHEREAS, the Parties have coordinated extensively to complete the depositions of fourteen fact witnesses, as well as the entity depositions of the parties in this matter prior to the fact-discovery cutoff;

WHEREAS, to accommodate the Parties agreed-upon schedule and witness availability, the Parties have agreed that the depositions of five witnesses should be taken shortly after the fact-discovery cutoff during the weeks of September 16, 2024, and of September 23, 2024;

WHEREAS, certain of the depositions of Plaintiffs' witnesses scheduled after the discovery cutoff will include corporate deposition testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties, by the below signatures of their respective counsel, have agreed upon the dates, times, and locations for the depositions of the five witnesses;

WHEREAS, two of those five depositions scheduled after the fact-discovery cutoff will be of witnesses previously employed by Westbridge (the "Former WB Employees");

WHEREAS, by the below signature of his counsel, one of the Former WB Employee ("J.S.") consents to his deposition exceeding 7 hours of record time on the same day, as described in the following paragraph;

WHEREAS, the Parties, by the below signatures of their counsel, have agreed that, for J.S.'s deposition, Plaintiffs will examine J.S. for up to the first 4 hours, 45 minutes of record time;

followed, on the same day, by Defendants' examination (without need for a cross-notice of deposition and not being limited to the scope of the direct examination) of up to 2 hours, 15 minutes of record time; and then followed, on the same day, by Plaintiffs' cross-examination (limited to the scope of Defendants' examination) of J.S. for up to an additional 45 minutes of record time (plus any remaining, unused portion of Plaintiff's initial 4 hours, 45 minutes of record time). The Parties agree that they may reserve portions of their record time described within this paragraph for cross-examination, provided that Plaintiffs' total record time does not exceed 5.5 hours; Defendants' total record time does not exceed 2 hours, 15 minutes; and J.S.'s deposition ends no later than 7:15 pm assuming that J.S. and his counsel are ready to begin the deposition at the noticed time of 9:00 am.

WHEREAS, the Parties, by the below signatures of their counsel, have agreed that, for the T.D. deposition, Plaintiffs will examine T.D. for up to the first 4 hours, 45 minutes of record time; followed, on the same day, by Defendants' examination (without need for a cross-notice of deposition and not being limited to the scope of the direct examination) of up to 2 hours, 15 minutes of record time; and then followed, on the same day, by any cross-examination (but not direct examination) by the Parties provided that Plaintiffs' total record time does not exceed 4 hours, 45 minutes and Defendants' total record time does not exceed 2 hours, 15 minutes.

WHEREAS, Plaintiffs expressly reserve their right to seek, if necessary, additional record time to depose the Former WB Employees, and Defendants, as well as the Former WB Employees, expressly reserve their right to oppose such requested relief.

NOW THEREFORE, the Parties and the Former WB Employees respectfully request that the Court enter the proposed order submitted herewith.

| | | |
|---|---|---|
| 1 | DATED: September 13, 2024 | KING & SPALDING LLP |

By: /s/ *Aaron S. Craig*
　　JOSEPH N. AKROTIRIANAKIS
　　AARON S. CRAIG
　　Attorneys for Defendants
　　NSO GROUP TECHNOLOGIES
　　LIMITED AND Q CYBER
　　TECHNOLOGIES LIMITED


By: /s/ *Aaron S. Craig*
　　JOSEPH N. AKROTIRIANAKIS
　　AARON S. CRAIG
　　Attorneys for Non-Party Witness
　　JOSH SHANER


By: /s/ *Micah G. Block*
　　Greg D. Andres
　　Antonio J. Perez-Marques
　　Craig T. Cagney
　　Micah G. Block
　　DAVIS POLK & WARDWELL LLP
　　Attorneys for Plaintiffs
　　WHATSAPP LLC AND META
　　PLATFORMS, INC

## L.R. 5-1 ATTESTATION

I, Aaron S. Craig, attest that all signatories listed herein, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

By:　/s/　　　Aaron S. Craig
　　　　　AARON S. CRAIG

# [PROPOSED] ORDER

Pursuant to the stipulation of the parties and good cause therefor having been shown, the Court orders:

1. Absent the further agreement of the parties, the parties may conduct fact depositions during the weeks of September 16th and September 23rd notwithstanding the close of fact discovery on September 13, 2024.

2. For the deposition of "J.S.," a former employee of Westbridge (a "Former WB Employee"), Plaintiffs will examine J.S. for up to the first 4 hours, 45 minutes of record time; followed, on the same day, by Defendants' examination (without need for a cross-notice of deposition and not being limited to the scope of the direct examination) of up to 2 hours, 15 minutes of record time; and then followed, on the same day, by Plaintiffs' cross-examination (limited to the scope of Defendants' examination) of J.S. for up to an additional 45 minutes of record time (plus any remaining, unused portion of Plaintiff's initial 4 hours, 45 minutes of record time).  The Parties may reserve portions of their record time described within this paragraph for cross-examination, provided that Plaintiffs' total record time does not exceed 5.5 hours; Defendants' total record time does not exceed 2 hours, 15 minutes; and J.S.'s deposition ends no later than 7:15 pm assuming that J.S. and his counsel are ready to begin the deposition at the noticed time of 9:00 am.

3. For the deposition of T.D., another Former WB Employee, Plaintiffs will examine T.D. for up to the first 4 hours, 45 minutes of record time; followed, on the same day, by Defendants' examination (without need for a cross-notice of deposition and not being limited to the scope of the direct examination) of up to 2 hours, 15 minutes of record time; and then followed, on the same day, by any cross-examination (but not direct examination) by the Parties provided that Plaintiffs' total record time does not exceed 4 hours, 45 minutes and Defendants' total record time does not exceed 2 hours, 15 minutes.

4. All other deadlines of the Case Management Schedule (*see* Dkt. No. 357) remain in place.

**IT IS SO ORDERED**.

Dated: September ___, 2024

_____
The Honorable Phyllis J. Hamilton
United States District Judge