# EXHIBIT A

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Aaron S. Craig
Partner
acraig@kslaw.com

August 23, 2024

**VIA EMAIL**
Antonio J. Perez-Marques, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Re:   *WhatsApp, LLC, et al. v. NSO Group Technologies Limited et al.*

Dear Counsel:

I write on behalf of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO" or "Defendants") concerning the parties' ongoing discussions regarding certain topics on which NSO seeks to depose Plaintiffs WhatsApp Inc. and Meta Platforms, Inc. ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 30(b)(6).

In your letter dated August 21, 2024, and during the parties' August 22, 2024, videoconference, Plaintiffs argued that certain of the topics set forth in Defendants' amended Rule 30(b)(6) deposition notice to Plaintiffs dated August 13, 2024, (the "Amended Notice") are improper because they purportedly seek "Plaintiffs' legal theories, contentions, and work product." During the Augst 22 videoconference, Plaintiffs indicated that they may be willing to reconsider their objections and to produce a witness to testify as to certain topics if the topics were reframed to focus on fact issues.

NSO disagrees with Plaintiffs' characterization of the topics in question, believes Plaintiffs' objections are meritless, and reserves all rights. In an attempt to reach a compromise and narrow the scope of any dispute to be brought before Judge Hamilton, however, NSO would agree to revise topics 10, 11, 14, 15, 21, and 40 as shown in the chart below if Plaintiffs agree to provide Rule 30(b)(6) testimony on the topics as revised.

August 23, 2024
Page 3

| **Amended Notice Topic** | **Proposed Revision** |
|---|---|
| 10. The acts through which Defendants allegedly knowingly and without permission accessed and caused to be accessed Plaintiffs' computers, computer systems, and computer networks, including those located in California. | 10. Defendants' alleged access of Plaintiffs' computers, computer systems, and computer networks, including those located in California. |
| 11. The acts through which Defendants allegedly knowingly introduced a computer contaminant into Plaintiffs' computers, computer systems, and computer networks. | 11. Defendants' alleged introduction of a computer contaminant into Plaintiffs' computers, computer systems, and computer networks. |
| 14. The identity and locations of each "computer, computer system, computer network, computer program, or data" of which you contend you are "the owner or lessee" under Cal. Penal Code § 502(1)(e). | 14. The identity and locations of each "computer, computer system, computer network, computer program, or data" owned or leased by you that you allege was accessed, used, or altered. |
| 15. The factual basis for Plaintiffs' claims that Defendants caused Plaintiffs to incur a "loss" as used in 18 U.S.C. § 1030(c)(11) and California Penal Code § 502. | 15. The costs, expenses, injury, harm, loss, or damage Plaintiffs suffered as the result of Defendants' alleged conduct. |
| 21. The number of changes to WhatsApp code caused by discovery of Vulnerabilities implemented by WhatsApp per year from 2018-present. | 21. The number of changes made to WhatsApp code to address Vulnerabilities during each year from 2018- 2020. |
| 40. The factual basis for Plaintiffs' contention that Defendants "reverse-engineered the WhatsApp app and developed a program to enable them to emulate legitimate WhatsApp network traffic in order to transmit malicious code." | 40. The alleged "reverse-engineer[ing of] the WhatsApp app" and "emulate[ion of] legitimate WhatsApp network traffic in order to transmit malicious code." |

Please let us know by the close of business on August 26, 2024, whether Plaintiffs will agree to testify pursuant to Rule 30(b)(6) concerning topics 10, 11, 14, 15, 21, and 40 as revised in the above chart.

Very truly yours,

*[signature]*

August 23, 2024
Page 3

                                              Aaron S. Craig

cc:    fb.nso@davispolk.com
        k&snso@kslaw.com