# EXHIBIT B

**Topics as to which Plaintiffs refuse to produce a 30(b)(6) witness:**

3.  The acts allegedly supporting this Court's exercise of personal jurisdiction over Defendants in this case.

10 (rev'd).  Defendants' alleged access of Plaintiffs' computers, computer systems, and computer networks, including those located in California.

11 (rev'd).  Defendants' alleged introduction of a computer contaminant into Plaintiffs' computers, computer systems, and computer networks.

14 (rev'd).  The identity and locations of each "computer, computer system, computer network, computer program, or data" owned or leased by you that you allege was accessed, used, or altered.

15 (rev'd).  The costs, expenses, injury, harm, loss, or damage Plaintiffs suffered as the result of Defendants' alleged conduct.*

> *On September 11, 2024, Plaintiffs belatedly agreed to produce a witness to testify about "the actions Plaintiffs took, and the time Plaintiffs' employees spent, responding to NSO's exploit in May 2019."*

16.  The factual basis for Plaintiffs' claims that Defendants caused Plaintiffs to incur "damage" as used in 18 U.S.C. § 1030(c)(8) and California Penal Code § 502.*

> *On September 11, 2024, Plaintiffs belatedly agreed to produce a witness to testify about "the actions Plaintiffs took, and the time Plaintiffs' employees spent, responding to NSO's exploit in May 2019."*

21 (rev'd).  The number of changes made to WhatsApp code to address Vulnerabilities during each year from 2018- 2020.

23.  Defendants' alleged action with malice and oppression and alleged commission of fraud.

26.  WhatsApp's policies and practices in 2018-present in complying with requests of law enforcement and/or intelligence agencies with respect to WhatsApp traffic and WhatsApp's "willingness to action highly dangerous content."

29.  Plaintiffs' efforts from 2018-present to address whether WhatsApp's encrypted platform hampers efforts to stop crime, terrorism and child exploitation imagery ("CEI").

32.  Plaintiffs' decision to notify or not notify governments about Plaintiffs' decision to notify Target Users about their mobile devices possibly being the subject of an attempt to install Pegasus.

36.  Any efforts by Plaintiffs to attempt to acquire Pegasus or a license to use Pegasus or to obtain Pegasus code "in the wild."

40 (rev'd).  The alleged "reverse-engineer[ing of] the WhatsApp app" and "emulate[ion of] legitimate WhatsApp network traffic in order to transmit malicious code."

42.  Plaintiffs' enforcement of any of the specific provisions of WhatsApp's Terms of Service Plaintiffs alleged were breached by Defendants.

45.  Plaintiff's calculation of each item of "damages" claimed in this action.*

> *On September 11, 2024, Plaintiffs belatedly agreed to produce a witness to testify about "the actions Plaintiffs took, and the time Plaintiffs' employees spent, responding to NSO's exploit in May 2019."*

46.  The factual bases for Plaintiffs' contentions that (a) Plaintiffs' incurred damages in excess of $75,000; and (b) such damages were caused by Defendants.*

> *On September 11, 2024, Plaintiffs belatedly agreed to produce a witness to testify about "the actions Plaintiffs took, and the time Plaintiffs' employees spent, responding to NSO's exploit in May 2019."*

47.  Your responses and objections to discovery requests directed to you in the Litigation Defendants' Interrogatory Nos. 1-5.

48.  Your responses and objections to Defendants' Requests for Admission Nos. 89-100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 140, 145-47, 149-55, 157-71, 173-75, and 179-80.


**Topics as to which Plaintiffs agreed to provide 30(b)(6) testimony only for April through May 2019:**

1.  Defendants' alleged purposeful direction of conduct at California, including that "NSO intentionally targeted and exploited WhatsApp's . . . infrastructure" in California (as opposed to any other particular place) and that "NSO . . . contracted with California-based QuadraNet to lease and knowingly use" a QuadraNet server in California (as opposed to any other particular place). [Dkt. 55 at 15].

4.  The acts through which Defendants allegedly accessed and caused to be accessed a WhatsApp Signaling Server or Relay Server without authorization or exceeded authorized access to a WhatsApp Signaling Server or Relay Server and thereby obtained information from any protected computer.

5.  The acts through which Defendants allegedly accessed and caused to be accessed a Target Device without authorization or exceeded authorized access to a Target Device and thereby obtained information from any protected computer.

6.  The acts through which Defendants allegedly accessed and caused to be accessed (a) Plaintiffs' protected computers and/or (b) Target Devices without authorization, and by means of such conduct furthered the intended fraud and obtained something of value.

7.  The acts through which Defendants allegedly knowingly accessed and without permission altered and used Plaintiffs' data, computer, computer system, and computer network to (a) devise

and execute a scheme and artifice to defraud and deceive, and (b) wrongfully control and obtain money, property, and data.

8.  The acts through which Defendants allegedly knowingly and without permission used and caused to be used WhatsApp Signaling Servers and Relay Servers, including servers located in California.

9.  The acts through which Defendants allegedly knowingly and without permission provided and assisted in providing a means of accessing Plaintiffs' computers, computer systems, and computer networks, including those located in California.

13.  The identity and locations of the WhatsApp computers, computer systems, and/or computer networks you contend Defendants accessed in violation of 18 U.S.C. § 1030 and Cal. Penal Code § 502.

17.  Plaintiffs' closing of any Vulnerability they claim was exploited by Defendants.

18.  Plaintiffs' security testing and analysis of open-source libraries used in WhatsApp software from 2018-present.

19.  Plaintiffs' process for managing the detection and remediation of Vulnerabilities in relation to WhatsApp software and systems.

