JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>             Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") (i) green highlighted portions of the parties' Joint Letter Regarding Plaintiffs' Communications with Law Enforcement (the "Joint Letter Brief"); (ii) green highlighted portions of Plaintiffs' Responses and Objections to Defendants' Second Set of Interrogatories and (iii) excerpts of the Deposition of Tamir Gazneli (hereinafter referenced as the "Sealed Documents").  The Sealed Documents are submitted to the Court in connection with the parties' Joint Letter Brief and filed concurrently herewith as attachments to Defendants Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.[1]

## I.  LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal."  *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013

---

[1] Pursuant to Civil Local Rule 79-5(f)(5), this Motion addresses only portions of the Sealed Documents as to which Defendants bear the burden to demonstrate the propriety of sealing. Concurrently herewith, Defendants have filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, which addresses portions of the Joint Letter Brief and Exhibits as to which Plaintiffs bear the burden to demonstrate the propriety of sealing.

1  WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

2  Here, Defendants seek to file under seal materials that are not related to a dispositive
3  motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires
4  only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents
5  produced in discovery."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.
6  2006).  Even if the higher "compelling reasons" standard applied, that standard is met here.

7  **II.   LEGAL ARGUMENT**

8  This Motion is supported by good cause (and to the extent required, by compelling reasons)
9  based on the facts attested to in the Craig Declaration.  The Sealed Documents contain confidential
10 business information and highly sensitive, non-public information, the disclosure of which would
11 prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple*
12 *Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade*
13 *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*,
14 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011); *In re Sony Gaming Networks & Customer Data*
15 *Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file
16 under seal where the records related "to confidential business plans and operations," were "subject
17 to a contractual duty of confidentiality," and where "harm could result to Defendants' business
18 operations" if the information were prematurely disclosed).

19 Courts have routinely held that confidential business information satisfies the higher
20 "compelling reasons" standard.  *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal.
21 Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records
22 that implicate "confidential business information" subject to confidentiality agreements); *Jones v.*
23 *PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).

24 Good cause exists to seal the Sealed Documents, and Defendants respectfully request that
25 the Court grant this Motion and order the Sealed Documents be kept under seal.  Defendants have
26 closely analyzed the Sealed Documents and are asking the Court to file under seal only the bare
27 minimum amount necessary.

28

### III. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Should the Court deny the Motion, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered withdrawn and that any such information not be publicly filed.

DATED: September 20, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED