# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, California 90071 USA

September 20, 2024

The Honorable Phyllis J. Hamilton, Senior U.S. District Judge
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 3
1301 Clay Street, Oakland, CA 94612

Re:     Discovery Matter in *WhatsApp, Inc. et al. v. NSO Group Techs., Ltd. et al.*, 4:19-cv-7123

Dear Judge Hamilton:

Pursuant to the Court's Standing Order, the Parties hereby submit this joint letter brief regarding a dispute concerning NSO's Fifth and Sixth Sets of Requests for Production of Documents ("RFPs") and Second Set of Interrogatories ("Interrogatories").

## I.     NSO's Position

### A.  Plaintiffs Have Waived Their Objections to NSO's Fifth RFPs and Second Interrogatories By Failing to Respond Timely.

NSO served Plaintiffs with NSO's Fifth RFPs and Second Interrogatories more than seven weeks ago, on July 24, 2024.  These discovery requests seek highly relevant documents and information concerning:  (i) Plaintiffs' claims that NSO's Pegasus technology was in fact installed on Target Devices (RFP No. 259 and Interrogatories 6-7); (ii) IP addresses for computer servers allegedly involved in events underlying Plaintiffs' claims (Interrogatories 8-9); and (iii) WhatsApp's security measures, including training and vulnerability testing, that bear on causation and damages issues and expert opinions *Plaintiffs* propose to offer (RFP Nos. 265-74).  Per the parties' express agreement to accept email service, these discovery requests were served by email on Plaintiffs' four lead counsel.  Plaintiffs' description of the email service agreement between the parties is wrong.  The email service agreement between the parties was memorialized in the attached emails dated March 6, 2023 and March 28, 2023, and it does not include any condition that service needed to be made on any "distribution list." Exhs. 1-2.  Plaintiffs unquestionably consented to email service without any condition regarding "inclusion of a specific distribution list." *Id.*[1]  Plaintiffs' responses were due thirty days after service, on August 23, 2024.  *See* Fed. R. Civ. P. 33(b)(2) & Fed. R. Civ. P. 34(b)(2)(A).

---

[1] Plaintiffs did not make any objection to the manner of service in responding to Defendants' Fifth RFPs and Second Interrogatories.

Page 2

On August 20, 2024, Plaintiffs asked that their deadline to respond to NSO's Fifth RFPs and Second Interrogatories be extended to September 6, 2024 (a requested extension of 14 days). On August 22, 2024, the parties conferred.  NSO explained that, with fact discovery scheduled to close on September 13, 2024, NSO could not agree to the two-week extension Plaintiffs requested, but that it would be amenable to a shorter extension.  Plaintiffs said they would consider that alternative suggestion, but then never followed up with Defendants.  Accordingly, the parties did not reach *any* agreement concerning extension of the response deadline during the August 22 conference, and certainly did not agree upon the two-week extension Plaintiffs proposed.

On September 6, 2024, with Plaintiffs responses to NSO's Fifth RFPs and Second Interrogatories already two weeks overdue, Plaintiffs emailed saying that they now "require until September 13"—the same day on which fact discovery closes—to serve responses.  Thereafter, Plaintiffs belatedly served responses and objections to NSO's Fifth RFPs on September 9, 2024, seventeen days after they were due (wherein they did not agree to search for, or produce, any documents).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992) (finding objections waived where raised after the deadline imposed by the Federal Rules); *accord Chea v. Best Buy Stores, L.P.*, 2015 WL 12806553, at *1 (N.D. Cal. Mar. 10, 2015).  Plaintiffs' untimely objections to NSO's Fifth RFPs and Second Interrogatories should likewise be deemed waived; Plaintiffs should be ordered to produce all documents in their possession, custody, or control that are responsive to NSO's Fifth RFPs, and should strike Plaintiffs' objections.

