1  Greg D. Andres
   Antonio J. Perez-Marques
2  Craig T. Cagney
   Luca Marzorati
3     (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
4  450 Lexington Avenue
5  New York, New York 10017
   Telephone: (212) 450-4000
6  Facsimile: (212) 701-5800
7  Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
8           craig.cagney@davispolk.com
            luca.marzorati@davispolk.com
9
   Micah G. Block (SBN 270712)
10 DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
11 Menlo Park, California 94025
12 Telephone: (650) 752-2000
   Facsimile: (650) 752-2111
13 Email:   micah.block@davispolk.com

14 *Attorneys for Plaintiffs WhatsApp LLC and
   Meta Platforms, Inc.*
15

16                       UNITED STATES DISTRICT COURT
17
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
18
                                OAKLAND DIVISION
19

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF ADMINISTRATIVE MOTION TO ENLARGE PLAINTIFFS' TIME TO FILE DISCOVERY-RELATED MOTIONS UNDER CIVIL LOCAL RULE 37-1**<br><br>Ctrm:　3<br>Judge:　Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am partner of the law firm of Davis Polk & Wardwell LLP and admitted to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action. I submit this Declaration in support of Plaintiffs' Administrative Motion to Enlarge Plaintiffs' Time to File Discovery-Related Motions, which is filed herewith.

2. Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants") had produced, as of August 1, 2024, just 17 of their own documents. In late August, Defendants produced approximately 4,500 additional documents. Between September 3, 2024 and September 13, 2024, Defendants produced another approximately 330 documents.

3. The four employees of Defendants who were offered for depositions were offered during the weeks of August 26 and September 2 in London, England: Ramon Eshkar (August 27), Yaron Shohat (August 29), Tamir Gazneli (September 4), and Sarit Bizinsky Gil (September 6).

4. On September 12, 2024, counsel for Plaintiffs sent counsel for Defendants an eight-page letter (the "Deficiency Letter") outlining deficiencies in Defendants' discovery obligations—with respect to both documents and deposition testimony—and detailing ways in which Defendants have violated the Court's orders throughout the discovery period. Plaintiffs asked for Defendants to cure their production deficiencies by September 13, 2024, which was the date that fact discovery was scheduled to close.

5. On September 16, 2024, the parties filed a joint stipulation proposing that the depositions of five witnesses should be taken shortly after the fact-discovery cutoff during the weeks of September 16, 2024, and of September 23, 2024. The Court entered the stipulation on September 16, 2024. *See* Dkt. No. 380.

6. On September 17, 2024 and September 18, 2024, counsel for Plaintiffs took the depositions of two witnesses represented by Defendants' counsel: Josh Shaner (September 17) and Terrence DiVittorio (September 18).

7. On September 20, 2024 at 3:30 PM, counsel for Defendants sent counsel for Plaintiffs a three-page letter response to Plaintiffs' September 12, 2024 Deficiency Letter. That letter

1

purported to respond to certain issues identified in the Deficiency Letter, but defense counsel also admitted that they were "unable to address your requests about depositions in this letter."

8.  Hours later, Plaintiffs' counsel sent Defendants' counsel an email notifying them of Plaintiffs' intention to file this motion, and asking whether Defendants were willing to stipulate this relief or oppose such relief. Defendants did not respond.

9.  During the February 15, 2024 conference, the Court indicated that it was willing to hear a sanctions motion made by Plaintiffs if Defendants did not comply with their document production obligations by the close of fact discovery. Feb. 15, 2024 Tr. at 70:20–23. Plaintiffs are actively seeking to meet-and-confer with Defendants regarding Defendants' discovery deficiencies in the hopes of narrowing the issues for the Court to resolve. Thus, to the extent September 20, 2024 is the deadline for a sanctions motion, Plaintiffs would suffer substantial harm in the absence of an extension.

10. Pursuant to Civil Local Rule 6-2(a)(2), the Court has previously issued the following time modifications in this case:

   a.  granting Plaintiffs' request to reschedule the case management conference prior to the service of summons and complaint on Defendants (Dkt. No. 17);

   b.  granting the Parties' request to enlarge the time to file their opposition and reply to Defendants' motion to dismiss (Dkt. No. 50);

   c.  granting the Parties' request to enlarge the time to file their opposition and reply to Plaintiffs' motion to disqualify defense counsel (Dkt. No. 73);

   d.  granting the Parties' request to enlarge the time for Defendants to file their reply in support of their motion to stay, and for Plaintiffs to file their reply in support of their motion to compel (Dkt. No. 138);

   e.  granting the Parties' request to enlarge the time to file their opposition and reply to Defendants' motion to dismiss for *forum non conveniens* (Dkt. No. 219);

   f.  granting the Parties' request to enlarge the time to respond to motions to compel (Dkt. No. 245);

2

      g.      granting the Parties' request to hear Plaintiffs' motion to compel, Defendants' motion to compel, and the motion for relief on February 15, 2024 (Dkt. No. 271);

      h.      granting Defendants' motion for relief from case management schedule (Dkt. No. 292); and

      i.      granting the Parties' request to conduct depositions after the close of fact discovery (Dkt. No. 380).

11.    Plaintiffs' request to enlarge Plaintiffs' time will not affect any other currently pending deadlines.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 20th day of September, 2024 at Menlo Park, California.

                                          */s/ Micah G. Block*
                                          Micah G. Block

3

DECL. OF M. BLOCK ISO ADMIN. MOTION TO ENLARGE PLAINTIFFS' TIME TO FILE PLAINTIFFS' DISCOVERY-RELATED MOTIONS - CASE NO. 4:19-CV-07123-PJH