JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>       Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>       Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE PLAINTIFFS' TIME TO FILE DISCOVERY-RELATED MOTIONS UNDER CIVIL LOCAL RULE 37-3**<br><br>Action Filed:   10/29/2019 |

## I.     INTRODUCTION

Plaintiffs' conduct throughout this case has evinced their apparent belief that the normal rules simply do not apply to them, and this motion is another example.  It should be denied.

First, a stipulation for depositions after the discovery cutoff was needed because Plaintiffs refused to produce those witnesses earlier—despite Defendants' repeated requests beginning in January 2024.  As part of the stipulation, the parties agreed "All other deadlines of the Case Management Schedule remain in place." (Dkt. No. 380 ¶ 4.)  Defendants thus obtained express protection that Plaintiffs could not use late depositions as an excuse to extend deadlines.  Having obtained the benefit for which they bargained, Plaintiffs now ask to unravel the parties' stipulation.

Second, Plaintiffs made no meaningful attempt to obtain agreement before filing this motion and did not even contact Defendants about it until 4:55 p.m. on the day of the deadline.

Third, Plaintiffs have not shown good cause why they did not file any discovery-related motions by the September 20 deadline, as required by Local Rule 37-3.  Plaintiffs were aware of all issues that might form their basis for discovery motions no later than September 6, 2024, and sent a letter outlining all those issues on September 12.  Plaintiffs did not attach their September 12 letter to their motion, perhaps because it establishes their awareness of the issues and the ample time Plaintiffs had to raise them by the motion deadline.  Nor do depositions held after the discovery cutoff provide a basis for extending the motion deadline.  Plaintiffs omit the crucial fact that depositions *of Defendants' employees* concluded September 6—two weeks before the deadline to file a motion based on those depositions!  The fact that three depositions *of Plaintiffs' employees* and two *of third parties* took place after the discovery cutoff (attributable entirely to Plaintiffs' postponing eight depositions Defendants tried to take earlier (Akro. Decl. Exh. A)) cannot provide good cause to extend the date for Plaintiffs to bring discovery motions against Defendants.

Accordingly, Plaintiffs' motion should be denied as to Defendants and third parties alike.

## II.     BACKGROUND

### A. Defendants' Document Productions Were Substantially Complete *Four Weeks* Before the Motion Deadline

At the February 15, 2024, hearing, Defendants informed the Court a six-month extension

of the discovery cutoff would be required to obtain approvals necessary to produce the discovery ordered (Feb. 15, 2024, Tr. 57:3-14).  True to that word, Defendants obtained those approvals in August 2024 and produced to Plaintiffs 4,444 documents (45,304 pages) sufficient to show to the full functionality of Pegasus on August 23-24, 2024.  Moreover, in response to the Court's August 1, 2024, Order compelling production of the AWS server, on August 23, Defendants produced to Plaintiffs' counsel of record, Ron Lehmann, 9,311 electronic files comprising the AWS server image, including Pegasus code.  Defendants' production of documents was substantially complete by August 24.  (Akro. Decl. ¶ 2.)  Plaintiffs point out that a third party, Westbridge Technologies, produced documents on September 15, but identify no dispute related thereto (*Id.* ¶ 4.)

**B.  Defendants' Witnesses Appear for Depositions *Weeks* Before the Motion Deadline**

Despite numerous legal challenges, Defendants' witnesses appeared for depositions between August 27 and September 6.  (Akro. Decl. ¶ 5.)  Any issues arising out of those depositions were thus known to Plaintiffs by September 6, at the absolute latest.

**C.  The Parties' Stipulation Regarding Remaining Discovery Deadlines**

Eleven days ago, the parties filed a stipulation and proposed order regarding the remaining discovery and discovery deadlines.  (Dkt. No. 378.)  The stipulation allowed for five additional depositions to proceed after the September 13 fact discovery cutoff.  These depositions had to take place after the discovery cutoff because Plaintiffs unilaterally postponed *eight* depositions of their employees that Defendants began requesting in January 2024.  (Akro Decl. Exh. A and ¶ 6.)  This included three postponements of Susan Glick, two of Jonathan Lee, and one each of Aashin Gautam, Claudiu Gheorghe, and Carl Woog.  (*Id.*)  Meanwhile, Defendants did not ask to postpone or reschedule a single deposition of their employees.  (Akro Decl. ¶ 5.)

