JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE PLAINTIFFS' TIME TO FILE DISCOVERY-RELATED MOTIONS UNDER CIVIL LOCAL RULE 37-3**

Judge: Hon. Phyllis J. Hamilton

Action Filed: 10/29/2019

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP. I am lead counsel for Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited (collectively, "Defendants"). I have personal knowledge of the facts set forth below and, except as otherwise stated, could testify competently to each fact averred herein.

Document Discovery

2. Defendants obtained approvals in August 2024 to produce documents sufficient to show the full functionality of Pegasus, and on August 23-24, Defendants produced such 4,444 such documents (comprised of 45,304 total pages) to Plaintiffs. Moreover, in response to the Court's August 1, 2024, Order compelling production of the AWS server, on August 23, Defendants produced to Plaintiffs' counsel of record, Ron Lehmann, 9,311 electronic files comprising the complete AWS server image, including the Pegasus code. Defendants' production of documents was substantially complete by August 24. Defendants produced four additional documents on August 26, 327 additional documents on September 3, two additional documents on September 11, and two final (publicly available) documents on September 12.

3. The production of virtually all of the documents described in paragraph 2, above, required regulatory approval in Israel. Adherence to the six-month timeframe discussed with the Court during the February 15, 2024, hearing was made possible only with extraordinary efforts working with NSO's Israeli regulator. As NSO understands, its Israeli regulator has not previously granted approval to produce materials of this nature, and in this case, approval was given only as a matter of comity to this Court.

4. Third party Westbridge Technologies produced 81 documents two days after the discovery cutoff on September 15, 2024, but Plaintiffs have not brought to the attention of Westbridge or Defendants any dispute with respect to that document production.

Deposition Discovery

5. In spite of having to meet numerous legal challenges beforehand, Defendants' witnesses appeared for depositions in the London, U.K., offices of Plaintiffs' counsel between

August 27 and September 6, 2024. Defendants did not ask to postpone or reschedule a single deposition of any of their employees.

6. In stark contrast, Plaintiffs unilaterally postponed *eight* depositions of their employees and former employees that Defendants began requesting in January 2024. This included three postponements of the deposition of Susan Glick, two of the deposition of Jonathan Lee, and one each of the depositions of Aashin Gautam, Claudiu Gheorghe, and Carl Woog. A chronology of Plaintiffs' unilateral postponement of these eight depositions is attached as Exhibit A. The contents of Exhibit A are true and correct.

7. The parties took the depositions of two third-party witnesses on September 17-18. Plaintiffs have identified no dispute arising out of those depositions. The three other depositions that followed are of *Plaintiffs' employees*: Andrew Robinson, Aashin Gautam and Jonathan Lee. Plaintiffs have not identified any discovery dispute relating to those depositions, nor would it make sense for Plaintiffs to file motions regarding depositions of their own witnesses.

<u>The September 12, 2024, Letter and Plaintiffs' Post-Letter Conduct</u>

8. On September 12, Plaintiffs sent a lengthy discovery letter identifying eight issues with respect to Defendants' document productions and deposition testimony. Plaintiffs were aware of five of those issues by August 26, and were aware of the remaining three by September 6, as set forth in the following table.

| ISSUE | DATE OF PLAINTIFFS' AWARENESS |
|---|---|
| 1. Production of AWS Server | August 23, 2024, date of Defendants' production of AWS server |
| 2. Alleged Deficiencies in NSO's Document Productions | August 24, 2024, date of substantial completion of Defendants' production of documents |
| 3. NSO's Application of Redactions to Documents | August 24, 2024, date of substantial completion of Defendants' production |
| 4. NSO's Log of Withheld Documents | September 3, 2024, date of NSO's privilege log |
| 5. Relevant Time Period of Discovery | Plaintiffs' request to expand the discovery period by at least **5 more years** (which would effectively re-start the discovery period), relies solely on the deposition of Tamir Gazneli dated September 4, 2024 |
| 6. NSO's Refusal to Provide 30(b)(6) Testimony on Certain Topics | August 26, 2024, date of Defendants' service of objections and responses to notice of deposition of Defendants |
| 7. NSO's Witnesses' Failure to Provide 30(b)(6) Testimony/Refusal to Respond to Certain Questions | September 6, 2024, the last date of the Rule 30(b)(6) deposition of Defendants |

DECLARATION OF JOSEPH N. AKROTIRIANAKIS     2     Case No. 4:19-cv-07123-PJH

| 8. NSO's Failure to Supplement or Amend Certain RFA Responses | August 22, 2024, date of service of Defendants' Amended RFA Responses |
|---|---|

9.  Plaintiffs' lengthy September 12 discovery letter did not request a conference of counsel on any of the issues stated therein, either by telephone, video or in person. Nor did Plaintiffs request a conference of counsel on these issues at any time between September 12 and the September 20 deadline. I shared deposition conference rooms with no fewer than four of Plaintiffs' numerous counsel for over 30 hours on September 17, 18, 19, and 20, 2024, in and around Washington, D.C., but Plaintiffs' counsel never asked to confer on any discovery disputes.

10. On September 7, Plaintiffs served on third parties Omri Lavie and Westbridge Technologies Plaintiffs' portion of a joint discovery dispute letter related to subpoenas to third parties Omri Lavie and Westbridge Technologies (King & Spalding LLP also represents these third parties in connection with those subpoenas). The third parties provided their portion of the joint letter back to Plaintiffs on September 16, 2024. Plaintiffs did not file the joint letter, which is now untimely.

11. Plaintiffs made no meaningful attempt to confer about the September 20 deadline before filing their eleventh-hour motion. Civil L.R. 6-3(2). At 4:55 p.m. on the day of the deadline (2:55 a.m. on Saturday, September 21 in Israel, where the Sabbath is observed from sundown on Friday until sundown on Saturday), Plaintiffs informed NSO they were contemplating a motion and demanded NSO's position within 35 minutes. Plaintiffs did so knowing NSO would be unreachable given the time difference with Israel and Sabbath observance.

12. Should the Court grant Plaintiffs' Motion (and it should not), Defendants request that any extension be mutual. Defendants recently learned in depositions taken during the past two weeks that: (1) Plaintiffs' employees communicated with each other using mobile communication applications about the issues in this case; and (2) Plaintiffs categorically did not image employees' phones to preserve those communications. The witnesses who testified to this include at least Susan Glick (September 9, 2024), Yuan Yuan Wang (September 12, 2024),

//

//

Andrew Robinson (September 19, 2024) and Aashin Gautam (September 20, 2024).  I either took or was present for this deposition testimony from each of these witnesses.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 24th day of September, at Altadena, California.

        */s/ Joseph N. Akrotirianakis*
        JOSEPH N. AKROTIRIANAKIS