# EXHIBIT A

1  Greg D. Andres
   Antonio J. Perez-Marques
2  Gina Cora
   Craig T. Cagney
3  Luca Marzorati
     (admitted *pro hac vice*)
4  DAVIS POLK & WARDWELL LLP
5  450 Lexington Avenue
   New York, New York 10017
6  Telephone: (212) 450-4000
   Facsimile:  (212) 701-5800
7  Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
8           gina.cora@davispolk.com
            craig.cagney@davispolk.com
9           luca.marzorati@davispolk.com
10
   Micah G. Block (SBN 270712)
11 DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
12 Menlo Park, California 94025
13 Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
14 Email:      micah.block@davispolk.com

15 *Attorneys for Plaintiffs WhatsApp LLC and
   Meta Platforms, Inc.*
16

17                    UNITED STATES DISTRICT COURT

18              FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

20  WHATSAPP LLC, and                    )
    META PLATFORMS INC.,                 )
21                                       )   Case No. 4:19-cv-07123-PJH
                                         )
22                     Plaintiffs,       )   **PLAINTIFFS' REPLY BRIEF IN**
                                         )   **SUPPORT OF ADMINISTRATIVE**
                                         )   **MOTION TO ENLARGE PLAINTIFFS'**
23           v.                          )   **TIME TO FILE DISCOVERY-**
                                         )   **RELATED MOTIONS UNDER CIVIL**
24  NSO GROUP TECHNOLOGIES LIMITED       )   **LOCAL RULE 37-3 [DKT NO. 388]**
    and Q CYBER TECHNOLOGIES LIMITED,    )
25                                       )   Courtroom 3
                                         )   Before the Honorable Phyllis J. Hamilton
26                     Defendants.       )
                                         )
27

28

1      Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") respectfully submit this re-

2 ply in support of their administrative motion to enlarge Plaintiffs' time to file discovery-related mo-

3 tions under Civil Local Rule 37-3 (the "Motion").

4      At the February 15, 2024 hearing, the Court stated that if Defendants failed to comply with

5 their discovery obligations as ordered by the Court, the Court "would not feel at all reluctant to im-

6 pose sanctions." Feb. 15, 2024 Tr. at 70:20–23. Defendants have not complied with the Court's

7 orders, and Plaintiffs intend to move for discovery sanctions. Plaintiffs have filed the instant motion

8 to enlarge time to ensure that Plaintiffs would be heard on this issue, which the Court specifically

9 contemplated and the filing of which will not impact any deadlines in the case.

10      Specifically, Plaintiffs filed the Motion to enlarge time, Dkt. No. 388, to *ensure* their compli-

11 ance with applicable rules, in case the Civil Local Rule 37-3 deadline were read to be triggered by

12 the close of fact discovery that existed before the Court granted the parties' stipulation for additional

13 discovery after that date, Dkt. No. 380, as well as to ensure they met their obligation to meet and

14 confer prior to filing discovery motions. As to the discovery deadline itself, the plain language of

15 Civil Local Rule 37-3 suggests that, in light of the Court's September 16, 2024 Order, discovery-

16 related motions would be timely until October 2, 2024.[1] "Motions for Sanctions—Form and Tim-

17 ing," moreover, are governed by Civil Local Rule 7-8, which provides that sanctions motions "must

18 be made as soon as practicable after the filing party learns of the circumstances that it alleges make

19 the motion appropriate." Civ. L.R. 7-8(c).[2] Plaintiffs respectfully submit that a deadline of one week

20 after the last scheduled deposition is consistent with the "as soon as practicable" standard, given the

21 scope and complexity of the sanctions-related issues in this case, and the time needed to meaningfully

22 meet and confer.

---

25      [1] Under Local Rule 37-3, "motions related to fact discovery may not be filed more than 7 days after the fact discovery cut-off." "Discovery cut off" is in turn defined as "the date by which all responses to written discovery are due and by which all depositions must be concluded." Under
26 the Court's September 16, 2024 Order, Dkt. No. 380, the final deposition in this case will be September 25, 2024. Seven days thereafter is October 2, 2024.

27      [2] Notably, Civil Local Rule 7-8 on Motions for Sanctions does not reference Civil Local Rule 37-3, whereas it does expressly reference another Civil Local Rule, e.g., Civ. L.R. 7-2.

1

1      At the time of Plaintiffs' filing, the parties had begun but not completed the meet-and-confer

2  process regarding Plaintiffs' anticipated sanctions motion: as Defendants acknowledge, Plaintiffs had

3  sent to Defendants a detailed deficiency letter, but had not received a response from Defendants on

4  all issues. *See* Dkt. No. 388-1 ¶ 7.  Because Civil Local Rule 37-4(a)(2) requires the party moving

5  for sanctions to "describe in detail the efforts made by the moving party to secure compliance without

6  intervention by the Court," and because Plaintiffs had not yet exhausted those efforts, it was not

7  practicable for Plaintiffs to file their sanctions motion on September 20, 2024.[3]

8      The notion that a sanctions motion could have been filed even *earlier* than September 20,

9  2024 is without merit.  Defendants have never claimed or insinuated that their August 24, 2024 pro-

10  duction substantially or entirely completed their intended document productions until filing their op-

11  position motion this evening.  To the contrary, Defendants obtained an extension that gave them until

12  September 13, 2024 to produce documents and communications ordered by the Court, arguing that

13  it would take them until then to receive the necessary permissions from the Israeli government.  De-

14  fendants also refused to agree to a substantial completion deadline, presumably for the same reason.

