Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). Dkt. No. 382. The Administrative Motion identifies portions of the Joint Letter Brief Regarding Plaintiffs' Communications with Law Enforcement (the "Joint Letter Brief"), Dkt. No. 382-2, Exhibits A, 1, 2, and 3 thereto (collectively, the "Materials"), as referencing or containing materials designated as "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs.

Plaintiffs request that the Court keep the Materials under seal, and do so pursuant to Local Rules 79-5(c) and (d). The Materials comprise or refer to materials that have been designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132. The Materials refer to confidential communications and technical files to which Plaintiffs owe a duty of confidentiality to a third party. *See* Dkt. No. 382-2, Exs. A, 1, 2, 3.

The appropriate standard for sealing here is "good cause." The Materials are quoted in or are attached to NSO's discovery motion—a non-dispositive motion that only tangentially relates to the case—so the moving party need only show "good cause" for why the documents should remain under seal. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Plaintiffs easily meet the applicable good-cause standard here. Courts have routinely held that information subject to confidentiality obligations satisfies the compelling reasons standard,

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

which is far more "exacting" than the good-cause standard applicable here. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements). Publicly disclosing these materials would risk harm to the third party to whom Plaintiffs owe this duty, and this harm could not be mitigated by any means less restrictive than sealing.

For the foregoing reasons, Plaintiffs request that the Materials that NSO submitted or referenced remain under seal. This request is narrowly tailored to only sealable material (as identified by the proposed redactions in the Administrative Motion).

2

Local Rule 79-5(F)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal - Case No. 4:19-cv-07123-PJH

| | | |
|---|---|---|
| Dated: September 26, 2024 | | Respectfully Submitted, |
| | | DAVIS POLK & WARDWELL LLP |
| | By: | */s/ Craig T. Cagney* |
| | | Greg D. Andres |
| | | Antonio J. Perez-Marques |
| | | Gina Cora |
| | | Craig T. Cagney |
| | | Luca Marzorati |
| | |   (admitted *pro hac vice*) |
| | | DAVIS POLK & WARDWELL LLP |
| | | 450 Lexington Avenue |
| | | New York, New York 10017 |
| | | Telephone: (212) 450-4000 |
| | | Facsimile: (212) 701-5800 |
| | | Email:  greg.andres@davispolk.com |
| | |            antonio.perez@davispolk.com |
| | |            gina.cora@davispolk.com |
| | |            craig.cagney@davispolk.com |
| | |            luca.marzorati@davispolk.com |
| | | |
| | | Micah G. Block (SBN 270712) |
| | | DAVIS POLK & WARDWELL LLP |
| | | 1600 El Camino Real |
| | | Menlo Park, California 94025 |
| | | Telephone: (650) 752-2000 |
| | | Facsimile:  (650) 752-2111 |
| | | Email: micah.block@davispolk.com |
| | | |
| | | *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |

3

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH