Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         gina.cora@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO").  Dkt. No. 386.  The Administrative Motion identifies portions of the Joint Letter Brief Regarding Defendants' Motion to Compel Responses to NSO's Fifth and Sixth Sets of Requests for Production of Documents and Second Set of Interrogatories (the "Joint Letter Brief"), Dkt. No. 386-2, and Exhibits 3, 4, 5, and 6 thereto (collectively, the "Materials"), as referencing or containing materials designated as "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs.

Plaintiffs request that the Court keep only Exhibit 3 and the portions of Exhibit 5 indicated in the version attached to the Declaration of Craig T. Cagney under seal, and do so pursuant to Local Rules 79-5(c) and (d).  Plaintiffs have no objection to unsealing the remaining Materials.

Exhibits 3 and 5 comprise or refer to materials that have been designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132.  Exhibit 3 reflects confidential communications among Plaintiffs' employees regarding NSO's attacks and other sensitive business and regulatory matters.  *See* Dkt. No. 386-2, Exs. 3.  Portions of Exhibit 5 reflect confidential personal information of certain of Plaintiffs' individual employees, including their hourly wages and other payment information.  *See* Cagney Decl. Ex. 5.  Disclosure of these communications would pose a risk of harm to Plaintiffs' business, provide competitors an unfair advantage by providing access to internal business deliberations, or pose a risk of harm to the privacy interests of the listed individuals.

The appropriate standard for sealing here is "good cause."  The Materials are quoted in or are attached to NSO's discovery motion—a non-dispositive motion that only tangentially relates to the case—so the moving party need only show "good cause" for why the documents should remain under seal.  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).  "Good cause" requires only "a particularized showing" that sealing is appropriate,

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Plaintiffs easily meet the applicable good-cause standard here. Courts have routinely held that confidential business information and individuals' personal identifying information satisfies the compelling reasons standard, which is far more "exacting" than the good-cause standard applicable here. *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023) (granting plaintiff's renewed sealing motion with respect to information including "confidential business information" and "internal decisionmaking processes"); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality" and where "harm could result to [the parties'] business operations" if the information were prematurely disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) ("[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case."); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests"). Publicly disclosing these materials would risk harm to Plaintiffs' business, would provide competitors

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

an unfair advantage by providing access to internal business deliberations, and would pose a risk of harm to the privacy interests of Plaintiffs' individual employees.  This harm could not be mitigated by any means less restrictive than sealing.

For the foregoing reasons, Plaintiffs request that Exhibit 3 and Exhibit 5 to the Joint Letter that NSO submitted or referenced remain under seal.  This request is narrowly tailored to only sealable material (as identified by the proposed redactions in the Cagney Declaration).

3

Local Rule 79-5(F)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal - Case No. 4:19-cv-07123-PJH

| | |
|---|---|
| Dated:  September 27, 2024 | Respectfully Submitted,<br><br>DAVIS POLK & WARDWELL LLP<br><br>By:  /s/ Craig T. Cagney<br>      Greg D. Andres<br>      Antonio J. Perez-Marques<br>      Craig T. Cagney<br>      Gina Cora<br>      Luca Marzorati<br>        (admitted *pro hac vice*)<br>      DAVIS POLK & WARDWELL LLP<br>      450 Lexington Avenue<br>      New York, New York 10017<br>      Telephone: (212) 450-4000<br>      Facsimile: (212) 701-5800<br>      Email:  greg.andres@davispolk.com<br>              antonio.perez@davispolk.com<br>              craig.cagney@davispolk.com<br>              gina.cora@davispolk.com<br>              luca.marzorati@davispolk.com<br><br>      Micah G. Block (SBN 270712)<br>      DAVIS POLK & WARDWELL LLP<br>      1600 El Camino Real<br>      Menlo Park, California 94025<br>      Telephone: (650) 752-2000<br>      Facsimile:  (650) 752-2111<br>      Email: micah.block@davispolk.com<br><br>      *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |

4

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH