JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") (1) certain language in the Declaration of Aaron Craig filed concurrently with this Motion; (2) certain language on pages 2-8, 10-13, and 15-25 in Defendants' Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and for Partial Summary Judgment (the "Summary Judgment Motion"), attached as Exhibit 1 to the Craig Declaration; (3) certain language in paragraphs 10, 12-15, 19-21 to the Declaration of Yaron Shohat in Support of the Summary Judgment Motion (the "Shohat Declaration") and Exhibits A-E to the Shohat Declaration, collectively attached as Exhibit 2 to the Craig Declaration; (4) the Declaration of Terrence McGraw in Support of the Summary Judgment Motion (the "McGraw Declaration") and Exhibit F to the McGraw Declaration, collectively attached as Exhibit 3 to the Craig Declaration; and (5) certain language in paragraphs 9-11 and 13-18 to the Declaration of Joseph A. Akrotirianakis in Support of the Summary Judgment Motion (the "Akro. Declaration") and Exhibits G-W to the Akro. Declaration, collectively attached as Exhibit 4 to the Craig Declaration (collectively referenced as the "Sealed Documents"). The Sealed Documents are submitted to the Court in connection with Defendants' Summary Judgment Motion.

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

I.   **BACKGROUND**

The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. (Craig. Decl. ¶ 2.) This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. (*Id*.) After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. (*Id*.) The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. (*Id*.) On November

15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery, which has involved the exchange of highly confidential information and materials, and are now filing dispositive motions. (Craig Decl. ¶ 2.)

For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 3 through 10 of the accompanying Craig Declaration.

## II.   LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Courts apply the compelling reasons standard to sealing requests related to a motion for summary judgment. *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp.*, 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017). It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). "Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing." *Id.*; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). The "compelling reasons" standard is met here.

## III.   LEGAL ARGUMENT

This Motion is supported by compelling reasons based on the facts attested to in the Craig Declaration. The Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g.,*

*Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Therefore, Defendants now seek leave of this Court to file the Sealed Documents under seal. Certain of the Sealed Documents have also been designated as Highly Confidential-Attorney's Eyes Only by the parties' because they include information about the parties' confidential technology and other trade secrets. Courts have routinely held that such confidential business information satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).

Notably, this Court already granted, in its Orders dated September 14, 2023, November 15, 2023, August 1, 2024, and August 27, 2024, previous administrative motions to seal filed by the parties seeking similar relief as this Motion. (Dkt. Nos. 217, 233, 358, 370.) The confidential portions of the Sealed Documents contain references to materials with respect to which this Court has granted these previous motions to seal. (*Id.*)

Compelling reason exists to seal each of the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents be kept under seal. For a full description of that good cause, the Court is respectfully referred to paragraph 12 of the accompanying Craig Declaration. Defendants have closely analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

IV.   **CONCLUSION**

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

| | | |
|---|---|---|
| 1 | DATED: September 27, 2024 | KING & SPALDING LLP |
| 2 | | By: /s/Aaron S. Craig |
| 3 | | JOSEPH N. AKROTIRIANAKIS<br>AARON S. CRAIG |
| 4 | | Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED |