| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|  | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|  | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|  | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|  | Telephone:   (213) 443-4355 |
| 5 | Facsimile:    (213) 443-4310 |
| 6 | Attorneys for Defendants NSO GROUP TECHNOLOGIES |
|  | LIMITED and Q CYBER TECHNOLOGIES LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Action Filed:   10/29/2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' September 27, 2024, Motion to Dismiss or for Summary Judgment for lack of Personal Jurisdiction and for Partial Summary Judgment (the "Summary Judgment Motion") and the related Administrative Motion to File Under Seal. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▉▉▉▉▉▉▉ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery, which has involved the exchange of highly confidential information and materials, and are now filing dispositive motions.

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Summary Judgment Motion. Sealing of the Sealed Documents was (and remains) necessary to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ As is evidenced by the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] The Sealed Documents are enumerated in paragraph 11, below.

1 ▮

2 Nevertheless, the existence of ▮ is material to

3 certain issues in this case and specifically in respect of the parties' respective positions about

4 whether this case should be dismissed for *forum non conveniens*, and Defendants are seeking to

5 inform this Court about them. The Sealed Documents contain highly sensitive, traditionally

6 nonpublic ▮ information that ▮

7 ▮

8 ▮ and

9 ▮ militates in favor of this Court's sealing documents that contain references to

10 information that ▮

11 ▮

12 ▮

13    4.   On July 19, 2020, the ▮

14 ▮

15 ▮ (August 3,

16 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.)  The request was

17 presented by ▮ in his capacity as ▮

18 ▮

19 ▮ The ▮

20 ▮

21 ▮

22 ▮

23 ──────────────

24 [2] ▮

25 ▮

26 ▮

27 [3] The Office of the ▮

28 ▮

| DECLARATIOIN OF AARON S. CRAIG | 2 | Case No. 4:19-cv-07123-PJH |
|---|---|---|

1   ██████████████████████████████████ The request prohibited Defendants from ████
2   ████████████████████████████████████████████████████████████████████████████
3   ████████████████████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████████████████████
5   ████████████████████████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)
8   Exh. B at 1-2.)
9        5.   On July 19, 2020, ███████████████████████████████████████████████
10  █████████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6), Exh.
11  D.) ████████████████████████████████████████████████████████████████████████
12  ███████████████████████████████████ (*Id.* at 1.) █████████████████████████
13  ████████████████████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████████████████████████████████████
15  ████████████████████████████████████████████████████████████████████████████
16  ██████████████████████████████████████████████ (*Id.*) ████████ authorized
17  the ███████████████████████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████████████████████
20  ███████████████████████████████████████████████ (*Id.* at 1-2.)  The order
21  also authorized ████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████████████████
23  ██████████████████████████████████████████████████████████████ (*Id.* at 3.)
24       6.   On July 19, 2020, █████████████████████████████████████████████████
25  ████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ██
26  notified Defendants about the █████████████████████████████████████████████
27  ████████████████████████████████████████████████████████████████████████████
28  ████████████████████████████████████████████████████████████████████████████

1 ▮

2 ▮

3 ▮ including a prohibition on ▮

4 ▮

5 ▮ (*Id.* ¶ 2.)

6     7.    On February 8, 2023, ▮

7 ▮

8 ▮ (Gelfand Decl. (Dkt. 133-6) Exh. D.)  The

9 purpose for this update, according to ▮

10 ▮

11 ▮

12     8.    On May 21, 2023, ▮

13 ▮

14 ▮

15 ▮ As soon as NSO ▮, it

16 filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ▮ is described

17 in paragraph 10 below. ▮

18 (Dkt. 195-4, Order ¶ 3), ▮

19 ▮

20 ▮ (Dkt. 195-4, Order ¶ 4), and ▮

21 ▮

22 ▮ (Dkt. 195-4, Order ¶

23 5), ▮ (Dkt. 195-4,

24 ▮ ¶ 3). ▮

25 ▮ (Dkt. 195-4, ▮ ¶ 6).

