UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION AND FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:  Hon. Phyllis J. Hamilton |

This Court, having fully considered Defendants' Motion to Dismiss or for Summary Judgment for Lack of Personal jurisdiction and for Partial Summary Judgment, all points and authorities filed in support of and in opposition to the motion, and the arguments of counsel, ORDERS AS FOLLOWS:

1. Defendants' motion is GRANTED.

2. The Court finds that Plaintiffs have not satisfied their burden to prove "by a preponderance of the evidence" that Defendants are subject to personal jurisdiction in this Court. *Stoliarov v. Marshmello Creative, LLC*, 2021 WL 1781870, at *2 n.3 (C.D. Cal. Apr. 7, 2021). The evidence does not establish that Defendants "expressly aimed" any case-related conduct at either California or the United States as a whole. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Accordingly, the Court lacks jurisdiction over Defendants whether the relevant forum is considered to be California or the United States.

3. If the Court had personal jurisdiction over Defendants, the Court would still conclude that Defendants are entitled to partial summary judgment on the following grounds:

    a. Plaintiffs have not satisfied their burden to show that there is a dispute of material fact as to whether Defendants ever operated their Pegasus technology on any nonconsenting WhatsApp use's device. To the contrary, the undisputed evidence establishes that Defendants never did so. Only Defendants' government customers operated Pegasus, and any claims based on those governments' use of Pegasus is barred by the act of state doctrine. *See Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1069 (9th Cir. 2018); *IAM v. OPEC*, 649 F.2d 1354, 1359 (9th Cir. 1981); *Du Daobin v. Cisco Sys.*, 2 F. Supp. 3d 717 (D. Md. 2014). Accordingly, Defendants are entitled to summary judgment on all of Plaintiffs' claims to the extent they are based on allegations of Defendants' use of Pegasus.

    b. Defendants are entitled to summary judgment on Plaintiffs' claim under the Computer Fraud and Abuse Act ("CFAA"). This Court previously determined that Plaintiffs could not pursue a claim under CFAA's "without authorization" prong, and Plaintiffs have not identified any facts or law to support a different conclusion for purposes of summary judgment. Plaintiffs

also have not satisfied their burden to show that there is a dispute of material fact as to whether Defendants violated CFAA's "exceeds authorized access" prong, as the undisputed evidence proves that Defendants did not "obtain or alter information in" Plaintiffs' servers that Defendants were not "not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6)

      c.      Defendants are entitled to summary on Plaintiffs' claim under the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). Under the presumption against extraterritoriality and the Due Process Clause, CDAFA does not apply to conduct outside of California. *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *6 (N.D. Cal. Nov. 20, 2020); *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1047-48 (C.D. Cal. 2019); *M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, 2013 WL 12072526, at *3 (S.D. Cal. June 26, 2013). Plaintiffs have not satisfied their burden to submit evidence from which a reasonable jury could conclude that NSO took any actions prohibited by CDAFA within California.

      4.      Defendants' motion is accordingly GRANTED, and JUDGMENT is hereby entered in their favor.

**IT IS SO ORDERED.**

DATED: _____

                          THE HONORABLE PHYLLIS J. HAMILTON
                          SENIOR UNITED STATES DISTRICT JUDGE