| | |
|---|---|
| 1 | MATTHEW H. DAWSON (Bar No. 307350) |
| | KING & SPALDING LLP |
| 2 | 50 California Street No. 3300 |
| | San Francisco, CA 94111 |
| 3 | Telephone:     (415) 318-1200 |
| 4 | Attorneys for Third Parties |
| | WESTBRIDGE TECHNOLOGIES, INC., |
| 5 | JOSH SHANER and TERRY DIVITTORIO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **MOTION OF THIRD PARTIES WESTBRIDGE TECHNOLOGIES, JOSH SHANER AND TERRY DIVITTORIO FOR CLARIFICATION WITH RESPECT TO COURT'S ORDER RE ADMINISTRATIVE MOTIONS [DKT. NO 394]** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | Date:  November 7, 2024 |
| | Time:  1:30 p.m. |
| | Place:  Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California |
| | Action Filed: 10/29/2019 |

1. **PLEASE TAKE NOTICE** that on November 7, 2024, at 1:30 p.m., third parties Westbridge Technologies Inc. ("Westbridge"), and former Westbridge employees Josh Shaner and Terry DiVittorio ("Third Parties") will bring on for hearing before the Honorable Phyllis J. Hamilton, United States District Judge, in the United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California, a motion for clarification with respect to the Court's Order re Administrative Motions (Dkt. No. 394). The motion is based on the following Points and Authorities and the declaration of Matthew Dawson; the pleadings, papers, and records on file in this case; and such oral argument as may be presented.

## POINTS AND AUTHORITIES

On September 27, the Court granted Plaintiffs' administrative motion to enlarge time to file discovery-related motions. (Order Re Administrative Motions [Dkt. No. 394] ("Order")). Plaintiffs' motion [Dkt. No. 388] did not identify any alleged deficiencies in *third parties'* document productions, nor did it mention anything about filing discovery motions against third parties. (*See, e.g.*, Dkt. No. 388 at 2:6-7 ("Plaintiffs are continuing to evaluate *Defendants'* compliance with their discovery obligations" (emphasis added).) Indeed, as Plaintiffs' unfiled reply makes clear, their request for an extension was intended to ensure that they could file a motion for sanctions against *Defendants* regarding the issues raised in their deficiency letter of September 12, 2024 (*see* Dkt. No. 392-1 at 2:1-7), none of which involved third-party discovery (*see* Dkt. No. 391 at 3:7-18).

The Court granted the motion, extending time to file motions to October 2, 2024, because: "Given the sheer number of discovery-related disputes throughout the history of this case, the court believes it would be advantageous to allow the parties to fully evaluate *the opposing party's* productions and to meet and confer to narrow disputes wherever possible." (Order at 1:25-28.) The Third Parties thus understand the Order to permit the parties a few additional days to file discovery motions against each other, not against third parties.

This motion for clarification is required because Plaintiffs intend to file a letter motion to compel against Westbridge, which they sent to Westbridge on October 1, 2024. Plaintiffs not only could have briefed and filed such a motion much earlier, a nearly identical motion *was* fully briefed

by September 16, and Plaintiffs elected not to file it.  On Saturday September 7, 2024, Plaintiffs sent their portion of a joint discovery dispute letter to Westbridge.  (Declaration of Matthew H. Dawson ("Dawson Decl.") ¶ 2.)  Westbridge sent back its portion on Monday, September 16, 2024.  (*Id.*)  For reasons known only to Plaintiffs, they neither amended their argument and sent it back to Westbridge, nor did they file it as is, prior to the expiration of the discovery motion cutoff on September 20, 2024. (*See id.*).

Only after the September 20, 2024, deadline had passed did Plaintiffs inform Westbridge that they wanted to confer further about the issues in the fully-briefed joint letter. (*See id.*) Counsel for the Third Parties then met and conferred with counsel for Plaintiffs on September 30, 2024, including the Third Parties' intent to seek clarification of the Court's order, but no resolution was reached. (*Id.* ¶ 3.)

The Third Parties have already been burdened enough by Plaintiffs' subpoenas and depositions.  They have produced over 2,000 documents (over 6,000 pages) in response to Plaintiffs' subpoenas, and have given up several days of their lives to sit for depositions. (*See id.* ¶ 4.) The Third Parties should not be burdened further by having to oppose untimely discovery motions, and they ask the Court to clarify that the Order was not intended to permit untimely discovery motions against the Third Parties or any other third-party witness.

Moreover, as the Third Parties will explain in their portion of the joint letter brief that Plaintiffs intend to file, the discovery motion Plaintiffs seek to file against Westbridge would be futile.  Westbridge has conducted a reasonable and diligent search and produced all documents in its possession that it agreed to provide in response to the subpoena.  Plaintiffs' counsel apparently believes that more emails between Defendants and Westbridge should exist.  However, Defendants and Westbridge communicated with each other via email very infrequently, but when they did, those emails have been produced, and Plaintiffs used some of them at the depositions of the Third Parties.

Dated: October 2, 2024                    By: */s/ Matthew H. Dawson*
                                          MATTHEW H. DAWSON
                                          *Attorneys for Third Parties Westbridge Technologies Inc., Josh Shaner and Terry DiVittorio*