October 2, 2024

Re: *WhatsApp LLC. v. NSO Group Technologies Limited*, 4:19-CV-07123-PJH
    DISCOVERY MATTER

The Honorable Phyllis J. Hamilton
United States District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

Dear Judge Hamilton:

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (together "Plaintiffs"), and Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (together "Defendants" or "NSO"), submit this joint letter regarding Plaintiffs' request for leave to use certain information derived from documents produced by Defendants and designated as Highly Confidential-Attorneys' Eyes Only to obtain WhatsApp account information for use in the litigation.

***Plaintiffs' Position***:

Defendants produced several documents, including Exhibit 17 to the Declaration of Micah G. Block in Support of Plaintiffs' Motion for Partial Summary Judgment, that identify certain NSO-owned devices on which NSO installed WhatsApp in order to test their Relevant Spyware. Defendants originally produced these documents with all the phone numbers redacted for "PII" (i.e., for personally identifiable information), but after their witnesses testified that these were company-owed devices, Defendants agreed to produce an unredacted version on September 13, 2024, which it designated as "Highly Confidential – Attorneys' Eyes Only."

By emails on September 16, September 18, September 23, and October 1, 2024, and during a meet and confer on September 30, 2024, Plaintiffs sought permission from Defendants to extract these phone numbers from the HC-AEO documents, like Exhibit 17, and to share those numbers with the Meta employee necessary to obtain all WhatsApp registration information associated with those phone numbers, including records showing whether and when those accounts had agreed to WhatsApp's Terms of Service. Plaintiffs' Designated House Counsel neither have the permissions nor the skills necessary to query WhatsApp's database of business records to obtain that information. By contrast, the Meta employee is a data scientist with the permissions and skills necessary to run the contemplated searches.

Whether Defendants agreed to the Terms of Service—which they have refused to provide discovery about—is relevant to Plaintiffs' breach of contract claims, Defendants'

authorization (or lack thereof) to access Plaintiffs' servers, and personal jurisdiction. Therefore, on October 1, 2024, Plaintiffs sent Defendants an email "propos[ing] to disclose these phone numbers to [a single Meta employee], a Data Science Manager on Meta's eDiscovery team, who would conduct the searches for associated WhatsApp account information himself," and stating that the employee "has already signed the Protective Order, a copy of which is attached, and he would not use the numbers for any competitive purpose." With respect to Defendants' request that the employee destroy all records of the search afterwards, Plaintiffs informed them that they "cannot agree to destroy all the information after the searches are run, because these types of queries are logged and monitored by Meta for security purposes," i.e. to monitor who accesses WhatsApp's business records, "but those logs also are not used for any competitive purpose." (Defendants' description below omits Plaintiffs' representation that none of the information would be "used for any competitive purpose," including to the extent there will be a log of the search.)

But despite the obvious relevance and litigation need, Defendants have refused to consent to Plaintiffs using the phone numbers from Defendants' documents for this limited purpose. Defendants have not articulated any harm they would suffer from this limited disclosure under these circumstances.

And there is no comparison or equivalency to Defendants' attempt to make blanket disclosures of personally identifiable victim information to Nofar Azulay, an NSO intern and law student, as a matter of administrative convenience. Defendants had not raised Ms. Azulay's designation in the weeks since Plaintiffs first sought to disclose these phone numbers, nor at any time since January 2024. Plaintiffs fully explained the basis for their objection to Ms. Azulay's designation and their concerns about the risk of harm to Plaintiffs and victims at that time. Defendants opted not to seek permission from the Court to make the disclosure over Plaintiffs' objection. Their attempt to raise that issue now is untimely and irrelevant to Plaintiffs' request to make a limited disclosure for a very specific litigation purpose.

Plaintiffs therefore request the Court's leave to use the phone numbers for the limited purpose outlined in this letter, notwithstanding Defendants' designation of the documents as Highly Confidential-Attorneys' Eyes Only.

***Defendants' Position***:

This request is another example of Plaintiffs believing the normal rules do not apply to them, including in this case ground-rules that Plaintiffs established a year ago.

Plaintiffs are seeking to provide Defendants' Highly Confidential-Attorney's Eyes Only information to Plaintiffs' business personnel, who appear to intend to use it against Defendants for competitive purposes. This week, the parties conferred to see if an

agreement could be reached. Defendants suggested that, if the persons receiving Defendants' confidential information would delete that information after using it for the alleged litigation purpose and confirm that deletion had occurred, the dispute could likely be resolved. Plaintiffs rejected that very reasonable proposed resolution and stated that they indeed intended to maintain the information: "We cannot agree to destroy all the information after the searches are run, because these types of queries are logged and monitored by Meta for security purposes." The fact that Defendants' information would remain in Plaintiffs' systems means that Plaintiffs could choose to use it later for competitive purposes if they so wished, and Plaintiffs' response indicates that it obviously intends to use this information for purposes other than the litigation. Providing Defendants' confidential business information to Plaintiffs' security apparatus could prejudice Defendants. If Plaintiffs truly intend to use this information only in litigation, they have provided no explanation why their legions of house counsel and/or outside counsel cannot perform the analysis needed.

Moreover, and notably, Defendants asked Plaintiffs, on December 12, 2023, whether they would agree to grant access to documents Plaintiffs designated as confidential information to a legal intern. Nofar Azulay is working in NSO's legal department (which includes herself and Defendants three house counsel, including its General Counsel and its Chief Compliance Officer) while Ms. Azulay completes law school. Defendants' house counsel wanted Ms. Azulay's assistance performing organizational tasks with respect to court filings and service of discovery. Defendants' house counsel also wanted to avoid the logistical difficulties of keeping Ms. Azulay from having access to certain filings and discovery responses. Plaintiffs objected and refused to allow Ms. Azulay access to their confidential information, insisting on strict interpretation of the protective order terms and stated they would allow only house *counsel* to have access to information designated as Highly Confidential—Attorney's Eyes Only; as a legal intern, Ms. Azulay did not qualify as "house counsel" for Plaintiffs' purposes. (E-mail from Gerhsam Johnson to King & Spalding, Exhibit 1.) In light of this history in parallel circumstances, the Court should decline to intervene here, and Plaintiffs' request should be denied.

The Honorable Phyllis J. Hamilton						4						October 2, 2024

Respectfully submitted,

By: /s/  *Micah G. Block*
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:   (212) 701-5800
Email: greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:   (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

By: /s/ *Aaron S. Craig*
Joseph N. Akrotirianakis (SBN 197971)
Aaron S. Craig (SBN 204741)
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile:   (213) 443-4310
Email: jakro@kslaw.com
         acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.*