| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone:   (213) 443-4355 |
| 5 | Facsimile:    (213) 443-4310 |

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED AND NON-PARTIES TERRENCE DIVITTORIO AND JOSH SHANER IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NOS. 399, 399-2, 399-3, 399-4, 399-6]** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | |
| | Judge:   Hon. Phyllis J. Hamilton |
| | Action Filed:   10/29/2019 |

      Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), and non-parties Terrence DiVittorio and Josh Shaner (the "Non-Parties"), by and through their undersigned counsel, hereby submit this Local Rule 79-5(f)(3) response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal ("Administrative Motion") (Dkt. No. 399).  Plaintiffs' Administrative Motion identifies certain portions of their Motion for Partial Summary Judgment (the "Summary Judgment Motion") (Dkt. No. 399-2), the Declaration of Micah G. Block in Support of Plaintiffs' Summary Judgment Motion (the "Block Declaration") (Dkt 399-3), Exhibits 1, 5-10, 12-17, 20-22, 24-27, 29-30, 32, and 34-36 to the Block Declaration (Dkt. 399-4), and Exhibit A to the Declaration of Meghan Andrew in Support of Plaintiffs' Summary Judgment Motion (Dkt. 399-6) as making reference to materials designated confidential by Defendants and by the Non-Parties.

      Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Courts apply the compelling reasons standard to sealing requests related to a motion for summary judgment. *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp.*, 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017).  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016)). "Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing." *Id.*; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22,

2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.")

Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology, *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.,* 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016). Further, "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information"). Courts have

1  also found compelling reasons to seal "customers' personal information, which includes the
2  customers' names, account numbers, IP addresses, email addresses, and/or customer activities on
3  certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine
4  Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N.
5  Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling
6  reasons to seal personally identifiable information, "including names, addresses, phone numbers,
7  and email addresses"). Lastly, Courts have found compelling reasons to seal non-public
8  government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No.
9  217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).

The categories of documents within Exhibits 1, 5-10, 12-17, 20-22, 24-27, 29-30, 32, and 34-36 to the Block Declaration and references to those Exhibits in the Block Declaration and Plaintiffs' Summary Judgment Motion include excerpts from the parties' technical expert reports and financial expert reports, Defendants' written discovery responses, excerpts from Defendants' depositions, and documents designated as confidential by Defendants and the Non-Parties.

<u>Excerpts from Technical Expert Reports about Defendants' Technology</u>

The parties' technical expert reports about Defendants' technology include Exhibit 1, excerpts from the report of Plaintiffs' proposed technical expert, David Youssef, Exhibit 29, excerpts from the rebuttal report of David Youssef, Exhibit 25, excerpts from the report of Plaintiffs' proposed technical expert, Anthony Vance, and Exhibit 30, excerpts from the rebuttal report of Defendants' technical and cybersecurity expert, Terrance McCraw. These excerpts from the parties' technical expert reports contain highly confidential technical information regarding the functioning of Defendants' technology, including source code or server logs reflecting the functioning of source code, discussions regarding the technical functions of Defendants' technologies, and specific IP addresses. They also include commercially sensitive information, including WhatsApp account numbers and phone numbers. These materials not only set forth and discuss Defendants' highly confidential technology, the information discussed therein are also subject to legal restrictions that require Defendants to use best efforts to keep this information out

of the public record. The Court has already granted motions to seal with respect to this information, including in its Orders dated September 14, 2023 (Dkt. 217), November 15, 2023 (Dkt. 233), and August 1, 2024 (Dkt. 358).

### Expert Reports Containing Defendants' Financial Information

The parties' financial expert reports include Exhibit 12, excerpts from the report of Plaintiffs' proposed damages expert, Dana Trexler, Exhibit 26, excerpts from the supplemental report of Dana Trexler, and Exhibit 34, excerpts from the rebuttal report of Defendants' financial expert, Gregory A. Pinsonneault. These reports include extensive discussion of Defendants' highly confidential financial information, including their revenues and profits and confidential details of Defendants' licensing terms. Similarly, Exhibit 27, which is Defendants' own analysis of the revenues and profits derived from relevant lawful-intercept technologies, contains extensive discussion of Defendants' highly confidential customer information (including specific technologies licensed) and financial information (including Defendants' contract terms, revenues, and profits).

