Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         gina.cora@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:     micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' STATEMENT IN RE-SPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Ctrm:　　3<br>Judge:　　Hon. Phyllis J. Hamilton<br><br>Action Filed:　October 29, 2019 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this Statement in Response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") identifying certain sealed materials filed in connection with NSO's Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and for Partial Summary Judgment, including the Declaration of Aaron Craig (the "Craig Declaration") and the attached Exhibits (together with the Craig Declaration, the "Sealed Materials"), as containing information that should be filed under seal, including as referencing or containing materials designated as "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs. Dkt. No. 396.

Plaintiffs request that the Court keep under seal only certain sealed material attached to the Declaration of Joseph Akrotirianakis (which NSO filed as Exhibit 4 to the Craig Declaration). Specifically, Plaintiffs request that the Court keep only Exhibits R through V entirely under seal and keep only the redacted portions of Exhibits K, L, and W under seal as indicated in the versions of those exhibits attached as Exhibits 1-3 to the Declaration of Craig T. Cagney filed herewith ("Plaintiffs' Sealed Materials"), and do so pursuant to Local Rules 79-5(c) and (d). Plaintiffs have no objection to unsealing the remaining Sealed Materials that were produced by Plaintiffs. *See* Dkt. No. 396-5, Exs. F, P, and Q. With respect to the Sealed Materials filed by NSO (the "NSO Sealed Materials") (*see* Dkt. No. 396-2, Ex. 1; Dkt. No. 396-3, Ex. 2; Dkt. No. 396-4, Exs. 3, F; and Dkt. No. 396-5, Exs. 4, G–J, M–O), NSO has not appropriately applied the "compelling reasons" standard to overcome the presumption of public access to judicial documents, because NSO does not set forth the "compelling reasons" on document-by-document basis. With respect to NSO's redactions to the Craig Declaration itself, *see* Dkt. No. 396-2, Ex. 1, Plaintiffs object to those portions remaining under seal because that information is already in the public domain.

### I. Plaintiffs' Sealed Materials

Plaintiffs' Sealed Materials comprise or refer to materials that have been designated and produced in discovery by Plaintiffs as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132.

Exhibit R contains sensitive business information, including information about Plaintiffs' internal decision-making process that is not relevant to any of the issues in this case; indeed, NSO's summary judgment motion references only very limited portions of that document. *See* Dkt. No. 396-5, Ex. R; Cagney Decl. ¶ 3. Exhibits S through V are Plaintiffs' internal documents reflecting sensitive and confidential internal security operations and procedures, which are cited for very limited reasons in NSO's summary judgment motion that are unrelated to those confidential operations and procedures. *See* Dkt. No. 396-5, Exs. S–V; Cagney Decl. ¶ 4.

Courts have routinely held that such confidential business information satisfies the compelling reasons standard applicable here. *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. Nov. 8, 2023) (granting sealing motion with respect to information including "confidential business information" and "internal decisionmaking processes"); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing where the records were "subject to a contractual duty of confidentiality" and "harm could result to [the parties'] business operations" if the information were prematurely disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons existed to file under seal records that implicate "confidential business information" subject to confidentiality agreements). Publicly disclosing these materials would risk harm to Plaintiffs' business and provide competitors an unfair advantage by providing access to internal business deliberations. Cagney Decl. ¶ 4. This harm could not be mitigated by any means less restrictive than sealing. *Id.*

Compelling reasons also exist to protect the confidential information and privacy interests of certain of Plaintiffs' non-testifying individual employees. Specifically, Exhibits L, K, and R through W contain the names, email addresses, and phone numbers, of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this Action. *See* Dkt.

396-5, Exs. L, K, R–W; Cagney Decl., ¶ 5, Exs. 1-3.  "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case."  *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); *see also Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) ("While the . . . employees are employed by a party in this case and have a lower privacy interest, their specific e-mail addresses are not relevant to the merits of the motion of this case.").  In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention.  There is little, if any public interest, in those identities, so the private interests justify sealing.  Cagney Decl. ¶ 5.

