Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and METO PLATFORMS INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF CRAIG T. CAGNEY IN SUPPORT OF PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Ctrm:  3 <br> Judge:  Hon. Phyllis J. Hamilton <br><br> Action Filed:  October 29, 2019 |

I, Craig T. Cagney, declare as follows:

1. I am an attorney duly admitted *pro hac vice* to practice in this Court, and a counsel with the law firm of Davis Polk & Wardwell LLP, counsel to Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration pursuant to Civil Local Rule 7-11 in support of the Plaintiffs' Supplemental Motion to Seal and Statement in Response to Defendants' Administrative Motion to File Under Seal, filed concurrently herewith.

3. Exhibit R to the Declaration of Joseph Akrotirianakis in Support of Defendants' Motion for Summary Judgment (the "Akrotirianakis Declaration") (Dkt. No. 396-5, Ex. 4) reflects sensitive business information, the vast majority of which is not relevant to this litigation but would provide competitors an unfair advantage by providing access to internal business deliberations and decision-making processes.

4. Exhibits S through V to the Akrotirianakis Declaration are Plaintiffs' internal documents reflecting sensitive and confidential internal security operations and procedures. Disclosure of these communications would pose a risk of harm to Plaintiffs' business and would provide competitors an unfair advantage by providing them with access to internal business deliberations.

5. Exhibits L, K, and R through W to the Akrotirianakis Declaration also contain confidential personal information of certain of Plaintiffs' non-testifying individual employees, including their names, email addresses, and phone numbers, whose identities are not pertinent to any issue in this Action. Disclosure of this confidential personal information would pose a risk of harm to the privacy interests of the listed individuals. In addition, I understand that the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. There is little, if any, public interest in those identities, so the private interests justify sealing.

6. Attached hereto as Exhibit 1 is a true and correct copy of Exhibit K to the Akrotirianakis Declaration with the limited portions that Plaintiffs seek to remain under seal redacted therefrom.

7. Attached hereto as Exhibit 2 is a true and correct copy of Exhibit L to the Akrotirianakis Declaration with the limited portions that Plaintiffs seek to remain under seal redacted therefrom.

8. Attached hereto as Exhibit 3 is a true and correct copy of Exhibit W to the Akrotirianakis Declaration with the limited portions that Plaintiffs seek to remain under seal redacted therefrom.

9. For the reasons stated above, the public disclosure of the above-referenced confidential and sensitive information would prejudice Plaintiffs and nonparties.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 4th day of October, 2024 in New York, New York.

*/s/ Craig T. Cagney*
Craig T. Cagney