Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO THE STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS AND NON-PARTIES IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NOS. 399, 413]** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | |
| | Ctrm:    3 |
| | Judge:   Hon. Phyllis J. Hamilton |
| | Action Filed:  October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this Response to the Statement Pursuant to Local Rule 79-5(f)(3) (Dkt. No. 413) ("NSO's Statement") of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited and Non-Parties Terrence DiVittorio and Josh Shaner (collectively, "NSO") in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (Dkt. No. 399).  NSO's Statement seeks to keep under seal *all* materials—including documents, written discovery responses, and deposition testimony—that Plaintiffs filed in connection with their motion for summary judgment that NSO designated as confidential during discovery.  Because NSO's Statement fails to set forth with sufficient specificity the purported "compelling reasons" to justify sealing such copious amounts of information (totaling 27 documents in their entirety, plus every reference to them in two of the accompanying filings), as is required, NSO has failed to meet its burden to overcome the "strong presumption in favor of access to court records."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003).)

Plaintiffs and NSO agree that "[c]ourts apply the compelling reasons standard to sealing requests related to a motion for summary judgment."  (Dkt. No. 413 at 1, citing *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp.*, 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017)).  But NSO overlooks that the "compelling reasons" standard requires the moving party to describe the reasons for sealing with specificity.  *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183-4 (9th Cir. 2006) ("purport[ing] to justify each redaction by listing one of four general categories of privilege . . . without any further elaboration or any specific linkage with the documents, does not satisfy the [compelling reasons] burden").  Indeed, even under the more liberal "good cause" standard that applied during the discovery phase of this litigation, the Court has instructed the parties that line-by-line explanations for proposed material to be sealed are required because "any sealing

1

PLAINTIFFS' RESPONSE TO THE STATEMENT OF DEFENDANTS AND NON-PARTIES IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

should be as narrow as possible."  Feb. 16, 2023 Case Mgt. Conf. Tr. at 27:8–30:7.  NSO did not undertake this effort, and for this reason, NSO's Statement fails to justify continued sealing.

Instead of undertaking anything close to a line-by-line analysis, NSO seeks to keep under seal everything NSO designated as confidential:  the entirety of 27 exhibits, as well as all of the redactions that Plaintiffs applied to their Memorandum of Points and Authorities.  *Cf. Foltz*, 331 F.3d at 1137 (reversing sealing order in part because of the party's "failure to identify where in the documents confidential financial information and trade secrets are to be found").[1]  NSO does not offer any reason, let alone compelling reasons, why redactions to exhibits would not sufficiently protect any confidential information.

For example, NSO argues that certain exhibits that Plaintiffs submitted in connection with their motion for summary judgment should be sealed because those exhibits include some of NSO's "confidential technical and customer information" that is "not relevant to this lawsuit" (Dkt. No. 413 at 5), and NSO tries to justify redacting Plaintiffs' Memorandum of Points and Authorities of any references to these exhibits by summarily referencing the exhibits themselves, stating:  "the portions Plaintiffs identify in the Summary Judgment Motion, in pages i and 1 through 25, include references to all these Exhibits, including the categories of confidential information as discussed above and additional description of highly confidential technical information regarding the functioning of Defendants' technologies."  Dkt. No. 413 at 6.  This description fails to account for the fact that the information referenced in Plaintiffs' Memorandum is all highly relevant to Plaintiffs' request for dispositive relief and also fails to detail why public disclosure of all the redacted facts in Plaintiffs' Memorandum would harm NSO.  This is particularly true for any technologies that are now obsolete following WhatsApp's mitigation of the 2019 attack.

NSO also attempts to justify sealing certain documents by referencing "Defendants' obligations under Israeli law."  (Dkt. No. 413 at 4-5.)  Information about the Israeli restrictions is

---

[1] For the avoidance of doubt, Plaintiffs do not object to sealing NSO's employees' sensitive personal information.

already public.[2]   No compelling reason can exist to protect from disclosure information that has already been made public.  *Kamakana,* 447 F.3d at 1184 (no compelling reason to seal documents where "many names or references for which the United States sought redaction were either already publicly available or were available in other documents being produced," including a press release).  NSO's Statement does not attempt to identify what, if any, of the information about "Defendants' obligations under Israeli law" is or is not already public.

Finally, NSO's argument that "the Court has already granted motions to seal" information related to "Defendants' obligations under Israeli law" (Dkt. No. 413 at 4; *see also id.* at 5) fails to recognize that the Court granted those motions based on the lesser "good cause" standard that applied to the earlier phase of this case, rather than the higher "compelling reasons" standard that applies now.  (*See* Dkt. Nos. 217, 233, 358.)  As this Court explained in a prior order, "[a]t a later stage of the litigation," such as dispositive motions, "the court will re-evaluate whether continued sealing is warranted under the 'compelling reasons' standard."  *See* Dkt. No. 217 at 1 (quoting *Chrysler Grp.,* 809 F.3d at 1096–97).

Accordingly, Plaintiffs respectfully submit that NSO's Statement fails to justify the sweeping redactions and sealing that it seeks.

---

[2] *See* Harry Davies & Stephanie Kirchgaessner, *Israel tried to frustrate US lawsuit over Pegasus spyware, leak suggests,* The Guardian (July 25, 2024, 12:00 PM), https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware-leak-suggests; Phineas Rueckert & Karine Pfenniger, *Israel Maneuvered to Prevent Disclosure of State Secrets Amid WhatsApp vs NSO Lawsuit,* Forbidden Stories (July 25, 2024), https://forbiddenstories.org/actualites_posts/israel-maneuvered-to-prevent-disclosure-of-state-secrets-amid-whatsapp-vs-nso-lawsuit/; Amnesty International, *Israel's Attempt to sway WhatsApp case casts doubt on its ability to deal with NSO spyware cases* (July 25, 2024), https://www.amnesty.org/en/latest/news/2024/07/israels-attempt-to-sway-whatsapp-case-casts-doubt-on-its-ability-to-deal-with-nso-spyware-cases/.

3

1

Dated:  October 8, 2024

Respectfully Submitted,

2

DAVIS POLK & WARDWELL LLP

3

4

By:  /s/ Craig T. Cagney

Greg D. Andres

5

Antonio J. Perez-Marques

Craig T. Cagney

6

Gina Cora

Luca Marzorati

7

  (admitted *pro hac vice*)

DAVIS POLK & WARDWELL LLP

8

450 Lexington Avenue

9

New York, New York 10017

Telephone: (212) 450-4000

10

Facsimile: (212) 701-5800

Email:  greg.andres@davispolk.com

11

        antonio.perez@davispolk.com

        craig.cagney@davispolk.com

12

        gina.cora@davispolk.com

        luca.marzorati@davispolk.com

13

14

Micah G. Block (SBN 270712)

DAVIS POLK & WARDWELL LLP

15

1600 El Camino Real

Menlo Park, California 94025

16

Telephone: (650) 752-2000

Facsimile:  (650) 752-2111

17

Email: micah.block@davispolk.com

18

*Attorneys for Plaintiffs WhatsApp LLC and*

19

*Meta Platforms, Inc.*

20

21

22

23

24

25

26

27

28

4