Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:　　3<br>Judge:　　Hon. Phyllis J. Hamilton<br><br>Action Filed:　October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). Dkt. No. 410. The Administrative Motion identifies Exhibits 1-6 to the parties' joint letter brief regarding Plaintiffs' preservation of mobile phones (the "Materials") as referencing or containing information designated as "Highly Confidential – Attorney's Eyes Only" by Plaintiffs.

Plaintiffs request that the Court keep the Materials under seal, and do so pursuant to Local Rules 79-5(c) and (d). The Materials comprise or refer to materials that have been designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order (Dkt. No. 132). Exhibits 1 through 5 reflect deposition testimony describing internal business practices of Plaintiffs. In addition, Exhibits 2, 5, and 6 contain the names of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this Action. *See* Dkt. No. 410-2, Exs. 2, 5, and 6. Exhibit 6 also lists the individual compensation of several of Plaintiffs' employees. *See* Dkt. No. 410-2, Ex. 6

The appropriate standard for sealing here is "good cause." The Materials are attached to NSO's discovery motion—a non-dispositive motion that only tangentially relates to the case—so the moving party need only show "good cause" for why the documents should remain under seal. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

|   |   |
|---|---|
| 1 | Plaintiffs easily meet the applicable good-cause standard here.  Courts have routinely held |
| 2 | that confidential business information and individuals' personal identifying information satisfies |
| 3 | the compelling reasons standard, which is far more "exacting" than the good-cause standard appli- |
| 4 | cable here.  See *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023) |
| 5 | (granting plaintiff's renewed sealing motion with respect to information including "confidential |
| 6 | business information" and "internal decisionmaking processes"); *Nursing Home Pension Fund v.* |
| 7 | *Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found |
| 8 | that compelling reasons exist to keep personal information confidential to protect an individual's |
| 9 | privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut.* |
| 10 | *Auto. Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003))); *see also In re Sony Gaming Networks & Cus-* |
| 11 | *tomer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting |
| 12 | sealing records where the records were "subject to a contractual duty of confidentiality" and where |
| 13 | "harm could result to [the parties'] business operations" if the information were prematurely dis- |
| 14 | closed); *In re Qualcomm Litig., 2017 WL 5176922*, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that |
| 15 | the parties established compelling reasons to file under seal records that implicate "confidential |
| 16 | business information" subject to confidentiality agreements); *O'Connor v. Uber Techs., Inc., 2015* |
| 17 | *WL 355496*, at *2 (N.D. Cal. Jan. 27, 2015) ("[R]edaction of [their] identifying information is par- |
| 18 | ticularly appropriate here, because the public's interest in the name of [an employee] is likely insig- |
| 19 | nificant, as the exact name is irrelevant to the legal issues in this case."); *Ehret v. Uber Techs., Inc.,* |
| 20 | *2015 WL 12977024*, at *2-3 (N.D. Cal. Dec. 2, 2015) (holding that names and individual earnings |
| 21 | may be redacted under both the good cause and compelling reasons standard as the information |
| 22 | "concerns privacy interests"). |
| 23 | The Materials contain sensitive, personal information that is not available to the public, nor |
| 24 | are the details pertinent to the issues raised in NSO's discovery motion.  Publicly disclosing the |
| 25 | Materials would risk harm to Plaintiffs' business, would provide competitors an unfair advantage |
| 26 | by providing access to internal business deliberations, and would pose a risk of harm to the privacy |
| 27 | interests of Plaintiffs' individual employees.  In addition, the public disclosure of Plaintiffs' |
| 28 |   |

2

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMIN. MOTION TO CONSIDER WHETHER AN-
OTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-CV-07123-PJH

employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. There is little, if any public interest, in those identities, so the private interests justify sealing. This harm could not be mitigated by any means less restrictive than sealing.

For the foregoing reasons, Plaintiffs request that the Materials that NSO submitted remain under seal. This request is narrowly tailored to only sealable material.

Dated:  October 8, 2024                                Respectfully Submitted,

                                                       DAVIS POLK & WARDWELL LLP

                                                       By:  /s/ Craig T. Cagney
                                                            Greg D. Andres
                                                            Antonio J. Perez-Marques
                                                            Craig T. Cagney
                                                            Gina Cora
                                                            Luca Marzorati
                                                              (admitted pro hac vice)
                                                            DAVIS POLK & WARDWELL LLP
                                                            450 Lexington Avenue
                                                            New York, New York 10017
                                                            Telephone: (212) 450-4000
                                                            Facsimile: (212) 701-5800
                                                            Email:  greg.andres@davispolk.com
                                                                    antonio.perez@davispolk.com
                                                                    craig.cagney@davispolk.com
                                                                    gina.cora@davispolk.com
                                                                    luca.marzorati@davispolk.com

                                                            Micah G. Block (SBN 270712)
                                                            DAVIS POLK & WARDWELL LLP
                                                            1600 El Camino Real
                                                            Menlo Park, California 94025
                                                            Telephone: (650) 752-2000
                                                            Facsimile:  (650) 752-2111
                                                            Email: micah.block@davispolk.com

                                                            *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

3

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - CASE NO. 4:19-cv-07123-PJH