JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NOS. 405, 405-2, 405-3, 405-4]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

## I.   INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") hereby submit this Local Rule 79-5(f)(3) response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal ("Administrative Motion") (Dkt. No. 405).   Plaintiffs' Administrative Motion identifies certain portions of their Motion for Sanctions (Dkt. No. 405-2), the Declaration of Micah G. Block in Support of Plaintiffs' Motion for Sanctions (the "Block Declaration") (Dkt. No. 405-3), and Exhibits A-L, and N-Q to the Block Declaration (Dkt. No. 405-4), as making reference to materials designated confidential by Defendants.

As an initial matter, Defendants do not contend that Exhibit H to the Block Declaration contains information that is required to be treated as "Confidential" or "Highly Confidential-Attorney's Eyes Only" under the parties' Stipulated Protective Order (Dkt. No. 132).   Nor do Defendants contend that Exhibit H to the Block Declaration or portions of the Motion for Sanctions and Block Declaration discussing that exhibit need to remain under seal.

For reasons explained below, however, Exhibits A-G, I-L, and N-Q to the Block Declaration should remain sealed—as should the related portions of Plaintiffs' Motion for Sanctions and the Block Declaration.

## II.   ARGUMENT

### A.  Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute."   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).   The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.

The appropriate standard for sealing on Plaintiffs' motion seeking discovery-related sanctions is "good cause."   *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are the only weights on the scale.") (internal quotation marks and citation omitted).   A motion for terminating sanctions based on a

purported failure to provide discovery "does not concern *the merits*" of a plaintiff's claims.  *See Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5110453, at *1 n.1 (S.D. Cal. Sept. 21, 2016) (emphasis added).  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  For reasons shown below, Defendants easily satisfy the "good cause" standard with respect to Exhibits A-G, I-L, and N-Q to the Block Declaration, the indicated portions of Plaintiffs' Motion, and the indicated portions of the Block Declaration.

Regardless, even if the Court were to apply the more demanding "compelling reasons" sealing standard, that standard is likewise satisfied.  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document.  *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096).

As an initial matter, courts have found compelling reasons to seal traditionally non-public government information.  *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).  The need to seal certain information, and to keep that information out of the public record, has been repeatedly briefed to the Court.  *See, e.g.*, Dkt. Nos. 396 & 396-1.  Although Plaintiffs now tout certain public reporting, they provide no evidence (nor can they) that the reporting has worked any change in the restrictions and legal obligations previously described to the Court.

More generally, "[c]ompelling reasons justifying sealing court records generally exist when such 'court files might . . . become a vehicle for improper purposes' such as 'releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing.'"  *Id.*; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("The Ninth Circuit has found that compelling reasons exist to keep personal information

confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.")

Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology," *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses*.*" *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *In re Google Location Hist. Litig.,* No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.").  Courts have also found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report[s], and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.,* 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).  Further, "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."  *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").  Courts have also found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N.*

*Cal., Nev., & Utah v. General Motors LLC*, 2019 WL 1206748, at \*2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

### B.  Documents and Information Requiring Sealing

The categories of documents within Exhibits A-G, I-L, and N-Q to the Block Declaration, which are also referenced in the Block Declaration and Plaintiffs' Motion for Sanctions, include (i) Defendants' written discovery responses; (ii) portions of the transcript of February 15, 2024 proceedings before this Court that were previously ordered sealed; (iii) the parties' letters concerning discovery; and (iv) excerpts from Defendants' depositions.

<u>Written Discovery Responses</u>

Exhibit A to the Block Declaration is a copy of Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Admission.  The responses include information that is subject to various restrictions and is similar in character and substance to information with respect to which the Court has, accordingly, already granted motions to seal, including in its Orders dated September 14, 2023 (Dkt. 217), November 15, 2023 (Dkt. 233), and August 1, 2024 (Dkt. 358). In the interests of comity and out of respect for the applicable legal interests that affect such information, that information should remain sealed.  The responses also include highly technical information regarding Defendants' technologies, business and licensing activities, confidential non-public government information, and commercially sensitive information, including WhatsApp account numbers, email addresses, and phone numbers, all of which warrant sealing these Exhibits. *See, e.g., Transperfect*, 2013 WL 706975, at \*1; *Finjan*, 2016 WL 7429304, at \*2; *Hyundai Motor*, 2019 WL 11638962, at \*2; *Activision*, 2023 WL 2347134, at \*1; *Am. Automobile Ass'n*, 2019 WL 1206748, at \*2.

