JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q CYBER
TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>            Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited submit this Administrative Motion to File Under Seal (1) certain language in the Declaration of Aaron Craig filed concurrently with this Motion; (2) certain language in Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (the "Opposition"); (3) Exhibits A and B to the Declaration of Terrence McGraw in Support of the Opposition; (4) portions of the Declaration of Tamir Gazneli in Support of the Opposition; and (5) certain language in paragraphs 10-11 and 14-16 to the Declaration of Joseph A. Akrotirianakis in Support of the Opposition (the "Akro. Declaration") and Exhibits A-F, H-J, and L-O to the Akro. Declaration (collectively, the "Sealed Documents"). The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Craig Declaration.

## I. BACKGROUND

The Court stayed discovery in this case shortly after Plaintiffs served their First Set of RFPs on June 4, 2020. (Craig. Decl. ¶ 2.) After the stay ended, the Court instructed the parties to meet and confer regarding the effect of Israeli law on Plaintiffs' RFPs. (*Id*.) The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. (*Id.*) On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery, which has required NSO to produce certain highly confidential information and materials in accordance with Israeli law. (Craig Decl. ¶ 2.) For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 2 and 4-15 of the accompanying Craig Declaration. The parties are now filing dispositive motions. (*Id.*)

## II. LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal materials submitted with a motion for summary judgment must demonstrate that there are compelling reasons to keep the documents under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016); *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp.*, 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017). It is

in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

As an initial matter, courts have found compelling reasons to seal traditionally non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.,* 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). For additional authority on this topic, the Court is respectfully referred to Paragraph 13 of the Craig Declaration.

More generally, "[c]ompelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing." *Hyundai Motor,* 2019 WL 11638962, at *1; *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Courts have thus found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology," *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses," *Krieger v. Atheros Commc'ns, Inc.*, No. 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011).[1] Courts have also found "compelling reasons" to seal "source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report[s], and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.,* 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016). And courts have found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy." *Activision*

---

[1] *See In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) (same, for "'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies'").

1  *Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am.*
2  *Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).

3  **III.    ARGUMENT**

4      Compelling reasons exist to seal the Sealed Documents, which include (1) certain language
5  in the Craig Declaration that supports this Motion to Seal; (2) certain language on pages 2, 4-13,
6  and 15 of Defendants' Opposition; (3) Exhibits A and B to the McGraw Declaration in Support of
7  the Opposition; (4) portions of the Declaration of Tamir Gazneli in Support of the Opposition; and
8  (5) certain language in paragraphs 10-11 and 14-16 of the Akro. Declaration in Support of the
9  Opposition and Exhibits A-F, H-J, and L-O to the same.

10     *First*, certain of the Sealed Documents contain highly sensitive, non-public information,
11 the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g.,*
12 *Compal Elecs.*, Inc. v. Apple Inc., 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v.*
13 *Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017);
14 *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). For additional
15 argument, NSO respectfully refers the Court to Paragraph 13 of the Craig Declaration.

16     *Second*, many of the Sealed Documents include information about the parties' confidential
17 technology and other trade secrets—including the operation of both WhatsApp's and NSO's
18 technologies. Courts have routinely held that confidential business information satisfies the
19 "compelling reasons" standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal.
20 Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records
21 that implicate "confidential business information" subject to confidentiality agreements); *Jones v.*
22 *PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023). This includes technological
23 information. *See Transperfect Global*, 2013 WL 706975, at *1. The nature of NSO's business
24 requires that such information be kept confidential, and NSO would suffer competitive harm if this
25 information were broadly disclosed to the public and to potential competitors. NSO's government
26 customers would also be prejudiced by disclosure of such information. Plaintiffs have sought to
27 seal equivalent confidential information about their own business and technology.

28     ***The Craig Declaration Supporting This Motion***. As the Craig Declaration itself makes

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL

3

Case No. 4:19-cv-07123-PJH

clear in much greater detail, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.

**_Portions of the Opposition._**  Defendants have indicated certain portions of the Opposition that there are compelling reasons to seal. The Opposition contains references to information that is subject to legal restrictions and confidentiality obligations. *See* Craig Decl. ¶¶ 2 and 4-13. The same portions of the Opposition also discuss highly confidential information about the research, development, and functioning of Defendants' technologies, as well as confidential customer information, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1. The indicated portions of the Opposition also include references to the McGraw Exhibits, the Gazneli Declaration, and the Akro. Declaration and attached exhibits, which include the categories of confidential information described below.

Furthermore, pages 1, 7-9, 13, 15-17, and 23-25 of the Opposition contain references to Exhibits A-C and L-O to the Akro. Declaration and related discussion in Akro. Declaration ¶¶ 14-16 that constitute or discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only" under the Stipulated Protective Order (Dkt. No. 132). Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

**_Exhibits to the McGraw Declaration._**  Exhibits A and B to the McGraw Declaration are excerpts from the reports of Defendants' technical and cybersecurity expert, Terrance McGraw. These materials consist almost exclusively of information that is subject to legal restrictions and confidentiality obligations. *See* Craig Decl. ¶¶ 2 and 4-13. These reports are also replete with highly confidential technical information regarding the functioning of Defendants' technology, and expert analysis of both WhatsApp's and NSO's technologies, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have filed under seal the reports of their technical expert, David Youssef, for the same reasons.

These same materials also contain information about Plaintiffs' technology and discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only."

Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

**Portions of the Gazneli Declaration.** This declaration, from the head of NSO's research and development department, consists largely of information that is subject to legal restrictions and confidentiality obligations. *See* Craig Decl. ¶¶ 2 and 4-13. The declaration also primarily consists of highly confidential technical information regarding the functioning of Defendants' technology, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2.

**The Akro. Declaration and Exhibits.** Exhibits A-F, H-J, and L-O to the Akro. Declaration and related discussion in Akro. Declaration ¶¶ 10-11 and 14-16 set forth information that is subject to legal restrictions and confidentiality obligations. *See* Craig Decl. ¶¶ 2 and 4-13. These materials also contain highly confidential technical information regarding Defendants' and Plaintiffs' technologies and confidential customer information, also warranting sealing. *E.g., Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

Exhibits A-C and L-O to the Akro. Declaration, and related discussion in Akro. Declaration ¶¶ 14-16 constitute or discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only." Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

*****

As shown above and in the Craig Declaration, compelling reasons exist to seal each of the Sealed Documents. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information.

## IV.   CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

| | | |
|---|---|---|
| 1 | DATED: October 11, 2024 | KING & SPALDING LLP |
| 2 | | By: */s/Aaron S. Craig* |
| 3 | | JOSEPH N. AKROTIRIANAKIS |
| | | AARON S. CRAIG |
| 4 | | Attorneys for Defendants NSO GROUP |
| | | TECHNOLOGIES LIMITED and Q |
| 5 | | CYBER TECHNOLOGIES LIMITED |