JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Action Filed:   10/29/2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

1      I, Aaron S. Craig, declare as follows:

2      1.      I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' October 11, 2024, Opposition to Plaintiffs' Motion for Partial Summary Judgment (the "Opposition"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

3      2.      The Complaint was filed October 29, 2019. (Dkt. No. 1.) Plaintiffs served a First Set of Requests for Production (RFPs) on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery involving the exchange of highly confidential information and materials, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ The parties are now filing dispositive motions that include highly confidential information and materials.

4      3.      Defendants seek to file under seal in connection with their concurrently filed Opposition (1) the highlighted language in this Declaration; (2) certain language on pages 1-2, 6-19, and 21-25 in Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (the "Opposition"), attached as **Exhibit 1**; (3) Exhibits A and B to the Declaration of Terrence McGraw in Support of the Opposition (the "McGraw Declaration"), collectively attached as **Exhibit 2**; (4) portions of the Declaration of Tamir Gazneli (the "Gazneli Declaration"), attached as **Exhibit 3**; and (5) certain language in paragraphs 10-11 and 14-16 to the Declaration of Joseph A.

1  Akrotirianakis in Support of the Opposition (the "Akro. Declaration") and Exhibits A-F, H-J, and L-O thereto, collectively attached as **Exhibit 4** (collectively referenced as the "Sealed Documents").[1]

4.  Sealing of the Sealed Documents is necessary for several reasons. *First*, sealing is required to ███████ is described in paragraph 10 below, and ███████ filed with this Court under seal ███████ is described in paragraph 11 below. As is evidenced by the ███████ The Sealed Documents contain highly sensitive, traditionally nonpublic ███████ information that the ███████ Those ███████ and ███████ militates in favor of this Court's sealing documents that contain references to information that ███████ *Second*, sealing is required to ███████ The ███████ but NSO can state that ███████

---

[1] **Exhibit 5** to this Declaration is the Declaration of Col. Ty M. Shepard in Support of the Opposition, and **Exhibit 6** is the Declaration of John Town in Support of the Opposition. Defendants do not seek to file these declarations under seal but attach them here for the Court's convenience.

[2] ███████

DECLARATION OF AARON S. CRAIG | 2 | Case No. 4:19-cv-07123-PJH

1 ▮

2 ▮ *Third*, even setting aside ▮

3 sealing is required to protect Defendants' confidential and competitively sensitive business

4 information—including substantial technical discussion regarding the functioning of Defendants'

5 technologies. The nature of Defendants' business, which is to provide covert tools that

6 governments may use to prevent and investigate serious crimes, requires that such information

7 remain confidential. The disclosure of such information to the public and to competitors would

8 cause competitive harm to Defendants. Disclosure could also prejudice Defendants' government

9 customers by interfering with intelligence and law-enforcement investigations.

10 **The** ▮

11     5.    On July 19, 2020, the ▮

12 ▮

13 ▮ (August 3,

14 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was

15 presented by ▮ in his capacity as ▮

16 ▮

17 ▮ The ▮

18 ▮

19 ▮

20 ▮

21 ▮ The ▮

22 ▮

23 ▮

24 ▮

25 ▮

26 ▮

27 [3] The Office of the ▮

28 ▮

DECLARATION OF AARON S. CRAIG     3     Case No. 4:19-cv-07123-PJH

1  ████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)
2  Exh. B at 1-2.)
3      6.      On July 19, 2020, the ████████████████████
4  ████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6),
5  Exh. D.) ████████████████████████ was necessary ████████
6  ████████████████████ (*Id.* at 1.) ████████████████████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████ (*Id.*) ████████ authorized
11 the ████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ████████████████████████████████████████████████
14 ████████████████████████████████ (*Id.* at 1-2.) ████████
15 also authorized ████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████ (*Id.* at 3.)
18     7.      On July 19, 2020, ████████████████████
19 ████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 ████████████████████████████████ (*Id.* ¶ 3.) ████████
23 ████ Defendants that they are ████████████████████████
24 ████████████████████████████████████████████████
25 ████████████████ including a prohibition on ████████████
26 ████████████████████████████████████████████████
27 ████████ (*Id.* ¶ 2.)
28

