Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>     Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>     Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to Northern District of California Local Rules 7-11 and 79-5, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. (together, "Plaintiffs") by and through their counsel, respectfully submit this Administrative Motion for an order permitting them to file under seal certain portions of Exhibits 2, 3, 19, and 20 to the Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (the "Block Declaration"), and Exhibits B and C to the Declaration of Dana Trexler in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (the "Trexler Declaration"), and the entirety of Exhibits 15, 21, 40, 41, and 42 to the Block Declaration (collectively, the "Materials").

The appropriate standard for sealing on a motion for summary judgment is "compelling reasons." *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019). "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).

Plaintiffs submit that compelling reasons exist to seal the Materials to protect the confidential information and privacy interests of Plaintiffs' individual employees and users. Exhibit 2 and 3 to the Block Declaration and Exhibit B to the Trexler Declaration contain the names of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this action. "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); *see also Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) ("While the . . . employees are employed by a party in

this case and have a lower privacy interest, their specific e-mail addresses are not relevant to the merits of the motion of this case."). In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. There is little, if any public interest, in those identities, so the private interests justify sealing.

Exhibits B and C to the Trexler Declaration contains the individual compensation of several of Plaintiffs' employees. This is sensitive, personal information that is not available to the public, nor are the details pertinent to the issues raised in Plaintiffs' Motion for Partial Summary Judgment. The release of this information could harm the privacy interests of the listed individuals. *See Ehret*, 2015 WL 12977024, at *2 (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests").

Exhibits 15, 19, 20, 21, 40, 41, and 42 to the Block Declaration contain the phone numbers, IP addresses, and other identifiers associated with certain non-party WhatsApp users or other non-parties. This is confidential personally identifying information that is not available to the public. The release of this information could harm the privacy interests of the identified individuals. *See Am. Auto*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal individual names, addresses, phone numbers, and email addresses); *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons "to seal the various parties' customers' personal information, which includes . . . IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy.").

For the foregoing reasons, Plaintiffs respectfully request permission to file portions of Exhibits 2, 3, 19, and 20 to the Block Declaration, Exhibits B and C to the Trexler Declaration, and the entirety of Exhibits 15, 21, 40, 41, and 42 to the Block Declaration under seal. The proposed sealing is narrowly tailored and seeks only to protect those portions of the documents that contain sensitive and confidential personal information about Plaintiffs' individual employees or users.

This motion and copies of any relevant attachments will be served on counsel of record as listed in the attached certificate of service.

Dated:  October 11, 2024                    Respectfully Submitted,

D<small>AVIS</small> P<small>OLK</small> & W<small>ARDWELL</small> LLP

By:  */s/ Craig T. Cagney*
     Micah G. Block (SBN 270712)
     D<small>AVIS</small> P<small>OLK</small> & W<small>ARDWELL</small> LLP
     1600 El Camino Real
     Menlo Park, California 94025
     Telephone: (650) 752-2000
     Facsimile:  (650) 752-2111
     Email: micah.block@davispolk.com

     Greg D. Andres
     Antonio J. Perez-Marques
     Gina Cora
     Craig T. Cagney
     Luca Marzorati
       (admitted *pro hac vice*)
     D<small>AVIS</small> P<small>OLK</small> & W<small>ARDWELL</small> LLP
     450 Lexington Avenue
     New York, New York 10017
     Telephone: (212) 450-4000
     Facsimile: (212) 701-5800
     Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           gina.cora@davispolk.com
           craig.cagney@davispolk.com
           luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*