JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Action Filed:   10/29/2019 |

**<u>REDACTED VERSION OF DOCUMENT PROPOSED</u>**

**<u>TO BE FILED UNDER SEAL</u>**

I, Joseph N. Akrotirianakis, declare as follows:

1.      I am a member of the California State Bar and the bar of this court.  I am a partner in the law firm of King & Spalding LLP and lead counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action.  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2.      Attached hereto as **Exhibit A** are copies of excerpts from the transcript of the deposition of Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) designee, Jesus Barcons Palau, taken September 13, 2024, in this action.

3.      Attached hereto as **Exhibit B** are copies of excerpts from the transcript of the deposition of Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) designee, Andrew Robinson, taken September 19, 2024, in this action.

4.      Attached hereto as **Exhibit C** are copies of excerpts from the transcript of the deposition of Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) designee, Claudiu Gheorghe, taken August 16, 2024, in this action.

5.      Attached hereto as **Exhibit D** are copies of excerpts from the transcript of the deposition of Yaron Shohat, taken August 29, 2024, in this action.  Mr. Shohat is Defendants' Chief Executive Officer.

6.      Attached hereto as **Exhibit E** are copies of excerpts from the transcript of the deposition of Tamir Gazneli, taken September 4, 2024, in this action.  Mr. Gazneli is Defendants' Director of Research and Development.

7.      Attached hereto as **Exhibit F** are copies of excerpts from the transcript of the deposition of Terrence DiVittorio, taken September 18, 2024, in this action.  Mr. DiVittorio is the former President of Westbridge Technologies Inc. and is not a party to this action.

8.      Attached hereto as **Exhibit G** are copies of Plaintiffs' Second Amended Initial Disclosures in this action, dated August 2, 2024.

9.      Attached hereto as **Exhibit H** is a copy of the Declaration of Yaron Shohat previously filed at Dkt. 396-3 in support of Defendants' Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and for Partial Summary Judgment.

10.      Attached hereto as **Exhibit I** is a copy of a document produced in discovery by third party Terrence DiVittorio bearing control number DIVITTORIO_WHATSAPP_00000131. It is ██████████████████             for the ████████████████████████████ to use ████████████████, signed by █████████████████ ███████      It was authenticated by Mr. DiVittorio during his deposition.  The relevant testimony can be found in Exhibit F at 300:20-305:3.

11.      Attached hereto as **Exhibit J** is a copy of a document produced in discovery by third party Terrence DiVittorio bearing control number DIVITTORIO_WHATSAPP_00000132. It is a letter from ████████████████████████████████████ ██████████████████████████████ signed by ███████████████ ███████      It was authenticated by Mr. DiVittorio during his deposition.  The relevant testimony can be found in Exhibit F at 301:2-305:3.

12.      Attached hereto as **Exhibit K** is a copy of excerpts from Plaintiffs' Responses and Objections to Defendants' Second Set of Request for Production of Documents, served on Defendants on May 31, 2023.  Defendants' RFP No. 111 sought "All Documents and Communications that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated."  Plaintiffs did not produce even a single example of such a document.

13.      Attached hereto as **Exhibit L** are copies of excerpts from the Expert Report of Plaintiffs' Expert Anthony Vance, submitted in this action and dated August 30, 2024.

14.      Attached hereto as **Exhibit M** are copies of excerpts from a document produced in discovery by Plaintiffs bearing control number WA-NSO-00191340.  It is a presentation that was prepared and presented by ████████████████████████████ ████████████████████████████████████████

1    ██████  It was authenticated by Mr. Robinson during his deposition.  The relevant testimony can

2    be found in Exhibit B at 146:22-148:5, 214:21-25, and 237:19-21.

3        15.    Attached hereto as **Exhibit N** is a copy of the first four pages from a document

4    produced in discovery by Plaintiffs bearing control number WA-NSO-00125122.  It is a

5    presentation prepared by ████████████████████████████████████

6    ██████████████████████████████████████████████████

7    ████████████████████ and which was ████████████████

8    █████████████████████████  It was authenticated by Claudiu Gheorghe during

9    his deposition as Plaintiffs' 30(b)(6) designee.  The relevant testimony can be found in Exhibit C

10   at 38:2-39:7.

