JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited submit this Administrative Motion to File Under Seal the indicated portions of (1) the Declaration of Matthew Dawson filed concurrently with this Motion ("Dawson Declaration"); (2) Defendants' Opposition to Plaintiffs' Motion for Sanctions (the "Opposition"); (3) the Declaration of Aaron Craig in Support of the Opposition ("Craig Declaration") and Exhibits 1, 2, 6, 7, 9, 11-100, and 2045 thereto; (4) the Declaration of Terrence McGraw in Support of the Opposition ("McGraw Declaration"); (5) the Declaration of Chaim Gelfand in Support of the Opposition ("Gelfand Declaration"); and (6) the Declaration of Tamir Gazneli in Support of the Opposition ("Gazneli Declaration") (collectively, the "Sealed Documents"). The Motion is based upon the points and authorities set forth herein, as well as those facts in the Dawson Declaration.

## I.      BACKGROUND

The Court stayed discovery in this case shortly after Plaintiffs served their First Set of RFPs on June 4, 2020. (Dawson. Decl. ¶ 2.) After the stay ended, the Court instructed the parties to meet and confer regarding the effect of Israeli law on Plaintiffs' RFPs. (*Id.*) The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. (*Id.*) On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery, which has required NSO to produce certain highly confidential information and materials in accordance with Israeli law. (Dawson Decl. ¶ 2.) For additional information, the Court is respectfully referred to paragraphs 2-12 of the accompanying Dawson Declaration. Plaintiffs have now filed a Motion for Sanctions. (Dawson Decl. ¶ 2.)

## II.     LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). While motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons," filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *See*

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02, 1097 (9th Cir. 2016); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20-08103, 2022 WL 4074653, at *1 (N.D. Cal. Sept. 5, 2022). A motion for terminating sanctions based on a purported failure to provide discovery "does not concern *the merits*" of a case. *See Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5110453, at *1 n.1 (S.D. Cal. Sept. 21, 2016) (emphasis added). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180. For reasons shown below, Defendants easily satisfy the "good cause" standard with respect to the Sealed Documents.

Regardless, even if the Court were to apply the more demanding "compelling reasons" sealing standard, that standard is likewise satisfied. It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096).

As an initial matter, courts have found compelling reasons to seal traditionally non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). The need to seal certain information, and to keep that information out of the public record, has been repeatedly briefed to the Court. (*See, e.g.*, Dkt. Nos. 396 & 396-1.) Although Plaintiffs now tout certain public reporting, they provide no evidence (nor can they) that the reporting has worked any change in the restrictions and legal obligations previously described to the Court.

More generally, "[c]ompelling reasons justifying sealing court records generally exist when such 'court files might . . . become a vehicle for improper purposes' such as 'releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing.'" *In re Da Vinci*, 2024 WL 1687645, at *1; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("The Ninth Circuit has found that compelling

reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.")

Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology," *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses." *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *In re Google Location Hist. Litig.,* No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report[s], and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.,* 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

## III.   ARGUMENT

Good cause and compelling reasons both exist to grant this sealing request.

*First*, certain Sealed Documents contain highly sensitive, non-public information, disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g.*, *Compal Elecs.*, *Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017). For additional argument, NSO respectfully refers to Paragraph 13 of the Dawson Declaration.

*Second*, many of the Sealed Documents include information about the parties' confidential technology and other trade secrets—including the operation of WhatsApp's and NSO's technologies. Courts have routinely held that confidential business information satisfies the

"compelling reasons" standard, so it should easily satisfy the "good cause" standard applicable here.  *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).  This includes technological information.  *See Transperfect Global*, 2013 WL 706975, at *1.  The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors.  NSO's government customers would also be prejudiced by disclosure of such information.  Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

*The Dawson Declaration Supporting This Motion*.  As the Dawson Declaration itself makes clear in much greater detail, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.

*Portions of the Opposition; The Craig Declaration and Exhibits*.  Defendants have indicated certain portions of the Opposition, the Craig Declaration, and Exhibits 1, 2, 6, 7, 9, 11-100, and 2045 that warrant sealing.  Those materials contain information that is subject to legal restrictions and confidentiality obligations.  (*See* Dawson Decl. ¶¶ 2 and 4-13.)  Regardless, those materials discuss highly confidential information about the research, development, and functioning of Defendants' technologies that independently warrants sealing to prevent substantial harm to Defendants' business and to its government customers.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

Furthermore, pages 2-3, 10-13, and 25 of the Opposition, Paragraphs 12 and 15 of the Craig Declaration, and Exhibits 6 and 100 thereto contain information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only" under the Stipulated Protective Order (Dkt. No. 132). Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

*Portions of the McGraw Declaration.*  The McGraw Declaration contains highly confidential technical information regarding the functioning of Defendants' technology, and expert analysis of both WhatsApp's and NSO's technologies, which warrants sealing.  *See, e.g., Finjan*, 2016 WL 7429304, at *2.  Plaintiffs have filed under seal the reports of their technical expert,

David Youssef, for the same reason.

***Portions of the Gelfand and Gazneli Declarations.***  These declarations, from NSO's Vice President for Compliance and Deputy General Counsel (Gelfand) and head of NSO's research and development department (Gazneli), consist largely of information that is subject to legal restrictions and confidentiality obligations.  *See* Dawson Decl. ¶¶ 2 and 4-13.  The Gelfand Declaration contains extensive reference to highly sensitive, non-public information.  The Gazneli Declaration also contains numerous descriptions of highly confidential technical information regarding the functioning of Defendants' technology and related business practices, which warrant sealing even under the compelling reasons standard.  *See, e.g., Finjan*, 2016 WL 7429304, at *2.

*****

As shown above and in the Dawson Declaration, compelling reasons exist to seal each of the Sealed Documents.  Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information.

## IV.    CONCLUSION

For the reasons set forth above and in the accompanying Dawson Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.


DATED: October 16, 2024

KING & SPALDING LLP

By: */s/Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED