JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:	(213) 443-4355
Facsimile:	(213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MATTHEW H. DAWSON IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]<br><br>Judge:  Hon. Phyllis J. Hamilton |

I, Matthew H. Dawson, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, which is counsel to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' October 16, 2024, Opposition to Plaintiffs' Motion for Sanctions (the "Opposition"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Plaintiffs served a First Set of Requests for Production (RFPs) on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery involving the exchange of highly confidential information and materials, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiffs have now filed a Motion for Sanctions, which the parties are in the process of briefing.

3. In opposing Plaintiffs' Motion for Sanctions, Defendants seek to file under seal (1) the highlighted language in this Declaration; (2) certain language in Defendants' Opposition to Plaintiffs' Motion for Sanctions (the "Opposition"), attached as Exhibit A; (3) portions of the Declaration of Aaron Craig in Support of the Opposition ("Craig Declaration") and Exhibits 1, 2, 6, 7, 9, 11-100, and 2045 thereto, attached collectively as Exhibit B; (4) portions of the Declaration of Terrence McGraw in Support of the Opposition ("McGraw Declaration"), attached as Exhibit C; (5) portions of the Declaration of Tamir Gazneli in Support of the Opposition ("Gazneli

1  Declaration"), attached as Exhibit D; and (6) portions of the Declaration of Chaim Gelfand in
2  Support of the Opposition ("Gelfand Declaration"), attached as Exhibit E (collectively, the "Sealed
3  Documents").
4      4.    Sealing of the Sealed Documents is necessary for several reasons. First, sealing is
5  required to ███████████████████████████████████████████████
6  ███████████████████████████████ is described in paragraph 10 below, and ██████████
7  ███████████████ filed with this Court under seal ███████████████████████
8  is described in paragraph 11 below. As is evidenced by the ████████████████████
9  ████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████. The Sealed Documents
11 contain highly sensitive, traditionally nonpublic ████ information that the ███████
12 ████████████████████████████████████████████████████████████
13 ████████████████████████ Those ████████████████████████████████
14 ████████████████████████ and ████████████████ militates in favor of this
15 Court's sealing documents that contain references to information that ████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████. Second, sealing is required to ████████
18 ████████████████████████████████████████████████████████████
19 ████████████████████████ The ████████████████████████████████
20 ████████████████████████████████████████, but NSO can state that ████████
21 ████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████
23 ████████████████████████. Third, even setting aside ████████████████████,
24 sealing is required to protect Defendants' confidential and competitively sensitive business
25 ─────────────
26 1 ████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████████████████

1 information—including substantial technical discussion regarding the functioning of Defendants'
2 technologies. The nature of Defendants' business, which is to provide covert tools that
3 governments may use to prevent and investigate serious crimes, requires that such information
4 remain confidential. The disclosure of such information to the public and to competitors would
5 cause competitive harm to Defendants. Disclosure could also prejudice Defendants' government
6 customers by interfering with intelligence and law-enforcement investigations.

**The** ███████████

5. On July 19, 2020, the ███████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████ (August 3,
2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
presented by ███████████ in his capacity as ███████████████
███████████████████████████████████████████████████████
███████████████████████████████████ The ███████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████ The ███████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████ (Id.
at 2.) This was not an ███████████████████████; it was a ███████
for the purpose of ███████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)
Exh. B at 1-2.)

---

[2] The Office of the ███████████████████████████████████████
███████████████████████████████████████████

1  6. On July 19, 2020, the Honorable ▮▮▮▮▮▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6), Exh.
3  D.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was necessary ▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮. (Id. at 1.) ▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮ (Id.) ▮▮▮▮ authorized
9  the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Id. at 1-2.) ▮▮
13 also authorized ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Id. at 3.)
16  7. On July 19, 2020, Deputy ▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ▮▮
18 notified Defendants about the ▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Id. ¶ 3.) ▮▮▮▮
21 ▮▮ Defendants that they are ▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮ including a prohibition on ▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮ (Id. ¶ 2.)
26  8. On February 8, 2023 ▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. D.) The

1 | purpose for this update, according to ███████████████████████████████████

2 | ████████████████████████████████████████████████████████████████████████

3 | ████

4 |   9.   On May 21, 2023, ███ Chief ████████████████████████████████████

5 | ████████████████████████████████████████████████████████████████████████

6 | ████████████████████████████████████████████████████████████████████████

7 | ████. As soon as NSO ████████████████████████████████████████████████ it

8 | filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4). ████████████ is described

9 | in paragraph 10 below. The ███████████████████████████████████████████

10 | (Dkt. 195-4, Order ¶ 3), ████████████████████████████████████████████

11 | ████████████████████████████████████████████████████████████████████████

12 | ████████████████████████████████████ (Dkt. 195-4, ████ ¶ 4), and ████████

13 | ████████████████████████████████████████████████████████████████████████

14 | ███████████████████████████████████████████████ (Dkt. 195-4, ████

15 | ¶ 5), █████████████████████████████████████████ (Dkt. 195-

16 | 4, █████████ ¶ 3). The █████████████████████████████████████████

17 | ████. (Dkt. 195-4, █████████ ¶ 6).

