

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF AARON S. CRAIG IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS** <br><br><br> **REDACTED VERSION OF DOCUMENT FILED UNDER SEAL** |

I, Aaron S. Craig, declare as follows:

1.      I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants"), defendants in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2.      I submit this declaration in support of NSO's Opposition to Motion for Sanctions ("Opposition") filed concurrently herewith.

The Israel Meetings, and Defendants' Custodians

3.      Following the Court's entry of its February 23, 2024 discovery order, Joseph Akrotirianakis and I made plans to meet with Defendants for a week in their offices in Herzliya, Israel, to locate documents that would satisfy all of the RFPs that were the subject of the portions of Plaintiffs' motion to compel that the Court granted in part, and any other documents necessary to show the full functionality ██████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ Mr. Akrotirianakis and I then travelled to Israel and met with NSO's legal department, including its general counsel and its compliance officer, as well as eight senior executives and department heads, for the entirety of four days. In those meetings, we discussed at length the individual document requests and worked intensively on the project to locate and produce documents that would comply with the Court's Order and respond to the Plaintiffs' document requests.

4.      In early 2020, Defendants preserved the communications of 25 custodians.[2] These custodians were selected in early 2020 after Defendants' counsel conducted interviews of 23 employees of Defendants. The custodians selected were all members of senior leadership of the

---

[1] In its discovery order, the Court adopted Plaintiffs' "Relevant Spyware" terminology. Plaintiffs have used that pejorative term throughout this litigation. Defendants will use the more neutral term "Accused Technologies" and respectfully request that the Court do so as well.

[2] According to Plaintiffs' "search parameters," they designated only 14 custodians.

relevant departments in Defendants' organizations: senior management, research and development, security operations, product, government relations, compliance, legal, customer success, client executive, and sales.

5.    With respect to the two requests (no. 5 and 28) seeking communications limited by search terms and custodians, Defendants searched the documents of their 25 custodians to look for responsive documents.  The search terms used are set forth in paragraphs 19 and 25, *infra*.

6.    For the other document requests, we reviewed all of Defendants' sources of centralized technical documents to try to identify those most responsive to each request.  The results of this work are set forth in paragraph 28, *infra*.

Defendants' Productions of Documents and Electronically Stored Information

7.    On August 23-24, 2024, ██████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████; and (2) 4,444 documents (totaling 45,304 pages). ████████████████████████████████████████████████ ████████████████████████████████ Defendants' total production of documents ████████████████████ is comprised of 4,933 documents and 46,542 pages over 12 productions.

Exhibits 1-8 and 100

8.    Attached as Exhibit 1 is a copy of Defendants' Supplemental Responses to Plaintiffs' First Set of Special interrogatories.  These Supplemental Responses provide an enormous amount of detail concerning the full functionality of the ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████

9.    Attached as Exhibit 2 is a copy of the excerpts of the deposition transcript of NSO Chief Technology Officer Tamir Gazneli dated September 4, 2024, where Mr. Gazneli testified in detail about NSO's research activities in the highlighted portions of the exhibit.

10.     Attached as Exhibit 3 is a letter I received from Craig Cagney dated November 30, 2023, setting forth Plaintiffs' narrowing of requests for production nos. 1, 3, 5, 7, 9-10, 14-17, 19-26 and 28 that were the subject of Plaintiffs' December 2023 motion to compel.

11.     Attached as Exhibit 4 and 5 are Plaintiffs' First and Second Sets of Request for Production, setting forth Plaintiffs' requests for production 27 and 30, which were not the subject of any narrowing agreement.

12.     Attached as Exhibit 6 is an excerpt from the report of Plaintiffs' technical expert David Youssef, disclosing on September 30, 2024, ███████████████████████████ ████████████████████████████████████████████████ ███ ██████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████

14.     Nearly every document production made by Plaintiffs in this case has been accompanied by language warning Defendants against sharing the production with their clients, by including the following language.

> For the avoidance of doubt, by making this production and Plaintiffs' prior
> productions available to U.S. counsel for Defendants in the United States,
> Plaintiffs are under no obligation to determine, and do not take any position
> on, whether any of the produced documents are subject to the U.S.
> Department of Commerce's Bureau of Industry and Security Export
> Administration Regulations, 15 C.F.R. §§ 730.1, 730.6, or whether any such
> documents may be further transmitted to Defendants or any other party
> restricted from receiving such documents under those regulations. It is the
> obligation of King & Spalding to comply with all its legal obligations in
> that regard, and to obtain any licenses necessary before transmitting such
> documents to Defendants or any other entities. To the extent any produced
> documents have been designated as Highly Confidential-Attorneys' Eyes

Only, Plaintiffs trust that King & Spalding will comply with all its obligations under the Stipulated Protective Order, Dkt. No. 131, and will not designate any Designated House Counsel, Designated House Consultants, or Experts who are prohibited from receiving such materials under U.S. law.

Exhibit 8 is an example of one such letter I received on September 7, 2024.

