JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NOS. 418, 418-3, 418-4, 418-5, 418-6, 418-7 & 418-8]** <br><br> Judge:   Hon. Phyllis J. Hamilton <br><br> Action Filed:   10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 418). Plaintiffs' identify portions of their Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (Dkt. 418-3) ("Plaintiffs' Opposition"), portions of the Declaration of Micah G. Block (Dkt. 418-4) (the "Block Declaration"), Exhibits 5-12, 16-17, 19-28, 30-39, and 43 to the Block Declaration (Dkt. 418-5), portions of the Declaration of David Youssef (the "Youssef Declaration") (Dkt. No. 418-8), Exhibits B and C to the Youssef Declaration (Dkt. No. 418-8), Exhibits B and C to the Declaration of Dana Trexler (the "Trexler Declaration") (Dkt. No. 418-6), and Exhibit B to the Declaration of Anthony Vance (the "Vance Declaration") (Dkt. No. 418-7) (collectively, the "Sealed Materials") as containing materials designated confidential by Defendants.

## I.      SUMMARY OF DEFENDANTS' POSITIONS ON THE SEALED MATERIALS

As an initial matter, Defendants do not contend that the following information is required to be treated as "Confidential," "Highly Confidential-Attorney's Eyes Only," or sealed: **Plaintiffs Opposition**: page/line(s) 1:24, 2:19-20, 4:18-19, 5:9-10 and :28, 10:9, 11:5 and :26, 12:20, 13:16-17, 15:28, 16:1, 21-23, 18:7-8, and 19:7-9; **the entirety of the Block declaration** (Dkt. 418-4); **the following portions of exhibits to the Block declaration** (Dkt. No. 418-5):  Exhibit 6 pages 1-6 and 25-27, Exhibit 19, Exhibit 20, Exhibit 21, Exhibit 37, Exhibit 43 pages 1-3 and 38-40; **the following paragraphs of the Youssef Declaration** (Dkt. No. 418-8):  paragraphs 1-7 and 15; **the following paragraphs of Exhibit B to the Youssef Declaration** (Dkt. No. 418-8):  32-39; 96-97; 135; 145-147; **the following portions of Exhibit B to the Declaration of Dana Trexler** (Dkt. 418-6):  paragraphs 1-11, 13, 47-88 and Table 3; and **the following portions of Exhibit C to the Declaration of Data Trexler** (Dkt. 418-6): paragraphs 1-5 and 49-50 (the "Unsealable Material").

For reasons below, however, all remaining portions of the Sealed Materials—including all remaining highlighted portions of Plaintiffs' Opposition (Dkt. 418-3), Exhibits 5-12, 16-17, 22-28, 30-39, and 43 to the Block Declaration (with the exception of Exhibit 6 pages 1-6 and 25-27 and Exhibit 43 pages 1-3 and 38-40) (Dkt. 418-5), paragraphs 8-14 of the Youssef Declaration

(Dkt. 418-8), Exhibit B to the Youssef Declaration (with the exception of paragraphs 32-39; 96-97; 135; 145-147) and Exhibit C to the Youssef Declaration (Dkt. 418-8), Exhibit B to the Trexler Declaration (with the exception of paragraphs 1-11, 13, 47-88 and Table 3) (Dkt. 418-6); Exhibit C to the Trexler Declaration (with the exception of paragraphs 1-5 and 49-50) (Dkt. 418-6), and Exhibit B to the Vance Declaration (Dkt. 418-7)—should remain under seal.

## II.   ARGUMENT

### A.  Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal materials submitted with a motion for summary judgment must demonstrate that there are compelling reasons to keep the documents under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.,* 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

As an initial matter, courts have found compelling reasons to seal sensitive non-public information implicating confidentiality interests of government bodies. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co*., 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. 419-1. As specified below, the events, arguments, and authorities discussed therein support Defendants' request to seal certain of the Sealed Materials.

In addition, "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "trade secrets [] or … business information that might harm a litigant's competitive standing." *Hyundai Motor*, 2019 WL 11638962, at *1; *see also Grace v. Apple, Inc*., 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Courts have thus found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp*., 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc*.,

2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage").  Courts have also found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy."  *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023).

