JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MATTHEW H. DAWSON IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL]**<br><br>Judge: Hon. Phyllis J. Hamilton |

I, Matthew H. Dawson, declare as follows:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, which is counsel to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of the Reply in Support of Defendants' Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and for Partial Summary Judgment ("Defendants' Reply"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Plaintiffs served a First Set of Requests for Production (RFPs) on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the effect of Israeli law on Plaintiffs' RFPs. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties have since conducted substantial discovery involving the exchange of highly confidential information and materials, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The parties are now in the process of filing dispositive motions.

3. In support of Defendants' Reply, Defendants seek to file under seal the indicated portions of (1) this Declaration; (2) Defendants' Reply; (3) the Supplemental Declaration of Tamir Gazneli in Support of Defendants' Reply ("Gazneli Declaration"); (4) the Supplemental Declaration of Terrence McGraw in Support of Defendants' Reply ("Supplemental McGraw Declaration") and the exhibits thereto; and (5) the exhibits to the Supplemental Declaration of

1  Joseph A. Akrotirianakis in Support of Defendants' Reply ("Supplemental Akro. Declaration")
2  (collectively, the "Sealed Documents").
3      4.      Sealing of the Sealed Documents is necessary for several reasons. *First*, sealing is
4  required to ███████████████████████████████████████████████████████████████
5  ███████████████████████████████████ is described in paragraph 10 below, and ███████
6  ████████████████ filed with this Court under seal ████████████████████████████
7  is described in paragraph 11 below. As is evidenced by the ████████████████████
8  ███████████████████████████████████████████████████████████████████████████
9  █████████████████████████████████████████████ The Sealed Documents
10 contain highly sensitive, traditionally nonpublic ██████ information that the █████
11 ███████████████████████████████████████████████████████████████████████████
12 ████████████████████████████ Those ████████████████████████████████████
13 █████████████████████████ and ████████████ militates in favor of this
14 Court's sealing documents that contain references to information that ████████████
15 ███████████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████ *Second*, sealing is required to ████████
17 ███████████████████████████████████████████████████████████████████████████
18 ███████████████████ The ███████████████████████████████████████████████
19 ████████████████████████████████████████████, but NSO can state that ███████
20 ███████████████████████████████████████████████████████████████████████████
21 ███████████████████████████████████████████████████████████████████████████
22 ██████████████████████ *Third*, even setting aside █████████████████████████,
23 sealing is required to protect Defendants' confidential and competitively sensitive business
24 information—including substantial technical discussion regarding the functioning of Defendants'

1  technologies. The nature of Defendants' business, which is to provide covert tools that
2  governments may use to prevent and investigate serious crimes, requires that such information
3  remain confidential. The disclosure of such information to the public and to competitors would
4  cause competitive harm to Defendants. Disclosure could also prejudice Defendants' government
5  customers by interfering with intelligence and law-enforcement investigations.
6  **The** ▮▮▮▮▮▮▮▮
7      5.      On July 19, 2020, the ▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮ (August 3,
10 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
11 presented by ▮▮▮▮ in his capacity as ▮▮▮▮
12 ▮▮▮▮▮▮▮▮
13 ▮▮▮▮ The ▮▮▮▮
14 ▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮
17 ▮▮▮▮ The ▮▮▮▮
18 ▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮ (Id.
20 at 2.) This was not an ▮▮▮▮ ; it was a ▮▮▮▮
21 for the purpose of ▮▮▮▮
22 ▮▮▮▮▮▮▮▮
23 ▮▮▮▮ (Gelfand Decl. (Dkt. 133-6)
24 Exh. B at 1-2.)
25     6.      On July 19, 2020, the Honorable ▮▮▮▮
26 ▮▮▮▮ (Gelfand Decl. (Dkt. 133-6), Exh.
27 ─────────────
   [2] The Office of the ▮▮▮▮
28 ▮▮▮▮

1  D.) ▉▉▉ was necessary ▉▉▉
2  ▉▉▉ (*Id*. at 1.) ▉▉▉
3  ▉▉▉
4  ▉▉▉
5  ▉▉▉
6  ▉▉▉ (*Id*.) ▉▉▉ authorized
7  the ▉▉▉
8  ▉▉▉
9  ▉▉▉
10 ▉▉▉ (*Id*. at 1-2.) ▉▉▉
11 also authorized ▉▉▉
12 ▉▉▉
13 ▉▉▉ (*Id*. at 3.)
14      7.   On July 19, 2020, Deputy ▉▉▉
15 ▉▉▉ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ▉▉▉
16 notified Defendants about the ▉▉▉
17 ▉▉▉
18 ▉▉▉ (*Id*. ¶ 3.) ▉▉▉
19 ▉▉▉ Defendants that they are ▉▉▉
20 ▉▉▉
21 ▉▉▉ including a prohibition on ▉▉▉
22 ▉▉▉
23 ▉▉▉ (*Id*. ¶ 2.)
24      8.   On February 8, 2023, ▉▉▉
25 ▉▉▉
26 ▉▉▉ (Gelfand Decl. (Dkt. 133-6) Exh. D.)  The
27 purpose for this update, according to ▉▉▉
28

1  ▮

2  ▮

3        9.     On May 21, 2023, ▮ Chief ▮

4  ▮

5  ▮

6  ▮   As soon as NSO ▮ it

7  filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4). The ▮ is described

8  in paragraph 10 below. The ▮

9  (Dkt. 195-4, Order ¶ 3), ▮

10 ▮

11 ▮                                                    (Dkt. 195-4, ▮ ¶ 4), and ▮

12 ▮

13 ▮                                                             (Dkt. 195-4, ▮

14 ¶ 5), ▮                                                                (Dkt. 195-

15 4, ▮ ¶ 3).  The ▮

16 ▮ (Dkt. 195-4, ▮ ¶ 6).

**Gag Orders Relating to the Blocking Orders**

18       10.    The information that Defendants seek to keep under seal regarding the ▮

19 ▮             multiple ▮             At the time Defendants first received the

20 ▮

21 ▮                                                         (Gelfand Decl. (Dkt. 133-6) Exh. F

22 ¶¶ 4-6.)  Through their counsel in ▮ Defendants ▮

23 ▮                                                         Defendants ▮

24 ▮

25 ▮    to this Court and to Plaintiffs' counsel.  In ▮, Defendants represented

26 that they would, to the best of their abilities, ▮

27 ▮

28 ▮, authorizing Defendants to ▮

1 
2 
3       11.    The ███████ (Dkt. 195-3) ████████
4 ████████
5 ██████ (Dkt. 195-3, ¶ 2.)  The ████████
6 ████████
7 ████████
8 ████████ (Dkt. 195-3, ¶ 2(1)-(6).)
9 However, the ████████
10 ████████
11 ████████
12 ████████
13 (Dkt. 195-3 ¶ 4 (a)-(b)).  The ████████
14 ████████
15 ████████
16 ██████ (Dkt. 195-3 ¶ 5.c.)
17 ██████████ **Documents and Testimony**
18       12.    In late ████████████ documents and
19 testimony ████████
20 The licenses ████████
21 ██████████ (*See* Dkt. 195-4, Order ¶ 4.)  NSO is ████
22 ████████ documents and testimony ████
23 ████████ The ████
24 ████████
25 ████████ The
26 ████████ described
27 above, thus attempt in part to ████████
28

**Compelling Reasons Exist to Seal the Identified Documents**

13. As explained below, compelling reasons exist to seal the above-listed documents.

   a. *First,* the Sealed Documents relate to or concern ███████████ ███████████████ As such, the Sealed Documents contain traditionally nonpublic ████████ information for which there is no constitutional right of access. *See, e.g., N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents contain ████████████████████████████████ ████████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

   b. *Second*, ████████████ counsels that the Sealed Documents be kept confidential because the ████████████████████████████ ████████████████████████████████ ████████████████████████████████████████ The Supreme Court ██████████████████████████████████████ ████████████████████████████████████████ ████████████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). Information ████████████████████████

1  ███████████████████████████ *United States v. Sater*, 2019 WL 3288289, at *4
2  (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought
3  to be sealed "are not publicly accessible [and] disclosure of the [documents] here, would harm
4  ██████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████
10 ███████████████████████ Because ████████████████████████████████████████████
11 ████████████████████████████████████ supports ███████████████████████
12      c.  *Third*, because the ██████████████████████████████████████
13 ████████████████████████████ public disclosure of the Sealed Documents could
14 ██████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████████████████████
18 ██████.
19      d.  *Fourth*, the analysis above is not altered by Plaintiffs' handful of media articles
20 regarding the ████████████████████████████████████ (*See* Dkt. No. 415 at 2-3.)
21 Those articles, which admittedly rely on materials that may have been stolen ████████
22 █████████████ and that cannot be definitively authenticated, ████████████████
23 █████████████████; do not disclose the ████████████████████████████
24 and submitted to the Court; do not disclose or discuss ████████████████████████
25 ████   make no reference whatsoever to ███████████████████████████; and do not disclose
26 any of the technical or otherwise competitively sensitive documents or information that
27 Defendants seek to seal ███████████████████████████ to protect against competitive
28 harm.  Furthermore, the articles themselves make clear that █████████████████████

DAWSON DECL.                        8                        Case No. 4:19-cv-07123-PJH

███

One of the articles specifically states that: "In April this year, Israeli authorities obtained another sweeping gag order to prevent the country's media from publishing information from the hack."[3]

  e. *Fifth*, even absent the considerations above, courts routinely seal confidential and sensitive competitive information, trade secrets, proprietary information concerning technology or descriptions of such technology, information about internal business operations, business strategies, competitive analyses, financial data, and expert reports regarding the same. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (noting that courts have found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report[s], and related correspondence"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, . . . product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons.").

  14. The Sealed Documents—which include the indicated portions of (1) this Declaration; (2) Defendants' reply; (3) the Supplemental Gazneli Declaration; (4) the Supplemental McGraw Declaration and Exhibits X and Y; and (5) Exhibits Z-CC to the Supplemental Akro. Declaration—all merit sealing under the "compelling reasons" standard.

<u>This Declaration in Support of Sealing</u>

  15. The indicated portions of this Declaration contain information that is subject to Israeli export-control laws ███ The disclosure of the information set forth in this Declaration would prejudice Defendants ███

---

[3] *See* https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware-leak-suggests

1      ███████████████  The considerations discussed in ¶ 13 above, in particular, provide
2   compelling reasons to maintain these contents under seal.

   Portions of Defendants' Reply

3      16.    The indicated portions of Defendants' Reply likewise should be sealed because they
4   contain references to information that is subject to the legal restrictions and confidentiality
5   obligations ████████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████████████. Those same
7   portions of Defendants' Reply are independently subject to sealing, even under a "compelling
8   reasons" standard because they discuss highly confidential information about the research,
9   development, and functioning of Defendants' technologies, as well as confidential customer
10  information. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1;
11  *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023);
12  *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019). The
13  indicated portions of Defendants' Reply also include references to the declarations and exhibits
14  listed below, which include the categories of confidential information described below.
15  Accordingly, compelling reasons exist to seal the indicated portions of Defendants' Reply.

16     17.    Furthermore, pages 4-5 and 9-13 of Defendants' Reply contain information that
17  Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only" under the Stipulated
18  Protective Order (Dkt. No. 132).

   Supplemental Akro. Declaration Exhibits

19     18.    Exhibits Z-CC to the Supplemental Akro. Declaration also warrant sealing. These
20  materials consist of information that is subject to the legal restrictions and confidentiality
21  obligations ████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████. These
23  materials are also replete with highly confidential technical information regarding the functioning
24  of Defendants' technology, including some of Defendants' most sensitive technical materials,
25  which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2.

19. Exhibits AA-CC also contain information about Plaintiffs' technology and discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only."

The Gazneli Declaration

20. The Gazneli declaration, from the head of NSO's research and development department, consists almost exclusively of information that is subject to legal restrictions and confidentiality obligations ████████████████████████████████████████████████████████████████████████████████████████████████████. The Gazneli declaration consists primarily of highly confidential technical information regarding the functioning of Defendants' technologies, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have sought to seal similar information about their own technology. Accordingly, compelling reasons for sealing the indicated portions of the Gazneli Declaration exist.

The Supplemental McGraw Declaration & Exhibits

21. The indicated portions of the Supplemental McGraw Declaration, submitted by Defendants' technical and cybersecurity expert, and its Exhibits X and Y, consist of information that is subject to the legal restrictions and confidentiality obligations ████████████████████████████████████████████████████████████████████████████████████████████████████████████████. These materials are also replete with highly confidential technical information regarding the functioning of Defendants' and Plaintiffs' technologies, including expert analysis of both WhatsApp's and NSO's technologies and IP addresses, which warrants sealing. *See, e.g., Finjan*, 2016 WL 7429304, at *2. Plaintiffs have submitted under seal the reports of their technical expert, David Youssef, for the same reason. These materials also discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only," including but not limited to portions of the Declaration of David J. Youssef in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (Dkt. 418-8), which Plaintiffs submitted under seal. Accordingly, the indicated portions of the Supplemental McGraw Declaration and its exhibits warrant sealing.

22. Additional materials that are the subject of this application to seal may also have been designated by Plaintiffs as their Highly Confidential - Attorney's Eyes Only" material under the Stipulated Protective Order (Dkt. No. 132).

23. Accordingly, compelling reasons exist to seal each of the above-listed documents or the indicated portions of those documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

24. Defendants have sought sealing of only those parts of this Declaration and the exhibits thereto as are necessary to comply with the ███████████████████████████████████████████████████████████████████ as described above, and to preserve their confidential information in a manner that prevents competitive or other harm. On behalf of Defendants, the Declarant respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.

I declare under penalty of perjury that the foregoing is true and correct this 18th day of October 2024, at Alameda, California.

_____
MATTHEW H. DAWSON