| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   |   *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   |   *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1600 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 443-4355 |
| 5 | Facsimile: (213) 443-4310 |
| 6 | Attorneys for Defendants NSO GROUP TECHNOLOGIES |
|   | LIMITED and Q CYBER TECHNOLOGIES LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **SUPPLEMENTAL DECLARATION OF TERRENCE MCGRAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | **FILED UNDER SEAL** |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | **[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL]** |
| Defendants. | Action Filed: 10/29/2019 |

I, Terrence McGraw, declare as follows:

1. I am an Executive Consultant in Cybersecurity for Gray Analytics, and I have been engaged by Defendants NSO Group Technologies, Limited and Q Cyber Technologies Limited (collectively "NSO") as an expert in this matter.

2. In connection with my engagement, I have reviewed and evaluated technical materials produced by WhatsApp Inc. ("WhatsApp or "WA), Meta Platforms, Inc., f/k/a Facebook, Inc., and NSO. I have personal knowledge of the facts in this declaration, and I could and would testify competently to these facts if called as a witness.

3. In connection with my engagement, I prepared two reports setting forth (among other things) my qualifications, my opinions, the basis and reasons for my opinions, and the facts and data that I considered when forming my opinions.

4. Attached as Exhibit X are excerpts from the first report that I prepared, which is dated August 30, 2024.

5. Attached as Exhibit Y are excerpts from the second report that I prepared, which is dated September 21, 2024.

6. In preparing this supplemental declaration, I have further reviewed the Declaration of David J. Youssef in Support of Plaintiffs' Motion for Partial Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (Dkt. 418-8 ("Youssef Decl.")).

7. Nothing in Mr. Youssef's declaration changes my opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

8. As Mr. Youssef admits, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Youssef Decl. ¶ 10). Mr. Youssef thus admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

9. Mr. Youssef excerpts a portion of one of the AWS logs showing ▮▮▮▮▮▮▮▮

1. ███████████████████████████████████
2. ███ of WhatsApp described by Mr. Youssef. (Youssef Decl. ¶ 10.) Nevertheless, Mr.
3. Youssef goes on to speculate—with no apparent basis—that Pegasus ████████████
4. ███████████████████████████████████
5. ███████████████████████████████████
6. ███ (Youssef Decl. ¶ 13 ████████████████████████████████
7. ███████████████████████████████████
8. ███████████████████████).)
9.     10.   Mr. Youssef's speculation is not only baseless, but contrary to the evidence. Mr.
10. Youssef excerpts log entries showing WhatsApp ████████████████████
11. (Youssef Decl. ¶ 10) and a later entry showing ████████████████████
12. ███ (at ¶ 12), but he omits the *immediately preceding* entries showing ████████
13. ███████████████████████████████████
14. ███████████████████████████████████
15. ████████████████████
16. ███████████████████████████████████
17. ███████████████████████████████████
18. ███████████████████████████████████
19. ███████████████████████████████████
20. ███████████████████████████████████
21. ███████████████████████████████████
22.                WA-NSO-00017133 (████████████████)
23.                (████████████████████████)
24.     11.   This process of ████████████████████████████
25. ███████████████████████████████████
26. ██████████████ Thus, Mr. Youssef's speculation that Pegasus ██████████
27. ███████████████████████████████████
28.

1 ███████ is unsupported and contrary to the evidence.

2     12.    Mr. Youssef's opinions that the ███████

3 ███████ (Youseff Decl. ¶ 10) and that Pegasus ███████

4 ███████ (Youseff Decl. ¶ 14) do not change my opinion that NSO

5 did not ███████

6 ███████ It is WhatsApp's ███████

7 ███████, and it is in WhatsApp's sole discretion to ███████

8 ███████—both decisions being subject to change at any time at

9 WhatsApp's discretion.

10     13.    Thus, Mr. Youssef misleads when he opines that NSO ███████

11 ███████

12 ███████ (Youssef Decl. ¶ 15.) Even if NSO ███████

13 ███████

14 ███████

15 NSO could not know ███████

16 ███████ Nor could NSO ███████

17 ███████

18 ███████ The portion of the log file Mr. Youssef cites merely shows ███████

19 ███████

20     14.    I affirm that the information, statements, and opinions set forth above (and in

21 Exhibits X and Y) are true and correct, and that I could and would testify to that information if

22 called as a witness at trial.

23     I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th

24 day of October 2024, in Cape Coral, Florida.

25

26 */s/ M. McGraw*

27 _____
                TERRENCE MCGRAW

28

# Exhibit X

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# Exhibit Y

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**