Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and META PLATFORMS INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' OPPOSITION AND STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL [Dkt. No. 429]** <br><br> Ctrm:      3 <br> Judge:    Hon. Phyllis J. Hamilton <br><br> Action Filed:  October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rules 7-11(b) and 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc., by and through their counsel, respectfully submit this Opposition and Statement in Response to the Administrative Motion for File Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"), Dkt. No. 429.  The Administrative Motion identifies certain documents (the "Sealed Materials") filed in connection with NSO's Opposition to Plaintiffs' Motion for Sanctions (the "Opposition") as containing information that should be filed under seal.  Dkt. No. 429 at 4–6.[1]

Plaintiffs oppose NSO's redactions to the Dawson Declaration, the Opposition, the Craig Declaration, and the Gazneli Declaration insofar as those documents discuss the Israeli law restrictions that are the subject of Plaintiffs' Motion for Sanctions.  As previously stated, *see* Dkt. No. 414, Plaintiffs object to those portions remaining under seal because that information is already in the public domain.  Plaintiffs do not oppose unsealing the Expert Report of David Youssef, which is attached Exhibit 6 to the Craig Declaration.  Dkt. No. 429-4.  Plaintiffs take no position with respect to the remaining Sealed Materials.

## I.   Legal Standard

Courts "recognize[] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard" which requires the party seeking sealing to

---

[1] The Sealed Materials include: (1) portions of the Declaration of Matthew Dawson in Support of the Administrative Motion (the "Dawson Declaration"), Dkt. No. 429-1; (2) portions of the Opposition, Dkt. No. 429-2; (3) portions of the Declaration of Aaron S. Craig in Support of the Opposition (the "Craig Declaration"), Dkt. No. 429-3; (4) Exhibits 1, 2, 6, 7, 9, 11 through 100, and 2045 to the Craig Declaration, Dkt. Nos. 429-4–429-16; (5) portions of the Declaration of Terrence McGraw in Support of the Opposition, Dkt. No. 429-17; (6) portions of the Declaration of Tamir Gazneli in Support of the Opposition, Dkt. No. 429-18; (7) portions of the Declaration of Chaim Gelfand in Support of the Opposition, Dkt. No. 429-19.

1

'articulate[] compelling reasons supported by specific factual findings.'"  *Kamakana*, 447 at 1178 (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Contrary to NSO's argument, Dkt. No. 429 at 2–3, the lower "good cause" standard does not apply to requests to seal in connection with Plaintiffs' Motion for Sanctions.  In determining whether to apply the "compelling reasons" standard or the "good cause" standard, courts look to "whether the motion at issue is more than tangentially related to the underlying cause of action."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653, at *1 (N.D. Cal. Sept. 5, 2022) ("Filings that are only tangentially related to the merits may be sealed upon a lesser showing of 'good cause.'").

Plaintiffs' Motion for Sanctions implicates issues closely connected to the merits of this case.  As a threshold matter, Plaintiffs request that the Court enter default judgment against NSO, which would dispose of this case in its entirety.  *See Tri Tool, Inc. v. Hales*, 2024 WL 3718139, at *1 (E.D. Cal. Aug. 8, 2024) ("[B]ecause terminating sanctions are dispositive of a party's claim or defense, the compelling reasons standard applies."); *see also Keating v. Jastremski*, 2020 WL 1813549, at *2 (S.D. Cal. Apr. 9, 2020) ("The dispositive nature of the motion for terminating sanctions therefore also counsels against applying the good cause standard.").  In addition, Plaintiffs' Motion for Sanctions argues that NSO should face the consequences of its failure to fully participate in discovery and adhere to this Court's Orders, which has infected the entirety of the case.  In a similar circumstance, Judge Alsup applied the compelling reasons standard when determining whether to seal supporting materials filed in connection with a defendant's motion for dismissal and terminating sanctions due to plaintiff's unclean hands.  *See MasterObjects*, 2022 WL 4074653, at *8. By contrast, courts may sometimes apply a less demanding standard in connection with motions for terminating sanctions based on a party's spoliation of evidence, which is less intertwined with the merits of the case.  *Compare Charles v. Target Corp.,* 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (applying compelling reasons standard) *with Erhart v. BofI Holding, Inc.*, 2016 WL 5110453, at *1 n.1 (S.D. Cal. Sept. 21, 2016) (applying good cause standard).

2

## II.   NSO's Sealed Materials

As discussed above, NSO must show "compelling reasons" to maintain documents under seal, not just "good cause."  In addition to seeking to seal various documents, NSO seeks to seal portions of the Dawson Declaration, the Opposition, the Craig Declaration, and the Gazneli Declaration that describe the Israeli law restrictions, and NSO's interactions with the Israeli government.  As noted in Plaintiffs' motion for sanctions, Dkt. No. 405-2 at 3–5, those Israeli law restrictions and interactions with the Israeli government have been described in multiple public reports and are accordingly matters of public record.[2]  No compelling reason can exist to protect from disclosure information that has already been made public.  *Kamakana*, 447 F.3d at 1184 (no compelling reason to seal documents where "many names or references for which the United States sought redaction were either already publicly available or were available in other documents being produced," including a press release).  Even if the lower "good cause" standard applied, however, there can be no good cause to seal information that is already public.  *See Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 2936432, at *2 (N.D. Cal. July 18, 2012) (neither good cause nor compelling reasons to seal documents that have already become part of the public record).  As such, NSO has not met its burden to redact these portions of the Sealed Documents.

---

[2] *See* Harry Davies & Stephanie Kirchgaessner, *Israel Tried to Frustrate US Lawsuit Over Pegasus Spyware*, *Leak Suggests*, The Guardian (July 25, 2024, 12:00 PM), https://www.theguard-ian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware leak-suggests; Phineas Rueckert & Karine Pfenniger, *Israel Maneuvered to Prevent Disclosure of State Secrets Amid WhatsApp vs NSO*, Forbidden Stories (July 25, 2024), https://forbiddenstories.org/actual-ites_posts/israel-maneuvered-to-prevent-disclosure-of-state-secretsamid-whatsapp-vs-nso-lawsuit; Amnesty International, *Israel's Attempt to Sway WhatsApp Case Casts Doubt on Its Ability to Deal with NSO Spyware Cases* (July 25, 2024), https://www.amnesty.org/en/latest/news/2024/07/israels-attempt-to-sway-whatsapp-case-casts-doubt-on-itsability-to-deal-with-nso-spyware-cases.

Dated:  October 21, 2024                        Respectfully Submitted,

DAVIS POLK & WARDWELL LLP


By:  /s/ Craig T. Cagney
        Greg D. Andres
        Antonio J. Perez-Marques
        Craig T. Cagney
        Gina Cora
        Luca Marzorati
          (admitted *pro hac vice*)
        DAVIS POLK & WARDWELL LLP
        450 Lexington Avenue
        New York, New York 10017
        Telephone: (212) 450-4000
        Facsimile: (212) 701-5800
        Email: greg.andres@davispolk.com
                antonio.perez@davispolk.com
                craig.cagney@davispolk.com
                gina.cora@davispolk.com
                luca.marzorati@davispolk.com

        Micah G. Block (SBN 270712)
        DAVIS POLK & WARDWELL LLP
        1600 El Camino Real
        Menlo Park, California 94025
        Telephone: (650) 752-2000
        Facsimile:  (650) 752-2111
        Email: micah.block@davispolk.com

        *Attorneys for Plaintiffs WhatsApp LLC and*
        *Meta Platforms, Inc.*