Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION AND STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Ctrm:     3<br>Judge:    Hon. Phyllis J. Hamilton<br><br>Action Filed:  October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rules 7-11(b) and 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this Opposition and Statement in Response to the Administrative Motion to File Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). The Administrative Motion identifies certain documents (the "Sealed Documents") filed in connection with NSO's Reply in Support of NSO's Motion to Dismiss or for Summary Judgment for Lack of Personal Jurisdiction and for Partial Summary Judgment (the "Reply") as containing information that should be filed under seal. Dkt. No. 433 at 3.[1]

Plaintiffs request that the Court keep under seal only certain portions of the Sealed Documents that they produced. Specifically, Plaintiffs request that the Court keep only certain portions of Exhibits AA and BB to the Supplemental Akrotirianakis Declaration under seal, as indicated in the redacted versions of those exhibits attached to the Declaration of Craig T. Cagney filed herewith ("Plaintiffs' Sealed Materials"). Plaintiffs make this request pursuant to Local Civil Rules 79-5(c) and (d). Plaintiffs have no objection to unsealing Exhibit CC to the Supplemental Akrotirianakis Declaration, which NSO describes as constituting or discussing information that Plaintiffs have designated as "Highly Confidential – Attorneys' Eyes Only." *See* Dkt. No. 433 at 11.

Plaintiffs otherwise take no position with respect to the remaining Sealed Documents that were not designated as confidential by Plaintiffs, except to oppose NSO's redactions to the Dawson Declaration itself. *See* Dkt. No. 433-1.[2] As previously stated, *see* Dkt. Nos. 414, 425, Plaintiffs

---

[1] The Sealed Documents include portions of: (1) the Declaration of Matthew Dawson in Support of the Administrative Motion (the "Dawson Declaration"), Dkt. No. 433-1; (2) the Reply, Dkt. No. 433-2; (3) the Declaration of Tamir Gazneli in Support of the Reply, Dkt. No. 433-3; (4) the Supplemental Declaration of Terrence McGraw in Support of the Reply and the exhibits thereto, Dkt. No. 433-4; and (5) the exhibits to the Supplemental Declaration of Joseph Akrotirianakis in Support of the Reply (the "Supplemental Akrotirianakis Declaration"), Dkt. No. 433-5.

[2] NSO attempts to justify sealing its own expert reports by claiming that Plaintiffs filed the expert reports of David Youssef under seal "for the same reason"—namely, because they contain highly confidential technical information. Dkt. No. 433-1 at 11. While Plaintiffs take no position with respect to NSO's request to seal these reports, for the avoidance of doubt, Plaintiffs filed Mr. Youssef's reports under seal because they reference material that NSO has designated as Highly

1

object to those portions remaining under seal because that information is already in the public domain.

### I. Plaintiffs' Sealed Materials

Compelling reasons exist to protect the confidential information and privacy interests of certain of Plaintiffs' non-testifying individual employees. Specifically, Exhibits AA and BB to the Supplemental Akrotirianakis Declaration are excerpts from deposition transcripts of Plaintiffs' witnesses and contain the name of one of Plaintiffs' non-testifying employees, whose identity is not pertinent to any issue, claim, or defense in this Action. *See* Dkt. No. 433-5, Exs. AA, BB; Cagney Decl. ¶ 3.

"[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); *see also Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) ("While the . . . employees are employed by a party in this case and have a lower privacy interest, their specific e-mail addresses are not relevant to the merits of the motion of this case."). In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. There is little, if any public interest, in those identities, so the private interests justify sealing. Cagney Decl. ¶ 3.

For the foregoing reasons, Plaintiffs request that Plaintiffs' Sealed Materials remain under seal. This request is narrowly tailored to only sealable material (as submitted concurrently herewith).

---

Confidential-Attorneys' Eyes Only and Plaintiffs have stated that they have no objection to unsealing them. *See* Dkt. No. 439 at 1.

2

Pls.' Opp. and Statement in Resp. to Defs.' Admin. Mot. to File Under Seal
Case No. 4:19-cv-07123-PJH

## II. NSO's Sealed Documents

As NSO acknowledges, the heightened "compelling reasons" standard must be satisfied to support continued sealing. *See* Dkt. No. 433 at 1–2. Under this Court's Civil Pretrial Instructions, "[r]equests to seal documents used in conjunction with dispositive motions are rarely granted and then only upon a showing of the most compelling of reasons." Civil Pretrial Instructions ¶ A.10.

In addition to seeking to seal various documents, NSO seeks to seal several paragraphs of the Dawson Declaration that describe the Israeli law restrictions, and NSO's interactions with the Israeli government. *See, e.g.*, Dkt. No. 433-1 ¶¶ 4–13. As noted previously, *see* Dkt. Nos. 405-2 at 3–5, 414 at 4, those Israeli law restrictions and interactions with the Israeli government have been described in multiple public reports and are accordingly matters of public record.[3] No compelling reason can exist to protect from disclosure information that has already been made public. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (no compelling reason to seal documents where "many names or references for which the United States sought redaction were either already publicly available or were available in other documents being produced," including a press release). Accordingly, NSO has not met its burden to redact these portions of the Dawson Declaration.

---

[3] *See* Harry Davies & Stephanie Kirchgaessner, *Israel Tried to Frustrate US Lawsuit Over Pegasus Spyware, Leak Suggests*, The Guardian (July 25, 2024, 12:00 PM), https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spywareleak-suggests; Phineas Rueckert & Karine Pfenniger, *Israel Maneuvered to Prevent Disclosure of State Secrets Amid WhatsApp vs NSO*, Forbidden Stories (July 25, 2024), https://forbiddenstories.org/actualites_posts/israel-maneuvered-to-prevent-disclosure-of-state-secretsamid-whatsapp-vs-nso-lawsuit; Amnesty International, *Israel's Attempt to Sway WhatsApp Case Casts Doubt on Its Ability to Deal with NSO Spyware Cases* (July 25, 2024), https://www.amnesty.org/en/latest/news/2024/07/israels-attempt-to-sway-whatsapp-case-casts-doubt-on-itsability-to-deal-with-nso-spyware-cases.

3

Pls.' Opp. and Statement in Resp. to Defs.' Admin. Mot. to File Under Seal
Case No. 4:19-cv-07123-PJH

| | |
|---|---|
| Dated:  October 22, 2024 | Respectfully Submitted, |
| | DAVIS POLK & WARDWELL LLP |
| | By: */s/ Craig T. Cagney* |
| | Greg D. Andres |
| | Antonio J. Perez-Marques |
| | Craig T. Cagney |
| | Gina Cora |
| | Luca Marzorati |
| | (admitted *pro hac vice*) |
| | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile: (212) 701-5800 |
| | Email: greg.andres@davispolk.com |
| | antonio.perez@davispolk.com |
| | craig.cagney@davispolk.com |
| | gina.cora@davispolk.com |
| | luca.marzorati@davispolk.com |
| | |
| | Micah G. Block (SBN 270712) |
| | DAVIS POLK & WARDWELL LLP |
| | 1600 El Camino Real |
| | Menlo Park, California 94025 |
| | Telephone: (650) 752-2000 |
| | Facsimile: (650) 752-2111 |
| | Email: micah.block@davispolk.com |
| | |
| | *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |