JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 426]**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 426). Plaintiffs identify portions of their Opposition to the Motion of Third Parties Westbridge Technologies, Josh Shaner, and Terrance DiVittorio for Clarification ("Plaintiffs' Opposition"), certain portions of the Declaration of Micah G. Block in Support of Plaintiffs' Opposition (the "Block Declaration"), and the exhibits to the Block Declaration (together, the "Materials") as containing, referring to, or deriving from, documents that Defendants and/or nonparty Joshua Shaner have designated as Confidential or Highly Confidential-Attorneys' Eyes Only pursuant to the Stipulated Protective Order (Dkt. No. 132).

## I. SUMMARY OF DEFENDANTS' POSITIONS

As an initial matter, Defendants *do not* contend that the following information is required to be treated as "Confidential," "Highly Confidential-Attorney's Eyes Only," or sealed: **Plaintiffs' Opposition (Dkt. 426-3)**: pages/lines: 1:9-11, 3:7, 3:16-20, and 4:18-19; **Block Declaration (Dkt. 426-4)**: page/lines: 1:9-11, 1:19-23, 1:25-2:2; **Exhibit B to Block Declaration (Dkt. 426-5)**: pages 1, 6-9, 332:8-333:6, 333:13-337:25; **Exhibit C to Block Declaration (Dkt. 426-5)**: pages 1, 10:1-7, 10:14-13:22, pages 18-21, and pages 342-345.

For reasons shown below, however, the remaining portions of the Materials should be sealed—specifically pages/lines 3:21-22, and 4:20-21 of Plaintiffs' Opposition (Dkt. 426-3); pages/lines 1:12-13 and 2:3-7 of the Block Declaration (Dkt. 426-4); the entirety of Exhibit A to the Block Declaration (Dkt. 426-5); pages/lines 330:1-332:7 and 333:7-12 of Exhibit B to Block Declaration (Dkt. 426-5); and page/lines: 10:8-13 of Exhibit C to Block Declaration (Dkt. 426-5).

## II. ARGUMENT

### A. Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The appropriate standard for sealing here is "good cause." Plaintiffs submitted

1  the Materials as support for their opposition to a motion concerning a discovery dispute—a non-dispositive motion that only tangentially relates to the case—so Defendants need only show "good cause" as to why the Materials should remain under seal. *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" (quoting *Kamakana*, 447 F.3d at 1180)).

Here, Defendants easily satisfy the applicable good-cause standard. Indeed, courts have upheld the sealing of sensitive non-public information implicating confidentiality interests of government bodies even under the "compelling reasons" sealing standard, which is far more exacting than the good-cause standard that governs here. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. 433-1. As specified below, the events, arguments, and authorities discussed therein support sealing the Materials.

Courts likewise have found "[c]ompelling reasons"—again, far more than the "good cause" required here—justifying sealing court records that contain "trade secrets [] or … business information that might harm a litigant's competitive standing." *Hyundai Motor*, 2019 WL 11638962, at *1. This includes documents reflecting "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (sealing "source code directories, information about the technical operation of the products, . . . and excerpts from expert depositions [and] expert report[s]"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately

sealable . . . where that information could be used to the company's competitive disadvantage")..  Courts have also sealed "customers' personal information, which includes the customers' . . . activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023).

### B.  Documents and Information Requiring Sealing

As discussed below, the above-referenced considerations supply good case for and strongly support sealing of portions of the Materials identified below.  Accordingly, the Court should grant Plaintiffs' Administrative Motion and maintain those Materials under seal.

*The identified portions of Plaintiffs' Opposition (Dkt. 426-3).*  The highlighted portions pages/lines 3:21-22, and 4:20-21 of Plaintiffs' Opposition refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that supply good cause to seal those portions of Plaintiffs' Opposition.  Accordingly, those portions of Plaintiffs' Opposition should remain sealed.

*The identified portions of the Block Declaration (Dkt. 426-4).*  The highlighted portions of pages/lines 1:12-13, and 2:3-7 of the Block Reply Declaration refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that supply good cause to seal those portions of Plaintiffs' Opposition.  Accordingly, those portions of the Block Declaration should remain sealed.

*Block Declaration Exhibit A (Dkt. 426-5).*  Exhibit A to the Block Declaration consists entirely of information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that, alone, supply good cause to seal this Exhibit.  The Exhibit also discusses highly confidential and competitively sensitive pricing information for a specific customer, confidential information about the functioning of Defendants' technologies, and confidential customer/business partner information, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers and business partners.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1; *Icon-IP*, 2015 WL 984121, at *2.  Accordingly, Exhibit A to the Block Declaration should

remain sealed.

**Block Declaration Exhibit B (Dkt. 426-5).** Pages/lines 330:1-332:7 and 333:7-12 of Exhibit B to the Block Declaration reference information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that, alone, supply good cause to seal those portions of the Exhibit. Those portions of the Exhibit also reference confidential customer information, which further supports sealing to prevent substantial harm to Defendants' government customers. *See, e.g., Activision*, 2023 WL 2347134, at *1; *Icon-IP*, 2015 WL 984121, at *2. Accordingly, pages/lines 330:1-332:7 and 333:7-12 Exhibit B to the Block Declaration should remain sealed.

**Block Declaration Exhibit C (Dkt. 426-5).** Pages/lines 10:8-13 refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that supply good cause to seal those portions of Plaintiffs' Opposition. Accordingly, those portions of Block Declaration Exhibit C should remain sealed.

******

As shown above and in Dkt. 433-1, ¶¶ 2, 4-12, & 13(a)-(e), good cause exists to seal the Materials identified above. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information. Accordingly, Defendants ask that the Court grant Dkt. 426 and enter the [Proposed] Order filed herewith.

DATED: October 23, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
   JOSEPH N. AKROTIRIANAKIS
   AARON S. CRAIG
   Attorneys for Defendants NSO GROUP
   TECHNOLOGIES LIMITED and Q
   CYBER TECHNOLOGIES LIMITED