JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 436]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 436).  Plaintiffs identify portions of their Reply in Support of Motion for Partial Summary Judgment (the "Summary Judgment Reply"), Exhibits 37, 38, 40, and 41 to the Reply Declaration of Micah G. Block in Support of the Summary Judgment Reply (the "Block Reply Declaration"), portions of the Reply Declaration of David Youssef in Support of Plaintiffs' Summary Judgment Reply (the "Youssef Reply Declaration"), and Exhibits A and B to the Youssef Reply Declaration (collectively, the "Materials") as containing, referring to, or deriving from, documents that Defendants and/or nonparty Joshua Shaner have designated as Confidential or Highly Confidential-Attorneys' Eyes Only pursuant to the Stipulated Protective Order (Dkt. No. 132).

## I.      ARGUMENT

### A.  Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to seal materials submitted with a motion for summary judgment must demonstrate that there are compelling reasons to keep the documents under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason."  *In re Da Vinci Surgical Robot Antitrust Litig.,* 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

As an initial matter, courts have found compelling reasons to seal sensitive non-public information implicating confidentiality interests of government bodies.  *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).  For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. 433-1.  As specified below, the events, arguments, and authorities discussed therein support sealing the Materials.

In addition, "[c]ompelling reasons justifying sealing court records generally exist" when

such files contain "trade secrets [] or … business information that might harm a litigant's competitive standing."  *Hyundai Motor*, 2019 WL 11638962, at *1; *see also Grace v. Apple, Inc*., 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons.").  Courts have thus found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology."  *Transperfect Global, Inc. v. MotionPoint Corp*., 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc*., 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . source code directories, information about the technical operation of the products, . . . and excerpts from expert depositions [and] expert report[s]").  Courts have also found compelling reasons to seal "customers' personal information, which includes the customers' . . . activities on certain platforms, in order to protect the customers' privacy."  *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023).

### B.  Plaintiffs' Administrative Motion Should be Granted.

As discussed below, the above-referenced considerations strongly support sealing of the Materials.  Accordingly, the Court should grant Plaintiffs' Administrative Motion and maintain the Materials under seal.

***The indicated portions of Plaintiffs' Summary Judgment Reply.***  The highlighted portions of Plaintiffs' Summary Judgment Reply refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 that, alone, supply compelling reasons to seal those portions of Plaintiffs' Summary Judgment Reply. Those portions of Plaintiffs' Summary Judgment Reply also discuss highly confidential information about the research, development, and functioning of Defendants' technologies, other confidential and competitively sensitive information of Defendants, and/or confidential customer information, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect* , 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1.

1    ***Exhibits to the Block Reply Declaration.***   Exhibits 37, 38, 40, and 41 Block Reply

2    Declaration refer to information that is subject to legal restrictions and confidentiality obligations

3    discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 and also reference highly

4    confidential technical information regarding the functioning of Defendants' technology and/or

5    confidential customer information.   Accordingly, compelling reasons support sealing those

6    portions.  *See* Dkt. No. 433-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at

7    *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*,

8    2019 WL 11638962, at *1.   Moreover, Exhibit 41 contains personal WhatsApp account numbers,

9    which further supports sealing.   *See, e.g., Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL

10   3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons

11   exist to keep personal information confidential to protect an individual's privacy interest and to

12   prevent exposure to harm or identity theft.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

13   F.3d 1122, 1134 (9th Cir. 2003)).

14   ***The indicated portions of the Youssef Reply Declaration and Exhibits A and B thereto.***

15   The highlighted portions of the Youssef Reply Declaration and Exhibits A and B thereto are replete

16   with references information that is subject to legal restrictions and confidentiality obligations

17   discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 433-1 and also reference highly

18   confidential technical information regarding the functioning of Defendants' technology.

19   Accordingly, compelling reasons support sealing those portions.  *See* Dkt. No. 433-1, ¶¶ 11-12 &

20   13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1.

21                                              ******

22        As shown above and in Dkt. 433-1, ¶¶ 2, 4-12, & 13(a)-(e), compelling reasons exist to

23   seal the Materials.   Defendants have analyzed each of the documents being filed, and for each,

24   Defendants are asking the Court to file under seal only the minimum necessary to meet their legal

25   obligations and to preserve their confidential information.   Accordingly, Defendants ask that the

26   Court grant Dkt. 436 and enter the [Proposed] Order filed herewith.

27

28

DATED: October 25, 2024

KING & SPALDING LLP

By: */s/Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED