JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited submit this Administrative Motion to File Under Seal the indicated portions of (1) the Declaration of Matthew Dawson filed concurrently with this Motion ("Dawson Declaration") and (2) the Objections to Reply Evidence (the "Objections") (collectively, the "Sealed Documents").

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Dawson Declaration.

I.   **BACKGROUND**

The Court stayed discovery in this case shortly after Plaintiffs served their First Set of RFPs on June 4, 2020.  (Dawson. Decl. ¶ 2.)  After the stay ended, the Court instructed the parties to meet and confer regarding the effect of Israeli law on Plaintiffs' RFPs.  (*Id*.)  The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023.  (*Id*.)  On November 15, 2023, the Court denied NSO's motion for protective order.  (Dkt. No. 233.)  The parties have since conducted substantial discovery, which has required NSO to produce certain highly confidential information and materials in accordance with Israeli law.  (Dawson Decl. ¶ 2.)  For additional information, the Court is respectfully referred to paragraphs 2-12 of the accompanying Dawson Declaration.  The parties have filed their dispositive motions and Defendants now file objections to evidence that Plaintiffs submitted in connection with their reply briefing.  (Dawson Decl. ¶ 2.)

II.   **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to seal materials submitted with a motion for summary judgment must demonstrate that there are compelling reasons to keep the documents under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016); *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp*., 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017).  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason."  *In re Da Vinci Surgical Robot Antitrust Litig*., 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

As an initial matter, courts have found compelling reasons to seal traditionally non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.,* 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). For additional authority on this topic, the Court is respectfully referred to Paragraph 6 of the Dawson Declaration.

In addition, "[c]ompelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing." *Hyundai Motor,* 2019 WL 11638962, at *1; *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Courts have thus found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . source code directories [and] information about the technical operation of the products").[1]

### III. ARGUMENT

As explained below, compelling reasons exist to seal the Sealed Documents.

*First*, the Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.,* 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). For additional argument, NSO respectfully refers the Court to Paragraph 6 of the Dawson Declaration.

*Second*, the Sealed Documents include information about NSO's confidential technology

---

[1] *See also Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) (compelling reasons support sealing "confidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies") (internal quotation marks omitted).

and other trade secrets. Courts have routinely held that confidential business information satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023). This includes technological information. *See Transperfect Global*, 2013 WL 706975, at *1. The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors. NSO's government customers would also be prejudiced by disclosure of such information. Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

***The Dawson Declaration Supporting This Motion***. As the Dawson Declaration itself makes clear, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See* Dawson Decl. ¶¶ 2, 4-6.

***Portions of the Objections.*** Defendants have indicated certain portions of the Objections that there are compelling reasons to seal. The Objections contain references to information that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2 and 4-6 of the Dawson Declaration. Regardless, the Objections discuss highly confidential information about the research, development, and functioning of Defendants' technologies, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

As shown above and in the Dawson Declaration, compelling reasons exist to seal each of the Sealed Documents. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information.

## IV.  CONCLUSION

For the reasons set forth above and in the accompanying Dawson Declaration, Defendants

1 | request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED: October 25, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED