JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE [L.R. 7-3(d)]**<br><br>**[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL]**<br><br><br>Date:   November 7, 2024<br>Time:  1:30 p.m.<br>Place:  Courtroom 3, Ronald V. Dellums<br>         Federal Building & U.S. Courthouse,<br>         1301 Clay Street, Oakland, California<br><br>Action Filed: 10/29/2019 |

Plaintiffs continue to disrespect this Court's rules, and its authority to make them, by acting as if those rules do not apply to them. Even though "[i]t is well accepted that raising of new issues and submission of new facts in a reply brief is improper," *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (Hamilton, J.) (cleaned up), Plaintiffs submitted with their summary judgment reply a new declaration from their expert David Youssef (Dkt. 436-5, "Youssef Decl.") containing numerous new assertions that Plaintiffs did not submit with their motion ("MSJ"). But because they did not include that evidence in their MSJ—or produce it in discovery or disclose it under Rule 26—they may not submit it for the first time now.

**I.     Plaintiffs improperly submit new evidence on the WhatsApp Terms of Service.**

Plaintiffs moved for summary judgment on their breach of contract claim, which requires them to prove Defendants ("NSO") assented to the WhatsApp TOS. "It is [Plaintiffs'] burden to show assent, not [NSO's] to show lack thereof." *Jackson v. Amazon.com*, 65 F.4th 1093, 1100 (9th Cir. 2023). Yet Plaintiffs submitted no evidence with their MSJ—and produced no evidence in discovery—that they "provide[d] reasonably conspicuous notice of" the TOS and required consumers to "unambiguously manifest [their] assent." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). In connection with their reply, however, Plaintiffs *newly* asked Mr. Youssef to opine for the first time about how WhatsApp presented its TOS in its Android app, including by submitting purported screenshots from the Android app. (Youssef Decl. ¶¶ 15-17.)

That is improper for multiple reasons. ***First***, Plaintiffs may not submit this new evidence for the first time with their reply. ***Second***, Mr. Youssef's new opinions were not timely disclosed in his expert reports. ***Third***, whether NSO assented to the TOS is not a proper topic for expert testimony. ***Fourth***, Mr. Youssef's opinions are irrelevant.

**A.     Plaintiffs may not submit new, unproduced evidence with their reply.**

Plaintiffs may not rely on Mr. Youssef's new declaration to support their breach of contract claim because "submission of new facts in a reply brief is improper." *Roe*, 2009 WL 1883752, at *5 (cleaned up); *see Unite Here Ret. Fund v. City of San Jose*, 2023 WL 5181633, at *7 (N.D. Cal. Aug. 11, 2023) (striking reply declaration on contract formation). Plaintiffs' MSJ did not include Mr. Youssef's opinions on "how WhatsApp's registration process would have appeared." (Youssef

1  Decl. ¶¶ 15-17.) Plaintiffs may not submit that evidence for the first time on reply.[1]

2  That is particularly true when Plaintiffs did not even *produce* the evidence Mr. Youssef purports to submit. NSO's requests for production requested documents related to WhatsApp's TOS as well as "all … Documents that Plaintiffs may use to support their claims." (Craig Decl. ¶ 2 & Exh. A at RFP Nos. 230-231.) In response to those requests, Plaintiffs did not produce any screenshots or other visual evidence of how WhatsApp discloses its TOS. (*Id.*) Plaintiffs also did not identify any screenshots in their Rule 26 disclosure of "documents, data compilations, and tangible things that Plaintiffs … may use to support their claims." (*Id.* ¶ 3; Dkt. 419-5, Exh. G.) Plaintiffs may not seek summary judgment based on evidence they did not produce or disclose, and they certainly may not do so for the first time on reply. *Moore v. Nat. Life Inc.*, 2021 WL 2546270, at *1 (D. Nev. June 18, 2021) (striking evidence submitted with summary judgment reply that was not produced or identified in Rule 26 disclosures).[2] Plaintiffs' attempt to do so "demonstrates willful behavior designed to disrupt the efficient resolution of this matter." *Id.*

Plaintiffs' failure to submit their proffered evidence earlier has prejudiced NSO. Whether Plaintiffs provided adequate notice of WhatsApp's TOS requires a highly fact-specific inquiry into how WhatsApp visually presents its terms to consumers. (Dkt. 419-2 at 3-4.) Had Plaintiffs produced screenshots in discovery, NSO would have taken deposition discovery from Plaintiffs' witnesses about them.[3] Had Plaintiffs submitted screenshots with their MSJ, NSO would have explained in its opposition why they do not conspicuously disclose the TOS. *See Berman*, 30 F.4th

---

[1] *See also, e.g.*, *AboveGEM, Inc. v. Organo Gold Mgmt.*, 2020 WL 1531322, at *4 (N.D. Cal. Mar. 31, 2020) (Hamilton, J.); *Rodgers v. Chevys Restaurants, LLC*, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005).

[2] *See also HP Tuners, LLC v. Cannata*, 2022 WL 2955111, at *2 (D. Nev. July 26, 2022) (striking unproduced evidence in surreply); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2014 WL 11881033, at *3 (W.D. Wash. Apr. 14, 2014) (striking unproduced screenshot submitted with reply); *Karpenski v. Am. Gen. Life Cos.*, 999 F. Supp. 2d 1235, 1241 (W.D. Wash. 2014) (striking unproduced evidence in supplemental summary judgment brief).

[3] Plaintiffs' designated Jonathan Lee as their representative on topic 41: "The process by which users in Israel could accept WhatsApp's Terms of Service in order to sign up for WhatsApp accounts in 2018, 2019, and 2020, including whether the TOS were required to be opened or read." (Craig Decl ¶ 5.) But Mr. Lee testified he had not reviewed any evidence on the topic and was relying solely on hearsay from Meghan Andre and Calvin Pappas, whom Plaintiffs did not identify in their Rule 26 disclosures. (Craig Exh. B at 13:19-14:6, 175:2-185:19.) For Plaintiffs to wait until now to submit purported evidence of the signup process is bad-faith gamesmanship.

at 856-58.  But NSO could not take those steps because discovery and summary judgment briefing have concluded.  *See* L.R. 7-3(d).  Because NSO thus "lacks any opportunity to respond to [Plaintiffs'] late-submitted evidence," it must be stricken.  *Karpenski*, 999. F. Supp. 2d at 1241.

### B. Mr. Youssef may not offer undisclosed opinions on contract formation.

Mr. Youssef's new opinions on contract formation are also improper because they were not disclosed in any expert report.  The deadline for Rule 26(a)(2) expert disclosures was August 30, 2024.  In his opening report on that date, Mr. Youssef's opinion on contract formation was, in full: "[T]he user's acceptance of WhatsApp's Terms of Service … must be done before completing the WhatsApp registration process. Only once the sign-up process has been completed can the user access the WhatsApp services and the full functionality of the WhatsApp Client Application." (Youssef Decl. Exh. A ¶ 96.)[4]  Mr. Youssef stated no basis for that opinion and did not submit any screenshots or other visual evidence of how WhatsApp discloses the TOS to users.  Only *after* NSO opposed Plaintiffs' MSJ—nearly a month after the expert disclosure deadline—did Plaintiffs ask Mr. Youssef to supplement his report by "determining … how WhatsApp's registration process would have appeared to NSO in 2018 and 2019." (Youssef Decl. ¶ 15.)

That violates Rule 26(a)(2), which required Plaintiffs to timely provide "a *complete* disclosure of all opinions—not a sneak preview of a moving target." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 983 (N.D. Cal. 2014).  A party may supplement an expert report only to "correct[] inaccuracies, or fill[] the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009).  A "supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (cleaned up).  Plaintiffs, by asking Mr. Youssef to submit new screenshots and newly opine as to the appearance of WhatsApp's registration process, are either offering an additional opinion or seeking to bolster Mr. Youssef's "disclosures in light of [NSO's] challenges … after the court's deadline for doing so has passed." *Luke*, 323 F. App'x at 500.  Neither is proper.

---

[4] Mr. Youssef's rebuttal report contains no opinions about contract formation.

Plaintiffs cannot use such untimely expert opinions to support their MSJ. *Id.*; *Mariscal*, 52 F. Supp. 3d at 983-84; *Rodgers*, 2015 WL 909763, at *5; *Plumley*, 836 F. Supp. 2d at 1062. Plaintiffs have always known they must prove contract formation, and their burden of proof has been clear for years. *Berman*, 30 F.4th at 856-58. They obviously could have produced screenshots of their *own app* in discovery and asked Mr. Youssef to include those screenshots in his opening report. They may not withhold such evidence from discovery, Mr. Youssef's reports, and their MSJ, then use their reply "to sandbag [NSO] with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)." *Mariscal*, 52 F. Supp. 3d at 983-84.[5]

### C. Contract formation is not a proper subject for expert testimony.

Even if Mr. Youssef's new opinions on contract formation were timely, they are not proper expert opinion. Whether Plaintiffs adequately disclosed the TOS, and whether NSO assented to them, are legal questions on which experts may not opine. *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F. 3d 1051, 1058-60 (9th Cir. 2008); *AWI Builders, Inc. v. Thyssenkrupp Elevator Corp.*, 2023 WL 7280451, at *5 (C.D. Cal. Aug. 21, 2023). Nor may Plaintiffs use an expert merely to submit factual evidence—such as screenshots of their app—that they should have produced in discovery or through percipient witnesses. *Siqueiros v. Gen. Motors LLC*, 2022 WL 74182, at *9 (N.D. Cal. Jan. 7, 2022); *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *27 (N.D. Cal. Feb. 20, 2015); *see Jarose v. Cty. of Humboldt*, 2023 WL 2333880, at *8-9 (N.D. Cal. Mar. 1, 2023) (excluding materials in expert report "that were not properly disclosed prior to the close of discovery").

### D. Mr. Youssef's opinions on contract formation are irrelevant.

Finally, Mr. Youssef's new opinions on contract formation are irrelevant. He reviewed only "Android Package Kits" for "mobile Android applications" (Youssef Decl. ¶ 16), which reveal nothing about how WhatsApp presented its TOS on its webpage, Apple (iOS) devices, or any other non-Android device. Plaintiffs, however, have not submitted any evidence that NSO created WhatsApp accounts using Android devices. Thus, Mr. Youssef's opinions are irrelevant to NSO's

---

[5] *Accord In re Toy Asbestos Litig.*, 2020 WL 8815916, at *3 (N.D. Cal. May 27, 2020); *Opticurrent, LLC v. Power Integrations*, 2018 WL 6727826, at *5 (N.D. Cal. Dec. 21, 2018); *Silong v. United States*, 2007 WL 2712100, at *5 (E.D. Cal. Sept. 14, 2007).

creation of WhatsApp accounts and, consequently, whether NSO agreed to the TOS.[6]

## II. Plaintiffs improperly submit new evidence on their CFAA claims.

Plaintiffs also use Mr. Youssef's declaration to attempt to submit new evidence in support of their CFAA claims. Specifically, paragraphs 8-13 contain new opinions designed to bolster Plaintiffs' argument—based solely on a blatant distortion of Tamir Gazneli's deposition—that Pegasus ███████████████████████████████████████████████████████████████ "official" WhatsApp application. The opinions stated in those paragraphs, and the interpretations of documents on which they are based, appear nowhere in Plaintiffs' MSJ or in Mr. Youssef's reports. Therefore, for the reasons given above, Plaintiffs may not rely on them.

Here too, Plaintiffs' late submission of this evidence has prejudiced NSO by depriving it of any opportunity to respond, which is particularly harmful when the evidence involves technical matters that Plaintiffs and Mr. Youssef badly misrepresent. NSO's submission of Mr. Gazneli's declaration in connection with its opposition does not affect that conclusion. Mr. Gazneli's declaration contained the exact same testimony as his deposition and responded to Plaintiffs' mischaracterization of that testimony in their MSJ. Contrary to Plaintiffs' and Mr. Youssef's attempts to manufacture a conflict between Mr. Gazneli's deposition and declaration, Mr. Gazneli testified unambiguously that ███████████████████████████████████████████ ███████████████████████████ (Dkt. 399-4, Exh. 6 [Gazneli Tr.] at 187:20-188:1.) If Plaintiffs believed they had evidence inconsistent with that testimony, they should have submitted it with the MSJ. They may not require NSO to correct Plaintiffs' mischaracterization of Mr. Gazneli's testimony, then attempt to exploit that correction to sandbag NSO with new evidence on reply.

## CONCLUSION

The Court should sustain NSO's objections and strike Plaintiffs' improper new evidence.

Dated: October 25, 2024

KING & SPALDING LLP

By: *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

---

[6] The Accused Technologies ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.