1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
   *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
   *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
   Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11 | WHATSAPP INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH
   | and FACEBOOK, INC., a Delaware         |
12 | corporation,                           | **DECLARATION OF AARON S. CRAIG**
   |                                        | **IN SUPPORT OF DEFENDANTS'**
13 |                  Plaintiffs,           | **OBJECTIONS TO REPLY EVIDENCE**
   |                                        |
14 |          v.                            |
   |                                        | Action Filed:   10/29/2019
15 | NSO GROUP TECHNOLOGIES LIMITED         |
   | and Q CYBER TECHNOLOGIES LIMITED,      |
16 |                                        |
17 |                  Defendants.           |

18

19

20

21

22

23

24

25

26

27

28

I, Aaron S. Craig, declare as follows:

1.      I am a member of the California State Bar and the bar of this court.  I am a partner in the law firm of King & Spalding LLP and lead counsel to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited in this action.  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2.      Attached hereto as **Exhibit A** is a copy of excerpts from Defendants' Third Set of Requests for Production, served on December 8, 2024.  RFP No. 230 sought "All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated November 30, 2023 as 'WhatsApp Terms of Service' that Plaintiffs may use to support their claims in this case."  RFP No. 231 sought "all other Documents that Plaintiffs may use to support their claims in this case." I am familiar with all document productions made by Plaintiffs in this litigation, and in response to these RFPs, Plaintiffs did not produce any screenshots of the WhatsApp account-creation process or any other visual evidence of how WhatsApp discloses its Terms of Service to WhatsApp users.

3.      Plaintiffs did not identify any screenshots of the WhatsApp account-creation process or any other visual evidence of how WhatsApp discloses its Terms of Service to WhatsApp users in Plaintiffs' Rule 26 disclosure of "documents, data compilations, and tangible things that Plaintiffs … may use to support their claims."  (*See* Dkt. 419-5, Exh. G.)

4.      Had Plaintiffs produced screenshots or other visual evidence of how WhatsApp discloses its Terms of Service to WhatsApp users, Defendants would have sought deposition discovery as to that evidence.

5.      In a conference of counsel on August 8, 2024, Plaintiffs designated Jonathan Lee to testify on behalf of Plaintiffs to Defendants' 30(b)(6) deposition topic no. 41:  "The process by which users in Israel could accept WhatsApp's Terms of Service in order to sign up for WhatsApp accounts in 2018, 2019, and 2020, including whether the TOS were required to be opened or read."

6.      Attached hereto as **Exhibit B** is a copy of excerpts from the transcript of the deposition of Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) designee, Jonathan Lee, taken

September 25, 2024, in this action.  When Defendants asked Mr. Lee about WhatsApp's account-creation process, he testified that he had not reviewed any evidence on that topic and was "entirely relying" on "verbal[]" descriptions by Meghan Andre and Calvin Pappas.

7.    Plaintiffs did not disclose Ms. Andre or Mr. Pappas as witnesses in their Rule 26 disclosures.  Had Plaintiffs disclosed Ms. Andre and Mr. Pappas as witnesses, Defendants would have deposed them on the topic of WhatsApp's account-creation process.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of October 2024, in Los Angeles, California.

_____
AARON S. CRAIG

# EXHIBIT A

1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3   KING & SPALDING LLP
     633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
     Telephone:    (213) 443-4355
5   Facsimile:     (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                            OAKLAND DIVISION

11  WHATSAPP INC., a Delaware corporation,      Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                                **DEFENDANTS NSO GROUP
                                                TECHNOLOGIES
13              Plaintiffs,                      LIMITED AND Q CYBER
                                                TECHNOLOGIES LIMITED'S THIRD
14       v.                                     SET OF REQUESTS FOR PRODUCTION
                                                OF DOCUMENTS TO PLAINTIFFS
15  NSO GROUP TECHNOLOGIES LIMITED              WHATSAPP LLC FKA WHATSAPP INC.
    and Q CYBER TECHNOLOGIES LIMITED,           AND META PLATFORMS, INC. FKA
16                                              FACEBOOK, INC.**
                Defendants.
17

18

19

20  PROPOUNDING PARTY:     NSO GROUP TECHNOLOGIES

21                         LIMITED AND Q CYBER TECHNOLOGIES LIMITED

22  RESPONDING PARTY:      WHATSAPP LLC fka WHATSAPP INC. AND META

23                         PLATFORMS, INC. fka FACEBOOK, INC.

24  SET NO.:               THREE (3)

25

26

27

28
    _____
    DEFENDANTS' THIRD SET OF                         Case No. 4:19-cv-07123-PJH
    REQUESTS FOR PRODUCTION OF
    DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure and the Local Rules of this Court, Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively, "Defendants"), request that Plaintiffs WhatsApp LLC fka WhatsApp Inc. ("WhatsApp") and Meta Platforms, Inc. fka Facebook, Inc. ("Facebook" and, collectively, "Plaintiffs"), produce for inspection and copying by Defendants at the law offices of King & Spalding LLP, 633 W. Fifth St., Suite 1600, Los Angeles, CA 90071, the documents or objects described below that are in the possession, custody, and control of Plaintiffs or their affiliates, agents or attorneys, by and within the time required by Federal Rule of Civil Procedure 34.

## **INSTRUCTIONS**

1.      These Requests for Production ("Requests") are directed to Plaintiffs and cover all documents in their possession, custody, and control, including documents in the possession of their affiliates, agents, attorneys, consultants, investigators, or other persons acting on their behalf.

2.      Plaintiffs are to produce all responsive documents in full, without abbreviation, expurgation, or redaction.

3.      All documents responsive to these Requests shall be produced in an orderly manner and with appropriate markings or other identification so that Defendants and their attorneys will be able to identify the source of the document and number of the Request(s) to which it responds, or as they are maintained by Plaintiffs in the usual course of business.

4.      If Plaintiffs believe that any of the following Requests call for documents subject to any claim of privilege, respond and produce so much as is not objected to, state that part of each Request as to which you raise an objection and set forth the basis for your claim of privilege with respect to such documents you refuse to produce, including a statement identifying the nature of the documents withheld.  Any materials withheld from discovery on the grounds of privilege must be set forth in a privilege log that expressly asserts the claim of privilege and describes the nature of the documents, communications, or tangible things not produced or

1  assistance.

2  **REQUEST FOR PRODUCTION NO. 225:**

3      All Documents identified at page 8 of Plaintiffs' Amended Initial Disclosures dated

4  November 30, 2023 as "Logs of WhatsApp signal servers and relay servers" that Plaintiffs may

5  use to support their claims in this case.

6  **REQUEST FOR PRODUCTION NO. 226:**

7      All Documents identified at page 8 of Plaintiffs' Amended Initial Disclosures dated

8  November 30, 2023 as "Documents relating to the manner in which the exploitation and

9  unauthorized access and abuse functioned" that Plaintiffs may use to support their claims in this

10  case.

11  **REQUEST FOR PRODUCTION NO. 227:**

12      All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated

13  November 30, 2023 as "Documents relating to remediation of the exploitation" that Plaintiffs

14  may use to support their claims in this case.

15  **REQUEST FOR PRODUCTION NO. 228:**

16      All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated

17  November 30, 2023 as "Documents relating to the identification of Defendants as responsible for

18  the unauthorized access and abuse of the WhatsApp service" that Plaintiffs may use to support

19  their claims in this case.

20  **REQUEST FOR PRODUCTION NO. 229:**

21      All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated

22  November 30, 2023 as "Documents relating to identification of victims" that Plaintiffs may use

23  to support their claims in this case.

24  **REQUEST FOR PRODUCTION NO. 230:**

25      All Documents identified at pages 8-9 of Plaintiffs' Amended Initial Disclosures dated

26  November 30, 2023 as "WhatsApp Terms of Service" that Plaintiffs may use to support their

27  claims in this case.

28

DEFENDANTS' THIRD SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS

Case No. 4:19-cv-07123-PJH

1   **REQUEST FOR PRODUCTION NO. 231:**

2        To the extent not covered by any other Request, all other Documents that Plaintiffs may

3   use to support their claims in this case.

4

5   Dated:  December 8, 2023                    KING & SPALDING LLP

6

7                                              By:    */s/ Aaron S. Craig*

8                                                     JOSEPH N. AKROTIRIANAKIS
                                                      AARON S. CRAIG

9                                                     Attorneys for Defendants NSO GROUP
                                                      TECHNOLOGIES LIMITED and Q

10                                                    CYBER TECHNOLOGIES LIMITED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 10 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}                Page 1

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                   OAKLAND DIVISION

4

   WHATSAPP INC., a Delaware      )
5  corporation, and FACEBOOK,     )
   INC., a Delaware corporation,)
6                                 )
               Plaintiffs,        )
7                                 )
        vs.                       )  Case No.
8                                 )  4:19-cv-07123-PJH
   NSO GROUP TECHNOLOGIES         )
9  LIMITED and Q CYBER            )
   TECHNOLOGIES LIMITED,          )
10                                )
               Defendants.        )
11 _____  )

12

13

14

15       HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

16    VIDEOTAPED 30(B)(6) DEPOSITION OF JONATHAN LEE

17              LOS ANGELES, CALIFORNIA

18          WEDNESDAY, SEPTEMBER 25, 2024

19

20

21

22

23

24 SWIVEL LEGAL SOLUTIONS
   JOB NO.: 3385
25 DORIEN SAITO, CSR 12568, CLR

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 11 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}                Page 9

```
 1   is Dorien Saito.

 2           Would the reporter please swear in the

 3   witness?

 4           THE REPORTER:  Would you raise your right

 5   hand?

 6           THE WITNESS:  (Complies.)

 7           THE REPORTER:  Do you so state under

 8   penalty of perjury that the testimony you shall give

 9   in your deposition shall be the truth, the whole

10   truth, and nothing but the truth?

11           THE WITNESS:  I do.

12                       ***

13                  JONATHAN LEE,

14       having been duly administered an oath

15        in accordance with CCP 2094, was

16        examined and testified as follows:

17                       ***

18                    EXAMINATION

19   BY MR. AKROTIRIANAKIS:

20       Q.   Good morning, Mr. Lee.

21       A.   Good morning.

22       Q.   Have you given a deposition before today?

23       A.   I have not.

24       Q.   I read that you are a lawyer; is that

25   right?
```

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 12 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                     Job 3385
JONATHAN LEE on 09-25-2024         {{Attorneys Eyes Only}}                  Page 12

1  this case?

2          MR. BLOCK:  He's asking with respect to the

3  representation I made.

4          THE WITNESS:  I do understand.

5  BY MR. AKROTIRIANAKIS:

6      Q.   Okay.  And do you agree to testify on their

7  behalf?

8      A.   I do.

9      Q.   What did you do to prepare for -- for this

10 deposition?

11     A.   I first spoke with the lawyers who are

12 representing us in this case a couple of weeks ago

13 for them to familiarize me with the process, and to

14 help me start thinking about some of the issues that

15 may be raised.  Yesterday we spent the bulk of the

16 day preparing and talking through --

17         MR. BLOCK:  I'll just caution the witness

18 not to reveal the contents of any of your

19 communications with attorneys.

20         THE WITNESS:  Thank you.

21         MR. BLOCK:  The topics are fine.

22         THE WITNESS:  Sure.

23         MR. BLOCK:  Sorry for the interruption.

24 Please proceed.

25         THE WITNESS:  We spent yesterday preparing.

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 13 of 23

WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}               Page 13

1    BY MR. AKROTIRIANAKIS:

2        Q.   Did you -- did you review any documents as

3    part of your prep -- preparation?

4        A.   My attorneys shared with me some of the

5    terms that might be raised, and I reviewed some of

6    them, yes.

7        Q.   Did anything that you reviewed yesterday

8    refresh your recollection as to the events that

9    relate to this matter?

10       A.   Some of the documents were -- involved

11   emails and the like from five years ago, so it was

12   help -- helpful for me to understand what was said

13   since they were some -- some period of time ago.

14       Q.   Sure.

15            And did they refresh your recollection as

16   to the matters that were reflected in the emails?

17       A.   It helped me recall some of the aspects of

18   what was going on at the time.

19       Q.   Okay.  What, if any, documents did you

20   review in order to testify about the process by

21   which users in Israel could accept WhatsApp

22   WhatsApp's terms of service during the period 2018

23   to 2020?

24       A.   Yesterday I spoke to two internal experts,

25   one Michelle Andre, who is a legal investigator who

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 14 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                  Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}              Page 14

1  explained to me the ways in which WhatsApp records

2  the users who accept the terms of service.

3          And in addition, I spoke with a product

4  manager, Calvin Pappas about the process by which

5  users are exposed to and accept the terms of service

6  when registering for WhatsApp.

7      Q.   So Ms. Andre -- it's Ms. Andre; right?

8      A.   Yes.

9      Q.   Okay.

10          -- explained to you the ways in which

11  WhatsApp records users who accept the terms of

12  service?

13     A.   Yes.

14     Q.   Okay.  How long was that?  Was that a

15  conversation you had with her?

16     A.   It was a videoconference.

17     Q.   Okay.  It wasn't -- you weren't presented a

18  document that -- that sort of gave those answers.

19  You -- it was back-and-forth oral conversation over

20  video with Ms. Andre?

21     A.   That's correct.

22     Q.   Okay.  And Mr. Pappas explained to you the

23  process by which users are exposed and sent the

24  terms of service when registering for WhatsApp; is

25  that right?

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 15 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}                          Page 15

1      A.    Exposed to.

2      Q.    Cause users aren't sent the terms of

3   service; right?

4          MR. BLOCK:  Objection to form.

5          THE WITNESS:  I'm happy to describe the

6   process, but I wouldn't call it "sent," no.

7   BY MR. AKROTIRIANAKIS:

8      Q.    Okay.

9      A.    Excuse me?

10      Q.    Incidentally, we can take a break whenever

11   you like.  The exception to that is, if you are

12   asked a question before you answer it, you're

13   supposed to answer it before the break.  The

14   exception to the exception is that if you need to

15   consult with counsel on a legal privilege or

16   something like that, some other legal obligation,

17   then you can do that or whatever.

18          So just let us know if you become

19   uncomfortable or just would like to take a break,

20   okay?

21      A.    Okay.

22          MR. AKROTIRIANAKIS:  I don't mind marking

23   these on my own if you have the stickers.

24          MR. CRAIG:  Is this 1007?

25          MR. AKROTIRIANAKIS:  That is Exhibit 1007.

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 16 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024         {{Attorneys Eyes Only}}              Page 174

1    how did decompiler work, so I also don't know how it

2    would work prior to registration.

3    BY MR. AKROTIRIANAKIS:

4        Q.    Okay.  So you download the app.  Then

5    what's the next step if you wanted to register for

6    an WhatsApp account?

7              MR. BLOCK:  Objection to scope.

8              THE WITNESS:  You would download the app.

9    You would open the app, and you'd be shown a welcome

10   screen.  The welcome screen includes links to the

11   term of service and the privacy policy.  The user is

12   then given the opportunity to agree to the terms of

13   services and continue with the registration flow.

14             If the user chooses to agree to the terms

15   of service and continue, they're given the

16   opportunity to enter their phone number that they'll

17   be associating with the WhatsApp account.  There's a

18   verification process for that phone number, most

19   commonly done by an SMS message sent to that phone

20   number, after which the account is created, if the

21   verification is successful.

22   BY MR. AKROTIRIANAKIS:

23       Q.    Have you done this yourself?

24       A.    I use WhatsApp, and in order to use

25   WhatsApp, I had to register my account.

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 17 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}               Page 175

1    Q.   Right.

2         But you're not testifying from your memory

3    from the time when you registered a WhatsApp

4    account; am I; right?

5    A.   Correct.  As we discussed earlier, I spoke

6    with two internal experts about the process to do

7    this.

8    Q.   And those are the steps that they explained

9    to you?

10   A.   They are.

11   Q.   Okay.  So at what point do you -- after

12   downloading the app and before or during the process

13   that you have now described would you, for example,

14   select a language?

15        MR. BLOCK:  Objection to form and scope.

16        THE WITNESS:  I don't know specifically

17   when that happens.  My recollection from the

18   conversations that I had yesterday were that the app

19   looks to the language settings of the phone in order

20   to surface the -- the language -- the relevant

21   language.

22   BY MR. AKROTIRIANAKIS:

23   Q.   So is your testimony on behalf of WhatsApp

24   and Facebook that you don't have to select a

25   language?  It selects it for you?

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 18 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}               Page 176

1          MR. BLOCK:  Objection to form.  And this is

2    outside the scope of the topic.

3          But you can answer in personal capacity.

4          Hang on one second.

5          Sorry for the -- I think I objected on form

6    and scope.

7          And if you have knowledge in your personal

8    capacity, you can answer.

9          THE WITNESS:  I don't know whether or not a

10   user has the opportunity to select their language in

11   WhatsApp is part of their registration flow.

12   BY MR. AKROTIRIANAKIS:

13       Q.   Now earlier, when you testified about the

14   explanations you were given yesterday -- well, let

15   me back up.

16          The explanations that you were given

17   yesterday, is that the sole basis for your -- your

18   ability to testify today as to the process by which

19   users in Israel could accept terms of service in

20   2018, 2019, 2020?

21       A.   In my capacity answering these questions,

22   yes.

23       Q.   Okay.  And do you recall, you know, did you

24   review any, like, progression of screens or anything

25   like that during your -- during your preparation to

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 19 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024         {{Attorneys Eyes Only}}                Page 177

1   testify?

2       A.   In my preparations for this, on this issue,

3   these were described to me verbally.

4       Q.   Okay.  So some person just told you, and

5   now you're doing your best to parrot what you were

6   told yesterday?

7            MR. BLOCK:  Objection to form.

8            THE WITNESS:  As part of the preparations I

9   spoke with two people, one of whom is the product

10  manager who leads this particular set of product

11  experiences for WhatsApp.  He described them to me,

12  and I am describing them to the best of my

13  recollection based on my preparation.

14  BY MR. AKROTIRIANAKIS:

15      Q.   All right.  Is there any, like, depiction

16  of the terms and service in any of the screens that

17  you have to go through in order to register a

18  WhatsApp account?

19           MR. BLOCK:  Foundation.  Scope.

20           You can answer, if you know.

21           THE WITNESS:  The terms of service are

22  presented -- are presented by a link -- a hyperlink

23  which a user could choose to click through in order

24  to read the terms of service.

25  ///

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 20 of 23

WhatsApp Inc. vs NSO Group Technologies Limited et al.                    Job 3385
JONATHAN LEE on 09-25-2024        {{Attorneys Eyes Only}}                  Page 184

1    that he was drawing on the experience of setting up

2    his own WhatsApp account, and not 100 percent

3    relying on these two people he spoke to yesterday.

4           If you want to stipulate that what he is

5    100 percent relying on what he was told yesterday,

6    then we can move on.  But if he's going to -- if

7    he's going to purport to draw on his own -- his own

8    experience as part of his preparation to testify,

9    then I think that's a totally fair question and

10   within the scope.

11   BY MR. AKROTIRIANAKIS:

12      Q.   So which is it, Mr. Lee?

13           MR. BLOCK:  I object to the form of that

14   question.

15           THE WITNESS:  Could you --

16   BY MR. AKROTIRIANAKIS:

17      Q.   When did you -- when did you sign up your

18   own personal WhatsApp account?

19      A.   Is there --

20           MR. BLOCK:  Same objections.

21           (Simultaneous speakers.)

22           THE WITNESS:  -- a prior question that you

23   wanted me to answer?

24           MR. BLOCK:  Just answered the question he

25   asks when he asks it.

Case 4:19-cv-07123-PJH   Document 448-1   Filed 10/25/24   Page 21 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.                     Job 3385
JONATHAN LEE on 09-25-2024        {{Attorneys Eyes Only}}                  Page 185

```
 1              THE WITNESS:  Thank you.
 2    BY MR. AKROTIRIANAKIS:
 3        Q.   When did you sign up your own personal
 4    WhatsApp account?
 5              MR. BLOCK:  Same objections.
 6              THE WITNESS:  I don't remember specifically
 7    when I signed up for WhatsApp, but I believe it was
 8    at least -- what year is it now -- maybe we will
 9    over ten years ago.
10    BY MR. AKROTIRIANAKIS:
11        Q.   Okay.  So even before Facebook owned
12    WhatsApp, then?
13        A.   I believe it was prior to 2014.
14        Q.   So it sounds like you are entirely relying
15    on your two conversations that you had yesterday in
16    order to testify on behalf of the company today.
17              MR. BLOCK:  Objection to the form.
18              THE WITNESS:  I -- that would be fair -- a
19    fair thing to say.
20    BY MR. AKROTIRIANAKIS:
21        Q.   Okay.  Thank you.
22              In Exhibit 1412, could you turn, please, to
23    the page that has the document control number ending
24    in -94?  This is in the middle of a Q and A section
25    of the document.  Do you see that?
```

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 22 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.    Job 3385
JONATHAN LEE on 09-25-2024    {{Attorneys Eyes Only}}    Page 186

1    MR. BLOCK:  Objection to form.

2    THE WITNESS:  I see on this page a set of

3    bolded sections with a Q: preceding them, and then

4    un-bolded bullet points following.

5    BY MR. AKROTIRIANAKIS:

6    Q.   Would you call that a Q and A?

7    A.   That's in a format that we tend to use for

8    proposed question and answers.

9    Q.   Okay.  And, in fact, the heading that is

10   over these questions and bullet points is titled

11   "General Q and A Locked."

12    ; right?

13    A.   I don't see that on the page you pointed me

14   to.

15    Q.   Do you see it on the page before the page I

16   pointed you to?

17    A.   I do.

18    MR. BLOCK:  Have you moved on from

19   30(b)(6), or do I have to police scope here?

20    MR. AKROTIRIANAKIS:  Oh, my apologies.  We

21   are outside the 30(b)(6) now, and if we return to

22   it, I will make it clear that that's my intention.

23    MR. BLOCK:  I appreciate it.

24   BY MR. AKROTIRIANAKIS:

25    Q.   All right.  Do you see under the question:

Case 4:19-cv-07123-PJH    Document 448-1    Filed 10/25/24    Page 23 of 23
WhatsApp Inc. vs NSO Group Technologies Limited et al.
JONATHAN LEE on 09-25-2024          {{Attorneys Eyes Only}}

Job 3385
Page 319

1                    **CERTIFICATE OF REPORTER**

2              I, DORIEN SAITO, CSR 12568, CLR, a certified

3      Shorthand reporter in and for the State of

4      California, County of Los Angeles, do hereby

5      certify;

6              That JONATHAN LEE, the witness named in the

7      foregoing deposition, was, before the commencement

8      of the deposition, duly administered an oath in

9      accordance with CCP 2094;

10             That said deposition was taken down in

11     stenograph writing by me and thereafter transcribed

12     into typewriting under my direction.

13             That before completion of the deposition,

14     review of the transcript [ ] was [x ] was not

15     requested.  If requested any changes made by the

16     deponent (and provided to the reporter) during the

17     period allowed are appended hereto.

18             I further certify that I am neither counsel

19     for nor related to any party to said action, nor in

20     any way interested in the outcome thereof.

21             Dated this 26th day of September, 2024.

22

23     _Dorien Saito_
       _____
                CERTIFIED SHORTHAND REPORTER
24                IN AND FOR THE COUNTY OF
                LOS ANGELES, STATE OF CALIFORNIA

25