JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 443]**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 443). Plaintiffs identify portions of their Reply in Support of Motion for Sanctions (the "Sanctions Reply") and Exhibit R to the Reply Declaration of Micah G. Block in Support of the Sanctions Reply (the "Block Reply Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132).

## I. ARGUMENT

### A. Legal Standard

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.

The appropriate standard for sealing on Plaintiffs' motion seeking discovery-related sanctions is "good cause." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are the only weights on the scale.") (internal quotation marks and citation omitted). A motion for terminating sanctions based on a purported failure to provide discovery "does not concern the merits" of a plaintiff's claims. *See Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5110453, at *1 n.1 (S.D. Cal. Sept. 21, 2016) (emphasis added). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). For reasons shown below, Defendants easily satisfy the "good cause" standard with respect to the indicated portions of the Sanctions Reply and with respect to Exhibit R to the Block Reply Declaration. Indeed, the Court has already held that much of the redacted information warrants sealing. (*See, e.g.*, Dkt. Nos. 233, 292, 305, 370.)

1  Regardless, even if the Court were to apply the more demanding "compelling reasons" sealing standard, that standard is likewise satisfied. It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096).

Here, Defendants easily satisfy the applicable good-cause standard. Indeed, courts have upheld the sealing of sensitive non-public information implicating confidentiality interests of government bodies even under the "compelling reasons" sealing standard, which is far more exacting than the good-cause standard that governs here. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to Paragraphs 2 and 4-13 of the sealing declaration submitted in connection with NSO's opposition to this same motion (Dkt. 429-1). As specified below, the events, arguments, and authorities discussed therein support sealing the Materials.

Courts likewise have found "[c]ompelling reasons"—again, far more than the "good cause" required here—justifying sealing court records that contain "trade secrets [] or … business information that might harm a litigant's competitive standing." *Hyundai Motor*, 2019 WL 11638962, at *1. This includes documents reflecting "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (sealing "source code directories, information about the technical operation of the products, . . . and excerpts from expert depositions [and] expert report[s]"). Courts also seal information regarding "long-term financial projections, discussions of business strategy, and competitive analyses." *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *see also In re Google Location Hist. Litig.,* No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific

financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable . . . where that information could be used to the company's competitive disadvantage"). Finally, courts have also sealed "customers' personal information, which includes the customers' . . . activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023).

### B. Documents and Information Requiring Sealing

As discussed below, the above-referenced considerations supply good cause (and compelling reasons) for sealing the Materials identified in Plaintiffs' Administrative Motion (Dkt. No. 443). Accordingly, the Court should grant Plaintiffs' Administrative Motion and maintain those Materials under seal.

***The indicated portions of Plaintiffs' Sanctions Reply (Dkt. 443-3).*** The highlighted portions of Plaintiffs' Sanctions Reply refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail in Paragraphs 2 and 4-13 of the sealing declaration that NSO submitted in connection with its opposition to the pending motion for sanctions (Dkt. No. 429-1). Those paragraphs supply good cause (and compelling reasons) to seal the identified portions of Plaintiffs' Sanctions Reply. Those same portions of Plaintiffs' Sanctions Reply also discuss highly confidential information about Defendants' technologies, as well as other confidential and competitively sensitive information of Defendants, all of which warrants sealing to prevent substantial harm to Defendants' business and to third parties not currently before the Court. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1.

***Exhibit R to the Block Reply Declaration (Dkt. 443-4).*** Exhibit R to the Block Reply

Declaration contains excerpts of deposition testimony given by Q Cyber's Vice President of Global Business Operations. The excerpts refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail in Paragraphs 2 and 4-13 of Dkt. No. 429-1. The excerpts also contain extensive discussion of highly confidential information regarding Defendants' technologies, licensing terms and practices, financial and accounting practices, business operations, and other commercially sensitive information, all of which warrants sealing to prevent substantial harm to Defendants' business and to third parties not currently before the Court. *See* Dkt. No. 433-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1. Accordingly, Exhibit R to the Block Reply Declaration should remain sealed.

******

As shown above and in the sealing declaration submitted in connection with NSO's opposition to the pending motion for sanctions (Dkt. 429-1 ¶¶ 2, 4-13), good cause and compelling reasons both exist to seal the Materials. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information. Accordingly, Defendants ask that the Court grant Dkt. 443.

DATED: October 30, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED