JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO CLOSE THE NOVEMBER 7, 2024 HEARING** |

Pursuant to Civil Local Rule 7-11, Defendants ("NSO") submit this Administrative Motion to close the courtroom to the public during the November 7, 2024 hearing on the Parties' cross-motions for summary judgment (Dkts. 397, 401), Plaintiffs' motion for sanctions (Dkt. 406), and any additional motions the Court may hear.  The hearing will almost certainly entail discussion of NSO's various legal obligations, which have been repeatedly briefed to the Court, as well as technical information and other competitively sensitive information.  Good cause and compelling reasons thus exist to seal related portions of the oral argument, as the Court has done in connection with prior motions.  (Dkt. No. 232.)  To ensure that any sealing is narrowly tailored, NSO requests that it be given twenty-one days after receipt of the final hearing transcript to identify those specific portions of the hearing transcript that should remain under seal.

## I.       BACKGROUND

On August 31, 2020, the Court approved the Parties' Stipulated Protective Order.  (Dkt. 132.) The Order requires that the "Parties shall give the other parties notice if they reasonably expect a . . . pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A) are present at those proceedings."  (*Id.* ¶ 5.2(b).)

Since the Court's entry of the Stipulated Protective Order, the Parties have exchanged substantial discovery.  NSO has produced nonpublic and highly confidential information, including technical documents and testimony regarding its products and information that is subject to additional legal restrictions.  Those legal restrictions have been described in detail to the Court in numerous filings.  (*E.g.*, Dkt. 429-1 ¶¶ 2, 4-12.)  The Court has repeatedly granted motions to seal such information (*e.g.,* Dkts. 217, 233, 358), and has closed hearings—including the hearing on NSO's motion to dismiss for *forum non conveniens* (Dkt. Nos. 232, 289).

On October 28, 2024, NSO informed Plaintiffs that the hearings scheduled for November 7, 2024, would almost certainly require discussion of Protected Material.  (Akrotirianakis Decl. ¶ 2.)  NSO explained that the hearing on the cross-motions for summary judgment and the sanctions motion would involve details of NSO's technologies and information subject to legal restrictions.  (*Id.*)  Plaintiffs objected by email on October 31, 2024.  (*Id.* ¶ 3.)  The Parties then conferred by

1   videoconference on November 1, 2024.  (*Id.* ¶ 4.)  Plaintiffs indicated that they would oppose

2   NSO's request.  (*Id.*)

3   **II.   ARGUMENT**

4        Although courts recognize a general right to inspect and copy public records, "access to

5   judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178

6   (9th Cir. 2006).  A court may close a hearing to the public and seal the transcript when the

7   applicable sealing standard is met.  *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL

8   7003695, at *1 (N.D. Cal. Oct. 23, 2023) (sealing discovery hearing upon showing of good cause).

9   **Good Cause**

10       The appropriate standard for sealing argument on Plaintiffs' motion seeking discovery-

11  related sanctions, and any of the discovery disputes that the Court may choose to hear, is "good

12  cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)

13  ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions

14  makes sense, as the private interests of litigants are the only weights on the scale." (cleaned up)).  A

15  motion for terminating sanctions based on a purported failure to provide discovery "does not

16  concern the merits" of a plaintiff's claims.  *Erhart v. BofI Holding, Inc.*, 2016 WL 5110453, at *1

17  n.1 (S.D. Cal. Sept. 21, 2016).  "Good cause" requires only "a particularized showing" that sealing

18  is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City*

19  *& Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

20  **Compelling Reasons**

21       The Court may seal argument on the cross-motions for summary judgment if "(1) closure

22  serves a compelling interest; (2) there is a substantial probability that, in the absence of closure,

23  this compelling interest would be harmed; and (3) there are no alternatives to closure that would

24  adequately protect the compelling interest." *Facebook, Inc. v. ConnectU, Inc.*, 2008 WL

25  11357787, at *4 (N.D. Cal. July 2, 2008).

26  **Sealing Is Warranted Under Either Standard**

27       ***First***, good cause exists to seal oral argument on Plaintiffs' motion for discovery-related

28  sanctions and any pending discovery motion the Court chooses to hear on November 7.  Argument

on the motion for sanctions will require discussion of NSO's various legal and confidentiality obligations. Those issues have been briefed to the Court in connection with sealing the motions to be argued, and the Court is respectfully referred to Paragraphs 4 through 13 of the sealed Declaration of Matthew H. Dawson (Dkt. 429-1) for additional argument and authority.

The hearing will also involve discussion of NSO's technology and other competitively sensitive information. The motion for sanctions, for example, turns in part on whether the highly technical documents produced suffice to show the full functionality of NSO's relevant products. Such information is routinely sealed, even under the more exacting "compelling reasons" standard. *E.g.*, *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019). Indeed, the Court has repeatedly held that much of the highly confidential information at issue, including discussion of NSO's various legal obligations, warrants sealing under the "good cause" standard. (*E.g.*, Dkts. 217, 233, 292, 305, 370.) The Court has also closed two prior hearings that required extensive discussions of those topics, including on a dispositive motion. (Dkt. Nos. 232, 289).

***Second***, if the "compelling reasons" standard applied, compelling reasons exist to seal oral argument. Courts have sealed sensitive nonpublic information implicating confidentiality interests of governments under the "compelling reasons" standard. *Hyundai*, 2019 WL 11638962, at *2. For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to Paragraphs 4-13(e) of the sealing declaration submitted in connection with NSO's Opposition to Plaintiffs' Motion for Summary Judgment. (Dkt. 419-1; *see also* Dkt. 433-1 ¶¶ 4-13.) The information provided under seal makes clear that argument at the November 7 hearing will implicate traditionally nonpublic government information for which there is no constitutional right of access. *E.g., N.Y. Times Co. v. DOJ*, 806 F.3d 682, 688 (2d Cir. 2015). International comity also militates in favor of keeping that information confidential. *E.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017). The public release of the highly sensitive information described under seal would harm NSO (Dkt. 433-1 ¶ 13(c)) and parties not before the Court (*id.* ¶¶ 4-13.)

Courts have also found "compelling reasons" to seal court records that contain "trade

secrets" or "business information that might harm a litigant's competitive standing." *Hyundai*, 2019 WL 11638962, at *1. This includes "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also Finjan, Inc. v. Proofpoint, Inc*., 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (sealing "source code directories, information about the technical operation of the products . . . and excerpts from expert depositions [and] expert report[s]").[1] Here, argument on the cross-motions for summary judgment is likely to implicate specific details regarding the functioning of NSO's technologies. The arguments regarding personal jurisdiction, and the arguments that NSO accessed WhatsApp's servers in an unauthorized manner, all turn on highly technical evidence—including reports from multiple technical experts. The release of such information would cause competitive harm to both NSO and to its government customers.

### NSO's Request Is Narrowly Tailored

There are no alternatives to closure that would adequately protect the compelling interests at issue. Importantly, however, NSO does not seek to permanently seal the entire hearing transcript. Instead, NSO should be permitted to submit narrowly tailored redactions of sealable information within twenty-one days of receipt of the final hearing transcript. *See Alivecor, Inc. v. Apple, Inc.*, 2023 U.S. Dist. LEXIS 216296, *4 (N.D. Cal. Dec. 5, 2023) (holding a "request is narrowly tailored in order to protect the public's right of access, because a redacted transcript would be filed shortly after the final transcript becomes available to the parties").

---

[1] *Accord In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc*., 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable . . . where that information could be used to the company's competitive disadvantage").

**Plaintiffs Provide No Meritorious Objection to Closing Oral Argument**

During the meet and confer process, Plaintiffs provided no meritorious objection to closing the hearing.  First, Plaintiffs' objection that the public has a general right of access to U.S. court proceedings ignores the case law above.  The public does not have a right to access certain traditionally nonpublic government information, and courts are permitted to seal information notwithstanding any such right.  Second, Plaintiffs' objection that closing a hearing would be unusual ignores both this Court's prior agreement to close two hearings and the federal judiciary's recognition that "[p]roceedings that deal with classified information, trade secrets, and ongoing investigations often are closed."[2]  Third, the handful of press articles cited by Plaintiffs, which admittedly rely on unauthenticated materials, do not warrant wholesale publication of all NSO and third-party confidential information—particularly given the highly sensitive nature of the information at issue.  The Court is respectfully referred to the sealing papers filed in connection with the relevant motions for additional argument.  (*E.g.*, Dkt. 429-1 ¶ 13(c).).

## III.     CONCLUSION

For the foregoing reasons, NSO requests that the Court close the November 7, 2024 hearing and allow NSO twenty-one days after receipt of the final hearing transcript to provide tailored redactions.


DATED: November 1, 2024                          KING & SPALDING LLP


By:  */s/Joseph N. Akrotirianakis*
        JOSEPH N. AKROTIRIANAKIS
        AARON S. CRAIG

        Attorneys for Defendants NSO GROUP
        TECHNOLOGIES LIMITED and Q
        CYBER TECHNOLOGIES LIMITED

---

[2] *See* Federal Court: Media Basics – Journalist's Guide,
https://www.uscourts.gov/statistics-reports/federal-court-media-basics-journalists-guide#:~:text=Closed%20sessions.,opposing%20motion%20when%20this%20occurs.