Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>               Plaintiffs,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>               Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CLOSE THE NOVEMBER 7, 2024 HEARING [DKT. NO. 455]**<br><br>Courtroom 3<br>Before the Honorable Phyllis J. Hamilton |

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. respectfully submit this opposition to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited's administrative motion to close the courtroom for the November 7, 2024 hearing. Dkt. No. 455. The higher "compelling reasons" standard for sealing applies to the dispositive motions calendared for the November 7 hearing, as opposed to the lesser "good cause" standard that applied to the prior hearings. NSO has failed to show any compelling reason to close the courtroom on November 7, and its request to conduct these hearings in secret should be denied.

I.  BACKGROUND

A.  The Court's Previous Hearings

The Court has previously indicated its reluctance to close the courtroom, particularly for dispositive motions. On February 16, 2023, the Court held an initial case management conference via Zoom. *See* Dkt. No. 165. Before the conference, NSO moved to seal a document discussing certain foreign court proceedings. *See* Dkt. No. 164 at 2. At the conference, the Court questioned NSO's counsel: "it seems to me that you are also trying to seal the proceedings . . . aren't they public proceedings?" Dkt. No. 182-1, Ex. B at 25:8–10. NSO's counsel replied, "I am not, nor do I believe in a sealed court system, Your Honor, as an American." *Id*. at 25:13–14 The Court concluded that "any sealing should be as narrow as possible," and instructed NSO to re-review the documents it sought to seal. *Id*. at 27:25–30:7.[1] NSO later submitted a revised version of the document with narrower redactions. *See* Dkt. No. 170.

At the two subsequent hearings—where the "good cause" standard for sealing applied—Plaintiffs did not oppose NSO's requests to close the courtroom. *See* Dkt. No. 232 (hearing on NSO's motion for a protective order and motion to dismiss for *forum non conveniens*); Dkt. No. 289 (argument over Zoom on Plaintiffs' motion to compel). However, Plaintiffs did not agree that the courtroom should be closed for all future proceedings. The Court also did not indicate that the courtroom would be closed for all future proceedings, let alone hearings on dispositive motions. Indeed, in

---

[1] Plaintiffs did not oppose NSO's sealing "for purposes of this conference," but "did also say very specifically that we reserve the right to revisit the propriety of sealing going forward . . . because, as the Court noted, this is a matter of intense public interest." *Id.* at 30:18–31:10.

granting NSO's request to close the courtroom for the November 2, 2023 hearing, the Court noted that it had granted the underlying motions to seal, the case was not at the dispositive motion stage, and the lower "good cause" standard applied.  Dkt. No. 256 at 9:14–25.  Notably, the Court also informed the parties that the November 2, 2023 hearing was the first time that it closed the courtroom in a noncriminal matter.  *See id.* at 63:13–17.

### B.  NSO's Sealing Motions in Connection with the November 7 Hearing

NSO has made overly broad requests for sealing in connection with the summary judgment and sanctions motions to be argued at the November 7 hearing.[2]  For example, NSO has moved to seal significant portions of nearly *every* document filed in connection with the competing summary judgment briefs, including substantial portions of every brief.  *See* Dkt. No. 396 at 2; Dkt. No. 413 at 2–3; Dkt. No. 419 at 2; Dkt. No. 432 at 2; Dkt. No. 433 at 2; Dkt. No. 446 at 2; Dkt. No. 447 at 2.  And NSO has similarly moved to seal significant portions of the briefs filed in connection with Plaintiffs' motion for terminating sanctions.  *See* Dkt. No. 417 at 2; Dkt. No. 429 at 2; Dkt. No. 454 at 2.

### C.  Plaintiffs' Sealing Motions in Connection with the November 7 Hearing

Unlike NSO, Plaintiffs have taken a narrow approach to sealing, which is consistent with Ninth Circuit precedent and this Court's practices.  Plaintiffs seek to seal exhibits referencing confidential personal information (e.g., individual compensation information) and names of non-witness individuals.  *See* Dkt. No. 400 at 1–2; Dkt. No. 414 at 2–3; Dkt. No. 420 at 1–2.  Plaintiffs also seek to seal five exhibits NSO submitted in connection with its motion for summary judgment.  *See* Dkt. No. 414 at 2–3.  Plaintiffs did not seek to seal the limited portions of the briefs that discuss these exhibits—or any other portions of the parties' briefs.  *See* Dkt. No. 396-2 at 19, 19 n.15 (citing the exhibits Plaintiffs seek to seal without discussion).  This means that the parties can argue the motions without discussing any of the limited information that Plaintiffs have sought to maintain under seal.

---

[2]  If the Court hears argument on November 7 on any of the pending discovery disputes, Plaintiffs object to closing the courtroom.  NSO and its affiliates have sought to seal only two documents as reflecting confidential business information and sensitive non-public information.  *See* Dkt. No. 384; Dkt. No. 441.  No party needs to describe any information contained within these documents to argue the discovery motions.  Plaintiffs do not object to public discussion of any information they sought to seal in connection with the discovery motions.  *See* Dkt. No. 382.

## II. ARGUMENT

The Court can only close the courtroom for the November 7 hearing if NSO shows that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phx. Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998); *see also Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (equating "compelling interest" standard for closing courtroom with "compelling reason" standard for sealing documents). NSO has failed to show a compelling interest, much less that the compelling interest would be harmed if the courtroom were not closed for argument on the parties' motions for summary judgment and Plaintiffs' motion for terminating sanctions. Additionally, there are alternatives to closing the courtroom, because the parties can easily argue these motions without referencing the contents of the few exhibits that might meet the high standard for sealing, none of which are crucial to the merits of the motions. NSO's request to hold these hearings in secret should therefore be denied.

### A. NSO Must Show a Compelling Interest in Closing the Courtroom

The Court may only close the courtroom for the hearing on the parties' summary judgment motions if there is a "compelling interest" for doing so. *See* Dkt. No. 455 at 2; *In re LDK Solar Sec. Litig.*, 2010 WL 724809, at *1 (N.D. Cal. Mar. 1, 2010) ("'[C]ompelling reasons' are required to seal documents used in dispositive motions such as motions for summary judgment, just as compelling reasons would be needed to justify a closure of a courtroom during trial."). The same "compelling interest" standard applies to NSO's request to close the courtroom for the hearing on Plaintiffs' motion for terminating sanctions because it is potentially dispositive. *See* Dkt. No. 439 at 2. Even if the Court applied the lower "good cause" standard to Plaintiffs' motion for terminating sanctions, as NSO requests, NSO would still be unable to close the courtroom for the November 7 hearing given that much of what NSO seeks to seal is already public. *See* Dkt. No. 415 at 3–4.

### B. NSO Has Not Shown Compelling Reasons to Close the Courtroom

The public's right to access a hearing is overcome only by a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v.*

|   |   |
|---|---|
| 1 | *Superior Court*, 478 U.S. 1, 9 (1986).  "Unless a particular court record is one 'traditionally kept |
| 2 | secret,' a 'strong presumption in favor of access' is the starting point" and "[a] party seeking to seal |
| 3 | a judicial record then bears the burden of overcoming this strong presumption by meeting the 'com- |
| 4 | pelling reasons' standard."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th |
| 5 | Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To |
| 6 | meet this standard, NSO must "articulate compelling reasons supported by specific factual findings |
| 7 | that outweigh the general history of access and the public policies favoring disclosure, such as the |
| 8 | public interest in understanding the judicial process."  *Id*. (cleaned up). |

Courts rarely find compelling reasons to close courtrooms for dispositive motion hearings. For instance, at the summary judgment hearing in *City of Orlando Police Pension Fund v. Page*, the parties had moved to seal certain materials filed in connection with their motions, but the Court refused to close the courtroom, noting "it's not likely I'd ever throw people out and lock doors."  Transcript of Proceedings at 3:11–12, *City of Orlando Police Pension Fund v. Page*, No. 4:13-cv-02038-PJH (N.D. Cal. Feb. 27, 2014), Dkt. No. 77.  And in last year's summary judgment hearing in *Cisco Systems, Inc. v. Chung*, the Court noted that the parties had filed a combined 39 motions to seal.  *See* Reporter's Transcript of Proceedings at 114:4–9, *Cisco Sys., Inc. v. Chung*, No. 4:19-cv-07562-PJH (N.D. Cal. Feb. 28, 2023), Dkt. No. 371.  The Court then observed: "I understand businesses such as the ones you represent always want to keep all their information private.  This is a public forum.  Our trial is going to be public.  And the standard that I impose, the Ninth Circuit compelling needs standard, would require that I lock the doors to the courtroom or not show the exhibits to anyone in the audience.  I haven't seen anything in any of these papers that comes even close to that."  *Id*. at 114:9–16.[3]

NSO has failed to show a "compelling interest" that would be harmed if the courtroom were not closed.  First, NSO's attempt to equate the information at issue here to "traditionally nonpublic government information for which there is no constitutional right of access," Dkt. No. 455 at 3, is a

---

[3]  The Court later denied the sealing motions for failing to meet the "compelling reasons" standard.  *Cisco Sys., Inc. v. Chung*, 2023 WL 2622155, at *14 (N.D. Cal. Mar. 22, 2023).  The Court gave the parties the opportunity to file a "renewed, narrowed" motion to seal exhibits, but refused to allow the parties to file briefs under seal.  *Id*.

4

Pls.' Opp. to Defs.' Admin. Mot. to Close the November 7, 2024 Hearing - Case No. 4:19-cv-07123-PJH

non-starter. NSO is a private company and did not produce actual contracts with identifiable customers, or information about the identities of its customers. Even if it had, contracts of the U.S. government are not protected from public disclosure. *See Kamakana,* 447 F.3d at 1178 (noting limited categories of documents "not subject to the right of public access at all"). Second, NSO's claim that the information is the equivalent of trade secrets and would adversely impact it in the market for illegal spyware, Dkt. No. 455 at 3–4, should be rejected. NSO did not produce any source code or other highly technical information, distinguishing its conduct from nearly all of the cases it cites. *See id*. Indeed, much of the "highly technical evidence" that NSO references in its motion, *id*. at 4, confirms the information that Plaintiffs already publicly alleged in the complaint. None of the briefs address technical issues in a level of detail likely to cause harm, especially since NSO claims none of the technology has been functional for at least four years. Finally, as explained in Plaintiffs' oppositions to certain of NSO's motions to seal, NSO seeks to seal discussions of Israeli restrictions that have been described in multiple public reports and are accordingly matters of public record. *See, e.g.*, Dkt. No. 415 at 3 n.2. No compelling reason can exist to protect from disclosure information that has already been made public. *Kamakana*, 447 F.3d at 1184.

### C.     There Is An Adequate Alternative To Closing the November 7 Hearing

Finally, there is an alternative to closure that would adequately protect whatever compelling interests the parties may actually have: the parties can avoid discussing any details of exhibits that are truly confidential, and can instead request a sidebar to discuss the need to close the courtroom for any portion of the argument. As described above, Plaintiffs are not moving to seal any information whatsoever within the parties' briefs, and neither party needs to discuss in detail any of the limited information Plaintiffs have sought to seal in connection with the summary judgment briefing. If NSO had made appropriately narrow sealing requests, then it would be apparent that both parties can fully argue the motions at issue without needing to describe on the record information for which there are actually compelling reasons for closure.

### III.    CONCLUSION

For the foregoing reasons, the Court should deny NSO's request to close the courtroom for the November 7, 2024 hearing.

Dated: November 5, 2024

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
    antonio.perez@davispolk.com
    gina.cora@davispolk.com
    craig.cagney@davispolk.com
    luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*