Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Micah G. Block, declare as follows:

1. I am a partner of the law firm of Davis Polk & Wardwell LLP and admitted to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action (the "Action"). I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this Declaration pursuant to Civil Local Rule 79-5 in support of the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal filed concurrently herewith.

3. On October 2, 2024, Plaintiffs filed their Notice of Motion and Motion for Sanctions: Memorandum of Points and Authorities in Support Thereof (Dkt. No. 405-2) ("Plaintiffs' Motion for Sanctions") under seal pursuant to Civil Local Rule 79-5, as it referred to materials that had been designated by NSO as "Highly Confidential – Attorneys' Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order (Dkt. No. 132) (the "Stipulated Protective Order").

4. On October 23, 2024, Plaintiffs filed their Reply Memorandum of Points and Authorities in Support of Motion for Sanctions (Dkt. No. 443-3) (the "Reply") under seal pursuant to Civil Local Rule 79-5, as it also referred to materials that had been designated by NSO as "Highly Confidential – Attorneys' Eyes Only" pursuant to Stipulated Protective Order.

5. On November 7, 2024, the Court ordered the parties to file unsealed versions of several briefs, including Plaintiffs' Motion for Sanctions and the Reply. Nov. 7, 2024 Hr'g Tr. at 95:15–16. The Court stated it would allow "any information pertinent to the [foreign law] restrictions" to be sealed by way of redaction. *Id.* at 93:14–18.

6. On November 13, 2024, counsel for Defendants requested Plaintiffs redact specific references to foreign law restrictions in Plaintiffs' Motion for Sanctions and the Reply.

7. Attached hereto is a true and correct copy of the unredacted version of Plaintiffs' Motion for Sanctions, with Defendants' requested redactions highlighted.

8. Attached hereto is a true and correct copy of the unredacted version of the Reply, with Defendants' requested redactions highlighted.

1

9. Plaintiffs take no position as to whether Defendants' requested redactions satisfy the requirements for sealing, and specifically reserve the right to challenge any confidentiality designations under the Stipulated Protective Order governing this Action as well as the sealability of the materials at issue.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 14th day of November, 2024 at Menlo Park, California

By:

/s/ Micah G. Block
Micah G. Block

2

DECL. OF M. BLOCK ISO ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FUS
CASE NO. 4:19-CV-07123-PJH