JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 471]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. No. 471). Plaintiffs identify portions of their Motion for Sanctions (the "Sanctions Motion") and Reply in Support of Motion for Sanctions (the "Sanctions Reply") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132).

As a preliminary matter, Defendants submit that this Administrative Motion is procedurally improper. On November 7, 2024, the Court ordered the parties to file unsealed versions of several briefs, including the Sanctions Motion and Sanctions Reply. *See* Nov. 7, 2024 Hr'g Tr. at 95:15–16. The Court stated it would allow the parties to "redact any information pertinent to the [foreign law] restrictions, the foreign restrictions that we have talked about throughout the course of this case." *Id.* at 93:15–18. The Court ordered the parties to file new copies of the briefs with such material redacted. *Id.* at 94:12–16. Further, Civil Local Rule 79-5(b) is clear that no motion to seal is necessary if a "prior court order in the same case authorizes the part(ies) to file certain documents under seal." Hence, Plaintiffs should have filed the redacted copies of the Sanctions Motion and Sanctions Reply on the docket, without filing their Administrative Motion. If Plaintiffs had concerns about the scope of the redactions, as opposed to the category of information being redacted, those should have been addressed between the parties prior to their filings. While Defendants do not concede this Administrative Motion was proper or necessary, Defendants nevertheless submit this statement pursuant to Civil Local Rule 79-5(F)(3).

I. **ARGUMENT**

A. **Legal Standard**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.

1  The appropriate standard for sealing on Plaintiffs' motion seeking discovery-related sanctions is "good cause." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are the only weights on the scale.") (internal quotation marks and citation omitted). A motion for terminating sanctions based on a purported failure to provide discovery "does not concern the merits" of a plaintiff's claims. *See Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS(NLS), 2016 WL 5110453, at *1 n.1 (S.D. Cal. Sept. 21, 2016) (emphasis added). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). For reasons shown below, Defendants easily satisfy the "good cause" standard with respect to the indicated portions of the Sanctions Motion and Sanctions Reply. Indeed, the Court has already held that much of the redacted information warrants sealing. *See, e.g.*, Dkt. Nos. 217, 233, 292, 305, 370.

Regardless, even if the Court were to apply the more demanding "compelling reasons" sealing standard, that standard is likewise satisfied. It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety*, 809 F.3d at 1096).

Here, Defendants easily satisfy the applicable good-cause standard. Indeed, courts have upheld the sealing of sensitive non-public information implicating confidentiality interests of government bodies even under the "compelling reasons" sealing standard, which is far more exacting than the good-cause standard that governs here. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019). Principles of comity also support sealing the information at issue here, as another Court in this district recently held. *See Apple Inc. v. NSO Group Techs. Ltd.*, Case No. 21-cv-09078-JD, Order re Voluntary Dismissal and Sealing, Dkt. No. 103, (N.D. Cal. Nov. 12, 2024) ("Although the Court strongly favors public access to all judicial proceedings and filings, the requests are based on comity for overseas tribunals. Sealing is granted on that basis, as was done in a prior sealing order." (citation omitted).)

For additional background, argument, and authorities relevant to this topic, the Court is respectfully referred to Paragraphs 2 and 4-13 of the sealing declaration submitted in connection with NSO's opposition to the Sanctions Motion (Dkt. No. 429-1).

### B. Documents and Information Requiring Sealing

The above-referenced considerations supply good cause (and compelling reasons) for sealing the Materials identified in Plaintiffs' Administrative Motion (Dkt. No. 471). Accordingly, the Court should grant Plaintiffs' Administrative Motion and maintain those Materials under seal.

The redacted portions of Plaintiffs' Sanctions Motion (Dkt. No. 472) and Sanctions Reply (Dkt. No. 473) refer to information that is subject to foreign legal restrictions and confidentiality obligations discussed in detail in Paragraphs 2 and 4-13 of the sealing declaration that NSO submitted in connection with its opposition to the Sanctions Motion (Dkt. No. 429-1). Those paragraphs supply good cause (and compelling reasons) to seal the identified portions of Plaintiffs' Sanctions Motion and Sanctions Reply. Further, the redacted portions of Plaintiffs' Sanctions Motion and Sanctions Reply refer to the information pertinent to the foreign law restrictions that the Court stated during the November 7, 2024 hearing that it would allow the parties to redact.

Good cause and compelling reasons both exist to seal the Materials. Defendants have analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the minimum necessary to meet their legal obligations and to preserve their confidential information. Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion.

DATED: November 21, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED