1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11

12  WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
13  corporation,                                   **DEFENDANTS NSO GROUP
                                                   TECHNOLOGIES LIMITED AND Q
14              Plaintiffs,                        CYBER TECHNOLOGIES LIMITED'S
                                                   MOTION TO SUBSTITUTE EXPERT**
15        v.
                                                   *[Filed concurrently with Administrative
16  NSO GROUP TECHNOLOGIES LIMITED                 Motion, Declaration of Joseph N.
    and Q CYBER TECHNOLOGIES LIMITED,              Akrotirianakis and Proposed Order]*
17
                Defendants.                        Date:  January 16, 2025
18                                                 Time:  1:30 p.m.
                                                   Place: Courtroom 3, Ronald V. Dellums
19                                                        Federal Building & U.S. Courthouse,
                                                          1301 Clay Street, Oakland, California
20

21                                                 Action Filed: 10/29/2019

22

23

24

25

26

27

28

**PLEASE TAKE NOTICE** that on January 16, 2025, at 1:30 p.m., or such other date determined by the Court,[1] Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively "NSO") will bring on for hearing before the Honorable Phyllis J. Hamilton, United States District Judge, in the United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California, a motion to substitute NSO's expert John Town with Joshua Minkler and to modify the case schedule as necessary to permit Plaintiffs to take Mr. Minkler's deposition and file any motions they wish to file concerning Mr. Minkler's testimony. The motion is based on the following Points and Authorities; the Declaration of Joseph N. Akrotirianakis ("Akro. Decl.") and the exhibits thereto; the pleadings, papers, and records on file in this case; and such oral argument as may be presented. ***Defendants believe the issues raised in this motion are straightforward and may be resolved without oral argument.***

## POINTS AND AUTHORITIES

The Court should grant NSO's motion and allow NSO to substitute its previously timely-disclosed expert, Mr. Town, with Mr. Minkler. Through no fault of NSO, Mr. Town has recently withdrawn as NSO's expert. As soon as NSO learned of Mr. Town's withdrawal, it began searching for a new expert to offer opinions consistent with Mr. Town's. NSO engaged Mr. Minkler, the first unconflicted expert it contacted, and immediately notified Plaintiffs on November 27, who nonetheless opposed substitution for reasons having nothing to do with the factors relevant to expert substitution. Courts in this Circuit routinely allow expert substitutions in similar circumstances, when a expert becomes unavailable through no fault of a party and the party acts diligently to find a substitute expert. *E.g.*, *Jones v. Nat'l R.R. Passenger Corp.*, 2022 WL 689000, at *2 (N.D. Cal. Feb. 23, 2022); *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *2 (N.D. Cal. Nov. 19, 2024). Mr. Minkler's opinions will be substantially similar to Mr. Town's disclosed opinions, so Plaintiffs will suffer no prejudice from substitution. For these reasons, the Court should grant NSO's motion and permit it to substitute Mr. Minkler for Mr. Town.

***Background.*** Consistent with the schedule ordered by this Court, NSO timely disclosed

---

[1] Along with this motion, Defendants are filing an administrative motion to shorten the briefing schedule for this motion. If the Court grants the administrative motion, it should accordingly advance the hearing date for this motion or vacate the hearing and resolve this motion on the papers.

1    the expert opinions of John "Jay" Town, the former U.S. Attorney for the Northern District of
2    Alabama, on August 30, 2024. (Akro. Decl. Exh. A.) On November 7, 2024, and without prior
3    notice to NSO, Mr. Town informed NSO that he would not be able to continue serving as an expert
4    in this case.  In conversations with NSO's counsel between November 8 and November 10, Mr.
5    Town—who has spent most of his legal career in public service—explained that he expects to return
6    to public service in the incoming Presidential administration.  For that reason, Mr. Town stated that
7    he was unable to continue to serve as an expert for NSO in this matter. (Akro. Decl. ¶ 3.)

8    NSO promptly began searching for a new expert to serve in Mr. Town's place. (Akro. Decl.
9    ¶ 4.) On November 8—the day after Mr. Town first informed NSO of his intent to withdraw—
10   NSO's counsel began contacting potential experts. (*Id.*)  Between November 8 and November 24,
11   counsel contacted seven candidates who informed counsel that they were unable to serve as experts
12   because of conflicts with their firms' past or present representations of Plaintiff Meta Inc. in
13   unrelated matters or, like Mr. Town, conflicts with anticipated political appointments. (*Id.*)

14   Mr. Minkler was the first expert contacted by Defendants who agreed to serve as NSO's
15   expert. (*Id.*)  Mr. Minkler previously served as U.S. Attorney for the Southern District of Indiana,
16   and is presently a lawyer in Indianapolis. (Akro. Decl. Exh. B.) NSO finalized Mr. Minkler's
17   engagement on November 26. (Akro. Decl. ¶ 6.)  The next day, NSO informed Plaintiffs of its
18   need to substitute Mr. Minkler for Mr. Town and requested Plaintiffs' consent to that substitution.
19   (Akro. Decl. Exh. C.)  Mr. Minkler expects to complete his Rule 26 disclosure on or before
20   December 13, 2024, and Defendants expect to serve the disclosure on that date. (Akro. Decl. ¶ 6.)

21   On December 6, without identifying any undue delay by NSO or prejudice to Plaintiffs,
22   Plaintiffs stated an intent to oppose the substitution. (Akro. Decl. Exh. D.)  Plaintiffs contended
23   that Mr. Minkler's opinions are irrelevant and cumulative—arguments that Plaintiffs could
24   potentially raise in a potential motion to exclude Mr. Minkler but that are not relevant to whether
25   substitution is appropriate. (*Id.* Exh. D and ¶ 9.) Plaintiffs' position necessitated this motion.

26   **_Argument._**  The Court should grant substitution under Rule 16, which provides that a
27   pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ.
28   P. 16(b)(4); *see Jones*, 2022 WL 689000, at *2. Good cause exists here because NSO acted

diligently to replace Mr. Town and because the substitution will not prejudice Plaintiffs. *See id.*

*First*, NSO "brought the instant motion with reasonable diligence." *Id.* at *3. NSO's "counsel began searching for a new expert witness . . . immediately upon learning that" Mr. Town intended to withdraw, *id.*—indeed, counsel began contacting potential new experts *the very next day* after Mr. Town first informed NSO on November 7, 2024. (Akro. Decl. ¶¶ 3-4.) NSO engaged the first expert who did not have a conflict and immediately informed Plaintiffs. (*Id.* ¶ 7.) This reflects at least as much diligence as courts have found to be reasonable in other cases. *E.g.*, *Jones*, 2022 WL 689000, at *3-4; *Estate of Clifford v. Placer Cty.*, 2018 WL 746475, at *2 (E.D. Cal. Feb. 6, 2018); *In re Northrop Grumman Corp. ERISA Litig.*, 2016 WL 6826171, at *3 (C.D. Cal. Apr. 7, 2016); *Kaepplinger v. Michelotti*, 2021 WL 2633312, at *5-6 (N.D. Ill. June 25, 2021). Moreover, "[c]ourts also routinely permit substitution where the original expert report was timely," as Mr. Town's was here. *Jones*, 2022 WL 689000, at *3; *see also Neaman v. United States*, 2018 WL 797419, at *2-3 (D. Nev. Feb. 7, 2018) (granting substitution when expert "no longer willing to serve as plaintiffs' expert" because "she had taken a job with the Veteran's Administration").

*Second*, Plaintiffs will not suffer any prejudice from the requested substitution. As courts generally require in these circumstances, Mr. Minkler's "report and testimony" will be "substantially similar" to Mr. Town's and "limited to the subject matter and theories already espoused by" Mr. Town. *Jones*, 2022 WL 689000, at *3. Plaintiffs have not taken Mr. Town's deposition. Plaintiffs thus will not have to perform any meaningful new work to respond to Mr. Minkler's opinions that they have not already performed in connection with Mr. Town's opinions. In addition, NSO has offered both to extend the expert deposition period so that Plaintiffs can adequately depose Mr. Minkler and to extend the deadline for Plaintiffs to move to exclude Mr. Minkler, while also *shortening* NSO's own deadline to oppose any motion to exclude in order to avoid any negative impact on the case schedule. (Akro. Decl. ¶ 11.) Courts consistently grant substitution in similar circumstances. *E.g.*, *Jones*, 2022 WL 689000, at *3-4; *Kaepplinger*, 2021 WL 2633312, at *6-7.

*Third*, Plaintiffs' stated objections to this motion are irrelevant to whether substitution is appropriate. Without seeing Mr. Minkler's opinions, Plaintiffs contend that they are irrelevant and

cumulative of the opinions offered by a separate expert timely disclosed by NSO, Col. Ty Shepard (ret.). Those arguments are wrong, but even if they were correct, they would be relevant only to a potential motion *in limine* to limit or exclude Mr. Minkler's opinions at trial. Substituting Mr. Town with Mr. Minkler will not prevent Plaintiffs from filing such a motion, and indeed NSO has offered procedural concessions to *enable* such a motion. But the arguments Plaintiffs would raise in such a motion have no bearing on whether "good cause" exists for substitution under Rule 16. *Jones*, 2022 WL 689000, at *2. As the court in *Jones* recognized, a party's "objections regarding the scope of [a] substitute expert's testimony" may be raised "in an in limine motion closer to trial," not in an opposition to substitution. *Id.* at *4; *see also Northrop Grumman*, 2016 WL 6826171, at *3 (finding "objections" to substitute expert's opinions were "more properly the subject of a motion *in limine*, which would allow the Court to evaluate the scope of [his] proposed testimony with complete briefing from the parties and with the benefit of [his] deposition testimony").

**_Proposed Modification of the Case Schedule_**: Defendants propose the following modifications be made to the Case Schedule:

**Discovery Cutoff**: The discovery cutoff should be extended from December 16, 2024, to January 8, 2025, for purpose of the taking Mr. Minkler's deposition, and the deadline for any related expert discovery motions should be extended from December 23, 2024, to January 15, 2025.

**Motions *in Limine*/*Daubert* Motions:** As to Mr. Minkler, the deadline for filing motions *in limine* or *Daubert* motions be extended from January 9, 2025, to January 15, 2025, with Defendants' deadline to oppose such motions remaining January 23, 2025.

### CONCLUSION

The Court should grant NSO's motion and allow NSO to substitute its expert John Town with Joshua Minkler. The Court should also grant a limited extensions of the case schedule for the purpose of allowing Plaintiffs to depose Mr. Minkler and file motions related thereto.

Dated: December 11, 2024

KING & SPALDING LLP

By: *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*