JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>  Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS' MOTION TO SUBSTITUTE DEFENDANTS' EXPERT JOHN TOWN AND IN SUPPORT OF ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE**<br><br>Action Filed:  10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court. I am a partner in the law firm of King & Spalding LLP and lead counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2. As required by the Court-ordered case schedule, NSO timely disclosed the opinions of its expert John "Jay" Town on August 30, 2024. A true and correct copy of Mr. Town's expert report is attached hereto as **Exhibit A**.

3. On November 7, 2024, Mr. Town informed a partner of mine whom he has known for many years that he would need to withdraw as NSO's expert. In further communications between myself and Mr. Town on November 8 and November 10, 2024, Mr. Town confirmed that he was no longer willing to serve as an expert witness in this matter because of his anticipated further public service in the incoming Presidential administration.

4. Defendants' counsel, including myself, began searching for a new expert to serve in Mr. Town's stead on November 8, 2024. Between November 8 and November 24, 2024, Defendants' counsel contacted eight potential experts, including Joshua Minkler. Of the eight potential experts, only Mr. Minkler was willing and able to serve as an expert for NSO. The other seven all stated that they had conflicts precluding them from serving as experts in this case, some because they work for firms that represent or have represented Plaintiff Meta Inc. in unrelated matters, and others because they expect to serve in the incoming administration.

5. Mr. Minkler is currently a partner at Barnes & Thornburg LLP. Similar to Mr. Town, Mr. Minkler previously served as the United States Attorney, in Mr. Minkler's case for the Southern District of Indiana. Mr. Minkler also served as an Assistant United States Attorney and as a local prosecutor. A copy of Mr. Minkler's public law-firm profile is attached here as **Exhibit B** and available online at https://btlaw.com/en/people/joshua-minkler.

6. I have discussed the scope of Mr. Minkler's opinions with him. His report in this matter will state opinions substantially similar to those timely offered by Mr. Town. Mr. Minkler will not offer any opinions that exceed or conflict with Mr. Town's opinions. Defendants anticipate producing Mr. Minkler's Rule 26 disclosure by December 13, 2024.

7. We finalized Mr. Minkler's engagement on November 26, 2024. The next day, I sent a letter to Plaintiffs' counsel Greg Andres, informing Plaintiffs of NSO's need and intent to substitute Mr. Minkler for Mr. Town. The letter asked Plaintiffs to agree to a stipulated motion to permit the substitution. The letter also offered to extend the expert discovery period, if necessary, to enable Plaintiffs to depose Mr. Minkler. A true and correct copy of my letter to Mr. Andres is attached hereto as **Exhibit C.**

8. On December 5, 2024, I met and conferred with Plaintiffs' counsel about NSO's motion to substitute and some additional matters. During the conference and in the communications setting it up, Defendants' counsel explained to Plaintiffs' counsel the timeline of events leading to the substitution, and confirmed that "Mr. Minkler's opinions will not be contrary to or inconsistent with Mr. Town's opinions; they will be 'substantially similar.'" We also offered to extend the deadline for Plaintiffs to file any motion to exclude Mr. Minkler, while also *shortening* NSO's deadline to oppose that motion to avoid any negative impact on the case schedule. During our conference, Plaintiffs' counsel did not specify any objection but said they would consider the matter and get back to us.

9. On December 9, 2024, Plaintiffs' counsel Luca Marzorati sent me an email stating that Plaintiffs "object to the substitution of Mr. Town with Mr. Minkler, and will oppose NSO's motion to substitute experts and extend the expert discovery period." Mr. Marzorati wrote that Plaintiffs "believe that Mr. Minkler's anticipated expert report would be duplicative of Col. Shepard's expert report, and irrelevant to any issue in the case." Mr. Marzorati did not contend that NSO failed to act diligently in seeking to substitute Mr. Town or identify any prejudice that Plaintiffs would suffer from substitution. A true and correct copy of Mr. Marzorati's email is attached hereto as **Exhibit D**.

10. On the morning of December 11, 2024, Defendants' counsel asked Plaintiffs' counsel during a telephone conference if Plaintiffs' counsel would stipulate to a shortened briefing schedule on the Motion to Substitute, with Plaintiffs' opposition being due December 18, 2024, and Defendants' Reply being due December 20, 2024. Plaintiffs' counsel did not agree to the request, but instead proposed a more prolonged briefing schedule which would continue the briefing of this motion into the week commencing December 23, 2024.

11. Defendants request that Plaintiffs be permitted to take Mr. Minkler's deposition up to and including January 8, 2025, and that the deadline for filing motions *in limine* or *Daubert* motions with respect to Mr. Minkler be extended from January 9, 2025, to January 15, 2025. Defendants' deadline to oppose such motions shall remain January 23, 2025. In other words, Defendants are agreeing to shorten the time period they have to oppose such motions so as avoid any negative impact on the case schedule.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of December 2024, in Los Angeles, California.

　　　　　　　　　　　/s/ *Joseph N. Akrotirianakis*
　　　　　　　　　　　JOSEPH N. AKROTIRIANAKIS