Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC. and META PLATFORMS, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>  Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE FOR DEFENDANTS' MOTION TO SUBSTITUTE EXPERT JOHN TOWN**<br><br>Ctrm:  3<br>Before the Honorable Phyllis J. Hamilton<br><br>Action Filed: Oct. 29, 2019 |

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. oppose the administrative motion of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO") to shorten the briefing schedule for NSO's motion to substitute its expert witness, Jay Town, for a new person, Joshua Minkler. Dkt. No. 481. An abbreviated briefing schedule would unfairly prejudice Plaintiffs in opposing NSO's substitution motion, which, if granted, would itself prejudice Plaintiffs and cause significant and untenable changes to the case schedule.

Under Civil Local Rule 6-3, a party seeking to shorten a briefing schedule must show, in a motion supported by a declaration, the "substantial harm or prejudice that would occur if the Court did not change the time." N.D. Cal. Civ. L.R. 6-3(a). The moving party may not leave the Court "to guess or read between the lines of [the moving party's] briefs and declaration to suss out the prejudice they might suffer." *Wilson v. Frito-Lay N. Am., Inc.*, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015). Here, NSO ignores Civil Local Rule 6-3 and fails to attach any declaration to its administrative motion, let alone a declaration with "substantive averments of fact to support or address why good cause exists to shorten the briefing schedule." *Eisner v. Meta Platforms, Inc.*, 2024 WL 2112894, at *2 (N.D. Cal. Apr. 29, 2024). Instead, NSO asserts that the expedited schedule is necessary to avoid "any negative impact on the current case schedule." Dkt. No. 481 at 1.

Any "negative impact on the current case schedule," however, stems from NSO's motion to substitute and delay in raising the issues it seeks to address (as further explained below). That prejudice would occur irrespective of whether or not Plaintiffs oppose NSO's motion on an expedited basis. NSO filed its motion to substitute five days before the close of expert discovery on December 16. As of today (December 16), Plaintiffs have yet to receive any Rule 26 disclosure or expert report from NSO's proposed new expert (Mr. Minkler).[1] Any deposition of Mr. Minkler would necessarily take place weeks after the close of expert discovery, given the inevitable difficulty of scheduling another expert deposition over the holidays in an already tight case schedule. A deposition of Mr. Minkler would also demand corresponding changes to the Court-ordered deadlines for Plaintiffs' *Daubert* motions (currently due January 9) and motions *in limine* (currently due January 16). Such

---

[1] NSO represented to the Court that it anticipated producing Mr. Minker's expert report by December 13. Dkt. No. 480-1 ¶ 6 ("Defendants anticipate producing Mr. Minkler's Rule 26 disclosure by December 13, 2024."). NSO did not meet that timing.

1

changes would necessarily cut into Plaintiffs' time to prepare for trial, which is scheduled to begin on March 3, 2025.

NSO asserts that "[s]even days is more than adequate for Plaintiffs to prepare an opposition to NSO's Motion to Substitute," Dkt. No. 481 at 1, but these seven days are the same days during which Plaintiffs' counsel had to prepare for and take the deposition of NSO's main technical expert, Terrence McGraw, among other pretrial preparation. Decl. of Gina M. Cora in Supp. of Pls.' Opp. ("Cora Decl.") ¶ 7. Plaintiffs' counsel explained this issue to NSO's counsel and also explained that Plaintiffs' counsel were contending with other pre-existing work commitments and illness. *Id*. Nonetheless, Plaintiffs offered to file their opposition to NSO's motion to substitute on December 20 (rather than the requested December 18). *Id*. NSO ignores all of this.

NSO also ignores that it could have filed its motion to substitute sooner and thus avoid seeking to shorten Plaintiffs' opposition time. NSO had notice of Mr. Town's withdrawal since November 7, *see* Dkt. No. 480-1 ¶ 3; did not inform Plaintiffs' counsel of its intention to move to substitute Mr. Town for Mr. Minkler until November 27, *id.* ¶ 7; had notice that Plaintiffs would oppose the substitution motion since December 6, *see* Cora Decl. ¶ 4; and first raised its desire to expedite the briefing schedule on December 11, *id.* ¶ 6, which was the same day NSO filed its motions to substitute and to shorten the briefing schedule, *see* Dkt. No. 480. NSO, moreover, filed its motions the day after it took the deposition of Plaintiffs' main technical expert on December 10, Cora Decl. ¶ 5, presumably because that timing suited NSO. NSO should not be able to force Plaintiffs to respond on an abbreviated basis in order to solve a "problem of [its] own making." *Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion to shorten briefing schedule).

Plaintiffs respectfully request that the Court deny NSO's administrative motion.

2

Pls.' Opp. to Defs.' Mot. to Shorten Briefing Schedule for Defs.' Mot. to Substitute Expert John town
Case No. 4:19-cv-07123-PJH

Dated: December 16, 2024        Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Gina Cora*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           craig.cagney@davispolk.com
           gina.cora@davispolk.com
           luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road
    Redwood City, CA 94063
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

3

PLS.' OPP. TO DEFS.' MOT. TO SHORTEN BRIEFING SCHEDULE FOR DEFS.' MOT. TO SUBSTITUTE EXPERT JOHN TOWN
CASE NO. 4:19-CV-07123-PJH