1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      OAKLAND DIVISION

11   WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
12   corporation,                                  **DEFENDANTS NSO GROUP
                                                   TECHNOLOGIES LIMITED AND Q
13              Plaintiffs,                         CYBER TECHNOLOGIES LIMITED'S
                                                   ADMINISTRATIVE MOTION TO FILE
14         v.                                      UNDER SEAL**

15   NSO GROUP TECHNOLOGIES LIMITED                Judge:   Hon. Phyllis J. Hamilton
     and Q CYBER TECHNOLOGIES LIMITED,
16                                                 Action Filed:   10/29/2019
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain portions of and exhibits supporting Defendants' Motion to Strike the Supplemental Report of Dana Trexler, CPA/CFF (the "Motion to Strike").  Unredacted versions of the Motion to Strike and supporting exhibits (the "Sealed Documents") are attached as Exhibits 1 and A, B, C, and D to the Declaration of Aaron S. Craig ("Craig Declaration" or "Craig Decl.") filed currently herewith.  The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.    LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal materials that are not related to a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180.

## II.    LEGAL ARGUMENT

As shown below, this Motion is supported by good cause based on the facts attested to in the Craig Declaration.  Accordingly, the Sealed Documents should be sealed.

1    ***The Trexler Reports (Craig Exhs. A and D).***  Plaintiffs designated the Trexler reports

2    attached as Exhibits A and D as Highly Confidential—Attorney's Eyes Only pursuant to the

3    Stipulated Protective Order in this case (Dkt. No. 132).  These reports contain discussion of

4    confidential and competitively sensitive documents and information produced by both parties,

5    including the NSO Revenue Spreadsheet.  *See* Craig Decl. ¶¶ 4 and 7.  They also contain an

6    analysis of the compensation of several of Plaintiffs' employees that Ms. Trexler argues represents

7    a proper measure of damages in this case.  These materials warrant sealing for the same reasons

8    discussed below with respect to the NSO Revenue Spreadsheet.

9    ***The NSO Revenue Spreadsheet (Craig Decl. Exh. B).***  The NSO Revenue Spreadsheet

10   (Craig Decl. Exh. B) contains confidential and commercially sensitive financial data, the public

11   disclosure of which could harm NSO competitively.  *See* Craig Decl. ¶ 5.  These factors warrant

12   sealing of this document.  *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015

13   WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information,

14   when kept confidential by a company, is appropriately sealable under the 'compelling reasons'

15   standard where that information could be used to the company's competitive disadvantage");

16   *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June

17   20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when

18   such files contain "business information that might harm a litigant's competitive standing."); *In re*

19   *Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal.

20   Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business

21   operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2

22   (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under

23   seal records that implicate "confidential business information" subject to confidentiality

24   agreements).  In addition, Plaintiffs designated Ms. Trexler's initial report (Craig Decl. Exh. A)

25   and her Supplemental Report (Craig Decl. Exh. D), both of which extensively discuss the NSO

26   Revenue Spreadsheet, as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated

27   Protective Order (Dkt. No. 132) in this action (Craig Decl. ¶¶ 4 & 7), which further warrants

28   sealing the NSO Revenue Spreadsheet.

1       ***The Pinsonneault Rebuttal Report Excerpts (Craig Exh. C).*** The excerpts of the

2 Pinsonneault Rebuttal Report included in Exhibit C contain discussion of confidential and

3 competitively sensitive documents and information produced by Defendants, including the NSO

4 Revenue Spreadsheet. *See* Craig Decl. ¶ 6. These materials warrant sealing for the same reasons

5 discussed above as the to the NSO Revenue Spreadsheet. Portions of Exhibit C also discuss

6 testimony from Defendants witnesses that reveal commercially and competitively sensitive

7 technical, financial and other business information of Defendants, the public disclosure of which

8 could harm Defendants. This further supports sealing of Exhibit C. *See Hyundai Motor*, 2019

9 WL 11638962, at *1; *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9,

10 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of

11 the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]");

12 *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013)

13 ("proprietary information concerning [a party's] technology and internal business operations" and

14 "descriptions of [a party's] proprietary technology" warrant sealing). In addition, Exhibit C

15 includes discussion of portions of Ms. Trexler's August 30, 2024 report and other documents

16 which Plaintiffs designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the

17 Stipulated Protective Order and other. *See* Craig Decl. ¶ 12.

18 **III.    CONCLUSION**

19       For the reasons set forth above and in the accompanying Craig Declaration, good cause

20 exists to seal the Sealed Documents, and Defendants respectfully request that the Court grant this

21 Motion and order the Sealed Documents to be kept under seal.

22 DATED: December 18, 2024               KING & SPALDING LLP

23                                By: */s/Aaron S. Craig*

24                                  JOSEPH N. AKROTIRIANAKIS
                                 AARON S. CRAIG

25                                  Attorneys for Defendants NSO GROUP
                                 TECHNOLOGIES LIMITED and Q

26                                  CYBER TECHNOLOGIES LIMITED

27

28