JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL AND IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DANA TREXLER, CPA/CFF**<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court. I am a partner in the law firm of King & Spalding LLP and counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2. I submit this declaration pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(d) in support of Defendants' Administrative Motion to Seal filed concurrently herewith. I also submit this declaration in support of Defendants' Motion to Strike the Supplemental Expert Report of Dana Trexler, CPA/CFF.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the unredacted version of Defendants' Motion to Strike the Supplemental Report of Dana Trexler, CPA/CFF (the "Motion to Strike").

4. Attached hereto as **Exhibit A** is a true and correct copy of the Expert Report of Dana Trexler, CPA/CFF, which Plaintiffs in this action served on Defendants on August 30, 2024. Plaintiffs designated Ms. Trexler's August 30, 2024 report as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit A contains discussion of confidential and competitively sensitive documents and information produced by Defendants and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, including Exhibit B discussed below.

5. Attached hereto as **Exhibit B** is a true and correct printed copy of a Microsoft Excel spreadsheet which Defendants produced to Plaintiffs in native format bearing control number NSO_WHATSAPP_00045858 on August 26, 2024. Exhibit B sets forth the revenues Defendants obtained from each customer who had licensed any of Defendants' products during the period for which the Court ordered that discovery be had—April 29, 2018 through May 10, 2020. It sets forth an anonymizing account number for each NSO customer (Column A), the revenues earned by Defendants in each quarter between 2Q18 and 2Q20 (Columns C-K), the product in question

(whether Pegasus or other of Defendants' products) (Column L). It also identifies, for the Pegasus contracts, which installation vectors the customer had licensed the right to use (Columns R-U). It also identifies, for each Pegasus account, the source of the information about the installation vectors (Column Q). The information contained in Exhibit B is commercially sensitive, and NSO has kept it confidential, including by designating the document "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. Public disclosure of Exhibit B could harm NSO competitively.

6. Attached hereto as **Exhibit C** is a true and correct copy of excerpts of the Rebuttal Expert Report of Gregory A. Pinsonneault, which Defendants served on Plaintiffs on September 21, 2024. Exhibit C contains discussion of confidential and competitively sensitive documents and information produced by Defendants and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, including Exhibit B discussed above. Portions of Exhibit C also discuss testimony from Defendants witnesses that reveal commercially and competitively sensitive technical, financial and other business information of Defendants, the public disclosure of which could harm Defendants. In addition, Exhibit C includes discussion and rebuttal of information contained in Ms. Trexler's August 30, 2024 report, which Plaintiffs designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

7. Attached hereto as **Exhibit D** is a true and correct copy of the Supplemental Expert Report of Dana Trexler, CPA/CFF, which Plaintiffs in this action served on Defendants at 9:14 PM PT, on September 21, 2024, which is also the date on which reports rebutting initial expert reports were due in this action. Plaintiffs designated Ms. Trexler's September 21, 2024 report as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. In addition, Exhibit D contains discussion of confidential and competitively sensitive documents and information produced by Defendants and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, including Exhibit B discussed above.

8. Between August 30, 2024, when Plaintiffs served Ms. Trexler's initial report, and September 21, 2024, when Plaintiffs served the "supplemental" Trexler report, Plaintiffs' counsel did not notify Defendants that they would be serving another report from Ms. Trexler which would replace her analysis and opinions concerning of Defendants' revenues and profits allegedly subject to disgorgement set forth in Ms. Trexler's August 30, 2024 initial report.

9. Plaintiffs' counsel also did not ask me or any of my colleagues any questions about Exhibit B after receiving it on August 26, 2024, such as what the different rows and columns represented. Had Plaintiffs' counsel sought any such clarification, I would have readily provided it.

10. Plaintiffs deposed NSO employee Ms. Sarit Gil in London on September 6, 2024, during which Ms. Gil answered all of Plaintiffs' counsel's questions about Exhibit B.

11. The Motion to Strike contains discussion of Exhibits A–D hereto, which as discussed in paragraphs 4–7 above, either constitute or address confidential and commercially sensitive information produced by Defendants and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

12. In addition, Exhibits A and D to the Motion to Strike are excerpts of documents Plaintiffs designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, and Exhibit C includes discussion of portions of Exhibit A that Plaintiffs designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

13. I am familiar with the invoices of Defendants' rebuttal expert Greg Pinsonneault and I have reviewed those invoices. I estimate that the work done by Mr. Pinsonneault and his staff to rebut Dana Trexler's disgorgement calculation set forth in her initial report cost Defendants approximately $25,000 in expert fees.

///

///

///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of December 2024, at Los Angeles, California.

*/s/ Aaron S. Craig*
AARON S. CRAIG