Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL REBUTTAL EXPERT REPORT OF GREGORY A. PINSONNEAULT**<br><br>Date:   February 13, 2025<br>Time:   2:00 p.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

BACKGROUND ..............................................................................................................................2

      A.      Procedural History of Expert Discovery Deadlines.........................................2

      B.      Plaintiffs Serve Damages Expert Reports.........................................................2

      C.      NSO Serves Damages Expert Reports ..............................................................3

      D.      Plaintiffs Depose Mr. Pinsonneault ..................................................................4

      E.      NSO Serves Another Expert Report from Mr. Pinsonneault ...........................4

LEGAL STANDARD ......................................................................................................................5

ARGUMENT ....................................................................................................................................5

      I.      The November 27 Report Is Untimely..............................................................5

      II.      The November 27 Pinsonneault Report Impermissibly Exceeds the Scope of Supplementation ................................................................................................7

      III.      NSO's Failure To Comply With The Court's Deadlines Was Not Justified or Harmless ............................................................................................................9

      IV.      In the Alternative, Plaintiffs Should Be Permitted to Depose Mr. Pinsonneault Again at a Time of Plaintiffs' Choosing, and at NSO's Expense ..............................10

CONCLUSION ...............................................................................................................................10

i

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

# TABLE OF AUTHORITIES

C<small>ASES</small>

P<small>AGE(S)</small>

*In re Asbestos Prod. Liab. Litig. (No. VI)*,
   289 F.R.D. 424 (E.D. Pa. 2013) .................................................................................................. 8

*Agnew v. Cater*,
   2022 WL 313756 (N.D. Ill. Feb. 2, 2022) .................................................................................. 8

*Bixby v. KBR, Inc.*,
   282 F.R.D. 521 (D. Or. 2011) .................................................................................................. 10

*Genentech, Inc. v. Insmed Inc.*,
   2006 WL 648365 (N.D. Cal. Mar. 13, 2006) ........................................................................... 10

*Gerawan Farming, Inc. v. Rehrig Pacific Co.*,
   2013 WL 1982797 (E.D. Cal. May 13, 2013) ............................................................................ 7

*Hubbs v. Big Lots Stores, Inc.*,
   2019 WL 12536593 (C.D. Cal. July 2, 2019) ............................................................................ 8

*Keener v. United States*,
   181 F.R.D. 639 (D. Mont. 1998) ................................................................................................ 7

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010) ............................................................................................... 9

*Luke v. Fam. Care & Urgent Med. Clinics*,
   323 F. App'x 496 (9th Cir. 2009) ..................................................................................... 1, 7, 8

*Marcus v. Air & Liquid Sys. Corp.*,
   2024 WL 2882562 (N.D. Cal. June 7, 2024) ........................................................................... 10

*Rovid v. Graco Children's Prods. Inc.*,
   2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ............................................................................. 7

*Ruiz v. Walmart*,
   2021 WL 4796960 (C.D. Cal. Apr. 27, 2021) .......................................................................... 10

*Shenon v. New York Life Insurance Co.*,
   2020 WL 1317722 (C.D. Cal. Mar. 16, 2020) ........................................................................... 7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .............................................................................................. 9, 10

ii

P<small>LAINTIFFS</small>' N<small>OTICE OF</small> M<small>OTION AND</small> M<small>OTION TO</small> S<small>TRIKE THE</small> S<small>ECOND</small> S<small>UPPLEMENTAL</small> E<small>XPERT</small> R<small>EPORT OF</small> G<small>REGORY</small> P<small>INSONNEAULT</small> - C<small>ASE</small> N<small>O</small>. 4:19-<small>CV</small>-07123-PJH

STATUTES & RULES

Fed. R. Civ. P. 26 ................................................................................................................. *passim*

Fed. R. Civ. P. 37(c) ................................................................................................................ 5. 9, 10

iii

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

# NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY A. PINSONNEAULT

PLEASE TAKE NOTICE THAT, on February 13, 2025 at 2:00 pm in Courtroom 3 of the U.S. District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") will and hereby do move to strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault served by Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("NSO").  This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Luca Marzorati and all exhibits thereto, the pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

iv

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 27, 2024, seven days after Plaintiffs deposed NSO's damages expert Gregory A. Pinsonneault, NSO served a "second supplemental rebuttal report" from Mr. Pinsonneault.[1] That report seeks to reverse a tactical decision that NSO and its expert made in Mr. Pinsonneault's Rule 26 disclosures. Specifically, ██████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████ Mr. Pinsonneault admitted all of this at his November 20, 2024 deposition, which proceeded as part of a carefully negotiated schedule. One week later, NSO sought to broaden Mr. Pinsonneault's opinions through this "second supplemental rebuttal report."

Mr. Pinsonneault's "second supplemental rebuttal report" is improper and should be stricken. NSO served the report weeks after the deadlines for rebuttal reports in the Court-ordered case schedule and the Federal Rules of Civil Procedure. The Ninth Circuit has recognized that supplementation under Rule 26(e) means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure. It does not create a loophole for a party to revise disclosures in light of an opponent's challenge or add to them for the proponent's advantage. *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Despite this clear rule, Mr. Pinsonneault's "second supplemental rebuttal report" does not rely on information that was unavailable to NSO when Mr. Pinsonneault drafted and served his earlier reports. To the contrary, it offers opinions and analyses that he expressly contemplated in his earlier reports but elected to omit. This gamesmanship is forbidden. Moreover, NSO prejudiced Plaintiffs by serving the "second supplemental rebuttal report" *after* Mr. Pinsonneault's deposition. NSO therefore cannot meet its burden to show that these late disclosures are "substantially justified" or "harmless" and the "second supplemental rebuttal report" should be stricken.

---

[1] NSO served a rebuttal report from Mr. Pinsonneault on September 21, 2024 (the "September 21 Pinsonneault Report") and a supplemental rebuttal report from Mr. Pinsonneault on November 8, 2024 (the "November 8 Pinsonneault Report").

1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

# BACKGROUND

## A. Procedural History of Expert Discovery Deadlines

Under this Court's February 15, 2024 and July 31, 2024 Orders, the deadline to serve affirmative expert disclosures was August 30, 2024, the deadline to serve rebuttal expert disclosures was September 21, 2024, and the close of expert discovery was October 25, 2024. Dkt. No. 292 at 7; Dkt. No. 357 at 5. On October 25, 2024, the parties filed a stipulation and proposed order to extend the expert discovery cutoff to December 16, 2024. Dkt. No. 450. The stipulation states, in relevant part, that "due to the schedules of experts and the Parties' counsel, the Parties agree that additional time is required to complete expert discovery." *Id*. at 2. At the November 7, 2024 hearing, Plaintiffs' counsel raised the stipulation with the Court and stated that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Marzorati Decl., Ex. A (Nov. 7, 2024 Hr'g Tr.) at 94:25–95:5. NSO's counsel raised no objection to this characterization. The following day, this Court entered the proposed order. Dkt. No. 462 at 6. Neither the parties' stipulation nor the Court's November 8 Order addressed or modified the August 30, 2024 deadline to serve affirmative expert disclosures or the September 21, 2024 deadline to serve rebuttal expert disclosures.

## B. Plaintiffs Serve Damages Expert Reports

On August 30, 2024, Plaintiffs served the affirmative expert report of their damages expert, Dana Trexler (the "Trexler Report"). Marzorati Decl. ¶ 4. At that time, NSO had not finished producing documents and deponents, and did not produce its corporate representative witness on damages issues until a week later, on September 6, 2024. *Id*. ¶¶ 4–5. Because of this, the Trexler Report stated that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. No. 487-3 ¶ 7. The Trexler Report also stated that it did not incorporate any analysis of a spreadsheet ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. No. 487-3 ¶ 8 n.5; *see* Dkt. No.

2

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-cv-07123-PJH

1  487-4.  Plaintiffs and their expert were unable to fully understand that spreadsheet until NSO pro-
2  duced Ms. Gil to testify about it on September 6, 2024.  Marzorati Decl. ¶ 3.
3        On September 21, 2024, Plaintiffs served a supplemental expert report from Dana Trexler
4  (the "Trexler Supplemental Report").  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
5  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
6  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. No. 487-6.  In the
7  Trexler Supplemental Report, Ms. Trexler wrote that the ▬▬▬▬▬▬▬▬▬▬▬
8  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
9  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  *Id.* ¶ 6.  The Trexler Supplemental
10 Report opined that NSO's profits subject to disgorgement were between ▬▬▬ and ▬▬▬
11 ▬  *Id.* ¶ 8.

    **C.  NSO Serves Damages Expert Reports**

13       Also on September 21, 2024, NSO served a report from its damages expert, Gregory A. Pin-
14 sonneault.  *See* Dkt. No. 487-5.  The September 21 Pinsonneault Report contained Mr. Pinsonneault's
15 rebuttal opinions in response to Ms. Trexler's August 31 Report.  ▬▬▬▬▬▬▬▬▬▬
16 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* ¶¶ 92–93.  However, ▬
17 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
18 ▬▬▬▬▬▬▬▬▬ *Id.* ¶ 97.  Mr. Pinsonneault described ▬▬▬▬▬▬▬▬
19 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* ▬▬▬▬▬▬
20 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
21 ▬▬▬▬  *Id.* ¶ 127.
22       On November 8, 2024, Mr. Pinsonneault filed another expert report.  *See* Marzorati Decl.,
23 Ex. B (November 8 Pinsonneault Report).  In the November 8 Pinsonneault Report, ▬▬▬
24 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
25 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
26 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* ¶¶ 6–24.  Mr. Pinsonneault again elected ▬▬
27 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
28 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* ¶¶ 13–14.

1  ███████████████████████████████████████████████████████████████████████████ *Id.*
2  ¶ 24.

### D. Plaintiffs Depose Mr. Pinsonneault

Plaintiffs deposed Mr. Pinsonneault on November 20, 2024. During the deposition, Mr. Pinsonneault reiterated his opinion that ████████████████████████████████████████ ███████████████████████████████████████████████████████ Marzorati Decl., Ex. C (Pinsonneault Dep. Tr.) at 157:10–17; *see also id*. at 160:18–23 █████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████ Mr. Pinsonneault then further confirmed that he expected that ███ ███████████████████████████████████████████████████████████████████████████ *Id.* at 13:5–11. ███████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████ *Id.* at 13:12–25, 15:6– 15:14, 16:15–24.

### E. NSO Serves Another Expert Report from Mr. Pinsonneault

On November 27, 2024, one week after his deposition, NSO purported to serve a third expert report from Mr. Pinsonneault. Marzorati Decl., Ex. D (November 27 Pinsonneault Report). The November 27 Pinsonneault Report is 57 pages and provides opinions that NSO and Mr. Pinsonneault had elected to exclude from Mr. Pinsonneault's earlier disclosures. These opinions included ██████ ████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ *Id.* ¶ 6. The November 27 Pinsonneault Report cites nothing that was unavailable to NSO and Mr. Pinsonneault at the time of his November 8 Pinsonneault Report.

On December 2, 2024, Plaintiffs' counsel informed NSO's counsel that Plaintiffs planned to move to strike the November 27 Pinsonneault Report. Marzorati Decl. ¶ 11. The parties met-and-conferred, but were unable to resolve their dispute. *Id*. ¶ 12.

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

**LEGAL STANDARD**

Expert reports must be submitted "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or Court order, expert disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be served "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Experts can only further supplement or correct their report if they later "learn[] that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). An expert's "duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). A party is precluded from using expert reports that are not disclosed in a timely manner, unless the failure to comply with the Court-ordered deadlines was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

**ARGUMENT**

NSO served the November 27 Pinsonneault Report two months after the Court-ordered deadline for rebuttal expert reports, and two months after the submission of the expert report that it purported to respond to. Though NSO argues that the November 27 Pinsonneault Report's untimeliness can be excused because it is a "supplemental" report, it did not incorporate any new or emergent evidence—it merely reverses a tactical decision NSO's expert made about the applicable period for damages, which was highlighted during Mr. Pinsonneault's deposition. NSO cannot meet its burden to justify this deliberately untimely report. And forcing Plaintiffs to depose Mr. Pinsonneault again would add significant obligations to an already compressed pretrial period and reward NSO for their disregard of the Court's Orders and the Federal Rules of Civil Procedure.

**I.    The November 27 Report Is Untimely**

Affirmative expert reports were due in this case on August 30, 2024 and rebuttal expert reports were due on September 21, 2024. Dkt. No. 357 at 5. The November 27 Pinsonneault Report came more than two months after the deadline for rebuttal expert reports and more than two months after the Trexler Supplemental Report. It is untimely on its face.

5

Mr. Pinsonneault frames the November 27 Pinsonneault Report as a rebuttal to the Trexler Supplemental Report, which Plaintiffs served on September 21, 2024.[2] That does nothing to cure its untimeliness. Absent a stipulation or a court order, expert disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be served "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, NSO served the November 27 Pinsonneault Report 67 days after the Trexler Supplemental Report. Moreover, it came weeks after NSO and Mr. Pinsonneault had already served a rebuttal to the Trexler Supplemental Report on November 8. Marzorati Decl., Ex. B (November 8 Pinsonneault Report) ¶ 2 ██████████████████████████████████████████████ ██████████████████████████████████████████.[3]

The parties' agreement to extend the expert discovery period from October 25, 2024 to December 16, 2024, Dkt. No. 462 at 8, does not make the November 27 Pinsonneault Report timely. Neither the stipulation nor the Court's order addresses or alters the deadlines for expert reports—deadlines which had already passed when the stipulation was filed. Moreover, the preamble to the Order confirms that the parties' purpose in proposing it was to obtain additional time to complete expert *depositions* (not because of any need for additional reports). *See* Dkt. No. 462 at 3 ("[T]he Parties have met and conferred to discuss the scheduling of expert depositions, and due to

---

[2] The Trexler Supplemental Report relies heavily on the testimony of Ms. Gil, NSO's corporate witness on damages issues, which took place after affirmative expert reports were due. The Trexler Supplemental Report was therefore a proper supplemental report under Rule 26(e), and NSO made no objection to the Trexler Supplemental Report's timeliness when served on September 21, 2024. *See* Marzorati Decl. ¶ 6. NSO had ample time thereafter, and provided Mr. Pinsonneault's rebuttal on November 8, 2024. *Id.* ¶ 8. Only after Plaintiffs raised the issue of the untimeliness of the November 27 Pinsonneault Report did NSO first raise any concern about the timeliness of the Trexler Supplemental Report. *Id.* ¶ 12. NSO thereafter moved to strike the Trexler Supplemental Report. Dkt. No. 487-2. Plaintiffs intend to oppose that motion, and will further respond in that context.

[3] Although the November 8 Pinsonneault Report came outside of the 30-day rebuttal deadline under Rule 26, Plaintiffs did not object to its timeliness because it addressed the Trexler Supplemental Report and did so reasonably in advance of Mr. Pinsonneault's deposition and well before the close of expert discovery. Plaintiffs' accommodation does not entitle Mr. Pinsonneault to file yet another rebuttal report, weeks later and after his deposition.

6

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

the schedules of experts and the Parties' counsel, the Parties agree that additional time is required to complete expert discovery.").

## II. The November 27 Pinsonneault Report Impermissibly Exceeds the Scope of Supplementation

Because NSO served the November 27 Pinsonneault Report long after any potentially applicable rebuttal deadline, it can only be deemed timely if it is a proper supplemental report under Rule 26(e)(1)(A). But the November 27 Pinsonneault Report is not proper under this standard either. "Supplementing an expert report pursuant to Rule 26(e) means 'correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 WL 1982797, at *5 (E.D. Cal. May 13, 2013) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).

The November 27 Pinsonneault Report does not correct any inaccuracies in any of Mr. Pinsonneault's previous reports, nor does it rely on any information that was not available on November 8, when NSO served Mr. Pinsonneault's first supplemental rebuttal report. The only conceivably relevant event that occurred between November 8 and November 27 was Mr. Pinsonneault's deposition, during which he admitted under oath ████████████████████████████████████████████████████████████████████████████████████ *See* Dkt. No. 465 at 4–5; *see also* Marzorati Decl., Ex. C (Pinsonneault Dep. Tr.) at 13:12–25, 15:6–15:14, 16:15–24.

Instead of complying with the narrow purpose of Rule 26 supplementation, NSO is seeking to use the November 27 Pinsonneault Report to add new opinions that NSO and Mr. Pinsonneault elected to omit from his Rule 26 disclosures. Rule 26(e) does not "create a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Luke*, 323 F. App'x at 500; *see also Rovid v. Graco Children's Prods. Inc.*, 2018 WL 5906075, at *11 (N.D. Cal. Nov. 9, 2018) (submitting a supplemental report to respond to defendants' criticisms, so there could be no question of its completeness, accuracy, or reliability is not the proper use of Rule 26(e)); *Shenon v. New York Life*

1  *Ins. Co.*, 2020 WL 1317722, at *10 (C.D. Cal. Mar. 16, 2020) ("[S]upplements are only for the nar-
2  row purpose of correcting inaccuracies or adding information that was not available at the time of
3  the initial report' [and should not be used] 'to correct failures of omissions because the expert did an
4  inadequate or incomplete preparation, add new opinion, or deepen or strengthen existing opinions.'"
5  (quoting *In re Asbestos Prod. Liab. Litig. (No. VI)*, 289 F.R.D. 424, 425 (E.D. Pa. 2013))).

6        In the September 21 Pinsonneault Report and the November 8 Pinsonneault Report, ███
7  ████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████
10 ████████████████████ *See* Marzorati Decl., Ex. B (November 8 Pinsonneault Report) ¶
11 13 █████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████
13 ████████████ NSO and Mr. Pinsonneault's decision to restrict his opinions ████████
14 ███████████████████████████████ reflects a conscious decision that NSO must
15 live with and cannot leverage Rule 26(e) to reverse. *See Luke*, 323 F. App'x at 500.

16       Mr. Pinsonnneault's purported reservation of rights in the November 8 Pinsonneault Report
17 does not change the applicable Rules and does not render the November 27 Pinsonneault Report
18 compliant. In the November 8 Pinsonneault Report, Mr. Pinsonneault states, ████████
19 ████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████
21 █████████████████████████████████████ Marzorati Decl., Ex. B (Novem-
22 ber 8 Pinsonneault Report) ¶ 24. This re-confirms that Mr. Pinsonneault ██████████
23 ██████████████████████████████████████████████ In any event, Mr.
24 Pinsonneault's reservation of rights does not excuse him from complying with the rules. A reserva-
25 tion of rights is a "common escape hatch that many retained experts include in their reports" which
26 "does not trump the Federal Rules of Civil Procedure." *Agnew v. Cater*, 2022 WL 313756, at *2 n.3
27 (N.D. Ill. Feb. 2, 2022) (describing expert report filed after applicable deadline); *see also Hubbs v.*
28 *Big Lots Stores, Inc.*, 2019 WL 12536593, at *5 (C.D. Cal. July 2, 2019) ("Defendants' effort to

8

1  reserve the right to designate a rebuttal expert until a later date is a form of self-help in seeking to
2  change deadlines."). NSO and its expert should not be permitted to supplement expert opinions on
3  their own schedule, whether or not they purported to "reserve rights" to do so.

4  **III.   NSO's Failure To Comply With The Court's Deadlines Was Not Justified or Harmless**

5  NSO cannot meet its burden of showing that its failure to comply with the Court-ordered
6  deadlines for expert reports was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see*
7  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule
8  37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). "Among the
9  factors that may properly guide a district court in determining whether a violation of a discovery
10 deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence
11 is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the
12 trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys*
13 *Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Here, these factors favor striking the
14 November 27 Pinsonneault Report.

15 NSO served the November 27 Pinsonneault Report long after the parties had served all other
16 expert reports and one week after Mr. Pinsonneault's own deposition. Marzorati Decl. ¶¶ 9–10.
17 Although several days remained in the period for which the Court had extended discovery, that period
18 was already crowded with other expert depositions and obligations (in this case and others). Partic-
19 ularly after Plaintiffs had already gone through the time and expense of analyzing Mr. Pinsonneault's
20 two previous reports and conducting his deposition, forcing them to re-do that process in light of his
21 unjustified "second supplemental rebuttal report" would have unreasonably burdened Plaintiffs,
22 while preparing for trial and nearing the deadlines for *Daubert* motions and other pretrial exchanges
23 and filings. Therefore, the November 27 Pinsonneault Report should be stricken.

24 Under Rule 37(c), the default sanction for a party's failure to "provide information or identify
25 a witness as required by Rule 26(a) or (e)" is that "the party is not allowed to use that information or
26 witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). That is
27 the default remedy in the Ninth Circuit, and the proper remedy here. *See Yeti by Molly*, 259 F.3d at
28

9

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY
PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

1107 (excluding expert report even though party "never violated an explicit court order" and "even absent a showing in the record of bad faith or willfulness").

In addition, the Court should order NSO to pay Plaintiffs' attorneys' fees and costs associated with moving to strike the report. Fed. R. Civ. P. 37(c)(1)(A) (in addition to exclusion, the Court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure"); Fed. R. Civ. P. 37(c)(1)(c) (allowing Court to "impose other appropriate sanctions"); *see, e.g.*, *Genentech, Inc. v. Insmed Inc.*, 2006 WL 648365, at *1 (N.D. Cal. Mar. 13, 2006) (awarding reasonable fees and costs incurred by plaintiffs in bringing motion to exclude untimely expert report); *Marcus v. Air & Liquid Sys. Corp.*, 2024 WL 2882562, at *4 (N.D. Cal. June 7, 2024) (ordering the payment of reasonable expenses, including attorney's fees, caused by an untimely and noncompliant expert report); *Bixby v. KBR, Inc.*, 282 F.R.D. 521, 532 (D. Or. 2011) ("all those fees and costs reasonably incurred by defendants in consequence of plaintiffs' untimely proffer of the November report shall be paid by plaintiffs").

### IV.     In the Alternative, Plaintiffs Should Be Permitted to Depose Mr. Pinsonneault Again at a Time of Plaintiffs' Choosing, and at NSO's Expense

If the Court permits the November 27 Pinsonneault Report to stand, Plaintiffs should be permitted to depose Mr. Pinsonneault again, at a time of Plaintiffs' choosing, before trial. The Court should also order NSO to pay Plaintiffs' attorneys' fees and costs associated with the supplemental deposition, as well as this motion. *See* Fed. R. Civ. P. 37(c); *see also Ruiz v. Walmart*, 2021 WL 4796960, at *9 (C.D. Cal. Apr. 27, 2021) (late disclosing party offered to pay for deposition costs and expert fees to help cure any prejudice).

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the November 27 Report of Gregory A. Pinsonneault.

10

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND SUPPLEMENTAL EXPERT REPORT OF GREGORY PINSONNEAULT - CASE NO. 4:19-CV-07123-PJH

Dated: December 19, 2024               Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
     (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*