1  Greg D. Andres
   Antonio J. Perez-Marques
2  Gina Cora
   Craig T. Cagney
3  Luca Marzorati
     (admitted *pro hac vice*)
4  DAVIS POLK & WARDWELL LLP
   450 Lexington Avenue
5  New York, New York 10017
   Telephone: (212) 450-4000
6  Facsimile:  (212) 701-5800
7  Email:   greg.andres@davispolk.com
            antonio.perez@davispolk.com
8           gina.cora@davispolk.com
            craig.cagney@davispolk.com
9           luca.marzorati@davispolk.com
10
11 Micah G. Block (SBN 270712)
   DAVIS POLK & WARDWELL LLP
12 900 Middlefield Road, Suite 200
   Redwood City, CA 94063
13 Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
14 Email:    micah.block@davispolk.com

15 *Attorneys for Plaintiffs WhatsApp LLC and*
   *Meta Platforms, Inc.*
16

17                    UNITED STATES DISTRICT COURT

18                FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                            OAKLAND DIVISION

20 | WHATSAPP LLC, and            )
21 | META PLATFORMS INC.,         )  Case No. 4:19-cv-07123-PJH
                                  )
22 |          Plaintiffs,         )  **DECLARATION OF GINA CORA IN**
                                  )  **SUPPORT OF PLAINTIFFS'**
23 |     v.                       )  **OPPOSITION TO DEFENDANTS'**
                                  )  **MOTION TO SUBSTITUTE EXPERT**
24 | NSO GROUP TECHNOLOGIES LIMITED )
25 | and Q CYBER TECHNOLOGIES LIMITED, )  Ctrm:   3
                                  )  Judge:  Hon. Phyllis J. Hamilton
26 |          Defendants.         )
                                  )  Action Filed: October 29, 2019
27                                )
                                  )
28

I, Gina Cora, declare as follows:

1. I am a counsel at the law firm of Davis Polk & Wardwell LLP and admitted *pro hac vice* to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. in the above-captioned action. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this Declaration in support of Plaintiffs' Opposition to the Motion of Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively, "NSO") to Substitute Expert, filed concurrently herewith.

3. In the afternoon of Wednesday, November 27, 2024 (the day before Thanksgiving), NSO's counsel first informed Plaintiffs' counsel of Mr. Town's withdrawal as an expert. *See* Dkt. No. 480-4.

4. On Monday, December 2, 2024, Plaintiffs' counsel sent an email to NSO's counsel asking for more information regarding Mr. Town's withdrawal as an expert, including "when Defendants first had notice that Mr. Town would be withdrawing from this matter." The next day, NSO's counsel informed Plaintiffs' counsel of his understanding that NSO's counsel had "learned from Jay Town that he would need to withdraw from this matter after election day" and stated that "[i]f you need more specifics as to the precise date, please explain why." On December 4, 2024, Plaintiffs' counsel explained that the "[t]imeliness of NSO's notification to us is relevant to the prejudice we've incurred."

5. On December 5, 2024, Plaintiffs held a meet and confer with NSO's counsel to discuss NSO's intended motion to substitute, as well as other issues.

6. On December 6, 2024, Plaintiffs' counsel informed NSO's counsel that Plaintiffs would oppose NSO's anticipated motion to substitute. *See* Dkt. No. 480-5.

7. Five days later, on December 11, 2024, NSO filed its Motion to Substitute Expert, Dkt. No. 480. In that motion, NSO's counsel provided that they expected the Rule 26 disclosure of Defendants' substitute expert Mr. Minkler would be served on Plaintiffs by December 13, 2024. Dkt. No. 480 at 2.

1

Decl. of G. Cora in Supp. of Pls.' Opp. to Defs.' Mot. to Substitute Expert
Case No. 4:19-cv-07123-PJH

8. On December 18, 2024, NSO served Mr. Minkler's Rule 26 disclosure on Plaintiffs' counsel. A true and correct copy of Mr. Minkler's Rule 26 disclosure is attached hereto as **Exhibit A.**

9. On December 20, 2024, the Court granted Plaintiffs' motion for partial summary judgment, finding NSO liable on Plaintiffs' claims. See Dkt. No. 494. The Court "directed [the parties] to meet and confer to determine if any expert-related motions are mooted by this order, and to notify the court by January 17, 2025 which, if any, expert-related motions need to be resolved by the court prior to the trial on damages." Id. at 16.

10. On December 22, 2024, Plaintiffs' counsel asked NSO's counsel to confirm that NSO was not proceeding with the motion to substitute given the Court's December 20, 2024 order. Plaintiffs' counsel also wrote that "[w]e believe that, per the Court's order, the parties' need to meet and confer regarding the scope of damages trial before we should burden the Court with any further briefing on expert-discovery issues."

11. NSO's counsel responded with its position that "Mr. Minkler's testimony will be relevant to the remedies being sought by Plaintiffs" and that "we need proceed with [the motion] on the timeframes set forth under the current case schedule." Plaintiffs thus filed this opposition.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 23rd day of December, 2024 at New York, New York.

By:

    */s/ Gina Cora*
    Gina Cora

2

DECL. OF G. CORA IN SUPP. OF PLS.' OPP. TO DEFS.' MOT. TO SUBSTITUTE EXPERT
CASE NO. 4:19-CV-07123-PJH