JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") the deposition transcript of David Youssef, attached as Exhibit A to the declaration of Aaron Craig filed concurrently herewith (the "Sealed Document"). The Sealed Document is submitted to the Court in connection with Defendants' Motion to Compel the Further Deposition of Plaintiffs' Expert David Youssef. The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I. BACKGROUND

The deposition of Plaintiffs' expert David Youssef was held December 10, 2024. Defendants did not complete the deposition of Mr. Youssef in one day because of Mr. Youssef's filibustering and refusal to provide responsive answers to straight-forward yes/no questions. Defendants have accordingly filed the attached Motion to Compel in the form of a joint letter brief. During the deposition, Mr. Youssef expressed his opinions and understanding about the highly confidential technological underpinnings of both Plaintiffs' and Defendants' technology.

For information about additional matters relevant to this Motion, the Court is respectfully referred to paragraphs 3 through 10 of the accompanying Craig Declaration.

## II. LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the

1  "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
2  information from being disclosed to the public by balancing the needs for discovery against the
3  need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
4  WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

5  Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration and
6  certain language in their Motion to Compel, which is not a dispositive motion.  Accordingly, the
7  "good cause" standard applies to this Motion.

8  **III.    LEGAL ARGUMENT**

9  This Motion is supported by compelling reasons based on the facts attested to in the Craig
10  Declaration.  The Sealed Documents contain highly sensitive, non-public information, the
11  disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g.,*
12  *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v.*
13  *Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017);
14  *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore,
15  Defendants now seek leave of this Court to file the Sealed Documents under seal.  Certain of the
16  Sealed Documents have also been designated as Highly Confidential-Attorney's Eyes Only by
17  Plaintiffs as they include Plaintiffs' confidential technology.

18  Notably, this Court already granted, in its Orders dated September 14, 2023, November 15,
19  2023, and August 1, 2024, previous administrative motions to seal filed by both parties seeking
20  similar relief as this Motion in order to comply with orders entered by a foreign tribunal regarding
21  the confidentiality of Defendants' technology at issue in this case. (Dkt. Nos. 217, 233, 358.) The
22  Sealed Document contains references to materials with respect to which this Court has granted
23  these previous motions to seal.  (*Id*.)

24  Compelling reason exists to seal the Sealed Document, and Defendants respectfully request
25  that the Court grant this Motion and order the Sealed Document be kept under seal.  For a full
26  description of that good cause, the Court is respectfully referred to paragraph 11 of the
27  accompanying Craig Declaration.

28

## IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Document to be kept under seal.

Should the Court deny the Motion, in whole or in part, Defendants request that the Sealed Document be considered withdrawn and that any such information not be publicly filed.

DATED: December 23, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED