| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   |   *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   |   *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone:   (213) 443-4355 |
| 5 | Facsimile:   (213) 443-4310 |

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>        Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' December 23, 2024 Motion to Compel the Further Deposition of David Youssef (the "Motion to Compel"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ███████████ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.)

3. Defendants seek to file under seal the transcript of the deposition of David Youssef (the "Sealed Document") related to and in connection with Defendants' concurrently filed Motion to Compel and attached hereto as Exhibit A. Sealing of the Sealed Document was (and remains) necessary to ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████ As is evidenced by the ███████████████ ███████████████████████████████████████████████████████ █████████████████████████████████ Nevertheless, the existence of █████████████████████████████████ is material to certain issues in this case and specifically in respect of the parties' respective positions about whether a further deposition of Plaintiffs' expert David Youssef should be compelled, and Defendants are seeking to inform

1 | this Court about them.  The Sealed Document contain highly sensitive, traditionally nonpublic
2 | information that ▮
3 | ▮
4 | ▮ and ▮
5 | militates in favor of this Court's sealing documents that contain references to information that ▮
6 | ▮
7 | ▮
8 | ▮
9 |     4.   On July 19, 2020, the ▮
10 | ▮
11 | ▮ (August 3,
12 | 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.)  The request was
13 | presented by ▮ in his capacity as ▮
14 | ▮
15 | ▮
16 | ▮
17 | ▮
18 | ▮
19 | ▮ The request prohibited Defendants from ▮
20 | ▮
21 | ▮
22 | ▮
23 | ▮

---

[1] ▮

[2] The Office of the ▮

1  ▮
2  ▮ (Gelfand Decl. (Dkt. 133-6)
3  Exh. B at 1-2.)
4      5.   On July 19, 2020, ▮
5  ▮ (Gelfand Decl. (Dkt. 133-6), Exh.
6  D.) ▮
7  ▮ (*Id.* at 1.) ▮
8  ▮
9  ▮
10 ▮
11 ▮ (*Id.*) ▮ authorized
12 the ▮
13 ▮
14 ▮
15 ▮ (*Id.* at 1-2.)  The order
16 also authorized ▮
17 ▮
18 ▮ (*Id.* at 3.)
19      6.   On July 19, 2020, ▮
20 ▮ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ▮
21 ▮
22 ▮
23 ▮
24 ▮
25 ▮
26 ▮ including a prohibition on ▮
27 ▮
28 ▮ (*Id.* ¶ 2.)

CRAIG DECL.　　　　　3　　　　　Case No. 4:19-cv-07123-PJH

1    7. On February 8, 2023, ████████████████████████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████ (Gelfand Decl. (Dkt. 133-6) Exh. D.) The

4    purpose for this update, according to ████████████████████████████

5    ████████████████████████████████████████████████████

6    ████

7    ██    On May 21, 2023, ████████████████████████

8    ████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████

10   ████   As soon as NSO ████████████████████████████████ it

11   filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ████████████ is described

12   in paragraph 10 below. ████████████████████████

13   (Dkt. 195-4, Order ¶ 3), ████████████████████████

14   ████████████████████████████████████████████████████

15   ████████████████████████████ (Dkt. 195-4, Order ¶ 4), and ████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████ (Dkt. 195-4, Order ¶

18   5), ████████████████████████████████████████ (Dkt. 195-4,

19   ████████ ¶ 3). ████████████████████

20   ████ (Dkt. 195-4, ████████ ¶ 6).

21   ████████████████████████████

22   9. The information that Defendants seek to keep under seal ████████████

23   ████ The ████████ (Dkt. 195-3) ████████████████████

24   ████████████████████████████████████████████████████

25   (Dkt. 195-3, ¶ 2.) The ████████████████████████████████

26   ████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████

28   ████████████████████████████████ (Dkt. 195-3, ¶ 2(1)-(6).) (Dkt. 195-3 ¶ 4

1  (a)-(b)). █████████████████████████

2  ████ As relevant here, ████████████████████

3  ███████████████████████████████████████

4  ███████████████████████████████████████

5  ████████████████████████

6      10.    Defendants seek to file under seal the deposition transcript of David Youssef dated

7  December 10, 2024. (the "Sealed Document").

8      11.    Compelling reasons exist to seal the Sealed Document because the Sealed

9  Document is ████████████████████████ which is entitled to deference.

10     a.    *First*, ███████████████████

11 ███████████████████████████████████████

12 ███████████████████████████████████████

13 ███████████████████████████████████████

14 ███████████████████████████████████████

15 ████████████████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,

16 482 U.S. 522, 543 n. 27 (1987). ███████████████████

17 ████████████████████████ *States v. Sater*, 2019 WL 3288289, at

18 *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought

19 to be sealed ███████████████████████████

20 ███████████████████████████████████████

21 ███████████████████████████████████████

22 ███████████████████████████████████████

23 ███████████████████████████████████████

24 ███████████████████████████████████████

25 ███████████████████████████████████████

26 ███████████████████████████████████████

27 ████████████████████████████

28

        b.      *Second*, because ▮▮▮▮▮▮▮▮▮▮▮▮▮ public disclosure of the Sealed Document could ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

        c.      The deposition transcript has been designated by Plaintiffs as their highly confidential, attorney's eyes only material.

12.      Accordingly, a compelling reason exists to seal the Sealed Document, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Document be kept under seal.

13.      The Declarant has carefully sought sealing of only those parts of the record as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.[3]

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 23rd day of December 2024, at Los Angeles, California.

                        /s/ *Aaron S. Craig*
                        AARON S. CRAIG

---

[3] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Document and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.