JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 490]**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 490). Plaintiffs identify portions of their Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault (the "Motion to Strike") and certain exhibits to the Declaration of Luca Marzorati in Support of the Motion to Strike ("Marzorati Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their position regarding sealing of the Materials below.

## I. LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II. DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that Exhibit A to the Marzorati Declaration requires sealing. In addition, Defendants do not contend that highlighted portions of the Motion

1   to Strike **other than specific portions discussed below** require sealing.

2         As shown below, however, good cause exists warranting sealing of the remaining Materials
3   identified in Plaintiffs' Administrative Motion.  Accordingly, the Court should grant Plaintiffs'
4   Administrative Motion in part and maintain those Materials under seal.

5         **Certain portions of Plaintiffs' Motion to Strike (Dkt. 490-3).**  The following highlighted
6   portions of Plaintiffs' Motion to Strike should remain under seal:

7   - Page 3, lines 10–11 (text beginning with "between" and ending prior to the "*Id.*
8     ¶ 8" citation) and lines 20–21 (text beginning with "between" and ending prior to
9     the "*Id.* ¶ 127" citation);

10  - Page 7, lines 17–18 (text beginning with "NSO has" and ending prior to the "*See*"
11    citation); and

12  - Page 8, lines 7–8 (text beginning with "Pegasus" and ending with "2020.")

13        The above portions of the Motion to Strike appearing at page 3 thereof reflect confidential
14  and commercially sensitive financial data, the public disclosure of which could harm NSO
15  competitively.  *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL
16  984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when
17  kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard
18  where that information could be used to the company's competitive disadvantage"); *Hyundai
19  Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019)
20  (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files
21  contain "business information that might harm a litigant's competitive standing."); *In re Sony
22  Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan.
23  20, 2015) (granting motion to file under seal where "harm could result to Defendants' business
24  operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2
25  (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under
26  seal records that implicate "confidential business information" subject to confidentiality
27  agreements).

28        The above portions of the Motion to Strike appearing at pages 7 and 8 thereof reflect

confidential information that is subject to foreign law restrictions on public disclosure that this Court has recognized warrants sealing. *See, e.g.,* Transcript of November 7, 2024 Hearing [Dkt. 464] at 93–94.

Accordingly, good cause exists to seal the above highlighted portions of the Motion to Strike.

***The Pinsonneault Rebuttal Reports and Deposition Excerpts (Marzorati Decl. Exhs. B-D).*** The Pinsonneault Rebuttal Reports attached as Exhibits B and D to the Marzorati Declaration and excerpts of the Pinsonneault deposition transcript attached as Exhibit C to the Marzorati Declaration contain discussion of material and information that is subject to foreign law restrictions on public disclosure (as discussed above) and confidential and competitively sensitive technical, financial and other business information of Defendants, the public disclosure of which could harm Defendants, which warrants sealing of these materials for reasons discussed above. *See also Hyundai Motor*, 2019 WL 11638962, at *1; *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing).

III. **CONCLUSION**

For the reasons set forth above, good cause exists to seal Exhibits B-D to the Marzorati Declaration [Dkt. 490-4] and the following portions of the Motion to Strike [Dkt. 490-3]: Page 3, lines 10–11 (text beginning with "between" and ending prior to the "*Id.* ¶ 8" citation) and lines 20–21 (text beginning with "between" and ending prior to the "*Id.* ¶ 127" citation); Page 7, lines 17–18 (text beginning with "NSO has" and ending prior to the "*See*" citation); and Page 8, lines 7–8 (text beginning with "Pegasus" and ending with "2020."). Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and order the foregoing Materials to be kept under seal.

| | | |
|---|---|---|
| 1 | DATED: December 30, 2024 | KING & SPALDING LLP |
| 2 | | By: */s/Aaron S. Craig* |
| 3 | | JOSEPH N. AKROTIRIANAKIS |
| | | AARON S. CRAIG |
| 4 | | Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q |
| 5 | | CYBER TECHNOLOGIES LIMITED |