JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S SECOND ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge:  Hon. Phyllis J. Hamilton <br><br> Action Filed:  10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") two exhibits supporting Defendants' Motion to Exclude Certain Opinions of Dana Trexler, CPA/CFF (the "Motion to Exclude").[1]  An unredacted version of these exhibits (the "Sealed Documents") are attached as Exhibits A and F to the Declaration of Aaron S. Craig ("Craig Declaration" or "Craig Decl.") filed currently herewith.  The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

I.   **LEGAL STANDARDS**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal materials that are not related to a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180.

---

[1] Concurrently herewith, Defendants are filing a separate Administrative Motion to Consider Whether Another Party's Material Should Be Sealed which addresses proposed sealing of certain portions of the Motion to Exclude and Exhibits A, B, C, D and F thereto.

## II. LEGAL ARGUMENT

As shown below, this Motion is supported by good cause. Accordingly, the Sealed Documents should be sealed.

***The Trexler Reports (Craig Decl. Exh. A, F).*** Plaintiffs designated the Trexler reports attached as Craig Decl. Exh. A and F as Highly Confidential—Attorney's Eyes Only pursuant to the Stipulated Protective Order in this case (Dkt. No. 132). Ms. Trexler's reports contain discussion of confidential and competitively sensitive documents and information produced by both parties. *See* Craig Decl. ¶ 4. Ms. Trexler's reports include confidential information about the compensation of Plaintiffs' employees, which led Plaintiffs to designate the reports as Highly Confidential—Attorneys' Eyes Only. They also include confidential information about Defendants' contracts with their customers and Defendants' internal financial information. All of these factors warrant sealing of this documents. *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements).

## III. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, good cause exists to seal the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED: January 9, 2025

KING & SPALDING LLP

By: /s/Aaron S. Craig
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED