JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>            Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") the accompanying Declaration of Aaron S. Craig ("Craig Declaration" or "Craig Decl."), as well as the indicated portions of Exhibit C (on pages 6-28, including the images on pages 14, 17, 19, and 20), Exhibit D (on pages 16, 17, and 21-25), and Exhibit E (page 321:7, 11, 12, 17, 21 and page 322:8, 12, 21, and 24 (collectively, the "Sealed Materials").[1]  Exhibits C, D, and E to the Craig Declaration are also being submitted as Exhibits C, D, and E to the Declaration of Declaration of Joseph N. Akrotirianakis ("Akro. Declaration" or "Akro. Decl.") filed concurrently herewith in support of Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Dr. Anthony Vance (the "Motion to Exclude"), and this Motion also seeks to seal the copies of those Sealed Materials that are attached to the Akro. Declaration.

This Motion is based upon the points and authorities set forth herein and in the accompanying Craig Declaration as well as those facts attested to in the Craig Declaration.

## I.    LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D.

---

[1] The material that NSO seeks to seal in Exhibits C, D, and E is highlighted in green, as portions of Exhibit C were already highlighted in yellow by the original author of the document.

Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Sealed Materials are *not* submitted in support of a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180.

## II.   LEGAL ARGUMENT

As an initial matter, this Motion is supported by good cause based on the facts attested to in the Craig Declaration. The Sealed Materials contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Notably, this Court already granted, in its Orders dated September 14, 2023, November 15, 2023, and August 1, 2024, previous administrative motions to seal filed by both parties seeking similar relief as this Motion in order to comply with orders entered by a foreign tribunal regarding the confidentiality of Defendants' technology at issue in this case. *See, e.g.,* Dkt. Nos. 217, 233, 358. The Sealed Materials contain references to materials with respect to which this Court has granted these previous motions to seal. *Id*. For additional discussion of the good cause supporting sealing of the Sealed Materials, the Court is respectfully referred to paragraphs 3–10 of the accompanying Craig Declaration.

The indicated portions of Exhibits C, D, and E to the Craig Declaration also reveal confidential and commercially sensitive technical and other information, the public disclosure of which could harm NSO competitively. (*See* Craig Decl. ¶ 3.) These factors warrant sealing of these Sealed Materials. *See, e.g., Finjan, Inc. v. Proofpoint, Inc*., 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products . . . and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp*., 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and

1  "descriptions of [a party's] proprietary technology" warrant sealing); *Hyundai Motor Am., Inc. v.
2  Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding
3  "[c]ompelling reasons justifying sealing court records generally exist" when such files contain
4  "business information that might harm a litigant's competitive standing."); *In re Sony Gaming
5  Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015)
6  (granting motion to file under seal where "harm could result to Defendants' business operations"
7  if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal.
8  Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records
9  that implicate "confidential business information").

10  Further, Exhibit C to the Craig Declaration reveals certain sensitive identifying
11  information, including employee names, phone numbers, and WhatsApp account numbers, the
12  likes of which courts have held should be sealed. *See* Craig Decl. ¶ 3; *see also Activision Publ'g,
13  Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (noting compelling
14  reasons to seal "customers' personal information, which includes the customers' names, account
15  numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order
16  to protect the customers' privacy"); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. General
17  Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to
18  seal personally identifiable information, "including names, addresses, phone numbers, and email
19  addresses").

20  Finally, Exhibits C and D to the Craig Declaration are documents that Plaintiffs designated
21  as Highly Confidential—Attorney's Eyes Only pursuant to the Stipulated Protective Order in this
22  case (Dkt. No. 132).

23  **III.   CONCLUSION**

24  For the reasons set forth above and in the accompanying Craig Declaration, good cause
25  exists to seal the Sealed Materials, and Defendants respectfully request that the Court grant this
26  Motion and order the Sealed Materials to be kept under seal.

27
28

| | |
|---|---|
| 1  DATED: January 9, 2025 | KING & SPALDING LLP |
| 2 | By: */s/Aaron S. Craig* |
| 3 | JOSEPH N. AKROTIRIANAKIS |
| | AARON S. CRAIG |
| 4 | Attorneys for Defendants NSO GROUP |
| | TECHNOLOGIES LIMITED and Q |
| 5 | CYBER TECHNOLOGIES LIMITED |