UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO SEAL**<br><br>Action Filed:  10/29/2019 |

1  This Court, having considered the Administrative Motion to File Under Seal submitted by
2  Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively,
3  the "Defendants"), and the Declaration of Aaron S. Craig filed in support thereof, and GOOD
4  CAUSE THEREFOR APPEARING, finds that good cause supports the sealing of the court records
5  as specified in this Order.

| Documents To Be Sealed | Portion To Be Sealed |
|---|---|
| Declaration of Aaron S. Craig ("Craig Declaration") in Support of Defendants' Administrative Motion to File Under Seal submitted in connection with Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Dr. Anthony Vance (the "Motion to Exclude") | Highlighted (yellow) portions of Paragraphs: 2–10 |
| Exhibit C to Craig and Akrotirianakis Declarations submitted in connection with Defendants' Motion to Exclude, Expert Report of Anthony Vance dated August 30, 2024 | Highlighted (green) portions of pages 6-28, including the images on pages 14, 17, 19, and 20 |
| Exhibit D to Craig and Akrotirianakis Declarations submitted in connection with Defendants' Motion to Exclude, Rebuttal Expert Report of Anthony Vance dated September 21, 2024 | Highlighted (green) portions of pages 16, 17, and 21-25 |
| Exhibit E to Craig and Akrotirianakis Declarations submitted in connection with Defendants' Motion to Exclude, Excerpts of Transcript of November 14, 2024 Deposition of Anthony Vance | Highlighted (green) portions of Page 321, lines 7, 11, 12, 17, and 21 and page 322, lines 8, 12, 21, and 24 |

The Documents to be Sealed contain traditionally nonpublic government information for which there is no constitutional right of access. *See, e.g.*, *N.Y. Times Co. v. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015). The spirit of international comity counsels that the Documents to be Sealed be kept confidential. *See, e.g.*, *Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017). Moreover, the Documents to be Sealed contain confidential, proprietary, and sensitive identifying information that warrants sealing. *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

The Motion is accordingly GRANTED, and the documents described above are to be filed under seal. To the extent it is necessary in future court filings in this case for the parties to make

1 reference to the sealed content of the Sealed Document, those matters may also be filed under seal
2 pursuant to this Order.

3  **IT IS SO ORDERED.**

Dated: _____

_____
THE HONORABLE PHYLLIS J. HAMILTON
SENIOR UNITED STATES DISTRICT JUDGE