JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>**HIGHLY CONFIDENTIAL— ATTOREYS' EYES ONLY**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

CRAIG DECL.                                                          Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' January 9, 2025 Administrative Motion to File Under Seal (the "Motion") submitted in connection with Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Dr. Anthony Vance (the "Motion to Exclude"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▇▇▇▇▇▇▇ on Plaintiffs' RFPs and if the parties could not resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.)

3. Defendants seek to file under seal (i) this Declaration; (ii) the indicated portions (on pages 6-28, including the images on pages 14, 17, 19, and 20) of the Expert Report of Anthony Vance dated August 30, 2024 (attached as Exhibit C to this Declaration and to the Declaration of Joseph N. Akrotirianakis ("Akro. Declaration" or "Akro. Decl.") filed concurrently herewith in support of the Motion to Exclude); (iii) the indicated portions (on pages 16, 17, and 21-25) of the Rebuttal Expert Report of Anthony Vance dated September 21, 2024 (attached as Exhibit D to this Declaration and to the Akro. Declaration); and (iv) the indicated portions of the excerpts of the transcript of the November 14, 2024 Deposition of Anthony Vance (attached as Exhibit E to this Declaration and to the Akro. Declaration) at page 321, lines 7, 11, 12, 17, and 21 and page 322, lines 8, 12, 21, and 24 (collectively, the "Sealed Materials"). Sealing of the Sealed Materials is

1  necessary ▇
2  ▇
3  ▇
4  ▇ As is evidenced by the ▇
5  ▇
6  ▇ The Sealed Materials
7  contain highly sensitive, traditionally nonpublic information that ▇
8  ▇
9  ▇
10 ▇ and ▇ militates in favor of this Court's sealing documents
11 that contain references to information that ▇
12 ▇
13 ▇ In addition, the Sealed Materials also reveal confidential and commercially
14 sensitive technical and other information, the public disclosure of which could harm NSO
15 competitively and sensitive identifying information, employee names, phone numbers, and
16 WhatsApp account numbers.
17 ▇
18   4.   On July 19, 2020, the ▇
19 ▇
20 ▇ (August 3,
21 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
22 presented by ▇ in his capacity as ▇
23 ▇

---

[1] ▇

[2] The Office of the ▇

1  ▮▮▮ The ▮▮▮
2  ▮▮▮
3  ▮▮▮
4  ▮▮▮
5  ▮▮▮ The request prohibited Defendants from ▮▮▮
6  ▮▮▮
7  ▮▮▮
8  ▮▮▮
9  ▮▮▮
10 ▮▮▮
11 ▮▮▮ (Gelfand Decl. (Dkt. 133-6)
12 Exh. B at 1-2.)
13     5.    On July 19, 2020, ▮▮▮
14 ▮▮▮ (Gelfand Decl. (Dkt. 133-6), Exh.
15 D.) ▮▮▮
16 ▮▮▮ (*Id.* at 1.) ▮▮▮
17 ▮▮▮
18 ▮▮▮
19 ▮▮▮
20 ▮▮▮ (*Id.*) ▮▮▮ authorized
21 the ▮▮▮
22 ▮▮▮
23 ▮▮▮
24 ▮▮▮ (*Id.* at 1-2.)  The order
25 also authorized ▮▮▮
26 ▮▮▮
27 ▮▮▮ (*Id.* at 3.)
28

CRAIG DECL.                                 3                    Case No. 4:19-cv-07123-PJH

6. On July 19, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ▮▮▮ notified Defendants about the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including a prohibition on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* ¶ 2.)

7. On February 8, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. D.) The purpose for this update, according to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8. On May 21, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As soon as NSO ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ▮▮▮▮▮▮▮ is described in paragraph 10 below. ▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order ¶ 3), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order ¶ 4), and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order ¶ 5), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4,

1  ▓▓▓ ¶ 3). ▓▓▓
2  ▓▓▓ ¶ 6). ▓▓▓
3  ▓▓▓
4  9. The information that Defendants seek to keep under seal ▓▓▓
5  ▓▓▓ The ▓▓▓ r (Dkt. 195-3) ▓▓▓
6  ▓▓▓
7  (Dkt. 195-3, ¶ 2.) ▓▓▓
8  ▓▓▓
9  ▓▓▓
10 ▓▓▓ (Dkt. 195-3, ¶ 2(1)-(6).) (Dkt. 195-3 ¶ 4
11 (a)-(b)). ▓▓▓ As
12 relevant here, ▓▓▓
13 ▓▓▓
14 ▓▓▓
15 ▓▓▓
16 10. Compelling reasons exist to seal the Sealed Materials because the Sealed Materials
17 are ▓▓▓ which is entitled to deference.
18 a. *First*, ▓▓▓
19 ▓▓▓
20 ▓▓▓
21 ▓▓▓
22 ▓▓▓
23 ▓▓▓ *Societe Nationale*
24 *Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ▓▓▓
25 ▓▓▓ *United*
26 *States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019). This is particularly true where,
27 as in this case, the documents sought to be sealed ▓▓▓
28 ▓▓▓

1  ██████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████
3  ██████████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████
8  ████████████████████████████████

9          b.      *Second*, because ███████████████████████████████

10  ██████████████████████████████ public disclosure of the Sealed Materials could █████

11  ███████████████████████  ██████████████████████████████████████

12  ██████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████████

14  █████████████████████████████████████████████████████████████.

15          c.      Exhibits C and D to this Declaration and the Akro. Declaration are documents that Plaintiffs designated as Highly Confidential—Attorney's Eyes Only pursuant to the Stipulated Protective Order in this case (Dkt. No. 132).

18      11.     Accordingly, good cause exists to seal the Sealed Materials, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Materials be kept under seal.

21      12.     The Declarant has carefully sought sealing of only those parts of the record as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the good cause standard is met with respect to the Sealed Materials.[3]

---

[3] To the extent the Court disagrees with Defendants' sealing request as to the contents of this Declaration, the Declarant respectfully requests that the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 9th day of January 2025, at Pasadena, California.

        /s/ *Aaron S. Craig*
        AARON S. CRAIG