JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS' PROPOSED EXPERT ANTHONY VANCE, PH.D.**<br><br>Action Filed:   10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court. I am a partner in the law firm of King & Spalding LLP and lead counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2. Attached as Exhibit A is a true and correct copy, less attachments, of an email from Davis Polk & Wardwell LLP to King & Spalding LLP dated July 9, 2024.

3. Attached as Exhibit B is a true and correct copy, less attachments, of an email from Davis Polk & Wardwell LLP to King & Spalding LLP dated July 19, 2024.

4. Attached as Exhibit C is a true and correct copy of the Expert Report of Anthony Vance dated August 30, 2024.

5. On August 30, 2024, NSO disclosed its own expert witnesses and their affirmative opinions. Those witnesses included Terrence McGraw, Colonel Ty Shepard (ret.), and John Town.

6. Attached as Exhibit D is a true and correct copy of the Rebuttal Report of Anthony Vance dated September 21, 2024.

7. I took the deposition of Anthony Vance, Ph.D., on November 14, 2024. A true and correct copy of excerpts from the deposition transcript is attached as Exhibit E.

8. On December 30, 2024, counsel for the parties met and conferred regarding trial planning and the effect of the Court's recent order on liability. My partners Aaron Craig and Matthew Dawson attended the conference on behalf of Defendants. During the conference, the plaintiffs acknowledged that some of the opinions offered by their experts could be moot, but were not prepared to discuss which opinions they still considered relevant. They suggested that their primary technical cybersecurity expert, David Youssef, may not be required to testify, particularly if NSO's technical expert Terrence McGraw would not testify. The plaintiffs also suggested that Dr. Vance's opinions may no longer be relevant to their case in chief, but that his opinions could be necessary to rebut testimony from NSO's experts. The plaintiffs indicated that they would

1 provide a proposal regarding the voluntary exclusion of various experts.  As of January 9, 2025, no such proposal had been received.

9. During fact discovery, in exchange for not having to respond to discovery about Plaintiffs' reputation served by Defendants, Plaintiffs' counsel agreed that they would not try to introduce evidence of reputational harm or loss of goodwill to obtain money damages or equitable relief, and further confirmed that they would not use such evidence to otherwise inject those issues into the litigation for any part of Plaintiffs' case-in-chief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of January 2025, in Altadena, California.

　　　　　　　　　　　/s/ *Joseph N. Akrotirianakis*
　　　　　　　　　　　JOSEPH N. AKROTIRIANAKIS