1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
    Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |
|---|---|

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain exhibits supporting Defendants' January 9, 2025 Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Mr. David J. Youssef (the "Motion to Exclude"). An unredacted version of these exhibits (the "Sealed Documents") are attached as Exhibits A-F to the Declaration of Aaron S. Craig ("Craig Declaration" or "Craig Decl.") filed currently herewith. The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.     LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal materials that are not related to a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana*, 447 F.3d at 1180.

## II.    LEGAL ARGUMENT

As shown below, this Motion is supported by good cause based on the facts attested to in the Craig Declaration. Accordingly, the Sealed Documents should be sealed.

|   |   |
|---|---|
| 1 | This Motion is supported by compelling reasons based on the facts attested to in the Craig |
| 2 | Declaration.  The Sealed Documents contain highly sensitive, non-public information, the |
| 3 | disclosure of which would prejudice Defendants and other parties not before the Court.  *See, e.g.,* |
| 4 | *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v.* |
| 5 | *Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); |
| 6 | *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, |
| 7 | Defendants now seek leave of this Court to file the Sealed Documents under seal.  Certain of the |
| 8 | Sealed Documents have also been designated as Highly Confidential-Attorney's Eyes Only by |
| 9 | Plaintiffs as they include disclosures related to Plaintiffs' confidential technology. |
| 10 | Notably, this Court already granted, in its Orders dated September 14, 2023, November 15, |
| 11 | 2023, and August 1, 2024, previous administrative motions to seal filed by both parties seeking |
| 12 | similar relief as this Motion to comply with orders entered by a foreign tribunal regarding the |
| 13 | confidentiality of Defendants' technology at issue in this case. (Dkt. Nos. 217, 233, 358.)  The |
| 14 | Sealed Documents contain references to materials with respect to which this Court has granted |
| 15 | these previous motions to seal.  (*Id*.)  As an initial matter, this Motion is supported by good cause |
| 16 | based on the facts attested to in the Craig Declaration.  The Sealed Documents contain highly |
| 17 | sensitive, non-public information, the disclosure of which would prejudice Defendants and other |
| 18 | parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at |
| 19 | *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, |
| 20 | at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 |
| 21 | (E.D.N.Y. Oct. 6, 2011).  For additional discussion of the good cause supporting sealing of the |
| 22 | Sealed Materials, the Court is respectfully referred to paragraphs 3–10 of the accompanying Craig |
| 23 | Declaration. |
| 24 | **The Youssef Reports and Deposition Transcripts (Craig Decl. Exhs. A, B, and C).** |
| 25 | Plaintiffs designated the Youssef reports and deposition transcripts attached as Craig Decl. Exhs. |
| 26 | A, B, and C as Highly Confidential—Attorney's Eyes Only pursuant to the Stipulated Protective |
| 27 | Order in this case (Dkt. No. 132).  Mr. Youssef's reports and deposition transcripts contain |
| 28 | discussion of confidential and competitively sensitive documents and information produced by |

both parties.  These factors warrant sealing of these documents.  *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements).

**The McGraw Reports (Craig Decl. Exhs. D and E)**. Exhibits D and E to the Craig Decl. are excerpts from the reports of Defendants' technical and cybersecurity expert, Terrance McGraw.  These materials consist almost exclusively of information that is subject to legal restrictions and confidentiality obligations.  (*See* Craig Decl. ¶¶ 10-12.)  These reports are also replete with highly confidential technical information regarding the functioning of Defendants' technology, and expert analysis of both WhatsApp's and NSO's technologies, which warrants sealing.  *See, e.g., Finjan, Inc. v. Proofpoint, Inc., 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016)*.  Plaintiffs have filed under seal the reports of their technical expert, David Youssef, for the same reasons.

**Plaintiffs' "Technical Analysis" Presentation (Craig Decl. Exh. F)**.  Exhibit F to the Craig Decl. is a WhatsApp PowerPoint presentation setting forth Plaintiffs' technical analysis of the WhatsApp 0-click exploit.  This document was designated by Plaintiffs as Highly Confidential – Attorney's Eyes Only.

In addition to Exhibit F, Exhibits A-E also contain information about Plaintiffs' technology and discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes

Only," which provides an independent basis to grant this motion. Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

## III.   CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, good cause exists to seal the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

DATED: January 9, 2025

KING & SPALDING LLP

By: /s/Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP
TECHNOLOGIES LIMITED and Q
CYBER TECHNOLOGIES LIMITED