JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>**HIGHLY CONFIDENTIAL— ATTOREYS' EYES ONLY**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' January 9, 2025 Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Mr. David J. Youssef (the "Motion to Exclude"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▮▮▮▮▮ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.)

3. Defendants seek to file under seal various transcripts and documents related to and in connection with Defendants' concurrently filed Motion to Exclude and attached hereto as:

    a. This declaration;

    b. Exhibit A: excerpts of the transcript of the deposition of David Youssef;

    c. Exhibit B: the Opening Report of David Youssef;

    d. Exhibit C: the Rebuttal Report of David Youssef;

    e. Exhibit D: excerpts of the Opening Report of Terrence McGraw;

    f. Exhibit E: excerpts of the Rebuttal Report of Terrence McGraw;

    g. Exhibit F: Deposition Exhibit 1083, WA-NSO-00125122 (designated AEO by Plaintiffs); (collectively, the "Sealed Materials").

Sealing of the Sealed Materials is necessary to ▮▮▮▮▮

1  █
2  █
3  █ As is evidenced by the █
4  █
5  █ The Sealed
6  Materials contain highly sensitive, traditionally nonpublic information that █
7  █
8  █
9  █ and █ militates in favor of this Court's
10 sealing documents that contain references to information that █
11 █
12 █. In addition, the Sealed Materials also reveal
13 confidential and commercially sensitive technical and other information, the public disclosure of
14 which could harm NSO competitively and sensitive identifying information, including IP
15 addresses, phone numbers, and WhatsApp account numbers.
16 █
17     4.    On July 19, 2020, the █
18 █
19 █ (August 3,
20 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
21 presented by █ in his capacity as █
22 █
23 █ The Government of Israel sought

---

[2] The Office of the █

| | |
|---|---|
| 1 | ███████████████████████████ |
| 2 | ███████████████████████████ |
| 3 | ███████████████████████████ |
| 4 | ██████████████ The request prohibited Defendants from █ |
| 5 | ███████████████████████████ |
| 6 | ███████████████████████████ |
| 7 | ███████████████████████████ |
| 8 | ███████████████████████████ |
| 9 | ███████████████████████████ |
| 10 | ████████████████ (Gelfand Decl. (Dkt. 133-6) |
| 11 | Exh. B at 1-2.) |
| 12 | 5.   On July 19, 2020, ███████████████ |
| 13 | ██████████████████ (Gelfand Decl. (Dkt. 133-6), Exh. |
| 14 | D.) ████████████████████ |
| 15 | ███████████ (*Id.* at 1.) ████████ |
| 16 | ███████████████████████████ |
| 17 | ███████████████████████████ |
| 18 | ███████████████████████████ |
| 19 | ████████████████ (*Id.*) ████ authorized |
| 20 | the ████████████████████████ |
| 21 | ███████████████████████████ |
| 22 | ███████████████████████████ |
| 23 | ████████████████ (*Id.* at 1-2.) The order |
| 24 | also authorized ████████████████ |
| 25 | ███████████████████████████ |
| 26 | ████████████████████ (*Id.* at 3.) |
| 27 |    On July 19, 2020, ███████████ |
| 28 | ████████████ (Gelfand Decl. (Dkt. 133-6) Exh. F.) █ |

1 | notified Defendants about the ▮▮▮
2 | ▮▮▮
3 | ▮▮▮
4 | ▮▮▮
5 | ▮▮▮
6 | ▮▮▮ including a prohibition on ▮▮▮
7 | ▮▮▮
8 | ▮▮▮ (*Id.* ¶ 2.)
9 |     7.    On February 8, ▮▮▮
10 | ▮▮▮
11 | ▮▮▮ (Gelfand Decl. (Dkt. 133-6) Exh. D.) The
12 | purpose for this update, according to ▮▮▮
13 | ▮▮▮
14 | ▮▮▮
15 | ▮▮▮ On May 21, 2023, ▮▮▮
16 | ▮▮▮
17 | ▮▮▮
18 | ▮▮▮ As soon as NSO ▮▮▮ it
19 | filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ▮▮▮ is described
20 | in paragraph 10 below. ▮▮▮
21 | (Dkt. 195-4, Order ¶ 3), ▮▮▮
22 | ▮▮▮
23 | ▮▮▮ (Dkt. 195-4, Order ¶ 4), and ▮▮▮
24 | ▮▮▮
25 | ▮▮▮ (Dkt. 195-4, Order ¶
26 | 5), ▮▮▮ (Dkt. 195-4,
27 | ▮▮▮ ¶ 3). ▮▮▮
28 | ▮▮▮ (Dkt. 195-4, ▮▮▮ ¶ 6).

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2      9.    The information that Defendants seek to keep under seal ▓▓▓▓▓▓▓

3  ▓▓▓ The ▓▓▓▓▓▓▓ (Dkt. 195-3) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5  (Dkt. 195-3, ¶ 2.)  The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Dkt. 195-3, ¶ 2(1)-(6).)  (Dkt. 195-3 ¶ 4

9  (a)-(b)). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As

10 relevant here, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14     10.    Compelling reasons exist to seal the Sealed Documents because the Sealed

15 Documents are ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which is entitled to deference.

16     a.    *First*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,

22 482 U.S. 522, 543 n. 27 (1987). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *United States v. Sater*, 2019 WL 3288289, at

24 *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought

25 to be sealed "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1 ████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ██████████████████████████████

6       b.    *Second*, because ████████████████

7 ██████████████████ public disclosure of the Sealed Documents could ████████

8 ████████ ██████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 █████████████████████████████████

12       c.    *Third*, the deposition transcript of David Youssef (Exhibit A), the opening and rebuttal reports of David Youssef (Exhibits B and C), and Deposition Exhibit 1083, WA-NSO-00125122 (Exhibit F) have all been designated by Plaintiffs as their highly confidential, attorney's eyes only material.

16.   11.    Accordingly, a compelling reason exists to seal the Sealed Documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

    12.    The Declarant has carefully sought sealing of only those parts of the record as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.[3]

    I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 9th day of January, 2025, at Los Angeles, California.

---

[3] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Documents and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.

1  /s/ *Aaron S. Craig*
    AARON S. CRAIG