Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and METD PLATFORMS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT TESTIMONY OF TERRENCE MCGRAW**<br><br>Date:    February 13, 2025<br>Time:   1:30 p.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

**[PUBLIC REDACTED VERSION]**

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

BACKGROUND ........................................................................................................................3

I.      Mr. McGraw's Background .................................................................................3

II.     NSO Retains Mr. McGraw But Does Not Permit Him to Review Pegasus Code .......3

III.    NSO Serves Mr. McGraw's Expert Reports ........................................................4

IV.     The McGraw Rebuttal Report .............................................................................5

LEGAL STANDARD..................................................................................................................5

ARGUMENT .............................................................................................................................6

I. The Court Should Exclude Mr. McGraw's Opinions Because They Have No
Relevance to Plaintiffs' Damages ..........................................................................6

    A.    The Court Should Exclude Mr. McGraw's Technical Opinions That
          Contradict the Court's Ruling on Liability ...............................................7

    B.    The Court Should Exclude Mr. McGraw's Opinions on Ultimate Issues
          of Law ..................................................................................................8

    C.    Mr. McGraw's Policy Opinions Should Be Excluded Because His
          Opinions Are  Irrelevant to the Issues That Will Be Raised at the
          Damages-Only Trial ..............................................................................8

II.     The Court Should Exclude Mr. McGraw's Opinions Regarding the Functionality
        and Development of NSO's Pegasus Spyware ........................................................9

    A.    NSO Rejected Mr. McGraw's Request to Review Pegasus Code .................10

    B.    The Limited Materials That Mr. McGraw Reviewed Do Not Provide Him
          with Sufficient Facts or Data to Opine on the Functionality of NSO's
          Pegasus Spyware ...................................................................................11

    C.    The Court Should Exclude Mr. McGraw's Opinions Regarding NSO's
          Research-and-Development Process............................................................12

    D.    The Court Should Exclude Mr. McGraw from Offering Opinions
          Regarding  Pegasus's Operation on Target Devices.....................................14

    E.    The Court Should Independently Preclude NSO from Offering Expert
          Testimony Regarding Pegasus as a Discovery Sanction ..............................14

III.    The Court Should Exclude Mr. McGraw's Policy Opinions About "Lawful
        Intercept" Technology..............................................................................................15

i

A.    Mr. McGraw Lacks Qualifications to Offer Policy Opinions Regarding "Lawful  Intercept" Technology ................................................................15

B.    Mr. McGraw Has No Reliable Basis to Opine on NSO's Customers or Targets.........................................................................................................16

C.    Mr. McGraw's Policy Opinions Should Be Excluded Because His Opinions  Regarding "Lawful Intercept" Technology Lack Intellectual Rigor ...........................................................................................................17

CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

*Ash Grove Cement Co. v. Emps. Ins. of Wausau,*
    246 F.R.D. 656 (D. Kan. 2007)................................................................ 12

*Autotech Techs. Ltd. v. Autmationdirect.com, Inc.,*
    2005 WL 3180147 (N.D. Ill. Nov. 23, 2005)........................................... 11

*Brice v. Haynes Invs., LLC,*
    548 F. Supp. 3d 882 (N.D. Cal. 2021) .................................................... 9

*Daubert v. Merrell Dow Pharms., Inc.* (*Daubert II*),
    43 F.3d 1311 (9th Cir. 1995) ................................................................. 17

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993)............................................................... 5, 6, 7, 16

*Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.,*
    285 F.3d 609 (7th Cir. 2002) ................................................................. 12

*Elosu v. Middlefork Ranch Inc.,*
    26 F.4th 1017 (9th Cir. 2022) ........................................................ 12, 17

*Hangarter v. Provident Life & Acc. Ins. Co.,*
    373 F.3d 998 (9th Cir. 2004) ................................................................ 6, 8

*In re Ripple Labs, Inc. Litig.,*
    2024 WL 4583525 (N.D. Cal. Oct. 24, 2024)......................................... 6

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab.*
    *Litig.,*
    978 F. Supp. 2d 1053 (C.D. Cal. 2013) ................................................. 9

*King-Indiana Forge, Inc. v. Millennium Forge, Inc.,*
    2009 WL 3187685 (S.D. Ind. Sept. 29, 2009) ...................................... 12

*Kumho Tire Co., Ltd. v. Carmichael,*
    526 U.S. 137 (1999)......................................................................... 6, 17

*Maldonado v. Apple, Inc.,*
    2021 WL 1947512 (N.D. Cal. May 14, 2021) ....................................... 11

*Mullins v. Premier Nutrition Corp.,*
    178 F. Supp. 3d 867 (N.D. Cal. 2016) .................................................. 16

*United States v. Cerna,*
    2010 WL 11627594 (N.D. Cal. Dec. 17, 2010) .................................... 16

*United States v. Diaz*,
   876 F.3d 1194 (9th Cir. 2017) ........................................................................................... 8

*United States v. Duncan*,
   42 F.3d 97 (2d Cir. 1994)................................................................................................... 8

*United States v. Hankey*,
   203 F.3d 1160 (9th Cir. 2000) ......................................................................................... 16

*Veritas Operating Corp. v. Microsoft Corp.*,
   2008 WL 687118 (W.D. Wash. Mar. 11, 2008) ............................................................. 11

*Vox Marketing Grp., LLC v. Prodigy Promos L.C.*,
   521 F. Supp. 3d 1135 (D. Utah 2021)............................................................................. 10

*Waymo LLC v. Uber Techs., Inc.*,
   2017 WL 6887043 (N.D. Cal. Nov. 14, 2017)................................................................. 12


S<small>TATUTES</small>
Cal. Penal Code § 502.............................................................................................................. 9

R<small>ULES</small>
Fed. R. Civ. P. 56..................................................................................................................... 6

Fed. R. Evid. 702 ............................................................................................................. *passim*

**NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY**

PLEASE TAKE NOTICE THAT, on February 13, 2025 at 1:30 pm in Courtroom 3 of the U.S. District Court for the Northern District of California, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. ("Meta"; together with WhatsApp, "Plaintiffs") will and hereby do move to exclude the expert testimony of Terrence McGraw.  This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Micah G. Block and all exhibits thereto, the pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("NSO") seek to introduce at trial the expert testimony of Terrence McGraw, who offers five principal opinions:

- Opinion No. 1: ██████████████████████████
- Opinion No. 2: ████████████████████████████████████████
  ████████████████████████
- Opinion No. 3: ██████████████████████████
- Opinion No. 4: ███████████████████████
- Opinion No. 5: ████████████████████████████████████████
  ████████████████

██████████████████████████████████ under Federal Rule of Evidence 702 because they advance contentions not relevant to the determination of damages (including contentions that have already been rejected by the Court), purport to offer technical opinions not backed by sufficient analysis (████████████████████████████████████), or constitute improper and irrelevant "policy" opinions not backed by any discernible methodology.

*First*, the Court's ruling granting Plaintiffs' motion for partial summary judgment, which found NSO liable on all of Plaintiffs' claims, renders the lion's share of Mr. McGraw's proposed testimony irrelevant and warrants its exclusion. Several of Mr. McGraw's opinions on technical topics address issues the Court has already adjudicated as a matter of law or espouse positions the Court has already rejected. Mr. McGraw's opinions on policy topics have no relevance to any claim or defense in the case. Mr. McGraw should not be permitted to advance merits-related contentions that have already been rejected by the Court to a jury tasked only with deciding the amount that NSO owes Plaintiffs in damages. Those opinions, if allowed, would not assist the jury in any way.

*Second*, Mr. McGraw's proposed technical opinions are not backed by sufficient analysis and thus should be excluded as unreliable, or in the alternative, as an evidentiary sanction for NSO's discovery violations. Most notably, ██████████████████████████████████████

████████████████████████████████████████████████

███. NSO similarly ██████████████████████████████████████

1   ██████████████████████████████████████████████.  NSO's refusal to grant

2   its own expert access to evidence necessary for his conclusions, consistent with its "repeated[]

3   fail[ure] to produce relevant discovery and fail[ure] to obey court orders regarding such discovery,"

4   Dkt. No. 494 at 9, precludes Mr. McGraw from providing expert testimony that satisfies Rule 702

5   and *Daubert*.  Given these foundational shortcomings, the Court should exclude Mr. McGraw's opin-

6   ions regarding Pegasus in full.  In the alternative, the Court should preclude NSO from offering expert

7   testimony on issues NSO denied Plaintiffs the opportunity to test fully through discovery as part of

8   the "appropriate" evidentiary sanctions the Court agreed to issue.  Dkt. No. 494 at 9.

9   *Third*, the Court should exclude Mr. McGraw's proposed "policy" opinions, including ██

10  ██████████████████████████████ and his views regarding ████████████

11  ██████████████████████████████.  As to his opinion that ██████████

12  ██████████████████, Mr. McGraw by his own admission lacks the requisite qualifications

13  or expertise to opine ██████████████████████, and Mr. McGraw concedes that he

14  has conducted no analysis ██████████████████████████—espe-

15  cially because NSO ████████████████████████████

16  ██.  Moreover, Mr. McGraw's opinion ██████████████████████

17  does not rest on any discernible methodology.  The same is true of his final opinion as to ██████

18  ██████████████████████—an opinion that Mr. McGraw conceded

19  ██████████████████████—that is not backed by any recognized

20  methodology, contradicts the Court's summary judgment ruling finding NSO liable, and has no rel-

21  evance to the issues the jury needs to decide at trial.

22  Because none of Mr. McGraw's opinions satisfy Rule 702 and none would be helpful to a

23  jury charged only with the determination of damages, his testimony should be excluded in full.

24

25

26

27

28

# BACKGROUND

## I.    Mr. McGraw's Background

██████████████████████████████████████████████████

McGraw Dep. Tr. at 24:24–25:9.[1] ███████████████████████████████████

███████████████████████████████. Tr. at 23:5–11. █████████████████████

██████████████████████████████████████ Tr. at 23:17–24:1.

████████████████████████████████████████████████████████████

████████ Tr. at 27:1–6. ██████████████████████████████████████████

███████████████████████████████████ McGraw Rep. ¶¶ 6–10. ████████

██████████████████████████████████████ *Id.* ¶ 11. █████████████

█████████████ Tr. at 32:17–21.

█████████████████████████████████████ Tr. at 49:20–23. ██████████

███████████████████ McGraw Rep. ¶ 4; Tr. at 46:25–47:2.

## II.    NSO Retains Mr. McGraw ██████████████████████████████████

      After being retained, Mr. McGraw ████████████████████████████████

████████████████████████████████████████ Tr. at 68:6–20; *see also* Tr.

at 237:2–16 ████████████████████████████████████████████████████████

████████████████████████ Mr. McGraw admitted that ██████████████████

██████████████████████████ *See* Tr. at 72:12–13 (█████████████████████

██████████████████; *see also* Tr. at 272:23–25 ██████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████ Tr. at 237:16.

      In light of ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

[1] Mr. McGraw's deposition transcript is attached as Exhibit C to the Declaration of Micah Block and cited herein as "Tr."  Mr. McGraw's expert report is attached as Exhibit A to the Declaration of Micah Block and cited herein as "McGraw Rep."  Mr. McGraw's rebuttal expert report is attached as Exhibit B to the Declaration of Micah Block and cited herein as "McGraw Rebuttal Rep."

1    ███████ Tr. at 67:1–6. █████████████████████████████████████████

2    ████████████████████████████ Tr. at 236:10–237:1; *see also, e.g.*, Tr. at 239:19–21 ███

3    ████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████████████

5    ████████████████████████████ Tr. at 239:1–4.

6    **III.    NSO Serves Mr. McGraw's Expert Reports**

7        NSO served Plaintiffs with Mr. McGraw's expert report (the "McGraw Report") on August

8    30, 2024.  The McGraw Report ████████████████████████████████████████

9    ██████████████████████████████████████ McGraw Rep. ¶¶ 16–28.

10   He also explains ███████████████████████████████████████████████

11   ████████████████████ *Id.* ¶¶ 16, 22–25, 27.  In his report, he identifies five headline

12   opinions:

13   •  Opinion No. 1: ██████████████████████

14   •  Opinion No. 2: ████████████████████████████████████

15        ████████████████████

16   •  Opinion No. 3: █████████████████████

17   •  Opinion No. 4: ████████████████████

18   •  Opinion No. 5: ████████████████████████████████████

19        ████████████████

20   Mr. McGraw also provides a summary of ████████████████████████████

21   ████████████████████████████████████████████████████████████████

22   ████████████████ *Id.* ¶¶ 49–81.  The appendix to Mr. McGraw's report lists ████████

23   ████████████████████████████████████████████████████████████ *Id.*

24   at 37.[2]  In addition to reviewing documents produced in this litigation and public materials, ███

25

26   _____

27   [2] In his deposition, Mr. McGraw admitted ██████████████████████████████

28   ██████████████ Tr. at 57:24–25 ██████████████████████████████████

1 ██████████████████████████████████████████████████████████████

2 *Id.*; Tr. at 59:3–14. ████████████████████████████ Tr. at 59:22–24.

3 **IV.    The McGraw Rebuttal Report**

4       NSO served Plaintiffs with Mr. McGraw's rebuttal report (the "McGraw Rebuttal Report")

5 on September 21, 2024.  That report ████████████████████████████████████████

6 ████████████████████ In responding to Mr. Youssef's report, ██████████████

7 ████████████████████████████████ *See* McGraw Rebuttal Rep. ¶¶ 9–70. ████

8 ████████████████████████████████████████████████████████████████

9 ██████████████████████████████████████████████ *Id.* ¶ 29; *see,*

10 *e.g.*, *id.* ¶ 41 ████████████████████████████████████████████

11 *id.* ¶ 42 ██████████████████████████████████ In addition,██

12 ████████████████████████████████████████████████████████████████

13 ██████████████████████████████████████████ *Id.* ¶¶ 37–38.

14       Like the McGraw Report, ███████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ████████████████ *Id.* ¶ 33. ████████████████████████████████

18 ████████████████████████████████████████████████████████████████

19 ████████████████ *Id.* ¶ 53.

20       Plaintiffs deposed Mr. McGraw on December 16, 2024.

21                         <u>**LEGAL STANDARD**</u>

22       A witness who has been qualified as an expert by knowledge, skill, experience, training, or

23 education may give an opinion on scientific, technical, or otherwise specialized topics if (1) the ex-

24 pert's scientific, technical, or other specialized knowledge will help the trier of fact understand the

25 evidence or determine a fact in issue, (2) the testimony is based upon sufficient facts or data, (3) the

26 testimony is the product of reliable principles and methods, and (4) the witness has applied the prin-

27 ciples and methods reliably to the facts of the case.  Fed. R. Evid. 702; *see Daubert v. Merrell Dow*

28 *Pharms., Inc.*, 509 U.S. 579 (1993).  As the proponent of Mr. McGraw's testimony, NSO bears the

burden of establishing by a preponderance of the evidence that the admissibility requirements are met.  *See* Fed. R. Evid. 702.

*Daubert* requires a two-part analysis.  First, the Court must first analyze whether an expert's testimony reflects "scientific knowledge" that is "derived by the scientific method" and whether the work product is "good science"—that is, whether the testimony is reliable and trustworthy.  *In re Ripple Labs, Inc. Litig.*, 2024 WL 4583525, at *1 (N.D. Cal. Oct. 24, 2024) (quoting *Daubert*, 509 U.S. at 590 & n.9, 593).  Accordingly, an expert's opinion may reach the jury only if that opinion applies the expert's "knowledge and experience" to the facts of the case with a "sufficient foundation of reliability."  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004).  Even for nonscientific fields that are not amenable to peer review or statistical analysis, the expert must "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 152 (1999).

Second, the Court must determine whether the testimony is "relevant to the task at hand." *Daubert*, 509 U.S. at 597.  Expert testimony is relevant if the knowledge underlying it has a "valid . . . connection to the pertinent inquiry."  *Id*. at 591–92.  As Rule 702 requires, it must "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a); *see also Daubert*, 509 U.S. at 591. But "scientific validity [and relevance] for one purpose is not necessarily scientific validity for other, unrelated purposes."  *Daubert*, 509 U.S. at 591.

## ARGUMENT

### I.    The Court Should Exclude Mr. McGraw's Opinions Because They Have No Relevance to Plaintiffs' Damages

The Court's ruling granting Plaintiffs' motion for partial summary judgment eliminates the need for all of Mr. McGraw's opinions.  On December 20, 2024, the Court concluded that there was "no genuine dispute as to any material fact" on Plaintiffs' CFAA, CDAFA, and breach of contract claims.  Dkt. No. 490 at 2 (quoting Fed. R. Civ. P. 56(a)).  Because Mr. McGraw's opinions relate to issues the Court has already adjudicated, or have no relevance to the issues that remain, they will not "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a);

*see also Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (internal quotation marks and citations omitted).

### A. The Court Should Exclude Mr. McGraw's Technical Opinions That Contradict the Court's Ruling on Liability

The Court's conclusions in its ruling on summary judgment flatly contradict Mr. McGraw's opinions:

- ***Targeting California-based servers***.  Mr. McGraw opines ███████████████████ ███████████████████████████████  McGraw Rep. ¶ 108.  But this Court concluded that NSO "expressly aimed" Pegasus at computers in California.  Dkt. No. 494 at 5.

- ***Unauthorized access***.  Mr. McGraw opines ████████████████████████████ ██████████████████████████████████████ ██████████████  McGraw Rep. ¶ 123; *see also* McGraw Rebuttal Rep. ¶¶ 16–32.  But this Court concluded that any difference between the two theories was "semantic," and NSO exceeded its authorized access.  Dkt. No. 494 at 11–12.

- ***Evading detection***.  Mr. McGraw opines ██████████████████████████ ██████████████████  McGraw Rebuttal Rep. ¶ 42.  But this Court concluded that NSO "redesigned Pegasus to evade detection after plaintiffs first fixed the security breach."  Dkt. No. 494 at 12.

- ***Obtaining information***.  Mr. McGraw opines ████████████████████ █████████████████████  McGraw Rebuttal Rep. ¶ 41.  But this Court concluded that NSO's spyware obtains information "directly from the target users' devices" as well as from WhatsApp's servers.  Dkt. No. 494 at 12.

- ***Loss to Plaintiffs***.  Mr. McGraw opines ███████████████████████ █████████████  McGraw Rep. ¶ 148.  But this Court concluded that Plaintiffs "incurred costs investigating and remediating defendants' breaches."  Dkt. No. 494 at 15.

7

1    • ***Holding spyware makers liable***.  Mr. McGraw opines ████████████████████

2    ████████████████████████████████████████████  McGraw Rep. ¶ 154.  But

3    this Court has found NSO liable on all of Plaintiffs' claims.  Dkt. No. 494 at 10–15.

4    Each of these matters has already been resolved by the Court as a matter of law, rendering Mr.

5    McGraw's opinions irrelevant.

6    **B.  The Court Should Exclude Mr. McGraw's Opinions on Ultimate Issues of Law**

7    Even if the Court's decision granting Plaintiffs' motion for summary judgment had not ren-

8    dered nearly all Mr. McGraw's opinions irrelevant, these opinions should be excluded for the inde-

9    pendent reason that they offer a conclusion on an ultimate issue of law.  The Ninth Circuit "has

10   repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an

11   opinion on an ultimate issue of law.'"  *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017)

12   (emphasis omitted) (quoting *Hangarter*, 373 F.3d at 1016).  "This prohibition of opinion testimony

13   on an ultimate issue of law recognizes that, '[w]hen an expert undertakes to tell the jury what result

14   to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's

15   judgment for the jury's.'"  *Id.*  (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).

16   All of the technical opinions in the McGraw Report (i.e., ███████████████████) are ex-

17   plicitly framed in terms of an ultimate issue of law and should be excluded on that basis.  For instance,

18   Mr. McGraw should not be permitted to testify as to ██████████████████████████████████

19   ███████████████, which precisely mimics the argument that NSO asserted—and the Court re-

20   jected.  *See* Dkt. No. 494 at 5.  For similar reasons, Mr. McGraw should not be permitted to ████

21   ████████████████████████████████████████████████████████████████████████████

22   ████████████████████████████████████—all of which rely on misguided interpreta-

23   tions of the CFAA.

24   **C.  Mr. McGraw's Policy Opinions Should Be Excluded Because His Opinions Are**

25   **Irrelevant to the Issues That Will Be Raised at the Damages-Only Trial**

26   Like his technical opinions, Mr. McGraw's policy opinions "have no relevance to the legal

27   and factual matters to be resolved by the jury."  *Brice v. Haynes Invs., LLC*, 548 F. Supp. 3d 882,

28

8

903 (N.D. Cal. 2021).  To the extent the Court's ruling did not dispose of Mr. McGraw's opinions, any opinions that remain lack any connection to the categories of damages that Plaintiffs seek.

   ***Compensatory damages / unjust enrichment.*** Mr. McGraw's expert testimony has no relevance to Plaintiffs' requests for compensatory damages or for disgorgement of NSO's profits. ███

████████████████████████████████████████████████████

██████████ *see* McGraw Rep. ¶¶ 145–48, Mr. McGraw does not offer any opinions relevant to these theories of damages.

   ***Punitive damages***.  Mr. McGraw's testimony likewise has no relevance to Plaintiffs' request for punitive damages.  As explained below, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ Tr. at 77:10–17.  As such, Mr. McGraw offers no more than █████████████████████████████████████,

which is irrelevant to what the jury must decide.  *Brice*, 548 F. Supp. at 902 (excluding expert opinions regarding "social utility" of various business arrangements at issue in RICO case).  While Mr. McGraw may have high-level opinions about █████████████████████████████████

███, he has no basis to opine on whether, in this case, NSO acted with "oppression, fraud, or malice."  Cal. Penal Code § 502(e)(4); *see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 978 F. Supp. 2d 1053, 1068 (C.D. Cal. 2013) (excluding expert's "general testimony" regarding collision investigations where expert "offers no opinions that are specific to the Camry or the collision").  As such, Mr. McGraw's expert testimony has no relevance to the jury's consideration of punitive damages.

## II. The Court Should Exclude Mr. McGraw's Opinions Regarding the Functionality and Development of NSO's Pegasus Spyware

   Setting aside the fact that Mr. McGraw's opinions regarding Pegasus's functionality are irrelevant, those opinions should also be excluded as unreliable.  NSO "repeatedly failed to produce relevant discovery and failed to obey court orders regarding such discovery."  Dkt. No. 494 at 9. NSO's ████████████████

1    ██████████████████████████.  Because Mr. McGraw neither ██████████████

2    ████████████████████████████████████ nor ████████████████████████████

3    ████████████████████████████████ he lacks sufficient facts or data for his conclusions

4    on these issues.  In the alternative, the Court should preclude Mr. McGraw from testifying on these

5    topics as part of the discovery sanction that the Court has already found was "appropriate."  *Id.*

6    **A.  NSO Rejected Mr. McGraw's Request to Review Pegasus Code**

7    In order for an expert's testimony to satisfy Federal Rule of Evidence 702, it must be "based

8    on sufficient facts or data."  Fed. R. Evid. 702(b).  Though Mr. McGraw's opinions all relate to ██

9    ████████████████████████████████████████████████████████████████████████

10    ████████████████████████████████████ *See* Tr. at 237:2–5.  This deprived Mr.

11    McGraw of "sufficient facts or data" and warrants exclusion of all his opinions ████████████

12    ██████████████████████

13    Despite never having █████████████████, Mr. McGraw offers expert opinions about ███

14    █████████████ For instance, █████████████████████████████████████████████

15    ████████████████████████████████ *See, e.g.*, McGraw Rep. ¶ 110 █████████████

16    ████████████████████████████████████████████████████████████████████████

17    █████████████████ In offering ████████████████████████████████████████████

18    ████████████████████████████████████████████████████████████████████████

19    ████████████████████████████████ *See, e.g.*, *id.* ¶¶ 127–31 █████████████

20    ████████████████████████████████ And █████████████████████████████████████

21    ████████████████████████████████ *See, e.g.*, *id.* ¶¶ 141–42 █████████████

22    ██████████████████████

23    Courts exclude the opinions of technical experts who offer opinions about the functioning of

24    computer code that they did not review.  In *Vox Marketing Group, LLC v. Prodigy Promos L.C.*,

25    another case brought under the CFAA, the district court excluded a technical expert from opining on

26    when a feature was operational when the expert "had not reviewed the actual digital files" at issue.

27    521 F. Supp. 3d 1135, 1152 (D. Utah 2021).  The expert's failure to review these files meant that

28    "the basis of that opinion is not grounded in sufficient facts or data," and thus "will not 'help the trier

of fact to understand the evidence or to determine a fact in issue.'" *Id*. (quoting Fed. R. Evid. 702(a)); *see, e.g.*, *Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 687118, at *3 (W.D. Wash. Mar. 11, 2008) (prohibiting expert who did not review source code from opining that code was "severely buggy"); *Autotech Techs. Ltd. v. Automationdirect.com, Inc.*, 2005 WL 3180147, at *9 (N.D. Ill. Nov. 23, 2005) (excluding opinion of expert who did not review product's source code and instead relied upon publicly available information); *see also Maldonado v. Apple, Inc.*, 2021 WL 1947512, at *20 (N.D. Cal. May 14, 2021) ("The flaw in [expert]'s opinion is precisely that the underlying material was not communicated to him and he did not review it.") (emphasis omitted).

**B. The Limited Materials That Mr. McGraw Reviewed Do Not Provide Him with Sufficient Facts or Data to Opine on the Functionality of NSO's Pegasus Spyware**

Mr. McGraw concedes that ███████████████████████████████, and instead ███████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████" McGraw Rep. ¶ 73.  Yet none of these sources is sufficient for Mr. McGraw to offer an expert opinion on ███████████████.

As a threshold matter, ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ *See, e.g.*, Tr. at 72:12–13 ███████████████████████████████████████.

The contents of the ████████████████████ are not a sufficient substitute for Mr. McGraw's opinions on ██████████████████████████████████████████████████████ █████████████ First, as NSO admitted, ████████████████████████████████ █████████ Dkt. No. 208 at 4 ████████████████████████████████████████████ ██████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████████████ *See* Dkt. No. 405- 4, Ex. N at 322:22–323:1 (████████████████████████████████████████████████ █████████████ Second, ██████████████████████████████████████████████████

---

11

████████████████████████████████████████████████████████████████

█████████████████████████████████ *See* Tr. at 275:11–18 ██████████████████

██████████████████████████████████████████████████████

Nor can Mr. McGraw rehabilitate his opinions by relying ██████████████████

Throughout his deposition, ████████████████████████████████████████████

█████████████████████████████ *See, e.g.*, Tr. at 137:9–138:1, 141:5–21.  But

the Court should not allow Mr. McGraw, ██████████████████████████████████

█████████████████████████████████ *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL

6887043, at *6 (N.D. Cal. Nov. 14, 2017) (precluding expert opinion based on "uncritical acceptance

of other evidence in the case, which can speak for itself"); *see also Ash Grove Cement Co. v. Emps.

Ins. of Wausau*, 246 F.R.D. 656, 661 (D. Kan. 2007) (ruling that expert "may not simply parrot or

recite the opinions and knowledge of other expert and fact witnesses"); *Dura Auto. Sys. of Indiana,

Inc. v. CTS Corp.*, 285 F.3d 609, 612–14 (7th Cir. 2002) (preventing expert from serving as "mouth-

piece" of another person); *King-Indiana Forge, Inc. v. Millennium Forge, Inc.*, 2009 WL 3187685,

at *2 (S.D. Ind. Sept. 29, 2009) ("When an expert's proffered opinion merely parrots information

provided to him by a party, that opinion is generally excluded.").

## C.  The Court Should Exclude Mr. McGraw's Opinions Regarding NSO's Research-and-Development Process

For similar reasons, the Court should exclude Mr. McGraw from offering opinions or testi-

mony regarding ██████████████████████████████ because they are not "based on

sufficient facts or data."  Fed. R. Evid. 702(b).  Mr. McGraw admitted that ███████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Tr. at 187:25–188:18.

The Court should therefore exclude Mr. McGraw's "wholly speculative" and "unfounded testimony."

*Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022).

In the McGraw Rebuttal Report, Mr. McGraw attempts to defend ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

McGraw Rebuttal Rep. ¶ 51.  Based on that speculation, Mr. McGraw concludes █████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████ *Id.*[3]

Despite the fact that Mr. McGraw opined on ███████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

█████████  For instance, Mr. McGraw conceded ████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████  Tr. at 190:22–24.  Similarly, whether ████████████████████████████████

███████████████████████████████████████  Tr. at 191:19–22.  Mr. McGraw

also admitted ██████████████████████████████████████████████████████████████████

██████████████████████████████  Tr. at 193:23–24 ██████████████████████████████

█████████████████████████████████

More broadly, Mr. McGraw ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████ Mr.

McGraw testified that ██████████████████████████████████████████████████████████

████████  *See* Tr. at 215:4–5 █████████████████████████████████████████████████

Mr. McGraw's deposition revealed that he lacked knowledge of ██████████████████  For

instance, Mr. McGraw admitted that ████████████████████████████████████████████

████████████████████████████████████████████  Tr. at 189:6–9. Despite

███████████████████████████████████████████████████████████████████████████████

Tr. at 188:21–22.  ████████████████████████████████████████████████████████████

███████████████████████████████████████  Tr. at 211:21–213:8.  In light of these admissions, ████

████████████████████████████████████  would be based on nothing more than spec-

ulation or impermissible parroting of fact witness testimony, and should thus be excluded.

[3] In granting Plaintiffs' motion for partial summary judgment, the Court recognized that NSO "of-
fer[red] no evidence as to when they did such reverse-engineering or decompiling."  Dkt. No. 494
at 14.



**D.  The Court Should Exclude Mr. McGraw from Offering Opinions Regarding Pegasus's Operation on Target Devices**

Just as Mr. McGraw lacks sufficient facts and data to opine on ███████████████ ████████████████████████████████████ he lacks any basis ███████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████ The Court should thus exclude Mr. McGraw from offering any opinions regarding █████████████████████████████

As Mr. McGraw acknowledged at his deposition, ██████████████████████ ████████████████████████████████████ Tr. at 62:13–15 ████████ ███████████████████████████ Nonetheless, Mr. McGraw offers opinions regarding ███████████████████████████████ *See, e.g.*, McGraw Rep. ¶ 80 ████ ███████████████████████████████████████████████████████████████ ████████████████████████ McGraw Rebuttal Rep. ¶ 48 ███████████████ ████████████████████████████████████████████████████████████ *id.* ¶ 109 ██████████████████████████████████████████████████████████████ ████████████████████████████ Because he lacks sufficient facts or data to support any opinions about █████████████████████████████████████████████ ████████████ Mr. McGraw should not be permitted to offer such opinions at trial.[4]

**E.  The Court Should Independently Preclude NSO from Offering Expert Testimony Regarding Pegasus as a Discovery Sanction**

Preventing Mr. McGraw from offering opinions regarding the functionality of Pegasus is particularly appropriate because NSO made the conscious decision not to provide him—or anyone else in this case—with Pegasus code.  In granting Plaintiffs' motion for sanctions, the Court concluded that NSO "repeatedly failed to produce relevant discovery and failed to obey court orders regarding

---

[4] By contrast, Plaintiffs' primary technical expert appropriately acknowledged that NSO did not produce code showing the operation of the Pegasus agent.  *See* Youssef Rep. ¶ 112 ("It is my understanding this exploit led to the installation of a final-stage payload; the Defendants do not produce evidence with which to analyze this final-stage payload's function or capabilities.").

such discovery," and that the "[m]ost significant" failing related to "Pegasus source code." Dkt. No. 494 at 9. Specifically, NSO's "limitation of its production such that it is viewable only by Israeli citizens present in Israel is simply impracticable for a lawsuit that is to be litigated in this district." *Id*. Though the Court did not need to impose evidentiary sanctions to find NSO liable on Plaintiffs' claims, it agreed to "impose evidentiary sanctions when appropriate." *Id*. Such sanctions would be proper at this juncture. NSO should not be permitted to proffer expert testimony as to issues on which it has denied its adversary the underlying discovery needed to challenge such assertions.

### III.    The Court Should Exclude Mr. McGraw's Policy Opinions About "Lawful Intercept" Technology

Even if the Court finds that Mr. McGraw's opinions about the ██████████████████ ██████████ relevant to the amount of Plaintiffs' damages, it should nonetheless exclude these opinions as unreliable and unsupported by appropriate expertise or analysis. Mr. McGraw's background betrays a lack of expertise regarding ████████████████████████████ ████████ McGraw Rep. ¶ 149. Mr. McGraw admits ██████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ *See* Tr. at 101:21–22 ████████████ ████████████████████████ For this reason, Mr. McGraw's ██████████ ████████████████████████████████████—lacks any foundation or reliable basis. Mr. McGraw's nontechnical testimony should therefore be excluded.

### A.  Mr. McGraw Lacks Qualifications to Offer Policy Opinions Regarding "Lawful Intercept" Technology

Mr. McGraw lacks the required "knowledge, skill, experience, training, or education," Fed. R. Evid. 702, to offer opinions on what ██████████████████████████████ ████████████████████████████████████████████ *See, e.g.*, McGraw Rep. ¶ 154 ████████ ████████████████████████████ McGraw Rebuttal Rep. ¶ 99 ████████ ████████████████████████████████████

To provide expert opinions, an expert's knowledge must contain a "valid . . . connection to the pertinent inquiry." *Daubert*, 509 U.S. at 592. "To be able to testify . . . expert witnesses must describe their relevant background and explain how that background informed the opinions they offer." *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 900 (N.D. Cal. 2016). Experts relying on experience must "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinions, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000); *see United States v. Cerna*, 2010 WL 11627594, at *6 (N.D. Cal. Dec. 17, 2010) (citing *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000)).

Mr. McGraw's background provides no expertise regarding the use of ███████████ or the ██████████ or ██████████ of ██████████. *See* McGraw Rep. ¶¶ 149–154. Before being retained as an expert in this case, ██████████████ ██████████████████████ Tr. at 13:22–14:9. ██████████ ██████████████████████ Tr. at 165:16. He has never ██████████ ██████ has ██████████████████████ and ██████████ Tr. at 89:21–90:18. In light of his ██████████████████ ███ Mr. McGraw knows almost nothing about ██████████████ ██████ Tr. at 149:23–25. Mr. McGraw's ██████████ ██████ renders him wholly unqualified to offer an opinion about ████████ ██████████

**B. Mr. McGraw Has No Reliable Basis to Opine on NSO's Customers or Targets**

In addition to lacking any relevant qualifications or experience, Mr. McGraw lacks any reliable basis to expert testimony about the identities of NSO's customers, or whether NSO vets them. Mr. McGraw opines ██████████████████████ ██████████ McGraw Rep. ¶ 18, and that NSO ██████████ ██████████ McGraw Rebuttal Rep. ¶ 99. But Mr. McGraw conceded ██████ ██████████████████████ Tr. at 74:22–76:9. Mr. McGraw ██████████████████

1 ███████████████████████████████████████████████████

2 ████████████████ Tr. at 96:18–24.   And Mr. McGraw has ████████████████████

3 ██████████████████████████████ Tr. at 82:8–11.

4     Mr. McGraw likewise lacks any reliable basis to offer expert testimony about ████████████

5 Mr. McGraw opines that █████████████████████████████████████████████████████

6 ███████████████ McGraw Rep. ¶ 39.  But Mr. McGraw admitted that ████████████████

7 ██████████████████████████████████████████████████████████████████████

8 ██████████████████████████████████████████████████████████████████████

9 █████████████ Tr. at 120:6–25.  Similarly, Mr. McGraw conceded ████████████████

10 ██████████████████████████████ Tr. at 299:5–7 ████████████████

11 ███████████████████████████████████████████ Because Mr. McGraw's

12 knowledge of ████████████████████████████████████████████████████████████

13 █████████████████ he is unqualified to opine about ████████████████████████ .

14   **C.  Mr. McGraw's Policy Opinions Should Be Excluded Because His Opinions**

15       **Regarding "Lawful Intercept" Technology Lack Intellectual Rigor**

16     Even if Mr. McGraw were an expert in █████████████████████ (which he is not) or had

17 any reliable basis to opine on ████████████████████ (which he does not), Mr. McGraw none-

18 theless relies on an unreliable methodology to determine █████████████████████████

19 ████████████ The "basic function of expert testimony" is "to help the trier of fact understand highly

20 specialized issues that are not within common experience."  *Elosu*, 26 F.4th at 1026 (citing *Kumho*

21 *Tire*, 526 U.S. at 148–49).  The trial judge must demand more than "the expert's word" that his

22 methodology is sound.  Fed. R. Evid. 702 advisory committee's note (2000) (citing *Daubert v. Mer-*

23 *rell Dow Pharms., Inc.* (*Daubert II*), 43 F.3d 1311, 1319 (9th Cir. 1995))

24     Mr. McGraw's █████████████████████████████ lacks the "intel-

25 lectual rigor" required of expert testimony.  *See Kumho Tire*, 526 U.S. at 152.  Although the McGraw

26 Report includes ████████████████████████████████████ Mr. McGraw

27 admitted under oath that ████████████████████████████████████████████████████

28 ████████████████████ Tr. at 154:17–19.  Indeed, the very materials from which Mr. McGraw ████████

1 ███████████████████████████████████████████████████████

2 ████████████ *See, e.g.*, Dkt. No. 401-2, Ex. 7 at *683–684.  Even ██████████

3 testified that ████████████████████████ Gazneli Dep. Tr. at 97:10–13.

4      Mr. McGraw instead builds ████████████████████████████ In his

5 deposition, ███████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████ Tr. at 93:6–9.  ████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████ Tr. at 109:1–6; *see also* Shohat Dep. Tr. at

10 24:1–7 (admitting misuse).  The second is that "NSO has specifically stated that they have a process

11 ████████████████████████████████████████████████████

12 ████████████████████████ Tr. at 93:12–21.  The third is the ████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 *See* Tr. at 93:18–21, 96:18–24, 97:9–11.

16      In sum, Mr. McGraw's methodology—consisting solely of ████████████

17 ████—does not pass muster under Rule 702.  He admits ████████████████████

18 ████████████████████████████████████████████████████

19 ████████████ Tr. at 96:20–24 ██████████████

20 Because Mr. McGraw's opinions on ████████████ do not reflect any discernible methodology,

21 and instead ████████████████████████████ the Court should exclude Mr.

22 McGraw from offering them at trial.[5]

23 **<u>CONCLUSION</u>**

24      For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to

25 exclude the expert opinions of Terrence McGraw.

26 ────────────────────

27 [5] Mr. McGraw likewise fails to provide a methodology to opine, as he did in his deposition, that

28 ████████████████████████████████████████████████████ *See* Tr. at 102:17–19.



Dated:  January 9, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By:  /s/ Micah G. Block
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
        antonio.perez@davispolk.com
        gina.cora@davispolk.com
        craig.cagney@davispolk.com
        luca.marzorati@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*