# EXHIBIT 1

|   |   |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
|   | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
|   | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
|   | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
|   | Telephone: (213) 443-4355 |
| 5 | Facsimile: (213) 443-4310 |
| 6 | Attorneys for Defendants |
|   | NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
|---|---|
| Plaintiffs, | **DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS' PROPOSED EXPERT DAVID J. YOUSSEF** |
| v. |  |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, |  |
| Defendants. |  |
|  | Action Filed: 10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1. I am a member of the California State Bar and the bar of this court. I am a partner in the law firm of King & Spalding LLP and counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2. I submit this declaration in support of Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert, David J. Youssef.

3. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the December 10, 2024, deposition testimony of David J. Youssef. Plaintiffs designated Mr. Youssef's deposition transcript as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit A contains discussion of confidential and competitively sensitive documents and information produced by both parties and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

4. Attached hereto as **Exhibit B** is a true and correct copy of the Opening Expert Report of David J. Youssef, which Plaintiffs in this action served on Defendants on September 1, 2024.[1] Plaintiffs designated Mr. Youssef's Opening Report as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit B contains discussion of confidential and competitively sensitive documents and information produced by both parties and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

5. Attached hereto as **Exhibit C** is a true and correct copy of the Rebuttal Expert Report of David J. Youssef, which Plaintiffs in this action served on Defendants on September 21, 2024. Plaintiffs designated Mr. Youssef's Rebuttal Report as "Highly Confidential – Attorneys'

---

[1] Mr. Youssef's original opening report was served on August 30, 2024, but Plaintiffs served a corrected version on September 1, 2024. The Motion addresses the corrected version as the operative opening report.

Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit C contains discussion of confidential and competitively sensitive documents and information produced by both parties and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

6. Attached hereto as **Exhibit D** is a true and correct copy of excerpts of the Opening Expert Report of Terrence McGraw, which Defendants in this action served on Plaintiffs on August 30, 2024. Defendants designated Mr. McGraw's Opening Report as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit D contains discussion of documents and information produced by both parties and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

7. Attached hereto as **Exhibit E** is a true and correct copy of excerpts of the Rebuttal Expert Report of Terrence McGraw, which Defendants in this action served on Plaintiffs on September 21, 2024. Defendants designated Mr. McGraw's Rebuttal Report as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 132) in this action. In addition, Exhibit E contains discussion of documents and information produced by both parties and designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

8. Attached hereto as **Exhibit F** is a true and correct copy of a document produced by Plaintiffs bearing bates label WA-NSO-00125122. Plaintiffs designated this document as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

9. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the September 13, 2024, deposition testimony of Plaintiff's witness Jesus Barcons Palau.

10. Attached hereto as **Exhibit H** is a true and correct copy of excerpts from the August 16, 2024, deposition testimony of Plaintiff's Rule 30(b)(6) witness Claudiu Gheorghe, whom Plaintiffs designated to testify concerning the technical details of the WhatsApp infrastructure and the effects of Pegasus thereon.

11. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the September 19, 2024, deposition testimony of Plaintiff's security engineer Andrew Robinson.

12. During fact discovery, in exchange for not having to respond to discovery about Plaintiffs' reputation served by Defendants, Plaintiffs' counsel agreed that they would not try to introduce evidence of reputational harm or loss of goodwill to obtain money damages or equitable relief, and further confirmed that they would not use such evidence to otherwise inject those issues into the litigation for any part of Plaintiffs' case-in-chief.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of January 2025, at Altadena, California.

        */s/ Joseph N. Akrotirianakis*
        JOSEPH N. AKROTIRIANAKIS