UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WHATSAPP INC., et al., | Case No. 19-cv-07123-PJH |
|---|---|
| Plaintiffs, | |
| v. | **ORDER RE MOTION TO SUBSTITUTE EXPERT, DISCOVERY LETTER BRIEF** |
| NSO GROUP TECHNOLOGIES LIMITED, et al., | Re: Dkt. 480, 498 |
| Defendants. | |

  Before the court is defendants' motion to substitute their expert, John Town, with Joshua Minkler, and to modify the case schedule as necessary to permit plaintiffs to depose Minkler and file any motions related to his testimony. The motion is fully briefed and is suitable for decision without oral argument.

  The thrust of defendants' argument is that they first learned of Town's need to withdraw as an expert on November 7, 2024, and that they exercised diligence in securing a replacement. See Dkt. 480 at 3. Specifically, defendants argue that they began contacting potential experts on November 8, finalized Minkler's engagement on November 26, and informed plaintiffs of the need to substitute experts the next day. See id. Defendants also argue that plaintiffs will not suffer prejudice from the substitution, as Minkler's testimony is substantially similar to Town's, and because, plaintiffs will have an opportunity to depose Minkler. See id. at 4.

  Plaintiffs' primary argument is that defendants did not exercise diligence, as they waited nearly three weeks to notify plaintiffs of Town's need to withdraw. Specifically, plaintiffs argue that defendants had no justification for waiting from November 8 to

November 27 to inform plaintiffs of Town's withdrawal.  See Dkt. 495 at 4-5.  Plaintiffs further argue that they will indeed suffer prejudice from a substitution, as they have already incurred time and expense in preparing for Town's deposition.  See id. at 6-7.  Plaintiffs also argue that it would be prejudicial to prepare for a new expert's deposition while also making other trial preparations.  See id. at 7.  Finally, plaintiffs argue that the prejudice is "compounded" because Minkler's opinions are "irrelevant and would be duplicative of NSO's other expert witness."  See id. at 8-9.

   The parties agree that defendants' motion is governed by Federal Rule of Civil Procedure 16(b), under which a pretrial schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Under the relevant standard, the court concludes that defendants' motion should be GRANTED.  While defendants could have minimized disruptions to the case schedule by making an earlier disclosure of the need to substitute an expert, the court nevertheless finds that good cause exists for the substitution.  Moreover, to the extent that plaintiffs argue that Minkler's testimony is irrelevant or duplicative of other expert testimony, such arguments are more properly suited to a Daubert motion or motion in limine, rather than a motion to substitute an expert.

   As the parties acknowledge, the expert substitution necessitates a modification to the case schedule.  Plaintiffs shall have until **January 16, 2025** to take Minkler's deposition, and shall have until **January 23, 2025** to file a Daubert motion or motion in limine pertaining to Minkler's testimony.  Defendants shall have until **January 30, 2025** to oppose any such motions.

   If plaintiffs wish to serve a rebuttal expert report, they shall have until **January 16, 2025** to do so.  Defendants will then have until **January 22, 2025** to depose that rebuttal expert (if any), and until **January 27, 2025** to file a Daubert motion or motion in limine pertaining to that testimony.  Plaintiffs shall have until **January 31, 2025** to oppose any such motions.

Also before the court is a joint discovery letter brief between the parties, in which defendants seek additional time to depose plaintiff's technical expert as well as sanctions. See Dkt. 498. Defendants argue that the dispute is not moot because the expert "is likely to testify about remedy issues," and because plaintiffs have not confirmed that they will not call the expert as a witness. See id. at 1.

Plaintiffs argue that the dispute is "likely moot" and "certainly premature." Dkt. 498 at 4. As to mootness, plaintiffs argue that they "cannot agree to forego calling [the expert] under any circumstance, including, for example, if NSO is permitted to call its technical expert." See id. at 5.

In the court's view, the dispute is almost certainly moot. Given that the court has already issued a ruling resolving all issues of liability, the court cannot envision a circumstance in which either party will be permitted to put on testimony from their technical experts. Thus, no testimony from plaintiffs' technical expert will be presented, and thus there is no need for defendants to further depose him. Accordingly, defendants' request presented in the discovery letter brief is DENIED. If the court ultimately determines that testimony of technical experts will be presented, the court will further consider defendants' request at that time.

The motion to seal filed in connection with the discovery letter brief (Dkt. 497) is GRANTED, however, as discussed with the parties at previous hearings, the court at the pretrial conference will address the issue of whether any material will continue to be sealed at trial, and if so, how any sealed material will be handled.

**IT IS SO ORDERED.**

Dated: January 10, 2025

                                         /s/ *Phyllis J. Hamilton*
                                       PHYLLIS J. HAMILTON
                                       United States District Judge