Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:      micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' FIRST ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Ctrm:　3<br>Judge:　Hon. Phyllis J. Hamilton<br><br>Action Filed:　October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rules 7-11(b) and 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. by and through their counsel, respectfully submit this Response to the First Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO"). Dkt. No. 502. The Administrative Motion identifies certain documents filed in connection with NSO's Motion to Exclude Certain Opinions of Dana Trexler, CPA/CFF as containing information designated as "Highly Confidential - Attorney's Eyes Only" by Plaintiffs. Dkt. No. 502 at 2.

Plaintiffs request that the Court keep under seal the highlighted portions of Exhibit 1 and the entirety of Exhibits A, B, C, D and F (the "Confidential Materials") to the Declaration of Aaron S. Craig in Support of NSO's First and Second Administrative Motions to Seal and in Support of the Motion (the "Craig Declaration"). Dkt. No. 502-1. Plaintiffs make this request pursuant to Local Civil Rules 79-5(c) and (d). The Confidential Materials comprise or refer to materials that Plaintiffs have designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order. Dkt. No. 132. The Confidential Materials describe the individual compensation of several of Plaintiffs' employees and contain other confidential business information related to Plaintiffs' remuneration practices. Dkt. No. 502, Exs. 1, A, B, C, D, and F.

The parties agree that the appropriate standard for sealing the Confidential Materials, which were attached to NSO's *Daubert* motion, is "good cause" and that under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.); Dkt. No. 503 at 1. The parties also agree that "good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Dkt. No. 503 at 1.

1

L.R. 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' FIRST ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED - CASE NO. 4:19-cv-07123-PJH

Plaintiffs easily meet the applicable good-cause standard here. Courts have routinely held that confidential business information and individuals' private information satisfies the compelling reasons standard, which is far more "exacting" than the good-cause standard applicable here. *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023) (granting plaintiff's renewed sealing motion with respect to information including "confidential business information" and "internal decisionmaking processes"); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality" and where "harm could result to [the parties'] business operations" if the information were prematurely disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests").

The Confidential Materials contain sensitive, personal information that is not available to the public. Publicly disclosing the Confidential Materials would pose a risk of harm to the privacy interests of Plaintiffs' individual employees, whose compensation information would be publicly disclosed. Public disclosure of the Confidential Materials would also risk harm to Plaintiffs because it would provide their competitors with an unfair advantage, due to the disclosure of Plaintiffs' confidential business information related to Plaintiffs' renumeration practices. There is also little, if any, public interest in this information, so the private interests justify sealing. The potential harm of public disclosure could not be mitigated by any means less restrictive than sealing.

2

L.R. 79-5(f)(3) Statement in Response to Defendants' First Admin. Motion to Consider Whether Another Party's Materials Should be Sealed - Case No. 4:19-cv-07123-PJH

For the foregoing reasons, Plaintiffs request that the Confidential Materials remain under seal. This request is narrowly tailored to only sealable material.

Dated: January 13, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Gina Cora
Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
       antonio.perez@davispolk.com
       gina.cora@davispolk.com
       craig.cagney@davispolk.com
       luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

3

L.R. 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' FIRST ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED - CASE NO. 4:19-cv-07123-PJH