1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  WHATSAPP INC., a Delaware corporation,      Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
    corporation,                                **DECLARATION OF AARON S. CRAIG**
13                                              **IN SUPPORT OF DEFENDANTS NSO**
                                                **GROUP TECHNOLOGIES LIMITED**
14                Plaintiffs,                   **AND Q CYBER TECHNOLOGIES**
                                                **LIMITED'S OPPOSITION TO**
15          v.                                  **PLAINTIFFS' MOTION TO STRIKE THE**
                                                **SECOND SUPPLEMENTAL REBUTTAL**
16  NSO GROUP TECHNOLOGIES LIMITED             **EXPERT REPORT OF GREGORY A.**
    and Q CYBER TECHNOLOGIES LIMITED,          **PINSONNEAULT**
17
                  Defendants.
18                                              Action Filed:   10/29/2019

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF AARON S. CRAIG                              Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1.    I am a member of the California State Bar and the bar of this court.  I am a partner in the law firm of King & Spalding LLP and counsel to NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action.  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2.    I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault.

3.    On August 30, 2024, the deadline for submission of affirmative expert reports, Plaintiffs served Defendants with the Expert Report of Dana Trexler, CPA/CFF addressing damages issues.  A true and correct copy of Ms. Trexler's August 30 report was previously filed in this action at Dkt. 487-3.  Among other things, Ms. Trexler's August 30 report purported to quantify profits earned by Defendants which Plaintiff claim should be disgorged.  *Id.*, ¶¶ 89–123.

4.    On September 21, 2024, the deadline for submission of rebuttal expert reports, Defendants served upon Plaintiffs the Rebuttal Expert Report of Gregory A. Pinsonneault.  A true and correct copy of pertinent excerpts from Mr. Pinsonneault's September 21 rebuttal report was previously filed in this action at Dkt. 487-5.  Mr. Pinsonneault's September 21 rebuttal report addressed various flaws in Ms. Trexler's August 30 report, including with respect to her calculation of the Defendants' profits that Plaintiffs claim are subject to disgorgement.  Because Ms. Trexler's calculation of those profits included in her August 30 report focused on a time period spanning from April to May 2019, and because Plaintiffs' Complaint alleged that Defendants' challenged conduct occurred during that time period, Mr. Pinsonneault similarly focused on 2019 when preparing his calculations.  *See* Dkt. 487-5, ¶ 97.  Mr. Pinsonneault conservatively considered Defendants' revenues earned during the period spanning from January 1, 2019 through May 19, 2019, which was broader than the period considered by Ms. Trexler in her August 30 report.  *Id.*

5.    Between August 30, 2024, when Plaintiffs served Ms. Trexler's initial report, and September 21, 2024, when Plaintiffs served a "supplemental" Trexler report, Plaintiffs' counsel

1    did not notify Defendants that they would be serving another report from Ms. Trexler which would

2    replace her analysis and opinions concerning Defendants' revenues and profits allegedly subject

3    to disgorgement set forth in Ms. Trexler's August 30, 2024 initial report.

4          6.     However, at 9:14 PM PT, on September 21, 2024, the date on which rebuttal reports

5    were due and Defendants served Plaintiffs with Mr. Pinsonneault's September 21 rebuttal report,

6    Plaintiffs served on Defendants the Supplemental Expert Report of Dana Trexler, CPA/CFF, in

7    which Ms. Trexler set forth an entirely new and different opinion concerning Defendants' revenues

8    and profits allegedly subject to disgorgement.  A true and correct copy of Ms. Trexler's September

9    21 report was previously filed in this action at Dkt. 487-6.

10          7.     The methods Ms. Trexler used and the data she considered to prepare the new

11    disgorgement opinion in her September 21 report were wholly different from the methods and data

12    underlying the disgorgement opinion in her August 30 report.  *Compare* Dkt. 487-3, ¶¶ 89–123

13    *with* Dkt. 487-6.  Her September 21 opinion was based entirely on information set forth in a

14    spreadsheet bearing control number NSO_WHATSAPP_00045858 that Defendants had produced

15    to Plaintiffs on August 26, 2024.

16          8.     Plaintiffs' belated and improper attempt to replace Ms. Trexler's August 30

17    disgorgement opinion with the new and different disgorgement opinion rendered the work Mr.

18    Pinsonneault performed to rebut the disgorgement calculation set forth in her initial report

19    effectively moot.  It also required Mr. Pinsonneault to supplement his September 21 report to

20    address the new disgorgement opinion that Plaintiffs belatedly and without warning served the

21    same evening that Mr. Pinsonneault's initial rebuttal report was due.

22          9.     I am familiar with and have reviewed Mr. Pinsonneault's invoices for work

23    performed in connection with this case.  Based on that review, I estimate that the work done by

24    Mr. Pinsonneault and his staff to rebut Ms. Trexler's disgorgement calculation set forth in her

25    initial August 30, 2024 report cost Defendants approximately $25,000 in expert fees.  This work

26    became worthless as soon as Ms. Trexler served her supplemental September 21, 2024 report.

27          10.    On November 8, 2024, Defendants served upon Plaintiffs Mr. Pinsonneault's

28    Supplemental Rebuttal Expert Report.  A true and correct copy of that report was previously filed

1  in this action at Dkt. 490-4, Exh. B.  Mr. Pinsonneault's November 8 report responds to and rebuts

2  the new disgorgement methodology and opinions in Ms. Trexler's September 21 report.

3      11.    On November 27, 2024, Defendants served upon Plaintiffs Mr. Pinsonneault's

4  Second Supplemental Rebuttal Expert Report.  A true and correct copy of that report was

5  previously filed in this action at Dkt. 490-4, Exh. D.

6      12.    In my November 27 email to Plaintiffs' counsel serving them with a copy of Mr.

7  Pinsonneault's Second Supplemental Rebuttal Expert Report, I advised:  "If you wish to conduct

8  a further short deposition of Mr. Pinsonneault about this second supplemental report, he is widely

9  available between now and the end of the expert discovery period."  A true and correct copy of

10 that email is attached hereto as **Exhibit A**.  By order entered November 8, 2024, the Court had

11 extended the expert discovery period to run until December 16, 2024.  *See* Dkt. 462.  Plaintiffs did

12 not seek to schedule a further deposition of Mr. Pinsonneault during the extended expert discovery

13 period.

14     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 13th

15 day of January 2025, at Los Angeles, California.

16

17                */s/ Aaron S. Craig*
                  AARON S. CRAIG

18

19

20

21

22

23

24

25

26

27

28