JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 508]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 508).  Plaintiffs identified portions of their Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault (the "Motion to Exclude") and certain exhibits to the Declaration of Micah G. Block in Support of the Motion to Exclude ("Block Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their position regarding sealing of the Materials below.

## I.    LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc*., No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs*., No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).  Here, the Materials are not filed in connection with a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that Exhibit E and F to Mr. Block's Declaration requires sealing. In addition, Defendants do not contend that the highlighted potions of the Motion to Strike **other than specific portions discussed below** require sealing.

1

As shown below, however, good cause warrants sealing of the remaining Materials identified in Plaintiffs' Administrative Motion. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

***Plaintiffs' Motion to Exclude (Dkt. 508-3)*.**

The following highlighted potions of Plaintiffs' Motion to Strike should remain under seal:

- Page 14, lines 17-22 (text beginning with "that NSO" and ending with "Android.")
- Pages 15, lines 2-7 (text beginning with "that" and ending with "Pegasus".)
- Page 16, line 6 (text beginning after "that" and ending "timeframe.")
- Pages 16-17, lines 22-2 (text beginning with "claimed" and ending with "vector.")
- Page 17, lines 16-17 (text beginning with "that" and ending with "period.")
- Page 17, lines 20-22 (text beginning after "that" and ending with "research-and-development.")
- Page 17, line 26 (text beginning after "were" and ending with "Android.")

The following non-highlighted potions of Plaintiffs' Motion to Strike should be sealed:

The above portions of the Motion to Exclude reflect confidential and commercially sensitive business and financial data, the public disclosure of which could harm NSO competitively. *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing*."); In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements).

Accordingly, good cause exists to seal the portions of the Motion to Strike described above.

***Confidential Financial and Business Information: The Pinsonnault Rebuttal Reports, Deposition Excerpts, and Documents Setting Forth Defendants' Confidential Business Information (Block Decl. Dkt. 508-4, Exhs. A-D, and G)***

The following Exhibits to Mr. Block's declaration containing confidential business and financial information should be sealed:

- The following portion of the Tamir Gazneli deposition transcript attached as Exhibit A to Mr. Block's declaration: Tr. 52:16-53:25;
- The Pinsonneault Rebuttal Expert Report attached as Exhibit B to Mr. Block's declaration;
- The following portion of the Pinsonneault deposition transcript attached as Exhibit C to Mr. Block's declaration: Tr. 308:4-309:25;
- The chart titled "Summary Financials" located on page FPM-00026843 of the NSO Lender Presentation attached as Exhibit G to Mr. Block's declaration.

The above-listed portions of Exhibits A, C, and G to Mr. Block's Declaration contain discussions of Defendants' confidential financial and business information. Similarly, the Pinsonneault Rebuttal Expert Report attached as Exhibit B to Mr. Block's Declaration almost exclusively contains discussion of Defendants' confidential revenues, costs, and profits, the public disclosure of which could harm Defendants, which warrants sealing of these materials for reasons discussed above. See *Hyundai Motor*, 2019 WL 11638962, at *1; *Bold Limited v. Rocket Resume, Inc.*, 22-cv-01045-BLF, 2024 WL 1329921 at *3 (N.D. Cal. Mar. 27, 2024) (finding compelling reasons to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances.) The Rebuttal Report also contains discussion of Plaintiffs' employee compensation. No showing has been made that a discussion of Defendants' confidential business and financial information is relevant to this litigation.

***Confidential Technical Information*** **(Block Decl. Exhs. A, D):** Moreover, the following Exhibits to Mr. Block's Declaration containing confidential technical information should be sealed:

3

- Portions of the Tamir Gazneli deposition transcript attached as Exhibit A: Tr. 102:1-109:25;

- Defendants' confluence document, Exhibit D.

Exhibit D and portions of Exhibit A contain discussion of material and information that is subject to foreign law restrictions on public disclosure. Defendants received a limited license to disclose this information in this proceeding, but the license requires that Defendants ask the Court to seal it. These documents also contain confidential and competitively sensitive technical, financial and other business information of Defendants, the disclosure of which would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. *See also Hyundai Motor*, 2019 WL 11638962, at *1; *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing).

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials described above.

Dated: January 16, 2025                                KING & SPALDING LLP

                                                       By: */s/ Aaron S. Craig*
                                                       JOSEPH N. AKROTIRIANAKIS
                                                       AARON S. CRAIG
                                                       *Attorneys for Defendants*