JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 513]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 513).  Plaintiffs identified portions of their Motion to Exclude the Expert Testimony of Terrence McGraw (the "Motion to Exclude") and exhibits A-E to the Declaration of Micah G. Block in Support of the Motion to Exclude ("Block Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132).  Defendants provide their position regarding sealing of the Materials below.

## I.   LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc*., No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs*., No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).  Here, the Materials are not filed in connection with a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As shown below, good cause exists warranting sealing the highlighted portions of Plaintiff's Motion to Exclude (Dkt. 513-3) and the entirety of Exhibits attached to the Block Declaration (Dkt 513-4).

Exhibits A and B to the Block Declaration are Mr. McGraw's Expert Report and Rebuttal Report. Exhibits C, D, and E to the Block Declaration are excerpts of the deposition excerpts of Mr. McGraw, Tamir Gazneli, and Yaron Shohat deposition transcripts. All of these Exhibits have been designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. No. 132). These materials, together with the Motion to Exclude that heavily cites to them, consist almost exclusively of information of a highly technical nature that is subject to foreign law restrictions on public disclosure. Defendants received a limited license to disclose this information in this proceeding, but the license requires that Defendants ask the Court to seal it. These expert reports and deposition excerpts are also replete with highly confidential technical information regarding the functioning of Defendants' technology, and expert analysis of both WhatsApp's and NSO's technologies, the disclosure of which would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing).

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in full and order the foregoing Materials to be kept under seal.

Dated: January 16, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*