JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 504]**

Judge: Hon. Phyllis J. Hamilton

Action Filed: 10/29/2019

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 504). Plaintiffs identified portions of their Motion to Exclude the Expert Testimony of Colonel Ty Shepard (the "Motion to Exclude") and Exhibit B to the Declaration of Micah G. Block in Support of the Motion to Exclude ("Block Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their position regarding sealing of the Materials below.

## I. LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II. DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As shown below, good cause exists warranting sealing the highlighted portions of Plaintiff's Motion to Exclude (Dkt. 504-3) and Col. Shepard's deposition transcript attached as Exhibit B to Mr. Block's (Dkt 504-4). The transcript of Col. Shepard's deposition has been designed as "Highly

Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. No. 132). The transcript, together with the Motion to Exclude that heavily cites to it, is replete with highly confidential information that is subject to legal restrictions and confidentiality obligations the disclosure of which can jeopardize national security interests of the United States and foreign countries. Specifically, the transcript contains descriptions of Col. Shepard's highly confidential military and intelligence activities he performed in his various roles at the California Military Department, Army National Guard, and the Department of Defense, including of certain operations the United States government has undertaken to combat terrorism, human trafficking, and organized crime. The transcript also contains discussion of highly confidential conversations Col. Shepard has had with certain domestic and foreign governmental agencies regarding the use of NSO's technology. The public disclosure of those activities and conversations would jeopardize the national security interest of the United States and foreign governments, which warrants sealing. *See, e.g., United States ex rel. Kelly v. Serco. Inc.,* 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding that national security interests are compelling reasons for filing documents under seal); *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011), *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).

The confidential portions of Exhibit B to Mr. Block's declaration are so extensive, and the non-confidential portions so small, that Defendants ask the Court to seal the entirety of the portions of Col. Shepard's transcript attached as Exhibit B to Mr. Block's declaration.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in full and order the foregoing Materials to be kept under seal.

Dated: January 16, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*