JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE CONTINUANCE OF TRIAL AND CERTAIN PRETRIAL DEADLINES [BASED ON UNAVAILABILITY OF COUNSEL DUE TO EATON WILDFIRE]**<br><br>Action Filed:   10/29/2019 |

Pursuant to Civil Local Rules 6-1(b) and 6-2, and as supported by the Declaration of Joseph N. Akrotirianakis filed herewith, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), and Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") (collectively, the "Parties") hereby stipulate and agree to the following and respectfully request that the Court continue the trial date to April 28, 2025, or to a date thereafter convenient for the Court, continue the pretrial conference to April 10, 2025, or to such date convenient to the Court, continue the deadlines in paragraph B.3 and B.5 of the Court's Civil Pretrial Instructions to the dates that are 28 days and 14 days prior to the pretrial conference set by the Court, respectively, and continue the deadlines associated with the deposition of Defendants' expert Josh Minkler.  The parties are *not* requesting further continuance of the following:  the date to file reply briefs in support of motions to strike certain expert disclosures of Dana Trexler and Greg Pinsonneault (January 23, 2025); and the dates relating to the Omnibus sealing motions re exhibits to the parties' motions for summary judgment and the Plaintiffs' motion for sanctions (January 24, 2025).

WHEREAS, section A.7 of the Court's Civil Pretrial Instructions, entitled "Final Pretrial Conference," provides that "Motions pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), challenging the reliability of expert testimony, may be noticed for hearing on the date dispositive motions will be heard or on any available hearing date up to and including the date of the final pretrial conference";

WHEREAS, section B of the Court's Civil Pretrial Instructions, entitled "Final Pretrial Conference," provides, in paragraph B.3, that counsel for the parties shall prepare and file numerous joint or individual pretrial documents and exchange all trial exhibits;

WHEREAS, on January 7, 2025, the Eaton Fire started in Altadena, California, has displaced many thousands of residents in Altadena and its surrounding communities, including the families of Defendants' trial counsel, Joseph N. Akrotirianakis and Aaron Craig.  Depending how "destructiveness" is measured, the Eaton Fire is the second most destructive wildfire in the history of California and the most destructive wildfire in Southern California history;

WHEREAS, even prior to mandatory evacuations, what remains of Altadena has been without any utilities (gas, power, water) for many days, and between evacuating and relocating their families numerous times and attending to other matters related to the Eaton fire, Defendants' counsel have had extremely limited ability to perform any work on Defendants' pretrial filings and to prepare for trial;

WHEREAS, as set forth in the declaration of Joseph N. Akrotirianakis filed concurrently herewith, there has been no official announcement as to when utilities will be restored other than a statement, by the Southern California Gas Co., that gas service can be restored only on an individual residence-by-residence basis, that each residence may take two hours to restore, and that it may be "weeks" before gas service is restored;

WHEREAS, the Pasadena Water & Power Department, which supplies water (but not power) to relevant parts of Altadena has warned that the Eaton Fire caused damage to several City of Pasadena reservoirs and pump stations, impacting water quality, and that even once water service is restored, water may not be used for drinking, cooking, brushing teeth, washing dishes, making ice, etc., until further notice;

WHEREAS, Southern California Edison, which supplies power to relevant parts of Altadena has stated that, as of the morning of January 16, 2025, 62,200 customers are without power, without indication when power will be restored;

WHEREAS, Defendants' trial counsel Mr. Akrotirianakis evacuated with his spouse and young children, and without his materials related to this case, and many of his materials—including Rule 16 pretrial preparation materials—are at his home office in Altadena where he cannot access them;

WHEREAS, Mr. Akrotirianakis has relocated five times since the mandatory evacuation order was issued. There has been no announcement when evacuation orders for when his "Evacuation Zone" will be lifted and those orders are being actively enforced by the National Guard stationed at every intersection entering upper Altadena (where Mr. Akrotirianakis lives), and Mr. Akrotirianakis has very limited ability to work on trial preparation;

WHEREAS, on January 16, 2025, CNN reported that the Eaton Fire "is only 45% contained," and that additional "Santa Ana" wind "events" are forecasted in the week of January 20, 2025, with "red flag" (fire risk) warnings expected;

WHEREAS, the parties are agreed that a continuance of the trial date, the pretrial conference, and certain deadlines tied to the date of the pretrial conference would be appropriate in the circumstances set forth herein;

WHEREAS, on January 16, 2025, the Court issued an order (Dkt. No. 529) continuing the trial from March 3 to March 10, 2025 and continuing the date of the pretrial conference from February 13 to February 27, 2025;

WHEREAS, Defendants cannot be ready to try the case either on March 3 or March 10, 2025, and require a continuance in order to be prepared;

WHEREAS, the religious holidays of Passover, Good Friday, and Easter will be observed in April 2025, between the evening of April 11 and April 20, 2025;

WHEREAS, the parties are in agreement that Plaintiffs will not engage a new rebuttal expert to rebut the testimony of Defendants' expert Josh Minkler, but will use existing expert Dr. Vance for any rebuttal based on his existing rebuttal report of Defendants' prior expert Jay Town, and Defendants will not object at trial to Mr. Vance's rebuttal testimony to Mr. Minkler for lack of advance notice under Rule 26, provided that Mr. Vance does not offer any substantive opinions not previously disclosed in his rebuttal report or deposition testimony;

NOW THEREFORE, the Parties respectfully request that the Court grant the proposed order submitted herewith and continue the following deadlines:

- Trial date from March 10, 2025, to April 28, 2025, or such later date convenient for the Court;
- Pretrial conference date from February 27, 2025, to April 10, 2025, or such later date convenient for the Court;
- The deadlines in paragraph B.3 and B.5 of the Court's Civil Pretrial Instructions to 28 days and 14 days prior to the pretrial conference, respectively;

- The deadline for Plaintiffs to depose Defendants' expert Joshua Minkler from January 23, 2025 to 42 days prior to the pretrial conference;
- The deadline for Plaintiffs' *Daubert* motion related to Defendants' expert Joshua Minkler from January 30, 2025 to 35 days prior to the pretrial conference;
- The deadlines for the parties' oppositions to *Daubert* motions to 21 days prior to the pretrial conference;
- The deadlines for the parties' reply briefs in support of *Daubert* motions to 14 days prior to the pretrial conference

ALTERNATIVELY, counsel for the parties respectfully request a (remote) status conference before the Court.

IT IS SO STIPULATED.

DATED: January 16, 2025

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED

By: /s/ *Micah G. Block*
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Micah G. Block
DAVIS POLK & WARDWELL LLP
Attorneys for Plaintiffs
WHATSAPP LLC AND META PLATFORMS, INC

**L.R. 5-1 ATTESTATION**

I, Joseph N. Akrotirianakis, attest that all signatories listed herein, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

By: /s/   Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties and good cause therefor having been shown, the Court orders that:

1. The trial is continued from March 10, 2025, to April 28, 2025, or such later date convenient for the Court;

2. The pretrial conference is continued from February 27, 2025, to April 10, 2025, or such later date convenient for the Court;

3. The deadlines in paragraph B.3 and B.5 of the Court's Civil Pretrial Instructions are continued to 28 days and 14 days prior to the pretrial conference, respectively;

4. The deadline for Plaintiffs to depose Defendants' expert Joshua Minkler is continued from January 23, 2025 to 42 days prior to the pretrial conference;

5. The deadline for Plaintiffs' *Daubert* motion related to Defendants' expert Joshua Minkler is continued from January 30, 2025 to 35 days prior to the pretrial conference;

6. The deadline for the parties' oppositions to *Daubert* motions is continued to 21 days prior to the pretrial conference; and

7. The deadline for the parties' reply briefs in support of *Daubert* motions is continued to 14 days prior to the pretrial conference.

**IT IS SO ORDERED**.

Dated: January ___, 2025

_____
The Honorable Phyllis J. Hamilton
Senior United States District Judge