JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>  Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 524]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 524). Plaintiffs identified portions of their Opposition to Defendants' Motion to Strike the Supplemental Expert Report of Dana Trexler (the "Opposition to Motion to Strike") and Exhibits A-B to the Declaration of Micah G. Block in Support of the Motion to Strike ("Block Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants have narrowed the volume of materials needing to be sealed from that proposed by Plaintiffs, and provide their position regarding sealing of the Materials below.

## I.  LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II. DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As shown below, good cause exists warranting sealing the highlighted portions of pages 4, 5 and 7 of the Opposition to Motion to Strike (Dkt. 524-3), and the entirety of Sarit Bizinsky Gil's deposition transcript excerpts attached as Exhibit A to Mr. Block's declaration, but *not* the Gregory Pinsonneault deposition excerpts attached as Exhibit B to Mr. Block's Declaration (Dkt 524-4).

The transcript of Ms. Gil's deposition has been designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. No. 132). Ms. Gil's transcript, together with the highlighted sections of pages 4, 5 and 7 to the Opposition that summarize and cite to it, consist of Defendants' highly confidential and commercially sensitive contracting information and business and financial data, including information about revenues received by Defendants pursuant to particular contracts. Ms. Gil's deposition also contains detailed discussion of NSO's revenue recognition practices and the structure of its contracts, including with respect to contracts for products that are not the subject of this litigation. This is the type of information that is very closely guarded by the Defendants, and its public disclosure would harm NSO competitively, which warrants sealing. *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing"); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig*., 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business operations" if the information were disclosed); *In re Qualcomm Litig*., 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Bold Limited v. Rocket Resume, Inc.,* 22-cv-01045-BLF, 2024 WL 1329921 at *3 (N.D. Cal. Mar. 27, 2024) (finding compelling reasons to seal confidential business

1  information, including non-public information about a company's business strategy, business
2  transactions, corporate structure, and finances.) Plaintiffs cannot show that a discussion of
3  Defendants' revenues earned and the other subjects of Ms. Gil's testimony is relevant to this
4  litigation, particularly in light of the facts that (a) this information could only be relevant to
5  Plaintiff's requested remedy of disgorgement; and (b) disgorgement is unavailable as a remedy as
6  a matter of law.  *See* Motion to Exclude Certain Opinions of Dana Trexler at 10-11 (Dkt. No. 502-
7  2 at 10-11 and cases cited therein).

8  Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative
9  Motion insofar as it seeks to seal the highlighted portions of pages 4, 5 and 7 of the Opposition to
10  Motion to Strike and the deposition transcript excerpts of Ms. Gil (Block Decl. Exh. A) (Dkt. 524-
11  4), and enter the proposed Order filed concurrently herewith sealing these materials.

Dated: January 20, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*