JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 530]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 530). Plaintiff identified Exhibit F to the Declaration of Micah G. Block in Support of Plaintiffs' Notice Motion and Motion to Exclude the Expert Testimony of Terrence McGraw as containing references to materials that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Exhibit F to the Block Declaration is the report of Plaintiffs' technical expert, David Youssef (the "Youssef Report"), which Defendants have previously sought leave to file under seal. *See* Dkt. 511 at 2-3. Defendants provide their position regarding sealing of the Youssef Report below.

## I.   LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As shown below, good cause exists warranting sealing the entirety of the Youssef Report (Dkt. 524-3) attached as Exhibit F to Mr. Block's declaration. The Youssef Report has been

1

designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. No. 132). Mr. Youssef's report contains discussion of Defendants' confidential and competitively sensitive computer code and Defendants' technical documents and information. Specifically, it contains a detailed discussion of confidential functions of Defendants' technology and in-depth discussion of the logs obtained from Defendants' computer servers. This is the type of information that is very closely guarded by the Defendants, and its public disclosure would not only harm NSO competitively but would also jeopardize the use of NSO's technology by its sovereign government customers, which warrants sealing. *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage"); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing"); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (granting motion to file under seal where "harm could result to Defendants' business operations" if the information were disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Bold Limited v. Rocket Resume, Inc.,* 22-cv-01045-BLF, 2024 WL 1329921 at *3 (N.D. Cal. Mar. 27, 2024) (finding compelling reasons to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances.)

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion and seal the Youssef Report (Block Decl. Exh. F) (Dkt. 514-2).

Dated: January 23, 2025

KING & SPALDING LLP

By: /s/ *Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*