Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta
Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' UNOPPOSED OMNIBUS ADMINISTRATIVE MOTION TO SEAL**<br><br>Ctrm:   3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Court's Order regarding Motions for Summary Judgment, Motion for Sanctions, and Discovery Letter Briefs (Dkt. No. 494 at 15), the Court's Order regarding Pretrial Filing Deadlines (Dkt. No. 527 at 4), and Northern District of California Local Rules 7-11 and 79-5, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. (together, "Plaintiffs"), by and through their counsel, respectfully submit this Unopposed Omnibus Administrative Motion for an order to maintain under seal certain exhibits and portions of certain exhibits filed in connection with the parties' motions for summary judgment (collectively, the "Confidential Materials"),[1] as set forth in the supporting declaration of Micah G. Block (the "Block Declaration") filed herewith.  Plaintiffs have met and conferred with Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited pursuant to the Court's Order (Dkt. No. 494 at 15), and this motion is unopposed.  The parties take no position on each other's sealing requests.

## **BACKGROUND**

Plaintiffs filed under seal their motion for partial summary judgment on September 27, 2024. Dkt. Nos. 399, 400.  Defendants filed under seal their opposition to Plaintiffs' motion on October 11, 2024.  Dkt. No. 419.  Plaintiffs filed under seal their reply brief in support of their motion on October 18, 2024 .  Dkt. No. 436.  Following the same schedule, Defendants filed under seal their motion for summary judgment on September 27, 2024.  Dkt. No. 396-2.  Plaintiffs filed under seal their opposition to Defendants' motion on October 11, 2024.  Dkt Nos. 418, 420.  Defendants filed under seal their reply brief in support of their motion on October 18, 2024.  Dkt. No. 433.

Concurrently, Plaintiffs filed under seal a motion for sanctions on October 2, 2024. Dkt. No. 405.  On October 16, 2024, Defendants filed under seal an opposition to Plaintiffs' motion. Dkt. No. 429.  Plaintiffs filed under seal a reply brief in support of their motion on October 23, 2024. Dkt. No. 443.

---

[1] Plaintiffs do not seek to maintain under seal any documents filed in connection with the briefing of Plaintiffs' motion for sanctions.

The parties' motions for summary judgment and Plaintiffs' motion for sanctions were heard on November 7, 2024, at which time the Court directed the parties to file on the public docket unredacted versions of the summary judgment briefs and versions of the sanctions briefs with limited redactions. Dkt. No. 464 at 5-6, 94. The parties completed these filings on November 14, 2024. Dkt. Nos. 465-473, 475.

On December 20, 2024, the Court granted Plaintiffs' motion for partial summary judgment, denied Defendants' motion for summary judgment, and partially granted Plaintiffs' motion for sanctions. Dkt. No. 494. In that Order, the Court directed the parties to meet and confer with the purpose of filing omnibus sealing motions covering all material sought to be sealed in the accompanying exhibits and declarations to the summary judgment and sanctions motions. *Id.* at 15. On January 14, 2025, the Court extended the original briefing schedule for the omnibus sealing motions and any oppositions to the sealing motions by one week to January 24 and January 31, 2025, respectively. Dkt. No. 527. The parties met and conferred by phone and email, including by phone on January 21, 2025. Block Decl. ¶ 3. The parties were able to agree that neither party opposes the other party's sealing requests made in connection with this omnibus sealing briefing. Plaintiffs submit this motion, and the accompanying Block Declaration, in accordance with the Court's orders.

Plaintiffs do not seek to maintain under seal any exhibits filed in connection with Plaintiffs' motion for sanctions. This motion only requests that the Court maintain under seal Confidential Materials that implicate Plaintiffs' confidentiality interest and that Plaintiffs filed in connection with the parties' summary judgment briefing.[2]

## **ARGUMENT**

The appropriate standard for sealing on a motion for summary judgment is "compelling reasons." *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748,

---

[2] Pursuant to the Stipulated Protective Order (Dkt. No. 132), Plaintiffs have also filed certain material under seal in respect of Defendants' assertions of confidentiality interests. This motion does not address materials as to which only Defendants assert confidentiality interests. Accordingly, it does not address any of the materials that Plaintiffs filed under seal in connection with their motion for sanctions, and it addresses only a minority of the materials that Plaintiffs filed under seal in relation to the parties' summary judgment motions.

at *2 (N.D. Cal. Mar. 14, 2019). "The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))). Courts in this Circuit have also found that compelling reasons exist to seal "confidential business information" and information regarding "internal decisionmaking processes." *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023)

Plaintiffs submit that compelling reasons exist to seal four categories of information contained in the Confidential Materials: (1) identifying information of Plaintiffs' non-testifying employees; (2) individual compensation information of Plaintiffs' employees; (3) identifying information of certain non-party WhatsApp users and other non-parties; and (4) Plaintiffs' sensitive business information. The proposed sealing is narrowly tailored and seeks only to protect those portions of the documents that contain such sensitive and confidential information, or entire exhibits in which any non-confidential information is de minimis.

## I.      Identifying Information of Plaintiffs' Non-Testifying Employees

Certain Confidential Materials contain the names, email addresses, and/or phone numbers of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this action. *See* Block Decl. ¶ 6. "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); *see also Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) ("While the . . . employees are employed by a party in this case and have a lower privacy interest, their specific e-mail addresses are not relevant to the merits of the motion of this case.").

In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. Block Decl. ¶ 5. There is

3

little, if any, public interest in the identities of the non-testifying employees here, so the private interests justify sealing.

## II.  Individual Compensation Information of Plaintiffs' Employees

Certain Confidential Materials include the details of the individual compensation of Plaintiffs' employees.  *See* Block Decl. ¶ 6.  This is sensitive, personal information that is not available to the public, nor are the details pertinent to the issues raised in the motions for summary judgment.  *See Ehret*, 2015 WL 12977024, at *2 (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests").  The release of this information could harm the privacy interests of the listed individuals.

## III.  Identifying Information of Certain Non-Party WhatsApp Users

Certain Confidential Materials include the phone numbers, IP addresses, and other identifiers associated with certain non-party WhatsApp users or other non-parties.  *See* Block Decl. ¶ 6.  This is confidential, personally identifying information that is not available to the public.  *See Am. Auto*, 2019 WL 1206748, at *2 (granting motion to seal individual names, addresses, phone numbers, and email addresses); *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons "to seal the various parties' customers' personal information, which includes . . . IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy.").  The release of this information could harm the privacy interests of the identified individuals.

## IV.  Plaintiffs' Sensitive Business Information

Plaintiffs seek to maintain under seal five documents containing Plaintiffs' sensitive business information.  *See* Block Decl. ¶ 6.  One of these documents includes information regarding Plaintiffs' internal decision-making processes around WhatsApp's business strategies that is not relevant to any of the issues in this case.  *See* Dkt. No. 396-5, Ex. R.  This document is cited only by Defendants in their summary judgment brief, and Defendants reference only four paragraphs of the 40-page document.  *See* Dkt. No. 396-2 at 19.  Defendants cite these documents for their arguments regarding

"nation states" use of their products, which proposition does not relate to the sensitive business information therein that Plaintiffs seek to maintain in confidence. Even as to the portions Defendants cite, sealing is warranted because the content reflects internal decision making regarding WhatsApp's internal security measures, and Plaintiffs could suffer unnecessary commercial harm if it were released publicly. The other four documents are Plaintiffs' internal documents reflecting sensitive and confidential internal security operations and procedures. *See* Dkt. No. 396-5, Exs. S-V. These documents are also cited only in Defendants' summary judgment motion. *See* Dkt. No. 396-2 at 19, n.15. Defendants reference them for their argument that foreign government use their products, which proposition is unrelated to Plaintiffs' confidential operations and procedures that public filing would reveal.

Courts have routinely held that confidential business information satisfies the compelling reasons standard. *Jones*, 2023 WL 7440303, at *2 (granting plaintiff's renewed sealing motion with respect to information including "confidential business information" and "internal decisionmaking processes"); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality" and where "harm could result to [the parties'] business operations" if the information were prematurely disclosed); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to seal records that implicate "confidential business information" subject to confidentiality agreements). Publicly disclosing these materials could risk harm to Plaintiffs' business and provide competitors an unfair advantage by allowing access to internal business deliberations. This harm could not be mitigated by any means less restrictive than sealing.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant this motion and maintain under seal the Confidential Materials.

Dated:  January 24, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By:  /s/ Micah G. Block
          Micah G. Block (SBN 270712)
          900 Middlefield Road
          Redwood City, California 94063
          Telephone: (650) 752-2000
          Facsimile:  (650) 752-2111
          Email:  micah.block@davispolk.com

          Greg D. Andres
          Antonio J. Perez-Marques
          Gina Cora
          Craig T. Cagney
          Luca Marzorati
            (admitted *pro hac vice*)
          DAVIS POLK & WARDWELL LLP
          450 Lexington Avenue
          New York, New York 10017
          Telephone: (212) 450-4000
          Facsimile: (212) 701-5800
          Email:  greg.andres@davispolk.com
                  antonio.perez@davispolk.com
                  gina.cora@davispolk.com
                  craig.cagney@davispolk.com
                  luca.marzorati@davispolk.com

          *Attorneys for Plaintiffs WhatsApp LLC and*
          *Meta Platforms, Inc.*

6