1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants
    NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11

12  WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
13  corporation,                                   **DEFENDANTS' NSO GROUP
                                                   TECHNOLOGIES LIMITED AND Q
14              Plaintiffs,                         CYBER TECHNOLOGIES LIMITED'S
                                                   UNOPPOSED OMNIBUS
15        v.                                        ADMINISTRATIVE MOTION TO FILE
                                                   UNDER SEAL**
16  NSO GROUP TECHNOLOGIES LIMITED
    and Q CYBER TECHNOLOGIES LIMITED,
17                                                  Action Filed: 10/29/2019
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' UNOPPOSED OMNIBUS                              Case No. 4:19-cv-07123-PJH
MOTION TO FILE UNDER SEAL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Court's Order regarding Motions for Summary Judgment, Motion for Sanctions, and Discovery Letter Briefs (Dkt. No. 494 at 15), the Court's Order regarding Pretrial Filing Deadlines (Dkt. No. 527 at 4), and Civil Local Rules 7-11 and 79-5, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Unopposed Omnibus Administrative Motion to File Under Seal (the "Motion") in connection with prior requests to seal documents (or portions thereof) submitted in connection with Plaintiffs' Motion for Partial Summary Judgment (Dkt. 399, Dkt. 413), Defendants' Motion to Dismiss or for Summary Judgment (Dkt. 396), Plaintiffs' Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment (Dkt. 418), Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 419), Defendants' Reply to Motion to Dismiss or for Summary Judgment (Dkt. 433); Plaintiffs' Reply in Support of Motion for Partial Summary Judgment (Dkt. 436, 446), Plaintiffs' Motion for Sanctions (Dkt. 405, 417), Defendants' Opposition to Plaintiffs' Motion for Sanctions (Dkt. 429), and Plaintiffs' Reply in Support of Motion for Sanctions (Dkt. 443, Dkt. 454) (collectively "Sealed Documents"). Defendants met and conferred with Plaintiffs on several occasions by videoconference, telephone and email, including on January 21, 2025, pursuant to the Court's Order (Dkt. No. 494 at 15), and Plaintiffs do not oppose the relief sought by this motion.  (Declaration of Aaron Craig filed concurrently herewith ¶ 14.)[1]

## I.    **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d

---

[1] Due to the omnibus nature of this motion, Defendants hereby respectfully request the Court's permission to exceed, by approximately 1.5 pages, the five-page limit for administrative motions.

DEFENDANTS' UNOPPOSED OMNIBUS MOTION
TO FILE UNDER SEAL

Case No. 4:19-cv-07123-PJH

1092, 1101–02 (9th Cir. 2016). On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc*., No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs*., No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

Defendants request sealing of documents filed in connection with Plaintiffs' and Defendants' Motions for Summary Judgment and with Plaintiffs' Motion for Sanctions. A motion for sanctions is not a dispositive motion, so the "good cause" standard applies to materials related to Plaintiffs' Motion for Sanctions. A motion of Summary Judgment is dispositive, so the "compelling reasons" standard applies to sealing requests related to Plaintiffs' and Defendants' Motions for Summary Judgment. *Fed. Deposit Ins. Corp. v. Bayone Real Estate Inv. Corp*., 2017 WL 1398311, at *2 (N.D. Cal. Apr. 19, 2017).

It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *In re Da Vinci Surgical Robot Antitrust Litig*., No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (citing *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016)). "Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets [] or as sources of business information that might harm a litigant's competitive standing." *Id.*; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm and security concerns can qualify as compelling reasons."); *Nursing Home Pension Fund v. Oracle Corp*., 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1134 (9th Cir. 2003) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm

or identity theft."). Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology, *Transperfect Global, Inc. v. MotionPoint Corp*., 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses." *Krieger v. Atheros Commc'ns, Inc*., No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *In re Google Location Hist. Litig*., No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc*., 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.").

Courts have also found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016). Further, "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Fed. Trade Comm'n v. Microsoft Corp*., No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

Courts have also found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding

compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

Lastly, Courts have found compelling reasons to seal non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).

The categories of documents Defendants' have asked this Court to seal include: 1) discussions of sealed foreign proceedings; 2) confidential technical information regarding Defendants' technology, including portions of its confidential source code provided to Plaintiffs; 3) Defendants' confidential financial information and business and shareholder information of NSO's affiliates; 4) confidential information about Defendants' business works, contracts, and customer relationships; 5) personal identifiable information of Defendants' employees; and 6) documents reflecting confidential information that belongs to the Federal Bureau of Investigation. Attached hereto is a chart listing all documents requested to be sealed (the "Chart," Exhibit A to this Omnibus Sealing Administrative Motion). As shown below, "compelling reasons" exist to seal all the Sealed Documents in the Chart.

## II.    LEGAL ANALYSIS

### A.    Discussion of Sealed Foreign Proceedings

The Sealed Documents in rows 20, 49, 59, 69-72, 86 of the Chart contain discussion of confidential foreign proceedings. In the interests of comity and out of respect for the applicable legal interests that affect such information, that information should remain sealed. For additional argument, Defendants respectfully refer the Court to Paragraph 11 of the Craig Declaration.

### B.    Confidential Technical Information Regarding Defendants' Technology, Including Confidential Source Code

The Sealed Documents in rows 1-5, 7, 9, 12-13, 16-17, 22-24, 26, 29-32, 37-38, 42, 46-47, 52-54, 56, 60-62, 64-65, 67, 73-78, 82, 84-85, 87 of the Chart contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc., 2017 WL 11423604*, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18,

4

2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Defendants are required to seek sealing of these materials in this proceeding for the reasons set forth in Craig Decl. ¶ 11. These documents also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put Defendants at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. For example, the documents contain information regarding the research, development, and functioning of Defendants' technology, including source code and server logs reflecting the functioning of source code. Some of documents include discussion of Defendants' technologies not at issue in this lawsuit. The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information was broadly disclosed to the public and to potential competitors. NSO's government customers would also be prejudiced by disclosure of such information.

### C. Defendants' Confidential Financial Information and Corporate Structure and Shareholder Information of NSO's Affiliates

The Sealed Documents in rows 14-15, 27, 39-40, 43, 45, 55, 58, 81, 83, 87 of the Chart contain confidential pricing and financial information, the public disclosure of which could harm NSO competitively. For example, the Documents contain discussion of Defendants' confidential revenues, costs, and profits. The documents also contain highly confidential information regarding Defendants' financial and accounting practices, business operations, and other commercially sensitive information, all of which warrants sealing to prevent substantial harm to Defendants' business and to third parties not currently before the Court. *See* Dkt. No. 433-1, ¶¶ 11-12 & 13(a)-(e); *see also, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Hyundai Motor*, 2019 WL 11638962, at *1.

These documents also contain confidential information of NSO's affiliates including their corporate and legal structure and information about their shareholders. These affiliates are private companies that are not parties to this litigation. Their commercial information is not relevant to this dispute and its public disclosure will competitively harm their business and customers.

1

2      **D.      Confidential Information Regarding NSO's Business Processes, Contracts,**

3      **and Customer Relationships**

4            The Sealed Documents in rows 5, 7, 10, 15, 21, 23, 25, 27, 33, 35, 41-42, 48, 50-51, 55, 58, 66,

5      73-74, 76, 79-80, 83, 87 of the Chart contain discussion of Defendants' confidential business

6      processes, contracts with customers, including those with foreign governments or government

7      agencies, demonstratives, export control licenses, licensing terms and practices and intercompany

8      distribution agreements. The documents also contain discussion of Defendants' relationships with

9      their customers and confidential customer information. The discussion of Defendants' contracts,

10     licensing practices, and distribution agreements warrants sealing to prevent substantial harm to

11     Defendants' business and to Defendants' government customers.  Moreover, Plaintiffs seek to seal

12     certain documents in their omnibus motion (Dkt. 549 at 4) that contain business information of

13     Plaintiffs regarding their internal decision-making processes around Plaintiffs' business strategies,

14     *e.g.,* Declaration of Joseph N. Akrotirianakis in Support of Defendants' Motion to Dismiss and

15     Motion for Summary Judgment Exhibit R (Dkt. 396-5 Exh. R).  The business information in this

16     category that Defendants seek is in substance the same as the information Plaintiffs ask to seal, as

17     it relates to Defendants' internal decision-making processes around their business strategies.

18     **E.      Personal Information of Defendants' Employees**

19            The Sealed Documents in rows 5-8, 10-11, 18-19, 25, 33-36, 42-44, 63, 66, 68, 73, and 76

20     of the Chart are documents containing personal information of Defendants' employees who are not

21     witnesses in this litigation, including their names, emails, phone numbers, and WhatsApp account

22     numbers. Courts have long recognized that "third-party privacy interests" present compelling

23     reasons to justify sealing. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir.

24     2003). Defendants only seeks to "redact[] the identifying information of third parties," such as their

25     "names, addresses, [and] telephone numbers[.]" *Foltz*, 331 F.3d at 1137. *See also Hunt v. Cont'l*

26     *Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing

27     information because "important privacy concerns of nonparties," who were "not relevant to the

28     disposition of [the] case," outweighed public interest); *see Am. Automobile Ass'n of N. Cal., Nev.,*

1    *& Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal

2  personally identifiable information, "including names, addresses, phone numbers, and email

3  addresses"). The employees whose personal information NSO seeks to seal are not witnesses in

4  this case and are not relevant to its disposition so their privacy interests in their personal information

5  outweigh the public interest. For Defendants' testifying witnesses, Defendants only seek to seal

6  their phone numbers. Thus, this Court should seal this information to protect NSO's employees'

7  privacy.

8        **F.**    **Documents Reflecting FBI Confidential Information**

9        The Sealed Documents in rows 23-24, 28, and 57 of the Chart contain or make reference to

10  undisclosed information relating to the Federal Bureau of Investigation ("FBI") that the FBI has

11  elected to not produce in response to the Freedom of Information Act Requests.

12        Accordingly, NSO respectively moves to seal the above-listed documents.

13

14   Dated: January 24, 2025           KING & SPALDING LLP

15                           By: */s/Aaron S. Craig*

16                           JOSEPH N. AKROTIRIANAKIS
                         AARON S. CRAIG

17                           *Attorneys for Defendants*

18

19

20

21

22

23

24

25

26

27

28