1  Greg D. Andres
2  Antonio J. Perez-Marques
   Gina Cora
3  Craig T. Cagney
4  Luca Marzorati
     (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
5  450 Lexington Avenue
   New York, New York 10017
6  Telephone: (212) 450-4000
7  Facsimile:  (212) 701-5800
   Email:    greg.andres@davispolk.com
8            antonio.perez@davispolk.com
             gina.cora@davispolk.com
9            craig.cagney@davispolk.com
             luca.marzorati@davispolk.com
10
   Micah G. Block (SBN 270712)
11 DAVIS POLK & WARDWELL LLP
   900 Middlefield Road, Suite 200
12 Redwood City, California 94063
13 Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
14 Email:    micah.block@davispolk.com

15
   *Attorneys for Plaintiffs WhatsApp LLC
16 and Meta Platforms, Inc.*

17                    UNITED STATES DISTRICT COURT

18                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                              OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and METoA PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | Ctrm:  3 |
| Defendants. | Judge:  Hon. Phyllis J. Hamilton |

The Motion for Permanent Injunction ("Motion") filed by Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. (collectively with WhatsApp, "Plaintiffs") against Defendants NSO Group Technologies Limited and Q Cyber Technologies (collectively, "Defendants") is before the Court. Having considered the materials and arguments before the Court and for good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**. The Court determines that Plaintiffs have shown irreparable injury as a result of Defendants' violations of the law for which money damages are inadequate, that the balance of hardships weighs in favor of injunctive relief, and that an injunction is in the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a Permanent Injunction as follows:

1. Consistent with Federal Rule of Civil Procedure 65(d)(2), this Permanent Injunction binds Defendants; Defendants' officers, agents, servants, employees, and attorneys; and all other persons who are in active concert or participation with Defendants and Defendants' officers, agents, servants, employees, and attorneys (collectively, the "Prohibited Parties").

2. This Permanent Injunction binds the Prohibited Parties with respect to all of Plaintiffs' computer systems and platforms (collectively, "Plaintiffs' Platforms"). Plaintiffs' Platforms include but are not limited to the WhatsApp, Facebook, Instagram, Messenger, Meta AI, Threads, and Meta Horizon platforms, as well as each of those platforms' related client applications.

3. The Prohibited Parties are immediately and permanently enjoined from:

    a. Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that uses Plaintiffs' Platforms in any way, including as a method or approach used to install and deploy the technology (an "installation vector"), without first requesting and obtaining Plaintiffs' express written permission;

    b. Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that

emulates Plaintiffs' Platforms in any way, including but not limited to the WhatsApp Installation Server ("WIS"), without first requesting and obtaining Plaintiffs' express written permission;

      c.    Collecting, or assisting others in collecting, data or information from Plaintiffs' Platforms, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;

      d.    Reverse engineering or decompiling code from Plaintiffs' Platforms, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;

      e.    Sending, storing, or transmitting viruses or other harmful code through Plaintiffs' Platforms, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;

      f.    Using Plaintiffs' Platforms for illegal purposes, including violating the Computer Fraud and Abuse Act or the California Comprehensive Computer Data Access and Fraud Act, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission; and

      g.    Creating accounts, whether directly or through a third party, intermediary, or proxy, on Plaintiffs' Platforms, without first requesting and obtaining Plaintiffs' express written permission.

4.    The Prohibited Parties are required to delete and destroy any and all computer code or technologies that use, access, or depend on Plaintiffs' Platforms, including the WhatsApp Installation Server ("WIS"), to delete all data obtained or derived from Plaintiffs' Platforms, and to disable customer access to any and all computer code or technologies that use, access, or depend on Plaintiffs' Platforms.

5.    Within five business days after the entry of this Order, Defendants shall affirm in writing that they notified all Prohibited Parties of the existence of this Permanent Injunction and provide a copy of this Order to each of them. Defendants shall publicly file this affirmation on the docket of this action.

6.   Within thirty days after entry of this Order, Defendants shall certify in writing that they are in compliance with the provisions of this Order.  This certification shall be made through a written statement, sworn under penalty of perjury under the laws of the United States, by Defendants' chief executive officer(s) (or equivalent officer).  Defendants shall publicly file this certification on the docket of this action.

7.   The Court will retain jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that Defendants have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties shall submit to the Court's jurisdiction for those purposes.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                                    Honorable Phyllis J. Hamilton
                                                                    United States District Judge