JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 557]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 557). Plaintiffs identified portions of their Motion for Permanent Injunction as containing references to documents that Defendants and/or non-party Joshua Shaner have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their positions regarding sealing of these materials below.

## I.   LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc*., No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs*., No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion. Accordingly, the "good cause" standard applies to this Motion. "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As shown below, good cause exists warranting sealing the highlighted portions of Plaintiff's Motion for Permanent Injunction (Dkt. 557). All of the highlighted portions of Plaintiffs' Motion refer to information that is subject to legal restrictions and confidentiality obligations discussed in detail at ¶¶ 2, 4-12, & 13(a)-(e) of Dkt. No. 419-1. The highlighted portions of Plaintiffs' motion are mostly descriptions of the deposition testimony of Defendants' executives and highly

1

confidential documents concerning technology that is expert controlled under Israeli law. Defendants were only permitted to provide this testimony and these documents pursuant to a license from Israel's Defense Export Control Agency, which license requires Defendants to use their best efforts to maintain the confidentiality of these documents pursuant to the Court's stipulated protective order entered in this litigation (Dkt. No. 132).

Plaintiffs' Motion for Permanent Injunction also discusses highly confidential and export controlled information about the research, development, and functioning of Defendants' technologies, other confidential and competitively sensitive information of Defendants, and confidential customer/business partner information, all of which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers and business partners. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing").

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion and seal the highlighted portions of Plaintiffs' Motion for Permanent Injunction (Dkt. 557).

Dated: March 3, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*