Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE BRIEFING DEADLINES AND HEARING DATE ON PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**<br><br>Ctrm:  3<br>Before the Honorable Phyllis J. Hamilton<br><br>Action Filed: Oct. 29, 2019 |

[PUBLIC REDACTED VERSION]

In response to Plaintiffs WhatsApp LLC and Meta Platforms, Inc.'s ("Plaintiffs") motion for a permanent injunction, Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("NSO") ask the Court to schedule an evidentiary hearing and delay briefing until after that hearing. *See* Dkt. No. 560. NSO's request should be rejected. Plaintiffs are entitled to a permanent injunction *based on the undisputed facts*. Under these circumstances, Ninth Circuit authority permits the Court to issue a permanent injunction now without the need for any evidentiary hearing.

## ARGUMENT

### I. The Court Can Issue a Permanent Injunction Without An Evidentiary Hearing

A federal district court can issue a permanent injunction without an evidentiary hearing "when the facts are not in dispute." *Charlton v. Est. of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988) (quoting *Pro. Plan Exam'r of N.J., Inc. v. Lefante*, 750 F.2d 282, 288 (3d Cir. 1984)); *see also Geertson Seed Farms v. Johanns*, 570 F.3d 1130, 1139 (9th Cir. 2009) ("[A] district court must hold an evidentiary hearing before issuing a permanent injunction unless the adverse party has waived its right to a hearing or the facts are undisputed."); *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 466 F.3d 391, 398 (6th Cir. 2006) ("Unless disputed questions of material fact exist, no trial or evidentiary hearing is necessary for the district court to enter a permanent injunction.").[1]

Consistent with this rule, "permanent injunctions may be granted on summary judgment, given the proper record." *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980). Indeed, district courts have frequently issued permanent injunctions after finding a party liable on summary judgment, without holding evidentiary hearings. *See, e.g.*, *Aubin v. Bonta*, 665 F. Supp. 3d 1097, 1106 (N.D. Cal. 2023); *Allen v. Campbell*, 2022 WL 3446086, at *2 (D. Idaho Aug. 16, 2022); *Marriott v. Cnty. of Montgomery*, 426 F. Supp. 2d 1, 11 (N.D.N.Y. 2006); *Flow Control Indus. Inc. v. AMHI Inc.*, 278 F. Supp. 2d 1193, 1202 (W.D. Wash. 2003). In cases like this, the "critical question, however, is not whether a court may issue a permanent injunction on summary judgment without hearing testimonial

---

[1] The cases cited by NSO, *see* Dkt. No. 560 at 1, confirm that an evidentiary hearing is unnecessary when the material facts are not in dispute. *See Charlton*, 841 F.2d at 989; *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001) (requiring hearing "unless there are no disputed factual issues regarding the matter of relief"); *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) ("[N]o such hearing is required if no factual issues remain for trial.").

1

evidence, but whether . . . the moving party here, clearly established the absence of any genuine issue of fact material to the granting of the injunction." *Murphy*, 626 F.2d at 655.  Plaintiffs have met this burden.  The undisputed facts—many of them relied on by the Court in its summary judgment ruling—establish that Plaintiffs are entitled to a permanent injunction.

## II. There Are No Disputed Issues of Fact Relevant to a Permanent Injunction

Plaintiffs' motion for a permanent injunction established the absence of any genuine issues of material fact.  *See* Dkt. No. 557-3 at 7–17.  Indeed, Plaintiffs relied almost exclusively on documents and deposition testimony submitted in connection with the parties' motions for summary judgment and the Court's findings in its summary judgment ruling.[2]  As Plaintiffs noted in their motion for summary judgment, NSO admits that it developed and sold Pegasus, and that Pegasus was responsible for the attacks described in the complaint.  *See* Dkt. No. 399-2 at 1.  To the extent NSO believes disputed issues of fact preclude the issuance of a permanent injunction, it can oppose Plaintiffs' motion with reference to the existing discovery record.  There is no reason to delay briefing and schedule an evidentiary hearing so that NSO can attempt to relitigate the Court's factual findings.

In its decision granting Plaintiffs' motion for partial summary judgment, the Court found that there was no dispute as to the central aspects of NSO's past violations of the Computer Fraud and Abuse Act ("CFAA"), California Comprehensive Data Access and Fraud Act ("CDAFA"), and the WhatsApp Terms of Service.

- NSO's Pegasus "allow[s] [NSO's] clients to use a modified version of the Whatsapp application – referred to as the 'Whatsapp Installation Server,' or 'WIS.'"  Dkt. No. 494 at 2.
- NSO "reverse-engineered and/or decompiled the Whatsapp software in order to develop the WIS."  *Id*. at 14.
- "The WIS . . . allows defendants' clients to send 'cipher' files with 'installation vectors' that ultimately allow the clients to surveil target users."  *Id*. at 2.

---

[2] The only fact that was not submitted at the summary judgment stage was the recent statement from NSO's founder and current owner Omri Lavie denouncing the Court's ruling.  *See* Dkt. No. 557-3 at 6.  Though NSO now claims that this may not "represent [NSO's] views," it does not dispute that Mr. Lavie—███████████████████████████—owns 100% of NSO, and NSO's CEO reports to Mr. Lavie.

2

1  - "[T]he WIS sent messages through Whatsapp servers that caused Pegasus to be installed on target users' devices." *Id*. at 12.
2  - "[D]efendants' Pegasus code was sent through plaintiffs' California-based servers 43 times during the relevant time period in May 2019." *Id*. at 6.
3  - The WIS "obtain[s] information directly from the target users' devices, and "also obtains information about the target users' device via the Whatsapp servers." *Id*. at 12.
4  - NSO "redesigned Pegasus to evade detection after plaintiffs first fixed the security breach." *Id*.

The Court should grant Plaintiffs' motion based on these undisputed facts alone. Courts have entered permanent injunctions even without evidence that the defendants' hacking operations were ongoing. *See, e.g.*, *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 785–86 (N.D. Cal. 2017) (entering permanent injunction nearly five years after defendant declared bankruptcy), *aff'd*, 749 F. App'x 557 (9th Cir. 2019); *see also* Dkt. No. 557-3 at 8–9 (collecting cases).

Setting aside that NSO's past violations of the law are alone sufficient, NSO's administrative motion does not take issue with any of the undisputed facts showing the risk of ongoing and future harm that NSO poses to Plaintiffs. NSO does not dispute that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. at 9. Nor does NSO cite any evidence in the record suggesting that it "has deleted the WIS." *Id*. at 13. NSO does not (and cannot) dispute ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. at 10 (quoting Dkt. No. 399-4, Ex. 6 at 109:3–110:22, 266:3–7).

Having elected to refuse to provide discovery about its post-May 2020 activities, NSO is not entitled to an evidentiary hearing to supplement the record. It is also unclear whether NSO's fact witnesses could even testify about these issues. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. No. 429-2 at 21; *see also* Dkt. No. 429-19 ¶¶ 6–10. NSO's witnesses should not be able to testify about these topics at an evidentiary hearing after refusing to answer the same questions during their depositions. *See* Dkt. No. 494 at 9 ("[T]he court will impose evidentiary

3

sanctions when appropriate.").[3]  In all events, if NSO has no intention of building any installation vector for Pegasus that uses WhatsApp's technology, then it should have no objection to an injunction enjoining them from doing so.  There is no reason for the Court to put off a decision on the motion.

The remaining "disputes" that NSO lists in its administrative motion are immaterial.  NSO first argues that WhatsApp's 2018 code changes were "made completely independently of Pegasus and without knowledge of Pegasus." Dkt. No. 560 at 2.  The intent behind Plaintiffs' changes has no bearing on the undisputed fact that, as the Court found, NSO "redesigned Pegasus to evade detection after plaintiffs first fixed the security breach." Dkt. No. 494 at 12.  Most of the remaining "disputes" recycle NSO's failed arguments about the identities of NSO's customers and targets.  *See* Dkt. No. 560 at 3.  The Court has already found that NSO's attempt to thrust liability on its customers is "fully addressed by [18 U.S.C. § 1030(b)] which assigns liability to co-conspirators."  Dkt. No. 494 at 11.  And the identity of the target users, Dkt. No. 560 at 2–3, has no bearing on any issue material to Plaintiffs' requested injunction.  The Court has already rejected NSO's foreign law-enforcement defense when it found NSO liable on Plaintiffs' claims, and NSO should not be given a chance to proffer irrelevant witnesses to avoid a permanent injunction.[4]  To the extent NSO takes issue with the scope of the injunction, *see id*. at 3, it is free to make contrary arguments in its opposition brief.

### III. There Is No Reason to Delay Issuing the Permanent Injunction

NSO's administrative motion effectively asks the Court to deny Plaintiffs' motion as premature without the benefit of full briefing.  As explained above, NSO has failed to establish any disputed issue of material fact that would prevent the Court from entering the injunction.  NSO's remaining arguments for delaying relief fare no better.

*First*, Plaintiffs' purported "lack of urgency," *id*. at 3, does not provide a reason to postpone a decision on the permanent injunction until after an evidentiary hearing.  While "delay in requesting a TRO militates against its issuance," *Rosal v. First Fed. Bank of Cal.*, 2009 WL 837570, at *2 (N.D.

---

[3] NSO's fact witnesses are outside the Court's subpoena power, and were not made available for depositions in the United States, raising questions about their willingness to travel to trial.

[4] NSO also claims that there are open questions about the extent of its discovery misconduct. *See id*. at 2–3.  But the scope of NSO's shortcomings has no bearing on Plaintiffs' motion.

1  Cal. Mar. 26, 2009), NSO cites no case extending this principle to permanent injunctions. Plaintiffs moved for a permanent injunction roughly two months after the Court found that there were no disputed issues of fact, and in time for the motion to be heard by the April 10 pretrial conference. To the extent "urgency" matters at all, it counsels in favor of deciding injunctive relief now, rather than pushing it back for months. *See, e.g.*, *Addington v. U.S. Airline Pilots Ass'n*, 2009 WL 2169164, at *7 (D. Ariz. July 17, 2009) (explaining how, in an "urgent case," the court first resolved the "liability of the [defendant] and the propriety of injunctive relief" before addressing the "quantification of any damages owed"). If NSO believes that Plaintiffs have not established irreparable harm, NSO can advance that argument in its opposition. NSO cites no precedent for a court evaluating the purported hardship to the parties in order to determine whether the defendant has to respond to a motion.

*Second*, because Plaintiffs' motion for a permanent injunction relies on undisputed facts, there are no "common issues of fact" that remain to be determined at trial. *See* Dkt. No. 560 at 4. When a permanent injunction does not rely on disputed factual issues, courts frequently enter injunctions before a jury trial. *See, e.g.*, *AcryliCon USA, LLC v. Silikal GmbH*, 2016 WL 739542, at *3 (N.D. Ga. Feb. 24, 2016); *Flow Control*, 278 F. Supp. 2d at 1201. NSO cites no case where a court refused to grant an injunction premised on undisputed facts because there were other legal issues remaining.

*Third*, NSO's appeals to judicial efficiency, Dkt. No. 560 at 4–5, lack merit. As described above, there is no need for an evidentiary hearing at all, given that Plaintiffs' motion rests on undisputed facts. Moreover, resolving Plaintiffs' permanent injunction motion at the pretrial conference would further narrow the remaining issues in dispute and may well position the parties to resolve the remainder of the case via mediation.

**CONCLUSION**

Plaintiffs moved for a permanent injunction based on the undisputed facts about NSO's conduct, which the Court has already concluded made NSO liable. The Court should deny NSO's administrative motion to extend the briefing schedule and hearing date for Plaintiffs' motion.

| | |
|---|---|
| Dated: March 3, 2025 | Respectfully Submitted, |
| | DAVIS POLK & WARDWELL LLP |
| | By: */s/ Antonio J. Perez-Marques* |
| |     Greg D. Andres |
| |     Antonio J. Perez-Marques |
| |     Gina Cora |
| |     Craig T. Cagney |
| |     Luca Marzorati |
| |       (admitted *pro hac vice*) |
| |     DAVIS POLK & WARDWELL LLP |
| |     450 Lexington Avenue |
| |     New York, New York 10017 |
| |     Telephone: (212) 450-4000 |
| |     Facsimile: (212) 701-5800 |
| |     Email:  greg.andres@davispolk.com |
| |            antonio.perez@davispolk.com |
| |            craig.cagney@davispolk.com |
| |            gina.cora@davispolk.com |
| |            luca.marzorati@davispolk.com |
| |     Micah G. Block (SBN 270712) |
| |     DAVIS POLK & WARDWELL LLP |
| |     900 Middlefield Road, Suite 200 |
| |     Redwood City, CA 94063 |
| |     Telephone: (650) 752-2000 |
| |     Facsimile:  (650) 752-2111 |
| |     Email: micah.block@davispolk.com |
| | *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |