UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>    Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER RE ADMINISTRATIVE MOTION AND STIPULATION RE BRIEFING DEADLINES FOR MOTION FOR PERMANENT INJUNCTION**<br><br>Re: Dkt. 560, 571 |

    Plaintiffs have filed a motion for permanent injunction, and the parties have made multiple filings related to that motion: (1) an administrative motion, filed by defendants, to continue the briefing deadlines and hearing dates for plaintiffs' motion for permanent injunction, (2) an opposition to the administrative motion, filed by plaintiffs, and (3) a stipulation, to apply in the event that the court denies the administrative motion.

    The court will first address the administrative motion and opposition.  Defendants argue, in essence, that the court must conduct an evidentiary hearing before entering any permanent injunction, and that holding an evidentiary hearing during or after trial would be most efficient.  See Dkt. 560.  Plaintiffs argue that the court can issue a permanent injunction without an evidentiary hearing, and that there are no disputed issues of fact relevant to an injunction, and thus no reason to delay.

    Overall, the court concludes that the need for an evidentiary hearing can best be determined after the parties have filed their briefs and made their competing arguments for which, if any, factual issues need to be determined through an evidentiary hearing.

Accordingly, defendants' administrative motion is denied to the extent it seeks to vacate all briefing deadlines, but granted to the extent it seeks to continue the hearing date on plaintiffs' motion for permanent injunction.  After reviewing the fully briefed motion, the court will determine when a hearing will be set, but the parties are advised that the court is likely to follow its general practice of hearing such motions after trial.  To that end, the parties should also consider whether an evidentiary hearing or special interrogatories to the jury is the appropriate procedure for resolving any factual disputes.

Finally, the parties' stipulation is granted, and the briefing deadlines on plaintiffs' motion for permanent injunction shall be as follows:  defendants' opposition to the motion shall be due on **Friday, March 14**, and plaintiffs' reply shall be due on **Tuesday, March 25**.

**IT IS SO ORDERED.**

Dated:  March 10, 2025

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge