1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 572]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 572).  Plaintiffs identified portions of their Notice of Motion and Motion to Exclude the Expert Testimony of Joshua J. Minkler ("Motion to Exclude"), certain portions of Exhibit A to the Declaration of Gina Cora in Support of the Motion to Exclude (the "Cora Declaration"), and Exhibit B to the Cora Declaration (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132).  Defendants worked with Plaintiffs before filing to narrow the portions of Mr. Minkler's report, Cora Decl. Exh. A, that need to be sealed, and Defendants have greatly reduced the portions of Mr. Minkler's deposition transcript, Cora Decl. Exh. B, that require sealing.  Defendants provide their positions regarding sealing of these materials below.

I.  **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  "A party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).  Here, the Materials are not filed in connection with a dispositive motion.  Accordingly, the "good cause" standard applies to this Motion.  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II. DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matters, Defendants do not contend that any portions of the Motion to Exclude require sealing. As shown below, however, good cause exists warranting sealing portions of certain of the remaining Materials identified in Plaintiffs' Administrative Motion. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

***The Expert Report of Joshua Minkler (Dkt. 572-4, Exhibit A):  Paragraphs 29, 30 and 33***

The highlighted portions of the Joshua Minkler's Expert Report attached to the Cora Declaration as Exhibit A, paragraphs 29, 30 and 33, contains discussion of material and information that is subject to foreign law restrictions on public disclosure.  Defendants received a limited license to disclose this information in this proceeding, but the license requires that Defendants ask the Court to seal it. These documents also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when such files contain "business information that might harm a litigant's competitive standing"). Defendants' sealing request is narrowly tailored and only seeks to seal three paragraphs out of Minkler's lengthy report.

***The Expert Report of Joshua Minkler (Dkt. 572-4, Exhibit B):  Five Excerpts***

The following excerpts of Joshua Minkler's Deposition Transcript attached as Exhibit B to the Cora Declaration should remain under seal: 76:10-13, 116:17-18, 116:21-117:1, 233:5-7, and 233:10-20. Those excerpts contain discussion of material and information that is subject to foreign

law restrictions on public disclosure and should be sealed for the same reasons set forth above with respect to Mr. Minkler's Expert Report. The excerpts also contain or make reference to undisclosed information relating to the Federal Bureau of Investigation ("FBI") that the FBI has elected to not produce in response to Freedom of Information Act Requests.

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials described above.

Dated: March 13, 2025                         KING & SPALDING LLP

                                              By: /s/ *Aaron S. Craig*
                                              JOSEPH N. AKROTIRIANAKIS
                                              AARON S. CRAIG
                                              *Attorneys for Defendants*