Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

Joseph N. Akrotirianakis (Cal. Bar. No. 197971)
Aaron S. Craig (Cal. Bar. No. 204741)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
       acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **JOINT [PROPOSED] VOIR DIRE QUESTIONS** <br><br> Pretrial Conference Date: April 10, 2025 <br> Time:  2:00 p.m. <br> Ctrm:  3 <br> Judge: Hon. Phyllis J. Hamilton <br> Trial Date: April 28, 2025 |

Pursuant to the Court's Case Management and Pretrial Order (Dkt. No. 168), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") and Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") (collectively, the "Parties") respectfully submit these Joint [Proposed] Voir Dire Questions.

**A.    General Questions**

The Parties agree to the Court's Confidential Juror Questionnaire.

**B.    Case-Specific Questions**

1. Have any of you ever heard of Meta (which was formerly known as Facebook) and WhatsApp, which are the plaintiffs in this case?

2. Have any of you ever heard of NSO Group or Q Cyber, which are the defendants in this case?

3. Have any of you or someone close to you ever been employed by or associated in any capacity with Meta, WhatsApp, or any other Meta company, platform, or entity?

4. Have any of you or someone close to you ever been employed by or associated in any capacity with NSO Group or Q Cyber?

5. Have you or someone close to you ever owned any stock or had a financial interest in or a business relationship of any kind with Meta, WhatsApp, or any other Meta company, platform, or entity?

6. Have you or someone close to you ever owned any stock or had a financial interest in or a business relationship of any kind with NSO Group or Q Cyber?

7. Have any of you ever heard of or been acquainted with any of the lawyers or their law firms or any persons employed in the same law firm as the attorneys who just identified themselves?

   a. Which ones?

   b. Please describe the nature of the acquaintance.

8. Do you have any experience in the cybersecurity field? If yes, please explain.

9. Have any of you heard or read anything about this dispute? Do you have any knowledge about the dispute between these two parties, other than what I have told you?

10. Do you recognize any of the names of the witnesses that I read to you?

11. Do you know me or any members of the court staff, or any other members of the jury panel?

12. Do you have any lawyers or anyone with legal training in your family or household?

13. Please raise your hand if any of the following applies to you:

    a. You have a positive opinion of Meta.

    b. You have a negative opinion of Meta.

    c. You have a positive opinion of WhatsApp.

    d. You have a negative opinion of WhatsApp.

    e. You have a positive opinion of NSO Group.

    f. You have a negative opinion of NSO Group.

    g. You have a positive opinion of Q Cyber.

    h. You have a negative opinion of Q Cyber.

14. Do you have any strong feelings about lawsuits or lawyers in general that may make it hard for you to decide this case fairly or impartially?

15. Have you or anyone in your immediate family or household ever been a party to a lawsuit—either civil or criminal?

    a. If so, were you or your family member the plaintiff or the defendant for each case?

    b. What was the nature of the case or cases?

    c. Were you/they satisfied or dissatisfied with the outcome of the case?

16. What is your major source of news and information (e.g., Internet, TV, radio, newspaper)?

    a. What specific news outlets do you use most frequently?

17. Is there anyone here that thinks that, if selected as a juror, you could not resist a temptation to post on the Internet, communicate about the trial or what you learn during the trial, or conduct independent research, including Internet research, for the duration of the trial?

18. Do you have any physical disability or impairment of some kind that would need to be accommodated for you to be seated as a juror in this case?

19. Is there anything else you feel that the Court should know about you regarding your jury service that might affect your ability to be an entirely fair and impartial juror to both sides?

**In addition to the Joint Questions, Plaintiffs propose the following questions, to which Defendants do not agree:**

20. Is there anyone here fundamentally against awarding money damages to the suing party in a lawsuit involving two corporations?

21. Does anyone here have a philosophical opposition to awarding punitive damages to the suing party in a lawsuit involving two corporations?

22. The plaintiff will be seeking a large damage award against the defendant. Does anyone here think they would be unable to award a large sum of money regardless of the evidence and the law?

23. Do any of you have any strong feelings about or connections to the state of Israel or the Israeli people?

**In addition to the Joint Questions, Defendants propose the following questions, to which Plaintiffs do not agree:**

24. Please raise your hand if you currently have a Facebook account.

25. Please raise your hand if you have ever used the WhatsApp messaging application.

26. Please raise your hand if you currently have an Instagram account.

27. Please raise your hand if you currently have a Threads account.

28. Please raise your hand if you have ever used the Messenger messaging application (also known as Facebook Messenger).

29. Do you or someone close to you currently own any stock or had a financial interest in or a business relationship of any kind with Meta, WhatsApp, or any other Meta company, platform, or entity?

30. NSO Group and Q Cyber offer various investigative intelligence products to foreign governments, including their main software product called Pegasus, which allows remote access to

people's mobile devices in certain situations. Without providing details, have any of you heard or read anything about this Pegasus software? [*Follow up in private*.]

31. Do any of you have negative opinions of companies that make, sell, or use intelligence tools, sometimes called "spyware"? If yes, please explain.

32. Have you or someone close to you ever been hacked or had your/their identity stolen online, or been a victim of attempted hacking or identify theft that nearly succeeded?

33. By a show of hands, how many of you believe that law enforcement agencies do not do enough to protect the public from breaches of privacy or security online.

34. Please raise your hand if you have ever heard of The Citizen Lab at the University of Toronto.

35. Have you or a member of your immediate family ever served in the military? Please briefly describe that service.

36. NSO Group and Q Cyber are companies based in Israel. Do any of you have negative opinions of companies or business entities from Israel? If yes, please explain.

   a. Do you have any other, negative feelings about the State of Israel, or the government of Israel? If yes, please explain.

37. The Court has already determined that Defendants NSO Group and Q Cyber are liable under laws called the Computer Fraud and Abuse Act ("CFAA") and California Comprehensive Computer Data Access and Fraud Act ("CDAFA") and that certain actions by Defendants violated WhatsApp's Terms of Service. Based on those facts alone, do you believe that the Plaintiffs must have been harmed by that conduct, even before you hear any evidence of any harm?

38. *[If jurors will hear about discovery sanctions:]* The Court has also determined that the Defendants violated a requirement to turn over certain information to the Plaintiffs and has issued an evidentiary sanction as a result. Does that fact alone cause you to have a negative opinion of the Defendants or start out believing that Plaintiffs were harmed as a result of misconduct by the Defendants, even before you hear any evidence of such harm?

39. *[If jurors will hear about the U.S. government putting NSO on its Entity List:]* If selected as a juror, you might hear that the U.S. government has placed NSO on a list for acting

"contrary to the foreign policy and national security interests of the United States," which effectively bans U.S. companies from selling certain prohibited items to NSO without first obtaining a license from the Department of Commerce. Does that fact alone cause you to have a negative opinion of the Defendants or start out believing that the Plaintiffs are probably entitled to recover some damages from the Defendants?

40. Do any of you use one or more encrypted messaging applications, at least in part, because they are encrypted?

41. Have you or someone close to you ever had someone else break an important promise or business agreement that caused serious financial consequences?

42. By a show of hands, how many of you seldom or never follow news about technology, software, the tech industry, or tech-related products?

43. Is there anything about this case that would make it difficult for any of you to be fair and impartial to both sides, knowing just the little bit that I told you about it?

Dated: March 13, 2025

DAVIS POLK & WARDWELL LLP

By:   */s/ Greg D. Andres*
     Greg D. Andres
     Antonio J. Perez-Marques
     Craig T. Cagney
     Gina Cora
     Luca Marzorati
       (admitted *pro hac vice*)
     DAVIS POLK & WARDWELL LLP
     450 Lexington Avenue
     New York, New York 10017
     Telephone: (212) 450-4000
     Facsimile: (212) 701-5800
     Email: greg.andres@davispolk.com
            antonio.perez@davispolk.com
            gina.cora@davispolk.com
            craig.cagney@davispolk.com
            luca.marzorati@davispolk.com

     Micah G. Block (SBN 270712)
     DAVIS POLK & WARDWELL LLP
     900 Middlefield Road, Suite 200
     Redwood City, California 94063
     Telephone: (650) 752-2000
     Facsimile: (650) 752-2111
     Email: micah.block@davispolk.com

     *Attorneys for Plaintiffs*
     *WhatsApp LLC and Meta Platforms, Inc.*

KING & SPALDING LLP

By:   */s/ Joseph N. Akrotirianakis*
     Joseph N. Akrotirianakis
     Aaron S. Craig
     KING & SPALDING LLP
     633 West Fifth Street, Suite 1600
     Los Angeles, CA 90071
     Telephone: (213) 443-4355
     Email: jakro@kslaw.com
            acraig@kslaw.com

     *Attorneys for Defendants NSO Group*
     *Technologies Limited and Q Cyber*
     *Technologies Limited*

## **FILER'S ATTESTATION**

Pursuant to Civil L. R. 5-1(i)(3), regarding signatures, Greg D. Andres hereby attests that concurrence in the filing of the document has been obtained from all of the signatories above.

Dated: March 13, 2025                     */s/ Greg D. Andres*
                                                              Greg D. Andres