JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' REQUEST REGARDING THE TREATMENT OF CONFIDENTIAL OR SEALED DOCUMENTS AT TRIAL**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date:  April 28, 2025<br><br>Action Filed: 10/29/2019 |

Pursuant to Paragraph B.3.i of the Court's Civil Pretrial Instructions, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") by and through their undersigned counsel, hereby submit this Request Regarding the Treatment of Confidential or Sealed Documents at Trial. Although the parties have not yet exchanged exhibit lists, trial in this matter may involve evidence concerning Defendants' various legal obligations (as repeatedly briefed to the Court), documents produced subject to legal restrictions on their further dissemination, materials containing Defendants' technical information and other competitively sensitive information, and materials setting forth personal information (e.g., personal WhatsApp account numbers). Defendants thus request that the Court close the trial proceedings, or in the alternative, that the categories of documents above be handled in a manner at trial that avoids public disclosure of sensitive information.

## I.    Defendants Request That the Court Close the Trial Proceedings to the Public

Presuming a public right of access to court proceedings and documents, trial "closure may be predicated only upon the following requirements: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct. for Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998) (cleaned up).

All of the factors are met here. *First*, courts have recognized a number of compelling interests including the sealing traditionally nonpublic government information for which there is no constitutional right of access,[1] international comity,[2] to prevent potential hardship that may arise

---

[1] *E.g., N.Y. Times Co. v. DOJ*, 806 F.3d 682, 688 (2d Cir. 2015); *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019); *In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017).

[2] *E.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *see also United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019); *Accent Delight Int'l Ltd. v. Sotheby's*, 2019 WL 2602862, at *9 (S.D.N.Y. Jun. 25, 2019).

from disclosure,[3] to protect trade secrets, technical information, and other competitive information,[4] to protect financial information, financial projections, pricing information, and related strategic information,[5] to protect other confidential business information (e.g., license agreements and details of licensing negotiations),[6] and personal information.[7]  As described in NSO's concurrently filed trial brief, trial in this matter is likely to involve the presentation of materials falling into all of these categories.  *Second*, NSO has previously detailed the hardships that might result from the public disclosure of such information (*see, e.g.*, Dkt. 429-1 ¶ 13(c)), including harm that would result from the disclosure of information regarding ongoing law-enforcement, military, and intelligence operations and the harm that would result from the release of NSO's competitive information. (*See, e.g.*, *id.* ¶ 25.)  *Third*, for the reasons set forth in NSO's Trial Brief, there are no alternatives that would adequately protect all of the interests at issue.  (*See* NSO Trial Brief § IV.)

Accordingly, for the reasons set forth in Section IV of NSO's Trial Brief, it respectfully requests that the trial be closed to the public and that the trial exhibits be sealed.

## II.    Alternatively, NSO Requests That Trial Exhibits Containing Sensitive Information Be Temporarily Sealed

In the alternative, NSO requests that the Court consider alternative relief to protect the categories of highly sensitive information set forth above.  *First*, NSO requests that the Court

---

[3] *See Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).

[4] *Hyundai*, 2019 WL 11638962, at *1; *see also Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013).

[5] *FTC v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *Transperfect*, 2013 WL 706975, at *1; *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011).

[6] *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019).

[7] *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

close or restrict access to any testimony regarding the various legal obligations that NSO has with respect to information in its possession and permanently seal any related documents. *Second*, NSO requests that the trial exhibits be temporarily maintained under seal until they can be reviewed and either maintained under seal, redacted, or released – consistent with the Court's eventual ruling on the parties' omnibus motions to seal (Dkt Nos. 549, 550). *See, e.g. In re Civil Beat Law Ctr. for the Pub. Int.*, 2023 WL 3505330, at *6 (D. Haw. May 17, 2023) (noting the possibility of limited or delayed release); *O'Bannon v. NCAA*, 2014 WL 12997312, at *1 (N.D. Cal. June 10, 2014) (redactions). *Third*, NSO requests that trial exhibits containing highly sensitive information be displayed to the jury, but not the public gallery.

Dated: March 13, 2025 　　　　　　　　　KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
　　JOSEPH N. AKROTIRIANAKIS
　　AARON S. CRAIG

*Attorneys for Defendants*