Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and<br>META PLATFORMS, INC.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' REQUEST REGARDING TREATMENT OF CONFIDENTIAL OR SEALED DOCUMENTS**<br><br>Pretrial Conference Date: April 10, 2025<br>Time:   2:00 p.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

Pursuant to the Court's Standing Order regarding Civil Pretrial Instructions and Civil Local Rules 7-11 and 79-5, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. respectfully submit this Request Regarding Treatment of Confidential or Sealed Documents.

Based on the current state of the case, and subject to refinement based on the Court's Orders and the parties' exchange and negotiation of the parties' respective exhibit lists, exhibits, witness lists, and deposition designations (which are being revised and exchanged contemporaneously with the present filing), Plaintiffs anticipate that they may make limited requests to seal certain portions of exhibits, witness testimony, or portions thereof (the "Confidential Trial Materials") at trial. Based on the parties' previous sealing motions, and subject to the review of Defendants' pre-trial filings, Plaintiffs have identified the following categories of Confidential Trial Materials sought to be sealed at trial:

1. Identifying information of Plaintiffs' non-testifying employees;
2. Individual compensation information of Plaintiffs' employees;
3. Identifying information of certain non-party WhatsApp users or other non-parties; and
4. Plaintiffs' commercially sensitive and confidential business information.

Plaintiffs are mindful of the Court's instruction that "[a]ny document will lose its confidential status if offered as an exhibit at trial, absent a showing of the 'most compelling' reasons." Standing Order Regarding Discovery Disputes, Protective Orders, and ESI Orders ¶ 4 (citing Manual for Complex Litigation § 21.432; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). Accordingly, Plaintiffs' request to seal will be narrowly tailored and seek to only protect those portions of the Confidential Trial Materials that contain sensitive and confidential information, or entire exhibits in which any non-confidential information is de minimis. Plaintiffs are hopeful that the necessary protections can be accomplished through limited document redactions and will not require sealing the Courtroom, and intend to prepare their presentations accordingly.

The bases for sealing the above categories of Confidential Trial Materials is set forth below.

### 1. Identifying Information of Plaintiffs' Non-Testifying Employees

Plaintiffs may request to seal Confidential Trial Materials to protect the names, email addresses, and/or phone numbers of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this action. "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name is irrelevant to the legal issues in this case." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); *see also Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) ("While the . . . employees are employed by a party in this case and have a lower privacy interest, their specific e-mail addresses are not relevant to the merits of the motion of this case."). In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages or emails, particularly in cases with significant media attention. *See* Dkt. No. 549-1 ¶ 5. There is little, if any, public interest in the identities of the non-testifying employees here, so the private interests justify sealing.

### 2. Individual Compensation Information of Plaintiffs' Employees

Plaintiffs may request to seal Confidential Trial Materials that include details of the individual compensation of Plaintiffs' employees. This is sensitive, personal information that is not available to the public. *See Ehret*, 2015 WL 12977024, at *2 (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests"); *Monster Energy Co. v. Vital Pharms., Inc.*, 2022 WL 17222293, at *2 (C.D. Cal. Oct. 26, 2022) (finding compelling reasons to seal trial exhibit containing private information about plaintiff's employees, including "salary, overtime, and retirement benefits"). The release of this information could harm the privacy interests of the listed individuals.

3. **Identifying Information of Certain Non-Party WhatsApp Users or Other Non-Parties**

Plaintiffs may request to seal Confidential Trial Materials that include the phone numbers, IP addresses, and other identifiers associated with certain non-party WhatsApp users and/or other non-parties. *See, e.g.*, PTX-0115, PTX-0119. This is confidential, personally identifying information that is not available to the public. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal individual names, addresses, phone numbers, and email addresses); *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons "to seal the various parties' customers' personal information, which includes . . . IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy."). The release of this information could harm the privacy interests of the identified individuals.

4. **Plaintiffs' Commercially Sensitive and Confidential Business Information**

Plaintiffs may seek to seal Confidential Trial Materials that contain details of Plaintiffs' commercially sensitive and confidential business information, including: (a) information regarding Plaintiffs' internal decision-making processes around Plaintiffs' business strategies that is not relevant to any of the issues for trial; (b) sensitive and confidential internal security operations and procedures; and/or (c) proprietary technical information regarding Plaintiffs' computer code. *See, e.g.*, PTX-0219.

Courts have routinely held that confidential business information, including proprietary technical information, satisfies the compelling reasons standard. *See Tevra Brands LLC v. Bayer Healthcare LLC*, 2024 WL 3697042, at *2 (N.D. Cal. Aug. 6, 2024) (granting motion to seal trial exhibits containing "confidential business strategy" and "internal communications regarding competitive strategy and updates"); *Pac. Steel Grp. v. Com. Metals Co.*, 2024 WL 4557392, at *2 (N.D. Cal. Oct. 23, 2024) (finding compelling reasons to redact trial exhibits containing "commercially sensitive and confidential business information"); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (finding compelling reasons to seal trial

exhibit because it contained party's "confidential source code, which is a trade secret"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4718104, at *4 (N.D. Cal. Sept. 28, 2012) (granting motion to seal trial exhibit where exhibit contained "confidential source code").

Publicly disclosing these materials could risk harm to Plaintiffs' business and the security of Plaintiffs' services, and provide competitors an unfair advantage by allowing access to internal business deliberations. This harm could not be mitigated by any means less restrictive than sealing.

Dated: March 13, 2025

DAVIS POLK & WARDWELL LLP

By: /s/ Greg D. Andres
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
     antonio.perez@davispolk.com
     gina.cora@davispolk.com
     craig.cagney@davispolk.com
     luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*