# EXHIBIT D

## Instruction No. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are WhatsApp LLC and Meta Platforms, Inc., which I'll call WhatsApp.

The defendants are NSO Group Technologies Limited and Q Cyber Technologies Limited, which I'll call NSO.

WhatsApp brought a lawsuit against NSO alleging breach of contract and violations of state and federal law. The Court has already found NSO liable on all of WhatsApp's claims.

The Court has already determined that NSO is liable to WhatsApp for: (1) breach of contract, by violating the WhatsApp Terms of Service; (2) violating the federal Computer Fraud and Abuse Act; and (3) violating the California Comprehensive Computer Data and Access Fraud Act. In this trial, you must accept each of these determinations as true. The purpose of this trial is to determine only the amount of the damages that NSO must now pay to WhatsApp.

I will now describe the findings that led to the determination of NSO's liability in this case. Then I will describe what you should consider in awarding damages. And after that, I will give you instructions on the trial process and how to consider the evidence.

**Instruction No. 2**

**BREACH OF CONTRACT – INTRODUCTION**

The Court has already determined that NSO breached its contract with WhatsApp and is therefore liable for any damages caused by the breach of contract. Specifically, the Court determined:

First, that WhatsApp and NSO entered into a contract;

Second, that NSO breached the contract by violating the WhatsApp Terms of Service, specifically by:

      a. reverse-engineering and/or decompiling WhatsApp application;

      b. sending harmful code through WhatsApp;

      c. collecting WhatsApp users' information;

      d. accessing or attempting to access WhatsApp without authorization; and

      e. using WhatsApp for illegal purposes.

Third, that NSO's violations of the WhatsApp Terms of Service caused harm to WhatsApp for which NSO should pay.

**Instruction No. 3**

**COMPUTER FRAUD AND ABUSE ACT**

The Court has already determined that NSO violated the federal Computer Fraud and Abuse Act and is therefore liable for any damages caused by its violation of the federal Computer Fraud and Abuse Act.

The Court has determined that NSO's software products, collectively referred to as "Pegasus," allow NSO to use a modified version of the WhatsApp application—referred to as the "WhatsApp Installation Server," or "WIS."  The WIS, among other things, allows NSO to send "cipher" files with "installation vectors" that ultimately allow the surveillance of the target users. The WIS sent messages through WhatsApp servers that caused Pegasus to be installed on WhatsApp users' devices.  The WIS was then able to obtain protected information by having it sent from the WhatsApp users, through the WhatsApp servers, back to the WIS.

The following instructions will explain the legal elements of WhatsApp's federal Computer Fraud and Abuse Act claims that have already been established.

**Instruction No. 4**

**OBTAINING INFORMATION BY COMPUTER - SECTION 1030(A)(2)**

The Court has already determined that NSO violated the federal Computer Fraud and Abuse Act by intentionally exceeding authorized access to a computer and thereby obtaining information from any protected computer.

Specifically, the Court has determined that:

First, NSO intentionally accessed WhatsApp's servers. NSO acted "intentionally," which means that it was NSO's conscious desire or purpose to act in a certain way or to cause a certain result, or NSO knew it was acting in that way or would be practically certain to cause that result.

Second, NSO exceeded its authorized access to WhatsApp's servers, which means that NSO accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and target devices that NSO is not entitled to obtain or alter.

Third, NSO obtained information from the WhatsApp servers and target devices;

Fourth, the information was from a protected computer, which means a computer used in or affecting interstate or foreign commerce or communication; and

Fifth, that there was loss to WhatsApp during any one-year period aggregating at least $5,000 in value.

## Instruction No. 5

## ACCESSING A PROTECTED COMPUTER WITH AN INTENT TO DEFRAUD – SECTION 1030(A)(4)

The Court has already determined that NSO violated the federal Computer Fraud and Abuse Act by knowingly and with intent to defraud exceeding authorized access to a protected computer, and by means of such conduct furthering the intended fraud and obtaining anything of value.

Specifically, the Court has determined that:

First, NSO accessed WhatsApp's servers, which are protected computers. A protected computer means a computer used in or affecting interstate or foreign commerce or communication.

Second, NSO exceeded its authorized access to WhatsApp's servers, which means that NSO accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and target devices that NSO is not entitled to obtain or alter.

Third, NSO acted knowingly and with intent to defraud. NSO acted "knowingly," which means that it was aware of the act and did not act through ignorance, mistake, or accident. NSO acted with an "intent to defraud," which means an intent to deceive and cheat, meaning the intent to deprive a victim of money or property by deception. NSO acted with an intent to defraud based on the fact that NSO redesigned Pegasus to evade detection after Plaintiffs first fixed the security breach.

Fourth, by exceeding authorized access to WhatsApp's servers, NSO furthered the intended fraud and obtained anything of value.

Fifth, the total value of NSO's computer use exceeded $5,000 during 2019, or the object of the fraud and the thing obtained consists of more than just the use of the computer.

**Instruction No. 6**

**CONSPIRING TO VIOLATE THE COMPUTER FRAUD AND ABUSE ACT**

The Court has already determined that NSO engaged in a conspiracy to violate the federal Computer Fraud and Abuse Act.

Specifically, the Court determined that NSO knowingly agreed with one or more of its customers to commit an act that violated the federal Computer Fraud and Abuse Act.

**Instruction No. 7**

**COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT**

The Court has already determined that NSO violated the California Comprehensive Computer Data and Access Fraud Act. The California Comprehensive Computer Data and Access Fraud Act is a California law equivalent of the federal Computer Fraud and Abuse Act, with the additional requirement that a computer be unlawfully accessed in California.

The Court concluded that NSO violated the California Comprehensive Computer Data and Access Fraud Act for the same reasons that it violated the federal Computer Fraud and Abuse Act.

**Instruction No. 8**

**DAMAGES OVERVIEW - PROOF**

Now that I have told you what has already been established, I will explain your role in the case.

Your role in this case is to determine the amount of damages to which WhatsApp is entitled because of NSO's violations of the law. WhatsApp has the burden of proving damages by a preponderance of the evidence. This means that you must be persuaded by the evidence that the claim of damages is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

There are two categories of damages in this case that you may award. I will summarize each of these categories before providing instructions on each category.

The first category of damages that you must consider are called compensatory damages. The purpose of compensatory damages is to put WhatsApp in as good a position as it would have been if NSO had not violated the federal Computer Fraud and Abuse Act or the California Comprehensive Computer Data and Access Fraud Act, and not breached the WhatsApp Terms of Service. Because NSO has been found liable for violating the federal Computer Fraud and Abuse Act and the California Comprehensive Computer Data and Access Fraud Act and for breach of contract, WhatsApp can recover compensatory damages from NSO.

The second category that you may consider is "punitive damages." WhatsApp may be eligible to recover punitive damages because NSO has been found liable for violating the California Comprehensive Computer Data and Access Fraud Act.

In determining the amount of damages, if any, to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in the evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require WhatsApp to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Instruction No. 9**

**COMPENSATORY DAMAGES - BREACH OF CONTRACT**

You may award WhatsApp compensatory damages for NSO's breach of contract.

You must decide how much money will reasonably compensate WhatsApp for the harm caused by NSO's breaches of the WhatsApp Terms of Service.

WhatsApp does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**Instruction No. 10**

**COMPENSATORY DAMAGES - COMPUTER FRAUD AND ABUSE ACT**

You may award WhatsApp compensatory damages for NSO's violation of the federal Computer Fraud and Abuse Act.

These damages may include:

1. costs of responding to the violation;
2. costs of conducting a damage assessment;
3. costs of restoring the data, program, system, or information to its prior condition;
4. costs of investigating the violation; and
5. costs of identifying the violation.

**Instruction No. 11**

**COMPENSATORY DAMAGES - CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT**

You may award WhatsApp compensatory damages for NSO's violation of the California Comprehensive Computer Data and Access Fraud Act.

These damages shall include amounts sufficient to compensate WhatsApp for the harm it suffered as a result of any violations, including any expenditure reasonably and necessarily incurred by WhatsApp to verify that its computers, computer system, computer network, computer program, and/or data was or was not altered, damaged, or deleted by the access.

## Instruction No. 12
## PUNITIVE DAMAGES

If you find that WhatsApp is entitled to compensatory damages for actual harm or loss for NSO's violations of the California Computer Data Access and Fraud Act, you must decide whether NSO's violations of the California Computer Data Access and Fraud Act justify an award of punitive damages. You may, but are not required to, award punitive damages. Punitive damages are not available with respect to NSO's breach of contract, or NSO's violation of the federal Computer Fraud and Abuse Act.

You may award punitive damages if you find that WhatsApp has proven by clear and convincing evidence that NSO's conduct that violated the California Computer Data Access and Fraud Act and harmed WhatsApp was done with fraud, oppression, or malice.

For the purposes of your consideration of punitive damages only:

"Fraud" means that NSO intentionally misrepresented or concealed a material fact and did so intending to harm WhatsApp.

"Oppression" means that NSO's conduct was despicable and subjected WhatsApp to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Malice" means that NSO acted with intent to cause injury or that NSO's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

The purposes of punitive damages are to punish NSO and to deter similar acts in the future. Punitive damages may not be awarded to compensate WhatsApp.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

In considering the amount of any punitive damages, consider the degree of reprehensibility of NSO's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish NSO for harm to anyone other than WhatsApp.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on WhatsApp.

**Instruction No. 13**

**FAILURE TO PRODUCE RELEVANT DISCOVERY**

The Court has determined that NSO repeatedly failed to obey Court orders regarding discovery and did not produce relevant discovery to WhatsApp during the discovery phase of this case. Specifically:

- NSO did not produce the source code for its Pegasus software;
- NSO did not produce internal communications (including communications about its development of Pegasus and about NSO's interactions with its U.S. affiliate Westbridge);
- NSO refused to produce key financial information;
- NSO refused to answer certain deposition questions.

In considering NSO's case, you must presume that the facts that NSO did not disclose to WhatsApp were unfavorable to NSO.