# EXHIBIT E

# **DEFENDANTS' PROPOSED INSTRUCTIONS**

## Instruction No. 1

## **CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this lawsuit, Plaintiffs claimed that Defendants unlawfully accessed their computers in violation of the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act. Plaintiffs also claimed that Defendants breached a contract with WhatsApp, specifically WhatsApp's Terms of Service.

Before this trial began, I found that Defendants' conduct violated the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act by sending messages containing Pegasus code through WhatsApp servers located in California. I also found that Defendants' conduct violated WhatsApp's Terms of Service by decompiling and reverse-engineering WhatsApp's software.

Your task is to determine what, if any, damages these violations caused Plaintiffs. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendants.

Later, I will instruct you on the law governing your consideration of damages and what facts you may consider when deciding whether to award damages. Your award, if any, must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authorities:**   9th Cir. Civ. Jury Instr. (2017) Instr. No. 1.5 (Claims and Defenses) & Instr. No. 5.1 (Damages—Proof); Dkt. 494.

**Instruction No. 2**

**FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of witnesses who testified in the Hebrew language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Hebrew language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

**Authorities**: 9th Cir. Civ. Jury Instr. (2017) Instr. No. 2.8 (Foreign Language Testimony)

**Instruction No. 3**

**DAMAGES ON MULTIPLE LEGAL THEORIES**

As I instructed you previously, I have found that Defendants are liable under the Computer Fraud and Abuse Act, the California Comprehensive Computer Data Access and Fraud Act, and WhatsApp's Terms of Service.

Plaintiffs seek damages from Defendants for these violations under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants are liable to Plaintiffs for compensatory damages, meaning the amount of money that will reasonably and fairly compensate Plaintiffs for the harm, if any, caused by Defendants' conduct. Compensatory damages are recoverable only once for Defendants' violations of the Computer Fraud and Abuse Act, the California Comprehensive Computer Data Access and Fraud Act, and WhatsApp's Terms of Service.

You will also be asked to decide whether Defendants are liable to Plaintiffs for punitive damages, meaning damages to punish Defendants and to deter similar acts in the future. Punitive damages are recoverable only once and only under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages are not recoverable for Defendants' violation of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.


**Authorities**:   CACI No. 3934 (Damages on Multiple Legal Theories); CACI No. 3945 (Punitive Damages—Entity Defendant—Trial Not Bifurcated); 9th Cir. Civ. Jury Instr. (2017) Instr. 5.1 (Damages—Proof) & Instr. 5.5 (Punitive Damages); Cal. Code Civ. Proc. § 3294; 18 U.S.C. § 1030(g);

**Instruction No. 4**

**CFAA AND CDAFA DAMAGES**

I previously found that Defendants were liable under the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act by sending messages containing Pegasus code through WhatsApp servers located in California.

Under the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act, Plaintiffs may recover only for losses that they prove by a preponderance of the evidence were caused by Defendants' conduct.

Such losses are limited to costs caused by technological harm to computer data, programs, systems, or information servers, such as the cost of responding to an offense or conducting a damage assessment. Technological harms include harms such as the impairment to the integrity or availability of Plaintiffs' data, program, system, or information. Plaintiffs may not recover for losses unrelated to technological harms caused by Defendants' violations of the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act.

**Authorities**:  18 U.S.C. § 1030(e)(8), (e)(11), (g); Cal. Penal Code § 502(e)(1); *Van Buren v. United States*, 593 U.S. 374, 391-92 (2021); Jury Instructions, *RG Abrams Ins. v. The Law Office of C.R. Abrams*, No. 4:20-cv-01379 (C.D. Cal. Dec. 10, 2024), ECF No. 509 at 20; *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262-63 (9th Cir. 2019); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 950–51 (N.D. Cal. 2014); *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 487–88 (N.D. Cal. Apr. 30, 2021); *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020); *Better Holdco, Inc. v. Beeline Loans, Inc.*, 2021 WL 3173736, at *3 (S.D.N.Y. July 26, 2021); 9th Cir. Civ. Jury Instr. (2017) Instr. 5.1 (Damages—Proof); Dkt. 494.

**Instruction No. 5**

**BREACH OF CONTRACT DAMAGES**

As I instructed you previously, I have already found that Defendants breached WhatsApp's Terms of Service. Specifically, I found that Defendants breached WhatsApp's Terms of Service by decompiling or reverse-engineering WhatsApp's software.

Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for the harm caused by the breach. The purpose of such damages is to put Plaintiffs in as good a position as they would have been if Defendants had performed as promised.

Plaintiffs must prove that Defendants' breach was a substantial factor in causing Plaintiffs' damages. A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Plaintiffs must also prove that when the contract was made, both parties knew or could reasonably have foreseen that the damages were likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiffs must prove the amount of their damages according to the following instructions. Plaintiffs do not have to prove the exact amount of damages, but you must not speculate or guess in awarding damages.

**Authorities**:   CACI No. 350 (Introduction to Contract Damages), Instr. 303 (Breach of Contract—Essential Factual Elements); CACI No. Instr. 430 (Causation: Substantial Factor); 9th Cir. Civ. Jury Instr. (2017) Instr. 5.1 (Damages—Proof); Dkt. 494.

## Instruction No. 6

## MITIGATION OF DAMAGES

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Therefore, Plaintiffs are not entitled to recover damages for harm that Defendants prove Plaintiffs could have avoided with reasonable efforts. Defendants have the burden of proving by a preponderance of the evidence:

1. that Plaintiffs failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.


**Authorities**:  9th Cir. Civ. Jury Instr. (2017)  Instr. 5.3 (Damages—Mitigation);  CACI No. 358 (Mitigation of Damages)

## Instruction No. 7

## NOMINAL DAMAGES

If you decide that Plaintiffs were not harmed by Defendants' breach of WhatsApp's Terms of Service, you may still award them nominal damages of one dollar.

**Authorities**:   CACI No. 360 (Nominal Damages); 9th Cir. Civ. Jury Instr. (2017) Instr. 5.6 (Nominal Damages).

## Instruction No. 8

## PUNITIVE DAMAGES

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The conduct that I have found violated the California Comprehensive Computer Data Access and Fraud Act was Defendants' conduct of sending messages containing Pegasus code through WhatsApp servers located in California.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate Plaintiffs. Plaintiffs have the burden of proving that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if Plaintiffs prove by a preponderance of the evidence that Defendants' violation of California Comprehensive Computer Data Access and Fraud Act was willful. Plaintiffs must also prove by clear and convincing evidence that Defendants engaged in the conduct that harmed Plaintiffs with malice, oppression, or fraud.

To prove willfulness, Plaintiffs must prove by a preponderance of the evidence that Defendants acted with the purpose of accessing Plaintiffs' servers without Plaintiffs' permission.

To prove that Defendants engaged in the conduct that harmed Plaintiffs with malice, oppression, or fraud, Plaintiffs must prove one of the following by clear and convincing evidence:

That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants;

That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages even if you find that Defendants acted with malice, oppression, or fraud.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether Defendants disregarded the health or safety of others;

3. Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;

4. Whether Defendants' conduct involved a pattern or practice; and

5. Whether Defendants acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

(c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

Punitive damages may not be used to punish Defendants for the impact of their conduct on persons other than Plaintiffs. Punitive damages also may not be used to punish Defendants for acts committed outside of California.

**Authorities:**  9th Cir. Civ. Jury Instr. (2017) Instr. 5.5 (Punitive Damages); CACI No. 3945 (Punitive Damages—Entity Defendant—Trial Not Bifurcated); Cal. Penal Code § 503; Cal.

Code Civ. Proc. § 3294; *Local Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877936, at *7 (N.D. Cal. May 13, 2019); *Mintz v. Bartelstein*, No. 2:12-CV-02554-SVW-SS, 2012 WL 12865276, at *5 (C.D. Cal. Nov. 15, 2012); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-22 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346, 353-54 (2007); Cal. Penal Code § 7(b)(1); 18 U.S.C. § 1030(g); Dkt. 494.