JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Date:  April 10, 2025<br>Time:  2:00 p.m.<br>Place:  Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California<br><br>Action Filed: 10/29/2019 |

In accordance with the Court's Civil Pretrial Instructions, the parties jointly submitted (1) a set of agreed jury instructions, (2) Plaintiffs' proposals for any remaining jury instructions, and (3) Defendants' proposals for any remaining jury instructions. Defendants object to Plaintiffs' proposed instructions as contrary to established precedent, unnecessary, prejudicial, and inaccurate, among other reasons. The Court should therefore decline to give the instructions set forth below.[1]

**Objections to Plaintiffs' Disputed Instruction No. 1 (Claims and Defenses)**

Defendants object to this instruction because it suggests that the jury *must* award some amount of damages, which is not correct. The jury *may* but is not *required* to award damages, and the jury could properly conclude that Plaintiffs have not met their burden of proof as to any damages. The Ninth Circuit's Model Instructions recognize this fact by providing that "[i]t is for you to determine what damages, *if any*, have been proved." Ninth Circuit's Model Civil Jury Instruction 5.1 (Damages—Proof) (emphasis added). By omitting that language, Plaintiffs' proposed instruction improperly reduces their burden of proof.

The court in *Diaz v. Tesla, Inc.* did not give the instruction proposed by Plaintiffs. The jury instructions Plaintiffs cite were *preliminary* instructions to which the parties objected, not *final* instructions given by the court. The final instructions are available at *Diaz v. Tesla, Inc.*, No. 3:17-cv-06748-WHO (N.D. Cal. Mar. 31, 2023), Dkt. No. 456 at 3. The final instruction in *Diaz* properly instructed the jury that the plaintiff was "entitled to recover from Tesla *any* past or future noneconomic damages and any punitive damages that you *may* find based on the evidence at trial." *Id.* (emphasis added). That instruction correctly reflected the fact that the jury *may*—but is not required to—award damages.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 1, which correctly describes the jury's role in this trial.

**Objections to Plaintiffs' Disputed Instruction No. 2 (Breach of Contract – Introduction)**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

---

[1] Defendants provided their objections to Plaintiffs on March 10, 2025. Plaintiffs later revised their proposed instructions in response and provided them to Defendants on March 13. Defendants have made some minor edits to these objections to account for Plaintiffs' revisions, but the objections are substantially the same as were provided to Plaintiffs on March 10.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court found for Plaintiffs on their breach of contract claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction mischaracterizes this Court's summary judgment order. Contrary to the proposed instruction, this Court did *not* find that Defendants breached WhatsApp's Terms of Service by "sending harmful code through WhatsApp," "collecting WhatsApp users' information," "accessing or attempting to access WhatsApp without authorization," or "using WhatsApp for illegal purposes." The Court described Plaintiffs as *claiming* that Defendants breached the Terms of Service in those ways, but it *found* only that Defendants breached the Terms of Service by "reverse-engineer[ing] and/or decompil[ing] the WhatsApp software." (Dkt. 494 at 13-15.) To the extent the Court instructs the jury as to the basis of its summary judgment ruling on breach of contract, the Court should inform the jury only that it found breach based on Defendants' alleged reverse-engineering and/or decompiling of the WhatsApp software.

*Third*, contrary to the proposed instruction, the Court did not hold that "NSO should pay damages" for harm to Defendants. The "damages" element of a breach of contract claim refers to *harm*, not necessarily to "actual damage." *E.g.*, *Landon v. TSC Acquisition Corp.*, 2024 WL 5317240, at *10 (C.D. Cal. Nov. 1, 2024); *In re Google Referrer Header Privacy Litig.*, 465 F. Supp. 3d 999, 1010-11 (N.D. Cal. 2020); *Sweet v. Johnson*, 169 Cal. App. 2d 630, 632 (1959). Accordingly, this Court's summary judgment ruling did not necessarily establish that Plaintiffs are entitled to an *award of damages* from the jury. The jury remains able to find, for example, that some or all of Plaintiffs' claimed damages were not caused by the breach, that some or all of Plaintiffs' claimed damages were not foreseeable at the time of contracting, or that Plaintiffs did not adequately mitigate their claimed damages.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction Nos. 5 through 7, which correctly describe Plaintiffs' breach claim, this Court's summary judgment decision, and the jury's responsibilities under the governing law.

**Objections to Plaintiffs' Disputed Instruction No. 3 (Computer Fraud and Abuse Act)**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction mischaracterizes this Court's summary judgment order. The Court did not make the supposed findings regarding the "WhatsApp Installation Server" or "WIS" described in the proposed instruction in connection with its decision on Plaintiffs' CFAA claim. (It is also factually incorrect that the WIS is a "modified version of the WhatsApp application." As Defendants' witnesses testified, the WIS is an emulated Android environment that allows Pegasus users to send WhatsApp messages through the official WhatsApp client.) In resolving Plaintiffs' CFAA claim, the Court found that "the WIS sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices, and that the WIS was then able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS." (Dkt. 494 at 12-13.) To the extent the Court instructs the jury as to the basis of its summary judgment ruling on Plaintiffs' CFAA claim, it need not provide any additional information. In fact, the Court need not even mention the WIS, which is a technical detail that the jury does not need to determine damages and which could only serve to confuse the jury. It would fully suffice to inform the jury that the Court determined that Defendants violated the CFAA by sending Pegasus code over WhatsApp servers.

The court in *Diaz v. Tesla, Inc.* did not give the instruction proposed by Plaintiffs. The jury instructions Plaintiffs cite were *preliminary* instructions to which the parties objected, not *final* instructions given by the court. The final instructions are available at *Diaz v. Tesla, Inc.*, No. 3:17-cv-06748-WHO (N.D. Cal. Mar. 31, 2023), Dkt. No. 456.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which correctly describes Plaintiffs' CFAA claim and this Court's summary

3

judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 4 (Obtaining Information by Computer – Section 1030(a)(2))**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims or the distinct statutory bases of their CFAA claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements and/or statutory bases of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction misstates this Court's summary judgment order. Most notably, the Court did not find that Defendants "obtain[ed] or alter[ed] information *on the WhatsApp servers*" or "obtained information *from the* WhatsApp servers." Rather, the Court found only that Defendants obtained information from *target devices* "by having it sent … *through* the WhatsApp servers." Dkt. 494 at 13 (emphasis added); *see id.* at 12 ("it also obtains information about the target users' devices *via* the WhatsApp servers" (emphasis added)). It is undisputed that Pegasus did *not* obtain or alter any information stored on WhatsApp servers. (Robinson Tr. at 249:7-250:10; Georghe Tr. at 183:7-184:7, 250:22-251:24.)

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which correctly describes Plaintiffs' CFAA claim and this Court's summary judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 5 (Accessing a Protected Computer with an Intent to Defraud – Section 1030(a)(4))**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate, and it misstates the governing law.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims or the distinct statutory bases of their CFAA claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court

4

found for Plaintiffs on their CFAA claim. Providing additional details as to the elements and/or statutory bases of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction misstates this Court's summary judgment order. The Court did not find that Defendants "obtain[ed] or alter[ed] information *on the WhatsApp servers*." Rather, the Court found only that Defendants obtained information on *target devices* "by having it sent … *through* the WhatsApp servers." Dkt. 494 at 13 (emphasis added); *see id.* at 12 ("it also obtains information about the target users' devices *via* the WhatsApp servers" (emphasis added)). It is undisputed that Pegasus did not obtain or alter any information stored on WhatsApp servers. (Robinson Tr. at 249:7-250:10; Georghe Tr. at 183:7-184:7, 250:22-251:24.)

In addition, this Court did not find that NSO "acted with an 'intent to defraud'" in the meaning of an "intent to deprive a victim of money or property by deception." The court found that "defendants redesigned Pegasus to evade detection," which could reflect a finding of deception, but the Court made no finding that NSO did so with the intent to deprive anyone of money or property. (Dkt. 494 at 12.)

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which correctly describes Plaintiffs' CFAA claim and this Court's summary judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 6 (Conspiring to Violate the Computer Fraud and Abuse Act)**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims or the distinct statutory bases of their CFAA claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements and/or statutory bases of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the Court's summary judgment decision did not make any factual findings as to

5

conspiracy. It stated in passing that it believed Defendants conspired with their customers. (Dkt. 494 at 11-13 ("Defendants also argue that any 'obtaining' was done by their government clients, rather than by defendants, but that's a separate argument – and in the court's view, fully addressed by section (b) which assigns liability to co-conspirators.").) But it did not discuss any of the elements of a conspiracy claim or any of the relevant facts, and it did not find that there was no dispute of material fact as to conspiracy. There is no reason to instruct the jury as to conspiracy at all, and certainly no reason to inform the jury that the Court made findings that do not appear in its summary judgment decision.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which correctly describes Plaintiffs' CFAA claim and this Court's summary judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 7 (Comprehensive Computer Data and Access Fraud Act)**

Defendants object to this instruction because it is unnecessary and prejudicial. It is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. Because the court has already addressed those elements, and they are not for the jury to decide, the jury need only be instructed *that* the Court found for Plaintiffs on their CDAFA claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which correctly describes Plaintiffs' CDAFA claim and this Court's summary judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 8 (Damages Overview - Proof)**

Defendants object to this instruction because it unnecessarily departs from the model instruction and misstates the law.

*First*, the proposed instruction suggests that the jury *must* award some amount of damages, which is not correct. The jury *may* but is not *required* to award damages, and the jury could properly conclude that Plaintiffs have not adequately proven any damages. The Ninth Circuit's

Model Instructions recognize this fact by providing that "[i]t is for you to determine what damages, *if any*, have been proved." Ninth Circuit's Model Civil Jury Instruction 5.1 (Damages—Proof) (emphasis added). The proposed instruction erroneously omits that language.

*Second*, it is misleading to inform the jury that they should award damages based on a "preponderance of the evidence" standard. Plaintiffs seek both compensatory and punitive damages. While Plaintiffs must prove compensatory damages only by a preponderance of the evidence, they must prove punitive damages by the higher "clear and convincing evidence" standard. The proposed instruction does not state that the preponderance evidence standard applies only to compensatory damages or that Plaintiffs must prove punitive damages by clear and convincing evidence. The proposed instruction does not, in fact, mention the clear and convincing evidence standard at all. This will have the effect of misleading the jury into believing Plaintiffs have a lower burden of proof on punitive damages than they actually do.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction Nos. 3 through 8, which better track the model instruction and accurately state the governing law.

**Objections to Plaintiffs' Disputed Instruction No. 9 (Compensatory Damages – Breach of Contract)**

Defendants object to this instruction because it is incomplete. It does not instruct the jury on, among other things, causation or foreseeability. *See, e.g.*, CACI Nos. 303, 430. The jury could properly find that Defendants did not cause some or all Plaintiffs' claimed damages or that some or all of Plaintiffs' claimed damages were not foreseeable to the parties at the time of contracting. The jury thus must be instructed as to those elements of Plaintiffs' burden.

The proposed instruction also omits relevant language from Ninth Circuit Model Instruction 5.1 (Damages—Proof).

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction Nos. 5 through 7, which better track the model instructions and accurately state the governing law.

1    **Objections to Plaintiffs' Disputed Instruction No. 10 (Compensatory Damages – Computer**
2    **Fraud and Abuse Act)**

3    Defendants object to this instruction because it is incomplete and inconsistent with the law
4    and evidence.

5    *First*, the proposed instruction states that "damages may *include*" the categories of "loss"
6    defined by CFAA, but that definition "*specif[ies]* what a plaintiff in a civil suit can recover." *Van*
7    *Buren v. United States*, 593 U.S. 374, 391 (2021).[2] Plaintiffs thus may recover *only* what the CFAA
8    defines as "loss," not a broader set of damages that merely *includes* what the CFAA defines as
9    "loss." *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262-63 (9th Cir. 2019) (holding a
10   plaintiff's "theory of loss must conform to the limited parameters of the CFAA's definition"). The
11   trial in *Telesocial Inc. v. Orange S.A.*, No. 14-cv-03985-JD (N.D. Cal.), occurred years before the
12   Supreme Court's decision in *Van Buren* and the Ninth Circuit's decision in *Andrews* and thus
13   cannot be used as authority for the law after those decisions.

14   *Second*, the proposed instruction does not reflect the Supreme Court's holding that CFAA's
15   definition of "loss" is limited to "costs caused by harm to computer data, programs, systems, or
16   information servers" and thus "focus[es] on technological harms—such as the corruption of files."
17   *Van Buren*, 593 U.S. at 391-92. As a result, the proposed instruction would erroneously permit the
18   jury to award damages for costs that are not related to technological harms or damage to computers.
19   *E.g.*, *Sylabs, Inc. v. Rose*, 2024 WL 4312719, at *2-3 (N.D. Cal. Sept. 26, 2024); *Better Holdco,*
20   *Inc. v. Beeline Loans, Inc.*, 2021 WL 3173736, at *3 (S.D.N.Y. July 26, 2021); *Lukasian*
21   *House,LLC v. Ample Int'l, Inc.*, 2012 WL 13009130, at *3 (C.D. Cal. Apr. 20, 2012); *AtPac, Inc.*
22   *v. Aptitude Sols., Inc.*, 730 F. Supp. 2d 1174, 1184-85 (E.D. Cal. 2010); *El Omari v. Buchanan*,
23   2021 WL 5889341, at *14 (S.D.N.Y. Dec. 10, 2021); *CCC Info. Servs., Inc. v. Tractable, Inc.*, 2023
24   WL 415541, at *3 (N.D. Ill. Jan. 25, 2023).

25   *Third*, the proposed instruction would permit the jury to award "costs of restoring the data,
26   program, system, or information to its prior condition," but Plaintiffs do not claim to have incurred

---

[2] The CFAA also permits the recovery of "damage," but Plaintiffs do not claim to have suffered any "damage" as the CFAA defines that term. *See* 18 U.S.C. § 1030(8).

any such costs, and there is no evidence of any such costs.  It is undisputed that Plaintiffs' remediation involved correcting a *preexisting* vulnerability in WhatsApp's system that Defendants did not create.  Accordingly, Plaintiffs were creating *new* code to *improve* WhatsApp, not "restoring [it] to its prior condition" or repairing a vulnerability created by Defendants.  (*E.g.*, Robinson Tr. at 200:25-201:10.)

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which accurately states the governing law and is consistent with the evidence.

**Objections to Plaintiffs' Disputed Instruction No. 11 (Compensatory Damages - California Comprehensive Computer Data Access and Fraud Act)**

Defendants object to this instruction because it is incomplete and inconsistent with the law.  Just like the CFAA, the CDAFA limits Plaintiffs' recovery to "damage" and "loss."  Cal. Penal Code § 502(e)(1).  Those terms carry the same meaning in the CDAFA as in the CFAA.  *E.g.*, *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 487-88 (N.D. Cal. 2021); *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 950–51 (N.D. Cal. 2014).  Accordingly, Plaintiffs may not recover more broadly under the CDAFA than under the CFAA, but the proposed instruction erroneously suggests otherwise.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which accurately states the governing law and is consistent with the evidence.

**Objections to Plaintiffs' Disputed Instruction No. 12 (Punitive Damages)**

Defendants object to this instruction because it misstates the model instructions and the governing law.

*First,* punitive damages are available under CDAFA only if the CDAFA violation is "willful" *and* if the plaintiff proves "by clear and convincing evidence that a defendant has been guilty of oppression, fraud, or malice."  Cal. Penal Code § 502(e)(4); *see Local Ventures & Invs., LLC v. Open Found.*, 2019 WL 7877936, at *7 (N.D. Cal. May 13, 2019); *Mintz v. Bartelstein*, 2012 WL 12865276, at *5 (C.D. Cal. Nov. 15, 2012); *Instant Infosystems, Inc. v. Open Text, Inc.*, 2021 WL 1540615, at *16 (Cal. Ct. App. 2021); *CCDB Partners v. DKS Sys., LLC*, 2019 WL 13218559, at *5 (D. Minn. Dec. 12, 2019).  The proposed instruction omits the "willful"

9

1  requirement, improperly reducing Plaintiffs' burden of proof.

2  *Second*, "under California law, a company simply cannot commit willful and malicious conduct—only an individual can." *PQ Labs, Inc. v. Yang Qi*, 2014 WL 4954161, at *11 n.9 (N.D. Cal. Sept. 30, 2014) (cleaned up). Accordingly, punitive damages may be awarded against an entity defendant only if the entity "authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). CACI No. 3945 reflects this requirement, but the proposed instruction erroneously omits it.

*Third*, the proposed instruction erroneously omits the factors that CACI No. 3945 provides a jury should consider when deciding whether to award punitive damages.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 8, which better tracks the model instructions and accurately states the governing law.

**Objections to Plaintiffs' Disputed Instruction No. 13 (Failure to Produce Relevant Discovery)**

Defendants object to this instruction because the Court's sanctions decision did not award instructional sanctions or an adverse inference with respect to damages. None of the evidence that Plaintiffs claim Defendants failed to produce has any relevance to whether Plaintiffs suffered damages or in what amount, so no failure to produce that evidence could support any negative findings or adverse inference against Defendants with respect to damages. Indeed, Plaintiffs do not even identify any supposed facts that Defendants did not disclose that theoretically could support Plaintiffs' theories of damage. Plaintiffs are not entitled to have the jury invent whatever facts Plaintiffs decide they happen to need at any given point in time. Plaintiffs' claims of discovery misconduct were fully addressed by the Court's summary judgment and sanctions decision, and they do not justify any additional sanction at a damages trial. Courts routinely hold that juries should not be informed of prior discovery sanctions against a party. *E.g.*, *Pellegrini v. Gooder*, 2012 WL 12893745, at *1 (C.D. Cal. Dec. 6, 2012); *United States v. Cameron-Ehlen Grp., Inc.*,

2023 WL 36174, at *8 (D. Minn. Jan. 4, 2023); *Emuveyan v. Ewing*, 2022 WL 464306, at *3 (D. Utah Feb. 15, 2022); *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 921 (2001).

In addition, Defendants did not violate any court order requiring them to produce internal communications or financial information or to answer any deposition questions at issue, so any failure to provide that evidence cannot support sanctions as a matter of law. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367-68 (9th Cir. 1992); *Nida v. Allcom*, 2020 WL 2405251, at *6 (C.D. Cal. Mar. 11, 2020).

For these reasons, the Court should not give the requested instruction.

## CONCLUSION

The Court should sustain NSO's objections and decline to give Plaintiffs' proposed instructions.

Dated: March 13, 2025               KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG

*Attorneys for Defendants*