JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") submit this Administrative Motion to File Under Seal certain portions of and exhibits supporting Defendants' Tril Brief and Defendants' Motions in Limine. Specifically, Defendants seek to seal (1) certain indicated (yellow highlighting) portions of Defendants' Trial Brief; (2) certain indicated (yellow highlighting) portions of Defendants' Motions in Limine; (3) Paragraph 16 and Exhibits J and M to the Declaration of Joseph N. Akrotirianakis in Support of Defendants' Trial Brief and Defendants' Motions in Limine ("Akrotirianakis Declaration"); and (4) certain indicated portions (yellow highlighting) of the Declaration of Aaron S. Craig filed concurrently with the Trial Brief and Motions in Limine ("Craig Declaration") (collectively, the "Sealed Documents").

The Administrative Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Criag Declaration.

**I.  LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Parties seeking to seal materials related to the trial brief and the motions *in limine* must articulate "compelling reasons" to seal those materials. *Baird v. Blackrock Institutional Trust Company, N.A.*, No. 17-cv-01892-HSG, 2021 WL 4820247 at *2 (N.D. Cal. Sept. 29, 2021); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022).

Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).  "Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets . . . or as sources of business information that might harm a litigant's competitive standing." *Id.*; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm

1

1    and security concerns can qualify as compelling reasons."); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology, *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013), and information regarding "long-term financial projections, discussions of business strategy, and competitive analyses," *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011); *see also In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.").

Courts have also found "compelling reasons to seal . . . source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).  Further, "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015); *FTC v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

Courts have also found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer

activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").

Lastly, Courts have found compelling reasons to seal non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 217CV3010JCMGWF, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).

## II.   LEGAL ANALYSIS

As explained below, compelling reasons exist to seal the Sealed Documents.

First, certain of the Sealed Documents contain highly sensitive, non-public information the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  For additional argument, NSO respectfully refers the Court to Paragraph 12 of the Craig Declaration.

Second, many of the Sealed Documents also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put Defendants at a competitive disadvantage, which warrants sealing. Courts have routinely held that confidential business information satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal records that implicate "confidential business information" subject to confidentiality agreements); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).  This includes technological information. *See Transperfect Global*, 2013 WL 706975, at *1.  The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors.   NSO's government customers would also be prejudiced by disclosure of

such information.  Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

***The Craig Declaration Supporting This Motion***.  As the Craig Declaration itself makes clear, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.  *See* Craig Decl. ¶¶ 2-10, 12.

***Portions of Defendants' Trial Brief and Defendants' Motions in Limine.***  Defendants have indicated certain portions of their Trial Brief and Motions in Limine that there are compelling reasons to seal.  Defendants' Trial Brief and Motions in Limine contain references to information that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-10, 12 of the Craig Declaration. This Court has previously sealed similar materials. The document also discusses highly confidential information about Defendants' technologies and contains information concerning Defendants' customers, which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

***Paragraph 16 and Exhibits J and M to the Akrotirianakis Declaration***. Exhibits J and M to the Akrotirianakis Declaration contain information regarding the licensing of Pegasus that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-10, 12 of the Craig Declaration. These materials contain highly confidential information regarding Defendants' contracts with government customers that independently warrants sealing. *E.g., Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

Exhibits C through G, K, and L to the Akrotirianakis Declaration, and certain indicated (green highlighting) portions of Defendants' Trial Brief and Motions in Limine constitute or discuss information that Plaintiffs have designated as "Highly Confidential - Attorney's Eyes Only." Defendants reserve the right to oppose any statement by Plaintiffs in accordance with Civil Local Rule 79-5(f)(4).

/ /

/ /

## III. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Dated: March 13, 2025                    KING & SPALDING LLP

                                         By: /s/Aaron S. Craig
                                             JOSEPH N. AKROTIRIANAKIS
                                             AARON S. CRAIG

                                         *Attorneys for Defendants*