```
1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     jakro@kslaw.com
2  AARON S. CRAIG (Bar No. 204741)
     acraig@kslaw.com
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF (1) DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; AND (2) ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

CRAIG DECL.                                                                                           Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' two Administrative Motion to Seal filed concurrently herewith. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▮▮▮▮▮▮▮▮▮▮ on Plaintiffs' RFPs. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties then engaged in substantive discovery, which involved the exchange of numerous highly confidential documents. In September and October of 2024, the parties filed their respective dispositive motions (Dkt. Nos. 396, 399, 413, 418, 419, 433, 436, 446) and Plaintiffs filed a motion for sanctions (Dkt. Nos. 405, 417, 429, 443, 454).

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) submitted in connection with Defendants' Trial Brief and Motions in Limine. Sealing of certain of the Sealed Documents is necessary to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As is evidenced by the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The Sealed Documents are enumerated in paragraph 11, below.

Case 4:19-cv-07123-PJH   Document 598   Filed 03/13/25   Page 3 of 9

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  The Sealed
2  Documents contain highly sensitive, traditionally nonpublic ▇▇▇▇ information that ▇▇
3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ militates in favor of
6  this Court's sealing documents that contain references to information that ▇▇▇▇▇▇
7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  In addition, the Sealed Materials also
9  reveal confidential and commercially sensitive technical and other information, the public
10 disclosure of which could harm NSO competitively and sensitive identifying information,
11 including computer code, IP addresses, and phone numbers.
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13     4.    On July 19, 2020, the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  (August 3,
16 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.)  The request was
17 presented by ▇▇▇▇▇▇▇▇▇▇▇▇ in his capacity as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
19 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  The ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  The request prohibited Defendants from ▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

─────────────

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
[3] The Office of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

CRAIG DECL.                           2                        Case No. 4:19-cv-07123-PJH

1  ██████████████████████████████████████
2  ██████████████████████████████████████
3  ██████████████████████████████████████
4  ██████████████████████████████████████
5  ██████████████████████████████████████
6  ████████████████████████████ (Gelfand Decl. (Dkt. 133-6)
7  Exh. B at 1-2.)
8      5.   On July 19, 2020, ██████████████████
9  ██████████████████████████ (Gelfand Decl. (Dkt. 133-6), Exh.
10 D.) ████████ determined the ████████ was ████████████
11 ████████████████████ to ███ (*Id.* at 1.) ████████████ prohibits
12 ██████████████████████████████████ that is not an
13 ████████████████ with regard to any ████████████ that are
14 ██████████████████████████████████████
15 ██████████████████████████ (*Id.*) ████ authorized
16 the ████████ to ██████████████████████████████
17 ██████████████████████████████████████
18 ██████████████████████████████████████
19 ████████████████████████████ (*Id.* at 1-2.) The order
20 also authorized ██████████████████ of ████████████
21 ████████████████ and ██████████████████████
22 ████████████████████████████ (*Id.* at 3.)
23     6.   On July 19, 2020, ██████████████ delivered a ████
24 ████████████████████ in ███ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ████
25 notified Defendants about the ████████ and explained that ████████
26 ██████████████████████████████████████
27 ██████████████████████████ (*Id.* ¶ 3.) ████████
28 ████████████ that they are ██████████████████████

CRAIG DECL.                          3                    Case No. 4:19-cv-07123-PJH



1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by ▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ including a prohibition on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮ (*Id.* ¶ 2.)

5      7.   On February 8, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Gelfand Decl. (Dkt. 133-6)

8  Exh. D.) The purpose for this update, according to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11     8.   On May 21, 2023, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮ As soon as NSO r▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮ it filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ▮▮▮▮▮▮▮

16 is described in paragraph 10 below. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order ¶ 3), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order

20 ¶ 4), and ▮▮▮▮▮▮▮▮▮▮ may not be ▮▮▮▮▮ to any ▮▮▮▮▮▮▮ except in ▮▮▮▮▮▮▮

21 pursuant to a ▮▮▮▮▮▮▮▮▮ that will ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, Order ¶ 5), provided that they are ▮▮▮▮▮▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, ▮▮▮▮▮▮▮▮ ¶ 3). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 195-4, ▮▮▮▮▮▮▮▮ ¶ 6).

25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26     9.   The information that Defendants seek to keep under seal regarding the ▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At the time Defendants first received

28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1   ▓▓▓ (Gelfand Decl. (Dkt. 133-6)
2   Exh. F ¶¶ 4-6.)  Through their counsel in ▓▓ Defendants ▓▓▓
3   ▓▓▓ Defendants ▓▓▓
4   ▓▓▓ to allow
5   disclosure of ▓▓▓ to this Court and to Plaintiffs' counsel.  In seeking the ▓▓
6   Defendants ▓▓▓
7   ▓▓▓
8   ▓▓▓ authorizing Defendants to ▓▓▓
9   ▓▓▓
10  ▓▓▓

11      10.    The ▓▓▓ (Dkt. 195-3) ▓▓▓
12  ▓▓▓
13  ▓▓ (Dkt. 195-3, ¶ 2.) The ▓▓▓
14  ▓▓▓
15  ▓▓▓
16  ▓▓▓ (Dkt. 195-3, ¶ 2(1)-(6).)
17  However, the ▓▓▓
18  ▓▓▓
19  ▓▓▓
20  ▓▓▓
21  (Dkt. 195-3 ¶ 4 (a)-(b)).  As relevant here, ▓▓▓
22  ▓▓▓
23  ▓▓▓
24  ▓▓▓

25      11.    In support of Defendants' Trial Brief and Defendants' Motions in Limine,
26  Defendants seek to file under seal the indicated portions of (1) this Declaration; (2) Defendants'
27  Trial Brief; (3) Defendants' Motions in Limine; (4) Paragraph 16 and Exhibits J and M to the
28



1  Declaration of Joseph N. Akrotirianakis in Support of the Trial Brief and Motions in Limine
2  (collectively, the "Sealed Documents").
3       12.   Compelling reasons exist to seal the Sealed Materials, which reference ███
4  ████████████████████████████████████████████████████████████████████████
5  ███████████████████ which is entitled to deference. ████████████████████████
6  ████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████
12 ████
13      a.   *First*, the Sealed Documents, including Defendants' motion *in limine* no.7, relate
14 to ██████████████████████████████████████████████████████████████████████
15 ████████████████████  As such, the Sealed Documents contain traditionally nonpublic
16 government information for which there is no constitutional right of access. *See*, *e.g.*, *N.Y. Times*
17 *Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no
18 constitutional right of access to traditionally nonpublic government information.") The fact that
19 the documents were issued by █████████████████████████████████████████████
20 ██████████████████████████████████████████████████████ "alone counsels in
21 favor of finding that there is no presumptive public right of access" to these documents. *Omari v.*
22 *Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017)
23 (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because
24 it contained "highly sensitive, traditionally nonpublic government information, in this case of a
25 foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5
26 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained
27 "traditionally nonpublic information" because the documents involved senior foreign officials,
28

1 | were designated as sensitive at the time of creation, and detailed information about the nation's
2 | response to certain investigations).
3 |     b.    *Second*, ███████████████████████████████████
4 | ███████████████████████████████████████████████████████████████████████
5 | ███████████████████████████████████████████████████████████████████████
6 | ███████████████████████████████████████████████████████████████████████
7 | ███████████████████████████████████████████████████████████████████████
8 | ███████████████████████████████████████████████████████████████████████
9 | ████████████████████████████ *Societe Nationale Industrielle Aerospatiale v. U.S.*
10 | *Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ████████████████████████████
11 | ███████████████████████████████████████ *United States v. Sater*, 2019 WL
12 | 3288289, at *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the
13 | documents sought to be sealed ████████████████████████████████████████
14 | ███████████████████████████████████████████████████████████████████████
15 | ███████████████████████████████████████████████████████████████████████
16 | ███████████████████████████████████████████████████████████████████████
17 | ███████████████████████████████████████████████████████████████████████
18 | ███████████████████████████████████████████████████████████████████████
19 | ███████████████████████████████████████████████████████████████████████
20 | ██████████████████████████ Because ███████████████████████████████████
21 | █████████████████████████████████████████████████████████████
22 |     c.    *Third*, because ████████████████████████████████
23 | ███████████ public disclosure of the Sealed Documents could ████████████████
24 | ███████████████████████████████████████████████████████████████████████
25 | ███████████████████████████████████████████████████████████████████████
26 | ███████████████████████████████████████████████████████████████████████
27 | █████████████████████████████████████████████████████
28 |

1  13. Accordingly, compelling reasons exist to seal the Sealed Documents, and Defendants respectfully request that the Court grant the accompanying Motion to File Under Seal and order the Sealed Documents be kept under seal.

14. Attached hereto as **Exhibit 1** is a true and correct copy of the unredacted version of Defendants' Trial Brief.

15. Attached hereto as **Exhibit 2** is a true and correct copy of the unredacted version of Defendants' Motions in Limine.

16. Attached hereto as **Exhibit 3** is true and correct copy of the unredacted declaration of Joseph Akrotirianakis in Support of Defendants' Trial Brief and Defendants' Motions in Limine, and the exhibits thereto, including paragraph 16 and Exhibits J and M for which sealing is sought by Defendants' Administrative Motion to File Under Seal, and Exhibits C-G, K and L for which sealing is sought by Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

17. The Declarant has carefully sought sealing of only those parts of this Declaration and the exhibits thereto as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 13th day of March 2025, at Los Angeles, California.

*/s/ Aaron S. Craig*
AARON S. CRAIG