# EXHIBIT N

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED'S THIRD SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and Civil Local Rule 36 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs") hereby respond and object as follows to the Third Set of Requests for Admission of Defendant NSO Group Technologies Limited ("NSO") dated September 27, 2023, (each a "Request," and collectively, the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

The General Responses and Objections set forth below apply to the Requests generally and to each Definition and Request included in the Requests and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Definition and Request. Repetition of, or reference to, a General Response and Objection in a specific response is for emphasis only. Any undertaking to search for, or provide information in response to, any of the Requests remains subject to the General Responses and Objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Plaintiffs from raising that objection at a later time.

1. The following responses and objections (the "Responses") are based on Plaintiffs' present knowledge, information, and belief. Plaintiffs reserve their rights (i) to revise, correct, supplement, or clarify the content of the Responses in accordance with the applicable rules, (ii) to provide additional responsive information in the future, and (iii) to object to further discovery in this matter.

2. Plaintiffs' Responses shall not be deemed an admission as to any fact in dispute or a waiver of any rights or defenses that Plaintiffs have or may assert with respect to any claim. Plaintiffs' Responses shall not be deemed an admission as to sufficiency or insufficiency of any prior Response. Plaintiffs reserve the right to amend their Responses and to raise any additional objections they may have in the future. Plaintiffs' Responses are submitted without prejudice to its rights to produce evidence of any subsequently discovered fact. By responding to a particular Request, Plaintiffs do not accept, adopt or concede the truth or validity of any characterization

made in that Request. By serving these Responses, Plaintiffs do not concede the validity of the Requests and reserves all of its rights, including the right to seek a protective order.

3. Plaintiffs object to each Request that seeks information protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. Plaintiffs do not intend to provide privileged or protected information. Nothing in Plaintiffs' Responses is intended to be or is a waiver of any of these protections, and Plaintiffs reserve the right to retrieve and to prevent the uses of any privileged or protected information inadvertently provided. Moreover, pursuant to § 13 of the Stipulated Protective Order (ECF No. 132), any inadvertent production of privileged or protected information shall not constitute a waiver of the applicable privilege or protection concerning the subject matter of the inadvertently produced information. Plaintiffs expressly reserve the right to seek the return of such documents and information or to object to the use or introduction of such documents or information.

4. Plaintiffs object to the Requests on the ground that they seek confidential, nonpublic, or proprietary information or information of a personal nature, or information that is highly confidential, proprietary, or otherwise commercially sensitive information or trade secrets. Plaintiffs will designate such information as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consistent with § 5.2 of the Stipulated Protective Order (ECF No. 132).

5. Plaintiffs object to the Requests, including the instructions and definitions contained therein, to the extent they are vague, ambiguous, use undefined terms, or otherwise fail to specify with sufficient particularity the nature of the information sought.

6. Plaintiffs object to the Requests to the extent they are unreasonably cumulative and/or duplicative of each other, or seek information irrelevant to the issues being litigated in this case and are not reasonably calculated to lead to the discovery of admissible evidence, or to the extent that they exceed the scope of the obligations mandated by the Federal Rules of Civil Procedure, the Local Rules, the Court's rules, or any applicable order entered by the Court, and to the extent they are inconsistent with any deadline set forth by any applicable order entered by the Court. By providing responses to the Requests, Plaintiffs do not concede that any information contained herein is relevant, material, discoverable, or admissible into evidence.

7. Plaintiffs object to the Requests to the extent that they are so voluminous that they are not proportional to the needs of the case, and because responding to the Requests is unduly burdensome for Plaintiffs.

8. Plaintiffs object to any inference that can be drawn from any portion of the Requests that the information and events referenced in the requests actually exists or occurred. The failure to object to each such inference in no way constitutes an admission by Plaintiffs that such information exists or that such events actually occurred.

9. Plaintiffs object to the Requests, including the instructions and definitions contained therein, to the extent they assume factual or legal conclusions.

10. Plaintiffs object to the Requests to the extent that they seek information that is already available to NSO.

11. Plaintiffs object to the Requests to the extent that they seek information that is not related to Plaintiffs' claims. As such, the Requests are overbroad in that they do not seek relevant information or information that is likely to lead to the discovery of relevant information.

12. Plaintiffs object to the Requests, to the extent they seek information that, if in existence, is not within Plaintiffs' possession, custody, or control, or is not reasonably accessible to Plaintiffs, including to the extent information is known by individuals who are represented by counsel.

13. Plaintiffs object to the instructions and definitions accompanying the Requests to the extent that such instructions and definitions purport to impose obligations on Plaintiffs beyond those imposed by Federal Rules of Civil Procedure 26 and 36, Local Rules, and any other applicable rules, laws or Court orders.

14. Plaintiffs object to the use of any information produced in response to the Requests for any matter other than this litigation.

15. Plaintiffs object to the Requests to the extent that they seek admissions stating the contents of, or paraphrasing, documents that speak for themselves.

16. Plaintiffs deny every Request, and every portion of every Request, that is not specifically admitted.

**OBJECTIONS TO DEFINITIONS**

1. Plaintiffs object to the Requests' definition of "Meta" as overly broad and unduly burdensome. In responding to the Requests, Plaintiffs will construe the Requests as only seeking information in the possession, custody, or control of WhatsApp LLC and Meta Platforms, Inc.

2. Plaintiffs object to the Requests' definition of "Plaintiffs" as overly broad and unduly burdensome. In responding to the Requests, Plaintiffs will construe the Requests as only seeking information in the possession, custody, or control of WhatsApp LLC and Meta Platforms, Inc.

3. Plaintiffs object to the definition of "Security Vulnerability," and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome and to the extent it purports to expand the definition beyond the general understanding of that term. Plaintiffs also object to the use of the term "Security Vulnerability" or "vulnerability" with respect to Plaintiffs' applications to the extent the use of those terms calls for, or purports to incorporate, any legal conclusions, including without limitation as to Defendants' authorization to access Plaintiff's systems, servers, or applications. Plaintiffs' use of that term and their responses and objections to Defendants' requests using that term are not intended to have and shall not be construed as having any bearing on whether or not Plaintiffs had authorization to access to the affected portions of Plaintiffs' platforms.

4. Plaintiffs object to the definitions in the Requests insofar as they purport to apply definitions to terms that are inconsistent with the common understanding of those terms.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

Plaintiffs incorporate their General Responses and Objections and, where applicable, its Objections to Definitions in response to each of the Requests set forth below. To the extent that specific objections are set forth in responding to a Request, those specific objections are set forth because they are believed to be particularly appropriate to the specific Request and are not to be construed as a waiver or limitation of any General Response and Objection or Objection to Definition applicable to the Request.

**REQUEST FOR ADMISSION NO. 176:**

Admit that Defendants did not create the code described in CVE-2019-3568.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

Plaintiffs incorporate the foregoing General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that the terms "create," as used in the context of "create the code described in CVE-2019-3568," is vague, ambiguous, and undefined.

Subject to the foregoing objections, Plaintiffs admit that Defendants did not create the portions of WhatsApp code described in CVE-2019-3568.

**REQUEST FOR ADMISSION NO. 177:**

Admit that the code described in CVE-2019-3568 existed before January 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

Plaintiffs incorporate the foregoing General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that the terms "existed," as used in the context of "the code described in CVE-2019-3568 existed before January 2018," is vague, ambiguous, and undefined.

Subject to the foregoing objections, Plaintiffs admit that the portions of the WhatsApp code described in CVE-2019-3568 existed before January 2018.

**REQUEST FOR ADMISSION NO. 178:**

Admit that Plaintiffs alone decide where servers owned by Plaintiffs are located.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

Plaintiffs incorporate the foregoing General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, and seeking information that is not proportionate to the needs of the case. Plaintiffs further object to this Request to the extent that "servers" and "owned by Plaintiffs" are vague, ambiguous, and undefined. Plaintiffs further object to this Request to the extent it seeks a legal conclusion.

Subject to the foregoing objections, Plaintiffs admit that Plaintiffs alone decide where servers owned by Plaintiffs are located.

**REQUEST FOR ADMISSION NO. 179:**

Admit that, as an ordinary part of Plaintiffs' business, Plaintiffs investigate and close Security Vulnerabilities involving the WhatsApp Service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

Plaintiffs incorporate the foregoing General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to this Request on the ground that it contains vague, ambiguous, or undefined terms, including, but not limited to, "investigate and close," "Security Vulnerabilities," and "involving the WhatsApp Service."

Subject to the foregoing objections, Plaintiffs admit that, as an ordinary part of Plaintiffs' business, Plaintiffs investigate and remediate actual or potential security threats.

**REQUEST FOR ADMISSION NO. 180:**

Admit that You are not aware of any WhatsApp user other than Plaintiffs and the user whose device is referenced in paragraph 38 of Plaintiffs' Complaint whose computers or devices were accessed in the United States by any user of Defendants' technology.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

Plaintiffs incorporate the foregoing General Objections and Objections to Definitions as if fully set forth herein. Plaintiffs object to the Request as overbroad, unduly burdensome, ambiguous, and seeking information that is not proportionate to the needs of the case. Plaintiffs further object to this Request on the ground that it contains vague, ambiguous, or undefined terms, including, but not limited to, "WhatsApp user," "computers," "devices," "accessed," and "by any user." Plaintiffs further object to this Request to the extent it seeks a legal conclusion. Plaintiffs further object to this Request to the extent it seeks information based on the conduct of Defendants, who have refused to meaningfully participate in discovery.

On the basis of the foregoing objections, Plaintiffs deny the Request.

Dated:  October 27, 2023

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*
   Greg D. Andres
   Antonio J. Perez-Marques
   Craig T. Cagney
   (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
   450 Lexington Avenue
   New York, New York 10017
   Telephone: (212) 450-4000
   Facsimile:  (212) 701-5800
   Email: greg.andres@davispolk.com
       antonio.perez@davispolk.com
       craig.cagney@davispolk.com

   Micah G. Block (SBN 270712)
   DAVIS POLK & WARDWELL LLP
   1600 El Camino Real
   Menlo Park, California 94025
   Telephone: (650) 752-2000
   Facsimile:  (650) 752-2111
   Email: micah.block@davispolk.com

   *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled action. My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On October 27, 2023, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT NSO GROUP TECHNOLOGIES LIMITED'S THIRD SET OF REQUESTS FOR ADMISSION**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
         acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

I declare under penalty of perjury that the above is true and correct.

Executed on October 27, 2023 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati