1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11  WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                                  **DECLARATION OF AARON S. CRAIG
                                                   IN SUPPORT OF DEFENDANTS NSO
13                 Plaintiffs,                     GROUP TECHNOLOGIES LIMITED
                                                   AND Q CYBER TECHNOLOGIES
14         v.                                      LIMITED'S ADMINISTRATIVE
                                                   MOTION TO FILE UNDER SEAL**
15  NSO GROUP TECHNOLOGIES LIMITED
    and Q CYBER TECHNOLOGIES LIMITED,             **FILED UNDER SEAL**
16
                   Defendants.                     **[REDACTED VERSION OF DOCUMENT
17                                                 SOUGHT TO BE SEALED]**

18

19                                                 Judge:   Hon. Phyllis J. Hamilton

20                                                 Action Filed:   10/29/2019

21

22

23

24

25

26

27

28

CRAIG DECL.                                                    Case No. 4:19-cv-07123-PJH

I, Aaron S. Craig, declare as follows:

1.      I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' Administrative Motion to File Under Seal. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.      The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ███████████ on Plaintiffs' RFPs. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties then engaged in substantive discovery, which involved the exchange of numerous highly confidential documents. In September and October of 2024, the parties filed their respective dispositive motions (Dkt. Nos. 396, 399, 413, 418, 419, 433, 436, 446) and Plaintiffs filed a motion for sanctions (Dkt. Nos. 405, 417, 429, 443, 454). Plaintiffs have since moved for a permanent injunction (Dkt. No. 558), which Defendants now oppose.

3.      Defendants seek to file under seal documents (the "Sealed Documents"[1]) submitted in connection with Defendants' Opposition to Plaintiffs' Motion for Permanent Injunction. Sealing of certain of the Sealed Documents is necessary to ███████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

---

[1] The Sealed Documents are enumerated in paragraph 12, below.

1   As is evidenced by the ████████████████████████████████████████
2   ████████████████████████████████████████████████████████████████
3   ███████████████████    The Sealed Documents contain highly sensitive, traditionally
4   nonpublic █████████ information that ████████████████████████████████
5   ████████████████████████████████████████████████████████████████
6   ████████████████████████████████████████████████████████████ and
7   ██████████████ militates in favor of this Court's sealing documents that contain references to
8   information that ███████████████████████████████████████████████
9   ████████████████████████████████████████████████████████████████
10  In addition, the Sealed Materials also reveal confidential and commercially sensitive technical and
11  other information, the public disclosure of which could harm NSO competitively.
12  ████████████████████████
13      4.      On July 19, 2020, the ████████████████████████████████
14  ████████████████████████████████████████████████████████████████
15  █████████████████████████████████████████████████████    (August 3,
16  2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.)  The request was
17  presented by ████████████████ in his capacity as ████████████████████
18  ███████████████████████████████████████████ █████████████████████
19  ████████████████████████████████████████ The ██████████████████████
20  ████████████████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████
23  ████████████████████████████████"  The request prohibited Defendants from ███████
24  [2] ███████████████████████████████████████████████████████████████
25  █████████ ███████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████████████
27  ████████████████████████████████████
28  [3] The Office of the ██████████████████████████████████████████
████████████████████

1  ██████████████████████████████████████████████████

2  ██████████████████████████████████████████████████

3  ██████████████████████████████████████████████████

4  ██████████████████████████████████████████████████

5  ██████████████████████████████████████████████████

6  ██████████████████████████ (Gelfand Decl. (Dkt. 133-6)

7  Exh. B at 1-2.)

8      5.    On July 19, 2020, ██████████████████████

9  ████████████████████ (Gelfand Decl. (Dkt. 133-6), Exh.

10 D.) ███████████ determined the ██████ was ████████

11 ████████████████ to ███ (*Id.* at 1.) ████████████ prohibits

12 ████████████████████████████ that is not an

13 ████████████████ with regard to any ████████████ that are

14 ██████████████████████████████████████████████████

15 ██████████████████████ (*Id.*) █████ authorized

16 the ███████ to ███████████████████████████████

17 ██████████████████████████████████████████████████

18 ██████████████████████████████████████████████████

19 ███████████████████████ (*Id.* at 1-2.)  The order

20 also authorized ████████████████████ of █████████████

21 ████████████████ and ██████████████████████

22 ███████████████████████ (*Id.* at 3.)

23    █    On July 19, 2020, ██████████████████ delivered a

24 ████████████████ in ███ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ███

25 notified Defendants about the ███████ and explained that ██████████

26 ██████████████████████████████████████████████████

27 ███████████████████████ (*Id.* ¶ 3.) ████████████

28 ██████████████ that they are ██████████████████████



1    ███████████████████████████████████ by ████████████████████
2    ██████████████████ including a prohibition on ██████████████████
3    ███████████████████████████████████████████████████████████████
4    ████████ (*Id.* ¶ 2.)
5         7.    On February 8, 2023, ████████████████████████████████
6    ███████████████████████████████████████████████████████████████
7    █████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)
8    Exh. D.)   The purpose for this update, according to ████████████████
9    ███████████████████████████████████████████████████████████████
10   █████████████████████
11        8.    On May 21, 2023, ████████████████████████████████████
12   ███████████████████████████████████████████████████████████████
13   ███████████████████████████████████████████████████████████████
14   ████████████████████ As soon as NSO ████████████████████████████
15   ████████ it filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ████
16   is described in paragraph 10 below. ████████████████████████
17   ███████████████████ (Dkt. 195-4, Order ¶ 3) ████████████████████
18   ███████████████████████████████████████████████████████████████
19   ████████████████████████████████████████ (Dkt. 195-4, Order
20   ¶ 4), and ████████████ may not be ████████ to any ████████████ except ████████
21   pursuant to a ██████████████ that will ███████████████████████████
22   ██████████████ (Dkt. 195-4, Order ¶ 5), provided that they are ████████████
23   ████████████████████ (Dkt. 195-4, ██████████ ¶ 3).
24   █████████████████████████████████ (Dkt. 195-4, ████████████ ¶ 6).
25   █████████████████████████
26        9.    The information that Defendants seek to keep under seal regarding the ████
27   ██████████████████████████████████████ At the time Defendants first received
28   ███████████████████████████████████████████████████████████████

1   ███████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)

2   Exh. F ¶¶ 4-6.)  Through their counsel in ████ Defendants ████████████████████

3   █████████████████████████████████ Defendants ████████████████

4   ██████████████████████████████████████████ to allow

5   disclosure of ███████████ to this Court and to Plaintiffs' counsel.  In seeking the ████

6   Defendants ██████████████████████████████████████████

7   █████████████████████████████████████████████████

8   ████████████████████ authorizing Defendants to ██████████████████

9   █████████████████████████████████████████████████

10  █████████████████████

11      10.    The ████████████ (Dkt. 195-3) ███████████████████

12  █████████████████████████████████████████████████

13  ████████ (Dkt. 195-3, ¶ 2.)  The █████████████████████

14  █████████████████████████████████████████████████

15  █████████████████████████████████████████████████

16  ████████████████████████████████████ (Dkt. 195-3, ¶ 2(1)-(6).)

17  However, the ███████████████████████████████████

18  █████████████████████████████████████████████████

19  █████████████████████████████████████████████████

20  █████████████████████████████████████████████████

21  (Dkt. 195-3 ¶ 4 (a)-(b)).  As relevant here, █████████████████████

22  █████████████████████████████████████████████████

23  █████████████████████████████████████████████████

24  ██████████████████████████████

25  ██████████████████████████████

26      11.    In late ███████████████████████████ documents and

27  testimony ████████████████████████████████████

28  The licenses ██████████████████████████████████

1    ███████████████████████████ (See Dkt. 195-4, Order ¶ 4.) NSO is ██████████

2    ███████████████████████████ documents and testimony ██████████████

3    ██████████████████████████████████ The ████████████████

4    ████████████████████████████████████████████████████

5    ██████████████████████████████████████████████ The

6    ████████████████████████████████████████ described

7    above, thus attempt in part to ████████████████████████████

8    ████████████████████████████████████████████████████

9    ████████████████

10       12.    In support of Defendants' Opposition to Plaintiffs' Motion for Permanent

11   Injunction ("Defendants' Opposition"), Defendants seek to file under seal the indicated portions

12   of (1) this Declaration; (2) Defendants' Opposition; (3) the Declaration of Yaron Shohat in Support

13   of Defendants' Opposition ("Shohat Declaration"); and (4) Exhibit A to the Declaration of Joshua

14   J. Minkler in Support of Defendants' Opposition ("Minkler Declaration") (collectively, the

15   "Sealed Documents").

16       13.    Good cause and compelling reasons exist to seal the Sealed Materials, which

17   reference ██████████████████████████████████████████

18   ██████████████████████████ which is entitled to deference. ████████

19   ████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ████████████

26       a.    *First*, the Sealed Documents relate to ████████████████

27   ████████████████████████████████████ As such, the

28   Sealed Documents contain traditionally nonpublic government information for which there is no

1   constitutional right of access. *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688

2   (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally

3   nonpublic government information.")  The fact that the documents were issued by ███████████

4   ████████████████████████████████  and contain ███████████████████████

5   ████████████████████████████  "alone counsels in favor of finding that there is no

6   presumptive public right of access" to these documents.  *Omari v. Ras Al Khaimah Free Trade*

7   *Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper

8   commissioned by a ruler of a political subdivision of foreign nation because it contained "highly

9   sensitive, traditionally nonpublic government information, in this case of a foreign government");

10  *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22,

11  2019) (sealing multiple documents and finding that the documents contained "traditionally

12  nonpublic information" because the documents involved senior foreign officials, were designated

13  as sensitive at the time of creation, and detailed information about the nation's response to certain

14  investigations).

15          b.      *Second*, ████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ██████████████████████████████  *Societe Nationale Industrielle Aerospatiale v. U.S.*

22  *Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987).  ███████████████████████

23  ███████████████████████████  *United States v. Sater*, 2019 WL

24  3288289, at *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the

25  documents sought to be sealed ████████████████████████████████

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ██████████████████ Because ███████████████████████████

5  ███████████████████████████████████████████

6      c.    *Third*, because █████████████████████████████

7  ███████ public disclosure of the Sealed Documents could ████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ██████████████████████████████████

14.    Accordingly, good cause and compelling reasons exist to seal the Sealed Documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

15.    The Declarant has carefully sought sealing of only those parts of this Declaration and the exhibits thereto as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 14th day of March 2025, at Pasadena, California.


                         /s/ *Aaron S. Craig*
                         AARON S. CRAIG