JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 592]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 592).  Plaintiffs identified portions of their Motions *in Limine,* Exhibits 2-4, 10-12, and 15 to the Declaration of Micah G. Block in Support of Plaintiffs' Motions *in Limine* (the "Block Declaration"), and certain portions of Exhibit 5 to Block Declaration (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132).  Defendants provide their positions below that some (but not all) of these materials should be sealed.

## I.    **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Parties seeking to seal materials related to the motions *in limine* must articulate "compelling reasons" to seal those materials. *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022). Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

Courts have found compelling reasons to seal non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).

In addition, "Compelling reasons justifying sealing court records generally exist when such court files might become a vehicle for improper purposes such as releasing trade secrets or as sources of business information that might harm a litigant's competitive standing." *Id.* (cleaned up); *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary

technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . information about the technical operation of [a party's] products." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

## II.    <u>DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT</u>

As an initial matter, Defendants do not contend that all highlighted portions of Plaintiffs' Motions *in Limine*, and Exhibits 3-4, 10-12 and 15 to the Block Declaration require sealing. As shown below, however, compelling reasons exist warranting sealing certain Materials identified in Plaintiffs' Administrative Motion. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

### 1.    *Plaintiffs' Motions in Limine (Dkt. 592-3).*

The highlighted portions of the Plaintiffs' Motions *in Limine* on pages 2, 7, and 15 (lines 23-24) contain discussion of material and information that is subject to foreign law restrictions on public disclosure.

These excerpts also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975.

### 2.    *Excerpts of Yaron Shohat's Deposition (Dkt. 592-4, Exhibit 2); Excerpts of Ramon Eshkar's Deposition (Dkt. 592-4, Exhibit 3): page 154 lines 1-8; page 155 line 11 to page 157 line 28; page 270 lines 1-23; Excerpts of Sarit Bizinsky Gil's Deposition (Dkt. 592-4, Exhibit 4): page 131 line 10 through page 133 line 25*

Compelling reasons exist to seal the portions of Yaron Shohat's Deposition Transcript attached as Exhibit 2 to Block Declaration to Plaintiffs' Motions *in Limine* and the portions enumerated above of the deposition transcripts of Ramon Eshkar and Sarit Bizinsky Gil.  First, the transcripts contain throughout extensive discussion of material and information that is subject to foreign law restrictions on public disclosure and should be sealed for the same reasons set forth above. Second, the excerpts that Defendants seek to seal contain discussion of the personal information of Defendants' customers. Courts have found compelling reasons to seal "customers' personal information, which includes the customers' names, account numbers, IP addresses, email addresses, and/or customer activities on certain platforms, in order to protect the customers' privacy." *Activision Publ'g, Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023); *see Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses").  NSO's government customers would be prejudiced by disclosure of such information. Third, the excerpts contain confidential information about Defendants' technologies, which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at * 1.

### 3.    Expert Report of Joshua Minkler (Dkt. 592-4, Exhibit 5):  Paragraphs 29, 30 and 33

The highlighted portions of the Joshua Minkler's Expert Report attached to the Block Declaration as Exhibit A, paragraphs 29, 30 and 33, contain discussion of material and information that is subject to foreign law restrictions on public disclosure.  The document also discusses highly confidential information about Defendants' technologies and contains information concerning Defendants' customers, which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers.  *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1. Defendants' sealing request is narrowly tailored and only seeks to seal three paragraphs out of Minkler's lengthy report.

*4.     Excerpts of Terrence McGraw's Deposition (Dkt. 592-4, Exhibit 11): Page 298 line 15 through page 299 line 7*

Compelling reasons exist to seal the following excerpts of Terrence McGraw's Deposition Transcript attached as Exhibit 11 to Block Declaration: page 298 line 15 through page 299 line 7. Those excerpts contain discussion of material and information that is subject to foreign law restrictions on public disclosure and should be sealed for the same reasons set forth above.

*5.     Deposition Transcript of Col. Ty Shepard (Dkt. 592-4, Exhibit 12)*

The following excerpts of Col. Ty Shepard's Deposition Transcript attached as Exhibit 12 to the Block Declaration should remain under seal: 66:1-12, 68:19-73:25; 90:1-93:25; 114:1-116:7; 116:12-117:25; 242:6-245:12; 278:1-12; 279:5-22; 280:18-25; 282:6-21; 283:18-22; 304:20-23; 305:7-10. The excerpts contain highly confidential information that is subject to legal restrictions and confidentiality obligations the disclosure of which can jeopardize national security interests of the United States and foreign countries. Specifically, the transcript contains descriptions of Shepard's highly confidential military and intelligence activities he performed in his various roles at the California Military Department, Army National Guard, and the Department of Defense, including of certain operations the United States government has undertaken to combat terrorism, human trafficking, and organized crime. The transcript also contains discussion of highly confidential conversations Col. Shepard has had with certain domestic and foreign governmental agencies regarding the use of NSO's technology. The public disclosure of those activities and conversations would jeopardize the national security interest of the United States and foreign governments, which warrants sealing. *See, e.g., United States ex rel. Kelly v. Serco. Inc.,* 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding that national security interests are compelling reasons for filing documents under seal); *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011), *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14

1    (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y.

2    Oct. 6, 2011).

3        Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative

4    Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials

5    described above.

6

7    Dated: March 19, 2025                    KING & SPALDING LLP

8                                             By: */s/ Aaron S. Craig*

9                                             JOSEPH N. AKROTIRIANAKIS
                                              AARON S. CRAIG
10                                            *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' LOCAL RULE 79-5(F)(3)                    Case No. 4:19-cv-07123-PJH
STATEMENT [DKT. 592]