JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br>v.<br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") submit this Administrative Motion to File Under Seal the yellow highlighted portions of (1) Defendants' Opposition to Plaintiffs' Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault (the "Opposition"); and (2) the Declaration of Yifa Idisis in Support of the Opposition (the "Idisis Declaration") (collectively, the "Sealed Documents").

This Administrative Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Declaration of Matthew H. Dawson ("Dawson Declaration") filed concurrently herewith in support of this Administrative Motion to File Under Seal.

## I. LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.

A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024). "Compelling reasons justifying sealing court records generally exist when such court files might become a vehicle for improper purposes such as releasing trade secrets or as sources of business information that might harm a litigant's competitive standing." *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019) (cleaned up); *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and

"descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . information about the technical operation of [a party's] products." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate. *Kamakana*, 447 F.3d at 1180.

For reasons discussed below, yellow highlighted portions of the Sealed Documents warrant sealing under both of the "compelling reasons" and the less strenuous "good cause" standards.

## II. LEGAL ANALYSIS

Both good cause and compelling reasons exist to seal the yellow highlighted portions of the Sealed Documents. Those portions of the Sealed Documents contain confidential and competitively sensitive financial and technical information of Defendants, the disclosure of which would put Defendants at a competitive disadvantage. Courts have routinely held that such confidential business information satisfies the "compelling reasons" standard. *E.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023). This includes technological information. *Transperfect Global*, 2013 WL 706975, at *1; *Finjan*, 2016 WL 7429304, at *2. The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors. Further, Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

## III. CONCLUSION

For the reasons set forth above and in the accompanying Dawson Declaration, Defendants request that the Court grant this Motion and order the yellow highlighted portions of the Sealed Documents to be kept under seal.

Dated: March 20, 2025                              KING & SPALDING LLP

                                                   By:  */s/ Aaron S. Craig*
                                                        JOSEPH N. AKROTIRIANAKIS
                                                        AARON S. CRAIG

                                                   *Attorneys for Defendants*