Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>              Plaintiffs,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 AND 597]**<br><br>Pretrial Conference Date:  April 10, 2025<br>Time:  2:00 p.m.<br>Ctrm:  3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date:  April 28, 2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this statement in response to the Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motions") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). Dkt. Nos. 596 and 597.[1] The Administrative Motions identify certain documents filed in connection with NSO's pre-trial disclosures as containing information that should be filed under seal (the "Sealed Materials").[2]

Plaintiffs request that the Court keep under seal only certain portions of the Sealed Materials (collectively, "Plaintiffs' Confidential Materials"), as set forth in the supporting declaration of Gina Cora (the "Cora Declaration") filed herewith. Plaintiffs make this request pursuant to Local Civil Rules 79-5(c) and (d). Plaintiffs' Confidential Materials refer to materials that Plaintiffs have designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order. Dkt. No. 132. Plaintiffs have no objection to unsealing the remaining Sealed Materials and take no position with respect to information designated as confidential by NSO and/or nonparties.

---

[1] Plaintiffs intend this statement to respond to both motions to the extent they are construed as Civil Local Rule 79-5(f) motions. *See* Dkt. No. 596 (invoking Rule 79-5(f) but primarily focused on Defendants' own materials and not invoking Rule 79-5(c), which governs sealing a party's own designated materials); Dkt. No. 597 (invoking Rule 79-5(f)(3), which governs responses by designating parties as opposed to initiating motions).

[2] In addition to what is identified in NSO's Administrative Motions, NSO will soon correct its filings to expand the scope of its redactions for Plaintiffs' Confidential Materials. On March 18, 2025, Plaintiffs notified NSO that NSO's publicly filed pre-trial disclosure materials disclosed certain of Plaintiffs' Confidential Materials and asked that NSO correct its filings. On March 19, 2025, the parties met and conferred regarding the issue. NSO's counsel represented that it was unable to correct its filings until March 21, 2025, but that it would do so at that time and had no objection to Plaintiffs seeking to seal the inadvertently publicly filed information with this filing, rather than make a new submission after NSO accomplished the agreed-upon correction. *See* Cora Decl. ¶ 4.

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 & 597] CASE NO. 4:19-CV-07123-PJH

# ARGUMENT

The "compelling reasons" standard applies to sealing motions filed in connection with trial briefing and motions *in limine*. Trial briefing, "by definition, [has] more than a tangential relation to the merits of the case, and therefore the 'compelling reason' standard applies." *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *2 (N.D. Cal. Jan. 6, 2019); *see also Baird v. Blackrock Institutional Tr. Co., N.A.*, 2021 WL 4820247, at *2 (N.D. Cal. Sept. 29, 2021). Motions *in limine* "seek[] to exclude evidence from the trial" and are therefore "more than tangentially related to the merits of the case." *Skillz Platform Inc. v. AviaGames Inc.*, 2024 WL 459076, at *2 (N.D. Cal. Feb. 6, 2024) ("Evidentiary motions such as motions *in limine* … can be strongly correlative to the merits of a case" (citing *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022)); *Space Data Corp. v. Alphabet Inc.*, 2019 WL 8012584, at *1 (N.D. Cal. July 18, 2019) (applying the compelling reasons sealing standard to motions *in limine*); *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6575544, at *2 (N.D. Cal. Dec. 12, 2018) (same).

Plaintiffs submit that compelling reasons exist to seal the three categories of information contained in Plaintiffs' Confidential Materials: (1) identifying information of two of Plaintiffs' non-testifying employees; (2) individual compensation information of one of Plaintiffs' employees; and (3) identifying information of two nonparty WhatsApp users targeted by NSO in connection to this lawsuit. The proposed sealing is narrowly tailored and seeks only to protect those portions of the documents that contain such sensitive and confidential information.[3]

---

[3] Certain of the information that Plaintiffs seek to maintain under seal by this statement has been filed publicly by Defendants. *See* Cora Decl. ¶ 4. Inadvertent disclosure of a party's confidential materials should not prevent the Court from granting otherwise appropriate sealing motions. *See, e.g.*, *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324, at *3 (N.D. Cal. Dec. 16, 2019) (sealing 12 confidential documents after both parties inadvertently filed on the public docket); *Bohannon v. Facebook, Inc.*, 2016 WL 3092090, at *3 (N.D. Cal. June 2, 2016) (sealing defendant's confidential information despite inadvertent public filing of the materials by plaintiffs on repeated occasions); *see also Boston Ret. Sys. v. Uber Techs., Inc.*, 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (sealing motion to compel following plaintiff's inadvertent filing of an unredacted version containing both parties' confidential information).

2

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 & 597] CASE NO. 4:19-CV-07123-PJH

I.  **Identifying Information of Two of Plaintiffs' Non-Testifying Employees**

Certain of Plaintiffs' Confidential Materials contain identifying information regarding two of Plaintiffs' non-testifying employees, whose identities are not pertinent to any issue, claim, or defense in this action. See Cora Decl. ¶ 5. "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name[s are] irrelevant to the legal issues in this case." O'Connor v. Uber Techs., Inc., 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015); see also Ehret v. Uber Techs., Inc., 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding the "specific e-mail addresses" of employees of a party were "not relevant to the merits of the motion of this case").

In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text messages or emails, particularly in cases with significant media attention. Cora Decl. ¶ 3. There is little, if any, public interest in the identities of non-testifying employees here, so the private interests justify sealing, and could not be mitigated by any means less restrictive than the limited redactions proposed by Plaintiffs.

II.  **Individual Compensation Information of Plaintiffs' Employee**

Certain of Plaintiffs' Confidential Materials include the individual compensation details of one of Plaintiffs' employees. See Cora Decl. ¶ 5. This is sensitive, personal information that is not available to the public. See Ehret, 2015 WL 12977024, at *2 (holding that names and individual earnings may be redacted under both the good cause and compelling reasons standards as the information "concerns privacy interests"). The release of this information could harm the privacy interests of the listed individual and could not be mitigated by any means less restrictive than the limited redaction proposed by Plaintiffs.

III.  **Identifying Information of Two Nonparty WhatsApp Users**

Certain of Plaintiffs' Confidential Materials include the names of two nonparty WhatsApp users who were targeted by NSO in connection with this case. See Cora Decl. ¶ 5. The targeted users (and WhatsApp users generally) are not parties to the case, nor are Plaintiffs seeking damages

3

Local Rule 79-5(F)(3) Statement in Response to Defs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal [Dkt Nos. 596 & 597] Case No. 4:19-cv-07123-PJH

on their behalf. This is confidential, personally identifying information that is not available to the public, the disclosure of which would risk harm to the privacy interests of the nonparty targeted users. This harm could not be mitigated by any means less restrictive than the limited redactions proposed by Plaintiffs.

Courts have routinely held that such information satisfies the compelling reasons standard. *See Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (finding compelling reasons to seal the names and personally identifying information of nonparty social media users); *Am. Auto Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal individual names of nonparty customers under the compelling reasons standard); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons "to seal the various parties' customers' personal information, which includes the customers' names …. and/or customer activities on certain platforms, in order to protect the customers' privacy" and "prevent exposure to harm").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant this motion and maintain under seal Plaintiffs' Confidential Materials.

4

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 & 597] CASE NO. 4:19-CV-07123-PJH

Dated: March 20, 2024

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Gina Cora*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           gina.cora@davispolk.com
           craig.cagney@davispolk.com
           luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*