Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF GINA CORA IN SUPPORT OF PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 AND 597]**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

I, Gina Cora, declare as follows:

1. I am a counsel at the law firm of Davis Polk & Wardwell LLP and admitted *pro hac vice* to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration pursuant to Civil Local Rule 79-5(f)(3) in support of Plaintiffs' Statement in Response to Defendants' Administrative Motions to Consider Whether Another Party's Material Should be Filed Under Seal ("Plaintiffs' Statement"), filed concurrently herewith.

3. Plaintiffs seek to maintain under seal the documents and portions thereof identified in the table below ("Plaintiffs' Confidential Materials"), for the reasons identified in the table below and explained in more detail in Plaintiffs' Statement filed herewith. I understand that the public disclosure of Plaintiffs' employees' names in connection with litigation in the past has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text-messages, or emails, particularly in cases with significant media attention.

4. On March 18, 2025, Plaintiffs' counsel notified NSO's counsel that NSO's publicly filed pre-trial disclosure materials disclosed certain of Plaintiffs' Confidential Materials and asked that NSO correct its filings. On March 19, 2025, the parties met and conferred regarding the issue. NSO's counsel represented that it was unable to correct its filings until March 21, 2025, but that it would do so at that time and had no objection to Plaintiffs seeking to seal the inadvertently publicly filed information with this filing, rather than make a new submission after NSO accomplished the agreed-upon correction.

1

DECL. OF GINA CORA ISO PLS' STATEMENT IN RESPONSE TO DEFS' ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NOS. 596 & 597] CASE NO. 4:19-CV-07123-PJH

5. The following table reflects the materials Plaintiffs seek to maintain under seal, and the associated reasons for sealing:

| Document to be Sealed | Dkt. Nos. | Portions to Seal | Basis for Sealing |
|---|---|---|---|
| **Defendants' Trial Brief** | 596-2 (unsealed); 598-1; 600-0 (redacted). | On page 4, all text on line 2 following "For example, …" through to "… These are typical" on line 7. | Reflects names of two nonparty WhatsApp users targeted by NSO in connection with this action. |
| **Declaration of Joseph N. Akrotirianakis in support of Defendants' Motions *in Limine* and Trial Brief ("Akrotirianakis Decl.")** | 596-4 (unsealed); 598-3; 600-1; 601-1 (redacted). | On page 3, at ¶ 15, all text on line 5. | Reflects identifying information regarding one of Plaintiffs' non-testifying individual employees, whose identity is not pertinent to any issues, claim, or defense in this action. |
| **Akrotirianakis Decl., Ex. E** | 596-9 (unsealed); 598-8; 600-6; 601-6 (redacted). | At 301:16, the words between "was paid" and "by Plaintiffs." | Reflects individual compensation details of one of Plaintiffs' employees. |
| **Akrotirianakis Decl., Ex. L** | 596-16 (unsealed); 598-15; 600-13; 601-13 (redacted). | The name and email address appearing at the end of the 'To' field, after 'Claudiu Gheorghe' and his email address.<br><br>The name appearing on the fourth row of text in the body of the email between the words "talked with" and "and he's quite…"<br><br>The name appearing at the start of the 12th row of text in the body of the email preceding "(6/20/2019 14:12:34 PDT):" | Reflects identifying information regarding two of Plaintiffs' non-testifying individual employees, whose identities are not pertinent to any issues, claim, or defense in this action. |

1   I declare under the penalty of perjury that the foregoing is true and correct.

2   Executed this 20th day of March 2025 in New York, New York.

                                            */s/ Gina Cora*
                                            Gina Cora