JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") submit this Administrative Motion to File Under Seal certain portions of and exhibits supporting Defendants' Opposition to Plaintiffs' Motion to Exclude Testimony of Joshua J. Minkler ("Defendants' Opposition"). Specifically, Defendants seek to seal indicated portions of (1) the Declaration of Aaron S. Craig filed concurrently with this Opposition ("Craig Declaration"); (2) Defendants' Opposition; and (3) the Exhibit A to the Declaration of Joseph N. Akrotirianakis in Support of Defendants' Opposition ("Akrotirianakis Declaration") (collectively, the "Sealed Documents")

The Administrative Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Craig Declaration.

## I.    LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.

A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig*., 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024). "Compelling reasons justifying sealing court records generally exist when such court files might become a vehicle for improper purposes such as releasing trade secrets or as sources of business information that might harm a litigant's competitive standing." *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co*., 2019 WL 11638962, at *2 (D. Nev. June 20, 2019) (cleaned up); *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Specifically, Courts have found that compelling reasons exist to seal

"proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . information about the technical operation of [a party's] products." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate. *Kamakana*, 447 F.3d at 1180.

For reasons discussed below, yellow highlighted portions of the Sealed Documents warrant sealing under both of the "compelling reasons" and the less strenuous "good cause" standards.

## II.    LEGAL ANALYSIS

Good cause and compelling reasons exist to seal the Sealed Documents.

First, certain of the Sealed Documents contain highly sensitive, non-public information the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth*., 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A*., 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  For additional argument, NSO respectfully refers the Court to Paragraph 13 of the Craig Declaration.

Second, certain of the Sealed Documents also contain confidential and competitively sensitive information of Defendants, the disclosure of which would put Defendants at a competitive disadvantage. Courts have routinely held that such confidential business information satisfies the "compelling reasons" standard.  *E.g.*, *In re Qualcomm Litig*., 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jones v. PGA Tour, Inc*., 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023).  This includes both technological information and other confidential business information, such as information regarding licensing terms and agreements.  *See, e.g., Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019); *Finjan, Inc. v. Proofpoint, Inc*., 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (recognizing "compelling reasons to seal . . . information about the technical operation of the products, financial revenue data, and excerpts from expert depositions [and] expert report[s]"); *Transperfect Global, Inc. v. MotionPoint Corp*., 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) ("proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology" warrant sealing);.  The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors.   NSO's government customers would also be prejudiced by disclosure of such information.  Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

***The Craig Declaration Supporting This Motion***.  As the Craig Declaration itself makes clear, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.  *See* Craig Decl. ¶¶ 2-11, 13.

***Portions of Defendants' Opposition.***  Defendants have indicated certain portions of Defendants' Opposition that there are compelling reasons to seal.  The single line identified contains references to information that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-11, 13 of the Craig Declaration.  This Court has previously sealed similar materials.  That same line also contains or makes reference to details of the license obtained by the Federal Bureau of Investigation ("FBI") that the FBI does not appear to have disclosed publicly.

***Exhibit A to the Akrotirianakis Declaration***.  Excerpts of Mr. Minkler's deposition are attached as Exhibit A to the Akrotirianakis Declaration.  Limited portions of those excerpts contain information that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-11, 13 of the Craig Declaration.  The excerpts also contain or make reference to details of the license obtained by the Federal Bureau of Investigation ("FBI") that the FBI does not appear to have disclosed publicly.

## III.    CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Dated: March 20, 2025                    KING & SPALDING LLP

By:  */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

*Attorneys for Defendants*