JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal: (1) the indicated portions of the Defendants' March 20, 2025 Opposition to Plaintiffs' Motion to Exclude Col. Ty Shepard; (2) excerpts from the transcript of Col. Shepard's deposition, which has been designated as "Highly Confidential – Attorneys' Eyes Only"; and (3) the indicated portions of the Declaration of Aaron S. Craig ("Craig Declaration" or "Craig Decl.") filed concurrently with this administrative motion (collectively, the "Sealed Materials").  This motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

**I.      LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment.  Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH,

2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.).  "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   LEGAL ARGUMENT

Both good cause and compelling reasons exist to seal the identified materials.

First, both good cause and compelling reasons exist to seal the excerpts of Col. Shepard's deposition transcript and related portions of Defendants' opposition brief.  The transcript has been designed as "Highly Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. No. 132).  The transcript (and related portions of the opposition brief) contain descriptions of Col. Shepard's highly confidential military and intelligence activities.  He performed those activities in his various roles for the United States Army, the California Military Department, the Army National Guard, and the Department of Defense.  His transcript includes discussion of certain operations that the United States government has undertaken to combat terrorism, human trafficking, and organized crime. The transcript also contains discussion of highly confidential conversations that Col. Shepard had with certain domestic and foreign governmental agencies regarding the use of NSO's technology. The public disclosure of those activities and conversations would jeopardize the national security interest of the United States and foreign governments, which warrants sealing.  *See, e.g., United States ex rel. Kelly v. Serco. Inc.,* 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding that national security interests are compelling reasons for sealing documents).

The Sealed Materials also contain highly confidential information regarding NSO's business operations that is subject to legal restrictions and confidentiality obligations. *Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017) (finding compelling reasons to seal information about parties' licensing activities, information subject to confidentiality obligations, and non-public foreign judicial documents); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing document that contained highly sensitive, traditionally non-public information of a foreign government); *Strauss v. Credit*

1  *Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011) (finding compelling reasons to
2  seal materials subject to French bank secrecy laws).  For additional argument, NSO respectfully
3  refers the Court to Paragraph 13 of the Craig Declaration

4      Second, the designated portions of the Craig Declaration contain highly sensitive, non-
5  public information, the disclosure of which would prejudice Defendants and other parties not before
6  the Court.  (*See* Craig Decl. ¶¶ 1-11, 13.)  This Court has previously sealed these materials. *See*
7  *also Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev.
8  June 20, 2019).

9      Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative
10 Motion in full and order the foregoing Sealed Materials to be kept under seal.

12 Dated: March 20, 2025                    KING & SPALDING LLP

13                                          By: */s/ Aaron S. Craig*
                                            JOSEPH N. AKROTIRIANAKIS
14                                          AARON S. CRAIG
15                                          *Attorneys for Defendants*