JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br>v.<br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5(C)**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") submit this Administrative Motion to File Under Seal the indicated portion of Defendants' Opposition to Plaintiffs' Motion to Exclude Testimony of Terrance McGraw ("Opposition"). The Administrative Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Declaration of Aaron Craig ("Craig Declaration").

## I.   LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations

1

DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL                                                                 Case No. 4:19-cv-07123-PJH

omitted) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   LEGAL ANALYSIS

Good cause and compelling reasons exist to seal the indicated portion of Defendants' Opposition. Defendants seek to seal only one part of one sentence in the Opposition, which includes highly confidential information from Mr. McGraw's deposition in this matter. The transcript of Mr. McGraw's deposition has been designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case (Dkt. 132). The relevant portion of the Opposition (and the cited portion of Mr. McGraw's deposition) contains a description of Mr. McGraw's highly confidential military and intelligence activities, the disclosure of which could jeopardize the national security interest of the United States. (*See* Dkt. 513-4, Exh. C at 165:16.) That presents good cause and compelling reasons for sealing. *See, e.g.*, *United States ex rel. Kelly v. Serco. Inc.*, 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding that national security interests are compelling reasons for sealing documents).

## III.  CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Dated: March 20, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

*Attorneys for Defendants*