Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          craig.cagney@davispolk.com
          gina.cora@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>            Plaintiffs,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>            Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Pretrial Conference Date: April 10, 2025<br>Time:  2:00 p.m.<br>Ctrm:  3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Northern District of California Local Rules 7-11 and 79-5, Plaintiffs WhatsApp LLC ("WhatsApp") and Meta Platforms, Inc. (together, "Plaintiffs") by and through their counsel, respectfully submit this Administrative Motion for an order permitting them to file under seal the highlighted portions of Exhibit B to the Declaration of Micah G. Block ("Block Declaration") in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Certain Opinions of Dana Trexler ("Trexler Opposition"), as set forth in the supporting declaration of Luca Marzorati (the "Marzorati Declaration"). Exhibit B to the Block Declaration comprises or refers to materials that Plaintiffs have designated and produced in discovery as "Highly Confidential – Attorney's Eyes Only" pursuant to the August 31, 2020 Stipulated Protective Order. Dkt. No. 132. Portions of Exhibit B contain the names of certain of Plaintiffs' non-testifying employees whose identities are not pertinent to any issue, claim, or defense in this action. *See* Marzorati Decl. ¶ 3.

The parties agree that the appropriate standard for sealing confidential materials in relation to non-dispositive *Daubert* motions, such as the instant motion, is "good cause," and that under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914 at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.); Dkt. No. 503 at 1. The parties also agree that "good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Dkt. No. 503 at 1.

Plaintiffs easily meet the applicable good cause standard here. Courts have routinely held that the names and private information of individuals satisfies the compelling reasons standard, which is far more "exacting" than good cause. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *1 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

1134 (9th Cir. 2003)); *Ehret v. Uber Techs.*, Inc., 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding that names and other private information may be redacted under both the good cause and compelling reasons standard as the information "concerns privacy interests").

In addition, the public disclosure of Plaintiffs' employees' names in connection with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone calls, text messages or emails, particularly in cases with significant media attention. Marzorati Decl. ¶ 3. There is little, if any, public interest in the identities of non-testifying employees here (*id.*), so the private interests justify sealing, and could not be mitigated by any means less restrictive than the limited redactions proposed by Plaintiffs.

For the foregoing reasons, Plaintiffs respectfully request permission to file the highlighted portions of Exhibit B to the Block Declaration under seal. The proposed sealing is narrowly tailored and seeks only to protect those portions of Exhibit B that contains sensitive and confidential personal information about Plaintiffs' individual employees.

This motion and copies of any relevant attachments will be served on counsel of record as listed in the attached certificate of service.

Dated: March 20, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Micah G. Block
Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:  micah.block@davispolk.com

Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  greg.andres@davispolk.com
           antonio.perez@davispolk.com
           gina.cora@davispolk.com
           craig.cagney@davispolk.com
           luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*