UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER RE OMNIBUS MOTIONS TO SEAL**<br><br>Re: Dkt. 549, 550 |

Before the court are the parties' omnibus motions to seal. See Dkt. 549, 550. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and painstakingly reviewed over 200 documents and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**DISCUSSION**

A.   Legal Standard

There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." A party seeking to seal materials submitted

with a motion that is "more than tangentially related to the merits of the case"—regardless of whether that motion is "technically 'dispositive'"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "That the records are connected to a Daubert motion does not, on its own, conclusively resolve the issue." In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). For example, the "compelling reasons" standard applies where the "judicial records at issue were filed 'in connection' with pending summary judgment motions." Id. at 1120 (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999)).

"Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a 'compelling reason' is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." Ctr. for Auto Safety, 809 F.3d at 1096–97 (internal quotation marks and citations omitted).

B.   Analysis

In connection with the parties' motions for summary judgment, as well as plaintiffs' motion for sanctions, the parties filed a large number of motions to seal, covering portions of the briefs, as well as many of the submitted exhibits. At the hearing, the court denied all motions to seal any portions of the parties' briefs, and directed the parties to narrow their sealing requests in line with that denial and to file an omnibus motion covering only truly sealable material. Although the court intended the parties to file a single, combined omnibus motion, they have instead each filed a separate 'omnibus' motion.

Both motions seek to seal far more material than is justified under Ninth Circuit precedent and the local rules of this court. In particular, both parties have sought to seal

entire documents, even when Civil Local Rule 79-5 expressly requires parties to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."  Civil L.R. 79-5(a).

As an illustrative example, defendants' omnibus motion seeks to seal the entirety of exhibit CC to the Akrotirianakis supplemental declaration in support of defendants' summary judgment reply, on the basis that it "contains the names of defendants' non-testifying employees."  <u>See</u> Dkt. 550-1 at 8 (citing Dkt. 433-5).  For documents such as this, defendants' sealing motion contains no explanation of why defendants could not "avoid . . . sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)" by redacting only the names of the non-testifying employees, rather than the entire document.  <u>See</u> Civil L.R. 79-5(a).

Plaintiffs' omnibus motion similarly seeks to seal when redacting would be sufficient.  As illustrative examples, plaintiffs seek to seal the entirety of exhibits 18 and 19 to the Block declaration filed in support of plaintiffs' summary judgment motion, on the basis that they "reflect[] confidential personal information of non-party Whatsapp users."  <u>See</u> Dkt. 549-1 at 3 (citing Dkt. 400-2).  The documents consist of charts with columns labeled, for instance, "userid," "wa_sk," "deletion_reason," and "transfer_dates," among other things.  <u>See</u> Dkt. 400-2.  Of the twelve columns total, only two of them are highlighted – the columns labeled "userid" and "wa_sk."  Plaintiffs do not explain what any of the columns mean, or how any of them reflect personally identifiable information.  Indeed, the face of the document indicates that not all of the information is personally identifiable, because columns such as the "deletion_reason" column in exhibit 18 contains the same entry for every row.  <u>See</u> Dkt. 400-2 at 51-52.  While the "userid" column impliedly suggests the presence of personally identifiable information, plaintiffs have not provided any explanation as to what that column indicates, or as to the significance of the two columns which are highlighted.

In general, it is not the court's duty to rewrite the parties' sealing requests to make them sufficiently narrow to be approved.  The parties are responsible for complying with

the applicable legal standards and rules by submitting requests that are sufficiently narrow.  In fact, as explained above, the court has already given the parties an opportunity to narrow their original sealing requests by filing the present omnibus motions.  Accordingly, the court will not provide the parties with another do-over opportunity, and will instead issue up-or-down rulings on the requests as they have been presented in the omnibus motions.  To the extent that either party requests the sealing of an entire document when it would have been possible to instead redact the sensitive information, those requests will be denied.

As will be noted below, the court will permit only very narrow exceptions to that general rule.  Primarily, the court wants to prevent the public dissemination of personally identifiable information of individuals who are unaffiliated with either party.  Specifically, to the extent that the documents reflect the names, addresses (including IP addresses), phone numbers, email addresses, or financial information of non-parties, the court will note those instances in this order and will permit the parties to keep that information redacted.

As will also be noted below, in extremely limited circumstances, the court may also permit the parties to keep source code redacted, even when the sealing motion is denied as to the remainder of the document.

Both of those two exceptions will be limited in their application, as described below.  The court begins with plaintiffs' omnibus motion.

1.     Plaintiffs' omnibus motion to seal

The court will start with the illustrative example mentioned above, exhibits 18 and 19 to the Block declaration in support of plaintiffs' summary judgment motion.  For the reasons explained above – namely, the failure to provide reasons for sealing the entire documents – plaintiffs' motion to seal the entirety of exhibits 18 and 19 is DENIED.  As also explained above, because the "userid" column reasonably reflects personally identifiable information, the court will allow plaintiffs to redact only that column from exhibits 18 and 19.

Plaintiffs' motion contains a number of documents similar to exhibit 18 and 19, which compel the same result.  Specifically, plaintiffs' motion to seal is DENIED as to exhibits 28 to the Block declaration filed in support of plaintiffs' summary judgment motion, and exhibits 40, 41, and 42 to the Block declaration filed in opposition to defendants' summary judgment motion, with the exception of the personally identifiable information in the "userid" column, which may be redacted.

The next issue raised by plaintiffs' omnibus sealing motion is the attempted redaction of damages-related information, including plaintiffs' claimed response expenses and the employee compensation rates used to calculate those expenses.  The court does not see how it is practical to conduct a damages trial while keeping all damages calculations under seal.  Accordingly, plaintiffs' motion to seal is DENIED as to the damages-related redactions in exhibits B and C to the Trexler declaration filed in opposition to defendants' summary judgment motion, exhibits 26 and 34 to the Block declaration filed in support of plaintiffs' summary judgment motion, as well as the damages-related and compensation-related portions of exhibit 12 to the Block declaration filed in support of plaintiffs' summary judgment motion.

A number of plaintiffs' requests seek to seal entire documents based on a broad, boilerplate claim of "sensitive business information" that would provide competitors "an unfair advantage by providing access to internal business deliberations."  See, e.g., Dkt. 549-1 at 4-6.  Both sides have overly relied on generalized recitations of confidentiality and business interests, which, if taken to their logical conclusion of shielding all disadvantageous information, would result in the sealing of virtually all documents in cases involving technology companies.  The court will not sweep that broadly, and as mentioned above, the court will not rewrite the parties' requests to bring them in line with the applicable sealing rules.  Accordingly, plaintiffs' motion to seal is DENIED as to the entirety of exhibits R, S, T, U, and V to the Akrotirianakis declaration filed in support of defendants' summary judgment motion.

Most of plaintiffs' remaining sealing requests cover the names of non-testifying

employees, and are limited to redactions of only those names, rather than filing the entire documents under seal. Because those redactions are sufficiently narrow to cover the sealing of only the names, the court GRANTS plaintiff's motion as to those requests, namely, exhibits 3, 4, and 12, to the Block declaration filed in support of plaintiffs' summary judgment motion, exhibit A to the Andre declaration filed in support of plaintiffs' summary judgment motion, exhibits K, L, and W to the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibits 2 and 3 to the Block declaration filed in opposition to defendants' summary judgment motion, the names redacted in exhibit B to the Trexler declaration filed in opposition to defendants' summary judgment motion, exhibits A, B, and C to the Akrotirianakis declaration filed in opposition to plaintiffs' summary judgment motion, and exhibits AA and BB to the Akrotirianakis declaration filed in support of defendants' summary judgment reply.

  The remainder of plaintiffs' sealing requests relate to personally identifiable information of non-parties. Exhibits 19 and 20 to the Block declaration filed in opposition to defendants' summary judgment motion contain financial information, and the motion to seal is GRANTED as to those exhibits, as they seek to redact only that financial information. Plaintiffs also seek to seal the entirety of exhibit 21 to the Block declaration filed in opposition to defendants' summary judgment motion, which contains the email address, phone number, and other information of an individual who appears to be unaffiliated with either party. Although it appears that plaintiffs could have redacted the personal information, the court will nonetheless GRANT the motion to seal exhibit 21, as it appears that the non-sealable information is de minimis. Finally, exhibit 15 to the Block declaration filed in opposition to defendants' summary judgment motion contains phone numbers and IP addresses of non-parties, as well as additional de minimis information, and accordingly the court GRANTS plaintiffs' motion to seal exhibit 15.

  Thus, for the reasons explained above, plaintiffs' omnibus motion to seal is GRANTED in part and DENIED in part.

  2. Defendants' omnibus motion to seal

As an initial matter, defendants' motion to seal is more voluminous than plaintiffs' – seeking to seal 200 documents, whereas plaintiffs seek to seal 33 documents. And as mentioned above, both parties have filed requests that are too broad, seeking to seal entire documents when the rules require limited redactions.

Because the higher, "compelling reasons" sealing standard applies to documents filed in connection with defendants' summary judgment motion, the court will first address those documents, and will then apply the "good cause" sealing standard to documents filed in connection with plaintiffs' sanctions motion.

    a. Material filed in connection with motion for summary judgment

The court starts with the illustrative example mentioned above, exhibit CC to the Akrotirianakis supplemental declaration in support of defendants' summary judgment reply. And as also mentioned above, defendants seek to seal the entire document on the basis that it "contains the names of defendants' non-testifying employees," rather than redacting the names of those employees. Because defendants have not justified the sealing of the entire document, and because the court will not rewrite defendants' sealing requests to bring them in line with the applicable legal standards, defendants' motion to seal is DENIED as to exhibit CC to the Akrotirianakis supplemental declaration in support of defendants' summary judgment reply, and is also DENIED as to any other documents where defendants seek to seal the entirety of a document based on the presence of non-testifying employee names. Specifically, defendants' motion to seal is DENIED as to the following documents: exhibits 8, 9, 10, 13-15, 22, 25, 32, and 35-36 to the Block declaration filed in support of plaintiffs' summary judgment motion, exhibit H to the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibits 7, 8, 9, 10-12, 17, 27, 30, and 31-34 to the Block declaration in opposition to defendants' summary judgment motion, and exhibits 38 and 41 to the Block declaration filed with plaintiffs' summary judgment reply. To the extent that any of the aforementioned documents have multiple claimed bases for sealing (i.e., exhibits 8, 10,

and 25 to the Block declaration filed in support of plaintiffs' summary judgment motion, exhibit H to the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibits 9, 27, and 30 to the Block declaration in opposition to defendants' summary judgment motion, and exhibit 38 to the Block declaration filed with plaintiffs' summary judgment reply), the court will separately address the additional claimed bases below.

Next, as mentioned above in the context of plaintiffs' motion, both parties have overly relied upon boilerplate recitations of business/commercial interests, such as defendants' claim that entire documents (including extensive deposition transcript excerpts, expert reports, and various other documents) can be sealed because they "contain[] highly confidential technical and commercially sensitive materials" designated under the protective order. See generally, Dkt. 550-1. In particular, the court notes that many of the documents filed entirely under seal contain the same type of generalized description of defendants' technology as can be found in the already-unsealed summary judgment briefs. And more generally, as the court held with respect to plaintiffs' sealing motion, the court will not seal entire documents based on a generalized reference to business harm, nor on other arguments that do not justify the sealing of entire documents, such as the presence of client communications or other client information, contract details, or information about defendants' "compliance process." Accordingly, as defendants seek the sealing of the following documents in their entirety, their motion is DENIED: exhibits 1, 6, 8, 10, 17, 21, 25, 27, 29, 30 to the Block declaration filed in support of plaintiffs' summary judgment motion, the McGraw declaration and exhibit F filed in connection with defendants' summary judgment motion, exhibits G, H, I, and M to the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibit B to the Vance declaration filed in opposition to defendants' summary judgment motion, exhibits B and C to the Youssef declaration filed in opposition to defendants' summary judgment motion, exhibits 5, 7, 9, 22, 26, 27, 30, 37, 38, and 39 to the Block declaration filed in opposition to defendants' summary judgment motion, exhibit C to the

Trexler declaration filed in opposition to defendants' summary judgment motion, exhibit 2 to the Craig declaration filed in opposition to plaintiffs' summary judgment motion, exhibits A, D, and E to the Akrotirianakis declaration filed in opposition to plaintiffs' summary judgment motion, exhibits X and Y to the McGraw declaration filed with defendants' summary judgment reply, the Youssef reply declaration and exhibits A and B, and exhibits 37, 38, and 41 to the Block declaration filed with plaintiffs' summary judgment reply,

    The only exceptions are that defendant may redact source code from the McGraw declaration and exhibit F filed in connection with defendants' summary judgment motion, Ex. B to the Vance declaration filed in opposition to defendants' summary judgment motion, and exhibits B and C to the Youssef declaration filed in opposition to defendants' summary judgment motion, and may redact personal phone numbers to the extent they appear in exhibits 17, 21, 25, 32 to the Block declaration filed in support of plaintiffs' summary judgment motion.

    In contrast to the above documents, the following documents do warrant sealing under the applicable "compelling reasons" standard, and the court GRANTS defendants' motion to seal the following documents in their entirety: exhibits 7 and 24 to the Block declaration filed in support of plaintiffs' summary judgment motion, exhibits A, B, D, and E to the Shohat declaration filed with defendants' summary judgment motion, exhibits N-O of the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibits 16, 24, and 36 to the Block declaration filed in opposition to defendants' summary judgment motion, and exhibits F, I, and J to the Akrotirianakis declaration filed in opposition to plaintiffs' summary judgment motion.  The court also GRANTS defendants' motion to seal to the extent it seeks to make the limited redactions, reflected by the highlighting, from the following documents: the Craig declaration filed in support of defendants' summary judgment motion, the Shohat declaration filed in support of defendants' summary judgment motion, the Akrotirianakis declaration filed in support of defendants' summary judgment motion, exhibits 23 and 35 to the Block declaration filed

in opposition to defendants' summary judgment motion, and the Dawson declaration filed with defendants' summary judgment reply.

However, as to the following documents, even though defendants seek only limited redactions, those redactions are still not warranted under the "compelling reasons" standard, and thus defendants' motion to seal is DENIED to the extent it seeks to make limited redactions from the following documents: exhibits 5 and 26 to the Block declaration filed in support of plaintiffs' summary judgment motion, exhibits 6 and 43 to the Block declaration filed in opposition to defendants' summary judgment motion, exhibit B to the Trexler declaration filed in opposition to defendants' summary judgment motion, exhibit 3 to the Craig declaration filed in opposition to plaintiffs' summary judgment motion, the Gazneli declaration filed with defendants' summary judgment reply, and the McGraw declaration filed with defendants' summary judgment reply.

Defendants' motion purports to seek the sealing of exhibit 39 to the Block declaration filed with plaintiffs' summary judgment reply, but no exhibit 39 was filed with the original motion to seal, so the court will not consider a request to seal that exhibit at this time.

Finally, defendants' motion seeks the sealing of exhibit H to the Akrotirianakis declaration filed in opposition to plaintiffs' summary judgment motion, but no unredacted version of the document was filed under seal – instead, the motion to seal attached only a redacted version of exhibit H.  See Dkt. 419-5 at 220.  However, the supporting declaration states that exhibit H is the same document as the Shohat declaration and exhibits filed with defendants' summary judgment motion (Dkt. 396-3), and the court's review of the redacted document confirms that the two documents are the same. Accordingly, the court reaches the same result as to exhibit H as it did with the Shohat declaration and exhibits, and the motion to seal is GRANTED as to the highlighted redactions in the Shohat declaration, and also GRANTED as to the entirety of the exhibits.

Thus, for the foregoing reasons, defendants' omnibus motion to seal is GRANTED

1  in part and DENIED with part with respect to the materials submitted in connection with
2  the parties' summary judgment motions.

        b.        Material filed in connection with sanctions motion

As explained above, the "good cause" sealing standard is applicable to materials filed in connection with plaintiffs' sanctions motion. However, even under this more lenient standard, the wide range of defendants' attempted sealing goes further than the law allows. In particular, as mentioned above, defendants often seek to seal entire documents rather than making limited redactions of truly sealable material. Accordingly, defendants' motion to seal is DENIED as to the following documents: exhibits A, C-G, H-K, and N-Q to the Block declaration filed in support of plaintiffs' sanctions motion, exhibits 2, 6, 9, 21-100, and 2045 to the Craig declaration filed in opposition to plaintiffs' sanctions motion, and exhibit R to the Block declaration filed with plaintiffs' sanctions reply. The motion to seal is also DENIED to the extent it seeks to redact portions of the following documents: the Craig declaration filed in opposition to plaintiffs' sanctions motion, exhibit 1 to the Craig declaration filed in opposition to plaintiffs' sanctions motion, the McGraw declaration filed in opposition to plaintiffs' sanctions motion, and the Gazneli declaration filed in opposition to plaintiffs' sanctions motion.

In contrast, the court GRANTS defendants' motion to seal the following documents in their entirety: exhibits 7, 11-12, and 19-20 to the Craig declaration filed in opposition to plaintiffs' sanctions motion; and also GRANTS defendants' motion to redact portions of the Block declaration filed in support of plaintiffs' sanctions motion and the Gelfand declaration filed in opposition to plaintiffs' sanctions motion.

Thus, for the foregoing reasons, defendants' omnibus motion to seal is GRANTED in part and DENIED in part with respect to the materials submitted in connection with plaintiffs' sanctions motion.

## CONCLUSION

As set forth above, plaintiffs' omnibus motion to seal is GRANTED in part and DENIED in part, and defendants' omnibus motion to seal is also GRANTED in part and

11

DENIED in part.  The parties are directed to re-file the documents for which sealing was denied on the public docket.  Because the court is cognizant of a number of prefiling deadlines next week, the court will give the parties an additional week, until **April 4, 2025**, to re-file the documents that are the subject of this order.

The parties are also directed to conform their future filings in accordance with this sealing order, and shall not file any documents under seal for which sealing has already been denied.  To the extent that the parties have already filed such documents under seal (for instance, in connection with motions in limine or Daubert motions), the court will discuss at the pretrial conference the next steps for re-filing those documents to conform with this order.

**IT IS SO ORDERED.**

Dated:  March 21, 2025

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge