JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE AND TRIAL BRIEF**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

I, Joseph N. Akrotirianakis, declare:

1. I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP. I am lead counsel in this action for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"). I have personal knowledge of the facts set forth below and could testify competently to each fact averred herein.

2. On July 12, 2024, NSO informed Plaintiffs in writing that any authentic, privileged materials stolen during a hacking of the Government of Israel remained privileged. Plaintiffs did not challenge that assertion, or the authorities cited in support of it.

3. Plaintiffs had first contacted NSO on July 2, 2024, indicating that an Israeli legal tabloid website "Edna Karnaval" (ednakarnaval.com) had published materials reported to have been stolen during a hacking of the government of Israel and that could include confidential information or confidential and privileged memoranda authored by King & Spalding LLP. The materials had been published since late May 2024 without any significant press coverage. Just days after Plaintiffs contacted NSO, however, NSO, its counsel, and other affiliated individuals were contacted by reporters who have covered NSO or this litigation in the past. NSO thereafter sought discovery concerning Plaintiffs' communications with the press regarding the materials uploaded to ednakarnaval.com. Plaintiffs objected to this discovery as irrelevant and refused to produce it.

4. Attached as **Exhibit A** is a true and correct copy of correspondence, dated April 10, 2024, between counsel for the parties. I received this email in response to my request that Plaintiffs confirm in writing that Plaintiffs were abandoning for purposes of this action any argument that they suffered reputational harm or damages, loss of good will, loss of public trust and goodwill, or harm to relationships with their users and potential users as a basis to support any argument that they intended to make in this action – including in support of the injunctive relief that the plaintiffs seek. In return for the Plaintiffs' abandonment of all such arguments, Defendants withdrew certain discovery relating to the Plaintiffs' reputations. In preparing the parties' Joint Pretrial Statement, Defendants requested that Plaintiffs stipulate that they had "agreed not to introduce evidence of reputational harm or loss of goodwill to obtain money damages or equitable relief, and not to use such evidence to otherwise inject those issues into the litigation for any part

of Plaintiffs' case-in-chief." Plaintiffs refused this stipulation without explanation, thereby necessitating a motion in limine in spite of Plaintiffs' clear (and in writing) abandonment of any argument that they suffered reputational harm or damages.

5. Attached as **Exhibit B** is a true and correct copy of correspondence, dated March 12, 2025 (i.e., yesterday morning), from counsel for Plaintiffs. In it, Plaintiffs announced for the first time that they were abandoning their claim, which had been heavily litigated, that they are entitled to disgorgement as a remedy. The email was sent in response to Defendants' proposed edits to Plaintiffs' draft of the parties' joint verdict form.

6. Attached as **Exhibit C** are highlighted excerpts of the transcript of the August 14, 2024, deposition transcript of Plaintiffs' Rule 30(b)(6) designee, Carl Woog.

7. Attached as **Exhibit D** are highlighted excerpts of the transcript of the August 16, 2024, deposition of Plaintiffs' Rule 30(b)(6) designee, Claudiu Gheorge.

8. Attached as **Exhibit E** are highlighted excerpts of the transcript of the September 19, 2024, deposition of Plaintiffs' Rule 30(b)(6) designee, Andrew Robinson.

9. Attached as **Exhibit F** are highlighted excerpts of the transcript of the September 20, 2024, deposition of WhatsApp's Director of Product Management, Aashin Gautam.

10. Attached as **Exhibit G** are highlighted excerpts of the transcript of the December 10, 2024, deposition of Plaintiffs' proposed expert witness, David Youssef.

11. Attached as **Exhibit H** is a copy of Exhibit 1774, a June 9, 2019, OpIndia article entitled, *Bihar: Three, including a journalist, arrested with explosives, Naxal literature recovered*, publicly available at https://www.opindia.com/2019/06/bihar-three-including-a-journalist-arrested-withexplosives-naxal-literature-recovered/.

12. Attached as **Exhibit I** is a copy of Exhibit 1900, Business Ethics Committee Charter, adopted by Board resolution on December 20, 2017, specifying the Business Ethics framework that governs the selection of proposed customers for the licensing of Pegasus.

13. Attached as **Exhibit J** is a highlighted copy of Exhibit 2005, a November 11, 2018, licensing agreement, entered into by Q Cyber Technologies SARL and its End-User Customer.

14. Attached as **Exhibit K** is a true and correct highlighted copy of Exhibit 1083, Plaintiffs' presentation, entitled *Technical analysis of the WhatsApp 0-click exploit*.

15. Attached as **Exhibit L** is a true and correct copy of Exhibit 1156, a June 20, 2019, message exchange between WhatsApp Software Engineering Manager, Claudiu Gheorghe, and ███████████████.

███ ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████

17. Attached as **Exhibit N** is a true and correct, highlighted copy of Plaintiffs' Responses and Objections to Defendants' Third Set of Requests for Admission, dated October 27, 2023.

18. **Exhibit O** is Exhibit 1004, a 1 minute, 23 second video entitled, *Saudi Jihadi Cleric Abdallah Al-Muhaysini "Jaish Al-Fath" Aleppo, Syria, The Internet*, dated October 28, 2016. The video is available at https://www.memri.org/tv/saudi-jihadi-leader-al-muhaysini-aleppo-salutes-mother-and-wife-suicide-bomber-sending-him-his. As reported by the Middle East Media Research Institute (MEMRI), the video is "Saudi Jihadi Leader Al-Muhaysini in Aleppo Salut[ing] Mother and Wife of Suicide Bomber before Sending Him to His Death." The video shows Muhaysini standing with a young "Saudi suicide bomber," speaking in Arabic. The video contains English subtitles and the MEMRI website contains the following transcript:

> Abdallah Al-Muhaysini: "May Allah bless the mother of 'Abd A-Rahman here, and all our mothers, the mothers of mujahideen in Buraidah and everywhere. Let me congratulate you, because this hero is going to Paradise tonight, where he will marry the beautiful virgins, who are confined to tents.
>
> "I pray to Allah to make this operation a costly one to Allah's enemies, an operation that will bring relief to over 400,000 Muslims, who are languishing under bombardments. Allah

will reward all of them.

"I congratulate Yunis' wife, because he will be waiting for you on Judgment Day, and he will usher you into Paradise. By Allah, the martyrs - and the martyrdom-seekers are the greatest of martyrs - are the kindest of people toward their wives, mothers, and children. In this world, you - my mother in Buraidah, as well as (Yunis') mother - need us, but other people can replace us in this world.

"On Judgment Day, however, the only one that you have is someone who has been rewarded for his good deeds (i.e., is in paradise). A martyr can intercede on behalf of 70 relatives (on Judgment Day). May Allah protect you and make you and me steadfast."

Two copies of which are concurrently sent to the Court on USB-drives. Exhibit O shall be filed manually.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 13th of March 2025, at Los Angeles, California.


        */s/Joseph N. Akrotirianakis*
        JOSEPH N. AKROTIRIANAKIS