JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 625]** <br><br> Judge: Hon. Phyllis J. Hamilton <br><br> Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 625). Plaintiffs identified portions of their Opposition to Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert David J. Youssef ("Plaintiffs' Opposition") and Exhibit A to the Declaration of Micah G. Block in Support of Plaintiffs' Opposition (the "Block Declaration") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their positions below that some (but not all) of these materials should be sealed.

## I.    **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show that "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH,

1

2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that all highlighted portions of Plaintiffs' Opposition to Exhibit A to the Block Declaration require sealing. As shown below, however, good cause and compelling reasons exist warranting sealing narrow portions of Materials identified in Plaintiffs' Administrative Motion. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

### 1.   *Plaintiffs' Opposition (Dkt. 625-3)*

The highlighted portions of the Plaintiffs' Opposition on pages 4 (lines 9-12 only), 11, 14 (lines 1-5 only), 15 (lines 9 - 18 only), 17 (lines 9 - 11 only), 18 contain discussion of material and information that is subject to foreign law restrictions on public disclosure.

These excerpts also contain confidential and competitively sensitive technical information of Defendants, including detailed information describing how Defendants' technology operates. The disclosure of such information would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.,* 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (finding "compelling reasons to seal . . . information about the technical operation of [a party's] products"); *Transperfect Global, Inc. v. MotionPoint Corp.,* 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (finding compelling reasons to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology.")

### 2.   *Excerpts of David Youssef's Deposition (Dkt. 625-4, Exhibit A): page 159 line 5 through page 161 line 25*

Compelling reasons exist to seal the portions of David Youssef's Deposition Transcript attached as Exhibit A to Block Declaration to Plaintiffs' Opposition. The transcript of Youssef's deposition has been designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the

1    Stipulated Protective Order in this case (Dkt. 132). The excerpts Defendants seek to seal contain

2    confidential information about Defendants' technologies, which warrants sealing to prevent

3    substantial harm to Defendants' business and to Defendants' government customers. *See, e.g.,*

4    *Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at * 1.

5          Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative

6    Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials

7    described above.

8

9    Dated: March 27, 2025          KING & SPALDING LLP

10             By: */s/ Aaron S. Craig*

11             JOSEPH N. AKROTIRIANAKIS
     AARON S. CRAIG

12             *Attorneys for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28