# EXHIBIT 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, a Delaware corporation, and META PLATFORMS, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED & Q CYBER TECHNOLOGIES LIMITED'S FIRST SET OF INTERROGATORIES** |

1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Plaintiffs further object to this Interrogatory because the phrases "loss" and "losses" are overbroad, vague, and ambiguous. Plaintiffs further object to this Interrogatory as a premature and improper contention interrogatory. Plaintiffs further object to this Interrogatory to the extent it seeks expert discovery prior to the deadline for expert disclosures. Plaintiffs further object to this Interrogatory to the extent it seeks "all facts" concerning the conduct of Defendants, who have refused to meaningfully participate in discovery. Plaintiffs further object to this Interrogatory on the grounds that it prematurely asks Plaintiffs to marshal all proof Plaintiffs intend to offer at trial. Plaintiffs further object to this Interrogatory on the grounds that it calls for legal conclusions and that it prematurely seeks to explore disputed legal and factual contentions. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 4.

Subject to and without waiver of these objections, Plaintiffs respond as follows:

Plaintiffs are not able to fully respond to this Interrogatory because Defendants have not yet meaningfully participated in discovery, discovery is ongoing, and Plaintiffs have not yet completed their investigation of the facts or expert discovery. While Plaintiffs will not, and are not obligated to, catalog all evidence produced in discovery to date and supporting their allegations, Plaintiffs state that this includes, but is not limited to, the documents Bates-stamped WA-NSO-00018457, NSO_WHATSAPP_00000034, NSO_WHATSAPP_00000053, JEFF00008212, and TREOAM00005208. Plaintiffs' losses and related damages will be detailed and quantified in their forthcoming expert report.

Plaintiffs are continuing their investigation of the facts and reserve the right to supplement and/or amend this response as more information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Interrogatory as overbroad and unduly burdensome to the extent that it seeks "all facts" in support of a claim or contention. Plaintiffs further object that the burden of identifying evidence detailing the relevant facts and evidence produced in discovery is just as burdensome for Plaintiffs as it is for Defendants.

21

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Plaintiffs further object to this Interrogatory because the phrases "loss" and "losses" are undefined, overbroad, vague, and ambiguous. Plaintiffs further object to this Interrogatory to the extent it seeks "all facts" concerning the conduct of Defendants, who have failed to fulfill their discovery obligations. Plaintiffs further object to this Interrogatory on the grounds that it calls for legal conclusions. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 4.

Subject to and without waiver of these objections, Plaintiffs respond as follows:

While Plaintiffs will not, and are not obligated to, catalog all such evidence produced in discovery to date and supporting their allegations, Plaintiffs state that this includes, but is not limited to, the documents Bates-stamped WA-NSO-00067554 - WA-NSO-00107677; WA-NSO-00100682 –WA-NSO-00107724; WA-NSO-00017583 - WA-NSO-00022797; DIVITTORIO_WHATSAPP_00000001 - DIVITTORIO_WHATSAPP_00000132; WESTBRIDGE_WHATSAPP_00000001 - WESTBRIDGE_WHATSAPP_00004092; FPM-00000001 - FPM-00027253; NSO_WHATSAPP_00000001 - NSO_WHATSAPP_00000085; and NSO_WHATSAPP_00045764 - NSO_WHATSAPP_00045858. Plaintiffs also refer to all depositions taken to date, including but not limited to the depositions of Aashin Gautam, Carl Woog, Claudiu Gheorghe, Cortney Padua, Drew Robinson, Jesus Barcons Palau, Jonathan Lee, Susan Glick, Yuan Yuan Wang, Ramon Eshkar, Yaron Shohat, Tamir Gazneli, Sarit Bizinsky Gil, Joshua Shaner, and Terrence DiVittorio. Plaintiffs also refer Defendants to the Expert Report of Dana Trexler (the "Trexler Report") and the Supplemental Expert Report of Dana Trexler ("Trexler Supp. Report"), and the documents cited therein, which detail Plaintiffs' losses and damages.

At least 33 of Plaintiffs' employees contributed to the response to Defendants' unauthorized access, as listed in WA-NSO-00165049. In particular, Cortney Padua, Michael Scott, Drew Robinson, Aashin Gautam, Otto Ebeling, Jesus Barcons Palau, Claudiu Gheorghe, YuanYuan Wang, and additional employees worked on investigating and remediating NSO's exploits. Ms. Padua, a security engineer, was involved in such tasks as reviewing WhatsApp logs to gather evi-

22

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

dence of Defendants' Exploit and to monitor for potential ongoing exploitation of WhatsApp servers. Trexler Rep. ¶ 57. Mr. Scott, a threat investigator, was involved in such tasks as "determining the source of the exploit, including cross-referencing current information from WhatsApp logs with previously identified information for suspected 'test accounts.'" *Id.* at ¶ 61. Mr. Robinson, a security investigator, was involved in tasks including performing analyses of WhatsApp logs and server information to extract the payloads that had been deployed. *Id.* at ¶ 64. Mr. Gautam, director of customer operations, was involved in tasks including project management of the plan to resolve NSO's exploit. *Id.* at ¶ 67. Mr. Ebeling, a security engineer, was involved in tasks including determining how to respond to and prevent NSO's exploit. *Id.* at ¶ 70. Mr. Palau, a software engineer, was involved in such tasks as implementing code to detect malicious stanzas not adhering to WhatsApp specifications. *Id.* at ¶ 73. Mr. Gheorghe, a software engineer formerly at Meta, was involved in such tasks as supervising Meta engineers to execute the investigation and remediation of NSO's exploit. *Id.* at ¶ 76. Mr. Wang, a software engineering manager, was involved in such tasks as consulting with security teams at Meta to identify the software code permitting NSO's exploit. *Id.* at ¶ 79.

A conservative estimate of Plaintiffs' loss and damages for the time spent by these employees involved in responding to Defendants' exploit is at least $444,719. *Id.* at ¶ 86. These costs considered salary, performance bonus, employer payroll taxes, employer portion of health benefits, and Restricted Stock Unit ("RSU") grants, which was converted into an hourly expenditure rate. *Id.* at ¶ 85. Plaintiffs incorporate by reference the bases for these calculations set forth in Ms. Trexler's expert reports. These costs do not include estimates for all employees involved in responding to Defendants' exploit listed in Plaintiffs' initial disclosures, and Plaintiffs reserve the right to call those witnesses at trial to establish additional damages.

In addition, under the Terms of Service, Plaintiffs are entitled to indemnification of all losses caused by Defendants' breaches of the Terms of Service, including their costs and attorneys' fees. The amount of such costs and fees has not yet been fixed, and will be established at the appropriate damages phase of any trial.

23
PLAINTIFFS' SUPPLEMENTAL R&OS TO FIRST SET OF INTERROGATORIES
CASE NO. 4:19-CV-07123-PJH

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

As described in the Trexler Report, Plaintiffs' damages also include the unfair gains that Defendants derived from their unauthorized access to Plaintiffs' systems and breach of the WhatsApp Terms of Service. As described in the Trexler Supplemental Report, "a reasonable estimation of Defendants' profits earned in connection with Defendants' Exploit ranges between at least $21.3 million to $40.2 million," based on total revenue of at least $61.7 million. Trexler Supp. Rep. at 2–3, 16–17. Plaintiffs incorporate by reference the bases for these calculations set forth in Ms. Trexler's expert reports.

Plaintiffs reserve the right to supplement and/or amend this response to incorporate the testimony of any remaining witnesses and other discovery, and Plaintiffs reserve the right to use any evidence in the record to prove these facts, or any other facts, at trial.

**INTERROGATORY NO. 4:**

Identify and quantify all damages You claim to have suffered as the result of conduct of the Defendants as alleged in paragraphs 56, 57, 64, 65, and 73 of the Complaint and, with respect to each such claimed damage, state in detail all facts supporting the claim.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Interrogatory as overbroad and unduly burdensome to the extent that it seeks "all facts" in support of a claim or contention. Plaintiffs further object that the burden of identifying evidence detailing the relevant facts and evidence produced in discovery is just as burdensome for Plaintiffs as it is for Defendants. Plaintiffs further object to this Interrogatory because the phrase "damages" is overbroad, vague, and ambiguous. Plaintiffs further object to this Interrogatory as a premature and improper contention interrogatory. Plaintiffs further object to this Interrogatory to the extent it seeks expert discovery prior to the deadline for expert disclosures. Plaintiffs further object to this Interrogatory to the extent it seeks "all facts" concerning the conduct of Defendants, who have refused to meaningfully participate in discovery. Plaintiffs further object to this Interrogatory on the grounds that it prematurely asks Plaintiffs to marshal all proof Plaintiffs intend to offer at trial. Plaintiffs further

24

PLAINTIFFS' SUPPLEMENTAL R&OS TO FIRST SET OF INTERROGATORIES
CASE NO. 4:19-CV-07123-PJH

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

object to this Interrogatory on the grounds that it calls for legal conclusions and that it prematurely seeks to explore disputed legal and factual contentions. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 3.

Subject to and without waiver of these objections, Plaintiffs respond as follows:

Plaintiffs are not able to fully respond to this Interrogatory because Defendants have not yet meaningfully participated in discovery, discovery is ongoing, and Plaintiffs have not yet completed their investigation of the facts or expert discovery. While Plaintiffs will not, and are not obligated to, catalog all such evidence produced in discovery to date and supporting their allegations, Plaintiffs state that this includes, but is not limited to, the documents Bates-stamped WA-NSO-00018457, NSO_WHATSAPP_00000034, NSO_WHATSAPP_00000053, JEFF00008212, and TREOAM00005208. Plaintiffs' losses and related damages will be detailed and quantified in their forthcoming expert report.

Plaintiffs are continuing their investigation of the facts and reserve the right to supplement and/or amend this response as more information becomes available.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Interrogatory as overbroad and unduly burdensome to the extent that it seeks "all facts" in support of a claim or contention. Plaintiffs further object that the burden of identifying evidence detailing the relevant facts and evidence produced in discovery is just as burdensome for Plaintiffs as it is for Defendants. Plaintiffs further object to this Interrogatory because the phrase "damages" is undefined, overbroad, vague, and ambiguous. Plaintiffs further object to this Interrogatory to the extent it seeks "all facts" concerning the conduct of Defendants, who have failed to fulfill their discovery obligations. Plaintiffs further object to this Interrogatory on the grounds that it calls for legal conclusions. Plaintiffs further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 3.

Subject to and without waiver of these objections, Plaintiffs respond as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

While Plaintiffs will not, and are not obligated to, catalog all such evidence produced in discovery to date and supporting their allegations, Plaintiffs state that this includes, but is not limited to, the documents Bates-stamped WA-NSO-00067554 - WA-NSO-00107677; WA-NSO-00100682 – WA-NSO-00107724; WA-NSO-00017583 - WA-NSO-00022797; DIVITTORIO_WHATSAPP_00000001 - DIVITTORIO_WHATSAPP_00000132; WESTBRIDGE_WHATSAPP_00000001 - WESTBRIDGE_WHATSAPP_00004092; FPM-00000001 - FPM-00027253; NSO_WHATSAPP_00000001 - NSO_WHATSAPP_00000085; and NSO_WHATSAPP_00045764 - NSO_WHATSAPP_00045858. Plaintiffs also refer to all depositions taken to date, including but not limited to the depositions of Aashin Gautam, Carl Woog, Claudiu Gheorghe, Cortney Padua, Drew Robinson, Jesus Barcons Palau, Jonathan Lee, Susan Glick, Yuan Yuan Wang, Ramon Eshkar, Yaron Shohat, Tamir Gazneli, Sarit Bizinsky Gil, Joshua Shaner, and Terrence DiVittorio. Plaintiffs also refer Defendants to the Expert Report of Dana Trexler (the "Trexler Rep.") and the Supplemental Expert Report of Dana Trexler ("Trexler Supp. Rep."), and the documents cited therein, which detail Plaintiffs' losses and damages.

At least 33 of Plaintiffs' employees contributed to the response to Defendants' unauthorized access, as listed in WA-NSO-00165049. In particular, Cortney Padua, Michael Scott, Drew Robinson, Aashin Gautam, Otto Ebeling, Jesus Barcons Palau, Claudiu Gheorghe, YuanYuan Wang, and additional employees worked on investigating and remediating NSO's unauthorized conduct. Ms. Padua, a Security Engineer, was involved in such tasks as reviewing WhatsApp logs to gather evidence of Defendants' Exploit and to monitor for potential ongoing exploitation of WhatsApp servers. Trexler Rep. ¶ 57. Mr. Scott, a threat investigator, was involved in such tasks as "determining the source of the exploit, including cross-referencing current information from WhatsApp logs with previously identified information for suspected 'test accounts.'" *Id.* at ¶ 61. Mr. Robinson, a security investigator, was involved in tasks including performing analyses of WhatsApp logs and server information to extract the payloads that had been deployed. Trexler Rep. ¶ 64. Mr. Gautam, director of customer operations, was involved in tasks including project management of the plan to resolve NSO's exploit. *Id.* at ¶ 67. Mr. Ebeling, a security engineer,

26

PLAINTIFFS' SUPPLEMENTAL R&OS TO FIRST SET OF INTERROGATORIES
CASE NO. 4:19-CV-07123-PJH

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

was involved in tasks including determining how to respond to and prevent NSO's exploit *Id.* at ¶ 70. Mr. Palau, a software engineer, was involved in such tasks as implementing code to detect malicious stanzas not adhering to WhatsApp specifications. *Id.* at ¶ 73. Mr. Gheorghe, a software engineer formerly at Meta, was involved in such tasks as supervising Meta engineers to execute the investigation and remediation of NSO's exploit. *Id.* at ¶ 76. Mr. Wang, a software engineering manager, was involved in such tasks as consulting with security teams at Meta to identify the software code permitting NSO's exploit. *Id.* at ¶ 79.

A conservative estimate of Plaintiffs' loss and damages for the time spent by these employees involved in responding to Defendants' exploit is at least $444,719. *Id.* at ¶ 86. These costs considered salary, performance bonus, employer payroll taxes, employer portion of health benefits, and Restricted Stock Unit ("RSU") grants, which was converted into an hourly expenditure rate. *Id.* at ¶ 85. Plaintiffs incorporate by reference the bases for these calculations set forth in Ms. Trexler's expert reports. These costs do not include estimates for all employees involved in responding to Defendants' exploit listed in Plaintiffs' initial disclosures, and Plaintiffs reserve the right to call those witnesses at trial to establish additional damages.

In addition, under the Terms of Service, Plaintiffs are entitled to indemnification of all losses caused by Defendants' breaches of the Terms of Service, including their costs and attorneys' fees. The amount of such costs and fees has not yet been fixed, and will be established at the appropriate damages phase of any trial.

As described in the Trexler Report, Plaintiffs' damages also include the unfair gains that Defendants derived from their unauthorized access to Plaintiffs' systems and breach of the WhatsApp Terms of Service. As described in the Trexler Supplemental Report, "a reasonable estimation of Defendants' profits earned in connection with Defendants' Exploit ranges between at least $21.3 million to $40.2 million," based on total revenue of at least $61.7 million. Trexler Supp. Rep. at 2–3, 16–17. Plaintiffs incorporate by reference the bases for these calculations set forth in Ms. Trexler's expert reports.

27

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Plaintiffs reserve the right to supplement and/or amend this response to incorporate the testimony of any remaining witnesses and other discovery, and Plaintiffs reserve the right to use any evidence in the record to prove these facts, or any other facts, at trial.

**INTERROGATORY NO. 5:**

Explain how you contend NSO "exceeded authorized access" to WhatsApp's servers, including but not limited to identifying with particularity (1) any limitations on access to WhatsApp servers you contend NSO circumvented; (2) how you contend NSO circumvented those limitations; and (3) any areas of WhatsApp's servers that you contend NSO accessed that are not accessible to other WhatsApp users.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Plaintiffs object to the Interrogatory as overbroad and unduly burdensome. Plaintiffs further object that the burden of identifying evidence detailing the relevant facts and evidence produced in discovery is just as burdensome for Plaintiffs as it is for Defendants. Plaintiffs further object to this Interrogatory because the phrase "any limitations on access" is overbroad, vague, and ambiguous. Plaintiffs further object to this Interrogatory as a premature and improper contention interrogatory. Plaintiffs further object to this Interrogatory to the extent it seeks expert discovery prior to the deadline for expert disclosures. Plaintiffs further object to this Interrogatory to the extent it seeks information concerning the conduct of Defendants, who have refused to meaningfully participate in discovery. Plaintiffs further object to this Interrogatory on the grounds that it prematurely asks Plaintiffs to marshal all proof Plaintiffs intend to offer at trial. Plaintiffs further object to this Interrogatory on the grounds that it calls for legal conclusions and that it prematurely seeks to explore disputed legal and factual contentions. Plaintiffs further object to this Interrogatory because it consists of multiple discrete subparts, each of which comprises a separate interrogatory.

Subject to and without waiver of these objections, Plaintiffs respond as follows:

28