Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>     Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>     Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 609]**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this statement in response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). Dkt. No. 609. The Administrative Motion identifies certain documents filed in connection with NSO's Opposition to Plaintiffs' Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault (Dkt. No. 608-2) (the "Opposition") as containing information designated as "Highly Confidential – Attorney's Eyes Only" by Plaintiffs pursuant to the August 31, 2020 Stipulated Protective Order. Dkt. No. 132.

Plaintiffs respectfully request that the Court keep under seal only certain portions of the Opposition, the Declaration of Aaron S. Craig filed in support of the Opposition (the "Craig Declaration"), and Exhibit F thereto (Dkt. No. 608-3) (together, the "Confidential Materials"), as set forth in the supporting declaration of Gina Cora filed herewith. Plaintiffs make this request pursuant to Local Civil Rules 79-5(c) and (d). Plaintiffs' request is narrowly tailored and seeks only to redact those portions of the Confidential Materials that contain sensitive and confidential information. The Court previously granted Plaintiffs' sealing request as to a near identical version of Exhibit F under the same sealing standard, *see* Dkt. No. 358 at 12, and Plaintiffs' current request seeks just one additional, narrow redaction of the personal phone number of one of Plaintiffs' testifying employees, which was not reflected in the version previously before the Court.

Plaintiffs have no objection to unsealing the remaining materials and take no position with respect to information designated as confidential by NSO and/or any nonparties.

### **ARGUMENT**

The parties agree that the appropriate standard for sealing confidential materials in relation to non-dispositive *Daubert* motions, such as the Opposition, is "good cause," and that under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 609] CASE NO. 4:19-CV-07123-PJH

1  confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal.
2  Mar. 8, 2013) (Hamilton, J.); *see* Dkt. No. 608 at 2.  The parties also agree that "good cause" re-
3  quires only "a particularized showing" that sealing is appropriate, which "will suffice to seal docu-
4  ments produced in discovery." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th
5  Cir. 2006).

6      Plaintiffs submit that good cause exists to redact the Confidential Materials, which are com-
7  prised of one email (Exhibit F to the Craig Declaration) and related discussions of that email in the
8  Opposition and Craig Declaration.  The Confidential Materials reflect Plaintiffs' internal communi-
9  cations relating to (1) confidential business strategy, including internal communications regarding
10 Plaintiffs' responses to regulatory inquiries (Dkt. No. 608-3, Ex. F at 2–3); (2) materials to which
11 Plaintiffs owe a duty of confidentiality to a third party (*id.* at 3); and (3) the personal phone number
12 of one of Plaintiffs' testifying witnesses (*id.* at 1).  The proposed redactions are narrowly tailored
13 and consistent with the Court's previous order that applied the same "good cause standard" in
14 granting Plaintiffs' request to redact a version of Exhibit F, the content of which is contained en-
15 tirely within the version that is the subject of the present request.  *Compare* Dkt. No. 307-3, Ex. 2,
16 *with* Dkt. No. 608-3, Ex. F.  Additionally, Plaintiffs seek to redact the personal phone number of
17 one of Plaintiffs' testifying employees (Dkt. No. 608-3, Ex. F at 1), which was not contained in the
18 version of Exhibit F previously before the Court.

19     Courts have routinely held that such confidential business information satisfies the compel-
20 ling reasons standard, which is far more "exacting" than the good-cause standard applicable here.
21 *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023); *see also In re Sony*
22 *Gaming Networks & Customer Data Sec. Breach Litig.*, 2015 WL 13653885, at *1 (S.D. Cal. Jan.
23 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of con-
24 fidentiality"); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8 (S.D. Cal. July 27,
25 2021) (sealing is "often granted to protect an individual's privacy and prevent exposure to harm,
26 particularly where the information relates to nonparties"); *In re Qualcomm Litig.*, 2017 WL

27
28

2

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER AN-
OTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 609] CASE NO. 4:19-CV-07123-PJH

5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal information subject to confidentiality agreements).

Moreover, the redaction of "personal phone numbers" of employees is consistent with this Court's recent sealing order (Dkt. No. 633 at 9), and the approach taken by other courts in this district with respect to the sealing of personal contact information. *See Ehret v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding the "specific e-mail addresses" of employees of a party were "not relevant to the merits of the motion of this case").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and maintain under seal the Confidential Materials.

3

Local Rule 79-5(F)(3) Statement in Response to Defs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal [Dkt No. 609] Case No. 4:19-cv-07123-PJH

| | |
|---|---|
| Dated: March 27, 2025 | Respectfully Submitted, |
| | DAVIS POLK & WARDWELL LLP |
| | By: /s/ Gina Cora |
| | Greg D. Andres |
| | Antonio J. Perez-Marques |
| | Gina Cora |
| | Craig T. Cagney |
| | Luca Marzorati |
| | (admitted *pro hac vice*) |
| | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile: (212) 701-5800 |
| | Email: greg.andres@davispolk.com |
| | antonio.perez@davispolk.com |
| | gina.cora@davispolk.com |
| | craig.cagney@davispolk.com |
| | luca.marzorati@davispolk.com |
| | |
| | Micah G. Block (SBN 270712) |
| | DAVIS POLK & WARDWELL LLP |
| | 900 Middlefield Road |
| | Redwood City, California 94063 |
| | Telephone: (650) 752-2000 |
| | Facsimile: (650) 752-2111 |
| | Email: micah.block@davispolk.com |
| | |
| | *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.* |

4

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 609] CASE NO. 4:19-CV-07123-PJH