JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
AARON S. CRAIG
acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARARTION OF MICHAL ALCHEH IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR A STAY PENDING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND FURTHER RECONSIDERATION OF THE ORDER DENYING IN PART MOTION TO SEAL**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

## DECLARATION OF MICHAL ALCHEH

I, Michal Alcheh, declare as follows:

1. I currently serve as Chief People Officer and head of HR at NSO Group Technologies. I submit this declaration in support of Defendants' Emergency Motion for a Stay Pending Motion for Leave to File a Motion for Reconsideration and Further Reconsideration of the Order Denying in Part Motion to Seal. I have personal knowledge of the facts stated herein, and if called upon to do so, could and would competently testify thereto.

2. In its March 21, 2025 Order, the Court directed Defendants to make public the personally-identifiable information of non-testifying employees.

3. Defendants operate in the intelligence industry, and in that field it is standard industry practice to keep confidential and to protect employees' names and other identifying information from public exposure. Given the nature of our work, and the fact that we are solely engaged by law enforcement and clandestine national security authorities to provide them tools in the course of their work, including in counter-terrorism matters, maintaining confidentiality is crucial. I believe that our employees are likely being targeted by cyber criminals and other offenders. Disclosing their identities would make it easier for such criminals to do so.

4. In addition, based on past experience, I believe that revealing the names of our employees would subject them to harassment. The risk of such harassment is particularly significant here because NSO Group is an Israeli company. I know that when our employees' identities become known, they are targeted by anti-Israel organizations. At the same time, I am aware of various media publications (whether as articles or via social networks) that have personally attacked our employees, even publishing some names at times, in attempt to shame them or deter other companies from hiring them in the future.

5. Forcing Defendants to publicly disclose employees' names would not only directly harm the employees, it would also harm Defendants. Given the standard practices in the industry, reliable assurances of maintaining confidentiality are expected by employees and are critical for a Defendants to be able to recruit and retain top talent. If Defendants are forced to publicly disclose their non-testifying employees' identities, it would harm Defendants' competitive position by

making it more difficult to recruit and retain employees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Michal Alcheh

DECL. OF ALCHEH ISO MOTION TO STAY     3     Case No. 4:19-cv-07123-PJH