1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2  AARON S. CRAIG
     *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12  WHATSAPP INC., a Delaware corporation,    Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
13  corporation,
                        Plaintiffs,           **DEFENDANTS' EMERGENCY MOTION**
14                                            **FOR EXPEDITED BRIEFING**
                                              **SCHEDULE REGARDING**
15          v.                                **DEFENDANTS' MOTION FOR STAY**
                                              **OR, ALTERNATIVELY,**
16  NSO GROUP TECHNOLOGIES LIMITED            **ADMINISTRATIVE MOTION TO STAY**
    and Q CYBER TECHNOLOGIES LIMITED,         **COMPLIANCE DATE**
17
                        Defendants.           **Relief Requested by March 31, 2025**
18

19                                            Judge:   Hon. Phyllis J. Hamilton

20                                            Action Filed:   10/29/2019

21
                                              **Re: Dkt. No. 662, Motion to Stay**
22

23

24

25

26

27

28

## NOTICE OF MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively with NSO, "Defendants") hereby move the Court for an order shortening the filing deadlines related to Defendants' Emergency Motion for a Stay of Portions of the Order Denying in Part Motion to Seal ("Motion for Stay"). This Motion is based upon the points and authorities set forth herein, as well as those facts attested to the accompanying Declaration of Aaron S. Craig. The Motion for Stay seeks to stay the Court's Order Denying in Part the Motion to Seal (Dkt. No. 633) ("Order on Sealing") with respect to certain documents identified in the Motion to Stay and the [Proposed] Order accompanying the Motion to Stay, which would currently require Defendants to file provisionally sealed material on the public docket by next **Friday, April 4.** Accordingly, in order for Defendants' Motion for Stay to provide meaningful relief, this Motion seeks to shorten the briefing on the Motion for Stay so that it will be fully briefed by **Wednesday, April 2.** Alternatively, Defendants respectfully request that the Court enter an administrative stay of the Order on Sealing until the Motion for Stay can be fully briefed and decided.

**Defendants also respectfully request that the Court rule on this Motion by Monday, March 31, 2025.** Permitting the ordinary four days for a response to this motion would prevent the Court from providing the relief requested herein.

## STATEMENT OF RELIEF SOUGHT

In accordance with Local Civil Rule 6-3, Defendants respectfully move this Court to expedite the briefing and any hearing on Defendants' Motion for a Stay Pending Motion for Leave to File a Motion for Reconsideration, filed today, so that it will be fully briefed by **Wednesday, April 2**. In the alternative, pursuant to Local Civil Rule 7-11, Defendants request that the Court administratively stay the date by which Defendants must disclose information in compliance with the Order on Sealing—so that the Court can consider Defendants' Motion for Stay before that disclosure is required under the Court's Order.

### POINTS AND AUTHORITIES

In its March 21, 2025 Order on Sealing, the Court ordered Defendants to file on the public docket all documents as to which the motion to seal was denied.  The deadline for compliance is April 4.  Concurrent with this filing, Defendants' Motion for Stay (Dkt. No. 662) seeks to stay the April 4 compliance deadline to allow Defendants to file a motion to seek leave to move the Court to reconsider portions of the Order on Sealing that would require publicly disclosing three categories of information—(1) personally identifiable information concerning Defendants' employees, (2) technical information regarding Defendants' technology and other export controlled information, and (3) confidential information pertaining to sealed foreign proceedings.

As explained in the Motion for Stay, disclosure of these documents would cause Defendants irreparable harm. The expedited briefing sought in this motion is necessary because, under the schedule set by the Local Rules, Defendants' Motion for Stay will not be heard until after the April 4 deadline for Defendants to file the documents publicly has already passed.  *See* L.R. 7-2(a) (a motion cannot be noticed for hearing until 35 days after service of the motion).  Accordingly, absent a change in either the briefing schedule or the date of compliance, the Court will not consider Defendants' Motion for Stay until well after the current April 4, 2025 deadline for filing the documents on the public docket.  Given that Defendants are seeking to stay this very deadline, Defendants' Motion for Stay must be considered before this deadline if it is to be considered at all.

### A.    The Court Should Shorten the Briefing Schedule on the Motion for Stay.

Pursuant to Local Rule 6-3, Defendants request that the Court expedite the briefing of Defendants' Motion for Stay to allow it be considered before Defendants' current deadline for publicly disclosing documents on April 4, 2025. Shortening the time is necessary in order to allow the Motion for Stay to be considered before the compliance deadline.  After Defendants' counsel informed counsel for Plaintiffs about the relief sought by both the Motion for Stay and by this Motion, counsel for Plaintiffs responded that Defendants should include the following statement on behalf of Plaintiffs' counsel:

1
2
3
4

> *"Plaintiffs have not received sufficient information about NSO's anticipated motion to state a position. Subject to seeing what NSO seeks, Plaintiffs do not anticipate taking a position regarding whether NSO can establish grounds to keep its information hidden from the public. NSO has said that it does not intend its motion to affect any other proceeding in the case, including trial, but Plaintiffs oppose any relief that would have that effect."*

5

*See* Decl. of Aaron Craig ¶ 8.

6   Defendants will suffer "substantial harm or prejudice" absent an order expediting the
7   briefing cycle. L.R. 6-3. As explained in the Motion for Stay, the Order on Sealing will irreversibly
8   make Defendants' information public because "[o]nce information is published, it cannot be made
9   secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). The Order forces
10  Defendants to make public the personally identifiable information of non-testifying employees,
11  disclose highly sensitive and proprietary technical information that would be damaging to
12  Defendants' business, and information related to sealed foreign proceedings that will irreparably
13  harm Defendants and third parties. *See* Dkt. No. 662 at 7-10. Absent an order expediting briefing
14  and consideration of the Motion for Stay, Defendants will be deprived of the right to seek
15  reconsideration and any further review of the Order.

16  Accordingly, Defendants propose that if Plaintiffs intend to file an opposition to the Motion
17  for Stay, that such opposition be due on Tuesday, April 1, 2025 and any reply by Defendants be due
18  on Wednesday, April 2, 2025. Defendants are willing to forego a hearing on the Motion for Stay
19  for the Motion to be ruled upon by noon on April 3, 2025.

20  Pursuant to Local Rule 6-3(5), Defendants state that the Court has previously issued the
21  following time modifications in this case: in addition to the time modifications described in the
22  declarations of Joseph N. Akrotirianakis (Dkt. Nos. 571-1, 538-1, 520-1), the Court granted an
23  administrative motion to continue briefing deadlines and a stipulation setting the briefing schedule
24  on the motion for a permanent injunction (Dkt. No. 577).

25  The requested order expediting the briefing schedule on the Motion for Stay would have no
26  effect on the schedule for the case, as Plaintiffs continue to have access to the documents at issue
27  and may use them in accordance with the terms of the Stipulated Protective Order (Dkt. No. 132).

28  **B.      Alternatively, the Court Should Administratively Stay the Compliance Deadline**

**Pending Resolution of Defendants' Motion for Stay.**

In the alternative, Defendants request that the Court enter an administrative stay of the current April 4 deadline pending resolution of the Motion for Stay with respect to the documents identified in the Motion for Stay and the [Proposed] Order. An administrative stay would maintain the status quo and protect Defendants from harm pending normal resolution of the Motion for Stay. This request is justified for the reasons set forth in the Motion for Stay. Namely, (i) there is a substantial case for relief on the merits of Defendants' forthcoming motion for reconsideration; (ii) absent a stay, Defendants would suffer irreparable harm because they are under legal obligations under Israeli law to protect the confidentiality of many of the documents at issue, disclosure of the information would cause irreparable harm to Defendants, and Defendants' non-testifying employees would be irreparably harmed by having their personal information publicly disclosed; (iii) a stay would cause Plaintiffs no harm; (iv) a stay is in the public interest because the public has no interest in the information that is the subject of the forthcoming motion for reconsideration; and (v) as set forth in the accompanying declaration of Tamir Gazneli, in the absence of a stay, hostile state actors and the potential targets of lawfully authorized surveillance will have access to information that could enable them to develop and exploit the very technologies developed by NSO to aid lawful criminal and anti-terrorism investigations. *See* Dkt. No. 662 at 6-13; Gazneli Decl. ¶¶ 3, 5.

If the disclosure deadline is administratively stayed pending resolution of the Motion for Stay, the Court and the parties can follow the normal briefing and hearing schedule provided by the Local Rules for Defendants' Motion for Stay.

This motion is accompanied by proposed orders (both for an expedited schedule and an administrative stay) and by the Declaration of Aaron S. Craig, which details the reasons for the requested change in time and provides the other information required by Local Civil Rule 6-3(a).

## CONCLUSION

For the foregoing reasons, the Court should expedite the briefing and hearing schedule for Defendants' Motion for Stay or, alternatively, administratively stay the date for Defendants to disclose the information under the Order on Sealing pending resolution of the Motion for Stay.

1    DATED: March 28, 2025                    KING & SPALDING LLP

2                                            By: /s/ *Aaron S. Craig*
                                                JOSEPH N. AKROTIRIANAKIS
3                                               AARON S. CRAIG

4                                            Attorneys for Defendants NSO GROUP
                                             TECHNOLOGIES LIMITED and Q
5                                            CYBER TECHNOLOGIES LIMITED

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28