JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARARTION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR EXPEDITED BRIEFING SCHEDULE REGARDING DEFENDANTS' MOTION TO STAY OR, ALTERNATIVELY, ADMINISTRATIVE MOTION TO STAY COMPLIANCE DATE**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019<br><br>**Re: Dkt. No. 662** |

## DECLARATION OF AARON S. CRAIG

I, Aaron S. Craig, declare as follows:

1. I am an attorney admitted to practice law before this Court and duly licensed to practice in the State of California. I am a partner at the law firm King and Spalding LLP and counsel for Defendants in the above-captioned action. I submit this declaration in support of Defendants' Emergency Motion for Expedited Briefing Schedule Regarding Defendants' Motion for Stay or, Alternatively, Administrative Motion to Stay Compliance Date. I have personal knowledge of the facts stated herein, and if called upon to do so, could and would competently testify thereto.

2. On March 21, 2025, this Court issued an order Denying in Part Defendants' Motion to Seal. *See* Dkt. No. 633 ("Order on Sealing"). That Order requires Defendants by April 4, 2025 to file on the public docket all documents as to which the motion to seal was denied. The documents that Defendants must produce include—(1) confidential information pertaining to sealed foreign proceedings, (2) technical information regarding Defendants' technology, and (3) personally identifiable information concerning Defendants' employees.

3. As explained in Defendants' Motion for Stay, being filed concurrently herewith (anticipated Dkt. No. 662) ("Motion for Stay"), the Order will irreversibly make Defendants' information public because "[o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). The Order on Sealing forces Defendants to make public the personally-identifiable information of non-testifying employees. It requires Defendants to disclose highly sensitive and proprietary technical and other export-controlled information that Defendants are required to protect under Israeli law that, if disclosed, would not only be damaging to Defendants' business but allow third parties, including hostile state parties, to deduce Defendants' research and working methods, and be exploited by the targets of NSO's clients—including criminal and terrorist suspects around the globe. *See* Declaration of Tamir Gazneli in Support of Motion to Stay ("Gazneli Decl.") ¶¶ 3, 5. And it would require Defendants to reveal information related to sealed foreign proceedings that comity militates remain sealed. *See* Motion to Stay at 7-10. Absent an order expediting briefing and consideration of the Motion to

Stay, Defendants will be deprived of the right to seek reconsideration and any further review of the Order.

4. The expedited briefing sought in Defendants' motion is necessary because, under the schedule set by the Local Rules, Defendants' Motion for Stay will not be heard until after the April 4 deadline for Defendants to file the documents publicly has already passed. Absent a change in either the briefing schedule or the date of compliance, the Court will not consider Defendants' Motion to Stay until well after the current deadline for publicly filing the documents on April 4, 2025. Given that Defendants are seeking to stay this very deadline, Defendants' Motion to Stay must be considered before April 4 if it is to be considered at all.

5. Alternatively, Defendants seek an administrative stay of the April 4 deadline with respect to the following documents identified in Exhibit A to Defendants' Unopposed Omnibus Administrative Motion to File Under Seal (Dkt. No. 550-1):

Documents with Employees' Names for which Redaction is Sought: Rows 5, 6, 7, 8, 11, 13, 18, 19, 29, 34, 36, 43, 68.

Israeli Export Controlled Documents: Rows 1, 2, 3, 5, 7, 9, 10, 13, 16, 17, 22, 25, 26, 29, 30, 31, 32, 33, 35, 38, 41, 42, 43, 52, 53, 55, 56, 60, 61, 62, 63, 64, 65, 66, 73, 75, 76, 77, 82, 85 and 87

Documents making Reference to Confidential Foreign Proceedings for which Redaction is Sought: Rows 49, 70, 71 (Dkt. 405-4, Block Decl. Exhs. D-G only), 72 (Dkt. 405-4, Block Decl. Exh. I only).

6. An administrative stay would maintain the status quo and protect Defendants from harm pending normal resolution of the Motion to Stay. This request is justified for the reasons set forth in the Motion to Stay. Namely, (i) there is a substantial case for relief on the merits of Defendants' forthcoming motion for reconsideration; (ii) absent a stay, Defendants would suffer irreparable harm because they are under legal obligations under Israeli law to protect and preserve the confidentiality of many of the documents at issue; disclosure of the information would cause irreparable harm to Defendants' and third parties; and Defendants' non-testifying employees would be irreparably harmed by having their personal information publicly disclosed; (iii) a stay would cause Plaintiffs no harm; (iv) a stay is in the public interest because the public has no interest in the

information that is the subject of the forthcoming motion for reconsideration; and (v) as set forth in the accompanying declaration of Tamir Gazneli, in the absence of a stay, hostile state actors and the potential targets of lawfully authorized surveillance will have access to information that could enable them to develop and exploit the very technologies developed by NSO to aid lawful criminal and anti-terrorism investigations.  *See* Dkt. No. 662 at 6-13; Gazneli Decl. ¶¶ 3, 5.

7. The relief sought in this Motion—either expediting the briefing schedule or administratively staying the April 4 deadline until such time as the Court can rule on the Motion to Stay—will ensure that the Motion for Stay is fully briefed and considered before Defendants are irreparably harmed.

8. The relief sought in this motion would also have no effect on the schedule for this case, as Plaintiffs continue to have access to the documents at issue and may use them in accordance with the terms of the Stipulated Protective Order (Dkt. No. 132).

9. On March 26, 2025, I e-mailed counsel for Plaintiffs asking if they would stipulate to the relief sought, both as to the Motion to Stay and as to this Motion.  I explained that the relief by the Motion to Stay would be to stay the Order on Sealing with respect to the three categories of documents set forth in paragraph 2 above.  I further explained that Defendants were also seeking an order shortening time on the briefing on the Motion to Stay, such that any opposition would be due April 1, 2025, with a reply due April 2, 2025, and asked Plaintiffs if they would consent to that schedule if in fact they intended to oppose the Motion to Stay.  Counsel for Plaintiffs asked Defendants to provide the Court with this statement of their position:

> *"Plaintiffs have not received sufficient information about NSO's anticipated motion to state a position.  Subject to seeing what NSO seeks, Plaintiffs do not anticipate taking a position regarding whether NSO can establish grounds to keep its information hidden from the public.  NSO has said that it does not intend its motion to affect any other proceeding in the case, including trial, but Plaintiffs oppose any relief that would have that effect."*

10. Pursuant to Local Rule 6-3(5), I note that the Court has previously issued the following time modifications in this case: in addition to the time modifications described in the declarations of Joseph N. Akrotirianakis (Dkt. Nos. 520-1, 538-1, 520-1), the Court granted an administrative motion to continue briefing deadlines and a stipulation setting the briefing schedule on the motion for a permanent injunction (Dkt. No. 577).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 28, 2025, in Los Angeles, California.

/s/ *Aaron S. Craig*
Aaron S. Craig