UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

    Plaintiffs,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 19-cv-07123-PJH

**ORDER RE MOTION TO STAY, MOTION TO SHORTEN TIME**

Re: Dkt. 662, 663

    Before the court is defendants' motion to stay portions of the court's March 21, 2025 order denying in part defendants' motion to seal. See Dkt. 662. Defendants have styled their motion as an "emergency" motion. Defendants have also filed an administrative motion to shorten time. See Dkt. 663. Defendants' counsel filed the two motions on the afternoon of Friday, March 28, 2025, and requested that the court rule on the latter motion by Monday, and the former motion by noon on Thursday.

    As an initial matter, the court points out that any "emergency" is entirely of defendants' own making. The court has repeatedly instructed both parties on the Ninth Circuit's stringent standards for sealing documents on the public docket, as well as this court's own Civil Local Rule 79-5. In particular, this court's local rule requires parties to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)," and specifically requires a "proposed order that is narrowly tailored to seal only the sealable material." See Civ. L.R. 79-5(c)(3).

    In their motion to stay, defendants complain that certain information may be "publicly exposed simply because defendants' motion – even though it provided a sound

1   basis to keep that information sealed – did not sufficiently tailor the request for sealing."
2   See Dkt 662 at 7.  In other words, defendants admit that their motion did not comply with
3   the sealing rule, yet they still treat its denial as an "emergency" necessitating expedited
4   action by opposing counsel and by the court.  The court also points out that the sealing
5   motion at issue was itself a second bite at the apple, the court having given the parties an
6   opportunity to file a narrowed "omnibus" motion, to replace voluminous motions to seal
7   that were far too broad to be granted.
8         Turning to the merits of defendants' self-styled "emergency," defendants seek a
9   stay of the court's order denying three specific categories of their motion to seal:
10  (1) documents with names and email addresses of non-testifying employees, (2)
11  documents that defendants describe as sensitive and related to the functionality of
12  defendants' software, and (3) documents discussing certain foreign proceedings.
13        As to category (1), defendants' primary argument is that the court's "disparate
14  treatment of the non-testifying witnesses for the parties – on the ground that defendants
15  sought to seal entire documents containing employees' names while plaintiffs sought to
16  redact only employees' names – punishes defendants' employees for actions and
17  circumstances completely outside their control."  See Dkt. 662 at 11-12.  As mentioned
18  above, defendants' counsel fails to acknowledge that it was their own actions which
19  created the circumstances that they now complain about.  If they had done what the
20  sealing rules require and redacted the employees names and email addresses – as even
21  now, they acknowledge that the names and email addresses are the sole basis for
22  sealing – their motion would have been granted, without the need for "emergency" filings.
23        That said, the court does not wish to punish defendants' employees for the actions
24  of defendants' counsel.  So, as to category (1), the court will give defendants a third bite
25  at the apple, and will allow them to file a revised omnibus motion to seal on only the
26  limited bases specified in this order.  Specifically, as to only the documents identified in
27  defendants' motion to stay (i.e., Dkt. 662 at 5:8-9), the court will allow defendants to file a
28  revised motion to seal, seeking only redactions of the names and email addresses of

United States District Court
Northern District of California

1    non-testifying employees.  The court will not seal any of these documents in their entirety.

2          The court will now jump ahead and address category (3), documents containing
3    discussion of certain foreign proceedings.  While defendants are correct that some of the
4    documents do indeed contain sealable information, the court will not approve overbroad
5    requests in general, and specifically will not approve requests to seal entire documents
6    when redaction is practicable.  As an example, exhibit E to the Block declaration in
7    support of the sanctions motion is a letter between opposing counsel, containing some
8    discussion of foreign proceedings, but also containing discussion of largely standard
9    discovery issues.  See Dkt. 418-5.  As the court has emphasized in the past, and
10   continues to emphasize now, sealing entire documents is to be avoided wherever
11   possible.  And as can be seen in the omnibus sealing order, the court has denied such
12   overbroad requests from both sides.  See, e.g., Dkt. 633 at 5, 8.

13         As with category (1), the court will allow defendants to have a third bite at the
14   apple as to category (3).  Specifically, the court will allow defendants to include in their
15   revised "omnibus" motion the documents identified in this category in their motion to stay
16   (i.e., Dkt. 662 at 5:13-14).  The court will not seal any of these documents in their entirety.

17         Finally, the court addresses category (2) of documents identified in defendants'
18   motion to stay, which are described either as "Israeli export controlled documents" or
19   "sensitive, non-public information regarding defendants' technology, including confidential
20   and competitive technical information, the disclosure of which would reveal the
21   functioning of defendants' software."  See Dkt. 662 at 9.  Although the court has not yet
22   performed an exact calculation, it appears that defendants seek to include well over half
23   of all documents that were part of their original sealing motion.  Moreover, the rationale
24   offered by defendants – that the documents reveal or describe "the functioning of
25   defendants' software" – is one that had already been squarely rejected by the court, most
26   notably in its order requiring that all summary judgment briefs be unsealed and filed
27   publicly in their entirety.  The court is disinclined to allow any additional sealing under this
28   proffered rationale.

However, out of an abundance of caution, the court will allow defendants an opportunity at the pretrial conference – time permitting – to present one or two illustrative documents from category (2) that best present the case for sealing. However, the court emphasizes that, as stated in its omnibus sealing order, it will not accept boilerplate arguments about business interests or competitive harm.

Accordingly, defendants' motion to stay and motion to shorten time are DENIED as moot. Due to the fact that plaintiffs did not oppose defendants' initial omnibus sealing motion, and due to the short period of time between now and the start of trial, the court will not take further briefing on defendants' motions, and instead imposes the following rulings, as explained above: defendants shall have until **April 4, 2025** to file a revised omnibus motion covering (1) redactions of non-testifying employee names and email addresses in the documents identified in defendants' motion to stay, and (2) redactions of references to certain foreign proceedings in the documents identified in defendants' motion to stay.

Regarding the final category of documents identified in the motion to stay – referred to either as "Israeli export controlled documents" or "sensitive, non-public information regarding defendants' technology, including confidential and competitive technical information, the disclosure of which would reveal the functioning of defendants' software" – the court defers ruling on the merits of defendants' request until after the pretrial conference, and defendants may wait to file the documents identified in this category until after the court sets a deadline at the pretrial conference.

**IT IS SO ORDERED.**

Dated: March 31, 2025

    /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge