JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 642]** <br><br> Judge: Hon. Phyllis J. Hamilton <br><br> Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 642). Plaintiffs identified portions of their Reply in Support of its Motion to Exclude Certain Expert Opinions of Gregory A. Pinsonneault ("Plaintiffs' Reply") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their positions below that these materials should be sealed.

## I. <u>LEGAL STANDARD</u>

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show that "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the materials are not filed in connection with a dispositive motion, nor has the related Daubert motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a Daubert motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations

1  omitted) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is

2  appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

3  **II.    DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT**

4          As explained below, compelling and good cause reasons exist warranting sealing

5  highlighted portions on pages 12 and 13 of Plaintiffs' Reply. Those portions contain discussion of

6  Defendants' confidential business information, including NSO's R&D costs, headcount, revenue,

7  and profit margins, the disclosure of which would put NSO at a competitive disadvantage, which

8  warrants sealing. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal.

9  Feb. 9, 2016) (recognizing "compelling reasons to seal . . . financial revenue data"); *Transperfect*

10  *Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (finding that

11  "proprietary information" regarding a party's "internal business operations" warrants sealing);

12  *Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *1 (D. Nev. June

13  20, 2019) (finding "[c]ompelling reasons justifying sealing court records generally exist" when

14  such files contain "business information that might harm a litigant's competitive standing"); *Icon-*

15  *IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4,

16  2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is

17  appropriately sealable under the 'compelling reasons' standard where that information could be

18  used to the company's competitive disadvantage"); *Fed. Trade Comm'n v. Microsoft Corp.*, No.

19  23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling

20  reasons to seal "[n]on-public sensitive financial information.")

21          Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative

22  Motion and enter the proposed Order filed concurrently herewith sealing the portions of Plaintiff's

23  Reply described above.

24

25  Dated: April 3, 2025                        KING & SPALDING LLP

26                                              By: */s/ Aaron S. Craig*
                                                JOSEPH N. AKROTIRIANAKIS
27                                              AARON S. CRAIG
                                                *Attorneys for Defendants*
28

2