JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 651]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 651). Plaintiffs identified portions of their Reply in Support of Motion to Exclude the Expert Testimony of Terrence McGraw ("Plaintiffs' Reply") and Exhibit B to the Declaration of Antonio J. Perez-Marques in Support of Plaintiffs' Reply (the "Perez-Marques Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their positions below that some (but not all) of these materials should be sealed.

**I.    LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show that "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Materials are not filed in connection with a dispositive motion, nor has the related Daubert motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH,

2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a Daubert motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

## II.     DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that all highlighted portions of Plaintiffs' Reply and Exhibit B to the Perez-Marques Declaration require sealing. As shown below, however, compelling and good cause reasons exist warranting sealing certain Materials identified in Plaintiffs' Administrative Motion. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

*1.     Plaintiffs' Reply in Support of Motion to Exclude the Expert Testimony of Terrence McGraw (Dkt. 651-3): pages 5 (at lines 22-23 and footnote 3), page 6 line 25 to page 7 line 2, page 10, and page 14 footnote 9*

The highlighted portions of the Plaintiffs' Reply on pages 5 (at lines 22-23 and footnote 3), page 6 line 25 to page 7 line 2, page 10, and page 14 footnote 9, contain discussion of material and information that is subject to foreign law restrictions on public disclosure.

These excerpts also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put NSO at a competitive disadvantage, which would warrant sealing even absent the foreign law restrictions. Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013). Courts have also found "compelling reasons to seal . . . information about the technical operation of [a party's] products." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

*2.     Excerpts of Terrence McGraw's Deposition (Dkt. 651-4, Exhibit B): pages 245-254*

Compelling and good cause reasons exist to seal pages 245-254 of Terrence McGraw's Deposition Transcript attached as Exhibit B to Perez-Marques Declaration to Plaintiffs' Reply.

1    First, the transcript contains throughout extensive discussion of material and information that
2    is subject to foreign law restrictions on public disclosure and should be sealed for the same reasons
3    set forth above. Second, the excerpts contain confidential information about Defendants'
4    technologies, specifically a detailed discussion of the function of Defendants' technologies. Such
5    information warrants sealing to prevent substantial harm to Defendants' business and to
6    Defendants' government customers. *See, e.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*,
7    2013 WL 706975, at * 1.

8    Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative
9    Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials
10   described above.

| Dated: April 3, 2025 | KING & SPALDING LLP |
|---|---|
| | By: */s/ Aaron S. Craig* |
| | JOSEPH N. AKROTIRIANAKIS |
| | AARON S. CRAIG |
| | *Attorneys for Defendants* |