JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 648]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 648). Plaintiffs identified portions of their Reply in Support of their Motion to Exclude Col. Ty Shepard ("Plaintiffs' Reply") and Exhibit B to the Declaration of Gina Cora in Support of the Reply (the "Cora Declaration") (collectively, the "Materials") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). For the reasons set forth below, some (but not all) of the information identified by Plaintiffs should be sealed.

## I. LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show that "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, the Materials are not filed in connection with a dispositive motion, nor has the related *Daubert* motion been filed in connection with a motion for summary judgment. Accordingly, the "good cause" standard applies to this Motion. *See Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2025 WL 91176, at *1 (N.D. Cal. Jan. 14, 2025) ("That the records are connected to a Daubert

motion does not, on its own, conclusively resolve the issue.") (quotations marks and citations omitted) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate, which "will suffice to seal documents." *Kamakana*, 447 F.3d at 1180.

Regardless, the materials that Defendants seek to maintain under seal satisfy both the "good cause" and the "compelling reasons" standards.

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that all highlighted portions of Plaintiffs' Reply and Exhibit B to the Cora Declaration require sealing. As shown below, however, good cause and compelling reasons exist to maintain some of the materials identified in Plaintiffs' Administrative Motion under seal. Accordingly, the Court should grant Plaintiffs' Administrative Motion in part and maintain the following Materials under seal.

As shown below, good cause exists warranting sealing the highlighted portions of Plaintiff's Reply (Dkt. 648-3) on page 3 (lines 20 through 21, 22 through 23, 25 through 27), page 4 (line 1, lines 3 through 4, lines 8 through 12, lines 14 through 17, footnote 2) page 8, page 9, page 10 (lines 18 through 19, 21 through 25), page 11 (line 22) and the excerpts of Col. Shepard's Deposition Transcript attached as Exhibit B to Cora Declaration (Dkt 648-4) on the following pages: 35:19-36:12; 37:23-25, 66:1-12, 68:19-84:20, 85:5-103:25, 106:4-20,107:5-24, 108:12-109:1, 110:8-116:7, 116:12-118:21, 119:6-120:2, 177:3-25, 198:13-22, 199:2-201:25, 238:1-4, 238:16-239:21, 242:6-245:12, 246:2-248:18, 249:14-250:4, 250:19-251:25, 252:14-20, 274:2-275:4, 275:10-19, 277:13-24, 286:22-287:8, 289:14-21, 299:8-12, 307:5-308:8, 308:17-20, 308:24-309:19, 314:1-2, 314:19-320:10, 321:5-13, 336:7-337:25, 346:16-347:8, 383:13-385:25, 412:20-413:20.

The excerpts and the portions of Plaintiffs' Reply that cite to them contain highly confidential information that is subject to legal restrictions and confidentiality obligations the disclosure of which can jeopardize national security interests of the United States and foreign countries. Specifically, the transcript and the portions of Reply that cite to it contains descriptions of Col. Shepard's military and intelligence experiences in his various roles at the California Military Department, Army National Guard, and the Department of Defense, including details of his deployments overseas and domestically.   The transcript also contains discussion of highly

confidential information relating to intelligence capabilities, techniques, and practices of domestic and foreign governmental agencies, including non-public information regarding the use of NSO's technology. The public disclosure of that information could jeopardize the national security interest of the United States and foreign governments, which warrants sealing. *See, e.g., United States ex rel. Kelly v. Serco. Inc.*, 2014 WL 12675246, at *4 (S.D. Cal. Dec. 22, 2014) (finding that national security interests are compelling reasons for filing documents under seal); *Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and enter the proposed Order filed concurrently herewith sealing the Materials described above.

Dated: April 3, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*