Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 640]**<br><br>Pretrial Conference Date: April 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Trial Date: April 28, 2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), by and through their counsel, respectfully submit this statement in response to the Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (the "Administrative Motion") filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO"). *See* Dkt. No. 640. The Administrative Motion identifies certain documents filed in connection with NSO's Reply in Support of Their Motion to Exclude Certain Opinions of Dana Trexler (the "Trexler Reply") as containing information that should be filed under seal (the "Sealed Materials").

Plaintiffs request that the Court keep under seal only the following information:

(1) The names of certain of Plaintiffs' non-testifying employees appearing in Exhibit A to the Declaration of Aaron S. Craig filed in support of the Trexler Reply (the "Craig Declaration"); and

(2) Certain sensitive and confidential personal financial information, namely tax and other transaction identification numbers associated with one of Plaintiffs' testifying employees, which appears in Exhibit B to the Craig Declaration.

Plaintiffs make this request pursuant to Local Civil Rules 79-5(c) and (d). The portions of Exhibit A and Exhibit B to the Craig Declaration listed above (together, the "Confidential Materials") fall within the types of personally identifiable information that the Court permitted the parties to keep redacted in its March 21, 2025 order regarding omnibus sealing motions (the "March 21 Sealing Order"). *See* Dkt. No. 633 at 4. Plaintiffs have no objection to unsealing the remaining Sealed Materials and take no position with respect to information designated as confidential by NSO and/or any nonparties.

## ARGUMENT

A party seeking to seal materials filed in connection with a motion that is "more than tangentially related to the merits of the case," must demonstrate "compelling reasons" to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016).

1

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 640] CASE NO. 4:19-CV-07123-PJH

Under this standard, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." Dkt. No. 633 at 2 (quoting *Center for Auto Safety*, 809 F.3d at 1096–97).

By contrast, the "good cause" standard applies to sealing materials filed in connection with motions that do not meet the threshold of being "more than tangentially related to the merits of the case." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." "That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue" as to the applicable sealing standard. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

Here, Plaintiffs' requests to seal the Confidential Materials satisfy both the "good cause" and the "compelling reasons" standards. Plaintiffs submit that compelling reasons exist to redact the two categories of information contained in the Confidential Materials, specifically: (1) the names of certain of Plaintiffs' non-testifying employees; and (2) certain sensitive and confidential personal financial information, namely tax and other transaction identification numbers associated with one of Plaintiffs' testifying employees.

**I.      Names of Plaintiffs' Non-Testifying Employees**

Exhibit A to the Craig Declaration contains the names of 11 of Plaintiffs' non-testifying employees, whose identities are not pertinent to any issue, claim, or defense in this action. *See* Marzorati Decl. ¶ 5. Plaintiffs do not seek any compensatory damages for the work done by these employees. *See id.* "[R]edaction of [their] identifying information is particularly appropriate here, because the public's interest in the name of [an employee] is likely insignificant, as the exact name[s are] irrelevant to the legal issues in this case." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) (applying "compelling reasons" standard); *see also Ehret v. Uber Techs., Inc.*,

2

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 640] CASE NO. 4:19-CV-07123-PJH

1  2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding that names and other private information
2  may be redacted under both the good cause and compelling reasons standard as the information "con-
3  cerns privacy interests").  In addition, the public disclosure of Plaintiffs' employees' names in con-
4  nection with litigation has sometimes been followed by harassment, online threats, and/or suspicious
5  phone calls, text messages or emails, particularly in cases with significant media attention.  *See* Mar-
6  zorati Decl. ¶ 4.

7  Plaintiffs' narrow requests here conform with the March 21 Sealing Order.  There, the Court
8  granted similar requests to redact the names of non-testifying employees.  Dkt. No. 633 at 5–6 ("Most
9  of plaintiffs' remaining sealing requests cover the names of non-testifying employees, and are …
10 sufficiently narrow to cover the sealing of only the names").  The proposed sealing of Exhibit A is
11 similarly narrowly tailored and seeks only to protect those portions that contain such information.

12 **II.     Sensitive Financial Information**

13 Exhibit B to the Craig Declaration contains sensitive and confidential financial information
14 associated with one of Plaintiffs' testifying employees.  *See* Marzorati Decl. ¶ 6.  The identification
15 numbers listed under the "Tax Details ID" and "Award ID" column headings in Exhibit B are specific
16 to the particular financial transactions listed therein and operate similarly to identification numbers
17 associated with bank account transactions.  *See id*.  This is sensitive, personal financial information
18 that is not available to the public.  See *Ehret*, 2015 WL 12977024, at *2 (holding that the "privacy
19 interests implicated warrant redaction" of names and payment information of both non-party custom-
20 ers and a party's individual employees); *see also Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d
21 1122, 1134, 1137–1138 (9th Cir. 2003) (finding compelling reasons to redact identifying information
22 from personnel records, including financial information, to protect an individual's privacy interest
23 and to prevent exposure to harm).  Moreover, the "Tax Details ID" and "Award ID" columns are not
24 relevant to Plaintiffs' damages calculation.  The release of this information could harm the privacy
25 interests of the listed individual employee and could not be mitigated by any means less restrictive
26 than the limited redactions proposed by Plaintiffs.

27
28

3

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER AN-
OTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 640] CASE NO. 4:19-CV-07123-PJH

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court grant this motion and maintain under seal the Confidential Materials.

Dated: April 3, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Luca Marzorati*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
     (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road
    Redwood City, California 94063
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

4

LOCAL RULE 79-5(F)(3) STATEMENT IN RESPONSE TO DEFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [DKT NO. 640] CASE NO. 4:19-CV-07123-PJH