JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**STATEMENT PURSUANT TO LOCAL RULE 79-5(F)(3) OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 644]**<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. 644). Plaintiffs identified portions of their Opposition to Defendants' Motions *in Limine* ("Plaintiffs' Opposition") as containing references to documents that Defendants have designated as confidential pursuant to the Stipulated Protective Order (Dkt. No. 132). Defendants provide their positions below that some (but not all) of these materials should be sealed.

## I.   LEGAL STANDARD

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to seal materials related to the motions *in limine* must articulate "compelling reasons" to seal those materials. *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 1144634, at *1 (N.D. Cal. Mar. 9, 2022). Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

## II.   DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT

As an initial matter, Defendants do not contend that all highlighted portions of Plaintiffs' Opposition require sealing. However, compelling reasons exist to seal the highlighted portions of pages i and 10-12 of Plaintiffs' Opposition. Those portions contain discussion of confidential foreign proceedings. In the interests of comity and out of respect for the applicable legal interests that affect such information, that information should remain sealed. *Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). The Court has previously permitted similar statements and material to be sealed.

Accordingly, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and enter the proposed Order filed concurrently herewith sealing the materials described above.

Dated: April 3, 2025

KING & SPALDING LLP

By: */s/ Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
*Attorneys for Defendants*