| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
| 2 | *jakro@kslaw.com*<br>AARON S. CRAIG (Bar No. 204741) |
| 3 | *acraig@kslaw.com*<br>KING & SPALDING LLP |
| 4 | 633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071 |
| 5 | Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310 |
| 6 | Attorneys for Defendants |
| 7 | NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S NOTICE OF PUBLIC FILING OF EXHIBIT Z IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (DKT. 433-5)**<br><br>Action Filed: 10/29/2019 |

## NOTICE OF PUBLIC FILING OF EXHIBIT

Defendants hereby submit this notice of their public filing, pursuant to the Court's Order re Omnibus Motions to Seal dated March 21, 2025 (Dkt. No. 633), of Exhibit Z in support of Defendants' Reply in support of Motion for Summary Judgment (Dkt. 433-5).

DATED: April 4, 2025                    KING & SPALDING LLP

                                        By: /s/ Aaron S. Craig
                                            JOSEPH N. AKROTIRIANAKIS
                                            AARON S. CRAIG

                                            Attorneys for Defendants NSO GROUP
                                            TECHNOLOGIES LIMITED and Q
                                            CYBER TECHNOLOGIES LIMITED

# Exhibit Z

**UNREDACTED VERSION OF DOCUMENT**

**PROPOSED TO BE FILED UNDER SEAL**

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   OAKLAND DIVISION
 4   --------------------------------X
     WHATSAPP INC., a Delaware        )
 5   corporation, and FACEBOOK, INC., )
     a Delaware corporation,          )
 6                                    )
                Plaintiffs,           )
 7                                    ) Case No.
          v.                          )
 8                                    ) 4:19-CV-07123-PJH
     NSO GROUP TECHNOLOGIES LIMITED   )
 9   and Q CYBER TECHNOLOGIES         )
     LIMITED,                         )
10                                    )
                Defendants.           )
11   --------------------------------X
12             **HIGHLY CONFIDENTIAL**
13              ATTORNEYS' EYES ONLY
14            VIDEOTAPED DEPOSITION OF
15           TERRENCE PATRICK DIVITTORIO
16    Wednesday, September 18, 2024; 9:33 a.m. EDT
17
18  Reported by:  Cindy L. Sebo, RMR, CRR, CLR, RPR, CCR,
    CSR, RSA, CA CSR 14409, NJ Certified CR 30XI0024460,
19  NJ Certified RT 30XR00019500, NM CSR 589, NY Realtime
    Court Reporter, NY Association Certified Reporter, OR
20  CSR 230105, TN CSR 998, TX CSR 12778, WA CSR
    23005926, Remote Counsel Reporter, LiveLitigation
21  Authorized Reporter, Notary Public
22
```

Page 13

1                          --oOo--
2              TERRENCE PATRICK DIVITTORIO,
3      after having been first duly sworn under
4      penalty of perjury by the certified
5      stenographer to tell the truth, the whole
6      truth and nothing but the truth, testified
7      herein as follows:
8                          --oOo--
9                 CERTIFIED STENOGRAPHER:  Thank
10     you.
11                The witness is sworn, Counsel.
12                ATTORNEY ANDRES:  Good morning.
13     Just in terms of notices of appearance,
14     my name is Greg Andres.  I'm here with
15     Quentin Ullrich and also Tony Perez from
16     Davis Polk & Wardwell; and on the phone
17     is in-house counsel from Meta,
18     Michael Chmelar.
19                ATTORNEY AKROTIRIANAKIS:  Joe
20     Akrotirianakis, Aaron Craig and -- yeah,
21     Joe Akrotirianakis and Aaron Craig and
22     Chaim Gelfand, all from NSO.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 280

1    A.    I count five.
2    Q.    -- the -- the -- the lines are in
3  kind of, like, light blue, and it might be hard
4  to see.
5    A.    Oh, I'm sorry.  Yes, I see four,
6  yes.  And the first one is NSO -- NSO
7  Technologies LTD (Israel) -- (Israel).
8    Q.    And there's -- and there are other
9  Israeli companies owned by Q Cyber Limited --
10 Q Cyber Technologies Limited (Israel), including
11 Sesame Technology, NGTP Limited and Wayout
12 Limited, all Israel.
13          Do you see that?
14   A.    Yes.
15   Q.    And then beneath NSO, there's a
16 company called PFOS Technologies Limited (UK).
17          Do you see that?
18   A.    Yes.
19   Q.    All right.  Other than NSO
20 Technologies Limited (Israel), are you familiar
21 with any of the corporate either subsidiaries or
22 grandchild of Q Cyber Technologies Limited

Page 281

1    (Israel)?
2              ATTORNEY ANDRES:  Objection: lack
3         of foundation.  The Defendant -- the --
4         the witness has not suggested, A, he's
5         ever seen this document before or, B, has
6         any idea what it is.
7              THE WITNESS:  I -- I don't
8         recognize any companies in that grouping
9         other than NSO.
10   BY ATTORNEY AKROTIRIANAKIS:
11        Q.    Okay.  Now, look on the other
12   branch, if you will.  There's a -- Westbridge is
13   the -- in the middle of the first -- first level.
14             Do you see that?
15        A.    Yes.
16        Q.    Okay.  And Westbridge Technologies,
17   Inc. was the name of the company of which you
18   were the president for three years in 2017
19   through 2020?
20        A.    Yes.
21        Q.    All right.  Now, do you see next to
22   Westbridge, there's a company called Q Cyber

1    Technologies (Luxembourg)?
2        A.    Yes.
3        Q.    And there's a registration number
4    there?
5        A.    Yes.
6        Q.    All right.  Now, throughout your
7    testimony, you were asked lots and lots of
8    questions about, you know, money that was
9    received from Q.
10            Do you know whether the money
11   that -- that you were receiving from Q was coming
12   to you from either Q Cyber Technologies Limited
13   (Israel), on the one hand, or the Luxembourgian
14   company of similar name?
15            ATTORNEY ANDRES:  Objection:
16       misstates the record.
17            Sorry.  You can answer.
18            THE WITNESS:  No, I didn't know
19       the difference between the two.
20   BY ATTORNEY AKROTIRIANAKIS:
21       Q.    Okay.  And the corporate parent of
22   Q Cyber Technologies, in both cases, is a company

1    called OSY Technologies S.á.r.l.
2                Do you see that?
3         A.    Yes.
4         Q.    Okay.  And the OSY Technologies
5    S.á.r.l (Luxembourg) with the Luxembourg
6    registration number is also the immediate
7    corporate parent of Westbridge Technologies.
8                Do you see that?
9         A.    Yes.
10        Q.    All right.  Do you know whether the
11   -- whether -- whether the money to fund the
12   operations of Westbridge Technologies, Inc. --
13   your company -- came ultimately from
14   OSY Technologies S.á.r.l.
15        A.    No.
16        Q.    All right.  You have heard of
17   OSY Technologies?
18        A.    Yes.
19        Q.    All right.  You were shown --
20   hopefully these are in some semblance of order
21   here.  I will help you with that if -- if you
22   need help.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 342

1    I, Cindy L. Sebo, Nationally Certified Court
2    Reporter herein, do hereby certify that the foregoing
3    deposition of TERRENCE PATRICK DIVITTORIO was taken
4    before me pursuant to notice at the time and place
5    indicated; that said witness duly swore to tell the
6    truth, the whole truth, and nothing but the truth
7    under penalties of perjury; that said testimony of
8    witness was correctly recorded to the best of my
9    abilities in machine shorthand, thereafter
10   transcribed under my supervision with computer-aided
11   transcription; that deposition is a true and accurate
12   record of the testimony given by the witness; that I
13   am neither counsel, nor kin to any party in said
14   action, nor interested in the outcome; and that a
15   copy of this transcript obtained from a source other
16   than the court reporting firm, including an adversary
17   or co-counsel in the matter, is uncertified and may
18   not be used at trial.

19   _____
     CINDY L. SEBO, RMR, CRR, CLR, RPR, CCR, CSR,
20   RSA, CA CSR 14409, NJ Certified CR 30XI0024460,
     NJ Certified RT 30XR00019500, NM CSR 589, NY
21   Realtime Court Reporter, NY Association Certified
     Reporter, OR CSR 230105, TN CSR 998, TX CSR 12778,
22   WA CSR 23005926, Notary Public

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.