1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     jakro@kslaw.com
2  AARON S. CRAIG
     acraig@kslaw.com
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                           OAKLAND DIVISION

11

12  WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,

13                Plaintiffs,

14       v.

15  NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

16                Defendants.

Case No. 4:19-cv-07123-PJH

**NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO SEAL**

**Local Rules 7-11 and 79-5**

Judge:  Hon. Phyllis J. Hamilton

Action filed: October 29, 2019

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants NSO Group Technologies Ltd. and Q Cyber Ltd. respectfully submit this Administrative Motion requesting an order to file under seal the unredacted versions of certain previously-filed exhibits for which redactions are sought as indicated by the highlighted portions of Exhibits A-E to the Declaration of Aaron Craig filed concurrently herewith.  Defendants do not propose sealing any of these documents in their entirety. Because Defendants have proposed redactions "narrowly tailored to seek sealing only of sealable material," L.R. 79-5(b), the Court should grant Defendants' motion to Seal designated portions of the following (collectively, the "Sealed Documents").

1. Exhibits 8-10, 13-15, 22, 25, 32, and 35-36, to the Declaration of Micah G. Block in Support of Plaintiffs' Motion for Partial Summary Judgment (attached as **Exhibit A** to the Declaration of Aaron S. Craig);

2. Exhibits 8, 10-12, 17, 30-34 and 43 to the Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (attached as **Exhibit B** to the Craig Declaration);

3. Exhibit 41 to the Reply Declaration of Micah G. Block in Support of Plaintiffs' Reply in Support of Motion for Partial Summary Judgment (attached as **Exhibit C** to the Craig Declaration);

4. Exhibits A, D-G, I and L to the Declaration of Micah G. Block in Support of Plaintiffs' Motion for Sanctions (attached as **Exhibit D** to the Craig Declaration); and

5. Declaration of Aaron Craig in Support of Defendants' Unopposed [First] Omnibus Administrative Motion to Seal, previously filed provisionally under seal at Dkt. No. 550-2 (attached as **Exhibit E** to the Craig Declaration for the Court's convenience).

The sealed documents contained within Craig Decl. Exhs. A-D are submitted to show the Court Defendants' proposed redactions for the documents addressed by Defendants Omnibus Motion for Leave to File Documents Under Seal filed concurrently herewith.   The Motion is based upon the points and authorities set forth herein and those advanced in Defendants Omnibus Motion for Leave to File Documents Under Seal and the Declaration of Aaron S. Craig accompanying that

Motion.

## I. LEGAL STANDARD

Under Civil Local Rule 79-5 a party filing an administrative motion to seal records must establish that the request is "narrowly tailored to seek sealing only of sealable material" and attach declarations to that effect. Civil L.R. 79-5(b), Civil L.R. 79-5(d)(1)(A). "Sealable" material includes documents, or portions thereof, that are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). If the sole basis for nondisclosure is that the documents are subject to a protective order, the moving party must also include a declaration from the party who designated the documents as confidential. Civil L.R. 79-5(e).

The moving party's burden of persuasion is dependent on how closely related the underlying motion is to the merits of the case. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) ("[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails."). A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). "[I]f the motion is only tangentially related to the merits, [a] particularized showing of "good cause" . . . as required by Federal Rule of Civil Procedure 26(c)" is sufficient. *Kamakana*, 447 F.3d at 1176.

## II. LEGAL ARGUMENT

For the reasons provided in Defendants' Omnibus Motion for Leave to File Documents Under Seal filed concurrently herewith, and in Exhibit E to the Declaration of Aaron Craig filed concurrently herewith, the Court should grant the motion and issue an order sealing Exhibits A through D of the Declaration of Aaron S. Craig filed concurrently herewith and allowing redaction of the highlighted portions. The Court has already granted Defendants' previous motions to seal the confidential information contained in Craig Declaration Exhibit E. (*See*, *e.g.*, Order Re Omnibus

Motions to Seal, Dkt. No. 633 at 9:23-10:2).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request permission to file portions of Exhibits A through E of the Declaration of Aaron S. Craig accompanying Defendants Omnibus Motion to Seal. The proposed sealing is narrowly tailored to protect those portions of the documents that contain sensitive and confidential personally identifiable information about Defendants' employees or contain discussion of foreign government proceedings.

DATED: April 4, 2025

KING & SPALDING LLP

By: /s/ *Aaron S. Craig*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED