JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES OMNIBUS MOTION TO SEAL**<br><br>Judge:　Hon. Phyllis J. Hamilton<br><br>Action Filed: 10/29/2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rules 7-9 and 79-5, and as directed by the Court in its March 31, 2025, Order, Dkt. No. 665, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), will move, and hereby do move, this Court to seal those portions of the documents highlighted for redaction in Exhibits A through D attached to the Declaration of Aaron Craig ("Craig Declaration" or "Craig Decl.") accompanying this motion. These documents are also identified in a table in the accompanying Proposed Order.[1]

**I.     LEGAL STANDARD**

"The common law right of access [to judicial records] … is not absolute." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits

---

[1] With three exceptions, the documents identified in the accompanying Proposed Order are the same documents identified in the Proposed Order that accompanied Defendants' Emergency Motion for a Stay of Portions of the Order Denying in Part Motion to Seal, filed on March 28, 2025. *See* Dkt. No. 662 (Motion for Stay); Dkt. No. 662-3 (Proposed Order). The three additions are as follows.

Two documents are merely duplicates of documents identified in Defendants' Motion for Stay that simply appeared in the record at two different places. Accordingly, this motion now identifies both appearances of the documents. First, Exhibit 20 to the Declaration of Micah G. Block in Support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 399-4) (included in Exhibit A to the Declaration of Aaron Craig filed concurrently herewith ("Craig Decl.")), is identical to Exhibit 43 to the Declaration of the Block Declaration in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 418-5) (included in Craig Decl. Exh. B), which Defendants identified in the Motion for Stay. Second, Exhibit L to the Declaration of Joseph N. Akrotirianakis in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 419-5) is identical to Exhibit CC to the Declaration of the Akrotirianakis in Support of Defendants' Motion to Dismiss or for Summary Judgment (Dkt. No. 433-5), which Defendants identified in the Motion for Stay.

Exhibit L to the Block Declaration filed in support of Plaintiffs' Motion for Sanctions (Dkt. No. 405-4) (included in Craig Decl. Exh. D), which contains information relating to the matters discussed in Craig Declaration Exhibit E, was inadvertently omitted from Defendants' request for relief in their prior Omnibus Motion to Seal. Defendants regret this omission and respectfully request that the Court permit the requested redaction from this document.

of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Under the compelling reasons standard, "[w]hen ruling on a motion to seal court records, a 'court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes." *Id.* Concerns for international comity may also provide compelling reason to seal documents. *Compal Elecs., Inc. v. Apple Inc.*, No. 3:17-cv-00108, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017).

On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S. of Am., Inc. v. Apple Inc.,* No. 18-cv-00362, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.); *see also Kamakana*, 477 F.3d at 1180 n.5 ("good cause" to seal is a "lesser" standard to meet than showing "compelling reasons"). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." "Good cause" requires only "a particularized showing" that sealing is appropriate. *Kamakana*, 447 F.3d at 1180.

**II.     LEGAL ARGUMENT**

Defendants submit that there are compelling reasons to seal two categories of information: (1) personally identifiable information concerning Defendants' non-testifying employees, and (2) confidential information pertaining to sealed foreign proceedings. The proposed sealing order is narrowly tailored and seeks only limited redactions to ensure that this information is protected. The proposed redactions to these documents are highlighted in Exhibits A through D attached to the Craig Declaration accompanying this motion.[2]

---

[2] Seven documents that were included in support of Plaintiffs' Motion for Sanctions would be governed by the lower "good cause" standard. *See* Craig Decl., Exh. D (containing seven

**A.      Personally Identifiable Information Concerning Defendants' Employees.**

The Court should permit sealing of the personally identifiable information of Defendants' employees who are not witnesses in this litigation, including the employees' names and contact information (including WhatsApp account numbers).[3]  The documents and the proposed redactions are set forth in Exhibits A through D to the Craig Declaration.[4]

Courts in this Circuit "frequently seal personal contact information, such as email addresses and phone numbers, especially for third parties" under the compelling interest standard. *CivitasDX LLC v. Trilogy Fed., LLC*, No. 24-cv-1522, 2025 WL 268386, at *1 (S.D. Cal. Jan. 22, 2025) (quoting *Clark v. InComm Fin. Servs., Inc.*, No. 22-cv-1839, 2024 WL 1699346, at *3 (C.D. Cal. Apr. 9, 2024)).  "There is a compelling reason for sealing" such information because, as here, "the disclosure of the non-party employees' names would infringe on those individuals' privacy rights." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab*. Litig., No. MDL 2672 CRB (JSC), 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) ("Disclosure of this information would infringe the privacy rights of [former employees], which constitutes a compelling reason for sealing.").

---

documents).  Because, as argued herein, those documents satisfy the higher "compelling reasons" standard for sealing, they necessarily also meet the lower "good cause" standard.

[3] The Court's recent order on Defendants' Motion for Stay explained that Defendants would be permitted to seek "redactions of non-testifying employee names and email addresses." Dkt. No. 665 at 4.  Defendants respectfully request that the Court also permit redaction of employees' WhatsApp account numbers.  Revealing that information would have the same effect as revealing their phone numbers.  *See* Dkt. No. 662 at 7.

[4] Defendants propose to redact six additional documents under this category, but these documents also contain highly sensitive, non-public information regarding Defendants' technology that Defendants will be asking to seal at the pretrial conference.  Because of the inclusion of technical information, Defendants are not attaching them to this Motion, but four of them are excerpts from the same document—the Expert Report of Anthony Vance dated August 30, 2024.  The six documents are: Dkt. Nos. 399-4 Exhibit 25 (Vance Report), 418-5 Exhibit 5 (Gazneli Tr.), 418-5 Exhibit 27 (Shaner Tr.), Dkt. No. 418-7 Exhibit B (Vance Report), 419-5 Exhibit L (Vance Report), and 433-5 Exhibit CC (Vance Report).  However, for this motion, Defendants are seeking to redact only the personal information on the pages identified in the accompanying Proposed Order.

      Sealing is especially appropriate here because, given the nature of Defendants' businesses, if it were disclosed, non-party employees' personally identifying information "could become a vehicle for improper purposes." *3D Sys., Inc. v. Wynne*, No. 21-cv-1141, 2024 WL 1122377, at *3 (S.D. Cal. Mar. 14, 2024) (reasoning that, just "[a]s with trade secrets, personal identifying information is the proper subject of a motion to seal" for this reason).  As explained in the Declaration of Michal Alcheh, making public the names and other information of Defendants' employees would subject the employees to harassment and targeting by anti-Israel organizations seeking to shame them and deter them from working in the intelligence industry for companies like Defendants (and/or to deter other companies from hiring them in the future).  Michal Alcheh Decl. ¶ 4.  And Defendants' business will be impaired by the loss of employees' confidence in the ability of the business to protect their information.  *Id.* at ¶ 5.  Given the national security field in which Defendants operate, credible pledges of confidentiality to employees are essential for recruiting and retaining top talent.  *Id.*; *see Marsh USA Inc. v. Karasaki*, No. 08-cv-4195, 2008 WL 4778239, at *14 (S.D.N.Y. Oct. 31, 2008).

      At the same time, "there is minimal public interest in this information" where the "names … of the individuals involved are irrelevant" to the claims at issue.  *In re Volkswagen*, 2016 WL 11807130 at *2.  The names of Defendants' non-testifying employees are "highly confidential" and have "no bearing on the merits of th[is] dispute." *Davis v. Zurich Am. Ins. Co.*, No. 3:19-cv-04397, 2021 WL 369538, at *17 (N.D. Cal. Feb. 3, 2021);  *Music Grp.*, 2015 WL 3993147 at *2 ([T]he public interest in this information is minimal. The public will have access to information regarding … whether those individuals, and not Defendant, are response for the cyber attack; the names of those employees is not important."); *Contour Data Sols., LLC v. Gridforce Energy Mgmt*. LLC, No. 20-cv-3241, 2024 WL 3994375, at *5 (E.D. Pa. Aug. 29, 2024) (sealing employee personal information because "[t]hese employees are non-parties to the action and their phone numbers and names are immaterial to the adjudication of the pending motions").  Indeed, the Court ordered the sealing of similar information for Plaintiffs' non-testifying employees for these very reasons.  *See* Dkt. No. 633 at 5–6.

**B.  Confidential Information Pertaining To Sealed Foreign Proceedings.**

In accordance with the Court's Order of March 31, Defendants also seek limited redactions to portions of documents that refer to sealed foreign government proceedings. The documents and the proposed redactions are set forth in Craig Decl. Exh. B (sub-exhibit 43) and D (sub-exhibits A, D-G, I and L).

International comity "refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." *Gucci Am. Inc. v. Weixing Li*, 768 F.3d 122, 139 (2d Cir. 2014). As courts have recognized, sealing "nonpublic government information" from "a foreign government" is "essential to preserve higher values," and "the principle of international comity counsels in favor of protecting [such] document[s] from disclosure." *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, No. 16-cv-3895, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (citations omitted) (sealing White Paper); *see In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing "'highly sensitive' documents that contain 'traditionally nonpublic information' of a foreign government").

Given the important international comity interests involved here, and as explained to the Court previously, Defendants have compelling reasons to seal the references to these foreign government proceedings. *See* Dkt. No. 550 at 4; Dkt. No. 419-1, Craig Decl. ¶ 11. "[Revealing information about those proceedings "would harm the integrity of those respective judicial systems," and "compelling reasons exist for sealing the foreign [court documents]." *Compal Elecs.* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017). *See also In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-01570. 2020 WL 1181943, at *5 (noting "particularly important" comity considerations when it comes to foreign sovereigns); *accord Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03-cv-10254, 2008 WL 4129620, at *4 (S.D.N.Y. Sept. 4, 2008). For these reasons, the Court has permitted other documents referencing the same foreign government proceedings to be sealed. *See* Doc. 633 at 10–11 (granting motion to seal as to portions of Craig Declaration [Dkt. No. 396-1], Block Declaration [Dkt. No. 405-3], Dawson Declaration [Dkt. No. 433-1], and Gelfand Declaration [Dkt. No. 429-19] on this ground). Defendants respectfully submit that parallel

reasoning warrants sealing the references to foreign government proceedings identified in the documents attached as Exhibits B and D to the Craig Declaration.

For additional arguments, Defendants respectfully direct the Court to Exhibit E to the Craig declaration filed concurrently herewith.

### III.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Omnibus Motion to Seal.

DATED: April 4, 2025             KING & SPALDING LLP

By: /s/ *Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG

    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED