# Exhibit D to the Declaration of Aaron S. Craig
# April 4, 2025

# EXHIBIT A

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFFS WHATSAPP, INC. AND META PLATFORMS, INC. FKA FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>**HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY** |

PROPOUNDING PARTY:    WHATSAPP LLC fka WHATSAPP INC. AND META

                                        PLATFORMS, INC. fka FACEBOOK, INC.

RESPONDING PARTY:    DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED

                                        AND Q CYBER TECHNOLOGIES LIMITED.

SET NO.:                        ONE (1)

**DEFENDANTS HEREBY DESIGNATE THESE RESPONSES AS HIGHLY**

**CONFIDENTIAL-ATTORNEY'S EYES ONLY UNDER THE PROTECTIVE ORDER**

**ENTERED IN THIS CASE**

In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond and object to Plaintiffs WhatsApp LLC and Meta Platforms, Inc.'s ("Plaintiffs") First Set of Requests for Admission (collectively, the "Requests" and each, individually, a "Request") served by Plaintiffs on March 7, 2023, as follows.

## GENERAL OBJECTIONS

1.      The responses to the Requests are made solely for the purpose of this action.

2.      Defendants object to the Requests to the extent that they purport to impose requirements or obligations different from or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Each response is made solely with regard to the subject matter directly at issue in this action during the timeframe relevant to this action.

4.      Each response is made subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, proprietary information, trade secrets, and the like, and any and all other objections on grounds that would require the exclusion of any response herein if such were offered in Court, all of which objections and grounds are reserved and may be interposed at any time, including at the time of trial.

5.      Defendants object to the extent that the Requests seek information not relevant to the claims or defenses of any party.

6.      Defendants object to the extent that the Requests are unlimited in scope or time.

7.      Defendants' responses are not intended to be, and shall not be construed as, a waiver of any objection(s) to the Requests.

8.      No incidental or implied admissions are intended in these responses. Defendants' response to any Request should not be taken as an admission that Defendants accept or admit the existence of any fact(s) or any document(s) assumed by that Request or that such response constitutes admissible evidence.

9.      Defendants have not completed their investigation of the facts related to this case, discovery in this action, or preparation for trial.  These responses are based upon information known at this time and are given without prejudice to Defendants' right to amend, supplement, or revise these responses with any subsequently-discovered information.  Defendants expressly reserve the right to make such additional or modified responses as may be appropriate.

## OBJECTIONS TO THE DEFINITIONS

1.      Definition No. 1 ("Attack Period"):  Defendants object to the definition of "Attack Period" as biased and prejudicial.  Defendants' products are used for law enforcement purposes.  Accordingly, to the extent Defendants' products were used in the conduct alleged in this action, if at all, such use is not fairly characterized as an "Attack."

2.      Definition No. 4 ("Control"):  Defendants object to the definition of "Control" as vague and ambiguous and overbroad.  The definition accounts for a wide variety of conduct beyond any common sense understanding of the word control.  While the ability to "direct" can be understood as a form of control, a person can readily "manage," "use," "access," and "modify" something without controlling it.  Moreover, having the "ability to" do something, as stated in the definition of "Control," is distinct from exercising that ability, as the Requests seem use the term.  That contrast renders the term Control vague and ambiguous. Responding to any Request which utilizes this definition would create impressible vagueness and ambiguity.  Defendants interpret the term "Control" to mean having the ability to exclude all others from accessing.

3.      Definition No. 5 ("Device"):  Defendants object to the definition of "Device" as vague, ambiguous and overbroad, because it purports to encompass any "electronic device."  That circular definition—using the word device to define the word device—renders "Device" vague and ambiguous.  To the extent the definition to intended to encompass any electronic object, the definition would be overbroad and responding to any Request which incorporate this definition would be unduly burdensome and not proportional to the needs of the case.  Defendants interpret the term "Device" to mean a computer, mobile phone or server.

4.      Definition No. 8 ("NSO Spyware"):  Defendants object to the definition of "NSO

Spyware" as biased and prejudicial.  The term "Spyware" is an inherently pejorative term that baselessly maligns Defendants' products.  Defendants will not refer to their products—which are used by law enforcement to catch the worst of criminals—as "Spyware."  Defendants further object to the overbroad scope of this definition.  Any Request incorporating this definition would seek information related to technologies other than the Pegasus technology ("Pegasus") that was used with respect to the approximately 1,400 "Target Devices" described in the Complaint (Dkt. No. 1 at 2:6-7).  Any technology other than Pegasus has no relevance to Plaintiffs' allegations or any issue in this case.  Because responding to any Request which incorporates this definition would be unduly burdensome and not proportional to the needs of the case, Defendants interpret the term "NSO Spyware" to mean the version of Pegasus in effect during April and May of 2019 that was allegedly used to access the approximately 1,400 "Target Devices" described in the Complaint.

5.      Definition No. 11 ("Person(s)"):  Defendants object to Plaintiffs' definition of "Person(s)" as vague, ambiguous and overbroad.  This definition includes 16 distinct roles or types of entities.  Responding to any Request which relies on such a broad definition of "Person," moreover, would be unduly burdensome and not proportional to the needs of the case.

6.      Definition No. 12 ("Technology"):  Defendants' object to Plaintiffs' definition of "Technology" as vague and ambiguous and overbroad.  Plaintiffs' definition is extremely expansive and responding to any Requests which incorporate this definition would be unduly burdensome and not proportional to the needs of the case.

7.      Definition No. 13 ("WestBridge"):  Defendants' object to Plaintiffs' definition of "WestBridge" as vague and ambiguous and overbroad.  It is unclear whether Plaintiffs' definition of WestBridge, which includes "affiliates," is intended to include Defendants.   Defendants interpret the term "WestBridge" to include only WestBridge Technologies, Inc. and its employees.

8.      Definition No. 15 ("You" or "Your"):  Defendants object to Plaintiffs' definition of "You" and "Your" as vague and ambiguous and overbroad.  Under the guise of these words, Plaintiffs improperly sweep in a host of people and entities, including Defendants' "current and former directors, employees, subsidiaries, corporate parents, affiliates, agents, representatives, and

all other persons acting or purporting to act on its behalf."  Responding to any Request which incorporates this term would be unduly burdensome and not proportional to the needs of the case. Unless otherwise indicated, any response to the Requests containing the term "You" or "Your" is limited to Defendants NSO and Q Cyber and their employees.

**OBJECTIONS TO THE INSTRUCTIONS**

1.       NSO objects to Plaintiffs' Instruction No. 1 to the extent it seeks to impose any obligation that is inconsistent with the scope of discovery permitted under the Federal Rules of Civil Procedure.  NSO further objects to Plaintiffs' Instruction No. 1 to the extent that the terms in Plaintiff's requests are objectionable.

2.       NSO objects to Plaintiffs' Instruction No. 4 to the extent it is inconsistent with or omits parts of Fed. R. Civ. P. 26(e), which defines a party's obligations to supplement.

3.       NSO objects to Plaintiffs' Instructions Nos. 5, 6, 7, and 8 to the extent these instructions are inconsistent with or omits parts of Fed. R. Civ. P. 36(a)(4), which states how a party must answer a request for admission.

**OBJECTIONS TO THE REQUESTS**







1 ███████████████████████████████████████████

2 ████████████████████████████████████████████

3 ██████████████████████████

**REQUEST FOR ADMISSION NO. 6:**

Admit that since July 19, 2020, You have performed a demonstration of NSO Spyware for a Person located outside Israel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that the word "demonstration" is vague and ambiguous in the context of this Request.  Defendants further object to this Request as it seeks information regarding a time period of nearly three years that is not relevant to the issues in the litigation.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

/ / /

**REQUEST FOR ADMISSION NO. 7:**

Admit that since July 19, 2020, You have shared information concerning Your finances with a Person located outside Israel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the words "shared," "finances," and "located" are vague and ambiguous in the context of this Request. The word "located," in particular, is subject to multiple meanings that are materially different as it could refer to a person's physical location, place of residence, state of incorporation, or operating or headquarters location(s), among other definitions. Defendants further object because, in light of these ambiguities and Plaintiffs' overbroad definition of the term "Person(s)," responding to this Request would be unduly burdensome. Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object to this Request as it seeks information regarding a time period of nearly three years that is not relevant to the issues in the litigation. The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

**REQUEST FOR ADMISSION NO. 8:**

Admit that since July 19, 2020, You have shared documentation about NSO Spyware with a Person located outside Israel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that the words "shared," "documentation," and "located" are vague and ambiguous in the context of this Request.  The word "located," in particular, is subject to multiple meanings that are materially different as it could refer to a person's physical location, place of residence, state of incorporation, or operating or headquarters location(s), among other definitions.  Defendants further object because, in light of these ambiguities and Plaintiffs' overbroad definition of the term "Person(s)," responding to this Request would be unduly burdensome.  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to this Request as it seeks information regarding a time period of nearly three years that is not relevant to the issues in the litigation.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint ) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential

1  business information.

2  **REQUEST FOR ADMISSION NO. 9:**

3       Admit that since July 19, 2020, You have caused the distribution and licensed use of NSO

4  Spyware to a Person located outside Israel.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

6       Defendants incorporate by reference the General Objections, Objections to the Definitions,

7  and Objections to the Instructions as if set forth herein.  Defendants object that the words "caused,"

8  "distribution," "use," and "located" are vague and ambiguous in the context of this Request.

9  Plaintiffs' use of the word "caused" here is vague and ambiguous because any license is subject to

10 approval of the Government of Israel Ministry of Defense.  Accordingly, Defendants are not in a

11 position to make representations as to the decisions of its regulators and cannot determine what

12 "caused the distribution and licensed use" of Pegasus.  The word "located," moreover, is subject

13 to multiple meanings that are materially different as it could refer to a person's physical location,

14 place of residence, state of incorporation, or operating or headquarters location(s), among other

15 definitions.  Defendants further object because, in light of these ambiguities and Plaintiffs'

16 overbroad definition of the term "Person(s)," responding this Request would be unduly

17 burdensome.  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague,

18 unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably

19 respond on behalf of the many people potentially included by that term, and any response is limited

20 to the acts of defendants NSO Group and Q Cyber that are known to their management and legal

21 personnel.  Defendants further object to this Request as it seeks information regarding a time period

22 of nearly three years that is not relevant to the issues in the litigation.  The relevant time period for

23 this action is January 2018 through May 13, 2019, and information outside that time period is not

24 relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants

25 further object to this Request to the extent that it falsely implies that persons, teams, groups,

26 divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the

27 definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs

28

DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET
OF REQUESTS FOR ADMISSION

11

Case No. 4:19-cv-07123-PJH

1    intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of

2    Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used

3    with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis

4    that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further

5    object to the extent they are prohibited from disclosing the requested information by any Israeli

6    law, regulation, or governmental order or directive, or any other applicable law, regulation, or

7    governmental order or directive.  Defendants further object on the ground and to the extent that

8    this Request seeks private, proprietary, trade secret, or confidential business information.

9         Subject to and without waiving those objections, Defendants respond as follows:  Admit.

10   **REQUEST FOR ADMISSION NO. 10:**

11        Admit that You developed NSO Spyware.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

13        Defendants incorporate by reference the General Objections, Objections to the Definitions,

14   and Objections to the Instructions as if set forth herein.  Defendants object that the word

15   "developed" is vague and ambiguous in the context of this Request.  Defendants further object to

16   Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional

17   to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people

18   potentially included by that term, and any response is limited to the acts of defendants NSO Group

19   and Q Cyber that are known to their management and legal personnel.  Defendants further object

20   to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections

21   at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO

22   Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase

23   "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version

24   in effect at the relevant time period for this action that was allegedly used with respect to the

25   approximately 1,400 Target Devices described in the Complaint) on the basis that no other

26   products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the

27   extent they are prohibited from disclosing the requested information by any Israeli law, regulation,

28

DEFENDANTS' RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET
OF REQUESTS FOR ADMISSION

12

Case No. 4:19-cv-07123-PJH

or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that a version of NSO Spyware is named "Pegasus."

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the phrase "a version of NSO Spyware" is vague and ambiguous in the context of this Request, given Plaintiffs' overbroad definition of NSO Spyware. Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Exhibit 10 to the Complaint accurately described the functionality of NSO Spyware named "Pegasus."

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the word "functionality" is vague and ambiguous in the context of this Request. Because no one document

1   can describe the "functionality" of complex software in full, it is not possible for Defendants to

2   answer this Request without Plaintiff specifying which aspects of Pegasus's "functionality" they

3   which to confirm are described "accurately."  Defendants object that this request is vague and

4   ambiguous as to time, because the technology at issue changes over time.  Defendants note that

5   Exhibit 10 to the Complaint states that "We … release[] major upgrades to the Pegasus system [a]

6   few times a year."  Thus, in the absence of Plaintiffs specifying a specific time period for the

7   Request, Defendants cannot state if the document is accurate as a particular version of Pegasus.

8   For the same reason, responding to this Request as stated would be unduly burdensome and not

9   proportional to the needs of the case.  Defendants further object to this Request to the extent

10  Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant

11  version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was

12  allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint)

13  on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.

14  Defendants further object to the extent they are prohibited from disclosing the requested

15  information by any Israeli law, regulation, or governmental order or directive, or any other

16  applicable law, regulation, or governmental order or directive.  Defendants further object on the

17  ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential

18  business information.

19      Subject to and without waiving those objections, Defendants respond as follows:  Exhibit

20  10 to the Complaint appears to be an authentic copy of a document authored by Defendants titled

21  "Pegasus-Product Description," which described some features of Pegasus at the time it was

22  written, which Defendants believe occurred in 2012.  Exhibit 10 is therefore of no relevance to

23  Plaintiff's allegations, which start in 2018.  Except as expressly admitted herein, Defendants deny

24  the request.

25  **REQUEST FOR ADMISSION NO. 13:**

26      Admit that You created the original version of the Exhibit 10 attached to the Complaint.

27  / / /

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Exhibit 10 to the Complaint appears to be an authentic copy of a document authored by Defendants titled "Pegasus-Product Description," which described some features of Pegasus at the time it was written, which Defendants believe occurred in 2012. Exhibit 10 is therefore of no relevance to Plaintiff's allegations, which start in 2018. Except as expressly admitted herein, Defendants deny the request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Exhibit 10 to the Complaint accurately describes the "System Setup and Training" You provide to Persons using NSO Spyware.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the words "accurately" and "Persons" are vague and ambiguous in the context of this Request. Defendants object that this request is vague and ambiguous as to time, because the technology at issue changes over time. Defendants note that Exhibit 10 to the Complaint states that "We … release[] major upgrades to the Pegasus system [a] few times a year." For the same reason, responding to this

Request as stated would be unduly burdensome and not proportional to the needs of the case. Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object to this Request as it seeks information regarding Defendants' practices but does not specify the applicable time period for the request. Responding to such a request would be unduly burdensome and is not feasible. In any event, the relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. In light of Plaintiffs' use of the word "provide," Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Exhibit 10 to the Complaint appears to be an authentic copy of a document authored by Defendants titled "Pegasus-Product Description," which described some features of Pegasus at the time it was written, which Defendants believe occurred in 2012. Exhibit 10 is therefore of no relevance to Plaintiff's allegations, which start in 2018. Except as expressly admitted herein, Defendants deny

1    the request.

2    **REQUEST FOR ADMISSION NO. 15:**

3       Admit that a version of NSO Spyware is named "Phantom."

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

5       Defendants incorporate by reference the General Objections, Objections to the Definitions,

6    and Objections to the Instructions as if set forth herein.  Defendants object that the phrase "version

7    of NSO Spyware" is vague and ambiguous in the context of this Request.  Defendants further

8    object to this Request as it seeks information regarding Defendants' products without stating a

9    period for the request.  The relevant time period for this action is January 2018 through May 13,

10    2019, and information outside that time period is not relevant to any party's claim or defense nor

11    proportional to the needs of the case.  Defendants further object to this Request to the extent

12    Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant

13    version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was

14    allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint)

15    on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.

16    Defendants further object to the extent they are prohibited from disclosing the requested

17    information by any Israeli law, regulation, or governmental order or directive, or any other

18    applicable law, regulation, or governmental order or directive.  Defendants further object on the

19    ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential

20    business information.

21       Subject to and without waiving those objections, Defendants respond as follows:  Denied.

22    **REQUEST FOR ADMISSION NO. 16:**

23       Admit that You licensed use of NSO Spyware during the 2019 Attack Period.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

25       Defendants incorporate by reference the General Objections, Objections to the Definitions,

26    and Objections to the Instructions as if set forth herein.  Defendants object that the words

27    "licensed," "use," and "the 2019 Attack Period" are vague and ambiguous in the context of this

28

Request.  The approval of any license is subject to approval of the Government of Israel Ministry of Defense and Defendants are not in a position to make representations as to the decisions of its regulators.  Defendants further object to this request to the extent it implies that Defendants operate Pegasus.  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint)on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the phrase "2019 Attack Period" to the extent it implies any "attack" occurred.  Defendants' products assist law enforcement in protecting the public and are used for investigative purposes, not in "attacks."  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Admit that licenses of Pegasus were in effect during the period April 29, 2019 to May 10, 2019.  Except as expressly admitted herein, Defendants deny the request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that NSO Spyware is capable of collecting information from a Device.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the word "Device" is vague and ambiguous in the context of this Request, is improperly defined and overbroad. Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that NSO Spyware is designed to collect information from a Device.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the terms "Device" and "designed" are vague and ambiguous in the context of this Request. The term "Device" is improperly defined and is overbroad. Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent the word "designed," in conjunction with "NSO Spyware" or

1   any aspect of the Requests, suggests Defendants acted with any improper or unlawful intent or

2   purpose at any time.  Defendants further object to this Request to the extent Plaintiffs intend for

3   the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.*

4   the version in effect at the relevant time period for this action that was allegedly used with respect

5   to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other

6   products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the

7   extent they are prohibited from disclosing the requested information by any Israeli law, regulation,

8   or governmental order or directive, or any other applicable law, regulation, or governmental order

9   or directive.  Defendants further object on the ground and to the extent that this Request seeks

10  private, proprietary, trade secret, or confidential business information.

11          Subject to and without waiving those objections, Defendants respond as follows:  Admit.

12  **REQUEST FOR ADMISSION NO. 19:**

13          Admit that NSO Spyware is marketed for the purpose of collecting information from a

14  Device.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

16          Defendants incorporate by reference the General Objections, Objections to the Definitions,

17  and Objections to the Instructions as if set forth herein.  Defendants object that the word "Device,"

18  "purpose," and "marketed" is vague and ambiguous in the context of this Request.  The term

19  "Device" is improperly defined and is overbroad.  The term marketed, moreover, could refer to a

20  prohibitively broad set of activities, such that responding to this Request as stated would be unduly

21  burdensome and not proportional to the needs of the case.  It is also unreasonable and unduly

22  burdensome for Defendants to ascribe a single "purpose" to the marketing of Pegasus, if any.

23  Defendants further object to this Request to the extent that it falsely implies that persons, teams,

24  groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology

25  within the definition of "NSO Spyware."  Defendants further object to this Request to the extent

26  the word "marketed," in conjunction with "NSO Spyware" or any aspect of the Requests, suggests

27  Defendants acted with any improper or unlawful intent or purpose at any time.  Defendants further

28

object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Admit that Defendants' marketing of Pegasus has included that Pegasus is capable of collecting information from mobile devices.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the use of WhatsApp is governed by the WhatsApp Terms of Service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that this request calls for a legal conclusion.  Defendants object that the terms "use of" and "governed by" are vague and ambiguous.  Defendants further object on the basis that responding to this Request calls for a legal conclusion insofar the Request requires Defendants to assess whether certain conduct is governed by an agreement. Defendants further object that they lack sufficient knowledge or information to respond to this Request, particularly as the hypothetical and undefined "use" in this Request corresponds to Plaintiffs' software application and Plaintiffs' terms of service, not Defendants' software or terms.

Subject to and without waiving those objections, Defendants respond that they lack information sufficient to enable them to truthfully admit or deny the request, and therefore deny it on that basis.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You agreed to the WhatsApp Terms of Service prior to or during the 2019 Attack Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that this request calls for a legal conclusion. Defendants object that the phrase "agreed to" is vague and ambiguous in the context of this Request. In addition to being a complex question involving various factors not readily assessable in the context of a discovery response, whether an entity has agreed to terms of service presents multiple questions of law. Accordingly, Defendants object to this Request as it calls for a legal conclusion. Defendants further object to the phrase "2019 Attack Period" to the extent it implies any "attack" occurred. Defendants' products assist law enforcement in protecting the public and are used for investigative purposes, not in "attacks." Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, and unduly burdensome. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You used WhatsApp prior to or during the 2019 Attack Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the word "used" is

vague and ambiguous in the context of this Request, especially in combination with the term "You." Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, and unduly burdensome. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object to the phrase "2019 Attack Period" to the extent it implies any "attack" occurred. Defendants' products assist law enforcement in protecting the public and are used for investigative purposes, not in "attacks." Defendants further object to this request on the basis that they lack sufficient knowledge or information to respond to this Request, particularly as Pegasus is operated by NSO's sovereign customers. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Defendants admit that certain of their employees are among the nearly 2 billion people who reportedly used WhatsApp in 2019, including during the period between April 29, 2019 and May 10, 2019.

**REQUEST FOR ADMISSION NO. 23:**

Admit that You used WhatsApp Computers to install or attempt to install NSO Spyware to a Device.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the terms "used," "Device," and "attempt to install" are vague and ambiguous in the context of this Request, particularly in conjunction with the term "You." Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, and unduly burdensome. Defendants cannot reasonably respond

on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that You did not have permission from WhatsApp or Meta to install or attempt to install NSO Spyware using WhatsApp Computers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that the phrase "attempt to install" is vague and ambiguous in the context of this Request, as it is not clear what constitutes "attempt[ing] to install."  Defendants object that the request implies that Defendants installed or attempted to install NSO Spyware using WhatsApp Computers, which is not true or accurate.  Defendants object to Plaintiffs' use of the term "You" as overbroad, vague, and unduly burdensome.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q

Cyber that are known to their management and legal personnel.  Defendants further object to Plaintiffs' use of the term "install" to the extent is miscomprehends or misstates how Pegasus functions, including because Pegasus would not require that anything be installed on a "WhatsApp Computer," even if used in connection Plaintiffs' allegations.  Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Exhibit A to the Complaint, starting on page 8 of Exhibit 11 to the Complaint, accurately describes Your "Systems and Services," as defined in Exhibit A to the Complaint, as of December 17, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that the phrase "Exhibit A to the Complaint, starting on page 8 of Exhibit 11 to the Complaint" is vague and ambiguous. Defendants interpret this request as asking about Exhibit A to Exhibit 11 to the Complaint. Defendants further object that the words "as of" are vague and ambiguous in the context of this Request as they could mean "on" or "since."  Defendants object that the term "accurately" is vague

and ambiguous in the context of this Request as the time period for this Request is unclear.  In the absence of Plaintiffs specifying a time period for the Request, Defendants cannot state if the document is accurate as to any "Systems and Services" at the time.  Defendants further object to this Request to the extent that it seeks information prior to January 2018.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to the phrase "Your 'Systems and Services'" because Plaintiffs' overbroad definition for "Your" renders this request vague, overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to the extent the phrase "your 'Systems and Services'" implicitly seeks information regarding any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Defendants lack information sufficient to enable them to truthfully admit or deny whether Exhibit A to Exhibit 11 to the Complaint is authentic.  Defendants admit that Exhibit A appears to describe certain aspects of a technology system that was to be provided in 2015 pursuant to a contract. Except as expressly admitted herein, Defendants deny the request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Exhibit A-1 to the Complaint, starting on page 9 of Exhibit 11 to the Complaint, accurately describes the "Features and Capabilities" of NSO Spyware, as of December 17, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants incorporate by reference the General Objections, Objections to the Definitions,

and Objections to the Instructions as if set forth herein. Defendants object that the phrase "Exhibit A-1 to the Complaint, starting on page 9 of Exhibit 11 to the Complaint" is vague and ambiguous. Defendants interpret this request as asking about Exhibit A-1 to Exhibit 11 to the Complaint. Defendants further object that the words "as of" are vague and ambiguous in the context of this Request as they could mean "on" or "since." Defendants object that the term "accurately" is vague and ambiguous in the context of this Request as the time period for this Request is unclear. In the absence of Plaintiffs specifying a time period for the Request, Defendants cannot state if the document is accurate as to any "Features and Capabilities" at the time. Defendants further object to this Request to the extent that it seeks information prior to January 2018. The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint)on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Defendants lack information sufficient to enable them to truthfully admit or deny whether Exhibit A-1 to Exhibit 11 to the Complaint is authentic. Defendants admit that Exhibit A-1 to Exhibit 11 appears to describe certain aspects of a technology system that was to be provided in 2015 pursuant

to a contract.  Except as expressly admitted herein, Defendants deny the request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Exhibit B to the Complaint titled "Considerations," starting on page 32 of Exhibit 11 to the Complaint, accurately describes payments to be made to You for "the provision of the License, System, and Services" related to Pegasus, as of December 17, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants object that the term "You" renders this Request vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Any response is limited to Defendants NSO and Q Cyber.  Defendants further object that the words "as of" are vague and ambiguous in the context of this Request as they could mean "on" or "since."  Defendants object that the term "accurately" is vague and ambiguous in the context of this Request as the time period for this Request is unclear.  In the absence of Plaintiffs specifying a time period for the Request, Defendants cannot state if Exhibit B is accurate as to any payments.  Defendants further object to this Request to the extent that it seeks information for multiple years or information prior to January 2018.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Exhibit C to the Complaint, starting on page 33 of Exhibit 11 to the Complaint, accurately describes the "Installation Requirements" of NSO Spyware as of December 17, 2015.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants object that the phrase "Exhibit C to the Complaint, starting on page 33 of Exhibit 11 to the Complaint" is vague and ambiguous. Defendants interpret this request as asking about Exhibit C to Exhibit 11 to the Complaint. Defendants further object that the words "as of" are vague and ambiguous in the context of this Request as they could mean "on" or "since." Defendants object that the term "accurately" is vague and ambiguous in the context of this Request as the time period for this Request is unclear. Defendants further object to this Request to the extent that it seeks information for multiple years or information prior to January 2018. The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Defendants lack information sufficient to enable them to truthfully admit or deny whether Exhibit C to Exhibit 11 to the Complaint is authentic. Defendants admit that Exhibit C to Exhibit 11 appears to describe certain aspects of a technology system that was to be provided in 2015 pursuant

to a contract.  Except as expressly admitted herein, Defendants deny the request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Exhibit D to the Complaint, starting on page 34 of Exhibit 11 to the Complaint, is a true and accurate copy of a service level agreement between NSO Group Technologies Ltd. And Infralock Development Limited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object to this Request to the extent that it seeks information for multiple years or information prior to January 2018.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants object on the basis that they are not permitted under Israeli law and their agreement to disclose the identity of any potential customers.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that You owned or Controlled servers used to install NSO Spyware.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the term "Controlled" is vague and ambiguous in the context of this Request; Defendants interpret "Control" to mean having the ability to exclude all others from accessing.  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many

people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object on the basis that the Request does not specify the applicable time period.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware."  Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint) on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that You provided technical support to Persons using NSO Spyware.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the terms "provided" and "technical support" as vague and ambiguous in the context of this Request, particularly given the breadth of people and entities included as "Persons."  Defendants further object because, in light of Plaintiffs' overbroad definition of the term "Person(s)," responding this Request would be unduly burdensome.  Defendants object that the term "You" renders this Request

vague, ambiguous, unduly burdensome and not proportional to the needs of the case. Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel. Defendants further object on the basis that the Request does not specify the applicable time period. The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case. As the Requests use the term "provides," Defendants further object to this Request to the extent that it falsely implies that persons, teams, groups, divisions or sections at NSO deploy, use, or operate Pegasus or any other technology within the definition of "NSO Spyware." Defendants further object to this Request to the extent Plaintiffs intend for the phrase "NSO Spyware" to refer to any product other than the relevant version of Pegasus (*i.e.* the version in effect at the relevant time period for this action that was allegedly used with respect to the approximately 1,400 Target Devices described in the Complaint)on the basis that no other products are relevant to Plaintiffs' allegations in the Complaint. Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive. Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Admit.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Your support engineers could be reached at the phone number ███████ █

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein. Defendants further object that the term "support engineers" is vague and ambiguous in the context of this Request as the Requests fail to

define this term.  Defendants further object that the term "Your" renders this Request vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object on the basis that the Request is vague in that it does not specify the applicable time period.  The relevant time period for this action is January 2018 through May 13, 2019, and information outside that time period is not relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Your Technical Support Center could be reached at the e-mail address ██████████████████

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the term "Technical Support Center" is vague and ambiguous in the context of this Request as the Requests fail to define this term.  Defendants further object that the term "Your" renders this Request vague, ambiguous, unduly burdensome and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object because Defendants lack sufficient knowledge or information to respond to this Request on the basis that the email address appears to be operated by a third party entity.  Defendants further object on the basis that the Request does

1   not specify the applicable time period.  The relevant time period for this action is January 2018

2   through May 13, 2019, and information outside that time period is not relevant to any party's claim

3   or defense nor proportional to the needs of the case.  Defendants further object to the extent they

4   are prohibited from disclosing the requested information by any Israeli law, regulation, or

5   governmental order or directive, or any other applicable law, regulation, or governmental order or

6   directive.  Defendants further object on the ground and to the extent that this Request seeks private,

7   proprietary, trade secret, or confidential business information.

8        Subject to and without waiving those objections, Defendants respond as follows:  Admit.

9   **REQUEST FOR ADMISSION NO. 34:**

10        Admit that, between April 29, 2019 and May 10, 2019, WestBridge used, caused to be

11   used, and Controlled the Device associated with the phone number ███████████

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

13        Defendants incorporate by reference the General Objections, Objections to the Definitions,

14   and Objections to the Instructions as if set forth herein.  Defendants further object that the terms

15   "used, caused to be used," "Controlled," and "Device" as vague and ambiguous.  Defendants

16   interpret "Control" to mean having the ability to exclude all others from accessing. Defendants

17   further object to the extent they are prohibited from disclosing the requested information by any

18   Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation,

19   or governmental order or directive.  Defendants further object on the ground and to the extent that

20   this Request seeks private, proprietary, trade secret, or confidential business information.

21        Subject to and without waiving those objections, Defendants respond as follows:

22   Defendants lack information sufficient to enable them to truthfully admit or deny the Request, and

23   therefore deny it on that basis.

24   **REQUEST FOR ADMISSION NO. 35:**

25        Admit that between April 29, 2019 and May 10, 2019, WestBridge employee Josh Shaner,

26   used, caused to be used, and Controlled the Device associated with the phone number ███████

27   ███

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the terms "used, caused to be used," "Controlled," and "Device" are vague and ambiguous in the context of this Request.  Defendants interpret "Control" to mean having the ability to exclude all others from accessing.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows:  Defendants lack information sufficient to enable them to truthfully admit or deny the Request, and therefore deny it on that basis.

**REQUEST FOR ADMISSION NO. 36:**

Admit that You used, caused to be used, and Controlled the WhatsApp account associated with phone number ▮▮▮▮▮▮▮ during the 2019 Attack Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the terms "associate with,"  "used, caused to be used," and "Controlled" are vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.  Defendants interpret "Control" to mean having the ability to exclude all others from accessing.  Defendants further object to the phrase "2019 Attack Period" to the extent it implies any "attack" occurred.  Defendants' products assist law enforcement in protecting the public and are used for investigative purposes, not in "attacks."  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the

acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential business information.

Subject to and without waiving those objections, Defendants respond as follows: Defendants lack information sufficient to enable them to truthfully admit or deny the Request, and therefore deny it on that basis.

**REQUEST FOR ADMISSION NO. 37:**

Admit that You used, caused to be used, and Controlled the WhatsApp account associated with phone number ██████████ during the 2019 Attack Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendants incorporate by reference the General Objections, Objections to the Definitions, and Objections to the Instructions as if set forth herein.  Defendants further object that the terms "associate with," "used, caused to be used," and "Controlled" are vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.  Defendants interpret "Control" to mean having the ability to exclude all others from accessing.  Defendants further object to the phrase "2019 Attack Period" to the extent it implies any "attack" occurred.  Defendants' products assist law enforcement in protecting the public and are used for investigative purposes, not in "attacks." Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond on behalf of the many people potentially included by that term, and any response is limited to the acts of defendants NSO Group and Q Cyber that are known to their management and legal personnel.  Defendants further object to the extent they are prohibited from disclosing the requested information by any Israeli law, regulation, or governmental order or directive, or any other applicable law, regulation, or governmental order or directive.  Defendants further object on

1   the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential

2   business information.

3       Subject to and without waiving those objections, Defendants respond as follows:

4   Defendants lack information sufficient to enable them to truthfully admit or deny the Request, and

5   therefore deny it on that basis.

6   **REQUEST FOR ADMISSION NO. 38:**

7       Admit that You had Control over the servers that resolve to the Internet Protocol (IP)

8   address 54.93.81.200 during the 2019 Attack Period.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

10      Defendants incorporate by reference the General Objections, Objections to the Definitions,

11  and Objections to the Instructions as if set forth herein.  Defendants interpret "Control" to mean

12  having the ability to exclude all others from accessing.  Defendants further object to the phrase

13  "2019 Attack Period" to the extent it implies any "attack" occurred.  Defendants' products assist

14  law enforcement in protecting the public and are used for investigative purposes, not in "attacks."

15  Defendants further object to Plaintiffs' use of the term "You" as overbroad, vague, unduly

16  burdensome, and not proportional to the needs of the case.  Defendants cannot reasonably respond

17  on behalf of the many people potentially included by that term, and any response is limited to the

18  acts of defendants NSO Group and Q Cyber that are known to their management and legal

19  personnel.  Defendants further object to the extent they are prohibited from disclosing the

20  requested information by any Israeli law, regulation, or governmental order or directive, or any

21  other applicable law, regulation, or governmental order or directive.  Defendants further object on

22  the ground and to the extent that this Request seeks private, proprietary, trade secret, or confidential

23  business information.

24  / / /

25  / / /

26  / / /

27  / / /

28
    DEFENDANTS' RESPONSES AND                    37                Case No. 4:19-cv-07123-PJH
    OBJECTIONS TO PLAINTIFFS' FIRST SET
    OF REQUESTS FOR ADMISSION

1         Subject to and without waiving those objections, Defendants respond as follows:

2  Defendants lack information sufficient to enable them to truthfully admit or deny the Request, and

3  therefore deny it on that basis.

4

5  Dated:  April 17, 2023            KING & SPALDING LLP

6

7                       By:    */s/ Aaron S. Craig*

8                           JOSEPH N. AKROTIRIANAKIS
                             AARON S. CRAIG

9                           Attorneys for Defendants NSO GROUP
                           TECHNOLOGIES LIMITED and Q

10                       CYBER TECHNOLOGIES LIMITED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>PROOF OF SERVICE</u>

2          I am a citizen of the United States and resident of the State of California. I am employed

3   in the County of Los Angeles, State of California, in the office of a member of the bar of this

    Court, at whose direction this service was made. I am over the age of eighteen years and not a

4   party to the within action.

5          On April 17, 2023, I served the following documents in the manner described below:

6   **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER**

7   **TECHNOLOGIES LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFFS**
    **WHATSAPP, INC. AND META PLATFORMS, INC. FKA FACEBOOK, INC.'S FIRST**
    **SET OF REQUESTS FOR ADMISSION**

8

9   ☑       BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy
             through King & Spalding LLP's electronic mail system to the email addresses set
10           forth below.

11         On the following parties in this action:

12                       **PLEASE SEE ATTACHED SERVICE LIST**

13         I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct. Executed on April 17, 2023, at Los Angeles, California.

15

16                       By:  _____
                                     ADRIANA S. KIM

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

| | |
|---|---|
| Greg D. Andres<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4724<br>Email: greg.andres@davispolk.com | Craig T. Cagney<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-3162<br>Email: craig.cagney@davispolk.com |
| Antonio J. Perez-Marques<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4559<br>Email: antonio.perez@davispolk.com | Micah G. Block<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, California 94025<br>Telephone: (650) 752-2000<br>Email: micah.block@davispolk.com |

# EXHIBIT D

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Joseph N. Akrotirianakis
Partner
jakro@kslaw.com

**HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY**

July 12, 2024

**VIA EMAIL**
Greg D. Andres, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

 Re: *WhatsApp LLC, et al. v. NSO Group Technologies Limited et al.*, 4:19-CV-07123-PJH

Dear Greg:

 Thank you for your July 2, 2024, letter. We discussed the letter with your law firm colleagues yesterday and informed them that we would provide our response today. In spite of that conversation, it has come to our attention that your clients have already begun to publicize the materials at issue. Multiple individuals identified in those materials have been contacted by the press for comment today based on information allegedly provided by your clients.



 *Second*, the Stipulated Protective Order remains applicable to all such information already produced and designated by NSO. Even if the materials disclosed by "Edna Karnaval" are determined to be genuine, which NSO is currently investigating, it would appear highly unlikely they were obtained lawfully. (*See* Stipulated Protective Order § 3). More importantly, your clients would only be able to confirm the authenticity of the materials at issue by, among other things, reviewing items already designated under the Order. (*See id.*)

HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY

Page 2

*Third*, assuming that any of the materials are authentic, any documents that were privileged remain protected. As I am sure that you are aware, involuntary disclosures do not waive the attorney-client privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012). Federal courts have consistently held that the unauthorized leak or publication of protected materials does not waive privilege. *See, e.g.*, *Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1577 (S.D. Fla. 1993); *see also Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-2252 CRB (JSC), 2013 WL 1282892, at *6 (N.D. Cal. Mar. 26, 2013) (leak of memorandum did not waive privilege where the company "took reasonable steps to clearly mark the Memo as privileged and to maintain it in a secure location and limit its dissemination"); *Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 365 (E.D.N.Y. 1997) ("assertion of privilege [] is not waived through public disclosure of a stolen privileged document"); *Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1429 (D. Ariz. 1993) (holding that unauthorized leak to a newspaper of an internal memo did not waive attorney-client privilege); *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 468, 469-70 (S.D. Ohio 1984) ("Absent any indication that Ms. Curry or Dayco officials voluntarily gave the diary to the Dayton Daily News, publication of excerpts of same should not be considered a waiver of the privilege"); *In re Grand Jury Proceedings Involving Berkely*, 466 F. Supp. 863, 869-70 (D. Minn. 1979) (finding that the documents stolen from a corporation "should not lose their privileged status simply because of the manner in which they were disclosed").

*Fourth*, with respect to your remaining questions, we only recently became aware of the information posted to the "Edna Karnaval" Website. We are investigating the disclosures, including how and from where the documents were obtained and whether they are authentic. None of the materials were obtained from King & Spalding, NSO, or Q Cyber. ███████████

Given the potential sensitivity of the materials at issue, we would have expected Facebook, WhatsApp, and the Davis Polk firm to treat the materials as privileged and confidential— particularly while your prior letter was pending.

Please confirm by the close of business on Monday, July 15, 2024, that none of the plaintiffs, their affiliates, their representatives, or their agents have shared any confidential, restricted, or privileged information with any third parties. This includes, but is not limited to, members of the press.

Furthermore, please inform us as soon as possible, but no later than Friday, July 19, 2024:

- How Facebook, WhatsApp, and/or the Davis Polk firm came to be aware of the Edna Karnaval website;

- Whether either of the plaintiffs, any of their Israeli affiliates, or anyone acting on their behalf, has had any contact with any source(s) of materials cited in your July 2, 2024, letter;

- Whether either of the plaintiffs, any of their Israeli affiliates, or anyone acting on their behalf has had any contact with any operators, representatives, or authors of the "Edna Karnaval" website; and

**HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY**

Page 3

- To the extent not previously covered, whether either of the plaintiffs, any of their Israeli affiliates, or anyone acting on their behalf has had any contact with any other third party (e.g., journalists) regarding any of the information appearing on the Edna Karnaval website or regarding any other confidential, privileged, or restricted information relating to this lawsuit.

NSO and King & Spalding reserve all rights should the plaintiffs attempt to make use of any such materials improperly in this litigation or to improperly publicize them.

Sincerely,

Joseph N. Akrotirianakis

cc: fb.nso@davispolk.com, k&snso@kslaw.com

# EXHIBIT E

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Aaron S. Craig
Partner
acraig@kslaw.com

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

July 26, 2024

<u>**VIA EMAIL**</u>

Craig Cagney, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Re:     *WhatsApp, LLC, et al. v. NSO Group Technologies Limited et al.*

Dear Craig:

This letter concerns a series of outstanding discovery issues, including some that NSO has raised for more than a month now.  Given the imminent closure of fact discovery, please provide us with your earliest availability for a videoconference.  During that videoconference, please be prepared to provide WhatsApp's final position regarding the matters below.

## I.        Facebook and WhatsApp's Potential Violations of Court Orders

On July 2, 2024, Greg Andres notified King & Spalding LLP of the possibility that certain information pertaining to this lawsuit had been posted to a website named Edna Karnaval.  Mr. Andres also inquired if NSO intended to maintain privilege over any potentially authentic documents.  Before NSO could respond, NSO, its ████████ and King & Spalding LLP all received nearly identical press inquiries (from several different outlets) regarding materials posted to Edna Karnaval.  The sequence of events strongly suggests that the press inquiries were initiated based on information provided by your clients. ████████████████████████████████████ ████████████████████  NSO thus requested confirmation by July 15, 2024, that neither the plaintiffs nor Davis Polk had shared confidential, restricted, or privileged information with any third party.

To date, the plaintiffs and Davis Polk have refused to provide that confirmation or to

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

respond at all. Instead, NSO and King & Spalding recently received notifications that additional articles may be published—and the inquiries we have received closely track WhatsApp and Facebook's talking points in this litigation.

On our videoconference, please be prepared to provide all of the information requested in our letter of July 12, 2024. This includes a confirmation that Facebook, WhatsApp, and Davis Polk have (or have not) shared any confidential, restricted, or privileged information with any third parties. This includes the use of any designated, highly confidential information to suggest to the media that the information appearing on Edna Karnaval may be accurate and thus worthy of investigation. Should you or your clients have violated the stipulated protective order, NSO reserves all rights.[1]

## II. Plaintiffs' Objections to NSO's Fourth Set of Document Requests

As previously discussed, WhatsApp's objections to NSO's Fourth Set of Requests for Production are improper. On June 27, 2024, we started our conference of counsel as to Plaintiffs' objections to these requests. After we explained our position, you asked to confer with your client about them, but we have not heard back from you since. We reiterate our position below.

*First*, the source data used to prepare WA-NSO-00017582 (RFP No. 232) is plainly relevant to numerous issues, including the identification of potential "Target Users" (including users who have common names), whether those users were associated with criminal and terrorist activity, whether any affiliated Target Devices were properly and lawfully monitored, whether any alleged use of WhatsApp's services was "legal and acceptable" in the relevant jurisdiction, whether any alleged use of WhatsApp's services was intended to "harm" WhatsApp users, whether WhatsApp waived its ability to enforce its terms of service by failing to enforce them against the very Target Users at issue in this litigation, and whether WhatsApp is entitled to many of the remedies that it seeks (e.g., punitive damages and equitable relief). The discovery is not limited to the users identified in The Citizen Lab's materials. Even if it were, NSO has now provided the showing of criminal or terrorist connections requested by the Court. (*See generally* Dkt. No. 314.) Any objection regarding confidentiality is mooted by the entry of a protective order.

*Second*, documents relating to WhatsApp's own factual allegations (RFP Nos. 233-240) are plainly relevant. The form and substance of your responses is improper. For example, your document production does not appear to include any documents showing that Defendants accessed or used WhatsApp computers located in California (RFP No. 233), or WhatsApp Signalling servers and Relay servers located in California (RFP No. 234). When we conferred about these requests, you asked for time to confer with your client. That was a month ago. With respect to Request No. 235, please let us know when WhatsApp intends to produce all of its documents responsive to that request. With respect to the remaining requests in this series, WhatsApp cannot both object that it has produced responsive documents and refuse to identify those documents. If you will not agree to serve supplemental responses and produce responsive documents, or alternatively identify

---

[1]    As previously noted in our letter of July 12, 2024, NSO and King & Spalding also reserve all rights for the dissemination of information subject to the Israeli gag orders and information subject to any privilege.

**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**

where in Plaintiffs' document production you contend the responsive documents are located, we will move to compel further responses.

*Third*, requests 241-258 seek information about various efforts by Plaintiffs to provide the same functionality, either for itself or for others, that NSO provides to its customers. The Facebook Research App and Project Ghostbusters have been widely reported to have collected data from Plaintiffs' users about their activities on other applications without their knowledge. Facebook's subsidiary, Onavo, attempted to purchase or license Pegasus from NSO. It has been reported that the "Tails Exploit" was created by or on behalf of Plaintiffs in order to uncover the identity of Buster Hernandez aka Brian Kil. The Tails Exploit overcame Mr. Hernandez's use of Tails and Tor to discover his IP address (and thus his identity). Plaintiffs' own monitoring activities cast doubt on their assertion that Pegasus violates U.S. law, renders inequitable Facebook and WhatsApp's assertion of rights against NSO, and makes clear that Pegasus does not warrant an award of punitive damages or equitable remedies.

### III.      Plaintiffs' Communications with Law Enforcement

Plaintiffs have produced a series of documents suggesting that the Federal Bureau of Investigation, and possibly other federal or state agencies, provided assistance to Plaintiffs in attributing various monitoring activities to NSO. Accordingly, NSO renews its requests for all of the plaintiffs' communications with any state or federal law enforcement agency (RFP Nos. 154, 169) or with any representative of the U.S. government (RFP No. 165-167). Plaintiffs' confidentiality objections are mooted by the entry of the Stipulated Protective Order, and Plaintiffs cannot assert privilege because "[v]oluntary disclosure . . . to a third person" and the federal government's use of the statements in an "administrative investigation . . . to determine wither [Defendants were] was guilty of misconduct" destroys privilege and work product protections, respectively. *Griffith v. Davis*, 161 F.R.D. 687, 693, 698 (C.D. Cal. 1995).

Furthermore, Plaintiffs have produced certain documents bearing redactions that purport to have been made by the FBI. Plaintiffs, however, have failed to produce any sort of log justifying the redactions. In the absence of any demonstrated standing to assert confidentiality on behalf of the FBI, the redactions must be removed. *See Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 234 (N.D. Ind. 1992).

### IV.      Plaintiffs' Privilege Log

NSO requested a privilege log months ago. Plaintiffs represented to the Court, in a filing dated June 12, 2024, that they intended to produce a full "privilege log covering all documents from all custodians in the coming weeks." (Dkt. No. 306 at 5.) It is now six weeks later, and months after Plaintiffs substantially completed their document production, and still Plaintiffs have not produced a log justifying any assertion of privilege. Please confirm that Plaintiffs will produce a complete log within five business days. NSO reserves all rights, including the right to seek production of all withheld information and documents on the basis of waiver.

July 26, 2024
Page 4

<h2 style="text-align:center;color:red;">HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY</h2>

Very truly yours,

Aaron S. Craig

cc:     fb.nso@davispolk.com
        k&snso@kslaw.com

# EXHIBIT F

*Unredacted Version
of Document
Proposed to be Filed
Under Seal*

**Davis Polk**

Greg D. Andres
+1 212 450 4724
greg.andres@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

August 2, 2024

Re: *WhatsApp LLC v. NSO Group Techs. Ltd*, No. 4:19-cv-7123 (PJH) (N.D. Cal.)

Joseph N. Akrotirianakis
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Counsel:

I write on behalf of Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in response to your letters of July 12, 2024 and July 26, 2024, and in light of recent reporting on NSO Group's conduct in connection with this case.[1]

We are not aware of any basis for your continued claims that Plaintiffs violated their legal obligations with respect to the Edna Karnaval website—and you have not provided any. As you are aware, out of an abundance of caution ███████████████████████████████████████████████████████████ ███████████████████████████████████████████

Separately, the independent reporting on these materials raises questions as to whether NSO and its counsel's representations to the Court and Plaintiffs in this litigation were accurate, or truthful. According to *The Guardian*, ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████

If true, this reporting contradicts a number of responses that NSO has provided to Plaintiffs' discovery requests. Specifically, in its responses and objections to Plaintiffs' first set of requests for admissions, NSO:

███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████

---

[1] *See, e.g.*, Harry Davis & Stephanie Kirchgaessner, *Israel Tried to Frustrate US Lawsuit Over Pegasus Spyware, Leak Suggests*, The Guardian (July 25, 2024, 12:00 PM ET), https://www.theguardian.com/news/article/2024/jul/25/israel-tried-to-frustrate-us-lawsuit-over-pegasus-spyware-leak-suggests; Phineas Rueckert and Karine Pfenniger, *Israel Maneuvered to Prevent Disclosure of State Secrets amid WhatsApp vs NSO Lawsuit*, Forbidden Stories (July 25, 2024), https://forbiddenstories.org/actualites_posts/israel-maneuvered-to-prevent-disclosure-of-state-secrets-amid-whatsapp-vs-nso-lawsuit; Amnesty International Security Lab, *Israel: Israel's Attempt to Sway WhatsApp Case Casts Doubt On Its Ability to Deal with NSO Spyware Cases*, Amnesty International (July 25, 2024), https://securitylab.amnesty.org/latest/2024/07/israels-attempt-to-sway-whatsapp-case-casts-doubt-on-its-ability-to-deal-with-nso-spyware.

**Davis Polk**

Joseph N. Akrotirianakis



For these reasons, Plaintiffs request that NSO explain the apparent inconsistencies between these recent reports and NSO's own representations in this litigation.  Plaintiffs also request that NSO supplement its discovery responses, including the responses listed above, in order to ensure their truthfulness.  Plaintiffs reserve all rights.



You do not claim that the materials posted on the Edna Karnaval website were leaked by anyone who had received them subject to the limitations in the Stipulated Protective Order, or indeed, that anyone with possession of them would even be subject to that order, since they purport to be internal Israeli government documents.  Nor have you informed us of any efforts by either NSO or the State of Israel to recover the documents or take down either the Edna Karnaval website or the more recent news articles.



. (a) any information that . . . becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise."  Dkt. No. 132 § 3.  In addition, since you claim that information became public through no fault of NSO or its counsel, *see* July 12, 2024 Ltr. from J. Akrotirianakis to G. Andres at 2, it

Accordingly, pursuant to Section 6.2 of the Protective Order

# Davis Polk

Joseph N. Akrotirianakis

Plaintiffs will separately respond to the other issues in your July 26, 2024 letter.

Very truly yours,

*/s/ Greg D. Andres*

Greg D. Andres

# EXHIBIT G

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

# KING & SPALDING

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel:  +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Aaron S. Craig
Partner
acraig@kslaw.com

**<span style="color:red">HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY</span>**

August 15, 2024

**<u>VIA EMAIL</u>**

Greg D. Andres, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Re:     *WhatsApp, LLC, et al. v. NSO Group Technologies Limited et al.*

Dear Greg:

This letter responds to your letter of August 2 regarding your ████████████████ ████████████████ and Defendants' responses to Requests for Admission 2-4.

### I.     Confidentiality Challenge

You have not identified with particularity the documents you assert you are challenging. ████████████████████████████████████████ The Protective Order requires that a Challenging Party "provide written notice of each designation it is challenging."  To properly invoke Paragraph 6.2, please provide such notice by reference to the specific documents you intend to challenge so we can evaluate them in the manner contemplated by the Protective Order.

If you identify with particularity the documents to which you are challenging the confidentiality designation, we would be happy to meet and confer with you about those documents on a document-by-document basis contemplated by the Protective Order. ████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

August 15, 2024
Page 2

**<span style="color:red">HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY</span>**

███████████████████████████████████

**II.        Requests for Admission Nos. 2-4**

We have reviewed our responses to Requests for Admission Nos. 2-4, and we do not believe our responses to these Requests require supplementation.  They are, moreover, totally irrelevant to any claim or defense.  If Plaintiffs believe that these responses are inaccurate, their sole remedy is prescribed by Rule 37(c)(2).  Because the Federal Rules of Civil Procedure do not provide for a motion to compel further responses to requests for admission, we see no need for a conference of counsel about this issue.  We are, however, willing to confer with you if you insist on such a time-wasting exercise.  If you do, please appear personally for it.

Very truly yours,

Aaron S. Craig

cc:     fb.nso@davispolk.com
        k&snso@kslaw.com

# EXHIBIT I

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

**Davis Polk**

Craig T. Cagney
+1 212 450 3162
craig.cagney@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

August 26, 2024

Re: *WhatsApp, LLC, et al. v. NSO Group Techs. Ltd. et al.*, 4:19-cv-7123 (N.D. Cal.)

Aaron Craig
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071

Dear Aaron,

We are contacting you again about productions you recently made in this case and your apparent refusal to meet and confer about them.



Second, we received NSO's document productions since Friday.  While we are still reviewing those productions and reserve all rights, including with respect to timing, we write to address the portions of the cover letters for these productions that state that ██████████████████████████████████████

NSO cannot escape its discovery obligations by shifting its discovery burdens to others.  ██████████████████████████████████████████████████████████████.  In its November 15, 2023 Order Denying NSO's Motion for a Protective Order, the Court made clear that ████████████████████████████████████ (Dkt. No. 233 at 10), and in its Febuary 23, 2024 Order, it compelled NSO to produce documents regarding the full functionality of all Relevant Spyware, among others.  (Dkt. No. 292).  The Court confirmed in its August 1, 2024 Order that "the previous order's reference to 'full functionality' was indeed intended to require NSO to produce Pegasus computer code," despite NSO's contention that ███████████████████ and "order[ed] production of that code under *Richmark*, as the information is sufficiently important and specific to require production despite the existence of foreign legal restrictions."  (Dkt. No. 358 at 6).

Please confirm whether NSO has produced these materials to Plaintiffs ██████████████ in a way that makes them available to everyone authorized to view material under the Protective Order, including Plaintiffs' Experts, as well as the court reporters, videographers and translators necessary for use in the depositions of NSO's witnesses beginning tomorrow in London.  In addition, please confirm whether NSO has produced these materials to Plaintiffs in a manner that permits them to be used in the depositions beginning tomorrow (which we expect will include a reporter, videographer and translator); as evidence

**Davis Polk**

before a jury in Oakland, California; and for all other purposes in the litigation, subject to the terms of the Protective Order.

Finally, the productions we have received contain numerous redactions described as being for either "PII," "Per Court Order," or "Export Controlled."  Please clarify whether these redactions are for privilege, or else explain the basis for these redactions, including which court permits each redaction.

We are available to meet and confer on these topics tomorrow. If NSO does not confirm by tomorrow that the materials described above can be shared and used for all purposes in this litigation, ███████████ ████████████████████████ their U.S. litigation counsel, their Experts, and the Court, Plaintiffs will seek the Court's intervention.

Very truly yours,

/s/ *Craig T. Cagney*

Craig T. Cagney

# EXHIBIT L

***Unredacted Version
of Document
Proposed to be Filed
Under Seal***

# King & Spalding

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel:  +1 213 443 4355
Fax:  +1 213 443 4310
www.kslaw.com

Aaron S. Craig
Partner
acraig@kslaw.com

**HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY**

September 20, 2024

**VIA EMAIL**
Craig Cagney, Esq.
Davis Polk and Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Re:     *WhatsApp LLC et al. v. NSO Group Technologies Ltd. et al.,* 4:19-cv-07123-PJH

Dear Counsel:

I am in receipt of your letter served after the close of business on September 12, 2024.  In it, you demanded, on the following day: production of three categories of documents; removal of PII redactions from previously produced documents; removal of PII redactions; removal of expert control redactions; removal of redactions safeguarding the identity of NSO's customers; production of a log of redactions; agreement to a stipulation to expand the relevant discovery time period from the current 24.5 months to over seven years; agreement to provide additional 30(b)(6) testimony; agreement to treat witnesses' answers made in their individual capacity as answers of Defendants; confirmation whether Defendants will make its witnesses available again; and supplemental or amended responses to six requests for admission.

I am unable to address your requests about depositions in this letter (Sections VI and VII of your letter), but I will endeavor to respond to your other requests herein.

Production of Discovery in Israel

To the extent Defendants' production of the code from the Amazon Web Server, made to Plaintiffs' counsel of record in Israel on August 23, 2024, has not been provided to you, that would be because Plaintiffs have failed to obtain an export license from GOI, despite ample notice they would need to do so.  No Court orders specified any required place of production, and Defendants produced the highly-regulated and export-controlled Amazon Web Server code to Plaintiffs'

HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY

counsel of record in the only place Defendants were lawfully permitted to do so.  Defendants note that nothing has prevented Plaintiffs from hiring an expert in Israel to review the production.

Moreover, this issue was caused entirely by Plaintiffs' decision to file this lawsuit in the United States--instead of in Israel where personal jurisdiction is proper and where the case plainly belongs.  When Plaintiffs successfully opposed Defendants' motion to dismiss for *forum non conveniens*, they did so by persuading the Court that all the core evidence Plaintiffs needed to prove their allegations was located in the United States.

NSO's Document Productions

It appears that the parties' fundamental dispute relates to Plaintiffs having forgotten their reframing of their document requests in advance of the motion to compel that the Court granted in part.  For example, RFP No. 1 was narrowed to read "Documents and Communications sufficient to show NSO's development, testing, deployment, installation, distribution, use, maintenance, troubleshooting and/or operation" of Pegasus.  RFP No. 3 was likewise narrowed to read "Documents and Communications sufficient to show how NSO intended for or permitted third parties to use" Pegasus, "including but not limited to marketing materials, licensing agreements, user complaints, training manuals or documents." Defendants' counsel traveled to Israel to conduct targeted document searches together with Defendants, and Defendants subsequently produced documents sufficient to show every element of every request the Court ordered Defendants to produce:  development, testing, deployment, installation, distribution, use, maintenance, troubleshooting, operation, marketing materials, licensing agreements, and training materials.  The tens of thousands of pages produced by Defendants amply comply with the Court's orders and Defendants' RFP responses.  In sum, Defendants' productions are more than sufficient to show the full functionality of Pegasus, even independent of the Defendants' production of Pegasus code nearly a month ago.

Defendants' price lists are completely irrelevant to any issue in the case.  With respect to Plaintiffs' claim for disgorgement, Defendants have provided Plaintiffs with the *actual revenues* associated with each of their contracts for each of their products.  Price lists, which bear little if any resemblance to the prices actually paid by Defendants' customers, are not relevant to Plaintiffs' claims for disgorgement.  Moreover, disgorgement of profits is not an issue to be tried to the jury.  If Plaintiffs are somehow able to establish personal jurisdiction over Defendants, prevail on their claims, and persuade the Court that disgorgement of profits is a proper remedy in spite of Plaintiffs' simultaneous request for legal remedies, the Court can determine the need for additional discovery at that time.

Redactions in Defendants' Documents

Defendants have provided an overlay with respect to any PII redactions that were inadvertently added by document analysts.  Defendants agree that NSO-controlled test phone numbers are not PII.  On September 13, you were provided un-redacted versions of NSO_WHATSAPP_00012913 and NSO_WHATSAPP_00044814.  Phone numbers and other information that identifies individuals who bear no relevance to any issue in the case may have been properly redacted from a handful of documents, as is customary.

Page 3
HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY

Defendants provided export-controlled redactions because 

Please provide legal authority for the proposition, implicit in your letter, that a log of redactions is required.

NSO's Privilege Log

NSO's privilege log is complete. NSO is not withholding any other documents on the basis of the attorney-client or work-product privilege. We are not required to disclose to you the methodology by which Defendants conducted the searches that have resulted in producing the over 45,000 pages of technical, marketing, and financial documents produced to Plaintiffs in the litigation to date.

Relevant Time Period of Discovery

We disagree with your interpretation of Mr. Gazneli's testimony; nowhere did he testify that NSO deployed any installation vector that involved WhatsApp in 2017. In any event, the discovery period has passed, and Defendants will oppose Plaintiffs' attempt to deploy their unlimited resources to prolong the litigation in an attempt to win it by attrition.

Responses to Requests for Admission

Requests for Admission 6-8 fall outside of the relevant time period, and Defendants properly objected to them on that basis (and others). Requests 34 and 35 ask Defendants information about the activities of Westbridge and Mr. Shaner that fall outside the knowledge of Defendants, as was reflected in Defendants' responses. Finally, with respect to Request for Admission 38, the Court's August 1, 2024, Order directed NSO to amend their responses to ensure that they contain all the updated information that was provided in NSO's opposition brief. On August 22, 2024, NSO amended its responses to requests for admission 45-52 to comply with the Court's Order. Defendant's Amended Response to Request No. 47 sets forth Defendants' information on the subject of Request for Admission No. 38.

Very truly yours,

Aaron S. Craig

cc:    fb.nso@davispolk.com, k&snso@kslaw.com