# Exhibit E to the Declaration of Aaron S. Craig
## April 4, 2025

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S UNOPPOSED OMNIBUS ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL**<br><br>**[UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>**HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' January 24, 2025, Unopposed Omnibus Administrative Motion to File Under Seal. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed October 29, 2019. (Dkt. No. 1.) Defendants were served on March 12, 2020, and on April 2, 2020, Defendants moved to dismiss the complaint. (Dkt. No. 45.) Plaintiffs served a First Set of RFPs on June 4, 2020. This Court stayed discovery shortly after Plaintiffs served their First Set of RFPs. After the stay ended, the Court held a status conference at which it instructed the parties to meet and confer over the ▮▮▮▮▮▮▮▮ on Plaintiffs' RFPs and if the parties cannot resolve the issue, for Defendants to file a motion for protective order. The parties met and conferred but could not reach a resolution, forcing Defendants to file a motion for protective order on March 30, 2023. On November 15, 2023, the Court denied NSO's motion for protective order. (Dkt. No. 233.) The parties then engaged in substantive discovery, which involved the exchange of numerous highly confidential documents. In September and October of 2024, the parties filed their respective dispositive motions (Dkt. Nos. 396, 399, 413, 418, 419, 433, 436, 446) and Plaintiffs filed a motion for sanctions (Dkt. Nos. 405, 417, 429, 443, 454).

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) that are the subject of Defendants' concurrently-filed Unopposed Omnibus Motion to Seal. Sealing of certain of the Sealed Documents is necessary to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As is

---

[1] The Sealed Documents are enumerated in paragraph 11, below.

1  evidenced by the ▮▮▮
2  ▮▮▮
3  ▮▮▮ The Sealed Documents contain highly sensitive, traditionally
4  nonpublic ▮▮▮ information that ▮▮▮
5  ▮▮▮
6  ▮▮▮
7  ▮▮▮ and ▮▮▮ militates in favor of this Court's sealing documents that contain
8  references to information that ▮▮▮
9  ▮▮▮
10 ▮▮▮ In addition, the Sealed Materials also reveal confidential and commercially
11 sensitive technical and other information, the public disclosure of which could harm NSO
12 competitively and sensitive identifying information, including computer code, IP addresses, and
13 phone numbers.
14 ▮▮▮
15     4.    On July 19, 2020, the ▮▮▮
16 ▮▮▮
17 ▮▮▮ (August 3,
18 2020, Declaration of Chaim Gelfand (Dkt. 133-6) ("Gelfand Decl.") Exh. B.) The request was
19 presented by ▮▮▮ in his capacity as ▮▮▮
20 ▮▮▮
21 ▮▮▮ The ▮▮▮
22 ▮▮▮
23 ▮▮▮

---

[2] ▮▮▮

[3] The Office of the ▮▮▮

1  ▮▮▮
2  ▮▮▮ The request prohibited Defendants from
3  ▮▮▮
4  ▮▮▮
5  ▮▮▮
6  ▮▮▮
7  ▮▮▮
8  ▮▮▮ (Gelfand Decl. (Dkt. 133-6)
9  Exh. B at 1-2.)
10     5.   On July 19, 2020, ▮▮▮
11  ▮▮▮ (Gelfand Decl. (Dkt. 133-6), Exh.
12  D.) ▮▮▮ determined the ▮▮▮ was ▮▮▮
13  ▮▮▮ (*Id.* at 1.) ▮▮▮ prohibits
14  ▮▮▮ that is not an
15  ▮▮▮ with regard to any ▮▮▮ that are
16  ▮▮▮
17  ▮▮▮ (*Id.*) ▮▮▮ authorized
18  the ▮▮▮ to ▮▮▮
19  ▮▮▮
20  ▮▮▮
21  ▮▮▮ (*Id.* at 1-2.) The order
22  also authorized ▮▮▮ of ▮▮▮
23  ▮▮▮ and ▮▮▮
24  ▮▮▮ (*Id.* at 3.)
25  ▮ On July 19, 2020, ▮▮▮ delivered a ▮▮▮
26  ▮▮▮ in ▮ (Gelfand Decl. (Dkt. 133-6) Exh. F.) ▮▮▮
27  notified Defendants about the ▮▮▮ and explained that ▮▮▮
28  ▮▮▮

1 ███████████████████████████████████ (*Id.* ¶ 3.) ██████████

2 ████████████ that they are █████████████████████████████

3 ████████████████████████████████████ by ██████████████

4 ██████████████ including a prohibition on ████████████████

5 ████████████████████████████████████████████████████████

6 ████████ (*Id.* ¶ 2.)

7      7.    On February 8, 2023 ████████████████████████████

8 ████████████████████████████████████████████████████████

9 ████████████████████████████████████ (Gelfand Decl. (Dkt. 133-6)

10 Exh. D.) The purpose for this update, according to ██████████

11 ████████████████████████████████████████████████████████

12 ████████████████████

13      ██  On May 21, 2023, ███████████████████████████████

14 ████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 █████████████ As soon as NSO ██████████████████████████

17 ████████ it filed and served them on June 13, 2023 (Dkt. 195-3 and 195-4.) ████

18 is described in paragraph 10 below. ██████████████████████

19 ██████████████████████ (Dkt. 195-4, Order ¶ 3), ██████████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████ (Dkt. 195-4, Order

22 ¶ 4), and ████████████ may not be █████ to any ████████ except i██

23 ██████████████████ that will ████████████████████████████

24 ████████████ (Dkt. 195-4, Order ¶ 5), provided that they are ████

25 ████████████████ (Dkt. 195-4, ████████ ¶ 3). ██████████████

26 ████████████████████████████████████ (Dkt. 195-4, ████████ ¶ 6).

27 ████████████████████████████████████████

28

CRAIG DECL.                    4                    Case No. 4:19-cv-07123-PJH

1   9.   The information that Defendants seek to keep under seal regarding the ███
2   ██████████████████████████████████. At the time Defendants first received
3   ████████████████████████████████████████████████████████████████████████
4   ███████████████████████████████████████████   (Gelfand Decl. (Dkt. 133-6)
5   Exh. F ¶¶ 4-6.)  Through their counsel in ███ Defendants ████████████████
6   ████████████████████████████████████ Defendants ███████████████████████
7   ██████████████████████████████████████████████████████████████   to allow
8   disclosure of ████████████ to this Court and to Plaintiffs' counsel.  In seeking the
9   ████████████████████████████████████████████████████████████████████████
10  ████████████████████████████████████████████████████████████████████████
11  █████████████████████ authorizing Defendants to ███████████████████████
12  ████████████████████████████████████████████████████████████████████████
13  ████████████████████████████████

14   10.  The ████████ (Dkt. 195-3) ████████████████████████████████████
15  ████████████████████████████████████████████████████████████████████████
16  █████ (Dkt. 195-3, ¶ 2.)  The ███████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████████████████████████
19  ██████████████████████████████████████████████████ (Dkt. 195-3, ¶ 2(1)-(6).)
20  However, the ████████████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████████████████████████
24  (Dkt. 195-3 ¶ 4 (a)-(b)). As relevant here, ████████████████████████████████
25  ████████████████████████████████████████████████████████████████████████
26  ████████████████████████████████████████████████████████████████████████
27  ████████████████████████████████████
28

1	11.	Defendants seek to file under seal materials submitted in connection with Plaintiffs'
2	Motion for Partial Summary Judgment (Dkt. 399, Dkt. 413), Defendants' Motion to Dismiss or for
3	Summary Judgment (Dkt. 396), Plaintiffs' Opposition to Defendants' Motion for Summary
4	Judgment or Partial Summary Judgment (Dkt. 418), Defendants' Opposition to Plaintiffs' Motion
5	for Partial Summary Judgment (Dkt. 419), Plaintiffs' Reply in Support of Motion for Partial
6	Summary Judgment (Dkt. 436, 446), Defendants' Reply in Support of Motion to Dismiss or for
7	Summary Judgment (Dkt. 433), Plaintiffs' Motion for Sanctions (Dkt. 405, 417), Defendants'
8	Opposition to Plaintiffs' Motion for Sanctions (Dkt. 429), and Plaintiffs' Reply in Support of
9	Motion for Sanctions (Dkt. 443, Dkt. 454) (collectively referenced as the "Sealed Documents").
10	Compelling reasons exist to seal each of the documents *identified in* Defendants' January 24,
11	2025, **Unopposed** Omnibus Administrative Motion to File Under Seal because the Sealed
12	Documents come from or make reference to ███████████████████████
13	███████████████████████████████████ which is entitled
14	to deference. ██████████████████████████████████
15	████████████████████████████████████████
16	████████████████████████████████████████
17	████████████████████████████████████████
18	████████████████████████████████████████
19	███████████████████████████. ██████████████
20	███████████████████████████████.
21		a.	*First*, the Sealed Documents relate to ████████████████
22	████████████████████████████████████ As such,
23	the Sealed Documents contain traditionally nonpublic government information for which there is
24	no constitutional right of access. *See*, *e.g.*, *N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682,
25	688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally
26	nonpublic government information.") The fact that the documents were issued by ████████
27	████████████████████████ and contain ████████████████
28	████████████████████ "alone counsels in favor of finding that there is no

1  presumptive public right of access" to these documents.  *Omari v. Ras Al Khaimah Free Trade
2  Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper
3  commissioned by a ruler of a political subdivision of foreign nation because it contained "highly
4  sensitive, traditionally nonpublic government information, in this case of a foreign government");
5  *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22,
6  2019) (sealing multiple documents and finding that the documents contained "traditionally
7  nonpublic information" because the documents involved senior foreign officials, were designated
8  as sensitive at the time of creation, and detailed information about the nation's response to certain
9  investigations).

10       b.   *Second*, ████████████████



*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ████ *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019).  This is particularly true where, as in this case, the documents sought to be sealed "████

Because ████

1    c.   *Third*, because ▮▮▮
2    ▮▮▮ public disclosure of the Sealed Documents could ▮▮▮
3    ▮▮▮
4    ▮▮▮
5    ▮▮▮
6    ▮▮▮

7    12.   Accordingly, a compelling reason exists to seal eat of the above-listed materials, and Defendants respectfully request that the Court grant the accompanying Unopposed Omnibus Motion to File Under Seal and order the Sealed Documents be kept under seal.

13.   The Declarant has carefully sought sealing of only those parts of this Declaration and the exhibits thereto as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the compelling reasons standards are met with respect to the Sealed Documents.[4]

14.   I met and conferred about the omnibus motion to seal with Plaintiffs' counsel on several occasions via videoconference, telephone, and email, including but not limited to on January 21, 2025.  Plaintiffs are not opposing Defendants' omnibus motion.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 24th day of January 2025, at Pasadena, California.

/s/ *Aaron S. Craig*
AARON S. CRAIG

---

[4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.