UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER RE MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>Re: Dkt. 687 |

　　　　Before the court is defendants' motion for leave to file a motion for reconsideration. See Dkt. 687.  With the trial scheduled to commence in five business days, there is insufficient time to follow the normal protocol for motions for reconsideration, so the court truncates that process here.  Defendants' motion makes three arguments: (1) the court's final pretrial order is inconsistent with plaintiffs' prior arguments and the court's summary judgment order, (2) alternatively, the court should reopen discovery, and (3) alternatively, the court should limit plaintiffs' trial evidence.

　　　　The court disagrees with the defense characterization of the pretrial order. However, the lack of clarity of the summary judgment order as it pertains to the conspiracy allegation was apparent at the pretrial conference and the court has prepared a separate order clarifying its ruling.  As to the second argument, the court is not inclined to reopen discovery because it appears unlikely that additional discovery would result in a substantially clearer evidentiary record.  However, the court sees merit in defendants' second alternative proposal, that any limitations on evidence, argument, or testimony that is not tied to "the conduct which gave rise to liability in the case" should apply equally to

plaintiffs as well as defendants.  The court does note that defendants did not raise this argument in their response to plaintiffs' motions in limine, nor did counsel raise it at the hearing, even though the court opened the floor for counsel to present their proposals as to how to accomplish the line-drawing necessary for trial.  Additionally, the court further observes that defendants' proposed evidentiary timeframe – from April-May 2019 – is unduly limiting, as it would exclude evidence regarding plaintiffs' security updates and defendants' workarounds of those updates, which is certainly tied to the conduct that gave rise to liability in this case and, according to plaintiffs, the most significant evidence supporting their request for punitive damages.  Additionally, the court notes that like much of the litigation in this case, the argument is general and not tied to many specific items of evidence.  As such, even though the equity of the argument is obvious, the line-drawing this close to trial will be challenging.

Because defendants did not argue, at the hearing, for evidence to be equally limited on both sides, the court will give plaintiffs an opportunity to respond before issuing a ruling.  In addition to addressing the arguments raised by defendants, plaintiffs' response should include their proposal for how any equally-applicable evidentiary limitations would be implemented at trial. Defendants shall have until **Tuesday, April 22, 2025** to file their response.  The court will endeavor to issue a ruling on Wednesday, but if the court decides to hold a hearing, it will likely be held by videoconference on the morning of Thursday, April 24, 2025.  This order does not alter the deadlines set in the Final Pretrial order. The court will be unavailable Friday through Sunday, attending the Northern District Judicial Conference.

**IT IS SO ORDERED.**

Dated:  April 21, 2025

                                                      /s/ *Phyllis J. Hamilton*
                                                     PHYLLIS J. HAMILTON
                                                     United States District Judge