UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WHATSAPP INC., et al., | Case No. 19-cv-07123-PJH |
|---|---|
| Plaintiffs, | |
| v. | **ORDER CLARIFYING SUMMARY JUDGMENT ORDER RE CONSPIRACY** |
| NSO GROUP TECHNOLOGIES LIMITED, et al., | |
| Defendants. | Re: Dkt. 494 |

During the course of the pretrial conference's discussion of jury instructions and the issue of whether to include an instruction regarding conspiracy to violate the Computer Fraud and Abuse Act in violation of 18 U.S.C. § 1030(b), it came to the court's attention that the summary judgment order was unclear as to whether it included an express finding regarding conspiracy.  Specifically, plaintiffs request an instruction stating that "the court has already determined that NSO engaged in a conspiracy to violate the federal Computer Fraud and Abuse Act," while defendants argue that the court made no such determination.  See Dkt. 587-3 at 8, Dkt. 590 at 6-7.

As a threshold matter, the lack of clarity regarding conspiracy is due to the same issue identified in the court's final pretrial order – namely, the absence of evidence regarding the specific conduct at issue in this case, due to various international restrictions and the resultant discovery limitations necessitated by the Richmark balancing analysis.  As a result, the evidentiary record did not show (at the time of summary judgment, nor now) the specific details about how exactly the relevant attacks were conducted.  Based on that unclear record, the court concluded that even the limited

conduct to which defendants admit (i.e., developing Pegasus and providing it to their clients, as well as providing training and ongoing support) along with evidence that appears undisputed that they updated Pegasus to circumvent plaintiffs' security updates, sufficed to establish liability even before reaching the issue of whether evidentiary sanctions were necessary.

Even now, as discussed at length at the pretrial conference, the specific details regarding how the relevant attacks were conducted remain outside the evidentiary record. As a result, the court could not – and still cannot – definitively determine whether direct liability or co-conspirator liability is a better fit to the facts of the case. That said, when viewed in conjunction with the court's ruling on plaintiffs' motion for sanctions, the court concludes that there is a sufficient basis to establish direct liability, and arguably co-conspirator liability. While the court's order left open the possibility that defendants engaged in conspiracy to violate the CFAA, as the relevant evidence may indeed support that conclusion –based on the state of the evidentiary record, the court stopped short of an express finding that defendants engaged in conspiracy to violate the CFAA. Accordingly, as relevant to the jury instructions dispute, the court will not give plaintiffs' proposed sixth instruction regarding conspiracy.

**IT IS SO ORDERED.**

Dated: April 21, 2025

                                                                                /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge