# EXHIBIT A

**Instruction No. 1[1]**

**FOREIGN LANGUAGE TESTIMONY**

You have heard testimony of witnesses who testified in the Hebrew language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Hebrew language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

**Authority:**    Ninth Circuit Manual of Model Civil Jury Instructions No. 2.8 (Foreign Language Testimony)

---

[1] This instruction may not be needed if Defendants' witnesses do not testify in Hebrew.

**Instruction No. 2**

**BREACH OF CONTRACT – INTRODUCTION**

The Court has already determined that Defendants breached a contract with Plaintiffs. Specifically, I determined that Defendants breached WhatsApp's Terms of Service by reverse-engineering and/or decompiling WhatsApp's software.


**Authority**: Dkt. No. 494 at 13–15; CACI No. 300

**Instruction No. 3**

**COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT**

The Court has already determined that Defendants violated the California Comprehensive Computer Data and Access Fraud Act.  The California Comprehensive Computer Data and Access Fraud Act is a California law equivalent of the federal Computer Fraud and Abuse Act, with the additional requirement that a computer be unlawfully accessed in California.

I concluded that Defendants violated the California Comprehensive Computer Data and Access Fraud Act for the same reasons that they violated the federal Computer Fraud and Abuse Act.

**Authority**: Dkt. No. 494 at 13.

**Instruction No. 4**

**COMPENSATORY DAMAGES - BREACH OF CONTRACT**

As I previously instructed you, you may award Plaintiffs compensatory damages for Defendants' breach of WhatsApp's Terms of Service. You must decide how much money will reasonably compensate Plaintiffs for the harm caused by the breach. The purpose of these compensatory damages is to put Plaintiffs in as good a position as they would have been in if Defendants had not violated WhatsApp's Terms of Service.

To recover compensatory damages for breach of contract, Plaintiffs must prove by a preponderance of the evidence that the damages they seek were caused by Defendants' breach of WhatsApp's Terms of Service. Plaintiffs must also prove by a preponderance of the evidence that when the contract was made, both parties knew or could reasonably have foreseen that the damages were likely to occur in the ordinary course of events as a result of Defendants' breach of contract.

Plaintiffs do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**Authority**: CACI No. 350 (Introduction to Contract Damages); Ninth Circuit Manual of Model Civil Jury Instructions No. 5.1; Dkt. No. 494 at 13–15.

**Instruction No. 5**

**COMPENSATORY DAMAGES - BREACH OF CONTRACT –**

**MITIGATION OF DAMAGES**

Plaintiffs are not entitled to recover damages for harm caused by Defendants' breach of WhatsApp's Terms of Service that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures.  You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing Plaintiffs at the time, including Plaintiffs' ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm caused by Defendants' breach of WhatsApp's Terms of Service, then your award should include reasonable amounts that Plaintiffs spent for this purpose.

**Authority**: CACI No. 358 (Mitigation of Damages).

**Instruction No. 6**

**COMPENSATORY DAMAGES - BREACH OF CONTRACT –**

**NOMINAL DAMAGES**

The Court has decided that Defendants breached WhatsApp's Terms of Service but you may decide that Plaintiffs did not incur any resulting damages.  If you so decide, you may still award Plaintiffs nominal damages up to one dollar for Defendants' breach of WhatsApp's Terms of Service.


**Authority**: CACI No. 360 (Nominal Damages); Ninth Circuit Manual of Model Civil Jury Instructions No. 5.6 ("Nominal damages may not exceed one dollar."); Dkt. No. 494 at 13–15.

**Instruction No. 7**

**COMPENSATORY DAMAGES - COMPUTER FRAUD AND ABUSE ACT**

You may award Plaintiffs compensatory damages for any loss Plaintiffs suffered as a result of Defendants' violations of the federal Computer Fraud and Abuse Act.

For purposes of the federal Computer Fraud and Abuse Act, recoverable losses may include:

1. Plaintiffs' costs of responding to the violation;

2. Plaintiffs' costs of conducting a damage assessment;

3. Plaintiffs' costs of restoring the data, program, system, or information to its prior condition;

4. Plaintiffs' costs of investigating the violation; and

5. Plaintiffs' costs of identifying the violation.

**Authority**: 18 U.S.C. § 1030(e)(11) (defining "loss" under CFAA); 18 U.S.C. § 1030(g) (allowing "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief"); Dkt. 686 at 17; Jury Instruction No. 24, Amended Final Jury Instructions, *Telesocial Inc. v. Orange S.A.*, No. 14-cv-03985-JD (N.D. Cal. July 20, 2017), Dkt. No. 349 at 27.

**Instruction No. 8**

**COMPENSATORY DAMAGES - CALIFORNIA COMPREHENSIVE COMPUTER**

**DATA ACCESS AND FRAUD ACT**

You may award Plaintiffs compensatory damages for Defendants' violations of the California Comprehensive Computer Data and Access Fraud Act.

These damages shall include amounts sufficient to compensate Plaintiffs for the harm they suffered as a result of any violations, including any expenditure reasonably and necessarily incurred by Plaintiffs to verify that its computers, computer system, computer network, computer program, and/or data was or was not altered, damaged, or deleted by the access.

**Authority**: Cal. Penal Code § 502(e)(1); Jury Instruction No. 32, Amended Final Jury Instructions, *Telesocial Inc. v. Orange S.A.*, No. 14-cv-03985-JD (N.D. Cal. July 20, 2017), Dkt. No. 349 at 35.

**Instruction No. 9**

**COMPENSATORY AND PUNITIVE DAMAGES – REPUTATION**

Plaintiffs do not seek damages based on any claim of harm to Plaintiffs' reputation. You may not consider any harm to Plaintiffs' reputation in your calculation of damages in this case.

**Authority**: Dkt. No. 591 at 11.