# EXHIBIT D

## Instruction No. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this lawsuit, the Plaintiffs are WhatsApp LLC and Meta Platforms, Inc. The Defendants are NSO Group Technologies Limited and Q Cyber Technologies Limited. Plaintiffs sued Defendants for violating the Computer Fraud and Abuse Act, violating the California Comprehensive Computer Data Access and Fraud Act, and breaching a contract, specifically WhatsApp's Terms of Service.

Before this trial began, I determined that Defendants are liable on each of these claims. Specifically, I determined that Defendants violated the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act. I also determined that Defendants breached WhatsApp's Terms of Service. In this trial, you must accept each of these determinations as true.

Because I have determined Defendants' liability, your task is to determine what damages Defendants owe Plaintiffs.

I will instruct you on the findings that led to my determination of Defendants' liability in this case and what you should consider in deciding damages.

**Instruction No. 2**

**COMPUTER FRAUD AND ABUSE ACT – FINDINGS OF FACT**

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act and made findings of fact in connection with that determination, including that:

- "Defendants' relevant software products, collectively referred to as 'Pegasus,' allow defendants' clients to use a modified version of the WhatsApp application—referred to as the 'WhatsApp Installation Server,' or 'WIS.' The WIS, among other things, allows defendants' clients to send 'cipher' files with 'installation vectors' that ultimately allow the clients to surveil target [WhatsApp] users;"

- "[T]he WIS sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices;" and

- "[T]he WIS was then able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS."

The following instructions will explain the legal elements of Plaintiffs' federal Computer Fraud and Abuse Act claims that I have already determined.

**Instruction No. 3**

**OBTAINING INFORMATION BY COMPUTER - SECTION 1030(A)(2)**

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act by intentionally exceeding their authorized access to WhatsApp's servers.

"Exceeding their authorized access to WhatsApp's servers" means that Defendants accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and WhatsApp target users' devices that Defendants are not entitled to obtain or alter.

The Court also determined that this violation caused loss of at least $5,000 in value.

**Instruction No. 4**

**ACCESSING A PROTECTED COMPUTER WITH AN INTENT TO DEFRAUD – SECTION 1030(A)(4)**

The Court already determined that Defendants also violated the federal Computer Fraud and Abuse Act by knowingly exceeding their authorized access to WhatsApp's servers with intent to defraud and by exceeding their authorized access to further the intended fraud and obtain something of value that was more than $5,000 during 2019.

"Exceeding their authorized access to WhatsApp's servers" means that Defendants accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and WhatsApp target users' devices that Defendants are not entitled to obtain or alter.

With respect to Defendants' intent to defraud, the Court found that Defendants redesigned Pegasus to evade detection after Plaintiffs first fixed the security breach.

**Instruction No. 5**

**DEFENDANTS' LIABILITY FOR VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT BASED ON THEIR CUSTOMERS' USE OF PEGASUS**

The Court has already determined that Defendants are liable to Plaintiffs for the violations of the federal Computer Fraud and Abuse Act that I have previously described to you even if Defendants delegated the use of Pegasus's operation to their customers.

**Instruction No. 6**

**DAMAGES OVERVIEW – CATEGORIES AND PROOF**

Now that I have told you what has already been established, I will explain your role in the case.

Your role in this case is what damages Plaintiffs are entitled to receive because of Defendants' violations of the law. You should base your decision on all of the evidence, regardless of which party presented it.

There are two categories of damages in this case that you may award. I will summarize each of these categories before providing instructions on each category.

The first category of damages that you must consider are called compensatory damages. The purpose of compensatory damages is to put Plaintiffs in as good a position as they would have been if Defendants had not violated the federal Computer Fraud and Abuse Act or the California Comprehensive Computer Data and Access Fraud Act, and had not breached the WhatsApp Terms of Service. Because I have found Defendants liable for violating the federal Computer Fraud and Abuse Act and the California Comprehensive Computer Data and Access Fraud Act and for breach of contract, Plaintiffs can recover compensatory damages from Defendants. Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. This means that you must be persuaded by the evidence that the claim of damages is more probably true than not true. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. On the other hand, the law does not require Plaintiffs to prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The second category that you may consider is "punitive damages." Plaintiffs may be eligible to recover punitive damages because Defendants have been found liable for violating the California Comprehensive Computer Data and Access Fraud Act. You may award punitive damages if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act and harmed WhatsApp was done with fraud, oppression, or malice.

**Instruction No. 7**

**COMPENSATORY DAMAGES - MULTIPLE LEGAL THEORIES**

As I instructed you previously, I have found that Defendants are liable under claims for violating the Computer Fraud and Abuse Act, the California Comprehensive Computer Data Access and Fraud Act, and WhatsApp's Terms of Service, and you will be asked to determine what compensatory damages Defendants owe Plaintiffs for these violations. Although Plaintiffs seek compensatory damages under more than one legal claim, compensatory damages may be awarded only once, regardless of the number of legal claims alleged.

## Instruction No. 8
## PUNITIVE DAMAGES

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. Punitive damages may not be awarded to compensate Plaintiffs.

You may award punitive damages only if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act was done with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3. That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;
2. Whether Defendants disregarded the health or safety of others;
3. Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;
4. Whether Defendants' conduct involved a pattern or practice; and
5. Whether Defendants acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

    (c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources.  [Any award you impose may not exceed Defendants' ability to pay.][1]

  Punitive damages may not be used to punish Defendants for the impact of their misconduct on persons other than Plaintiffs.

---

[1] This bracketed sentence is appropriate "only if the defendant has presented relevant evidence regarding that issue." *See* CACI No. 3945, "Directions for Use."