# EXHIBIT E

## Instruction No. 1

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this lawsuit, the Plaintiffs are WhatsApp LLC and Meta Platforms, Inc. The Defendants are NSO Group Technologies Limited and Q Cyber Technologies Limited. Plaintiffs sued Defendants for violating the Computer Fraud and Abuse Act, violating the California Comprehensive Computer Data Access and Fraud Act, and breaching a contract, specifically WhatsApp's Terms of Service.

Before this trial began, I determined that Defendants are liable on each of these claims. Specifically, I determined that Defendants violated the Computer Fraud and Abuse Act and the California Comprehensive Computer Data Access and Fraud Act. I also determined that Defendants breached WhatsApp's Terms of Service. In this trial, you must accept each of these determinations as true.

Because I have determined Defendants' liability, your task is to determine what damages, if any, Defendants owe Plaintiffs.

I will instruct you on the law governing your consideration of damages and what facts you may consider when deciding whether to award damages.

**Authority**: 9th Cir. Civ. Jury Instr. (2017) Instr. No. 1.5 (Claims and Defenses) & Instr. No. 5.1 (Damages—Proof); Dkt. 494; Dkt. 684 at 87:11-17 ("I agree with the defense that the jury can be asked if any damages because the jury could find zero. Because the Court's finding is essentially that there was a prima facie case made that there was damage by virtue of their need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero or nominal, if nominal applies.").

## Instruction No. 2

## COMPUTER FRAUD AND ABUSE ACT - INTRODUCTION

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act. I found that Defendants violated the federal Computer Fraud and Abuse Act because messages containing Pegasus code were sent through WhatsApp servers.

**Authority:** Dkt. 494.

**Instruction No. 3**

**DAMAGES OVERVIEW – CATEGORIES AND PROOF**

Now that I have told you what has already been established, I will explain your role in the case.

Your role in this case is to decide what damages, if any, Plaintiffs are entitled to receive because of Defendants' violations of the law. You should base your decision on all of the evidence, regardless of which party presented it.

There are two categories of damages in this case that you may award. I will summarize each of these categories before providing instructions on each category.

The first category of damages that you must consider are called compensatory damages. The purpose of compensatory damages is to put Plaintiffs in as good a position as they would have been if Defendants had not violated the federal Computer Fraud and Abuse Act or the California Comprehensive Computer Data and Access Fraud Act, and had not breached the WhatsApp Terms of Service. Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. This means that you must be persuaded by the evidence that the claim of damages is more probably true than not true.

The second category that you may consider is "punitive damages." Plaintiffs may be eligible to recover punitive damages because Defendants have been found liable for violating the California Comprehensive Computer Data and Access Fraud Act. You may award punitive damages if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act and harmed WhatsApp was done with fraud, oppression, or malice.

In determining the amount of damages, if any, to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in the evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require Plaintiffs to

prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Authority**: Ninth Circuit Manual of Model Civil Jury Instructions No. 5.1 (final paragraph); CACI No. 350 (definition of "compensatory damages"); Dkt. 684 at 87:11-17 ("I agree with the defense that the jury can be asked if any damages because the jury could find zero. Because the Court's finding is essentially that there was a prima facie case made that there was damage by virtue of their need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero or nominal, if nominal applies.").

**Instruction No. 4**

**COMPENSATORY DAMAGES - MULTIPLE LEGAL THEORIES**

As I instructed you previously, I have found that Defendants are liable under claims for violating the Computer Fraud and Abuse Act, the California Comprehensive Computer Data Access and Fraud Act, and WhatsApp's Terms of Service, and you will be asked to determine what compensatory damages, if any, Defendants owe Plaintiffs for these violations. Although Plaintiffs seek compensatory damages under more than one legal claim, compensatory damages may be awarded only once, regardless of the number of legal theories alleged.

**Authority:** CACI No. 3934 (Damages on Multiple Legal Theories); Dkt. 684 at 87:11-17 ("I agree with the defense that the jury can be asked if any damages because the jury could find zero. Because the Court's finding is essentially that there was a prima facie case made that there was damage by virtue of their need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero or nominal, if nominal applies.").

## Instruction No. 5
## PUNITIVE DAMAGES

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. Punitive damages may not be awarded to compensate Plaintiffs.

You may award punitive damages only if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act was done with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3. That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;
2. Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;
3. Whether Defendants' conduct involved a pattern or practice; and
4. Whether Defendants acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

(c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

Punitive damages may not be used to punish Defendants for the impact of their misconduct on persons other than Plaintiffs or for acts committed outside of California.

**Authority**: CACI No. 3945; Ninth Circuit Manual of Model Civil Jury Instructions – 5.5; *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-22 (2003) ("Nor . . . does a State have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of its jurisdiction."); *White v. Ford Motor Co.*, 312 F.3d 998, 1018 (9th Cir. 2002) ("[A] state may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' conduct in other [jurisdictions], whether the extraterritorial conduct is lawful or not." (cleaned up)); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 116 Cal. App. 4th 1253, 1290 (2004) (same)).