Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSE TO ORDER RE MOTION FOR LEAVE TO SEEK RECONSIDERATION [DKT. NO. 698]**<br><br>Trial Date: April 28, 2025<br>Time: 8:30 a.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

The Court should reject Defendants' proposal to limit Plaintiffs' trial evidence. *See* Dkt. No. 687 at 7–8. The evidence, argument, and testimony that Plaintiffs will present at trial is all tied to Defendants' attacks on Plaintiffs' servers and on official WhatsApp clients, which is "the conduct which gave rise to liability in the case." Dkt. No. 698 at 1. There is no equivalence between generalized evidence about *why* Defendants' and their customers' may have hacked WhatsApp, and specific and actual evidence showing *what* Defendants' WhatsApp-based exploit did.

Contrary to Defendants' argument, Plaintiffs do not seek punitive damages based on evidence "disconnected from any particular use of Pegasus through WhatsApp servers." Dkt. No. 687 at 7.[1] Instead, Plaintiffs' evidence focuses on Defendants' development, marketing, and deployment of the WhatsApp-based zero-click installation vector (which Defendants called "Hummingbird," and had versions named "Heaven," "Eden," and "Erised"). As Defendants' corporate representative has conceded, this installation vector could only operate across WhatsApp's servers. Defendants admit that the final step of the WhatsApp-based exploit was forcing the target device to download and install the Pegasus "agent," which allowed for unlimited access to the targets' mobile devices—even activating the microphone and turning on the camera.

***Research, development, and testing.*** Defendants' efforts to research, develop, and test their *WhatsApp-specific* installation vector are not only tied to the attack giving rise to liability, but also give rise to liability on their own. The Court has already found that Defendants breached the WhatsApp Terms of Service by reverse-engineering WhatsApp code, *see* Dkt. No. 494 at 14–15, which Defendants did "in order to find flaws and to build the [WhatsApp-based] installation vectors . . . to eventually deliver the agent payload." Gazneli Dep. Tr. at 142:18–24. Evidence about Defendants' research and development efforts shows both their specific and intentional conduct towards WhatsApp (relevant to punitive damages) and how Plaintiffs' response costs flow from Defendants' breaches of the WhatsApp Terms of Service (relevant to compensatory damages).

Plaintiffs will also present evidence that Defendants touted the specific benefits of the WhatsApp-based vector to their customers. The WhatsApp-based vector was Defendants' only zero-

---

[1] The Court has already rejected NSO's proposal to limit evidence to the time period from April to May 2019, and Plaintiffs do not address that proposed limitation here. *See* Dkt. No. 698 at 2.

click vector for Android devices from 2018 to 2020, and Defendants specifically marketed their zero-click installation vectors, claiming that this "unique, remote installation capability gives our solution a vast advantage over other offerings found in the market." PTX-0043.0011.  Such evidence is specific to the conduct that gave rise to liability in this case.

*Functioning of Pegasus on target devices.*  Plaintiffs will present evidence that Defendants did not just "transmi[t] metadata" through WhatsApp's servers, Dkt. No. 687 at 8, but instead used specific features of WhatsApp's servers and WhatsApp's client application to transmit executable code that forced the devices of WhatsApp users to download and install the Pegasus agent.  Defendants have admitted that the "message transmitted via WhatsApp would trigger a target device to download the Pegasus agent." Gazneli Dep. Tr. at 117:11–15.  "The installation"—which in this instance occurred via WhatsApp—"is what makes the information extraction possible." *Id*. at 115:1–3.  Defendants also admitted that their WhatsApp-based vectors were successfully used to install the surveillance agent "between hundreds and tens of thousands" of times between April 2018 and May 2020. *Id*. at 82:14–83:11.[2]

\*   \*   \*

Given these facts, Plaintiffs do not need to rely on generalized evidence about the purpose of Pegasus—they have direct evidence of how Defendants' exploit buries a malicious payload in the WhatsApp client application.  That installation via WhatsApp is precisely what the Court has identified as giving rise to liability in this case, and the capabilities of the agent installed on target devices as the direct consequence of the attack on WhatsApp's servers is part and parcel of that conduct—indispensable for the jury to understand in its assessment of the conduct giving rise to liability.

By contrast, the evidence that Defendants seek to present is truly "generalized," and not comparably tethered to the conduct at issue in this case.  Defendants have not provided any evidence about which of its customers used these WhatsApp-based vectors, what screening Defendants conducted of those customers before they were permitted to obtain information through the WhatsApp-

---

[2] Plaintiffs do not seek to introduce evidence about any specific data that was extracted from any mobile devices—a topic on which NSO has not provided any discovery.

based vectors, or for what purposes those customers used Pegasus in the "hundreds" to "tens of thousands" of instances in which it was installed via WhatsApp. Gazneli Dep. Tr. at 82:25–83:3. Such evidence and argument about general business practices is qualitatively different from specific evidence and argument demonstrating Defendants' involvement in the attacks undertaken via WhatsApp's servers.

Finally, to whatever extent Plaintiffs are forced to rely on general evidence not specific to the WhatsApp-based vectors, that is because Defendants failed to produce it. For instance, Defendants failed to disclose any evidence about the extraction process used by the WhatsApp-based installation vector *other than* the type of product descriptions and marketing materials that they now contend should be excluded. This is despite Defendants' claim that they have produced information sufficient to show the full functionality of the WhatsApp-based exploit. *See* Dkt. No. 429-2 at 5–6.

Unlike Defendants, Plaintiffs have already offered to compromise regarding the evidence that could be presented at trial, allowing Defendants to say that they sell to foreign governments despite Defendants' refusal to provide the names of any of its customers. Defendants' proposal, which comes more than one week after the pretrial conference and on the eve of trial, would punish Plaintiffs for Defendants' discovery failures.

In light of the Court's suggestion, *see* Dkt. No. 698 at 2, Plaintiffs are available for a hearing via videoconference on the morning of Thursday, April 24, 2025, both for the issue addressed in the Court's Order, as well as to resolve outstanding issues involving trial disclosures, stipulations, and exhibits, on which Plaintiffs are awaiting Defendants' response.

Dated: April 22, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Greg D. Andres
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
     (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
           antonio.perez@davispolk.com
           gina.cora@davispolk.com
           craig.cagney@davispolk.com
           luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road, Suite 200
    Redwood City, California 94063
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs*
    *WhatsApp LLC and Meta Platforms, Inc.*