UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>    Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. 687 |

    Before the court is defendants' motion for leave to file a motion for reconsideration. See Dkt. 687. The court issued an order directing plaintiffs to respond to defendants' motion, and plaintiffs have filed a response. See Dkt. 698, 707.

    As the court noted in its prior order, the arguments raised by defendants were not raised in their opposition to plaintiffs' motion in limine, nor were they raised during the course of pretrial conference. See Dkt. 698 at 1. However, even though the arguments were untimely, out of an abundance of caution, the court opted to fully hear and consider the competing arguments before issuing a ruling. Having now fully considered the arguments, the court concludes that defendants' motion for leave to file a motion for reconsideration must be DENIED.[1]

    As an initial matter, the court is fully mindful of the need for equity in its evidentiary rulings, and to the extent defendants' motion articulates that general principle, the court

---

[1] By considering the parties' competing briefs, the court has addressed the arguments that would have been raised if the court had granted defendants' motion for leave and allowed them to file a motion for reconsideration.

doubtlessly agrees.  However, the specific relief requested by defendants' motion goes too far, and fails to recognize that the court has already balanced the need for equity in issuing its rulings on the motions in limine.  In particular, the court notes that it granted defendants' third, sixth, and ninth motions in limine (seeking exclusion of the targets' identities and occupations, allegations regarding Jamal Khashoggi, and the Entity List, respectively), even though such evidence would need to be admitted if defendants' requested evidence were admitted.

Moreover, the relief requested by defendants' motion seeks more than just equivalence.  As plaintiffs point out, "[t]here is no equivalence between generalized evidence about why Defendants' and their customers' may have hacked WhatsApp, and specific and actual evidence showing what Defendants' WhatsApp-based exploit did," and defendants' motion seeks to present testimony and argument about matters for which there is no evidence of record, or evidence that is simply not tethered to the conduct at issue in this case.  See Dkt. 707 at 2.  Accordingly, defendants' motion for leave to file a motion for reconsideration is DENIED.

Because there remain some outstanding issues that were not fully discussed at the pretrial conference, the court sets a videoconference hearing for **Thursday, April 24, 2025**, at **10:30am**.  Further details will be provided via clerk's notice on the court's docket.  The parties should be prepared to discuss jury instructions, deposition and discovery excerpts, and trial exhibits and any sealing issues.

**IT IS SO ORDERED.**

Dated:  April 23, 2025

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge