JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>  Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Date:  April 10, 2025<br>Time:  2:00 p.m.<br>Place: Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California<br><br>Action Filed: 10/29/2019 |

In accordance with the Court's Final Pretrial Order, the parties jointly submitted (1) a set of agreed jury instructions, (2) Plaintiffs' proposals for any remaining jury instructions, and (3) Defendants' proposals for any remaining jury instructions.[1]  Defendants object to Plaintiffs' proposed instructions as contrary to established precedent, unnecessary, prejudicial, and inaccurate, among other reasons.  The Court should therefore decline to give the instructions set forth below.

**Objections to Plaintiffs' Disputed Instruction No. 1**

**(Claims and Defenses)**

Defendants object to this instruction because it suggests that the jury *must* award some amount of damages, which is not correct.  The jury *may* but is not *required* to award damages, and the jury could properly conclude that Plaintiffs have not met their burden of proof as to any damages.  The Ninth Circuit's Model Instructions recognize this fact by providing that "[i]t is for you to determine what damages, *if any*, have been proved."  Ninth Circuit's Model Civil Jury Instruction 5.1 (Damages—Proof) (emphasis added).  By omitting that language, Plaintiffs' proposed instruction improperly *reduces* their burden of proof.

This Court stated at the Final Pretrial Conference that it "agree[d] with the defense that the jury can be asked [']if any['] damages because the jury could find zero." (Dkt. 684 at 87.)  The Court's summary judgment ruling is not to the contrary because, as the Court explained, its "finding [was] essentially that there was a prima facie case made that there was damage by virtue of [Plaintiffs'] need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero." (*Id.*)  That is equally true of all of Plaintiffs' claims.  Plaintiffs contend that this Court implicitly found that Plaintiffs suffered at least $5000 in "loss" under CFAA, but that has no relevance to their contract or CDAFA claims.  And Plaintiffs' argument is wrong even with respect to CFAA.  This Court made no findings in its summary judgment order on the amount of Plaintiffs' loss, and even if it had, such findings would be merely "prima facie." (*Id.*)  Such a prima facie finding "doesn't necessarily mean that the damages couldn't be found to

---

[1] NSO maintains all of the objections it previously raised to Plaintiffs' proposed instructions. (Dkt. 590.)  By complying with this Court's order to submit new proposed instructions (Dkt. 686 at 17), NSO does not intend to waive any of its previous arguments or to agree with this Court's rulings on the parties' pretrial motions and initial proposed instructions.

be zero." (*Id.*)

The court in *Diaz v. Tesla, Inc.* did not give the instruction proposed by Plaintiffs. The final instruction in *Diaz* properly instructed the jury that the plaintiff was "entitled to recover from Tesla ***any*** past or future noneconomic damages and any punitive damages that you ***may*** find based on the evidence at trial." *Diaz v. Tesla, Inc.*, No. 3:17-cv-06748-WHO (N.D. Cal. Mar. 31, 2023), Dkt. 458 at 184 (emphasis added); *see* Dkt. 456 at 3 (same). That instruction correctly reflected the fact that the jury *may*—but is not required to—award damages.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 1, which correctly describes the jury's role in this trial.

**Objections to Plaintiffs' Disputed Instruction No. 2**

**(Computer Fraud and Abuse Act – Findings of Fact)**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. This Court addressed those elements in its summary judgment order, and they have no relevance to the damages issues the jury must decide at trial. All that matters for purposes of damages is *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction misstates the facts, which would further confuse the jury and prejudice Defendants. For example, it is factually incorrect that the WIS is a "modified version of the WhatsApp application." As Defendants' witnesses testified, the WIS is an emulated Android environment that allows Pegasus users to send WhatsApp messages through the official WhatsApp client. Similarly, it is not correct that Pegasus sends "'cipher' files"—a cipher is an encryption method, not a file, and messages sent using Pegasus used the exact same cipher as all other WhatsApp messages.

In any event, the Court did not find CFAA liability based on those inaccurate factual statements. Rather, the Court found liability solely because "the WIS sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices, and that the WIS

was then able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS." (Dkt. 494 at 12-13.) To the extent the Court instructs the jury as to the basis of its summary judgment ruling on Plaintiffs' CFAA claim, it need not provide any additional information. In fact, the Court need not even mention the WIS, which is a technical detail that the jury does not need to determine damages and which could only serve to confuse the jury. It would fully suffice to inform the jury that the Court determined that Defendants violated the CFAA by sending Pegasus code over WhatsApp servers.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 2, which correctly describes Plaintiffs' CFAA claim and this Court's summary judgment decision.

**Objections to Plaintiffs' Disputed Instruction No. 3**

**(Obtaining Information by Computer – Section 1030(a)(2))**

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate.

*First*, it is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. This Court addressed those elements in its summary judgment order, and they have no relevance to the damages issues the jury must decide at trial. All that matters for purposes of damages is *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants.

*Second*, the proposed instruction misstates this Court's summary judgment order. The Court did not find that Defendants "obtain[ed] or alter[ed] information *on the WhatsApp servers*." Rather, the Court found only that Defendants obtained information from *target devices* "by having it sent … *through* the WhatsApp servers." Dkt. 494 at 13 (emphasis added); *see id.* at 12 ("it also obtains information about the target users' devices *via* the WhatsApp servers" (emphasis added)). It is undisputed that Pegasus did *not* obtain or alter any information stored on WhatsApp servers. (Robinson Tr. at 249:7-250:10; Georghe Tr. at 183:7-184:7, 250:22-251:24.)

The Court also did not find that NSO's CFAA violation "caused loss of at least $5,000 in value." The Court made no findings as to the amount of Plaintiffs' loss, and the summary judgment

1  record did not contain sufficient evidence to make any such finding as a matter of law. As the
2  Court stated at the Final Pretrial Conference, its "finding [was] essentially that there was a prima
3  facie case made that there was damage by virtue of [Plaintiffs'] need to investigate and remediate.
4  But that doesn't necessarily mean that the damages couldn't be found to be zero." (Dkt. 684 at 87.)

5  In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed
6  Instruction No. 2, which correctly describes Plaintiffs' CFAA claim and this Court's summary
7  judgment decision.

## Objections to Plaintiffs' Disputed Instruction No. 4

### (Accessing a Protected Computer with an Intent to Defraud – Section 1030(a)(4))

Defendants object to this instruction because it is unnecessary, prejudicial, and inaccurate, and it misstates the governing law.

It is not necessary for the jury to be instructed as to each element of Plaintiffs' claims. This Court addressed those elements in its summary judgment order, and they have no relevance to the damages issues the jury must decide at trial. All that matters for purposes of damages is *that* the Court found for Plaintiffs on their CFAA claim. Providing additional details as to the elements of Plaintiffs' claims is unnecessary for purposes of deciding damages and could serve only to confuse the jury and prejudice Defendants. In particular, when one of the issues for trial on punitive damages is whether Plaintiffs can prove by clear and convincing evidence that NSO acted with intent to defraud under Cal. Civ. Code § 3294, it could only confuse the jury and unfairly prejudice NSO to inform the jury that the Court found "intent to defraud" under a different statute, different legal standard, and different burden of proof. Such an instruction would create a significant risk that the jury would erroneously treat the Court's finding as conclusive on intent to defraud under Cal. Civ. Code § 3294.

*Second*, the proposed instruction misstates this Court's summary judgment order. The Court did not find that Defendants "obtain[ed] or alter[ed] information *on the WhatsApp servers*." Rather, the Court found only that Defendants obtained information on *target devices* "by having it sent … *through* the WhatsApp servers." Dkt. 494 at 13 (emphasis added); *see id.* at 12 ("it also obtains information about the target users' devices *via* the WhatsApp servers" (emphasis added)).

1   It is undisputed that Pegasus did not obtain or alter any information stored on WhatsApp servers.
2   (Robinson Tr. at 249:7-250:10; Georghe Tr. at 183:7-184:7, 250:22-251:24.)

3         In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed
4   Instruction No. 2, which correctly describes Plaintiffs' CFAA claim and this Court's summary
5   judgment decision.

## Objections to Plaintiffs' Disputed Instruction No. 5

### (Defendants' Liability for Violations of the Computer Fraud and Abuse Act Based on Their Customers' Use of Pegasus)

9         Defendants object to this instruction because it misstates the Court's summary judgment
10  decision, would unfairly prejudice NSO, and is misleadingly incomplete.

11        *First*, this Court has now clarified that its summary judgment order did not find that
12  Defendants "engaged in a conspiracy to violate the CFAA" with their customers. (Dkt. 699 at 2.)
13  As a result, the Court held it would "not give plaintiffs' proposed sixth instruction regarding
14  conspiracy." (*Id.*) Plaintiffs' proposed fifth instruction is just a version of their previously
15  proposed conspiracy instruction, and it should be rejected on the same basis.

16        *Second*, even if the Court were to give an instruction on NSO's liability for its customers'
17  actions, the Court must make clear that NSO's *liability* for its customers' actions does not mean
18  that NSO acted with the same *intent* as its customers for purposes of punitive damages. California
19  law is clear that "a jury may apportion punitive damages among joint tortfeasors in various amounts
20  according to their individual culpability." *Chiu v. Wadsworth*, 2003 WL 150095, at *17 (Cal. Ct.
21  App. Jan. 22, 2003) (citing cases); *accord Thomson v. Catalina*, 205 Cal. 402, 408 (1928); *Roberts
22  v. Ford Aerospace & Commc'ns Corp.*, 224 Cal. App. 3d 793, 801-02 (1990). Damages can be
23  apportioned even if a joint tortfeasor is not a party. *See* CACI No. 406; *Ovando v. Cty. of L.A.*, 159
24  Cal. App. 4th 42, 71 (2008). Accordingly, even if the *actions* of NSO's customers were attributed
25  to NSO for purposes of liability, the jury should still consider NSO's *individual culpability* as
26  distinct from its customers for purposes of punitive damages. An instruction that omits that well-
27  settled rule would misstate the law, confuse the jury, and unfairly prejudice NSO.

28

For these reasons, Court should not give any form of Plaintiffs' proposed instruction. But if it gives such an instruction, it should add the following sentence to the end of Plaintiffs' proposed instruction: "However, in considering punitive damages, you may consider Defendants' individual culpability as distinct from their customers."

### Objections to Plaintiffs' Disputed Instruction No. 6
### (Damages Overview – Categories and Proof)

Defendants object to this instruction because it unnecessarily departs from the model instruction and misstates the law. The proposed instruction suggests that the jury *must* award some amount of damages, which is not correct. The jury *may* but is not *required* to award damages, and the jury could properly conclude that Plaintiffs have not adequately proven any damages. The Ninth Circuit's Model Instructions recognize this fact by providing that "[i]t is for you to determine what damages, *if any*, have been proved." Ninth Circuit's Model Civil Jury Instruction 5.1 (Damages—Proof) (emphasis added). The proposed instruction erroneously omits that language.

This Court stated at the Final Pretrial Conference that it "agree[d] with the defense that the jury can be asked [']if any['] damages because the jury could find zero." (Dkt. 684 at 87.) The Court's summary judgment ruling is not to the contrary because, as the Court explained, its "finding [was] essentially that there was a prima facie case made that there was damage by virtue of [Plaintiffs'] need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero." (*Id.*) That is equally true of all of Plaintiffs' claims. Plaintiffs contend that this Court implicitly found that Plaintiffs suffered at least $5000 in "loss" under CFAA, but that has no relevance to their contract or CDAFA claims. And Plaintiffs' argument is wrong even with respect to CFAA. This Court made no findings in its summary judgment order on the amount of Plaintiffs' loss, and even if it had, such findings would be merely "prima facie." (*Id.*) Such a prima facie finding "doesn't necessarily mean that the damages couldn't be found to be zero." (*Id.*)

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 3, which better tracks the model instruction and accurately states the governing law.

///

**Objections to Plaintiffs' Disputed Instruction No. 7**

**(Compensatory Damages – Multiple Legal Theories)**

Defendants object to this instruction because it suggests that the jury *must* award some amount of damages, which is not correct. The jury *may* but is not *required* to award damages, and the jury could properly conclude that Plaintiffs have not adequately proven any damages. The Ninth Circuit's Model Instructions recognize this fact by providing that "[i]t is for you to determine what damages, *if any*, have been proved." Ninth Circuit's Model Civil Jury Instruction 5.1 (Damages—Proof) (emphasis added). The proposed instruction erroneously omits that language.

This Court stated at the Final Pretrial Conference that it "agree[d] with the defense that the jury can be asked [']if any['] damages because the jury could find zero." (Dkt. 684 at 87.) The Court's summary judgment ruling is not to the contrary because, as the Court explained, its "finding [was] essentially that there was a prima facie case made that there was damage by virtue of [Plaintiffs'] need to investigate and remediate. But that doesn't necessarily mean that the damages couldn't be found to be zero." (*Id.*) That is equally true of all of Plaintiffs' claims. Plaintiffs contend that this Court implicitly found that Plaintiffs suffered at least $5000 in "loss" under CFAA, but that has no relevance to their contract or CDAFA claims. And Plaintiffs' argument is wrong even with respect to CFAA. This Court made no findings in its summary judgment order on the amount of Plaintiffs' loss, and even if it had, such findings would be merely "prima facie." (*Id.*) Such a prima facie finding "doesn't necessarily mean that the damages couldn't be found to be zero." (*Id.*)

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 4, which better tracks the model instruction and accurately states the governing law.

**Objections to Plaintiffs' Disputed Instruction No. 8 (Punitive Damages)**

Defendants object to this instruction because it misstates the law, is unsupported by the record, and is unfairly confusing and prejudicial.

*First*, the proposed instruction erroneously omits the well-established rule that Plaintiffs cannot recover punitive damages under CDAFA for conduct occurring outside of California. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-22 (2003) ("Nor . . . does a State have a

7

legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of its jurisdiction."). This is not merely a question of whether NSO's conduct was legal in other jurisdictions; it follows directly from due process limits on California's power to regulate even "unlawful" extraterritorial conduct. *Id.* Indeed, the Ninth Circuit has reversed a punitive damages award because the district court did not instruct the jury that it could "not award any punitive damages . . . for the purpose of punishing or deterring [the] [d]efendant's conduct outside the State." *White v. Ford Motor Co.*, 312 F.3d 998, 1013 (9th Cir. 2002). The Ninth Circuit considered whether that rule against extraterritoriality applied to "unlawful (as opposed to lawful) conduct in other states," *id.* at 1014, and expressly held that it did: "a state may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' conduct in other [jurisdictions], **whether the extraterritorial conduct is lawful or not**," *id.* at 1018 (cleaned up and emphasis added); *see People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 116 Cal. App. 4th 1253, 1290 (2004) (same). Although this Court found that *some* of NSO's conduct was directed to California (Dkt. 494 at 13), it is undisputed that virtually all of NSO's conduct did *not* take place in California. Plaintiffs intend to introduce evidence of such extraterritorial conduct at trial, and the jury should be instructed that it cannot award punitive damages based on that extraterritorial conduct.

*Second*, the Court should not instruct the jury as to the portion of the definition of "malice" that relates to whether NSO acted "with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c). At Plaintiffs' asking, the Court has precluded the parties from introducing any evidence on the ultimate targets of Pegasus, on NSO's intent in designing and licensing Pegasus for investigations into those targets, and on the steps NSO takes to *avoid* harm to the rights or safety of others. It would confuse the jury and unfairly prejudice NSO now to instruct the jury on a definition of "malice" as to which Plaintiff has persuaded the Court to prohibit NSO from introducing evidence at trial.

In lieu of Plaintiffs' proposed instruction, the Court should give Defendants' Proposed Instruction No. 5, which correctly reflects the law and the record in light of the Court's ruling on the Plaintiffs' motions in limine.

**CONCLUSION**

The Court should sustain NSO's objections and decline to give Plaintiffs' proposed instructions.

Dated: April 23, 2025

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
       JOSEPH N. AKROTIRIANAKIS
       AARON S. CRAIG

*Attorneys for Defendants*