Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' SUBMISSION OF AUTHORITY RE ADMISSIBILITY OF EVIDENCE OF NSO'S PROFIT MOTIVE IN 2018–2020** <br><br> Trial Date:   April 28, 2025 <br> Time:   8:30 a.m. <br> Ctrm:   3 <br> Judge:  Hon. Phyllis J. Hamilton <br> Action Filed: October 29, 2019 |

1   TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD:

2   PLEASE TAKE NOTICE that, pursuant to the Court's instruction at today's conference,
3   Plaintiffs respectfully submit the following authorities, which show that evidence of Defendants'
4   profit motive in 2018–2020 is relevant to punitive damages because it bears on Defendants' culpable
5   state of mind and the reprehensibility of Defendants' conduct. This point is distinct from Plaintiffs'
6   burden of proving Defendants' financial condition—which goes toward judicial review of the appro-
7   priateness, under California law, of any punitive damages the jury may award. *See Adams v. Mura-*
8   *kami*, 54 Cal. 3d 105, 109–110 (Cal. 1991).

9   Numerous courts have recognized that a defendant's profit motive is relevant to both evalu-
10  ating whether a defendant acted with malice, oppression, or fraud, and to evaluating the reprehensi-
11  bility of a defendant's conduct. *See Pilliod v. Monsanto Co.*, 282 Cal. Rptr. 3d 679, 725 (Cal. Ct.
12  App. 2021) ("Monsanto's conduct involved repeated actions over a period of many years motivated
13  by the desire for sales and profit. The harm Monsanto caused was the result of malice."); *Izell v.*
14  *Union Carbide Corp.*, 231 Cal. App. 4th 962, 986 (Cal. Ct. App. 2014) (noting the high reprehensi-
15  bility when asbestos supplier knew for decade of cancer risk from low exposure but misled customers
16  in favor of profits); *Tiegs v. Bank of America, N.A.*, 2006 WL 2350377, at *19 (Cal. Ct. App. Aug.
17  15, 2006) (noting that "profit motive" weighs in favor of reprehensibility). Moreover, the California
18  Supreme Court has noted that reprehensibility "is influenced by the frequency and profitability of the
19  defendant's prior or contemporaneous similar conduct," and that "California law has long endorsed
20  the use of punitive damages to deter continuation or imitation of a corporation's course of wrongful
21  conduct, and hence allowed consideration of that conduct's scale and profitability in determining the
22  size of award that will vindicate the state's legitimate interests." *Johnson v. Ford Motor Co.*, 35 Cal.
23  4th 1191, 1207 (Cal. 2005). Additionally, contrary to Defendants' counsel's suggestion at today's
24  conference, this principle is not limited to cases of physical harm. *See id.* at 1213 (in a suit alleging
25  fraud on behalf of a corporation, holding that the profitability of the wrongful conduct is relevant to
26  addressing reprehensibility); *see also Nickerson v. Stonebridge Life Ins. Co.*, 209 Cal. Rptr. 3d 690,
27  702, 705 (Cal. Ct. App. 2016) (holding that evidence showing that the defendant "profit[ed] repeat-
28  edly . . . weighs against the [defendant]" in a case where the plaintiff "did not suffer physical harm").

1

Dated: April 24, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Antonio J. Perez-Marques
Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

2
PLAINTIFFS' SUBMISSION OF AUTHORITY RE ADMISSIBILITY OF EVIDENCE OF NSO'S PROFIT MOTIVE IN 2018-2020
CASE NO. 4:19-CV-07123-PJH