UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

    Plaintiffs,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 19-cv-07123-PJH

**SECOND FINAL PRETRIAL ORDER**

On April 24, 2025, the court held a hearing by videoconference to discuss a number of outstanding issues before trial.

Regarding jury instructions, the court directed the parties to meet and confer regarding plaintiffs' proposed instructions no. 2, 3, and 4, as well as defendants' proposed instruction no. 2.

Regarding the punitive damages instruction, the court has reviewed the authorities cited by the parties, and concludes that defendants' authority is more persuasive on the issue of whether the instruction should include language tying any damages award to acts committed within California. See, e.g., White v. Ford Motor Co., 312 F.3d 998, 1018 (9th Cir. 2002). Additionally, defendants objected to plaintiffs' proposed language regarding a "disregard" or "knowing disregard" of the rights, health, or safety of another, and the court sustained defendants' objection. Accordingly, the court adopts defendants' proposed instruction no. 5, regarding punitive damages.

The court has also reviewed the parties' submissions on cited authority for the issue of the relevant timeframe for defendants' profit figures, the court largely agrees with

the position advanced by defendants.  See, e.g., Vieste, LLC v. Hill Redwood Dev., 2011 WL 855831, at *3 (N.D. Cal. Mar. 9, 2011).  While the general fact that defendants had a profit motive in 2018-2020 is relevant, establishing a profit motive does not require the presentation of detailed financial data to the jury.  Accordingly, plaintiffs may not introduce evidence of profits from 2018-2020, but may argue as a general matter that defendants were motivated by profit.  Plaintiffs may, however, offer detailed profitability evidence based upon defendants' current financial status, which is generally what is relevant to punitive damages.

Regarding sealing, the court approved the publishing of certain documents only to the jury.

The court also addressed a number of evidentiary issues.  Plaintiffs objected to the admission of defendants' exhibit A-1026 on relevance grounds, and the court sustained the objection and excluded the exhibit and any other exhibits arising out of the same email thread.

Defendants objected to the admission of evidence regarding their current research and development efforts, as well as evidence on the issue of whether defendants acted in 'knowing disregard' of plaintiffs' contract rights, both based on relevance grounds.  The court sustained defendants' objections and excluded the evidence.

Plaintiffs also asked for an additional jury instruction regarding the end of the evidentiary record in May 2020.  The court denied the request, and will address the issue with the jury only if the jury asks a question on the topic.

Finally, as stated at the hearing, the parties are directed to meet and confer in order to minimize the number of evidentiary objections during the course of trial.

**IT IS SO ORDERED.**

Dated:  April 25, 2025

          /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge