# EXHIBIT A

Instruction No. 1

**COMPUTER FRAUD AND ABUSE ACT**

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act by intentionally, knowingly, and with intent to defraud exceeding their authorized access to WhatsApp's servers.  Specifically, the Court found that Defendants' WhatsApp Installation Server or "WIS" sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices, and that the WIS was then able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS.

The Court also found that Defendants acted with the intent to defraud required by the Computer Fraud and Abuse Act because Defendants redesigned Pegasus to evade detection after Plaintiffs first fixed the security breach.

**Authority**: Dkt. No. 494 at 12–13 ("Thus, the Court GRANTS summary judgment in plaintiffs' favor on the CFAA claim under both (a)(2) and (a)(4), on the theory that defendants exceeded their authorization.  Defendants appear to fully acknowledge that the WIS sent messages through Whatsapp servers that caused Pegasus to be installed on target users' devices, and that the WIS was then able to obtain protected information by having it sent from the target users, through Whatsapp servers, and back to the WIS."); Dkt. No. 494 at 12 ("Defendants challenge the mens rea showing for the 'intent to defraud' (as well as the 'intent' requirement of section (a)(2)), but the fact that defendants redesigned Pegasus to evade detection after plaintiffs first fixed the security breach is enough to prove intent.").

Instruction No. 2

**COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT**

The Court has already determined that Defendants violated the California Comprehensive Computer Data and Access Fraud Act. The California Comprehensive Computer Data and Access Fraud Act is a California law equivalent of the federal Computer Fraud and Abuse Act, with the additional requirement that a computer be unlawfully accessed in California.

I concluded that Defendants violated the California Comprehensive Computer Data and Access Fraud Act for the same reasons that they violated the federal Computer Fraud and Abuse Act and because Defendants unlawfully accessed a computer in California. Specifically, I found that Defendants' WhatsApp Installation Server or "WIS" targeted California servers and that Defendants' Pegasus code was sent through Plaintiffs' California-based servers 43 times in May 2019.

**Authority:** Dkt. No. 494 at 6 ("The limited evidentiary record before the court does show that defendants' Pegasus code was sent through plaintiffs' California-based servers 43 times during the relevant time period in May 2019."); Dkt. No. 494 at 13 ("The CDAFA is the state-law equivalent of the CFAA, with the additional requirement that a computer be unlawfully accessed in California."); Dkt. No. 494 at 13 ("In the court's view, plaintiffs' evidence regarding California relay servers is sufficient, even without more, and to the extent the statute requires an intent to target a California server, the outcome is the same as it was with respect to the jurisdictional analysis – because defendants' failure to produce Pegasus source code is at least one reason why there is no evidence of exactly how the WIS chose servers, an evidentiary sanction is appropriate to conclude that the WIS did indeed target California servers.").