Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
gina.cora@davispolk.com
craig.cagney@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP LLC and
META PLATFORMS, INC.

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED
and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**PLAINTIFFS' STATEMENT CONCERNING INADMISSIBILITY OF EVIDENCE OF EXPORT CONTROL RESTRICTIONS**

Trial Date: April 28, 2025
Time: 8:30 a.m.
Ctrm: 3
Judge: Hon. Phyllis J. Hamilton
Action Filed: October 29, 2019

The Court should preclude Defendants from offering any evidence or testimony concerning whether Pegasus is an export-controlled product. This issue is not relevant for the same reason the Court granted Plaintiffs' first and second motions *in limine* regarding the purported use of Pegasus by government agencies for law enforcement purposes. In both instances, Defendants attempt to place the imprimatur of governmental legitimacy on Pegasus (and onto Defendants' violation of law) as purported circumstantial evidence of a proper intent. The only distinction, which carries no difference, is that in this case the desired imprimatur is proffered to arise from alleged Israeli oversight and approval of Pegasus contracts under the DECL, whereas in the prior motions *in limine* the desired imprimatur came from the purported use of Pegasus by law enforcement. Both positions fail for the same reason, namely that, as the Court has previously ruled, Defendants have made no showing that such generalized evidence (whether of law enforcement purpose or approval under the DECL) applies to the particular customers or uses of Pegasus at issue in this case (i.e., those that hacked WhatsApp's servers). Defendants thus should not be permitted to offer evidence or argument as to alleged DECL control or governmental approval, for the same reasons the Court has already recognized.

The Court granted Plaintiffs' first motion *in limine*, which argued that NSO made no showing that its hacking of Plaintiffs' servers was authorized by any law enforcement agency, and that evidence concerning the identities of NSO's customers as "governments or law enforcement, military, or intelligence agencies" was irrelevant to the conduct that gave rise to liability in this case. *See* Dkt. No. 686 at 1 (citing Dkt. No. 593 at 6). Relatedly, the Court granted Plaintiffs' second motion *in limine*, which sought to exclude evidence concerning the hypothetical use of Pegasus for law enforcement purposes because there was no showing, and no discovery was ever provided, that the particular attacks at issue had such purpose. *Id.* at 6 (citing Dkt. No. 593 at 9). Accordingly, the Court ruled that this evidence was irrelevant. *See id.* at 5-6 (granting Plaintiffs' first and second motions *in limine* "in largely the same way" because the evidence was "irrelevant to damages" and "[d]iscovery showing that the specific intrusions on plaintiffs' systems were the result of an investigation into criminal activity or terrorism is not in the evidentiary record, and thus, such testimony may not presented at trial").

Allowing Defendants to argue, for example, that Pegasus is "licens[ed] . . . by the Israeli Ministry of Defense," *see* 2025.04.28 Trial Tr. at 204, would only serve as an end-run around the Court's Final Pretrial Order and would "impute the law enforcement/military purposes" from Israel "to defendants themselves"—an argument the Court has already rejected. *See* Dkt. 686 at 4-5. Indeed, some of the evidence that Defendants have proffered on their Trial Exhibit List concerning the export control restrictions on their products invokes the very same law enforcement issues the Court has excluded. *See* A-2088 (end-use certificate to use Pegasus only for the "[c]ollection of data from mobile devices for the prevention and investigation of crimes and terrorism").

In any event, because Defendants have made no showing that any export control license was in use with respect to the conduct at issue in this case, Defendants' references to export control licenses are therefore no different than the "generalized evidence" that the Court already held should be excluded in denying Defendants' Motion for Leave to File a Motion for Reconsideration. *See* Dkt. No. 708 at 2 ("[D]efendants' motion seeks to present testimony and argument about matters for which there is no evidence of record, or evidence that is simply not tethered to the conduct at issue in this case.").

For the foregoing reasons, Defendants should not be permitted to introduce any evidence or testimony concerning whether Pegasus is export-controlled.

Dated: April 28, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: *Greg D. Andres*

Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
gina.cora@davispolk.com
craig.cagney@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*