**Instruction No. [To Replace Instruction No. 19 at Dkt. No. 587-1 at Page 22]**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth and lawyers for each party were permitted to ask questions. The questions and answers were recorded. When a person is unavailable to testify at trial, or is a representative of a company, the deposition of that person may be used at the trial. The deposition of Claudiu Gheorghe was taken on August 16, 2024. The deposition of Yaron Shohat was taken on August 29, 2024. The deposition of Tamir Gazneli was taken on September 4, 2024. The deposition of Ramon Eshkar was taken on August 27, 2024. The deposition of Sarit Bizinsky Gil was taken on September 6, 2024. The deposition of Susan Glick was taken on September 9, 2024. The deposition of Andrew Robinson was taken on September 19, 2024. Insofar as possible, you should consider deposition testimony presented to you in court in the same way as if the witness had testified in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions of answers.

**Instruction No. [To Replace Instruction No. 22 at Dkt. No. 587-1 at Page 25]**
**EXPERT OPINION**

You have heard testimony from Dana Trexler and Gregory Pinsonneault who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**Instruction No. \_\_ [to replace Instruction No. 7 in Dkt. 703-1 at page 8]**

**COMPENSATORY DAMAGES - COMPUTER FRAUD AND ABUSE ACT**

You may award Plaintiffs compensatory damages for any loss Plaintiffs suffered as a result of Defendants' violations of the federal Computer Fraud and Abuse Act.

Under the federal Computer Fraud and Abuse Act, a plaintiff can recover either for damage to a computer or for certain losses. In this case, Plaintiffs seek to recover for alleged losses rather than damage to a computer. Plaintiffs need not prove damage to a computer to recover for losses under the federal Computer Fraud and Abuse Act.

For purposes of the federal Computer Fraud and Abuse Act, recoverable losses may include:

1. Plaintiffs' costs of responding to the violation;
2. Plaintiffs' costs of conducting a damage assessment;
3. Plaintiffs' costs of restoring the data, program, system, or information to its prior condition;
4. Plaintiffs' costs of investigating the violation; and
5. Plaintiffs' costs of identifying the violation.

**Instruction No. \_\_ [to replace Instruction No. 8 in Dkt. 703-1 at page 9]**

**COMPENSATORY DAMAGES - CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT**

You may award Plaintiffs compensatory damages for Defendants' violations of the California Comprehensive Computer Data and Access Fraud Act.

Under the California Comprehensive Computer Data and Access Fraud Act, a plaintiff can recover either for damage to a computer or for certain losses. In this case, Plaintiffs seek to recover for alleged losses rather than damage to a computer. Plaintiffs need not prove damage to a computer to recover for losses under the California Comprehensive Computer Data and Access Fraud Act.

For purposes of the California Comprehensive Computer Data and Access Fraud Act, recoverable losses include amounts sufficient to compensate Plaintiffs for the harm they suffered as a result of any violations, including any expenditure reasonably and necessarily incurred by Plaintiffs to verify that their computers, computer system, computer network, computer program, and/or data was or was not altered, damaged, or deleted by the access.

**Instruction No. 1**

**REDACTIONS**

Certain documents received in evidence may have portions blacked out or otherwise redacted. Redactions may be necessary for a variety of legal or evidentiary reasons. You should not speculate or consider what would have been included in the document absent those redactions. You should not consider the redactions during your deliberations.

**Instruction No. 2**

**NO INFERENCES OR ASSUMPTIONS REGARDING THE IDENTITIES OF DEFENDANTS' CUSTOMERS**

During trial, you have had heard references made to Defendants' customers. I have ruled that the identities of Defendants' customers are not relevant to the issues in this trial. You should not make any inferences or assumptions as to the identities of Defendants' customers.

**Instruction No. 3**

**NO INFERENCES OR ASSUMPTIONS REGARDING IDENTITIES OF THE USERS ON WHOSE PHONES PEGASUS WAS INSTALLED VIA WHATSAPP**

During trial, you have had heard references to the users on whose phones Pegasus was installed via WhatsApp. I have ruled that the identities of these users is not relevant to the issues in this trial. You should not make any inferences as to the identities of the users on whose phones Pegasus was installed via WhatsApp.