**Instruction No. _ [To Replace Instruction No. 8 at Dkt No 703-5 at Page 7]**

**PUNITIVE DAMAGES**

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. Punitive damages may not be awarded to compensate Plaintiffs.

Even though the Court has already determined, by a preponderance of the evidence, that Defendants accessed Plaintiffs' servers intentionally, knowingly, and with an intent to defraud under the federal Computer Fraud and Abuse Act, as explained in Instruction Numbers _ and _, it is up to the jury to decide whether Plaintiffs have proven by clear and convincing evidence that Defendants acted with malice, oppression, or fraud as defined below in connection with the conduct that violated the California Computer Data Access and Fraud Act.

You may award punitive damages only if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act was done with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3. That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights of Plaintiffs. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    (a) How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;
2. Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;
3. Whether Defendants' conduct involved a pattern or practice; and

     4. Whether Defendants acted with trickery or deceit.

 (b) Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

 (c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

 Punitive damages may not be used to punish Defendants for the impact of their misconduct on persons other than Plaintiffs or for acts committed outside of California, although out-of-state conduct may be probative if it has a nexus to the specific harm suffered by Plaintiffs and demonstrates the deliberateness and culpability of the Defendants' actions in California.

**Instruction No. 1**

**ARGUMENT TO DISREGARD**

    I have instructed you that you are to decide the case solely on the evidence received at trial. During Defendants' opening statement, you heard an allegation by Defendants that Plaintiffs tried to steal Defendants' intellectual property. There was no evidence to support the allegation that Plaintiffs tried to steal Defendants' intellectual property. You should ignore that allegation in your deliberations.