**Instruction No. __ [to replace Instruction No. 8 in Dkt. No. 703-5 at page 7]**

**PUNITIVE DAMAGES**

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. Punitive damages may not be awarded to compensate Plaintiffs.

You may award punitive damages only if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act was done with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3. That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

Although the Court previously found by a preponderance of the evidence that Defendants acted with "intent to defraud" for purposes of liability under the federal Computer Fraud and Abuse Act, you should exercise your own judgment when deciding whether Plaintiffs have proven by clear and convincing evidence that Defendants acted with malice, oppression, or fraud, as those terms are defined below, in violating the California Computer Data Access and Fraud Act.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights of Plaintiffs under the California Computer Data Access and Fraud Act. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct to Plaintiffs and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights under the California Computer Data Access and Fraud Act.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    (a) How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

        1. Whether the conduct caused physical harm;

    2. Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;

    3. Whether Defendants' conduct involved a pattern or practice; and

    4. Whether Defendants acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

(c) In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

Punitive damages may not be used to punish Defendants for the impact of their misconduct on persons other than Plaintiffs. Nor may you impose punitive damages to punish Defendants for conduct committed outside of California, [although out-of-state conduct may be probative if it has a nexus to the specific harm suffered by Plaintiffs and demonstrates the deliberateness and culpability of the Defendants' actions in California].[1]

**Authority:** Dkt. 719; CACI No. 3945; Ninth Circuit Manual of Model Civil Jury Instructions – 5.5; *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-22 (2003); *White v. Ford Motor Co.*, 312 F.3d 998, 1018 (9th Cir. 2002) ("[A] state may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' conduct in other [jurisdictions], whether the extraterritorial conduct is lawful or not." (cleaned up)); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 116 Cal. App. 4th 1253, 1290 (2004) (same)).

---

[1] Defendants maintain that no additional language on extraterritoriality should be added to the extraterritoriality instruction previously proposed by Defendants (Dkt. 703-5 at 9) and approved by the Court (Dkt. 719 at 1). However, if the Court decides to include additional language, Defendants propose the bracketed language.

**Authority for removing "concealment" from the definition of "fraud":** Because Cal. Civ. Code § 3294(c) does not define "concealment," California courts would give that word its "ordinary meaning and constru[e] [it] in the context of the statute . . . as a whole." *People v. Super. Ct.*, 48 Cal. 4th 564, 571 (2010).  That analysis shows that a duty to disclose is required to establish "concealment" under Section 3294(c)(3), and Plaintiffs have not claimed or proved the existence of any such duty here.

The ordinary meaning of "concealment" is "the injurious or intentional suppression or nondisclosure of facts *that one is obliged to reveal*."  Black's Law Dictionary *s.v.* Concealment (12th ed. 2024) (emphasis added).  Without any duty to disclose, there is no "concealment," fraudulent or otherwise.  Indeed, a disclosure duty is precisely what transforms mere non-disclosure into fraud.  *E.g.*, *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 265 (2024); *Chiarella v. United States*, 445 U.S. 222, 230 (1980); *Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 941 (N.D. Cal. 2011).  The same is true in California.  Concealment is a recognized statutory fraud claim in California, and it requires proof of "[t]he suppression of a fact, *by one who is bound to disclose it*."  Cal. Civ. Code § 1710(3) (emphasis added).  Accordingly, "[u]nder California law, a concealment . . . can constitute actionable fraud only when the defendant had a duty to disclose what was concealed."  *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 12 (C.D. Cal. 2007); *accord*, *e.g.*, *Bank of Am. Corp. v. Super. Ct.*, 198 Cal. App. 4th 862, 870 (2011); *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009); *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1110-11 (9th Cir. 2024).  Nothing in Section 3294(c)(3) indicates that the California legislature intended to depart, for purposes of punitive damages, from this settled rule that a disclosure duty is required to establish fraudulent "concealment."

Here, Plaintiffs have not argued that Defendants owed them a duty to disclose and have not introduced any evidence that would establish the existence of such a duty.  Absent such a disclosure duty, there can be no "concealment" within the meaning of Section 3294(c)(3).  For that reason, the Court should not instruct the jury that "concealment" is an available basis for awarding punitive damages in this case.

**Objections to Plaintiffs' Proposed Instruction No. 4: Argument to Disregard**

For the reasons stated on the record on May 2, 2025, and in the objections submitted to the Court by Defendants on April 29, 2025, the Court should not give Plaintiffs' requested Instruction No. 4, titled "ARGUMENT TO DISREGARD." Defendants' statement during their opening statement that Plaintiffs attempted to "steal" the Pegasus agent did not violate any court order, so it is not appropriate to suggest to the jury that Defendants committed misconduct in connection with that statement.

Furthermore, this Court instructed Defendants not to use the word "steal," and Defendants have fully complied with that instruction and will continue to do so. There is no reason to think the jury will remember or rely on that word having not heard it since opening statements a week ago. Instructing the jury on this issue could serve only to remind jurors unnecessarily of a statement that they have likely forgotten and that has played no role in the trial.