FILED

MAY 6 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

        Plaintiffs,

    v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

        Defendants.

Case No. 19-cv-07123-PJH

**FINAL JURY INSTRUCTIONS**

Dated:  May 5, 2025

United States District Court
Northern District of California

**Instruction No.** 1

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Instruction No. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof by a preponderance of the evidence on an issue, it means you must be persuaded by the evidence that the party's factual contention is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 3**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Instruction No. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts consist of:

1.     The sworn testimony of any witness;

2.     The exhibits that are admitted into evidence;

3.     Any facts to which the lawyers have agreed; and

4.     Any facts that I [may instruct / have instructed] you to accept as proved.

## Instruction No. 5

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded, or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## Instruction No. **6**

## ARGUMENT TO DISREGARD

I have instructed you that you are to decide the case solely on the evidence received at trial. During Defendants' opening statement, you heard an allegation by Defendants that Plaintiffs tried to steal Defendants' intellectual property. There was no evidence to support the allegation that Plaintiffs tried to steal Defendants' intellectual property. You should disregard that allegation in your deliberations.

### Instruction No. 7

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth and lawyers for each party were permitted to ask questions. The questions and answers were recorded. When a person is unavailable to testify at trial, or is a representative of a company, the deposition of that person may be used at the trial. The deposition of Claudiu Gheorghe was taken on August 16, 2024. The deposition of Yaron Shohat was taken on August 29, 2024. The deposition of Tamir Gazneli was taken on September 4, 2024. The deposition of Ramon Eshkar was taken on August 27, 2024. The deposition of Sarit Bizinsky Gil was taken on September 6, 2024. The deposition of Susan Glick was taken on September 9, 2024. The deposition of Andrew Robinson was taken on September 19, 2024. Insofar as possible, you should consider deposition testimony presented to you in court in the same way as if the witness had testified in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions of answers.

**Instruction No. 8**

**EXPERT OPINION**

You have heard testimony from Dana Trexler and Gregory Pinsonneault who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witnesses' specialized knowledge, skill, experience, training, or education, the reasons given for the opinions, and all the other evidence in the case.

**Instruction No. 9**

**EXPERTS – QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**Instruction No. 10**

**NO INFERENCES OR ASSUMPTIONS REGARDING THE IDENTITIES OF
DEFENDANTS' CUSTOMERS**

During trial, you have had heard references made to Defendants' customers. I have ruled that the identities of Defendants' customers are not relevant to the issues in this trial. You should not make any inferences or assumptions as to the identities of Defendants' customers.

**Instruction No. 11**

**NO INFERENCES OR ASSUMPTIONS REGARDING IDENTITIES OF THE USERS ON WHOSE PHONES PEGASUS WAS INSTALLED VIA WHATSAPP**

During trial, you have had heard references to the users on whose phones Pegasus was installed via WhatsApp. I have ruled that the identities of these users is not relevant to the issues in this trial. You should not make any inferences as to the identities of the users on whose phones Pegasus was installed via WhatsApp.

Instruction No. 12

**REDACTIONS**

Certain documents received in evidence may have portions blacked out or otherwise redacted. Redactions may be necessary for a variety of legal or evidentiary reasons. You should not speculate or consider what would have been included in the document absent those redactions. You should not consider the redactions during your deliberations.

Instruction No. 13

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Instruction No. 14**

**COMPUTER FRAUD AND ABUSE ACT**

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act by intentionally, knowingly, and with intent to defraud exceeding their authorized access to WhatsApp's servers.  Specifically, the Court found that Defendants' WhatsApp Installation Server or "WIS" sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices, and that the WIS was able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS.  The Court concluded that the sending of protected information through the servers constituted obtaining it from the servers.

The Court also found that Defendants acted with the intent to defraud required by the Computer Fraud and Abuse Act because Defendants redesigned Pegasus to evade detection after Plaintiffs first fixed the security breach.

**Instruction No. <u>15</u>**

**OBTAINING INFORMATION BY COMPUTER - SECTION 1030(A)(2)**

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act by intentionally exceeding authorized access to a computer and thereby obtaining information from any protected computer.

Specifically, the Court has determined that:

First, Defendants intentionally accessed WhatsApp's servers. Defendants acted "intentionally," which means that it was Defendants' conscious desire or purpose to act in a certain way or to cause a certain result, or Defendants knew they were acting in that way or would be practically certain to cause that result.

Second, Defendants exceeded their authorized access to WhatsApp's servers, which means that Defendants accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and target devices that Defendants are not entitled to obtain or alter.

Third, Defendants' WhatsApp Installation Server or 'WIS' sent messages through WhatsApp servers that caused Pegasus to be installed on target users' devices, and the WIS was able to obtain protected information by having it sent from the target users, through the WhatsApp servers, and back to the WIS. The Court concluded that the sending of protected information through the servers constituted obtaining it from the servers; and

Fourth, the information was from a protected computer, which means a computer used in or affecting interstate or foreign commerce or communication.

Instruction No. *16*

## ACCESSING A PROTECTED COMPUTER WITH AN INTENT TO DEFRAUD – SECTION 1030(A)(4)

The Court has already determined that Defendants violated the federal Computer Fraud and Abuse Act by knowingly and with intent to defraud exceeding authorized access to a protected computer, and by means of such conduct furthering the intended fraud and obtaining anything of value.

Specifically, the Court has determined that:

First, Defendants accessed WhatsApp's servers, which are protected computers. A protected computer means a computer used in or affecting interstate or foreign commerce or communication.

Second, Defendants exceeded their authorized access to WhatsApp's servers, which means that Defendants accessed WhatsApp's servers with authorization and used such access to obtain or alter information on the WhatsApp servers and target devices that Defendants are not entitled to obtain or alter.

Third, Defendants acted knowingly and with intent to defraud. Defendants acted "knowingly," which means that they were aware of the act and did not act through ignorance, mistake, or accident. Defendants acted with an "intent to defraud," which means an intent to deceive and cheat, meaning the intent to deprive a victim of money or property by deception. Defendants acted with an intent to defraud based on the fact that Defendants redesigned Pegasus to evade detection after Plaintiffs first fixed the security breach.

Fourth, by exceeding authorized access to WhatsApp's servers, NSO furthered the intended fraud and obtained anything of value.

Instruction No. 17

**COMPREHENSIVE COMPUTER DATA AND ACCESS FRAUD ACT**

The Court has already determined that Defendants violated the California Comprehensive Computer Data and Access Fraud Act. The California Comprehensive Computer Data and Access Fraud Act is a California law equivalent of the federal Computer Fraud and Abuse Act, with the additional requirement that a computer be unlawfully accessed in California.

I concluded that Defendants violated the California Comprehensive Computer Data and Access Fraud Act for the same reasons that they violated the federal Computer Fraud and Abuse Act and because Defendants unlawfully accessed a computer in California. Specifically, I found that Defendants' WhatsApp Installation Server or "WIS" targeted California servers and that Defendants' Pegasus code was sent through Plaintiffs' California-based servers 43 times in May 2019.

Instruction No. 18

**BREACH OF CONTRACT – INTRODUCTION**

The Court has already determined that Defendants breached a contract with Plaintiffs. Specifically, I determined that Defendants breached WhatsApp's Terms of Service by reverse-engineering and/or decompiling WhatsApp's software.

Instruction No. 19

## DAMAGES OVERVIEW – CATEGORIES AND PROOF

Now that I have told you what has already been established, I will explain your role in the case.

Your role in this case is to decide what damages, if any, Plaintiffs are entitled to receive because of Defendants' violations of the law. You should base your decision on all of the evidence, regardless of which party presented it.

There are two categories of damages in this case that you may award. I will summarize each of these categories before providing instructions on each category.

The first category of damages that you must consider are called compensatory damages. The purpose of compensatory damages is to put Plaintiffs in as good a position as they would have been if Defendants had not violated the federal Computer Fraud and Abuse Act or the California Comprehensive Computer Data and Access Fraud Act, and had not breached the WhatsApp Terms of Service. Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. This means that you must be persuaded by the evidence that the claim of damages is more probably true than not true.

The second category that you may consider is "punitive damages." Plaintiffs may be eligible to recover punitive damages because Defendants have been found liable for violating the California Comprehensive Computer Data and Access Fraud Act. You may award punitive damages if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act and harmed WhatsApp was done with fraud, oppression, or malice.

In determining the amount of damages, if any, to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in the evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require Plaintiffs to

prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Instruction No. **20**

**COMPENSATORY DAMAGES - MULTIPLE LEGAL CLAIMS**

As I instructed you previously, I have found that Defendants are liable under claims for violating the Computer Fraud and Abuse Act, the California Comprehensive Computer Data Access and Fraud Act, and WhatsApp's Terms of Service, and you will be asked to determine what compensatory damages, if any, Defendants owe Plaintiffs for these violations. Although Plaintiffs seek compensatory damages under more than one legal claim, compensatory damages may be awarded only once, regardless of the number of legal claims alleged.

Instruction No. 2⌁

## COMPENSATORY DAMAGES - COMPUTER FRAUD AND ABUSE ACT

You may award Plaintiffs compensatory damages for any loss Plaintiffs suffered as a result of Defendants' violations of the federal Computer Fraud and Abuse Act.

Under the federal Computer Fraud and Abuse Act, a plaintiff can recover either for damage to a computer or for certain losses. In this case, Plaintiffs seek to recover for alleged losses rather than damage to a computer. Plaintiffs need not prove damage to a computer to recover for losses under the federal Computer Fraud and Abuse Act.

For purposes of the federal Computer Fraud and Abuse Act, recoverable losses may include:

1. Plaintiffs' costs of responding to the violation;

2. Plaintiffs' costs of conducting a damage assessment;

3. Plaintiffs' costs of restoring the data, program, system, or information to its prior condition;

4. Plaintiffs' costs of investigating the violation; and

5. Plaintiffs' costs of identifying the violation.

## Instruction No. 22

## COMPENSATORY DAMAGES - CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT

You may award Plaintiffs compensatory damages for Defendants' violations of the California Comprehensive Computer Data and Access Fraud Act.

Under the California Comprehensive Computer Data and Access Fraud Act, a plaintiff can recover either for damage to a computer or for certain losses. In this case, Plaintiffs seek to recover for alleged losses rather than damage to a computer. Plaintiffs need not prove damage to a computer to recover for losses under the California Comprehensive Computer Data and Access Fraud Act.

For purposes of the California Comprehensive Computer Data and Access Fraud Act, recoverable losses include amounts sufficient to compensate Plaintiffs for the harm they suffered as a result of any violations, including any expenditure reasonably and necessarily incurred by Plaintiffs to verify that their computers, computer system, computer network, computer program, and/or data was or was not altered, damaged, or deleted by the access.

### Instruction No. 23

### COMPENSATORY DAMAGES - BREACH OF CONTRACT

As I previously instructed you, you may award Plaintiffs compensatory damages for Defendants' breach of WhatsApp's Terms of Service. You must decide how much money will reasonably compensate Plaintiffs for the harm caused by the breach. The purpose of these compensatory damages is to put Plaintiffs in as good a position as they would have been in if Defendants had not violated WhatsApp's Terms of Service.

To recover compensatory damages for breach of contract, Plaintiffs must prove by a preponderance of the evidence that the damages they seek were caused by Defendants' breach of WhatsApp's Terms of Service. Plaintiffs must also prove by a preponderance of the evidence that when the contract was made, both parties knew or could reasonably have foreseen that the damages were likely to occur in the ordinary course of events as a result of Defendants' breach of contract.

Plaintiffs do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Instruction No. 24

**COMPENSATORY DAMAGES - BREACH OF CONTRACT –**

**MITIGATION OF DAMAGES**

Plaintiffs are not entitled to recover damages for harm caused by Defendants' breach of WhatsApp's Terms of Service that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing Plaintiffs at the time, including Plaintiffs' ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm caused by Defendants' breach of WhatsApp's Terms of Service, then your award should include reasonable amounts that Plaintiffs spent for this purpose.

**Instruction No. 25**

**COMPENSATORY DAMAGES - BREACH OF CONTRACT –**

**NOMINAL DAMAGES**

The Court has decided that Defendants breached WhatsApp's Terms of Service but you may decide that Plaintiffs did not incur any resulting damages.  If you so decide, you may still award Plaintiffs nominal damages up to one dollar for Defendants' breach of WhatsApp's Terms of Service.

Instruction No. **26**

## PUNITIVE DAMAGES

In addition to compensatory damages, you may, but are not required, to award Plaintiffs punitive damages under the California Comprehensive Computer Data Access and Fraud Act. Punitive damages may not be awarded for Defendants' violations of the Computer Fraud and Abuse Act or WhatsApp's Terms of Service.

The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future. Punitive damages may not be awarded to compensate Plaintiffs.

Even though the Court has already determined, by a preponderance of the evidence, that Defendants accessed Plaintiffs' servers intentionally, knowingly, and with an intent to defraud under the federal Computer Fraud and Abuse Act, as explained in Instruction Numbers _ and _, it is up to the jury to decide whether Plaintiffs have proven by clear and convincing evidence that Defendants acted with malice, oppression, or fraud as defined below in connection with the conduct that violated the California Computer Data Access and Fraud Act.

You may award punitive damages only if you find that Plaintiffs have proven by clear and convincing evidence that Defendants' conduct that violated the California Computer Data Access and Fraud Act was done with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendants, who acted on behalf of Defendants; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendants; or

3. That one or more officers, directors, or managing agents of Defendants knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendants acted with intent to cause injury or that Defendants' conduct was despicable and was done with a willful and knowing disregard of the rights of Plaintiffs. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendants' conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of Plaintiffs' rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendants intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes of punishment and deterrence but should not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)  How reprehensible was Defendants' conduct? In deciding how reprehensible Defendants' conduct was, you may consider, among other factors:

    1.  Whether the conduct caused physical harm;

    2.  Whether Plaintiffs were financially weak or vulnerable and Defendants knew Plaintiffs were financially weak or vulnerable and took advantage of them;

    3.  Whether Defendants' conduct involved a pattern or practice; and

    4.  Whether Defendants acted with trickery or deceit.

(b)  Is there a reasonable relationship between the amount of punitive damages and Plaintiffs' harm?

(c)  In view of Defendants' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Defendants have substantial financial resources. Any award you impose may not exceed Defendants' ability to pay.

Punitive damages may not be used to punish Defendants for the impact of their misconduct on persons other than Plaintiffs or for acts committed outside of California, although out-of-state conduct may be probative if it has a nexus to the specific harm suffered by Plaintiffs and demonstrates the deliberateness and culpability of the Defendants' actions in California.

Instruction No. 27

**COMPENSATORY AND PUNITIVE DAMAGES – REPUTATION**

Plaintiffs do not seek damages based on any claim of harm to Plaintiffs' reputation.  You may not consider any harm to Plaintiffs' reputation in your calculation of damages in this case.

# Instruction No. 28

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 29.

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter/X, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside

the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

### Instruction No. 3 0

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.  [Do not disclose any vote count in any note to the Court.]

**Instruction No. 31**

**RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror / foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk / bailiff] that you are ready to return to the courtroom.