| | |
|---|---|
| Greg D. Andres | Joseph N. Akrotirianakis (Cal. Bar No. 197971) |
| Antonio J. Perez-Marques | Aaron S. Craig (Cal. Bar No. 204741) |
| Gina Cora | KING & SPALDING LLP |
| Craig T. Cagney | 633 West Fifth Street, Suite 1600 |
| Luca Marzorati | Los Angeles, CA 90071 |
| (admitted *pro hac vice*) | Telephone: (213) 443-4355 |
| DAVIS POLK & WARDWELL LLP | Email: jakro@kslaw.com |
| 450 Lexington Avenue | acraig@kslaw.com |
| New York, New York 10017 | |
| Telephone: (212) 450-4000 | *Attorneys for Defendants NSO Group* |
| Facsimile: (212) 701-5800 | *Technologies Limited and Q Cyber* |
| Email: greg.andres@davispolk.com | *Technologies Limited* |
| antonio.perez@davispolk.com | |
| gina.cora@davispolk.com | |
| craig.cagney@davispolk.com | |
| luca.marzorati@davispolk.com | |

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and METThe A PLATFORMS INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **PARTIES' JOINT ADMINISTRATIVE MOTION TO FILE ADMITTED TRIAL EXHIBITS UNDER SEAL** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | Judge: Hon. Phyllis J. Hamilton<br>Ctrm: 3 |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rules 5-1(g)(2) and 79-5, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") and Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants"), by and through their counsel, respectfully submit this joint administrative motion ("Motion") for an order to file under seal certain of the documents, or portions thereof, that were submitted as exhibits to the jury in the trial of the above captioned matter (the "Confidential Trial Exhibits"). The parties' requests to seal the Confidential Trial Exhibits contained herein conform with the Court's previous sealing orders in this case, as outlined in the parties' joint Proposed Order filed concurrently with this Motion.

**Plaintiffs' Confidential Trial Exhibits**

Plaintiffs request that the Court keep under seal the following information contained in admitted trial exhibits PTX-0320, PTX-0321, PTX-0932, A-1131, A-1156, and A-1511 ("Plaintiffs' Confidential Trial Exhibits"), as indicated in the highlighted portions of these exhibits attached to the supporting declaration of Luca Marzorati ("Marzorati Declaration") filed concurrently herewith:

(1) Personally identifiable information (phone numbers, email addresses, and IP addresses) of non-party WhatsApp users and/or Plaintiffs' employees; and

(2) Sensitive and confidential personal financial information (including tax and other transaction identification numbers) associated with Plaintiffs' employees.

There is a general principle in favor of public access to federal court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). A party seeking to seal a judicial record, including exhibits admitted at trial for review by the trier of fact, must demonstrate "compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under this standard, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." Dkt. No. 633 at 2 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)).

1  Plaintiffs submit that compelling reasons exist to redact the categories of information
2  specified above sufficient to outweigh the public's interest in disclosure and justify sealing court
3  records exist when such "court files might have become a vehicle for improper purposes," such as
4  the use of records to gratify private spite, promote public scandal, circulate libelous statements, or
5  release trade secrets. *Nixon*, 435 U.S. at 598; *accord Valley Broadcasting Co.*, 798 F.2d at 1294.

6  (1) <u>Personally Identifiable Information</u>

7  Specifically, trial exhibits PTX-0932, A-1131, A-1156, and A-1511 variously contain the
8  phone numbers and IP addresses of non-party WhatsApp users and/or the email addresses of certain
9  of Plaintiffs' employees. Redaction of such personally identifying information is appropriate here,
10 as it is not relevant to the legal issues in this case and any public interest is likely insignificant. *Ehret*
11 *v. Uber Techs., Inc.*, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (holding that compelling
12 reasons exist to redact private information as it "concerns privacy interests").

13 In addition, the public disclosure of Plaintiffs' employees' personal information in connection
14 with litigation has sometimes been followed by harassment, online threats, and/or suspicious phone
15 calls, text messages or emails, particularly in cases with significant media attention. *See* Marzorati
16 Decl. ¶ 4. The proposed sealing of Plaintiffs' Confidential Trial Exhibits is narrowly tailored and
17 seeks only to redact those portions that contain such personally identifying information.

18 (2) <u>Sensitive Financial Information</u>

19 Additionally, trial exhibits PTX-0320 and PTX-0321 contains sensitive and confidential
20 financial information associated with Plaintiffs' testifying employees. *See* Marzorati Decl. ¶ 5. The
21 identification numbers listed under the "Tax Details ID" and "Award ID" column headings in these
22 exhibits are specific to the particular financial transactions listed therein and operate similarly to
23 identification numbers associated with bank account transactions. *See id*. This is sensitive, personal
24 financial information that is not available to the public. *See Ehret*, 2015 WL 12977024, at *2 (holding
25 that the "privacy interests implicated warrant redaction" of names and payment information of both
26 non-party customers and a party's individual employees); *see also Foltz*, 331 F.3d at 1134, 1137–
27 1138 (finding compelling reasons to redact identifying information from personnel records, including
28 financial information, to protect an individual's privacy interest and to prevent exposure to harm).

2

Moreover, the "Tax Details ID" and "Award ID" columns are not relevant to Plaintiffs' damages calculation. *See* Marzorati Decl. ¶ 5. The release of this information could harm the privacy interests of the listed individual employees and could not be mitigated by any means less restrictive than the limited redactions proposed by Plaintiffs.

### **Defendants' Confidential Trial Exhibits**

Defendants request that the Court keep under seal two types of information: personally identifiable information (names, phone numbers, email addresses, and WhatsApp addresses) of employees of Defendants, and highly confidential and trade secret technical material. The Court has already ruled that both may be sealed.

First, Defendants request that the Court keep under seal, via redaction, personally identifiable information (names, phone numbers, email addresses and WhatsApp addresses) of Defendants' employees in admitted trial exhibits PTX-34, PTX-35, PTX-64, PTX-65 and PTX-66, as indicated in the highlighted portions of these exhibits attached to the supporting declaration of Aaron Craig ("Craig Declaration") filed concurrently herewith. In the April 24, 2025 Pretrial Conference, the Court ruled that such information could be redacted. April 24, 2025 Tr. at 39:9-12. Moreover, during trial the Court reaffirmed, with respect to these exhibits, that "the names can, and should, be redacted." April 30, 2025 Trial Tr. at 567:24-25.

Defendants further request that the Court keep under seal the following trial exhibits setting forth Defendants' highly confidential and trade secret technical information that the Court has previously ordered be sealed: PTX-44, PTX-59, PTX-60 and PTX-62, attached to the Craig Declaration filed concurrently herewith. PTX-44 was identified by Plaintiffs in advance of trial as a document provisionally under seal. (Dkt. No. 701.) In the Second Pretrial Conference, the Court agreed that it could be sealed in its entirety. April 24, 2025 Tr. at 39:13-18. PTX-59 and PTX-60 are the same documents as Exhibits 7 and 24, respectively, to the Declaration of Micah Block in Support of Plaintiffs' Motion for Summary Judgment ("Block Declaration") dated September 27, 2024 (Dkt. 399-4).[1] The Court ordered that both of these documents should be sealed in granting in

---

[1] PTX-59 and Block Declaration Exhibit 7 both begin with the document control number NSO_WHATSAPP_00045678. PTX-60 and Block Declaration Exhibit 24 both begin with the document control number NSO_WHATSAPP_00008957.

3

part the parties' Omnibus sealing motion. (Dkt. 633 at 9.) PTX-62 is a document nearly identical to PTX-44 and Defendants ask that it also be sealed.

Dated:  May 16, 2025                          Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By:  /s/ Luca Marzorati
    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    1600 El Camino Real
    Menlo Park, California 94025
    Telephone: (650) 752-2000
    Facsimile:  (650) 752-2111
    Email: micah.block@davispolk.com

    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email:  greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

KING & SPALDING LLP

By:  /s/ Aaron S. Craig
Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

### FILER'S ATTESTATION

Pursuant to Civil L. R. 5-1(i)(3), regarding signatures, Luca Marzorati hereby attests that concurrence in the filing of the document has been obtained from all of the signatories above.

Dated:   May 16, 2025                                      /s/ Luca Marzorati
                                                           Luca Marzorati