| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
| | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
| | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
| | 633 West Fifth Street, Suite 1700 |
| 4 | Los Angeles, CA 90071 |
| | Telephone:   (213) 443-4355 |
| 5 | Facsimile:   (213) 443-4310 |
| 6 | Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF AARON S. CRAIG IN SUPPORT OF JOINT PARTIES' JOINT ADMINISTRATIVE MOTION TO FILE ADMITTED TRIAL EXHIBITS UNDER SEAL** <br><br> Judge:  Hon. Phyllis J. Hamilton <br><br> Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Parties' Joint Administrative Motion to File Admitted Trial Exhibits Under Seal. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. Defendants request that the Court keep under seal personally identifiable information (names, phone numbers, email addresses, and WhatsApp addresses) of employees of Defendants in admitted trial exhibits PTX-34, PTX-35, PTX-64, PTX-65 and PTX-66, as indicated in the highlighted portions of these exhibits which are also attached at Exhibits 1-5 to this Declaration. In the April 24, 2025 Pretrial Conference, the Court ruled that such information could be redacted. April 24, 2025 Tr. at 39:9-12. Moreover, during trial the Court reaffirmed, with respect to these exhibits, that "the names can, and should, be redacted." April 30, 2025 Trial Tr. at 567:24-25.

3. Defendants further request that the Court keep under seal the following trial exhibits setting forth Defendants' highly confidential and trade secret technical information that the Court has previously ordered be sealed: PTX-44, PTX-59, PTX-60 and PTX-62, attached to the Craig Declaration filed concurrently herewith. PTX-44 was identified by Plaintiffs in advance of trial as a document provisionally under seal. (Dkt. No. 701.) In the Second Pretrial Conference, the Court agreed that it could be sealed in its entirety. April 24, 2025 Tr. at 39:13-18. PTX-59 and PTX-60 are the same documents as Exhibits 7 and 24, respectively, to the Declaration of Micah Block in Support of Plaintiffs' Motion for Summary Judgment ("Block Declaration") dated September 27, 2024 (Dkt. 399-4).[1] The Court ordered that both of these documents should be

---

[1] PTX-59 and Block Declaration Exhibit 7 both begin with the document control number NSO_WHATSAPP_00045678. PTX-60 and Block Declaration Exhibit 24 both begin with the document control number NSO_WHATSAPP_00008957.

sealed in granting in part the parties' Omnibus sealing motion.  (Dkt. 633 at 9.)  PTX-62 is a document nearly identical to PTX-44 and Defendants ask that it also be sealed.

4. Attached as **Exhibit 1** is a true and correct copy of trial exhibit PTX-34, with personally identifiable information of Defendants' employees highlighted for redaction.

5. Attached as **Exhibit 2** is a true and correct copy of trial exhibit PTX-35, with personally identifiable information of Defendants' employees highlighted for redaction.

6. Attached as **Exhibit 3** is a true and correct copy of trial exhibit PTX-64, with personally identifiable information of Defendants' employees highlighted for redaction.

7. Attached as **Exhibit 4** is a true and correct copy of trial exhibit PTX-65, with personally identifiable information of Defendants' employees highlighted for redaction.

8. Attached as **Exhibit 5** is a true and correct copy of trial exhibit PTX-66, with personally identifiable information of Defendants' employees highlighted for redaction.

9. Attached as **Exhibit 6** is a true and correct copy of trial exhibit PTX-44, which Defendants ask be sealed consistent with the Court's prior rulings.

10. Attached as **Exhibit 7** is a true and correct copy of trial exhibit PTX-59, which Defendants ask be sealed consistent with the Court's prior rulings.

11. Attached as **Exhibit 8** is a true and correct copy of trial exhibit PTX-60, which Defendants ask be sealed consistent with the Court's prior rulings.

12. Attached as **Exhibit 9** is a true and correct copy of trial exhibit PTX-62, which Defendants ask be sealed consistent with the Court's prior rulings.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct this 16th day of May 2025, at Los Angeles, California.

       /s/ *Aaron S. Craig*
       AARON S. CRAIG