| | |
|---|---|
| 1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971) |
| | *jakro@kslaw.com* |
| 2 | AARON S. CRAIG (Bar No. 204741) |
| | *acraig@kslaw.com* |
| 3 | KING & SPALDING LLP |
| | 633 West Fifth Street, Suite 1600 |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 443-4355 |
| 5 | Facsimile: (213) 443-4310 |

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge: Hon. Phyllis J. Hamilton <br><br> Action Filed: 10/29/2019 |

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") submit this Administrative Motion to File Under Seal certain portions of and exhibits supporting Defendants' Revised Opposition to Plaintiffs' Motion for Permanent Injunction ("Defendants' Revised Opposition"). Specifically, Defendants seek to seal indicated portions of (1) the Declaration of Aaron S. Craig filed concurrently with this Opposition ("Craig Declaration"); (2) Defendants' Revised Opposition; (3) the Declaration of Yaron Shohat in Support of Defendants' Revised Opposition ("Shohat Declaration"); and (4) Exhibit A to the Declaration of Joshua J. Minkler in Support of Defendants' Revised Opposition ("Minkler Declaration") (collectively, the "Sealed Documents")

The Administrative Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the Craig Declaration.

I.     **LEGAL STANDARD**

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc U.S.A., Inc. v. Apple Inc.*, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).

Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 2013 WL

897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.). "Good cause" requires only "a particularized showing" that sealing is appropriate. *Kamakana*, 447 F.3d at 1180.

Under the "compelling reasons" standard, it is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024).

Courts have found compelling reasons to seal non-public government information. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, 2019 WL 11638962, at *2 (D. Nev. June 20, 2019).

In addition, "Compelling reasons justifying sealing court records generally exist when such court files might become a vehicle for improper purposes such as releasing trade secrets or as sources of business information that might harm a litigant's competitive standing." *Id.* (cleaned up); *see also Grace v. Apple, Inc.*, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22 2019) ("Competitive harm and security concerns can qualify as compelling reasons."). Specifically, Courts have found that compelling reasons exist to seal "proprietary information concerning [a party's] technology and internal business operations" and "descriptions of [a party's] proprietary technology." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013); *see also In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports.'"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."). Courts have also found "compelling reasons to seal . . . information about the technical operation of [a party's] products." *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016).

**II.   LEGAL ANALYSIS**

As explained below, good cause and compelling reasons exist to seal the Sealed Documents.

1  First, certain of the Sealed Documents contain highly sensitive, non-public information the disclosure of which would prejudice Defendants and parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). For additional argument, NSO respectfully refers the Court to Paragraph 13 of the Craig Declaration.

Second, many of the Sealed Documents also contain confidential and competitively sensitive technical information of Defendants, the disclosure of which would put Defendants at a competitive disadvantage. Courts have routinely held that such confidential business information satisfies the "compelling reasons" standard. *E.g., In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. May 18, 2023). This includes technological information. *Transperfect Global*, 2013 WL 706975, at *1; *Finjan*, 2016 WL 7429304, at *2. The nature of NSO's business requires that such information be kept confidential, and NSO would suffer competitive harm if this information were broadly disclosed to the public and to potential competitors. NSO's government customers would also be prejudiced by disclosure of such information. Plaintiffs have sought to seal equivalent confidential information about their own business and technology.

**The Craig Declaration Supporting This Motion**. As the Craig Declaration itself makes clear, it contains highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See* Craig Decl. ¶¶ 2-11, 13.

**Portions of Defendants' Revised Opposition.** Defendants have indicated certain portions of Defendants' Revised Opposition on pages 4 and 6 that there are compelling reasons to seal. Defendants' Revised Opposition contains references to information that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-11, 13 of the Craig Declaration. It also sets forth the identity of certain Pegasus targets over which Plaintiffs claim confidentiality pursuant to the Protective Order. This Court has previously sealed similar materials.

**Portions of the Shohat Declaration and Exhibits A-D**. This declaration, from NSO's Chief Executive officer, contains information in paragraphs 6, 7 and 12, and Exhibits A-D, that is subject

to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-11, 13 of the Craig Declaration. This Court has previously sealed similar materials.

**Exhibit A to the Minkler Declaration**. Exhibit A attached to the Minkler Declaration contains information in paragraphs 29, 30 and 33 that is subject to the legal restrictions and confidentiality obligations discussed at ¶¶ 2-11, 13 of the Craig Declaration. These paragraphs also set forth highly confidential information about Defendants' technologies, which warrants sealing to prevent substantial harm to Defendants' business and to Defendants' government customers. *E.g., Finjan*, 2016 WL 7429304, at *2; *Transperfect*, 2013 WL 706975, at *1; *Activision*, 2023 WL 2347134, at *1; *Synchronoss*, 2019 WL 3718566, at *1.

### III.   CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Dated: June 18, 2025                    KING & SPALDING LLP

                                        By:  /s/ Aaron S. Craig
                                             JOSEPH N. AKROTIRIANAKIS
                                             AARON S. CRAIG

                                        *Attorneys for Defendants*