JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>            Plaintiffs,<br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>            Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF TAMIR GAZNELI IN SUPPORT OF DEFENDANTS' REVISED OPPOSITION TO PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**<br><br>Action Filed: 10/29/2019 |

I, Tamir Gazneli, hereby declare as follows:

1. I am Tamir Gazneli, I have personal knowledge of the facts set forth herein, and except as otherwise stated, I could testify competently to each fact herein.

2. I am employed by NSO Group as its Vice President, Research and Development. I have been employed by NSO Group in a research and development position since 2015. Based on my research and development experience with NSO Group, I am familiar with the operation of both historical and current versions of Pegasus software.

3. Pegasus is a suite of different technologies and functions that are collectively branded and marketed under one name. The dozens of current and historical versions of Pegasus include three historical versions that were referenced, internally within NSO, as Heaven, Eden, and Erised. The initial phase of the installation process for Heaven, Eden, and Erised involved sending WhatsApp messages containing computer code through WhatsApp's servers to achieve execution on the target's mobile device. (To be clear, none of the computer code executed against WhatsApp servers or obtained any information from WhatsApp servers.)

4. Those three historical versions of Pegasus ran only on Android mobile devices. Heaven, Eden, and Erised are technologically distinct from versions of Pegasus that run on other operating systems or that require some engagement by the end user of the mobile device (e.g., the user must affirmatively open a link to trigger installation).

5. Heaven, Eden, and Erised made use of vulnerabilities that were patched, closed, or no longer exist. Accordingly, no one (including NSO) has the ability to exploit them or to render Heaven, Eden, or Erised operational in the future – with or without the collection of code and programs informally referred to, at one time, as the WhatsApp Installation Server or "WIS." The server once referenced as the "WIS" has for many years been referenced as the Android Backend Server or "ABS," which more properly describes it.

6. The ABS is responsible for managing and orchestrating all of the installation vectors relating to Android devices – not just those vectors which "us[ed] WhatsApp in any way to access Target Devices." Only one of the functions the ABS performed, in the past, involved the sending of WhatsApp messages. The ABS is thus used for many purposes other than sending Pegasus

messages over WhatsApp.  The ABS does not emulate the WhatsApp, Facebook, Instagram, Messenger, Meta AI, Threads, or Meta Horizon platforms, nor does it emulate those platforms' related client applications.

7. I understand that the plaintiffs in this lawsuit have proposed certain restrictions on NSO and its products.  I have reviewed those terms in a document titled "Proposed Order Granting Plaintiffs' Motion for Permanent Injunction."  Altering all current versions of Pegasus to comply with the restrictions described would require revisions to numerous sets of computer code, including NSO technologies that have never been part of this lawsuit and having nothing to do with the plaintiffs' allegations.  The revisions required would force the company to divert substantial resources away from other projects and would require far more than thirty days (i.e., the period the plaintiffs suggest for compliance) to implement.  As a result, there would be a period of months during which Pegasus would not be available to NSO's sovereign customers.

8. Although NSO retains the ability to render Pegasus inoperable in certain circumstances, NSO has never maintained "all data obtained or derived from the social media platforms identified by the plaintiffs," which is in the exclusive possession of and controlled by its sovereign customers.  NSO thus has no ability to delete all such data.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 10th of March 2025.

_____
TAMIR GAZNELI