JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:	(213) 443-4355
Facsimile:	(213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF STIPULATION TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION** <br><br> Judge: Hon. Phyllis J. Hamilton <br><br> Action Filed: 10/29/2019 |

I, Joseph N. Akrotirianakis, declare as follows:

1.  I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of King & Spalding LLP, and I am lead counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO Defendants") in the above-entitled action. Except as otherwise stated, I have personal knowledge of the facts set forth below and could competently testify to each fact averred.

2.  The parties have stipulated and respectfully request that the two motions presently on calendar for July 17, 2025, Plaintiffs' Motion for Permanent Injunction (Dkt. No. 558), and Defendants' Motion for Remitittur or a New Trial (Dkt. No. 747), be continued to August 28, 2025, so that Defendants may travel from Israel to attend the hearing. (Defendants' position remains that a hearing on its Motion for Remitittur or a New Trial is not necessary. Should the Court wish to hold a hearing, however, that motion should be heard on the same date as the injunction motion.)

3.  Travel from Israel to the United States is now, and is expected to remain for the near future, extraordinarily burdensome and dangerous, when it is even possible. On June 13, 2025, the government of Israel launched a series of airstrikes against nuclear and military facilities in Iran. The government of Iran retaliated, and in the days since, Israel and Iran have traded airstrikes, many of which have struck in or near business and civilian areas. Iranian missiles struck all over Israel, including very close to NSO's headquarters. Another missile struck within 1000 feet of the residence of NSO's general counsel, based upon my conversation with him.

4.  On June 22, 2025, the United States attacked three nuclear facilities in Iran. The Fordow Uranium Enrichment Plant, the Natanz Nuclear Facility, and the Isfahan Nuclear Technology Center were reportedly targeted with fourteen 30,000-pound "bunker buster" bombs delivered by B-2 stealth bombers, and with Tomahawk missiles fired from a U.S. Navy submarine. Bomb damage assessment of the U.S. airstrikes is ongoing, although some analyses suggest they did not achieve their stated goal. On June 24, 2025, the President of the United States stated that a ceasefire between Iran and Israel was "in effect," although he also stated that both Iran and Israel had violated the ceasefire agreement.

5.     Any available air travel out of Israel is tenuous and subject to cancellation with minimal notice.  In the past two weeks, the only flights leaving Israel are empty "rescue" flights solely for the purpose of delivering planes to airports abroad so that Israelis currently outside of the country may return to their homes and families.  The difficulty in obtaining air travel, and the risk that hostilities will resume, effectively prevent any of Defendants' representatives from traveling to the United States.  The circumstances in Israel will also make it difficult if not impossible for Defendants' counsel to consult adequately with Defendants to prepare for the hearing. It is unknown at this time whether and when the hostilities between Israel and Iran will actually cease such that regular air travel from Israel can resume.

6.     The parties are agreed that in light of the foregoing, a continuance from July 17, 2025 to August 28, 2025 is warranted, and should be sought now.  It would not be feasible or desirable to seek a continuance at the last minute before the hearing, in light of the unpredictable nature of the circumstances in Israel and Plaintiffs' own need to schedule travel from New York to Oakland to attend the hearing.

7.     Defendants request a hearing on August 28, 2025, or on a later date convenient to the Court.  Defendants request such dates because they expect regular and reliable air travel out of Israel to have resumed by late August.  Separately, Defendants' counsel is unavailable between July 18 and August 7.

8.     In addition to the alterations of the case schedule described in my January 11, 2025, declaration (Dkt. No. 520-1), this Court on January 14, 2025, issued an order (Dkt. No. 527) continuing the following dates:  the deadline for the filings required by paragraph B.3 of the Court's Civil Pretrial Instructions, entitled "Final Pretrial Conference," were continued until Thursday, January 23, 2025, the deadline for the filings required by paragraph B.5 of the Court's Civil Pretrial Instructions were continued until February 6, 2025, the deadlines for the Ominbus sealing motions described on described on page 15 of the Court's December 20, 2024, Order re Motions for Summary Judgment, Motion for Sanctions, and Discovery Letter Briefs (Dkt. No. 494) were continued until January 24 and January 31, 2025; and the deadlines related to

Defendants' substitution of its expert witness set forth in the Court's January 10, 2025 Order re Motion to Substitute Expert, Discovery Letter Brief (Dkt. No. 519) were continued to January 23, 2025 (for deposition of Mr. Minkler), January 30, 2025 (to file a Daubert motion or motion in limine pertaining to Mr. Minkler's testimony), February 6, 2025 (for oppositions to such motions), January 23, 2025 for any rebuttal expert report; January 29, 2025 (to depose that rebuttal expert (if any); February 3, 2025 (to file a Daubert motion or motion in limine pertaining that rebuttal testimony); and February 7, 2025 (to oppose any such motions).  The Court also issued an order (Dkt. No. 529) on January 16, 2025 continuing the pretrial conference to February 27, 2025 and the trial date to March 10, 2025.  Finally, on January 22, 2025, the Court issued an order (Dkt. No. 540) continuing the pretrial conference to April 10, 2025 and the start of trial to April 28, 2025.

      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of June 2025, in Los Angeles, California.

          */s/ Joseph N. Akrotirianakis*
          Joseph N. Akrotirianakis