Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC. , Plaintiffs, v. NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, Defendants. | Case No. 4:19-cv-07123-PJH **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE NSO'S SUPPLEMENTAL BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** Date:   August 7, 2025 Time:   1:30 pm Ctrm:   3 Judge:  Hon. Phyllis J. Hamilton Action Filed: October 29, 2019 |

**NOTICE OF MOTION AND MOTION TO STRIKE NSO'S SUPPLEMENTAL BRIEF**

PLEASE TAKE NOTICE THAT, on August 7, 2025 at 1:30 pm in Courtroom 3 of the U.S. District Court for the Northern District of California, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. will and hereby do move for an order striking the Revised Opposition to Plaintiffs' Motion for Permanent Injunction filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO").  *See* Dkt. No. 760.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Micah G. Block in Support of Plaintiffs' Motion ("Block Decl.") and all exhibits thereto, the pleadings and papers on file in this action, and on such other written and oral argument as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should strike NSO's "revised" opposition to Plaintiffs' motion for a permanent injunction.  *See* Dkt. No. 760.  That filing violates Civil Local Rule 7-3(d), which provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with certain exceptions not relevant here.  NSO did not obtain Court approval before filing its brief, even though Plaintiffs' motion for a permanent injunction has been fully briefed since March 25, 2025.  *See* Dkt. Nos. 558, 605, 637.  Indeed, NSO filed its brief without any notice to either the Court or Plaintiffs.  Moreover, despite its title, NSO's brief is not a "revision" of its opposition brief—instead, it offers new responses to Plaintiffs' arguments and therefore functions as a sur-reply brief prohibited under Civil Local Rule 7-3(d).

Plaintiffs request that, if the Court decides not to strike NSO's unsanctioned submission, the Court grant Plaintiffs leave to file a reply to NSO's "revised" opposition brief by August 7, 2025, which is the notice date for this motion to strike.[1]

**I.    BACKGROUND**

On February 24, 2025, Plaintiffs moved for a permanent injunction and noticed the motion for hearing on April 10, 2025.  Dkt. No. 558.  In response to NSO's administrative motion to continue

---

[1] While the hearing on Plaintiffs' motion for a permanent injunction is currently scheduled for July 17, 2025, the parties have submitted a proposed stipulation adjourning that hearing date to August 28, 2025, or to a later date convenient to the Court.  *See* Dkt. No. 764.

1

the hearing date, the Court stated that it would set a hearing date "[a]fter reviewing the fully briefed motion," and advised the parties "that the court is likely to follow its general practice of hearing such motions after trial." Dkt. No. 577 at 2.  In accordance with a stipulated briefing schedule entered by the Court, NSO filed its opposition on March 14, 2025, Dkt. No. 605, and Plaintiffs filed their reply on March 25, 2025, Dkt. No. 637.  At the April 14, 2025 pretrial conference, the Court deferred consideration of Plaintiffs' motion and the scheduling of an evidentiary hearing until after trial and did not order additional briefing.  Block Decl. Ex. A (Pretrial Conf. Tr.), at 19:8–20:1.

While the jury was deliberating, the Court asked the parties for their positions on whether an evidentiary hearing was required to resolve Plaintiffs' motion for permanent injunction.  Block Decl. Ex. B (Trial Tr.), at 1379:6–11.  NSO contended that "there needs to be a separate evidentiary hearing, or there certainly needs to be at least argument." *Id*. at 1380:9–10.  The Court agreed that "there needs to be an argument," and that "I would only be willing to set aside . . . maybe four hours to that on a Thursday in the upcoming month or two." *Id*. at 1380:11–1381:6.  After the trial, the Court set the hearing on Plaintiffs' motion for permanent injunction for July 17, 2025.  Dkt. No. 739.  The Court ordered the parties to exchange witness lists, if any, 21 days before the motion hearing and did not set a schedule for, or mention, any additional briefing.  *Id.*

On June 18, 2025, without providing any notice to the Court or Plaintiffs, NSO filed a "revised" opposition to Plaintiffs' motion for permanent injunction.  This motion followed.

## II. ARGUMENT

The Court should strike NSO's unauthorized filing or, in the alternative, grant Plaintiffs leave to file a reply to NSO's "revised" opposition brief by August 7, 2025, for three principal reasons.

*First*, NSO did not seek Court approval to file an additional brief after Plaintiffs filed their reply on March 25, 2025.  Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with certain exceptions not relevant here.  N.D. Cal. Civ. L.R. 7-3(d).  Courts routinely strike additional briefs that fail to comply with this requirement.  *See, e.g.*, *Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018) (striking "new opposition brief" where underlying motion "was already fully briefed" and filing party "never sought or received leave to submit further briefing"); *Peoples v. Zeidan*, 2018

WL 3995917, at *12 (N.D. Cal. Aug. 20, 2018) (striking additional filing where the "court did not approve additional memoranda, papers, or letters, and neither exception [within Civil Local Rule 7-3(d)] is applicable here"); *Moran v. GMAC Mortg.*, 2014 WL 3853833, at *2 (N.D. Cal. Aug. 5, 2014) (striking "new six page opposition, which is not authorized under the Civil Local Rules"). Parties should "ask for permission to file supplemental materials, not forgiveness." *Cisco Sys., Inc. v. Dexon Comput., Inc.*, 2023 WL 6466384, at *3 (N.D. Cal. Oct. 3, 2023).

*Second*, NSO's "revised" opposition brief violates Civil Local Rule 7-3(d)'s prohibition on sur-reply briefs because it introduces arguments not raised in NSO's opposition, depriving Plaintiffs of any opportunity to respond. *See, e.g.*, *Chavez v. Milligan*, 2019 WL 6893197, at *3 (N.D. Cal. Dec. 18, 2019) (noting that Civil Local Rule 7-3(d) prohibits the filing of a sur-reply without leave of Court). For example, for the first time in its "revised" opposition brief, NSO questions whether Plaintiffs have incurred the requisite injury to seek an injunction against the collection of WhatsApp messages stored on the devices of WhatsApp's users. *See* Dkt. No. 760 at 18 ("As long as the searches do not require the use of Plaintiffs' servers, Plaintiffs are not injured and have no basis to challenge the searches."). NSO's additional brief thus functions as a sur-reply and should be stricken. *See, e.g.*, *Chavez*, 2019 WL 6893197, at *3 (striking sur-reply filed "without leave of court, which is prohibited by Local Rule 7-3(d)"); *Silverman v. Christian*, 2019 WL 2085666, at *2 (N.D. Cal. May 10, 2019) (same); *Mendoza v. Aguilar*, 2018 WL 10424867, at *1 n.1 (N.D. Cal. Mar. 20, 2018) (same). "Like all parties, [NSO] must follow the rules. There can be no finality to litigation if parties submit new filings whenever they think of something new to say." *Stemcell Techs. Canada Inc. v. StemExpress, LLC*, 2022 WL 17259040, at *1 (N.D. Cal. Nov. 29, 2022) (striking sur-reply brief filed without leave of Court).

*Third*, NSO's decision to file a "revised" opposition brief without conferring with Plaintiffs on a new briefing schedule smacks of gamesmanship and wastes judicial resources. If NSO believed that additional briefing was warranted following Plaintiffs' victory at trial, NSO's counsel should have conferred with Plaintiffs' counsel and sought Court approval. Instead, NSO filed an "uninvited submission," which was "inappropriate and violate[s] the notions of fairness that underlie the judicial process." *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 323 F. Supp. 2d 1037, 1039 (N.D. Cal. 2004).

If the Court denies this motion to strike, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a reply to NSO's "revised" opposition brief by August 7, 2025.  *See Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 954 (N.D. Cal. 2015) (allowing party to file a response to a sur-reply filed in violation of Civil Local Rule 7-3(d)).  NSO has no objection to Plaintiffs filing an additional reply brief.  *See* Dkt. No. 760 at 1.

## **CONCLUSION**

For all these reasons, Plaintiffs request that the Court strike NSO's Revised Opposition to Plaintiffs' Motion for Permanent Injunction, or, in the alternative, grant Plaintiffs leave to file a reply by August 7, 2025.

| | | |
|---|---|---|
| Dated: June 26, 2025 | | Respectfully submitted, |

                                        DAVIS POLK & WARDWELL LLP

                                        By:  */s/ Micah G. Block*
                                                 Greg D. Andres
                                                 Antonio J. Perez-Marques
                                                 Gina Cora
                                                 Craig T. Cagney
                                                 Luca Marzorati
                                                   (admitted *pro hac vice*)
                                               DAVIS POLK & WARDWELL LLP
                                               450 Lexington Avenue
                                               New York, New York 10017
                                               Telephone: (212) 450-4000
                                               Facsimile: (212) 701-5800
                                               Email: greg.andres@davispolk.com
                                                         antonio.perez@davispolk.com
                                                        gina.cora@davispolk.com
                                                        craig.cagney@davispolk.com
                                                        luca.marzorati@davispolk.com

                                             Micah G. Block (SBN 270712)
                                             DAVIS POLK & WARDWELL LLP
                                             900 Middlefield Road, Suite 200
                                             Redwood City, California 94063
                                             Telephone: (650) 752-2000
                                             Facsimile:  (650) 752-2111
                                             Email: micah.block@davispolk.com

                                             *Attorneys for Plaintiffs*
                                             *WhatsApp LLC and Meta Platforms, Inc.*