# EXHIBIT A

```
                                              Pages 1 - 158

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Phyllis J. Hamilton, Judge

WHATSAPP, INC. and FACEBOOK,   )
INC.,                          )
                               )
          Plaintiffs,          )
                               )
  VS.                          )    NO. 4:19-CV-07123-PJH
                               )
NSO GROUP TECHNOLOGIES         )
LIMITED, et al.,               )
                               )
          Defendants.          )
                               )

                               Oakland, California
                               Wednesday, April 10, 2025
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
        DAVIS, POLK AND WARDWELL, LLP
        450 Lexington Avenue
        New York, NY 10017
  **BY:  GREG D. ANDRES**
        **ANTONIO J. PEREZ-MARQUES**
        **LUCA E. MARZORATI**
        **GINA M. CORA**
        **ATTORNEYS AT LAW**

        DAVIS, POLK & WARDWELL, LLP
        900 Middlefield Road, Suite 200
        Redwood City, CA 94063
  **BY:  MICAH G. BLOCK**
        **ATTORNEY AT LAW**

(Appearances continued on following page.)

REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
                     Official United States Reporter

1    was Ms. Trexler's supplemental report, not the rebuttal I think
2    contains this information.  So there must be something in there
3    where she says, I conclude that disgorgement is X, which she
4    would not present.  We could do a narrower proffer if that
5    would be helpful, but we haven't done that line by line.
6            **THE COURT:**  Yeah.  Okay.  All right.  We'll get into
7    that a little bit more later.
8        Okay.  I wanted also to confirm that the plaintiffs'
9    request for fees, costs, interest and injunction will all be
10   handled after the jury trial.  All right?  To the extent that I
11   indicated that there might be factual determines or findings
12   that the jury needs to make that might be important to the
13   injunction, having now read all of your papers, I don't want to
14   hear anything about injunctive relief or any of the information
15   that you all think would be pertinent to that decision at this
16   trial.  I think that would be -- I mean, it's difficult enough
17   that there are these three claims, three different kinds of --
18   two different kinds of claims, different kind of damages apply
19   to each, and I think there's too much danger of jury confusion
20   to start injecting the kind of issue, testimony that would go
21   to injunctive relief.  So that will be handled separately.
22       Whether or not we will need an evidentiary hearing for it
23   is a question for another day.  I'm amenable to having an
24   evidentiary hearing if there are additional facts that need to
25   be had, but none of this I want at this trial.  I think it's

1  going to be complicated enough for the jury to follow.
2      I also wanted to find out, you have in your pretrial
3  statement, your joint pretrial statement, a list of stipulated
4  facts that should be incorporated into the record.  Is there a
5  proposal for how that is done?  It's -- in my court it's done
6  in one of two ways.  Either at the beginning of the
7  presentation of evidence one party will read it into the record
8  and I would instruct the jury on what it means for there to be
9  stipulated -- stipulations entered into by the parties, or a
10 list of stipulations can simply be put in writing and handed
11 out to the jury.  Indeed, you can prepare a jury notebook if
12 you wish, so that all of them can have an agreed-upon set of
13 certain kinds of documents.
14     Name?
15     **MR. PEREZ-MARQUES:**  Yes, Your Honor.  Antonio
16 Perez-Marques from Davis Polk for the plaintiffs.
17     We -- of those options, we prefer the idea of having it
18 read to the jury at the outset.
19     **THE COURT:**  Okay.  And is -- does it encompasses more
20 than or anything in addition to or less than what is reported
21 in the pretrial statement?
22     **MR. PEREZ-MARQUES:**  There is nothing further at this
23 time.  To the extent that we continue speaking with the
24 defendants, if there's anything else we will be -- if the Court
25 would welcome it, would potentially come forward with

1     There are other issues obviously.  There are jury
2  instructions and the verdict form, and all of those will once
3  again depend upon ultimately how I'm going to frame the scope
4  of this trial in ruling on the motions in limine.  So I'll just
5  tell you with regard to the jury instructions I will expect you
6  all to meet and confer.  There aren't that many.  I mean,
7  defendant proposed eight of them and the plaintiff proposed 13.
8  Do I have that right?  Thirteen and eight?  You'll have to meet
9  and confer based upon whatever my rulings are on the motions in
10 limine and revise those, as well as probably the verdict form,
11 but we'll give you some instructions if we keep the trial on
12 track.  I'll take into account everything that you all have
13 said on it, and thank you.  I think we're at the end unless
14 there are any questions.
15      **MR. ANDRES:**  No, thank you, Your Honor.
16      **THE COURT:**  All right.  We're adjourned.
17   (Proceedings concluded at 2:37 p.m.)
18                  **CERTIFICATE OF REPORTER**
19      I certify that the foregoing is a correct transcript
20 from the record of proceedings in the above-entitled matter.
21 DATE:  Monday, April 14, 2025
22
23
24  _____
25   Stephen W. Franklin, RMR, CRR, CPE
    Official Reporter, U.S. District Court