1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:  (213) 443-4355
5  Facsimile:  (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                          OAKLAND DIVISION
10

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE UNDISCLOSED WITNESSES FROM PLAINTIFFS' WITNESS LIST AND FOR SANCTIONS**<br><br>Date:   August 14, 2025<br>Time:   1:30 p.m.<br>Place:  Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO" or "Defendants") in this action. This Declaration is made in support of Defendants' Motion to Strike Undisclosed Witnesses from Plaintiffs' Witness List for August 28, 2025 Evidentiary Hearing and for Sanctions ("Motion"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact herein.

2. During the parties' meet-and-confer on this Motion, which included a videoconference on July 1, 2025 and an email on July 2, 2025, I asked Plaintiffs' counsel to provide any authority supporting their view that the witnesses on their witness list are not subject to Rule 26's disclosure requirements. Plaintiffs never provided any such authority. I also asked Plaintiffs' counsel whether there were any new facts or events since the dates of Plaintiffs' disclosures that would justify the failure to disclose, such as any new attempts to install Pegasus on target devices via Plaintiffs' servers or other "attacks" on Plaintiffs' servers. Plaintiffs did not identify any new facts. Attached as **Exhibit 1** is a true and correct copy of a July 2, 2025 email from me to Luca Marzorati and Micah Block wherein I provided our authority that Rule 26 and Rule 37 do apply to the permanent injunction hearing, and requesting any counter-authority of which they were aware. Plaintiffs' counsel never responded to my email.

3. During the July 1, 2025 videoconference, Plaintiffs' counsel stated that their witness list might be subject to change. I asked Plaintiffs to provide their final witness list by July 8, 2025 and told Plaintiffs that it would be gamesmanship if they tried to moot a motion to strike their witnesses by amending their witness list after we filed it. I followed up on my verbal request in my **Exhibit 1** email. Plaintiffs never provided an updated witness list and never responded to my email. July 8 was not an arbitrary date. The Court's last hearing date before the August 28, 2025 Permanent Injunction hearing is August 14, 2025. To be timely, a motion heard on August 14, 2025 must be filed by July 10, 2025; thus Plaintiffs' final witness list was needed by July 8, 2025 at the latest.

4. Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' August 4, 2020 initial disclosures in this action.

5. Attached as **Exhibit 3** is a true and correct copy of Plaintiffs' November 30, 2023 amended initial disclosures in this action.

6. Attached as **Exhibit 4** is a true and correct copy of Plaintiffs' August 2, 2024 second amended initial disclosures in this action.

7. After learning that Messrs. Brandt and Rohlf started working for Plaintiffs after the lawsuit was filed and after all of the events related to the lawsuit had taken place, my partner Joseph Akrotirianakis and I conferred with Plaintiffs in advance of filing a motion to strike those two witnesses from Plaintiffs' amended initial disclosures. Attached as **Exhibit 5** is a true and correct copy of Plaintiffs' response in a July 31, 2024 email from Luca Marzorati to me and Joseph Akrotirianakis in which Plaintiffs represented that Messrs. Brandt and Rohlf's only role would be as expert witnesses after an expert disclosure. In reliance on Plaintiffs' representation, Defendants did not notice depositions of either witness. Plaintiffs never provided any expert disclosures for either witness.

8. Attached as **Exhibit 6** are excerpts from the transcript of the August 14, 2024 deposition of Carl Woog. Defendants were never notified at any point before June 26, 2025, that Mr. Woog might have relevant information about the balancing of harms or the public interest factors.

9. Attached as **Exhibit 7** is a true and correct copy of Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Anthony Vance, Ph.D. dated January 9, 2025 (Dkt. No. 509). The Court granted that motion and excluded Dr. Vance from testifying at the jury trial on grounds unrelated to the reliability of Dr. Vance's opinions (relevance).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July 2025, in Los Angeles, California.

By: */s/ Aaron S. Craig*
AARON S. CRAIG