# EXHIBIT 2

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.  4:19-cv-07123-PJH<br><br>**PLAINTIFFS WHATSAPP INC. AND FACEBOOK, INC.'S INITIAL DISCLOSURES** |

**PLAINTIFFS WHATSAPP INC. AND FACEBOOK, INC.'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs WhatsApp Inc. ("WhatsApp") and Facebook, Inc. ("Facebook," together with WhatsApp, "Plaintiffs") provide the following Initial Disclosures.

**A.    Individuals Likely to Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A)(i))**

The following list identifies individuals presently known to Plaintiffs whom Plaintiffs may use to support their claims or defenses, excluding witnesses that Plaintiffs may use solely for impeachment. Plaintiffs reserve the right to amend and supplement these disclosures based on their continuing investigation and discovery.[1]

**1. Individuals currently or formerly retained, employed, or otherwise associated with Plaintiffs, who should be contacted only through Plaintiffs' counsel:**

| **Name** | **Contact information** | **Subjects of Discoverable Information** |
|---|---|---|
| Tom Cohen | Contact only through Plaintiffs' counsel | Identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| Otto Ebeling | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Aashin Gautam | Contact only through Plaintiffs' counsel | Identification of victims of Defendants' unauthorized access and abuse of the WhatsApp service |
| Saish Gersappa | Contact only through Plaintiffs' counsel | Plaintiffs' investigation and remediation of Defendants' |

---

[1] Plaintiffs incorporate by reference into these disclosures all individuals and entities identified in the disclosures of any other party, or called as witnesses for deposition or at trial by any other party.

| **Name** | **Contact information** | **Subjects of Discoverable Information** |
|---|---|---|
| | | exploitation of vulnerability in the WhatsApp service |
| Claudiu Gheorghe | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Jesus Barcons Palau | Contact only through Plaintiffs' counsel | Plaintiffs' remediation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Drew Robinson | Contact only through Plaintiffs' counsel | Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service |
| Michael Scott | Contact only through Plaintiffs' counsel | Identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| Ke Wang | Contact only through Plaintiffs' counsel | Data collection relating to Plaintiffs' investigation of Defendants' exploitation of vulnerability in the WhatsApp service and identification of Defendants as responsible for unauthorized access and abuse of the WhatsApp service |
| YuanYuan Wang | Contact only through Plaintiffs' counsel | Plaintiffs' investigation and remediation of Defendants' exploitation of vulnerability in the WhatsApp service |

2. Other entities and individuals:

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| 365 Group LLC | 16192 Coast Highway<br>Lewes, DE 19958 | 365 Group LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Amazon Web Services, Inc. | Anthony S. Wisen<br>Law Offices of Anthony S. Wisen, PLLC<br>1752 NW Market Street, #709<br>Seattle, WA 98107<br>Phone: 206-418-8720<br>Email: tony@wisenlaw.com | Amazon Web Services, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| AT&T Mobility LLC | 1025 Lenox Park Blvd. Northeast<br>Atlanta, GA 30319 | AT&T Mobility LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Choopa, LLC | Larry Walters, Esq.<br>Walters Law Group<br>195 W Pine Ave<br>Longwood, FL 32750<br>(407) 975-9150<br>larry@firstamendment.com | Choopa, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Cogent Communications, Inc. | 2450 N St., N.W.<br>Washington, DC 20037 | Cogent Communications, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| Compass Stratagem, LLC | 2111 Cash Point Court<br>Granbury, TX 76049 | Compass Strategem, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| E-Tel Systems, LLC | 4701 Cox Road, Suite 285<br>Glen Allen, VA 23060 | E-Tel Systems, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Francisco Partners Management L.P. | Matthew G. Ball<br>Jason N. Haycock<br>K&L Gates LLP<br>Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>Telephone: +1 415 882 8200Facsimile: +1 415 882 8220 | Francisco Partners Management L.P. may have information relevant to Defendants' business, financials, their U.S. presence and activities, and their marketing and use of spyware |
| Google LLC | 2710 Gateway Oaks Drive<br>Suite 150N<br>Sacramento, California 95833 | Google LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| GreenCloudVPS JSC | 16192 Coast Highway<br>Lewes, DE 19958 | GreenCloudVPS JSC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| Josh Shaner | Joseph N. Akrotirianakis<br>Aaron S. Craig<br>King & Spalding LLP<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310<br>jakro@kslczw.com<br>acraig@kslaw.com | Mr. Shaner may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |
| Los Angeles Police Department | 200 North Spring Street<br>Suite 1900<br>Los Angeles, CA 90012 | The Los Angeles Police Department may have information relevant to the marketing and use of Defendants' spyware in California |
| Omri Lavie | Joseph N. Akrotirianakis<br>Aaron S. Craig<br>King & Spalding LLP<br>633 West Fifth Street, Suite 1700<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310<br>jakro@kslczw.com<br>acraig@kslaw.com | Mr. Lavie may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |
| PayPal, Inc. | 2211 North First Street<br>San Jose, CA 95131 | PayPal, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| PSI Network, Inc. | 24800 Chrisanta Drive<br>Suite 230<br>Mission Viejo, California 92691 | PSI Network, Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| Name | Contact information | Subjects of Discoverable Information |
|---|---|---|
| QuadraNet Enterprises LLC | 530 West 6th Street, Suite 1301 Los Angeles, CA 90014 | QuadraNet Enterprises LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| San Diego Police Department | 1401 Broadway San Diego, CA 9210 | The San Diego Police Department may have information relevant to the marketing and use of Defendants' spyware in California |
| Serverdroid LLC | 501 Silverside Road, Suite 105, Wilmington, DE 19809 | Serverdroid LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Terrence DiVittorio | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 Facsimile: (213) 443-4310 jakro@kslczw.com acraig@kslaw.com | Mr. DiVittorio may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service, their U.S. presence and activities, and their marketing and use of spyware |
| Verisign Inc. | 12061 Bluemont Way Reston, VA 20190 | Verisign Inc. may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |

| **Name** | **Contact information** | **Subjects of Discoverable Information** |
|---|---|---|
| Vultr Holdings, LLC | 14 Cliffwood Ave, Suite 300 Metropark South Matawan, NJ 07747 | Vultr Holdings, LLC may have information relevant to Defendants' unauthorized access and abuse of the WhatsApp service |
| Westbridge Technologies Inc. | Joseph N. Akrotirianakis Aaron S. Craig King & Spalding LLP 633 West Fifth Street, Suite 1700 Los Angeles, CA 90071 Telephone: (213) 443-4355 Facsimile: (213) 443-4310 jakro@kslczw.com acraig@kslaw.com | Westbridge Technologies Inc. may have information relevant to Defendants' business, financials, and marketing, as well as Defendants' U.S. presence and activities |

The foregoing disclosures do not include expert witnesses, who may be identified at a later date in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order.

**B.     Documents, Electronically Stored Information, and Tangible Things (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The following list describes by category and location those documents, data compilations, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support their claims, excluding documents, data compilations and tangible things that Plaintiffs may use solely for impeachment.

| **Category** | **Location** |
|---|---|
| Logs of WhatsApp signal servers and relay servers | Available through Plaintiffs' counsel |

7

PLAINTIFFS' INITIAL DISCLOSURES
CASE NO. 4:19-CV-07123-PJH

| | |
|---|---|
| Documents relating to the manner in which the exploitation and unauthorized access and abuse functioned | Available through Plaintiffs' counsel |
| Documents relating to remediation of the exploitation | Available through Plaintiffs' counsel |
| Documents relating to the identification of Defendants as responsible for the unauthorized access and abuse of the WhatsApp service | Available through Plaintiffs' counsel |
| Documents relating to identification of victims | Available through Plaintiffs' counsel |
| WhatsApp Terms of Service | Available through Plaintiffs' counsel and publicly available |

Plaintiffs reserve the right to rely on all documents produced during the course of this litigation by other parties to the litigation and/or by any third parties. Plaintiffs' investigation regarding the facts and circumstances of this case is ongoing, and Plaintiffs will supplement these disclosures based on their continuing investigations and discovery under the Federal Rules of Civil Procedure and Orders of this Court.

**C.      Computation of each category of damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Plaintiffs disclose the following computation of damages arising from Defendants' conduct:

1.      Estimated minimum compensatory damages to date of approximately $1 million, including for identification and remediation of Defendants' wrongful use of Plaintiffs' source code, servers, and computers, as well as Defendants' development and exploitation of the vulnerability used in the attacks alleged in the complaint. These estimates include, but are not limited to, employee time expended on these activities, the average cost of those employees' time, attorneys' fees incurred in connection with these activities, and other related fees and expenditures. Because Defendants' activities are continuing and ongoing, Plaintiffs reserve the right to seek damages related to the investigation and remediation of any attacks identified as the case continues.

      2.      Continuing damages to Plaintiffs' reputation and goodwill in an amount to be determined at trial based on expert testimony.

      3.      Damages based on disgorgement of unjust enrichment obtained by Defendants through the wrongful and unfair acts alleged in the complaint, including disgorgement of all of Defendants' profits derived from their deliberate, knowing, and premeditated violations of Plaintiffs' terms of service, as well as from Defendants' unlawful and uncompensated use of Plaintiffs' services and computers. Plaintiffs state that the documents necessary to calculate these damages are in the possession of Defendants. Based on public news reports, however, Defendants charge their clients $650,000 to target ten devices, and, without the benefit of discovery, Plaintiffs have identified approximately 1,400 devices that were targeted in May 2019. Plaintiffs intend to seek disgorgement of all profits Defendants derived from their unlawful activity.

      4.      Punitive and exemplary damages necessary to deter Defendants' malicious, oppressive, and fraudulent misconduct, in an amount to be determined at trial.

      5.      Plaintiffs also reserve their right to seek recovery of attorneys' fees and costs, and pre-and post-judgment interest. Such fees, costs, and interest are continually being incurred and cannot reasonably be calculated at this time.

Plaintiffs' damages calculations are only preliminary estimates and are subject to supplementation and revision, including by expert testimony as appropriate. Plaintiffs will make additional disclosure regarding their damages at the time specified by the Court for expert discovery.

Plaintiffs reserve their right to supplement their response to this category as necessary and appropriate.

| | | |
|---|---|---|
| 1 | Dated: August 4, 2020 | DAVIS POLK & WARDWELL LLP |
| 2 | | |
| 3 | | By: /s/ Micah G. Block |
| | | Micah G. Block (SBN 270712) |
| | | DAVIS POLK & WARDWELL LLP |
| 4 | | 1600 El Camino Real |
| 5 | | Menlo Park, California 94025 |
| | | Telephone: (650) 752-2000 |
| 6 | | Facsimile: (650) 752-2111 |
| | | Email: micah.block@davispolk.com |
| 7 | | |
| 8 | | Greg D. Andres |
| | | Antonio J. Perez-Marques |
| 9 | | Craig T. Cagney |
| | | (admitted *pro hac vice*) |
| 10 | | DAVIS POLK & WARDWELL LLP |
| | | 450 Lexington Avenue |
| 11 | | New York, New York 10017 |
| 12 | | Telephone: (212) 450-4000 |
| | | Facsimile: (212) 701-5800 |
| 13 | | Email: greg.andres@davispolk.com |
| | | antonio.perez@davispolk.com |
| 14 | | craig.cagney@davispolk.com |
| 15 | | *Attorneys for Plaintiffs WhatsApp Inc. and Facebook, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I caused copies of:

PLAINTIFFS' INITIAL DISCLOSURES

to be served on:

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Email:  jakro@kslaw.com
acraig@kslaw.com

*Attorneys for Defendants*

<u>VIA ELECTRONIC MAIL & U.S. MAIL</u>

*/s/ Felicia Yu*
Felicia Yu