```
1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     jakro@kslaw.com
2  AARON S. CRAIG (Bar No. 204741)
     acraig@kslaw.com
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**<br><br>Date:    August 7, 2025<br>Time:    1:30 PM<br>Place:   Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

I.   **INTRODUCTION**

Plaintiffs' motion to strike (Dkt. No. 765, "Mot.") the updated, replacement opposition brief submitted by Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively, "NSO") is a waste of judicial resources. Because Plaintiffs prematurely filed their motion for permanent injunctive relief, the parties briefed that motion on a factual record that is now stale. Updated briefing in light of the more complete evidentiary record is plainly needed. So, the only meaningful question is whether the Court should disregard NSO's opposition—and instead have the parties file updated briefs following the August 28, 2025, evidentiary hearing—or direct Plaintiffs to make any reply to NSO's opposition (as Plaintiffs alternatively request and as NSO has already offered) before the hearing. Judicial economy, fairness, and common sense all point toward the latter: The Court should grant Plaintiffs' unopposed request (at 4) for "leave to file a reply by August 7, 2025" and be done with this misguided motion.

II.   **BACKGROUND**

Plaintiffs put the cart before the horse in moving for a permanent injunction in February—months before any requisite evidentiary hearing could be held. (*See* Dkt. No. 558.) Although the parties briefed Plaintiffs' motion at that time based on declarations and snippets of deposition testimony (*see* Dkt. Nos. 605, 637), the Court advised the parties that it was "likely to follow its general practice of hearing such motions after trial" (Dkt. No. 577 at 2). After trial, the Court agreed "there needs to be an argument," and advised it would "set aside four hours" for a hearing that "may be evidentiary in nature." (Dkt. No. 765-3 (Trial Tr.) at 1380:11–18; Akrotirianakis Decl. Exh. 1 at 1399:17–18.) That hearing has now been reset for August 28, 2025. (Dkt. No. 768.)

Meanwhile, "[i]n light of subsequent events, including the jury trial and the Court's related evidentiary and procedural rulings," NSO revised its opposition brief to make it more useful to the Court by (1) deleting a now-obsolete argument as to the necessity of a trial or evidentiary hearing, (2) reordering the remaining arguments, and (3) updating the brief's evidentiary bases. (Dkt. No. 760 at 1.) NSO expressed "no objection to Plaintiffs filing a revised reply." (*Id.* at 1 n.1.) But because NSO did not seek leave before filing its updated, replacement brief, Plaintiffs moved to

strike that brief as an "additional memorand[um]" to NSO's earlier (and now replaced) opposition and alternatively sought "leave to file a reply . . . by August 7, 2025." Mot. at 2.

### III.   ARGUMENT

Plaintiffs' contention that the Court should strike NSO's updated opposition brief under Local Rule 7-3(d) overlooks three dispositive considerations. Rule 7-3(d) does not encompass the circumstances giving rise to NSO's replacement brief here, the filing of which has caused no prejudice and the necessity of which was caused by Plaintiffs' own doing. Even if Rule 7-3(d) did apply, the Court could and should construe NSO's replacement brief as a request for leave to file that brief. And in all events, judicial economy and fairness militate against striking NSO's brief; if the Court were inclined to grant Plaintiffs' motion it should instead grant Plaintiffs' alternative (and unopposed) request to file a revised reply.

*First*, this case does not present the sort of circumstance where Rule 7-3(d) applies. Rule 7-3(d)'s prohibition against filing "additional memoranda" without the Court's leave is plainly designed to prevent parties from extending a briefing sequence by *adding* further briefs that respond to the other party's most recent brief, thereby prejudicing that other party. None of that happened here. Rather than add a fourth brief to the briefing sequence, NSO's updated opposition merely "replace[d] [its] previous filings," as is set forth in the very first paragraph of the replacement opposition. (Dkt. No. 760 at 1.) Nor did that brief purport to respond to any arguments made in Plaintiffs' reply brief; all it did was update NSO's original opposition "[i]n light of" the intervening "jury trial and the Court's related evidentiary and procedural rulings." (*Id.*) Accordingly, Plaintiffs face no prejudice—a point they do not dispute—as they still have ample time to submit their own revised reply well ahead of the August 25 evidentiary hearing.

Indeed, Plaintiffs ignore that NSO's replacement brief was a practical necessity given that Plaintiffs' own motion for permanent injunctive relief was massively premature. Plaintiffs jumped the gun in filing that motion months *before* any trial or evidentiary hearing, thereby forcing NSO to brief it opposition to that motion, over its objection, based on an evidentiary record that everyone knew would soon become stale. As NSO explained, the "remaining injunction briefing" needed to be postponed so that the motion could be briefed based on an appropriate evidentiary record.

1  (Dkt. No. 560 at 4.)  Plaintiffs cite no authority holding that Rule 7-3(d) applies in the
2  circumstances where replacement briefs were needed to ensure the parties' briefing was based on
3  the appropriate evidentiary record.
4    *Second*, even if these unique circumstances fell within the ambit of Rule 7-3(d), the Court
5  should construe NSO's opposition brief as a request for leave to file that brief.  *See*, *e.g.*, Order at
6  2, *Khan v. Payton*, No. 5:20-cv-03086-BLF, ECF 101 (N.D. Cal. Sept. 25, 2024) ("Plaintiff did
7  not first request leave of Court . . . .  As such, the Court will construe the motion as one for leave
8  to do so . . . .").  This would be consistent with the practice in this Circuit of construing filings so
9  as not to "elevate form over substance."  *Linder v. Bridge*, 2015 WL 1778608, at *3 (N.D. Cal.
10 Apr. 17, 2015) ("the Court will construe the motion [for leave to file untimely brief] as proper
11 under the rules and consider the merits of [the] request"); *accord*, *e.g.*, Order at 2, *Tessera, Inc. v.*
12 *Toshiba Corp.*, No. 15-cv-02543-BLF, ECF 228 (N.D. Cal. Oct. 26, 2016) (same); *Victor v. R.C.*
13 *Bigelow, Inc.*, 2015 WL 4104609, at *2 n.1 (N.D. Cal. July 7, 2015) ("I construe Victor's motion
14 for leave to amend the complaint as a motion to modify the scheduling order"); *Killgore v. SpecPro*
15 *Prof'l Servs., LLC*, 2024 WL 557712, at *2 (N.D. Cal. Feb. 12, 2024) (same for "'motions to
16 substitute experts after the deadline'") (citation omitted).
17   There is no meaningful dispute that the parties should be allowed to file replacement
18 opposition and reply briefs to reflect the now-updated and more complete evidentiary record.
19 While Plaintiffs originally asserted the Court should decide their motion based "exclusively on
20 undisputed facts from the summary judgment record" (Dkt. No. 637 at 2), the Court rejected that
21 assumption, agreeing that in light of the trial "there needs to be an argument" on Plaintiffs' motion
22 (Dkt. No. 765-3 (Trial Tr.) at 1379:12–1380:18), for which the Court "set aside four hours"
23 (Akrotirianakis Decl. Exh. 1 at 1399:17–18).  Accordingly, the evidentiary record on which the
24 parties previously *briefed* Plaintiffs' motion is not the evidentiary record on which the Court will
25 *decide* that motion, and it would be unfair to both parties (and the Court) not to have updated
26 briefing.
27   These are precisely the sort of circumstances where Local Rule 7-3(d) would allow further
28 briefing.  As the Ninth Circuit has explained, that rule "recognize[s] the potential inequities that

might flow from the injection of new matter" after a party has already briefed a motion. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018).  Where new matter arises, courts should mitigate "any unfairness" by "granting the objecting party leave to [respond] to the new matter." *Id.* at 1172.  This Court therefore should mitigate any unfairness here by allowing the parties to file updated briefs, based on the appropriate evidentiary record.

*Finally*, the Court can separately deny Plaintiffs' motion because they undisputedly face no prejudice (as the parties agree Plaintiffs should be allowed to file their own revised reply, and Plaintiffs will likely have *over seven weeks* to prepare a reply).  Courts in this District—including Plaintiffs' own authorities—"decline[ ] to strike" pleadings that do not "cause prejudice." *Kamakahi v. Am. Soc'y for Reproductive Med.*, 2014 WL 7183629, at *2–3 (N.D. Cal. Dec. 15, 2014) (considering sur-reply "filed sixty-three days after Plaintiffs' reply" that "improperly contains arguments addressing the substances of Plaintiffs' class certification motion" because "any such prejudice has been cured" and allowing the brief was "simply a matter of fairness"); *see also*, *e.g.*, *Cisco Sys., Inc. v. Dexon Comput., Inc.*, 2023 WL 6466384, at *3 (N.D. Cal. Oct. 3, 2023) (exercising "discretion to review the parties' unsanctioned supplemental filings" to ensure "a complete record" on plaintiff's injunction request); *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 954 (N.D. Cal. 2015) (considering improper sur-reply that was "helpful to the Court's analysis" because the moving party was granted "permission to file a response to the sur-reply").

Plaintiffs' authority *Cisco* is instructive here.  After the *Cisco* plaintiff "filed a revised proposed injunction," the defendant "filed a response to that revised proposal," and the plaintiff included "new material and arguments" relevant to its injunction request in its motion to strike defendant's request.  2023 WL 6466384 at *2–3.  Although he viewed the latter two filings as "unsanctioned supplemental filings," Judge Breyer nevertheless considered both of them because defendant's response "was [defendant's] first opportunity to respond to" the revised injunction proposal, and because plaintiff's "'reasonable response'" facilitated "a complete record" on the injunction request.  *Id.*  So too here:  To ensure a "complete record" on Plaintiffs' injunction motion, the Court should allow replacement filings that reflect the now-updated evidentiary record.

All of Plaintiffs' remaining authorities are readily distinguishable.  Indeed, to the extent

those courts explained why they would not exercise their discretion to consider an unauthorized filing, none involved the unique circumstances here, where the underlying motion was filed prematurely and was briefed on an outdated and incomplete evidentiary record and there would be no prejudice to allowing updated briefing by both parties.  *See*, *e.g.*, *Stemcell Techs. Can. Inc. v. StemExpress, LLC*, 2022 WL 17259040, at *1 (N.D. Cal. Nov. 29, 2022) ("Stemcell's failure to identify controlling authority [in its original briefing] is not a good reason for a further round of lengthy briefing"); *Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018) (new brief was "redundant, and unnecessary to decide Apple's motion to dismiss"); *Mendoza v. Aguilar*, 2018 WL 10424867, at *1 n.1 (N.D. Cal. Mar. 20, 2018) (striking surreply because "it does not add any relevant, new material that was not already argued in plaintiff's opposition").

## IV.   CONCLUSION

NSO respectfully requests that the Court deny Plaintiffs' motion, while granting Plaintiffs' alternative request for leave to file a revised reply by August 7, 2025.

DATED: July 9, 2025

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED