Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE NSO'S SUPPLEMENTAL BRIEF**<br><br>Judge:  Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should strike NSO's unauthorized opposition to Plaintiffs' fully briefed motion for a permanent injunction. Civil Local Rule 7-3(d) prohibits NSO from filing its revised opposition without the Court's approval, which NSO neither sought nor received. Rule 7-3(d) does not contain, as NSO contends, any exception for "unique circumstances" or "replacement briefs." Nor does Rule 7-3(d) permit NSO to avoid its requirements by unilaterally determining that the factual record is "stale." Rule 7-3(d) is straightforward. NSO was required to seek leave to file its revised opposition brief. It did not. Therefore, the Court should grant Plaintiffs' motion to strike.

Alternatively, if the Court decides not to strike NSO's improper submission, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a reply to NSO's revised opposition brief by August 7, 2025, a request which NSO does not oppose.

**ARGUMENT**

The Court should strike NSO's revised opposition brief under Civil Local Rule 7-3(d). *See* Dkt. No. 765. Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." N.D. Cal. Civ. L.R. 7-3(d). NSO was required to—but did not—seek the Court's approval to file an additional brief after Plaintiffs filed their reply on March 25, 2025. *See* Dkt. No. 765 at 2. Moreover, NSO's revised opposition brief operates as an unauthorized sur-reply by raising arguments NSO never raised in its original opposition, thereby depriving Plaintiffs of an opportunity to respond. *See id.* NSO's claims to the contrary are meritless.

*First*, NSO claims—without any support—that Civil Local Rule 7-3(d) does not apply to its revised opposition brief. *See* Dkt. No. 772 at 2–3. Not so. The plain language of Rule 7-3(d) requires "prior Court approval" before filing "additional memoranda"—like NSO's improper opposition—after "a reply is filed." N.D. Cal. Civ. L.R. 7-3(d); *see also Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2047553, at *3–4 (N.D. Cal. May 2, 2018) (striking "new opposition brief" where underlying motion "was already fully briefed"). NSO does not claim that Rule 7-3(d)'s two exceptions to seeking Court approval apply. *See* N.D. Cal. Civ. L.R. 7-3(d)(1)–(2). And contrary to NSO's argument, Rule 7-3(d) provides no exception for "unique circumstances," nor does NSO cite authority for one. *See* Dkt. No. 772 at 1–2. If NSO believed "unique circumstances" or "subsequent events," *id.*, warranted

1

renewed briefing on Plaintiffs' motion, it could have conferred with Plaintiffs on a briefing schedule, or made these arguments in a motion for leave to file its revised opposition. NSO did not do so.

*Second*, NSO's arguments about fairness, Dkt. No. 772 at 3–4, miss the mark. As explained above, Civil Local Rule 7-3(d) does not allow parties to file additional briefs without the Court's permission simply because one party, here NSO, claims that "it would be unfair . . . not to have updated briefing." Dkt. No. 772 at 3. NSO offers no explanation for why the *non-moving party* should be permitted to file an unannounced opposition brief. NSO's resort to self-help upsets any possibility of an orderly briefing schedule. None of the cases NSO cites support its position that it should be allowed to file an unauthorized revised opposition brief with respect to a fully briefed motion. For instance, NSO relies on *Tessera* for the proposition that its opposition brief should be construed as a request for leave, but NSO ignores that the *Tessera* court still struck the "unauthorized" brief under Civil Local Rule 6-3(d), which similarly grants "the Court, not the parties, discretion to determine if additional briefing is necessary." Order at 1, *Tessera, Inc. v. Toshiba Corp.*, No. 15-cv-02543-BLF (N.D. Cal. Oct. 26, 2016), ECF No. 228 ("[T]he Court did not consider [defendant's] unauthorized reply brief, and now STRIKES it . . . ."). NSO's citation to a case agreeing to consider an opposition brief filed days after the deadline likewise has no relevance here. *See Linder v. Bridge*, 2015 WL 1778608, at *1 (N.D. Cal. Apr. 17, 2015). NSO did file a timely opposition brief on March 14, 2025, Dkt. No. 605, and now seeks to file an improper sur-reply nearly three months later.

*Finally*, NSO's claim that it is excused from violating Civil Local Rule 7-3(d) because Plaintiffs were not prejudiced is wrong. Civil Local Rule 7-3(d) does not require Plaintiffs to show that they were prejudiced by NSO's revised opposition brief. Rule 7-3(d) requires only that NSO seek leave to file its brief, which it did not. NSO's opposition fails to acknowledge that its revised opposition raises new arguments in response to Plaintiffs' reply. This includes arguments about whether Plaintiffs have incurred the requisite injury to seek an injunction against the collection of WhatsApp messages stored on the devices of WhatsApp's users. *See* Dkt. No. 765 at 3. NSO offers only a conclusory denial that "all it did was update NSO's original opposition" and that the evidentiary record was "stale." Dkt. No. 772 at 2. "[T]here can be no finality to litigation if parties submit new filings whenever they think of something new to say." *Stemcell Techs. Canada Inc. v. StemExpress,*

2

*LLC*, 2022 WL 17259040, at *1 (N.D. Cal. Nov. 29, 2022) (striking sur-reply filed without leave). If the Court does not strike NSO's brief, Plaintiffs respectfully request the opportunity to reply to NSO's revised opposition brief by August 7, 2025. NSO does not object to Plaintiffs filing a revised reply. *See* Dkt. No. 760 at 1 n.1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to strike NSO's improper supplemental brief, or, in the alternative, grant Plaintiffs leave to file a reply by August 7, 2025.

Dated: July 17, 2025

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Greg D. Andres*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
     (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road, Suite 200
    Redwood City, California 94063
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs*
    *WhatsApp LLC and Meta Platforms, Inc.*