# EXHIBIT D

**Pages 1 - 158**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Phyllis J. Hamilton, Judge

WHATSAPP, INC. and FACEBOOK,   )
INC.,                            )
                               )
        Plaintiffs,     )
                               )
  VS.                  )     **NO. 4:19-CV-07123-PJH**
                               )
NSO GROUP TECHNOLOGIES     )
LIMITED, et al.,           )
                               )
        Defendants.     )
                               )

Oakland, California
Wednesday, April 10, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
        DAVIS, POLK AND WARDWELL, LLP
        450 Lexington Avenue
        New York, NY 10017
   BY: **GREG D. ANDRES**
       **ANTONIO J. PEREZ-MARQUES**
       **LUCA E. MARZORATI**
       **GINA M. CORA**
       **ATTORNEYS AT LAW**

        DAVIS, POLK & WARDWELL, LLP
        900 Middlefield Road, Suite 200
        Redwood City, CA 94063
   BY: **MICAH G. BLOCK**
       **ATTORNEY AT LAW**

(Appearances continued on following page.)

REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
                    Official United States Reporter

1    **THE COURT:**  And those are pretty much arguing the

2    case, as well.

3    **MR. ANDRES:**  Yeah, fair enough.  Thank you.

4    **THE COURT:**  So I think it will be clear after we get

5    through this, and we'll issue an order pretty quickly.  I made

6    up my mind on a lot of this stuff.  I do need your input on

7    some things today.  But we'll get something out quickly so that

8    you'll have time to prepare.

9    **MR. ANDRES:**  One other procedural question if we're

10   going to move into the substance, Your Honor.

11        I understand there are not going to be any sidebars.  I

12   also understood that there are no filings that are allowed to

13   be made during the course of the trial without leave of the

14   Court.  So I just wanted to get that on the record, too, so

15   that all the parties are aware of that.

16   **THE COURT:**  I think that's in my pretrial order, isn't

17   it?

18   **MR. ANDRES:**  Okay.  Great.  Yes, thank you.

19   **THE COURT:**  Yeah, yeah.  The first patent trial I ever

20   had, every morning I came in, the fax machine, for those --

21   I've been on this Court 34 years.  But for those of you who

22   know what fax machines are, it was full of filings, motions

23   overnight, and that's impossible to do when you're in trial.

24        Okay.  All right.  Now, let's get to the heart of the case

25   here, and I've really been struggling with this for the last

1    couple of weeks since I received your papers.

2        Okay.  Now, I don't generally entertain argument on each

3    and every motion in limine.  Those I just decide.  But I do

4    entertain argument on those about which I have questions.

5        Now, there's a considerable amount of overlap in this case

6    on issues arising in the motions in limine, in the jury

7    instructions and with the motions pertaining to the experts.

8    So a lot of the issues, once they're decided, will have impact

9    on various different aspects of the trial.  So I'd like to

10   start first with the discussion of what I have identified as

11   some of the overarching issues that arise.

12       Now, I find it really curious that in your motions in

13   limine by and large both sides raise the same objections to the

14   other side's evidence, that the evidence is irrelevant to

15   damages, that the evidence, if admitted, would be unduly

16   prejudicial or confusing to the jury, and the big one, that no

17   discovery has been provided.  That's one of the big issues in

18   this case.

19       I have -- well, and in addition to those, the similarity

20   in the arguments made by both sides to your motions, it does

21   pretty much appear to me that the -- both sides are also sort

22   of doing an end run around the liability determination that the

23   Court has found.  I'm going to point that out as we go through

24   them, and I'm not going to permit that.

25       The defense position appears to be pretty much that

1  everything they want to come in is relative to defending

2  against punitive damages, and the plaintiff, everything it

3  wants to come in pretty much is relevant to prosecuting its

4  punitive damages case, and you all have both, I think, sort of

5  overreached on that issue.

6      So with that said, I also admit that in 34 years on this

7  Court I've just not had the occasion to proceed to trial in a

8  case in which so much discovery has been withheld by either

9  side for whatever reason.  I mean, there are -- there are good

10 reasons.  The defense much more than the plaintiffs, but in

11 some of the motions there are allegations that the plaintiffs

12 withheld discovery, as well.  I think primarily dealing with

13 citizen -- citizen labs, but I'm not -- not entirely sure about

14 that.

15     But -- and I don't recall ever having a trial in which a

16 party has withheld evidence that has not been fully vetted by

17 the other side.  Indeed, I mean, it's a hallmark of federal

18 litigation that discovery is generous and flexible.

19     So I'm really sort of flummoxed by the defense position

20 primarily on how this case should be tried given the evidence

21 that has been -- that has not been shared with the plaintiff.

22     So let's start with what should be the impact?  What is

23 the correct impact to the defense primarily of withholding

24 discovery on how the case will be presented.

25     Okay.  So here are some thoughts that I have on it.

1    In the motion for summary judgment plaintiffs sought

2    terminating sanctions or in the alternative evidentiary

3    sanctions for failure to produce a number of things, including

4    but not limited to the use of Pegasus by NSO customers.  Okay?

5    Right?

6    Now, that seems to violate an earlier discovery order

7    issued by me in February of last year, where the Court, because

8    the identity of the customers, of the NSO customers, was being

9    withheld, the Court ruled specifically that the specific

10   identity of NSO's clients didn't need to be provided; that is,

11   you know, the names of a law enforcement agency or a

12   governmental entity, but that order also made it very clear

13   that the plaintiff was entitled to discover information about

14   what actions were taken is by the specific third parties.

15   Now, I expected that that information would be provided

16   perhaps by using a pseudonym or a code of some sort to specify

17   the identity, but exactly what that customer did, what actions

18   they engaged in vis-a-vis this incursion -- is that the correct

19   word?  Intrusion?  Incursion?  You don't want to use the word

20   hack, right?

21       **MR. ANDRES:**  Well, actually, all three of those words

22   apply.  I think hack applies, as well.

23   But obviously the statutory language is exceeding

24   authority.  But it's an intrusion, it's a hack.  It's all of

25   those things, Your Honor.

1    There are other issues obviously.  There are jury

2   instructions and the verdict form, and all of those will once

3   again depend upon ultimately how I'm going to frame the scope

4   of this trial in ruling on the motions in limine.  So I'll just

5   tell you with regard to the jury instructions I will expect you

6   all to meet and confer.  There aren't that many.  I mean,

7   defendant proposed eight of them and the plaintiff proposed 13.

8   Do I have that right?  Thirteen and eight?  You'll have to meet

9   and confer based upon whatever my rulings are on the motions in

10  limine and revise those, as well as probably the verdict form,

11  but we'll give you some instructions if we keep the trial on

12  track.  I'll take into account everything that you all have

13  said on it, and thank you.  I think we're at the end unless

14  there are any questions.

15          **MR. ANDRES:**  No, thank you, Your Honor.

16          **THE COURT:**  All right.  We're adjourned.

17      (Proceedings concluded at 2:37 p.m.)

18                    **CERTIFICATE OF REPORTER**

19          I certify that the foregoing is a correct transcript

20  from the record of proceedings in the above-entitled matter.

21  DATE:  Monday, April 14, 2025

22

23

24  _____

25      Stephen W. Franklin, RMR, CRR, CPE
        Official Reporter, U.S. District Court