UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER DENYING MOTIONS TO STRIKE**<br><br>Re: Dkt. 765, 770 |

Before the court are two motions to strike: (1) plaintiffs' motion to strike defendants' revised opposition to plaintiffs' motion for permanent injunction, and (2) defendants' motion to strike witnesses from plaintiffs' witness list.  See Dkt. 765, 770.

As to (1), defendants do not oppose plaintiffs' alternative requested relief, that plaintiffs be permitted to file a revised reply brief in support of their motion for permanent injunction.  See Dkt. 772 at 2.  While the court laments the parties' inability and/or unwillingness to agree on even the smallest of matters, as well as the unnecessary motion practice created as a result, the court does find that updated briefs would be helpful in deciding the motion for permanent injunction.  Accordingly, plaintiffs' motion to strike is DENIED, but the court GRANTS the alternative relief of permitting plaintiffs to file a revised reply brief in support of their motion for permanent injunction, to be filed no later than **August 7, 2025**.

As to (2), defendants initially sought to strike all five witnesses on plaintiffs' witness list.  However, plaintiffs subsequently represented that they no longer intend to call Chris Rohlf as a witness, leaving only four witnesses that are challenged by defendants.

1   Defendants argue that three of the witnesses (Lander Brandt, Andrew Blaich, and Carl

2   Woog) were not properly disclosed, and that the fourth witness (Anthony Vance) should

3   be stricken under Daubert.

4        As an initial matter, plaintiffs argue that Vance's testimony is offered to rebut the

5   testimony of defendants' expert, Joshua Minkler.  The court concludes that defendants'

6   Daubert-related arguments are not entirely applicable, as there is no risk of misleading a

7   jury at the upcoming evidentiary hearing.  Accordingly, defendants' motion to strike

8   Anthony Vance as a witness is DENIED.

9        Turning next to Carl Woog, defendants acknowledge that he was designated as

10  plaintiffs' corporate representative under Federal Rule of Civil Procedure 30(b)(6), but

11  argue that he was not properly disclosed as a fact witness under Rule 26 and was not

12  deposed on topics beyond those noticed under Rule 30(b)(6).  See Dkt. 770 at 11-12.

13  Plaintiffs, in turn, argue that Woog will testify regarding "plaintiffs' understanding of the

14  identity of the victims of NSO's May 2019 attack," in order to rebut the assertion that

15  NSO's technology targets only "terrorists and criminals."  See Dkt. 776 at 14.

16  Defendants' reply argues that any testimony on those topics would be inadmissible

17  hearsay, as well as contrary to the court's prior rulings on the discoverability of evidence

18  of the identities of the alleged victims.  See Dkt. 779 at 15.

19       Through the course of the briefing, defendants' argument regarding Woog has

20  shifted – starting as an argument to strike him as undisclosed, but now consisting of an

21  argument to strike him based on the subject matter of his testimony.  As such,

22  defendants' motion to strike Woog due to non-disclosure must be DENIED.

23       To the extent that defendants complain about inadmissible hearsay, those

24  objections can be properly raised if any such hearsay testimony is elicited – it would be

25  premature to entirely exclude Woog's testimony based on the hearsay argument.

26  However, the court does find merit in defendants' argument that the court previously

27  limited discovery into the alleged victims' identities, and that consistency requires that

28  such limitations still be followed.  Again, it would be premature to preemptively exclude

United States District Court
Northern District of California

2

Woog's testimony entirely, but the court does take this opportunity to make plaintiffs aware that it will limit testimony into the topic of the alleged victims' identities.

That leaves two remaining witnesses challenged by defendants: Lander Brandt and Andrew Blaich.  Defendants argue that Blaich was not disclosed in any Rule 26 disclosure, and that Brandt was initially disclosed before trial but was withdrawn with the representation that plaintiffs did not intend to rely on his testimony as a fact witness.  See Dkt. 770 at 11-12.

Plaintiffs argue that they did not see any need to rely on these witnesses' testimony until (1) "NSO expanded the factual record" with its opposition brief, and (2) "the court agreed with NSO that an evidentiary hearing was necessary."  See Dkt. 776 at 5.  Plaintiffs further represent that they will produce any previously-unproduced evidence three weeks before the evidentiary hearing.  See id. at 13-14.  Defendants object to the introduction of any new evidence.  See Dkt. 779 at 6.

The court does not agree with plaintiffs' premise that either the filing of NSO's opposition brief or the setting of an evidentiary hearing constituted 'changed circumstances' that justified non-adherence to the disclosure requirements of Rule 26.  However, the court does acknowledge that plaintiffs bear the burden of showing that monetary remedies are inadequate, that the risk of ongoing harm is a way to satisfy that burden, that such risk must be evaluated at the time that the court considers injunctive relief, and that previous disclosures may have become stale by that time.  Indeed, in this case, plaintiffs represent that the engineers listed on their initial disclosures as having information on this topic are no longer employed by plaintiffs.  See Dkt. 776 at 13, n.3.

The court also acknowledges that, when it set the evidentiary hearing and directed the parties to submit witness lists, it was not clear in stating that the parties were or were not necessarily bound by their previous witness disclosures.

Because the court has an interest in ensuring that the factual record is as complete as reasonably possible, and because any prejudice to defendants will likely be mitigated by the fact that defendants' counsel can cross-examine the witnesses live,

3

outside the presence of a jury, the court will not, at this point, strike Brandt and Blaich as witnesses.  Instead, the court will allow defendants to take the depositions of Brandt and Blaich either before or after the hearing, and if necessary, defendants may supplement their briefing and/or evidentiary submissions.  Accordingly, defendants' motion to strike Brandt and Blaich as witnesses is DENIED.

**IT IS SO ORDERED.**

Dated:  August 1, 2025

_____/s/ Phyllis J. Hamilton_____
PHYLLIS J. HAMILTON
United States District Judge