UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

                Plaintiffs,

     v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

                Defendants.

Case No. 19-cv-07123-PJH

**ORDER RE VARIOUS MOTIONS TO
SEAL**

Re: Dkt. 382, 386, 410, 426, 676, 677

Before the court are a number of motions to seal filed by the parties. See, e.g., Dkt. 382, 386, 410, 426, 676, 677. This order will resolve a number of the pending motions, and will contain further instructions to the parties as to how to resolve the remaining sealing motions.

**DISCUSSION**

A.    Legal Standard

There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

When a request to seal documents is made in connection with a motion, the court must determine whether the parties are required to overcome that presumption with "compelling reasons" or with "good cause." A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case"—regardless

of whether that motion is "technically 'dispositive'"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "That the records are connected to a Daubert motion does not, on its own, conclusively resolve the issue." In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig., 686 F.3d 1115, 1119 (9th Cir. 2012). For example, the "compelling reasons" standard applies where the "judicial records at issue were filed 'in connection' with pending summary judgment motions." Id. at 1120 (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999)).

"Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a 'compelling reason' is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." Ctr. for Auto Safety, 809 F.3d at 1096–97 (internal quotation marks and citations omitted).

B.    Analysis

      1.    Defendants' second omnibus sealing motion (Dkt. 677)

As set forth in the court's previous omnibus sealing order (Dkt. 633), the parties initially sought to seal far more material than was warranted, under this district's Civil Local Rule 79-5 and relevant Ninth Circuit precedent, in connection with the parties' motions for summary judgment and plaintiffs' motion for sanctions. The court largely denied the parties' sealing requests, especially to the extent they sought to seal entire documents rather than redacting truly sensitive information. See Dkt. 633. However, the court did allow limited redactions of personally identifiable information (including phone numbers), names of non-testifying employees, and source code. See id. at 4. Importantly, the court made clear that the parties had already been given the chance to

United States District Court
Northern District of California

narrow their sealing requests through the filing of the first set of omnibus motions, and thus, the court would issue up-or-down rulings on the sealing requests as filed.  See id.

However, after defendants filed a self-styled "emergency" motion asking the court to reconsider and stay its sealing order, the court did allow defendants to file a second omnibus motion, which is now before the court.  The court reasoned that the primary goal of sealing in this case was to prevent the dissemination of personally identifiable information of individuals unaffiliated with either party, and the court did not want to punish those individuals for the actions of counsel.  See Dkt. 665 at 2.  The court thus allowed defendants to re-file narrowed sealing requests covering (1) redactions of non-testifying employee names and email addresses, and (2) redactions of references to foreign proceedings.  See id. at 4.

Defendants also sought another attempt to seal technical and/or export-controlled documents.  See Dkt. 665 at 3.  The court noted that it was "disinclined" to allow further sealing under that rationale, but would nevertheless allow defendants to present one or two illustrative documents at the pretrial conference to best present their case for sealing the technical documents.  See id. at 3-4.

The court has now considered the arguments made in defendants' second omnibus sealing motion and at the pretrial conference, and GRANTS in part and DENIES in part defendants' second omnibus sealing motion (Dkt. 677).  As to the arguments raised in the motion itself, regarding (1) personally identifiable information of employees and (2) information pertaining to sealed foreign proceedings, the motion is GRANTED.  But as to the arguments raised in defendants' motion to stay the sealing order, regarding defendants' technical documents and/or export-controlled documents, the motion to seal is DENIED.

As explained in the court's prior order, the information contained in the technical documents has already been put in the public record through the unsealing of the summary judgment briefs and the briefs for the expert-related motions.  See Dkt. 633 at 8.  Moreover, in opposing plaintiffs' motion for permanent injunction, defendants have

United States District Court
Northern District of California

1    argued that the installation vectors used in this case "existed for only short periods of

2    time" and were last in use over five years ago.  See Dkt. 759-2 at 19.  The court fails to

3    see how such outdated technical documents need to be sealed.  The documents shown

4    at the pretrial conference did not persuade the court that the material should be sealed.

5    See Dkt. 429, Ex. 38, 39; see also Dkt.

6        Moreover, the court has not sealed any corresponding technical documents of

7    plaintiffs, and indeed, squarely rejected plaintiffs' argument to seal any documents under

8    the "sensitive business information" rationale.  See Dkt. 633 at 5.

9        The court further notes that even the 'unredacted' versions of the technical

10    documents still have redactions based on export control laws, and those redactions are

11    unaffected by this order.  Also, as before, defendants will still be permitted to redact

12    source code from documents for which sealing has been denied.

13        Defendants shall have three weeks from the date of this order to re-file the

14    technical documents on the public docket.

15        2.    Other motions to seal

16        Before the filing of the omnibus motions, the parties filed four additional motions to

17    seal, relating to discovery dispute filings.  See Dkt. 382, 386, 410, 426.  Those sealing

18    motions are governed by the "good cause" standard, and under that standard, those four

19    sealing motions are GRANTED, with the exception of Dkt. 426, which is DENIED to the

20    extent it seeks to seal portions of plaintiffs' opposition to defendants' motion for

21    clarification (Dkt. 426-3).  As has been the court's practice with other briefs filed in this

22    case, the motion to seal is denied and the unredacted brief must be filed on the public

23    docket.

24        The parties have also filed a large number of sealing motions after the omnibus

25    motions were first filed.  By the court's count, approximately forty (40) additional sealing

26    motions remain pending.

27        Many of the pending motions relate to the parties' various expert-related motions,

28    including Daubert motions and motions to strike.  See Dkt. 487, 490, 502, 503, 504, 507,

4

United States District Court
Northern District of California

1   508, 511, 513, 524, 530, 546, 572, 608, 609, 612, 616, 619, 620, 623, 625, 629, 630,

2   640, 642, 648, 651, 652.  For each of those sealing motions, the motion to seal is

3   DENIED as to the briefs (i.e. opening, opposition, and reply briefs), and with respect to

4   the exhibits, the parties are directed to re-file a single, joint omnibus sealing motion, with

5   sealing requests narrowly tailored in the same way as approved by the court in its first

6   omnibus sealing order.  In other words, the parties are permitted to redact (1) personally

7   identifiable information (names, addresses/IP addresses, phone numbers, email

8   addresses, or financial information) of non-parties, (2) discussions of foreign court

9   proceedings, and (3) source code.

10      The court reaches the same conclusion with respect to the other pretrial materials

11  filed by the parties, namely, their motions in limine and trial briefs.  See Dkt. 592, 596,

12  597, 644.  The motions to seal are DENIED to the extent that they seek to seal any

13  briefs.  The parties shall file the briefs on the public docket, and to the extent they seek

14  the sealing of any exhibits, they shall include those materials in the forthcoming joint

15  omnibus sealing motion.

16      The court also reaches the same conclusion with respect to the materials filed in

17  connection with plaintiffs' motion for permanent injunction.  See Dkt. 557, 604, 759.  The

18  sealing motions are DENIED as to the briefs, and to the extent the parties seek to redact

19  any portions of exhibits, those exhibits should be included in the forthcoming joint

20  omnibus sealing motion.  The motion to seal the ancillary brief regarding the briefing and

21  hearing dates on the motion (Dkt. 568) is DENIED.

22      The parties' motions to seal admitted trial exhibits are GRANTED.  See Dkt. 740.

23  And the two motions to seal filed in connection with defendants' motion to strike

24  witnesses (Dkt. 769, 778) are GRANTED.

25      3.      Miscellaneous motions

26      Finally, there are two pending motions to remove incorrectly filed documents (Dkt.

27  531, 634), both of which are GRANTED.

28

**CONCLUSION**

As set forth above, the motions to seal (Dkt. 487, 490, 502, 503, 504, 507, 508, 511, 513, 524, 530, 546, 557, 568, 572, 592, 596, 597, 604, 608, 609, 612, 616, 619, 620, 623, 625, 629, 630, 640, 642, 644, 648, 651, 652, 759) are GRANTED in part and DENIED in part, with the exceptions of Dkt. 382, 386, 410, 426, 740, 769, and 778, which are GRANTED.  The parties are directed to re-file the briefs for which sealing was denied on the public docket, no later than **August 22, 2025**.

The parties are further directed to file a single, joint omnibus motion to seal, consistent with this order, no later than **September 5, 2025**.

The motions to remove incorrectly filed documents (Dkt. 531, 634) are GRANTED.

**IT IS SO ORDERED.**

Dated:  August 11, 2025

_____/s/ *Phyllis J. Hamilton*_____
PHYLLIS J. HAMILTON
United States District Judge