1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
     *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
     *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
4   Los Angeles, CA 90071
    Telephone:    (213) 443-4355
5   Facsimile:    (213) 443-4310

6   Attorneys for Defendants
    NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11

12   WHATSAPP INC., a Delaware corporation,        Case No. 4:19-cv-07123-PJH
     and FACEBOOK, INC., a Delaware
13   corporation,                                  **DEFENDANTS' OBJECTIONS TO
                                                   REPLY EVIDENCE [L.R. 7-3(d)]**
14                    Plaintiffs,
                                                   Date:   August 28, 2025
15          v.                                     Time:   10 a.m.
                                                   Place:  Courtroom 3, Ronald V. Dellums
16   NSO GROUP TECHNOLOGIES LIMITED                        Federal Building & U.S. Courthouse,
     and Q CYBER TECHNOLOGIES LIMITED,                     1301 Clay Street, Oakland, California
17
                      Defendants.                  Action Filed: 10/29/2019
18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civ. L.R. 7-3(d)(1), Defendants object to evidence submitted with and described in Plaintiffs' Revised Reply Brief in Support of Motion for Permanent Injunction (Dkt. No. 782).

## BACKGROUND

On June 26, 2025, Plaintiffs disclosed their witnesses for the August 28 hearing on their motion for a permanent injunction. (Dkt. 767.)  NSO moved to strike those witnesses—including Woog, Brandt, and Blaich—as improperly disclosed or entirely undisclosed. (Dkts. 770, 779.)  The Court concluded that Woog could testify subject to certain restrictions and that Plaintiffs' failure to disclose Brandt and Blaich violated Rule 26. (Dkt. 781 at 2-3.)  The Court did not preclude these witnesses outright, but it: (1) instructed Plaintiffs to file a reply by August 7; (2) memorialized Plaintiffs' assurances that they would produce Brandt's and Blaich's documents by that date; and (3) ordered Brandt and Blaich to appear for deposition before or after the August 28 hearing. (*Id.* at 3-4.)  The Court also granted NSO leave to supplement its briefing and evidence after the hearing.

Plaintiffs filed their revised reply brief (Dkt. No. 782), but without any substantive declarations from Woog, Brandt, or Blaich.  Instead, Plaintiffs' lawyers provide argument summarizing the purpose for which each witness will be called at the upcoming hearing. (*Id.* at 5-6, 11 n.6.)  Plaintiffs' counsel asserts that Woog will supposedly "rebut" arguments regarding the classification of Pegasus as a law enforcement tool. (*Id.* at 11 n.6.)  Plaintiffs' counsel argues that Brandt, a security engineer *for Meta*, will opine regarding technical aspects of Pegasus, a suite of *NSO-owned technologies*. (*Id.* at 5.)  This will include Brandt's undisclosed opinions, based on (still) undisclosed materials, that NSO must still be accessing the WhatsApp application. (*Id.*)  Finally, Plaintiffs' counsel argues that Blaich, a "Security Espionage Investigator," will testify regarding (still) undisclosed "evidence" Plaintiffs have purportedly gathered regarding NSO's research and development activities. (*Id.* at 5-6.)  Blaich did submit a short declaration, but it merely attaches three screenshots gathered from unidentified Facebook accounts in 2023 and 2024 through what appears to be Meta's surveillance of its own users. (Dkt. No. 782-1 at ¶¶ 5-7.)  Neither Plaintiffs' counsel nor Blaich himself explain how these screenshots relate to NSO's purported research and development activities.  Moreover, two of the three screenshots are supposedly taken from videos, but neither video file has been produced. Despite Plaintiffs' representations to the

Court, they did not produce any documents from Brandt or Blaich or comply with Plaintiffs' disclosure obligations under Rule 26(a)(2)(B)-(C).

## OBJECTIONS

**I.    Plaintiffs' Reply "Evidence" Is Inadmissible and Cannot Support Their Motion**

Plaintiffs' burden is to submit evidence sufficient to support their motion for an injunction *before* any hearing on that motion. Under Local Rule 7-5(a), "[f]actual contentions made in support of … any motion must be supported by an affidavit or declaration and by appropriate references to the record."[1] Plaintiffs, however, have not satisfied that burden. Their revised reply contains no substantive declarations from Woog, Brandt, or Blaich to support the factual assertions in the reply. Instead, Plaintiffs' *counsel* vaguely summarizes what those witnesses *might* testify to at a hearing. Such "unverified descriptions" of evidence are not admissible or sufficient to support Plaintiffs' motion. *E.g.*, *Interface, Inc. v. J & J Indus., Inc.*, 2013 WL 5945336, at *2 (N.D. Ga. Nov. 5, 2013).

It is entirely improper and unfair for Plaintiffs to sandbag NSO at the hearing with new evidence that Plaintiffs have never previously produced or identified. Rule 26(a)(1) required Plaintiffs to identify all documents that they may use to support their claims. Plaintiffs' most recent 26(a)(1) disclosures make no reference to any set of documents that may support their claims of ongoing harm. (Dkt. No. 771-4 at 8-9.)[2] Nor do those disclosures reference any of the technical analyses, investigation documents, or related communications about which Brandt and Blaich intend to testify. (*Id.*) Indeed, Plaintiffs *still* have not produced the video files from which the screenshots attached to Blaich's declaration supposedly came. Accordingly, NSO had no ability to seek or examine those materials in discovery, and Plaintiffs should not be permitted to introduce related witness testimony now. Fed. R. Civ. P. 37(c)(1); *cf.* Dkt. No. 686 at 3-4 (precluding NSO from presenting testimony on topics on which it could not produce documents, thus supposedly depriving Plaintiffs of "a meaningful opportunity to review evidence"). Even if Plaintiffs had produced their new evidence, they did not reference *any* of it in their motion, despite the Court's

---

[1] Moreover, a permanent injunction may issue only based on admissible evidence. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995).

[2] Plaintiffs also agreed to produce all non-privileged documents that they might use (Dkt. No. 448-1, Ex. A at Response to Request No. 231), but did not produce any of their "new" evidence.

1   ruling that their need for such evidence should have been clear at the time. (Dkt. No. 781 at 3.)

2   Plaintiffs cannot support their motion by asserting "new facts" for the first time in their "reply

3   brief." *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (Hamilton, J.).

4   Moreover, any "[e]videntiary matters" on which Plaintiffs intend to rely "must be

5   appropriately authenticated by an affidavit or declaration." Civ. L.R. 7-5(a). Yet Plaintiffs do not

6   submit *any* affidavit or declaration from Brandt, and Blaich's declaration is entirely inadequate to

7   establish the relevance, foundation, or authenticity of the evidence attached to it.

8   ***Relevance***. None of Plaintiffs' new evidence has anything to do with the conduct for which

9   NSO was held liable in this case. The Court defined the scope of this litigation as versions of

10  Pegasus "targeting or directed at WhatsApp servers, or using WhatsApp in any way to access Target

11  Devices" between April 2018 and May 2020. (Dkt. 292 at 3.) The Court found that such versions

12  of Pegasus violated the law because they obtained "information about the target users' device *via*

13  *the WhatsApp servers*" as part of the "fingerprinting" process during installation. (Dkt. No. 494 at

14  12 (emphasis added).) That is the only conduct that could even theoretically support an injunction.

15  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009).

16  Plaintiffs' new evidence is irrelevant because it does not reflect *any* unlawful conduct, much

17  less the conduct for which NSO was found liable. Plaintiffs have never claimed that the mere

18  collection of WhatsApp messages (without any use of WhatsApp servers) is illegal, nor did the

19  Court grant summary judgment on any such theory. Accordingly, the Court cannot enjoin such

20  conduct, rendering irrelevant Brandt's testimony that current versions of Pegasus, which *are not*

21  *installed through WhatsApp's serve*rs, can be used by NSO's customers to collect WhatsApp

22  messages. Blaich's purported testimony likewise includes no suggestion that the links described

23  by Plaintiffs' counsel involve any use of WhatsApp's servers. Indeed, similar "one-click" versions

24  of Pegasus were disclosed to Plaintiffs in discovery, but Plaintiffs *never* challenged those versions.

25  In fact, Plaintiffs' damages expert *excluded* "one-click Pegasus" from her disgorgement

26  calculations *because* Plaintiffs never alleged that those versions violated CFAA or CDAFA. (Dkt.

27  No. 506-2 at ¶¶ 95-98, 105.) Nor did Plaintiffs seek or receive summary judgment on "one-click"

28  versions of Pegasus. Because Plaintiffs have never before challenged "one-click" versions of

DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE                    Case No. 4:19-cv-07123-PJH

Pegasus, and there has been no finding that those versions of Pegasus violate the law, Plaintiffs cannot receive an injunction based on those versions, and evidence about them is irrelevant.[3]

*Foundation and Authenticity*. Even assuming Plaintiffs new evidence was relevant, Plaintiffs do not lay an adequate foundation for it, establish its authenticity, or explain how it would be admissible. As noted, Plaintiffs submitted *no* declaration or other evidence to substantiate Woog's and Brandt's supposed testimony. And while Blaich did submit a declaration along with the three screenshots, his declaration is utterly insufficient to establish the admissibility of his testimony or those screenshots. *First*, Blaich provides no foundation or basis for authenticating the screenshots. Fed. R. Civ. P. 901(a). He does not identify the Facebook accounts involved or provide any other information establishing the screenshots' authenticity. *Second*, the screenshots appear to be inadmissible hearsay. While Blaich implies that the Meta database containing the screenshots constitutes "business records," he does not lay an adequate foundation for that claim, and Plaintiffs themselves make no such argument. Nor do Plaintiffs explain whether third-party screenshots (or underlying videos) *contained within those supposed business records* could be used to prove the truth of some matter asserted, what fact they make more or less probable, or how so. If offered to proof the truth of a matter, the screenshots or videos would be "second-level" hearsay even if Meta's records of them were not. *See* 7 Handbook of Fed. Evid. § 803:6 (9th ed.).

For all these reasons, Plaintiffs have not satisfied their burden under Local Rule 7-5(a) to submit sufficient evidence to support their motion. The Court should not permit Plaintiffs to continue to sandbag NSO by submitting still *more* new evidence *at the hearing*, when NSO has had no prior notice of that evidence or opportunity to investigate it.

## II.    Plaintiffs Should Be Prohibited from Introducing Undisclosed Expert Testimony

In addition, Brand and Blaich are both expert witnesses whom Plaintiffs should have, but did not, disclose under Rule 26(a)(2). Rule 26 requires disclosure of even non-retained experts employed by a party, who must "provide a written report" or at least a disclosure of the subject

---

[3] Blaich's purported testimony that NSO employees use Facebook and Instagram to conduct research and development is also irrelevant. So are the three screenshots attached to his declaration. (*See* Dkt. No. 782-1, Exhs. A–C.) Those screenshots reflect no violation of any law, and certainly no violation asserted by Plaintiffs in this case.

matter of the witness's testimony and a summary of the facts and opinions to be offered.  Fed. R. Civ. P. 26(a)(2)(B)-(C).  That rule plainly applies to Brand and Blaich, both of whom (according to Plaintiffs) will offer opinion testimony based on claimed technical and specialized knowledge. (Dkt. No. 782 at 5-6.)  Brandt will supposedly opine, based on his experience as a Meta security engineer, that NSO's current Pegasus products "must" access the WhatsApp application to collect messages and that it "would need to" inject code into the application.  (*Id.*)  Blaich will supposedly opine that NSO employees use Facebook and Instagram for testing and development purposes, based on his interpretation of unproduced and undisclosed "evidence that Plaintiffs have gathered."  (*Id.*)

Indeed, the Court already held that Plaintiffs' failure to disclose Brandt and Blaich violated Rule 26.  (Dkt. No. 781 at 3.)  The Court excused that failure because it believed it could mitigate the prejudice to NSO by requiring Plaintiffs to file their revised reply (presumably with evidence and witness statements attached), by memorializing Plaintiffs' promise to "produce any previously-unproduced evidence three weeks before the evidentiary hearing," and by allowing NSO to question the witnesses with those documents at the hearing and/or in deposition.  (*Id.*) Plaintiffs, however, failed to comply with the Court's mitigation safeguards.  Plaintiffs provided no substantive witness statements and failed to produce Brandt's and Blaich's documents, despite their assurances to the Court.  Of the three documents attached to the reply, two are screenshots from unproduced videos, and the third is an indiscernibly blurry photo with no apparent relevance to the case.  All of this has hampered NSO's ability to depose or cross-examine Brandt and Blaich.  Plaintiffs' failure to disclose these experts and refusal to produce either witness' documents has also prevented NSO's own experts from meaningfully rebutting these new opinions.  The Court should thus now exclude testimony and evidence from Plaintiffs' undisclosed experts.  Fed. R. Civ. P. 37(c)(1).

## CONCLUSION

The Court should sustain NSO's objections and exclude the testimony of Blaich and Brandt, the exhibits attached to the Blaich declaration, and any other new and undisclosed evidence.

Dated: August 14, 2025

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

5