Greg D. Andres
Antonio J. Perez-Marques
Gina Cora
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         gina.cora@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and METdA PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE**<br><br>Date:   August 28, 2025<br>Time:   10:00 am<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

Pursuant to the Court's August 18, 2025 Order, Dkt. No. 786, Plaintiffs submit the following response to NSO's objections to reply evidence, Dkt. No. 785.

I. **NSO Lacks Any Valid Basis to Object to Plaintiffs' Evidence**

Plaintiffs intend to call Andrew Blaich, Lander Brandt, and Carl Woog as witnesses at the forthcoming hearing on Plaintiffs' motion for a permanent injunction. On August 7, 2025, Plaintiffs provided NSO with new, previously unproduced evidence that they intend to introduce during Mr. Blaich's testimony. See Dkt. No. 782-1, Exs. A–C.[1] Plaintiffs do not intend to introduce any previously unproduced evidence during Mr. Brandt or Mr. Woog's direct examinations. Pursuant to the Court's August 1, 2025 Order, Plaintiffs have made Mr. Blaich and Mr. Brandt available for deposition either before or after the August 28, 2025 hearing. See Dkt. No. 781 at 3–4. Plaintiffs have therefore complied with the three requirements imposed by the Court: filing a reply brief by August 7, 2025, producing undisclosed documents by that date, and offering Mr. Blaich and Mr. Brandt for a deposition before or after the hearing. See Dkt. No. 785 at 1 (summarizing Court's requirements).

In its objection, NSO repeatedly claims that Plaintiffs were required to file "substantive declarations" from their witnesses. *Id*. at 1, 2. NSO cites no authority requiring Plaintiffs to provide detailed previews of their witnesses' testimony, and the Court has not ordered the filing of any such declarations. Moreover, NSO cites no precedent for applying Local Rule 7-5(a) in this unique context, where the Court had already agreed to hear live testimony before Plaintiffs filed their revised reply brief, and additionally allowed NSO to depose Mr. Blaich and Mr. Brandt. Unlike most cases, where "[n]o oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge," N.D. Cal. L.R. 7-6, here Plaintiffs filed their reply brief after disclosing their list of live witnesses for the hearing. Having successfully petitioned the Court to hear oral testimony, NSO cannot now demand that Plaintiffs preview their evidence in written form.[2]

---

[1] Mr. Blaich's declaration included two screenshots from videos showing recent NSO testing activity on Plaintiffs' Platforms. In response to a request from NSO's counsel, Plaintiffs have agreed to attempt to locate the underlying video files. Plaintiffs will not rely on any form of evidence at the August 28, 2025 hearing that has not previously been produced to NSO.

[2] The one out-of-circuit case that NSO cites discusses the evidentiary requirements for a preliminary injunction in the absence of a hearing, and thus has no application here. *See Interface, Inc. v. J & J Indus., Inc.*, 2013 WL 5945336, at *2 (N.D. Ga. Nov. 5, 2013).

NSO's complaints of "sandbagging" ignore the facts. Mr. Blaich will testify about ongoing activity on Plaintiffs' Platforms connected to NSO, and Mr. Brandt will testify about the collection of WhatsApp messages—two topics on which NSO has intimate knowledge. Moreover, NSO has not taken any steps to schedule the depositions of Mr. Blaich or Mr. Brandt in the three weeks since the Court allowed these depositions to take place. NSO had the chance to learn about the substance of Mr. Blaich and Mr. Brandt's testimony at the August 28, 2025 hearing, but has declined. Indeed, the willingness of Mr. Blaich and Mr. Brandt to answer questions about their testimony stands in stark contrast to NSO's own witnesses. In opposing Plaintiffs' motion for a permanent injunction, NSO submitted a short declaration from Tamir Gazneli, its Vice President, Research and Development, but refused to attach any evidence substantiating Mr. Gazneli's assertions, previously refused to allow Mr. Gazneli to answer deposition questions about the subject of his declaration, and refused to make Mr. Gazneli available for cross-examination.

NSO's specific objections fare no better, and can be addressed at the forthcoming hearing.

***Relevance***. Evidence of NSO's ongoing activity on Plaintiffs' Platforms is relevant to whether Plaintiffs face irreparable injury in the absence of a permanent injunction. As the Court recently stated, "the risk of ongoing harm is a way to satisfy" the irreparable injury requirement, and "such risk must be evaluated at the time that the court considers injunctive relief." Dkt. No. 781 at 4. Mr. Blaich and Mr. Brandt both will testify about the ongoing harm that Plaintiffs face from NSO's continued access to Plaintiffs' Platforms. *See* Dkt. No. 782 at 2–3.

NSO asserts that evidence is only relevant if it relates to "the conduct for which NSO was held liable in the case." Dkt. No. 785 at 3. Not so. As Plaintiffs explain in their reply brief, the permanent injunction can cover acts that have not been explicitly found to be unlawful. *See* Dkt. No. 782 at 12. For that reason, evidence related to NSO's current methods to collection WhatsApp messages, and ongoing testing activity across Plaintiffs' Platforms, supports the provisions of Plaintiffs' requested permanent injunction, and is relevant. NSO will have the opportunity to argue otherwise at the August 28, 2025 hearing, and the absence of the jury minimizes any risk that the ultimate outcome will be influenced by irrelevant testimony.

***Foundation and authenticity***.  Mr. Blaich will provide the necessary foundation and authenticate the evidence that Plaintiffs intend to introduce at the hearing.  NSO's objection is therefore premature.

## II. Mr. Blaich and Mr. Brandt Will Not Offer Expert Testimony

Neither Mr. Blaich nor Mr. Brandt are being tendered as expert witnesses.  Both individuals are currently employed by Plaintiffs, and will testify about aspects of Plaintiffs' technology based on their own personal, particularized knowledge and experience relating to their employment with Plaintiffs.  Mr. Brandt will describe the high-level structure of the WhatsApp client application, and the ways that attackers like NSO can collect WhatsApp messages with respect to client applications.  Mr. Blaich, a security engineer and threat investigator, will describe Plaintiffs' more recent investigative work into NSO, which has revealed recent attacker and testing activity conducted by NSO-linked accounts on Facebook, Instagram, and WhatsApp.  NSO can question Mr. Brandt and Mr. Blaich about their methodologies during depositions or cross-examination.

Courts routinely allow employees to testify about general aspects of their own business that they learn about in the course of their work without being qualified as experts.  *See Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020).  "[C]ourts have continued to allow lay opinion testimony based upon particularized knowledge obtained by virtue of the witness's position in the business."  *In re Google AdWords Litig.*, 2012 WL 28068, at *4 (N.D. Cal. Jan. 5, 2012), *rev'd on other grounds sub nom. Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 2009 WL 230039, at *10 (N.D. Cal. Jan. 27, 2009) (allowing lay opinion testimony from engineer describing the products that he has built, despite the fact that testimony draws on technical knowledge), *aff'd*, 645 F.3d 1336 (Fed. Cir. 2011).

## CONCLUSION

The Court should overrule NSO's objections, and allow Mr. Blaich and Mr. Brandt to testify at the August 28, 2025 hearing on Plaintiffs' motion for a permanent injunction.

Dated: August 21, 2025

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ *Antonio J. Perez-Marques*
    Greg D. Andres
    Antonio J. Perez-Marques
    Gina Cora
    Craig T. Cagney
    Luca Marzorati
     (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email: greg.andres@davispolk.com
          antonio.perez@davispolk.com
          gina.cora@davispolk.com
          craig.cagney@davispolk.com
          luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road, Suite 200
    Redwood City, California 94063
    Telephone: (650) 752-2000
    Facsimile: (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs*
    *WhatsApp LLC and Meta Platforms, Inc.*

4

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE
CASE NO. 4:19-CV-07123-PJH