Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         gina.cora@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC, and<br>META PLATFORMS INC.,<br><br>                   Plaintiffs,<br><br>       v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                   Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' OPPOSITION TO MOTION OF THIRD PARTIES WESTBRIDGE TECHNOLOGIES, JOSH SHANER, AND TERRENCE DIVITTORIO FOR CLARIFICATION**<br><br>Date:    November 7, 2024<br>Time:    1:30 p.m.<br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:  October 29, 2019 |

1. Plaintiffs respectfully request that the Court deny the "motion for clarification" (the "Motion") brought by Westbridge Technologies, Josh Shaner, and Terrence DiVittorio (the "NSO Affiliates"). Dkt. No. 404. First, this Court's September 27, 2024 Order (the "Order") plainly stated that "the deadline for both parties to file discovery-related motions under Civil Local Rule 37-3 shall be extended to **October 2, 2024**." Dkt. No. 394 at 1–2. Nothing in the Order excludes discovery-related motions against nonparties, and nothing about it requires clarification. Second, in substance the NSO Affiliates' motion seeks reconsideration—not clarification—of the Order, but it does not satisfy the heightened standard for granting a motion for reconsideration. Third, the Court should not credit the NSO Affiliates' claims of burden, as Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("NSO") are paying for at least Mr. Shaner and Mr. DiVittorio's lawyers, and overseeing the NSO Affiliates' document review and production. Finally, the Motion relies on incorrect statements about the discovery dispute involving Westbridge. *See* Dkt. No. 404 at 1–2. For example, the NSO Affiliates claimed in the Motion that all the email communications between NSO and Westbridge "have been produced." *Id.* at 2. But five days after filing the Motion, NSO (which apparently possesses Westbridge's emails) produced 43 documents, including emails among NSO and Westbridge employees that were not previously produced and are damaging to NSO's defenses. *See* Decl. of Micah G. Block in Supp. of Pls.' Opp. to Mot. for Clarification ("Block Decl.") ¶¶ 6–7. The Motion should therefore be denied, and the joint discovery letter addressing Westbridge's discovery deficiencies should be resolved on the merits.

## POINTS AND AUTHORITIES

The Federal Rules of Civil Procedure permit a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Padgett v. Loventhal*, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015). No such need exists here.

*First*, clarification is unnecessary because the Court's Order was clear when it extended the deadline for "both parties to file discovery-related motions under Civil Local Rule 37-3." Dkt. No. 394 at 2. The relevant portion of Civil Local Rule 37-3 states that "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off." Civil L.R. 37-3. Nothing in the Civil Local Rule or the Court's Order excludes discovery-related motions against nonparties. The Order encompasses disputes related to nonparties; it does not carve out nonparties. And it therefore does not need to be clarified. *See Lee v. City of San Jose*, 2024 WL 3748360, at *2 (N.D. Cal. Aug. 9, 2024) (applying deadline in Civil Local Rule 37-3 to plaintiff's motion seeking deposition testimony from nonparty).

The NSO Affiliates argue that the Court extended the deadline only for the parties to "file discovery motions against each other, not against third parties." Dkt. No. 404 at 1. In support of this argument, the NSO Affiliates rely on the portion of the Court's Order finding "good cause" to extend the deadline because an extension would "allow the parties to fully evaluate the opposing party's productions." Dkt. No. 394 at 1. But the Court gave other reasons in support of extending the deadline—for instance, an extension would also allow the parties to "meet and confer to narrow disputes wherever possible." *Id*. Moreover, the Court did not purport to identify all of the reasons why there was good cause for an extension in its two-page order.

In addition, Plaintiffs' motion to enlarge time and NSO's opposition to that motion both encompassed the discovery dispute with Westbridge. For instance, Plaintiffs' motion to enlarge time noted that "[a]fter the close of fact discovery, on September 15, 2024, Defendants' counsel also produced documents on behalf of Westbridge," and that discovery-related motions may be necessary "[i]n light of these productions." Dkt. No. 388 at 2. In response, NSO's opposition extensively described the discovery dispute related to Westbridge. Dkt. No. 391 at 3–4. This history belies the NSO Affiliates' argument that Plaintiffs' motion to enlarge time sought relief *only* for party-related disputes. *See* Dkt. No. 404 at 1.

*Second*, to the extent the motion for "clarification" seeks reconsideration, it does so improperly, and that relief is unwarranted. Parties seeking reconsideration of a scheduling order must not

only obtain leave of Court, but must also identify (1) "a material difference in fact or law that in exercising reasonable diligence, the party did not know of at the time of the order," (2) "the emergence of new material facts or change of law after the time of the order"; or (3) the Court's "manifest failure" to consider material facts or dispositive legal arguments presented to the Court. *See* Civil L.R. 7-9. No such circumstance applies here. In fact, the Order's rationale applies with equal force to a discovery-related motion against Westbridge as it does to a discovery-related motion against NSO. Westbridge was NSO's U.S. sales arm. It is central to this litigation, and it has resisted discovery. *See* Dkt. No. 409 at 1–4. Just as the Order contemplated, Plaintiffs used the additional time it provided to confer with Westbridge and narrow the dispute before presenting it to the Court. *See* Block. Decl. ¶¶ 4–5.

*Third*, the NSO Affiliates' pleas of burden do not justify changing the Order, and in any event are overstated. *See* Dkt. No. 404 at 2. To start, the burden argument is irrelevant to whether the Order requires clarification or reconsideration (which it does not, *see supra*). Even if it were relevant, however, the NSO Affiliates' purported burden could not justify the protections they seek. To start, Plaintiffs are only seeking additional document discovery from Westbridge, not from Mr. DiVittorio and Mr. Shaner. And King & Spalding stated that NSO now administers Westbridge email accounts, Block Decl. ¶ 2, so no additional burden would fall on the NSO Affiliates to identify relevant documents. Moreover, NSO pays for its lawyers from King & Spalding to also represent at least Mr. DiVittorio and Mr. Shaner. *See* Block Decl., Ex. B (Shaner Dep. Tr.) at 332:18–20; *id.*, Ex. C (DiVittorio Dep. Tr.) at 20:19–21:13. In addition to funding its litigation expenses now, it also appears that NSO controlled Westbridge's operational funding at all relevant times—for example, NSO's CEO testified that he later made the decision to shut Westbridge down by cutting its funding off, which further shows the absence of meaningful burden on a nonparty. *See* Dkt. No. 418-5, Ex. 9 (Shohat Dep. Tr.) at 95:8–96:3.[1] To the extent the Court considers the NSO Affiliates' burden argument at all, any burden must be compared to the importance of the discovery sought. Here, the discovery is

---

[1] Indeed, the record establishes that Westbridge was an alter ego of NSO, as Plaintiffs have shown in their opposition to NSO's motion for summary judgment. *See* Dkt. No. 418-3 at 15–16.

3

important to central issues in the case, including personal jurisdiction, which NSO is trying to challenge on summary judgment. *See* Dkt. No. 396-2 at 8–18. Hence the importance of the discovery outweighs any purported burden on the NSO Affiliates.

*Finally*, the Court should not credit the NSO Affiliates' assertion that "the discovery motion Plaintiffs seek to file against Westbridge would be futile" because of Westbridge's earlier productions. Dkt. No. 404 at 2. That is not only irrelevant to whether the Order requires clarification, but also demonstrably wrong. Westbridge admitted (during the meet-and-confer process that the Court's Order enabled) that it possesses relevant documents that have not been produced, and those documents are responsive to Plaintiffs' subpoena. *See* Dkt. No. 409 at 2; Block Decl. ¶ 5. Thus, the NSO Affiliates assertion that Westbridge had "produced all documents in its possession that it agreed to provide in response to the subpoena" is false. Dkt. No. 404 at 2. Counsel for NSO and the NSO Affiliates also incorrectly assert that "Defendants and Westbridge communicated with each other via email very infrequently, **but when they did, those emails have been produced**, and Plaintiffs used some of them at the depositions of the Third Parties." *Id*. (emphasis added). Just five days after making this assertion, **NSO produced 43 documents, including emails among NSO and Westbridge employees that had not been previously produced.** Block Decl. ¶ 6. For instance, NSO produced 21 emails between NSO and Mr. DiVittorio, and 19 emails between NSO and Mr. Shaner. *Id*. In those emails, Mr. DiVittorio and Mr. Shaner were using email accounts linked to NSO, not Westbridge, providing additional evidence of the connection between NSO and Westbridge. In addition, NSO produced a price quote from Westbridge, accompanied by a cover letter from Mr. DiVittorio, detailing the terms on which Westbridge offered its Phantom Spyware product. *See* Block Decl., Ex. A. None of these documents were previously produced. Block Decl. ¶¶ 6–7. Neither NSO nor Westbridge has explained the provenance of these documents, how they were selected for production, how their production can be reconciled with the NSO Affiliates' assertions that they had already produced all emails between NSO and Westbridge, or why they were not produced before fact discovery ended, and indeed before Mr. DiVittorio's and Mr. Shaner's depositions.

PLAINTIFFS' OPPOSITION TO MOTION FOR CLARIFICATION
CASE NO. 4:19-cv-07123-PJH

# CONCLUSION

For the reasons stated above, the Court should deny the NSO Affiliates' motion for clarification, and rule that the joint letter on the deficiencies within Westbridge's document production was timely filed.

Dated:  October 16, 2024

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ Micah G. Block
Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Gina Cora
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  greg.andres@davispolk.com
            antonio.perez@davispolk.com
            craig.cagney@davispolk.com
            gina.cora@davispolk.com
            luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*