1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
   Telephone:  (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12 | WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
|---|---|
| Plaintiffs, | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | Date: August 28, 2025<br>Time: 10 a.m.<br>Place: Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California |
| Defendants. | Action Filed: 10/29/2019 |

Pursuant to Civil Local Rule 7-11, Defendants respectfully submit this Administrative Motion for leave to file a short, three-page reply brief addressing certain points raised in Plaintiffs' Response to Defendants' Objections to Reply Evidence (Dkt. No. 787). A copy of Defendants' proposed reply is attached hereto as Exhibit A.[1]

Defendants filed their objections to evidence submitted with and described in Plaintiffs' Revised Reply Brief in Support of Motion for Permanent Injunction (Dkt. No. 782) (the "Revised Reply Brief") on August 14, 2025 (Dkt. No. 785). Among other things, Defendants objected to Plaintiffs' offering of certain evidence referenced in Plaintiffs' Revised Reply Brief at the forthcoming August 28, 2025, hearing on Plaintiffs' Motion for Permanent Injunction. (Dkt. No. 785.) This includes the live testimony of previously undisclosed witnesses including Andrew Blaich, the undisclosed expert opinions of Blaich and Lander Brandt, and three hearsay photographs attached to the Blaich declaration.

In the attached proposed Reply to Plaintiffs' Response to Defendants' Objections to Reply Evidence, Defendants set forth that contrary to Plaintiffs' representations to the Court, Plaintiffs necessarily do intend to rely on evidence that has not been produced to NSO, because Plaintiffs have not produced *any* evidence underlying the testimony of either Blaich or Brandt (apart from three blurry photographs). The Court's proposed remedy of allowing Defendants to depose Blaich or Brandt prior to the hearing was made impossible by Plaintiffs failure to produce any documents or disclosures from either witness. For depositions after the hearing to be effective, the Court would need to reopen document discovery relevant to Blaich and Brandt's testimony and, likely, allow NSO to prepare an expert to analyze and prepare a rebuttal opinion. The Response also explains that the exhibits to Blaich's declarations are hearsay. Finally, the Response provides that Plaintiffs' new evidence is irrelevant because it relates to entirely lawful conduct unrelated to the narrow conduct for which NSO was held liable.

Accordingly, Defendants respectfully request that the Court grant them leave to file the Reply to Plaintiffs' Response to Defendants' Objections attached as Exhibit A hereto.

---

[1] Defendants have asked Plaintiffs whether they would consent to a Reply. As of the time of filing Plaintiffs have not responded; Defendants will update the Court in the event Plaintiffs do.

Dated: August 25, 2025

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG