# Exhibit A

1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
   Telephone:    (213) 443-4355
5  Facsimile:    (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12 | WHATSAPP INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
   and FACEBOOK, INC., a Delaware
13 | corporation, | **DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO REPLY EVIDENCE [L.R. 7-3(d)]** |
14 |                Plaintiffs, | |
15 |            v. | Date:  August 28, 2025 |
   | | Time:  10:00 a.m. |
16 | NSO GROUP TECHNOLOGIES LIMITED | Place: Courtroom 3, Ronald V. Dellums |
   and Q CYBER TECHNOLOGIES LIMITED, | Federal Building & U.S. Courthouse, |
17 | |          1301 Clay Street, Oakland, California |
18 |                Defendants. | |
   | | Action Filed: 10/29/2019 |
19

20

21

22

23

24

25

26

27

28

This Court found that Plaintiffs violated Rule 26 by failing to disclose witnesses and evidence they intend to spring for the first time at the permanent injunction hearing, and Plaintiffs' response to NSO's objections confirms that Plaintiffs did so in a deliberate attempt to prejudice NSO. Plaintiffs essentially admit that they are hiding the contents of "their witnesses' testimony" until the hearing.[1] (Resp. 1.) As this Court already held, that sandbagging violates Rule 26. (Dkt. 781 at 3.) It also violates Local Rule 7-5(b), which required Plaintiffs to submit *with their motion* "[t]he evidence upon which" they intended to "rely." Plaintiffs assert Local Rule 7-5 does not apply here, but they cite no authority for that argument because none exists. Local Rule 7-5(b) applies to *all* "motions, applications, petitions, orders to show cause, and *all other* proceedings *except* a trial on the merits." Civ. L.R. 7-2 (emphasis added). The Court thus must exclude Plaintiffs' new witnesses and evidence unless Plaintiffs can establish that their violations are "harmless." Fed. R. Civ. P. 37(c)(1). That is not the case here, where Plaintiffs have refused to provide the evidence and disclosures necessary to avoid prejudice to NSO.

**First**, it plainly untrue that "Plaintiffs will not rely on any form of evidence … that has not previously been produced to NSO." (Resp. 1.) The totality of Plaintiffs' new production is the three blurry screenshots attached to Blaich's declaration; Plaintiffs have made no document production since trial. But Blaich and Brandt apparently intend to testify about their investigation into and review of WhatsApp code and numerous records about supposed "activity on Plaintiffs' Platforms connected to NSO" and "collection of WhatsApp messages." (Resp. 2-3.) They therefore will seek to rely on numerous sources of information beyond three meaningless screenshots, including WhatsApp code and other documents reviewed or created during their investigations. ***None of those WhatsApp materials has been produced***, leaving NSO with no way to assess or test Brandt's and Blaich's testimony. That is a clear breach of Plaintiffs' promise, on which this Court relied, "to produce ***any*** previously-unproduced evidence." (Dkt. 781 at 3 (emphasis added).) Contrary to that promise, Plaintiffs apparently intend to present ***almost nothing but unproduced evidence***, which is grossly unfair and a violation of NSO's due process rights.

---

[1] In contrast, the testimony of Defendants' sole in-person witness, Josh Minkler, has been disclosed to Plaintiffs in his expert report.

**Second**, Brandt and Blaich are expert witnesses for whom Plaintiffs did not provide disclosures required by Rule 26.  Brandt and Blaich are not offering "lay opinion" testimony, as Plaintiffs claim.  (Resp. 3.)  Lay opinion testimony concerns, for example, a vehicle's speed or a person's level of intoxication or emotional state.  *See* Fed. R. Evid. 701, adv. comm. n. to 2000 amend.[2]  Brandt and Blaich, by contrast, are offered to testify about highly technical matters—including speculation about how NSO's technology "must" work—based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).  The cases Plaintiffs cite do not support their argument that such witnesses are not experts merely because they work for Plaintiffs.   None of those cases involved the sort of technical opinions—including opinions about *NSO's own technology and supposed conduct*—Blaich and Brandt intend to offer.[3] Such technical opinions are expert testimony even when offered by a party's employee. *United States v. Holmes*, 129 F.4th 636, 649-53 (9th Cir. 2025); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Indeed, Plaintiffs previously *admitted* that Brandt was an expert whose opinions needed to be disclosed in advance of any testimony, but then abandoned that position when it became inconvenient. (Dkt. 771-5.)

For these reasons, NSO cannot avoid prejudice by cross-examining or deposing Brandt and Blaich.  Without a substantive disclosure of their testimony and a full production of related evidence, NSO *cannot* cross-examine them or depose them before the hearing.  Even after the hearing, a deposition cannot effectively remedy the surprise and prejudice to NSO unless Plaintiffs first produce the WhatsApp code and other materials related to Brandt's and Blaich's testimony. The Court should therefore exclude Brandt, Blaich, and all unproduced evidence related to their

---

[2] Rule 701 "makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." Fed. R. Evid 701, adv. comm. n. to 2000 amend.

[3] *See Clare v. Clare*, 982 F.3d 1199, 1201-02 & n.1 (9th Cir. 2020) (permitting IT employee to testify about "the existence of a backup drive" while not disturbing exclusion of employee's "expert opinions on the outside access into [a] Microsoft Exchange account"); *In re Google AdWords Litig.*, 2012 WL 28068, at *5-6 (N.D. Cal. Jan. 5, 2012) (admitting for purposes of class certification "a factual description about how the [defendant's] pricing system works"); *Hynix Semiconductor Inc. v. Rambus Inc.*, 2009 WL 230039, at *11-12 (N.D. Cal. Jan. 27, 2009) (allowing fact testimony by inventor about preparation of patent specification because opposing party "opened the door" to it).

2

testimony under Rule 37(c)(1).  If the Court were to permit Plaintiffs to introduce that undisclosed and unproduced evidence at the hearing, the only way to remedy the prejudice to NSO would be to reopen discovery for the limited purpose of allowing NSO to seek discovery relevant to Brandt's and Blaich's testimony and to prepare one or more experts to analyze and prepare rebuttal opinions.

*Finally*, Plaintiffs offer no argument for how the screenshots attached to Blaich's declaration are not inadmissible hearsay.  (Dkt. 785 at 4.)  Nor do Plaintiffs over any valid argument for the relevance of this new "evidence."  Plaintiffs admit it relates to alleged conduct that they did not challenge in this lawsuit and has never been found unlawful.  (Resp. 2.)  They argue that lawful conduct can be enjoined, but the case they cite (Dkt. 782 at 12) *denied* such an injunction.  *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 857-58 (9th Cir. 2023).  The other authority Plaintiffs cite permits limited injunctions of lawful conduct only when necessary to prevent reoccurrence of the *specific conduct for which the Defendant was held liable.  Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 784-85 (N.D. Cal. 2017).[4]  That is not what Plaintiffs are attempting here; the conduct they seek to enjoin undisputedly has nothing whatsoever to do with the narrow conduct for which NSO was held liable—designing and licensing a version of Pegasus that exchanged information *over WhatsApp servers*.  Plaintiffs simply seek "to enjoin all possible breaches of the law," *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004), without ever satisfying their burden to challenge or prove unlawful the conduct they seek to enjoin. That is improper.[5]

## CONCLUSION

The Court should sustain NSO's objections and exclude Brandt, Blaich, and all unproduced evidence related to their testimony.

---

[4] Plaintiffs have cited *United States v. U.S. Gypsum Co.*, 340 U.S. 76, 89 (1950), but that case simply addresses when "[a]cts entirely proper when viewed alone" can, in context, violate the antitrust laws. It thus involves injunctions against *illegal conduct*.

[5] Moreover, even if it were true that collecting WhatsApp messages from target devices requires access to the WhatsApp application—and it is not true—that could not even theoretically violate CFAA or CDAFA because the WhatsApp application is not a "computer." 18 U.S.C. § 1030(e)(1). That is why Plaintiffs expressly invoke their contract claim in their reply brief on this point. (Dkt. 782 at 12.) But California law unambiguously prohibits an injunction based on a breach of contract. (Dkt. 759-2 at 23-25); Cal. Civ. Proc. Code § 526(b)(5); Cal. Civ. Code § 3423(e).

Dated: August 26, 2025                              KING & SPALDING LLP

By: *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

4