# Exhibit D

**UNREDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

1   JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (Bar No. 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
4   Los Angeles, CA 90071
    Telephone: (213) 443-4355
5   Facsimile: (213) 443-4310

6   Attorneys for Defendants NSO GROUP TECHNOLOGIES
    LIMITED and Q CYBER TECHNOLOGIES LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11  WHATSAPP INC., a Delaware corporation,      Case No. 4:19-cv-07123-PJH
    and FACEBOOK, INC., a Delaware
12  corporation,                                **DECLARATION OF TAMIR GAZNELI
                                                IN SUPPORT OF DEFENDANTS'
13              Plaintiffs,                      OPPOSITION TO PLAINTIFFS'
                                                MOTION FOR SANCTIONS**
14         v.

15  NSO GROUP TECHNOLOGIES LIMITED             **[UNREDACTED VERSION OF
    and Q CYBER TECHNOLOGIES LIMITED,         DOCUMENT SOUGHT TO BE SEALED]**
16
                Defendants.                     **HIGHLY CONFIDENTIAL –
17                                              ATTORNEYS' EYES ONLY**

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TAMIR GAZNELI                              Case No. 4:19-cv-07123-PJH

I, Tamir Gazneli, declare as follows:

1.     I am Tamir Gazneli, I have personal knowledge of the facts set forth herein, and except as otherwise stated, I could testify competently to each fact herein.

2.     I am the Director of Research and Development at NSO Group ("NSO").  Based on my experience in that position, I am familiar with the operation of the Pegasus software, including the "Hummingbird" installation vectors ("Heaven," "Eden," and "Erised"), as those installation vectors existed between April 2018 and May 2020.

3.     I have reviewed parts of the website of the Israeli law firm Fischer (FBC & Co.). From that review, I understand that attorney Ronald Lehmann is a partner in the Fischer law firm. Moreover, based on my review of Mr. Lehman's personal page, https://www.fbclawyers.com/lawyer/ronald-lehmann/, I understand that Mr. Lehman is admitted to practice law in the states of New York and Connecticut, and in the District of Columbia, in addition to Israel.  I understand from NSO's outside attorneys in this matter that Mr. Lehmann is among the numerous counsel of record on behalf of the Plaintiffs in WhatsApp's lawsuit against NSO.

4.     On August 23, 2024, NSO's outside counsel (attorney Roy Blecher) sent Mr. Lehmann 9,311 files comprising a copy of NSO's preservation copy of the server that NSO had formerly leased from Amazon Web Services ("AWS") in Frankfurt, Germany, at IP address 54.93.81.200 (the "AWS server").  I am the custodian of the preservation copy of the AWS server, and have been since its creation, and I am familiar with its contents.  I have also reviewed the materials produced to WhatsApp's lawyer in Israel.  The data produced to Plaintiffs is a copy of our preservation copy of the AWS server and it consists of computer code files and log files.  The format of the files that were produced to Mr. Lehmann are the same format that NSO maintains the preservation copy of the AWS server in the ordinary course of business.

5.     NSO uses Confluence, a team workspace that helps NSO employees collaborate, create, and organize work.  It is in some ways similar in function to Microsoft Teams.  NSO's Confluence system architecture documents, Confluence configuration documents and

1    specification drafts, Confluence release notes and other Confluence documents, as well NSO's

2    product manuals/product description documents, customer training materials, bills of materials for

3    the Pegasus system, and testing protocols, all of which were produced by Defendants in this case

4    in the United States, set forth the full functionality of Pegasus.

5         6.     On September 4, 2024, I gave a deposition in this lawsuit.  During the deposition,

6    I testified that I had reviewed certain Pegasus code related to a process called "fingerprinting" and

7    other Pegasus code that was relevant to the timeframe for this case (April 29, 2018, through May

8    10, 2020).  The lawyer questioning me on behalf of WhatsApp did not ask me what code I

9    reviewed.  If he had, I would have informed him that the code I reviewed was the Pegasus code on

10    the preservation copy of the AWS server that was produced to Plaintiffs on August 23, 2024.  All

11    of the code I reviewed in preparation for my deposition was from the preservation copy of the

12    AWS server that was produced to Plaintiffs, not from other sources..

13         7.     At one point in my deposition, I was asked whether the AWS server code included

14    the entirety of code for the delivery vector Erised.  I testified that I was uncertain.  After my

15    deposition, I checked the AWS server code that was produced to Plaintiffs, and I have confirmed

16    that it did include the code for the delivery vector Erised.

17         8.     One of Plaintiffs' document requests (No. 5) asks for "All Documents and

18    Communications concerning the identification of WhatsApp application or network

19    vulnerabilities, including but not limited to any payments for bounties for WhatsApp

20    vulnerabilities, contracts for services by vendors, or analyst work product and reports, as limited

21    through the use of search terms and custodians."  NSO does not document identification of

22    application or network vulnerabilities, such as the WhatsApp application and network

23    vulnerabilities that were used by Pegasus for a short time as part of the installation process for

24    Pegasus.  For operational security reasons, this is a common industry practice.

25         9.     I do not know of any NSO documents identifying WhatsApp application or network

26    vulnerabilities that existed during any period of time since I began working at NSO in 2015,

27    including the period April 29, 2018, through May 10, 2020, and it is not surprising to me that a

28

1   comprehensive search of the documents of 25 custodians (including myself) resulted in no

2   responsive documents.  NSO does not have any documents relating to payments of bounties for

3   WhatsApp vulnerabilities, contracts for services by vendors relating to WhatsApp vulnerabilities,

4   or analyst work product and reports relating to WhatsApp vulnerabilities for any period of time

5   since I began working at NSO in 2015, including the period April 29, 2018, through May 10, 2020.

6           10.     The Defendants in this lawsuit (as well as their employees, who are Israelis living

7   in Israel) are precluded by Israel's Defense Export Control Law ("DECL") from exporting the

8   Pegasus code found on the AWS Server (and any other Pegasus code, all of which constitutes

9   Defense Know-How under the DECL).

10          11.     For the one version of Pegasus that sent messages through WhatsApp relay servers

11  (Eden), it was the WhatsApp infrastructure (not Pegasus) that selected the set of WhatsApp relay

12  servers available to Pegasus. Pegasus did not control what set of relay servers WhatsApp's

13  infrastructure made available. The decision of which relay server in the set to use was a decision

14  made by the WhatsApp client (not by Pegasus or NSO's WIS server), and the choice of relay server

15  was chosen based on server performance (i.e., latency), not physical server location.

16          I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.

18          Executed on October 15, 2024.

19

20  

21          _____
                        TAMIR GAZNELI

22

23

24

25

26

27

28