1

Case 4:19-cv-07123-PJH    Document 803-1    Filed 10/31/25    Page 1 of 4

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and METaA PLATFORMS, INC., <br><br>   Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br>   Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION** <br><br> Ctrm:   3 <br> Judge:  Hon. Phyllis J. Hamilton |

The Motion for Permanent Injunction ("Motion") filed by Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs") against Defendants NSO Group Technologies Limited and Q Cyber Technologies (collectively, "Defendants") is before the Court. Having considered the materials and arguments before the Court and for good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**. The Court determines that Plaintiffs have shown irreparable injury as a result of Defendants' violations of the law for which money damages are inadequate, that the balance of hardships weighs in favor of injunctive relief, and that an injunction is in the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a Permanent Injunction as follows:

1. Consistent with Federal Rule of Civil Procedure 65(d)(2), this Permanent Injunction binds Defendants; Defendants' officers, agents, servants, and employees; and all other persons who are in active concert or participation with Defendants and Defendants' officers, agents, servants, and employees (collectively, the "Prohibited Parties"). Notwithstanding anything herein, neither Defendants' foreign sovereign customers nor Defendants' outside counsel are Prohibited Parties.

2. This Permanent Injunction binds the Prohibited Parties with respect to the WhatsApp platform, including WhatsApp servers and the WhatsApp client applications (collectively, the "WhatsApp Platform").

3. The Prohibited Parties are immediately and permanently enjoined from:

    a. Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that interacts with or emulates any aspect of the WhatsApp Platform in any way, including as a method or approach used to install and deploy the technology (an "installation vector"), without first requesting and obtaining Plaintiffs' express written permission;

    b.  Collecting, or assisting others in collecting, data or information from the WhatsApp Platform, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;

    c.  Reverse engineering or decompiling code from the WhatsApp Platform, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission; and

    d.  Creating accounts, whether directly or through a third party, intermediary, or proxy, on the WhatsApp Platform, without first requesting and obtaining Plaintiffs' express written permission.

  4.  The Prohibited Parties are required to delete and destroy any and all computer code or technologies that use, access, or depend on the WhatsApp Platform, including the WhatsApp Installation Server ("WIS"), to delete all data obtained or derived from use of or access to the WhatsApp Platform, and to disable customer access to any and all computer code or technologies that use, access, or depend on the WhatsApp Platform.

  5.  The Court will retain jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that Defendants have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties shall submit to the Court's jurisdiction for those purposes.

**IT IS SO ORDERED.**

Dated: _____

                    Honorable Phyllis J. Hamilton
                    United States District Judge