2

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
Email:   greg.andres@davispolk.com
             antonio.perez@davispolk.com
             luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and METHA PLATFORMS, INC.,<br><br>                          Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                          Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**<br><br>Ctrm:    3<br>Judge:   Hon. Phyllis J. Hamilton |

The Motion for Permanent Injunction ("Motion") filed by Plaintiffs WhatsApp LLC (~~("WhatsApp")~~ and Meta Platforms, Inc. (collectively ~~with WhatsApp~~, "Plaintiffs") against Defendants NSO Group Technologies Limited and Q Cyber Technologies (collectively, "Defendants") is before the Court. Having considered the materials and arguments before the Court and for good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**. The Court determines that Plaintiffs have shown irreparable injury as a result of Defendants' violations of the law for which money damages are inadequate, that the balance of hardships weighs in favor of injunctive relief, and that an injunction is in the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a Permanent Injunction as follows:

1. Consistent with Federal Rule of Civil Procedure 65(d)(2), this Permanent Injunction binds Defendants; Defendants' officers, agents, servants, **and** employees~~, and attorneys~~; and all other persons who are in active concert or participation with Defendants and Defendants' officers, agents, servants, **and** employees~~, and attorneys~~ (collectively, the "Prohibited Parties").[1] **Notwithstanding anything herein, neither Defendants' foreign sovereign customers[2] nor Defendants' outside counsel are Prohibited Parties.**[3]

---

[1] Plaintiffs have revised this provision to exclude Defendants' outside counsel from the scope of the injunction. *See* Dkt. No. 802 at 18 ("Plaintiffs shall thus revise paragraph 1 to exclude defendants' outside counsel.").

[2] Plaintiffs have revised this provision to exclude Defendants' foreign sovereign customers from the scope of the injunction. *See* Dkt. No. 802 at 14 ("Because defendants' foreign sovereign customers are not before the court and have not been named as defendants, and because the court expressly ruled that they are not necessary parties, of course an injunction in this case cannot apply to them. To the extent that defendants believe that an injunction would indeed cover their foreign sovereign customers, the injunction will be revised to specifically exclude them.").

[3] Plaintiffs have revised this provision to exclude Defendants' outside counsel from the scope of the injunction. *See* Dkt. No. 802 at 18 ("Plaintiffs shall thus revise paragraph 1 to exclude defendants' outside counsel.").

2. This Permanent Injunction binds the Prohibited Parties with respect to ~~all of Plaintiffs' computer systems and platforms (collectively, "Plaintiffs' Platforms"). Plaintiffs' Platforms include but are not limited to~~ the WhatsApp~~, Facebook, Instagram, Messenger, Meta AI, Threads, and Meta Horizon~~ platforms, ~~as well as~~ **including WhatsApp servers and** ~~each of those platforms' related~~ **the WhatsApp** client applications **(collectively, the "WhatsApp Platform")**.[4]

3. The Prohibited Parties are immediately and permanently enjoined from:

    a. Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that ~~uses Plaintiffs' Platforms~~ **interacts with or emulates any aspect of the WhatsApp Platform** in any way, including as a method or approach used to install and deploy the technology (an "installation vector"), without first requesting and obtaining Plaintiffs' express written permission;[5]

    b. ~~Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that emulates Plaintiffs' Platforms in any way, including but not limited to the WhatsApp Installation Server ("WIS"), without first requesting and obtaining Plaintiffs' express written permission;~~[6]

---

[4] Plaintiffs have eliminated the defined term "Plaintiffs' Platforms" and replaced it with "the WhatsApp Platform," which includes both WhatsApp servers and the WhatsApp client application (e.g., the WhatsApp app that exists on mobile devices). *See* Dkt. No. 802 at 15 ("[T]he injunction shall be limited to the Whatsapp platform.").

[5] Plaintiffs have revised this provision to avoid repeating the word "use" and to clarify that the injunction prohibits "[d]eveloping, using, selling, offering for sale, distributing, transferring, or licensing" any technology that either "interacts with" WhatsApp's servers or client application or "emulates" WhatsApp's servers or client application. *See* Dkt. No. 802 at 16–17 (directing Plaintiffs to rephrase provision (a), and to consider combining it with provision (b)); *id.* at 16 ("[T]he court . . . finds the phrasing of (a) to be confusing to the extent it contains the word 'uses' multiple times . . . .").

[6] Plaintiffs have combined this provision (b) with provision (a). *See* Dkt. No. 802 at 16–17 (directing Plaintiffs to rephrase provision (a), and to consider combining it with provision (b)).

        c.      Collecting, or assisting others in collecting, data or information from ~~Plaintiffs' Platforms~~ **the WhatsApp Platform**, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;[7]

        d.      Reverse engineering or decompiling code from ~~Plaintiffs' Platforms~~ **the WhatsApp Platform**, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;[8]

        e.      ~~Sending, storing, or transmitting viruses or other harmful code through Plaintiffs' Platforms, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;~~[9]

        f.      ~~Using Plaintiffs' Platforms for illegal purposes, including violating the Computer Fraud and Abuse Act or the California Comprehensive Computer Data Access and Fraud Act, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission; and~~[10]

---

[7] Plaintiffs have revised this provision to clarify the injunction prohibits collecting data or information from the WhatsApp Platform, which includes the WhatsApp client application on users' devices. *See* Dkt. No. 802 at 17 ("[T]he court would prefer more clarity as to whether or not this provision is intended to cover the collection of data from users' devices."). Plaintiffs also replaced "Plaintiffs' Platforms" with "the WhatsApp Platform." *Supra*, note 4.

[8] The Court approved this provision. *See* Dkt. No. 802 at 17 ("[T]he court nevertheless concludes that the activities such as reverse engineering or decompiling are sufficiently related to defendants' unlawful access of plaintiffs' and their users' data as to warrant injunctive relief on that basis. . . . Accordingly, provision (d) is approved."). Plaintiffs also replaced "Plaintiffs' Platforms" with "the WhatsApp Platform." *Supra*, note 4.

[9] The Court rejected this provision. *See* Dkt. No. 802 at 17 ("The court finds that provision (e) is vague and possibly overbroad, and that provision (f) is essentially circular in that it simply requires compliance with all relevant laws. Accordingly, provisions (e) and (f) shall be removed from any revised proposed injunction.").

[10] The Court rejected this provision. *See* Dkt. No. 802 at 17 ("The court finds that provision (e) is vague and possibly overbroad, and that provision (f) is essentially circular in that it simply requires compliance with all relevant laws. Accordingly, provisions (e) and (f) shall be removed from any revised proposed injunction.").

1         g.      Creating accounts, whether directly or through a third party, intermediary, or proxy, on ~~Plaintiffs' Platforms~~ **the WhatsApp Platform**, without first requesting and obtaining Plaintiffs' express written permission.[11]

4.      The Prohibited Parties are required to delete and destroy any and all computer code or technologies that use, access, or depend on ~~Plaintiffs' Platforms~~ **the WhatsApp Platform**, including the WhatsApp Installation Server ("WIS"), to delete all data obtained or derived from ~~Plaintiffs' Platforms~~ **use of or access to the WhatsApp Platform**, and to disable customer access to any and all computer code or technologies that use, access, or depend on ~~Plaintiffs' Platforms~~ **the WhatsApp Platform**.[12]

5.      ~~Within five business days after the entry of this Order, Defendants shall affirm in writing that they notified all Prohibited Parties of the existence of this Permanent Injunction and provide a copy of this Order to each of them. Defendants shall publicly file this affirmation on the docket of this action.~~[13]

6.      ~~Within thirty days after entry of this Order, Defendants shall certify in writing that they are in compliance with the provisions of this Order. This certification shall be made through a written statement, sworn under penalty of perjury under the laws of the United States, by Defendants'~~

---

[11] The Court approved this provision. *See* Dkt. No. 802 at 17 ("[A]s to provision (g), while it may remain legal to create new Whatsapp accounts and to use Whatsapp, the facts in this case show that such activities have been used as a precursor to illegal activities, and thus, the court, in its discretion, concludes that such activity must be enjoined."). Plaintiffs also replaced "Plaintiffs' Platforms" with "the WhatsApp Platform." *Supra*, note 4.

[12] The Court approved this provision. *See* Dkt. No. 802 at 17–18 ("Paragraph 4 of the proposed injunction requires defendants to delete and destroy computer code related to plaintiffs' platforms. The court concludes that this provision is necessary to prevent future violations, especially given the undetectable nature of defendants' technology."). Plaintiffs also replaced "Plaintiffs' Platforms" with "the WhatsApp Platform." *Supra*, note 4.

[13] The Court rejected this provision. *See* Dkt. No. 802 at 18 ("The court has not required defendants to provide such notice and certification in other cases, and will not do so in this case. Additionally, any deadline the court imposes will undoubtedly necessitate further motion practice once the inevitable appeals process begins. Accordingly, paragraphs 5 and 6 are to be removed from any revised proposed injunction.").

1  ~~chief executive officer(s) (or equivalent officer). Defendants shall publicly file this certification on~~
2  ~~the docket of this action.~~[14]

3     7.   The Court will retain jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that Defendants have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties shall submit to the Court's jurisdiction for those purposes.[15]

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Phyllis J. Hamilton
United States District Judge

---

[14] The Court rejected this provision. *See* Dkt. No. 802 at 18 ("The court has not required defendants to provide such notice and certification in other cases, and will not do so in this case. Additionally, any deadline the court imposes will undoubtedly necessitate further motion practice once the inevitable appeals process begins. Accordingly, paragraphs 5 and 6 are to be removed from any revised proposed injunction.").

[15] The Court approved this provision. *See* Dkt. No. 802 at 15 ("As stated in the proposed injunction, the court shall retain jurisdiction over any allegations that defendants have failed to comply with their obligations as set forth in the injunction, and the parties shall submit to the court's jurisdiction for those purposes.").