# EXHIBIT 2

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' [PROPOSED] ORDER GRANTING MOTION FOR PERMANENT INJUNCTION**<br><br>Judge:  Hon. Phyllis J. Hamilton<br><br>Action Filed:  10/29/2019 |

The Motion for Permanent Injunction ("Motion") filed by Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (collectively, "Plaintiffs") against Defendants NSO Group Technologies Limited and Q Cyber Technologies (collectively, "Defendants") is before the Court. Having considered the materials and arguments before the Court and for good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED**. The Court determines that Plaintiffs have shown irreparable injury as a result of Defendants' violations of the law for which money damages are inadequate, that the balance of hardships weighs in favor of injunctive relief, and that an injunction is in the public interest. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to a Permanent Injunction as follows:

1. Consistent with Federal Rule of Civil Procedure 65(d)(2), this Permanent Injunction binds Defendants; Defendants' officers, agents, servants, and employees; and all other persons who are in active concert or participation with Defendants and Defendants' officers, agents, servants, and employees (collectively, the "Prohibited Parties"). Notwithstanding anything herein, neither Defendants foreign sovereign customers nor Defendants' outside counsel are Prohibited Parties.

2. The Prohibited Parties are immediately and permanently enjoined from:

    a. Developing, using, selling, offering for sale, distributing, transferring, or licensing, whether directly or through a third party, intermediary, or proxy, any technology that interacts with WhatsApp servers or emulates any aspect of the WhatsApp client application in any way, including as a method or approach used to install and deploy the technology (an "installation vector"), without first requesting and obtaining Plaintiffs' express written permission;

    b. Collecting, or assisting others in collecting, data or information from WhatsApp servers, whether directly or through a third party, intermediary, or proxy, without first requesting and obtaining Plaintiffs' express written permission;

    c. Reverse engineering or decompiling code from the WhatsApp servers or client application, whether directly or through a third party, intermediary, or proxy, without first

1  requesting and obtaining Plaintiffs' express written permission; and

2          d.    Creating accounts, whether directly or through a third party, intermediary, or proxy, on the WhatsApp client application, without first requesting and obtaining Plaintiffs' express written permission.

3.    The Prohibited Parties are required to delete and destroy any and all computer code or technologies that use, access, or depend on WhatsApp servers, including the WhatsApp Installation Server ("WIS"), to delete all data obtained or derived from use of or access to WhatsApp servers, and to disable customer access to any and all computer code or technologies that use, access, or depend on WhatsApp servers.  For the avoidance of doubt, this section is not intended to require the deletion of WhatsApp data obtained by the Prohibited Parties' foreign sovereign customers from target devices, or the disabling of foreign sovereign customer access to computer code or technologies that use, access, or depend on the WhatsApp client application.

4.    The Court will retain jurisdiction to enforce the terms of this Permanent Injunction and to address other matters arising out of or regarding this Permanent Injunction, including any allegations that Defendants have failed to comply with their obligations as set forth in this Permanent Injunction, and the parties shall submit to the Court's jurisdiction for those purposes.

5.    This injunction does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States, and does not prohibit the Prohibited Parties from developing, using, selling, offering for sale, distributing, transferring, or licensing any technology for lawfully authorized investigative, protective, or intelligence activities.

**IT IS SO ORDERED**

DATED: _____

                                              Honorable Phyllis J. Hamilton
                                              United States District Judge