UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>    Defendants. | Case No. 19-cv-07123-PJH<br><br>**ORDER RESOLVING DEFENDANTS' RESPONSE AND OBJECTION TO PROPOSED INJUNCTION ORDER**<br><br>Re: Dkt. 805, 807 |

    Defendants filed a response and objection to plaintiffs' proposed injunction order, and plaintiffs filed a response. See Dkt. 807.

    Defendants first argue that the proposed injunction should "take into account the provisions of 18 U.S.C. § 1030(f)," covering United States law enforcement activity. However, as plaintiffs argue, defendants have provided no evidence that the United States has ever used Pegasus for law enforcement activities, nor was the law enforcement exception applicable to this litigation. Defendants propose a "sweeping carveout" that is simply not supported by the evidence or findings in this case. See Dkt. 805-1 at 4. Accordingly, defendants' first objection is overruled.

    Second, defendants argue that the injunction should not prohibit collection of data from target users' phones if no Whatsapp servers are accessed. This is an argument that has been fully raised and considered throughout this case, particularly at the hearing on the motion for permanent injunction. The court has already rejected this argument, and defendants present no basis for reconsidering it now – accordingly, their second objection is overruled.

Defendants' third and final objection is that "the exclusion of foreign sovereign governments should be meaningful" by, for example, making clear that "the deletion of Whatsapp data does not apply to foreign customers." While the court believes that paragraph 1 of the proposed injunction, as written, already makes clear that "[n]otwithstanding anything herein, neither Defendants' foreign sovereign customers nor Defendants' outside counsel are Prohibited Parties," for the sake of clarity, the court will make the following revisions to paragraph 4 (added language is underlined):

> The Prohibited Parties are required to delete and destroy any and all computer code or technologies that use, access, or depend on the WhatsApp Platform, including the WhatsApp Installation Server ("WIS"), to delete all data obtained or derived from use of or access to the WhatsApp Platform <u>in the Prohibited Parties' possession</u>, and to disable customer access to any and all computer code or technologies <u>maintained by the Prohibited Parties</u> that use, access, or depend on the WhatsApp Platform.

To the extent that defendants request further changes to paragraph 4, that objection is overruled.

The court will issue a separate order regarding defendants' request to stay the injunction order.

**IT IS SO ORDERED.**

Dated: November 12, 2025

                                               /s/ *Phyllis J. Hamilton*
                                               PHYLLIS J. HAMILTON
                                               United States District Judge