Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
    (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and<br>META PLATFORMS, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF MICAH G. BLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** |

I, Micah G. Block, declare as follows:

1.    I am a partner with the law firm of Davis Polk & Wardwell LLP ("Davis Polk") and am admitted to practice before this Court.  I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. in the above-captioned action (the "Action") filed on October 29, 2019 against Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd.  I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2.    I submit this declaration in support of Plaintiffs' Motion for Attorney's Fees, filed concurrently herewith.  I am familiar with Davis Polk's bills to Plaintiffs for Davis Polk's work on this Action.

**A.    Overview of Davis Polk's Representation of Plaintiffs**

3.    Davis Polk began representing Plaintiffs in this Action in May 2020.  Davis Polk lawyers first appeared in this Action on June 17, 2020.  *See* Dkt. No. 97.

4.    Davis Polk is a preeminent law firm that advises industry-leading companies and financial institutions on complex legal matters.  It is highly regarded and has received numerous accolades from legal rankings organizations, such as Chambers USA.

5.    From Davis Polk's engagement by Plaintiffs in May 2020 through August 2025, Davis Polk partners Greg D. Andres, Antonio J. Perez-Marques, and I have spent 4,584.6 hours working on this Action; Davis Polk counsel Craig T. Cagney and former counsel Gina Cora have spent 3,589.5 hours working on this Action; and Davis Polk associates Luca Marzorati, Muhammad Sardar, and Gersham Johnson have spent 8,720.9 hours working on this Action.  Collectively, from May 2020 through August 2025, these Davis Polk attorneys (the "Core Team Members") have spent 16,895 hours working on this Action.  In addition to the Core Team Members, other attorneys (mostly associates) and non-attorney employees of Davis Polk have collectively spent thousands of additional hours working on this matter.

**B.    Biographies and Roles of Davis Polk Attorneys in This Action**

6.    I am a trial lawyer with over 15 years of experience and have been a partner at Davis Polk since 2018.  I am recognized by Chambers USA and IAM for patent litigation, was named by

*Daily Journal* to its "Top 40 Under 40" list of California lawyers in 2020, was a Federal Circuit Bar Association Global Fellow in 2022–23, and am currently an officer of the Intellectual Property Section and the Northern California Chapter of the Federal Bar Association. I earned my J.D. at Stanford Law School, where I was elected to the Order of the Coif, and I was a law clerk to the Honorable Raymond C. Fisher of the U.S. Court of Appeals for the Ninth Circuit. I have spent 2,400.8 hours working on this Action through August 2025.

My role in this Action has included, among other tasks and responsibilities, the following:

- Leading overall strategy for the Action with other Core Team Members;
- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including dispositive motions, discovery motions, and other filings in this Action;
- Preparing for and representing Plaintiffs at the February 16, 2023 case management conference, *see* Dkt. No. 165;
- Preparing for and representing Plaintiffs at the November 2, 2023 hearing, *see* Dkt. No. 232, on Defendants' motion to dismiss for *forum non conveniens*, *see* Dkt. No. 214, and motion for a protective order, *see* Dkt. No. 176-2;
- Preparing for and representing Plaintiffs at the February 15, 2024 hearing, *see* Dkt. No. 289, on Plaintiffs' motion to compel discovery, *see* Dkt. No. 235-2 and Defendants' motions to compel, *see* Dkt. No. 239-2 and for relief from case management order *see* Dkt. No. 264-2;
- Defending Defendants' deposition of Claudiu Gheorghe on August 16, 2024;
- Defending Defendants' deposition of Cortney Padua on August 20, 2024;
- Traveling to London, United Kingdom to depose Defendants' Senior Vice President for Customer Base Division, Ramon Eshkar, on August 27, 2024, and Defendants' Chief Executive, Yaron Shohat, on August 29, 2024;
- Defending Defendants' deposition of YuanYuan Wang on September 12, 2024;
- Defending Defendants' deposition of Jesus Barcons Palau on September 13, 2024;

- Traveling to Los Angeles, California to defend Defendants' deposition of Jonathan Lee on September 25, 2024;

- Preparing for and representing Plaintiffs at the November 7, 2024 hearing, *see* Dkt. No. 460, on the parties' motions for summary judgment, *see* Dkt. No. 396-2, Dkt. No. 399-2, and Plaintiffs' motion for sanctions, *see* Dkt. No. 405-2;

- Deposing Gregory Pinsonneault, Defendants' damages expert, on November 20, 2024;

- Preparing for and representing Plaintiffs at the April 10, 2025, *see* Dkt. No. 681, and April 24, 2025, *see* Dkt. No. 716, pretrial conferences; and

- Preparing for and representing Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including performing the direct examinations of Plaintiffs' damages expert during Plaintiffs' case-in-chief and rebuttal case, performing the direct examination of Andrew Robinson, and performing the cross-examination of Defendants' damages expert during Defendants' rebuttal case.

7.  Greg D. Andres is a partner at Davis Polk and co-head of Davis Polk's White Collar Defense & Investigations practice, and one of Benchmark Litigation's "Top 100 Trial Lawyers." Mr. Andres has been a litigator for more than 25 years and has extensive government experience, including as Deputy Assistant Attorney General, Criminal Division, at the U.S. Department of Justice and as Chief of the Criminal Division at the U.S. Attorney's Office for the Eastern District of New York. Mr. Andres earned his J.D. at the University of Chicago Law School, and he was a law clerk to the Honorable Morton A. Brody of the U.S. District Court for the District of Maine and to the Honorable Robert Beezer of the U.S. Court of Appeals for the Ninth Circuit. Mr. Andres has spent 886.4 hours working on this Action through August 2025.

Mr. Andres's role in this Action has included, among other tasks and responsibilities, the following:

- Leading overall strategy for the Action with other Davis Polk senior attorneys;

- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including dispositive motions, discovery motions, and other filings with the Court in this Action;
- Preparing for and representing Plaintiffs at the November 2, 2023 hearing, *see* Dkt. No. 232, on Defendants' motion to dismiss for *forum non conveniens*, *see* Dkt. No. 214, and motion for a protective order, *see* Dkt. No. 176-2;
- Defending Defendants' deposition of Carl Woog on August 14, 2024;
- Traveling to Raleigh, North Carolina to defend Defendants' deposition of Susan Glick on September 9, 2024;
- Traveling to McLean, Virginia to depose third-party witness Terrence DiVittorio on September 18, 2024;
- Preparing for and representing Plaintiffs at the November 7, 2024 hearing, *see* Dkt. No. 460, on the parties' motions for summary judgment, *see* Dkt. No. 396-2, Dkt. No. 399-2, and Plaintiffs' motion for sanctions, *see* Dkt. No. 405-2;
- Deposing Joshua Minkler, Defendants' policy expert, on February 11, 2025;
- Preparing for and representing Plaintiffs at the April 10, 2025, *see* Dkt. No. 681, and April 24, 2025, *see* Dkt. No. 716, pretrial conferences;
- Preparing for and representing Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including performing the direct examination of Carl Woog, performing the cross-examination of Yaron Shohat, performing the cross-examination of Defendants' damages expert, Gregory Pinsonneault, during Defendants' case-in-chief, and giving Plaintiffs' closing argument; and
- Preparing for and representing Plaintiffs at the August 28, 2025 hearing, *see* Dkt. No. 792, on Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 792, including performing the direct examination of Andrew Blaich, and performing the cross-examination of Joshua Minkler.

8.    Antonio J. Perez-Marques is a partner in Davis Polk's Litigation Department. Mr. Perez-Marques has over 20 years of experience in litigation, during which he has represented a broad range of U.S. and non-U.S. corporations and financial institutions in civil litigation matters and government investigations. Among other accomplishments, Mr. Perez-Marques has been recognized by *Benchmark Litigation* and by *The American Lawyer* for trial successes on behalf of his clients. Mr. Perez-Marques earned his J.D. at New York University School of Law, where he graduated *cum laude* and was a Florence Allen Scholar. Mr. Perez-Marques has spent 1,297.4 hours working on this Action through August 2025.

Mr. Perez-Marques's role in this Action has included, among other tasks and responsibilities, the following:

- Leading overall strategy for the Action with other Davis Polk senior attorneys;

- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including dispositive motions, discovery motions, and other filings with the Court in this Action;

- Providing strategic direction with regard to Plaintiffs' efforts in responding to Defendants' discovery requests, which in total included 180 requests for admission, 9 interrogatories, and 274 requests for production served by Defendants;

- Providing strategic direction with regard to nonparty fact discovery while the Action was stayed pending Defendants' appeal to the Ninth Circuit;

- Preparing for and representing Plaintiffs at the February 16, 2023 case management conference, *see* Dkt. No. 165;

- Preparing for and representing Plaintiffs at the November 2, 2023 hearing, *see* Dkt. No. 232, on Defendants' motion to dismiss for *forum non conveniens*, *see* Dkt. No. 214, and motion for a protective order, *see* Dkt. No. 176-2;

- Preparing for and representing Plaintiffs at the February 15, 2024 hearing, *see* Dkt. No. 289, on Plaintiffs' motion to compel discovery, *see* Dkt. No. 235-2 and

Defendants' motions to compel, *see* Dkt. No. 239-2 and for relief from case management order, *see* Dkt. No. 264-2;

- Traveling to London, United Kingdom to depose Defendants' VP of Research and Development, Tamir Gazneli, on September 4, 2024;

- Traveling to Washington, D.C. to depose third-party witness Joshua Shaner on September 17, 2024;

- Preparing for and representing Plaintiffs at the November 7, 2024 hearing, *see* Dkt. No. 460, on the parties' motions for summary judgment, *see* Dkt. No. 396-2, Dkt. No. 399-2, and Plaintiffs' motion for sanctions, *see* Dkt. No. 405-2;

- Traveling to Atlanta, Georgia to depose Defendants' expert, Terrence McGraw, on December 16, 2024;

- Preparing for and representing Plaintiffs at the April 10, 2025, *see* Dkt. No. 681, and April 24, 2025, *see* Dkt. No. 716, pretrial conferences;

- Preparing for and representing Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including giving Plaintiffs' opening argument, performing the direct examination of Claudiu Gheorghe, and performing the cross-examination of Tamir Gazneli; and

- Preparing for and representing Plaintiffs at the August 28, 2025 hearing, *see* Dkt. No. 792, on Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 792.

9.      Gina Cora is a former counsel in Davis Polk's Litigation Department.  Ms. Cora practiced for over a decade at Davis Polk, where she regularly advised clients in connection with a variety of civil litigation matters.  Ms. Cora earned her J.D. from Yale Law School, and she was a law clerk to the Honorable Richard J. Sullivan when he was a District Court Judge for the U.S. District Court for the Southern District of New York.  Ms. Cora spent 1,418.1 hours working on this Action through August 2025.

Ms. Cora's role in this Action has included, among other tasks and responsibilities, the following:

- Coordinating with other Core Team Members to set strategy for the Action;

- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including pretrial disclosures, dispositive motions, discovery motions, and other filings;

- Defending Defendants' deposition of Plaintiffs' technical expert, Anthony Vance on November 14, 2024;

- Deposing Colonel Ty Shepard, Defendants' policy expert, on November 21, 2024;

- Leading meet-and-confers with opposing counsel regarding pretrial filings and other issues;

- Preparing for and representing Plaintiffs at the April 10, 2025, *see* Dkt. No. 681, and April 24, 2025, *see* Dkt. No. 716, pretrial conferences; and

- Preparing for and assisting Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including overseeing Plaintiffs' proposed jury instructions.

10.     Craig T. Cagney is a counsel at Davis Polk in the firm's Litigation Department and has represented Plaintiffs in this Action.  Mr. Cagney has practiced for over a decade at Davis Polk, where he has represented a range of clients in a variety of civil litigation matters.  Mr. Cagney earned his J.D. from Fordham University School of Law, where he graduated *summa cum laude*, and he was a law clerk to the Honorable Denny Chin of the U.S. Court of Appeals for the Second Circuit.  Mr. Cagney has spent 2,171.4 hours working on this Action through December 2024.

Mr. Cagney's role in this Action has included, among other tasks and responsibilities, the following:

- Coordinating with other of Davis Polk's Core Team Members to set strategy for the Action;

- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including discovery motions, the parties' motions for summary judgment *see* Dkt. No. 396-2, Dkt. No. 399-2, and Defendants' motion to dismiss for *forum non conveniens*, *see* Dkt. No. 214;

- Working with Plaintiffs' three expert witnesses, who prepared a total of six reports;
- Providing strategic direction with regard to nonparty fact discovery while the Action was stayed pending Defendants' appeal to the Ninth Circuit;
- Organizing and coordinating strategy with regard to Plaintiffs' efforts in responding to Defendants' discovery requests, which in total included 180 requests for admission, 9 interrogatories, and 274 requests for production served by Defendants;
- Assisting with preparation for and attending depositions; and
- Leading meet-and-confers with opposing counsel regarding discovery and other issues.

11.    Luca Marzorati is an associate at Davis Polk in the firm's Litigation Department and has represented Plaintiffs in this Action.  Mr. Marzorati has practiced for over six years at Davis Polk, where he regularly advises clients in connection with a variety of civil litigation matters.  Mr. Marzorati earned his J.D. from Harvard Law School, where he graduated *magna cum laude*.  Mr. Marzorati has spent 5,266.2 hours working on this Action through August 2025.

Mr. Marzorati's role in this Action has included, among other tasks and responsibilities, the following:

- Coordinating with other Core Team Members to set strategy for the Action;
- Drafting, overseeing drafting, and providing comments and strategic direction with regard to numerous motions and filings, including discovery motions, dispositive motions, Plaintiffs' motion for sanctions, *see* Dkt. No. 405-2, Plaintiffs' motions to compel discovery, *see* Dkt. Nos. 116, 235-2, and briefing on the parties' seven motions to exclude expert testimony, *see* Dkt. Nos. 504-3, 506, 508-3, 509, 512, 513-3, 572-3;
- Organizing and coordinating strategy for discovery;
- Preparing written discovery including requests for production, requests for admission, and interrogatories;

- Managing document collection, review, and production of approximately 195,666 pages of documents in response to Defendants' discovery requests;

- Overseeing the review of documents produced by Defendants and third parties, including approximately 46,542 pages of documents produced by Defendants, *see* Dkt No. 429-2, at 5-6;

- Traveling to London, United Kingdom to depose Defendants' VP of Global Business Operations, Sarit Bizinsky Gil, on September 6, 2024;

- Traveling to Washington, D.C. to defend Defendants' depositions of Andrew Robinson on September 19, 2024 and Aashin Gautam on September 20, 2024;

- Defending Defendants' deposition of David Youssef on December 10, 2024;

- Preparing for and assisting Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including: preparing witnesses, assisting with preparing opening and closing arguments, assisting with drafting and filing the proposed pretrial order, jury instructions, verdict form, and pretrial disclosures; and

- Preparing for and representing Plaintiffs at the August 28, 2025 hearing, *see* Dkt. No. 792, on Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 792, including performing the direct examination of Lander Brandt.

12.    Muhammad Sardar is an associate at Davis Polk in the firm's Litigation Department and has represented Plaintiffs in this Action.  Mr. Sardar has over five years of experience at Davis Polk, where he regularly advises clients in connection with a variety of civil litigation matters.  Mr. Sardar earned his J.D. from Brooklyn Law School, where he graduated *magna cum laude*.  Mr. Sardar has spent 1,401.7 hours working on this Action through August 2025.

Mr. Sardar's role in this Action has included, among other tasks and responsibilities, the following:

- Drafting, conducting legal research, and managing the submission of briefing on the parties' motions for summary judgment, *see* Dkt. No. 396-2, Dkt. No. 399-2;

- Drafting, conducting legal research, and managing the submission of pretrial materials including briefing on the parties' motions *in limine*, *see* Dkt. Nos. 592, 644, and post-trial materials including briefing on Defendants' motion for a new trial, *see* Dkt. No. 758;

- Preparing for and assisting Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including assisting with preparation of witnesses and of opening and closing arguments; and

- Preparing for and assisting Plaintiffs at the August 28, 2025 hearing, *see* Dkt. No. 792, on Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 792.

13.     Gersham Johnson is an associate at Davis Polk in the firm's Litigation Department and has represented Plaintiffs in this Action.  Mr. Johnson has over three years of experience at Davis Polk, where he regularly advises clients in connection with a variety of civil litigation, white collar, and intellectual property litigation matters.  Mr. Johnson earned his J.D. from Columbia Law School, where he was a Harlan Fiske Stone Scholar.  Mr. Johnson has spent 2,053.0 hours working on this Action through August 2025.

Mr. Johnson's role in this Action has included, among other tasks and responsibilities, the following:

- Assisting with the preparation of written discovery including requests for production, requests for admission, and interrogatories;

- Reviewing documents produced by Defendants and third parties;

- Traveling to London, United Kingdom to assist with the depositions of Defendants' Senior Vice President for Customer Base Division, Ramon Eshkar, on August 27, 2024; Defendants' Chief Executive, Yaron Shohat, on August 29, 2024; Defendants' VP of Research and Development, Tamir Gazneli, on September 4, 2024; and Defendants' VP of Global Business Operations, Sarit Bizinsky Gil, on September 6, 2024;

- Drafting and conducting legal research in connection with the parties' motions for summary judgment, *see* Dkt. No. 396-2, Dkt. No. 399-2; and

- Preparing for and assisting Plaintiffs at the jury trial on compensatory and punitive damages from April 28, 2025 to May 6, 2025, *see* Dkt. Nos. 726, 728-29, 731, 734-35, including: assisting with preparation of witnesses and of opening and closing arguments, and assisting with drafting and filing pretrial materials.

## C.    Davis Polk's Billing Practices in This Action

14.    Davis Polk billed Plaintiffs pursuant to a fixed-fee agreement over the course of this Action.  Under that fixed-fee agreement, Plaintiffs paid Davis Polk for the completion of specific tasks (e.g., the filing of a motion or opposition, or the taking of a deposition).  Davis Polk thus did not bill Plaintiffs by the hour for the work of its attorneys or support staff, and the fees Davis Polk charged are not derived from a count of hours spent working on this Action by attorneys or non-attorney employees of Davis Polk, nor from those timekeepers' regular hourly rates.  Davis Polk's fixed-fee arrangement with Plaintiffs was negotiated in 2020, and the fees to which Plaintiffs and Davis Polk agreed at the outset of the case have not been renegotiated, even as the district court litigation was stayed for multiple years and key case deadlines were repeatedly postponed.  *See, e.g.*, Dkt. No. 155 (granting Defendants' motion to stay pending appeal); Dkt. No. 165 (setting deadlines for expert designations, dispositive motions, and trial); Dkt. No. 289 (continuing various deadlines); Dkt. No. 357 (continuing various deadlines).

15.    Under the fixed-fee arrangement, the hours spent in a particular billing period do not necessarily match exactly the tasks for which Davis Polk billed in that period.  For example, sometimes a particular discovery task was billed in a particular single billing period, but work on that task extended before and/or after the period covered by the bill.  Frequently, the tasks for which Davis Polk billed in a given period required additional work before or after the applicable billing period.  For instance, Davis Polk attorneys conducted much of the work related to Plaintiffs' motion for sanctions in September 2024.  Because Plaintiffs' motion for sanctions was not filed until October 2, 2024, *see* Dkt. No. 405-2, Davis Polk did not bill Plaintiffs for this work until Davis Polk provided their October 2024 bill to Plaintiffs.

16.     In order to produce the monthly invoices under this fixed-fee arrangement, Davis Polk attorneys reviewed the work that Davis Polk conducted over the course of the month, and determined whether any of the fixed-fee milestones were met.  The invoices that Davis Polk sent to Plaintiffs include information on the fixed-fee milestones that were met in the given month, and the fee for each milestone.  Each invoice was reviewed by a team of individuals, including attorneys, litigation support staff, and accounting support staff, prior to being submitted to Plaintiffs for payment.

17.     Davis Polk did not provide Plaintiffs with hourly timesheets.

18.     During the course of its work on this Action, Davis Polk has utilized an electronic timekeeping program that requires timekeepers to record the number of hours worked on a matter on any given day in six-minute increments and to include a description of the work performed.  That system maintains the time records for the work performed in connection with this Action, and attorneys working on this Action were instructed to enter their time in accordance with firm policies.

19.     As further detailed below, this declaration provides details regarding time spent by Davis Polk's Core Team Members, because that time is more than sufficient to demonstrate that the fees Davis Polk charged and Plaintiffs paid pursuant to the fixed-fee arrangement are reasonable.

20.     Since Davis Polk began representing Plaintiffs in May 2020, Plaintiffs have filed over 240 submissions with the Court, including responses to many of Defendants' over 270 submissions. During this time period, the parties litigated at least 28 motions for which both sides filed substantive briefs, leading to at least 11 substantive decisions from the Court.

**D.      Summary of Work Performed by Davis Polk in This Action**

21.     For the period from May 2020 through November 2020, Davis Polk billed Plaintiffs $600,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' oppositions to Defendants' motion to stay discovery pending resolution of its motion to dismiss, *see* Dkt. No. 106, Defendants' motion to dismiss Plaintiffs' claim for injunctive relief, *see* Dkt. No. 109, Defendants' motion for a protective order, *see* Dkt. No. 123, and Defendants' motion to stay the Action pending appeal, *see* Dkt. No. 125; drafting and filing Plaintiffs' motion to compel discovery from Defendants, *see* Dkt. No. 116; drafting and filing Plaintiffs' motion to strike Defendants' affirmative defenses, *see* Dkt. No. 140; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis

Polk's Core Team Members spent 1,465.2 hours working on this Action from May 2020 through November 2020.

22.    For the period from December 2020 to February 2021, Davis Polk billed Plaintiffs $427,500, pursuant to the fixed-fee agreement, for pursuing discovery directed to 21 third parties and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 103.3 hours working on this Action from December 2020 to February 2021.

23.    For the period from March 2021 to August 2021, Davis Polk billed Plaintiffs $150,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 342.1 hours working on this Action from March 2021 to August 2021.

24.    For the period from September 2021 to October 2021, Davis Polk billed Plaintiffs $110,000, pursuant to the fixed-fee agreement, for pursuing discovery directed to 12 third parties and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 107.7 hours working on this Action from September 2021 to October 2021.

25.    For the period of November 2021, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 74.5 hours working on this Action in November 2021.

26.    For the period of December 2021, Davis Polk billed Plaintiffs $85,000, pursuant to the fixed-fee agreement, for pursuing discovery directed to four third parties and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 48.3 hours working on this Action in December 2021.

27.    For the period of January 2022, Davis Polk billed Plaintiffs $40,000, pursuant to the fixed-fee agreement, for pursuing discovery directed to one third party and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 60.2 hours working on this Action in January 2022.

28.    For the period from February 2022 to March 2022, Davis Polk billed Plaintiffs $153,333, pursuant to the fixed-fee agreement, for managing document collection and production; pursuing discovery directed to four third parties; and providing ongoing strategic analysis to Plaintiffs

related to this Action.  Davis Polk's Core Team Members spent 85.0 hours working on this Action from February 2022 to March 2022.

29.    For the period of April 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 44.8 hours working on this Action in April 2022.

30.    For the period of May 2022, Davis Polk billed Plaintiffs $40,000, pursuant to the fixed-fee agreement, for providing representation with regard to contested third-party discovery and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 53.5 hours working on this Action in May 2022.

31.    For the period of June 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 45.9 hours working on this Action in June 2022.

32.    For the period of July 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 13.1 hours working on this Action in July 2022.

33.    For the period of August 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 5.4 hours working on this Action in August 2022.

34.    For the period of September 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 7.4 hours working on this Action in September 2022.

35.    For the period of October 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 5.5 hours working on this Action in October 2022.

36.    For the period of November 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 15.3 hours working on this Action in November 2022.

37.  For the period of December 2022, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 17.0 hours working on this Action in December 2022.

38.  For the period of January 2023, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 114.5 hours working on this Action in January 2023.

39.  For the period of February 2023, Davis Polk billed Plaintiffs $35,000, pursuant to the fixed-fee agreement, for preparing for and representing Plaintiffs at the February 16, 2023 case management conference, *see* Dkt. No. 165, and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 136.6 hours working on this Action in February 2023.

40.  For the period of March 2023, Davis Polk billed Plaintiffs $185,000, pursuant to the fixed-fee agreement, for preparing and serving nine interrogatories and 38 requests for admission on Defendants; pursuing discovery directed to five third parties; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 209.5 hours working on this Action in March 2023.

41.  For the period of April 2023, Davis Polk billed Plaintiffs $237,500, pursuant to the fixed-fee agreement, for preparing and serving defensive discovery responses and objections to 88 requests for admission and 98 requests for production served by Defendants; drafting and filing Plaintiffs' Opposition to Defendants' Motion for a Protective Order, *see* Dkt. No. 181-2; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 304.5 hours working on this Action in April 2023.

42.  For the period of May 2023, Davis Polk billed Plaintiffs $40,000, pursuant to the fixed-fee agreement, for pursuing discovery directed to one third party and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 219.3 hours working on this Action in May 2023.

43.  For the period of June 2023, Davis Polk billed Plaintiffs $120,000, pursuant to the fixed-fee agreement, for reviewing documents produced by two third parties; providing

representation with regard to discovery contested by two third parties; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 174.7 hours working on this Action in June 2023.

44.    For the period of July 2023, Davis Polk billed Plaintiffs $152,500, pursuant to the fixed-fee agreement, for preparing and serving defensive discovery responses and objections to 87 requests for admission and to 80 requests for production and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 113.4 hours working on this Action in July 2023.

45.    For the period of August 2023, Davis Polk billed Plaintiffs $195,000, pursuant to the fixed-fee agreement, for preparing and serving 86 requests for production on Defendants; managing document collection and production; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 232.0 hours working on this Action in August 2023.

46.    For the period of September 2023, Davis Polk billed Plaintiffs $175,000, pursuant to the fixed-fee agreement, for reviewing documents produced by two third parties; drafting and filing Plaintiffs' opposition to Defendants' motion to dismiss for *forum non conveniens*, *see* Dkt. No. 220-2; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 246.5 hours working on this Action in September 2023.

47.    For the period of October 2023, Davis Polk billed Plaintiffs $25,000, pursuant to the fixed-fee agreement, for providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 286.0 hours working on this Action in October 2023.

48.    For the period of November 2023, Davis Polk billed Plaintiffs $90,000, pursuant to the fixed-fee agreement, for reviewing documents produced by a third party and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 273.0 hours working on this Action in November 2023.

49.    For the period of December 2023, Davis Polk billed Plaintiffs $210,000, pursuant to the fixed-fee agreement, for collecting and reviewing Plaintiffs' custodial documents potentially responsive to Defendants' discovery requests; drafting and filing Plaintiffs' motion to compel

discovery, *see* Dkt. No. 235-2; and providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 212.3 hours working on this Action in December 2023.

50.    For the period of January 2024, Davis Polk billed Plaintiffs $560,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' opposition to Defendants' motion to compel discovery, *see* Dkt. No. 250; drafting and filing Plaintiffs' opposition to Defendants' motion for relief from case management schedule, *see* Dkt No. 272-3; reviewing Plaintiffs' custodial documents potentially responsive to Defendants' discovery requests; providing legal advice with respect to retaining and consulting with Plaintiffs' technical advisor (Intuity) and damages expert (Stout Risius Ross, LLC); and providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 383.2 hours working on this Action in January 2024.

51.    For the period of February 2024, Davis Polk billed Plaintiffs $560,000, pursuant to the fixed-fee agreement, for collecting and reviewing Plaintiffs' custodial documents potentially responsive to Defendants' discovery requests; drafting and filing Plaintiffs' motion for interim schedule relief, *see* Dkt. No. 279; drafting and filing Plaintiffs' opposition to Defendants' motion for issuance of letters rogatory, *see* Dkt No. 293; and providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 416.4 hours working on this Action in February 2024.

52.    For the period of March 2024, Davis Polk billed Plaintiffs $90,000, pursuant to the fixed-fee agreement, for reviewing Plaintiffs' documents potentially responsive to Defendants' discovery requests and providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 281.4 hours working on this Action in March 2024.

53.    For the period of April 2024, Davis Polk billed Plaintiffs $345,000, pursuant to the fixed-fee agreement, for collecting and reviewing Plaintiffs' documents potentially responsive to Defendants' discovery requests; preparing and serving 56 requests for production; drafting and filing Plaintiffs' response to order on motion for issuance of letter rogatory, *see* Dkt. No. 300; and providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 175.2 hours working on this Action in April 2024.

54.    For the period of May 2024, Davis Polk billed Plaintiffs $217,500, pursuant to the fixed-fee agreement, for reviewing Plaintiffs' documents potentially responsive to Defendants' discovery requests; preparing and serving defensive discovery responses and objections to 4 interrogatories and 27 requests for production served by Defendants; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 234.5 hours working on this Action in May 2024.

55.    For the period of June 2024, Davis Polk billed Plaintiffs $350,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' motion for issuance of a letter rogatory, *see* Dkt. No. 319-2, and Plaintiffs' portions of four joint discovery letter briefs regarding: Bill Marczak's motion to quash, *see* Dkt. No. 323-2, Defendants' motions to compel production of documents from Susan Glick, *see* Dkt. No. 306, and Citizen Lab documents, *see* Dkt. No. 307-2, and Defendants' renewed motion for letter rogatory, *see* Dkt. No. 314; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 243.4 hours working on this Action in June 2024.

56.    For the period of July 2024, Davis Polk billed Plaintiffs $275,000, pursuant to the fixed-fee agreement, for reviewing Plaintiffs' documents; drafting and filing Plaintiffs' motion to compel production, *see* Dkt. No. 331-2; providing legal advice in connection with retaining and consulting with Plaintiffs' technical expert (Professor Anthony Vance); and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 319.5 hours working on this Action in July 2024.

57.    For the period of August 2024, Davis Polk billed Plaintiffs $890,000, pursuant to the fixed-fee agreement, for collecting and reviewing Plaintiffs' documents potentially responsive to Defendants' discovery requests; drafting and filing Plaintiffs' motions regarding sharing of material designated as Attorneys' Eyes Only and regarding Plaintiffs' responses to Defendants' requests for production, *see* Dkt. Nos. 365-2, 359-2; preparing for and taking the depositions of two of Defendants' employees in London because they refused to make themselves available in the United States; preparing for and defending the depositions of three of Plaintiffs' employees; preparing for and taking Plaintiffs' 30(b)(6) deposition; reviewing and analyzing three reports filed by Defendants'

1  technical and policy expert witnesses (Terrence McGraw, John "Jay" Town, Ty M. Shepherd); and

2  providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team

3  Members spent 827.7 hours working on this Action in August 2024.

4        58.    For the period of September 2024, Davis Polk billed Plaintiffs $1,640,000, pursuant

5  to the fixed-fee agreement, for preparing Plaintiffs' portions of joint discovery letter briefs, *see* Dkt.

6  Nos. 381, 383, 387, and Plaintiffs' responses and objections to Defendants' fifth and sixth requests

7  for production; preparing for and taking the depositions of two of Defendants' employees in London;

8  preparing for and taking the depositions of two third-party witnesses; preparing for and defending

9  Defendants' 30(b)(6) deposition; preparing for and defending the depositions of six of Plaintiffs'

10 employees; reviewing and analyzing the report of Defendants' damages expert witness (Gregory

11 Pinsonneault); drafting and filing Plaintiffs' motion for summary judgment, *see* Dkt. No. 399-2; and

12 providing ongoing strategic analysis to Plaintiffs related to this Action. Davis Polk's Core Team

13 Members spent 1,293.9 hours working on this Action in September 2024.

14       59.    For the period of October 2024, Davis Polk billed Plaintiffs $580,000, pursuant to the

15 fixed-fee agreement, for preparing Plaintiffs' portions of joint discovery letter briefs regarding

16 Plaintiffs' motion to compel discovery of Westbridge Technologies, Inc. documents, *see* Dkt. No.

17 409, Plaintiffs' request for leave to use certain information designated as Attorneys' Eyes Only, *see*

18 Dkt. No. 408, and Defendants' motion for sanctions with regard to preservation of mobile phone

19 data, *see* Dkt. No. 410-3; drafting and filing Plaintiffs' opposition to Defendants' motion for

20 summary judgment, *see* Dkt. No. 418-3; and providing ongoing strategic analysis to Plaintiffs related

21 to this Action. Davis Polk's Core Team Members spent 1,020.8 hours working on this Action in

22 October 2024.

23       60.    For the period of November 2024, Davis Polk billed Plaintiffs $110,000, pursuant to

24 the fixed-fee agreement, for drafting and filing Plaintiffs' opposition to Defendants' motion to close

25 the courtroom for the November 7, 2024 hearing, *see* Dkt. No. 458; preparing for and representing

26 Plaintiffs at the November 7, 2024 hearing, *see* Dkt. No. 460; and providing ongoing strategic

27 analysis to Plaintiffs related to this Action. Davis Polk's Core Team Members spent 728.5 hours

28 working on this Action in November 2024.

61.    For the period of December 2024, Davis Polk billed Plaintiffs $815,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' motion to strike the Second Supplemental Rebuttal Report of Defendants' damages expert, *see* Dkt. No. 490-3; drafting and filing Plaintiffs' oppositions to Defendants' motion to substitute expert, *see* Dkt. No. 495, and Defendants' motion to strike the Supplemental Report of Plaintiffs' damages expert, *see* Dkt. No. 524-3; and for preparing Plaintiffs' portion of the joint discovery letter brief regarding Defendants' motion for additional deposition of Plaintiffs' technical expert, *see* Dkt. No. 498; preparing for, managing, and participating in a two-day jury exercise to evaluate trial strategy; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 775.0 hours working on this Action in December 2024.

62.    For the period of January 2025, Davis Polk billed Plaintiffs $430,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' three motions to exclude testimony by Defendants' experts, *see* Dkt. Nos. 504-3, 508-3, 513-3; preparing for and participating in a mediation conference with Defendants, *see* Dkt. No. 542; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 779.8 hours working on this Action in January 2025.

63.    For the period of February 2025, Davis Polk billed Plaintiffs $600,000, pursuant to the fixed-fee agreement, for preparing for and taking the deposition of Defendants' expert, Joshua Minkler; drafting and filing Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 557-3; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members spent 424.6 hours working on this Action in February 2025.

64.    For the period of March 2025, Davis Polk billed Plaintiffs $900,000, pursuant to the fixed-fee agreement, for drafting and filing Plaintiffs' motion to exclude expert testimony of Joshua Minkler, *see* Dkt. No. 572-3; drafting and filing Plaintiffs' oppositions to NSO's motions to (1) postpone Plaintiffs' motion for a permanent injunction, *see* Dkt. No. 569 and (2) exclude expert testimony of Anthony Vance, *see* Dkt. No. 623-3, David Youssef, *see* Dkt. No. 625-3, and Dana Trexler, *see* Dkt. No. 629-3; trial preparation (including witness preparation, opening and closing arguments, pretrial filings, and motions *in limine, see* Dkt. Nos. 579–82, 587, 589, 591, 592-3, 595);

1  and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team

2  Members spent 910.9 hours working on this Action in March 2025.

3      65.    For the period of April 2025, Davis Polk billed Plaintiffs $430,000, pursuant to the

4  fixed-fee agreement, for drafting and filing Plaintiffs' response to order regarding NSO's motion for

5  leave to seek reconsideration, *see* Dkt. No. 707; attending two pretrial conferences, *see* Dkt. Nos.

6  681, 716; three days of trial, *see* Dkt. Nos. 723, 726, 728; and ongoing strategic analysis to Plaintiffs

7  related to this Action.  Davis Polk's Core Team Members spent 1,697.6 hours working on this Action

8  in April 2025.

9      66.    For the period of May 2025, Davis Polk billed Plaintiffs $425,000 for four days of

10  trial, *see* Dkt. Nos. 729, 731, 734, 735, and providing ongoing strategic analysis to Plaintiffs related

11  to this Action.  Davis Polk's Core Team Members spent 601.9 hours working on this Action in May

12  2025.

13      67.    For the period of June 2025, Davis Polk billed Plaintiffs $145,000, pursuant to the

14  fixed-fee agreement, for drafting and filing Plaintiffs' motion to strike NSO's supplemental brief, *see*

15  Dkt. No. 765; drafting and filing Plaintiffs' opposition to NSO's motion for a new trial, *see* Dkt. No.

16  758; and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core

17  Team Members spent 211.6 hours working on this Action in June 2025.

18      68.    For the period of July 2025, Davis Polk billed Plaintiffs $110,000, pursuant to the

19  fixed-fee agreement, for opposing NSO's motion to strike witness, *see* Dkt. No. 776; and providing

20  ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team Members

21  spent 149.2 hours working on this Action in July 2025.

22      69.    For the period of August 2025, Davis Polk billed Plaintiffs $360,000, pursuant to the

23  fixed-fee agreement, for drafting and filing Plaintiffs' revised reply in support of Plaintiffs' motion

24  for permanent injunction, *see* Dkt. No. 782; drafting and filing Plaintiffs' response to NSO's

25  objections to reply evidence, *see* Dkt. No. 787; preparing for and attending the hearing on Plaintiffs'

26  motion for a permanent injunction and NSO's motion for remittitur or a new trial, *see* Dkt. No. 792;

27  and providing ongoing strategic analysis to Plaintiffs related to this Action.  Davis Polk's Core Team

28  Members spent 403.4 hours working on this Action in August 2025.

70.     The total amount of attorney's fees that Plaintiffs seek in connection with Davis Polk's work in this Action is $13,153,333.  Pursuant to Davis Polk's fixed-fee agreement with Plaintiffs, Davis Polk billed Plaintiffs this amount in connection with this Action, in total, in its invoices from May 2020 through August 2025.  Plaintiffs have paid the billed amounts to Davis Polk.

71.     On November 21, 2025, I met and conferred with counsel for King & Spalding for the purpose of attempting to resolve any disputes with respect to Plaintiffs' Motion for Attorney's Fees. The parties did not reach an agreement regarding the attorney's fees that Plaintiffs are seeking.


I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 26th day of November 2025 in Redwood City, California.


By:   */s/ Micah G. Block*
         Micah G. Block

Decl. of Micah G. Block in Supp. of Pls.' Mot. for Attorney's Fees - Case No. 4:19-cv-07123-PJH