1 | CATALINA VERGARA (S.B. #223775)
cvergara@omm.com
2 | 400 South Hope Street, 19th Floor
Los Angeles, California 90071-2811
3 | Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407
4 |
5 | JEFFREY A. N. KOPCZYNSKI (*pro hac vice*)
jkopczynski@omm.com
6 | O'MELVENY & MYERS LLP
1301 Avenue of the Americas
7 | Suite 1700
New York, New York 10019-6022
8 | Telephone:  +1 212 326 2000
Facsimile:  +1 212 326 2061
9 |
Attorneys for Plaintiffs
10 | WhatsApp LLC and Meta Platforms, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., | Case No. 4:19-cv-07123-PHJ |
| Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL SUPPLEMENTAL DECLARATION OF CATALINA VERGARA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXHIBIT A TO THE SUPPLEMENTAL DECLARATION OF CATALINA VERGARA** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 5.2 and Civil Local Rules 7-11 and 79-5, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. respectfully move this Court for an order granting leave to file under seal (1) an unredacted version of the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees and (2) Exhibit A to the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees.

As set forth below and in the accompanying Declaration of Catalina Vergara in Support of Plaintiffs' Administrative Motion to Seal ("Vergara Sealing Decl."), good cause exists for sealing these documents to preserve the confidentiality of competitively sensitive business information about Plaintiffs' retention of and negotiated fee arrangement with O'Melveny & Myers LLP as counsel. Sealing is warranted to protect both Plaintiffs and O'Melveny from the competitive harm that they would suffer if their business operations and pricing agreements were publicly disclosed. The proposed sealing is narrowly tailored, and no less restrictive alternative would be sufficient to protect Plaintiffs and O'Melveny from the threat of being put at a potential unfair business disadvantage. Accordingly, Plaintiffs hereby submit that good cause exists to seal this information and respectfully asks the Court to grant leave to file the aforementioned materials under seal.

## II. LEGAL STANDARD

Judicial records filed with a non-dispositive motion are not subject to a strong presumption of public access. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). Where, as here, a motion to seal is filed in conjunction with a non-dispositive motion, such as a motion for attorney's fees, the moving party must only meet the lower "good cause" standard of Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (applying good cause standard to a motion to seal directed at a motion for attorneys' fees). Under Rule 26(c), a court may, for good cause, seal documents "to protect a party or

1  person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.
2  P. 26(c).  This standard requires a "particularized showing" that "specific prejudice or harm will
3  result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
4  F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted).

5        Even under more exacting standards requiring "compelling reasons" for sealing, courts
6  routinely permit sealing of confidential business information that could subject litigants and third
7  parties to competitive harm if disclosed.  *See, e.g.*, *In re Electronic Arts*, 298 F. App'x 568, 569
8  (9th Cir. 2008) (stating that compelling reasons may exist if sealing is required to prevent
9  documents from being used "as sources of business information that might harm a litigant's
10 competitive standing") (quotation omitted); *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at
11 *5 (N.D. Cal. June 30, 2015) (explaining that courts "regularly find that litigants may file under
12 seal contracts with third parties that contain proprietary and confidential business information.").

### III. THE COURT SHOULD PERMANENTLY SEAL CONFIDENTIAL PRICING INFORMATION ABOUT PLAINTIFFS' RETENTION OF O'MELVENY

15       The Court should permit Plaintiffs to redact the Supplemental Declaration of Catalina
16 Vergara and file under seal Exhibit A to that declaration because these documents contain
17 confidential and competitively sensitive information and public dissemination of this information
18 would cause substantial harm.

19       As the Supreme Court and the Ninth Circuit have recognized, courts may permissibly seal
20 judicial records that present "business information that might harm a litigant's competitive
21 standing" if publicly disclosed.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see,
22 e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018).
23 Following this precedent, courts in this district routinely permit sealing of competitively sensitive
24 business information to protect litigants' privacy interests and prevent economic harm and
25 competitive disadvantage.  *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D.
26 Cal. Sept. 5, 2018) (granting motion to seal "information that may cause Kellogg competitive
27 harm if disclosed, such as information about Kellogg's business strategies and internal
28

1  decisionmaking, product formulations, and confidential finances"); *Philips v. Ford Motor Co.*,
2  2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (recognizing that a "need to avoid
3  competitive disadvantage in contract negotiations and undercutting by competitors is a
4  compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2
5  (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing
6  strategy, business decisionmaking, and financial records").

   The confidential business information in the Supplemental Declaration of Catalina Vergara and Exhibit A to that declaration provides good cause to permit Plaintiffs to file these documents under seal. These documents reflect the particular financial details of a specialized compensation arrangement between Plaintiffs and O'Melveny for a significant, high-profile litigation. Vergara Sealing Decl. ¶ 7. After considerable negotiations, Plaintiffs and O'Melveny agreed to a unique alternative fee arrangement where some work was billed at fixed fee and some was billed at a discounted hourly rate. *Id*. Plaintiffs now seek to seal the agreed-upon pricing for O'Melveny's legal services as reflected in the Supplemental Declaration of Catalina Vergara and Exhibit A to that declaration. *See TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (granting motion to seal "'confidential business information' concerning special fee arrangements between [counsel] and Defendant").

   Public disclosure of the pricing terms of this arrangement would be detrimental to both Plaintiffs' and O'Melveny's business interests. Vergara Sealing Decl. ¶ 8. For Plaintiffs, potential business partners for legal services would gain an unfair advantage in future negotiations from improper insight into Plaintiffs' contractual positions, business priorities, and negotiation strategies. *Id*. ¶ 9. This would constrain Plaintiffs' ability to negotiate beneficial terms with attorneys in the future, putting it at a significant disadvantage in securing cost-effective legal services. *Id*. O'Melveny would similarly face competitive harm from public disclosure of their negotiated pricing arrangement. *Id*. ¶ 10. O'Melveny would suffer an unfair competitive disadvantage in the market for legal services and be constrained in its ability to secure new clients at favorable rates. *Id*. Moreover O'Melveny's competitor law firms would have precise insight into how O'Melveny markets and sells its professional services. *Id*. And

importantly, there is no plausible need for the public to have access to this highly-competitive information, as it has no bearing on the claims and defenses of the underlying litigation (in which Plaintiffs' prevailed). *Id.* ¶ 11.

Plaintiffs' proposed redactions to the Supplemental Declaration of Catalina Vergara are narrowly tailored to cover only the specific amount of the agreed-to fixed fee that Plaintiffs paid for O'Melveny's work. *Id.* ¶ 12. Given that Exhibit A to the Supplemental Declaration of Catalina Vergara is comprised entirely of confidential pricing information, sealing it in its entirety is the most narrowly tailored way to protect Plaintiffs' and O'Melveny's confidential business information from competitive harm. *Id.* ¶ 13. Redacting a public version of Exhibit A would neither be appropriate nor feasible to maintain the privacy and competitive interests at stake. *Id.*

## IV.  CONCLUSION

For the foregoing reasons, and for the reasons stated in the Vergara Sealing Declaration, filed herewith, Plaintiffs respectfully requests that the Court grant this motion.

Dated: January 7, 2026

**O'MELVENY & MYERS LLP**
CATALINA VERGARA

By_____
Catalina Vergara

Attorneys for Plaintiffs
WhatsApp LLC and Meta Platforms, Inc.