1  CATALINA VERGARA (S.B. #223775)
   cvergara@omm.com
2  400 South Hope Street, 19th Floor
   Los Angeles, California 90071-2811
3  Telephone:  +1 213 430 6000
   Facsimile:  +1 213 430 6407
4
5  JEFFREY A. N. KOPCZYNSKI (*pro hac vice*)
   jkopczynski@omm.com
   O'MELVENY & MYERS LLP
6  1301 Avenue of the Americas
   Suite 1700
7  New York, New York  10019-6022
   Telephone:     +1 212 326 2000
8  Facsimile:     +1 212 326 2061

9  Attorneys for Plaintiffs
   WhatsApp LLC and Meta Platforms, Inc.
10

11              UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   OAKLAND DIVISION

14

15
   WHATSAPP LLC and META PLATFORMS,       Case No. 4:19-cv-07123-PHJ
16 INC.,
                                          **DECLARATION OF CATALINA**
17            Plaintiffs,                 **VERGARA IN SUPPORT OF**
                                          **PLAINTIFFS' ADMINISTRATIVE**
18     v.                                 **MOTION TO SEAL**

19 NSO GROUP TECHNOLOGIES LIMITED
   and Q CYBER TECHNOLOGIES LIMITED,
20
              Defendants.
21

22

23

24

25

26

27

28

VERGARA DECL. ISO PLAINTIFFS' ADMIN. MOT. TO SEAL

I, Catalina Vergara, declare as follows:

1.    I am an attorney licensed to practice in the State of California.  I am a partner at O'Melveny & Myers LLP, counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. in this action.  I submit this declaration in support of Plaintiffs' Administrative Motion to Seal the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees and Exhibit A to the Supplemental Declaration.

2.    The matters stated herein are based on my personal knowledge and, if called upon, I could and would testify competently to them.

3.    Attached hereto as **Exhibit 1** is an unredacted version of the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees.  Exhibit 1 reflects the amount O'Melveny invoiced and Plaintiffs paid under the agreed-to fixed fees for O'Melveny's work in the underlying litigation.

4.    Attached hereto as **Exhibit 2** is Exhibit A to the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees.  Exhibit 2 contains a table indicating the negotiated hourly rates invoiced and paid by Plaintiffs' for the six attorneys described in my earlier declaration.

5.    I am making this Declaration pursuant to Local Rule 79-5 to establish that good cause exist to grant Plaintiffs' Administrative Motion to Seal and permit Plaintiffs to file the aforementioned materials under seal.

6.    The documents attached hereto as Exhibits 1 and 2 contain confidential business information that would harm Plaintiffs' and O'Melveny's competitive standing if publicly disclosed, providing good cause to permit Plaintiffs to file them under seal.

7.    As explained in the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees, O'Melveny was retained for this significant, high-profile litigation under an alternative fee arrangement after considerable negotiations.  Plaintiffs and O'Melveny agreed to a unique arrangement where some work was billed at fixed fee and some was billed at a discounted hourly rate.  Exhibits 1 and 2 reflect the particular financial details of that specialized compensation arrangement between Plaintiffs and O'Melveny.

8.      Public disclosure of the pricing terms of this arrangement would be detrimental to both Plaintiffs' and O'Melveny's business interests.

9.      I understand that, for Plaintiffs, potential business partners for legal services would gain an unfair advantage in future negotiations from improper insight into Plaintiffs' contractual positions, business priorities, and negotiation strategies.  This would constrain Plaintiffs' ability to negotiate beneficial terms with attorneys in the future, putting them at a significant disadvantage in securing cost-effective legal services.

10.      O'Melveny would similarly face competitive harm from public disclosure of their negotiated pricing arrangement.  O'Melveny would suffer an unfair competitive disadvantage in the market for legal services and be constrained in its ability to secure new clients at favorable rates.  Moreover, O'Melveny's competitor law firms would have precise insight into how O'Melveny is marketing and selling its professional services.

11.      In addition, there is no plausible need for the public to have access to this highly-competitive information, as it has no bearing on the claims and defenses of the underlying litigation (in which Plaintiffs' prevailed).

12.      Plaintiffs' proposed redactions to Exhibit 1 are narrowly tailored to cover only the specific amount of the agreed-to fixed fee that Plaintiffs paid to O'Melveny.

13.      Given the pervasiveness of confidential information in Exhibit 2, sealing Exhibit 2 in its entirety is the most narrowly tailored way to protect Plaintiffs' and O'Melveny's confidential business information from competitive harm.  Redacting a public version of the Exhibit 2 would neither be appropriate nor feasible to maintain the privacy and competitive interests at stake.

*        *        *

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on 7th day of January, 2026 in Los Angeles, California.

- 3 -

VERGARA DECL. ISO PLAINTIFFS' ADMIN. MOT. TO SEAL

By: _____

Catalina Vergara, Esq.