JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL SUPPLEMENTAL DECLARATION OF CATALINA VERGARA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXHIBIT A TO THE SUPPLEMENTAL DECLARATION OF CATALINA VERGARA [DKT. 828]** <br><br> Action Filed: 10/29/2019 |

The Court should deny Plaintiffs' administrative motion to seal the supplemental declaration of Catalina Vergara and Exhibit A to that declaration. Throughout this case, the Court has stringently enforced the "general principle in favor of public access to federal court records." (Dkt. 784 at 1; Dkt. 633 at 1.) Plaintiffs do not provide sufficient good cause to override that presumption with respect to Ms. Vergara's supplemental declaration or Exhibit A.

Plaintiffs seek to seal the amount of fees and hourly rates they allegedly paid O'Melveny & Myers in this case. But, "[a]s explained by numerous courts in this district, attorney rates and hours are generally not considered privileged information that is sealable." *Aylus Networks, Inc. v. Apple Inc.*, 2016 WL 1252778, at *1 (N.D. Cal. Mar. 30, 2016); *e.g.*, *Grouse River Outfitters Ltd. v. Oracle Corp.*, 2019 WL 8752333, at *2 (N.D. Cal. Sept. 27, 2019); *Location Based Servs., LLC v. Niantic, Inc.*, 2018 WL 7569160, at *4 (N.D. Cal. Feb. 16, 2018); *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 386345, at *4 (N.D. Cal. Jan. 27, 2017); *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013); *Ferrington v. McAfee, Inc.*, 2013 WL 3814474, at *2 (N.D. Cal. July 22, 2013); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2013 WL 707918, at *1-2 (N.D. Cal. Feb. 26, 2013). Indeed, Plaintiffs are *not* seeking to seal fee amounts or billing rates for their other counsel (*e.g.*, Dkt. 827-1), confirming that such information is not sufficiently sensitive to override the strong presumption in favor of public access to court records. *See Ferrington*, 2013 WL 3814474, at *2 (denying motion to seal billing rates when plaintiff did not seal other rates). Plaintiffs simply are "not allowed to petition the Court for fees but hide from the public the basis for [their] request." *Muench*, 2013 WL 6698465, at *2.

It makes no difference that Plaintiffs claim to have negotiated O'Melveny's rates. "Billing rates for legal services, *even discounted ones*, are not entitled to be sealed." *Muench*, 2013 WL 6698465, at *2 (emphasis added). Courts thus require the public disclosure of "negotiated rates" to the same extent as other rates. *Id.*; *see, e.g.*, *Slot Speaker*, 2017 WL 386345, at *4 (finding no "good cause to seal documents containing or discussing [Apple's] counsels' hourly rates and the rates it negotiates with certain litigation vendors, particularly where, as here, Apple seeks an award of reasonable expenses and attorneys' fees"); *Aylus Networks*, 2016 WL 1252778, at *2 (denying

request to seal "negotiated billing rates"); *Linex*, 2014 WL 6901744, at *1 (denying request to seal rates "negotiated in a confidential agreement between [defendant] and its law firm").[1]  Moreover, this Court has already "squarely rejected [P]laintiffs' argument to seal any documents under the 'sensitive business information' rationale." (Dkt. 784 at 4.)  Here too, Plaintiffs' "recitations of business/commercial interests" do not support sealing presumptively public information. (Dkt. 633 at 8; *see id.* at 5.)  Accordingly, the Court should deny Plaintiffs' motion and order them to file unredacted versions of Ms. Vergara's supplemental declaration and Exhibit A to that declaration.

Even if Plaintiffs were entitled to seal some billing information, they have not narrowly tailored their redactions of Exhibit A.  It plainly is not true that Exhibit A "is comprised entirely of confidential pricing information." (Dkt. 828 at 5.)  The names and titles of Plaintiffs' attorneys are not confidential, and neither are entries reflecting that certain lawyers did not work on this case in certain years.  (*See* Vergara Supp. Decl., Exh. A.)  As this Court has previously held, because Plaintiffs "request[ed] the sealing of an entire document when it would have been possible to instead redact the [supposedly] sensitive information," their request to seal Exhibit A should be denied in full.  (Dkt. 633 at 4.)

Dated: January 12, 2026                                KING & SPALDING LLP

                                                       By: *Joseph N. Akrotirianakis*
                                                       JOSEPH N. AKROTIRIANAKIS
                                                       AARON S. CRAIG

---

[1] *See also Ferrari Fin. Servs., Inc. v. Paulauskas*, 2025 WL 1543609, at *1 (C.D. Cal. Jan. 15, 2025) (rejecting argument that "disclosing the billing rates would allegedly harm counsel's ability to negotiate fee arrangements"); *Orthopaedic Hosp. v. Encore Med., L.P.*, 2021 WL 5449041, at *5 (S.D. Cal. Nov. 19, 2021) (denying request to seal "discounted rate negotiated by" law firm); *U.S. ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *6-7 (E.D. Cal. Oct. 23, 2015) (denying request to seal "specifically negotiated" billing rates);