1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1600
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             OAKLAND DIVISION

11

12 | WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, | Case No. 4:19-cv-07123-PJH |
   | --- | --- |
   |  | **DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE [L.R. 7-3(d)]** |
   | Plaintiffs, |  |
   | v. | Action Filed: 10/29/2019 |
   | NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, |  |
   | Defendants. |  |

The Court should strike or disregard the evidence submitted with Plaintiffs' reply in support of their motion for attorneys' fees, specifically: the Declaration of Phillip E. Morton (Dkt. 827-1), the Supplemental Declaration of Catalina Vergara (Dkt. 827-2), and Exhibit A to the Supplemental Vergara Declaration (*id.*). The Morton Declaration purports to provide attorney information, billing rates, hours, and fees for Plaintiffs' lawyers at Cooley LLP. The Supplemental Vergara Declaration and Exhibit A purport to provide similar information for Plaintiffs' lawyers at O'Melveny & Myres. Plaintiffs could and should have submitted this evidence with their motion, but instead they waited to submit it for the first time with their reply. Because "[i]t is well accepted that raising of new issues and submission of new facts in a reply brief is improper," *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (Hamilton, J.) (cleaned up), the Court should strike or disregard Plaintiffs' new evidence when ruling on their motion.

Courts routinely exclude new reply evidence in the context of motions for attorneys' fees. *E.g.*, *Franchek v. Workrite Ergonomics, LLC*, 2022 WL 3137928, at *13 (N.D. Cal. May 9, 2022), *report and recommendation adopted*, 2022 WL 3137918 (N.D. Cal. May 31, 2022); *B. v. Morgan Hill Unif. Sch. Dist.*, 2022 WL 4371003, at *5 (N.D. Cal. Sept. 21, 2022); *Wise v. Monterey Cnty. Hosp. Ass'n Health & Welfare Plan*, 2021 WL 308521, at *7 (N.D. Cal. Jan. 28, 2021).[1] In particular, courts exclude declarations just like Plaintiffs', which seek for the first time to substantiate the amount and reasonableness of a fees request. *E.g.*, *Maldonado*, 2024 WL 1092913, at *2; *Enter. Mgmt.*, 2024 WL 3650693, at *2; *Daramy*, 2022 WL 2916574, at *3; *Kennedy*, 2018 WL 2949469, at *4; *Comp. Econ.*, 1999 WL 33178020, at *9 n.10.

As in those cases, Plaintiffs may not use their reply brief to offer new evidence of "the number of hours expended" by their attorneys, "the attorney[s'] hourly rates," or "summaries of

---

[1] *See also, e.g.*, *Enter. Mgmt. Ltd. v. Construx Software Builders, Inc.*, 2024 WL 3650693, at *2 (W.D. Wash. Aug. 5, 2024), *aff'd*, 2025 WL 2255095 (9th Cir. Aug. 7, 2025); *Maldonado v. I.C. Sys., Inc.*, 2024 WL 1092913, at *2 (E.D. Cal. Mar. 13, 2024); *Daramy v. Arctic Storm Mgmt. Grp. LLC*, 2022 WL 2916574, at *3 (W.D. Wash. July 25, 2022); *Hood River Cnty. Sch. Dist. v. Student*, 2022 WL 1153986, at *9 (D. Or. Apr. 19, 2022); *E.S. v. Conejo Valley Unif. Sch. Dist.*, 2019 WL 1598756, at *7 (C.D. Cal. Mar. 27, 2019); *Kennedy v. Berryhill*, 2018 WL 2949469, at *4 (W.D. Wash. June 13, 2018); *ThermaPure, Inc. v. Water Out Or., Inc.*, 2013 WL 173013, at *1 (W.D. Wash. Jan. 16, 2013); *Davis v. Sundance Apartments*, 2008 WL 3166479, at *3 (E.D. Cal. Aug. 5, 2008); *Comp. Econ., Inc. v. Gartner Grp., Inc.*, 1999 WL 33178020, at *9 n.10 (S.D. Cal. Dec. 14, 1999).

the work performed throughout the case." *Comp. Econ.*, 1999 WL 33178020, at *9 n.10. Plaintiffs do not and cannot "identify any reason why th[is] new [evidence] could not have been [submitted] earlier when [they] filed [their] motion for attorney's fees." *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 1569151, at *4 n.5 (N.D. Cal. Apr. 17, 2014). Rather than responding to some "novel argument presented by Defendants" in their opposition, *Daramy*, 2022 WL 2916574, at *3, Plaintiffs' "declarations appear to be simply an attempt to add additional layers of affirmative (not reactive) evidence regarding the reasonableness of [their attorneys'] hourly rates." *E.S.*, 2019 WL 1598756, at *7. But Plaintiffs were "required to provide sufficient documentation for all hours requested in the motion for attorney's fees," *Wise*, 2021 WL 308521, at *7, and "it is improper to attempt to introduce evidence in a reply that could—and should—have been submitted in the party's moving papers," *E.S.*, 2019 WL 1598756, at *7; *see also Enter. Mgmt.*, 2024 WL 3650693, at *2 (holding new billing evidence was "relevant to the arguments raised in [p]laintiffs' [m]otion … and should have been submitted at that time").

Plaintiffs' late submission of their evidence prejudiced Defendants by "depriv[ing] [them] of the opportunity to address the moving party's specific evidence." *E.S.*, 2019 WL 1598756, at *7. If Plaintiffs had submitted the evidence with their motion, Defendants could have responded to that evidence in their opposition and explained why it does not support Plaintiffs' fees request. Plaintiffs' sandbagging unfairly robbed Defendants of that opportunity. *See Franchek*, 2022 WL 3137928, at *13 (holding plaintiffs "could and should have included records" with their motion, "which would have afforded Defendants the opportunity to object to them"); *Hood River*, 2022 WL 1153986, at *9 (finding "failure" to submit evidence before reply "was prejudicial because [defendant] was not given the opportunity to object to [billed] time or to object to the hourly rate"). Because Defendants now "lack[] any opportunity to respond to [Plaintiffs'] late-submitted evidence," it should be stricken or disregarded. *Karpenski v. Am. Gen. Life Cos.*, 999 F. Supp. 2d 1235, 1241 (W.D. Wash. 2014).

Dated: January 12, 2026                                  KING & SPALDING LLP

                                                         By: *Joseph N. Akrotirianakis*
                                                         JOSEPH N. AKROTIRIANAKIS