# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

_____

| | |
|---|---|
| WHATSAPP, INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | DOCKET NO. 4:19-CV-7123-PJH<br><br>(Pages 1 through 222)<br><br><br><br><br><br>Oakland, California<br>Thursday, August 28, 2025<br>10:04 a.m. |

_____

TRANSCRIPT OF MOTION HEARING PROCEEDINGS
MOTION FOR PERMANENT INJUNCTION
and MOTION FOR NEW TRIAL

**BEFORE THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE**

*MELANIE L. HUMPHREY-SONNTAG, RDR, CRR, CRC*
*Federal Official Court Reporter*
*2120 Capitol Avenue, Room 2228, Cheyenne, WY 82001*
*307.433.2169 * MelanieSonntagCRR@gmail.com*

*Proceedings reported remotely with realtime stenography; transcript produced with computer-aided transcription.*

BY MR. ANDRES:

Q.   Mr. Blaich, I've handed you an exhibit binder.

I'd ask you to look at the first exhibit behind Tab A.

And it's marked for identification as -- or at least the tab is -- WA-NSO-00195088.

Have you seen that document before?

A.   Yes.

Q.   And what is it?

A.   The document here is a screenshot of a chat application that within it also contains a -- a photograph of -- looks to be -- an administrative console.

Q.   Okay.  And this is from December 2023?

A.   I believe so, yes.

Q.   Were these documents prepared in the ordinary scope of business at Meta?

MR. AKROTIRIANAKIS:  Objection; no foundation.

THE COURT:  I think that's what he's trying to establish.

Overruled.  Overruled.

A.   Yes.

BY MR. ANDRES:

Q.   Were these documents stored after they were prepared?

A.   Yes.

Q.   And were the documents retrieved from Meta?

A.  Yes.

Q.  It's part of the normal course of business to keep these records?

A.  It is, yes.

Q.  Are these the types of records that would be kept under the custody and control of Meta?

A.  Yes.

MR. ANDRES:  Your Honor, I'd move to admit Exhibit A.

THE COURT:  Objection?

MR. AKROTIRIANAKIS:  Your Honor, I agree that counsel has read the business records foundation, but there's no -- there's no foundation from this witness that he's familiar with any of the facts that he just said yes to.  That's the foundation objection.

THE COURT:  Overruled.

MR. AKROTIRIANAKIS:  And it's also hearsay within hearsay, Your Honor.  Counsel's questions even -- if the Court accepts this as a business record, takes care of one level of hearsay.  As we stated in our written objections, there's -- it doesn't at all address the underlying layer.

THE COURT:  Okay.

MR. ANDRES:  Until --

THE COURT:  Overruled.  Received.

(Plaintiffs' Exhibit A received into evidence.)

///

MR. AKROTIRIANAKIS:  Thank you, Your Honor.

THE COURT:  You're welcome.

(Discussion held at the podium.)

BY MR. ANDRES:

Q.  Okay.  You can put that aside.  You can take a look at the second exhibit, WA-NSO-00195086.  Do you see that after Tab 2?

MR. ANDRES:  There's nothing there because that's -- that's a video that we're going to show, Your Honor.

Go ahead.  I'm going to show it to the witness first.

(Plaintiffs' Exhibit B played.)

THE COURT REPORTER:  Your Honor, can you please ask the witness to pause to allow for better transmission.  Thank you.

(Reporter seeks clarification.)

THE COURT:  Okay.  You're welcome.

MR. ANDRES:  Okay.  For the record, Your Honor, we've shown the video to the witness, the Court, and defense counsel.  We've also produced it to defense counsel.

Now I'm going to address the witness.

BY MR. ANDRES:

Q.  Mr. Blaich, is this a video that you've seen before?

A.  Yes.

Q.  Okay.  And is this a video that was prepared in the ordinary course of business at Meta?

A.  Yes.

Q.   And is the video stored after it was prepared at Meta?

A.   Yes.

Q.   And where was it retrieved from?

A.   Our Cases system.

Q.   And it's part of the regular, ordinary course of business that you maintain these records?

A.   Yes.

Q.   And are these the type of documents that you keep under your custody or control?

A.   Yes.

        MR. ANDRES:  Your Honor, I move to admit Exhibit B, the video.

        MR. AKROTIRIANAKIS:  Hearsay, no foundation from this witness, Your Honor.

        THE COURT:  All right.  Overruled.  It may be admitted.

    (Plaintiffs' Exhibit B received into evidence.)

        MR. ANDRES:  And can we have the same standing objection, Your Honor, for the rest of this witness?

        THE COURT:  Yes, we may.

        MR. ANDRES:  Thank you.

        THE COURT:  Assuming Mr. Akrotirianakis -- assuming you object to everything this witness says about this exhibit.

        MR. AKROTIRIANAKIS:  It's not that I object to everything he says, only the questions where there's no

it delivered so that that's sophisticated.

There's also testing and quality assurance activity to ensure that . . . that the implant is collecting the data correctly and it's working properly.

Typically in the testing system -- typically in testing activity that we see, we see potentially less sophistication, potentially less concern around what we would term an operational security, which is determining who's actually behind the activity itself.  And so in those cases, like we see in these examples, we're seeing logos of the company where the activity is coming from.

MR. ANDRES:  Okay.  Thank you.

I'm going to . . . retrieve that computer.

BY MR. ANDRES:

Q.  Can I ask you now to look at the final exhibit in the binder, which I'm going to mark for identification as C? That's identified behind the tab WA-NSO-00195078.

Do you see that?

A.  I do, yes.

Q.  Can you explain to me what's depicted in that exhibit?

A.  This is a -- another image that we found from the testing account.

And within that image we're seeing a bunch of items from a desk, desk toys, cables, as well as an NSO notebook with the logo on it.

Q.   And that -- when you say the same "account," what do you mean by that?

A.   The Gil Daboush account.

Q.   Okay.  And what is the Gil Daboush account?  Who is that associated with?

A.   We -- we have it associated with NSO.

Q.   Okay.  And in terms of the date when this was -- this photograph was identified, is it fair to say it was on or about October 2024?

A.   Yes.

          MR. AKROTIRIANAKIS:  Leading.

          THE COURT:  Overruled.

A.   (Continuing.)  Yes.

BY MR. ANDRES:

Q.   Was this document prepared in the ordinary course of business at Meta?

A.   Yes.

Q.   And was that document stored after it was prepared?

A.   Yes.

Q.   Where was the document retrieved from?

A.   Within Cases.

Q.   Is it a regular part of the business to keep and maintain records of this type?

A.   Yes.

Q.   Are these the documents and types that you'd keep under

custody and control at Meta?

A.   Yes.

MR. ANDRES:  Move to admit Exhibit C, Your Honor.

THE COURT:  Objection?

MR. AKROTIRIANAKIS:  Hearsay, foundation.

THE COURT:  All right.  Those objections are overruled.  It's admitted.

(Plaintiffs' Exhibit C received into evidence.)

THE COURT:  You said the last two digits were 78. The last two digits are, in fact, 87.

MR. ANDRES:  Sorry.  Yes, Your Honor.  Sorry.

THE COURT:  Yeah.

MR. ANDRES:  Let me just read it from the beginning so the record's clear, WA-NSO-00195087.

Thank you for that, Your Honor.

BY MR. ANDRES:

Q.   Mr. Blaich, can you describe what you see in this exhibit?

A.   Yes, I can.

Q.   What is it?  Go ahead.

A.   Yes.

So there's -- there's a notebook which has the NSO logo on it.  We're also seeing what look to be charging cables for different phones and a bunch of desk accessories, as well.

Q.   And, based on your investigation at WhatsApp, do you have an understanding if this photograph was an example of testing

C E R T I F I C A T E

I, MELANIE HUMPHREY-SONNTAG, Federal Official Court Reporter for the United States District Court for the District of Wyoming, a Registered Diplomate Reporter, Certified Realtime Reporter, and Certified Realtime Captioner, do hereby certify that I remotely reported by realtime stenography the foregoing proceedings contained herein on the aforementioned subject on the date herein set forth and that the foregoing pages constitute a full, true, and correct transcript.

Dated this 2nd day of September, 2025.

/s/ Melanie Humphrey-Sonntag

_____

MELANIE HUMPHREY-SONNTAG
RDR, CRR, CRC
Federal Official Court Reporter