# EXHIBIT A

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
             antonio.perez@davispolk.com
             luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS IN AID OF JUDGMENT TO DEFENDANTS** |

**PROPOUNDING PARTY**:    PLAINTIFFS WHATSAPP LLC and META PLATFORMS, INC.

**RESPONDING PARTY**:    DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

**SET NO**:    One (Nos. 1–20)

In accordance with Rules 26, 34, and 69 of the Federal Rules of Civil Procedure, Civil Local Rule 33, and California Code of Civil Procedure § 708.020, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited produce and permit the inspection and copying of the Documents and things described below, within thirty (30) days of service.

## DEFINITIONS

1. The following definitions shall apply to each of the succeeding requests for production of documents (the "Requests," and each a "Request"). Terms not specifically defined below shall have their ordinary and usual meanings.

2. "Affiliate" means, with respect to any person or entity, any other person that directly or indirectly controls, is controlled by, or is under common control with such person or entity. For the purposes of this definition, the term "control," when used with respect to any person or entity, means the power to direct or cause the direction of the management or policies of such person or entity, directly or indirectly, whether through the ownership of voting securities, by contract, or otherwise, and the terms "controlling" and "controlled" have correlative meanings.

3. "Communication" means information or data that is transmitted either orally or electronically.

4. "Document" means any items described in Federal Rule of Civil Procedure 34(a)(1) or any "writing" within the meaning of Federal Rule of Evidence 1001, and all preliminary and final drafts of any such items.

5. "Financial Accounts" means any account or repository used to hold, transfer, receive, invest, or store funds, monetary value, or financial instruments, whether maintained at a financial institution or otherwise, including but not limited to bank accounts (such as checking, savings, de-

1

mand deposit, or time deposit accounts), brokerage or securities accounts, investment accounts, custodial accounts, merchant accounts, escrow accounts, trust accounts, payment processor accounts, digital payment accounts, or cryptocurrency or digital asset wallets or accounts, whether maintained in Your name, jointly with another person, or for Your benefit.

6.      "Each" shall include the word "every" and "every" shall include the word "each."

7.      "Person" means any natural person or legal entity, including any individual, trust, estate, entity (including but not limited to sole proprietorship, partnership, joint venture, company, or corporation), organization, association, group, government, or governmental body (including but not limited to any governmental agent, representative, agency, bureau, department, committee, or commission).

8.      "Subsidiary" means any entity in which You own, directly or indirectly, 50% or more of the equity interests or voting power.

9.      "You," and "Your" means NSO Group Technologies Limited and Q Cyber Technologies Limited, as well as their affiliates, predecessors, parents, subsidiaries, divisions, officers, employees, agents, principals, beneficial owners, and attorneys, and each Person acting or purporting to act on their behalf or under their control.

## INSTRUCTIONS

1.      For the purposes of reading, interpreting, or construing the scope of these Requests, the terms shall be given their most expansive and inclusive interpretation.

2.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      The specifications of the Requests are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender include both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all Documents that might otherwise be construed to be outside of its scope; the words "all," "any" and "each" shall each be construed as encompassing "any and all."

4.      These Requests shall be deemed to seek answers as of the date hereof and to the full

extent of the Federal Rules of Civil Procedure.  Furthermore, these Requests are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely supplement Your prior responses to the Requests if You learn that the responses are in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

5.    If You cannot answer any Request fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) answer such Request to the extent possible; (2) specify the portion of such Request that you are unable to answer fully, completely, and in detail; and (3) state the reason why such portion cannot be so answered. If Your response is qualified in any particular respect, set forth the details of such qualification.

6.    If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the Request to which such information is responsive.

7.    If any Document, or any part of a Document, called for by these Requests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond Your possession, custody or control, You are to furnish a list identifying each such Documents by: (a) date; (b) author; (c) recipient(s); (d) type of Documents (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the Document's present or last-known location or custodian; (g) the date of the Document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the Person authorizing such destruction or other disposition.

8.    If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the Request and/or supply the unobjectionable information requested.

9.    If You object that a term or phrase is vague, ambiguous or indefinite, then provide Your understanding of the term or phrase and respond accordingly.

10.    Defined terms may or may not be capitalized; the given definitions apply even if a term in question is not capitalized.  No waiver of definition is implied by the use of a defined term in a non-capitalized or lowercase form.

3

11. Unless otherwise indicated, the Relevant Time Period for these Requests is January 9, 2023 through and including the date on which You complete production in compliance with these Requests.

12. For the avoidance of doubt, any references to a corporation, partnership, proprietorship, association, organization or any other business or legal entity shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

13. These Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or claim, including but not limited to, in connection with any motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request served by Defendants, nor shall they be construed as an admission of fact.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents concerning Your corporate governance, formation, capitalization, ownership, financing, and organizational structure during the Relevant Time Period, including corporate charters, certificates of incorporation or formation, shareholder agreements, partnership agreements, operating agreements, merger agreements, equity purchase or sale agreements, loan or credit agreements, qualifications to do business, by-laws, and minutes (including board and committee minutes and resolutions).

**REQUEST NO. 2:**

Documents sufficient to identify any Person with a membership or any other ownership interest in You, whether direct or indirect, during the Relevant Time Period.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION IN AID OF JUDGMENT - CASE NO. 4:19-CV-07123-PJH

**REQUEST NO. 3:**

Documents sufficient to identify: (a) each Subsidiary or Affiliate of Yours during the Relevant Time Period; and (b) each partnership, limited liability company, corporation, trust, joint venture, or other entity in which You have had any direct or indirect ownership or beneficial interest during the Relevant Time Period, including, for each such entity: (i) its jurisdiction of organization; (ii) its principal place of business; (iii) its organizational form; and (iv) the nature and extent of Your ownership or beneficial interest.

**REQUEST NO. 4:**

Documents sufficient to identify (a) payments, distributions, or compensation made during the Relevant Time Period to any officer, manager, member, or equity holder; and (b) any capital contributions provided to You during the Relevant Time Period.

**REQUEST NO. 5:**

Documents sufficient to identify any debts or receivables owed to You during the Relevant Time Period, including but not limited to loans, receivables, liabilities, letters of credit, or other obligations, including without limitation, Documents concerning the nature, amount, balance, debtor or required payor, and the date of each such debt or receivable.

**REQUEST NO. 6:**

Documents sufficient to identify any issuances of bonds, notes, warrants, or any other type of security by or for the benefit of You or pursuant to which any property, assets, or proceeds flow to You or payments are made to, by, or for Your benefit.

**REQUEST NO. 7:**

Documents sufficient to identify persons with authority to bind or transfer assets on Your behalf during the Relevant Time Period.

**REQUEST NO. 8:**

All financial statements for the Relevant Time Period, including but not limited to balance sheets, profit and loss statements, cash flow statements, annual or periodic reports, earnings statements, reconciliation reports, and operating statements.

5

**REQUEST NO. 9:**

Documents sufficient to identify all Financial Accounts maintained in Your name or for Your benefit during the Relevant Time Period.

**REQUEST NO. 10:**

For each account identified in response to Request No. 9, produce for each such account: (a) account opening Documents; (b) Documents sufficient to identify current and historical balances during the Relevant Time Period; (c) Documents sufficient to identify account signatories; and (d) transaction history for the Relevant Time Period.

**REQUEST NO. 11:**

All federal, state, and foreign tax returns filed during the Relevant Time Period.

**REQUEST NO. 12:**

All insurance policies under which You are an insured or beneficiary during the Relevant Time Period.

**REQUEST NO. 13:**

Documents sufficient to identify any valuation of Your business or assets during the Relevant Time Period, including but not limited to Documents concerning formal or informal appraisals, valuations, estimates of value, suggested prices or values, market prices, offers or demands, proposals, invitations, or pro forma indications or characterizations of value.

**REQUEST NO. 14:**

Documents sufficient to identify any debt collection efforts against or by You, including without limitation bankruptcy proceedings in which you were a debtor or creditor, or in which You have or had an interest of any kind.

**REQUEST NO. 15:**

Documents sufficient to identify real property and personal property owned or controlled by You during the Relevant Time Period, including location and nature of ownership.

**REQUEST NO. 16:**

Documents sufficient to identify intellectual property or other intangible rights owned or controlled by You.

6

**REQUEST NO. 17:**

Documents sufficient to identify any lawsuit or proceeding in court, arbitration, or any other tribunal in which You are or were a party during the Relevant Time Period, including (a) the date the lawsuit was commenced, (b) the forum of the lawsuit and the docket or other identification number, (c) the identity of the party or parties which initiated the lawsuit, (d) the nature of the lawsuit, (e) the identity of the parties to the lawsuit; and (f) the amount of damages claimed or otherwise sought.

**REQUEST NO. 18:**

Documents sufficient to identify, for any judgment against You, regardless of time period, (a) the identity of the judgment creditor(s), (b) the lawsuit in connection with which the judgment was entered; (c) the identity of any other judgment debtors, (d) the amount of the judgment, (e) the amount and date of any payments made by You with respect to the judgment, and (f) the amount presently due with respect to the judgment.

**REQUEST NO. 19:**

Documents sufficient to identify any securitizations of any property owned by You or held for the benefit of You.

**REQUEST NO. 20:**

Documents sufficient to identify any transactions, including transfers of property, whether direct or indirect, between or among You and any of Your Subsidiaries or Affiliates.

7

Dated:  March 4, 2026

DAVIS POLK & WARDWELL LLP


By:  */s/ Micah G. Block*

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
   (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:  greg.andres@davispolk.com
            antonio.perez@davispolk.com
            luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On March 4, 2026, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS IN AID OF JUDGMENT**

☒ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

| | |
|---|---|
| Joseph N. Akrotirianakis | Derek L. Shaffer |
| Aaron S. Craig | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| KING & SPALDING LLP | 555 13th Street NW, Suite 600 |
| 633 West Fifth Street, Suite 1600 | Washington, D.C. 20004 |
| Los Angeles, CA 90071 | Telephone: (202) 538-8123 |
| Telephone: (213) 443-4355 | Email: derekshaffer@quinnemanuel.com |
| Email: jakro@kslaw.com | |
| acraig@kslaw.com | Daniel Benson |
| | HERSCHMANN BENSON BOWEN LLP |
| *Attorneys for Defendants NSO Group* | 305 Broadway, 7th Floor |
| *Technologies Limited and Q Cyber* | New York, NY 10007 |
| *Technologies Limited* | Telephone: (917) 341-4628 |
| | Email: dbenson@hbb-firm.com |

I declare under penalty of perjury that the above is true and correct.

Executed on March 4, 2026 at New York, New York.

*/s/ Luca Marzorati*

Luca Marzorati

9