# EXHIBIT B

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    greg.andres@davispolk.com
          antonio.perez@davispolk.com
          luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:    micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and<br>META PLATFORMS, INC.<br><br>              Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>              Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' FIRST SET OF**<br>**INTERROGATORIES IN AID OF**<br>**JUDGMENT TO DEFENDANTS** |

**PROPOUNDING PARTY**:   PLAINTIFFS WHATSAPP LLC and META PLATFORMS, INC.

**RESPONDING PARTY**:   DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED and

Q CYBER TECHNOLOGIES LIMITED

**SET NO**:   One (Nos. 1–10)

In accordance with Rules 26, 33, and 69 of the Federal Rules of Civil Procedure, Civil Local Rule 33, and California Code of Civil Procedure § 708.020, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. request that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited respond to the following interrogatories in writing and under oath within thirty (30) days after the date of service. Each of the interrogatories is to be read in accordance with the definitions and instructions that follow.

**DEFINITIONS**

1. The following definitions shall apply to each of the interrogatories (the "Interrogatories," and each an "Interrogatory"). Terms not specifically defined below shall have their ordinary and usual meanings.

2. "Communication" means information or data that is transmitted either orally or electronically.

3. "Document" means any items described in Federal Rule of Civil Procedure 34(a)(1) or any "writing" within the meaning of Federal Rule of Evidence 1001, and all preliminary and final drafts of any such items.

4. "Each" shall include the word "every" and "every" shall include the word "each."

5. "Financial Accounts" means any account or repository used to hold, transfer, receive, invest, or store funds, monetary value, or financial instruments, whether maintained at a financial institution or otherwise, including but not limited to bank accounts (such as checking, savings, demand deposit, or time deposit accounts), brokerage or securities accounts, investment accounts, custodial accounts, merchant accounts, escrow accounts, trust accounts, payment processor accounts, digital payment accounts, or cryptocurrency or digital asset wallets or accounts, whether maintained in Your name, jointly with another person, or for Your benefit.

6. "Person" means any natural person or legal entity, including any individual, trust, estate, entity (including but not limited to sole proprietorship, partnership, joint venture, company, or corporation), organization, association, group, government, or governmental body (including but not limited to any governmental agent, representative, agency, bureau, department, committee, or commission).

7. "You," and "Your" means NSO Group Technologies Limited and Q Cyber Technologies Limited, as well as their predecessors, parents, subsidiaries, divisions, officers, employees, agents, principals, beneficial owners, and attorneys, and each Person acting or purporting to act on their behalf or under their control.

**INSTRUCTIONS**

1. For the purposes of reading, interpreting, or construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretation.

2. Unless instructed otherwise, each Interrogatory shall be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

3. The specifications of the Interrogatories are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender include both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all Documents that might otherwise be construed to be outside of its scope; the words "all," "any" and "each" shall each be construed as encompassing "any and all."

4. These Interrogatories shall be deemed to seek answers as of the date hereof and to the full extent of the Federal Rules of Civil Procedure. Furthermore, these Interrogatories are continuous in nature, and pursuant to Fed. R. Civ. P. 26(e), You are under a duty to timely supplement each prior response to an Interrogatory if You learn that the response is in some material respect incomplete or incorrect, or if any information or documents are hereafter acquired.

2

5.     If You cannot answer any Interrogatory fully, completely, and in detail, after exercising due diligence to make inquiry and secure the information necessary, so state, and (1) answer such Interrogatory to the extent possible; (2) specify the portion of such Interrogatory that you are unable to answer fully, completely, and in detail; and (3) state the reason why such portion cannot be so answered. If Your response is qualified in any particular respect, set forth the details of such qualification.

6.     If any information is withheld under a claim of privilege, so state, and (1) identify the subject matter of the allegedly privileged information; (2) identify the privilege being claimed; (3) state all facts which form the basis for Your assertion of the claimed privilege; and (4) state the paragraph and number of the Interrogatory to which such information is responsive.

7.     If You object to providing certain information requested, state Your objection and answer any unobjectionable portion(s) of the request for information and/or supply the unobjectionable information requested.

8.     If You object that a term or phrase is vague, ambiguous or indefinite, then provide Your understanding of the term or phrase and respond accordingly.

9.     Unless otherwise indicated, the Relevant Time Period for these Interrogatories is January 9, 2023 through and including the date on which You complete your responses to these Interrogatories.

10.     The given definitions apply even if a term in question is not capitalized.  No waiver of definition is implied by the use of a defined term in a non-capitalized or lowercase form.

11.     These Interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or claim, including but not limited to, in connection with any motion or request for relief by the Plaintiffs in this litigation, or any objection to any discovery request served by Defendants, nor shall they be construed as an admission of fact.

3

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Your direct and indirect owners during the Relevant Time Period, and, for each: (a) name; (b) address; (c) nature of ownership interest; (d) percentage ownership; and (e) dates during which such ownership was held.

**INTERROGATORY NO. 2:**

Identify each Subsidiary or Affiliate during the Relevant Time Period and, for each: (a) jurisdiction of organization; (b) principal place of business; (c) Your ownership interest; and (d) current status (active, dissolved, sold, etc.).

**INTERROGATORY NO. 3:**

Identify all Financial Accounts maintained in Your name or for Your benefit during the Relevant Time Period, and, for each: (a) name and address of the institution; (b) account number; (c) type of account; (d) dates the account was open; and (e) current balance.

**INTERROGATORY NO. 4:**

Identify all debts, receivables, or rights to payment owed to You during the Relevant Time Period exceeding $5,000, and, for each: (a) debtor name; (b) amount; and (c) basis.

**INTERROGATORY NO. 5:**

Identify all real property owned or otherwise controlled by You during the Relevant Time Period, and, for each: (a) address; (b) nature of ownership; (c) acquisition date; (d) purchase price; and (e) current estimated value.

**INTERROGATORY NO. 6:**

Identify all intellectual property and other intangible rights owned or controlled by You during the Relevant Time Period, and, for each: (a) nature of ownership; (b) acquisition date; (c) purchase price; and (d) current estimated value.

**INTERROGATORY NO. 7:**

Identify all assets currently owned or controlled by You, regardless of when acquired, including the estimated value of each.

PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT - CASE NO. 4:19-CV-07123-PJH

**INTERROGATORY NO. 8:**

Identify every transfer of assets (including money) exceeding $5,000 in any single transfer between You and any other person or entity during the Relevant Time Period, including (a) date; (b) amount or value; (c) recipient; (d) purpose; and (e) source account.

**INTERROGATORY NO. 9:**

Identify all payments, distributions, or compensation made to any officer, manager, member, or equity holder during the Relevant Time Period, including (a) date; (b) amount or value; (c) recipient; and (d) purpose.

**INTERROGATORY NO. 10:**

Identify all persons who had authority to transfer funds, sign checks, bind You contractually, or otherwise dispose of assets during the Relevant Time Period.

Dated:  March 4, 2026

DAVIS POLK & WARDWELL LLP


By:  */s/ Micah G. Block*
    Greg D. Andres
    Antonio J. Perez-Marques
    Luca Marzorati
      (admitted *pro hac vice*)
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Facsimile: (212) 701-5800
    Email:  greg.andres@davispolk.com
            antonio.perez@davispolk.com
            luca.marzorati@davispolk.com

    Micah G. Block (SBN 270712)
    DAVIS POLK & WARDWELL LLP
    900 Middlefield Road, Suite 200
    Redwood City, California 94063
    Telephone: (650) 752-2000
    Facsimile:  (650) 752-2111
    Email: micah.block@davispolk.com

    *Attorneys for Plaintiffs*
    *WhatsApp LLC and Meta Platforms, Inc.*

PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT - CASE NO. 4:19-CV-07123-PJH

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017.

On March 4, 2026, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT**

☒ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Joseph N. Akrotirianakis
Aaron S. Craig
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Email: jakro@kslaw.com
        acraig@kslaw.com

*Attorneys for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited*

Derek L. Shaffer
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8123
Email: derekshaffer@quinnemanuel.com

Daniel Benson
HERSCHMANN BENSON BOWEN LLP
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (917) 341-4628
Email: dbenson@hbb-firm.com

I declare under penalty of perjury that the above is true and correct.

Executed on March 4, 2026 at New York, New York.

*/s/ Luca Marzorati*
Luca Marzorati

PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT - CASE NO. 4:19-CV-07123-PJH