# EXHIBIT C

Juan O. Perla (appearance pro hac vice)
Turner Smith (appearance pro hac vice)
Steven Thomas (appearance pro hac vice)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178
Tel: (212)-696-6084
jperla@curtis.com
tsmith@curtis.com
sthomas@curtis.com

Jerrold L. Bregman (SBN 149896)
BG Law LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel:  (818)-827-9101
Fax: (818)-827-9099
jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Limited*
*and Q Cyber Technologies Limited*

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION IN AID OF JUDGMENT (NOS. 1-20)** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | |
| Defendants. | |

1

**PROPOUNDING PARTY**: PLAINTIFFS WHATSAPP LLC and META PLATFORMS, INC.

**RESPONDING PARTY**: DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED and

Q CYBER TECHNOLOGIES LIMITED

**SET NO**: One (Nos. 1–20)

Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules for the United States District Court for the Northern District of California (the "Local Rules"), the parties' stipulated protective order (ECF No. 132), as may be amended, and any other applicable rules (collectively, the "Applicable Rules"), NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") hereby submit responses and objections (the "Responses") to the First Set of Requests for Production in Aid of Judgment, dated March 4, 2026 (the "Requests") by plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action (the "Action"). Defendants' Responses are made without waiving or intending to waive but, on the contrary, intending to reserve and reserving:

1.     All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose at any trial or hearing in this case or in any related or subsequent action or proceeding, if any, of any documents that may be produced hereunder or the subject matter thereof;

2.     The right to object on any ground to the use of any such documents produced hereunder, or the subject matter thereof, at any trial or hearing in this case or in any related or subsequent proceeding;

3.     The right to object on any ground to a demand for any further response to this or any other subpoena or request for production; and

2

4.      The right at any time to revise, supplement, correct, or add to these Responses in accordance with the Applicable Rules.

**<u>GENERAL OBJECTIONS</u>**

The following general responses and objections (the "General Objections") are incorporated into each of the responses and objections to the Requests as if set forth fully therein. These General Objections shall be deemed continuous throughout the Responses, and apply to the specific responses and objections to each of the Requests identified, even if such objections are not specifically referenced therein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1.      Defendants object to Plaintiffs' Requests and to the instructions and definitions incorporated therein to the extent that they are inconsistent with or purport to impose obligations broader in scope or more burdensome than those imposed by the Applicable Rules, and Defendants expressly disclaim any obligation to provide any discovery beyond that required by such rules or in a manner not required by such rules. Under Federal Rule 69(a)(2), Plaintiffs must choose between federal or state discovery rules and may not rely on both.

2.      Defendants object to each of the Requests to the extent that they call for documents or information that is public, already in Plaintiffs' possession, or otherwise obtainable from other sources that are more convenient, less burdensome, and/or less expensive.

3.      Defendants object to each of the Requests to the extent that it uses the terms "any and all" or "any" or "all" or "including but not limited to" as overly broad, unduly burdensome, unduly expensive, oppressive, immaterial, irrelevant, ambiguous, unclear, confusing, duplicative,

and/or not reasonably calculated to lead to the discovery of executable assets of the judgment debtor.

4.      Defendants object to the Requests because and to the extent they would require Defendants to search for and produce documents that do not exist or are not in Defendants' possession, custody, or control, or to create documents that are not currently in Defendants' possession, custody, or control.

5.      Defendants object to the Requests and to the instructions and definitions incorporated therein to the extent that they seek discovery that is not reasonably relevant to any issue in this litigation and not proportional to the needs of the case.

6.      Defendants object to the Requests to the extent they call for information "concerning" or "relating to" a particular topic on the ground that providing information with any relationship to a particular topic is unduly burdensome and out of proportion to the information's potential relevance.

7.      Defendants object to the Requests to the extent that they call for information and documents that are not relevant or reasonably calculated to uncovering executable assets of the judgment debtor under Federal Rule 69, and to the extent possibly relevant at all, are not proportional to the needs of the case, considering the importance of the issues at stake in the Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      Defendants object to Plaintiffs' instruction that the relevant time period for the Requests is January 9, 2023 to the present as irrelevant, overly broad and disproportional to the needs of the case. Plaintiffs did not obtain a money judgment until November 12, 2025, and the

4

judgment was not enforceable until after the automatic 30-day stay provided for under Federal Rule 62(a). The proper date range for the Requests should start December 12, 2025.

9. Defendants object to the Requests insofar as they seek information regarding the assets of persons or entities other than Defendants or that are not judgment debtors. Rule 69 does not generally contemplate discovery of assets of non-debtors in the absence of a heightened showing of necessity and relevance.

10. Defendants object to the Requests insofar as they seek information regarding assets located outside of the United States as irrelevant, overly broad and disproportional to the needs of the case. Plaintiffs are not permitted to enforce the judgment outside of the Northern District of California pending appeal without leave of court under 28 U.S.C. § 1963, which has not yet been obtained. Furthermore, U.S. courts generally lack jurisdiction to attach and execute on assets located outside the United States and a foreign money judgment is not enforceable in Israel pending appeal of the judgment.

11. Defendants object to the Requests insofar as they seek documents not related to assets directly and presently owned by Defendants.

12. Defendants object to the Requests insofar as they call for information protected by attorney-client privilege or any other privilege, or which is otherwise immune or protected from disclosure. Defendants also object to the Requests insofar as they call for information prepared in anticipation of litigation and/or trial preparation materials, and insofar as they call for information reflecting attorneys' work product, including, without limitation, any information reflecting the mental impressions, conclusions, opinions, and/or legal theories of any attorneys for Defendants. Defendants will not produce documents or information that is privileged or otherwise objectionable or immune from disclosure.

5

13.     Defendants object to the definitions used in the Requests to the extent they are more expansive than the definitions in the Federal Rules.

14.     Defendants object to the Requests to the extent they seek trade secrets, proprietary, confidential, or commercially sensitive information.

15.     Defendants object to the Requests to the extent they seek documents that Defendants are prohibited from disclosing by Israeli law, regulation, or court or governmental order or directive, or any other applicable law, regulation, or court or governmental order or directive, or by contract.

16.     The fact that Defendants respond to a particular Request shall not be interpreted as implying that Defendants acknowledge the propriety of that Request.

17.     The production of any information when the production of such information is objected to herein shall not constitute a waiver of any applicable objections and is without prejudice to Defendants' right to object later that the production of any such information was inadvertent and to demand the return of such information.

18.     Defendants object to the Requests to the extent they improperly assume the existence of incorrect facts. By responding to the Requests, Defendants do not acknowledge or concede the truth or accuracy of any characterization, allegation or statement made in such Requests.

19.     By objecting to the Requests, Defendants are not conceding that responsive information or documents exist in its possession, custody, or control, or indeed exist at all.

20.     Defendants reserve the right at any time to revise, correct, amend, clarify, or supplement any response set forth below.

## **OBJECTIONS TO DEFINITIONS**

The following objections to definitions (the "Objections to Definitions") are incorporated into each of the responses and objections to the Requests as if set forth fully therein. These Objections to Definitions shall be deemed continuous throughout the Responses, and apply to the specific responses and objections to each of the Requests identified, even if such objections are not specifically referenced therein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1.    Defendants object to the definitions of "Affiliate," "Person," and "Subsidiary" as overly broad, unduly burdensome, oppressive, irrelevant, ambiguous, unclear, confusing, duplicative, and/or not reasonably calculated to lead to the discovery of assets of the judgment debtors.

2.    Defendants object to the definition of "Financial Accounts" as vague and overly broad. Defendants further object to the definition of "Financial Accounts" to the extent it is intended to reach information regarding assets belonging to person or entities that are non-judgment debtors.

3.    Defendants object to the definition of "You" and "Your" to the extent that it incorporates any individual or entity other than the judgment debtors, on the ground that it is irrelevant, overly broad and disproportional to the needs of the case. Defendants further object to the definition because it includes legally separate entities and individuals, none of which is a judgment debtor or has been found to be liable on the judgment against Defendants.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

The specific responses and objections set forth below are made in addition to, and not in lieu of, the General Objections and Objections to Definitions above. The assertion of the same, similar, or additional objections, or the provision of partial answers in the below specific responses and objections, does not waive or limit any of the general responses and objections above. No objection or limitation, or lack thereof, made in the specific or general responses and objections shall be deemed an admission by Defendants as to the existence or nonexistence of documents, knowledge, or information regarding the specific Request. Moreover, failure to object to any Request on a particular ground or grounds shall not be construed as any type of waiver of the right to object on any additional ground. Notwithstanding the foregoing, Defendants' specific responses and objections are as follows:

## DOCUMENT REQUEST NO. 1:

All Documents concerning Your corporate governance, formation, capitalization, ownership, financing, and organizational structure during the Relevant Time Period, including corporate charters, certificates of incorporation or formation, shareholder agreements, partnership agreements, operating agreements, merger agreements, equity purchase or sale agreements, loan or credit agreements, qualifications to do business, by-laws, and minutes (including board and committee minutes and resolutions).

## RESPONSE:

Defendants incorporate their General Objections and Objections to Definitions by reference, and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "Your" to the extent it covers persons or entities other than Defendants, and further object to producing shareholder agreements,

8

partnership agreements, operating agreements, merger agreements, equity purchase or sale agreements, loan or credit agreements or documents concerning their formation, organizational structure or corporate governance as not relevant to uncovering executable assets of the judgment debtor, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents concerning any capitalization, financing, qualifications to do business, or formation of any subsidiaries or affiliates directly owned by Defendants in the United States as of December 12, 2025, provided such documents exist. Defendants state that no such subsidiaries or affiliates exist, as stated in the answer to Interrogatory No. 2 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to identify any Person with a membership or any other ownership interest in You, whether direct or indirect, during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference, and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to this Request to the extent it seeks to identify persons or entities other than Defendants or entities in which Defendants have a direct ownership interest as not relevant to uncovering executable assets of the judgment debtor, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets.

Defendants further object because this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify the direct owner of NSO Group Technologies Limited, provided such documents exist. Defendants further state that NSO Group Technologies Limited is wholly owned by Q Cyber Technologies Limited as of December 12, 2025, as stated in the answer to Interrogatory No. 1 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to identify: (a) each Subsidiary or Affiliate of Yours during the Relevant Time Period; and (b) each partnership, limited liability company, corporation, trust, joint venture, or other entity in which You have had any direct or indirect ownership or beneficial interest during the Relevant Time Period, including, for each such entity: (i) its jurisdiction of organization; (ii) its principal place of business; (iii) its organizational form; and (iv) the nature and extent of Your ownership or beneficial interest.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You," "Your" and "Yours" to the extent it covers persons or entities other than Defendants, and further object to this Request to the extent it seeks to identify entities in which Defendants do not have a direct ownership interest, as not relevant to uncovering executable assets of the judgment debtors, and not reasonably calculated

to lead to discovery of information relating to Defendants' assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any subsidiaries or affiliates in which Defendants have a direct ownership interest in the United States as of December 12, 2025, provided such documents exist. Defendants state that no such subsidiaries or affiliates exist, as stated in the answer to Interrogatory No. 2 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 4**

Documents sufficient to identify (a) payments, distributions, or compensation made during the Relevant Time Period to any officer, manager, member, or equity holder; and (b) any capital contributions provided to You during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference, and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "payments, distributions, or compensation made . . . to any officer, manager, member, or equity holder," as not relevant to uncovering executable assets of the judgment debtors, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search and produce documents sufficient to identify any capital contributions provided to Defendants in the United

11

States as of December 12, 2025, provided such documents exist. Defendants state that no payments, distributions, or compensation have been made to any officer, manager, member, or equity holder in the United States as of December 12, 2025, as stated in the answer to Interrogatory No. 9 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 5**

Documents sufficient to identify any debts or receivables owed to You during the Relevant Time Period, including but not limited to loans, receivables, liabilities, letters of credit, or other obligations, including without limitation, Documents concerning the nature, amount, balance, debtor or required payor, and the date of each such debt or receivable.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportional to needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to the extent this Request seeks information about any "liabilities" or "other obligations" of Defendants, as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any debts or receivables owed to Defendants by persons or entities located in the United States as of December 12, 2025. Defendants state that no such debts or

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR PRODUCTION IN AID OF JUDGMENT
CASE NO. 4:19-cv-07123-PJH

receivables exist, as stated in the answer to Interrogatory No. 4 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 6**

Documents sufficient to identify any issuances of bonds, notes, warrants, or any other type of security by or for the benefit of You or pursuant to which any property, assets, or proceeds flow to You or payments are made to, by, or for Your benefit.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" and "Your benefit" to the extent it covers persons or entities other than Defendants, and further object to this Request to the extent it seeks to identify bonds, notes, warrants or other types of securities issued by or for the benefit of persons or legally separate entities other than Defendants, or pursuant to which any property, assets, or proceeds flow to or payments are made to, by, or for the benefit of persons or legally separate entities other than Defendants, as not relevant to uncovering executable assets of the judgment debtors, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any bonds, notes and warrants issued by Defendants pursuant to which any property, assets or proceeds flow to Defendants in the United States as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 7**

Documents sufficient to identify persons with authority to bind or transfer assets on Your behalf during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference, and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "Your" to the extent it covers persons or entities other than Defendants, and further object to this Request to the extent it seeks information concerning assets of persons or entities other than Defendants as not relevant to uncovering executable assets of the judgment debtor, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

**DOCUMENT REQUEST NO. 8**

All financial statements for the Relevant Time Period, including but not limited to balance sheets, profit and loss statements, cash flow statements, annual or periodic reports, earnings statements, reconciliation reports, and operating statements.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome and not proportional to the needs of the case. Defendants object to this Request to the extent it seeks financial statements or information about persons or entities other than Defendants as not relevant to uncovering assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' assets. Defendants further object to the extent this Request

14

does not include any amount or geographic limitation, and specifically object to "financial statements" to the extent it seeks financial information contained in documents other than final, audited financial statements.

Subject to these objections and waiving none, Defendants agree to search for and produce final, audited financial statements for the fiscal year ending December 31, 2025, provided such documents exist. Defendants state that audited financial statements for that period are not typically finalized before December 31, 2026.

**DOCUMENT REQUEST NO. 9**

Documents sufficient to identify all Financial Accounts maintained in Your name or for Your benefit during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome and disproportional to needs of the case. Defendants object to "in Your name or for Your benefit" to the extent it covers persons or entities other than Defendants, and further object to the extent it seeks to identify financial accounts in which Defendants have no direct ownership interest, as vague and/or not relevant to uncovering assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any financial accounts owned by Defendants in the United States as of December 12, 2025, provided such documents exist. Defendants state that no such financial

accounts exist, as stated in the answer to Interrogatory No. 3 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 10**

For each account identified in response to Request No. 9, produce for each such account: (a) account opening Documents; (b) Documents sufficient to identify current and historical balances during the Relevant Time Period; (c) Documents sufficient to identify account signatories; and (d) transaction history for the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome and disproportional to needs of the case. Defendants further object to this Request on the grounds that "account opening documents," "historical balances," "transaction history" and "account signatories" are not relevant to uncovering executable assets of the judgment debtor and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify current balances as of December 12, 2025, for any financial accounts identified in response to Request No. 9, provided such documents exist. Defendants state that no such financial accounts exist, as stated in the answer to Interrogatory No. 3 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 11**

All federal, state, and foreign tax returns filed during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome and disproportional to needs of the case. Defendants further object because "foreign tax returns" are not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation. Defendants interpret "federal" and "state" to refer to the United States and its constituent States.

Subject to these objections and waiving none, Defendants agree to search for and produce any federal and state tax returns filed by Defendants as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 12**

All insurance policies under which You are an insured or beneficiary during the Relevant Time Period.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to "You" to the extent it covers persons or entities other than Defendants as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to

17

Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce any insurance policies covering property or assets of the Defendants in the United States in effect as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 13**

Documents sufficient to identify any valuation of Your business or assets during the Relevant Time Period, including but not limited to Documents concerning formal or informal appraisals, valuations, estimates of value, suggested prices or values, market prices, offers or demands, proposals, invitations, or pro forma indications or characterizations of value.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "Your" to the extent it covers persons or entities other than Defendants as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation, and specifically object to "informal," "estimates of value," "suggested prices or values" or other term to the extent it directs Defendants to speculate, conduct new valuations or provide valuations that are not final or validated by an independent third party.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any final, independently validated valuation of any assets of

18

Defendants in the United States as of December 12, 2025, provided such documents exist. Defendants state that no such assets exist other than two registered trademarks (Nos. 6111029 and 6111028) owned by NSO Group Technologies Limited, as stated in the answers to Interrogatories Nos. 6 and 7 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 14**

Documents sufficient to identify any debt collection efforts against or by You, including without limitation bankruptcy proceedings in which you were a debtor or creditor, or in which You have or had an interest of any kind.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "interest of any kind," "debt collection efforts against" Defendants or bankruptcy proceedings in which Defendants were "a debtor," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to this Request to the extent that documents sufficient to identify any bankruptcy proceedings are publicly available. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any debt collection actions by Defendants and any bankruptcy

proceedings in which Defendants are a direct creditor in the United States as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 15**

Documents sufficient to identify real property and personal property owned or controlled by You during the Relevant Time Period, including location and nature of ownership.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "controlled by," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any real or personal property owned directly by Defendants as of December 12, 2025 in the United States. Defendants state that no such property exists other than two registered trademarks (Nos. 6111029 and 6111028) owned by NSO Group Technologies Limited, as stated in the answers to Interrogatories Nos. 6 and 7 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 16**

Documents sufficient to identify intellectual property or other intangible rights owned or controlled by You.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "other intangible rights" and "controlled by," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants state that no such intellectual property exists other than two registered trademarks (registration nos. 6111029 and 6111028), as stated in the answer to Interrogatory No. 6 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

**DOCUMENT REQUEST NO. 17**

Documents sufficient to identify any lawsuit or proceeding in court, arbitration, or any other tribunal in which You are or were a party during the Relevant Time Period, including (a) the date the lawsuit was commenced, (b) the forum of the lawsuit and the docket or other identification number, (c) the identity of the party or parties which initiated the lawsuit, (d) the nature of the lawsuit, (e) the identity of the parties to the lawsuit; and (f) the amount of damages claimed or otherwise sought.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and

21

not proportional to the needs of this case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "are or were a party" to the extent it includes any actions in which Defendants are not asserting a claim for money damages, as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to this Request to the extent that documents sufficient to identify any lawsuit or proceeding in court, or any other governmental tribunal are publicly available. Defendants object to "arbitration" or "any other tribunal" to the extent they seek information that is confidential under the rules governing those proceedings. Defendants further object to the extent this Request does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any arbitration in the United States in which Defendants are a claimant or are otherwise asserting claims for money damages that are ongoing as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 18**

Documents sufficient to identify, for any judgment against You, regardless of time period, (a) the identity of the judgment creditor(s), (b) the lawsuit in connection with which the judgment was entered; (c) the identity of any other judgment debtors, (d) the amount of the judgment, (e) the amount and date of any payments made by You with respect to the judgment, and (f) the amount presently due with respect to the judgment.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and

not proportional to the needs of this case. Defendants object to "You" to the extent it covers person or entities other than Defendants, and further objects to "any judgments against You," as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to this Request to the extent that documents sufficient to identify any judgment are publicly available. Defendants further object to the extent this Request does not include any amount, temporal or geographic limitation.

Subject to these objections and waiving none, Defendants state that no judgments against Defendants exist in the United States as of December 12, 2025, other than the judgments entered by the court in the above-captioned matter.

**DOCUMENT REQUEST NO. 19**

Documents sufficient to identify any securitizations of any property owned by You or held for the benefit of You.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendants object to "You" to the extent it covers persons or entities other than Defendants as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to "securitizations of any property owned by You or held for the benefit of You" because it seeks information about property rights of persons or entities other than Defendants. Defendants further object to the extent this Request does not include any amount, temporal or geographic limitation.

23

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any securitization of property of Defendants located in the United States as of December 12, 2025, provided such documents exist.

**DOCUMENT REQUEST NO. 20**

Documents sufficient to identify any transactions, including transfers of property, whether direct or indirect, between or among You and any of Your Subsidiaries or Affiliates.

**RESPONSE:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Defendants object to "You" and "Your" to the extent it covers persons or entities other than Defendants, and further object to "between or among You and any of Your Subsidiaries or Affiliates" to the extent it seeking information about transactions or transfers between or among persons or entities other than Defendants, as not relevant to uncovering executable assets of the judgment debtor and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this Request does not include any amount, temporal or geographic limitation.

Subject to these objections and waiving none, Defendants agree to search for and produce documents sufficient to identify any transactions or transfers directly to, between or among Defendants in the United States as of December 12, 2025, provided such documents exist. Defendants state that no such transfers exist, as stated in the answer to Interrogatory No. 8 of Defendants' responses, served concurrently herewith, to Plaintiffs' First Set of Interrogatories in Aid of Judgment.

DATED: May 4, 2026

Respectfully submitted,


**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**

*/s/ Juan O. Perla*
Juan O. Perla (appearance pro hac vice)

*Attorneys for Defendants NSO Group
Technologies Limited and Q Cyber
Technologies Limited*

25

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled Action. My business address is Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, 34th Floor, New York, New York 10178.

On May 4, 2026, I served a true and correct copy of the following document(s) on the parties in the Action addressed as follows:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF DOCUMENT PRODUCTION REQUESTS IN AID OF JUDGMENT**

☒ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
micah.block@davispolk.com

I declare under penalty of perjury that the above is true and correct.

Executed on May 4, 2026 at New York, New York.

/s/ *Juan O. Perla*
Juan O. Perla

26