# EXHIBIT D

Juan O. Perla (appearance pro hac vice)
Turner Smith (appearance pro hac vice)
Steven Thomas (appearance pro hac vice)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Tel: (212)-696-6084
jperla@curtis.com
tsmith@curtis.com
sthomas@curtis.com

Jerrold L. Bregman (SBN 149896)
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel: (818)-827-9101
Fax: (818)-827-9099
jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Limited*
*and Q Cyber Technologies Limited*

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., | Case No. 4:19-cv-07123-PJH |
| Plaintiffs, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT (NOS. 1-10)** |
| v. |  |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, |  |
| Defendants. |  |

1

**PROPOUNDING PARTY**: PLAINTIFFS WHATSAPP LLC and META PLATFORMS, INC.

**RESPONDING PARTY**: DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED and

Q CYBER TECHNOLOGIES LIMITED

**SET NO**: One (Nos. 1–10)

Pursuant to Rules 26, 33, and 69 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules for the United States District Court for the Northern District of California (the "Local Rules"), the parties' stipulated protective order (ECF No. 132), as may be amended, and any other applicable rules (collectively, the "Applicable Rules"), NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants") hereby submit responses and objections (the "Responses") to the First Set of Interrogatories by plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs"), dated March 4, 2026 (the "Interrogatories") in the above-captioned action (the "Action"). Defendants' responses are made without waiving or intending to waive but, on the contrary, intending to reserve and reserving:

1.      All questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose at any trial or hearings in this case or in any related or subsequent action or proceeding, if any, of any responses and/or documents that may be produced hereunder or the subject matter thereof;

2.      The right to object on any ground to the use of any such responses and/or documents produced hereunder, or the subject matter thereof, at any trial or hearings in this case or in any related or subsequent proceeding;

3.      The right to object on any ground to a demand for any further response to this or any other subpoena or request for interrogatories and/or production; and

4.      The right at any time to revise, supplement, correct, or add to these Responses in accordance with the Applicable Rules.

### GENERAL OBJECTIONS

The following general responses and objections (the "General Objections") are incorporated into each of the responses and objections to the Interrogatories as if set forth fully therein. These General Objections shall be deemed continuous throughout the Response, and apply to the specific responses and objections to each interrogatory identified, even if such objections are not specifically referenced therein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1.      Defendants object to Plaintiffs' Interrogatories and to the instructions and definitions incorporated therein to the extent that they are inconsistent with or purport to impose obligations broader in scope or more burdensome than those imposed by the Applicable Rules, and Defendants expressly disclaim any obligation to provide any discovery beyond that required by such rules or in a manner not required by such rules, including the limitation to serve "no more than 25 written interrogatories, including all discrete subparts." Under Federal Rule 69(a)(2), Plaintiffs must choose between federal or state discovery rules and may not rely on both.

2.      Defendants object to the Interrogatories to the extent that they call for documents or information that is public, already in Plaintiffs' possession, or otherwise obtainable from other sources that are more convenient, less burdensome, and/or less expensive.

3.      Defendants object to the Interrogatories to the extent that they use the terms "any and all" or "any" or "all" or "including but not limited to" as overly broad, unduly burdensome, unduly expensive, oppressive, immaterial, irrelevant, ambiguous, unclear, confusing, duplicative,

3

and/or not reasonably calculated to lead to the discovery of executable assets of the judgment debtor.

4.      Defendants object to the Interrogatories because and to the extent they would require Defendants to search for and produce documents that do not exist or are not in Defendants' possession, custody, or control, or to create documents that are not currently in Defendants' possession, custody, or control.

5.      Defendants object to the Interrogatories and to the instructions and definitions incorporated therein to the extent that they seek discovery that is not reasonably relevant to any issue in this litigation and not proportional to the needs of the case.

6.      Defendants object to the Interrogatories to the extent they call for information "concerning" or "relating to" a particular topic on the ground that providing information with any relationship to a particular topic is unduly burdensome and out of proportion to the information's potential relevance.

7.      Defendants object to the Interrogatories to the extent they call for information and documents that are not relevant or reasonably calculated to uncovering executable assets of the judgment debtor under Federal Rule 69, and to the extent possibly relevant at all, are not proportional to the needs of the case, considering the importance of the issues at stake in the Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      Defendants object to Plaintiffs' instruction that the relevant time period for the Interrogatories is January 9, 2023 to the present as irrelevant, overly broad and disproportional to the needs of the case. Plaintiffs did not obtain a money judgment until November 12, 2025, and

4

the judgment was not enforceable until after the automatic 30-day stay provided for under Federal Rule 62(a). The proper date range for the Interrogatories should start December 12, 2025.

9. Defendants object to the Interrogatories insofar as they seek information regarding the assets of persons or entities that are not judgment debtors. Rule 69 does not generally contemplate discovery of assets of non-debtors in the absence of a heightened showing of necessity and relevance.

10. Defendants object to the Interrogatories insofar as they seek information regarding assets located outside of the United States as irrelevant, overly broad and disproportional to the needs of the case. Plaintiffs are not permitted to enforce the judgment outside of the Northern District of California pending appeal without leave of court under 28 U.S.C. § 1963, which has not yet been obtained. Furthermore, U.S. courts generally lack jurisdiction to attach and execute on assets located outside the United States and a foreign money judgment is not enforceable in Israel pending appeal of the judgment.

11. Defendants object to the Interrogatories insofar as they seek information not related to assets directly and presently owned by Defendants.

12. Defendants object to the Interrogatories insofar as they call for information protected by attorney-client privilege or any other privilege, or which is otherwise immune or protected from disclosure. Defendants also object to the Interrogatories insofar as they call for information prepared in anticipation of litigation and/or trial preparation materials, and insofar as they call for information reflecting attorneys' work product, including, without limitation, any information reflecting the mental impressions, conclusions, opinions, and/or legal theories of any attorneys for Defendants. Defendants will not produce documents or information that is privileged or otherwise objectionable or immune from disclosure.

13.    Defendants object to the definitions used in the Interrogatories to the extent they are more expansive than the definitions in the Federal Rules.

14.    Defendants object to the Interrogatories to the extent they seek trade secrets, proprietary, confidential, or commercially sensitive information.

15.    Defendants object to the Interrogatories to the extent they seek information that Defendants are prohibited from disclosing by Israeli law, regulation, or court or governmental order or directive, or any other applicable law, regulation, or court or governmental order or directive, or by contract.

16.    The fact that Defendants respond to a particular interrogatory shall not be interpreted as implying that Defendants acknowledge the propriety of that interrogatory.

17.    The production of any information when the production of such information is objected to herein shall not constitute a waiver of any applicable objections and is without prejudice to Defendants' right to object later that the production of any such information was inadvertent and to demand the return of such information.

18.    Defendants object to the Interrogatories to the extent they improperly assume the existence of incorrect facts. By responding to the Interrogatories, Defendants do not acknowledge or concede the truth or accuracy of any characterization, allegation or statement made in such Interrogatories.

19.    By objecting to any interrogatory, Defendants are not conceding that responsive information or documents exist in its possession, custody, or control, or indeed exist at all.

20.    Defendants reserve the right at any time to revise, correct, amend, clarify, or supplement any response set forth below.

## **OBJECTIONS TO DEFINITIONS**

The following objections to definitions (the "Objections to Definitions") are incorporated into each of the responses and objections to the Interrogatories as if set forth fully therein. These Objections to Definitions shall be deemed continuous throughout the Response, and apply to the specific responses and objections to each interrogatory identified, even if such objections are not specifically referenced therein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1.      Defendants object to the definitions of "Affiliate," "Person," and "Subsidiary" as overly broad, unduly burdensome, oppressive, irrelevant, ambiguous, unclear, confusing, duplicative, and/or not reasonably calculated to lead to the discovery of assets of the judgment debtors.

2.      Defendants object to the definition of "Financial Accounts" as vague and overly broad. Defendants further object to the definition of "Financial Accounts" to the extent it is intended to reach information regarding assets belonging to persons or entities that are non-judgment debtors.

3.      Defendants object to the definition of "You" and "Your" to the extent that it incorporates any individual or entity other than the judgment debtors, on the ground that it is irrelevant, overly broad and disproportional to the needs of the case. Defendants further object to the definition because it includes legally separate entities and individuals, none of which is a judgment debtor or has been found to be liable on the judgment against Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET
OF INTERROGATORIES IN AID OF JUDGMENT
CASE NO. 4:19-cv-07123-PJH

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

The specific responses and objections set forth below are made in addition to, and not in lieu of, the General Objections and Objections to Definitions above. The assertion of the same, similar, or additional objections, or the provision of partial answers in the below specific responses and objections, does not waive or limit any of the general responses and objections above. No objection or limitation, or lack thereof, made in the specific or general responses and objections shall be deemed an admission by Defendants as to the existence or nonexistence of documents, knowledge, or information regarding the specific interrogatory. Moreover, failure to object to any interrogatory on a particular ground or grounds shall not be construed as any type of waiver of the right to object on any additional ground. Notwithstanding the foregoing, Defendants' specific responses and objections are as follows:

**INTERROGATORY NO. 1:**

Identify all Your direct and indirect owners during the Relevant Time Period, and, for each: (a) name; (b) address; (c) nature of ownership interest; (d) percentage ownership; and (e) dates during which such ownership was held.

**ANSWER NO. 1:**

Defendants incorporate their General Objections and Objections to Definitions by reference, and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "Your" to the extent it covers persons or entities other than Defendants, and further object to "direct and indirect owners" as not relevant to uncovering executable assets of the judgment debtor, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation.

8

Subject to the these objections and waiving none, Defendants state that NSO Group Technologies Limited is wholly owned by Q Cyber Technologies Limited as of December 12, 2025.

**INTERROGATORY NO. 2:**

Identify each Subsidiary or Affiliate during the Relevant Time Period and, for each: (a) jurisdiction of organization; (b) principal place of business; (c) Your ownership interest; and (d) current status (active, dissolved, sold, etc.).

**ANSWER NO. 2:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "Your" to the extent it covers persons or entities other than Defendants, and further object to this request to the extent it seeks to identify entities in which Defendants do not have a direct ownership interest, as not relevant to uncovering executable assets of the judgment debtors, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants state that no subsidiaries or affiliates in which Defendants have a direct ownership interest exist in the United States as of December 12, 2025.

**INTERROGATORY NO. 3:**

Identify all Financial Accounts maintained in Your name or for Your benefit during the Relevant Time Period, and, for each: (a) name and address of the institution; (b) account number; (c) type of account; (d) dates the account was open; and (e) current balance.

9

**ANSWER NO. 3:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to needs of the case. Defendants object to "in Your name or for Your benefit" to the extent it covers persons or entities other than Defendants, and further object to the extent it seeks to identify financial accounts in which Defendants have no direct ownership interest, as vague, not relevant to uncovering executable assets of the judgment debtors, and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation.

Subject to these objections and waiving none, Defendants state that they do not own any financial accounts in the United States as of December 12, 2025.

**INTERROGATORY NO. 4:**

Identify all debts, receivables, or rights to payment owed to You during the Relevant Time Period exceeding $5,000, and, for each: (a) debtor name; (b) amount; and (c) basis.

**ANSWER NO. 4:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome and disproportional to needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "rights to payment," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any geographic

10

limitation, and specifically object to "exceeding $5,000" as overly broad, unduly burdensome and disproportional to the needs of the case.

Subject to these objections and waiving none, Defendants state that no debts or receivables are owed to Defendants by persons or entities located in the United States as of December 12, 2025.

**INTERROGATORY NO. 5:**

Identify all real property owned or otherwise controlled by You during the Relevant Time Period, and, for each: (a) address; (b) nature of ownership; (c) acquisition date; (d) purchase price; and (e) current estimated value.

**ANSWER NO. 5:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "otherwise controlled by," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation, and specifically object to "current estimated value" to the extent it directs Defendants to speculate, conduct new valuations or provide valuations that are not final or validated by third parties.

Subject to these objections and waiving none, Defendants state that they do not directly own any real property in the United States as of December 12, 2025.

**INTERROGATORY NO. 6:**

Identify all intellectual property and other intangible rights owned or controlled by You during the Relevant Time Period, and, for each: (a) nature of ownership; (b) acquisition date; (c) purchase price; and (d) current estimated value.

**ANSWER NO. 6:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "other intangible rights" and "controlled by," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation, and specifically object to "current estimated value" to the extent it directs Defendants to speculate, conduct new valuations or provide valuations that are not final or validated by third parties.

Subject to these objections and waiving none, Defendants state that they do not directly own any intellectual property located in the United States as of December 12, 2025, other than two registered trademarks (Nos. 6111029 and 6111028) owned by NSO Group Technologies Limited.

**INTERROGATORY NO. 7:**

Identify all assets currently owned or controlled by You, regardless of when acquired, including the estimated value of each.

12

**ANSWER NO. 7:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "controlled by," as vague and/or not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation, and specifically object to "estimated value" to the extent it directs Defendants to speculate, conduct new valuations or provide valuations that are not final or validated by third parties.

Subject to these objections and waiving none, Defendants state that currently they do not directly own any assets in the United States other than the two registered trademarks mentioned in the answer to Interrogatory No. 6 above.

**INTERROGATORY NO. 8:**

Identify every transfer of assets (including money) exceeding $5,000 in any single transfer between You and any other person or entity during the Relevant Time Period, including (a) date; (b) amount or value; (c) recipient; (d) purpose; and (e) source account.

**ANSWER NO. 8:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "between You and any other person or entity" to the extent it seeks information about assets of persons or entities other

13

than Defendants, as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any geographic limitation, and specifically object to "exceeding $5,000" as overly broad, unduly burdensome and disproportional to the needs of the case.

Subject to these objections and waiving none, Defendants state that no transfers of assets including money have been made to Defendants in the United States as of December 12, 2025.

**INTERROGATORY NO. 9:**

Identify all payments, distributions, or compensation made to any officer, manager, member, or equity holder during the Relevant Time Period, including (a) date; (b) amount or value; (c) recipient; and (d) purpose.

**ANSWER NO. 9:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "payments, distributions, or compensation made to any officer, manager, member, or equity holder" to the extent it seeks information concerning assets belonging to persons or entities other than Defendants as not relevant to uncovering executable assets of the judgment debtors and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation, and further object to the extent it seeks personal information the disclosure of which is prohibited by applicable privacy protection laws.

Subject to these objections and waiving none, Defendants state that no payments, distributions, or compensation have been made to any officer, manager, member, or equity holder of Defendants in the United States as of December 12, 2025.

**INTERROGATORY NO. 10:**

Identify all persons who had authority to transfer funds, sign checks, bind You contractually, or otherwise dispose of assets during the Relevant Time Period.

**ANSWER NO. 10:**

Defendants incorporate their General Objections and Objections to Definitions by reference and further object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants object to "You" to the extent it covers persons or entities other than Defendants, and further object to "persons with authority" and "transfer funds, sign checks, bind You contractually," as vague and/or not relevant to uncovering executable assets of the judgment debtor and not reasonably calculated to lead to discovery of information relating to Defendants' executable assets. Defendants further object to the extent this interrogatory does not include any amount or geographic limitation.

DATED: May 4, 2026

Respectfully submitted,

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**

*/s/ Juan O. Perla*
Juan O. Perla (appearance pro hac vice)

*Attorneys for Defendants NSO Group*
*Technologies Limited and Q Cyber*
*Technologies Limited*

15

## CERTIFICATION OF RESPONSES TO INTERROGATORIES

Pursuant to 28 U.S.C. § 1746, I, Akiva Rosner, hereby certify under penalty of perjury of the laws of the United States of America that I am chief executive officer of NSO Group Technologies Limited and Q Cyber Technologies Limited, that I have read the foregoing answers to the Interrogatories, and to the best of my knowledge, information and belief the answers are true and correct as of this date.

DATED: May 4, 2026
Tel Aviv, Israel

_____
Akiva Rosner

16

**CERTIFICATE OF SERVICE**

I hereby certify that I am a citizen of the United States and employed in the County of New York, New York. I am over the age of 18 years and not a party to the within-entitled Action. My business address is Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178.

On May 4, 2026, I served a true and correct copy of the following document(s) on the parties in the Action addressed as follows:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES IN AID OF JUDGMENT**

☒ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

| | |
|---|---|
| Greg D. Andres<br>Antonio J. Perez-Marques<br>Luca Marzorati<br>(admitted pro hac vice)<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>greg.andres@davispolk.com<br>antonio.perez@davispolk.com<br>luca.marzorati@davispolk.com | Micah G. Block (SBN 270712)<br>DAVIS POLK & WARDWELL LLP<br>900 Middlefield Road, Suite 200<br>Redwood City, California 94063<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111<br>micah.block@davispolk.com |

I declare under penalty of perjury that the above is true and correct.

Executed on May 4, 2026 at New York, New York.

*/s/ Juan O. Perla*
Juan O. Perla

17