# EXHIBIT G

## DEFENDANTS' DISCOVERY PROPOSAL BASED ON JUNE 4 MEET & CONFER

Defendants could agree to the following disclosures without prejudice to their general and specific objections in their May 4 Responses on the condition that the corresponding discovery requests identified below would be deemed satisfied and eliminated from plaintiffs' March 4 Requests:

i.    **RFP No. 1 (corporate and financing documents, including loan and credit agreements)**

**Defendants' Proposal:** Defendants could agree to produce their own respective corporate formation documents and any shareholder agreements that are or were in effect as of January 9, 2023, to the extent any exist. Defendants could also agree to produce documents sufficient to show any liens or other security interests on assets of Defendants created under loan and credit agreements starting as of January 9, 2023, to the extent any exists. Defendants stand on their objections for not producing any loan and credit agreements, as they are irrelevant and disproportional to the needs of the case, especially in light of the proposal to produce information about liens and other security interests, which is what plaintiffs stated was their reason for seeking loan and credit agreements.

With these disclosures, and in combination with the disclosures from the June 4 Stipulation and the May 4 Responses, the following Requests should be deemed satisfied: RFP Nos. 1, 2, 3, 5, 9, 19, and ROG Nos. 1, 2, 3.

ii.   **Tax returns responsive to RFP No. 11, including foreign tax returns.**

**Defendants' Proposal:** Defendants could agree to produce their own respective corporate income tax returns for 2023 and 2024.

With these disclosures, in combination with the disclosures from the June 4 Stipulation and the May 4 Responses, the following Requests should be deemed satisfied: RFP No. 8, 11.

iii.  **RFP No. 4 and Interrogatory No. 9 (payments, distributions, and compensation to officers, managers, members, and equity holders)**

**Defendants' Proposal:** Defendants could agree to produce documents sufficient to show payments, distributions and other compensation to officers and equity holders, such as members, starting as of May 6, 2025, on an anonymous basis in accordance with Israel's Protection of Privacy Law 5741 (1981), other than any such payments, distributions and other compensation already identified in the final, audited financial statements for 2023, 2024 and 2025, to the extent any exist.

With these disclosures, in combination with the disclosures from the June 4 Stipulation and the May 4 Responses, the following Requests should also be deemed satisfied: RFP No. 4, 20, and ROG No. 8, 9.

**iv.**      **RFP No. 13 and Interrogatory Nos. 5–7 (valuations of Defendants' business and assets, including informal valuations, offers, and indications of value)**

**Defendants' Proposal:** Defendants could agree to produce board minutes, or written offers or presentations to third parties, indicating a valuation of Defendants' (NSO or Q Cyber) total enterprise value or any of their assets above $150,000 starting as of May 6, 2025, to the extent any exist.

With these disclosures, in combination with the disclosures from the June 4 Stipulation and the May 4 Responses, the following Requests should also be deemed satisfied: RFP No. 13 and ROG Nos. 5-7.