# EXHIBIT M

**From:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Sent:** Friday, July 31, 2026 6:02 PM
**To:** Holmes, David; Perla, Juan
**Cc:** Andres, Greg D.; Perez-Marques, Antonio J.; Block, Micah G.; fb.nso; Smith, Turner P.; Jerrold Bregman; Joe Akrotirianakis; Aaron Craig; derekshaffer@quinnemanuel.com; Campbell, Grace; Gilman, Felix; Campanini, Kaitlin
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

******EXTERNAL EMAIL******

Counsel,

Thank you for your email. We disagree with your characterizations, but do not think further negotiations on documents we have been discussing for nearly two months would be productive.

Your email below confirms that Defendants are not prepared to produce the categories of documents identified in the stipulation without condition. Please promptly send your exhibits with cover pages and final numbering so that we can file the joint letter today.

Thanks,
Luca

**Luca Marzorati**

+1 212 450 3660 office
+1 718 304 6950 mobile
luca.marzorati@davispolk.com

**Davis Polk & Wardwell** LLP

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

**From:** Holmes, David <dholmes@curtis.com>
**Sent:** Friday, July 31, 2026 4:00 PM
**To:** Marzorati, Luca <luca.marzorati@davispolk.com>; Perla, Juan <jperla@curtis.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; Joe Akrotirianakis <JAkro@kslaw.com>; Aaron Craig <ACraig@kslaw.com>; derekshaffer@quinnemanuel.com; Campbell, Grace <gcampbell@curtis.com>; Gilman, Felix <fgilman@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

Luca,

You're proposing an entirely different path forward than we've been discussing, and one that you could have proposed days (even weeks) ago. We think it may be possible to sign off on this revised stipulation, but we would need authority to do so. It's now late Friday night (and Shabbat) in Israel, making it challenging (if at all possible) to confer with our client today.

It's disappointing to see you move the bar every time defendants make an effort at compromise to avoid burdening the court unnecessarily and prematurely, as if nothing defendants could do would prevent plaintiffs from going to the court with some supposed "dispute" at this time.

Even if we could obtain authority to sign the stipulation you propose today, going to the court after this last-minute development would require revising our insert significantly, since we would only be addressing your request for production of loan and credit agreements rather than deferring that discussion for later. You seem to suggest there may be other "disputes," but we don't see what those would be if the parties sign your revised stipulation. We would need you to identify them. We would then need input and sign off from our client to revise our insert, which again, we could not do today at this late hour.

As we have previously stated, there may be a way forward with respect to loan and credit agreements if we continue discussions together with the pending requests. You have offered no response to our reason for why it makes the most sense to have that discussion together. We see none.

Thus, we see no reason for going to the court singularly on the loan and credit agreements now, when there are still other issues to address, and the parties could still reach a resolution of those issues on their own. To that end, we previously asked for a face-to-face meet and confer, and you refused. It has now been more than a month since our last face-to-face meet and confer, and we believe we could make more progress if plaintiffs were willing to engage in a meaningful, face-to-face meet and confer after signing any stipulation and before proceeding with any joint letter to the court.

If you insist on going to the court today, we will send you a slightly revised insert with our exhibits shortly.

Defendants reserve all rights.

Sincerely,

**David Holmes**
Associate (he/him)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

Direct Dial: +1 212 696 6000
dholmes@curtis.com

CURTIS
www.curtis.com

Please consider the environment before printing this email.

**From:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Sent:** Friday, July 31, 2026 1:32 PM
**To:** Perla, Juan <jperla@curtis.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; Joe Akrotirianakis <JAkro@kslaw.com>; Aaron Craig <ACraig@kslaw.com>; derekshaffer@quinnemanuel.com; Campbell, Grace <gcampbell@curtis.com>; Gilman, Felix <fgilman@curtis.com>; Holmes, David <dholmes@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

***EXTERNAL EMAIL***
Counsel,

Thank you for your email. Defendants' latest revisions to the stipulation do not resolve the parties' disputes and, if anything, confirm that the dispute is ripe.

That said, if Defendants are willing simultaneously to execute the attached stipulation requiring production of the categories of documents identified in the draft stipulation, without condition, alongside the joint letter, Plaintiffs are willing to proceed that way. In that event, the joint letter could be narrowed to the remaining ripe disputes, including Defendants' continued withholding of the loan and credit agreements themselves. Plaintiffs will not, however, further delay presenting those ripe disputes to the Court.

Please let us know by close of business today whether Defendants will sign the attached stipulation or, failing that, send your exhibits with cover pages and final numbering so that we can file the joint letter dispute.

Thanks,
Luca

**Luca Marzorati**

+1 212 450 3660 office
+1 718 304 6950 mobile
luca.marzorati@davispolk.com

---

**Davis Polk & Wardwell LLP**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

---

**From:** Perla, Juan <jperla@curtis.com>
**Sent:** Thursday, July 30, 2026 12:47 PM
**To:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; Joe Akrotirianakis <JAkro@kslaw.com>; Aaron Craig <ACraig@kslaw.com>; derekshaffer@quinnemanuel.com; Campbell, Grace <gcampbell@curtis.com>; Gilman, Felix <fgilman@curtis.com>; Holmes, David <dholmes@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

Luca,

The language "upon review of this production" was included in the original revised stipulation we circulated on July 15, as was the language noting that discussions on loan and credit agreements would continue, and yet your prior email noted no objections to any of that language but only to the "narrowing" language. Therefore, we believed that it would be uncontroversial to move that language to the part about deferring further discussions on the loan and credit agreements, especially since it would seem to make the most sense for you to see our production first before demanding more.

At this point, given that our production would be due in less than two weeks on August 10 anyway, and any decision from the court on any joint letter could take just as long, it seems non-sensical to continue arguing over this "upon review" language. So, in the interest of not burdening the court unnecessarily with a non-dispute over substantially all of the documents requested in the stipulation, defendants would be fine with omitting the language "upon review of this

production." We can then continue discussions on producing the loan and credit agreements themselves, which, based on your rationale for requesting those documents (*i.e.*, ascertaining what assets remain), would fit more naturally with a discussion about the "remaining asset categories" you identified in your June 5 email.

It is also unclear to us why you still believe at this point that defendants are asking plaintiffs to "agree" ahead of time that production will eliminate or satisfy the requests, when no such language is included in the revised stipulation and we have repeatedly clarified that this is not the case. What defendants (like plaintiffs) are doing is simply reserving the right to argue to the court in the future whether productions thus far should be deemed sufficient to satisfy the requests. That is a standard reservation of rights and should not be an obstacle to signing this stipulation.

We trust plaintiffs will act in a spirit of cooperation and obviate the need to burden the court with a non-dispute at this time by proceeding with the latest revised stipulation minus the language "upon review of this production."

Nevertheless, we attach our revised insert for a joint letter in case you wish to proceed to the court. We have highlighted the numbering for exhibits to note that we're adding our supplemental responses as Exs. E-F, thus altering the numbering of subsequent exhibits. Please let us know if you add any exhibits or make any other changes to your section, as well as whether you decide against proceeding with the stipulation as outlined above, before filing, so we can revise our section accordingly. Once we have that sorted that out, we will send you our exhibits with cover pages with the final numbering.

Defendants reserve all rights.

Best,

**Juan O. Perla**
Partner (*he/him*)

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

Direct Dial: +1 212 696 6084
jperla@curtis.com

CURTIS
www.curtis.com

Please consider the environment before printing this email.