# EXHIBIT A



## Curtis, Mallet-Prevost, Colt & Mosle LLP

Astana
Beijing
Bogotá
Brussels
Buenos Aires
Dubai
Frankfurt
Geneva
Houston

London
Mexico City
Milan
Muscat
Paris
Riyadh
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

**Telephone  +1 212 696 6000**
**Facsimile  +1 212 697 1559**
www.curtis.com

**Juan O. Perla**
Tel: +1 212 696 6084
E-Mail: jperla@curtis.com

August 7, 2026

Greg D. Andres
Antonio J. Perez-Marques
Micah G. Block
Luca Marzorati
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, New York 10017

### Re: Defendants' Second Post-Judgment Production – *WhatsApp LLC et al. v. NSO Group Technologies Limited et al.*, No. 4:19-cv-07123-PJH

Counsel,

We write on behalf of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited in connection with Plaintiffs' First Set of Requests for Production in Aid of Judgment (RFPs) and First Set of Interrogatories in Aid of Judgment (ROGs) dated March 4, 2026 (collectively, the "Requests"). Subject to all the general and specific objections made in Defendant's May 4, 2026 Responses and Objections to the Requests (the "Responses") and waiving none, Defendants now produce additional documents. This production is made based on prior discussions with Plaintiffs, which resulted in a proposed stipulation that contemplated production of a narrower set of documents to avoid burdening the court unnecessarily. That stipulation was ultimately not finalized and executed due to Plaintiffs refusal (late on Friday and during Shabbat in Israel) to provide any time for Defendants to review and respond to Plaintiff's latest iteration of that proposed stipulation before submitting those issues to the Court. *See* ECF No. 870-13 at 3-4. In a good faith effort to further narrow the issues before the Court, Defendants now unilaterally make this second production of certain categories of documents identified in the unexecuted stipulation. The documents are being produced through a ShareFile link.

First, Defendants produce their own corporate formation documents starting as of January 9, 2023, and documents sufficient to show any liens or other security interests on their assets. *See* Bates Nos 000097-162. Defendants also state that no shareholder agreements exist as of January 9, 2023. These documents and statement are responsive to RFP No. 1.

Second, the unexecuted stipulation contemplated production of board minutes, or written offers or presentations to third parties, indicating a valuation of Defendants' total enterprise

**CURTIS**

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Davis Polk
August 7, 2026
Page 2

value, starting as of January 9, 2023, in response to RFP No. 13 and ROG Nos. 5-7. Defendants state that no such documents exist.

Third, the unexecuted stipulation contemplated production of Defendants' corporate income tax returns for fiscal years 2023 and 2024. Defendants are prepared to produce those documents, but are withholding them for the time being because those are confidential documents in Hebrew. Defendants will produce those documents promptly upon the parties finalizing and submitting an agreed-upon stipulated AI order to the Court. As the parties have previously discussed, given the recent increase in the use of generative AI systems in litigation, it is possible that generative AI systems may be used to assist in the review of documents in this case, including specifically for translation of confidential documents. While the parties have agreed in principle regarding the need to amend the Stipulated Protective Order (ECF No. 132) to specifically address any use of generative AI and Plaintiffs have agreed to abide by provisions of Defendants' proposed stipulated AI order unless and until the parties agree to any changes or the Court rules otherwise, we are yet to receive Plaintiffs' comments to the proposed stipulated AI order that we sent to you on July 1, 2026 (and appended hereto again for your reference). It is important for Defendants to formalize those protections by amending the Stipulated Protective Order to avoid any doubt that any inappropriate processing of confidential documents in generative AI systems would be a violation of that order.[1]

Lastly, as to the remaining categories of documents identified in the unexecuted stipulation (namely, payments or distributions to officers or equity holders), Defendants stand on their objections including with respect to third party non-debtors' assets.

Defendants are happy to reopen discussions to narrow the scope and resolve any differences the parties have with regards to the Requests to avoid burdening the Court prematurely and unnecessarily with any supposed "disputes."

Defendants reserve all rights.

Yours truly,

Juan O. Perla

---

[1] It is generally recognized that inappropriate use of generative AI in litigation can pose risks to confidentiality, among other concerns. *See, e.g.*, ABA Formal Opinion 512 (discussing a lawyer's duty to maintain confidentiality when uploading information to generative AI); State Bar of California Committee on Professional Responsibility and Conduct 2026 Practical Guidance on Generative AI ("Generative AI products often utilize the information that is input by the user, including prompts and uploaded documents or resources, to further train or refine the AI, and might also share such information with third parties or use it for other purposes. Even if the product does not utilize or share inputted information, it may lack reasonable or adequate security (*e.g.*, it could store or transmit information in ways that raise confidentiality concerns).").

Juan O. Perla (appearance pro hac vice)
Turner Smith (appearance pro hac vice)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178
Tel: (212)-696-6084
jperla@curtis.com
tsmith@curtis.com

Jerrold L. Bregman (SBN 149896)
BG Law LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel: (818)-827-9101
Fax: (818) 827-9099
jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Limited*
*and Q Cyber Technologies Limited*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION TO AMEND STIPULATED PROTECTIVE ORDER**<br><br><br>Ctrm:   3<br>Judge:   Hon. Phyllis J. Hamilton |

The Joint Motion filed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited and Plaintiffs WhatsApp LLC and Meta Platforms Inc. to Amend the Stipulated Protective Order, Dkt. 132, is before the Court. Having considered the materials before the Court,

**IT IS HEREBY ORDERED** that the Joint Motion is **GRANTED** and the Stipulated Protective Order, Dkt. 132, is **AMENDED** as follows:

7.5: Use of Generative AI (GAI), Machine Translation Service and Related Confidentiality Controls

7.5.1    Definitions.

(a)    GAI System means any generative or machine-learning service, model, or application that processes Prompts, Inputs, Outputs, or related metadata, including but not limited to large language models.

(b)    Derived Output means any output produced or inferred by a GAI System from Confidential Information, including but not limited to, summaries, translations or other textual, graphic or audiovisual data.

(c)    Confidential Information means any information subject to any confidentiality designation under this Stipulated Protective Order and includes any such information when processed by a GAI System, including any Derived Output from which confidential inputs could be reconstructed.

7.5.2 GAI as Use/Disclosure. Uploading, inputting, transmitting, or otherwise processing any Confidential Information or Derived Output in or through any GAI System constitutes a Use and a Disclosure under this Stipulated Protective Order and is permitted only for purposes of this Action and subject to all safeguards in Section 7.5.3. Any unapproved processing is a material breach of this Stipulated Protective Order.

7.5.3 No Retention / No Training / Isolation. Any GAI System used to process any Confidential Information must:

(a)    Not retain prompts, inputs, outputs, or telemetry beyond transient computation

(b)    Not train, fine-tune, adapt, or improve any model using Confidential Information or Derived Output and

-2-

[PROPOSED] AMENDMENT TO
STIPULATED PROTECTIVE ORDER
CASE NO. 4:19-CV-07123-PJH

(c)      Provide single-tenant or functionally isolated processing so that any vendor or other customers/users cannot access the Confidential Information without proper authorization.

7.5.4 <u>Logging; Limited Audit Materials</u>. The Receiving Party shall provide within 3 days of a written request, a log of documents containing any Confidential Information or Derived Output that was processed using a GAI system, including the name of the GAI system used for each document.

7.5.5 <u>Security Incidents</u>. The Receiving Party shall provide prompt written notice (no later than 72 hours after discovery) of any actual or suspected unauthorized processing of Confidential Information or Derived Output in a GAI System.

7.5.6 <u>No Waiver</u>. Processing any Confidential Information or Derived Output in a GAI System does not waive any privilege, work-product protection, confidentiality designation, or data-protection obligation. Nothing in this Section authorizes cross-matter reuse of any Confidential Information or Derived Output.

IT IS SO ORDERED, this _____ day of _____ 2026.

_____
HONORABLE PHYLLIS J. HAMILTON
United States District Judge

-3-

[PROPOSED] AMENDMENT TO
STIPULATED PROTECTIVE ORDER
CASE NO. 4:19-CV-07123-PJH