**Davis Polk**

Micah G. Block
+1 650 752 2023
micah.block@davispolk.com

Davis Polk & Wardwell LLP
900 Middlefield Road
Redwood City, CA 94063
davispolk.com

August 17, 2026

Re: *WhatsApp LLC et al. v. NSO Group Technologies Limited et al.*, No. 4:19-cv-07123-PJH

Honorable Phyllis J. Hamilton
U.S. District Court for the Northern District of California
Ronald V. Dellums Federal Building and United States Courthouse
1301 Clay Street
Oakland, CA 94612

Dear Judge Hamilton:

Plaintiffs write in response to Defendants' August 7, 2026 letter, Dkt. No. 873, concerning the post-judgment discovery disputes presented to the Court on July 31, 2026, Dkt. No. 870. Plaintiffs disagree with Defendants' characterization of the parties' negotiations. These requests have been pending since March 4, 2026, and the parties have conferred multiple times over the past five months without resolving the disputes. Defendants' August 7 letter confirms that ripe disputes remain for resolution.

***Credit and Loan Agreements.*** The credit and loan agreements were neither produced nor addressed in Defendants' August 7 letter. Instead, Defendants expressly "stand on their objections including with respect to third party non-debtors' assets," Dkt. No. 873-1 at 3—the same rationale Defendants invoked to withhold these documents, *see* Dkt. No. 870 at 4.

***Payments and Distributions.*** Defendants likewise "stand on their objections" to producing documents identifying payments, distributions, or compensation to their officers and equity holders. Dkt. No. 873-1 at 3. As Plaintiffs explained in their portion of the July 31 letter, that information falls squarely within the scope of Rule 69 discovery into a judgment debtor's finances. Dkt. No. 870 at 3.

***Valuations and Asset Identification.*** Defendants state that no "board minutes, or written offers or presentations to third parties, indicating a valuation of Defendants' total enterprise value" exist from January 9, 2023 forward. Dkt. No. 873-1 at 2. But that does not answer RFP No. 13, which seeks "any valuation of [Defendants'] business or assets," including formal and informal appraisals, estimates, offers, proposals, and other indications of value. Dkt. No. 870-1 at 8. Plaintiffs previously made clear that limiting production to final third-party appraisals would be insufficient. *See* Dkt. No. 870-9 at 2. Defendants' narrower formulation therefore does not resolve the dispute.

Defendants' August 7 letter helpfully agrees to produce certain documents that Defendants previously would not agree to produce unless Plaintiffs abandoned their requests for other proper discovery. However, neither the letter nor Defendants' partial production (of seven documents) moots the disputes submitted on July 31. Plaintiffs respectfully request that the Court rule on these issues and are prepared to address them at the August 20 hearing.

Davis Polk

Very truly yours,

*/s/ Micah G. Block*
Micah G. Block

cc: All counsel of record

**Electronic Filing**