Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP LLC and
META PLATFORMS, INC.

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED
and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**PLAINTIFFS' SUBMISSION REGARDING MOTION FOR CONTEMPT**

Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") respectfully provide this supplemental submission and the attached proposed order pursuant to the Court's direction at the August 20, 2026 hearing. For the reasons below, Plaintiffs respectfully submit that the record supports a finding of contempt on the papers. In the alternative, if the Court is not prepared to make that finding at this time, the Court should issue an order to show cause why NSO should not be held in contempt, thereby formally initiating contempt proceedings. A copy of the proposed order to show cause is attached as **Exhibit A** hereto.

**I. The Court Should Find NSO in Contempt on the Papers**

Plaintiffs have established by clear and convincing evidence that NSO violated the Permanent Injunction in at least three separate ways, by: (1) creating at least 23 new WhatsApp accounts (Paragraph 3(d)); (2) operating WhatsApp accounts and testing groups (Paragraph 3(a)); and (3) deploying one-click malicious URLs through WhatsApp-interacting infrastructure (Paragraphs 3(a) and 4). *See* Dkt. Nos. 854, 864. These facts rest on the sworn declaration of Andrew Blaich, which NSO has not controverted with any evidence. Indeed, NSO has not even denied the relevant conduct.

At the August 20 hearing, the Court identified the interplay between *Peterson v. Highland Music, Inc.* and *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888* as warranting further review. Both cases support the same result. In *Hoffman*, the Ninth Circuit held that a court may "narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits." 536 F.2d 1268, 1277 (9th Cir. 1976). NSO reads *Hoffman*'s separate reference to Rule 43(a) as categorically requiring live testimony, but *Peterson* forecloses that reading: the Ninth Circuit in *Peterson* analyzed its own holding in *Hoffman* more than twenty years earlier and affirmed a contempt finding based on uncontroverted affidavits without requiring live testimony. 140 F.3d 1313, 1324 (9th Cir. 1998). Like the alleged contemnors in *Peterson*, NSO in this case has "had ample notice and an opportunity to respond," yet "presented no admissible evidence," and has "not described any new evidence that they could present at a hearing, nor any existing evidence that they would challenge." *Id*. A court in this district applied the same rule in *Vasquez v. Libre by Nexus, Inc.*, treating the facts in uncontroverted declaration as true and shifting the burden to the contemnor to demonstrate compliance where

the contemnor "ha[d] not filed any evidence to contradict the declaration." 2023 WL 360242, at *10 (N.D. Cal. Jan. 23, 2023).

The Court need not hold an evidentiary hearing to find NSO in contempt. Here, NSO submitted no declaration, no denial, and no compliance certification. It does not deny creating accounts or using WhatsApp for business operations. *Hoffman*'s reference to live testimony addressed situations with disputed facts requiring cross-examination. Where no factual dispute exists because the alleged contemnor did not raise one, there is nothing for live testimony to resolve. The Court should grant Plaintiffs' motion and enter the proposed order. *See* Dkt. No. 854-5.

## II. In the Alternative, the Court Should Issue an Order to Show Cause

If the Court is not prepared to find contempt on the current record, the appropriate next step is an order directing NSO to show cause why it should not be held in contempt. The "proper practice" when contempt is alleged "is to require the offender to appear and show cause why he should not be punished." *Cooke v. United States*, 267 U.S. 517, 535 (1925); *see also Craters & Freighters v. Daisychain Enters.*, 2014 WL 2153924, at *1 (N.D. Cal. May 22, 2014) (the Court "has the inherent authority to enforce compliance with its orders through a civil contempt proceeding" (citing *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827–28 (1994))).

To issue an order to show cause, the Court need only find that there has been a "sufficient preliminary showing" of contempt to require the alleged contemnor to come forward with evidence. *See* Order at 2, *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR (N.D. Cal. Apr. 23, 2024), Dkt. No. 925 (issuing order to show cause and setting evidentiary hearing upon finding that movant's motion for contempt "made a sufficient preliminary showing" of noncompliance); *see also Young v. City of Chicago*, 2017 WL 25170, at *5 (N.D. Ill. Jan. 3, 2017) ("The factual determination that sets the [contempt] proceedings in motion is perhaps best described as a preliminary assessment that the facts presented implicate defendants in violation of the court's order."). The uncontroverted facts in the Blaich Declaration are far more than sufficient to clear this threshold—particularly in light of the confirmation in NSO's own opposition that WhatsApp's attribution of accounts to NSO has been accurate. *See* Dkt. No. 863 at 6 (admitting that Plaintiffs identified and disabled WhatsApp groups populated with NSO employee accounts while the permanent injunction was in place).

To ensure meaningful proceedings and efficient resolution, the order to show cause should establish the following parameters, consistent with those courts in this district and circuit have adopted in comparable contempt proceedings. *See, e.g.*, Order, *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR (N.D. Cal. Apr. 23, 2024), Dkt. No. 925 (setting enumerated hearing topics, requiring specific witnesses, and ordering witness lists and exhibit exchanges in advance); Order, *Hernandez v. Cnty. of Monterey*, No. 13-cv-02354-BLF (N.D. Cal. Aug. 2, 2024), Dkt. No. 900 (setting show-cause response deadline, expedited discovery plan, and two-day evidentiary hearing on contempt sanctions); *Vasquez*, 2023 WL 360242, at *6 (ordering alleged contemnors to file a response "supported by admissible evidence" by a date certain); *Facebook, Inc. v. Power Ventures, Inc.*, 2017 WL 3394754, at *13 (N.D. Cal. Aug. 8, 2017) (ordering defendant to file a certification "under penalty of perjury" addressing compliance with each provision of the injunction within five days).

Specifically, the order should require NSO to file, within 14 days of entry of the order to show cause, a sworn declaration by an officer with personal knowledge addressing the steps NSO has taken to comply with each provision of the Permanent Injunction—including, but not limited to, whether NSO has created any WhatsApp accounts since January 28, 2026, whether it or its employees currently use WhatsApp, whether it continues to operate installation-vector infrastructure that interacts with the WhatsApp Platform, and whether Pegasus or any successor product continues to collect WhatsApp data from target devices. Plaintiffs would then have 7 days to reply. If disputed factual issues remain after the exchange of declarations, the Court should set an evidentiary hearing, with witness lists and exhibit exchanges in advance.

A proposed order to show cause is attached hereto as **Exhibit A**.

Dated: August 27, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: */s/ Greg D. Andres*

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*