# EXHIBIT B

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP LLC and META PLATFORMS, INC.

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**NOTICE OF ISSUANCE OF SUBPOENA TO HIPPOCRENE VENTURES LLC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs WhatsApp LLC and Meta Platforms, Inc. have issued the subpoena attached hereto to:

Hippocrene Ventures LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

The subpoena commands the production of documents and electronically stored information specified in Exhibit A to the subpoena. Pursuant to Rule 45(a)(4), a copy of the subpoena is being served on all parties before it is served on Hippocrene Ventures LLC.

Dated: September 23, 2026

DAVIS POLK & WARDWELL LLP

By: */s/ Micah G. Block*

Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| WHATSAPP LLC, and META PLATFORMS, INC., *Plaintiff* v. NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, *Defendant* | ) ) ) ) ) ) | Civil Action No. 4:19-cv-07123-PJH |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hippocrene Ventures LLC
c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A (attached).

| Place: Daivs Polk & Wardwell LLP<br>1050 17th Street, NW<br>Washington, DC 20036 | Date and Time:<br>10/07/2026 11:59 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Micah G. Block
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* WhatsApp LLC and Meta Platforms, Inc. , who issues or requests this subpoena, are:

Micah G. Block, Davis Polk & Wardwell LLP, 900 Middlefield Road, Suite 200, Redwood City, California 94063, micah.block@davispolk.com, (650) 752-2000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:19-cv-07123-PJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO HIPPOCRENE VENTURES LLC**

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the Documents and things designated herein for inspection at the offices of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, within 14 days of service (or such later date on which both parties agree), as provided under the Federal Rules of Civil Procedure. This Subpoena for Documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Complaint" means the complaint filed by WhatsApp LLC (f/k/a WhatsApp Inc.) and Meta Platforms, Inc. (f/k/a Facebook, Inc.) against Defendants in the United States District Court for the Northern District of California, No. 4:19-cv-07123-PJH on October 29, 2019.

3. "Defendants" refers to NSO and Q Cyber.

4. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

5. "Hippocrene Ventures" means Hippocrene Ventures LLC, as well as its subsidiaries, affiliates, branches, divisions, partnerships, properties, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any current or former employee, officer, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney or other representative of any of those entities.

6. "Judgment Debtors" means NSO Group Technologies Limited and Q Cyber Technologies Limited.

7. "Meta Platforms" means the requesting party Meta Platforms, Inc. (f/k/a Facebook, Inc.).

8. "NorthPole NewCo" means NorthPole NewCo S.à r.l., a société à responsabilité limitée organized under the laws of Luxembourg.

9. "NSO" means NSO Group Technologies Limited, as well as its directors, employees, subsidiaries, corporate parents, affiliates, and representatives.

10. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Q Cyber" means Q Cyber Technologies Limited, as well as its directors, employees, subsidiaries, corporate parents, affiliates, and representatives.

12. "Relating to" means concerning, referring to, describing, evidencing, or constituting.

13. The "Relevant Period" is from January 1, 2025 through present.

14. "Transaction" means the acquisition by Hippocrene Ventures LLC of secured creditor rights against NorthPole NewCo and/or Defendants in or about October

2025, and the related transfer of shares of NorthPole NewCo, including all negotiations, due diligence, agreements, and closing steps in connection therewith.

15. "WhatsApp" means the requesting party WhatsApp LLC (f/k/a WhatsApp Inc.).

16. "You," "Your," and "Yours" shall mean Hippocrene Ventures, and any other person acting on Your behalf, including but not limited to directors, employees, subsidiaries, corporate parents, and representatives.

17. In producing Documents, You are requested to produce the original of each Document requested together with all copies and drafts of that Document. In any circumstance in which an agreement is reached to allow the production of copies of Documents rather than originals, you shall retain all of the original Documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

18. Any alteration of a responsive Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a Document, is a responsive Document on its own and must be produced.

19. Documents and Communications shall be produced in a manner that identifies all metadata, including but not limited to the sender, recipient, date, time, and location, when available.

20. Documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

21. If identical copies of a Document are in the possession, custody, or control of more than one natural Person or other Document custodian, a copy of that Document shall be produced from each such natural Person or other Document custodian.

22. Produce all responsive Documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or Persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

23. If You object to part of a request, you must produce all Documents called for which are not subject to that objection.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1:**

All Documents Relating to the formation, organization, and governance of Hippocrene Ventures LLC, including but not limited to: certificate of formation, operating agreement(s), and all amendments thereto.

**Document Request No. 2:**

Documents and Communications sufficient to identify all current and former members, managers, officers, directors, beneficial owners, equity holders, and any other Persons with authority to act on behalf of or direct the activities of Hippocrene Ventures LLC during the Relevant Period.

**Document Request No. 3:**

All Documents and Communications concerning the Transaction, including but not limited to: purchase agreements, assignment agreements, credit bid documentation, loan

transfer documents, participation agreements, closing documents, consideration paid, and all negotiations, correspondence, due diligence materials, and drafts Relating thereto.

**Document Request No. 4:**

All Documents and Communications concerning the transfer of shares of NorthPole NewCo to or by Hippocrene Ventures LLC, including but not limited to: share purchase agreements, share transfer forms, notarial deeds, Luxembourg trade registry filings, shareholder registers, consents, waivers, and any documents reflecting the consideration paid or received for such transfers.

**Document Request No. 5:**

All Documents and Communications concerning any loans, financing arrangements, credit facilities, promissory notes, or security interests involving Hippocrene Ventures LLC, on the one hand, and Defendants, NorthPole NewCo, or OSY Technologies S.à r.l., on the other hand.

**Document Request No. 6:**

Documents sufficient to identify all Financial Accounts of Hippocrene Ventures LLC through which funds were received from or transmitted to Defendants, NorthPole NewCo, or OSY Technologies S.à r.l. during the Relevant Period, including the name and address of the financial institution, account number, account holder(s), authorized signatory(ies), and current and historical balances during the Relevant Period.

**Document Request No. 7:**

For each Financial Account identified in response to Document Request No. 6, all account statements, transaction records, wire transfer confirmations, and deposit and

withdrawal records reflecting transfers of funds to or from Defendants, NorthPole NewCo, or OSY Technologies S.à r.l. during the Relevant Period.

**Document Request No. 8:**

All Documents reflecting transfers of funds, property, securities, or other assets of any kind between Hippocrene Ventures LLC, on the one hand, and Defendants, NorthPole NewCo, or OSY Technologies S.à r.l., on the other hand, during the Relevant Period.

**Document Request No. 9:**

All Documents and Communications concerning the role of Hippocrene Ventures LLC (or any of its members, managers, officers, or agents) in the management, governance, direction, or control of Defendants or NorthPole NewCo, including but not limited to: board seats, management rights, observer rights, veto rights, consent rights, or other governance authority.

**Document Request No. 10:**

All Communications between Hippocrene Ventures LLC (including its members, managers, officers, agents, attorneys, and representatives) and Defendants or NorthPole NewCo during the Relevant Period Relating to any of the Judgment Debtors' assets, liabilities, financial condition, corporate structure, or the Transaction.

**Document Request No. 11:**

All Communications between Hippocrene Ventures LLC (including its members, managers, officers, agents, and representatives) and Robert Simonds (or any entity owned or controlled by Robert Simonds) concerning Defendants, NorthPole NewCo, or the judgments entered in this action.

**Document Request No. 12:**

All Documents concerning any assets of Defendants held by, pledged to, assigned to, or maintained for the benefit of Hippocrene Ventures LLC, including but not limited to: intellectual property, technology licenses, software, customer contracts, real property interests, equipment, and intangible assets.

**Document Request No. 13:**

All Documents concerning any distributions, dividends, payments, interest, fees, reimbursements, or other compensation of any kind received by Hippocrene Ventures LLC from or on behalf of Defendants, NorthPole NewCo, or OSY Technologies S.à r.l. during the Relevant Period.

**Document Request No. 14:**

All Documents and Communications concerning any restructuring, reorganization, recapitalization, merger, consolidation, or change of control of Defendants or NorthPole NewCo during the Relevant Period in which Hippocrene Ventures LLC participated, consented to, or of which it had knowledge.

**Document Request No. 15:**

All Documents concerning any valuations, appraisals, or assessments of Defendants, NorthPole NewCo, or any of their assets, equity, or business operations performed by or for Hippocrene Ventures LLC during the Relevant Period.

**Document Request No. 16:**

All engagement letters, fee agreements, advisory mandates, or retainer agreements between Hippocrene Ventures LLC and any financial advisor, investment bank, valuation firm, management consultant, or other professional advisor concerning Defendants or NorthPole NewCo.

**Document Request No. 17:**

All Documents concerning any current or planned disposition, sale, assignment, transfer, pledge, or encumbrance of Hippocrene Ventures LLC's secured creditor rights, equity interests, or any other rights against or Relating to Defendants or NorthPole NewCo.

**Document Request No. 18:**

All Documents and Communications concerning any legal proceedings, arbitrations, mediations, or disputes between Hippocrene Ventures LLC and Defendants or NorthPole NewCo, including but not limited to pleadings, demand letters, settlement agreements, and correspondence with counsel.

**Document Request No. 19:**

Documents sufficient to show all sources of funding used by Hippocrene Ventures LLC to acquire the secured creditor rights against NorthPole NewCo and/or Defendants, including but not limited to: capital contributions by members, loan agreements, credit facilities, investor subscription agreements, and bank records reflecting the flow of funds.

**Document Request No. 20:**

All Documents and Communications concerning any agreement, arrangement, understanding, or Communication between Hippocrene Ventures LLC and any Person regarding the satisfaction, enforcement, collection, or frustration of the judgments entered against Defendants in *WhatsApp LLC, et al. v. NSO Group Technologies Limited, et al.*, No. 4:19-cv-07123-PJH (N.D. Cal.).

**Document Request No. 21:**

All Documents concerning any indemnification, hold-harmless, or contribution arrangements between Hippocrene Ventures LLC and Defendants or NorthPole NewCo,

including but not limited to indemnification provisions in any agreement, side letter, or governance document.

**Document Request No. 22:**

All minutes of meetings, written resolutions, or member and manager consents of Hippocrene Ventures LLC that reference or concern Defendants, NorthPole NewCo, the judgments entered in this action, or any matter Relating to the post-judgment proceedings in this action.

**Document Request No. 23:**

Documents sufficient to show whether Hippocrene Ventures LLC and any entity named "Hippocrene, LLC" (including any Delaware-registered entity by that name) share common ownership, management, control, members, or officers.