Juan O. Perla (appearance pro hac vice)
Turner Smith (appearance pro hac vice)
David V. Holmes (appearance pro hac vice)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Tel: (212)-696-6084
jperla@curtis.com
tsmith@curtis.com

Jerrold L. Bregman (SBN 149896)
BG Law LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel: (818)-827-9101
Fax: (818) 827-9099
jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Limited*
*and Q Cyber Technologies Limited*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WHATSAPP LLC and
META PLATFORMS, INC.,

Plaintiffs,

v.

NSO GROUP TECHNOLOGIES LIMITED
and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 4:19-cv-07123-PJH

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Ctrm: 3
Judge: Hon. Phyllis J. Hamilton

NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber" and, collectively with NSO, "Defendants") have brought before this Court their Motion for Protective Order (the "Motion"), seeking protections against Plaintiffs WhatsApp LLC and Meta Platforms, Inc.'s post-judgment discovery requests under Federal Rule of Civil Procedure 69, including, but not limited to, the First Set of Interrogatories in Aid of Judgment (the "Interrogatories") and the First Set of Requests for Production of Documents in Aid of Judgment (the "RFPs") dated March 4, 2026 (the "Requests"), as well as the Deposition Notices dated July 23, 2026 and August 25, 2026.

Having considered the Motion, all supporting and opposition papers,

**IT IS HEREBY ORDERED** that the Motion, is **GRANTED** as follows:

1. Only post-judgment discovery of assets directly owned by Defendants, the only named judgment debtors, in this action is permitted. No discovery of assets or other information of any person or entity other than Defendants is permitted.

2. Any post-judgment discovery will be limited to discovery of Defendants' assets in the United States.

3. Any post-judgment discovery will be limited to assets, transfers or transactions valued in excess of USD $150,000.

4. The relevant time period for any post-judgment discovery will start from December 12, 2025, to the present.

5. Any deposition conducted as part of post-judgment discovery will be limited in the same manner as described in Paragraphs 1-4 of this Order.

6. All corporate depositions involving a foreign deponent will be limited to that deponent's corporate knowledge of the Defendants' assets and shall not extend to the deponent's knowledge of personal affairs or the affairs of other non-parties absent compliance with the relevant procedures under the Hague Convention for the Taking of Evidence.

7. No post-judgment discovery regarding the injunction is permitted.

IT IS SO ORDERED, this ____ day of __________________ 2026.

______________________________
HONORABLE PHYLLIS J. HAMILTON
United States District Judge