Greg D. Andres
Antonio J. Perez-Marques
Luca Marzorati
(admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: greg.andres@davispolk.com
antonio.perez@davispolk.com
luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF LUCA MARZORATI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br><br>**DISCOVERY MATTER**<br><br>Date: December 17, 2026<br>Time: 1:30 p.m.<br>Ctrm: 3<br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed: October 29, 2019 |

I, Luca Marzorati, declare as follows:

1. I am an associate at the law firm of Davis Polk & Wardwell LLP and admitted *pro hac vice* to practice before this Court. I am counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. ("Plaintiffs") in the above-captioned action filed on October 29, 2019 against Defendants NSO Group Technologies Limited ("NSO Group") and Q Cyber Technologies Limited ("Q Cyber") (together, "NSO" or "Defendants"). I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Post-Judgment Discovery, filed concurrently herewith.

3. On March 4, 2026, Plaintiffs served their First Set of Requests for Production of Documents in Aid of Judgment (the "RFPs") and their First Set of Interrogatories in Aid of Judgment (the "Interrogatories") on Defendants. Attached hereto as **Exhibit A** is a true and correct copy of the RFPs, and attached hereto as **Exhibit B** is a true and correct copy of the Interrogatories.

4. On May 4, 2026, Defendants served their Responses and Objections to the RFPs and their Answers and Objections to the Interrogatories. Attached hereto as **Exhibit C** is a true and correct copy of Defendants' Responses and Objections to the RFPs, and attached hereto as **Exhibit D** is a true and correct copy of Defendants' Answers and Objections to the Interrogatories.

5. As of the date of this declaration, Defendants have not paid any portion of the $4,447,190 judgment entered on November 12, 2025 (Dkt. No. 810) or the $15,914,095 in attorneys' fees awarded on January 30, 2026 (Dkt. No. 835), have not posted a supersedeas bond, and have not obtained a stay of execution or of post-judgment discovery.

6. Counsel for the parties met and conferred by videoconference regarding the RFPs and Interrogatories on May 8 and May 22, 2026, and, on the balance of the requests, on June 16 and June 26, 2026, and exchanged extensive correspondence between those conferences. On June 4, 2026, the parties filed a stipulation under which Defendants agreed to produce certain categories of documents while negotiations continued as to the remaining scope of the requests. Dkt. No. 853. On June 5, 2026, I sent Defendants' counsel an agenda for a further meet-and-confer on the balance of the RFPs and Interrogatories. Dkt. No. 870-9. On June 23, 2026, Defendants offered to produce additional

documents on the condition that the corresponding requests "would be deemed satisfied and eliminated." Dkt. No. 870-7 at 1. On July 15, 2026, Defendants proposed a revised stipulation that deferred negotiation of the loan and credit agreements. Dkt. No. 870-12. On July 31, 2026, the parties filed a joint letter presenting the disputes over RFP Nos. 1, 4, 11, and 13 and Interrogatory Nos. 5–7 and 9. Dkt. No. 870.

7. On July 23, 2026, Plaintiffs served a notice of deposition of Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6), and on August 25, 2026, Plaintiffs served a notice of deposition of NSO's Chief Executive Officer, Akiva Rosner, pursuant to Rule 30(b)(1). Dkt. Nos. 881-1, 881-2. Both notices were served by email on Defendants' U.S. counsel of record.

8. On August 13, 2026, counsel for the parties met and conferred regarding the Rule 30(b)(6) notice. During that conference, Defendants' counsel stated that Defendants would provide a markup of the noticed topics reflecting Defendants' objections early the following week. At Defendants' urging, Plaintiffs agreed to address the injunction-related topics separately from the topics relating to enforcement of the money judgment. Defendants did not provide the promised markup.

9. On August 20, 2026, the Court held a hearing at which it addressed the parties' post-judgment discovery disputes and directed the parties to hold a final meet and confer on (i) loan and credit agreements, (ii) payments and distributions to officers and equity holders, and (iii) valuation and identification of assets. Attached hereto as **Exhibit E** is a true and correct copy of excerpts of the transcript of the August 20, 2026 hearing.

10. On August 21, 2026, I wrote to Defendants' counsel requesting the markup and Defendants' availability for a further meet-and-confer. Defendants' counsel responded that discussion of a deposition and of the markup should be deferred until the Court ruled on any further contempt proceedings and, as to topics outside the scope of Defendants' discovery responses and production to date, until the Court ruled on any motion for protective order or motion to compel "as to the proper scope of asset discovery."

11. On August 25, 2026, I wrote again to request that Defendants confirm whether they would engage on the deposition topics, provide the promised markup, and make Mr. Rosner

available, noting that Defendants had previously indicated that October would work for a deposition and that Plaintiffs had been requesting deposition availability since July 23. Attached hereto as **Exhibit F** is a true and correct copy of an email chain between counsel for Plaintiffs and counsel for Defendants dated August 21 through September 2, 2026. *See also* Dkt. No. 881-3.

12. On September 3, 2026, counsel for the parties held the final meet-and-confer directed by the Court. During that conference, Defendants' counsel offered, only as part of a global resolution of all three categories: (a) the economic terms of Defendants' loan and credit agreements in the form of a certified answer, or the agreements themselves without third-party identifying information; (b) information about assets owned by Defendants in any jurisdiction other than Israel and Luxembourg where Defendants hold assets valued above $150,000 in the aggregate, together with any valuations of assets in those jurisdictions; and (c) information concerning payments and distributions to officers and equity holders, subject to redaction of personally identifying information, which Defendants' counsel stated Israeli privacy law requires. Plaintiffs declined those proposals. *See* Dkt. No. 881 at 1–3.

13. At the September 3 conference, Defendants' counsel also stated that the parties' discussions to that point had contemplated that Mr. Rosner would be deposed as Defendants' Rule 30(b)(6) witness, and that he would likely be available in early-to-mid October 2026 on the post-judgment Rule 30(b)(6) topics. When counsel for Plaintiffs asked for a date, Defendants' counsel did not offer one and stated that he would need to confirm with Defendants. Defendants' counsel refused to provide any markup of the Rule 30(b)(6) topics, including a markup limited to the judgment-enforcement topics (Topics 1–16), and stated that no deposition should proceed until the Court provided guidance on the document disputes. Defendants' counsel further stated that Defendants would object to any Rule 30(b)(1) deposition of Mr. Rosner that was not limited to topics related to enforcement of the money judgment, and that, absent his appearance as a corporate witness, Mr. Rosner could be deposed individually only through Hague Convention procedures.

14. On September 10, 2026, the parties filed a joint status statement reporting that the September 3 conference had not resolved the disputes. Dkt. No. 881. In that statement, Defendants represented that they "could be generally available after October 4, subject to any further rulings by

this Court." *Id.* at 4. On October 16, 2026, the Court directed the parties to present all outstanding disputes, including the deposition disputes, by cross-motion. Dkt. No. 885.

15. On September 23, 2026, Plaintiffs served a subpoena on non-party Hippocrene Ventures LLC ("Hippocrene"), a Delaware entity that acquired the rights of NSO's secured creditors in October 2025. On October 28, 2026, Defendants' counsel sent me an email stating that, in response to RFP No. 6 and without prejudice to Defendants' objections, Defendants would produce documents sufficient to identify any notes issued to Hippocrene by or for the benefit of Defendants, and that Defendants were producing a confidential document in conjunction with that email. Attached hereto as **Exhibit G** is a true and correct copy of the October 28, 2026 email from David Holmes, counsel for Defendants.

16. Attached hereto as **Exhibit H** is a true and correct copy of NSO Group's audited financial statements for fiscal year 2024, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000001 through PJ-NSO-000024. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

17. Attached hereto as **Exhibit I** is a true and correct copy of Q Cyber's audited financial statements for fiscal year 2024, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000025 through PJ-NSO-000042. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

18. Attached hereto as **Exhibit J** is a true and correct copy of NSO Group's audited financial statements for fiscal year 2023, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000043 through PJ-NSO-000063. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

19. Attached hereto as **Exhibit K** is a true and correct copy of Q Cyber's audited financial statements for fiscal year 2023, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000064 through PJ-NSO-000081. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

20. Attached hereto as **Exhibit L** is a true and correct copy of a document identifying NSO Group's bank details, produced by Defendants on July 13, 2026 and bearing Bates number PJ-NSO-000082.

21. Attached hereto as **Exhibit M** is a true and correct copy of a document identifying NSO Group's bank account at Bank Hapoalim, produced by Defendants on July 13, 2026 and bearing Bates number PJ-NSO-000083.

22. Attached hereto as **Exhibit N** is a true and correct copy of an organizational chart showing NSO's ownership chain, produced by Defendants on July 13, 2026 and bearing Bates number PJ-NSO-000084. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

23. Attached hereto as **Exhibit O** is a true and correct copy of a trademark search showing a trademark (No. 6111028) registered to NSO, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000085 through PJ-NSO-000089.

24. Attached hereto as **Exhibit P** is a true and correct copy of a trademark search showing a trademark (No. 6111029) registered to NSO, produced by Defendants on July 13, 2026 and bearing Bates numbers PJ-NSO-000090 through PJ-NSO-000094.

25. Attached hereto as **Exhibit Q** is a true and correct copy of a "Confirmation of Account Ownership" issued to Q Cyber for an account at Bank Leumi, produced by Defendants on July 13, 2026 and bearing Bates number PJ-NSO-000095.

26. Attached hereto as **Exhibit R** is a true and correct copy of a "Confirmation of Account Ownership" issued to NSO Group for an account at Bank Leumi, produced by Defendants on July 13, 2026 and bearing Bates number PJ-NSO-000096.

27. Attached hereto as **Exhibit S** is a true and correct copy of an Israeli Company Registry Extract for NSO Group dated July 7, 2026, produced by Defendants on August 7, 2026 and bearing Bates numbers PJ-NSO-000097 through PJ-NSO-000107.

28. Attached hereto as **Exhibit T** is a true and correct copy of an Israeli Company Registry Extract for Q Cyber dated July 24, 2026, produced by Defendants on August 7, 2026 and bearing Bates numbers PJ-NSO-000108 through PJ-NSO-000114.

29. Attached hereto as **Exhibit U** is a true and correct copy of NSO Group's Amended Articles of Association, produced by Defendants on August 7, 2026 and bearing Bates numbers PJ-NSO-000115 through PJ-NSO-000152.

30. Attached hereto as **Exhibit V** is a true and correct copy of a Certificate of Incorporation for NSO Group, produced by Defendants on August 7, 2026 and bearing Bates number PJ-NSO-000153.

31. Attached hereto as **Exhibit W** is a true and correct copy of a Company Name Change Certificate for Q Cyber, produced by Defendants on August 7, 2026 and bearing Bates number PJ-NSO-000154.

32. Attached hereto as **Exhibit X** is a true and correct copy of the early articles of association for Q Cyber's predecessor, produced by Defendants on August 7, 2026 and bearing Bates numbers PJ-NSO-000155 through PJ-NSO-000160.

33. Attached hereto as **Exhibit Y** is a true and correct copy of a Certificate of Incorporation for Q Cyber's predecessor, produced by Defendants on August 7, 2026 and bearing Bates number PJ-NSO-000161.

34. Attached hereto as **Exhibit Z** is a true and correct copy of an Israeli Company Registry Extract for NSO Group dated May 6, 2026, produced by Defendants on August 7, 2026 and bearing Bates numbers PJ-NSO-000162 through PJ-NSO-000164.

35. Attached hereto as **Exhibit AA** is a true and correct copy of a Convertible Promissory Note dated September 17, 2026, produced by Defendants on October 28, 2026 and bearing Bates numbers PJ-NSO-000165 through PJ-NSO-000181. Defendants have designated this document Confidential under the Protective Order (Dkt. No. 132), and Plaintiffs are filing it provisionally under seal.

36. Defendants' U.S. counsel of record has appeared on behalf of Defendants and accepted service of documents throughout this litigation. Before judgment, Plaintiffs deposed four NSO executives, including its then-CEO, Yaron Shohat, on deposition notices served by email on Defendants' U.S. counsel of record, and Defendants did not insist on Hague Convention procedures. Attached hereto as **Exhibits BB** through **EE** are true and correct copies of those deposition notices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 30th day of October 2026 in New York, New York.

By: */s/ Luca Marzorati*
Luca Marzorati