# EXHIBIT F

**From:** Holmes, David <dholmes@curtis.com>
**Sent:** Wednesday, September 2, 2026 3:08 PM
**To:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Perla, Juan <jperla@curtis.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; derekshaffer@quinnemanuel.com; Gilman, Felix <fgilman@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

Luca,

We will not respond to the substance of your email here and instead will discuss our position at tomorrow's meet and confer. Consistent with the court's direction to meet and confer, presumably in good faith, on the remaining document issues "alone," we have been working with our client to prepare a proposal that we hope will resolve the pending document issues without further court intervention.

In that regard, we do want to note our surprise and concern, based on the tone and substance of your email, that plaintiffs may not be coming to the court-ordered meet and confer in a spirit of cooperation and good faith to try to resolve the pending document issues without further court intervention. In particular, the court directed the parties to meet and confer, and then submit a joint status statement within a week (i.e., by September 10) on whether a motion to compel or a motion for a protective order would be more appropriate to address any unresolved document issues. Yet, your email jumps straight to threatening to file a motion to compel without offering any potential compromise and proposes a briefing schedule that contemplates filing a motion to compel on the day the court-ordered joint status statement would be due, essentially sidelining the court's role in deciding the appropriate path forward.

We sincerely hope that plaintiffs will engage in a meaningful, good faith discussion at tomorrow's meet and confer with the aim of finding a resolution to the remaining document issues. Please confirm today whether that is plaintiffs' intent so we can finalize our proposal for tomorrow; otherwise, we're concerned that our efforts are futile and the court-ordered meet and confer will be a meaningless exercise.

Defendants reserve all rights and objections and waive none.

Sincerely,
**David Holmes**
Associate (he/him)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

Direct Dial: +1 212 696 6000
dholmes@curtis.com
CURTIS
www.curtis.com

Please consider the environment before printing this email.

**From:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Sent:** Tuesday, September 1, 2026 12:39 PM
**To:** Holmes, David <dholmes@curtis.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Perla, Juan <jperla@curtis.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; derekshaffer@quinnemanuel.com; Gilman, Felix <fgilman@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

*****EXTERNAL EMAIL*****
Counsel,

Thank you for your email.

We disagree with your characterization that Plaintiffs "attempted to take advantage" of the hearing. Plaintiffs' August 17 letter expressly stated that "Plaintiffs respectfully request that the Court rule on these issues and are prepared to address them at the August 20 hearing." Dkt. No. 874. Moreover, Judge Hamilton raised the discovery issue of her own accord before any party said a word about it, stating at the outset: "I'd like to also address the discovery disputes that you-all have written to me about." Defendants chose to have separate counsel handle post-judgment discovery matters and chose not to have discovery counsel present at a hearing at which they knew (or should have known) the Court might address the discovery dispute—nor to have discovery counsel join after the Court raised the issue. That is a consequence of Defendants' own choice and does not support a suggestion of gamesmanship on Plaintiffs' part.

The Court's guidance on the three pending document categories was clear. Judge Hamilton stated: "in my view, this is not third-party discovery," and added that "it doesn't seem to me that you need to get the information from a third party, even if it involves a third party. If NSO's party to a particular loan agreement or credit agreement, they can provide the information without the third party." If Defendants intend to maintain the "nonparty" objection notwithstanding the Court's guidance, we are prepared to move to compel.

We see no basis for deferring discussion of the depositions regarding enforcement of the damages award. At your urging, Plaintiffs agreed to handle injunction-related topics separately from the 30(b)(6) deposition on damages-related topics, so your there is no basis for your suggestion that damages-related discovery should wait until the Court rules on contempt. Moreover, Plaintiffs' proposed order to show cause (Dkt. No. 879-1) does not seek document or deposition discovery from NSO—it asks only that NSO submit a sworn declaration to the Court regarding its compliance with the injunction. That proposal does not relate to post-judgment asset discovery and provides no basis for delay. Separately, Plaintiffs have noticed the deposition of Mr. Rosner in his individual capacity. Whatever objections Defendants may have to the 30(b)(6) topics, they do not provide a basis for withholding Mr. Rosner, whose sole general authority over Defendants' assets is undisputed. Defendants have identified no basis for refusing to produce him. You previously indicated October would work for a deposition. We have been requesting availability since July 23—now nearly five weeks past the noticed date—without receiving a counterproposal.

We are available to meet and confer on September 3 and are prepared to discuss all three pending document issues. Please confirm by September 1 whether Defendants will also engage on deposition topics, provide the promised markup of the 30(b)(6) notice, and make Mr. Rosner available.

If the meet-and-confer does not resolve these issues, we intend to file a motion to compel covering all outstanding disputes—the three document categories, the 30(b)(6) deposition, and Mr. Rosner's individual deposition—so the Court can resolve them in a single proceeding. To that end, we propose the following briefing schedule:

1. Plaintiffs' opening brief: September 10, 2026
2. Defendants' opposition: September 24, 2026

3. Plaintiffs' reply: October 1, 2026

Plaintiffs reserve all rights and objections and waive none.

Thanks,
Luca

**Luca Marzorati**

+1 212 450 3660 office
+1 718 304 6950 mobile
luca.marzorati@davispolk.com

---

**Davis Polk & Wardwell LLP**

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.

---

**From:** Holmes, David <dholmes@curtis.com>
**Sent:** Wednesday, August 26, 2026 11:56 AM
**To:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Perla, Juan <jperla@curtis.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; derekshaffer@quinnemanuel.com; Gilman, Felix <fgilman@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

Luca,

We understand that, at the August 20 hearing, the court asked about the status of the post-judgment discovery issues presented in the parties' joint letter from July 31, 2026, and subsequent letters. We understand that plaintiffs attempted to take advantage of that opportunity to make arguments about post-judgment discovery, even though that issue was not calendared for the August 20 hearing, plaintiffs knew defendants were unrepresented by counsel as to post-judgment discovery matters, and the court properly observed that it would be unfair to go into the substance of the issues in the absence of the appropriate counsel.

We also understand that the court provided guidance and, consistent with the relief sought by defendants in the joint letter, directed the parties to meet and confer once again within two weeks of the hearing on the three pending issues relating to the joint letter "alone." Those three issues are (1) the credit and loan agreements; (2) payments and distributions to officers and equity holders and; (3) valuations and asset identification. The court further directed the parties to submit a joint status letter within one week after the meet and confer, in which the parties must provide their positions on whether it would be more appropriate to address any unresolved issues through a motion for a protective order or a motion to compel. In light of the court's guidance and directives, we can be available to discuss the three issues identified by the court anytime on Thursday, September 3.

Regarding a deposition and our proposed markup of the 30(b)(6) notice, we believe that it would be more appropriate and efficient to defer discussion of those items for now. Given plaintiffs' request for injunction-related discovery at the August 20 hearing, plaintiffs' offer to submit a proposal on further contempt proceedings within a week of that hearing, and the court's leave for defendants to respond, we believe that any discussion of a deposition, which would include any injunction-related topics, should take place after the court has ruled on the parties' positions regarding any further contempt proceedings. Furthermore, to the extent plaintiffs wish to ask questions about topics that are outside the scope of the discovery responses and documents defendants have produced so far, it would also be more appropriate and efficient

to wait until after the court rules on any forthcoming motion for protective order or motion to compel as to the proper scope of asset discovery.

Sincerely,
**David Holmes**
Associate (he/him)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

Direct Dial: +1 212 696 6000
dholmes@curtis.com
CURTIS
www.curtis.com

---

Please consider the environment before printing this email.

---

**From:** Marzorati, Luca <luca.marzorati@davispolk.com>
**Sent:** Friday, August 21, 2026 4:26 PM
**To:** Holmes, David <dholmes@curtis.com>; Perla, Juan <jperla@curtis.com>
**Cc:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>; fb.nso <fb.nso@davispolk.com>; Smith, Turner P. <tsmith@curtis.com>; Jerrold Bregman <jbregman@bg.law>; derekshaffer@quinnemanuel.com; Gilman, Felix <fgilman@curtis.com>; Campanini, Kaitlin <kaitlin.campanini@davispolk.com>
**Subject:** RE: WhatsApp LLC et. al. v. NSO Group Technologies Limited et. al., No. 4:19-cv-07123-PJH (N.D. Cal.)

*****EXTERNAL EMAIL*****
Counsel,

I write to follow up on the parties' August 13 meet and confer regarding Plaintiffs' 30(b)(6) deposition notice. During that call, you said that you would provide a markup of the topics reflecting NSO's objections early this week. We have not yet received it.

As you know, Judge Hamilton directed the parties to meet and confer regarding the disputed issues. To that end, we would like to schedule a call for next week. Please provide your availability and the promised markup promptly.

Thanks,
Luca

**Luca Marzorati**

+1 212 450 3660 office
+1 718 304 6950 mobile
luca.marzorati@davispolk.com

---

**Davis Polk & Wardwell** LLP

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy notice for important information on how we process personal data. Our website is at davispolk.com.