Juan O. Perla (appearance *pro hac vice*)
Turner Smith (appearance *pro hac vice*)
David V. Holmes (appearance *pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 696-6084
jperla@curtis.com
tsmith@curtis.com
dholmes@curtis.com

Jerrold L. Bregman (SBN 149896)
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Tel: (818) 827-9101
Fax: (818) 827-9099
jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Limited and*
*Q Cyber Technologies Limited*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT IN SUPPORT OF SEALING IDENTIFIED MATERIALS**<br><br>Judge: Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

Pursuant to Civil Local Rule 79-5(f)(3) and (c), NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ("Administrative Motion") (Dkt. No. 887). Plaintiffs identified portions of their Motion to Compel, Dkt. No. 888, along with Exhibits H-AA to the supporting Declaration of Luca Marzorati, Dkt. No. 889 (the "Marzorati Declaration"), as containing information that Defendants have designated as confidential pursuant to the August 31, 2020 Stipulated Protective Order, Dkt. No. 132, and accordingly filed them under seal.

Defendants agree that some, but not all, of these materials should remain sealed. Both compelling reasons and good cause exist to keep the following materials sealed: (1) Defendants' audited financial statements (Dkt. No. 889-8—11, Exs. H, I, J, K); (2) Defendants' organizational chart showing its corporate structure (Dkt. No. 889-14, Ex. N); and (3) a promissory note involving non-parties (Dkt No. 889-27, Ex. AA). Accordingly, references to the contents of those materials in Plaintiffs' brief should also remain redacted as set forth below.

## I. <u>LEGAL STANDARD</u>

While courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As such, courts routinely seal "sensitive confidential information." *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, at *6 (S.D. Cal. Nov. 8, 2017).

Courts in the Ninth Circuit apply two different standards to determine whether to seal materials. *Ctr. for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). For the sealing of materials that are "more than tangentially related to the merits of a case," courts require a showing of "compelling reasons." *Id.* at 1099. It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason." *Id.* at 1097.

However, "a party need only satisfy the less exacting 'good cause' standard" to seal "materials attached to a discovery motion unrelated to the merits of a case." *Id.*; *see also 3D Sys.*

*v. Wynne*, Case No.: 21-cv-1141-AGS-DDL, 2026 U.S. Dist. LEXIS 219158, at *6 (S.D. Cal. Sept. 25, 2026) (noting that most courts apply the "good cause" standard to discovery motions). This is because "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1983)) ("Much of the information that surfaces … may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on the discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"). Under the "good cause" standard, courts only require that the party make a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *Phillips*, 307 F.3d at 1210-11. A particularized showing requires "specific examples or articulated reasoning" of the alleged harm or prejudice that will result. *Shulte v. LinkedIn Corp.*, Case No. 22-cv-00237-HSG, 2026 U.S. Dist. LEXIS 201398, at *2 (N.D. Cal. Sept. 4, 2026).

Because here the sealed materials are attached to a motion to compel discovery - which is unrelated to the merits of the case - only the good cause standard applies. In any case, the relevant materials should be sealed under either standard.

## II. <u>DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT</u>

Not all redacted portions of Plaintiffs' Motion to Compel, nor all of the Exhibits H through AA to the Marzorati Declaration, require sealing. However, as shown below, compelling reasons and thus good cause exist to seal certain of these materials. Therefore, the Court should grant Plaintiffs' Administrative Motion in part, and maintain the following materials under seal.

### ***1. Defendants' Audited Financial Statements (Dkt. No. 889-8—11, Exs. H, I, J, K)***

Defendants' non-public, audited financial statements should remain under seal.

A company's financial data that is "not readily ascertainable from a public source but instead developed with a substantial amount of time, effort, and money" may be sealable as a trade secret. *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1046 (S.D. Cal. 2017).

However, even if a company's financial data is not sealable as a trade secret, there are "compelling reasons," and thus "good cause," to seal "sensitive financial information" that "would allow a competitor an unfair advantage" "by allowing them to glean otherwise confidential information about" a party's "strengths and areas for improvement in various geographic areas and market segments that is not otherwise available to the public." *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 U.S. Dist. LEXIS 122228, at *4 (N.D. Cal. Sept. 14, 2015).

Courts throughout this circuit have found financial information to be sealable under both the compelling reasons and good cause standard. *See Brown v. Brown*, No. CV 13-03318SI, 2013 U.S. Dist. LEXIS 207027, at *3-4 (N.D. Cal. Dec. 27, 2013) (finding that sealing information about the profits, losses, income, investments, and expenses of two privately held companies was warranted under the compelling reasons standard); *see also Palantir Techs. Inc. v. Abramowitz*, Case No. 19-cv-06879-BLF, 2022 U.S. Dist. LEXIS 109622, at *5-6 (N.D. Cal. Nov. 3, 2022) (granting sealing of Palantir's financial statements, overhead costs, and accounting practices); *Hodges v. Apple Inc.*, Case No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674, at *7 (N.D. Cal. Nov. 18, 2013) (granting a motion to seal a spreadsheet containing Apple's confidential financial information under the compelling reasons standard).

Defendants are private companies and, as such, do not make their audited financial statements publicly available. These documents contain confidential financial and business information that could be used to Defendants' detriment if made public. Specifically, Defendants' competitors may be able to leverage this information to undermine Defendants' business and competitive standing. These risks could not be mitigated by any less restrictive means than complete sealing, as the entirety of these documents contain confidential information on profits, income, losses and other metrics traditionally associated with a company's annual financial reports. This Court should thus grant the continued sealing of these documents in their entirety.

***2. Defendants' Organizational Chart (Dkt. No. 889-14, Ex. N)***

Defendants' organizational chart should remain under seal.

Courts in this circuit have routinely sealed or redacted documents where disclosure would reveal an organization's non-public corporate structure and organization. *See Bold Ltd. v. Rocket Resume, Inc.*, Case No. 22-cv-01045-BLF, 2024 U.S. Dist. LEXIS 2074, at *6 (N.D. Cal. Jan. 3, 2024) (acknowledging that good cause exists to seal "confidential business information," which included non-public information about a company's corporate structure); *see also Droplets, Inc. v. Yahoo! Inc.*, Case No. 12-cv-03733-JST, 2019 U.S. Dist. LEXIS 232393, at *5-6 (N.D. Cal. June 18, 2019) (granting Yahoo's motion to seal confidential corporate structure charts because they contained "confidential business information"); *Clark v. Metro. Life Ins. Co.*, 3:08-cv-00158-LRH-VPC, 2010 U.S. Dist. LEXIS 145834, at *3 (D. Nev. Mar. 16, 2010) (granting MetLife's motion to file certain documents under seal where they "bring attention to MetLife's confidential internal business deliberations, organization, and capabilities"); *Benedict v. Hewlett-Packard Co.*, Case No.13-cv-00119-BLF, 2016 U.S. Dist. LEXIS 86250, at *11 (N.D. Cal. July 1, 2016) (granting sealing of an exhibit which showed confidential information on Hewlett-Packard's company structure).

Defendants' organizational chart contains non-public, confidential information about Defendants' corporate structure and reveals strategic deliberations and decision-making about how and where to structure affiliates and subsidiaries. If made public, competitors could use this information to cause competitive harm not only to Defendants, but also potentially to their non-party affiliates and subsidiaries. For instance, a competitor might utilize this information to discern operational efficiencies, and replicate those to the detriment of Defendants, or to gain leverage in negotiations with vendors or customers. These risks could not be mitigated by any less restrictive means than complete sealing, as the exhibit itself shows Defendants' entire confidential corporate structure. As such, this Court should grant the continued sealing of this document in its entirety.

***3. Promissory Note Between Defendants and a Non-party (Dkt. No. 889-27, Ex. AA)***

Financing documents, such as a promissory note involving non-parties, should be sealed.

Courts regularly find that confidential business agreements with third parties are sealable on the basis that they contain protected business and financial information of both parties and non-

parties. *See Brady v. Energy*, 5:21-cv-01843-FWS-SHK, 2024 U.S. Dist. LEXIS 216895, at *6-7 (C.D. Cal. Feb. 15, 2024) (stating that there were compelling reasons to seal a confidential term sheet and confidential promissory note between defendant and non-parties on the basis that non-parties' privacy interests could be harmed if their private financial information were disclosed and that the defendant could suffer a competitive disadvantage if the materials were publicly disseminated); *see also Finisar Corp. v. Nistica, Inc.*, Case No. 13-cv-03345-BLF (JSC), 2015 U.S. Dist. LEXIS 85107, at *16 (N.D. Cal. June 29, 2015) (holding that the parties may file business agreements with third parties under seal); *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 U.S. Dist. LEXIS 172088, at *6-7 (N.D. Cal. Dec. 4, 2012) (noting that this Court has previously held that litigants may file under seal their contracts with third parties, which contain proprietary and confidential business information).

The promissory note includes highly sensitive and confidential financial, business and strategic information which, if disclosed, would present significant business risk for Defendants and the non-parties. Public disclosure of a confidential promissory note would allow Defendants' competitors to assess Defendants' finances and creditworthiness, and potentially leverage that information to Defendants' disadvantage. These risks could not be mitigated by any less restrictive means than complete sealing, as the structure and terms of the entire document is confidential business and financial information of both Defendants and the non-parties. This Court should thus grant the continued sealing of this document in its entirety.

***4. Plaintiffs' Motion to Compel (Dkt. No. 888)***

The redacted portions of Plaintiffs' Motion to Compel on page 4 (lines 1-2, 4-5, 28), page 5 (lines 1-9, 11, 14-15), page 14 (lines 17-21), page 16 (lines 10-12) and page 17 (lines 11-13) should remain redacted.[1] These portions reference confidential and competitively sensitive financial and business information derived from the aforementioned documents, the disclosure and

[1] In addition, page 2 (lines 2-3) and page 15 (lines 20-21) contain information from Defendants' financial statements that ordinarily could also be appropriately redacted in this context, but they reference data that was already publicly disclosed at the damages trial.

public dissemination of which would put Defendants at a competitive disadvantage and harm their private business interests and those of uninvolved non-parties.

## III. CONCLUSION

For the above reasons, Defendants respectfully request that the Court grant Plaintiffs' Administrative Motion in part and enter the Proposed Order filed concurrently herewith ordering that the materials described above remain sealed.

Dated: November 6, 2026

Respectfully submitted,

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

*/s/ Juan O. Perla*
Juan O. Perla
Turner Smith
David V. Holmes
(admitted *pro hac vice*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6084
Email: jperla@curtis.com
tsmith@curtis.com
dholmes@curtis.com

Jerrold L. Bregman (SBN 149896)
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9101
Facsimile: (818) 827-9099
Email: jbregman@bg.law

*Attorneys for Defendants*
*NSO Group Technologies Ltd. and*
*Q Cyber Technologies Ltd.*