20.  Training of WhatsApp developers on secure coding practices, including training certificates or other certifications for the teams of programmers, developers and engineers that maintain WhatsApp source code.

24.  The source of any Vulnerability(ies) in WhatsApp client code that Plaintiffs contend were exploited by Defendants, including but not limited to buffer overflow.

25.  The source of any Vulnerability(ies) in WhatsApp server code that Plaintiffs contend were exploited by Defendants, including lax server-side validation.

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
               antonio.perez@davispolk.com
               craig.cagney@davispolk.com
               luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED NOTICE OF VIDEORECORDED DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) TO PLAINTIFFS WHATSAPP LLC AND META PLATFORMS, INC.**<br><br>Ctrm:      3<br>Judge:     Hon. Phyllis J. Hamilton<br><br>Action Filed:  October 29, 2019<br>Trial Date:     March 3, 2025 |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the Northern District of California's Local Rules (the "Local Rules"), the Individual Standing Orders of the Honorable Phyllis J. Hamilton (the "Individual Rules"), and any other applicable rules or governing law ("Applicable Law"), Plaintiffs WhatsApp LLC and Meta Platforms, Inc., by and through their undersigned counsel, hereby respond and object as follows to Defendants' amended notice of videorecorded deposition pursuant to Fed. R. Civ. P. 30(b)(6) dated August 13, 2024 (the "Notice"), and the forty-eight matters for examination (the "Topics") as set forth below.

Plaintiffs' responses and objections (the "Responses and Objections") shall not be deemed to constitute an admission that any Topic or testimony is relevant, non-privileged, or admissible in evidence, or that any statement or characterization in the Notice is accurate or complete.  A statement that Plaintiffs will provide testimony in response to a particular request is not to be construed as an admission that any responsive information exists.  Plaintiffs reserve all objections as to the admissibility at any trial or other proceeding of any testimony provided pursuant to the Notice, including, without limitation, all objections on the grounds that the information is neither relevant to any party's claim or defense nor proportional to the needs of the case and/or is privileged.  Plaintiffs further reserve the right to object on any ground and at any time to a demand for further testimony.

**GENERAL OBJECTIONS**

Plaintiffs make the following general objections ("General Objections") to the Topics in Schedule A of the Notice, and incorporate them into Plaintiffs' responses to each and every Topic (the "Responses").  The failure to mention a General Objection specifically in response to a Topic should not be construed as a waiver of any General Objection.

1.  Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it seeks to impose burdens and obligations on Plaintiffs in addition to, beyond the scope of, or different from those imposed under the Federal Rules, the Local Rules, the Individual Rules, any order issued by the Court in this action, or Applicable Law.

2.  Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it seeks discovery of information that is not relevant to the claims asserted by Plaintiffs or

proportional to the needs of the case.  Plaintiffs also object to the Notice, and to each Definition and Topic contained therein, as exceeding the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules to the extent that the burden or expense imposed by any Topic outweighs the likely benefit.

3.      Plaintiffs object to the taking of the deposition on the date noticed.  Plaintiffs will make a representative(s) available to testify to Defendants' non-objectionable Topics on a date mutually agreeable to the parties after the parties have had a chance to meet and confer in good faith about the Topics pursuant to Rule 30(b)(6).

4.      Plaintiffs object to the Notice to the extent that it declares that the deposition "will continue from day to day until completed," because, absent stipulation or a court order providing otherwise, Rule 30(d) limits depositions to "one day of 7 hours."  *See* Fed. R. Civ. P. 30(d)(1).

5.      Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it calls for disclosure of any information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or doctrine.  Plaintiffs will withhold from testimony any information covered by those privileges or protections.  Any inadvertent disclosure of such testimony shall not be deemed, nor shall it constitute, a waiver of any such privilege or protection or of any other ground for objecting to the discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such disclosure constitute a waiver of Plaintiffs' rights to object to the use of such testimony during this action or any other proceeding.

6.      Any testimony provided by Plaintiffs in response to the Notice and Topics shall be subject to the Stipulated Protective Order dated August 31, 2020 (Dkt. No. 132).

7.      Plaintiffs object to the Notice to the extent that the Topics seek testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus function as contention interrogatories, which improperly attempt to discover legal conclusions and/or protected information, and are overbroad, inefficient, and unreasonable.

8.      Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent that it assumes disputed facts or legal conclusions, or to the extent that it incorporates,

2

references, or relies on factual assumptions or characterizations that are incorrect, speculative, or unsubstantiated.  By responding to the Notice, and to each Definition and Topic contained therein, Plaintiffs neither admit nor deny any such facts or legal conclusions.  To the extent Plaintiffs respond to any specific Topic, they do so without conceding the materiality, admissibility, or relevance of any such response or testimony provided in response to that specific Topic.

9.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent that the information sought would be more appropriately addressed through the production of documents or in written form than by deposition testimony.

10.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it seeks to impose a duty on Plaintiffs to seek out information that is not in its possession, custody, or control or that is outside the knowledge of and not reasonably available to Plaintiffs or its officers, directors, or employees.

11.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, as unduly burdensome to the extent the Notice seeks information that is already in the possession, custody, or control of Defendants or that is equally available or accessible to Defendants and can thus be obtained from a more convenient and less burdensome source.  Plaintiffs further object to the Notice to the extent that it is unreasonably cumulative or duplicative of other discovery sought or obtained by Defendants in this matter, or where the information can be derived from documents that have already been produced.

12.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent that it imposes a duty on Plaintiffs to provide testimony on information that is in the possession of Defendants, and as to which discovery has been sought by Plaintiffs and/or ordered by the Court, but which Defendants have failed or refused to produce.  Plaintiffs further object to the Notice, and to each Definition and Topic contained therein, to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.

3

13.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it lacks "reasonable particularity" as required by Rule 30(b)(6) or is otherwise vague, ambiguous, or unclear as to the precise categories of testimony sought, thereby preventing Plaintiffs from providing testimony in a reasonable manner.

14.     Plaintiffs object to each Topic to the extent that it seeks "all" or "any" facts, circumstances, or information that relate to a particular subject, on the grounds that identifying "all" or "any" facts, circumstances, or information would be unduly burdensome, impractical, and oppressive and would seek information not relevant to the subject matter of this litigation, not proportional to the needs of the case, and not otherwise discoverable under the Federal, Local, or Individual Rules.

15.     Plaintiffs object to the Notice, and to each Definition and Topic contained therein, to the extent it purports to require a deponent to memorize and recite a voluminous amount of specific factual details, including but not limited to identification of all persons or entities in response to the Topics; the exact dates, authors, addressees, and recipients of each document discussed; each meeting held concerning the subject matters of certain Topics; the substantive content of any such documents or meetings; the contents of all communications or all statements in response to the Topics; and any other specific factual information called for by the Topics.

16.     Plaintiffs' Responses and Objections do not serve as an admission by Plaintiffs that responsive information exists or is relevant, responsive, non-privileged, or admissible as evidence. Nothing in Plaintiffs' Responses and Objections should be construed as an admission that any statement or characterization in the Notice is accurate or complete.

17.     These Responses and Objections reflect Plaintiffs' present knowledge, information, and belief and may be subject to modification based on facts and circumstances that may come to Plaintiffs' attention, further discovery, or subsequent case developments.  Plaintiffs reserve the right to alter, supplement, amend, or otherwise modify their Responses and Objections to the Notice.

18.     Subject to the foregoing objections, Plaintiffs are willing to work cooperatively with Defendants for an orderly scheduling of 30(b)(6) deposition(s) of Plaintiffs.

19.     To the extent that Plaintiffs are ultimately required to designate witnesses, and to the extent that the same witness is designated for testimony as to one or more Topics and/or also is deposed in his or her individual capacity, Plaintiffs reserve the right to make such witness(es) available to be deposed only on a single occasion for both individual and representative capacities.

20.     Plaintiffs service of these Responses and Objections is not, and shall not be deemed to be, a waiver of any right Plaintiffs may have to seek appropriate relief from the Court through a joint letter, motion for protective order, or otherwise, or to object to particular questions at the deposition, if any, or to instruct the witness not to answer a question.

## **RESPONSES AND OBJECTIONS TO SPECIFIC TOPICS**

Without waiving or otherwise limiting the foregoing General Objections, and expressly reserving and incorporating each such General Objection, Plaintiffs specifically object and respond to the Definitions and Topics in Schedule A to the Notice as follows:

**Topic No. 1:**

Defendants' alleged purposeful direction of conduct at California, including that "NSO intentionally targeted and exploited WhatsApp's . . . infrastructure" in California (as opposed to any other particular place) and that "NSO . . . contracted with California-based QuadraNet to lease and knowingly use" a QuadraNet server in California (as opposed to any other particular place). [Dkt. 55 at 15].

**Response to Topic No. 1:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and

unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including the contact of such Spyware with California-based infrastructure including a QuadraNet server in California.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 2:**

The location of all WhatsApp signaling servers and relay servers over which Plaintiffs contend Defendants transmitted computer code, the frequency of Defendants' use of each such server, and whether Defendants had any ability to select which WhatsApp signaling servers and relay servers were used to transmit Defendants' computer code.

**Response to Topic No. 2:**

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable. Plaintiffs further object to the Topic because it has no temporal scope. Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery. Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested. Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs regarding the general location of WhatsApp signaling servers and relay servers, and whether any California or U.S.-based servers were involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019. Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 3:**

The acts allegedly supporting this Court's exercise of personal jurisdiction over Defendants in this case.

**Response to Topic No. 3:**

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness. Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination. Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

7

RESPONSES AND OBJECTIONS TO DEFS.' AMENDED NOTICE OF VIDEORECORDED 30(B)(6) DEPOSITION TO PLAINTIFFS
CASE NO. 4:19-CV-07123-PJH

discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic because, to the extent it seeks any relevant information, it is duplicative of other topics, including Topic No. 1 and Topic No. 2.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 4:**

The acts through which Defendants allegedly accessed and caused to be accessed a WhatsApp Signaling Server or Relay Server without authorization or exceeded authorized access to a WhatsApp Signaling Server or Relay Server and thereby obtained information from any protected computer.

**Response to Topic No. 4:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness. Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.   Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

1  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

2  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

3  from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

4  client privilege, work product immunity, the joint defense or common interest privilege, or any other

5  privilege, immunity, or protection.

6        Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

7  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

8  tiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware

9  involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including

10  the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will

11  only be made available for deposition once, including to address both the foregoing topics and the

12  witness's personal knowledge of events relating to this matter.

13  **Topic No. 5:**

14        The acts through which Defendants allegedly accessed and caused to be accessed a Target

15  Device without authorization or exceeded authorized access to a Target Device and thereby obtained

16  information from any protected computer.

17  **Response to Topic No. 5:**

18        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

19  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

20  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

21  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

22  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

23  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

24  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

25  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

26  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

27  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

28

9

1  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

2  from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

3  client privilege, work product immunity, the joint defense or common interest privilege, or any other

4  privilege, immunity, or protection.

5  Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

6  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

7  tiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware

8  involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including

9  the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will

10  only be made available for deposition once, including to address both the foregoing topics and the

11  witness's personal knowledge of events relating to this matter.

12  **Topic No. 6:**

13  The acts through which Defendants allegedly accessed and caused to be accessed (a) Plain-

14  tiffs' protected computers and/or (b) Target Devices without authorization, and by means of such

15  conduct furthered the intended fraud and obtained something of value.

16  **Response to Topic No. 6:**

17  Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

18  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

19  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

20  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

21  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

22  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

23  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

24  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

25  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

26  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

27  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

28

10

from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 7:**

The acts through which Defendants allegedly knowingly accessed and without permission altered and used Plaintiffs' data, computer, computer system, and computer network to (a) devise and execute a scheme and artifice to defraud and deceive, and (b) wrongfully control and obtain money, property, and data.

**Response to Topic No. 7:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope. Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

11

from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 8:**

The acts through which Defendants allegedly knowingly and without permission used and caused to be used WhatsApp Signaling Servers and Relay Servers, including servers located in California.

**Response to Topic No. 8:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

12

1  client privilege, work product immunity, the joint defense or common interest privilege, or any other

2  privilege, immunity, or protection.

3       Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

4  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

5  tiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spy-

6  ware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, includ-

7  ing the general location of WhatsApp signaling servers and relay servers involved in NSO's unau-

8  thorized access to Plaintiffs' computers in April and May 2019.  Any individual designated with

9  respect to such topics will only be made available for deposition once, including to address both the

10  foregoing topics and the witness's personal knowledge of events relating to this matter.

11  **Topic No. 9:**

12       The acts through which Defendants allegedly knowingly and without permission provided

13  and assisted in providing a means of accessing Plaintiffs' computers, computer systems, and com-

14  puter networks, including those located in California.

15  **Response to Topic No. 9:**

16       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

17  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

18  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

19  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

20  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

21  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

22  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

23  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

24  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

25  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

26  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

27  from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

28

client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 10:**

The acts through which Defendants allegedly knowingly and without permission accessed and caused to be accessed Plaintiffs' computers, computer systems, and computer networks, including those located in California.

**Response to Topic No. 10:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

1   client privilege, work product immunity, the joint defense or common interest privilege, or any other

2   privilege, immunity, or protection.

3       Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

4   this Topic.

5   **Topic No. 11:**

6       The acts through which Defendants allegedly knowingly introduced a computer contaminant

7   into Plaintiffs' computers, computer systems, and computer networks.

8   **Response to Topic No. 11:**

9       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

10  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

11  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

12  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

13  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

14  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

15  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

16  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

17  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

18  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

19  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

20  from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

21  client privilege, work product immunity, the joint defense or common interest privilege, or any other

22  privilege, immunity, or protection.

23      Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

24  this Topic.

25  **Topic No. 12:**

26

27

28

The factual basis for Plaintiffs' claims of conspiracy to violate 18 U.S.C. § 1030 and/or Cal. Penal Code § 502 and/or Plaintiffs' claims of attempt to violate 18 U.S.C. § 1030 and/or Cal. Penal Code § 502.

**Response to Topic No. 12:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 13:**

The identity and locations of the WhatsApp computers, computer systems, and/or computer networks you contend Defendants accessed in violation of 18 U.S.C. § 1030 and Cal. Penal Code § 502.

**Response to Topic No. 13:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

16

1   opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

2   further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

3   burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

4   further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

5   and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

6   discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

7   able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

8   to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

9   Plaintiffs in discovery.  Plaintiffs further object to this Topic because it calls for testimony so granular

10  that no witness could be expected to reliably and accurately commit to memory the information re-

11  quested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclo-

12  sure by any privilege or doctrine of immunity including, without limitation, the attorney-client priv-

13  ilege, work product immunity, the joint defense or common interest privilege, or any other privilege,

14  immunity, or protection.

15        Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

16  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

17  tiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spy-

18  ware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, includ-

19  ing the general location of WhatsApp signaling servers and relay servers, and whether any California

20  or U.S.-based servers were involved in NSO's unauthorized access to Plaintiffs' computers in April

21  and May 2019.  Any individual designated with respect to such topics will only be made available

22  for deposition once, including to address both the foregoing topics and the witness's personal

23  knowledge of events relating to this matter.

24  **Topic No. 14:**

25        The identity and locations of each "computer, computer system, computer network, computer

26  program, or data" of which you contend you are "the owner or lessee" under Cal. Penal Code §

27  502(1)(e).

28

1  **Response to Topic No. 14:**

2      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

3  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

4  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

5  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

6  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

7  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

8  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

9  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

10  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

11  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

12  Plaintiffs in discovery.  Plaintiffs further object to this Topic because it calls for testimony so granular

13  that no witness could be expected to reliably and accurately commit to memory the information re-

14  quested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclo-

15  sure by any privilege or doctrine of immunity including, without limitation, the attorney-client priv-

16  ilege, work product immunity, the joint defense or common interest privilege, or any other privilege,

17  immunity, or protection.

18      Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

19  this Topic.

20  **Topic No. 15:**

21      The factual basis for Plaintiffs' claims that Defendants caused Plaintiffs to incur a "loss" as

22  used in 18 U.S.C. § 1030(c)(11) and California Penal Code § 502.

23  **Response to Topic No. 15:**

24      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

25  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

26  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

27  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

28

burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic, as "loss" is not used in 18 U.S.C. § 1030(c)(11), and there is no such provision of the statute.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 16:**

The factual basis for Plaintiffs' claims that Defendants caused Plaintiffs to incur "damage" as used in 18 U.S.C. § 1030(c)(8) and California Penal Code § 502.

**Response to Topic No. 16:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

19

1    Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

2    from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

3    client privilege, work product immunity, the joint defense or common interest privilege, or any other

4    privilege, immunity, or protection.

5            Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

6    this Topic.

7    **Topic No. 17:**

8            Plaintiffs' closing of any Vulnerability they claim was exploited by Defendants.

9    **Response to Topic No. 17:**

10           Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further

11   object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome,

12   or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object

13   to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpre-

14   tations, and thus functions as a contention interrogatory, which improperly attempts to discover legal

15   conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.   Plaintiffs

16   further object to the Topic because it has no temporal scope.  Plaintiffs further object to the Topic

17   because it contains numerous terms, such as "Vulnerability" and "exploited," that are vague and

18   ambiguous.  Plaintiffs further object to this Topic to the extent it seeks information already known to

19   Defendants, and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the

20   extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity includ-

21   ing, without limitation, the attorney-client privilege, work product immunity, the joint defense or

22   common interest privilege, or any other privilege, immunity, or protection.

23           Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

24   regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

25   tiffs regarding the May 2019 changes to WhatsApp VOIP calling settings and to the WhatsApp client

26   app in response to the WhatsApp code exploited by NSO that Plaintiffs discovered in April and May

27   2019.  Any individual designated with respect to such topics will only be made available for

28

deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 18:**

Plaintiffs' security testing and analysis of open-source libraries used in WhatsApp software from 2018-present.

**Response to Topic No. 18:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to this Topic because it seeks information across a six-year period, and because it contains numerous terms, such as "security testing and analysis," "open-source libraries," and "WhatsApp software" that are vague and ambiguous.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the infor-mation requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plain-tiffs regarding Plaintiffs' general policies and procedures security testing and analysis of open-source libraries used in WhatsApp software as of May 2019.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 19:**

Plaintiffs' process for managing the detection and remediation of Vulnerabilities in relation to WhatsApp software and systems.

**Response to Topic No. 19:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this topic because it contains numerous terms, such as "Vulnerabilities" and "WhatsApp software and systems" that are vague and ambiguous.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs regarding the general policies and procedures for managing the detection and remediation of vulnerabilities in relation to WhatsApp software and systems as of May 2019.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 20:**

Training of WhatsApp developers on secure coding practices, including training certificates or other certifications for the teams of programmers, developers and engineers that maintain WhatsApp source code.

**Response to Topic No. 20:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object to this Topic because it calls

for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs regarding the general policies and procedures regarding training of WhatsApp programmers, developers, and engineers on secure coding practices as of May 2019.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 21:**

The number of changes to WhatsApp code caused by discovery of Vulnerabilities implemented by WhatsApp per year from 2018-present.

**Response to Topic No. 21:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs further object to the Topic because it requests information across a six-year period. Plaintiffs further object to this Topic to the extent it asserts that "Vulnerabilities" were "implemented by WhatsApp."  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client

1  privilege, work product immunity, the joint defense or common interest privilege, or any other priv-

2  ilege, immunity, or protection.

3        Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

4  this Topic.

5  **Topic No. 22:**

6        WhatsApp's advertising of the company as providing a securely encrypted messaging service.

7  **Response to Topic No. 22:**

8        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further

9  object to this Topic because it calls for testimony that is not relevant to any party's claim or defense

10  nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is

11  vague and ambiguous, overly broad, or unduly burdensome, or fails to describe with reasonable par-

12  ticularity the matters for examination.  Plaintiffs further object to the Topic because it has no temporal

13  or geographic scope.

14        Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

15  this Topic.

16  **Topic No. 23:**

17        Defendants' alleged action with malice and oppression and alleged commission of fraud.

18  **Response to Topic No. 23:**

19        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

20  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

21  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

22  further object to this Topic to the extent that it is vague and ambiguous, overly broad, or unduly

23  burdensome, or fails to describe with reasonable particularity the matters for examination.  Plaintiffs

24  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

25  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

26  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

27  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

28

24

1  to this Topic to the extent it seeks information already known to Defendants, and not disclosed to

2  Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent it seeks testimony protected

3  from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-

4  client privilege, work product immunity, the joint defense or common interest privilege, or any other

5  privilege, immunity, or protection.

6  Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

7  this Topic.

8  **Topic No. 24:**

9  The source of any Vulnerability(ies) in WhatsApp client code that Plaintiffs contend were

10  exploited by Defendants, including but not limited to buffer overflow.

11  **Response to Topic No. 24:**

12  Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

13  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

14  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

15  further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly bur-

16  densome, and without reasonable particularity such that Plaintiffs would not have reasonable notice

17  of the matters to be examined.  Plaintiffs further object to the extent that the Topic seeks testimony

18  about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention

19  interrogatory, which improperly attempts to discover legal conclusions and/or protected information,

20  and is overbroad, inefficient, and unreasonable.   Plaintiffs further object to the Topic because it has

21  no temporal scope.  Plaintiffs further object to the Topic and because it contains terms such as "Vul-

22  nerabilities," that are vague and ambiguous.  Plaintiffs further object to this Topic to the extent it

23  seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.  Plain-

24  tiffs further object to this Topic to the extent that it suggests that Plaintiffs were the "source" of any

25  Vulnerabilities.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from

26  disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client

27

28

25

1  privilege, work product immunity, the joint defense or common interest privilege, or any other priv-

2  ilege, immunity, or protection.

3      Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

4  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

5  tiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spy-

6  ware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, includ-

7  ing the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics

8  will only be made available for deposition once, including to address both the foregoing topics and

9  the witness's personal knowledge of events relating to this matter.

10  **Topic No. 25:**

11      The source of any Vulnerability (ies) in WhatsApp server code that Plaintiffs contend were

12  exploited by Defendants, including lax server-side validation.

13  **Response to Topic No. 25:**

14      Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

15  this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks

16  opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs

17  further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories,

18  and interpretations, and thus functions as a contention interrogatory, which improperly attempts to

19  discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreason-

20  able.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs further object

21  to the Topic and because it contains terms such as "Vulnerabilities," that are vague and ambiguous.

22  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants,

23  and not disclosed to Plaintiffs in discovery.  Plaintiffs further object to this Topic to the extent that it

24  suggests that Plaintiffs were the "source" of any Vulnerabilities.  Plaintiffs further object to this Topic

25  to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity

26  including, without limitation, the attorney-client privilege, work product immunity, the joint defense

27  or common interest privilege, or any other privilege, immunity, or protection.

28

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding relevant, non-privileged information as to matters known or reasonably available to Plaintiffs as of October 29, 2019 regarding Plaintiffs' understanding of the operation of the NSO Spyware involved in NSO's unauthorized access to Plaintiffs' computers in April and May 2019, including the WhatsApp code exploited by NSO.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 26:**

WhatsApp's policies and practices in 2018-present in complying with requests of law enforcement and/or intelligence agencies with respect to WhatsApp traffic and WhatsApp's "willingness to action highly dangerous content."

**Response to Topic No. 26:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined, including because it has a six-year time period and no geographical scope.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 27:**

Plaintiffs' internal and external statements concerning the WhatsApp Vulnerabilities that were the subject of media attention on or around May 14, 2019.

**Response to Topic No. 27:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs further object to the Topic because it contains numerous terms, such as "statements," "Vulnerabilities," and "media attention" that are vague and ambiguous.  Plaintiffs further object to this Topic because it

1  calls for testimony so granular that no witness could be expected to reliably and accurately commit

2  to memory the information requested.  Plaintiffs further object to the Topic because it has no temporal

3  scope.  Plaintiffs further object to the Topic because it has no temporal scope.  Plaintiffs object to

4  this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of

5  immunity including, without limitation, the attorney-client privilege, work product immunity, the

6  joint defense or common interest privilege, or any other privilege, immunity, or protection.

7        Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony

8  regarding relevant, non-privileged information as to matters known or reasonably available to Plain-

9  tiffs regarding external statements made to the members of the media regarding NSO's unauthorized

10  access to Plaintiffs' computers in April and May 2019.  Any individual designated with respect to

11  such topics will only be made available for deposition once, including to address both the foregoing

12  topics and the witness's personal knowledge of events relating to this matter.

13  **Topic No. 28:**

14        Plaintiffs' concerns that media attention on or around May 14, 2019 could delay or impair the

15  launch of WhatsApp Payments in India, Mexico, Indonesia, and Brazil.

16  **Response to Topic No. 28:**

17        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

18  this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

19  portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

20  and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

21  Plaintiffs would not have reasonable notice of the matters to be examined, including because it con-

22  tains numerous terms, such as "concerns" and "media attention," that are vague and ambiguous.

23  Plaintiffs object to this Topic to the extent it seeks testimony protected from disclosure by any priv-

24  ilege or doctrine of immunity including, without limitation, the attorney-client privilege, work prod-

25  uct immunity, the joint defense or common interest privilege, or any other privilege, immunity, or

26  protection.

27

28

1    Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

2    this Topic.

3    **Topic No. 29:**

4    Plaintiffs' efforts from 2018-present to address whether WhatsApp's encrypted platform

5    hampers efforts to stop crime, terrorism and child exploitation imagery ("CEI").

6    **Response to Topic No. 29:**

7    Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

8    this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

9    portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

10   and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

11   Plaintiffs would not have reasonable notice of the matters to be examined, including because it has a

12   six-year time period and no geographical scope.  Plaintiffs object to this Topic to the extent it seeks

13   testimony protected from disclosure by any privilege or doctrine of immunity including, without

14   limitation, the attorney-client privilege, work product immunity, the joint defense or common interest

15   privilege, or any other privilege, immunity, or protection.

16   Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

17   this Topic.

18   **Topic No. 30:**

19   Plaintiffs' analysis of the identities of the Target Users, including links to terrorism, sanctions,

20   violent crime, or child exploitation.

21   **Response to Topic No. 30:**

22   Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

23   this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

24   portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

25   and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

26   Plaintiffs would not have reasonable notice of the matters to be examined, including because it has a

27   no temporal scope and no geographical scope.  Plaintiffs further object to this Topic because it calls

28

1   for testimony so granular that no witness could be expected to reliably and accurately commit to

2   memory the information requested.  Plaintiffs object to this Topic to the extent it seeks testimony

3   protected from disclosure by any privilege or doctrine of immunity including, without limitation, the

4   attorney-client privilege, work product immunity, the joint defense or common interest privilege, or

5   any other privilege, immunity, or protection.

6        Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

7   this Topic.

8   **Topic No. 31:**

9        Plaintiffs' notification of the Target Users about their mobile devices possibly being the sub-

10  ject of an attempt to install Pegasus and the decision to notify or not notify any Target Users.

11  **Response to Topic No. 31:**

12       Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

13  this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

14  portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

15  and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

16  Plaintiffs would not have reasonable notice of the matters to be examined, including because it has

17  no temporal scope and no geographical scope.  Plaintiffs further object to this Topic because it calls

18  for testimony so granular that no witness could be expected to reliably and accurately commit to

19  memory the information requested.  Plaintiffs object to this Topic to the extent it seeks testimony

20  protected from disclosure by any privilege or doctrine of immunity including, without limitation, the

21  attorney-client privilege, work product immunity, the joint defense or common interest privilege, or

22  any other privilege, immunity, or protection.

23       Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

24  this Topic.

25  **Topic No. 32:**

26       Plaintiffs' decision to notify or not notify governments about Plaintiffs' decision to notify

27  Target Users about their mobile devices possibly being the subject of an attempt to install Pegasus.

28

**Response to Topic No. 32:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined, including because it has a no temporal scope and no geographical scope.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 33:**

Plaintiffs' Communications with the United States Department of Justice or Federal Bureau of Investigation or other law enforcement agencies about Defendants and/or Pegasus.

**Response to Topic No. 33:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined, including because it has a no temporal scope and no geographical scope.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the

31

1   attorney-client privilege, work product immunity, the joint defense or common interest privilege, or

2   any other privilege, immunity, or protection.

3         Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

4   this Topic.

5   **Topic No. 34:**

6         Your Communications with any members or agents of news media regarding material first

7   published in April 2024 on the Edna Karnaval website regarding NSO's Communications with the

8   Government of Israel regarding this Litigation and/or the efforts of the Government of Israel to pro-

9   tect its national security interest in respect of this Litigation.

10   **Response to Topic No. 34:**

11         Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

12   this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

13   portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it asserts

14   that "NSO's Communications with the Government of Israel regarding this Litigation" and "the ef-

15   forts of the Government of Israel" were "to protect its national security interest in respect of this

16   Litigation."  Plaintiffs further object to this Topic because it calls for testimony so granular that no

17   witness could be expected to reliably and accurately commit to memory the information requested.

18   Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by

19   any privilege or doctrine of immunity including, without limitation, the attorney-client privilege,

20   work product immunity, the joint defense or common interest privilege, or any other privilege, im-

21   munity, or protection.

22         Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

23   this Topic.

24   **Topic No. 35:**

25         Any efforts by Plaintiffs to obtain information about users of Plaintiffs' applications without

26   the knowledge or consent of those users.

27

28

**Response to Topic No. 35:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 36:**

Any efforts by Plaintiffs to attempt to acquire Pegasus or a license to use Pegasus or to obtain Pegasus code "in the wild."

**Response to Topic No. 36:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the Topic because it has no temporal or geographic scope.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 37:**

33

1  Any efforts by Plaintiffs to obtain information about the activities of Plaintiffs' users on Snap-

2  chat and other media.

3  **Response to Topic No. 37:**

4  Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object

5  to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor

6  proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is

7  vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such

8  that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further

9  object to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this

10 Topic because it calls for testimony so granular that no witness could be expected to reliably and

11 accurately commit to memory the information requested.  Plaintiffs further object to this Topic to

12 the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity in-

13 cluding, without limitation, the attorney-client privilege, work product immunity, the joint defense

14 or common interest privilege, or any other privilege, immunity, or protection.

15 Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

16 this Topic.

17 **Topic No. 38:**

18 Plaintiffs' use of Onavo protect or other spyware owned by Facebook, Inc., to collect data

19 from users.

20 **Response to Topic No. 38:**

21 Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

22 this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

23 portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

24 and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

25 Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object

26 to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic

27 because it calls for testimony so granular that no witness could be expected to reliably and accurately

28

1  commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it

2  seeks testimony protected from disclosure by any privilege or doctrine of immunity including, with-

3  out limitation, the attorney-client privilege, work product immunity, the joint defense or common

4  interest privilege, or any other privilege, immunity, or protection.

5         Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

6  this Topic.

7  **Topic No. 39:**

8         The creation by Plaintiffs or at Plaintiffs' behest of a Tails exploit to capture Buster Hernan-

9  dez, aka "BrianKil," as described in https://www.vice.com/en/article/v7gd9b/facebook-helped-fbi-

10  hack-child-predator-buster-hernandez.

11  **Response to Topic No. 39:**

12         Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

13  this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

14  portional to the needs of the case.  Plaintiffs further object to this Topic because it contains numerous

15  terms, such as "Tails," "exploit," and "capture," that are vague and ambiguous.  Plaintiffs further

16  object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or

17  doctrine of immunity including, without limitation, the attorney-client privilege, work product im-

18  munity, the joint defense or common interest privilege, or any other privilege, immunity, or protec-

19  tion.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness

20  could be expected to reliably and accurately commit to memory the information requested.

21         Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

22  this Topic.

23  **Topic No. 40:**

24         The factual basis for Plaintiffs' contention that Defendants "reverse-engineered the

25  WhatsApp app and developed a program to enable them to emulate legitimate WhatsApp network

26  traffic in order to transmit malicious code."

27  **Response to Topic No. 40:**

28

35

RESPONSES AND OBJECTIONS TO DEFS.' AMENDED NOTICE OF VIDEORECORDED 30(B)(6) DEPOSITION TO PLAINTIFFS
CASE NO. 4:19-CV-07123-PJH

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery. Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 41:**

The process by which users in Israel could accept WhatsApp's Terms of Service in order to sign up for WhatsApp accounts in 2018, 2019, and 2020, including whether the TOS were required to be opened or read.

**Response to Topic No. 41:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to this Topic to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in discovery.

Subject to and without waiver of the foregoing objections, Plaintiffs will provide testimony regarding the process by which users in Israel could accept WhatsApp's Terms of Service in order to sign up for WhatsApp accounts in 2018, 2019, and 2020.  Any individual designated with respect to such topics will only be made available for deposition once, including to address both the foregoing topics and the witness's personal knowledge of events relating to this matter.

**Topic No. 42:**

Plaintiffs' enforcement of any of the specific provisions of WhatsApp's Terms of Service Plaintiffs alleged were breached by Defendants.

**Response to Topic No. 42:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 43:**

Plaintiffs' awareness that persons can sign up for WhatsApp accounts anonymously, including by the use of third-party apps to obtain "secondary" or additional phone numbers.

1    **Response to Topic No. 43:**

2         Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

3    this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

4    portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

5    and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

6    Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object

7    to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic

8    to the extent it seeks information already known to Defendants, and not disclosed to Plaintiffs in

9    discovery.  Plaintiffs further object to this Topic because it calls for testimony so granular that no

10   witness could be expected to reliably and accurately commit to memory the information requested.

11   Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by

12   any privilege or doctrine of immunity including, without limitation, the attorney-client privilege,

13   work product immunity, the joint defense or common interest privilege, or any other privilege, im-

14   munity, or protection.

15        Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding

16   this Topic.

17   **Topic No. 44:**

18        The extent to which Plaintiffs knew about and acquiesced to private companies' exploiting

19   of Vulnerabilities in WhatsApp's system to avert Congress requiring encrypted messaging platforms

20   to provide a "back door" to law enforcement.

21   **Response to Topic No. 44:**

22        Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to

23   this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-

24   portional to the needs of the case.  Plaintiffs further object to this Topic to the extent that it is vague

25   and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that

26   Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object

27   to the Topic because it has no temporal or geographic scope.  Plaintiffs further object to this Topic

28

because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.   Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 45:**

Plaintiff's calculation of each item of "damages" claimed in this action.

**Response to Topic No. 45:**

Plaintiffs incorporate their General Objections as if fully set forth herein.   Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.   Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.   Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.   Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 46:**

The factual bases for Plaintiffs' contentions that (a) Plaintiffs' incurred damages in excess of $75,000; and (b) such damages were caused by Defendants.

**Response to Topic No. 46:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly bur-densome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, with-out limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 47:**

Your responses and objections to discovery requests directed to you in the Litigation Defend-ants' Interrogatory Nos. 1-5.

**Response to Topic No. 47:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor pro-portional to the needs of the case.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropri-ately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and

40

interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable. Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

**Topic No. 48:**

Your responses and objections to Defendants' Requests for Admission Nos. 89-100, 104, 108, 112, 116, 120, 124, 128, 132, 136, 140, 145-47, 149-55, 157-71, 173-75, and 179-80.

**Response to Topic No. 48:**

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Topic because it calls for testimony that is not relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs object to this Topic to the extent that it seeks information that will be the subject of expert testimony or seeks opinion testimony that would be more appropriately sought through an expert witness.  Plaintiffs further object to this Topic to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and without reasonable particularity such that Plaintiffs would not have reasonable notice of the matters to be examined.  Plaintiffs further object to the extent that the Topic seeks testimony about Plaintiffs' legal contentions, theories, and interpretations, and thus functions as a contention interrogatory, which improperly attempts to discover legal conclusions and/or protected information, and is overbroad, inefficient, and unreasonable. Plaintiffs further object to this Topic because it calls for testimony so granular that no witness could be expected to reliably and accurately commit to memory the information requested.  Plaintiffs further object to this Topic to the extent it seeks testimony protected from disclosure by any privilege

or doctrine of immunity including, without limitation, the attorney-client privilege, work product immunity, the joint defense or common interest privilege, or any other privilege, immunity, or protection.

Based on the foregoing objections, Plaintiffs will not provide corporate testimony regarding this Topic.

Dated:  August 15, 2024             DAVIS POLK & WARDWELL LLP


By:  /s/ Micah G. Block
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

1

## **CERTIFICATE OF SERVICE**

2     I hereby certify that I am a citizen of the United States and employed in the County of New

3  York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My

4  business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York

5  10017.

6     On August 15, 2024, I served a true and correct copy of the following document(s) on the

7  parties in the action addressed as follows:

8  **RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF VIDEORECORDED**
   **DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFFS WHATSAPP**
9  **LLC AND META PLATFORMS, INC.**

10  ☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable docu-

11

   ment format (PDF) to the email addresses set forth below on this date.
12

13  Joseph N. Akrotirianakis
    Aaron S. Craig
14  KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
15  Los Angeles, CA 90071
    Telephone: (213) 443-4355
16  Email: jakro@kslaw.com
          acraig@kslaw.com
17

18  *Attorneys for Defendants NSO Group*
    *Technologies Limited and Q Cyber*
19  *Technologies Limited*

20     I declare under penalty of perjury that the above is true and correct.

21     Executed on August 15, 2024 at Menlo Park, California.

22                                              */s/ Luca Marzorati*
                                              ————————————————
23                                              Luca Marzorati

24

25

26

27

28
                                            43