On September 13, nearly simultaneously with Defendants sending Plaintiffs their portion of this joint letter, Plaintiffs served unverified responses to NSO's Second Interrogatories.  This is tantamount to not serving responses at all, and Plaintiffs' objections are waived.  *Golden v. American Pro Energy*, 2017 WL 2701920 (C.D. Cal. June 22, 2017) ("On March 1, 2017, Defendant served *unverified* responses to Interrogatories, Set One.  Defendant has not served responses to Interrogatories, Set Two.  Therefore, as of June 1, 2017, Defendant has not served any answers or objections to either set of Interrogatories." (emphasis in original).)  Moreover, pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(ii) and 37(d)(3), where a party fails to respond to interrogatories, a court may, as a sanction, direct that pertinent facts be taken as established.  Here, the Court should direct that the following facts relevant to NSO's Second Interrogatories be taken as established for purposes of this action:  (i) ██████████████████████ ███████████████████████ (*see* Exh. 3 [WA-NSO-00167327] (admitting that ███████████████████████)); (ii) during the time period relevant to this case, ████████████████ (*see* Exh. 4 [30(b)(6) Deposition of Plaintiffs (by designee Claudiu Gheorghe) Tr.] at 142:9-25 (testifying that ████████)); (iii) ███████████████████████████ ███████████████ (*id*. at 82:3-5 (testifying that ███████████████████████████)); and

(iv) ███████████████████████████████████████████████████████

██████████████████████████████████████████ (*id.* 131:16-133:12; 134:11-19)).

### B. Plaintiffs' Objections to NSO's RFP Nos. 259 and 265-74 Lack Merit and Should Be Overruled for That Reason As Well.

In addition to having waived their objections to NSO's Fifth RFPs as discussed above, Plaintiffs' blanket objections to searching for or producing any documents in response to NSO's Fifth and Sixth RFPs are improper on the merits and should be overruled.

#### 1. RFP No. 259

NSO's RFP No. 259 merely seeks documents and communications "sufficient to show that a Relevant NSO Product was successfully installed on" any of the Target Devices on which Plaintiffs contend Pegasus was successfully installed on Target Devices in April-May 2019. Defendants do not know whether their customers' attempts to install Pegasus on any particular target were successful. Plaintiffs' internal documents, however, ████████████████████████ ██████████████████████████████████████████████████████████ (*see* Exh. 3). So as not to get sandbagged at trial, Defendants are entitled to any evidence Plaintiffs have relating to any successful installation of Pegasus on a Target Device. Such documents are obviously highly relevant to Plaintiffs' CFAA and CDAFA claims that NSO accessed Target Devices without authorization *and obtained data therefrom.* Plaintiffs object on the ground that they have purportedly produced *some* documents responsive to this RFP and refuse to search for or produce any additional responsive documents. Plaintiffs should be compelled to produce documents sufficient to substantiate their claims that Pegasus was *in fact installed* on any of the Target Devices.

#### 2. RFP Nos. 265-74

NSO's RFP Nos. 265-74 seek documents and communications relating to security measures and testing that Plaintiffs claim WhatsApp had in place before and after WhatsApp's discovery of security vulnerabilities allegedly exploited by NSO's Pegasus technology. These documents and communications are relevant to Plaintiffs' claim that their damages █████████ ██████████████████████████████████████████████████████████ *See, e.g.,* Exh. 5, ¶¶ 12, 51-88 [Trexler Rpt.]. Specifically, documents responsive to these RFPs would be probative of whether these expenses were caused by NSO, as Plaintiffs claim, or were caused by the fact that prior to and during April-May 2019, WhatsApp's code contained pre-existing vulnerabilities that WhatsApp failed to address through basic security testing or the use of fundamental techniques that would have identified and remediated the vulnerabilities. Importantly, the documents would also be probative of whether WhatsApp is seeking to recover the reasonable costs of restoring its system to "its condition prior to the offense," *see* 18 U.S.C. § 1030(e)(11), or whether WhatsApp is also seeking to recover the costs of *enhancing* its security well beyond its prior condition. *See Nutrition Distribution LLC v. IronMag Labs, LLC,* 2018 WL 6307882, at *2 (C.D. Cal. Oct. 29,

2018) (compelling production of documents concerning plaintiff's pre-litigation conduct that were relevant to causation, damages, and affirmative defenses).  Further, Plaintiffs have submitted an expert report offering opinions ████████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████  *See* Exh. 6, Section V [Vance Rpt.].  Having proposed to introduce expert testimony on these topics, Plaintiffs cannot withhold documents concerning the factual bases for that proposed testimony.  *See EDU-Science (USA) Inc. v. IntuBrite, LLC*, 2015 WL 3796111, at *5 (S.D. Cal. June 17, 2015) (compelling production of documents relevant to expert testimony).

## II.  Plaintiffs' Position

### A.  Plaintiffs Have Not Waived Their Objections to NSO's Fifth RFPs and Second Interrogatories

Defendants again are needlessly burdening the Court with a routine discovery timing dispute and inappropriately seek sanctions despite not having suffered any prejudice.  Defendants improperly served their Fifth RFPs and Second Interrogatories, and Plaintiffs disagree with Defendants' assertion that the deadline for responding was August 23, 2024.  NSO's request for sanctions is therefore meritless and should be denied.

In addition to the specific methods of service set forth in the Federal Rules, Rule 5 permits service by "other electronic means that the person consented to in writing."  Fed. R. Civ. P. 5(b)(2)(E).  Even under that method, however, Rule 5 provides that service is "not effective if the . . . sender learns that it did not reach the person to be served."  *Id.*

Plaintiffs did not consent to email service of the Fifth RFPs and Second Interrogatories absent inclusion of a specific distribution list.  In April 2023, *after* the March 2023 emails cited by Defendants above, Plaintiffs sent Defendants an email referencing "our agreement regarding service and Plaintiffs' practice in this case to date" and specifically requested that when Defendants electronically serve documents they "include the distribution list [group email]@davispolk.com on such notices."  Exh. 7  Subsequently, Defendants frequently failed to include that email distribution list when attempting to effect email service, and Plaintiffs' counsel repeatedly reminded them to do so.[2]

---

[2]  *See, e.g.*, Jun. 28, 2023 Email from A. Perez-Marques ("Could you please include [group email]@davispolk.com on these service emails?  I believe we may have discussed this previously."); Aug. 10, 2023 Email from C. Cagney ("As a reminder, please copy [group email]@davispolk.com when serving documents to us by email."); Aug. 17, 2023 from M. Block ("Please remember to copy [group email] on case-related correspondence."); Aug. 19, 2023 from M. Block ("Adding our team – please remember to include the [group email] email alias on case-related emails."); Aug. 25, 2023 Email from M. Block ("Please remember to copy [group email]@davispolk.com on service emails for this case."); Aug. 31, 2023 Email from C. Cagney ("As a reminder, please copy [group email]@davispolk.com to ensure

Page 5

When NSO attempted email service of the written discovery on July 24, 2024, it failed to include the distribution list in its email.  Because Plaintiffs never consented to email service absent service on the distribution list, this service was ineffective under the Federal Rules.  Fed. R. Civ. P. 5(b)(2)(E).  And, as a practical matter, Plaintiffs' team responsible for tracking the related discovery responses and deadlines did not become aware of these requests until two weeks later, during the parties' August 12 conference about a different subject (when Plaintiffs asked about NSO's *Sixth* RFPs, which were sent to the email distribution list and appeared to have been served out of order).  Once learning of the attempted service on July 24, Plaintiffs' counsel immediately informed NSO that the written discovery was not sent to the email distribution list and that Plaintiff would need an extension of its response time if July 24 was considered the date of service.  Because Plaintiffs' counsel informed Defendants that the written discovery "did not reach" the distribution group, service of the written discovery is "not effective" under the Federal Rules.  *See* Fed. R. Civ. P. 5(b)(2)(E).  Indeed, Defendants have yet to properly serve the written discovery because they never sent it to the distribution group.  When defense counsel resent its July 24 email during the parties' August 12 call, it again neglected to copy the distribution list.

Because Plaintiffs had no reason to believe that Defendants would object to providing a reasonable extension—which was consistent with the parties' practice to routinely grant extension requests[3]—Plaintiffs did not explicitly request an extension until August 20, 2024 (before the purported deadline to respond *if* NSO had properly served its requests on July 24).  On August 22, 2024, the parties discussed the extension request over the phone, and Plaintiffs understood from the discussion that Defendants had agreed to an extension, but Defendants position now is that they merely expressed that they were amenable to an extension.

On September 6, 2024, NSO, for the first time, took the position that it had never granted any extension, insisted on measuring the response date from its improperly served July 24 email, asserted that Plaintiffs had missed their deadline to respond, and refused to consider any extension.  Plaintiffs served their responses to NSO's Fifth RFPs on September 9.  The parties continued to confer about the deadline for the responses through September 11, 2024, when Plaintiffs' counsel reiterated that Defendants failed to email the email group and that Plaintiffs had granted Defendants' reasonable extension requests in the past.  In response, Defendants' counsel stated that NSO would review Plaintiffs' responses to the written discovery to determine if it would raise this issue with the Court.  Plaintiffs served their responses to NSO's Second Interrogatories on September 13.  NSO sent its initial draft of their portion of this joint letter to Plaintiffs *three minutes after* receiving Plaintiffs' interrogatory responses, apparently indifferent to the contents of the responses.

---

timely responses."); Sept. 1, 2023 Email From C. Cagney ("We also remind you again to please copy [group email]@davispolk.com to avoid these kind of delays.").

[3] For instance, Plaintiffs granted Defendants three extensions to respond to Plaintiffs' Second Set of Requests for Admission, and Defendants ended up serving their responses and objections nearly two months after the initial requests were served.

Page 6

Defendants' request for sanctions should be denied.  First, Defendants have not articulated any prejudice resulting from receiving Plaintiffs' responses after August 23, 2024 (even assuming that was the correct deadline, which it is not).  After receiving Defendants' draft of this letter, Plaintiffs noted that they had not identified any prejudice, that the parties should avoid burdening the Court with this dispute about timeliness, and asked Defendants to meet and confer on this issue. Defendants refused to meet and confer, did not articulate any prejudice to them resulting from when they received Plaintiffs' responses (which are complete),[4] or make any proposal to address any such prejudice.  Instead, Defendants reach for a windfall of court-ordered admissions.  For example, they ask the Court to rule, as a discovery sanction, that NSO's spyware was never successfully installed on any target device. ██████████  That is false.  And it is a topic on which NSO itself has refused to produce information.  The Court should reject NSO's attempt to circumvent its own discovery obligations by means of this timeliness dispute.

Second, NSO cites no authority that supports its request for sanctions.  To the contrary, under these circumstances, to the extent Plaintiffs' responses were late at all, there would be good cause for the Court to excuse any delay.  *See* Fed. R. Civ. P. 33(b)(4) (allowing a court to excuse a party's failure to respond to interrogatories within 30 days "for good cause"); Fed. R. Civ. P. 34(b)(2)(A) (allowing a court to order "shorter or longer time" to respond to requests for production); *see also* 8B Fed. Prac. & Proc. Civ. § 2176 (3d ed.) (courts have "broad discretion" to determine waiver).

Courts have not penalized parties in cases where a party waited significantly longer to respond to discovery requests.  *See Open Text Inc v. Northwell Health, Inc.*, No. CV 19-9216 FMO (ASX), 2020 WL 6050595, at *3 (C.D. Cal. Aug. 6, 2020) (finding good cause to excuse party's failure to file timely objections when party prepared responses six weeks late); *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 57 (D. Conn. 2010) (finding "that the delay of approximately one month is not sufficiently substantial as to justify the waiver of the defendants' objections, particularly in the absence of any deliberately evasive conduct by the defendants").  By way of comparison, *Richmark* involved a defendant who failed to raise an objection to discovery requests and interrogatories for seven months after service—and even then, the Ninth Circuit proceeded to reach the merits of the objection.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473-74 (9th Cir. 1992); *see also Chea v. Best Buy Stores, L.P.*, No. 14-CV-00020-HSG, 2015 WL 12806553, at *1 (N.D. Cal. Mar. 10, 2015) (refusing to find good cause where plaintiff filed discovery responses one month late and failed to ask for an extension).  The relief that NSO seeks is even more extreme and unnecessary here, where NSO manufactured this situation, and where at least some of the conclusions that NSO asks the Court to deem established—for instance, whether Pegasus was installed on any of the mobile devices of WhatsApp users—are squarely in NSO's control, and NSO has refused to produce discovery on this topic.

---

[4] After September 13, Plaintiffs provided a verification to append to their interrogatory responses.

### B. Plaintiffs' Objections to NSO's RFP Nos. 259 and 265-74 Do Not Lack Merit and Should Be Upheld for That Reason as Well

#### 1. RFP No. 259

NSO's RFP 259 requests documents and communications "sufficient to show that a Relevant NSO Product was successfully installed on" a Target Device.  Plaintiffs have produced over 25,000 documents, including documents sufficient to show that Relevant Spyware was successfully installed on Target Devices between April 29, 2018, and May 10, 2020.

Moreover, Plaintiffs specifically listed the documents that support Plaintiffs' allegation in response to a nearly identical request in Defendants' Second Set of Interrogatories.  In that response, Plaintiffs directed Defendants to the deposition testimony of Tamir Gazneli, NSO's head of research and development, who admitted that ████████████████████████ ██████████████████████████████████████████████  *See* Gazneli Dep. Tr. 83:10–11.  Mr. Gazneli's admission, the documents listed by Plaintiffs, and Defendants' own refusal to produce any documents whatsoever about the installation of Pegasus on Target Devices, are sufficient to resolve this issue.  Plaintiffs have produced discovery more than ample to enable them to meet its burden, and Defendants are not prejudiced.

#### 2. RFP Nos. 265-274

Plaintiffs have already produced documents responsive to RFP Nos. 265-274—including documents showing how Plaintiffs were proactively hardening WhatsApp's security when they uncovered Defendants' attack and documents relied upon by Plaintiffs' expert Anthony Vance who addressed Defendants' meritless victim-blaming arguments.  Plaintiffs' witnesses have also answered countless deposition questions on the strength of WhatsApp's security both before and after Defendants' attack.  Moreover, Defendants have failed to establish that Plaintiffs' security program is relevant to any affirmative defense—nor could they, given the extensive testimony that Defendants' own executives provided about the sophistication of Defendants' exploit.  Particularly at this late stage in the case, Defendants have not shown that additional search terms and custodians covering WhatsApp's security efforts over a four-year period from 2016 to 2020 would be relevant or proportional to the needs of the case.  And Defendants have not cited any case law requiring Plaintiffs to produce anything else.

Sincerely,

Aaron Craig, Counsel for Defendants

Craig Cagney, Counsel for Plaintiffs

# EXHIBIT 1

**From:** Aaron Craig
**To:** K&S NSO
**Subject:** FW: Service via email
**Date:** Friday, September 20, 2024 7:28:52 PM

---

**From:** Aaron Craig
**Sent:** Monday, March 6, 2023 11:55 AM
**To:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Marzorati, Luca <luca.marzorati@davispolk.com>; Carla Christofferson <CChristofferson@KSLAW.com>; Joe Akrotirianakis <JAkro@KSLAW.com>; Christine Choi <CChoi@KSLAW.com>
**Subject:** RE: Service via email

Counsel:  We have the following proposal with respect to email service in the WhatsApp v. NSO Group litigation.  Documents sent via email to counsel by 5:30 p.m. pacific time will be deemed personally served on the receiving party the day that the email is sent.  Documents sent via email to counsel after 5:30 p.m. pacific time will be deemed personally served on the next court day following the sending of the email.   For the avoidance of doubt, parties may choose to use other methods of service instead of or in addition to email service.

This proposal would not apply to matters filed and served via ECF.

Please let me know if you are agreeable to this proposal.

---

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Tuesday, February 28, 2023 4:20 PM
**To:** Aaron Craig <ACraig@KSLAW.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Marzorati, Luca <luca.marzorati@davispolk.com>; Carla Christofferson <CChristofferson@KSLAW.com>; Joe Akrotirianakis <JAkro@KSLAW.com>; Christine Choi <CChoi@KSLAW.com>
**Subject:** Re: Service via email

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Aaron - that is fine for today and then I'm sure we can agree on an email service agreement going forward.

Best,

Tony

Antonio J. Perez-Marques

Davis Polk & Wardwell LLP

450 Lexington Avenue

New York, NY 10017

212 450 4559  tel

212 701 5559   fax

antonio.perez@davispolk.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

On Feb 28, 2023, at 7:19 PM, Aaron Craig <ACraig@kslaw.com> wrote:

Counsel:  We intend to serve certain RFP/subpoena responses today, as discussed at the Case Management Conference on February 16.  I believe we do not yet have an agreement in this case relating to email service.  We would like to serve today's responses by email with your consent, and we can discuss the finer points of an email service agreement tomorrow.  Is that agreeable?

Thanks.

**Aaron Craig**
*Partner*

T: +1 213 443 4311  |  E: acraig@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

kslaw.com

---

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Thursday, February 23, 2023 3:22 PM
**To:** Joe Akrotirianakis <JAkro@KSLAW.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G.
<micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Aaron
Craig <ACraig@KSLAW.com>; Carla Christofferson <CChristofferson@KSLAW.com>;
Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** RE: proposed stip

| CAUTION: MAIL FROM OUTSIDE THE FIRM |
| --- |

Joe – attached is a proposal final.  With your approval we will file.  Please
confirm.

Best,

Tony

**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

---

**From:** Joe Akrotirianakis <JAkro@KSLAW.com>
**Sent:** Thursday, February 23, 2023 7:58 AM
**To:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G.
<micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Aaron
Craig <ACraig@KSLAW.com>; Carla Christofferson <CChristofferson@KSLAW.com>
**Subject:** RE: proposed stip

Tony, can you make this one change?  I can't do the morning on November 16, which is
why I asked about the 9th as an alternative.  The stip is otherwise fine.  Can you send
the proposed order?  Joe

<image003.png>

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Wednesday, February 22, 2023 8:21 AM
**To:** Joe Akrotirianakis <JAkro@KSLAW.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G.
<micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Aaron
Craig <ACraig@KSLAW.com>; Carla Christofferson <CChristofferson@KSLAW.com>
**Subject:** RE: proposed stip

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Joe – we are fine with a March 11 cut-off for fact discovery, and have attached
a proposed stipulation to that effect, with the corresponding discovery
conference 120 days prior and a proposed settlement conference in April 2024
as you suggest.

We do not believe it is necessary to request a correction to the docket text on
the trial date, given that the minute entry itself (Dkt. 165, attached) provides the
correct trial date of December 2, 2024.  We moreover expect that once the
Court has received this stipulation it will enter a comprehensive schedule with
the correct trial date.  If you feel strongly to the contrary, please let us know the
language you would propose to add to the stipulation.

Best,

Tony


**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

**From:** Joe Akrotirianakis <JAkro@KSLAW.com>
**Sent:** Monday, February 20, 2023 2:01 PM
**To:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Cc:** Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G.
<micah.block@davispolk.com>; Andres, Greg D. <greg.andres@davispolk.com>; Aaron
Craig <ACraig@KSLAW.com>; Carla Christofferson <CChristofferson@KSLAW.com>
**Subject:** proposed stip

Counsel:

Given that the parties proposed fact discovery cutoff dates (with an October 2024 trial
date) were seven weeks apart, and given that the trial date is now set for December 2,
2024 (about six weeks later), and further given that the Court agreed to schedule a

conference to discuss the status of discovery 120 days in advance of the fact discovery cutoff, can we agree to a fact discovery cutoff of March 11 or 18, 2024, with a settlement conference to occur in April 2024?

In whatever submission we make to the Court this week, we should also respectfully request that the Court to correct its minute order [Dkt. 165], which sets the trial date as February 2, 2024, instead of December 2, 2024.

Thank you.

Joe

─────

**Joseph N. Akrotirianakis**
*Partner*

T: +1 213 443 4313  |  E: jakro@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

<image002.png>

kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Aaron Craig |
| **To:** | K&S NSO |
| **Subject:** | FW: WhatsApp LLC v. NSO Group Technologies Ltd. |
| **Date:** | Friday, September 20, 2024 7:06:56 PM |

**From:** Block, Micah G. <micah.block@davispolk.com>
**Sent:** Tuesday, March 28, 2023 12:56 PM
**To:** Aaron Craig <ACraig@KSLAW.com>; Marzorati, Luca <luca.marzorati@davispolk.com>; Joe
Akrotirianakis <JAkro@KSLAW.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J.
<antonio.perez@davispolk.com>; Cagney, Craig <craig.cagney@davispolk.com>
**Subject:** RE: WhatsApp LLC v. NSO Group Technologies Ltd.

<div style="background:#f5d37e">CAUTION: <b>MAIL FROM OUTSIDE THE FIRM</b></div>

Hi Aaron –

I thought both sides had indicated consent to service by email in your February 28
correspondence with Tony?  Your March 6 proposal regarding "the finer points" as you put
it is fine by plaintiffs as to email service going forward.

Here is our understanding of the service and response dates of recently served discovery.
If defendants have a different understanding, please let us know:

- Defendants' First Set of Requests for Production, served on March 7 responses due
  on April 6
- Defendants' First Set of Requests for Admission, served on March 7, responses due
  on April 6
- Plaintiffs' First Set of Requests for Admission, served on March 7, responses due on
  April 6
- Plaintiff's First Set of Interrogatories, served on March 24, response due on April 24

Thanks,
Micah

**From:** Aaron Craig <ACraig@KSLAW.com>
**Sent:** Saturday, March 25, 2023 9:55 AM
**To:** Marzorati, Luca <luca.marzorati@davispolk.com>; Joe Akrotirianakis <JAkro@KSLAW.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J.
<antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; Cagney, Craig
<craig.cagney@davispolk.com>
**Subject:** RE: WhatsApp LLC v. NSO Group Technologies Ltd.

Counsel:  I have not received a response to my email of March 6 asking Plaintiffs' position on our
proposal with respect to email service.  Now, however, for the second time since that email, you
have purported to serve discovery by email and not by any other means.

Can you please respond to my March 6 email letting us know your position?

---

**From:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Sent:** Friday, March 24, 2023 7:41 PM
**To:** Joe Akrotirianakis <JAkro@KSLAW.com>; Aaron Craig <ACraig@KSLAW.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; Cagney, Craig <craig.cagney@davispolk.com>
**Subject:** WhatsApp LLC v. NSO Group Technologies Ltd.

| CAUTION: **MAIL FROM OUTSIDE THE FIRM** |
| --- |

Counsel,

Please see attached for Plaintiff WhatsApp LLC's First Set of Interrogatories to Defendant NSO Group Technologies Limited.

Thanks,
Luca
**Luca Marzorati**

+1 212 450 3660 office
+1 718 304 6950 mobile
luca.marzorati@davispolk.com

---

**Davis Polk & Wardwell** LLP

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

# Exhibit 3

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

# Exhibit 4

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 5

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 6

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# EXHIBIT 7

| | |
|---|---|
| **From:** | Aaron Craig |
| **To:** | EXT - Antonio J. Perez-Marques; Mina Tunson-Stevenson; Joe Akrotirianakis; EXT - Greg D. Andres; EXT - Craig Cagney; EXT - Micah Block |
| **Cc:** | EXT - fb_nso |
| **Subject:** | RE: WhatsApp Inc. et al v. NSO Group Technologies Limited et al |
| **Date:** | Wednesday, April 5, 2023 3:26:35 PM |
| **Attachments:** | image001.png |

Counsel,

We have provided notice of all third party subpoenas served by Defendants.  Please confirm that the same is true for Plaintiffs.

The service by fed ex and not email was the result of a miscommunication.  We intend to serve any future subpoena notices by email pursuant to our email service agreement.

---

**From:** Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Sent:** Tuesday, April 4, 2023 5:51 AM
**To:** Mina Tunson-Stevenson <MTunson@KSLAW.com>; Aaron Craig <ACraig@KSLAW.com>; Joe Akrotirianakis <JAkro@KSLAW.com>; Andres, Greg D. <greg.andres@davispolk.com>; Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>
**Cc:** fb.nso <fb.nso@davispolk.com>
**Subject:** RE: WhatsApp Inc. et al v. NSO Group Technologies Limited et al

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

Thank you for providing these notices.  Can you please confirm that you have provided notice of all third party subpoenas served by Defendants?  We will do the same on our part.

We received hard copies of at least some of the subpoenas by fed ex.  Going forward, we would propose that such notices be provided promptly via email, consistent with our agreement regarding service and Plaintiffs' practice in this case to date.  Please include the distribution list fb.nso@davispolk.com on such notices.

In addition, please note that Plaintiffs object to all such third-party requests to the extent the requests seek information related to Meta's reputation.  As will be stated in Plaintiffs' forthcoming response and objections, Plaintiffs do not intend to seek reputational damages, meaning that these requests are not relevant to any claims or defenses in this action.

Best,

Tony

**Antonio J. Perez-Marques**

**Davis Polk & Wardwell** LLP
+1 212 450 4559 office

+1 917 504 7980 mobile
antonio.perez@davispolk.com

---

**From:** Mina Tunson-Stevenson <MTunson@KSLAW.com>
**Sent:** Monday, April 3, 2023 7:41 PM
**To:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J.
<antonio.perez@davispolk.com>; Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G.
<micah.block@davispolk.com>
**Cc:** Aaron Craig <ACraig@KSLAW.com>
**Subject:** WhatsApp Inc. et al v. NSO Group Technologies Limited et al

Counsel,
Attached for service are the following Notices of Third-Party Subpoenas:
1. Notice of Third-Party Subpoena (Lieff Cabraser);
2. Notice of Third-Party Subpoena (Phillips, Erlewine, Given & Carlin LLP); and
3. Notice of Third-Party Subpoena (The Arnold Law Firm).
4. Notice of Third-Party Subpoena (Bleichmar Fonti & Auld LLP

---

**Wilhelamina Tunson-Stevenson**

LPA Coordinator & Development Specialist

T: +1 213 443 4338  |  E: mtunson@kslaw.com

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071

King & Spalding

kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.