As part of the stipulation—and despite being aware of any supposed issues relating to Defendants' document productions and deposition testimony—Plaintiffs agreed that "[a]ll other deadlines of the Case Management Schedule (*see* Dkt. No. 357) [would] remain in place."  (Dkt. No. 380, Order ¶ 4.)  The Court entered the jointly-proposed Order on September 16, 2024. (*Id.*)

The parties then proceeded to take the stipulated depositions.  The parties took the depositions of two third-party witnesses on September 17-18.  Plaintiffs have identified no dispute

arising out of those depositions. (Akro. Decl. ¶ 7.)  The other depositions were of *Plaintiffs'*
*employees*.  Plaintiffs have not identified discovery disputes relating to such depositions, nor would
it make sense for Plaintiffs to file motions regarding depositions of their own witnesses. (*Id.*)

### D.  Plaintiffs' September 12, 2024, Letter

On September 12, Plaintiffs sent a lengthy discovery letter identifying eight issues with
respect to Defendants' document productions and deposition testimony.  Plaintiffs were aware of
five of them by August 26, and of the remaining three by September 6.  (Akro Decl. ¶ 8.)

| ISSUE | DATE OF PLAINTIFFS' AWARENESS |
|---|---|
| 1. Production of AWS Server | August 23, 2024, date of Defendants' production of AWS server |
| 2. Alleged Deficiencies in NSO's Document Productions | August 24, 2024, date of substantial completion of Defendants' production of documents |
| 3. NSO's Application of Redactions to Documents | August 24, 2024, date of substantial completion of Defendants' production |
| 4. NSO's Log of Withheld Documents | September 3, 2024, date of NSO's privilege log |
| 5. Relevant Time Period of Discovery | Plaintiffs' request to expand the discovery period by at least **5 more years** (which would effectively re-start the discovery period), relies solely on the deposition of Tamir Gazneli dated September 4, 2024 |
| 6. NSO's Refusal to Provide 30(b)(6) Testimony on Certain Topics | August 26, 2024, date of Defendants' service of objections and responses to notice of deposition of Defendants |
| 7. NSO's Witnesses' Failure to Provide 30(b)(6) Testimony/Refusal to Respond to Certain Questions | September 6, 2024, the last date of the Rule 30(b)(6) deposition of Defendants |
| 8. NSO's Failure to Supplement or Amend Certain RFA Responses | August 22, 2024, date of service of Defendants' Amended RFA Responses |

Moreover, Plaintiffs' lengthy September 12 discovery letter did not actually request a
conference of counsel on any of the issues stated therein, nor did Plaintiffs request a conference of
counsel as to these issues at any other time prior to the September 20 deadline.  (Akro. Decl. ¶ 9.)

Plaintiffs' counsel and Defendants' counsel then shared conference rooms for over 30
hours on September 17, 18, 19, and 20, 2024 in and around Washington, D.C., but Plaintiffs'
counsel never asked Defendants' counsel to confer as to any discovery disputes. (*Id.*)

### E.  Plaintiffs Prepared, but did not File, a Motion to Compel Against Two Third Parties

On September 7, Plaintiffs served their portion of a joint discovery dispute letter related to
subpoenas to third parties Omri Lavie and Westbridge Technologies (counsel for Defendants also
represent these third parties in connection with those subpoenas).  (Akro. Decl. ¶ 10.)  The third

parties provided their portion of the joint letter on September 16, 2024.  (*Id.*) Plaintiffs did not file the joint letter, which is now untimely.

## III.    ARGUMENT

Local Rule 37-3 requires motions relating to discovery, including motions for sanctions, be filed within seven days of the fact discovery cutoff.  Extension of the deadline requires good cause.  Fed. R. Civ. P. 6(b)(1)(A).  It also requires, among other things, meaningful attempts to secure a stipulation before filing a motion and identification of some "substantial harm or prejudice" that would result if the extension were not granted.  Civil L.R. 6-3(2), (3).  Because Plaintiffs were not diligent, they lack good cause to extend the September 20 deadline.

*First*, NSO agreed that Plaintiffs could present three of their employees for deposition after the fact discovery cutoff, depriving NSO of that testimony before opening expert reports were due. But NSO obtained agreement that "[a]ll other deadlines of the Case Management Schedule [shall] remain in place." (*Id.* Order ¶ 4.)  Fully aware of any supposed deficiencies in NSO's discovery responses, Plaintiffs agreed to maintain the case management schedule in return for being able to delay depositions of key witnesses Defendants sought to depose months earlier.  Having obtained *their* bargained-for benefits, Plaintiffs cannot now renege on the protections NSO bargained for.

*Second*, Plaintiffs made no meaningful attempt to confer about the September 20 deadline before filing their motion.  Civil L.R. 6-3(2).  At 4:55 p.m. on the day of the deadline (2:55 a.m. on Saturday, September 21 in Israel), Plaintiffs first informed NSO they were contemplating a motion and demanded NSO's position within 35 minutes.  (Akro Decl. ¶ 11.)  Plaintiffs did so knowing NSO would be unreachable given the time difference with Israel and Sabbath observance.

*Third*, Plaintiffs have not shown good cause for an extension.  Good cause exists only where a moving party could not reasonably meet the existing schedule despite diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Carelessness is not compatible with a finding of diligence, and if the moving party was not diligent, "the inquiry should end."  *Id.*

Here, Plaintiffs were aware of *most* of the discovery disputes outlined in their September 12, 2024, letter by August 24, and were aware of *all* of them by September 6.  Plaintiffs could have filed their motions by September 20, but failed to do so.  Indeed, Plaintiffs provided a draft

1  joint letter brief to third parties Omri Lavie and Westbridge Technologies on September 7, 2024.

2  King & Spalding returned the opposing portion of the letter brief on September 16, but Plaintiffs

3  elected not to file it. And their motion makes no attempt to explain *why* Plaintiffs failed to meet

4  the deadline or to move for an extension until after the close of business on September 20.

5  Plaintiffs' suggestion that the deadline should somehow be tolled because the parties were

6  conferring is both false (Plaintiffs never asked Defendants to confer (Akro. Decl. ¶ 9)) and

7  irrelevant, *see Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 12172652, at *5

8  (N.D. Cal. Feb. 5, 2013) (rejecting argument that "the deadline for raising discovery disputes with

9  the Court was somehow tolled as long as [the parties] were continuing to meet and confer").

10  Nor does the taking of depositions of *third-parties* or *Plaintiffs' employees* after the

11  September 13, discovery cutoff provide a basis to extend the motion deadline as to NSO.  As set

12  forth in Exhibit A to the Akro. Decl., the compressed schedule was entirely the result of Plaintiffs

13  unilaterally postponing eight depositions Defendants began requesting in January.  Plaintiffs

14  cannot deliberately postpone depositions as part of their litigation strategy and then use that delay

15  to request additional time for motion practice.  Plaintiffs have nearly infinite litigation resources

16  compared to NSO, and their counsel easily could have handled both depositions and the

17  preparation of discovery motions, as Defendants did. (Dkt. No. 381, 382, 386.)

18  Having failed to demonstrate good cause or that they were unable to meet the September

19  20 deadline despite diligent efforts, Plaintiffs' motion should be denied. *Johnson*, 975 F.2d at 609.

20  **IV.    CONCLUSION**

21  For the foregoing reasons, the Court should deny Plaintiffs' administrative motion.[1]

22  Dated:  September 24, 2024          KING & SPALDING LLP

23                                    By:    */s/Joseph N. Akrotirianakis*
24                                           JOSEPH N. AKROTIRIANAKIS
                                           Attorneys for Defendants NSO GROUP TECHS.
25                                         LTD. and Q CYBER TECHS. LTD.

26

27  [1] Should the Court grant Plaintiffs' Motion (and it should not), Defendants request that any extension be mutual.  Defendants recently learned that: (1) Plaintiffs' employees communicated with each other using mobile devices about the issues in this case; and (2) Plaintiffs categorically
28  did not image employees' phones to preserve those communications.  (Akro. Decl. ¶ 12.)