15  Because of Defendants' prior representations on the expected timing of their productions, Plaintiffs

16  could not conclusively evaluate the completeness of Defendants' productions—much less declare

17  those productions incomplete—until the September 13, 2024 deadline had passed.  Thereafter, Plain-

18  tiffs sought to narrow any potential issues, as the applicable rules contemplate, including this Court's

19  Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders ("Standing Order

20  on Discovery Disputes").  Plaintiffs sent Defendants the detailed deficiency letter to initiate the meet-

21  and-confer process.[4]  It was not until Defendants sent their partial response on September 20, 2024

22  that Plaintiffs first learned (1) that Defendants would not be producing additional documents, and (2)

23

24      [3] Plaintiffs did not attach Plaintiffs' deficiency letter and Defendants' partial response to

25  avoid a needless dispute over the parties' confidentiality obligations in corresponding sealing mo-
tions.

26      [4] Defendants' assertion that Plaintiffs did not seek to meet-and-confer with Defendants
about the issues raised in the deficiency letter is incorrect.  The Court's Standing Order on Discov-

27  ery Disputes specifically contemplates that parties may attempt to meet and confer by email or let-
ter, and if unsuccessful in resolving a discovery dispute through such means, confer face-to-face.

28  *See* Rule 1 of the Court's Standing Order on Discovery Disputes.

2

1    that Defendants needed more time to meet-and-confer with Plaintiffs.  *See id*. ¶ 7.  Plaintiffs filed

2    their motion to enlarge time hours later.

3            Finally, Defendants' opposition identifies no prejudice they will suffer if Plaintiffs are per-

4    mitted to file discovery-related motions by October 2, 2024.  To the contrary, Defendants will have

5    their opportunity to address their discovery conduct in response to those motions.  By contrast, if

6    those motions were deemed untimely, Defendants would obtain a windfall free-pass, and Plaintiffs

7    would be deprived of their opportunity to present Defendants' discovery conduct for the Court's

8    review, and obtain appropriate sanctions for the prejudice that discovery conduct has caused.  While

9    Defendants point to the language in the parties' so-ordered stipulation permitting depositions to con-

10   tinue after the September 13, 2020 close of fact discovery for the point that "[a]ll other deadlines of

11   the Case Management Schedule remain in place," Dkt. 391 at 1, the Case Management Schedule is

12   silent with respect to the deadline under Local Rule 37-3, and the parties did not discuss that deadline

13   when negotiating the stipulation.  Defendants, therefore, are wrong to maintain that "Plaintiffs now

14   ask to unravel the parties' stipulation."  *Id.*

15           In fact, Plaintiffs' forthcoming sanctions motion will not impact *any* other deadlines, and the

16   relief requested would afford both parties an opportunity to conclude meet-and-confer discussions.

17   Accordingly, to the extent that the Court finds that its previous order did not operate to extend the

18   "fact discovery cut-off" (as defined under Civil Local Rule 37-3) to September 25, 2024, there is

19   good cause to permit discovery motions to be filed on or before October 2, 2024.

20           For the foregoing reasons, and for those in Plaintiffs' administrative motion, Plaintiffs request

21   that the Court grant its motion to permit Plaintiffs to file discovery-related motions, including its

22   motion for sanctions, until October 2, 2024.

23

24

25

26

27

28

1    Dated:  September 24, 2024          Respectfully Submitted,

2                                        DAVIS POLK & WARDWELL LLP

3

4                                        By:  /s/ Micah G. Block
                                             Micah G. Block (SBN 270712)
5                                            DAVIS POLK & WARDWELL LLP
                                             1600 El Camino Real
6                                            Menlo Park, California 94025
                                             Telephone: (650) 752-2000
7                                            Facsimile:  (650) 752-2111
                                             Email: micah.block@davispolk.com
8

9                                            Greg D. Andres
                                             Antonio J. Perez-Marques
10                                           Gina Cora
                                             Craig T. Cagney
11                                           Luca Marzorati
                                               (admitted pro hac vice)
12                                           DAVIS POLK & WARDWELL LLP
                                             450 Lexington Avenue
13                                           New York, New York 10017
                                             Telephone: (212) 450-4000
14                                           Facsimile: (212) 701-5800
                                             Email:  greg.andres@davispolk.com
15                                                   antonio.perez@davispolk.com
16                                                   gina.cora@davispolk.com
                                                     craig.cagney@davispolk.com
17                                                   luca.marzorati@davispolk.com

18
                                             Attorneys for Plaintiffs WhatsApp LLC and
19                                           Meta Platforms, Inc.

20

21

22

23

24

25

26

27

28
                                        4