26 ▮

27     9.    The information that Defendants seek to keep under seal regarding the ▮

28 ▮ At the time Defendants first received ▮

1  ███████████████████████████████████████████
2  ████████████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. F
3  ¶¶ 4-6.)  Through their counsel in ████ Defendants ████████████████
4  ████████████████████████████ Defendants ██████████████████████
5  ██████████████████████████████████ to allow disclosure of ██████
6  ██████ to this Court and to Plaintiffs' counsel.  In seeking the ██████ Defendants
7  ███████████████████████████████████████████
8  ███████████████████████████████████████████
9  ██████ authorizing Defendants to ███████████████████████████
10 ███████████████████████████████████████████
11 █████████████
12     10.   The ██████████ (Dkt. 195-3) ████████████████████
13 ███████████████████████████████████████████
14 ██████ (Dkt. 195-3, ¶ 2.) The ████████████████████████████
15 ███████████████████████████████████████████
16 ███████████████████████████████████████████
17 ███████████████████████████████████ (Dkt. 195-3, ¶ 2(1)-(6).)
18 However, the ████████████████████████████████████
19 ███████████████████████████████████████████
20 ███████████████████████████████████████████
21 ███████████████████████████████████████████
22 (Dkt. 195-3 ¶ 4 (a)-(b)).  As relevant here, ████████████████████
23 ███████████████████████████████████████████
24 ███████████████████████████████████████████
25 ████████████████████████
26     11.   Defendants seek to file under seal: (1) certain language in the Declaration of Aaron
27 Craig filed concurrently with this Motion; (2) certain language on pages 2-8, 10-13, and 15-25 in
28 Defendants' Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and

1 for Partial Summary Judgment (the "Summary Judgment Motion"), attached as Exhibit 1 to the
2 Craig Declaration; (3) certain language in paragraphs 10, 12-15, 19-21 to the Declaration of Yaron
3 Shohat in Support of the Summary Judgment Motion (the "Shohat Declaration") and Exhibits A-
4 E to the Shohat Declaration, collectively attached as Exhibit 2 to the Craig Declaration; (4) the
5 Declaration of Terrence McGraw in Support of the Summary Judgment Motion (the "McGraw
6 Declaration") and Exhibit F to the McGraw Declaration, collectively attached as Exhibit 3 to the
7 Craig Declaration; and (5) certain language in paragraphs 9-18 to the Declaration of Joseph A.
8 Akrotirianakis in Support of the Summary Judgment Motion (the "Akro. Declaration") and
9 Exhibits G-W to the Akro. Declaration, collectively attached as Exhibit 4 to the Craig Declaration
10 (collectively referenced as the "Sealed Documents").

11     12. Compelling reason exists to seal each of the above-listed documents because certain
12 of the Sealed Documents come from or make reference to ▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 which is entitled to deference. Other of the Sealed Documents reflect the parties' highly
15 confidential trade secrets and other business information, which the parties have designated as
16 Highly Confidential-Attorneys' Eyes Only.

17     a. *First*, certain Sealed Documents relate to ▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 As such, the Sealed Documents contain traditionally nonpublic government information for which
20 there is no constitutional right of access. *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806
21 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to
22 traditionally nonpublic government information.") The fact that the documents were issued by
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and contain ▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "alone counsels in favor of finding that there is
25 no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade*
26 *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper
27 commissioned by a ruler of a political subdivision of foreign nation because it contained "highly
28 sensitive, traditionally nonpublic government information, in this case of a foreign government");

1  *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

   b.   *Second*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought to be sealed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

   c.   *Third*, because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ public disclosure of the Sealed Documents could ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

       d.      Additional Sealed Documents have been designated by Defendants and Plaintiffs as their highly confidential, attorneys' eyes only material because they include trade secrets and highly sensitive business information. Courts have routinely held that confidential business information satisfies the higher "compelling reasons" standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).

       13.      Accordingly, a compelling reason exists to seal each of the above-listed documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

       14.      The Declarant has carefully sought sealing of only those parts of this Declaration and the exhibits thereto as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 27th day of September 2024, at Los Angeles, California.

                               /s/ *Aaron S. Craig*
                                AARON S. CRAIG