### Written Discovery Responses

Defendants' written discovery responses include Exhibits 5 and 20 to the Block Declaration. Exhibit 5, Defendants' Supplemental Objections and Responses to Plaintiffs' Interrogatories Nos. 1-3, 6-9, and Exhibit 20, Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission, contain references to Defendants' obligations under Israeli law, with respect to which the Court has already granted motions to seal, including in its Orders dated September 14, 2023 (Dkt. 217), November 15, 2023 (Dkt. 233), and August 1, 2024 (Dkt. 358), highly technical information regarding Defendants' technologies, business and licensing activities, including reference to specific IP addresses, confidential information non-public government information, and commercially sensitive information, including WhatsApp account numbers, email addresses, and phone numbers.

### Deposition Transcripts Containing Highly Confidential Information

Exhibits 6, 8, 10, and 21 to the Block Declaration are excerpts from Defendants' deposition

transcripts.  Specifically, Exhibit 6, excerpts from the deposition transcript of NSO's Vice President of Research and Development, Exhibit 8, excerpts from the deposition transcript of NSO's Senior Vice President, Customer Based Division, Exhibit 10, excerpts from the deposition transcript of NSO's Chief Executive Officer, and Exhibit 21, excerpts from deposition transcript of NSO's Vice President, Global Business Operations, all contain references to: Defendants' obligations under Israeli law, with respect to which the Court has already granted motions to seal; highly confidential information about the research, development, and functioning of Defendants' technologies, including technologies not at issue in this lawsuit; business operations; and highly confidential pricing and financial information.  They also contain commercially sensitive information, including WhatsApp account numbers and phone numbers.  Exhibit 16, excerpts from deposition transcript of Josh Shaner, contain highly confidential information regarding the business operations of Defendants and of third-party company Westbridge, including non-public government information, and commercially sensitive information, including phone numbers and email addresses.

<u>Documents Produced in Discovery Setting Forth Defendants' Confidential Technical and Customer Information</u>

Exhibits 7, 9, 13, 14, 15, 17 (and reference to Exhibit 17 in the Block Declaration), 22, 24, 32, 35, and 36 to the Block Declaration are documents designated as confidential by Defendants and the Non-Parties.  They include highly confidential information about the research, functioning, and capabilities of Defendants' technologies, including those not relevant to this lawsuit, internal business documents, confidential customer information, non-public government information, and Defendants and affiliate Westbridge's commercially sensitive information, including WhatsApp account numbers and personal and employee phone numbers.  Defendants do not object to the public filing of Exhibit 31 to the Block Declaration.

Exhibit A to the Declaration of Meghan Andrew in Support of Plaintiffs' Summary Judgment Motion includes commercially sensitive information, including WhatsApp account numbers and phone numbers.

Lastly, the portions Plaintiffs identify in the Summary Judgment Motion, in pages i and 1 through 25, include references to all these Exhibits, including the categories of confidential information as discussed above and additional description of highly confidential technical information regarding the functioning of Defendants' technologies.

The public disclosure of each of these categories of information would harm the interests of Defendants and the Non-Parties. Accordingly, Defendants and the Non-Parties respectfully request that the Court keep under seal those portions of Plaintiffs' Summary Judgment Motion, the Block Declaration, Exhibits 1, 5-10, 12-17, 20-22, 24-27, 29-30, 32, and 34-36 to the Block Declaration, and Exhibit A to the Declaration of Meghan Andrew in Support of Plaintiffs' Summary Judgment Motion identified herein, for the reasons stated herein and the same reasons that the Court granted Defendants' prior motions to seal.

DATED: October 4, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED and for Non-Parties TERRENCE DIVITTORIO AND JOSH SHANER