For the foregoing reasons, Plaintiffs request that Plaintiffs' Sealed Materials remain under seal.  This request is narrowly tailored to only sealable material (as submitted concurrently herewith).

### II.   NSO's Sealed Materials

Although NSO notes that this Court has granted previous administrative motions to seal (Dkt. No. 396 at 3), the standard applicable to those prior motions was "good cause" and, as this Court explained in a prior order, "[a]t a later stage of the litigation," such as dispositive motions, "the court will re-evaluate whether continued sealing is warranted under the 'compelling reasons' standard."  *See* Dkt. No. 217 at 1 (quoting *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)); *see also Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *1 (N.D. Cal. Mar. 14, 2019) (explaining that the appropriate standard for sealing on a motion for summary judgment is "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure");

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point" and "[a] party seeking to seal a judicial record then bears sthe burden of overcoming this strong presumption by meeting the 'compelling reasons' standard" (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003))).  In other words, the relatively more liberal approach to sealing that has been applied at prior stages of this litigation no longer befits the current procedural posture, and a heightened "compelling reasons" standard must be satisfied to support continued sealing.

This "compelling reasons" standard requires the moving party to describe the reasons for sealing with specificity.  *See, e.g.*, *Kamakana*, 447 F.3d at 1184 ("purport[ing] to justify each redaction by listing one of four general categories of privilege . . . without any further elaboration or any specific linkage with the documents, does not satisfy the [compelling reasons] burden).  Even under the more liberal "good cause" standard, the Court has indeed instructed the parties that line-by-line explanations for proposed material to be sealed are required because "any sealing should be as narrow as possible." Feb. 16, 2023 Case Mgt. Conf. Tr. at 27:8–30:7.  NSO's Administrative Motion, however, does not undertake a line-by-line analysis, and thus falls short of this standard.

In addition, NSO seeks to seal several paragraphs of the Craig Declaration that describe the Israeli restrictions.  *See* Dkt. No. 396-1 ¶¶ 3–10.  As noted in Plaintiffs' motion for sanctions, Dkt. No. 405-2 at 3–5, those Israeli restrictions have been described in multiple public reports and are accordingly matters of public record.[1]  No compelling reason can exist to protect from disclosure information that has already been made public.  *Kamakana,* 447 F.3d at 1184 (no compelling reason

---

[1] *See* Harry Davies & Stephanie Kirchgaessner, *Israel Tried to Frustrate US Lawsuit Over Pegasus Spyware*, *Leak Suggests*, The Guardian (July 25, 2024, 12:00 PM), https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spywareleak-suggests; Phineas Rueckert & Karine Pfenniger, *Israel Maneuvered to Prevent Disclosure of State Secrets Amid WhatsApp vs NSO*, Forbidden Stories (July 25, 2024), https://forbiddenstories.org/actualites_posts/israel-maneuvered-to-prevent-disclosure-of-state-secretsamid-whatsapp-vs-nso-lawsuit; Amnesty International, *Israel's Attempt to Sway WhatsApp Case Casts Doubt on Its Ability to Deal with NSO Spyware Cases* (July 25, 2024), https://www.amnesty.org/en/latest/news/2024/07/israels-attempt-to-sway-whatsapp-case-casts-doubt-on-itsability-to-deal-with-nso-spyware-cases.

to seal documents where "many names or references for which the United States sought redaction were either already publicly available or were available in other documents being produced," including a press release). As such, NSO has not met its burden to redact these portions of the Craig Declaration.

Dated: October 4, 2024

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Craig T. Cagney
    Greg D. Andres
    Antonio J. Perez-Marques
    Craig T. Cagney
    Gina Cora
    Luca Marzorati
      (admitted pro hac vice)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           craig.cagney@davispolk.com
           gina.cora@davispolk.com
           luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    1600 El Camino Real
    Menlo Park, California 94025
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*