<u>Sealed Portions of the Transcript of Proceedings Before This Court on February 15, 2024</u>

Exhibit B to the Block Declaration consists of excerpts from the transcript of proceedings held before this Court on February 15, 2024.  The Court previously held that the portions of the transcript containing those excerpts should be sealed.  Accordingly, Defendants submit that Exhibit B to the Block Declaration should remain sealed.

Parties' Letters Concerning Discovery

Exhibits C through G and I through L to the Block Declaration are the parties' letter exchanges concerning discovery from July 2, 2024, through September 20, 2024, which include information that is subject to various restrictions and is similar in character and substance to information with respect to which the Court has, accordingly, already granted motions to seal, including in its Orders dated September 14, 2023 (Dkt. 217), November 15, 2023 (Dkt. 233), and August 1, 2024 (Dkt. 358). In the interests of comity and respect for the applicable legal interests that affect such information, that information should remain sealed. These Exhibits also contain references to documents produced in discovery, responses to discovery, and testimony from depositions, which include: highly confidential technical information regarding the functioning of Defendants' technology; discussions regarding the technical functions of Defendants' technologies; the research, development, and functioning of Defendants' technologies; business operations; and highly confidential pricing and financial information, all of which likewise warrant sealing these Exhibits. *See, e.g., In re Da Vinci*, 2024 WL 1687645, at *1; *Icon-IP*, 2015 WL 984121, at *2; *Transperfect*, 2013 WL 706975, at *1.

Deposition Transcripts Containing Highly Confidential Information

Exhibits N-Q to the Block Declaration are excerpts of the deposition transcripts of NSO's Vice President of Research and Development (Exh. N), NSO's Senior Vice President, Customer Based Division (Exh. O), NSO's Chief Executive Officer (Exh. P), and NSO's Vice President, Global Business Operations (Exh. Q), which contain information that is subject to various restrictions and is similar in character and substance to information with respect to which the Court has, accordingly, already granted motions to seal, including in its Orders dated September 14, 2023 (Dkt. 217), November 15, 2023 (Dkt. 233), and August 1, 2024 (Dkt. 358). In the interests of comity and out of respect for the applicable legal interests that affect such information, that information should remain sealed. These Exhibits also contain highly confidential information about the research, development, and functioning of Defendants' technologies, business operations, highly confidential pricing and financial information, and other commercially sensitive information, including WhatsApp account numbers and phone numbers, all of which warrant

1   sealing these Exhibits for reasons shown above.

2          <u>Plaintiffs' Motion & The Block Declaration</u>

3          Lastly, the portions Plaintiffs identify at pages iii, 2 through 18, and 21 through 25 of their

4   Motion for Sanctions (Dkt. 405-2) and paragraphs 4, 7 through 10, 14, and 19 of the Block

5   Declaration (Dkt. 405-3) include references to the above-identified Exhibits, the confidential

6   information contained therein, and related topics, as discussed above.

7          The public disclosure of the above Exhibits to the Block Declaration and discussion of the

8   same information in the Motion for Sanctions and Block Declaration would harm the interests of

9   Defendants.  In addition to competitive harm resulting from the release of its technical trade secrets

10   and highly confidential information, and the harm that NSO may suffer in future licensing

11   negotiations if its pricing and licensing practices are made publicly available to potential

12   government customers, NSO also refers the Court to its previous description of additional potential

13   risks that would accrue to NSO in the event that certain sealed information were made public.  *See,*

14   *e.g.*, Dkt. No. 396-1 at ¶ 12(c).  Although Plaintiffs reference certain public reporting, they provide

15   no evidence that those risks have in any way lessened.

16   **III.**    **CONCLUSION**

17          Accordingly, Defendants respectfully request that the Court keep under seal the indicated

18   portions of Plaintiffs' Motion for Sanctions, the Block Declaration, and Exhibits A-G, I-L, and N-

19   Q to the Block Declaration identified herein, for the reasons stated herein.

20

21   DATED: October 9, 2024             KING & SPALDING LLP

22                         By:  */s/Aaron S. Craig*

23                           JOSEPH N. AKROTIRIANAKIS

24                           AARON S. CRAIG

25                           Attorneys for Defendants NSO GROUP

26                           TECHNOLOGIES LIMITED and Q

27                           CYBER TECHNOLOGIES LIMITED

28