DECLARATION OF AARON S. CRAIG        4        Case No. 4:19-cv-07123-PJH

1    8.	On February 8, 2023, ▮▮▮▮▮
2    ▮▮▮▮▮
3    ▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. D.)
4    The purpose for this update, according to ▮▮▮▮▮
5    ▮▮▮▮▮
6    ▮▮▮▮▮

7    9.	On May 21, 2023, ▮▮▮▮▮
8    ▮▮▮▮▮
9    ▮▮▮▮▮
10   ▮▮ As soon as NSO ▮▮▮▮▮ it
11   filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4). The ▮▮▮▮▮ is described
12   in paragraph 10 below. The ▮▮▮▮▮
13   (Dkt. 195-4, Order ¶ 3), ▮▮▮▮▮
14   ▮▮▮▮▮
15   ▮▮▮▮▮ Dkt. 195-4, ▮▮ ¶ 4), and ▮▮▮▮▮
16   ▮▮▮▮▮
17   ▮▮▮▮▮ (Dkt. 195-4, ▮▮
18   ¶ 5), ▮▮▮▮▮ (Dkt. 195-
19   4, ▮▮▮▮ ¶ 3). The 2▮▮▮▮▮
20   ▮▮▮ (Dkt. 195-4, ▮▮▮▮ ¶ 6).
21   ▮▮▮▮ **Relating to the** ▮▮▮▮▮
22   10.	The information that Defendants seek to keep under seal regarding the ▮▮
23   ▮▮▮▮▮ At the time Defendants first received
24   the ▮▮▮▮▮
25   ▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. F
26   ¶¶ 4-6.) Through their counsel in ▮▮ Defendants ▮▮▮▮▮
27   ▮▮▮▮▮ Defendants ▮▮▮▮▮
28   ▮▮▮▮▮

1  ▮▮ to this Court and to Plaintiffs' counsel. In ▮▮▮▮ Defendants represented
2  that they would, to the best of their abilities, ▮▮▮▮
3  ▮▮▮▮
4  ▮▮ authorizing Defendants to ▮▮▮▮
5  ▮▮▮▮
6  ▮▮▮▮

7      11.    The ▮▮▮▮ (Dkt. 195-3) ▮▮▮▮
8  ▮▮▮▮
9  ▮▮ (Dkt. 195-3, ¶ 2.)  The ▮▮▮▮
10 ▮▮▮▮
11 ▮▮▮▮
12 ▮▮▮▮ (Dkt. 195-3, ¶ 2(1)-(6).)
13 However, the ▮▮▮▮
14 ▮▮▮▮
15 ▮▮▮▮
16 ▮▮▮▮
17 (Dkt. 195-3 ¶ 4 (a)-(b)).  As relevant here, ▮▮▮▮
18 ▮▮▮▮
19 ▮▮▮▮
20 ▮▮▮▮ (Dkt. 195-3 ¶ 5.c.)
21 ▮▮▮▮ **Documents and Testimony**
22     12.    In late ▮▮▮▮ documents and
23 testimony ▮▮▮▮
24 The ▮▮▮▮
25 ▮▮▮▮ (Dkt. 195-4, Order ¶ 4.)  NSO is ▮▮▮▮
26 ▮▮▮▮
27 ▮▮▮▮ The ▮▮▮▮
28 ▮▮▮▮

DECLARATION OF AARON S. CRAIG                6                    Case No. 4:19-cv-07123-PJH

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ described
3  above, thus attempt in part to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Compelling Reasons Exist to Seal the Identified Documents**

13. As explained below, compelling reasons exist to seal the above-listed documents.

a. *First*, the Sealed Documents relate to or concern ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As such, the Sealed Documents contain traditionally nonpublic ▓▓▓▓▓▓ information for which there is no constitutional right of access. *See, e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents contain ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

b. *Second*, ▓▓▓▓▓▓▓▓▓▓▓▓▓ counsels that the Sealed Documents be kept confidential because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Supreme Court ▓▓▓▓

1  ▮
2  ▮
3  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987).
4  Information ▮
5  ▮ *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019).  This
6  is particularly true where, as in this case, the documents sought to be sealed "are not publicly
7  accessible [and] disclosure of the [documents] here, would harm ▮
8  ▮
9  ▮
10 ▮
11 ▮
12 ▮
13 ▮ Because ▮
14 ▮
15 supports ▮

16     c.   *Third*, because the ▮
17 ▮ public disclosure of the Sealed Documents could
18 ▮
19 ▮
20 ▮
21 ▮
22 ▮

23     d.   *Fourth*, the analysis above is not altered by Plaintiffs' handful of media
24 articles regarding the ▮ (*See* Dkt. No. 415 at
25 2-3.)  Those articles, which admittedly rely on materials that may have been stolen ▮
26 ▮ and that cannot be definitively authenticated, do not disclose the vast
27 majority of the details above; do not disclose the ▮ described above and
28 submitted to the Court; do not disclose or discuss the ▮

DECLARATION OF AARON S. CRAIG        8        Case No. 4:19-cv-07123-PJH

1   ▮ make no reference whatsoever to the ▮▮▮▮▮ and do not disclose any
2   of the technical or otherwise competitively sensitive documents or information that Defendants
3   seek to seal ▮▮▮▮▮ to protect against competitive harm.
4   Furthermore, the articles themselves make clear that ▮▮▮▮▮
5   ▮▮▮▮▮ One of the
6   articles specifically states that: "In April this year, Israeli authorities obtained another sweeping
7   gag order to prevent the country's media from publishing information from the hack."[4]

8       e.   *Fifth*, even absent the considerations above, courts routinely seal
9   confidential and sensitive competitive information, trade secrets, proprietary information
10  concerning technology or descriptions of such technology, information about internal business
11  operations, business strategies, competitive analyses, financial data, and expert reports regarding
12  the same. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9,
13  2016) (noting that courts have found "compelling reasons to seal . . . source code directories,
14  information about the technical operation of the products, financial revenue data, and excerpts
15  from expert depositions, expert report[s], and related correspondence"); *Transperfect Global, Inc.
16  v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *In re Google Location
17  Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist
18  to seal 'trade secrets, . . . product development plans, detailed product-specific financial
19  information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, 2019 WL 12288173,
20  at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as
21  compelling reasons.").

22      f.   The Sealed Documents—which include (1) certain language in the Craig
23  Declaration that supports this Motion to Seal; (2) certain language on pages 1-2, 6-19, 21-25 of
24  Defendants' Opposition; (3) Exhibits A and B to the McGraw Declaration in Support of the
25  Opposition; (4) certain portions of the Gazneli Declaration in Support of the Opposition; and (5)
26  certain language in paragraphs 10-11 and 14-16 of the Akro. Declaration in Support of the

---

[4] *See* https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware-leak-suggests

1  Opposition and Exhibits A-F, H-J, and L-O thereto—all merit sealing under the "compelling
2  reasons" standard.

3  <u>This Craig Declaration in Support of Sealing</u>

4  The indicated portions of this Craig Declaration contain information that is subject to
5  Israeli export laws and ███████████████████████████████████████████████████
6  ███  The disclosure of the information set forth in this Declaration would prejudice Defendants
7  (who could be exposed to legal risks in Israel) ███████████████████████████████
8  ███  The considerations discussed in ¶ 13 above, in particular, provide compelling reasons
9  to maintain these contents under seal.

10  <u>Portions of Opposition</u>

11  The indicated portions of the Opposition likewise should be sealed because they contain
12  references to information that is subject to the legal restrictions and confidentiality obligations
13  ████████████████████████████████████████████████████████████████████████
14  ████████████████████████████████████████████  Those same portions of
15  the Opposition are independently subject to sealing, even under a "compelling reasons" standard
16  because they discuss highly confidential information about the research, development, and
17  functioning of Defendants' technologies, as well as confidential customer information. *See, e.g.,*
18  *Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision Publ'g, Inc.*
19  *v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *Synchronoss Techs.,*
20  *Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019). The indicated portions
21  of the Opposition also include references to the McGraw Exhibits, the Gazneli Declaration, and
22  the Akro. Declaration and attached exhibits, which include the categories of confidential
23  information described below. Accordingly, compelling reasons exist to seal the indicated portions
24  of the Opposition.

25  Furthermore, pages 1, 7-9, 13, 15-17, and 23-25 of the Opposition contain references to
26  Exhibits A-C and L-O to the Akro. Declaration and related discussion in Akro. Declaration ¶¶ 14-
27  16 that constitute or discuss information that Plaintiffs have designated as "Highly Confidential -
28  Attorney's Eyes Only" under the Stipulated Protective Order (Dkt. No. 132).

Exhibits to the McGraw Declaration

Exhibits A and B to the McGraw Declaration are excerpts from the reports of Defendants' technical and cybersecurity expert, Terrance McGraw. These materials consist almost exclusively of information that is subject to the legal restrictions and confidentiality obligations ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ These reports are also replete with highly confidential technical information regarding the functioning of Defendants' technology, and expert analysis of both WhatsApp's and NSO's technologies, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have submitted under seal the reports of their technical expert, David Youssef, for the same reasons. Accordingly, there are compelling reasons for sealing Exhibits A and B to the McGraw Declaration.

These same materials also contain information about Plaintiffs' technology and discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only."

The Gazneli Declaration

The Gazneli declaration, from the head of NSO's research and development department, consists almost exclusively of information that is subject to legal restrictions and confidentiality obligations ██████████████████████████████████████████████████████████████████████████████████████████████ The Gazneli declaration also primarily consists of highly confidential technical information regarding the functioning of Defendants' technology, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have sought to seal similar information about their own technology. Accordingly, compelling reasons for sealing the indicated portions of the Gazneli Declaration exist.

The Akro. Declaration and Exhibits

Exhibits A-F, H-J, and L-O to the Akro. Declaration and related discussion in Akro. Declaration ¶¶ 10-11 and 14-16 set forth information that is subject to legal restrictions and confidentiality obligations ████████████████████████████████████████████████████████████████████

1  These materials also contain highly confidential technical information regarding the functioning
2  of Defendants' and Plaintiffs' technologies and confidential customer information, also warranting
3  sealing. *See, e.g., Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1;
4  *Synchronoss*, 2019 WL 3718566, at *1. Plaintiffs have sought to seal similar information about
5  their own technology. Accordingly, there are compelling reasons for sealing these portions of the
6  Akro. Declaration and exhibits thereto.

7  Exhibits A-C and L-O to the Akro. Declaration, and related discussion in Akro. Declaration
8  ¶¶ 14-16 constitute or discuss information that Plaintiffs have designated as "Highly Confidential
9  - Attorney's Eyes Only."

10  g.  Additional materials that are the subject of this application to seal have been
11  designated by Plaintiffs as their Highly Confidential - Attorney's Eyes Only" material under the
12  Stipulated Protective Order (Dkt. No. 132).

13  14.  Accordingly, compelling reasons exist to seal each of the above-listed
14  documents or the indicated portions of those documents, and Defendants respectfully request that
15  the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed
16  Documents be kept under seal.

17  15.  Defendants have sought sealing of only those parts of this Declaration and the
18  exhibits thereto as are necessary to comply with the ▮▮▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20  as described above, and to preserve their confidential information in a manner that prevents
21  competitive or other harm. On behalf of Defendants, the Declarant respectfully submits that the
22  compelling reasons standards are met with respect to the Sealed Documents.

23  I declare under penalty of perjury and the laws of the United States that the foregoing is
24  true and correct this 11th day of October 2024, at Los Angeles, California.

26        /s/ *Aaron S. Craig*
27        AARON S. CRAIG

DECLARATION OF AARON S. CRAIG     12     Case No. 4:19-cv-07123-PJH