11       16.    Attached hereto as **Exhibit O** is a copy of a document produced in discovery by

12   Plaintiffs bearing control number WA-NSO-00155562.  Plaintiffs have represented that it is a log

13   ██████████████████████████████████████████████████

14   ██████████████████████████████████████████████████

15   ████████

16       17.    In order to avoid responding to discovery seeking admissions about Plaintiffs'

17   reputations, Plaintiffs affirmatively abandoned any claim based on reputational harm or loss of

18   goodwill.  On April 10, 2024, at 7:38 p.m. Pacific Time, Plaintiffs' counsel Luca Marzorati sent

19   me an email reading as follows: "We have previously said we are not seeking to admit evidence

20   of reputational harm or loss of goodwill to obtain money damages, and we have now confirmed

21   that we are also not seeking to use such evidence to obtain equitable relief.  Nor do we intend to

22   use such evidence to otherwise inject those issues into the litigation for any part of our case-in-chief."

23

24       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th

25   day of October 2024, in Los Angeles, California.

26

27        /s/ *Joseph N. Akrotirianakis*
         JOSEPH N. AKROTIRIANAKIS

28

# Exhibit A

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit B

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit C

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit D

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit E

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit F

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit G

**UNREDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com
            luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com


*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP LLC and<br>META PLATFORMS INC.,<br><br>                    Plaintiffs,<br><br>            v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES<br>LIMITED,<br><br>                    Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**PLAINTIFFS WHATSAPP LLC AND<br>META PLATFORMS INC.'S SECOND<br>AMENDED INITIAL DISCLOSURES** |

## PLAINTIFFS WHATSAPP LLC AND META PLATFORMS INC.'S

## AMENDED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms Inc. ("Meta," together with WhatsApp, "Plaintiffs") provide the following Initial Disclosures.

**A.    Individuals Likely to Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A)(i))**

The following list identifies individuals presently known to Plaintiffs whom Plaintiffs may use to support their claims or defenses, excluding witnesses that Plaintiffs may use solely for impeachment.  Plaintiffs reserve the right to amend and supplement these disclosures based on their continuing investigation and discovery.[1]

**1.    Individuals currently or formerly retained, employed, or otherwise associated with Plaintiffs, who should be contacted only through Plaintiffs' counsel:**

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| Lander Brandt | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Tom Cohen*† | Contact only through Plaintiffs' counsel | Identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| Otto Ebeling*† | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |

---

[1] Plaintiffs incorporate by reference into these disclosures all individuals and entities identified in the disclosures of any other party, or called as witnesses for deposition or at trial by any other party.

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| Aashin Gautam | Contact only through Plaintiffs' counsel | Identification of victims of Defendants' unauthorized access and abuse of the WhatsApp service |
| Saish Gersappa | Contact only through Plaintiffs' counsel | Plaintiffs' investigation and remediation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Claudiu Gheorghe* | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Cortney Padua | Contact only through Plaintiffs' counsel | Plaintiffs' investigation and remediation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Jesus Barcons Palau | Contact only through Plaintiffs' counsel | Plaintiffs' remediation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Drew Robinson | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Chris Rohlf | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Michael Scott | Contact only through Plaintiffs' counsel | Identification of Defendants as responsible for unauthorized access and abuse of the |

2

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| | | WhatsApp service |
| Ke Wang* | Contact only through Plaintiffs' counsel | Data collection relating to Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service and identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| YuanYuan Wang | Contact only through Plaintiffs' counsel | Plaintiffs' investigation and remediation of Defendants' exploitation of vulnerability in the WhatsApp service |

\* Individuals marked with asterisks are no longer employed by Plaintiffs.
† Individuals marked with daggers are located outside the United States.

## 2. Other entities and individuals:

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| 365 Group LLC | 16192 Coast Highway Lewes, DE 19958 | 365 Group LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Amazon Web Services, Inc. | Matthew G. Ball K&L Gates LLP Four Embarcadero Center, Suite 1200 San Francisco, CA 94111 Telephone: (415) 882-8200 matthew.ball@klgates.com | Amazon Web Services, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

PLAINTIFFS' SECOND AMENDED INITIAL DISCLOSURES
CASE NO. 4:19-CV-07123-PJH

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| AT&T Mobility LLC | 1025 Lenox Park Blvd. Northeast Atlanta, GA 30319 | AT&T Mobility LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| BitPay, Inc. | 40 Technology Parkway South, Suite 300 Norcross, GA 30092 | BitPay, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Choopa, LLC | Larry Walters, Esq. Walters Law Group 195 W Pine Ave Longwood, FL 32750 (407) 975-9150 larry@firstamendment.com | Choopa, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| The Citizen Lab | Munk School of Global Affairs & Public Policy University of Toronto 315 Bloor Street West Toronto, Ontario, M5S 0A7 Canada | The Citizen Lab may have information relevant to the identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| Cogent Communications, Inc. | 2450 N St., N.W. Washington, DC 20037 | Cogent Communications, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Compass Stratagem, LLC | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 jakro@kslaw.com acraig@kslaw.com | Compass Strategem, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| Name | Contact information | Subjects of Discoverable Information |
|------|---------------------|-------------------------------------|
| E-Tel Systems, LLC | 4701 Cox Road, Suite 285<br>Glen Allen, VA 23060 | E-Tel Systems, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Francisco Partners Management L.P. | Matthew G. Ball<br>K&L Gates LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>Telephone: (415) 882-8200<br>matthew.ball@klgates.com | Francisco Partners Management L.P. may have information relevant to Defendants' business, financials, their U.S. presence and activities, and their marketing and use of spyware |
| Google LLC | 2710 Gateway Oaks Drive<br>Suite 150N<br>Sacramento, California 95833 | Google LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| GreenCloudVPS JSC | 16192 Coast Highway<br>Lewes, DE 19958 | GreenCloudVPS JSC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Jefferies International Limited | Scott S. Balber<br>Jared S. Stein<br>Herbert Smith Freehills New York LLP<br>450 Lexington Avenue, 14th Floor<br>New York, NY 10017<br>Telephone: (917) 542-7810<br>scott.balber@hsf.com<br>jared.stein@hsf.com | Jefferies International Limited may have information relevant to Defendants' business, financials, their U.S. presence and activities, and their marketing and use of spyware |
| Josh Shaner | Joseph N. Akrotirianakis<br>Aaron S. Craig<br>King & Spalding LLP<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>jakro@kslaw.com<br>acraig@kslaw.com | Mr. Shaner may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |

PLAINTIFFS' SECOND AMENDED INITIAL DISCLOSURES
CASE NO. 4:19-CV-07123-PJH

| **Name** | **Contact information** | **Subjects of Discoverable Information** |
|---|---|---|
| Los Angeles Police Department | 200 North Spring Street Suite 1900 Los Angeles, CA 90012 | The Los Angeles Police Department may have information relevant to the marketing and use of Defendants' spyware in California |
| M247 | 2802-5 Miami CoLoHouse 36 NE 2nd Street Miami, FL 33132 | M247 may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Mercury Public Affairs | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 Facsimile: (213) 443-4310 jakro@kslaw.com acraig@kslaw.com | Mercury Public Affairs may have information relevant to Defendants' U.S. presence and activities, and their marketing and use of spyware |
| Novalpina Capital LLP | Keystone Law Limited 48 Chancery Lane London WC2A 1JF United Kingdom | Novalpina Capital LLP may have information relevant to Defendants' business, financials, their U.S. presence and activities, and their marketing and use of spyware |
| Omri Lavie | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 jakro@kslaw.com acraig@kslaw.com | Mr. Lavie may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |
| PayPal, Inc. | 2211 North First Street San Jose, CA 95131 | PayPal, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| PSI Network, Inc. | 24800 Chrisanta Drive<br>Suite 230<br>Mission Viejo, California 92691 | PSI Network, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| QuadraNet Enterprises LLC | 530 West 6th Street, Suite 1301<br>Los Angeles, CA 90014 | QuadraNet Enterprises LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| San Diego Police Department | 1401 Broadway<br>San Diego, CA 9210 | The San Diego Police Department may have information relevant to the marketing and use of Defendants' spyware in California |
| Serverdroid LLC | 501 Silverside Road, Suite 105,<br>Wilmington, DE 19809 | Serverdroid LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Terrence DiVittorio | Joseph N. Akrotirianakis<br>Aaron S. Craig<br>King & Spalding LLP<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>jakro@kslaw.com<br>acraig@kslaw.com | Mr. DiVittorio may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |
| Treo Asset Management LLC | Edward Diskant<br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5754<br>ediskant@mwe.com | Treo Asset Management LLC may have information relevant to Defendants' business, financials, their U.S. presence and activities, and their marketing and use of spyware |
| Verisign Inc. | 12061 Bluemont Way<br>Reston, VA 20190 | Verisign Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

PLAINTIFFS' SECOND AMENDED INITIAL DISCLOSURES
CASE NO. 4:19-CV-07123-PJH

| Name | Contact information | Subjects of Discoverable Information |
|------|--------------------|--------------------------------------|
| Verizon Wireless LLC | 180 Washington Valley Road Bedminster, NJ 07921 Telephone: (800) 451-5242 | Verizon Wireless LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Vultr Holdings, LLC | 14 Cliffwood Ave, Suite 300 Metropark South Matawan, NJ 07747 | Vultr Holdings, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Westbridge Technologies Inc. | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 jakro@kslaw.com acraig@kslaw.com | Westbridge Technologies Inc. may have information relevant to Defendants' business, financials, and marketing, as well as Defendants' U.S. presence and activities |

The foregoing disclosures do not include expert witnesses, who may be identified at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order.

**B.     Documents, Electronically Stored Information, and Tangible Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The following list describes by category and location those documents, data compilations, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support their claims, excluding documents, data compilations and tangible things that Plaintiffs may use solely for impeachment.

| Category | Location |
|----------|----------|
| Logs of WhatsApp signal servers and relay servers | Available through Plaintiffs' counsel |

| | |
|---|---|
| Documents relating to the manner in which the exploitation and unauthorized access and abuse functioned | Available through Plaintiffs' counsel |
| Documents relating to remediation of the exploitation | Available through Plaintiffs' counsel |
| Documents relating to the identification of Defendants as responsible for the unauthorized access and abuse of the WhatsApp service | Available through Plaintiffs' counsel |
| Documents relating to identification of victims | Available through Plaintiffs' counsel |
| WhatsApp Terms of Service | Available through Plaintiffs' counsel and publicly available |

Plaintiffs reserve the right to rely on all documents produced during the course of this litigation by other parties to the litigation and/or by any third parties. Plaintiffs' investigation regarding the facts and circumstances of this case is ongoing, and Plaintiffs will supplement these disclosures based on their continuing investigations and discovery under the Federal Rules of Civil Procedure and Orders of this Court.

**C.    Computation of each category of damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Plaintiffs disclose the following computation of damages arising from Defendants' conduct:

1.    Estimated minimum compensatory damages to date of approximately $1 million, including for identification and remediation of Defendants' wrongful use of Plaintiffs' source code, servers, and computers, as well as Defendants' development and exploitation of the vulnerability used in the attacks alleged in the complaint.   These estimates include, but are not limited to, employee time expended on these activities, the average cost of those employees' time, attorneys' fees incurred in connection with these activities, and other related fees and expenditures. Because Defendants' activities are continuing and ongoing, Plaintiffs reserve the right to seek damages related to the investigation and remediation of any attacks identified as the case continues.

2.    Damages based on disgorgement of unjust enrichment obtained by Defendants

9

through the wrongful and unfair acts alleged in the complaint, including disgorgement of all of Defendants' profits derived from their deliberate, knowing, and premeditated violations of Plaintiffs' terms of service, as well as from Defendants' unlawful and uncompensated use of Plaintiffs' services and computers.  Plaintiffs state that the documents necessary to calculate these damages are in the possession of Defendants.  Based on public news reports, however, Defendants charge their clients $650,000 to target ten devices, and, without the benefit of discovery, Plaintiffs have identified approximately 1,400 devices that were targeted in May 2019.  Plaintiffs intend to seek disgorgement of all profits Defendants derived from their unlawful activity.

3.    Punitive and exemplary damages necessary to deter Defendants' malicious, oppressive, and fraudulent misconduct, in an amount to be determined at trial.

4.    Plaintiffs also reserve their right to seek recovery of attorneys' fees and costs, and pre-and post-judgment interest.  Such fees, costs, and interest are continually being incurred and cannot reasonably be calculated at this time.

Plaintiffs' damages calculations are only preliminary estimates and are subject to supplementation and revision, including by expert testimony as appropriate.  Plaintiffs will make additional disclosure regarding their damages at the time specified by the Court for expert discovery.

Plaintiffs reserve their right to supplement their response to this category as necessary and appropriate.

1

Dated:  ___August 2, 2024_____          DAVIS POLK & WARDWELL LLP

2

                                    By:   */s/ Micah G. Block*

3

                                           Micah G. Block (SBN 270712)

DAVIS POLK & WARDWELL LLP

4

1600 El Camino Real

Menlo Park, California 94025

5

Telephone: (650) 752-2000

Facsimile:  (650) 752-2111

6

Email:  micah.block@davispolk.com

7

Greg D. Andres

8

Antonio J. Perez-Marques

Craig T. Cagney

9

Luca Marzorati

  (admitted *pro hac vice*)

10

DAVIS POLK & WARDWELL LLP

450 Lexington Avenue

11

New York, New York 10017

Telephone: (212) 450-4000

12

Facsimile: (212) 701-5800

Email:  greg.andres@davispolk.com

13

          antonio.perez@davispolk.com

14

          craig.cagney@davispolk.com

          luca.marzorati@davispolk.com

15

16

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SECOND AMENDED INITIAL DISCLOSURES
CASE NO. 4:19-cv-07123-PJH

1

## **CERTIFICATE OF SERVICE**

2

3
I hereby certify that on August 2, 2024, I caused copies of:

4
PLAINTIFFS' INITIAL DISCLOSURES

to be served on:

5

6
Joseph N. Akrotirianakis

Aaron S. Craig

7
KING & SPALDING LLP

633 West Fifth Street, Suite 1700

8
Los Angeles, CA 90071

Email:  jakro@kslaw.com

9
acraig@kslaw.com

10

*Attorneys for Defendants*

11

VIA ELECTRONIC MAIL & U.S. MAIL

12

13

14

15
*/s/ Luca Marzorati*

Luca Marzorati

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SECOND AMENDED INITIAL DISCLOSURES
CASE NO. 4:19-CV-07123-PJH

# Exhibit H

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF YARON SHOHAT IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Action Filed:   10/29/2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

I, Yaron Shohat, declare as follows:

1.      I am a citizen and resident of Israel. I am the Chief Executive Officer ("CEO") of Defendant NSO Group Technologies Limited ("NSO") and Defendant Q Cyber Technologies Limited ("Q Cyber") (collectively "Defendants").  Q Cyber is NSO's sole director and shareholder. As Defendants' CEO, I am an employee of Q Cyber.

2.      I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each of those facts.

3.      NSO is a technology company that designs and licenses technology solely to governments and government agencies for national security and law enforcement purposes. Among those products are a suite of different technologies and functions that are collectively branded and marketed as "Pegasus."

4.      Each of Defendants is incorporated and has a principal place of business in Israel. Defendants have no presence in any other country. Defendants do no business in California and have no offices or employees in California or elsewhere in the United States.  Defendants have not performed any actions relevant to Plaintiffs' lawsuit in California or the United States, and they have not targeted any activities relevant to the lawsuit towards California or the United States.

5.      Sales of NSO's Pegasus technology are strictly monitored and regulated by the Government of Israel.   The export of NSO's Pegasus technology is regulated under Israel's Defense Export Control Law ("ECL"), with which I am familiar as Defendants' CEO.

6.      To export its Pegasus technology, NSO is required to register with the Israeli Ministry of Defense ("MoD") and to seek and obtain a license for each export of the Pegasus technology.  The required export licenses include a marketing license that must be obtained before the technology can be marketed to a potential end-user and a separate export license for any proposed end user of the technology.  Under the ECL, the MoD is empowered to investigate NSO and its business, refuse or cancel NSO's registration, or deny NSO's license requests, taking into account factors including the intended use of NSO's Pegasus technology and the identity of NSO's customers. The MoD can (and does) ask NSO to provide documentation about its customers and prospective customers and their intended uses of NSO's Pegasus technology. The MoD requires

1    this documentation from NSO for each license to market or export NSO's Pegasus technology.

2    7.    The MoD requires, prior to the licensing of any Pegasus technology, that NSO

3    provide the MoD with signed certificates from the end-users of NSO's Pegasus technology.  In the

4    end-user certificate, the end-user declares to the MOD that NSO's Pegasus technology will be used

5    only for prevention and investigation of crimes and terrorism, in compliance with privacy and

6    national security laws.

7    8.    As part of its contracting process, NSO requires proposed Pegasus end-user

8    customers to demonstrate that they are a government or an authorized governmental national

9    security or law enforcement agency and to provide any other necessary documentation for approval

10   by the MoD.

11   9.    NSO markets and licenses its Pegasus technology exclusively to sovereign

12   governments and authorized agencies for national security and law enforcement purposes, and it

13   does so only after receiving the necessary export control licenses from the MoD.  NSO does not

14   now market or sell, and has never marketed or sold, its Pegasus technology for use by any private

15   entity.

16   10.   Attached hereto as **Exhibit A** and **Exhibit B** are ███████████████████

17   ███████████████████  with which I am familiar as Defendants' CEO.  Exhibit A is an

18   example of ██████████████████████████████████████████████

19   ████████████.  Exhibit B is an example of ████████████████████████

20   ████████████████████████████  ████████████████████████

21   ████████████████████████  Exhibits A and B accurately ████████████████

22   ████████████████████████████████████████████████████

23   ██  ████  and  ████.    Exhibit  A  was  produced  in  this  litigation  at  Bates  range

24   NSO_WHATSAPP_00000179–00000199,  and  Exhibit  B  was  produced  at  Bates  range

25   NSO_WHATSAPP_00000200–00000222.

26   11.   In seeking permission to license or market its Pegasus technology, NSO takes into

27   account U.S. and European Union export control restrictions.  NSO conducts due diligence of

28   potential   customers,   including   examining   publicly-available   information,   evaluating

---

DECLARATION OF YARON SHOHAT                    2                    Case No. 4:19-cv-07123-PJH

questionnaires, and considering the potential customer's record of respecting rule-of-law concerns. NSO's government customers must provide due diligence materials before receiving NSO's Pegasus technology.

12.     As a condition of the licensing of its Pegasus technology, NSO requires that each of its government customers agrees that it will ███████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ (Exh. A ¶ 18.5; Exh. B ¶ 19.5.)  NSO contractually can suspend or terminate service to customers engaged in any improper use of its Pegasus technology outside these parameters, and NSO has done so. Moreover, the State of Israel may deny or revoke export licenses if it becomes aware that the terms of the export license have been violated, including, for example, that the Pegasus technology has been used to violate human rights.

13.     NSO's Pegasus technology includes technical safeguards, such as general and customer-specific geographic limitations.  One of the limitations relevant to this case is that NSO's Pegasus technology cannot be used by any foreign customer against U.S. mobile phone numbers. Another such limitation is that the Pegasus technology cannot be used by any foreign customer against a device within the geographic bounds of the United States. ██████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

14.     Defendants do not operate NSO's Pegasus technology and are forbidden from doing so.  Instead, NSO markets and licenses the Pegasus technology to its government customers, which then operate the Pegasus technology themselves, to advance their own sovereign interests of fighting terrorism and serious crime.  Each of the Pegasus licenses NSO has been granted provides

1 | that ███████████████████████████████████████████████████████

2 | ████████████████████████████████████████████████████████████

3 | ██████████████████████████████████████████████████████████.

4 | (Exh. A ¶ 2.4; Exh. B ¶ 2.4.)  Defendants do not participate in any governmental customer's

5 | installation of the Pegasus technology on any target device.

6 |       15.    Defendants' role is limited to NSO providing advice and technical support to assist

7 | governmental customers in setting up and maintaining—but not operating—the Pegasus

8 | technology.  (Exh. A at 9, 14-15; Exh. B at 9, 14-15.) ███████████████████████

9 | ████████████████████████████████████████████████████████████

10 | ████████████████████████████████████████████████████████████

11 | ███████.  Maintaining Pegasus requires continuous research and development by NSO.

12 |       16.    Defendants have never installed Pegasus on any device without the knowledge and

13 | consent of the device owner, and Defendants have never installed Pegasus on any device for any

14 | operational purpose (as opposed to sales demonstrations or research and development, which

15 | installations are always done with the consent of the device owner).  I do not have knowledge

16 | regarding the use of WhatsApp messages, by Defendants' sovereign customers, to install Pegasus

17 | on any particular device. If one or more of Defendants' sovereign customers did that, however,

18 | then that sovereign would have been acting on its own behalf to advance its own sovereign interests

19 | of fighting terrorism and serious crime, and it would have been without Defendants' involvement.

20 |       17.    Defendants have no control over, or knowledge of, where Plaintiffs' servers are

21 | located or of which of their server(s) would be used to send any message.

22 |       18.    In 2018 and 2019, an independent U.S. company called Westbridge Technologies

23 | Inc. marketed NSO's products, among other products, to potential government customers in the

24 | United States.  At that time, Westbridge was in the same broad corporate family as Defendants but

25 | was not Defendants' parent or subsidiary.  Attached hereto as **Exhibit C** is a true and correct copy

26 | of an organization chart for Defendants' corporate family as of December 31, 2019.   As

27 | Defendants' CEO, I am familiar with Exhibit C and Defendants' corporate "family tree."  Exhibit

28 | C accurately reflects the relationships among the members of Defendants' corporate family in

---

2018 and 2019.  Exhibit C was produced in this action and introduced as Exhibit 2009 in my deposition in this matter.

19.    Attached hereto as **Exhibit D** is a true and correct copy of ███████ ████████████████████████████████████  with which I am familiar as Defendants' CEO.  Exhibit D was produced in this action at Bates range NSO_WHATSAPP_00046360–00046368.  This ████████████████████████ ███████████████████████████.

20.    As Exhibit D provides, ██████████████████████ █████  (Exh. D ¶ 12.)  I understand that Westbridge was an independent corporate entity, with its own corporate existence, founding documents, board of directors, executives, employees, offices, and bank accounts, and that it followed all other corporate formalities.  Although Defendants, one of which (NSO) owns the technology and both of which supply it, occasionally provided assistance to Westbridge's marketing efforts in the form of information about the technology, Defendants never directed or controlled those marketing efforts in any way.  Westbridge made all its own decisions about how, where, when, and to which potential government customers it would market Defendants' products in the United States, with no direction or control by Defendants.  One of the reasons Westbridge was established (by Westbridge's parent company, OSY Technologies S.à.r.l.) was because Defendants lacked the knowledge or expertise to successfully make inroads into the United States market.

21.    Westbridge also marketed products designed by a company called CS Circles Solutions Ltd. ("Circles"), which was within the same corporate family as Defendants but was a distinct corporate entity.  Attached hereto as **Exhibit E** is a true and correct copy of an ████████████████████████████████████████████ ██ ██ ███████ ████.  Exhibit E was produced in this action at Bates range NSO_WHATSAPP_00046351–00046359.

22.    In my position as CEO of Defendants, I am not aware of any contract between Defendants and any company called QuadraNet.  In response to Plaintiffs' allegations in this action, Defendants performed a diligent investigation into whether Defendants have ever entered

into a contract with QuadraNet. That investigation confirmed my understanding that neither Defendant has ever entered into any contract with QuadraNet.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 26th day of September 2024, at Sde Warburg, Israel.

_____
YARON SHOHAT

# Exhibit A

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit B

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit C

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit D

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit E

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit I

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit J

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit K

**UNREDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
        antonio.perez@davispolk.com
        craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>                Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Local Rule 34 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object as follows to the Second Set of Requests for Production of Defendant NSO Group Technologies Limited ("NSO") dated May 1, 2023 (each a "Request," and collectively, the "Requests") in the above-captioned action (the "Action").

Each response is made only for the purpose of this Action and for no other purpose. Plaintiffs' Responses and Objections are made without in any way waiving or intending to waive (i) any objections, including, without limitation, as to the competency, relevancy, materiality, propriety, privilege, or admissibility as evidence, for any purpose, of any documents or communications produced in response to the Requests and (ii) the right to object on any ground to the use of any documents or communications produced in response to the Requests at any proceedings, hearings, arbitration, or trial. All evidentiary objections and grounds are expressly reserved.

Plaintiffs' Responses and Objections, and any production of documents or communications in response to the Requests, does not waive or intend to waive (and on the contrary, reserves and intends to reserve) any objections available to it, nor do Plaintiffs accept, adopt, or concede the truth or validity of any characterization made in the Requests. Moreover, no objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed an admission by Plaintiffs that (i) any particular evidence exists, or is relevant, probative, nonprivileged, or admissible in evidence; or (ii) any statement or characterization in the Requests is accurate or complete.

A statement that the Plaintiffs will produce information or documents in response to a particular Request is not to be construed as an admission that any responsive information or documents now exist or previously existed, or that any such information or documents are within Plaintiffs' possession, custody, or control.

The service of these Responses and Objections should not be construed as a waiver of any right, including but not limited to, the right to assert additional objections to individual Requests or to supplement or amend them as discovery and fact development progresses.

PLAINTIFFS' R&OS TO SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 110:**

Documents sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents "sufficient to show every iteration of WhatsApp's Terms of Service in effect in any country or territory in 2018 and/or 2019," without limitation, regardless of whether such Documents are relevant to any issue in the Action. Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others. Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery. Plaintiffs further object to this Request because the phrases "sufficient to show," "every iteration of WhatsApp's Terms of Service in effect," and "any country or territory" are overbroad, vague, and ambiguous.

Subject to and without waiver of these objections, Plaintiffs will produce publicly available Terms of Service for WhatsApp in effect between the years of 2018 and 2019 that are responsive to this Request and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Communications that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Request as overbroad,

16

unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case to the extent that it seeks "[a]ll" Documents and Communications "that refer or relate to Plaintiffs' enforcement of any term in WhatsApp's Terms of Service that Plaintiffs allege Defendant violated," without limitation, regardless of whether such Documents are relevant to any issue in the Action.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, immunity, duty of confidentiality, or exemption from discovery.  Plaintiffs further object to this Request because the phrase "enforcement of any term in WhatsApp's Terms of Service" is overbroad, vague, and ambiguous.

Plaintiffs are willing to meet and confer with NSO regarding the scope of the Request.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents and Communications that refer or relate to any expenses that: (1) Plaintiffs claim that they incurred as a result of any Security Vulnerability on the WhatsApp Service, including but not limited to CVE-2019-3568, and that Plaintiffs allege Defendants created, exploited, or were otherwise involved with in any respect, and (2) that Plaintiffs allege were caused by Defendants and for which Plaintiffs seek recovery from Defendants in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses in this Action or proportionate to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks the production of materials covered by non-disclosure and/or confidentiality agreements with third parties and/or that would violate the privacy interests of others.  Plaintiffs further object to this Request to the extent that it purports to require the production of documents or information protected by the attorney-client privilege, the attorney work product

Dated:  May 31, 2023

DAVIS POLK & WARDWELL LLP

By:  /s/ Antonio J. Perez-Marques
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:  greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:  micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

58

# Exhibit L

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit M

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit N

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit O

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**