18 | ██████  **Relating to the** █████████

19 |   10.   The information that Defendants seek to keep under seal regarding the ████

20 | ████████████████████ multiple ████████████ At the time Defendants first received the

21 | ████████████████████████████████████████████████████████████████████████

22 | ████████████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. F

23 | ¶¶ 4-6.) Through their counsel in ████ Defendants ██████████████████████

24 | ██████████████████████████████████ Defendants ███████████████████████

25 | ████████████████████████████████████████████████████████████████████████

26 | ████ to this Court and to Plaintiffs' counsel. In ████████████, Defendants represented

27 | that they would, to the best of their abilities, ███████████████████████████

28 | ████████████████████████████████████████████████████████████████████████

DAWSON DECL.	5	Case No. 4:19-cv-07123-PJH

1 ▮▮, authorizing Defendants to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    11.   The ▮▮▮▮▮▮▮ (Dkt. 195-3) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6 relations. (Dkt. 195-3, ¶ 2.)  The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-3, ¶ 2(1)-(6).)

10 However, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 (Dkt. 195-3 ¶ 4 (a)-(b)).  The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-3 ¶ 5.c.)

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Documents and Testimony**

19    12.   In late ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ documents and

20 testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 The licenses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (See Dkt. 195-4, Order ¶ 4.)  NSO is ▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ documents and testimony ▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The ▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ described

28 above, thus attempt in part to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ████████████████████████████████████████████████████████████
2  ███████████████████████

**Compelling Reasons Exist to Seal the Identified Documents**

13. As explained below, compelling reasons exist to seal the above-listed documents.

   a. *First*, the Sealed Documents relate to or concern ██████████████████████ ███████████████ As such, the Sealed Documents contain traditionally nonpublic ██████ information for which there is no constitutional right of access. See, e.g., *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents ████████████████████████████████████████████████ ███████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

   b. *Second*, ████████████████ counsels that the Sealed Documents be kept confidential because the ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ The Supreme Court ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). Information ████████████████████████████████

1  █████████████████████████████  *United States v. Sater*, 2019 WL 3288289, at *4
2  (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought
3  to be sealed "are not publicly accessible [and] disclosure of the [documents] here, would harm
4  ████████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████
10  ████████████████████████ Because ██████████████████████████████████████████
11  ████████████████████████████████████ supports ████████████████
12   c. *Third*, because the █████████████████████████████████
13  ██████████████████████ public disclosure of the Sealed Documents could ██████
14  ████████████████████████████████████████████████████████████████████████████████
15  ██████████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████████████████████.
18   d. *Fourth*, the analysis above is not altered by Plaintiffs' handful of media articles regarding
19  the ████████████████████████████████ (See Dkt. No. 415 at 2-3.)  Those
20  articles, which admittedly rely on materials that may have been stolen ████████████
21  █████ and that cannot be definitively authenticated, █████████████████████████
22  █████████; do not disclose the ██████████████████████████████ and submitted to
23  the Court; do not disclose or discuss ████████████████████████████████ make no
24  reference whatsoever to ████████████████████████; and do not disclose any of the
25  technical or otherwise competitively sensitive documents or information that Defendants seek to
26  seal █████████████████████████████ to protect against competitive harm.  Furthermore,
27  the articles themselves make clear that █████████████████████████████████████
28  ████████████████████████████████████████████████████ One of the articles

1 specifically states that: "In April this year, Israeli authorities obtained another sweeping gag
2 order to prevent the country's media from publishing information from the hack."[3]

3   e. *Fifth*, even absent the considerations above, courts routinely seal confidential and
4 sensitive competitive information, trade secrets, proprietary information concerning technology
5 or descriptions of such technology, information about internal business operations, business
6 strategies, competitive analyses, financial data, and expert reports regarding the same. *See*, *e.g.*,
7 *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (noting that
8 courts have found "compelling reasons to seal . . . source code directories, information about the
9 technical operation of the products, financial revenue data, and excerpts from expert depositions,
10 expert report[s], and related correspondence"); *Transperfect Global, Inc. v. MotionPoint Corp.*,
11 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *In re Google Location Hist. Litig.*, 514 F.
12 Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade
13 secrets, . . . product development plans, detailed product-specific financial information, customer
14 information, internal reports.'"); *Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug.
15 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons.").

16   14.   The Sealed Documents—which include the indicated portions of (1) this
17 Declaration; (2) Defendants' Opposition to Plaintiffs' Motion for Sanctions; (3) the Declaration of
18 Aaron Craig in Support of the Opposition ("Craig Declaration") and Exhibits 1, 2, 6, 7, 9, 11-100,
19 and 2045 thereto; (4) the Declaration of Terrence McGraw in Support of the Opposition ("McGraw
20 Declaration"); (5) the Declaration of Chaim Gelfand in Support of the Opposition ("Gelfand
21 Declaration"); and (6) the Declaration of Tamir Gazneli in Support of the Opposition ("Gazneli
22 Declaration")—all merit sealing under both the "good cause" and the "compelling reasons"
23 standards.

24   This Declaration in Support of Sealing

25   15.   The indicated portions of this Declaration contain information that is subject to
26 Israeli export-control laws ▆▆▆▆▆▆▆▆▆▆

---

[3] *See* https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware-leak-suggests

████████   The disclosure of the information set forth in this Declaration would prejudice Defendants ██████████████████████████████████ ████████████ The considerations discussed in ¶ 13 above, in particular, provide both good cause and compelling reasons to maintain these contents under seal.

Portions of Opposition

16. The indicated portions of the Opposition likewise should be sealed because they contain references to information that is subject to the legal restrictions and confidentiality obligations ██████████████████████████████████ ████████████████████████████████████ Those same portions of the Opposition are independently subject to sealing, even under a "compelling reasons" standard because they discuss highly confidential information about the research, development, and functioning of Defendants' technologies, as well as confidential customer information. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019). The indicated portions of the Opposition also include references to the Craig Declaration and Exhibits 1, 2, 6, 7, 9, 11-100, and 2045, the McGraw Declaration, the Gelfand Declaration, and the Gazneli Declaration, which include the categories of confidential information described below. Accordingly, both good cause and compelling reasons exist to seal the indicated portions of the Opposition.

17. Furthermore, pages 2-3, 10-13, and 25 of the Opposition, Paragraphs 12 and 15 of the Craig Declaration, and Exhibits 6 and 100 thereto contain information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only" under the Stipulated Protective Order (Dkt. No. 132).

The Craig Declaration and Exhibits

18. The indicated portions of the Craig Declaration and Exhibits 1, 2, 6, 7, 9, 11-100, and 2045 also warrant sealing. These materials consist of information that is subject to the legal restrictions and confidentiality obligations ██████████████████████████████████

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These materials are also replete with highly confidential technical information regarding the functioning of Defendants' technology, including some of Defendants' most sensitive technical materials, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2.

19. These same materials also contain information about Plaintiffs' technology and discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only."

### The McGraw Declaration

20. The indicated portions of the McGraw Declaration, submitted by Defendants' technical and cybersecurity expert, consist of information that is subject to the legal restrictions and confidentiality obligations ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ These materials are also replete with highly confidential technical information regarding the functioning of Defendants' technology, including expert analysis of both WhatsApp's and NSO's technologies, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have submitted under seal the reports of their technical expert, David Youssef, for the same reason. Accordingly, the indicated portions of the Declaration warrant sealing.

### The Gelfand Declaration

21. The indicated portions of the Gelfand Declaration, submitted by NSO's Vice President for Compliance and Deputy General Counsel, contain information regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Such traditionally non-public, highly sensitive ▓▓▓▓▓▓▓▓ information warrants sealing.

### The Gazneli Declaration

22. The Gazneli declaration, from the head of NSO's research and development department, consists almost exclusively of information that is subject to legal restrictions and confidentiality obligations ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1  ████████████████████████

2  The Gazneli declaration consists primarily of highly confidential technical information regarding
3  the functioning of Defendants' technology, which warrants sealing. *See, e.g., Finjan*, 2016 WL
4  7429304, at *2. Plaintiffs have sought to seal similar information about their own technology.
5  Accordingly, compelling reasons for sealing the indicated portions of the Gazneli Declaration
6  exist.

7      23.    Additional materials that are the subject of this application to seal have been
8  designated by Plaintiffs as their Highly Confidential - Attorney's Eyes Only" material under the
9  Stipulated Protective Order (Dkt. No. 132).

10      24.    Accordingly, good cause and compelling reasons exist to seal each of the above-
11  listed documents or the indicated portions of those documents, and Defendants respectfully request
12  that the Court grant the accompanying Administrative Motion to File Under Seal and order the
13  Sealed Documents be kept under seal.

14      25.    Defendants have sought sealing of only those parts of this Declaration and the
15  exhibits thereto as are necessary to comply with the ████████████████
16  ████████████████████████████████████████
17  as described above, and to preserve their confidential information in a manner that prevents
18  competitive or other harm. On behalf of Defendants, the Declarant respectfully submits that the
19  compelling reasons standards are met with respect to the Sealed Documents.

20

21      I declare under penalty of perjury that the foregoing is true and correct this 16th day of
22  October 2024, at Alameda, California.

23
24  _____
                    MATTHEW H. DAWSON
25
26
27
28