15. Exhibit 100 is a copy of a document provided by Plaintiffs' counsel titled

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████

Defendants' Production of Financial Documents:  Exhibits 9, 11-12, 19-20, 2045

16. NSO prepared and provided to Plaintiffs a document, marked in deposition as Exhibit 2045 and attached hereto with that number, detailing the amounts (in thousands of US$) each of NSO's customers paid for an NSO product during 2018, 2019 and 2020, based on each individual NSO customer contract.  Plaintiffs describe this document as being "attorney-created." (Mot. at 14:2.)  Plaintiffs have no good faith basis for that assertion, and it is untrue.  In fact, Plaintiffs know that it was created by Sarit Bazinsky Gil, NSO's Vice President of Global Business Operations.  Plaintiffs marked Exhibit 2045 at Ms. Gil's September 6, 2024, deposition, during which she testified that she created Exhibit 2045.  Exhibit 9 is the relevant excerpt from Ms. Gil's deposition transcript.

17. WhatsApp has also produced, for the years 2018, 2019, and 2020, audited financial statements of both Defendants and of a parent company, Triangle Holdings.  Examples of these audited financial statements are attached as Exhibits 11-12.

18. Defendants also produced shareholders registers for both defendants as of July 28, 2019, copies of which are attached as Exhibits 19-20.

1     Defendants' Production of Documents Responsive to Specific RFPs

2     Request for Production No. 28, NSO's Communications with Westbridge

3         19.    As set forth in Exhibit 3 to this declaration, narrowed Request for Production No.

4 28 asked Defendants for "All communications . . . with Westbridge Technologies relating to

5 WhatsApp and the surveillance of WhatsApp users *as limited through the use of search terms and*

6 *custodians*" (emphasis in original).   Defendants searched the communications of their 25

7 custodians, and applied the following search terms to try to locate all of NSO's communications

8 with any of Westbridge's non-admin/secretarial employees (Josh Shaner, Terry DiVittorio and

9 Dan Moadel) during the time period of April 29, 2018 through May 10, 2020:

10             **(Westbridge OR Shaner OR DiVittorio OR Moadel) AND (WhatsApp**

11             **OR WA OR Pegasus OR PGSS or PGS3 OR PGS2 OR PGS OR P2 OR**

12             **P3 OR** ███ **OR** ████ **OR** ████ **).**

13 After a review of the "hits" by Defendants' counsel, Defendants produced to Plaintiffs on October

14 7, 2024, all responsive documents they were able to locate from their 25 custodians.   This

15 production was comprised almost entirely of NSO emails.

16         20.    At a September 30, 2024, conference of counsel about Plaintiffs' sanctions motion,

17 I informed Plaintiffs' counsel that the Westbridge communications had not been produced only

18 because of an inadvertent oversight caused by the deposition and travel schedule that included

19 depositions nearly every day between August 27 and September 13 (the discovery cutoff), as well

20 as the two weeks thereafter, and that Defendants would correct that oversight as quickly as

21 possible.  Defendants produced their responsive communications with Westbridge on October 7,

22 2024, four days before Plaintiffs filed their opposition to Defendants' motion for summary

23 judgment. Exhibit 10 is a copy of the production letter sent to Plaintiffs on October 7, 2024.

24 Moreover, Westbridge, Mr. Shaner and Mr. DiVittorio produced, long before the discovery cutoff,

25 all of their responsive communications with NSO, and Mr. Shaner and Mr. DiVittorio were

26 extensively examined about those communications in full-day depositions.

27         21.    During that same September 30, 2024, conference of counsel, I also informed

28 Plaintiffs' counsel that notwithstanding Tamir Gazneli's uncertainty during his deposition about

1  whether ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████.

3  <u>Request for Production No. 26, Marketing Materials: Exhibits 13-18</u>

4  22.  As set forth in Exhibit 3 to my declaration, Request for Production No. 26 asked

5  Defendants for "All documents used to market, sell, or promote [the Accused Technologies] that

6  refer to WhatsApp in any way."  Defendants located all their marketing materials from the time

7  period April 29, 2018, through May 10, 2020 that they could locate after a good faith, reasonable

8  and diligent search, and produced them to Plaintiffs—*whether or not they referred to WhatsApp*.

9  Examples of the marketing materials produced by Defendants are attached as Exhibits 13-18.

10  <u>Request for Production Nos. 5 and 10, Identification of WhatsApp Vulnerabilities</u>

11  23.  Request for Production Nos. 5 and 10 each requested information about WhatsApp

12  vulnerabilities:  As set forth in Exhibit 3 to this declaration, revised Request No. 5 is phrased as

13  "all documents and communications concerning the identification of WhatsApp application or

14  network vulnerabilities, including but not limited to any payments for bounties for WhatsApp

15  vulnerabilities, contracts for services by vendors, or analyst work product and reports *as limited*

16  *through the use of search terms and custodians*" (emphasis in original).  Revised Request No. 10

17  sought "documents and communications sufficient to identify the mobile phone and device

18  operating system vulnerabilities used to install the [Accused Technologies]."

19  24.  As set forth in the accompanying declaration of Tamir Gazneli, ████████████

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████  Mr. Gazneli explained this to me and Mr.

25  Akrotirianakis when we were in Israel between May 20-23, 2024.

26  25.  Nevertheless, to be as thorough as possible, Defendants performed the following

27  searches of the repositories of NSO's 25 custodians to attempt to locate documents in Defendants'

28  possession relating to WhatsApp, Facebook or Android vulnerabilities.

| Search Syntax | Total Hits |
|---|---|
| **((WhatsApp or Facebook or WA or FB or Android) w/50 (vulnerab\* or exploit or vector or bount\* or "2019-3568"))** AND (Sort Date/Time between 4/1/2018 and 5/31/2020) | 5,502 |
| **((██████████████████████) w/50 (vulnerab\* or exploit or vector or bount\* or "2019-3568"))** AND (Sort Date/Time between 4/1/2018 and 5/31/2020) | 2,255 |
| **(("zero click" or zeroclick or "zero-click" or 0c or zc) w/50 (vulnerab\* or exploit or vector or bount\* or "2019-3568") w/200 (Android or WhatsApp or WA or Facebook or FB))** AND (Sort Date/Time between 4/1/2018 and 5/31/2020) | 44 |
| **((Identif\* or discover\* or locat\*) w/50 (vulnerab\* or exploit or vector) w/200 (Android or WhatsApp or WA or Facebook or FB))** AND (Sort Date/Time between 4/1/2018 and 5/31/2020) | 658 |

26.    These searches yielded a total of 6,437 separate documents (the hits in the table above sum to more than 6,437 because some documents hit on multiple searches) for Defendants' counsel to review.  Those documents then went through a two-tier document review process, which determined that none of these documents was responsive to either RFP No. 5 or RFP No. 10.

<u>Request for Production No. 17:  WhatApp Accounts:  Exhibit 21-22</u>

27.    Request No. 17 sought documents and communications "concerning WhatsApp Accounts used to develop, test, transmit, install, distribute or use [the Accused Technologies]."

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████

<u>Defendants Have Produced Documents "Sufficient to Show" Every Other Request for Production that was the Subject of Plaintiffs' Granted-in-Part Motion to Compel, and the Full Functionality of the Accused Technologies</u>

28.    Exhibits 11 to 99 are examples of documents produced by Defendants' counsel in discovery to Plaintiffs' counsel at the Davis Polk firm.  These documents are responsive to Plaintiffs' RFPs as set forth in the chart below, all of which request production of "documents sufficient to show" certain things, and which collectively are sufficient to show the full functionality of ████████████████████████████████████████████████████████

▐. A list of the RFPs, and examples of the exhibits responsive thereto, is as follows:

| Plaintiffs' Request for Production | Examples of Responsive Documents (Craig Decl. Exhibit Nos.) |
|---|---|
| RFP 1: "sufficient to show NSO's development, testing, deployment installation, distribution, use, maintenance, troubleshooting, and/or operation of [the Accused Technologies];"<br><br>and<br><br>RFP 7: "sufficient to show how NSO developed and tested any exploit or technology used in the [Accused Technologies];" | 1, 21, 24-28, 32-99 |
| RFP 3: "sufficient to show how NSO intended for or permitted third parties to use the [Accused Technologies], including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents;" | 13-18, 24-28, 29-30, 32-34 |
| RFP 9: "sufficient to show the processes, methods and technology used by the [Accused Technologies] to monitor target devices and exfiltrate data, including but not limited to command and control software or payloads;" | 1, 24, 25, 26, 27, 28, 32-34, 36, 38-53,56, 57, 67-95 |
| RFP 14: "sufficient to show the processes, methods, and technology used to install the [Accused Technologies] on the mobile phones and devices of target users, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of the [Accused Technologies];" | 1, 24, 26-28, 32-34, 36, 38-58, 67-95 |
| RFP 15: "sufficient to show analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application . . ." | 1, 23, 27, 32-36, 38-57, 59 |
| RFP 16: "sufficient to show the technologies used in the [Accused Technologies] to communicate with WhatsApp, including WhatsApp servers, endpoints, computers, and computer networks, other than the official WhatsApp application;" | 1, 14, 27, 32-36, 38-57, 59, 66-95 |

| | |
|---|---|
| RFP 19: "sufficient to show the technology used to transmit any data or information from any target device containing or infected with the [Accused Technology];" | 1, 14, 24-28, 32-36, 38-53, 57, 66 |
| RFP 20: "sufficient to describe the design and operation of Pegasus, including but not limited to the 'layers' described in Exhibit 10 of the Complaint:  installation, data collection, data, transmission, presentation and analysis, and administration;"

and

RFP 21: "sufficient to describe the design and operation of Pegasus' system architecture and technology, as described in Exhibit 10 of the Complaint;" | 1, 14, 24-28, 32-60, 67-95 |
| RFP 24:  "sufficient to describe the data and information NSO or NSO customers obtained from the target users or the target devices;" | 14, 16, 24-28, 32-34 |
| RFP 27:  "sufficient to describe NSO's corporate structure, including all parents, subsidiaries and affiliates." | 31 |
| Documents sufficient to show the full functionality of the Accused Technologies | 1, 24-28, 32-95 |

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 16th day of October, 2024, at Los Angeles, California.

_____

Aaron S. Craig

# Exhibit 1

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 2

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# EXHIBIT 3

**Davis Polk**

Craig Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

November 30, 2023

Re: *WhatsApp, LLC, et al., v. NSO Group Techs. Ltd. et al.*, 4:19-cv-7123 (PJH)

<u>Via Email</u>

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Aaron:

We write to memorialize and to follow up on our November 22, 2023 meet-and-confer regarding Plaintiffs' Requests for Production (the "Requests").

**First Requests for Production**

As we explained during our meet-and-confer, we believe that all of the Requests are proper under the Federal Rules of Civil Procedure, and sufficiently important and specific to warrant production under the Ninth Circuit's *Richmark* test.

In our discussion, you acknowledged that the Requests may well seek certain categories of information that Defendants would agree are both sufficiently important and specific to warrant production. Per the Court's guidance to the parties to narrow their disputes, Defendants should identify those portions without delay so that they can be excluded from any dispute presented to the Court.

In addition, we are proposing certain modifications to our Requests. We had anticipated Requests seeking "all documents and communications" would be balanced against any resulting burden that NSO may face in searching for such documents, and that the parties would have agreed on appropriate limitations on those searches in the ordinary course of discovery negotiations. Because those discussions have not taken place due to the Israeli law restrictions, Plaintiffs are unilaterally proposing a number of modifications to clarify the scope of information sought and further target the Requests. That list of modified Requests is set forth below, and a redline reflecting the changes to the original versions is enclosed with this letter.

- **RFP No. 1:** DOCUMENTS and COMMUNICATIONS sufficient to show NSO's development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers, or use WhatsApp in any way to access TARGET DEVICES from January 1, 2018 to the present (the "RELEVANT SPYWARE").

- **RFP No. 3:** DOCUMENTS and COMMUNICATIONS sufficient to show how NSO intended for or permitted third parties to use the RELEVANT SPYWARE, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents.

- **RFP No. 5:** ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp vulnerabilities, contracts for services by

**Davis Polk**    Aaron Craig

vendors, or analyst work product and reports *as limited through the use of search terms and custodians*.

- **RFP No. 7:** DOCUMENTS and COMMUNICATIONS sufficient to show how NSO developed and tested any EXPLOIT or TECHNOLOGY used in the RELEVANT SPYWARE.

- **RFP No. 9:** DOCUMENTS and COMMUNICATIONS sufficient to show the processes, methods, and TECHNOLOGY used by the RELEVANT SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

- **RFP No. 10:** DOCUMENTS and COMMUNICATIONS sufficient to identify the mobile phone and device operating system vulnerabilities used to install the RELEVANT SPYWARE.

- **RFP No. 14:** DOCUMENTS and COMMUNICATIONS sufficient to show the processes, methods, and TECHNOLOGY used to install the RELEVANT SPYWARE on the mobile phones and devices of TARGET USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of the RELEVANT SPYWARE.

- **RFP No. 15:** DOCUMENTS and COMMUNICATIONS sufficient to show analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

- **RFP No. 16:** DOCUMENTS and COMMUNICATIONS sufficient to show the TECHNOLOGY used in the RELEVANT SPYWARE to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

- **RFP No. 17:** DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

- **RFP No. 19:** DOCUMENTS and COMMUNICATIONS sufficient to show the TECHNOLOGY used to transmit any data or information from any TARGET DEVICE containing or infected with the RELEVANT SPYWARE.

- **RFP No. 20:** DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

- **RFP No. 21**: DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

- **RFP No. 22**: DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

- **RFP No. 23:** DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, sufficient to show the contents of those servers, the third-party providers from whom those servers were leased, the locations of those servers, and whether NSO ever had possession, custody, access to, or control of those servers.

**Davis Polk**    Aaron Craig

- ■ **RFP No. 24:** DOCUMENTS sufficient to describe the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES by using RELEVANT SPYWARE.

- ■ **RFP No. 25:** DOCUMENTS and COMMUNICATIONS sufficient to identify the NSO CUSTOMERS with knowledge of any of the attacks described in the COMPLAINT, as alleged in Defendants' Motion to Dismiss.

- ■ **RFP No. 26:** ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE that refer to WhatsApp in any way.

- ■ **RFP No. 28:** ALL COMMUNICATIONS from January 1, 2018 to December 2019 with Westbridge Technologies relating to WhatsApp and the surveillance of WhatsApp users *as limited through the use of search terms and custodians*.

Unless otherwise indicated, these revised Requests incorporate by reference the relevant definitions in Plaintiffs' First Requests for Production.

Plaintiffs understand that NSO has or will produce documents in response to RFP Nos. 2, 4, 6, 8, 11, 13, 18 (identifying employees and groups with various responsibilities), 27 (corporate structure), and 29 (financial statements), and NSO has represented that Israeli law would not be an impediment to producing further documents in response to these Requests if those productions are deficient.  Based on those representations, Plaintiffs do not intend to move for an order compelling production in response to those Requests at this time.  Plaintiffs are reviewing NSO's productions in response to these Requests and will address any deficiencies separately.

**<u>Second and Third Requests for Production and First Requests for Admission</u>**

In addition to the First Set of Requests above, Plaintiffs intend to move to compel NSO to produce the server images requested by RFP Nos. 30, 31, 32, 71, and 74 in the Second and Third Set of Requests.  In addition, Plaintiffs intend to compel production of documents responsive to RFP Nos. 72, 73, 75, 76, 78, and 79 related to whether the other identified servers were ever previously in NSO's possession, custody, or control, and documents related to the handover, delivery or assignment of those servers by NSO to any third party.

During the meet and confer, you acknowledged that these Requests were sufficiently "specific."  These IP addresses all relate to the "malicious payload servers" described in the Complaint, and thus they are also "important" within the meaning of *Richmark*.

For similar reasons, Plaintiffs intend to move to compel NSO to admit in whole or in part RFA No. 38 concerning NSO's control over the server resolving to IP address 54.93.81.200.

**<u>First and Second Sets of Interrogatories</u>**

Because Plaintiffs' interrogatories seek similar information to their Requests, Plaintiffs intend to compel responses to those as well.  We are hereby proposing certain modifications to the Interrogatories to conform to the modifications to the Requests:

- ■ **INTERROGATORY NO. 1:**  Identify all RELEVANT Spyware that You directly or indirectly developed, marketed, promoted, distributed, maintained, sold, licensed, tested, deployed, operated, acquired, used, or for which You provided technical or operational support, from January 1, 2018

**Davis Polk**

through the present, including but not limited to Pegasus and Phantom. Your response should identify any and all brand or marketing name(s) for each RELEVANT Spyware and, without limiting the foregoing, explain the differences (if any) between each RELEVANT Spyware.

- **INTERROGATORY NO. 2:**  Describe how each of the RELEVANT Spyware identified in response to Interrogatory No. 1 functioned, including how it was designed to be installed on a Device, the methods used to install it on a Device, how it was used after being installed on a Device, how it exfiltrated data from a Device on which it was installed, and how it accessed or used any WhatsApp Computers.

- **INTERROGATORY NO. 3:**  Describe how You developed, maintained, improved, tested, acquired, marketed, promoted, distributed, sold, licensed, deployed, operated, or provided technical or operational support for each of the RELEVANT Spyware identified in response to Interrogatory No. 1 from January 1, 2018 through the present, including a description of any change, upgrade, or update to each RELEVANT Spyware.

- **INTERROGATORY NO. 8:**  Describe how You reverse engineered the WhatsApp client, including but not limited to downloading and testing different versions of the WhatsApp client and using the WhatsApp service.

- **INTERROGATORY NO. 9:**  Identify all WhatsApp accounts associated with or used for the development, testing, or transmission of RELEVANT Spyware.

- **INTERROGATORY NO. 10:** Describe "the Pegasus system" referenced in Your portion of the August 25, 2023 Joint Letter to the Court, including but not limited to the file types comprising "the Pegasus system," and how the computer code stored on the Device with IP address 54.93.81.200 is used as "part of the Pegasus system."

Unless otherwise indicated, these revised Interrogatories incorporate by reference the relevant definitions in Plaintiffs' First and Second Set of Interrogatories.

Based on NSO's representations that the Israeli law restrictions do not prevent NSO from providing information about its employees, corporate structure, and finances, we expect that NSO will be providing a response to Interrogatories 4, 5, and 7.  Please let us know if that is not the case and if Plaintiffs need to move on those interrogatories as well.  Finally, please also let us know when NSO will be providing a response to Interrogatory No. 6 concerning its good faith and legitimate law enforcement defense.

*        *        *        *        *

Please let us know NSO's position on the tailored Requests above.  In particular, you should confirm (1) whether NSO intends to voluntarily comply with any portion of the Request; and (2) whether NSO believes any portions of the Request are sufficiently important and specific under the Ninth Circuit's *Richmark* test.

Please let us know your availability on December 1 and December 4 to meet-and-confer regarding the tailored Requests above in advance of Plaintiffs filing their motion to compel on December 6.  During that meet and confer, we would also like to discuss NSO's recent responses and objections to Plaintiffs' Second Set of Request for Admission.  Plaintiffs reserve all rights.

**Davis Polk**    Aaron Craig

Very truly yours,

*/s/ Craig Cagney*

Craig Cagney

Cc:    Joseph Akrotirianakis (via email)
       Matthew Noller (via email)
       Carla Christofferson (via email)
       Christine Choi (via email)

# EXHIBIT 4

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
JOSEPH MORNIN (307766)
(jmornin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124)
(admitted *pro hac vice*)
(dgrooms@cooley.com)
ELIZABETH B. PRELOGAR (262026)
(eprelogar@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendant. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Phyllis J. Hamilton<br>Dept.: Courtroom 3, 3rd Floor |

PROPOUNDING PARTIES:    Plaintiffs WhatsApp Inc. and Facebook, Inc.

RESPONDING PARTIES:    Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

To Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited:

PLEASE TAKE NOTICE that Plaintiffs WhatsApp Inc. and Facebook, Inc. hereby request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the DOCUMENTS and things described below, within thirty days from the date of service, in accordance with Rule 34 of the Federal Rules of Civil Procedure, and the definitions set forth below.

I.    **DEFINITIONS.**

Words in CAPITALS are defined as follows:

**1.**    COMMUNICATION means any transmission of information or data of any kind from one PERSON or entity to another by any means, including in the form of facts, ideas, inquiries, or otherwise.

**2.**    COMPLAINT refers to the complaint filed in the above-captioned case on October 29, 2019 (ECF No. 1).

**3.**    A request to provide information CONCERNING something means relating to, referring to, describing, referencing, evidencing or constituting, in whole or in part, a stated subject matter.

**4.**    DOCUMENT or DOCUMENTS means any documents, data, computer code, electronically stored information, or tangible things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure.

**5.**    PERSON includes any natural person, business, partnership, association, or joint venture, governmental entity or agency, or any other cognizable entity.

**6.**    NSO means NSO Group Technologies Limited and Q Cyber Technologies, as well as its officers, directors, employees, subsidiaries, corporate parents, affiliates, agents, and representatives.

**7.**    WHATSAPP ACCOUNTS refers to WhatsApp accounts created, used, or accessed by NSO employees or on the behalf of NSO or on behalf of an NSO customer.

**8.**    NSO CUSTOMER means any PERSON who used NSO SPYWARE, entered a contract

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

with NSO to use NSO SPYWARE, a reseller, or PERSON on whose behalf NSO deployed or used NSO SPYWARE.

9.      NSO SPYWARE means any computer code, program, malware, exploit, and/or remote access tool that enabled or was designed to enable any form of access to a mobile phone or device, its operating system or application, including but not limited to PEGASUS and Phantom and any similar software developed, marketed, sold, distributed, operated, maintained, or used by NSO or NSO CUSTOMERS.

10.     TECHNOLOGY includes but is not limited to computer code, source code, computer program, software, EXPLOITS, malware, binaries, executables, physical or virtual servers, Internet Protocol addresses of those servers, web logs, server logs, activity logs, captured network traffic, computer hardware or software, communication infrastructure and protocols.

11.     PEGASUS means the "Cyber Intelligence Solution," described in Exhibit 10 of the COMPLAINT.

12.     An EXPLOIT refers to any piece of software, data, or sequence of commands that takes advantage of a bug or vulnerability in an application or a system to cause unauthorized, unintended, or unanticipated behavior to occur.

13.     TARGET DEVICES refers to computers and servers, including but not limited to mobile phones or devices, that NSO or its customers targeted, transmitted, routed, or installed with any NSO SPYWARE, including but not limited to the 1,400 Target Users who are referenced in the COMPLAINT.

14.     TARGET USERS refers to the users of the TARGET DEVICES.

15.     WHATSAPP USERS refers to any WhatsApp user.

16.     YOU, YOUR, or YOURS shall mean Defendants, solely or individually, and any other person acting or purporting to act on YOUR behalf, including without limitation any all and all officers, directors, employees, subsidiaries, corporate parents, agents, and representatives.

II.     INSTRUCTIONS.

1.      These requests for production are continuing in nature.  YOU must supplement or amend YOUR responses to these requests pursuant to Rule 26(e) of the Federal Rules of Civil

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

Procedure.

2.    If YOUR response to any of these document requests is qualified in any particular manner, set forth the details of such qualification.

3.    If any DOCUMENT responsive to these requests is withheld under a claim of privilege, YOU must set forth in YOUR response to these requests a privilege log, which provides the information described in Federal Rule of Civil Procedure 26(b)(5).

4.    If YOU object to part of a request, YOU must produce all DOCUMENTS called for which are not subject to that objection.

5.    Similarly, wherever a DOCUMENT is not produced in full, please state with particularity the reasons it is not being produced in full.

6.    If YOU object to a request's scope or time period, state YOUR objection and respond to the request for the scope or time period YOU believe is appropriate.

III.    **DOCUMENTS AND THINGS TO BE PRODUCED.**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, and/or operation of any NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO responsible for developing, testing, deploying, using, distributing, maintaining, troubleshooting, and/or operating NSO SPYWARE targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the use of NSO SPYWARE by third-parties, including but not limited to marketing materials, licensing agreements, user complaints, and training manuals or documents

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for installation, maintenance, or training of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS and COMMUNICATIONS between January 2014 and December 2019 CONCERNING the identification of WhatsApp or Facebook application or network vulnerabilities, including but not limited to any payments for bounties for WhatsApp or Facebook vulnerabilities, contracts for services by vendors, or analyst work product and reports.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, or divisions at NSO, as well as vendors, agents, or bounties that assisted in the identification and analysis of WhatsApp vulnerabilities.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of any EXPLOIT or TECHNOLOGY targeting or directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, teams, groups, divisions, or sections at NSO that assisted in the development, testing, or maintenance of any EXPLOIT or TECHNOLOGY directed at WHATSAPP servers or USERS.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used by NSO SPYWARE to monitor TARGET DEVICES and exfiltrate data, including but not limited to any command and control software or payloads.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING mobile phone and device operating system vulnerabilities used to install NSO SPYWARE on mobile phones and devices of WHATSAPP USERS.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for identifying mobile phone and device vulnerabilities used by NSO.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the development and testing of EXPLOITS against the mobile phones and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or sections at NSO responsible for developing and testing EXPLOITS against the mobile phone and devices of WHATSAPP USERS.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the processes, methods, and TECHNOLOGY used to install NSO SPYWARE on the mobile phones and devices of WHATSAPP USERS, including but not limited to computer code, commands, data, or payloads transmitted or received during the installation of NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the analysis, reverse engineering, disassembling, or emulating of any version of the WhatsApp application, including but not limited to its TECHNOLOGY, application programming interfaces (APIs), decompiled code, binaries, executables, designs, specifications, or analyses of the WhatsApp application, APIs, or network protocols.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY or NSO SPYWARE used by NSO to communicate with WhatsApp, including WhatsApp servers, endpoints, computers and computer networks, other than the official WhatsApp application.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any WHATSAPP ACCOUNTS used to develop, test, transmit, install, distribute, or use any NSO SPYWARE.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the PERSONS, and the teams, groups, divisions, or section at NSO that assisted in creating, using, or accessing each of the WHATSAPP ACCOUNTS responsive to REQUEST FOR PRODUCTION NO. 17.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the TECHNOLOGY used to transmit any data or information from any device containing or infected with any NSO SPYWARE, including but not limited to the TARGET DEVICES, to NSO or to NSO CUSTOMERS.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS, including but not limited to the "layers" described in Exhibit 10 of the COMPLAINT: installation, data collection, data, transmission, presentation and analysis, and administration.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to describe the design and operation of PEGASUS' system architecture and TECHNOLOGY, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to describe the PEGASUS Anonymizing Transmission Network, as described in Exhibit 10 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING the servers identified in response to REQUESTS FOR PRODUCTION NOS. 16, 19, 21, and 22 above, including but not limited to COMMUNICATIONS with the third-party providers from whom those servers were leased, and the locations of those servers.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to describe all of the data and information NSO or NSO CUSTOMERS obtained from the TARGET USERS or the TARGET DEVICES.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS sufficient to identify all NSO CUSTOMERS referenced in Defendants' Opposition to the Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS used to market, sell, or promote NSO SPYWARE, including but not limited to any DOCUMENTS or COMMUNICATIONS that refer to WhatsApp or Facebook in any way.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to describe NSO's corporate structure, including all parents, subsidiaries, and affiliates.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS with Westbridge Technologies relating to WhatsApp and Facebook and the surveillance of Facebook and WhatsApp users.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show NSO's financial statements, balance sheets, gross profits, cost of goods sold, and net profits related to NSO SPYWARE and WHATSAPP USERS for calendar years 2014-2019.

Dated:  June 2, 2020                COOLEY LLP


/s/     _Travis LeBlanc_
Travis LeBlanc
Attorneys for Plaintiffs
WhatsApp Inc. and Facebook, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on date listed below, I caused copies of the foregoing document to be

served on King & Spalding LLP, upon the following in the manner indicated:

*VIA ELECTRONIC MAIL on June 2, 2020*

*VIA FEDEX on June 3, 2020*

/s/  *Travis LeBlanc*
_____

Travis LeBlanc
Attorneys for Plaintiffs
WhatsApp Inc. and Facebook, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAINTIFFS' FIRST REQUESTS FOR
PRODUCTION
CASE NO. 4:19-CV-07123-PJH

# EXHIBIT 5

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
             antonio.perez@davispolk.com
             craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q<br>CYBER TECHNOLOGIES LTD.,<br><br>          Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**<br><br>Action Filed: October 29, 2019<br>Trial Date:     December 2, 2024 |

1

PROPOUNDING PARTY:    PLAINTIFFS WHATSAPP LLC AND META PLATFORMS, INC.

RESPONDING PARTIES:    DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED

SET NUMBER:    TWO

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the Documents and things described below, within thirty (30) days after the date of service.  These requests for production are to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1.      "Defendants" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

2.      "Device" means a computer, mobile phone, server, or other electronic device.

3.      "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

4.      "Includes," "including," or "such as" shall be used non-exclusively (i.e., to mean "including without limitation" or "including, but not limited to").

5.      "Image" means a forensic copy of the Device or a copy of all files and information on the Device.

6.      "Person(s)" means:(i) any natural person or individual; or (ii) any entity, whether business, legal, governmental, or other, regardless of whether or not for profit, including any corporation, partnership, sole proprietorship, organization, club, committee, joint venture, foreign corporation or foreign entity, or any associate, general partner, limited partner, employee, subsidiary, parent, or other affiliate of any such entity.

1    7.    "Plaintiffs" means WhatsApp LLC and Meta Platforms, Inc.

2    8.    "You" or "Your" means NSO Group Technologies Limited and Q Cyber Technologies

3  Limited, as well as their current and former directors, employees, subsidiaries, corporate parents,

4  affiliates, agents, representatives, and all other persons acting or purporting to act on their behalf.

5                                    **INSTRUCTIONS**

6    1.    For the purposes of reading, interpreting, or construing the scope of these requests for

7  production, the terms referenced in the requests shall be given their most expansive and inclusive

8  interpretation.

9    2.    The singular includes the plural and vice versa, and a verb tense includes all other

10 tenses where the clear meaning is not distorted by the addition of another tense or tenses.

11   3.    Furthermore, these requests for production are continuous in nature, and pursuant to

12 Fed. R. Civ. P. 26(e), You are under a duty to timely supplement Your prior responses to the requests

13 if You learn that the responses are in some material respect incomplete or incorrect, or if any

14 information or documents are hereafter acquired.

15   4.    If any information is withheld under a claim of privilege, so state, and (1) identify the

16 subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3)

17 state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the

18 paragraph and number of the request for production to which such information is responsive.

19   5.    If You object to providing certain information requested, state Your objection and

20 answer any unobjectionable portion(s) of the request for information and/or supply the

21 unobjectionable information requested.

22   6.    If You do not produce a Document in its entirety, state with particularity why You are

23 not producing it in its entirety.

24   7.    If You object that a term or phrase is vague, ambiguous or indefinite, then provide

25                                        3

1    Your understanding of the term or phrase and respond accordingly.

2         8.    Defined terms may or may not be capitalized or made uppercase; the given definitions

3    apply even if a term in question is not capitalized or made uppercase.  No waiver of definition is

4    implied by the use of a defined term in a non-capitalized or lowercase form.

5         9.    These requests for production shall not be construed as a waiver or abridgment of, and

6    are not intended to waive, any argument or claim, including but not limited to, in connection with any

7    motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request

8    served by Defendants, nor shall they be construed as an admission of fact.

9                    **DOCUMENTS AND THINGS TO BE PRODUCED**

10    **REQUEST FOR PRODUCTION NO. 30**

11         A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

12    54.93.81.200, including a live capture of RAM and all virtual machines, and including all of the

13    following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

14    files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

15    sequel database files (.sql), and all files, including any .zip files, referenced in any of the

16    aforementioned.

17    **REQUEST FOR PRODUCTION NO. 31**

18         A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address

19    104.223.76.220, including a live capture of RAM and all virtual machines, and including all of the

20    following: log files, configuration files, Python scripts, compiled Python scripts, text files, README

21    files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh)

22    sequel database files (.sql), and all files, including any .zip files, referenced in any of the

23    aforementioned.

24

25                              4

**REQUEST FOR PRODUCTION NO. 32**

A complete Image of the Device or Devices that resolve to the Internet Protocol (IP) Address 95.179.187.227, including a live capture of RAM and all virtual machines, and including all of the following: log files, configuration files, Python scripts, compiled Python scripts, text files, README files, XML files, database (.db) files, JPEG files, JSON files, PEM files, proto files, shell scripts (.sh) sequel database files (.sql), and all files, including any .zip files, referenced in any of the aforementioned.

Dated:  May 12, 2023                         DAVIS POLK & WARDWELL LLP

By:  */s/ Micah G. Block*
                    Micah G. Block (SBN 270712)
                    DAVIS POLK & WARDWELL LLP
                    1600 El Camino Real
                    Menlo Park, California 94025
                    Telephone: (650) 752-2000
                    Facsimile: (650) 752-2111
                    Email: micah.block@davispolk.com

                    Greg D. Andres
                    Antonio J. Perez-Marques
                    Craig T. Cagney
                       (admitted *pro hac vice*)
                    DAVIS POLK & WARDWELL LLP
                    450 Lexington Avenue
                    New York, New York 10017
                    Telephone: (212) 450-4000
                    Facsimile: (212) 701-5800
                    Email: greg.andres@davispolk.com
                            antonio.perez@davispolk.com
                            craig.cagney@davispolk.com

                    *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled action. My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On May 12, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
       acraig@kslaw.com

*Attorneys for Defendants NSO Group*
*Technologies Limited and Q Cyber*
*Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on May 12, 2023 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati

PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION
CASE NO. 4:19-cv-07123-PJH

# Exhibit 6

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 7

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# EXHIBIT 8

**Davis Polk**

Craig Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

September 7, 2024

Re: *WhatsApp, LLC, et al. v. NSO Group Techs. Ltd. et al.*, 4:19-cv-7123 (N.D. Cal.)

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Aaron,

On behalf of Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), we are producing an additional document to Defendants NSO Group Technologies Limited and Q Cyber Technologies ("Defendants") in response to Defendants' First Set of Requests for Production of Documents, dated March 7, 2023, Defendants' Second Set of Requests for Production of Documents, dated May 1, 2023, and Defendants' Third Set of Requests for Production of Documents, dated December 8, 2023.

The document is Bates stamped WA-NSO-00192856 through WA-NSO-00195063, and is available at a link sent via email. We will send the password for the production under separate cover.

This production is being made subject to the terms and provisions of the Stipulated Protective Order. See Dkt. No. 131. In providing this production, Plaintiffs do not intend to waive, and are not waiving, the objections set forth in Plaintiffs' Second Amended Responses and Objections to Defendants' First Set of Requests for Production of Documents, dated September 8, 2023, or in Plaintiffs' Second Amended Responses and Objections to Defendants' Second Set of Requests for Production of Documents, dated September 8, 2023, or in Plaintiffs' Responses and Objections to Defendants' Third Set of Requests for Production of Documents, dated January 10, 2024.

For the avoidance of doubt, by making this production and Plaintiffs' prior productions available to U.S. counsel for Defendants in the United States, Plaintiffs are under no obligation to determine, and do not take any position on, whether any of the produced documents are subject to the U.S. Department of Commerce's Bureau of Industry and Security Export Administration Regulations, 15 C.F.R. §§ 730.1, 730.6, or whether any such documents may be further transmitted to Defendants or any other party restricted from receiving such documents under those regulations. It is the obligation of King & Spalding to comply with all its legal obligations in that regard, and to obtain any licenses necessary before transmitting such documents to Defendants or any other entities. To the extent any produced documents have been designated as Highly Confidential-Attorneys' Eyes Only, Plaintiffs trust that King & Spalding will comply with all its obligations under the Stipulated Protective Order, Dkt. No. 131, and will not designate any Designated House Counsel, Designated House Consultants, or Experts who are prohibited from receiving such materials under U.S. law.

Very truly yours,

/s/ *Craig Cagney*

Craig Cagney

# Exhibit 9

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 10

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 11

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 12

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 13

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 14

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 15

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 16

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 17

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 18

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 19

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 20

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 21

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 22

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 23

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 24

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 25

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 26

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 27

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 28

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 29

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 30

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 31

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 32

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 33

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 34

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 35

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 36

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 37

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 38

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 39

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 40

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 41

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 42

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 43

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 44

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 45

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 46

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 47

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 48

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 49

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 50

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 51

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 52

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 53

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 54

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 55

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 56

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 57

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 58

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 59

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 60

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 61

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 62

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 63

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 64

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 65

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 66

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 67

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 68

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 69

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 70

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 71

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 72

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 73

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 74

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 75

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 76

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 77

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 78

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 79

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 80

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 81

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 82

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 83

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 84

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 85

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 86

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 87

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 88

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 89

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 90

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 91

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 92

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 93

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 94

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 95

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 96

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 97

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 98

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 99

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 100

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit 2045

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**