### B.  Documents and Information Requiring Sealing

The above-referenced considerations strongly support sealing of:

***The indicated portions of Plaintiffs' Opposition (Dkt. 418-3).***  With the exception of the portions of Plaintiffs' Opposition set forth in the Unsealable Material, *supra*, nearly all of the highlighted portions of Plaintiffs' Opposition refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 419-1 that, alone, supply compelling reasons to seal those portions of Plaintiffs' Opposition.  These portions of Plaintiffs' Opposition also discuss highly confidential information about the research, development, and functioning of Defendants' technologies, other confidential and competitively sensitive information of Defendants, and confidential customer/business partner information, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers and business partners.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect* , 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1.

***Sealed Materials attached as exhibits to the Block Declaration (Dkt. 418-5).***  Block Declaration Exhibits 5-12, 16-17, 22-28, 30-39, and 43 to the Block Declaration (with the exception of Exhibit 6 pages 1-6 and 25-27 and Exhibit 43 pages 1-3 and 38-40) refer to

information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 419-1 and also reference highly confidential technical information regarding the functioning of Defendants' technology.  Accordingly, compelling reasons support sealing those portions.  *See* Dkt. No. 419-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1.  In addition, Block Declaration Exhibits 23-25, 35, and 39 reference confidential financial information and sensitive confidential business information the public disclosure of which could harm Defendants' competitive standing, further warranting sealing.  *See Hyundai Motor*, 2019 WL 11638962, at *1; *Grace*, 2019 WL 12288173, at *3; *Synchronoss Techs., Inc. v. Dropbox Inc*., 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019); *Icon-IP*, 2015 WL 984121, at *2.  Finally, the highlighted portions of Block Declaration Exhibits 19-21 contain references to confidential and private identifying information and financial information of non-parties.  There is little, if any, public interest in this identifying/financial information, and privacy interests of these non-parties justifies sealing.  *See Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1134 (9th Cir. 2003)).  For all of these reasons, compelling reasons support sealing Block Declaration Exhibits 5-12, 16-17, 19-28, 30-39, and 43.

**The Youssef Declaration and Exhibits B and C thereto (Dkt. 418-8).**  Paragraphs 8-14 of the Youssef Declaration and Exhibits B (with the exception of paragraphs 32-39, 96-97, 135 and 145-147) and C thereto are replete with references information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 419-1 and also reference highly confidential technical information regarding the functioning of Defendants' technology.  Accordingly, compelling reasons support sealing those portions.  *See* Dkt. No. 419-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1.  At the very minimum, these compelling reasons support sealing paragraphs 8-14 of the Youssef Declaration, paragraphs 28-31, 43-144, and 148-161 of Youssef Declaration

Exhibit B, and the entirety of Youssef Declaration Exhibit C.

*Exhibits B and C to the Trexler Declaration (Dkt. 418-6).* Trexler Declaration Exhibits B (with the exception of paragraphs 1-11, 13, 47-88 and Table 3) and C (with the exception of paragraphs 1-5 and 49-50) contain extensive references to confidential financial information and sensitive confidential business information the public disclosure of which could harm Defendants' competitive standing, providing compelling reasons to seal these materials. *See Hyundai Motor*, 2019 WL 11638962, at *1; *Grace*, 2019 WL 12288173, at *3; *Synchronoss*, 2019 WL 3718566, at *1; *Icon-IP*, 2015 WL 984121, at *2.

*Exhibit B to the Vance Declaration (Dkt. 418-7).* Vance Declaration Exhibit B contains extensive references to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 419-1 and also reference highly confidential technical information regarding the functioning of Defendants' technology. Accordingly, compelling reasons support sealing those portions. *See* Dkt. No. 419-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1.

*****

As shown above and in Dkt. 419-1, ¶¶ 2, 4-12, & 13(a)-(e), compelling reasons exist to seal the Sealed Materials as described above and as specified in the [Proposed] Order filed herewith. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information. Accordingly, Defendants ask that the Court grant Dkt. 418 and enter the [Proposed] Order filed herewith.

DATED: October 17, 2024

KING & SPALDING LLP

By: */s/Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED